**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| AMERICAN SOCIETY FOR TESTING AND MATERIALS d/b/a/ ASTM INTERNATIONAL;<br><br>NATIONAL FIRE PROTECTION ASSOCIATION, INC.; and<br><br>AMERICAN SOCIETY OF HEATING, REFRIGERATING, AND AIR CONDITIONING ENGINEERS,<br><br>        Plaintiffs/<br>        Counter-Defendants,<br><br>v.<br><br>PUBLIC.RESOURCE.ORG, INC.,<br><br>        Defendant/<br>        Counter-Plaintiff. | Case No. 1:13-cv-01215-EGS |

**ANSWER TO COUNTERCLAIM FOR DECLARATORY RELIEF AND
ADDITIONAL DEFENSES OF PLAINTIFF/ COUNTER-DEFENDANT
AMERICAN SOCIETY FOR TESTING AND MATERIALS**

    Plaintiff/Counter-Defendant American Society for Testing and Materials d/b/a/ ASTM International ("ASTM"), by and through its undersigned counsel, hereby answers the counterclaim filed by Defendant/Counter-Plaintiff Public.Resource.Org, Inc. ("Public Resource") in accordance with the numbered paragraphs thereof as follows.  ASTM denies all allegations in Public Resource's counterclaim that are not expressly admitted.

**INTRODUCTION**

    1.      ASTM admits that Public Resource has undertaken to post numerous copyrighted standards and codes on its websites.  Except as specifically admitted, ASTM is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 1 of the counterclaim and on that basis denies them.

2.      ASTM admits that government entities, including legislatures and administrative agencies, rely on private-sector safety codes and incorporate such codes by reference in statutes and regulations as needed.  Except as specifically admitted ASTM denies the allegations of Paragraph 2 of the counterclaim.

3.      ASTM admits that private-sector safety codes confer tremendous benefits on society, and cover a range of important topics.  ASTM admits that government entities, including legislatures and administrative agencies, rely on private-sector safety codes and frequently incorporate such codes by reference in statutes and regulations.  ASTM denies that it develops public safety codes and that its standards set civil or criminal penalties.  To the extent the allegations of Paragraph 3 of the counterclaim are legal conclusions, no response is required.  Except as specifically admitted, ASTM denies the allegations of Paragraph 3 of the counterclaim.

4.      ASTM admits that it develops standards but denies that any of its standards are safety codes.  ASTM denies that it promotes or advocates the incorporation of safety codes into law.  ASTM often encourages federal agencies to follow the dictates of OMB Circular A-119 and the National Technology Transfer and Advancement Act, and not to duplicate the efforts of volunteer consensus standards organizations.  Insofar as the allegations of Paragraph 4 of the counterclaim pertain to ASTM, except as specifically admitted, ASTM denies the allegations. Insofar as the allegations of Paragraph 4 of the counterclaim pertain to other Plaintiffs, ASTM is without knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies them.

5.      ASTM denies that it has persuaded governments to incorporate safety codes into law.  Insofar as the allegations of Paragraph 4 of the counterclaim pertain to other Plaintiffs,

ASTM is without knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies them.

6.       ASTM admits that it owns copyrights in certain standards that have been incorporated by reference by government entities in statutes and regulations, and admits that it is entitled to the protections afforded by law with respect to those copyrighted works.  ASTM admits that it develops standards but denies that any of its standards are safety codes.  Insofar as the allegations of Paragraph 6 of the counterclaim pertain to ASTM, except as specifically admitted, ASTM denies the allegations.  Insofar as the allegations of Paragraph 6 of the counterclaim pertain to other Plaintiffs, ASTM is without knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies them.

7.       ASTM admits that it owns copyrights in the ASTM standards that have been incorporated by reference by government entities in statutes and regulations, and admits that it is entitled to the protections afforded by law with respect to those copyrighted works.  ASTM admits that it develops standards but denies that any of its standards are safety codes.  Insofar as the allegations of Paragraph 7 of the counterclaim pertain to ASTM, except as specifically admitted, ASTM denies the allegations.  Insofar as the allegations of Paragraph 7 of the counterclaim pertain to other Plaintiffs, ASTM is without knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies them.

8.       ASTM admits that copyright law gives it the right to prohibit unauthorized reproductions of its copyrighted standards.  Insofar as the allegations of Paragraph 8 of the counterclaim pertain to ASTM, except as specifically admitted, ASTM denies the allegations. Insofar as the allegations of Paragraph 8 of the counterclaim pertain to other Plaintiffs, ASTM is

without knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies them.

9.      ASTM admits that copyright law gives all copyright owners, including ASTM, the right to prohibit the creation of unauthorized derivative works.  Insofar as the allegations of Paragraph 9 of the counterclaim pertain to ASTM, except as specifically admitted, ASTM denies the allegations.  Insofar as the allegations of Paragraph 9 of the counterclaim pertain to other Plaintiffs, ASTM is without knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies them.

10.      ASTM admits that copyright law gives all copyright owners, including ASTM, the right to prohibit unauthorized distribution of its copyrighted works.  Insofar as the allegations of Paragraph 10 of the counterclaim pertain to ASTM, except as specifically admitted, ASTM denies the allegations.  Insofar as the allegations of Paragraph 10 of the counterclaim pertain to other Plaintiffs, ASTM is without knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies them.

11.      Denied.

12.      ASTM admits that copyright law gives all copyright owners, including ASTM, the right to determine the conditions under which the public can access their copyrighted materials.  Insofar as the allegations of Paragraph 12 of the counterclaim pertain to ASTM, except as specifically admitted, ASTM denies the allegations.  Insofar as the allegations of Paragraph 12 of the counterclaim pertain to other Plaintiffs, ASTM is without knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies them.

