# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

_____

)
AMERICAN SOCIETY FOR TESTING AND                   )
MATERIALS d/b/a ASTM                               )
INTERNATIONAL, et al.                              )
                                                   )
                   Plaintiffs,                     )      Civil Action No. 1:13-cv-01215-EGS
                                                   )
v.                                                 )
                                                   )
PUBLIC.RESOURCE.ORG, INC.,                         )
                                                   )
                   Defendant.                      )
_____)
                                                   )
PUBLIC.RESOURCE.ORG, INC.,                         )
                                                   )
                   Counter Claimant,               )
                                                   )
v.                                                 )
                                                   )
AMERICAN SOCIETY FOR TESTING AND                   )
MATERIALS d/b/a ASTM                               )
INTERNATIONAL, et al.                              )
                                                   )
                   Counter Defendants.             )
_____)

## COUNTER DEFENDANT THE AMERICAN SOCIETY OF HEATING, REFRIGERATING, AND AIR-CONDITIONING ENGINEERS, INC.'S ANSWER TO PUBLIC.RESOURCE.ORG, INC.'S <u>COUNTERCLAIM FOR DECLARATORY JUDGMENT</u>

Plaintiff and Counterclaim Defendant The American Society of Heating, Refrigerating,

and Air-Conditioning Engineers, Inc. ("ASHRAE"), by and through counsel, responds to

Public.Resource.Org, Inc.'s ("Public Resource") Counterclaim for Declaratory Judgment

("Counterclaim") as follows:

## INTRODUCTION

1.      ASHRAE admits that Public Resource has undertaken to post numerous copyrighted standards and codes on its websites.  Except as specifically admitted, ASHRAE is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 1 of the counterclaim and on that basis denies them.

2.      ASHRAE admits that government entities, including legislatures and administrative agencies, rely on private-sector standards, and frequently choose to incorporate such standards by reference in statutes and regulations when they determine that such standards best serve the needs of their citizens.  Except as specifically admitted, ASHRAE denies the allegations of Paragraph 2 of the counterclaim.

3.      ASHRAE admits that private-sector standards confer tremendous benefits on society, and cover a range of important topics.  ASHRAE further admits that government entities, including legislatures and administrative agencies, rely on private-sector standards and frequently incorporate such standards by reference in statutes and regulations.  To the extent the allegations of Paragraph 3 of the counterclaim are legal conclusions, no response is required. Except as specifically admitted, ASHRAE denies the allegations of Paragraph 3 of the counterclaim.

4.      ASHRAE admits that it develops voluntary consensus standards in the areas of heating, ventilating, air-conditioning and refrigerating.  ASHRAE further admits that it promotes the wide use of its standards by both the private and public sector and that, as part of this effort, it encourages government entities to incorporate its standards by reference into statutes and regulations.  ASHRAE denies that any of its standards are safety codes, denies that it develops

2

safety codes, and denies that it promotes or advocates the incorporation of safety codes into law. Insofar as the allegations of Paragraph 4 of the counterclaim pertain to ASHRAE, except as specifically admitted, ASHRAE denies the allegations.  Insofar as the allegations of Paragraph 4 of the counterclaim pertain to other Plaintiffs, ASHRAE is without knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies them.

5.     ASHRAE admits that some of its standards are or will be incorporated by reference into the statutes or regulations of at least one government entity somewhere in the United States or internationally.  Insofar as the allegations of Paragraph 5 of the counterclaim pertain to ASHRAE, except as specifically admitted, ASHRAE denies the allegations.  Insofar as the allegations of Paragraph 5 of the counterclaim pertain to other Plaintiffs, ASHRAE is without knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies them.

6.     ASHRAE admits that it owns copyrights in standards that have been incorporated by reference by government entities in statutes and regulations, and admits that it is entitled to the protections afforded by law with respect to those copyrighted works.  Insofar as the allegations of Paragraph 6 of the counterclaim pertain to ASHRAE, except as specifically admitted, ASHRAE denies the allegations.  Insofar as the allegations of Paragraph 6 of the counterclaim pertain to other Plaintiffs, ASHRAE is without knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies them.

7.     ASHRAE admits that it owns copyrights in standards that have been incorporated by reference by government entities in statutes and regulations, and admits that it is entitled to the protections afforded by law with respect to those copyrighted works.  Insofar as the allegations of Paragraph 7 of the counterclaim pertain to ASHRAE, except as specifically

admitted, ASHRAE denies the allegations.  Insofar as the allegations of Paragraph 7 of the counterclaim pertain to other Plaintiffs, ASHRAE is without knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies them.

8.     ASHRAE admits that it owns copyrights in standards that have been incorporated by reference by government entities in statutes and regulations, and admits that the Copyright Act gives it the power to prohibit unauthorized reproductions of its copyrighted standards. Insofar as the allegations of Paragraph 8 of the counterclaim pertain to ASHRAE, except as specifically admitted, ASHRAE denies the allegations.  Insofar as the allegations of Paragraph 8 of the counterclaim pertain to other Plaintiffs, ASHRAE is without knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies them.

9.     ASHRAE admits that it owns copyrights in many standards that have been incorporated by reference by government entities in statutes and regulations, and admits that the Copyright Act gives all copyright owners, including ASHRAE, the power to prohibit the creation of unauthorized derivative works.  Insofar as the allegations of Paragraph 9 of the counterclaim pertain to ASHRAE, except as specifically admitted, ASHRAE denies the allegations.  Insofar as the allegations of Paragraph 9 of the counterclaim pertain to other Plaintiffs, ASHRAE is without knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies them.

