**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| AMERICAN SOCIETY FOR TESTING AND MATERIALS d/b/a/ ASTM INTERNATIONAL; | Case No. 1:13-cv-01215-EGS |
| | **ANSWER OF NATIONAL FIRE PROTECTION ASSOCIATION, INC. TO COUNTERCLAIM OF DEFENDANT PUBLIC.RESOURCE.ORG, INC.** |
| NATIONAL FIRE PROTECTION ASSOCIATION, INC.; and | |
| AMERICAN SOCIETY OF HEATING, REFRIGERATING, AND AIR-CONDITIONING ENGINEERS, | Filed:    August 6, 2013 |
| Plaintiffs and Counterclaim Defendants, | |
| v. | |
| PUBLIC.RESOURCE.ORG, INC., | |
| Defendant and Counterclaimant. | |

Plaintiff and Counterclaim Defendant National Fire Protection Association, Inc. (hereinafter, "NFPA"), by and through its undersigned counsel, hereby answers the Counterclaim for Declaratory Relief (hereinafter, "Counterclaim") filed by Plaintiff Public.Resource.org, Inc. (hereinafter, "Public Resource") in accordance with the numbered paragraphs thereof as follows. NFPA denies all allegations in Public Resource's Counterclaim that are not expressly admitted.

**INTRODUCTION**

1.      NFPA admits that Public Resource has undertaken to post, without permission, numerous copyrighted standards on its websites.  Except as specifically admitted, NFPA is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 1 of the Counterclaim and on that basis denies them.

2.      NFPA admits that government entities, including legislatures and administrative agencies, rely on private-sector standards, and frequently choose to incorporate such standards by reference in statutes, regulations, and ordinances when they determine that such standards best serve the needs of their citizens.  Except as specifically admitted, NFPA denies the allegations of Paragraph 2 of the Counterclaim.

3.      NFPA admits that private-sector standards confer tremendous benefits on society, and cover a range of important topics.  NFPA further admits that federal, state, and local government entities, including legislatures and administrative agencies, rely on private-sector standards and frequently incorporate such standards by reference in statutes, regulations, and ordinances.  To the extent the allegations of Paragraph 3 of the Counterclaim are legal conclusions, no response is required.  Except as specifically admitted, NFPA denies the allegations of Paragraph 3 of the Counterclaim.

4.      NFPA admits that it develops voluntary consensus standards, some of which are denominated for historical or other reasons as "codes," on subjects including fire, electrical, and life safety.  NFPA further admits that it achieves its safety mission by promoting the wide use of its standards by both the private and public sector and that, as part of this effort, it encourages government entities to incorporate its standards by reference into statutes, regulations, and ordinances.  Insofar as the allegations of Paragraph 4 of the Counterclaim pertain to NFPA, except as specifically admitted, NFPA denies the allegations.  Insofar as the allegations of Paragraph 4 of the Counterclaim pertain to other Plaintiffs, NFPA is without knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies them.

5.      NFPA admits that virtually all of its standards are or will be incorporated by reference into the statutes, regulations, or ordinances of at least one government entity somewhere in the United States or internationally.  Insofar as the allegations of Paragraph 5 of the Counterclaim pertain to NFPA, except as specifically admitted, NFPA denies the allegations. Insofar as the allegations of Paragraph 5 of the Counterclaim pertain to other Plaintiffs, NFPA is without knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies them.

6.      NFPA admits that it owns copyrights in standards that have been incorporated by reference by government entities in statutes, regulations, and ordinances, and admits that it is entitled to the protections afforded by law with respect to those copyrighted works.  Insofar as the allegations of Paragraph 6 of the Counterclaim pertain to NFPA, except as specifically admitted, NFPA denies the allegations.  Insofar as the allegations of Paragraph 6 of the Counterclaim pertain to other Plaintiffs, NFPA is without knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies them.

7.      NFPA admits that it owns copyrights in standards that have been incorporated by reference by government entities in statutes, regulations, and ordinances, and admits that it is entitled to the protections afforded by law with respect to those copyrighted works.  Insofar as the allegations of Paragraph 7 of the Counterclaim pertain to NFPA, except as specifically admitted, NFPA denies the allegations.  Insofar as the allegations of Paragraph 7 of the Counterclaim pertain to other Plaintiffs, NFPA is without knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies them.

8.      NFPA admits that it owns copyrights in standards that have been incorporated by reference by government entities in statutes, regulations, and ordinances, and admits that the

Copyright Act gives it the power to prohibit unauthorized reproductions of its copyrighted standards.  Insofar as the allegations of Paragraph 8 of the Counterclaim pertain to NFPA, except as specifically admitted, NFPA denies the allegations.  Insofar as the allegations of Paragraph 8 of the Counterclaim pertain to other Plaintiffs, NFPA is without knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies them.

9.      NFPA admits that it owns copyrights in standards that have been incorporated by reference by government entities in statutes, regulations, and ordinances, and admits that the Copyright Act gives all copyright owners, including NFPA, the power to prohibit the creation of unauthorized derivative works.  Insofar as the allegations of Paragraph 9 of the Counterclaim pertain to NFPA, except as specifically admitted, NFPA denies the allegations.  Insofar as the allegations of Paragraph 9 of the Counterclaim pertain to other Plaintiffs, NFPA is without knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies them.

10.      NFPA admits that it owns registered copyrights in standards that have been incorporated by reference by government entities in statutes, regulations, and ordinances, and admits that the Copyright Act gives all copyright owners, including NFPA, the power to prohibit the unauthorized distribution of their copyrighted works.  Insofar as the allegations of Paragraph 10 of the Counterclaim pertain to NFPA, except as specifically admitted, NFPA denies the allegations.  Insofar as the allegations of Paragraph 10 of the Counterclaim pertain to other Plaintiffs, NFPA is without knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies them.

