## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICAN SOCIETY FOR TESTING AND MATERIALS d/b/a/ ASTM INTERNATIONAL;<br><br>NATIONAL FIRE PROTECTION ASSOCIATION, INC.; and<br><br>AMERICAN SOCIETY OF HEATING, REFRIGERATING, AND AIR CONDITIONING ENGINEERS,<br><br>        Plaintiffs/<br>        Counter-Defendants,<br><br>v.<br><br>PUBLIC.RESOURCE.ORG, INC.,<br><br>        Defendant/<br>        Counter-Plaintiff. | Case No. 1:13-cv-01215-EGS |

### JOINT MEET-AND-CONFER REPORT

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure, Local Civil Rule 16.3, and the Court's order of November 22, 2013, Plaintiffs American Society for Testing and Materials d/b/a ASTM International ("ASTM"); National Fire Protection Association, Inc. ("NFPA"); and American Society of Heating, Refrigerating, and Air-Conditioning Engineers ("ASHRAE") (collectively "Plaintiffs") and Defendant Public.Resource.Org, Inc. ("Defendant"), by and through undersigned counsel, respectfully submit this Joint Meet and Confer Statement.

## STATEMENT OF THE FACTS

Plaintiffs ASTM, NFPA and ASHRAE allege that Defendant Public.Resource.Org is infringing hundreds of their copyrighted works and infringing Plaintiffs' trademarks by copying en masse Plaintiffs' standards in their entirety, posting them on its public website and encouraging the public to copy, distribute and create derivative works of the standards.  Plaintiffs have asserted claims for injunctive relief under the Copyright Act, 17 U.S.C. §§ 106, 502, the Lanham Act, 15 U.S.C. §§ 1114, 1116, 1125, and the common law.   Defendant Public.Resource.Org denies that it is infringing any copyrights or trademarks held by Plaintiffs.

**Local Civil Rule 16.3 discussions**:

**1.     Dispositive Motions**

The parties believe that the claims may be resolved through dispositive motions during or after discovery.  No dispositive motions have been filed thus far.

**2.     Joinder of Parties, Amendment Of
Pleadings And Narrowing Of Issues**

The parties do not anticipate joining any additional parties; however, the parties propose that any motion to join additional parties shall be filed by no later than March 14, 2014.

Any amendment of pleadings will be made as allowed by the applicable rules of civil procedure and by order of the Court.

Regarding narrowing the issues, the parties do not agree to narrow any issues at this time.

**3.     Agreement To Magistrate Judge**

The parties do not consent to the assignment of this matter to a magistrate judge.

**4.     Possibility Of Settlement**

The parties do not believe that settlement is a realistic possibility.  At this time, no plans for mediation have been set.

**5.** **Alternative Dispute Resolution**

The parties are aware of the Court's alternative dispute resolution (ADR) procedures and have considered the factors listed in LCvR 16.3(c)(5).  The parties do not believe that any ADR procedure is likely to resolve this dispute at this time.

**6.** **Time For Filing Of Dispositive Motions**

The parties agree that the deadline for dispositive motions shall be June 15, 2015.  The parties agree that oppositions to dispositive motions shall be due 30 days after their filing, with replies due 14 days thereafter.

**7.** **Initial Disclosures**

The parties agree to serve initial disclosures on or before January 17, 2014.

**8.** **Extent Of Discovery**

The parties propose a fact discovery deadline of October 3, 2014.  The parties also anticipate a narrow stipulated order regarding the confidentiality of discovery material.

The parties anticipate that by October 3, 2014, all answers to written discovery and all depositions for factual discovery will be completed unless unforeseen motions to compel are needed.

The parties agree that expert witness discovery will take place following factual discovery in accordance with the schedule below.

**9.** **Experts**

The parties agree that expert discovery, to the extent necessary or desired by each party, will commence after the close of factual discovery, and that:

A.    Opening expert disclosures pursuant to Federal Rule of Civil Procedure 26(a)(2) on issues for which the disclosing party bears the burden of proof shall be made no later than December 2, 2014.

B.      Any rebuttal expert disclosures or opening expert disclosures on issues for which the disclosing party does not bear the burden of proof shall be made no later than January 16, 2015.

C.      Any rebuttal disclosures or replies to rebuttals on issues for which the disclosing party bears the burden of proof shall be made no later than March 2, 2015.

D.      Any reply expert disclosures on issues for which the disclosing party does not bear the burden of proof shall be made no later than March 16, 2015.

E.      All expert depositions will be completed and expert discovery shall close by April 16, 2015.

The parties agree that each party shall bear the fees charged by its own experts when those experts are being deposed.

**10.      Class Actions**

This is not a class action.

**11.      Bifurcation**

At this time, the parties see no reason for bifurcation of the trial and/or discovery.

