**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| AMERICAN SOCIETY FOR TESTING AND MATERIALS, et al., | ) ) ) ) | |
| Plaintiffs/ Counter-Defendants, | ) ) ) | |
| v. | ) ) | Civil Action No. 13-1215 (EGS) |
| PUBLIC.RESOURCE.ORG, INC., | ) ) ) | |
| Defendant/ Counter-Plaintiff. | ) ) ) | |

## SCHEDULING ORDER

Attorneys of record shall read this Scheduling Order in its entirety upon receipt and are responsible for ensuring that members of the attorney's staff are also familiar with and follow these procedures and the Local Civil Rules. The failure of a party or attorney to comply with the provisions of this Order or the Local Civil Rules will be viewed with disfavor and may result in the imposition of sanctions. The parties are advised that requests for extensions of time will also be viewed with disfavor and will not be granted as a matter of course. Furthermore, in view of this Court's limited resources, no one should contact chambers by telephone absent exigent circumstances.

Pursuant to the joint report filed according to Local Civil Rule 16.3 and Federal Rule of Civil Procedure 26, it is hereby **ORDERED** that:

(1) Initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1) shall be made by no later than **January 17, 2014**. Any amendments to the pleadings, including the joining of parties, shall be made by no later than **March 14, 2014**. Fact discovery shall be completed by no later than **October 3, 2014**. Opening expert disclosures pursuant to Federal Rule of Civil Procedure 26(a)(2) on issues for which the disclosing party bears the burden of proof shall be made by no later than **December 2, 2014**. Any rebuttal expert disclosures or opening expert disclosures on issues for which the disclosing party does not bear the burden of proof shall be made by no later than **January 16, 2015**. Any rebuttal expert disclosures or replies to rebuttal disclosures on issues for which the disclosing party bears the burden of proof shall be made by no later than **March 2, 2015**. Any reply expert disclosures on issues for which the disclosing party does not bear the burden of proof shall be made by no later than **March 16, 2015**. Expert discovery shall be completed by no later than **April 16, 2015**. These dates are firm. Accordingly, the parties are directed to ensure that all discovery requests are served in sufficient time to allow a response consistent with the timing set forth in the Federal Rules of Civil Procedure and the

Local Civil Rules unless otherwise stipulated by the parties. All other discovery procedures agreed to by the parties in their joint report are incorporated by reference herein.

(2) If, at any point in time, the parties desire to have a mediator from the District Court's mediation program appointed to assist with settlement discussions, the parties shall file a motion captioned "Joint Motion for Appointment of a Mediator."

(3) Pursuant to Local Civil Rule 7(m), counsel shall confer in good faith in an effort to resolve any discovery disputes before bringing the disputes to the Court. *See* Local Civ. R. 7(m) ("Before filing any nondispositive motion in a civil action, counsel shall discuss the anticipated motion with opposing counsel, either in person or by telephone, in a good faith effort to determine whether there is any opposition to the relief sought and, if there is opposition, to narrow the areas of disagreement. The duty to confer also applies to non-incarcerated parties appearing pro se. A party shall include in its motion a statement that the required discussion occurred, and a statement as to whether the motion is opposed.").

(4) Any motion that does not comply with Local Civil Rule 7(m) may be, *sua sponte*, denied by the Court.

(5) Counsel are hereby notified that the party that does not prevail in a discovery dispute shall be ordered to pay the costs involved, including reasonable attorney's fees, absent a determination by the Court that such an award would be unjust.

(6) The parties are directed to file a joint status report discussing the progress of discovery and the prospects for settlement by no later than **November 3, 2014**. In this status report, the parties shall inform the Court whether they consent to the appointment of a mediator from the District Court's mediation program to assist with settlement discussions.

(7) There will be a status conference in the courtroom of Judge Sullivan on **April 30, 2015 at 11:00 a.m.** The parties shall file a status report, including a joint recommendation for further proceedings, by no later than **April 23, 2015**. In the event that counsel are unable to agree on a joint recommendation, each party shall file an individual recommendation by that time. Counsel with primary case responsibility shall appear at this status hearing and at all other hearings scheduled by the Court.

(8) In view of this Court's limited resources, no one should contact chambers by telephone absent exigent circumstances. In the event, however, that it is absolutely necessary to communicate with Judge Sullivan's staff regarding this case, chambers may be contacted at 202-354-3260, or the courtroom deputy, Mark Coates, may be contacted at 202-354-3364. The parties are directed not to call chambers without opposing counsel on the line. Failure to comply with this provision will be viewed with extreme disfavor by the Court.

(9) All dates in this Order are firm and may not be altered by the parties without seeking leave of the Court. Any request

for an extension of time shall be made by filing a motion and shall state whether any prior extensions of time have been granted and whether the extension will impact any other scheduled dates. A motion for extension of time that is filed on the date that a filing is due will be viewed with extreme disfavor.

(10) Counsel are instructed to read the D.C. Circuit's opinion in *Jackson v. Finnegan, Henderson, Farabow, Garrett & Dunner, et al.*, 101 F.3d 145, 152 (D.C. Cir. 1996) ("In implementing a scheduling order at the beginning of a case and insisting on its reasonable observance during litigation, the district court acted in a manner consistent with the Supreme Court's and Congress' concern for the fair and efficient administration of justice.").

**SO ORDERED.**

**Signed:    Emmet G. Sullivan**
**            United States District Judge**
**            December 31, 2013**