## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICAN SOCIETY FOR TESTING AND MATERIALS d/b/a/ ASTM INTERNATIONAL;<br><br>NATIONAL FIRE PROTECTION ASSOCIATION, INC.; and<br><br>AMERICAN SOCIETY OF HEATING, REFRIGERATING, AND AIR CONDITIONING ENGINEERS,<br><br>    Plaintiffs/<br>    Counter-Defendants,<br><br>v.<br><br>PUBLIC.RESOURCE.ORG, INC.,<br><br>    Defendant/<br>    Counter-Plaintiff. | Case No. 1:13-cv-01215-TSC |

## PLAINTIFFS' MOTION FOR PROTECTIVE ORDER

Plaintiffs/Counter-Defendants American Society for Testing and Materials d/b/a ASTM International, National Fire Protection Association, Inc., and American Society of Heating, Refrigerating, and Air Conditioning Engineers (collectively, "Plaintiffs") respectfully move for entry of a protective order in the form submitted herewith as Exhibit A for protection of confidential, private, and sensitive information and materials disclosed during discovery in this litigation.  In support of this Motion, Plaintiffs state as follows:

### INTRODUCTION AND BACKGROUND

Plaintiffs are three not-for-profit organizations that develop private-sector standards to advance public safety, ensure compatibility across products and services, facilitate training, and spur innovation.  Dkt. 1 ¶ 1.  For example, Plaintiff National Fire Protection Association develops the National Electrical Code, which helps ensure that electrical systems are installed

safely and in a consistent manner.  The standards developed by Plaintiffs are original works protected from infringement under the Copyright Act.  Government entities frequently incorporate these private standards by reference in statutes, regulations, or ordinances.  *Id.*  The process of developing standards is costly, and Plaintiffs rely on revenues from the sales and licensing of their copyrighted standards to help underwrite those costs.  *Id.* ¶ 136.  Plaintiffs brought this copyright and trademark action to stop Defendant Public.Resource.Org ("Public Resource") from copying Plaintiffs' copyrighted standards, posting the standards in their entirety on its public website, and encouraging the public to disregard Plaintiffs' copyrights and copy, distribute, and create derivative works of the standards.  *Id.* ¶ 3.

The parties are currently engaged in discovery, in connection with which they have determined that a protective order is necessary and appropriate.  A protective order is necessitated by discovery requests that already have been served.  To take just one example, Public Resource has requested that Plaintiffs produce "[a]ll documents concerning revenue or profit expectations by [Plaintiffs] or any other Person regarding the availability, publication, sale, distribution, display, or other dissemination of any Standard in which [Plaintiffs] claim rights." Declaration of Jordana Rubel ("Rubel Decl."), attached as Exhibit B hereto, Ex. 1, Request No. 11.  This request potentially requires Plaintiffs to produce highly sensitive internal financial information regarding their products and business plans.

In accordance with Local Rule 7(m), Plaintiffs met and conferred with Public Resource about the terms of a proposed protective order.  Plaintiffs proposed a draft protective order to Public Resource on April 17, 2014.  Rubel Decl., Exs. 2 and 3.  On April 21, 2014, Public Resource stated that it would propose certain modifications to the draft protective order, including that Carl Malamud, the president and founder of Public Resource, be permitted to

access "Highly Confidential – Attorneys' Eyes Only" documents.  *Id.* ¶¶ 4-5.  On April 24, 2014, counsel for Plaintiffs emailed counsel for Public Resource and explained that Plaintiffs did not agree to this modification.  *Id.*, Ex. 4.  Public Resource circulated a revised draft of the protective order on May 2, 2014.  *Id.* Exs. 5, 6.  Counsel for all of the parties again met and conferred on this issue during a telephone conference on May 7, 2014.  *Id.* ¶ 7.  Plaintiffs responded by letter on May 23, 2014, noted that the parties appeared to be at an impasse on several important issues, and expressed their desire to bring this matter to the Court's attention.  *Id.* Exs. 7-9.  On June 11, 2014, counsel for Plaintiffs sent a revised version of their proposed protective order to Public Resource's counsel and asked Public Resource to clarify its position on the outstanding issues in order to allow Plaintiffs to describe accurately Public Resource's position to the Court.  *Id.* Exs. 10, 11.  Public Resource responded by email on June 18, 2014 and clarified its position on the outstanding issues.  *Id.* Ex. 12.  Because the parties have not been able to reach agreement through their meet-and-confer efforts, Plaintiffs seek the Court's intervention with respect to the four issues on which the parties remain at loggerheads:

