# Exhibit B

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| AMERICAN SOCIETY FOR TESTING AND MATERIALS d/b/a/ ASTM INTERNATIONAL; <br><br> NATIONAL FIRE PROTECTION ASSOCIATION, INC.; and <br><br> AMERICAN SOCIETY OF HEATING, REFRIGERATING, AND AIR CONDITIONING ENGINEERS, <br><br>         Plaintiffs/ <br>         Counter-Defendants, <br><br> v. <br><br> PUBLIC.RESOURCE.ORG, INC., <br><br>         Defendant/ <br>         Counter-Plaintiff. | Case No. 1:13-cv-01215-TSC |

**DECLARATION OF JORDANA S. RUBEL**
**IN SUPPORT OF PLAINTIFFS' MOTION FOR PROTECTIVE ORDER**

I, Jordana S. Rubel, declare as follows:

1. I am an attorney at the law firm of Morgan, Lewis & Bockius LLP. I serve as counsel for Plaintiff American Society for Testing and Materials ("ASTM") in this action. I am a member in good standing of the bar of this Court. The matters set forth herein are based upon my own personal knowledge, and if called upon to do so, I could and would testify competently thereto.

2. Attached hereto as Exhibit 1 is a true and correct copy of "Defendant-Counterclaimant Public.Resource.Org., Inc.'s First Set of Requests for Production of Documents to American Society for Testing and Materials D/B/A ASTM International (Nos. ASTM-1 Through ASTM-18."

3. On behalf of ASTM and the other Plaintiffs in this action, I sent an email to counsel for Defendant Public.Resource.Org ("Public Resource") on April 17, 2014 that attached a draft protective order. A true and correct copy of that email is attached hereto as Exhibit 2. A true and correct copy of the attached draft protective order is attached hereto as Exhibit 3.

4. On April 21, 2014, counsel for all four parties met and conferred about discovery issues by telephone. The parties discussed the draft protective order during this call. Counsel for Public Resource expressed concerns about some provisions of the draft protective order and stated that they would propose certain modifications to the draft.

5. During the April 21, 2014 call, counsel for Public Resource proposed that the protective order draft be modified to allow Carl Malamud, the president and founder of Public Resource, to access "Highly Confidential – Attorneys' Eyes Only" documents. Counsel for Plaintiffs agreed to consider this proposal. On April 24, 2014, counsel for NFPA emailed counsel for Public Resource on behalf of all Plaintiffs and explained that Plaintiffs did not agree to this modification. A true and correct copy of that email is attached hereto as Exhibit 4.

6. On May 2, 2014, counsel for Public Resource sent a letter to counsel for Plaintiffs that addressed, among other things, the draft protective order. A true and correct copy of that letter is attached hereto as Exhibit 5. The letter attached a redlined version of the draft protective order reflecting changes proposed by Public Resource. A true and correct copy of that redlined version of the draft is attached hereto as Exhibit 6.

7. Counsel for all of the parties met and conferred on the protective order issue again during a telephone conference on May 7, 2014. One of the issues discussed on that call was Public Resource's proposal that, for each confidentiality designation, the designating party must prepare a statement explaining why such designation is warranted. Counsel for Plaintiffs asked

that Public Resource's counsel provide examples of past protective orders that included this requirement. To date, Public Resource's counsel have not identified any such examples.

8. The Plaintiffs individually responded to Public Resource's May 2 proposals in letters sent on May 23, 2014. Plaintiffs noted that the parties appeared to be at an impasse on several important issues, and expressed their desire to bring this matter to the Court's attention.

9. Attached hereto as Exhibit 7 is a true and correct copy of the letter sent by counsel for ASTM on May 23, 2014 addressing, among other things, Public Resource's proposed revisions to the draft protective order.

10. Attached hereto as Exhibit 8 is a true and correct copy of the letter sent by counsel for Plaintiff National Fire Protection Association, Inc. ("NFPA") on May 23, 2014 addressing, among other things, Public Resource's proposed revisions to the draft protective order.

11. Attached hereto as Exhibit 9 is a true and correct copy of the letter sent by counsel for American Society of Heating, Refrigerating, and Air Conditioning Engineers ("ASHRAE") on May 23, 2014 addressing, among other things, Public Resource's proposed revisions to the draft protective order.

12. On June 11, 2014, I emailed counsel for Public Resource on behalf of Plaintiffs, and requested that Public Resource clarify its position on the issues on which the parties were at an impasse in order to allow Plaintiffs to describe Public Resource's position to the Court accurately. A true and correct copy of that email is attached hereto as Exhibit 10.

