# Exhibit 9

# King & Spalding

King & Spalding LLP
101 Second Street
Suite 2300
San Francisco, CA  94105
Tel:  +1 415 318 1200
Fax:  +1 415 318 1300
www.kslaw.com

Andrew Zee
Associate
Direct Dial:  +1 415 318 1222
Direct Fax:  +1 415 318 1300
azee@kslaw.com

May 23, 2014


Andrew P. Bridges, Esq.
Fenwick & West LLP
555 California Street, 12th Floor
San Francisco, CA 94104
abridges@fenwick.com


*Via Email*

RE:    *ASTM, et al. v. Public.Resource.Org Discovery Responses*



Dear Mr. Bridges:

This letter is in response to your letter dated May 2, 2014, which raises various issues with the discovery responses of the American Society of Heating, Refrigerating and Air-Conditioning Engineers ("ASHRAE"), which were discussed during our telephone conference on May 7, 2014.  ASHRAE shares Public Resource's objective of obtaining an amicable resolution of these issues, and looks forward to working cooperatively with Public Resource toward that end.

**2004 and 2007 Editions of Standards 90.1**

As I noted during our call, ASHRAE is willing to provide certain documents related to the 2004 and 2007 editions of Standard 90.1, in addition to documents related to the 2010 edition, that are responsive to Public Resource's discovery requests.  The categories for which ASHRAE will conduct searches and produce any responsive documents for the 2004 and 2007 editions are those described in ASHRAE's responses to RFP Nos. 2, 3, 4, 6, 7, 10, 11, 12, 14, and 15.

**1993 ASHRAE Handbook**

As explained on the conference call, the 1993 ASHRAE Handbook ("Handbook") is not a "Standard" as that term is defined throughout Public Resource's discovery requests.  In

Andrew P. Bridges
May 23, 2014
Page 2

addition, the term "Standards Process," as written, does not apply to the Handbook because that term applies only to the "development, [etc.]" of a "standard." In response to the concerns articulated in Public Resource's letter, ASHRAE intends to collect and produce documents related to the Handbook in response to RFP Nos. 1, 2, and 18.

**Public Resource's Definition of "Contribution"**

We continue to believe that the term "contribution," as defined in Public Resource's discovery requests is dramatically overbroad and that collecting and searching for responsive documents where that term is used in a request would impose a staggering burden on ASHRAE. For instance, RFP No. 4 would require ASHRAE to identify any "expenditure of time" that any individual or entity—which would number well into the hundreds if not thousands—undertook in the entire development of Standard 90.1 across multiple cycles in multiple years. By any account, this is an enormous volume of material, and ASHRAE does not agree that Public Resource needs all of this material in order to litigate the claims and defenses in this action. The limitation that Public Resource proposed in the May 2 letter—purporting to limit "contributions" to those "provided toward a project or goal regarding a specific standard at issue" does not meaningfully reduce the breadth or burden associated with this definition.

If, after receiving and reviewing ASHRAE's production of documents, Public Resource continues to believe that it lacks adequate material to defend this case, ASHRAE is willing to consider tailored requests for additional information. ASHRAE is not, however, willing to agree to the overbroad definition of "contribution" that Public Resource has proposed.

**Form Agreements and Licenses**

In response to RFP No. 6, ASHRAE agreed to produce the form copyright release agreements entered into by Standard 90.1 Project Committee members, as well as the form agreements entered into by individuals who submitted either change proposals or public comments in response to proposed revisions or public drafts of Standard 90.1. ASHRAE believes that producing executed copies of these agreements, as Public Resource apparently insists upon, is cumulative, overbroad, and needlessly burdensome. The form agreements that ASHRAE has committed to produce, coupled with the names of Project Committee members, change proposal submitters, or public commenters (all of which will be produced in response to RFP Nos. 4 and 6), are more than sufficient to allow Public Resource to identify the individuals who entered copyright release agreements with ASHRAE, as well as the terms of those agreements.

RFP No. 18 requests "[a]ll documents constituting, comprising, or concerning licenses with respect to any Work-At-Issue." In response, ASHRAE has agreed to provide form personal-use and network-use license agreements, which set forth the terms of use for purchasers of Standard 90.1. Additionally, in response to RFP No. 18, ASHRAE agreed to provide representative samples of permissions or licenses provided to third parties, as well as ASHRAE's agreements with licensed distributors of Standard 90.1 that are currently in force. ASHRAE will also agree to search for and produce any representative samples of third-party permissions for the

Andrew P. Bridges
May 23, 2014
Page 3

Handbook.  To the extent that Public Resource seeks each and every instance of an individual purchaser's assent to the terms of these agreements or every instance of a third-party license or permission grant, ASHRAE maintains that searching for and producing all such documents would be unduly burdensome, and cannot be justified when measured against the lack of relevance of such duplicative documents to Public Resource's claims or defenses.  Accordingly, ASHRAE will not produce additional documents in response to this request.

