# Exhibit 12

| | |
|---|---|
| **From:** | Kathleen Lu [klu@fenwick.com] |
| **Sent:** | Wednesday, June 18, 2014 5:02 PM |
| **To:** | 'Rubel, Jordana S.' |
| **Cc:** | Matthew Becker; Andrew Bridges; 'corynne@eff.org'; 'mitch@eff.org'; 'davidhalperindc@gmail.com'; 'jgratz@durietangri.com'; 'mlemley@durietangri.com'; 'Fee, J. Kevin'; 'Clayton, Michael F.'; 'jbucholtz@kslaw.com'; 'jwetzel@kslaw.com'; 'ksteinthal@kslaw.com'; 'azee@kslaw.com'; Klaus, Kelly; Blavin, Jonathan; Mongan, Michael |
| **Subject:** | RE: ASTM et al. v. Public.Resource.Org - protective order |

Counsel,

After reviewing your email and further edits, our understanding is as follows.

The parties are unable to agree on the following points:

1) Whether Mr. Malamud should be able to view all documents produced in this case, including any Highly Confidential category.

    Mr. Malamud is an expert in this area and must be able to view all documents, regardless of the name of the designation category.  He is of course willing to sign onto Exhibit A.  Public Resource is otherwise flexible as to whether there are two tiers, or whether persons other than Mr. Malamud, such as Plaintiffs' CEOs, may view a Highly Confidential category.

2) The procedure for challenging a confidentiality designation – whether the designating party or the receiving party should have to bring the motion and within what time frame.

    Public Resource is flexible as to the exact number of days a designating party would have to file a motion (e.g., using 21 days, 30 days, or some other agreeable number) but believe there should be a set period.  Our understanding of Plaintiffs' position is that the exact number of days is not the main point of disagreement on this provision.

3) Whether documents designated confidential should be accompanied by a statement of which facts or elements are confidential and why the designation is warranted.

    It appears from your email redline that Plaintiffs disagree with including such a provision.


As to new Paragraph 7, while Public Resource is open to a provision regarding properly labeled documents, the language you propose is too vague.  Unlike bates-stamped documents, non-confidential "information" could come from many sources, and there would be nothing attached to the information to label where it is coming from.  Furthermore, information regarding the litigation itself, such as pleadings, etc., will be part of the public record.  Thus, we believe that preparation for and conduct of this litigation includes public discourse on whether this litigation is appropriate, what the proper outcome should be, and what federal law is or should be in light of this litigation, including any such discourse after the conclusion of this litigation.  Public Resource is willing to agree that bates-stamped documents produced by Plaintiffs, even if not designated Confidential or Highly Confidential, will only be used for this litigation.  But if a such a document becomes part of the public record, such as an exhibit to a brief, Public Resource will in no way censor that document.
Please let us know if such a provision would be acceptable to Plaintiffs.

Regards,

Kathleen Lu
Fenwick & West LLP
+1 (415) 875-2434

---

**From:** Kathleen Lu
**Sent:** Tuesday, June 17, 2014 8:48 AM
**To:** Rubel, Jordana S.
**Cc:** Matthew Becker; Andrew Bridges; 'corynne@eff.org'; 'mitch@eff.org'; 'davidhalperindc@gmail.com'; 'jgratz@durietangri.com'; 'mlemley@durietangri.com'; Fee, J. Kevin; Clayton, Michael F.; 'jbucholtz@kslaw.com'; 'jwetzel@kslaw.com'; 'ksteinthal@kslaw.com'; 'azee@kslaw.com'; Klaus, Kelly; Blavin, Jonathan; 'Mongan, Michael'
**Subject:** Re: ASTM et al. v. Public.Resource.Org - protective order

Jordana, we are discussing with our client and will get back to you soon.

Kathleen Lu


"Rubel, Jordana S." <jrubel@morganlewis.com> wrote:

We continue to await your response to our email below.  Please confirm receipt and let us know your position at your earliest convenience.

Thanks,
Jordana

**Jordana S. Rubel**
**Morgan, Lewis & Bockius LLP**
1111 Pennsylvania Avenue, NW | Washington, DC 20004-2541
Direct: +1 202.739.5118 | Main: 202.739.3000 | Fax: 202.739.3001
jrubel@morganlewis.com | www.morganlewis.com
Assistant: Margaret C. Young | +1 202.739.5493 | myoung@morganlewis.com

---

**From:** Rubel, Jordana S.
**Sent:** Wednesday, June 11, 2014 4:55 PM
**To:** 'Matthew Becker'; Andrew Bridges; 'corynne@eff.org'; Kathleen Lu; 'mitch@eff.org'; 'davidhalperindc@gmail.com'; 'jgratz@durietangri.com'; 'mlemley@durietangri.com'
**Cc:** Fee, J. Kevin; Clayton, Michael F.; 'jbucholtz@kslaw.com'; 'jwetzel@kslaw.com'; 'ksteinthal@kslaw.com'; 'azee@kslaw.com'; Klaus, Kelly; Blavin, Jonathan; 'Mongan, Michael'
**Subject:** RE: ASTM et al. v. Public.Resource.Org - protective order

Counsel,

We attach a revised version of our proposed protective order that shows the changes we've made to the original document we circulated.  You will see that we have accepted your proposal regarding the procedures for filing documents under seal (in Paragraph 2 of the attached) but we have rejected the remainder of your proposed changes.

