# Exhibit 22



**PUBLIC.RESOURCE.ORG** ~ *A Nonprofit Corporation*

## Public Works for a Better Government

June 14, 2013

Dean Martha L. Minow and Select Members of the Faculty
Erwin Griswold Hall, Suite 200
Harvard Law School
1563 Massachusetts Avenue
Cambridge, MA 02138

Dear Dean Minow and Select Members of the Harvard Law School Faculty:

The Harvard Law School is one of the four sponsoring institutions of the Bluebook: A Uniform System of Citation®. The system of citation is owned by four law reviews. The Harvard Law Review Association, the Columbia Law Review Association, and the Yale Law Journal Company are all nonprofit corporations and the University of Pennsylvania Law Review is an operating unit of the University of Pennsylvania. The 19th Edition costs $26–$34 in bookstores and an online subscription costs $32 for 1 year and $50 for 3 years.

It is unclear from the Form 990s submitted by the sponsoring organizations exactly how lucrative the Bluebook® is. A call to the Harvard Law Review to find out how much money is made led to a flat refusal to discuss the matter by Mr. Denis O'Brien, Circulation and Financial Director, who stated that the Bluebook® was a commercial operation and was legally separate from the Law Review and that he would not disclose that information. Email to the other organizations was not answered. Yet, despite (or perhaps because of) these revenue streams, any reuse of the rules of citation is heavily discouraged by claims of copyright and stringent terms of use, even for nonprofit or academic uses. I am therefore bringing this matter to your attention.

It would be fair to say that the Bluebook® is required for every law student and law library in the country. In addition, the Bluebook® is explicitly required by the rules of many courts including the U.S. Court Of Appeals for the Eleventh Circuit, U.S. Court of Appeals for the Armed Services, U.S. District Court for the District Of Delaware, U.S. District Court for the Eastern District Of North Carolina, U.S. District Court for the Eastern District Of Michigan, U.S. District Court for the District of the Virgin Islands, U.S. District Court for the District Of Guam, U.S. Bankruptcy Court for the District Of Colorado, U.S. Bankruptcy Court for the Middle District Of Florida, U.S. Department of Education Office of Hearings and Appeals, Supreme Court of the State Of Delaware, Florida Supreme Court, Indiana Supreme Court, Montana First Judicial District Court, North Dakota Supreme Court, and the Supreme Court of Washington. It is not an exaggeration to state that the Uniform System of Citation is a rule of these courts and that any lawyer or non-lawyer appearing before these courts ignores the Bluebook® at their peril.

As you know, Public.Resource.Org has worked closely for several years with several members of the Harvard Law School faculty and staff to make edicts of government more generally available. The resources we have made available on the Internet include the opinions of the U.S. Courts of Appeals, dockets from the U.S. District Courts, state statutes, state regulations, municipal codes, building codes, and materials incorporated by reference into the Code of Federal Regulations. In each of these cases, we have faced substantial resistance from entrenched commercial interests who felt that charging for edicts of government was their right.

Making edicts of government available for citizens to read is an essential part of our democratic process. The doctrine of ignorantia juris non excusat is meaningless if access to the text of the law is a matter of access to money, available only to a privileged few. The constitutional doctrines of equal protection and due process are meaningless if payment of a tax is the condition for access to justice.

A strong legal argument can be made that the Bluebook®, by being required in the rules of numerous courts, has become an edict of government. But, most importantly, it is clear that the stringent and unbending copyright restrictions surrounding the Bluebook® are a huge brake on innovation for the legal profession. Those who would build new legal tools that incorporate the mechanics of citation are prohibited from doing so by the terms of use and the lack of response to requests for permission by the current corporate owners of the Bluebook®.

Absolute prohibitions on use for something as basic as the rules of citation are very unusual. In the United Kingdom, the Oxford University Standard for Citation of Legal Authorities (OSCOLA) is freely available under a Creative Commons license. The New Zealand Law Style Guide is freely available on the Internet. The Australian Guide to Legal Citation is freely available on the Internet.

Yet, when Professor Frank Bennett, a professor and talented developer at the Nagoya University Graduate School of Law wished to use rules in the Bluebook® to develop better citation tools, he was met with a series of vague but intimidating legal threats and was compelled to retain the services of Professor Lawrence Lessig to represent him. Even with such an eminent personage as his lawyer, Professor Bennett was not given permission to use this material. The copyright restrictions and lack of responsiveness of the owners has a dramatic chilling effect on innovation.

In the course of our business, Public.Resource.Org purchased a printed copy of the 19th Edition of the Bluebook®. We had the entire text re-keyed and transformed to valid XHTML, including some advanced work in CSS to represent some of the key components. A digital copy of this transformative and derivative work is enclosed on a George Washington USB Thumb Drive for your consideration. Public.Resource.Org is using a CC-Zero License on this work, waiving any rights that we might have. If you or others choose to publish the enclosed work, we would be delighted.

We know that making this transformative work and sending you a copy without prior permission may expose us to legal accusations from those who wish to keep a close guard on their rights to extract rent. We are willing to bear that risk because we believe that once this matter is considered, you will join us in our conviction that enforcing a monopoly over a system of citation in the Internet era is immoral and nonsensical and impedes the advancement of the study and practice of law in our democratic system.

We understand that the issues we bring to your attention are complicated, involving large sums of money and four institutional stakeholders. Further study of the issues would certainly be prudent. One course of action would be to appoint a Blue Ribbon Commission on the Bluebook to cut through the red tape, with an explicit charge to consider a CC–Zero or other Creative Commons license.

I would of course be glad to assist you in such an inquiry, but I think you will find there are many more qualified members on this subject in the legal academy. For example, Judge Richard Posner has spent considerable time studying the question of citation, as has Professor Robert C. Berring, Jr., one of the leading experts on the subject and a former president of the American Association of Law Libraries.

Thanks again for the wonderful work you and the Harvard Law School have been doing with your open access policies and, as always, for the wonderful work of the Berkman Center and the library.

Please don't hesitate to let me know if I can provide any more details on the Bluebook question or can assist you in conducting an inquiry into this important matter.

Sincerely yours,

Carl Malamud
Public.Resource.Org