# Exhibit C

# Joint Stipulation Exhibit A

Lynell D. Davis, Esq., SBN 271152
lynell@perfect10.com
Perfect 10, Inc.
11803 Norfield Court
Los Angeles, CA 90077
P 310.476.0794 | F 310.476.8138

Eric J. Benink, Esq., SBN 187434
eric@kkbs-law.com
Krause Kalfayan Benink & Slavens, LLP
550 West C Street, Suite 530
San Diego, CA 92101
P 619.232.0331 | F 619.232.4019

Attorneys for Plaintiff and Counter-defendant
Perfect 10, Inc.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PERFECT 10, INC., a California corporation,<br><br>    Plaintiff,<br><br>vs.<br><br>GIGANEWS, INC., a Texas corporation; LIVEWIRE SERVICES, INC., a Nevada corporation; and DOES 1 through 100, inclusive,<br><br>    Defendants.<br><br>GIGANEWS, INC., a Texas corporation; LIVEWIRE SERVICES, INC., a Nevada corporation; and DOES 1 through 100, inclusive,<br><br>    Counter-claimants,<br><br>vs.<br><br>PERFECT 10, INC., a California corporation,<br><br>    Counter-defendant. | CASE NO. 2:11-CV-07098-ABC-SH<br><br>**DISCOVERY MATTER**<br>*Before Hon. Stephen J. Hillman*<br><br>**[PROPOSED] PROTECTIVE ORDER**<br><br>Discovery Cut-off: June 30, 2014<br>Pretrial Conference: January 19, 2015<br>Trial Date: January 27, 2015 |

[PROPOSED] PROTECTIVE ORDER

## **PROTECTIVE ORDER**

For good cause the Court HEREBY ORDERS as follows pursuant to Rule 26(c) of the Federal Rules of Civil Procedure:

1. This Protective Order ("Order") shall apply to and govern all depositions, documents produced in response to requests for production of documents, answers to interrogatories, responses to requests for admission, and all other discovery pursuant to the Federal Rules of Civil Procedure or furnished informally by agreement between the parties, as well as testimony adduced at trial and other information hereafter furnished, directly or indirectly, by or on behalf of any party or nonparty in connection with this action which that party or nonparty in good faith believes comprise or reflect proprietary information used by it in, or pertaining to, its business, which is not generally known and which the party would normally not reveal to third parties or would cause third parties to maintain in confidence. This includes, without limitation, trade secrets, financial data, contracts and agreements, current and future business plans, and marketing documents.[1] The term "document" as used in this Order shall have the broadest meaning permissible under the Federal Rules of Civil Procedure and shall include, without limitation, all "writings," "recordings" and "photographs" as defined in rule 1001 of the Federal Rules of Evidence, and any information stored in or through any computer system or other electronic or optical data storage device.

2. Material designated as "Confidential" or "Highly Confidential" pursuant to this Order ("Confidential or Highly Confidential Material") shall be used by any recipients solely for the purpose of conducting this litigation, *Perfect 10, Inc.*

---

[1] This Protective Order does not apply to hearings before the Magistrate Judge or hearings or trial before the District Court. The parties, any party in interest, and/or the witnesses, can move the Court to seal any court proceeding for reasons consistent with this Protective Order.

| | |
|---|---|
| 1 | *v Giganews, Inc.*, CV-11-7098-ABC, and not for any other purpose whatsoever, and |
| 2 | such information shall not be disclosed to anyone except as provided herein. No |
| 3 | expert or consultant shall review or gain access to Confidential or Highly |
| 4 | Confidential Material unless he or she has executed the Notification of Protective |
| 5 | Order and Undertaking (attached as Exhibit A). Receiving parties, experts, and |
| 6 | consultants must store and maintain Confidential or Highly Confidential Material at |
| 7 | a location and in a secure manner that ensures that access is limited to the persons |
| 8 | authorized under this Order. The recipient of any material designated under this |
| 9 | Order shall use its best efforts, but at no time less than reasonable efforts under the |
| 10 | circumstances, to maintain the confidentiality of such information. |

## CONFIDENTIAL DESIGNATION OF MATERIAL

3. Any information or materials produced by any party or nonparty as part of discovery in this action may be designated "Confidential" by such party or nonparty pursuant to Paragraph 4 of this Order.

