UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICAN SOCIETY FOR TESTING AND MATERIALS d/b/a/ ASTM INTERNATIONAL; <br><br> NATIONAL FIRE PROTECTION ASSOCIATION, INC.; and <br><br> AMERICAN SOCIETY OF HEATING, REFRIGERATING, AND AIR CONDITIONING ENGINEERS, <br><br>        Plaintiffs/ <br>        Counter-Defendants, <br><br> v. <br><br> PUBLIC.RESOURCE.ORG, INC., <br><br>        Defendant/ <br>        Counter-Plaintiff. | Case No. 1:13-cv-01215-TSC |

**PLAINTIFFS' MOTION TO STRIKE JURY DEMAND AND REQUEST FOR ORAL ARGUMENT**

Plaintiffs/Counter-Defendants American Society for Testing and Materials d/b/a ASTM International, National Fire Protection Association, Inc., and American Society of Heating, Refrigerating, and Air Conditioning Engineers ("Plaintiffs") respectfully move to strike the jury demand of Defendant/Counter-Plaintiff Public.Resource.Org, Inc and request oral argument.

This is a classic case in which the claims arise in equity and therefore provide no right to a jury trial. The remedies Plaintiffs seek for their copyright and trademark infringement claims are limited to injunctive relief, attorneys' fees, and costs—all of which are equitable in nature. Defendant's counterclaims for declaratory relief do not create a right to a jury trial either, because the underlying claims are equitable, too. This Court should therefore strike Defendant's jury demand.

## BACKGROUND

Plaintiffs are three not-for-profit organizations that develop standards to advance public safety, ensure compatibility across products and services, facilitate training, and spur innovation. Dkt. 1 at ¶ 1.  The resulting standards are technical, original works protected from infringement under the Copyright Act.  *Id.*  Government entities frequently incorporate these private standards by reference in statutes, regulations, or ordinances.  *Id.*

Plaintiffs brought this action to stop defendant Public Resource from copying their copyrighted standards, posting them in their entirety on its public website, and encouraging the public to disregard the copyrights and copy, distribute, and create derivative works of the standards.  *Id.* at ¶ 3.  The complaint alleges that Public Resource's actions not only violate the Copyright Act, but also threaten the substantial public benefits—including safety, efficiency and cost savings—that result from Plaintiffs' ownership and use of their copyrights in the standards they create.  *Id.*  Plaintiffs only seek permanent injunctive relief, attorneys' fees, and costs in this action; they do not seek any damages.

Public Resource, for its part, answered and filed counterclaims seeking a declaratory judgment that its copying, publication, and reformatting of Plaintiffs' standards do not constitute copyright infringement and that its use of their trademarks does not constitute trademark infringement or unfair competition.  Dkt. 2 at ¶¶ 195; 205.  Most relevant here, Public Resource's filing demands a jury trial.  *Id.* at p. 50.  During the Rule 16 conference, Plaintiffs' counsel indicated that they planned to file a motion to strike Public Resource's jury demand if Public Resource did not agree to withdraw it.  Public Resource's counsel stated they would not withdraw the demand.  Pursuant to Local Rule 7(m), Plaintiffs' counsel subsequently conferred

with Defendant's counsel, who indicated that Public Resource would oppose this motion. Plaintiffs now move to strike the jury demand.

## ARGUMENT

### I. Public Resource Is Not Entitled To A Jury Trial Because This Is A Suit In Equity, Not At Common Law.

The Seventh Amendment preserves the right to a jury trial "[i]n suits at common law." U.S. Const. amend. VII.  That constitutional guarantee, however, has long been held to apply only in cases at law, not in equity.  *Parsons v. Bedford*, 3 Pet. 433, 447 (1830) (the Seventh Amendment preserves the right to jury trial in "all suits which are *not* of equity").  To make the determination whether a "suit" is "at common law" or in equity for Seventh-Amendment purposes, courts generally conduct a two-step analysis.

First, they "compare the statutory action to 18th-century actions brought in the courts of England prior to the merger of the courts of law and equity . . . ."  *Wooddell v. Int'l Bhd. of Elec. Workers*, 502 U.S. 93, 97 (1991).  Second, and more important, they "examine the remedy sought and determine whether it is legal or equitable in nature."  *Id.*; *Crocker v. Piedmont Aviation, Inc.*, 49 F.3d 735, 745 (D.C. Cir. 1995).

Where, as here, a suit seeks only equitable relief, the first step of the analysis is unnecessary.  That is because such a suit "is not a suit at common law, regardless of the nature of the issues likely or even certain to arise in the case."  *Marseilles Hydro Power, LLC v. Marseilles Land & Water Co.*, 299 F.3d 643, 648 (7th Cir. 2002) (Posner, J.).  The first prong of the analysis into historical analogs is relevant only when trying to determine whether a modern legal right "has a sufficient analogy to a right enforced by common law courts in the eighteenth century to be enforceable by 'a suit at common law' within the meaning of the Seventh Amendment," and is "not about unsettling the principle that there is no right to a jury trial when

the plaintiff is seeking only equitable relief; that principle is firm." *Id.* at 648-49.  As the Supreme Court has put it, the "abstruse historical" search for the nearest eighteenth-century analog must take a back seat to the "more important" task of characterizing the relief sought. *Tull v. United States*, 481 U.S. 412, 421 (1987).

