**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| AMERICAN SOCIETY FOR TESTING AND MATERIALS d/b/a/ ASTM INTERNATIONAL;<br><br>NATIONAL FIRE PROTECTION ASSOCIATION, INC.; and<br><br>AMERICAN SOCIETY OF HEATING, REFRIGERATING, AND AIR CONDITIONING ENGINEERS,<br><br>            Plaintiffs/<br>            Counter-Defendants,<br><br>v.<br><br>PUBLIC.RESOURCE.ORG, INC.,<br><br>            Defendant/<br>            Counter-Plaintiff. | Case No. 1:13-cv-01215-TSC |

## PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR PROTECTIVE ORDER

Plaintiffs are the developers of original, technical standards whose purpose is to advance public safety, ensure compatibility across products and services, facilitate training, and spur innovation. In flagrant violation of copyright laws and Plaintiffs' rights, Defendant Public Resource engaged in wholesale copying of Plaintiffs' copyrighted standards, posted them in downloadable format on its website, and encouraged the public to make further copies and create derivative works based on the standards.

Notwithstanding Public Resource's justifications for its conduct, this case is not about providing the public with access to the law or enabling the public to engage with the law. Plaintiffs make all of their standards that have been incorporated by reference in federal regulations available to the public at no cost on a read-only basis. In addition, Plaintiffs sell paper and electronic copies of their standards to the general public at reasonable prices. Thus,

contrary to Defendant's claims, Plaintiffs' standards already are available to members of the public who are interested in understanding, interpreting, and commenting on them.

Instead, this case is about a one-man organization which seeks to invalidate the copyrights in Plaintiffs' standards and disrupt an established private standards development system that provides substantial public benefits, including safety, efficiency, and costs savings, to government entities and to the public in general.

Having forced Plaintiffs to bring this lawsuit to protect their intellectual property rights by engaging in widespread copying of their standards, Public Resource now objects to certain provisions in Plaintiffs' reasonable and balanced proposed protective order.  Meanwhile, the provisions that Public Resource insists upon would provide its sole employee with access to Plaintiffs' highly confidential financial and strategic documents, which he has no need to see and which would expose Plaintiffs to significant harm, would place overly burdensome requirements on Plaintiffs when they seek to protect their confidential information, and would put Public Resource in a position to be able to broadcast to the general public all manner of information it obtains from Plaintiffs in discovery.  As a result, the Court should reject Defendant's proposed terms and enter Plaintiffs' proposed protective order.

**I.     Good Cause Exists for Restricting Mr. Malamud's Access to Plaintiffs' Highly Confidential Documents.**

**A. Allowing Mr. Malamud to Access Plaintiffs' Highly Confidential Documents Will Cause Harm to Plaintiffs.**

Public Resource does not dispute that a two-tiered protective order is appropriate where the parties are competitors.  Yet Public Resource is competing with Plaintiffs by offering itself up as a source through which members of the public can download copies of hundreds of Plaintiffs' standards that they would otherwise obtain directly from Plaintiffs or their authorized

resellers.  The standards Plaintiffs create and sell are the source of the vast majority of their revenue.  Public Resource is not only competing with Plaintiffs, but competing with them by making unauthorized copies of Plaintiffs' most important products.  For this reason alone, a two-tiered protective order is warranted.  *See Alexander v. FBI*, 1998 U.S. Dist. LEXIS 11489, *11 (D.D.C. 1998) (stating that it is appropriate to limit disclosure of highly sensitive information to attorneys and experts when there is a risk that a party might use it to gain competitive advantage).  There is also a risk that, in the course of his regular communications with reporters and other members of the public about this legal issue and specifically about Plaintiffs, Mr. Malamud would disseminate, even inadvertently, Plaintiffs' highly confidential information to others who would use it to gain a competitive advantage over Plaintiffs.  *See id.*; *see also FTC v. Exxon Corp.*, 636 F.2d 1336, 1350 (D.C. Cir. 1980) (even most rigorous efforts to preserve confidentiality may fail because "it is very difficult for the human mind to compartmentalize and selectively suppress information once learned, no matter how well-intentioned the effort may be to do so").

     Mr. Malamud has demonstrated that he will disregard the law when he disagrees with it, including by posting copyrighted materials on his website because of his belief that they should not be protected by copyright.  Motion at 7-8.  Public Resource maintains that Mr. Malamud only posts materials that have been incorporated into law.  Opp. at 7.  However, Plaintiff ASTM has informed Public Resource through its discovery responses that Public Resource has in fact posted some standards that have not been incorporated into law and Mr. Malamud has not removed those standards from his website.  *See, e.g.*, May 23, 2014 letter from ASTM's counsel to Public Resource's counsel regarding ASTM's response to Interrogatory No. 1, attached as

Exhibit A.  Thus, Mr. Malamud has provided Plaintiffs and the Court with ample cause for concern regarding his intent to comply with a protective order.

