## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

AMERICAN SOCIETY FOR TESTING AND
MATERIALS d/b/a ASTM INTERNATIONAL;

NATIONAL FIRE PROTECTION
ASSOCIATION, INC.; and

AMERICAN SOCIETY OF HEATING,
REFRIGERATING, AND AIR CONDITIONING
ENGINEERS,

            Plaintiffs-Counterdefendants,

      v.

PUBLIC.RESOURCE.ORG, INC.,

            Defendant-Counterclaimant.

Case No. 1:13-cv-01215-TSC

**DEFENDANT-COUNTERCLAIMANT
PUBLIC.RESOURCE.ORG, INC.'S
OPPOSITION TO PLAINTIFFS'
MOTION TO STRIKE JURY DEMAND**

Action Filed:   May 23, 2014

Defendant-Counterclaimant Public.Resource.Org, Inc. ("Public Resource") has a Seventh Amendment right to a jury trial on its declaratory judgment claims. Accordingly, Public Resource opposes Plaintiff-Counterdefendants' motion to strike the jury demand, and requests oral argument.

Plaintiff-Counterdefendants have brought claims for injunctive relief as well as attorney fees and costs, which they assert are equitable claims. Public Resource brought its own claims for declaratory relief. Specifically, Public Resource seeks a declaration that Public Resource is not liable for copyright infringement for the copying, publication, and reformatting of certain safety codes in which Plaintiff-Counterdefendants claim rights, because those codes have been incorporated into the law of one or more jurisdictions within the United States. That declaration will necessarily affect Plaintiff-Counterdefendants' right to *any* remedy, legal or equitable. This is a jury matter, regardless of how Plaintiff-Counterdefendants have pled their affirmative claims.

The issue here is whether putative copyright holders can defeat the Seventh Amendment rights of a party accused of infringement where the accused infringer seeks declaratory relief but the putative rightsholders seek only equitable relief. This appears to be an issue of first impression. Nonetheless, precedent provides an answer: given the importance of the right to a jury trial, when one party brings a legal claim and requests a jury, the other party may not thwart that request by bringing only equitable claims of its own. *See, e.g.*, *Beacon Theatres, Inc. v. Westover*, 359 U.S. 500, 510 (1959); *Pac. Indem. Co. v. McDonald*, 107 F.2d 446, 449 (9th Cir. 1939).

While Plaintiff-Counterdefendants' claims for injunctive relief share common issues of fact and some common legal issues with Public Resource's declaratory judgment claims, they are not mirror images of one another. Assuming *arguendo* the facts as pled in the Complaint, Plaintiff-Counterdefendants could have brought a claim for damages. And given the existence of an actual controversy, Public Resource could have brought declaratory judgment claims regardless of the Plaintiff-Counterdefendants' choice of remedy. Because the counterclaims stand on their own, Plaintiff-Counterdefendants' artful pleading cannot take away Public Resource's right to a jury trial on its counterclaims. The Court should deny Plaintiff-Counterdefendants' motion to strike the jury demand.

## ARGUMENT

"Maintenance of the jury as a fact-finding body is of such importance and occupies so firm a place in our history and jurisprudence that any seeming curtailment of the right to a jury trial should be scrutinized with the utmost care." *Beacon Theatres,* 359 U.S. at 501 (quoting *Dimick v. Schiedt*, 293 U.S. 474, 486 (1935)).

## I.      Public Resource's Declaratory Judgment Claims Are Legal Claims Entitled To Jury Trial.

The character of a declaratory judgment claim is determined by looking at what sort of claim would arise if the parties' positions were reversed; i.e., if "the defendant has became [sic] the plaintiff, and vice versa, the issues are ones which in the absence of the statute for declaratory relief would be tried at law by a court and jury." *Pac. Indem. Co.*, 107 F.2d at 448; *see also James v. Pennsylvania Gen. Ins. Co.*, 349 F.2d 228, 230 (D.C. Cir. 1965); *AstenJohnson, Inc. v. Columbia Cas. Co.*, 562 F.3d 213, 223 (3d Cir. 2009). In these circumstances "there is an absolute right to a jury trial" on the declaratory judgment claim. *Pac. Indem. Co.,* 127 F.2d at 448.