13.     The allegations of Paragraph 13 of the counterclaim are legal conclusions to which no response is required.  By way of further answer, ASTM provides the public with access to all ASTM standards, such that no action by Public Resource is required to provide the public with access to ASTM's standards.

14.     The allegations of Paragraph 14 of the counterclaim are legal conclusions to which no response is required.  By way of further answer, ASTM provides the public with access to all ASTM standards, such that Public Resource's actions were not necessary to provide the public with access to ASTM's standards.

15.     The allegations of Paragraph 15 of the counterclaim are legal conclusions to which no response is required.

16.     Admitted.

17.     ASTM admits that copyright law gives ASTM the right to determine the conditions under which Public Resource and others can access its standards and trademark law gives it the right to control use of its trademarks.  Except as specifically admitted, ASTM denies the allegations in Paragraph 17 of the counterclaim.

18.     ASTM admits that copyright law gives ASTM the power to determine the conditions under which Public Resource and others can access its standards and trademark law gives it the power to control use of its trademarks.  ASTM admits that it develops standards but denies that any of its standards are safety codes.  Except as specifically admitted, ASTM denies the allegations in Paragraph 18 of the counterclaim.

**PARTIES**

19.     ASTM is informed and believes, and on that basis admits, that Public Resource is a California nonprofit corporation with its principal place of business at 1005 Gravenstein Highway North, Sebastopol, California 95472.

20.     Admitted.

21.     ASTM is informed and believes, and on that basis admits, that NFPA is a Massachusetts not-for-profit corporation with its principal place of business located at One Batterymarch Park, Quincy, Massachusetts 02169.

22.     ASTM is informed and believes, and on that basis admits, that ASHRAE is a New York not-for-profit corporation with its principal place of business located at 1791 Tullie Circle N.E., Atlanta, Georgia 30329.

**JURISDICTION AND VENUE**

23.     ASTM admits that this counterclaim purports to seek declaratory relief pursuant to 22 U.S.C. § 2201, 17 U.S.C. § 101 et seq., and 15 U.S.C. § 1121, and admits that the Court has subject-matter jurisdiction over the counterclaim.  Except as specifically admitted, ASTM denies the allegations of Paragraph 23 of the counterclaim.

24.     ASTM admits that it maintains an office and transacts business in Washington, DC and that this Court has personal jurisdiction over it.  Except as specifically admitted, ASTM is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 24 of the counterclaim and on that basis denies them.

25.     Admitted.

26.     Admitted.

## FACTS

I.     **Public Resource's Operations**

27.     ASTM is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 27 of the counterclaim and on that basis denies them.

28.     ASTM admits that Public Resource acquired copies of standards and codes developed and owned by standards development organizations ("SDOs"), including standards developed and owned by ASTM, and that Public Resource engaged in a variety of unauthorized conduct involving those copyrighted standards, including, but not limited to, copying and posting the standards on its website, and creating derivative works from such standards.  Except as specifically admitted, ASTM is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 28 of the counterclaim and on that basis denies them.

29.     ASTM is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 29 of the counterclaim and on that basis denies them.

30.     Admitted.

31.     ASTM is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 31 of the counterclaim and on that basis denies them.

32.     ASTM admits that Public Resource hosts copies of safety codes and standards that various government entities have incorporated by reference on law.resource.org.  Except as specifically admitted, ASTM denies the allegations of Paragraph 32 of the counterclaim.

33.     ASTM admits that Public Resource reformats, and re-affixes trademarks to, some of the copyrighted codes and standards that it posts on its websites.  ASTM denies that Public Resource publishes laws.  Except as specifically admitted, ASTM denies the allegations of Paragraph 33 of the counterclaim.

34.     Admitted.

35.     ASTM is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 35 of the counterclaim and on that basis denies them.

36.     ASTM admits that it develops standards but denies that any of its standards are safety codes and that it has any safety codes at issue in this case.  ASTM is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 36 of the counterclaim and on that basis denies them.

37.     ASTM is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 37 of the counterclaim and on that basis denies them.

38.     ASTM admits that it makes all ASTM standards reasonably available and readily accessible.  ASTM also admits that it provides free, read-only access on the internet to all ASTM standards that have been incorporated by reference into federal law and with which compliance is mandatory under the relevant statutes or regulations, such that no action by Public Resource was necessary to provide the public with access to ASTM's standards.  Except as specifically admitted, ASTM denies the allegations of Paragraph 38 of the counterclaim.

39.     ASTM admits that it makes all ASTM standards reasonably available and readily accessible.  ASTM also admits that it provides free, read-only access on the internet to all ASTM standards that have been incorporated by reference into federal law and with which compliance is mandatory under the relevant statutes or regulations, such that no action by Public Resource was necessary to provide the public with access to ASTM's standards.  Except as specifically admitted, ASTM denies the allegations of Paragraph 39 of the counterclaim.

40.     ASTM admits that the internet provides opportunities for the exchange of information and for education.  ASTM admits that it provides free, read-only access on the

internet to all ASTM standards that have been incorporated by reference into federal law and with which compliance is mandatory under the relevant statutes or regulations. ASTM denies that the development of the internet requires copyright owners to make their copyrighted works available for unrestricted copying at no cost. Except as specifically admitted, ASTM denies the allegations of Paragraph 40 of the counterclaim.

41.     ASTM admits that private-sector standards confer tremendous benefits on society, including by promoting safety, quality, and efficiency with respect to industrial accidents, natural disasters, and construction. ASTM admits that it develops standards but denies that any of its standards are safety codes. Except as specifically admitted, ASTM denies the allegations of Paragraph 41 of the counterclaim.