10.     ASHRAE admits that it owns registered copyrights in standards that have been incorporated by reference by government entities in statutes and regulations, and admits that the Copyright Act gives all copyright owners, including ASHRAE, the power to prohibit the unauthorized distribution of their copyrighted works.  Insofar as the allegations of Paragraph 10 of the counterclaim pertain to ASHRAE, except as specifically admitted, ASHRAE denies the

allegations.  Insofar as the allegations of Paragraph 10 of the counterclaim pertain to other

Plaintiffs, ASHRAE is without knowledge or information sufficient to form a belief as to the

truth of the allegations and on that basis denies them.

11.     ASHRAE denies the allegations of Paragraph 11 of the counterclaim.

12.     ASHRAE admits that it owns copyrights in standards that have been incorporated

by reference by government entities in statutes and regulations, and admits that copyright law

gives all copyright owners, including ASHRAE, the power to determine conditions under which

their copyrighted materials may be copied and distributed.  Insofar as the allegations of

Paragraph 12 of the counterclaim pertain to ASHRAE, except as specifically admitted, ASHRAE

denies the allegations.  Insofar as the allegations of Paragraph 12 of the counterclaim pertain to

other Plaintiffs, ASHRAE is without knowledge or information sufficient to form a belief as to

the truth of the allegations and on that basis denies them.

13.     The allegations of Paragraph 13 of the counterclaim are legal conclusions to

which no response is required.  To the extent a response is required, ASHRAE denies the

allegations.

14.     The allegations of Paragraph 14 of the counterclaim are legal conclusions to

which no response is required.  To the extent a response is required, ASHRAE denies the

allegations.

15.     The allegations of Paragraph 15 of the counterclaim are legal conclusions to

which no response is required.  To the extent a response is required, ASHRAE denies the

allegations.

16.     ASHRAE admits the allegations of Paragraph 16 of the counterclaim.

17.     The allegations of Paragraph 17 of the counterclaim are legal conclusions to which no response is required.  To the extent a response is required, ASHRAE denies the allegations.

18.     The allegations of Paragraph 18 of the counterclaim are legal conclusions to which no response is required.  To the extent a response is required, ASHRAE denies the allegations.

## PARTIES

19.     ASHRAE is informed and believes, and on that basis admits, that Public Resource is a California nonprofit corporation with its principal place of business at 1005 Gravenstein Highway North, Sebastopol, California 95472.

20.     ASHRAE is informed and believes, and on that basis admits, that  ASTM is a Pennsylvania not-for-profit corporation with its principal place of business at 100 Barr Harbor Drive, West Conshohocken, Pennsylvania 19428.

21.     ASHRAE is informed and believes, and on that basis admits, that NFPA is a Massachusetts not-for-profit corporation with its principal place of business located at One Batterymarch Park, Quincy, Massachusetts 02169.

22.     ASHRAE admits the allegations of Paragraph 22 of the counterclaim.

## JURISDICTION AND VENUE

23.     ASHRAE admits that this counterclaim purports to seek declaratory relief pursuant to 22 U.S.C. § 2201, 17 U.S.C. § 101 et seq., and 15 U.S.C. § 1121, and admits that the Court has subject-matter jurisdiction over the counterclaim.  Except as specifically admitted, ASHRAE denies the allegations of Paragraph 23 of the counterclaim.

24.     ASHRAE admits that it maintains an office and a staff in Washington, DC, and that the primary responsibilities of ASHRAE's Washington staff include outreach to all levels of

government in the United States concerning development of legislation and regulations related to

heating, ventilating, air-conditioning and refrigerating.  ASHRAE is informed and believes, and

on that basis admits, that NFPA and ASTM maintain offices and staffs in Washington, DC and

are subject to personal jurisdiction in this District with respect to this case.  Except as

specifically admitted, ASHRAE is without knowledge or information sufficient to form a belief

as to the truth of the allegations of Paragraph 24 of the counterclaim and on that basis denies

them.

25.     ASHRAE admits the allegations of Paragraph 25 of the counterclaim.

26.     ASHRAE admits the allegations of Paragraph 26 of the counterclaim.

## FACTS

27.     ASHRAE is without knowledge or information sufficient to form a belief as to the

truth of the allegations of Paragraph 27 of the counterclaim and on that basis denies them.

28.     ASHRAE admits that Public Resource acquired copies of standards created and

owned by standards development organizations ("SDOs"), including standards created and

owned by ASHRAE, and that Public Resource engaged in a variety of unauthorized conduct

involving those copyrighted standards, including but not limited to copying and posting the

standards on its website.  Except as specifically admitted, ASHRAE is without knowledge or

information sufficient to form a belief as to the truth of the allegations of Paragraph 28 of the

counterclaim and on that basis denies them.

29.     ASHRAE is without knowledge or information sufficient to form a belief as to the

truth of the allegations of Paragraph 29 of the counterclaim and on that basis denies them.

30.     ASHRAE is informed and believes, and on that basis admits, that Public Resource

operates the websites public.resource.org, law.resource.org, house.resource.org, and

bulk.resource.org.

31.     ASHRAE is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 31 of the counterclaim and on that basis denies them.

32.     ASHRAE admits that Public Resource has, without authorization, posted copies of standards on law.resource.org that various government entities have incorporated by reference.  Except as specifically admitted, ASHRAE denies the allegations of Paragraph 32 of the counterclaim.

33.     ASHRAE admits that Public Resource reformats, alters, and re-affixes trademarks to, some of the copyrighted standards that it posts on its websites.  Except as specifically admitted, ASHRAE denies the allegations of Paragraph 33 of the counterclaim.

34.     ASHRAE is informed and believes, and on that basis admits, that the reformatting of private-sector standards by Public Resource includes putting private-sector standards into standard Hypertext Markup Language (HTML), converting graphics into the standard Scalable Vector Graphics format, and converting mathematical formulas into the standard Math Markup Language.