11.      NFPA denies the allegations of Paragraph 11 of the Counterclaim.

12.     NFPA admits that it owns copyrights in standards that have been incorporated by reference by government entities in statutes, regulations, and ordinances, and admits that the Copyright Act gives all copyright owners, including NFPA, the power to determine conditions under which their copyrighted materials may be copied and distributed.  Insofar as the allegations of Paragraph 12 of the Counterclaim pertain to NFPA, except as specifically admitted, NFPA denies the allegations.  Insofar as the allegations of Paragraph 12 of the Counterclaim pertain to other Plaintiffs, NFPA is without knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies them.

13.     The allegations of Paragraph 13 of the Counterclaim are legal conclusions to which no response is required.  To the extent a response is required, NFPA denies the allegations.

14.     The allegations of Paragraph 14 of the Counterclaim are legal conclusions to which no response is required.  To the extent a response is required, NFPA denies the allegations.

15.     The allegations of Paragraph 15 of the Counterclaim are legal conclusions to which no response is required.  To the extent a response is required, NFPA denies the allegations.

16.     NFPA admits the allegations of Paragraph 16 of the Counterclaim.

17.     The allegations of Paragraph 17 of the Counterclaim are legal conclusions to which no response is required.  To the extent a response is required, NFPA denies the allegations.

18.     The allegations of Paragraph 18 of the Counterclaim are legal conclusions to which no response is required.  To the extent a response is required, NFPA denies the allegations.

## PARTIES

19.     NFPA is informed and believes, and on that basis admits, that Public Resource is a California nonprofit corporation with its principal place of business at 1005 Gravenstein Highway North, Sebastopol, California 95472.

20.     NFPA is informed and believes, and on that basis admits, that  ASTM is a Pennsylvania not-for-profit corporation with its principal place of business at 100 Barr Harbor Drive, West Conshohocken, Pennsylvania 19428.

21.     NFPA admits the allegations of Paragraph 21 of the Counterclaim.

22.     NFPA is informed and believes, and on that basis admits, that ASHRAE is a New York not-for-profit corporation with its principal place of business located at 1791 Tullie Circle N.E., Atlanta, Georgia 30329.

## JURISDICTION AND VENUE

23.     NFPA admits that this Counterclaim purports to seek declaratory relief pursuant to 22 U.S.C. § 2201, 17 U.S.C. § 101 et seq., and 15 U.S.C. § 1121, and admits that the Court has subject-matter jurisdiction over the Counterclaim.  Except as specifically admitted, NFPA denies the allegations of Paragraph 23 of the Counterclaim.

24.     NFPA admits that it maintains an office and a staff in Washington, DC, admits that the primary responsibilities of NFPA's Washington staff include monitoring federal activities and facilitating outreach to the federal government concerning NFPA standards as well as other fire, electrical, building, and life safety issues related to NFPA's safety mission, and admits that this Court has personal jurisdiction over NFPA with respect to this case.  NFPA is

informed and believes, and on that basis admits, that ASHRAE and ASTM maintain offices and staffs in Washington, DC and are subject to personal jurisdiction in this District with respect to this case.  Except as specifically admitted, NFPA is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 24 of the Counterclaim and on that basis denies them.

25.     NFPA admits the allegations of Paragraph 25 of the Counterclaim.

26.     NFPA admits the allegations of Paragraph 26 of the Counterclaim.

## FACTS

27.     NFPA is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 27 of the Counterclaim and on that basis denies them.

28.     NFPA admits that Public Resource acquired copies of standards created and owned by standards development organizations ("SDOs"), including standards created and owned by NFPA, and that Public Resource engaged in a variety of unauthorized conduct involving those copyrighted standards, including but not limited to copying and posting the standards on its website.  Except as specifically admitted, NFPA is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 28 of the Counterclaim and on that basis denies them.

29.     NFPA is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 29 of the Counterclaim and on that basis denies them.

30.     NFPA is informed and believes, and on that basis admits, that Public Resource operates the websites public.resource.org, law.resource.org, house.resource.org, and bulk.resource.org.

31.     NFPA is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 31 of the Counterclaim and on that basis denies them.

32.     NFPA admits that Public Resource has, without authorization, posted copies of standards on law.resource.org that various government entities have incorporated by reference. Except as specifically admitted, NFPA denies the allegations of Paragraph 32 of the Counterclaim.

33.     NFPA admits that Public Resource reformats, alters, and re-affixes trademarks to, some of the copyrighted standards that it posts on its websites.  Except as specifically admitted, NFPA denies the allegations of Paragraph 33 of the Counterclaim.

34.     NFPA is informed and believes, and on that basis admits, that the reformatting of private-sector standards by Public Resource includes putting private-sector standards into standard Hypertext Markup Language (HTML), converting graphics into the standard Scalable Vector Graphics format, and converting mathematical formulas into the standard Math Markup Language.

35.     NFPA is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 35 of the Counterclaim and on that basis denies them.

36.     NFPA is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 36 of the Counterclaim and on that basis denies them.

37.     NFPA is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 37 of the Counterclaim and on that basis denies them.

38.     NFPA admits that it makes NFPA standards reasonably available and readily accessible, such as through free read-only access on the NFPA website.  Except as specifically admitted, NFPA denies the allegations of Paragraph 38 of the Counterclaim.

39.     NFPA admits that it makes NFPA standards reasonably available and readily accessible, such as through free read-only access on the NFPA website.  Except as specifically admitted, NFPA denies the allegations of Paragraph 39 of the Counterclaim.