**12.      Pretrial Conference**

The parties propose that the Court schedule a pretrial conference approximately 120 days after the Court's final ruling on the final dispositive motions or, if no dispositive motions are filed, approximately 90 days following the deadline to file dispositive motions.

**13.      Trial Date**

The parties request that the Court set a trial date at the pretrial conference.

**14.      Other Matters Appropriate for Inclusion in a Scheduling Order**

A.      The parties have discussed preservation and disclosure of electronically stored information ("ESI").  The parties have agreed to exchange documents and ESI in the following format: single page TIFF images with associated OCR .txt file including page breaks, Summation .dii load file or Concordance upload files (in the format requested by the Receiving

Party), and metadata in an ASCII delimited .dat file.  Metadata will be produced, and the parties will reach an agreement on or before the date on which they exchange documents regarding the types of documents for which metadata will be produced and the metadata fields to be included. Documents and ESI that are not reasonably amenable to production in this format may be produced in another, reasonably usable format.  For example, the parties anticipate that production of oversized documents and production of ESI in spreadsheets (e.g., Excel files) or databases may warrant a different form of production, depending on the volume of data and the nature of the request.  Further, the parties may make original documents in native form available for inspection for selection and ultimate production in the aforementioned formats.  The parties will bear the cost of collecting, reviewing and producing their own documents and ESI unless (1) a party gives notice of intent to seek cost shifting prior to incurring the cost(s) sought to be shifted to the requesting party; and (2) a Court order is entered or agreement is reached shifting such cost to the requesting party.

      B.      Defendant demanded a jury trial in its Counterclaims and Answer.  Plaintiffs believe that the jury demand is inappropriate in this case and intend to file a motion to strike the jury demand at an appropriate time.

Respectfully submitted,

/s/ J. Kevin Fee
Michael F. Clayton (D.C. Bar No. 335307)
J. Kevin Fee (D.C. Bar: 494016)
Jordana S. Rubel (D.C. Bar No. 988423)
Morgan, Lewis & Bockius LLP
1111 Pennsylvania Ave., N.W.
Washington, D.C. 20004
Telephone: 202.739.5215
Email: mclayton@morganlewis.com
      jkfee@morganlewis.com
      jrubel@morganlewis.com

*Counsel For American Society For Testing And*
*Materials d/b/a/ ASTM International*

/s/ Anjan Choudhury
Anjan Choudhury (D.C. Bar No. 497271)
Munger, Tolles & Olson LLP
355 South Grand Avenue, 35th Floor
Los Angeles, CA 90071
Tel: 213.683.9100
Email:  Anjan.Choudhury@mto.com

Kelly M. Klaus
Jonathan H. Blavin
Michael J. Mongan
Munger, Tolles & Olson LLP
560 Mission St., 27th Floor
San Francisco, CA 94105
Tel: 415.512.4000
Email:  Kelly.Klaus@mto.com
          Jonathan.Blavin@mto.com
          Michael.Mongan@mto.com

*Counsel for National Fire Protection Association, Inc.*

/s/ Jeffrey S. Bucholtz
Jeffrey S. Bucholtz (D.C. Bar No. 452385)
King & Spalding LLP
1700 Pennsylvania Avenue, NW, Ste. 200
Washington, DC 20006-4707
Tel: 202.737.0500
Email:  jbucholtz@kslaw.com

Kenneth L. Steinthal
Joseph R. Wetzel
King & Spalding LLP
101 Second Street, Ste. 2300
San Francisco, CA 94105
Tel: 415.318.1211
Email:  ksteinthal@kslaw.com
          jwetzel@kslaw.com

*Counsel for American Society of Heating, Refrigerating,*
*and Air-Conditioning Engineers, Inc.*

/s/ Andrew P. Bridges
Andrew P. Bridges
Kathleen Lu
FENWICK & WEST LLP
555 California Street, 12th Floor
San Francisco, CA 94104
Telephone: (415) 875-2300
Email:  abridges@fenwick.com
         klu@fenwick.com

Mitchell L. Stoltz (D.C. Bar No. 978149)
Corynne McSherry
ELECTRONIC FRONTIER FOUNDATION
815 Eddy Street
San Francisco, CA 94109
Telephone: (415) 436-9333
Facsimile: (415) 436-9993
Email:  mitch@eff.org
         corynne@eff.org

David Halperin
1530 P Street NW
Washington, DC 20005
Email:  davidhalperindc@gmail.com

Mark A. Lemley
Joseph C. Gratz
DURIE TANGRI LLP
217 Leidesdorff St, San Francisco, CA 94111
Telephone: (415) 362-6666
Email:  mlemley@durietangri.com
         jgratz@durietangri.com

*Counsel for Defendant Public.Resource.Org, Inc.*