*First*, Plaintiffs' proposed protective order follows the typical approach of setting two tiers of designations for sensitive information:  a "Confidential" designation, and a "Highly Confidential – Attorneys' Eyes Only" designation for certain highly sensitive information.  As is customary in protective orders in intellectual property cases, Plaintiffs' proposed order directs that "Highly Confidential" material may be viewed by counsel and experts for all parties, but may not be disclosed to non-legal officers, principals, directors, or employees of a party.  Public Resource opposes this structure because it believes its sole employee, Carl Malamud, "must be able to view all documents."  *Id.* Ex. 12.

*Second*, Public Resource has insisted on a novel provision that would require the party that designates a document as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" to submit at the time of production an accompanying "statement explaining which specific facts or elements within the designated material is confidential, and explaining why such designation is warranted." *Id.* Ex. 6.  Plaintiffs oppose this highly burdensome and unusual proposal.

*Third*, the parties disagree over who should be required to bring a motion with respect to a challenge to a confidentiality designation.  Public Resource proposed that whenever a party challenges another party's confidentiality designation, and the challenge is not resolved through meet-and-confer efforts, the *designating* party must file its own motion with the Court to seek protection of the document within 14 days from the date the designation was challenged.  *Id.* Ex. 6.  Plaintiffs oppose this proposal, which would burden the Court and allow a party unilaterally to force its adversaries to file seriatim motions to protect their sensitive documents.  Plaintiffs propose a more practical arrangement under which the party *challenging* a designation bears the onus of filing a motion with the Court.

*Fourth*, Plaintiffs have proposed a provision that would restrict the parties and their counsel from using information or documents obtained during discovery in this matter for any purpose other than for preparing for or conducting this litigation.  Public Resource rejected this proposal, and sought to narrow the provision to cover only "bates-stamped documents." *Id.* Ex. 12.  But Public Resource's proposal would not cover deposition testimony, initial disclosures, discovery responses, or other documents created during discovery that are not bates-stamped.  It would allow Public Resource to use this litigation as a mechanism for discovering information from Plaintiffs and then posting it on the Public Resource website along with Plaintiffs' copyrighted standards.

For the reasons that follow, Plaintiffs respectfully request that the Court enter the proposed protective order in Exhibit A, which reflects Plaintiffs' positions on these issues.

## I. A "Highly Confidential" Designation is Necessary, and Defendant's Sole Employee Should Not Be Permitted to View Highly Confidential Documents.

Plaintiffs' proposed protective order contemplates two tiers of protections for confidential materials. The first tier would apply to "Confidential" material, defined as "material which is not known or available to the public and which constitutes technical know-how; confidential research, development or commercial information; purchase and/or sales data; proprietary commercial, financial, technical, research, development, or business information; or any other confidential, private, or proprietary information that is used in the party's business." Exhibit A ¶ 1(a). Confidential material could not be disclosed to the general public, but could be disclosed to counsel for the parties, experts and officers, principals, directors, and non-legal employees of a party—including Carl Malamud, the sole employee of Public Resource (as well as other categories of individuals listed in the protective order). *Id.* ¶ 1(f)(ii).

The second tier would apply to "Highly Confidential" material, defined as "material that consists of or contains personal, technical, scientific, business or financial information, including – without limitation – trade secrets, sales, business strategy and planning information, and commercial and financial information, which (i) has not been made public; (ii) is proprietary or otherwise sensitive; and (iii) is of such nature that disclosure to the opposing party could cause substantial harm to the disclosing party." *Id.* ¶ 1(b). Highly Confidential material could be viewed by counsel for the parties, experts (as well as other categories of individuals listed in the protective order), but could not be disclosed to non-legal officers, principals, directors, or employees of a party. *Id.* ¶ 1(f)(i).