13. I attached to my June 11, 2014 email a redlined draft of the draft protective order that reflected certain changes Public Resource had proposed to which Plaintiffs are amenable. A true and correct copy of that draft is attached hereto as Exhibit 11.

14. Counsel for Public Resource responded by email on June 18, 2014. A true and correct copy of that email is attached hereto as Exhibit 12.

15. I am familiar with Public Resource and its founder and President, Carl Malamud.

16. Public Resource offers itself as an alternative source through which members of the public can print and make derivative works based on Plaintiffs' standards. These activities place Public Resource in direct competition with Plaintiffs.

17. I am aware that Mr. Malamud speaks and writes about issues relating to this litigation frequently, including in testimony to Congress, interviews with the media, on videos that he posts on the Internet, and through Twitter.

18. Attached hereto as Exhibit 13 is a true and correct copy of Mr. Malamud's prepared testimony before a January 14, 2014 hearing of the House Subcommittee on Courts, Intellectual Property, and the Internet. I caused this document to be downloaded from the docs.house.gov website.

19. Attached hereto as Exhibit 14 is a true and correct copy of an article in the June 2014 edition of the ABA Journal, in which Mr. Malamud is interviewed about this litigation.

20. Examples of videos featuring Mr. Malamud discussing issues relating to this litigation are available at https://law.resource.org.

21. Attached hereto as Exhibit 15 is a true and correct copy of a screenshot of a Tweet from the @carlmalamud Twitter account on May 26, 2014 that describes the ABA Journal article in which Mr. Malamud was interviewed. I caused this screenshot to be made from the website https://twitter.com/carlmalamud.

22. Attached hereto as Exhibit 16 is a true and correct copy of a screenshot of Tweets from the @carlmalamud Twitter account on May 2, 2014 that accuse "the standardization

zealots" of trying to "own the knowledge." I caused this screenshot to be made from the website https://twitter.com/carlmalamud.

23. Attached hereto as Exhibit 17 is a true and correct copy of a screenshot of Tweets from the @carlmalamud Twitter account on April 16, 2014 that discuss the practices of Plaintiffs NFPA and ASTM with respect to issuing errata. I caused this screenshot to be made from the website https://twitter.com/carlmalamud.

24. Attached hereto as Exhibit 18 is a true and correct copy of a screenshot of a Tweet from the @carlmalamud Twitter account on April 2, 2014 that advertises that "50 more ASTM standards" posted on the law.resource.org website "now have SVG graphics." I caused this screenshot to be made from the website https://twitter.com/carlmalamud.

25. Attached hereto as Exhibit 19 is a true and correct copy of a July 30, 2013 letter from Carl Malamud to the leaders of the Georgia legislature refusing to remove the Official Code of Georgia Annotated from the Public Resource website. I caused this letter to be downloaded from law.resource.org.

26. Attached hereto as Exhibit 20 is a true and correct copy of a July 15, 2013 letter from Carl Malamud to the leaders of the Idaho legislature refusing to remove the Idaho Code from the Public Resource website. I caused this letter to be downloaded from law.resource.org.

27. Attached hereto as Exhibit 21 is a true and correct copy of an October 11, 2013 letter from Carl Malamud to the Special Assistant Attorney General of Mississippi refusing to remove an annotated version of the Mississippi Code from the Public Resource website. I caused this letter to be downloaded from law.resource.org.

28. Attached hereto as Exhibit 22 is a true and correct copy of a June 14, 2013 letter from Carl Malamud to the Dean of the Harvard Law School regarding the "Bluebook: A

Uniform System of Citation ®". This letter takes the position that "[a] strong legal argument can be made that the Bluebook®, by being required in the rules of numerous courts, has become an edict of government" that is not entitled to copyright protection. I caused this letter to be downloaded from law.resource.org.

29. Attached hereto as Exhibit 23 is a true and correct copy of a printout of the webpage at https://law.resource.org/index.law.gov.html, which I caused to be made.

30. Attached hereto as Exhibit 24 is a true and correct copy of a June 11, 2008 article about Mr. Malamud in Commons Magazine. The article states that Mr. Malamud "also has ambitions to liberate other bodies of legal information – congressional hearings, the U.S. Code, the Federal Register, bankruptcy cases, and much else." It quotes Mr. Malamud as saying "Eventually, the judicial branch needs to get itself together." I caused this letter to be downloaded from law.resource.org.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on July 3, 2014                     /s/ Jordana Rubel
                                             Jordana S. Rubel