**RFP No. 5**

Public Resource requests documents "sufficient to identify every Legal Authority that incorporates each Work-At-Issue, either expressly or by reference."  As set forth in ASHRAE's response to Interrogatory No. 2, ASHRAE does not internally catalog or track every statute or regulation into which its standards are incorporated by reference.  ASHRAE relies on information provided in publicly available databases maintained by the National Institute of Standards and Technology and the Building Codes Assistance Project.  Accordingly, ASHRAE does not possess documents that would satisfy this request.  Public Resource may access the referenced databases ASHRAE relies upon via the websites provided in the response to Interrogatory No. 2.

**RFP No. 7**

In response to your concerns and as indicated on our telephone conference, ASHRAE is willing to conduct a reasonably diligent search for and to produce non-privileged written correspondence—both official and unofficial—between ASHRAE and government officials requesting consideration for incorporation of Standard 90.1.  ASHRAE's search will not be limited to the 2010 edition of Standard 90.1 but will extend to written correspondence regarding incorporation of the 2004 and 2007 editions.

**RFP Nos. 8 and 9**

Public Resource requests all documents "regarding Carl Malamud" and "regarding Public Resource or its representatives."  ASHRAE believes that these documents would be of minimal, if any, relevance to the claims and defenses asserted in this action, principally because any statements by ASHRAE and its personnel about Mr. Malamud or his organization have no bearing on the copyright and trademark infringements by Public Resource that are at the center of this case.  On the other hand, any Public Resource documents regarding or referring to ASHRAE are far more likely to lead to admissible evidence because it was Public Resource's infringement of ASHRAE's standards, among others', that are the basis of the claims in this litigation.

Despite these concerns and in an effort to compromise, ASHRAE is willing to conduct a reasonably diligent search for documents that reference Carl Malamud or Public Resource from the files of a select few ASHRAE custodians, subject to the following condition:  ASHRAE will exclude from its production, and will not create a privilege log for, documents related to this lawsuit or to the possibility of legal action against Mr. Malamud or Public Resource.  Doing so

Andrew P. Bridges
May 23, 2014
Page 4

will eliminate the needlessly burdensome task of collecting, reviewing, and logging documents that would almost certainly be protected by the attorney-client or work-product privileges.

**RFP No. 12**

This request seeks all documents "concerning any Contributions You have received from any government entity in connection with the Standards Process of each Work-At-Issue." As indicated above, ASHRAE is willing to produce non-privileged documents related to the 2004 and 2007 editions of Standard 90.1. Public Resource expressed a concern in its letter that ASHRAE's response was limited to technical reports from the Pacific Northwest National Laboratory ("PNNL"), and suggested that ASHRAE admit that PNNL "is the only government entity that contributed to any edition of the standards that ASHRAE intends to assert in this litigation." ASHRAE does not admit that PNNL is the only government entity that "contributed"—as Public Resource defines that term—to the copyrighted works identified on Exhibit C to the Complaint. In light of the overbreadth of Public Resource's definition of "contribution," and ASHRAE's objection to that definition in its responses, ASHRAE's response does not purport to identify *all* "contributions" from government entities to the standards development process for Standard 90.1. As indicated on our conference call, ASHRAE's production in response to RFP No. 4 will show contributions from government entities in the form of any committee memberships, meeting minutes, change proposals, and public comments for the 2004, 2007, and 2010 editions of Standard 90.1.

**RFP No. 13**

This request seeks all documents "concerning Contributions You have received from any not-for-profit entity (other than a governmental entity) in connection with the Standards Process of each Work-At-Issue." Whether a participant in ASHRAE's standards development process is affiliated with a "not-for-profit entity" is not information tracked by ASHRAE. ASHRAE does intend to produce documents showing any affiliation of an individual participant—whether a committee member, change proposer, or public commenter—if that information has been provided to ASHRAE. As noted in ASHRAE's response to this request, Public Resource may investigate and determine the affiliated entity's not-for-profit status based on that information, and other publicly available information, just as easily as ASHRAE would be able to do so.

**RFP No. 16**

ASHRAE maintains its objections to this request for "[a]ll documents constituting, comprising, or concerning communications criticizing Your claims, statements, arguments, or positions in this dispute or litigation." We are skeptical that this request would ultimately produce documents relevant to the claims or defenses in the case. The request appears instead to target statements by ASHRAE personnel that might be perceived as embarrassing or inopportune, but that lack any bearing on the issues in the case. Moreover, collecting potentially responsive documents would be particularly burdensome and difficult in light of the vagueness and ambiguity inherent in the term "criticizing." Finally, to the extent that ASHRAE has any responsive documents, they are likely to have been issued by members of the media or other

Andrew P. Bridges
May 23, 2014
Page 5

public commentators, and all such documents would be equally—if not more easily—available to Public Resource.

**RFP No. 17**

This request seeks all documents "consisting, comprising, or concerning communications by You regarding this dispute or litigation." As discussed on the call, the overwhelming majority of information responsive to this request would be communications with counsel and therefore protected by either the attorney-client or work-product privileges. However, in response to Public Resource's concerns, and subject to Public Resource's agreement to our proposal above regarding RFP Nos. 8 and 9, ASHRAE is willing to expand its response to this request. Specifically, ASHRAE can agree to conduct a reasonable search of the files of the custodians identified for RFP Nos. 8 and 9 for written communications with media representatives and other public-facing communications regarding this litigation.