Because we believe that the parties are at an impasse, we plan to file a motion with the court requesting that it enter our proposed order and explaining the issues on which the parties have been unable to agree.  As far as we understand, there are at least two issues on which the parties have been unable to reach an agreement:

1) whether there should be an attorneys' eyes only category; and

2) the procedure for challenging a confidentiality designation – whether the designating party or the receiving party should have to bring the motion and within what time frame.

There are two additional issues on which we'd like you to clarify your position:

- Your May 23 letter did not mention your previous request that all documents designated as confidential be accompanied by a statement explaining which specific facts or elements within the designated material is confidential, and explaining why such designation is warranted. Please let us know if you continue to maintain that this should be required.

- We have added a new provision (Paragraph 7 in the attached) to our proposed protective order that restricts the parties' ability to use documents produced in the context of the litigation for any purpose other than litigating the case. Please let us know whether you agree to this provision.

We look forward to your prompt response.

Thank You,
Jordana


**Jordana S. Rubel**
**Morgan, Lewis & Bockius LLP**
1111 Pennsylvania Avenue, NW | Washington, DC 20004-2541
Direct: +1 202.739.5118 | Main: 202.739.3000 | Fax: 202.739.3001
jrubel@morganlewis.com | www.morganlewis.com
Assistant: Margaret C. Young | +1 202.739.5493 | myoung@morganlewis.com

---

**From:** Matthew Becker [mailto:mbecker@fenwick.com]
**Sent:** Friday, May 23, 2014 11:55 PM
**To:** 'Mongan, Michael'
**Cc:** 'corynne@eff.org'; Kathleen Lu; 'mitch@eff.org'; 'davidhalperindc@gmail.com'; 'jgratz@durietangri.com'; 'mlemley@durietangri.com'; Rubel, Jordana S.; Fee, J. Kevin; Clayton, Michael F.; 'jbucholtz@kslaw.com'; 'jwetzel@kslaw.com'; 'ksteinthal@kslaw.com'; 'azee@kslaw.com'; Klaus, Kelly; Blavin, Jonathan; Andrew Bridges
**Subject:** RE: ASTM et al. v. Public.Resource.Org Discovery Letter and Protective Order

Counsel,

Attached, please find Public Resource's letter in response to our teleconference on May 7th.

Have an enjoyable holiday weekend,
Matt

---

**From:** Mongan, Michael [mailto:michael.mongan@mto.com]
**Sent:** Friday, May 23, 2014 5:49 PM
**To:** Andrew Bridges
**Cc:** 'corynne@eff.org'; Kathleen Lu; 'mitch@eff.org'; 'davidhalperindc@gmail.com'; 'jgratz@durietangri.com'; 'mlemley@durietangri.com'; Matthew Becker; 'jrubel@morganlewis.com'; 'jkfee@morganlewis.com'; 'mclayton@morganlewis.com'; 'jbucholtz@kslaw.com'; 'jwetzel@kslaw.com'; 'ksteinthal@kslaw.com'; 'azee@kslaw.com'; Klaus, Kelly; Blavin, Jonathan
**Subject:** RE: ASTM et al. v. Public.Resource.Org Discovery Letter and Protective Order

Counsel:

Attached, please find a letter in response to your May 2 letter. I hope you all have a pleasant holiday weekend.

Best,
Mike

---

**From:** Matthew Becker [mailto:mbecker@fenwick.com]
**Sent:** Friday, May 02, 2014 6:49 PM
**To:** 'jrubel@morganlewis.com'; Mongan, Michael; 'jkfee@morganlewis.com'; 'mclayton@morganlewis.com'; 'jbucholtz@kslaw.com'; 'jwetzel@kslaw.com'; 'ksteinthal@kslaw.com'; 'azee@kslaw.com'; Klaus, Kelly; Blavin, Jonathan; Choudhury, Anjan
**Cc:** 'corynne@eff.org'; Andrew Bridges; Kathleen Lu; 'mitch@eff.org'; 'davidhalperindc@gmail.com'; 'jgratz@durietangri.com'; 'mlemley@durietangri.com'
**Subject:** ASTM et al. v. Public.Resource.Org Discovery Letter and Protective Order

Counsel,

Please find attached to this email a discovery letter, draft protective order, and redline of the draft protective order for the ASTM et al. v. Public.Resource.Org matter.

Thank you,



**MATTHEW BECKER**
Fenwick & West LLP
Associate, Litigation Group
☎ (650) 335-7930
🖨 (650) 938-5200
✉ mbecker@fenwick.com

---------------------------------------------
IRS Circular 230  Disclosure:  To ensure compliance with requirements imposed by the IRS, we inform you that any U.S. federal tax advice in this communication (including attachments) is not intended or written by Fenwick & West LLP to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing, or recommending to another party any transaction or matter addressed herein.
---------------------------------------------
ATTENTION:
The information contained in this message may be legally privileged and confidential.  It is intended to be read only by the individual or entity to whom it is addressed or by their designee. If the reader of this message is not the intended recipient, you are on notice that any distribution of this message, in any form, is strictly prohibited.

If you have received this message in error, please immediately notify the sender and/or Fenwick & West LLP by telephone at (650) 988-8500 and delete or destroy any copy of this message.

DISCLAIMER
This e-mail message is intended only for the personal use
of the recipient(s) named above. This message may be an
attorney-client communication and as such privileged and
confidential and/or it may include attorney work product.
If you are not an intended recipient, you may not review,
copy or distribute this message. If you have received this
communication in error, please notify us immediately by
e-mail and delete the original message.