4. The designation of information or material as "Confidential" for purposes of this Order shall be made in the following manner by the party or nonparty seeking protection:

(a) In the case of documents, exhibits, briefs, memoranda, interrogatory responses, responses to requests for admission, or other materials (apart from depositions or other pretrial or trial testimony): by affixing a plainly visible confidentiality designation legend to: (i) the cover page of such document saying either "Confidential" or "This Document Contains Material Designated as Confidential Pursuant to the Protective Order Entered in this Case"; and (ii) each page containing any confidential information or material; or (iii) physically on the outside of any media for storing electronic documents, at the time such documents are produced or such information is disclosed, or as soon thereafter as the party or nonparty seeking protection becomes aware of the confidential nature of the information or material disclosed and sought to be protected hereunder.

1     (b) In the case of depositions or other pretrial or trial testimony: (i) by a statement on the record, by counsel, during such deposition or other pretrial or trial proceeding that the entire transcript or a portion thereof shall be designated hereunder; or (ii) by written notice of such designation sent by counsel to all parties within ten (10) days after the delivery to counsel of the transcript of the deposition. At or before a deposition, the deponent or his counsel, or any other counsel of record, acting in good faith, may invoke the provisions of this Order in a timely manner, giving adequate warning to counsel for the party or nonparty that testimony about to be given is deemed protected under this Order. The parties may modify this procedure for any particular deposition or proceeding through agreement on the record at such deposition or proceeding or otherwise by written stipulation, without approval of the Court. If any document or information designated under this Order is used during the course of a deposition, that portion of the deposition record reflecting such confidential information shall be sealed and stamped accordingly, and access thereto shall be limited pursuant to the other terms of this Order.

    (c) A party or nonparty furnishing documents and things to another party shall have the option to require that all or batches of documents and things be treated as confidential during inspection and to make its designations of particular documents and things at the time copies of documents and things are produced or furnished.

  5. Information or material designated as "Confidential" under this Order, or copies or extracts thereof, may be disclosed, described, characterized, or otherwise communicated or made available in whole or in part only to the following persons:

    (a) Outside counsel of record in this litigation and staff and supporting personnel of such attorneys, such as paralegals, secretaries, stenographic and clerical employees and contractors; and outside copying, imaging and presentation services (if used), who are working on this litigation under the direction

of such attorneys and to whom it is necessary that the materials be disclosed for the purposes of this litigation.

   (b) In-house counsel for the parties herein who are necessary for the furtherance of this litigation and in-house paralegal;

   (c) One officer of each of the parties;

   (d) Subject to Paragraph 6 and 8 herein, persons who are expressly retained or sought to be retained by a party as consultants or testifying experts, such as accountants, statisticians, economists, industry or technical experts; provided that the disclosure of "Confidential" material to any persons under this subparagraph shall only be to the extent necessary to perform their work on this litigation.

   (e) Subject to Paragraph 8 herein, any other persons who are designated to receive material designated "Confidential" by order of this Court after notice to the parties, or by written stipulation of the parties.

   (f) Subject to Paragraph 7 and Paragraph 8 herein, any person who gives testimony in deposition or trial in this action.

   (g) The Court and Court personnel.

   (h) Subject to Paragraph 8, court reporters, interpreters and videographers employed in connection with this action.

   (i) The parties retain the right to apply to the Court for an order restricting certain individuals from access to certain information. To accomplish this, counsel of a party wishing to restrict access to information shall produce the information (i.e. document) to all counsel for which there is no objection, with a request that the information not be disseminated to other individuals involved in this litigation pending further order of the Court. The moving party shall, thereafter, within seven (7) days, file the information under seal with the Magistrate Judge and identify the person (by name and title) who the moving party objects to seeing the information and why the moving party believes the information should not be received by this person(s). If the Court is inclined to grant the order, it will notify

1  the aggrieved party and invite briefing and/or oral argument before issuing an order.