In addition, where declaratory-judgment claims are involved, the right to a jury trial depends on "whether the action is simply the counterpart of a suit in equity—that is, whether an action in equity could be maintained if declaratory judgment were unavailable—or whether the action is merely an inverted lawsuit." *James v. Pa. General Ins. Co.*, 349 F.2d 228, 230 (D.C. Cir. 1965).  Because, as noted, Defendant's declaratory relief counterclaims are simply the inverse of Plaintiffs' claims, the same inquiry under the Seventh Amendment applies to both.

Here, then, the inquiry is straightforward because the only remedies sought in this action are purely and indisputably equitable—permanent injunctive relief, attorneys' fees and costs. We therefore begin our analysis with the second prong of the Seventh Amendment analysis because it is dispositive in this case.

### A.  The Remedies Plaintiffs Seek are Indisputably Equitable in Nature.

As both the Supreme Court and the D.C. Circuit have made clear, the nature of the remedy sought is the most important factor in determining whether there is a right to a jury trial. *Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 41 (1989); *see also Crocker*, 49 F.3d at 745. Accordingly, there is no right to a jury trial where, as here, the plaintiffs request *only* equitable relief.  *Baum v. Blue Moon Ventures, LLC*, 513 F.3d 181, 193 (5th Cir. 2008) ("an injunction is an equitable remedy that does not invoke a constitutional right to a jury trial"); *CBS Broad., Inc. v. EchoStar Communs. Corp.*, 450 F.3d 505, 518 n.25 (11th Cir. 2006) ("There is no right to a jury trial, however, when the plaintiffs seek purely equitable relief such as an injunction"); *In re Tech. Licensing*, 423 F.3d 1286, 1290-91 (Fed. Cir. 2005) ("if the patentee seeks only equitable

4

relief, the accused infringer has no right to a jury trial"); *Danjaq LLC v. Sony Corp.*, 263 F.3d 942, 962 (9th Cir. 2001) ("no right to a jury exists for equitable claims"); *Arakawa v. Reagan*, 666 F. Supp. 254 , 259 n.9 (D.D.C. 1987) (striking jury demand where only equitable claims remained); s*ee also City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 726 n.1 (1999) (Scalia, J., concurring) ("Since the merger of law and equity, any type of relief, including purely equitable relief, can be sought in a tort suit—so that I can file a tort action seeking only an injunction against a nuisance.  If I should do so, the fact that I seek only equitable relief would disentitle me to a jury…").

In the specific context of copyright infringement and trademark infringement claims, courts and commentators have made clear that there is no right to a jury trial where, as here, the plaintiff seeks only injunctive relief.  *See, e.g., Toyota Motor Sales, U.S.A., Inc. v. Tabari*, 610 F.3d 1171, 1183-84 (9th Cir. 2010) (no right to jury trial to decide trademark claims or to determine counterclaims seeking declarations of trademark invalidity and non-infringement where only injunctive relief was sought); *Video Views v. Studio 21*, 925 F.2d 1010, 1017 (7th Cir. 1991) ("Had [plaintiff in copyright case] sought only an injunction, [defendant] certainly would have had no entitlement to a jury trial."); *Fair Isaac Corp. v. Experian Info. Solutions Inc.*, 2009 U.S. Dist. LEXIS 110578 , at *2 (D. Minn. Nov. 25, 2009) (no right to jury trial on trademark infringement claim for which plaintiff seeks only an injunction); *Sanijet Corp. v. Jacuzzi Inc.*, 2002 U.S. Dist. LEXIS 2463, at **6-7 (N.D. Tex. Feb. 14, 2002) (same for Lanham Act claims seeking only injunctive relief); 3 MELVILLE B. NIMMER & DAVID NIMMER, NIMMER ON COPYRIGHTS §12.10[A] (2001) ("It is reasonably clear . . . that a plaintiff seeking only remedies determined by the judge—e.g., injunction,  seizure, fees, and declaratory relief—is not entitled to trial by jury.  That conclusion applies to the copyright sphere as to all others.").

Similarly, an award of attorneys' fees and costs is equitable in nature and does not provide a right to a jury trial. *See, e.g., Resolution Trust Corp. v. Marshall*, 939 F.2d 274, 279 (5th Cir. 1991) ("[S]ince there is no common law right to recover attorneys fees, the Seventh Amendment does not guarantee a trial by jury to determine the amount of reasonable attorneys fees."); *Sanijet Corp.*, 2002 U.S. Dist. LEXIS 2463, at *6 (same); *Empresa Cubana del Tabaco v. Culbro Corp.*, 123 F. Supp. 2d 203, 211 (S.D.N.Y. 2000) ("a claim for attorneys' fees and costs under the Lanham Act does not entitle a party to a trial by jury").