> **B. Defendant Will Suffer No Prejudice If Mr. Malamud Cannot View Plaintiffs' Highly Confidential Documents.**

Contrary to Public Resource's assertions, Public Resource's ability to defend itself in this lawsuit will not be prejudiced if Mr. Malamud cannot access the very narrowly defined category of Plaintiffs' Highly Confidential information.  Public Resource itself described the dispute in the case as a legal issue of "whether it violates copyright law to post national codes that federal and state governments have incorporated into their laws."  Opp. at 1.  Public Resource's ability to present a legal argument on this issue does not depend on Mr. Malamud's ability to view documents that reveal the Highly Confidential information of Plaintiffs, which are limited to "personal, technical, scientific, business or financial information" such as trade secrets, sales, business strategy and planning information, and commercial and financial information.  *See* Plaintiffs' Proposed Order at ¶ 1(b).

Public Resource's assertion that "Mr. Malamud is an expert in the processes of standards development and the operations of standards organizations, including Plaintiffs," Opp. at 3, is not credible.  The knowledge Mr. Malamud allegedly has gained about Plaintiffs' operations and personnel through the work he has done at Public Resource on the issues related to this litigation does not give him the experience or expertise necessary to meet the onerous requirements to qualify as an expert on the procedures and operations of standards development organizations in general or of Plaintiffs specifically.  *See generally Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999); *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993).

While Mr. Malamud may have been involved in task forces or committees that drafted "standards" relating to the Internet, his reliance on that involvement does not make him an expert

4

on Plaintiffs' standards at issue in this case, which are voluntary consensus standards accredited by the American National Standards Institute ("ANSI"). The hallmark of ANSI-accredited Standards Development Organizations ("SDOs") is adherence to a set of requirements or procedures that foster openness, a balance of representation from different sectors, consensus, and due process. Mere involvement in a task force that drafted non-ANSI accredited "standards" does not make one an expert on voluntary consensus standards or the specific SDOs, such as Plaintiffs, who develop such standards. Public Resource also does not point to any particular training or education Mr. Malamud has received related to SDOs like Plaintiffs. Thus, Mr. Malamud is in no way qualified to testify as an expert on issues related to SDOs in general or on Plaintiffs' operations or personnel in particular. Contrary to Public Resource's argument, Mr. Malamud, a non-lawyer, is also not qualified to opine on the issue of the process of incorporation by reference into federal and state regulations, which is an issue of administrative law.

Public Resource baldly asserts that Mr. Malamud's expertise is "most necessary with respect to documents concerning Plaintiffs' finances and strategic planning," Opp. at 9. However, Public Resource fails to provide any basis for claiming that Mr. Malamud has expert qualifications with regard to finances or the strategic planning of SDOs like Plaintiffs, which are the types of documents that potentially could be classified as Highly Confidential. Public Resource's counsel also provides no explanation as to why to litigate this case effectively it requires Mr. Malamud's input, as opposed to that of any other potentially qualified expert, on Plaintiffs' financial and strategic information.

As Plaintiffs made clear in the parties' meet-and-confer discussions on this topic, in the unlikely event that there are specific documents that Public Resource's counsel believes it cannot

understand without Mr. Malamud's expertise, Plaintiffs are willing to consider whether to consent to Mr. Malamud viewing such documents on an ad hoc basis. If the parties are unable to reach an agreement on these individual documents, they can seek the Court's intervention. This process provides a sensible and practical means of addressing any dispute.

Whereas Plaintiffs have established that the parties are competitors and there is a substantial risk of harm to Plaintiffs if their highly confidential documents or information were viewed by Mr. Malamud, and Public Resource has not shown any prejudice to its ability to litigate this case if Mr. Malamud cannot view this information, a two-tiered protective order is warranted.

## II. The Protective Order Should Not Require a Written Justification for Each Confidentiality Designation.

Public Resource's proposal that a party must draft a statement explaining which specific facts or elements within the designated material are confidential and why the confidentiality designation is warranted for every document it designates as Confidential demonstrates that Public Resource's intention to make the designation process prohibitively burdensome for Plaintiffs. Public Resource is unable to point to a single case in which a court has entered a protective order that requires a party to go through such a burdensome process to protect its confidential information, and Plaintiffs are aware of no such case. None of the model orders Public Resource submitted with its Opposition includes this type of provision.

Public Resource also speculates that Plaintiffs will take overly aggressive positions when making confidentiality designations. Yet Public Resource fails to establish that the provisions Plaintiffs proposed to address precisely this concern are inadequate. Indeed, in Plaintiffs' proposed protective order, before designating information as confidential, a party must: (1) have a good faith belief that the material is in fact Confidential; and (2) make a reasonable inquiry to

determine whether the material is Confidential.  These provisions, which courts routinely include in protective orders, are more than sufficient to prevent misuse of confidentiality designations, which is any event purely speculative.  Thus, the Court should not enter a protective order that includes this unprecedented, burdensome requirement.