The issue presented here, in which the party accused of infringement seeks a jury trial and the parties claiming infringement seek to avoid a jury, appears to be an issue of first impression. Public Resource could find no similar case, and Plaintiff-Counterdefendants cite to none. There are, however, numerous cases arising in the patent, antitrust, and insurance contexts concerning the right to a jury trial on declaratory judgment claims where the party purporting to hold a contractual or patent right seeks a jury trial, and the principles expressed in those cases apply equally here.

First, the character of the hypothetical inverse of a declaratory judgment claim (which controls whether the declaratory judgment claim is legal or equitable) is determined by looking at whether legal remedies such as damages *could have been sought*. For example, in *In re Lockwood*, 50 F.3d 966, 975 (Fed. Cir. 1995) *vacated sub nom. Am. Airlines, Inc. v. Lockwood*,

515 U.S. 1182 (1995),[1] the Federal Circuit held that a declaratory judgment claim asking the court to declare a patent invalid would be decided by a jury even though the opposing party had voluntarily dismissed its own claim for damages and the only other claims remaining in the suit were equitable in nature. *Id.* at 976. Although the patent holder chose not to seek damages, the availability of a damages claim made the alleged infringer's declaratory judgment request a legal claim, to which a jury right attached. *Id. See also Sanofi-Synthelabo v. Apotex, Inc.*, 02-CIV-2255 (RWS), 2002 WL 1917871, at *4 (S.D.N.Y. Aug. 20, 2002) (jury trial is available on declaratory judgment of non-infringement where party claiming patent rights "could choose either to pursue a legal or equitable remedy."). Conversely, where "there exists no possibility that damages could be awarded" to a patent holder (because the alleged infringement had not yet commenced), a declaratory judgment claim by the alleged infringer was held to be equitable. *Shubin v. U.S. Dist. Court for S. Dist. of Cal., Cent. Div.*, 313 F.2d 250, 251 (9th Cir. 1963).

Second, where one party's claims give rise to a Seventh Amendment right to a jury trial, an opposing party cannot frustrate that right by artful pleading of its own claims. This is because "the right to jury trial is a constitutional one . . . while no similar requirement protects trials by the court." *Beacon Theaters*, 359 U.S. at 510. Beacon Theaters accused Fox West Coast Theaters of violating the Sherman Antitrust Act. Fox sued, seeking a declaration that its practices were lawful and an injunction against further lawsuits. Beacon Theaters, the defendant which had accused Fox of antitrust violations, counterclaimed for damages and demanded a jury trial. *Id.*

---

[1] Although *Lockwood* was vacated by the Supreme Court without opinion, the Federal Circuit reaffirmed its holding in *Tegal Corp. v. Tokyo Electron Am., Inc.*, 257 F.3d 1331, 1340 (Fed. Cir. 2001); and *Lockwood* continues to be cited with approval. *See, e.g., Sanofi-Synthelabo*, 2002 WL 1917871, at *3 (S.D.N.Y. Aug. 20, 2002) ("The seminal case involving a right to a jury trial in cases brought pursuant to § 271(a) is *Lockwood*."); *MedImmune, Inc. v. Genentech, Inc.*, 535 F. Supp. 2d 1020, 1022 (C.D. Cal. 2008); *Hoechst Marion Roussel, Inc. v. Par Pharm., Inc.*, Civ. 95-3673 (DRD), 1996 WL 468593, at *3-4 (D.N.J. Mar. 14, 1996).