42.     ASTM is without knowledge or information sufficient to form a belief as to the truth of the allegations that Public Resource does not publish privately drafted safety codes that have not been incorporated into law by national, federal, state, or local governments and on that basis denies them. ASTM admits that it develops standards but denies that any of its standards are safety codes and that Public Resource does not publish privately drafted safety codes that have not been incorporated into law by national, federal, state, or local governments.

43.     ASTM is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 43 of the counterclaim and on that basis denies them.

44.     ASTM admits that the website page accessed by the URL https://public.resource.org/copyright_policy.html speaks for itself. Except as specifically admitted, ASTM is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 44 of the counterclaim and on that basis denies them.

45.     ASTM is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 45 of the counterclaim and on that basis denies them.

46.     ASTM admits that Public Resource offers various items for sale on the internet. Except as specifically admitted, ASTM is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 46 of the counterclaim and on that basis denies them.

47.     ASTM is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 47 of the counterclaim and on that basis denies them.  ASTM admits that text or links soliciting donations appear on Public Resource's websites and other websites, including on pages that discuss Public Resource's activities related to ASTM's and other SDO's standards.  The presence of the ASTM's and other SDO's standards on Public Resource's websites also drives traffic to the websites.  Except as specifically admitted, ASTM is without knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of Paragraph 47 of the counterclaim and on that basis denies them.

48.     ASTM admits that it is without knowledge or information sufficient to form a belief as to whether Public Resource sells copies of any standard.  Insofar as the allegations of Paragraph 48 of the counterclaim pertain to ASTM, except as specifically admitted, ASTM denies the allegations.  Insofar as the allegations of Paragraph 48 of the counterclaim pertain to other Plaintiffs, ASTM is without knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies them.

49.     ASTM admits that it is without knowledge or information sufficient to form a belief as to whether Public Resource sells any item bearing the name or logo of any SDO.

Insofar as the allegations of Paragraph 49 of the counterclaim pertain to other Plaintiffs, ASTM is without knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies them.

## II.   Plaintiffs/Counterdefendants' Operations

50.     ASTM admits that it has multiple motivations for developing and disseminating standards, which include promoting safety and improving the quality of life, and earning a fair return on its copyrighted standards sufficient to advance its mission of developing newer and better standards, among others.  ASTM admits that it develops standards but denies that any of its standards are safety codes.  Insofar as the allegations of Paragraph 50 of the counterclaim pertain to ASTM, except as specifically admitted, ASTM denies the allegations.  Insofar as the allegations of Paragraph 50 of the counterclaim pertain to other Plaintiffs, ASTM is without knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies them.

51.     ASTM admits that both members and non-members of SDOs, including representatives of industry, consumers, users, academicians and others, all have an incentive to promote the development of private-sector standards, which confer tremendous benefits on society.  Insofar as the allegations of Paragraph 51 of the counterclaim pertain to ASTM, except as specifically admitted, ASTM denies the allegations.  Insofar as the allegations of Paragraph 51 of the counterclaim pertain to other Plaintiffs, ASTM is without knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies them.

52.     ASTM admits that private-sector standards confer tremendous benefits on society, including by promoting efficiency within industries.  Except as specifically admitted, ASTM denies the allegations of Paragraph 52.

53.      ASTM is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 53 of the counterclaim and on that basis denies them.

54.      Denied.  The existence of standards alone does not enhance the reputation of an industry.  An industry-wide commitment to follow a set of standards may enhance the reputation of that industry.

55.      ASTM admits that private-sector standards confer tremendous benefits on society, including by allowing members of industry who comply with the standards to realize greater safety, quality, efficiency, and other benefits.  Except as specifically admitted, ASTM denies the allegations of Paragraph 55.

56.      ASTM admits that private-sector standards confer tremendous benefits on society, including by promoting efficiency within industries.  Except as specifically admitted, ASTM denies the allegations of Paragraph 56.

57.      ASTM admits that the $75 membership fees ASTM charges fund only a small fraction of the significant costs of developing the ASTM standards.  ASTM is not aware of any evidence that its members would be willing or able to cover the total costs of developing all ASTM standards, the vast majority of which is currently funded by the sale of ASTM's copyrighted standards.  Except as specifically admitted, ASTM denies the allegations in Paragraph 57 of the counterclaim.  Insofar as the allegations of Paragraph 57 of the counterclaim pertain to other SDOs, ASTM is without knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies them.

58.      ASTM admits that members of SDOs who represent industry, like other members of SDOs and non-members of SDOs, realize substantial benefits from private-sector standards

and thus have incentives to encourage the development of private-sector standards.  Except as specifically admitted, ASTM denies the allegations of Paragraph 58.

59.     ASTM denies that it adopts standards.  ASTM admits that its members, including those who represent industry, participate in the process of developing standards and vote on proposed standards through various levels of balloting, in which all interested parties participate. Insofar as the allegations of Paragraph 59 of the counterclaim pertain to ASTM, except as specifically admitted, ASTM denies the allegations.  Insofar as the allegations of Paragraph 59 of the counterclaim pertain to other organizations, ASTM is without knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies them.

60.     ASTM is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 60 of the counterclaim and on that basis denies them.

61.     ASTM is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 61 of the counterclaim and on that basis denies them.

62.     ASTM admits that its members review and, if found necessary, revise ASTM's standards on a regular basis and that the revision of ASTM's standards is not affected by whether the standard is incorporated by reference in statutes or regulations.  Insofar as the allegations of Paragraph 62 of the counterclaim pertain to other organizations, ASTM is without knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies them.