35.     ASHRAE is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 35 of the counterclaim and on that basis denies them.

36.     ASHRAE is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 36 of the counterclaim and on that basis denies them.

37.     ASHRAE is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 37 of the counterclaim and on that basis denies them.

38.     ASHRAE admits that it makes ASHRAE standards reasonably available and readily accessible, such as through free read-only access on the ASHRAE website.  Except as specifically admitted, ASHRAE denies the allegations of Paragraph 38 of the counterclaim.

39.     ASHRAE admits that it makes ASHRAE standards reasonably available and readily accessible, such as through free read-only access on the ASHRAE website.  Except as specifically admitted, ASHRAE denies the allegations of Paragraph 39 of the counterclaim.

40.     ASHRAE admits that the Internet provides improved opportunities for the exchange of information and for education, including improved, convenient, and immediate access to both free and paid content.  ASHRAE further admits that copies of all of its standards, including virtually all older editions of ASHRAE standards, are available for purchase and immediate download on the ASHRAE website.  ASHRAE further admits that, as part of its mission, ASHRAE makes the full text of ASHRAE standards incorporated by reference into federal statutes and regulations available to the public for free viewing on its website, in read-only form.  Except as specifically admitted, ASHRAE denies the allegations of Paragraph 40 of the counterclaim.

41.     ASHRAE admits that private-sector standards confer tremendous benefits on society, including by promoting safety, quality, and efficiency with respect to industrial accidents, natural disasters, and construction.  Except as specifically admitted, ASHRAE denies the allegations of Paragraph 41 of the counterclaim.

42.     ASHRAE is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 42 of the counterclaim and on that basis denies them.

43.     ASHRAE is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 43 of the counterclaim and on that basis denies them.

44.     ASHRAE admits that the website page accessed by the URL https://public.resource.org/copyright_policy.html speaks for itself.  Except as specifically

admitted, ASHRAE is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 44 of the counterclaim and on that basis denies them.

45.     ASHRAE is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 45 of the counterclaim and on that basis denies them.

46.     ASHRAE admits that Public Resource offers various items for sale on the Internet.  Except as specifically admitted, ASHRAE is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 46 of the counterclaim and on that basis denies them.

47.     ASHRAE is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 47 of the counterclaim and on that basis denies them.  ASHRAE admits that text or links soliciting donations appear on Public Resource's websites, including on pages that discuss Public Resource's activities related to ASHRAE's and other SDO's standards.  The presence of ASHRAE's and other SDO's standards on Public Resource's websites also drives traffic to the websites.  Except as specifically admitted, ASHRAE is without knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of Paragraph 47 of the counterclaim and on that basis denies them.

48.     ASHRAE admits that it is without knowledge or information sufficient to form a belief as to whether Public Resource sells copies of any standard.  Insofar as the allegations of Paragraph 48 of the counterclaim pertain to ASHRAE, except as specifically admitted, ASHRAE denies the allegations.  Insofar as the allegations of Paragraph 48 of the counterclaim pertain to other Plaintiffs, ASHRAE is without knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies them.

49.     ASHRAE admits that it is without knowledge or information sufficient to form a belief as to whether Public Resource sells any item bearing the name or logo of any SDO, and on that basis denies the allegations of Paragraph 49 of the counterclaim insofar as they pertain to ASHRAE.  Insofar as the allegations of Paragraph 49 of the counterclaim pertain to other Plaintiffs, ASHRAE is without knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies them.

50.     ASHRAE admits that it has multiple motivations for developing and disseminating standards, which include promoting safety and improving the quality of life, and earning a fair return on its copyrighted standards sufficient to advance its mission of developing newer and better standards, among others.  Insofar as the allegations of Paragraph 50 of the counterclaim pertain to ASHRAE, except as specifically admitted, ASHRAE denies the allegations.  Insofar as the allegations of Paragraph 50 of the counterclaim pertain to other Plaintiffs, ASHRAE is without knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies them.

51.     ASHRAE admits that both members and non-members of SDOs, including representatives of industry, have an incentive to promote the development of private-sector standards, which confer tremendous benefits on society.   Insofar as the allegations of Paragraph 51 of the counterclaim pertain to ASHRAE, except as specifically admitted, ASHRAE denies the allegations.  Insofar as the allegations of Paragraph 51 of the counterclaim pertain to other Plaintiffs, ASHRAE is without knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies them.

52.     ASHRAE admits that private-sector standards confer tremendous benefits on consumers, business, industry, and the public at large, including by promoting, without

limitation, efficiency, interoperability, lower costs, and increased safety.  Except as specifically

admitted, ASHRAE denies the allegations of Paragraph 52.

53.     ASHRAE admits that the document entitled "The Key to Energy Efficiency in

Buildings" speaks for itself, including without limitation the quotations contained in the

allegations of Paragraph 53 of the counterclaim.  Except as specifically admitted, ASHRAE

denies the allegations of Paragraph 53.

54.     ASHRAE admits that private-sector standards confer tremendous benefits on

society, including by promoting safety, quality, and efficiency within industries.  Except as

specifically admitted, ASHRAE denies the allegations of Paragraph 54.

55.     ASHRAE admits that private-sector standards confer tremendous benefits on

society, including by allowing members of industry who comply with the standards to realize

greater safety, quality, efficiency, and other benefits.  Except as specifically admitted, ASHRAE

denies the allegations of Paragraph 55.

56.     ASHRAE admits that private-sector standards confer tremendous benefits on

society, including by promoting efficiency within industries.  Except as specifically admitted,

ASHRAE denies the allegations of Paragraph 56.