40.     NFPA admits that the Internet provides improved opportunities for the exchange of information and for education, including improved, convenient, and immediate access to both free and paid content.  NFPA further admits that copies of all of its standards, including virtually all older editions of NFPA standards, are available for purchase and immediate download on the NFPA website.  NFPA further admits that, as part of its commitment to enhancing public safety, NFPA makes the full text of the current and at least one prior edition of every NFPA standard available to the public for free viewing on its website, in read-only format.  Except as specifically admitted, NFPA denies the allegations of Paragraph 40 of the Counterclaim.

41.     NFPA admits that private-sector standards, including safety codes, confer tremendous benefits on society, including by promoting safety, quality, and efficiency with respect to industrial accidents, natural disasters, and construction.  Except as specifically admitted, NFPA denies the allegations of Paragraph 41 of the Counterclaim.

42.     NFPA is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 42 of the Counterclaim and on that basis denies them.

43.     NFPA is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 43 of the Counterclaim and on that basis denies them.

44.     NFPA admits that the website page accessed by the URL https://public.resource.org/copyright_policy.html speaks for itself.  Except as specifically admitted, NFPA is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 44 of the Counterclaim and on that basis denies them.

45.     NFPA is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 45 of the Counterclaim and on that basis denies them.

46.     NFPA admits that Public Resource offers various items for sale on the Internet. Except as specifically admitted, NFPA is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 46 of the Counterclaim and on that basis denies them.

47.     NFPA is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 47 of the Counterclaim and on that basis denies them.  NFPA admits that text or links soliciting donations appear on Public Resource's websites, including on pages that discuss Public Resource's activities related to NFPA's and other SDOs' standards.  The presence of NFPA's and other SDOs' standards on Public Resource's websites also drives traffic to the websites.  Except as specifically admitted, NFPA is without knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of Paragraph 47 of the Counterclaim and on that basis denies them.

48.     NFPA admits that it is without knowledge or information sufficient to form a belief as to whether Public Resource sells copies of any standard.  Insofar as the allegations of Paragraph 48 of the Counterclaim pertain to NFPA, except as specifically admitted, NFPA denies the allegations.  Insofar as the allegations of Paragraph 48 of the Counterclaim pertain to other Plaintiffs, NFPA is without knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies them.

49.     NFPA admits that it is without knowledge or information sufficient to form a belief as to whether Public Resource sells any item bearing the name or logo of any SDO. Insofar as the allegations of Paragraph 49 of the Counterclaim pertain to NFPA, except as

specifically admitted, NFPA denies the allegations.  Insofar as the allegations of Paragraph 49 of

the Counterclaim pertain to other Plaintiffs, NFPA is without knowledge or information

sufficient to form a belief as to the truth of the allegations and on that basis denies them.

50.     NFPA admits that it has multiple motivations for developing and disseminating

standards, which include promoting safety and improving the quality of life, and earning a fair

return on its copyrighted standards sufficient to advance its mission of developing newer and

better standards, among others.  Insofar as the allegations of Paragraph 50 of the Counterclaim

pertain to NFPA, except as specifically admitted, NFPA denies the allegations.  Insofar as the

allegations of Paragraph 50 of the Counterclaim pertain to other Plaintiffs, NFPA is without

knowledge or information sufficient to form a belief as to the truth of the allegations and on that

basis denies them.

51.     NFPA admits that both members and non-members of SDOs, including

representatives of industry, have an incentive to promote the development of private-sector

standards, which confer tremendous benefits on society.   Insofar as the allegations of Paragraph

51 of the Counterclaim pertain to NFPA, except as specifically admitted, NFPA denies the

allegations.  Insofar as the allegations of Paragraph 51 of the Counterclaim pertain to other

Plaintiffs, NFPA is without knowledge or information sufficient to form a belief as to the truth of

the allegations and on that basis denies them.

52.     NFPA admits that private-sector standards confer tremendous benefits on

consumers, business, industry, and the public at large, including by promoting efficiency,

interoperability, lower costs, and increased safety, among other things.  Except as specifically

admitted, NFPA denies the allegations of Paragraph 52 of the Counterclaim.

53.     NFPA is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 53 of the Counterclaim and on that basis denies them.

54.     NFPA admits that private-sector standards confer tremendous benefits on society, including by promoting safety, quality, and efficiency within industries.  Except as specifically admitted, NFPA denies the allegations of Paragraph 54 of the Counterclaim.

55.     NFPA admits that private-sector standards confer tremendous benefits on society, including by allowing members of industry who comply with the standards to realize greater safety, quality, efficiency, and other benefits.  Except as specifically admitted, NFPA denies the allegations of Paragraph 55 of the Counterclaim.

56.     NFPA admits that private-sector standards confer tremendous benefits on society, including by promoting efficiency within industries.  Except as specifically admitted, NFPA denies the allegations of Paragraph 56 of the Counterclaim.

57.     NFPA admits that NFPA serves the public interest, and that both members and non-members of SDOs realize substantial benefits from private-sector standards.  NFPA further avers that many members of SDOs, as well as participants in and beneficiaries of the voluntary consensus standards development activities of SDOs, lack resources sufficient to "fund" the activities of SDOs.  Except as specifically admitted, NFPA is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 57 of the Counterclaim and on that basis denies them.

58.     NFPA admits that members of SDOs and participants in voluntary consensus standards development, including those who represent industry, believe in the value of voluntary consensus standards development and the substantial benefits it confers on both the public and

the private sector.  Except as specifically admitted, NFPA denies the allegations of Paragraph 58 of the Counterclaim.