Public Resource asserts that Carl Malamud, its founder and president, "is an expert in this area and must be able to view all documents," including documents meeting the Highly Confidential definition.  Rubel Decl. Ex. 12.  Because Mr. Malamud is Public Resource's sole employee, this proposal would effectively eliminate the heightened protections proposed by Plaintiffs for Plaintiffs' Highly Confidential information.

A two-tiered approach is appropriate here.  This structure is standard in intellectual property litigation and many other types of commercial litigation.  Indeed, counsel for Public Resource recently stipulated to a protective order in a copyright case that provided for a Highly Confidential category of documents.  *See* Paragraphs 14-15 of Stipulated Protective Order submitted jointly by parties on December 13, 2013 in *Perfect 10, Inc. v. Giganews, Inc.*, Case No. 2:11-cv-07098 (C.D. Cal.), attached as Exhibit C.  As a court in this District has recognized, "[a]mple precedent exists for limiting disclosure of highly sensitive, confidential or proprietary information to attorneys and experts, particularly where there is some risk that a party might use the information or disseminate it to others who might employ it to gain a competitive advantage over the producing party."  *Alexander v. FBI*, 1998 U.S. Dist. LEXIS 11489, *11 (D.D.C. 1998) (issuing protective order with attorneys' eyes only category) (quoting *Westside Marrero Jeep Eagle, Inc. v. Chrysler Corp., Inc.*, 1998 U.S. Dist. LEXIS 5614 (E.D. La. Apr. 17, 1998)).

The facts of this case show that the customary two-tiered approach to protecting confidential material is particularly warranted here.  Public Resource offers itself as an alternative source through which members of the public can (unlawfully) print and make derivative works based on Plaintiffs' standards, which places Public Resource in direct competition with Plaintiffs.  Rubel Decl. ¶ 16.  Further, Mr. Malamud speaks and writes about issues relating to this litigation frequently, including in testimony to Congress, interviews with

the media, on videos that he posts on the Internet, and through Twitter.  *Id.* Exs. 13-18.  If Mr.

Malamud were to become privy to sensitive strategic and financial information about Plaintiffs,

it would create a genuine risk that he might disseminate that information to others who could use

it to gain a competitive advantage over Plaintiffs.  Even if Mr. Malamud has every intention of

complying with the protective order, "it is very difficult for the human mind to compartmentalize

and selectively suppress information once learned, no matter how well-intentioned the effort may

be to do so."  *FTC v. Exxon Corp.*, 636 F.2d 1336, 1350 (D.C. Cir. 1980); *see also D'Onofrio v.*

*SFX Sports Group, Inc.*, 2009 U.S. Dist. LEXIS 44539, *9 (D.D.C. Apr. 1, 2009) ("it is a simple

fact that it is difficult to unlearn something once it is learned.").

What is more, the risk of disclosure identified in *Alexander* is particularly acute here

because Mr. Malamud already has demonstrated his willingness to disregard the law when he

disagrees with it.  Specifically, Public Resource copied and posted Plaintiffs' copyrighted

standards on its website with full knowledge that Plaintiffs own copyright registrations for the

standards, and has not removed the standards even during the pendency of this litigation.  This

despite repeated statements by various agencies and offices within the U.S. government that

standards do not lose their copyright protection when incorporated by reference into federal

regulations.  And this is only one of many arenas where Mr. Malamud has taken an aggressive

stance towards posting documents in the face of claims of protection.  He has continued to post

state annotated codes even after receiving take-down notices from senior government officials in

Georgia, Idaho, and Mississippi.  Rubel Decl. Exs. 19-21.  He has taken the position that, "by

being required in the rules of numerous courts," the "Bluebook: A Uniform System of Citation

®," has "become an edict of government" that is not entitled to copyright protection.  *Id.* Ex. 22.