**Interrogatory No. 2**

As explained above regarding RFP No. 5, ASHRAE does not maintain in internal database of statutes or regulations into which its standards have been incorporated. Thus, Public Resource's assertion that ASHRAE "must know" the legal authorities that have incorporated its standards is simply not true. As indicated above, ASHRAE presently relies upon publicly available databases for such information, and, to the extent that incorporation information is not already known to it, Public Resource may access those databases for information regarding the incorporation status of ASHRAE's standards. In any event, ASHRAE has not disputed that Standard 90.1 has been incorporated by reference into many jurisdictions' statutes or regulations, for instance, the Energy Policy Act of 1992.

**Interrogatory Nos. 3 and 5**

Public Resource requested that ASHRAE, in response to these interrogatories, provide responses pursuant to Federal Rule of Civil Procedure 33(d). As indicated on our call, ASHRAE is willing to do so and refers Public Resource to the Standard 90.1 Project Committee membership rosters, meeting minutes, list of change proposals, and list of public comments received, which will be produced to Public Resource. From these records, Public Resource may ascertain the identities and involvement of individuals who participated in the development process for Standard 90.1.

**Interrogatory No. 4**

This interrogatory asks ASHRAE to "[i]dentify all communications in which You, or anyone acting on Your behalf, Promoted the incorporation of any Standard, in whole or in part, either expressly or by reference, in any Legal Authority." Your letter contends that ASHRAE's response to this interrogatory is deficient because it does not identify specific communications or agree to provide documents identifying such communications. ASHRAE is willing to modify its response by referring Public Resource to documents to be produced in response to RFP No. 7.

Andrew P. Bridges
May 23, 2014
Page 6

Those documents will include all written communications between ASHRAE and government entities requesting incorporation of Standard 90.1.

**Request for Admission**

Public Resource asks ASHRAE to "resolve to make a final determination of which works [it] plan[s] to assert in this action, so as to allow discovery to move forward in an orderly manner." As stated in ASHRAE's response to Public Resource's RFA No. 1, ASHRAE has asserted that its infringement claims are based upon ASHRAE's copyrights in the works identified in Exhibit C to the Complaint. ASHRAE does not presently intend to assert additional infringement claims based on other works, but reserves the right to seek leave to do so as the discovery process continues.

**Public Resource Website Content**

ASHRAE is amenable to Public Resource's proposal that Plaintiffs review Public Resource's website and request Bates-stamped versions of particular pages of the website, if Public Resource can agree to the same arrangement. That is, where Public Resource's requests to ASHRAE call for website pages or other information that is made publicly available by ASHRAE, Public Resource will agree to review these materials and request Bates-stamped versions of specified documents from ASHRAE.

**Privilege Logs**

Like Public Resource, ASHRAE does not want to expend unnecessary time and labor logging privileged communications that post-date the filing of the Complaint in this matter. However, as ASHRAE additionally has in its possession a substantial number of privileged documents and communications that pre-date the filing of the Complaint, ASHRAE proposes that the cut-off for logging communications with counsel be extended to January 1, 2013.

**Custodians, Search Terms, and Document Production**

ASHRAE appreciates the search terms that Public Resource proposed in its letter. However, given the issues that remain to be resolved regarding the parties' respective document requests and responses, ASHRAE believes that any discussion of the parties' proposed search protocols would be more productive once the parties have finalized their respective positions. At that stage, ASHRAE will be in better position to formulate and propose appropriate search terms and custodians. ASHRAE is willing to provide an organizational chart to Public Resource at that time.

**Protective Order**

ASHRAE does not believe that a single tier of protected information is warranted or appropriate in this case, and does not agree to the additional burdens that Public Resource's version of the protective order would place on the desgnating party. Specifically, ASHRAE objects to the requirement that the designating party must provide a written justification for each

Andrew P. Bridges
May 23, 2014
Page 7

of its designations, and to the requirement that the designating party—as opposed to the receiving party—must move the Court for continued protection within 14 days of any challenge by the receiving party.  Given the apparent impasse that has been reached with respect to Plaintiffs' and Public Resource's competing versions of the protective order, please confirm that the parties can submit this issue to the Court's attention.

To the extent you believe that this letter misstates any of Public Resource's positions, or mischaracterizes our telephone conference of May 7, 2014, please let us know in writing.  If you would otherwise like to discuss any of the above, please do not hesitate to contact me.  ASHRAE looks forward to hearing from Public Resource regarding its positions in response to Plaintiffs' discovery requests.

Very truly yours,

Andrew Zee

cc:     Corynne McSherry
        Mitch Stoltz
        David Halperin
        Joseph Gratz
        Mark Lemley
        Kathleen Lu
        Matthew Becker
        Kelly M. Klaus
        Jonathan H. Blavin
        Michael J. Mongan
        Anjan Choudhury
        Michael Clayton
        J. Kevin Fee
        Jordana S. Rubel
        Kenneth L. Steinthal
        Joseph R. Wetzel
        Jeffrey S. Bucholtz