2       6.    For the purposes of this Order, a consultant shall be restricted to a person who is retained or employed as a bona fide consultant or expert for purposes of this litigation, whether full or part time, by or at the direction of counsel for a party, and who is not retained by, employed by, or otherwise affiliated with any party to this action. The name, business address, curriculum vitae ("CV") and affiliation of each such consultant or testifying expert must be disclosed to the producing party at least five (5) court days (the "Objection Period") prior to such person's review of material designated under this Order. The CV shall contain a list of all present employers/clients as well as all past employers/clients for the 36 months preceding the date of employment in this case. During the Objection Period, counsel for the designating party shall have the opportunity to oppose the proposed disclosure. Any party opposing disclosure shall within such Objection Period provide the other party with a written objection, setting forth in reasonable detail the specific grounds for such opposition. If no written objection is received by 5:00 p.m., Pacific Standard Time, on the fifth day following the date of disclosure of the identity of the proposed consultant or testifying expert, then the party seeking to disclose may do so and failure to object shall constitute waiver of the specific objection. However, after the Objection Period has expired without objection, a party may still move the Magistrate Judge to allow it to object to an expert if it can show: (a) there is new, material information relating to the expert, which was not available to the moving party within the Objection Period; and (b) had the moving party been aware of the information at the time, the moving party would have objected to the expert. In the event that an objection is received, the objecting party shall, within two (2) court days send to the other party by email or facsimile or next business day delivery its portion of a joint stipulation, modeled on the procedure used by this District, to be furnished the Court in connection with any motion regarding the objection. Within three (3) court days of receipt of such portion of the

1  joint stipulation, the party seeking to disclose shall sent its portion of a joint
2  stipulation to the objecting party by email or facsimile or next business day delivery.
3  Within two (2) court days of receipt of both portions of the joint stipulation, the
4  objecting party shall file the joint stipulation, with the Court and both parties shall
5  seek a hearing at the Court's earliest convenience.  In the event such resolution by
6  the Court is necessary, the material at issue shall not be disclosed to the consultant or
7  testifying expert pending resolution of the issue by the Court.

8        7.      Each person set forth in Paragraph 5 to be examined as a witness, may
9  be so  examined at trial or during a deposition concerning any information or
10 material designated under this Order, which that person had lawfully received or
11 authored prior to and apart from this action.  During examination, any such witness
12 may be shown information or material designated under this Order by a party which
13 appears on its face or from other documents or testimony to have been received or
14 authored by that witness from, or communicated to that witness by, that same party
15 provided that the examining party makes a reasonable effort to obtain the
16 compliance of the witness with Paragraph 8.

17       8.      Each person set forth in Paragraph 5 who is not (i) outside counsel to a
18 party to this litigation, or staff directly employed by such outside counsel; or (ii) the
19 Court or Court personnel to whom material designated under this Order is to be
20 disclosed, shall, prior to receiving such material, be furnished with a copy of this
21 Order, a copy of the Court's Notification of Protective Order and Undertaking,
22 which the person shall read and sign (Attached as Exhibit A).  Counsel for the party
23 seeking to disclose material designated under this Order to any such person pursuant
24 to this paragraph shall be responsible for permanently retaining the executed
25 originals of such Notifications.

26       9.      All Confidential or Highly Confidential Material shall be securely
27 maintained in a manner intended to preserve confidentiality.  Access to such material
28 shall be permitted only to those designated persons set forth in Paragraph 5 above as

persons properly having access thereto. The recipient of any material designated under this Order shall use its best efforts, but at no time less than reasonable efforts under the circumstances, to maintain the confidentiality of such information.

10. Nothing contained in this Order shall affect the right of any party to make any objection, claim any privilege, or otherwise contest any request for production of documents, interrogatory, request for admission, subpoena, or question at a deposition or to seek further relief or protective order form the Court as permitted by the Federal Rules of Civil Procedure. Nothing in this Order shall constitute an admission or waiver of any claim or defense by any party.