Here, Plaintiffs seek only injunctive relief, attorneys' fees, and costs—all of which are equitable forms of relief. No damages—not even statutory damages—are sought. The most important prong in the jury-trial analysis thus establishes that there is no right to a jury trial in this case.

### B. Although Not Necessary to Decide This Motion, The Historical Analysis Supports The Conclusion That There Is No Jury-Trial Right In This Case.

As demonstrated, given that the most important factor points unequivocally to the lack of a right to a jury trial here, it is unnecessary to determine whether an eighteenth-century copyright owner or trademark owner would have brought a claim seeking injunctive relief in law or in equity. The authority that does exist on that question, however, confirms that there is no jury-trial right in this case.[1]

In *Taylor Corp. v. Four Seasons Greetings, LLC*, 403 F.3d 958 (8th Cir. 2005), the copyright owner sought only a permanent injunction, not damages. In analyzing whether there was a jury-trial right in that case, the court relied upon authorities holding that in eighteenth-century England, allegations of patent infringement could be raised in acts at law if the patentee

---

[1] The reason for the paucity of cases that have discussed this issue is likely that it is rare for the plaintiff in a copyright and/or trademark infringement case not to seek any type of damages. And, in the few cases in which no damages are sought, it is unusual for a party to request a jury trial.

sought an accounting, or could be raised in a suit in equity if the patentee sought an injunction. *Id.* at 969 (citing *Tegal Corp. v. Tokyo Electron Am., Inc.,* 257 F.3d 1331, 1340 (Fed. Cir. 2001)).  Based on the "historic kinship between patent and law and copyright law," the Eighth Circuit concluded that the defendant was not entitled to a jury trial where the plaintiff sought a permanent injunction based on copyright infringement.  *Id*.

Similarly, courts have held that trademark infringement cases in which the parties seek only equitable relief do not raise legal issues.  *See, e.g., Tabari*, 610 F.3d at 1183-84 (no entitlement to jury trial to decide trademark claims or to determine counterclaims seeking declarations of trademark invalidity and non-infringement for which plaintiff sought only injunction); *Anti-Monopoly, Inc. v. General Mills Fun Group*, 611 F.2d 296, 308 (9th Cir. 1979) (holding that district court plainly erred in concluding that questions relating to the validity of a trademark raised legal issues when the parties sought only equitable relief).

Thus, to the extent the historical inquiry is necessary or relevant here, the existing authority on the question supports Plaintiffs' position that there is no right to a jury trial on their equitable claims for a permanent injunction, attorneys' fees, and costs.  The jury demand should therefore be struck.

## **CONCLUSION**

For the foregoing reasons, Defendant Public Resource's jury demand should be struck.

Dated:  August 8, 2014                     Respectfully submitted,

/s/ J. Kevin Fee

Michael F. Clayton (D.C. Bar: 335307)
J. Kevin Fee (D.C. Bar: 494016)
Jordana S. Rubel (D.C. Bar: 988423)
Morgan, Lewis & Bockius LLP
1111 Pennsylvania Ave., N.W.
Washington, D.C. 20004
Telephone: 202.739.5215
Email: mclayton@morganlewis.com
           jkfee@morganlewis.com
           jrubel@morganlewis.com

*Counsel For American Society For Testing And Materials d/b/a/ ASTM International*

/s/ Kelly Klaus

Anjan Choudhury (D.C. Bar: 497271)
Munger, Tolles & Olson LLP
355 South Grand Avenue, 35th Floor
Los Angeles, CA  90071
Tel: 213.683.9100
Email:  Anjan.Choudhury@mto.com

Kelly M. Klaus
Jonathan H. Blavin
Munger, Tolles & Olson LLP
560 Mission St., 27th Floor
San Francisco, CA 94105
Tel:  415.512.4000
Email: Kelly.Klaus@mto.com
           Jonathan.Blavin@mto.com

*Counsel for National Fire Protection Association, Inc.*

/s/ Kenneth Steinthal

Jeffrey S. Bucholtz (D.C. Bar: 452385)
King & Spalding LLP
1700 Pennsylvania Avenue, NW, Ste. 200
Washington, DC 20006-4707
Tel: 202.737.0500
Email: jbucholtz@kslaw.com

8

Kenneth L. Steinthal  
Joseph R. Wetzel  
King & Spalding LLP  
101 Second Street, Ste. 2300  
San Francisco, CA 94105  
Tel: 415.318.1211  
Email: ksteinthal@kslaw.com  
jwetzel@kslaw.com  

*Counsel for American Society of Heating, Refrigerating, and Air Conditioning Engineers*

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing Motion to Strike Jury Demand was served this 8th day of August, 2014 via CM/ECF upon the following:

Counsel for Public.Resource.Org, Inc.:

Andrew Bridges

Kathleen Lu

David Halperin

Mitchell L. Stoltz

Corynne McSherry

Joseph Gratz

Mark Lemley

                                           _/s/ Jordana Rubel_____
                                                  Jordana Rubel