**III.    The Party Challenging a Confidentiality Designation Should Be Required to Bring a Motion Raising That Challenge.**

As explained in Plaintiffs' opening brief, the parties differ considerably in size and in their missions and activities, such that Plaintiffs are much more likely than Public Resource to possess confidential documents warranting protection.  The provisions Public Resource has proposed make clear Public Resource's intent to take aggressive positions in challenging Plaintiffs' confidentiality designations.  It is therefore no surprise that Public Resource proposes that the designating party be required to bring a motion to preserve the confidentiality of any material whose designation has been challenged.

However, the more practical and efficient procedure is for the party challenging the designation to be required to bring the motion.  This will ensure that the party will only challenge designations where it claims a real need to disclose the document to individuals who are otherwise not permitted to view it and where the party has a legitimate basis for challenging the designation.  Plaintiffs' proposed protective order would not shift the burden of demonstrating good cause for a Confidentiality designation to the moving party; Plaintiffs' proposed order explicitly states that the burden of proving that a document is confidential or highly confidential remains with the party asserting such confidentiality or high confidentiality. Plaintiffs' Proposed Order at ¶ 3.

The Court should reject Public Resource's proposal, which would increase the demand on the Court's limited resources, and would provide Public Resource with unwarranted tactical advantages related to the timing of its challenges of confidentiality designations.

**IV.     Use of Information Obtained in Discovery Should be Limited to This Litigation.**

Plaintiffs have requested that the Court include a provision in the protective order that: "The Parties and their attorneys shall not use any information or documents obtained during discovery in this matter, regardless of whether the information and/or documents are designated Confidential, Highly Confidential, or are not assigned any confidentiality designation, for any purpose other than preparing for and conducting this litigation, including any appeals." Plaintiffs' Proposed Order at ¶ 7.  This Court entered an order containing very similar language in *Klayman v. Judicial Watch* where the plaintiff was engaged in ongoing fundraising and advertising relating to the subject of the litigation.  2007 U.S. Dist. LEXIS 88044, *23 (D.D.C. Dec. 3, 2007) ("the Court shall issue an Order limiting the use of any information obtained during discovery in this matter to the strict context of this litigation.").  A similar order is warranted here, where Mr. Malamud regularly writes and tweets about the subject of this litigation, including in connection with fundraising activities.  *See, e.g.,* https://www.kickstarter.com/projects/publicresource/public-safety-codes-of-the-world-stand-up-for-safe/posts/641022 (Public Resource's effort on Kickstarter.com to raise $100,000 based on his copying of ASTM standards).

Public Resource indicated that it would agree to refrain from using Bates-stamped versions of documents produced in this action for any purpose other than this litigation. Plaintiffs' proposed provision simply adds that Public Resource also agree not to use information obtained in discovery, including deposition testimony and written discovery responses, for any

purpose other than this litigation. Public Resource has provided no compelling reason why this addition would be objectionable.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court grant Plaintiffs' Motion and enter Plaintiffs' proposed protective order.

Dated: August 15, 2014						Respectfully submitted,

/s/ J. Kevin Fee

Michael F. Clayton (D.C. Bar: 335307)
J. Kevin Fee (D.C. Bar: 494016)
Jordana S. Rubel (D.C. Bar: 988423)
Morgan, Lewis & Bockius LLP
1111 Pennsylvania Ave., N.W.
Washington, D.C. 20004
Telephone: 202.739.5215
Email: mclayton@morganlewis.com
         jkfee@morganlewis.com
         jrubel@morganlewis.com

*Counsel For American Society For Testing And Materials d/b/a/ ASTM International*

/s/ Kelly Klaus

Anjan Choudhury (D.C. Bar: 497271)
Munger, Tolles & Olson LLP
355 South Grand Avenue, 35th Floor
Los Angeles, CA  90071
Tel: 213.683.9100
Email:  Anjan.Choudhury@mto.com

Kelly M. Klaus
Jonathan H. Blavin
Munger, Tolles & Olson LLP
560 Mission St., 27th Floor
San Francisco, CA 94105
Tel:  415.512.4000
Email: Kelly.Klaus@mto.com
         Jonathan.Blavin@mto.com

*Counsel for National Fire Protection Association, Inc.*

/s/ Kenneth Steinthal

Jeffrey S. Bucholtz (D.C. Bar: 452385)
King & Spalding LLP
1700 Pennsylvania Avenue, NW, Ste. 200
Washington, DC 20006-4707
Tel: 202.737.0500
Email: jbucholtz@kslaw.com

10

        Kenneth L. Steinthal
        Joseph R. Wetzel
        King & Spalding LLP
        101 Second Street, Ste. 2300
        San Francisco, CA 94105
        Tel: 415.318.1211
        Email: ksteinthal@kslaw.com
               jwetzel@kslaw.com

*Counsel for American Society of Heating, Refrigerating, and Air Conditioning Engineers*

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing Plaintiffs' Reply in Support of Motion for Protective Order was served this 15th day of August, 2014 via CM/ECF upon the following:

Counsel for Public.Resource.Org, Inc.:

Andrew Bridges

Kathleen Lu

David Halperin

Mitchell L. Stoltz

Corynne McSherry

Joseph Gratz

Mark Lemley

                                                  /s/ Jordana Rubel
                                                    Jordana Rubel