at 502-03. The district court declined to empanel a jury to decide whether Fox had violated the Sherman Act, holding that Fox's initial claims were purely equitable. In affirming a petition for mandamus to require a jury trial, the Supreme Court held that "if Beacon would have been entitled to a jury trial in a treble damage suit against Fox it cannot be deprived of that right merely because Fox took advantage of the availability of declaratory relief to sue Beacon first." *Id.* at 504; *see also Pac. Indem. Co.*, 107 F.2d at 449 ("[P]laintiff, by first bringing suit and thus inverting the parties, could not deprive defendant of his right to a jury . . . while the legislature had the power to grant the plaintiff the privilege of himself commencing the suit, it had not the power to give him, and we think did not intend to give him, the privilege of thus depriving defendant of his constitutional right."); *In re Envtl. Ins. Declaratory Judgment Actions*, 693 A.2d 844, 856 (N.J. 1997) ("By 'beating the plaintiff into court,' the insurer cannot deprive that person of a right to jury trial.") (citation omitted).

These principles apply to the instant motion. Plaintiff-Counterdefendants' purported authorship and ownership of the standards at issue, Public Resource's fair use defense, and other foundational issues depend on "[q]uestions of historical fact" that are ordinarily heard by a jury. *Langman Fabrics v. Graff Californiawear, Inc.*, 160 F.3d 106, 111 *amended*, 169 F.3d 782 (2d Cir. 1998); *see also Harper & Row Publishers, Inc. v. Nation Enterprises*, 471 U.S. 539, 560 (1985) ("Fair use is a mixed question of law and fact"). And while Public Resource denies Plaintiff-Counterdefendants' right to any remedy in this case, assuming *arguendo* the allegations in their complaint, Plaintiff-Counterdefendants could have sought money damages. *See* Complaint  (ECF No. 1) ¶ 132. Because they "could choose either to pursue a legal or equitable remedy" based on their allegations of copyright and trademark infringement, *Sanofi-Synthelabo*,

2002 WL 1917871 at *4, Public Resource's counterclaims for declaratory judgment of non-infringement must be characterized as legal. *See Lockwood*, 50 F.3d at 975.

Moreover, the presence in this suit of Plaintiff-Counterdefendants' claims for injunction and attorney's fees does not transform Public Resource's claims into equitable claims. Once Plaintiff-Counterdefendants brought their claims in this lawsuit, Public Resource was compelled to bring its own claims for declaratory relief as counterclaims in the same lawsuit. Fed. R. Civ. P. 13(a)(1). Because Public Resource's claims, standing alone, sound in law, and could not be asserted except as part of this lawsuit once Plaintiff-Counterdefendants brought their own claims, Public Resource cannot be deprived of the right to jury trial simply because Plaintiff-Counterdefendants sued first. *Beacon Theaters*, 359 U.S. at 510; *Lockwood,* 50 F.3d at 974-75 ("an inversion [of the parties' status as plaintiff and defendant] cannot operate to frustrate Lockwood's Seventh Amendment rights.").

The holdings of *Beacon Theaters* and *Lockwood* apply to Public Resource's claims because Public Resource's claims are not mirror images of Plaintiff-Counterdefendants' claims. Plaintiff-Counterdefedants' claims require a showing of irreparable harm to them, an absence of substantial harm to Public Resource, and that the public interest favors an injunction. *Davis v. Pension Ben. Guar. Corp.*, 571 F.3d 1288, 1291 (D.C. Cir. 2009). Public Resource's counterclaims do not implicate these elements. Thus, it is entirely possible that Plaintiff-Counderdefendants' claims will be dismissed and that Public Resource's claims will stand alone. A dismissed claim can have no effect on the parties' right to jury trial on remaining claims. *Lockwood,* 50 F.3d at 969; *In re Evangelist,* 760 F.2d 27, 32 (1st Cir. 1985); *Hildebrand v. Board of Trustees,* 607 F.2d 705, 710 (6th Cir. 1979). This further confirms that the legal nature of Public Resource's claims cannot be affected by Plaintiff-Counterdefendants' own pleading.