63.     ASTM is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 63 of the counterclaim and on that basis denies them.

64.     ASTM is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 64 of the counterclaim and on that basis denies them.

65.     ASTM is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 65 of the counterclaim and on that basis denies them.

66.     ASTM is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 66 of the counterclaim and on that basis denies them.

67.     ASTM is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 67 of the counterclaim and on that basis denies them.

68.     ASTM admits that there are multiple ways to fund the development and dissemination of standards.  For example, government agencies could develop their own standards or could fund the development of private-sector standards.  Current government policy, as discussed in the National Technology Transfer and Advancement Act and OMB Circular A-119 and as required due to a lack of agency budgeting, is to encourage the government to incorporate private-sector standards wherever possible, while observing and protecting the rights of the private organizations that develop and own the copyrights in the standards.  ASTM admits that it develops standards but denies that any of its standards are safety codes.  Except as specifically admitted, ASTM denies the allegations of Paragraph 68.

69.     ASTM admits that its members pay $75 per year in membership fees.  These membership fees account for less than 4 percent of ASTM's annual revenue.

70.     ASTM is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 70 of the counterclaim and on that basis denies them.

71.     ASTM is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 71 of the counterclaim and on that basis denies them.

72.     ASTM admits that it receives revenues from training programs designed to facilitate understanding and utilization of its standards, which makes up less than 2.5% of its operating revenues, but denies that it receives revenue from conferences.

73.     ASTM is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 73 of the counterclaim and on that basis denies them.

74.     ASTM is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 74 of the counterclaim and on that basis denies them.

75.     Denied.

76.     ASTM is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 76 of the counterclaim and on that basis denies them.

77.     ASTM is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 77 of the counterclaim and on that basis denies them.

78.     Admitted.  ASTM's gross revenue from advertising in 2012 made up much less than 1 percent of its total operating revenues.

79.     ASTM is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 79 of the counterclaim and on that basis denies them.

80.     ASTM is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 80 of the counterclaim and on that basis denies them.

81.     Admitted.  ASTM's sales from the copies of materials other than standards in 2012 made up approximately 15 percent of its total operating revenues.

82.     ASTM is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 82 of the counterclaim and on that basis denies them.

83.     ASTM is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 83 of the counterclaim and on that basis denies them.

84.     ASTM admits that it receives revenue from the sale of its copyrighted standards. Except as specifically admitted, ASTM denies the allegations of Paragraph 84 of the counterclaim.

85.     ASTM is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 85 of the counterclaim and on that basis denies them.

86.     ASTM is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 86 of the counterclaim and on that basis denies them.

87.     ASTM admits that it develops standards but denies that any of its standards are safety codes or that it receives revenue from the sale of printed copies of safety codes.  Except as specifically admitted, ASTM denies the allegations of Paragraph 87 of the counterclaim.

88.     ASTM is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 88 of the counterclaim and on that basis denies them.

89.     ASTM is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 89 of the counterclaim and on that basis denies them.

90.     ASTM is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 90 of the counterclaim and on that basis denies them.

91.     ASTM is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 91 of the counterclaim and on that basis denies them.

92.     ASTM admits that its 2011 Form 990 speaks for itself.  Except as specifically admitted, ASTM denies the allegations in Paragraph 92 of the counterclaim.

93.     ASTM is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 93 of the counterclaim and on that basis denies them.

94.     ASTM is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 94 of the counterclaim and on that basis denies them.

95.     ASTM is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 95 of the counterclaim and on that basis denies them.

96.     ASTM is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 96 of the counterclaim and on that basis denies them.

97.     ASTM is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 97 of the counterclaim and on that basis denies them.

98.     Denied.  All revenues that ASTM receives directly or indirectly support standards development.

99.     ASTM is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 99 of the counterclaim and on that basis denies them.

100.     ASTM is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 100 of the counterclaim and on that basis denies them.

101.     ASTM is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 101 of the counterclaim and on that basis denies them.

102.     ASTM is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 102 of the counterclaim and on that basis denies them.

103.     ASTM admits that it encourages the federal government to comply with the dictates of the National Technology Transfer and Advancement Act and OMB Circular A-119 by utilizing the existing work of ASTM technical committees rather than creating its own standards.

Except as specifically admitted, ASTM denies the allegations of Paragraph 103 of the counterclaim.

104.     ASTM is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 104 of the counterclaim and on that basis denies them.

105.     ASTM is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 105 of the counterclaim and on that basis denies them.

106.     ASTM is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 106 of the counterclaim and on that basis denies them.

107.     ASTM is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 107 of the counterclaim and on that basis denies them.

108.     ASTM admits that it has informed the public about facts concerning decisions by government entities to incorporate ASTM standards by reference in statutes and regulations. Except as specifically admitted, ASTM denies the allegations of Paragraph 108 of the counterclaim.

109.     ASTM states that ASTM's 2009 annual report speaks for itself.  Except as specifically admitted, ASTM denies the allegations in Paragraph 109 of the counterclaim.

110.     ASTM states that the January 2007 edition of ASTM's "Standardization News" speaks for itself.  Except as specifically admitted, ASTM denies the allegations in Paragraph 110 of the counterclaim.

111.     ASTM is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 111 of the counterclaim and on that basis denies them.

### III.   Safety Codes That The Law Incorporates

112.    The allegations of Paragraph 112 of the counterclaim are legal conclusions to which no response is required.

113.    ASTM denies that the quoted statement was written by ASTM.  The allegations in Paragraph 113 also fail to mention that the paragraph preceding the quoted statement clarifies that "[t]he standards development process itself does not create legislation, but it can provide a forum for discussing ideas and exchanging information needed to define and manage a vast range of technical topics that ultimately impact the public."