57.     ASHRAE admits that ASHRAE serves the public interest, not only the interests

of ASHRAE members, and that both members and non-members of SDOs realize substantial

benefits from private-sector standards.  ASHRAE further avers that many members of SDOs, as

well as participants in and beneficiaries of the voluntary consensus standards development

activities of SDOs, lack resources sufficient to "fund" the activities of SDOs.  Except as

specifically admitted, ASHRAE is without knowledge or information sufficient to form a belief

as to the truth of the allegations of Paragraph 57 of the counterclaim and on that basis denies them.

58.     ASHRAE admits that members of SDOs and participants in voluntary consensus standards development, including those who represent industry, believe in the value of voluntary consensus standards development and the substantial benefits it confers on both the public and the private sector.  Except as specifically admitted, ASHRAE denies the allegations of Paragraph 58.

59.     ASHRAE admits that, in accordance with American National Standards Institute ("ANSI") principles and ASHRAE's ANSI-accredited procedures, anyone may propose new or revised content for inclusion in an ASHRAE standard, anyone may object to any proposed content for an ASHRAE standard, and anyone may challenge standards development activities that he or she believes violate ASHRAE's procedures.  ASHRAE further admits that those same principles and procedures include rules to promote consensus among a balance of relevant interests and to prevent any single interest group or industry from dominating the standards development process.  Insofar as the allegations of Paragraph 59 of the counterclaim pertain to ASHRAE, except as specifically admitted, ASHRAE denies the allegations.  Insofar as the allegations of Paragraph 59 of the counterclaim pertain to other organizations, ASHRAE is without knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies them.

60.     ASHRAE is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 60 of the counterclaim and on that basis denies them.

61.     ASHRAE is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 61 of the counterclaim and on that basis denies them.

62.     ASHRAE admits that, in accordance with ANSI principles and ASHRAE procedures, all ASHRAE standards are reviewed and revised or reaffirmed on a regular basis, generally in intervals of three to five years.  ASHRAE further admits that certain ASHRAE standards are designated for revision on an ongoing basis and are revised not less than every four years, and are frequently updated every 18 to 36 months.  Insofar as the allegations of Paragraph 62 of the counterclaim pertain to ASHRAE, except as specifically admitted, ASHRAE denies the allegations.  Insofar as the allegations of Paragraph 62 of the counterclaim pertain to other organizations, ASHRAE is without knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies them.

63.     ASHRAE is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 63 of the counterclaim and on that basis denies them.

64.     ASHRAE is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 64 of the counterclaim and on that basis denies them.

65.     ASHRAE is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 65 of the counterclaim and on that basis denies them.

66.     ASHRAE is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 66 of the counterclaim and on that basis denies them.

67.     ASHRAE is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 67 of the counterclaim and on that basis denies them.

68.     ASHRAE admits that approximately 20-25% of ASHRAE's annual revenue is derived from the sale of its copyrighted publications, with the remaining revenue derived from membership fees, advertising income, and other sources.  ASHRAE further admits that it uses its revenues, including revenues from the sale of copyrighted standards, to fund the development

and dissemination of standards, among other activities.  Insofar as the allegations of Paragraph 68 of the counterclaim pertain to ASHRAE, except as specifically admitted, ASHRAE denies the allegations.  Insofar as the allegations of Paragraph 68 of the counterclaim pertain to other Plaintiffs, ASHRAE is without knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies them.

69.     ASHRAE is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 69 of the counterclaim and on that basis denies them.

70.     ASHRAE is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 70 of the counterclaim and on that basis denies them.

71.     ASHRAE admits that it is a membership organization that receives dues from its members in exchange for the benefits of membership, including opportunities for membership on ASHRAE committees, receipt of the ASHRAE Handbook, discounts to ASHRAE publications, and access to other resources to promote professional development, including the ASHRAE Learning Institute.  ASHRAE further admits that it does not charge any fees for participating on its standards development committees, and that committee members are not required to be, and often are not, ASHRAE members.  Except as specifically admitted, ASHRAE denies the allegations of Paragraph 71 of the counterclaim.

72.     ASHRAE is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 72 of the counterclaim and on that basis denies them.

73.     ASHRAE is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 73 of the counterclaim and on that basis denies them.

74.     ASHRAE admits that it receives revenue from training and conferences it provides.  Except as specifically admitted, ASHRAE denies the allegations of Paragraph 74 of the counterclaim.

75.     ASHRAE is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 75 of the counterclaim and on that basis denies them.

76.     ASHRAE is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 76 of the counterclaim and on that basis denies them.

77.     ASHRAE admits that it receives a minority portion of its revenue from corporate sources as a result of sponsorships.  Except as specifically admitted, ASHRAE denies the allegations of Paragraph 77 of the counterclaim.

78.     ASHRAE is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 78 of the counterclaim and on that basis denies them.

79.     ASHRAE is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 79 of the counterclaim and on that basis denies them.

80.     ASHRAE admits that it receives a minority portion of its revenue from advertising.  Except as specifically admitted, ASHRAE denies the allegations of Paragraph 80 of the counterclaim.

81.     ASHRAE is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 81 of the counterclaim and on that basis denies them.

82.     ASHRAE is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 82 of the counterclaim and on that basis denies them.

83.     ASHRAE admits that it receives a portion of its revenue from publication sales from the sale of copies of certain materials other than standards, and further admits that it makes

additional materials other than standards available to the public at no cost.  Except as specifically admitted, ASHRAE denies the allegations of Paragraph 83 of the counterclaim.

84.     ASHRAE is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 84 of the counterclaim and on that basis denies them.

85.     ASHRAE is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 85 of the counterclaim and on that basis denies them.

86.     ASHRAE admits that it receives revenue from the sale of its copyrighted standards.  Except as specifically admitted, ASHRAE denies the allegations of Paragraph 86 of the counterclaim.

87.     ASHRAE is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 87 of the counterclaim and on that basis denies them.