59.     NFPA admits that, in accordance with American National Standards Institute ("ANSI") principles and NFPA's ANSI-accredited procedures, anyone may propose new or revised content for inclusion in an NFPA standard, anyone may object to any proposed content for an NFPA standard, and anyone may challenge standards development activities that he or she believes to be unfair.  NFPA further admits that those same principles and procedures include rules to promote consensus among a balance of relevant interests and to prevent any single interest group or industry from dominating the standards development process.  Insofar as the allegations of Paragraph 59 of the Counterclaim pertain to NFPA, except as specifically admitted, NFPA denies the allegations.  Insofar as the allegations of Paragraph 59 of the Counterclaim pertain to other organizations, NFPA is without knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies them.

60.     NFPA admits that most, if not all, NFPA standards are adopted by reference by at least one governmental entity somewhere within the United States or internationally.  Except as specifically admitted, NFPA is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 60 of the Counterclaim and on that basis denies them.

61.     NFPA is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 61 of the Counterclaim and on that basis denies them.

62.     NFPA admits that, in accordance with ANSI principles and NFPA procedures, all NFPA standards are reviewed and updated or confirmed on a regular basis, generally in intervals of three to five years.  Insofar as the allegations of Paragraph 62 of the Counterclaim pertain to NFPA, except as specifically admitted, NFPA denies the allegations.  Insofar as the allegations

of Paragraph 62 of the Counterclaim pertain to other organizations, NFPA is without knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies them.

63.     NFPA admits the allegations of Paragraph 63 of the Counterclaim.

64.     NFPA admits the allegations of Paragraph 64 of the Counterclaim.

65.     NFPA admits that it sells a 2013 version of NFPA 13 and makes available a free, read-only version of that standard on the NFPA website.  Except as specifically admitted, NFPA denies the allegations of Paragraph 65.

66.     NFPA is informed and believes, and on that basis admits, that the 2013 version of NFPA 13 is incorporated by reference into the statutes, regulations, or ordinances of one or more government entities, but is not presently incorporated by reference in the Code of Federal Regulations.  Except as specifically admitted, NFPA denies the allegations of Paragraph 66.

67.     NFPA is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 67 of the Counterclaim and on that basis denies them.

68.     NFPA admits that sales of its copyrighted standards compose the substantial majority of its revenue each year and that it has other sources that comprise the balance of its annual revenues.  NFPA further admits that it uses its revenues, including revenues from the sale of copyrighted standards, to fund the development and dissemination of standards, among other activities.  Insofar as the allegations of Paragraph 68 of the Counterclaim pertain to NFPA, except as specifically admitted, NFPA denies the allegations.  Insofar as the allegations of Paragraph 68 of the Counterclaim pertain to other Plaintiffs, NFPA is without knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies them.

69.     NFPA is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 69 of the Counterclaim and on that basis denies them.

70.     NFPA admits that it is a membership organization that requires its members to pay annual dues in exchange for the benefits of membership, including receipt of NFPA's membership journal, NFPA Journal, participation in sections according to interest, and discounts on NFPA publications.  NFPA further admits that it does not charge any fees for participating on its standards development committees, and that committee members are not required to be, and often are not, NFPA members.  Except as specifically admitted, NFPA denies the allegations of Paragraph 70 of the Counterclaim.

71.     NFPA is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 71 of the Counterclaim and on that basis denies them.

72.     NFPA is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 72 of the Counterclaim and on that basis denies them.

73.     NFPA admits that it receives revenue from some, but not all, of the training and conferences it provides.  Except as specifically admitted, NFPA denies the allegations of Paragraph 73 of the Counterclaim.

74.     NFPA is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 74 of the Counterclaim and on that basis denies them.

75.     NFPA is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 75 of the Counterclaim and on that basis denies them.

76.     NFPA admits that it receives a small fraction of its revenue from corporate sources as a result of advertising or sponsorships.  Except as specifically admitted, NFPA denies the allegations of Paragraph 76 of the Counterclaim.

77.     NFPA is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 77 of the Counterclaim and on that basis denies them.

78.     NFPA is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 78 of the Counterclaim and on that basis denies them.

79.     NFPA admits that it receives a small fraction of its revenue from advertising. Except as specifically admitted, NFPA denies the allegations of Paragraph 79 of the Counterclaim.

80.     NFPA is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 80 of the Counterclaim and on that basis denies them.

81.     NFPA is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 81 of the Counterclaim and on that basis denies them.

82.     NFPA admits that it receives some revenue from the sale of copies of certain materials other than standards, and further admits that it makes additional materials other than standards available to the public at no cost.  Except as specifically admitted, NFPA denies the allegations of Paragraph 82 of the Counterclaim.

83.     NFPA is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 83 of the Counterclaim and on that basis denies them.

84.     NFPA is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 84 of the Counterclaim and on that basis denies them.

85.     NFPA admits that it receives revenue from the sale of its copyrighted standards. Except as specifically admitted, NFPA denies the allegations of Paragraph 85 of the Counterclaim.

86.     NFPA is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 86 of the Counterclaim and on that basis denies them.

87.     NFPA is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 87 of the Counterclaim and on that basis denies them.

88.     NFPA admits that it receives revenue from the sale of its copyrighted standards. Except as specifically admitted, NFPA denies the allegations of Paragraph 88 of the Counterclaim.

89.     NFPA is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 89 of the Counterclaim and on that basis denies them.

90.     NFPA is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 90 of the Counterclaim and on that basis denies them.

91.     NFPA is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 91 of the Counterclaim and on that basis denies them.

92.     NFPA is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 92 of the Counterclaim and on that basis denies them.

93.     NFPA admits that its 2011 Form 990 speaks for itself, including without limitation the description of NFPA's revenues corresponding to that year.  Except as specifically admitted, NFPA denies the allegations in Paragraph 93 of the Counterclaim.