The "Principles" page on the law.resource.org website asserts that "Primary legal materials

should be made available using bulk access mechanisms so they may be downloaded by anyone." *Id.* Ex. 23.  Mr. Malamud has told a reporter that he has "ambitions to liberate other bodies of legal information – congressional hearings, the U.S. Code, the Federal Register, bankruptcy cases, and much else," and stated that "[e]ventually, the judicial branch needs to get itself together." *Id.* Ex. 24.  In short, Mr. Malamud has demonstrated a propensity for posting on the Internet all manner of legal documents, regardless of claims that they are protected from reproduction by law.  Plaintiffs should not be required to bear the risk of Mr. Malamud posting their highly confidential materials on the Internet, whether intentionally or by inadvertent error.

Public Resource claims that Mr. Malamud is "an expert" and therefore needs to have access to "all documents" in this case.  Rubel Decl. Ex. 12.  But Public Resource has not articulated any reason why, for purposes of defending this action, Mr. Malamud needs access to the narrowly defined category of "Highly Confidential" documents, which is limited to personal, technical, scientific, business or financial information that is so sensitive that its disclosure could cause substantial harm to Plaintiffs.  Mr. Malamud has no scientific training and therefore cannot be an expert on the technical or scientific material that underlies Plaintiffs' standards.  Nor has he ever worked for a standards developing organization or authored a single standard.  Nor does he have any financial expertise which would assist Public Resource in understanding Plaintiffs' finances.  He therefore lacks the background or experience necessary to be an expert on the finances or strategic planning of standards developing organizations.  Moreover, to the extent that Public Resource can articulate a genuine reason why Mr. Malamud must review a particular Highly Confidential document or set of documents, Plaintiffs already have informed Public Resource that they will consider any such request in good faith on an ad hoc basis. *E.g.*, *id.* Ex. 4.  Because Public Resource has failed to identify any other reason why it would be prejudiced if

Mr. Malamud is unable to review the narrowly defined category of Highly Confidential

documents, the Court should adopt Plaintiffs' proposed structure. *See Alexander v. FBI*, 1998

U.S. Dist. LEXIS 11489 at *11 (issuing protective order with attorneys' eyes only category

where party objecting to this category was unable to demonstrate any actual prejudice from its

personal inability to review confidential medical information).

## II.     The Protective Order Should Not Require Written Justification For Each Confidentiality Designation.

The second issue on which the parties have been unable to reach agreement is the process

for designating a document as Confidential or Highly Confidential.  Public Resource proposed a

requirement that all materials designated Confidential or Highly Confidential "must be

accompanied by a statement explaining which specific facts or elements within the designated

material is confidential, and explaining why such designation is warranted."  Rubel Decl. Ex. 6.

In effect, Public Resource's proposal requires a designating party to write a mini-brief at the time

of production regarding each and every confidential document that describes what information

within the document is confidential and the reasons why the designation is appropriate.

The provision suggested by Public Resource is not only burdensome, it is unprecedented.

Plaintiffs and their counsel are unaware of any protective order in any case that places this

onerous obligation on the designating party.  When the parties discussed whether this provision

was necessary or appropriate, Plaintiffs requested that Public Resource's counsel provide

examples of past protective orders that include this requirement.  *Id.* ¶ 7.  Public Resource has

not provided any such examples.  *Id*.  Notably, the protective order to which Public Resource's

counsel recently stipulated included no such requirement.  *See* Exhibit C.

Plaintiffs' proposed protective order contains provisions that are adequate to prevent any

party from arbitrarily designating documents as confidential or otherwise misusing the

confidentiality designations.  Specifically, the proposed protective order includes a requirement that a party only designate material as Confidential or Highly Confidential when the party "in good faith" believes that the material is in fact Confidential or Highly Confidential.  Exhibit A ¶¶ 1(a-b).  Likewise, the proposed protective order states that "[a] party shall not routinely designate material as "CONFIDENTIAL," or make such a designation without reasonable inquiry to determine whether the material at issue qualifies for such designation."  *Id.* ¶ 1(a).

Public Resource's novel proposal would be particularly problematic in this case because it would impose asymmetric burdens on the parties.  Public Resource is a one-man operation.  Its self-described mission is to provide the public with greater access to information, and it frequently discusses its daily activities and positions on issues related to this litigation on its website and on social media.  It is therefore unlikely to have any substantial number of Confidential or Highly Confidential documents.  Plaintiffs are sizable nonprofit institutions, and the burden of this unusual and unnecessary proposal will therefore fall disproportionately on Plaintiffs.