11. In the event that counsel for any party determines to file or submit to this Court any information or material designated Confidential pursuant to this Order ("Confidential Information"), or any papers containing or making reference to such information (the "Filing Party"), those materials shall be filed under seal, in sealed envelopes on which shall be endorsed the caption of this action and a statement substantially in the following form:

### CONFIDENTIAL

> This envelope contains documents that are subject to an order governing discovery and the use of confidential discovery material entered by the Court in this action. The envelope shall not be opened or the contents thereof displayed or revealed except by Order of the Court. Violation hereof may be regarded as contempt of the Court.

Subject to the Court's convenience and needs, documents filed under seal shall be kept under seal by the Clerk until further Order of the Court.

12. Any documents and information produced by nonparties, pursuant to subpoena or otherwise may be designated pursuant to the terms of this Order by any party or nonparty.

13. A party shall not be obligated to challenge the propriety of material designated under this Order at the time the designation is made and failure to do so

shall not preclude a subsequent challenge thereto. In the event that any party to this litigation disagrees at any state of these proceedings with such designation, such party shall provide to the designating person or entity a letter detailing its objection to the designation. The designating person or entity shall respond by letter within three (3) court days to such letter. If not resolved, the objecting party may file a motion objecting to the designation. In any such motion, the burden of proving that information has been properly designated under this Order is on the person or entity making such designation.

### HIGHLY CONFIDENTIAL DESIGNATION OF MATERIALS

14. The parties may further designate certain material or testimony of a highly confidential and/or proprietary nature as "Highly Confidential," in the manner for confidential designation set forth in Paragraph 4 herein. The "Highly Confidential" designation may be challenged in the manner set forth in Paragraph 13 herein. Materials designated "Highly Confidential" ("Highly Confidential Material") shall be subject to the following protections, which are in addition to those protections applicable to documents designated "Confidential" under this Order. Highly Confidential Material may be accessed, copied, or held by only (i) all counsel of record and necessary support staff working under the lawyers' supervision; (ii) outside consultants and experts who have signed the attached Notification of Protective Order and Undertaking and who qualify for access to the materials in a manner set forth in Paragraph 6 herein; and (iii) one officer of each of the parties who shall also sign the attached Notification of Protective Order and Undertaking, but shall not be disclosed to any other officer, director or employee of a party, unless otherwise agreed or ordered. Designation of material as Highly Confidential shall be severely restricted only to those materials for which there is a legitimate reason to restrict access. The designating party shall have the burden of establishing that there is a legitimate reason for designating materials as Highly Confidential.

15. The parties may also designate certain electronic data as "Highly Confidential Electronic Data: in the manner for confidential designation set forth in Paragraph 4 herein, in which case the following protections shall apply, which are in addition to the protections set forth for Confidential and Highly Confidential Material above. Each of Fenwick & West, LLP; and Krause, Krause, Kalfayan, Benink & Slavins, LLP or Perfect 10, Inc., shall designate one of its attorneys to function as the Custodian of any Highly Confidential Electronic Data produced to the firm under this Order. Each Custodian shall execute a statement to be provided to opposing counsel upon execution, confirming that he or shell will maintain any Highly Confidential Electronic Data produced to his or her firm in compliance with all the terms of this Order.

16. Except as hereinafter provided, the copies of Highly Confidential Electronic Data will not be duplicated or furnished to others. The Custodians will ensure that Highly Confidential Electronic Data will be protected from dissemination, including by the following means:

(a) At each location, any Highly Confidential Electronic Data will be kept in a secure location when not being actively accessed.