While Plaintiff-Counterdefendants cite to *James v. Pa. General Ins. Co.* for the holding that the nature of a claim depends on "whether the action is simply the counterpart of a suit in equity," 349 F.2d 228, 230 (D.C. Cir. 1965), they misconstrue it. Motion to Strike Jury Demand 4. The "counterpart" of a declaratory judgment claim is not the opposing party's claims. It is, rather, the equivalent claim that would have been brought before the merger of law and equity. *Id.* at 231 (comparing declaratory judgment claim to the equivalent claim that could be maintained "at common law"). Likewise, the "counterpart" of Public Resource's declaratory judgment claim is not Plaintiff-Counterdefendants' claim. It is the claim that would have been brought pre-merger. Because Plaintiff-Counterdefendants could have, given the allegations of their complaint, claimed damages, the common law counterpart of Public Resource's claims is a legal claim.

II.    **To Protect Public Resource's Seventh Amendment Right With Respect To Its Counterclaims, The Issues Of Copyright Validity And Alleged Infringement Must Be Tried to a Jury.**

This case involves both Plaintiff-Counterdefendants' claims for injunction and Public Resource's requests for declaratory relief. Both depend in part on several foundational questions, including whether Plaintiff-Counterdefendants in fact hold relevant copyrights, whether Plaintiff-Counterdefendants knew of and encouraged the incorporation of standards into law, the facts establishing Public Resource's fair use defense, and other issues. Public Resource has a Seventh Amendment right to jury trial on all aspects of its declaratory judgment claims, including these determinations. *Beacon Theatres*, 359 U.S. at 506. Because a bench trial on these issues with respect to Plaintiff-Counterdefendants' infringement claims could determine the outcome of Public Resource's counterclaims by collateral estoppel, the Court should submit these issues to

the jury. *Id.*[2] With respect to Plaintiff-Counterdefendants' claims, the jury's determination can be treated as advisory. *See Dawson v. Contractors Transp. Corp.*, 467 F.2d 727, 730 (D.C. Cir. 1972); *Nat'l Ass'n For Advancement of Colored People (NAACP) v. Acusport Corp.*, 226 F. Supp. 2d 391 (E.D.N.Y. 2002); Fleming James, Jr., *Right to A Jury Trial in Civil Actions*, 72 YALE L.J. 655, 664 (1963) ("There is no reason, apart from history, why sharply disputed issues of fact in [an equitable claim] should not be tried to a jury if that mode of trial is thought preferable.").

## CONCLUSION

For the foregoing reasons, Public Resource is entitled to a jury trial, and the Court should deny Plaintiff-Counterdefendants' motion.

Dated:  August 25, 2014                    Respectfully submitted,

                                           /s/ Mitchell L. Stoltz
                                           Mitchell L. Stoltz (D.C. Bar No. 978149)
                                           mitch@eff.org
                                           ELECTRONIC FRONTIER FOUNDATION
                                           815 Eddy Street
                                           San Francisco, CA 94109
                                           Telephone: (415) 436-9333
                                           Facsimile:  (415) 436-9993

                                           David Halperin (D.C. Bar No. 426078)
                                           davidhalperindc@gmail.com
                                           1530 P Street NW
                                           Washington, DC 20005
                                           Telephone: (202) 905-3434

---

[2] Although Plaintiff-Counterdefendants are not entitled to any remedy in this case, the scope of any hypothetical injunction following a jury's determination of the facts would be determined by the Court. *See Educational Testing Servs. v. Katzman*, 670 F. Supp. 1237 n.2 (D.N.J. 1987); 3 MELVILLE B. NIMMER & DAVID NIMMER, NIMMER ON COPYRIGHT § 12.10[A] (2014).

Andrew P. Bridges (admitted)
abridges@fenwick.com
FENWICK & WEST LLP
555 California Street, 12th Floor
San Francisco, CA 94104
Telephone:  (415) 875-2300
Facsimile:   (415) 281-1350

*Attorneys for Defendant-Counterclaimant*
Public.Resource.Org, Inc.