114.    ASTM lacks information sufficient to admit or deny the allegations in Paragraph 114 of the counterclaim and therefore denies them.

115.    The allegations of Paragraph 115 of the counterclaim are legal conclusions to which no response is required.  No ASTM standards contain civil or criminal penalties.

116.    ASTM admits that statutes or regulations that incorporate standards may apply to governments.  ASTM lacks information sufficient to admit or deny the remaining allegations in Paragraph 116 of the counterclaim and therefore denies them.

117.    ASTM lacks information sufficient to admit or deny the allegations in Paragraph 117 of the counterclaim and therefore denies them.

118.    ASTM lacks information sufficient to admit or deny the allegations in Paragraph 118 of the counterclaim and therefore denies them.

119.    ASTM admits that public comments are often solicited during the process of drafting and adopting statutes and regulations.  ASTM lacks information sufficient to admit or deny the remaining allegations in Paragraph 119 of the counterclaim and therefore denies them.

120.     ASTM admits that the primary beneficiary of the incorporation of a standard into law is the public because it does not have to incur the cost of developing the standard (whether through higher taxes or fees paid to a developer).  The secondary beneficiary is the government, which does not have to incur the time or personnel costs of developing the standard.   Under certain circumstances, the incorporation of a standard into law may be seen as benefitting the SDO that developed the standard.  Except as specifically admitted, ASTM denies the allegations of Paragraph 120 of the counterclaim.

121.     ASTM lacks information sufficient to admit or deny the allegations in Paragraph 121 of the counterclaim and therefore denies them.

122.     Denied.

123.     ASTM lacks information sufficient to admit or deny the allegations in Paragraph 123 of the counterclaim and therefore denies them.

124.     ASTM lacks information sufficient to admit or deny the allegations in Paragraph 124 of the counterclaim and therefore denies them.

125.     ASTM admits that it develops standards but denies that any of its standards are safety codes.  Insofar as the allegations of Paragraph 125 of the counterclaim pertain to other Plaintiffs, ASTM is without knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies them.

126.     ASTM admits that some laws and regulations are highly technical.  ASTM lacks information sufficient to admit or deny the remaining allegations in Paragraph 126 of the counterclaim and therefore denies them.

127.     ASTM admits that 47 C.F.R. § 73.319 speaks for itself.  Except as specifically admitted, ASTM denies the allegations in Paragraph 127 of the counterclaim.

128.    ASTM admits that some laws and regulations are targeted at particular subsets of society.  ASTM lacks information sufficient to admit or deny the remaining allegations in Paragraph 128 of the counterclaim and therefore denies them.

129.    ASTM lacks information sufficient to admit or deny the allegations in Paragraph 129 of the counterclaim and therefore denies them.  ASTM cannot purport to answer Defendant's allegations on behalf of the general public or which relate to some amorphous reference to unknown "laws and regulations."

130.    ASTM lacks information sufficient to admit or deny the allegations in Paragraph 130 of the counterclaim and therefore denies them.  ASTM cannot purport to answer Defendant's allegations on behalf of the general public.  Many of the codes and standards incorporated by federal agencies are highly technical and, thus, require a scientific or technical background to understand and/or utilize.

131.    ASTM denies the allegations in the first sentence of Paragraph 131 of the counterclaim.  ASTM provides free access in its Reading Room to all ASTM standards the federal government has incorporated by reference and with which compliance is mandatory under the relevant statutes or regulations.  ASTM admits that federal regulations require that a copy of all materials incorporated by reference be deposited with the Office of the Federal Register.  ASTM lacks information sufficient to admit or deny the remaining allegations in Paragraph 131 of the counterclaim and therefore denies them.

132.    The allegations in the first sentence of Paragraph 132 of the counterclaim are legal conclusions to which no response is required.  ASTM admits that 47 Fed. Reg. 34108 (Aug. 6, 1982), Sec. 51.1(c)(2) speaks for itself.  Except as specifically admitted, ASTM denies the allegations in the second sentence of Paragraph 132 of the counterclaim.  By way of further

answer, an October 2, 2013 report published by the Office of the Federal Register, National Archives and Records Administration concluded that nothing in the Administrative Procedure Act or any other statute required that all materials incorporated by reference be available for free and that any such requirement would compromise the ability of agencies to rely on private-sector standards, contrary to the National Technology Transfer and Advancement Act and OMB Circular A-119.

133.     ASTM admits that the National Technology Transfer and Advancement Act of 1995 speaks for itself.  Except as specifically admitted, ASTM denies the allegations in the second sentence of Paragraph 133 of the counterclaim.

134.     ASTM is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 134 of the counterclaim and on that basis denies them.

135.     ASTM states that the language on the homepage of its Reading Room speaks for itself.  Except as specifically admitted, ASTM denies the allegations in Paragraph 135 of the counterclaim.

136.     ASTM states that the language in its Intellectual Property Policy, originally adopted in 1999 and amended in 2003 and 2010, speaks for itself.  Except as specifically admitted, ASTM denies the allegations in Paragraph 136 of the counterclaim.

137.     ASTM admits that it develops standards but denies that any of its standards are safety codes.  ASTM states that its online Reading Room contains only ASTM standards and therefore has no safety codes.  Except as specifically admitted, ASTM denies the allegations in Paragraph 137 of the counterclaim.

138.    ASTM denies that the development and use of private-sector standards is costly for governments.  The development of standards by government itself would be costly, time-consuming and inefficient.