88.     ASHRAE is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 88 of the counterclaim and on that basis denies them.

89.     ASHRAE admits that it receives revenue from the sale of all of its copyrighted standards.  Except as specifically admitted, ASHRAE denies the allegations of Paragraph 89 of the counterclaim.

90.     ASHRAE is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 90 of the counterclaim and on that basis denies them.

91.     ASHRAE is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 91 of the counterclaim and on that basis denies them.

92.     ASHRAE is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 92 of the counterclaim and on that basis denies them.

93.     ASHRAE is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 93 of the counterclaim and on that basis denies them.

94.     ASHRAE admits that its 2011 Form 990 speaks for itself, including without limitation the description of ASHRAE's revenues corresponding to that year.  Except as specifically admitted, ASHRAE denies the allegations in Paragraph 94 of the counterclaim.

95.     ASHRAE admits that the document entitled "Minutes, Advocacy Committee Meeting, June 24, 2012" speaks for itself, including without limitation the quotations contained in the allegations of Paragraph 95 of the counterclaim.  Except as specifically admitted, ASHRAE denies the allegations in Paragraph 95 of the counterclaim.

96.     ASHRAE admits that the document entitled "Minutes, Advocacy Committee Meeting, April 10, 2013" speaks for itself, including without limitation the quotations contained in the allegations of Paragraph 96 of the counterclaim.  Except as specifically admitted, ASHRAE denies the allegations in Paragraph 96 of the counterclaim.

97.     ASHRAE is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 97 of the counterclaim and on that basis denies them.

98.     ASHRAE is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 98 of the counterclaim and on that basis denies them.

99.     ASHRAE is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 99 of the counterclaim and on that basis denies them.

100.    ASHRAE admits that its revenues are directed towards activities that serve its mission of advancing heating, ventilating, air-conditioning and refrigerating to serve humanity and promote a sustainable world through research, standards writing, publishing and continuing education, and that some of those activities are not directly related to developing standards.

Except as specifically admitted, ASHRAE denies the allegations of Paragraph 100 of the counterclaim.

101.     ASHRAE is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 101 of the counterclaim and on that basis denies them.

102.     ASHRAE is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 102 of the counterclaim and on that basis denies them.

103.     ASHRAE is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 103 of the counterclaim and on that basis denies them.

104.     ASHRAE is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 104 of the counterclaim and on that basis denies them.

105.     ASHRAE admits that developing, disseminating, and encouraging the use of ASHRAE standards by both the private and public sectors is the primary means by which ASHRAE serves its safety mission, and ASHRAE encourages the incorporation of its standards into model codes as well as into the regulations or statutes of government entities.  Except as specifically admitted, ASHRAE denies the allegations of Paragraph 105 of the counterclaim.

106.     ASHRAE admits that Lynn G. Bellenger, then-President of ASHRAE, sent a letter dated February 28, 2011 to members of the Ohio General Assembly.  ASHRAE further admits that the letter speaks for itself, including without limitation the quotations contained in the allegations of Paragraph 106 of the counterclaim.  Except as specifically admitted, ASHRAE denies the allegations in Paragraph 106 of the counterclaim.

107.     ASHRAE is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 107 of the counterclaim and on that basis denies them.

108.     ASHRAE admits that it has informed the public about facts concerning decisions by government entities to incorporate ASHRAE standards by reference in statutes and regulations.  Except as specifically admitted, ASHRAE denies the allegations of Paragraph 108 of the counterclaim.

109.     ASHRAE is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 109 of the counterclaim and on that basis denies them.

110.     ASHRAE is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 110 of the counterclaim and on that basis denies them.

111.     ASHRAE is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 111 of the counterclaim and on that basis denies them.

112.     The allegations of Paragraph 112 of the counterclaim are legal conclusions to which no response is required.  To the extent a response is required, ASHRAE denies the allegations.

113.     ASHRAE is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 113 of the counterclaim and on that basis denies them.

114.     ASHRAE is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 114 of the counterclaim and on that basis denies them.

115.     The allegations of Paragraph 115 of the counterclaim are legal conclusions to which no response is required.  To the extent a response is required, ASHRAE denies the allegations.

116.     ASHRAE admits that statutes or regulations that incorporate private-sector standards by reference may apply to governments.  Except as specifically admitted, ASHRAE is

without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 116 of the counterclaim and on that basis denies them.

117.     ASHRAE is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 117 of the counterclaim and on that basis denies them.

118.     ASHRAE is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 118 of the counterclaim and on that basis denies them.

119.     ASHRAE admits that public comments are often solicited during the process of drafting and adopting statutes and regulations.  Except as specifically admitted, ASHRAE is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 119 of the counterclaim and on that basis denies them.

120.     ASHRAE admits that the public and the government primarily benefit from the incorporation of private-sector standards by reference into a statute or regulation, because, among other things, such standards provide high-quality, effective safety and other technical standards without substantial costs to taxpayers or the government.  ASHRAE further admits that the incorporation of its standards by reference into a statute or regulation serves ASHRAE's non-profit public interest safety mission.  Except as specifically admitted, ASHRAE denies the allegations of Paragraph 120 of the counterclaim.

121.     ASHRAE is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 121 of the counterclaim and on that basis denies them.

122.     ASHRAE admits that of the over 230 ANSI-accredited SDOs, certain SDOs may develop standards that conflict with or duplicate the standards developed by other SDOs. ASHRAE further admits that the ANSI Essential Requirements require SDOs to make good faith

efforts to resolve potential conflicts and to coordinate standardization activities.  Except as specifically admitted, ASHRAE denies the allegations of Paragraph 122 of the counterclaim.

123.    ASHRAE is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 123 of the counterclaim and on that basis denies them.

124.    ASHRAE is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 124 of the counterclaim and on that basis denies them.