94.     NFPA is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 94 of the Counterclaim and on that basis denies them.

95.     NFPA is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 95 of the Counterclaim and on that basis denies them.

96.     NFPA is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 96 of the Counterclaim and on that basis denies them.

97.     NFPA admits that the document entitled "Content Strategy" and dated August 14, 2013 speaks for itself, including without limitation the quotations contained in the allegations of Paragraph 97 of the Counterclaim.  Except as specifically admitted, NFPA denies the allegations in Paragraph 97 of the Counterclaim.

98.     NFPA is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 98 of the Counterclaim and on that basis denies them.

99.     NFPA admits that its revenues are directed towards activities that advance its mission of reducing the worldwide burden of fire and other hazards on the quality of life by providing and advocating for consensus standards, research, training and education, and that some of those activities are not directly related to developing standards.  Except as specifically admitted, NFPA denies the allegations of Paragraph 99 of the Counterclaim.

100.    NFPA is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 100 of the Counterclaim and on that basis denies them.

101.    NFPA admits that its 2011 Form 990 speaks for itself, including without limitation its statements concerning the salaries of NFPA officers.  Except as specifically admitted, NFPA denies the allegations in Paragraph 101 of the Counterclaim.

102.    NFPA admits that its officers and directors engage in activities that advance its mission of reducing the worldwide burden of fire and other hazards on the quality of life by providing and advocating for consensus standards, research, training and education, admits that some of those activities are not directly related to developing standards, and admits that NFPA derives revenue from some of these activities.  NFPA further admits that its paid officers manage

an organization of more than 300 employees, and are compensated at a level commensurate with officers in comparable organizations.  Except as specifically admitted, NFPA denies the allegations of Paragraph 102 of the Counterclaim.

103.    NFPA is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 103 of the Counterclaim and on that basis denies them.

104.    NFPA admits that developing, disseminating, and encouraging the use of NFPA standards by both the private and public sectors is the primary means by which NFPA serves its safety mission, and one way that NFPA encourages the use of its standards is to encourage government entities to incorporate such standards by reference into statutes, regulations, and ordinances.  Except as specifically admitted, NFPA denies the allegations of Paragraph 104 of the Counterclaim.

105.    NFPA is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 105 of the Counterclaim and on that basis denies them.

106.    NFPA is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 106 of the Counterclaim and on that basis denies them.

107.    NFPA admits that it is a member of the Build Strong Coalition, along with dozens of other entities, admits that the Build Strong Coalition submitted a statement to the Subcommittee on Economic Development, Public Buildings and Emergency Management of the U.S. House of Representatives Transportation and Infrastructure Committee, and admits that that statement speaks for itself.  Except as specifically admitted, NFPA denies the allegations of Paragraph 107.

108.    NFPA admits that it has informed the public about facts concerning decisions by government entities to incorporate NFPA standards by reference in statutes, regulations, or

ordinances.  Except as specifically admitted, NFPA denies the allegations of Paragraph 108 of the Counterclaim.

109.     NFPA is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 109 of the Counterclaim and on that basis denies them.

110.     NFPA is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 110 of the Counterclaim and on that basis denies them.

111.     NFPA admits that it issued a press release on January 13, 2011, and admits that the press release speaks for itself.  Except as specifically admitted, NFPA denies the allegations in Paragraph 111 of the Counterclaim.

112.     The allegations of Paragraph 112 of the Counterclaim are legal conclusions to which no response is required.  To the extent a response is required, NFPA denies the allegations.

113.     NFPA is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 113 of the Counterclaim and on that basis denies them.

114.     NFPA admits that the document entitled "Content Strategy" and dated August 14, 2013 speaks for itself.  NFPA denies that the allegations in Paragraph 114 of the Counterclaim reflect the complete contents of that document, including because they omit the statement that NFPA "assert[s] copyright in our codes and standards, along with the rights to control their distribution and sale …."  Except as specifically admitted, NFPA denies the allegations in Paragraph 114 of the Counterclaim.

115.     The allegations of Paragraph 115 of the Counterclaim are legal conclusions to which no response is required.  To the extent a response is required, NFPA denies the allegations.

116.     NFPA admits that statutes, regulations, or ordinances that incorporate private-sector standards by reference may apply to governments.  Except as specifically admitted, NFPA is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 116 of the Counterclaim and on that basis denies them.

117.     NFPA is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 117 of the Counterclaim and on that basis denies them.

118.     NFPA is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 118 of the Counterclaim and on that basis denies them.

119.     NFPA admits that public comments are often solicited during the process of drafting and adopting statutes, regulations, and ordinances.  Except as specifically admitted, NFPA is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 119 of the Counterclaim and on that basis denies them.

120.     NFPA admits that the public and the government primarily benefit from the incorporation of private-sector standards by reference into a statute, regulation, or ordinance, because, among other things, such standards provide high-quality, effective safety and other technical standards with little or no cost to taxpayers or the government.  NFPA further admits that the incorporation of its standards by reference into a statute, regulation, or ordinance serves NFPA's non-profit public interest safety mission.  Except as specifically admitted, NFPA denies the allegations of Paragraph 120 of the Counterclaim.

121.     NFPA is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 121 of the Counterclaim and on that basis denies them.

122.     NFPA denies the allegations of Paragraph 122 of the Counterclaim.

123.    NFPA is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 123 of the Counterclaim and on that basis denies them.

124.    NFPA is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 124 of the Counterclaim and on that basis denies them.

125.    NFPA admits that it develops standards, admits that most, if not all, of those standards have been incorporated by reference in statutes, regulations, or ordinances of at least one governmental jurisdiction within the United States or internationally, and admits that those standards speak for themselves.  Insofar as the allegations of Paragraph 125 of the Counterclaim pertain to other Plaintiffs, NFPA is without knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies them.