### III.    The Party Challenging a Confidentiality Designation Should Be Required to Bring a Motion Raising That Challenge.

The third issue on which the parties have been unable to reach agreement is the procedure for challenging a confidentiality designation.  Plaintiffs' proposed protective order provides that the party who receives materials designated Confidential or Highly Confidential may notify the designating party in writing of its challenge to the designation.  If the parties are unable to agree within 10 business days whether or not the material was appropriately designated, the receiving party may file a motion with the Court asserting its challenge.  Plaintiffs' proposed protective order recognizes that if such a motion is filed, the designating party has the burden of proving that a document is in fact Confidential or Highly Confidential.  Exhibit A ¶ 3.

In contrast, Public Resource proposed a procedure whereby the parties would have 7 days to confer as to whether a designation was appropriate after the receiving party notified the designating party of its challenge to the designation.  Rubel Decl. Ex. 6.  If the parties could not reach an agreement, within 14 calendar days[1] from the date the designation was challenged, the designating party must file a motion with the Court if it wants to protect its confidential information from disclosure.

Plaintiffs' proposal is the more practical and efficient one for both the parties and the Court.  The party challenging a confidentiality designation should have the responsibility of bringing a motion in order to ensure that a party will only challenge designations where it has a legitimate basis for doing so and where it believes it has a real need for disclosing the document. Under Public Resource's proposal, there is nothing to stop a party from challenging any or all confidentiality designations—even for documents that may be of no real significance to the issues in the litigation—and imposing tremendous burdens on the designating party by requiring it to file motion after motion to protect its documents.  Equally troubling, Public Resource's proposal would require the Court to expend its limited time and resources on issues that may be of minimal significance to the overall litigation.

Public Resource's proposal also would allow the challenging party to dictate the timing under which a motion to preserve the confidentiality designation would have to be filed: the challenging party could unilaterally choose the date on which to challenge a designation and thereby require the designating party to file its motion within 14 days of that date, regardless of any other existing deadlines or responsibilities.  This provides the challenging party with the

---

[1] Public Resource suggested that 14 calendar days was an appropriate period of time but subsequently indicated it is flexible about the number of days within which the designating party must file a motion with the Court in support of its designation.  Rubel Decl. Ex. 12.

opportunity to strategically challenge the confidentiality designations of many documents at a time that the challenging party knows will be problematic for the designating party.

Again, as discussed above, this proposal is likely to impose asymmetric burdens on Plaintiffs because Public Resource is unlikely to have many confidential documents. Public Resource will therefore have no incentive to be judicious in challenging confidentiality designations. In fact, Public Resource's mission and its proposed procedures strongly suggest that it will raise repeated objections to confidentiality designations.

In contrast, Plaintiffs' proposed procedure permits the challenging party to choose the date on which it challenges any confidentiality designation and then to determine whether and when to bring a motion challenging the confidentiality designation. This is a sensible procedure that will minimize the risk of excessive challenges of confidentiality designations and prevent one party from having a tactical advantage over the others. Indeed, Public Resource's counsel stipulated to a protective order in a recent copyright case that required the objecting party to file a motion with the court to challenge a confidentiality designation. *See* Paragraph 13 of Exhibit C.

IV.     **Use of Information Obtained in Discovery Should Be Limited to This Litigation.**

Finally, Plaintiffs proposed a provision that would restrict the parties and their counsel from using information or documents obtained during discovery in this matter for any purpose other than preparing for or conducting this litigation. The proposed provision reads: "The Parties and their attorneys shall not use any information or documents obtained during discovery in this matter, regardless of whether the information and/or documents are designated Confidential, Highly Confidential, or are not assigned any confidentiality designation, for any purpose other than preparing for and conducting this litigation, including any appeals." Exhibit A ¶ 7.

Public Resource did not agree to this provision as drafted by Plaintiffs.  It indicated that it was willing to agree only to a provision stating "that bates-stamped documents produced by Plaintiffs, even if not designated Confidential or Highly Confidential, will only be used for this litigation."  Rubel Decl. Ex. 12.[2]  But such a provision would not apply to a host of documents obtained through discovery that are not "bates-stamped," including deposition transcripts, initial disclosures, and written discovery responses.