(b) At each location, counsel for the receiving parties and consultants and experts who have signed the Notification of Protective Order will maintain a log of those counsel of record, support personnel working under their direct supervision, one officer of the party, and experts or consultants who have accessed Highly Confidential Electronic Data. The log entries will include the date and time of any such access. Before gaining access for the first time to Highly Confidential Electronic Data, such person otherwise qualifying under Paragraph 14 will review this Order and attest to having read and understood it, which also will be recorded on the log. In the event of a dispute involving any alleged violation of this Order, counsel may obtain immediate copies of the logs from each location by written notice to the opposing Custodian.

    (c)  Except as needed for use in depositions, court filings under seal, or trial, no copies of Highly Confidential Electronic Data, or work product containing portions of such data, shall be taken from the offices of counsel of record or consultants and experts who have signed the Notification of Protective Order and Undertaking, and no computer that contains any of the Highly Confidential Electronic Data or portions of such data shall be connected to a computer network of any sort while it contains the Highly Confidential Electronic Data or portions of such data.

    (d)  In the event that a Custodian becomes aware of any breach of the provisions of this Order, he or she shall promptly alert opposing counsel of any such breach.

 17. Other than for the purposes of this Action, subject to the restrictions of this Order, those permitted access to Highly Confidential Material or Highly Confidential Electronic Data under this Order shall not disclose contents of such material to any other person at any time and shall never use any information gained from access to or review of such materials for any purpose or reasons other than for the purposes of this action.

 18. Upon the conclusion of the Action, the Highly Confidential Material or Highly Confidential Electronic Data shall be either returned or disposed of as set forth in Paragraph 27 herein and counsel of record shall gather all such material and destroy and certify as destroyed such materials, except that one archival copy of each party's Highly Confidential Material or Highly Confidential Electronic Data may be securely retained by counsel maintaining such material.

## **OTHER PROVISIONS**

 19. Nothing in this Order shall preclude any party to the lawsuit or its counsel: (a) from showing a document designated under this Order to an individual who either prepared or reviewed the document prior to the filing of this action; or (b) from disclosing or using, in any manner or for any purpose, any information or

documents from the party's own files which the party itself has designated under this Order.

20. Nothing in this Order shall prevent disclosure beyond the terms of this Order if the party designating material consents in writing to such disclosure, or if a court orders such disclosure. A party requested to disclose material designated under this Order to a nonparty pursuant to a validly served subpoena civil investigative demand, discovery procedure permitted under the Federal Rules of Civil Procedure or other formal discovery request shall object to its production to the extent permitted by applicable law and notify the requesting nonparty of the existence of this Order and that the material requested by the nonparty has been designated under this Order and shall further give notice of such request, by email or facsimile and next business day delivery, upon the party which designated the material as soon as is reasonably possible, but in all instances sufficiently prior to the date on which such confidential material is to be produced to the nonparty. Once such notice is given, the designating party shall take all steps it believes are necessary to protect the Confidential materials and the non-designating party is not required to take any further action.

21. If a party inadvertently fails to designate material and/or information when producing or otherwise disclosing such material and/or information, it shall not be deemed a wavier in whole or in party of a party's claim of confidentiality, either as to the specific information disclosed or as to any other information relating thereto or on the same or related subject matter. As soon as the receiving party has knowledge of the inadvertent production, the information must be treated as if it had been designated under this Protective Order, and the receiving party must endeavor in good faith to obtain all copies of the document which it distributed or disclosed to persons not authorized to access such information by Paragraphs 5 or 14 above, as well as any copies made by such persons. The costs of doing so shall be paid by the designating party.

22. All counsel for the parties who have access to information or material designated under this Order acknowledge that they are bound by this Order and submit to the jurisdiction of this court for purposes of enforcing this Order.

23. Entering into, agreeing to, and/or producing or receiving information or material designated under this Order, or otherwise complying with the terms of this Order shall not:

  (a) operate as an admission by any party that any particular information or material designated under this Order contains or reflects trade secrets, proprietary or commercially sensitive information or any other type of confidential information;

  (b) operate as an admission by any party that the restrictions and procedures set forth herein constitute or do not constitute adequate protection for any particular information designated under this Order;

  (c) prejudice in any way the rights of any party to object to the production of documents they consider not subject to discovery;

  (d) prejudice in any way the rights of any party to object to the authenticity or admissibility into evidence of any document, testimony or other evidence subject to this Order;

  (e) prejudice in any way the rights of any party to seek a determination by the court whether any information or material should be subject to the terms of this Order.