139.    ASTM admits that it develops standards but denies that any of its standards are safety codes.  ASTM lacks information sufficient to admit or deny the remaining allegations in Paragraph 139 of the counterclaim and therefore denies them.

140.    ASTM lacks information sufficient to admit or deny the allegations in Paragraph 140 of the counterclaim and therefore denies them.

141.    ASTM admits that some government employees participate in and attend meetings at which some of ASTM's standards are developed.  Insofar as the allegations of Paragraph 141 of the counterclaim pertain to ASTM, except as specifically admitted, ASTM denies the allegations.  Insofar as the allegations of Paragraph 141 of the counterclaim pertain to other Plaintiffs, ASTM is without knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies them.

142.    ASTM lacks information sufficient to admit or deny the allegations in Paragraph 142 of the counterclaim and therefore denies them.  The cost of membership in ASTM is $75 per year, which is the only required expense associated with participating in the development of ASTM standards.

143.    ASTM states that the July 2003 edition of "Standardization News" speaks for itself.  Except as specifically admitted, ASTM denies the allegations in Paragraph 143 of the counterclaim.

144.    ASTM lacks information sufficient to admit or deny the allegations in Paragraph 144 of the counterclaim and therefore denies them.

145.    ASTM denies that it requires fees for access to copies of standards incorporated into federal law and with which compliance is mandatory under the relevant statutes or regulations, but admits that it sometimes charges fees for copies of other standards.  Insofar as the allegations of Paragraph 145 of the counterclaim pertain to other Plaintiffs, ASTM is without knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies them.

146.    ASTM lacks information sufficient to admit or deny the allegations in Paragraph 146 of the counterclaim and therefore denies them.

147.    ASTM lacks information sufficient to admit or deny the allegations in Paragraph 147 of the counterclaim and therefore denies them.

148.    Denied.

149.    ASTM lacks information sufficient to admit or deny the allegations in Paragraph 149 of the counterclaim and therefore denies them.  By way of further answer, any amount of money Public Resource spent to purchase ASTM standards was spent to obtain ownership of paper copies of the standards.  No funds are required to access, review, study or comment on the ASTM standards that have been incorporated into federal law and with which compliance is mandatory under the relevant statutes or regulations because they are available at no cost in ASTM's Reading Room.

150.    ASTM admits that it exercises the right that copyright law gives to all copyright owners to place restrictions on the access to and use of its standards, consistent with its ownership of the copyrights in the standards.  Insofar as the allegations of Paragraph 150 of the counterclaim pertain to ASTM, except as specifically admitted, ASTM denies the allegations. Insofar as the allegations of Paragraph 150 of the counterclaim pertain to other Plaintiffs, ASTM

is without knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies them.

151.    ASTM lacks information sufficient to admit or deny the allegations in Paragraph 151 of the counterclaim and therefore denies them.  There is no question, however, that the standards can be viewed and accessed.

152.    ASTM lacks information sufficient to admit or deny the allegations in Paragraph 152 of the counterclaim and therefore denies them.  There is no question, however, that the diagrams and equations can be viewed and accessed.

153.    ASTM denies the allegations to the extent they suggest that ASTM develops safety codes.  ASTM admits that it exercises the right that copyright law gives to all copyright owners to restrict unauthorized copying or printing of its copyrighted works.  Insofar as the allegations of Paragraph 153 of the counterclaim pertain to ASTM, except as specifically admitted, ASTM denies the allegations.  Insofar as the allegations of Paragraph 153 of the counterclaim pertain to other Plaintiffs, ASTM is without knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies them.

154.    ASTM admits that it develops standards but denies that any of its standards are safety codes and that ASTM's Reading Room contains safety codes.  ASTM admits that it exercises the right that copyright law gives to all copyright owners to restrict unauthorized copying or printing of copyrighted works posted in its Reading Room.  Except as specifically admitted, ASTM denies the allegations of Paragraph 154 of the counterclaim.

155.    ASTM lacks information sufficient to admit or deny the allegations in Paragraph 155 of the counterclaim and therefore denies them.

156.     ASTM lacks information sufficient to admit or deny the allegations in Paragraph 155 of the counterclaim and therefore denies them.

157.     ASTM lacks information sufficient to admit or deny the allegations in Paragraph 157 of the counterclaim and therefore denies them.

158.     ASTM admits that it places copyright notices on all of its standards, consistent with copyright law.  Insofar as the allegations of Paragraph 158 of the counterclaim pertain to ASTM, except as specifically admitted, ASTM denies the allegations.  Insofar as the allegations of Paragraph 158 of the counterclaim pertain to other Plaintiffs, ASTM is without knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies them.

159.     ASTM admits that it places copyright notices on all of its standards, consistent with copyright law.  Insofar as the allegations of Paragraph 159 of the counterclaim pertain to ASTM, except as specifically admitted, ASTM denies the allegations.  Insofar as the allegations of Paragraph 159 of the counterclaim pertain to other Plaintiffs, ASTM is without knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies them.

160.     ASTM denies that it places warnings on its standards.  ASTM lacks information sufficient to admit or deny the remaining allegations in Paragraph 160 of the counterclaim and therefore denies them.

161.     ASTM states that the content of its Reading Room website speaks for itself. Except as specifically admitted, ASTM denies the allegations in Paragraph 161 of the counterclaim.

162.    ASTM lacks information sufficient to admit or deny the allegations in Paragraph 162 of the counterclaim and therefore denies them.

163.    ASTM lacks information sufficient to admit or deny the allegations in Paragraph 163 of the counterclaim and therefore denies them.