125.    ASHRAE admits that it develops standards, some of which are incorporated by reference in statutes and regulations, and further admits that those standards speak for themselves.  Insofar as the allegations of Paragraph 125 of the counterclaim pertain to other Plaintiffs, ASHRAE is without knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies them.

126.    ASHRAE admits that laws enacted by legislatures and regulations promulgated by administrative agencies speak for themselves.  Except as specifically admitted, ASHRAE denies the allegations of Paragraph 126 of the counterclaim.

127.    ASHRAE admits that 47 C.F.R. § 73.319 speaks for itself.  Except as specifically admitted, ASHRAE denies the allegations in Paragraph 127 of the counterclaim.

128.    ASHRAE admits that laws and regulations speak for themselves.  Except as specifically admitted, ASHRAE denies the allegations of Paragraph 128 of the counterclaim.

129.    ASHRAE is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 129 of the counterclaim and on that basis denies them.

130.    ASHRAE is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 130 of the counterclaim and on that basis denies them.

131.    ASHRAE denies the allegations in the first sentence of Paragraph 131 of the counterclaim.  ASHRAE provides reasonable access to all of its standards, including free, read-only access to ASHRAE standards incorporated by reference in federal statutes and regulations on the ASHRAE website.  ASHRAE admits that federal regulations require that a copy of all materials incorporated by reference in federal regulations must be deposited with the Office of the Federal Register.  ASHRAE is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 131 of the counterclaim and on that basis denies them.

132.    The allegations of Paragraph 132 of the counterclaim are legal conclusions to which no response is required.  To the extent a response is required, ASHRAE denies the allegations.

133.    ASHRAE admits that the National Technology Transfer and Advancement Act of 1995 speaks for itself.  Except as specifically admitted, ASHRAE denies the allegations of Paragraph 133 of the counterclaim.

134.    ASHRAE is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 134 of the counterclaim and on that basis denies them.

135.    ASHRAE is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 135 of the counterclaim and on that basis denies them.

136.    ASHRAE is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 136 of the counterclaim and on that basis denies them.

137.    ASHRAE is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 137 of the counterclaim and on that basis denies them.

138.     ASHRAE denies the allegations of Paragraph 138 of the counterclaim, and further states that the cost to governments of developing standards by themselves would far exceed any costs associated with incorporating private-sector standards into statutes or regulations by reference.

139.     ASHRAE is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 139 of the counterclaim and on that basis denies them.

140.     ASHRAE is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 140 of the counterclaim and on that basis denies them.

141.     ASHRAE admits that some government employees participate in and attend meetings at which some of ASHRAE's standards are developed.  Insofar as the allegations of Paragraph 141 of the counterclaim pertain to ASHRAE, except as specifically admitted, ASHRAE denies the allegations.  Insofar as the allegations of Paragraph 141 of the counterclaim pertain to other Plaintiffs, ASHRAE is without knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies them.

142.     ASHRAE is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 142 of the counterclaim and on that basis denies them.

143.     ASHRAE is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 143 of the counterclaim and on that basis denies them.

144.     ASHRAE is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 144 of the counterclaim and on that basis denies them.

145.     ASHRAE denies the allegations in Paragraph 145 insofar as they pertain to ASHRAE, and states that it provides reasonable access to all of its standards, including free, read-only copies of ASHRAE standards incorporated by reference into federal statutes and

regulations available on the ASHRAE website.  Insofar as the allegations of Paragraph 145 of the counterclaim pertain to other Plaintiffs, ASHRAE is without knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies them.

146.    ASHRAE admits that it sells print and electronic copies of Standard 90.1-2010, Energy Standard for Buildings Except for Low-Rise Residential Buildings (I-P Edition) for a list price of $125.  Except as specifically admitted, ASHRAE denies the allegations of Paragraph 146 of the counterclaim.

147.    ASHRAE is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 147 of the counterclaim and on that basis denies them.

148.    ASHRAE denies the allegations of Paragraph 148 of the counterclaim.

149.    ASHRAE is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 149 of the counterclaim and on that basis denies them.

150.    ASHRAE admits that it exercises its right, which the Copyright Act gives to all copyright owners, to place technical and contractual restrictions on the access to and use of its copyrighted standards that it makes available to the public in electronic form.  Insofar as the allegations of Paragraph 150 of the counterclaim pertain to ASHRAE, except as specifically admitted, ASHRAE denies the allegations.  Insofar as the allegations of Paragraph 150 of the counterclaims pertain to other Plaintiffs, ASHRAE is without knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies them.

151.    ASHRAE is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 151 of the counterclaim and on that basis denies them.

152.    ASHRAE is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 152 of the counterclaim and on that basis denies them.

153.     ASHRAE admits that it exercises its right, which the Copyright Act gives to all copyright owners, to place technical and contractual restrictions on the access to and use of its copyrighted standards that it makes available online.  Insofar as the allegations of Paragraph 153 of the counterclaim pertain to ASHRAE, except as specifically admitted, ASHRAE denies the allegations.  Insofar as the allegations of Paragraph 153 of the counterclaim pertain to other Plaintiffs, ASHRAE is without knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies them.

154.     ASHRAE is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 154 of the counterclaim and on that basis denies them.

155.     ASHRAE is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 155 of the counterclaim and on that basis denies them.

156.     ASHRAE admits that it exercises its right, which the Copyright Act gives to all copyright owners, to restrict unauthorized copying or printing of copyrighted works posted on its website.  Except as specifically admitted, ASHRAE denies the allegations of Paragraph 156 of the counterclaim.

157.     In response to the first sentence of Paragraph 157 of the counterclaim, ASHRAE is informed and believes, and on that basis admits, that RealRead requires the installation of Java software, which is available to the public for free download on the Java website and which is used to run many widely available applications in addition to RealRead.  ASHRAE is without knowledge or information sufficient to form a belief as to the truth of the allegations of the second sentence of Paragraph 157 of the counterclaim and on that basis denies them.