126.    NFPA admits that laws enacted by legislatures and regulations promulgated by administrative agencies speak for themselves.  Except as specifically admitted, NFPA denies the allegations of Paragraph 126 of the Counterclaim.

127.    NFPA admits that 47 C.F.R. § 73.319 speaks for itself.  Except as specifically admitted, NFPA denies the allegations in Paragraph 127 of the Counterclaim.

128.    NFPA admits that laws and regulations speak for themselves.  Except as specifically admitted, NFPA denies the allegations of Paragraph 128 of the Counterclaim.

129.    NFPA is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 129 of the Counterclaim and on that basis denies them.

130.    NFPA is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 130 of the Counterclaim and on that basis denies them.

131.    NFPA denies the allegations in the first sentence of Paragraph 131 of the Counterclaim.  NFPA provides reasonable access to all of its standards, including free, read-only

access on the NFPA website.  NFPA admits that federal regulations require that a copy of all materials incorporated by reference in federal regulations must be deposited with the Office of the Federal Register.  NFPA is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 131 of the Counterclaim and on that basis denies them.

132.     The allegations of Paragraph 132 of the Counterclaim are legal conclusions to which no response is required.  To the extent a response is required, NFPA denies the allegations.

133.     NFPA admits that the National Technology Transfer and Advancement Act of 1995 speaks for itself.  Except as specifically admitted, NFPA denies the allegations of Paragraph 133 of the Counterclaim.

134.     NFPA is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 134 of the Counterclaim and on that basis denies them.

135.     NFPA is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 135 of the Counterclaim and on that basis denies them.

136.     NFPA is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 136 of the Counterclaim and on that basis denies them.

137.     NFPA is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 137 of the Counterclaim and on that basis denies them.

138.     NFPA denies the allegations of Paragraph 138 of the Counterclaim, and further states that the cost to governments of developing standards by themselves would far exceed any costs associated with incorporating private-sector standards into statutes, regulations, or ordinances by reference.

139.    NFPA is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 139 of the Counterclaim and on that basis denies them.

140.    NFPA is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 140 of the Counterclaim and on that basis denies them.

141.    NFPA admits that some government employees participate in and attend meetings at which some of NFPA's standards are developed.  NFPA further admits that, in order to facilitate adequate participation of government officials, NFPA funds the participation of certain government officials at 80 percent of their reasonable expenses.   Insofar as the allegations of Paragraph 141 of the Counterclaim pertain to NFPA, except as specifically admitted, NFPA denies the allegations.  Insofar as the allegations of Paragraph 141 of the Counterclaim pertain to other Plaintiffs, NFPA is without knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies them.

142.    NFPA is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 142 of the Counterclaim and on that basis denies them.

143.    NFPA is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 143 of the Counterclaim and on that basis denies them.

144.    NFPA is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 144 of the Counterclaim and on that basis denies them.

145.    NFPA denies the allegations in Paragraph 145 insofar as they pertain to NFPA, and states that it provides reasonable access to its standards, including free, read-only copies of NFPA standards available on the NFPA website.  Insofar as the allegations of Paragraph 145 of the Counterclaim pertain to other Plaintiffs, NFPA is without knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies them.

146.     NFPA is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 146 of the Counterclaim and on that basis denies them.

147.     NFPA admits that it sells copies of the 2005 National Electrical Code at a list price of $89.50, and that the 2005 National Electrical code is incorporated by reference in the Code of Federal Regulations.  Except as specifically admitted, NFPA denies the allegations of Paragraph 147 of the Counterclaim.

148.     NFPA denies the allegations of Paragraph 148 of the Counterclaim.

149.     NFPA is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 149 of the Counterclaim and on that basis denies them.

150.     NFPA admits that it exercises its right, which the Copyright Act gives to all copyright owners, to place technical and contractual restrictions on the access to and use of copyrighted standards that it makes available to the public in electronic form.  Insofar as the allegations of Paragraph 150 of the Counterclaim pertain to NFPA, except as specifically admitted, NFPA denies the allegations.  Insofar as the allegations of Paragraph 150 of the Counterclaim pertain to other Plaintiffs, NFPA is without knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies them.

151.     NFPA is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 151 of the Counterclaim and on that basis denies them.

152.     NFPA is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 152 of the Counterclaim and on that basis denies them.

153.     NFPA admits that it exercises its right, which the Copyright Act gives to all copyright owners, to place technical and contractual restrictions on the access to and use of copyrighted standards that it makes available online.  Insofar as the allegations of Paragraph 153

of the Counterclaim pertain to NFPA, except as specifically admitted, NFPA denies the

allegations.  Insofar as the allegations of Paragraph 153 of the Counterclaim pertain to other

Plaintiffs, NFPA is without knowledge or information sufficient to form a belief as to the truth of

the allegations and on that basis denies them.

  154. NFPA is without knowledge or information sufficient to form a belief as to the

truth of the allegations of Paragraph 154 of the Counterclaim and on that basis denies them.

  155. NFPA admits that it exercises its right, which the Copyright Act gives to all

copyright owners, to restrict unauthorized copying or printing of copyrighted works posted on its

website.  Insofar as the allegations of Paragraph 155 of the Counterclaim pertain to NFPA,

except as specifically admitted, NFPA denies the allegations.  Insofar as the allegations of

Paragraph 155 of the Counterclaim pertain to other Plaintiffs, NFPA is without knowledge or

information sufficient to form a belief as to the truth of the allegations and on that basis denies

them.