There is good cause for the Court to enter a protective order with Plaintiffs' proposed language.  Public Resource regularly writes about and is interviewed about the subject of this litigation, and seeks to raise funds from the public in connection with the activities that are the subject of this litigation.  *See Klayman v. Judicial Watch, Inc.*, 2007 U.S. Dist. LEXIS 88044, *23 (D.D.C. Dec. 3, 2007) (granting motion for protective order that contained similar provision where plaintiff was engaged in ongoing fundraising and advertising campaign that related to subject of litigation).  But for this litigation, Public Resource would not have access to the documents and information it will receive in discovery.  It should not be able to use these documents and information for any purpose other than the litigation.  Indeed, the Supreme Court has recognized that a "litigant has no First Amendment right of access to information made available only for the purposes of trying his suit."  *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 32 (1984).

It is important that, in addition to documents produced by Plaintiffs, Public Resource not use other information obtained in discovery—such as testimony from depositions or written

---

[2] Public Resource also noted that if "such a document becomes part of the public record, such as an exhibit to a brief, Public Resource will in no way censor that document."  Rubel Decl. Ex. 12. This is a red herring.  As noted in the main text, Plaintiff's proposed provision applies only to information or documents "obtained during discovery"; it would not apply to documents available through the Court's public docket.

discovery responses—for any purpose other than this litigation.  Moreover, Plaintiffs' proposed

provision only limits the parties' ability to use information or documents obtained during

discovery, which would not include documents that are obtained through the Court's public

docket.  Plaintiffs' proposed provision is appropriate as drafted.

## **CONCLUSION**

For all of the foregoing reasons, Plaintiffs respectfully request that the Court grant this

Motion and enter Plaintiffs' proposed protective order.

Dated: July 7, 2014                      Respectfully submitted,

/s/ J. Kevin Fee

Michael F. Clayton (D.C. Bar: 335307)
J. Kevin Fee (D.C. Bar: 494016)
Jordana S. Rubel (D.C. Bar: 988423)
Morgan, Lewis & Bockius LLP
1111 Pennsylvania Ave., N.W.
Washington, D.C. 20004
Telephone: 202.739.5215
Email: mclayton@morganlewis.com
       jkfee@morganlewis.com
       jrubel@morganlewis.com

*Counsel For American Society For Testing And Materials
d/b/a/ ASTM International*

/s/ Anjan Choudhury

Anjan Choudhury (D.C. Bar: 497271)
Munger, Tolles & Olson LLP
355 South Grand Avenue, 35th Floor
Los Angeles, CA  90071
Tel: 213.683.9100
Email:  Anjan.Choudhury@mto.com

Kelly M. Klaus
Jonathan H. Blavin
Michael J. Mongan
Munger, Tolles & Olson LLP
560 Mission St., 27th Floor
San Francisco, CA 94105
Tel:  415.512.4000
Email: Kelly.Klaus@mto.com
       Jonathan.Blavin@mto.com
       Michael.Mongan@mto.com

*Counsel for National Fire Protection Association, Inc.*

/s/ Joseph R. Wetzel

Jeffrey S. Bucholtz (D.C. Bar: 452385)
King & Spalding LLP
1700 Pennsylvania Avenue, NW, Ste. 200
Washington, DC 20006-4707

15

Tel: 202.737.0500
Email: jbucholtz@kslaw.com

Kenneth L. Steinthal
Joseph R. Wetzel
King & Spalding LLP
101 Second Street, Ste. 2300
San Francisco, CA 94105
Tel: 415.318.1211
Email: ksteinthal@kslaw.com
      jwetzel@kslaw.com

*Counsel for American Society of Heating, Refrigerating,
and Air Conditioning Engineers*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing Motion for Protective Order was served this 7th day of July, 2014 via CM/ECF upon the following:


Counsel for Public.Resource.Org, Inc.:

Andrew Bridges

Kathleen Lu

David Halperin

Mitchell L. Stoltz

Corynne McSherry

Joseph Gratz

Mark Lemley


                                   /s/ Jordana Rubel
                                  Jordana Rubel