  (f) prejudice in any way the rights of any party to petition the Court for a further protective order relating to any purportedly confidential information;

  (g) prevent the parties to this Order from agreeing in writing or on the record during a deposition or hearing in this action to alter or waive the provisions or protections provided for herein with respect to any particular information or material with written or on the record consent of the party disclosing such information.

24. This Order shall not be construed to apply to any information that: (a) is available to the public other than though a breach of this Order or other duty of confidentiality; (b) a receiving party can demonstrate was already known to the party at the time of disclosure and was not subject to conditions or confidentiality; or (c) a receiving party can demonstrate was developed by that party independently or any disclosure by a designating party or nonparty.

25. In the event that information in the possession or control of a person or entity involves the confidentiality rights of a nonparty or its disclosure would violate a protective order issued in another action, the party with possession or control of the information will promptly attempt to obtain the consent of the nonparty to disclose the information under this Order. If the consent of the nonparty is refused or otherwise cannot be obtained, the party will promptly thereafter notify the party seeking discovery by the written response due date for such discovery of: (a) the existence and description (to the extent disclosable) of the information without producing such information; and (b) the identity of the nonparty (provided, however, that such disclosure of the identity of the nonparty does not violate any confidentiality obligations). The party seeking discovery may then make further application to the nonparty or seek an order to compel discovery.

26. Within sixty (60) days after the final termination of litigation between the parties (including appeals), all material designated under this Order and all copies thereof (including summaries and excerpts) shall be either returned to the party that produced it or destroyed and certification of destruction supplied to the producing party; provided, however, that for each party, counsel who is entitled to access to such designated material pursuant to this Order may retain one complete and unredacted set of its work product that contains designated material as well as pleadings and papers filed with the Court or served on the other party solely for reference in the event of, and only in the event of, further proceedings or litigation between the parties, a dispute over such counsel's performance, or a dispute over the

use or dissemination of material designated under this Order.  Such retained copy of pleadings and papers shall be maintained in a file accessible only by properly authorized counsel under the provisions of, and bound by, this Order.  This Order shall survive the final termination of this litigation with respect to any such retained confidential material and the Court shall retain jurisdiction to resolve any dispute concerning the use of information disclosed hereunder.

## SCOPE

27. The protections conferred by this Order cover not only the materials designated "Confidential" and/or "Highly Confidential" (as defined above), but also (1) any information copied or extracted from such material; (2) all copies, excerpts, summaries, or compilations of "Confidential" and/or "Highly Confidential" material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal "Confidential" and/or "Highly Confidential" material. However, the protections conferred by this Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a receiving party or becomes part of the public domain after its disclosure to a receiving party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the receiving party prior to the disclosure or obtained by the receiving party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the designating party.  Any use of "Confidential" and/or "Highly Confidential" material at trial shall be governed by a separate agreement or order.

## DURATION

28. Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a designating party agrees otherwise in writing or a court order otherwise directs.  Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action,

with prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

DATED: December 10, 2013       PERFECT 10, INC.


By_____
    Lynell D. Davis
    Attorney for Plaintiff P10, Inc.

**IT IS SO ORDERED.**


DATED: _____       _____
    HONORABLE STEPHEN J. HILLMAN
    United States Magistrate Judge

**EXHIBIT A: ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, _____ *[print or type full name],* of _____ *[print or type full address]*, declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on _____ *[date]* in the case of *Perfect 10, Inc. v. Giganews, Inc.*, Case No. 2:1- CV-07098-ABC-SH. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ *[print or type full name]* of _____ *[print or type full address and telephone number]* as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____  _____
*City and State where sworn and signed*

Printed name: _____
*Print name here*

Signature: _____
*Sign here*

Protective Order Exhibit A: Acknowledgement and Agreement To Be Bound