164.    The allegations of Paragraph 164 of the counterclaim are legal conclusions to which no response is required.  By way of further answer, the October 2, 2013 report of the Office of the Federal Register, National Archives and Records concluded that federal law does not require that all standards incorporated by reference be available for free online.  *See* https://www.federalregister.gov/articles/2013/10/02/2013-24217/incorporation-by-reference.

165.    ASTM denies the allegations in Paragraph 165 of the counterclaim to the extent they suggest that ASTM develops safety codes.  ASTM lacks information sufficient to admit or deny the remaining allegations in Paragraph 165 of the counterclaim.

166.    ASTM denies the allegations in Paragraph 166 of the counterclaim to the extent they suggest that ASTM develops safety codes.  ASTM denies there is any uncertainty about whether copyright law applies to standards that the law incorporates.  ASTM lacks information sufficient to admit or deny the remaining allegations in Paragraph 166 of the counterclaim and therefore denies them.  ASTM cannot purport to respond to Defendant's allegations on behalf of the public.

167.    ASTM denies that the public is unable to familiarize themselves with, understand, or engage constructively with ASTM's standards that are incorporated by reference by statutes or regulations.  ASTM is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 167 of the counterclaim and on that basis denies them.

168.    ASTM denies that the public is unable to use the ASTM standards that are incorporated into statutes and regulations.  ASTM admits that it develops standards but denies that any of its standards are safety codes.  ASTM lacks information sufficient to admit or deny the remaining allegations in Paragraph 168 of the counterclaim and therefore denies them. ASTM cannot purport to respond to Defendant's allegations on behalf of the public.

169.    ASTM denies that the public is unable to use the ASTM standards that are incorporated into statutes and regulations.  ASTM lacks information sufficient to admit or deny the remaining allegations in Paragraph 169 of the counterclaim and therefore denies them. ASTM cannot purport to respond to Defendant's allegations on behalf of the public.

170.    ASTM denies that Public Resource's publication of ASTM's standards does not impair ASTM's ability to develop standards.  ASTM admits that it develops standards but denies that any of its standards are safety codes.  Insofar as the allegations of Paragraph 170 of the counterclaim pertain to other Plaintiffs, ASTM is without knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies them.

171.    ASTM admits that it provides the public with access to all ASTM standards, including free access to all ASTM standards that are incorporated by reference into federal law and with which compliance is mandatory under the relevant statutes or regulations, such that no action by Public Resource was necessary to provide the public with access to ASTM's standards. ASTM admits that it develops standards but denies that any of its standards are safety codes. Insofar as the allegations of Paragraph 171 of the counterclaim pertain to other Plaintiffs, ASTM is without knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies them.

172.     ASTM admits that it provides the public with access to all ASTM standards, including free access to all ASTM standards that are incorporated by reference into federal law and with which compliance is mandatory under the relevant statutes or regulations, such that no action by Public Resource was necessary to allow the public to analyze or understand ASTM's standards.  ASTM admits that it develops standards but denies that any of its standards are safety codes.  Insofar as the allegations of Paragraph 172 of the counterclaim pertain to other Plaintiffs, ASTM is without knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies them.

173.     ASTM admits that it provides the public with access to all ASTM standards, including free access to all ASTM standards that are incorporated by reference into federal law and with which compliance is mandatory under the relevant statutes or regulations, such that no action by Public Resource was necessary to provide the public with access to ASTM's standards. ASTM admits that it develops standards but denies that any of its standards are safety codes. Insofar as the allegations of Paragraph 173 of the counterclaim pertain to other Plaintiffs, ASTM is without knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies them.

## COUNT 1

### [Declaratory Relief Pursuant to 28 U.S.C. § 2201, *et seq.* (Declaratory Judgment Act) and the Copyright Act (U.S.C. Title 71)]

174.     ASTM repeats and incorporates here its responses to Paragraphs 1 through 173 above.

175.     The allegations of Paragraph 175 of the counterclaim are legal conclusions to which no response is required.

176.    The allegations of Paragraph 176 of the counterclaim are legal conclusions to which no response is required.  By way of further answer, ASTM provides the public with access to all ASTM standards, including free access to all ASTM standards that are incorporated by reference into federal law and with which compliance is mandatory under the relevant statutes or regulations, such that no action by Public Resource was necessary to provide the public with the ability to read the standards.

177.    The allegations of Paragraph 177 of the counterclaim are legal conclusions to which no response is required.

178.    The allegations of Paragraph 178 of the counterclaim are legal conclusions to which no response is required.

179.    The allegations of Paragraph 179 of the counterclaim are legal conclusions to which no response is required.

180.    The allegations of Paragraph 180 of the counterclaim are legal conclusions to which no response is required.  ASTM further states that OMB Circular A-119 and the October 2, 2013 report of the Office of the Federal Register, National Archives and Records make clear that copyrighted documents do not lose their status as protectable intellectual property through the government action of incorporation by reference.

181.    The allegations of Paragraph 181 of the counterclaim are legal conclusions to which no response is required.  ASTM further states that ASTM owns the copyrights in the standards at issue.  ASTM does not lose its copyrights as a result of incorporation by reference by the government.

182.    The allegations of Paragraph 182 of the counterclaim are legal conclusions to which no response is required.

183.    The allegations of Paragraph 183 of the counterclaim are legal conclusions to which no response is required.

184.    ASTM admits that it provides the public with access to all ASTM standards, including free access to all ASTM standards that are incorporated by reference into federal law and with which compliance is mandatory under the relevant statutes or regulations, such that no action by Public Resource is necessary to provide the public with the ability to study, criticize, analyze, or engage with the law.  ASTM admits that it develops standards but denies that any of its standards are safety codes.  Except as specifically admitted, ASTM denies the allegations of Paragraph 184.