158.     ASHRAE admits that it places copyright notices on its copyrighted standards. Insofar as the allegations of Paragraph 158 of the counterclaim pertain to ASHRAE, except as

specifically admitted, ASHRAE denies the allegations.  Insofar as the allegations of Paragraph

158 of the counterclaim pertain to other Plaintiffs, ASHRAE is without knowledge or

information sufficient to form a belief as to the truth of the allegations and on that basis denies

them.

159.    ASHRAE admits that it places copyright notices on its copyrighted codes and

standards to discourage conduct that is unlawful under the Copyright Act.  Insofar as the

allegations of Paragraph 159 of the counterclaim pertain to ASHRAE, except as specifically

admitted, ASHRAE denies the allegations.  Insofar as the allegations of Paragraph 159 of the

counterclaim pertain to other Plaintiffs, ASHRAE is without knowledge or information sufficient

to form a belief as to the truth of the allegations and on that basis denies them.

160.    ASHRAE is without knowledge or information sufficient to form a belief as to the

truth of the allegations of Paragraph 160 of the counterclaim and on that basis denies them.

161.    ASHRAE is without knowledge or information sufficient to form a belief as to the

truth of the allegations of Paragraph 161 of the counterclaim and on that basis denies them.

162.    ASHRAE is without knowledge or information sufficient to form a belief as to the

truth of the allegations of Paragraph 162 of the counterclaim and on that basis denies them.

163.    ASHRAE admits that the "Terms of Use" page on the ASHRAE website speaks

for itself including without limitation the quotations contained in the allegations of Paragraph

163 of the counterclaim.  Except as specifically admitted, ASHRAE denies the allegations in

Paragraph 163 of the counterclaim.

164.    The allegations of Paragraph 164 of the counterclaim are legal conclusions to

which no response is required.  To the extent a response is required, ASHRAE denies the

allegations.

165.     ASHRAE is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 165 of the counterclaim and on that basis denies them.

166.     ASHRAE denies that there is any uncertainty about whether copyright law applies to standards that are incorporated by reference by statutes or regulations.   ASHRAE is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 166 of the counterclaim and on that basis denies them.

167.     ASHRAE denies that the public is unable to familiarize itself with, understand, or engage constructively with ASHRAE's standards that are incorporated by reference by statutes or regulations.   ASHRAE is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 167 of the counterclaim and on that basis denies them.

168.     ASHRAE denies that the public is unable to familiarize itself with, understand, or engage constructively with ASHRAE's standards that are incorporated by reference by statutes or regulations.   ASHRAE is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 168 of the counterclaim and on that basis denies them.

169.     ASHRAE denies that the public is unable to familiarize itself with, understand, or engage constructively with ASHRAE's standards that are incorporated by reference by statutes or regulations.   ASHRAE is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 169 of the counterclaim and on that basis denies them.

170.     ASHRAE denies that Public Resource's publication of ASHRAE's standards does not impair ASHRAE's ability to develop standards.   Insofar as the allegations of Paragraph 170

of the counterclaim pertain to other Plaintiffs, ASHRAE is without knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies them.

171.     ASHRAE admits that Public Resource's unlawful publication of copyrighted works has enabled and encouraged the unauthorized copying of those works and unauthorized creation of derivative works, in violation of the Copyright Act.  Except as specifically admitted, ASHRAE denies the allegations of Paragraph 171 of the counterclaim.

172.     ASHRAE admits that Public Resource's unlawful publication of copyrighted works has enabled and encouraged the unauthorized copying of those works and unauthorized creation of derivative works, in violation of the Copyright Act.  Except as specifically admitted, ASHRAE denies the allegations of Paragraph 172 of the counterclaim.

173.     ASHRAE admits that Public Resource's unlawful publication of copyrighted works has enabled the unauthorized copying of those works and unauthorized creation of derivative works, in violation of the Copyright Act.  Except as specifically admitted, ASHRAE denies the allegations of Paragraph 173 of the counterclaim.

## COUNT I

174.     ASHRAE repeats and incorporates here its responses to Paragraphs 1 through 173 above.

175.     The allegations of Paragraph 175 of the counterclaim are legal conclusions to which no response is required.  To the extent a response is required, ASHRAE denies the allegations.

176.     The allegations of Paragraph 176 of the counterclaim are legal conclusions to which no response is required.  To the extent a response is required, ASHRAE denies the allegations.

177.    The allegations of Paragraph 177 of the counterclaim are legal conclusions to which no response is required.  To the extent a response is required, ASHRAE denies the allegations.

178.    The allegations of Paragraph 178 of the counterclaim are legal conclusions to which no response is required.  To the extent a response is required, ASHRAE denies the allegations.

179.    The allegations of Paragraph 179 of the counterclaim are legal conclusions to which no response is required.  To the extent a response is required, ASHRAE denies the allegations.

180.    The allegations of Paragraph 180 of the counterclaim are legal conclusions to which no response is required.  To the extent a response is required, ASHRAE denies the allegations.

181.    The allegations of Paragraph 181 of the counterclaim are legal conclusions to which no response is required.  To the extent a response is required, ASHRAE denies the allegations.

182.    The allegations of Paragraph 182 of the counterclaim are legal conclusions to which no response is required.  To the extent a response is required, ASHRAE denies the allegations.

183.    The allegations of Paragraph 183 of the counterclaim are legal conclusions to which no response is required.  To the extent a response is required, ASHRAE denies the allegations.

184.    ASHRAE is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 184 of the counterclaim and on that basis denies them.