  156. NFPA is without knowledge or information sufficient to form a belief as to the

truth of the allegations of Paragraph 156 of the Counterclaim and on that basis denies them.

  157. NFPA is without knowledge or information sufficient to form a belief as to the

truth of the allegations of Paragraph 157 of the Counterclaim and on that basis denies them.

  158. NFPA admits that it places copyright notices on its copyrighted standards.

Insofar as the allegations of Paragraph 158 of the Counterclaim pertain to NFPA, except as

specifically admitted, NFPA denies the allegations.  Insofar as the allegations of Paragraph 158

of the Counterclaim pertain to other Plaintiffs, NFPA is without knowledge or information

sufficient to form a belief as to the truth of the allegations and on that basis denies them.

159.    NFPA admits that it places copyright notices on its copyrighted codes and standards to discourage conduct that is unlawful under the Copyright Act.  Insofar as the allegations of Paragraph 159 of the Counterclaim pertain to NFPA, except as specifically admitted, NFPA denies the allegations.  Insofar as the allegations of Paragraph 159 of the Counterclaim pertain to other Plaintiffs, NFPA is without knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies them.

160.    NFPA is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 160 of the Counterclaim and on that basis denies them.

161.    NFPA is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 161 of the Counterclaim and on that basis denies them.

162.    NFPA admits that it allows any member of the public to access free, read-only copies of NFPA standards on the NFPA website.  NFPA further admits that visitors to its website must assent to an agreement in order to access such standards, and that the agreement speaks for itself.  The allegations in the second sentence of Paragraph 162 of the Counterclaim are legal conclusions to which no response is required.  Except as specifically admitted, NFPA denies the allegations of Paragraph 162 of the Counterclaim.

163.    NFPA is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 163 of the Counterclaim and on that basis denies them.

164.    The allegations of Paragraph 164 of the Counterclaim are legal conclusions to which no response is required.  To the extent a response is required, NFPA denies the allegations.

165.    NFPA is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 165 of the Counterclaim and on that basis denies them.

166.    NFPA denies that there is any uncertainty about whether copyright law applies to standards that are incorporated by reference by statutes, regulations, or ordinances.  NFPA is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 166 of the Counterclaim and on that basis denies them.

167.    NFPA denies that the public is unable to familiarize themselves with, understand, or engage constructively with NFPA's standards that are incorporated by reference by statutes, regulations, or ordinances.  NFPA is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 167 of the Counterclaim and on that basis denies them.

168.    NFPA denies that the public is unable to familiarize themselves with, understand, or engage constructively with NFPA's standards that are incorporated by reference by statutes, regulations, or ordinances.  NFPA is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 168 of the Counterclaim and on that basis denies them.

169.    NFPA denies that the public is unable to familiarize themselves with, understand, or engage constructively with NFPA's standards that are incorporated by reference by statutes, regulations, or ordinances.  NFPA is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 169 of the Counterclaim and on that basis denies them.

170.    NFPA denies that Public Resource's publication of NFPA's standards does not impair NFPA's ability to develop standards.  Insofar as the allegations of Paragraph 170 of the Counterclaim pertain to other Plaintiffs, NFPA is without knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies them.

171.    NFPA admits that Public Resource's unlawful publication of copyrighted works has enabled and encouraged the unauthorized copying of those works and unauthorized creation of derivative works, in violation of the Copyright Act.  Except as specifically admitted, NFPA denies the allegations of Paragraph 171 of the Counterclaim.

172.    NFPA admits that Public Resource's unlawful publication of copyrighted works has enabled and encouraged the unauthorized copying of those works and unauthorized creation of derivative works, in violation of the Copyright Act.  Except as specifically admitted, NFPA denies the allegations of Paragraph 172 of the Counterclaim.

173.    NFPA admits that Public Resource's unlawful publication of copyrighted works has enabled the unauthorized copying of those works and unauthorized creation of derivative works, in violation of the Copyright Act.  Except as specifically admitted, NFPA denies the allegations of Paragraph 173 of the Counterclaim.

## COUNT I

174.    NFPA repeats and incorporates here its responses to Paragraphs 1 through 173 above.

175.    The allegations of Paragraph 175 of the Counterclaim are legal conclusions to which no response is required.  To the extent a response is required, NFPA denies the allegations.

176.    The allegations of Paragraph 176 of the Counterclaim are legal conclusions to which no response is required.  To the extent a response is required, NFPA denies the allegations.

177.    The allegations of Paragraph 177 of the Counterclaim are legal conclusions to which no response is required.  To the extent a response is required, NFPA denies the allegations.

178.     The allegations of Paragraph 178 of the Counterclaim are legal conclusions to which no response is required.  To the extent a response is required, NFPA denies the allegations.

179.     The allegations of Paragraph 179 of the Counterclaim are legal conclusions to which no response is required.  To the extent a response is required, NFPA denies the allegations.

180.     The allegations of Paragraph 180 of the Counterclaim are legal conclusions to which no response is required.  To the extent a response is required, NFPA denies the allegations.

181.     The allegations of Paragraph 181 of the Counterclaim are legal conclusions to which no response is required.  To the extent a response is required, NFPA denies the allegations.

182.     The allegations of Paragraph 182 of the Counterclaim are legal conclusions to which no response is required.  To the extent a response is required, NFPA denies the allegations.

183.     The allegations of Paragraph 183 of the Counterclaim are legal conclusions to which no response is required.  To the extent a response is required, NFPA denies the allegations.

184.     NFPA is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 184 of the Counterclaim and on that basis denies them.