185.    The allegations of in the first sentence of Paragraph 185 of the counterclaim are legal conclusions to which no response is required.  ASTM admits that Public Resource has published ASTM's standards in their entireties.  ASTM denies the allegations in the third and fourth sentence of Paragraph 185 of the counterclaim.  ASTM provides the public with access to all ASTM standards, including free access to all ASTM standards that are incorporated by reference into federal law and with which compliance is mandatory under the relevant statutes or regulations, such that no action by Public Resource is necessary to provide the public with the ability to study, criticize, analyze, or engage with the law.

186.    Denied.  Not only is Public Resource's unauthorized copying of the codes and standards at issue unnecessary to provide the public with the ability to study, criticize, analyze, or engage with the law, Public Resource's actions will have an adverse effect on standards ASTM develops that are not incorporated by reference into statutes and regulations.

187.    Denied.

188.    ASTM admits that there is a real and actual controversy between Public Resource and ASTM regarding whether Public Resource's copying, publication, and reformatting of certain ASTM standards constitutes infringement of ASTM's copyrights.  ASTM admits that it develops standards but denies that any of its standards are safety codes.

189.    ASTM admits that it seeks to enjoin Public Resource's unauthorized copying, rekeying and posting online of ASTM's standards and unauthorized use of ASTM's trademarks. Except as specifically admitted, ASTM denies the allegations of Paragraph 189 of the counterclaim.

190.    ASTM lacks information sufficient to admit or deny the allegations in Paragraph 190 of the counterclaim and therefore denies them.  ASTM provides the public with access to all ASTM standards, including free access to all ASTM standards that are incorporated by reference into federal law and with which compliance is mandatory under the relevant statutes or regulations, such that no action by Public Resource is necessary to provide the public with access to ASTM's standards.

191.    ASTM denies this allegation to the extent it suggests that ASTM develops codes. ASTM lacks information sufficient to admit or deny the remaining allegations in Paragraph 191 of the counterclaim and therefore denies them.

192.    ASTM denies this allegation to the extent it suggests that ASTM develops codes. ASTM lacks information sufficient to admit or deny the remaining allegations in Paragraph 192 of the counterclaim and therefore denies them.

193.    Denied.  ASTM provides the public with access to all ASTM standards, including free access to all ASTM standards that are incorporated by reference into federal law and with

which compliance is mandatory under the relevant statutes or regulations, such that no action by Public Resource is necessary to provide the public with access to ASTM's standards.

194.     ASTM admits that there is a real and substantial controversy between Public Resource and ASTM.  Except as specifically admitted, ASTM denies the allegations of Paragraph 194 of the counterclaim.  Defendant's counterclaim is duplicative of the case-in-chief, which cannot be resolved without a judgment or Defendant's consent.  Therefore, Defendant's counterclaim is extraneous, unnecessary and a waste of judicial resources.

195.     Denied.

## COUNT II

**[Declaratory Relief Pursuant to 28 U.S.C. § 2201, *et seq.* (Declaratory Judgment Act) and the Lanham Act (15 U.S.C. §§ 105, *et seq.*)]**

196.     ASTM repeats and incorporates here its responses to Paragraphs 1 through 195 above.

197.     Denied.

198.     Denied.

199.     Denied.

200.     Denied.

201.     Denied.

202.     Denied.

203.     Denied.

204.     ASTM admits that there is a real and substantial controversy between Public Resource and ASTM.  Except as specifically admitted, ASTM denies the allegations of Paragraph 204 of the counterclaim.  Defendant's counterclaim is duplicative of the case-in-chief,

which cannot be resolved without a judgment or Defendant's consent.  Therefore, Defendant's counterclaim is extraneous, unnecessary and a waste of judicial resources.

205.    Denied.

## ADDITIONAL DEFENSES

In further response to the Counterclaims, ASTM pleads the following additional defenses.  ASTM reserves all further defenses that may now or in the future exist based on discovery and further factual investigation in the case:

1.    Public Resource's counterclaims are barred in whole or in part for failure to state a claim upon which relief can be granted.

2.    Public Resource's counterclaims are unnecessary in light of Public Resource's denial of liability for ASTM's claims.

3.    Public Resource's counterclaims are redundant of Public Resource's affirmative defenses to ASTM's claims.

4.    Public Resource's counterclaims are barred, in whole or in part, by the doctrine of unclean hands.

5.    Public Resource's counterclaims are barred, in whole or in part, by the doctrine of equitable estoppel.

## PRAYER FOR RELIEF

Wherefore, ASTM prays for judgment:

(1)    Dismissing with prejudice Public Resource's counterclaim in its entirety,

(2)    Awarding ASTM its costs, disbursements, and reasonable attorneys' fees incurred in defending against the counterclaim plus interest on any sums awarded thereunder; and

(3)     Awarding ASTM such other and further relief as this Court deems just and

proper, including, but not limited to, the relief sought in the Complaint filed in this Court on

August 6, 2013.


Dated: November 20, 2013          Respectfully submitted,

                                  /s/ Michael F. Clayton
                                  ‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾

                                  Michael F. Clayton (D.C. Bar: 335307)
                                  J. Kevin Fee (D.C. Bar: 494016)
                                  Jordana S. Rubel (D.C. Bar: 988423)
                                  Morgan, Lewis & Bockius LLP
                                  1111 Pennsylvania Ave., N.W.
                                  Washington, D.C. 20004
                                  Telephone: 202.739.5215
                                  Email: mclayton@morganlewis.com
                                        jkfee@morganlewis.com
                                        jrubel@morganlewis.com

                                  *Counsel For American Society For Testing And Materials
                                  d/b/a/ ASTM International*