185.    The allegations of in the first sentence of Paragraph 185 of the counterclaims are legal conclusions to which no response is required.  ASHRAE is informed and believes, and on that basis admits, that Public Resource has published ASHRAE's copyrighted standards in their entireties.  ASHRAE denies the allegations in the third and fourth sentence of Paragraph 185 of the counterclaim.  ASHRAE provides the public with reasonable access to all of its standards, including free, read-only access to ASHRAE standards incorporated by reference into federal statutes and regulations, such that no action by Public Resource is necessary to provide the public with the ability to study, criticize, analyze, or engage with the law.  Except as specifically admitted, ASHRAE denies the allegations of Paragraph 185 of the counterclaim.

186.    ASHRAE denies the allegations of Paragraph 186 of the counterclaim.

187.    ASHRAE denies the allegations of Paragraph 187 of the counterclaim.

188.    ASHRAE admits that there is a real and actual controversy between Public Resource and ASHRAE regarding whether Public Resource's copying, publication, alteration, and reformatting of certain ASHRAE standards constitutes infringement of ASHRAE's copyrights.  Insofar as the allegations of Paragraph 188 of the counterclaim pertain to other Plaintiffs, ASHRAE is informed and believes, and on that basis admits, that there is a real and actual controversy between Public Resource and the other Plaintiffs regarding whether Public Resource's copying, publication, alteration, and reformatting of certain standards constitutes infringement of the other Plaintiffs' copyrights.

189.    ASHRAE admits that it seeks to enjoin Public Resource's unauthorized copying, rekeying, and posting online of ASHRAE's standards and unauthorized use of ASHRAE's trademarks.  Except as specifically admitted, ASHRAE denies the allegations of Paragraph 189 of the counterclaims.

190.    ASHRAE is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 190 of the counterclaim and on that basis denies them.

191.    ASHRAE is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 191 of the counterclaim and on that basis denies them.

192.    ASHRAE is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 192 of the counterclaim and on that basis denies them.

193.    ASHRAE denies the allegations of Paragraph 193 of the counterclaim.  ASHRAE provides the public with reasonable access to all of its standards, including free, read-only access to ASHRAE standards that are incorporated by reference into federal statutes and regulations, such that no action by Public Resource is necessary to provide the public with access to ASHRAE's standards.

194.    ASHRAE admits that there is a real and substantial controversy between Public Resource and ASHRAE.  Insofar as the allegations of Paragraph 194 of the counterclaim pertain to other Plaintiffs, ASHRAE is informed and believes, and on that basis admits, that there is a real and substantial controversy between Public Resource and the other Plaintiffs.  Except as specifically admitted, ASHRAE denies the allegations of Paragraph 194 of the counterclaim.

195.    ASHRAE denies the allegations of Paragraph 195 of the counterclaim.

## COUNT II

196.    ASHRAE repeats and incorporates here its responses to Paragraphs 1 through 195 above.

197.    ASHRAE denies the allegations of Paragraph 197 of the counterclaim.

198.    ASHRAE denies the allegations of Paragraph 198 of the counterclaim.

199.    ASHRAE denies the allegations of Paragraph 199 of the counterclaim.

200.    ASHRAE denies the allegations of Paragraph 200 of the counterclaim.

201.    ASHRAE denies the allegations of Paragraph 201 of the counterclaim.

202.    ASHRAE denies the allegations of Paragraph 202 of the counterclaim.

203.    ASHRAE denies the allegations of Paragraph 203 of the counterclaim.

204.    ASHRAE admits that there is a real and substantial controversy between Public Resource and ASHRAE.  Insofar as the allegations of Paragraph 204 of the counterclaim pertain to other Plaintiffs, ASHRAE is informed and believes, and on that basis admits, that there is a real and substantial controversy between Public Resource and the other Plaintiffs.  Except as specifically admitted, ASHRAE denies the allegations of Paragraph 204 of the counterclaim.

205.    ASHRAE denies the allegations of Paragraph 205 of the counterclaim.

## AFFIRMATIVE AND OTHER DEFENSES

ASHRAE asserts the following defenses, whether affirmative or otherwise.  ASHRAE reserves all further defenses that may now or in the future exist based on discovery and further factual investigation in the case:

1.    The doctrine of unclean hands bars Public Resource's counterclaims.

2.    The doctrine of equitable estoppel bars Public Resource's counterclaims.

3.    Public Resource's counterclaims are unnecessary in light of Public Resource's denial of liability for ASHRAE's claims.

4.    Public Resource's counterclaims are redundant of Public Resource's affirmative defenses to ASHRAE's claims.

5.    Public Resource's counterclaims are barred in whole or in part for failure to state a claim upon which relief can be granted.

## PRAYER FOR RELIEF

Wherefore, ASHRAE prays for judgment:

1.    Dismissing with prejudice Public Resource's Counterclaim in its entirety;

33

2.      Awarding ASHRAE its costs, disbursements, and reasonable attorney's fees incurred in defending against the Counterclaim plus interest on any sums awarded thereunder; and

3.      Awarding ASHRAE such other and further relief as this Court deems just and proper, including but not limited to the relief sought in the Complaint filed in this Court on August 6, 2013.

Dated: November 20, 2013

Respectfully submitted,

/s/  Kenneth L. Steinthal
Kenneth L. Steinthal (admitted *pro hac vice*)
Joseph R. Wetzel (admitted *pro hac vice*)
KING & SPALDING, LLP
101 2nd Street, Suite 2300
San Francisco, CA 94105
(415) 318-1200
ksteinthal@kslaw.com
jwetzel@kslaw.com

Jeffrey S. Bucholtz (D.C. Bar: 452385)
KING & SPALDING LLP
1700 Pennsylvania Avenue, NW, Suite 200
Washington, DC 20006
(202) 737-0500
jbucholtz@kslaw.com