185.     The allegations of in the first sentence of Paragraph 185 of the Counterclaims are legal conclusions to which no response is required.  NFPA is informed and believes, and on that basis admits, that Public Resource has published NFPA's copyrighted standards in their

entireties.  NFPA denies the allegations in the third and fourth sentence of Paragraph 185 of the

Counterclaim.  NFPA provides reasonable access to its standards, including free, read-only

access to all NFPA standards on the NFPA website, such that no action by Public Resource is

necessary to provide the public with the ability to study, criticize, analyze, or engage with the

law.  Except as specifically admitted, NFPA denies the allegations of Paragraph 185 of the

Counterclaim.

186.    NFPA denies the allegations of Paragraph 186 of the Counterclaim.

187.    NFPA denies the allegations of Paragraph 187 of the Counterclaim.

188.    NFPA admits that there is a real and actual controversy between Public Resource

and NFPA regarding whether Public Resource's copying, publication, alteration, and

reformatting of certain NFPA standards constitutes infringement of NFPA's copyrights.  Insofar

as the allegations of Paragraph 188 of the Counterclaim pertain to other Plaintiffs, NFPA is

informed and believes, and on that basis admits, that there is a real and actual controversy

between Public Resource and the other Plaintiffs regarding whether Public Resource's copying,

publication, alteration, and reformatting of certain standards constitutes infringement of the other

Plaintiffs' copyrights.

189.    NFPA admits that it seeks to enjoin Public Resource's unauthorized copying,

rekeying, and posting online of NFPA's standards and unauthorized use of NFPA's trademarks.

Except as specifically admitted, NFPA denies the allegations of Paragraph 189 of the

Counterclaim.

190.    NFPA is without knowledge or information sufficient to form a belief as to the

truth of the allegations of Paragraph 190 of the Counterclaim and on that basis denies them.

191.    NFPA is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 191 of the Counterclaim and on that basis denies them.

192.    NFPA is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 192 of the Counterclaim and on that basis denies them.

193.    NFPA denies the allegations of Paragraph 193 of the Counterclaim.  NFPA provides the public with reasonable access to its standards, including free, read-only access on its website, such that no action by Public Resource is necessary to provide the public with access to NFPA's standards.

194.    NFPA admits that there is a real and substantial controversy between Public Resource and NFPA.  Insofar as the allegations of Paragraph 194 of the Counterclaim pertain to other Plaintiffs, NFPA is informed and believes, and on that basis admits, that there is a real and substantial controversy between Public Resource and the other Plaintiffs.  Except as specifically admitted, NFPA denies the allegations of Paragraph 194 of the Counterclaim.

195.    NFPA denies the allegations of Paragraph 195 of the Counterclaim.

## COUNT II

196.    NFPA repeats and incorporates here its responses to Paragraphs 1 through 195 above.

197.    NFPA denies the allegations of Paragraph 197 of the Counterclaim.

198.    NFPA denies the allegations of Paragraph 198 of the Counterclaim.

199.    NFPA denies the allegations of Paragraph 199 of the Counterclaim.

200.    NFPA denies the allegations of Paragraph 200 of the Counterclaim.

201.    NFPA denies the allegations of Paragraph 201 of the Counterclaim.

202.    NFPA denies the allegations of Paragraph 202 of the Counterclaim.

203.    NFPA denies the allegations of Paragraph 203 of the Counterclaim.

204.    NFPA admits that there is a real and substantial controversy between Public
Resource and NFPA.  Insofar as the allegations of Paragraph 204 of the Counterclaim pertain to
other Plaintiffs, NFPA is informed and believes, and on that basis admits, that there is a real and
substantial controversy between Public Resource and the other Plaintiffs.  Except as specifically
admitted, NFPA denies the allegations of Paragraph 204 of the Counterclaim.

205.    NFPA denies the allegations of Paragraph 205 of the Counterclaim.

## AFFIRMATIVE AND OTHER DEFENSES

NFPA asserts the following defenses, whether affirmative or otherwise.  NFPA reserves
all further defenses that may now or in the future exist based on discovery and further factual
investigation in the case:

1.    Public Resource's counterclaims are barred, in whole or in part, for failure to state
a claim upon which relief can be granted.

2.    Public Resource's counterclaims are unnecessary in light of Public Resource's
denial of liability for NFPA's claims.

3.    Public Resource's counterclaims are redundant of Public Resource's affirmative
defenses to NFPA's claims.

4.    Public Resource's counterclaims are barred, in whole or in part , by the doctrine
of unclean hands.

5.    Public Resource's counterclaims are barred, in whole or in part , by the doctrine
of equitable estoppel.

## PRAYER FOR RELIEF

Wherefore, NFPA prays for judgment:

(1)    Dismissing with prejudice Public Resource's Counterclaim in its entirety,

(2)      Awarding NFPA its costs, disbursements, and reasonable attorney's fees incurred in defending against the Counterclaim plus interest on any sums awarded thereunder; and

(3)      Awarding NFPA such other and further relief as this Court deems just and proper, including, but not limited to, the relief sought in the Complaint filed in this Court on August 6, 2013.

Dated:  November 20, 2013                              Respectfully submitted,


/s/ *Anjan Choudhury*

Anjan Choudhury (D.C. Bar: 497271)
Munger, Tolles & Olson LLP
355 South Grand Avenue, 35th Floor
Los Angeles, CA  90071
Tel: 213.683.9100
Email:  Anjan.Choudhury@mto.com

Kelly M. Klaus (*pro hac vice*)
Jonathan H. Blavin (*pro hac vice*)
Michael J. Mongan (*pro hac vice*)
Munger, Tolles & Olson LLP
560 Mission St., 27th Floor
San Francisco, CA 94105
Tel:  415.512.4000
Email:   Kelly.Klaus@mto.com
             Jonathan.Blavin@mto.com
             Michael.Mongan@mto.com