**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| AMERICAN SOCIETY FOR TESTING AND MATERIALS d/b/a/ ASTM INTERNATIONAL;<br><br>NATIONAL FIRE PROTECTION ASSOCIATION, INC.; and<br><br>AMERICAN SOCIETY OF HEATING, REFRIGERATING, AND AIR CONDITIONING ENGINEERS,<br><br>    Plaintiffs/<br>    Counter-Defendants,<br><br>v.<br><br>PUBLIC.RESOURCE.ORG, INC.,<br><br>    Defendant/<br>    Counter-Plaintiff. | Case No. 1:13-cv-01215-TSC |

**PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO STRIKE JURY DEMAND**

Public Resource seeks to complicate a simple issue. Plaintiffs asserted copyright and trademark infringement claims against Public Resource for which they are seeking only equitable relief. Public Resource cannot and does not attempt to argue that it has a right to a jury trial based on Plaintiffs' claims. Instead, Public Resource contends that its counterclaim request for a judicial declaration that it has not infringed Plaintiffs' copyrights and trademarks is legal in nature and provides an independent basis for a jury trial. However, Public Resource mischaracterizes the relevant case law and simply ignores the numerous cases that have rejected this very argument – even though Plaintiffs cited several such cases in their opening brief. In fact, all courts who have considered this issue agree that an alleged infringer's counterclaims for non-infringement are equitable and do not give rise to a jury right when the intellectual property

owner only seeks equitable remedies for its infringement claims. Thus, Public Resource has no right to a jury trial, and Plaintiffs' motion to strike should be granted.

**I.      Courts Have Held that an Alleged Infringer Has No Right to a Jury Based on Declaratory Judgment Counterclaims Where the Intellectual Property Owner Seeks Only Equitable Relief.**

Contrary to Public Resource's assertion, the issue of whether an alleged copyright and/or trademark infringer has a right to a jury trial based on its counterclaims for declaratory judgment is not an issue of first impression. In their opening brief, Plaintiffs cited two cases that are directly on point and definitively reject Public Resource's contention that its counterclaims for declaratory judgment are legal claims that give it a right to a jury trial. In *Toyota Motor Sales, U.S.A., Inc. v. Tabari*, 610 F.3d 1171 (9th Cir. 2010), Toyota, the copyright and trademark owner, sued alleged infringers who brought counterclaims seeking declarations of trademark invalidity and non-infringement. The court affirmed the district court's decision that the alleged infringers had no right to a jury trial on their counterclaims because the intellectual property owner had sought only an injunction. *Id*. at 1183-84. Likewise, in *Emmpresa Cubana del Tabaco v. Culbro Corp.*, 123 F. Supp. 2d 203, 211-12 (S.D.N.Y. 2000), also cited in Plaintiffs' opening brief, the court struck the alleged infringer's jury demand based on its counterclaim for declaratory judgment that use of a trademark was non-infringing where the trademark owner's complaint raised only equitable claims.

Far from being an issue of first impression, as Public Resource asserts, this is a question that multiple courts have considered only to reach the same conclusion: There is no right to a jury trial based on an alleged infringer's declaratory judgment claims when the plaintiff in the underlying claim decides to seek only equitable relief.

**II.    Public Resource's Declaratory Judgment Counterclaims Are Not Legal Claims.**

Unable to find any precedent in its favor, Public Resource relies on patent cases that have discussed the right to a jury trial in the context of a declaratory judgment claim. In Public Resource's telling, these patent cases hold that when there is a declaratory judgment counterclaim, the determination of whether the claim is legal or equitable is determined "by looking at whether legal remedies such as damages *could have been sought*." Opp. at 3. Public Resource argues that because Plaintiffs here could have chosen to pursue a legal remedy based on their allegations of copyright and trademark infringement, Public Resource's declaratory judgment counterclaims must be characterized as legal. Opp. at 5-6. However, Public Resource grossly mischaracterizes the cases from which it claims to have derived the proposition that its counterclaims are legal claims. The very cases Public Resource cites actually provide further support for Plaintiffs' motion and for the proposition that Public Resource's counterclaims are equitable in nature because Plaintiffs decided to seek only equitable relief for their infringement claims.

The main case on which Public Resource relies is *In re Lockwood*, 50 F.3d 966 (Fed. Cir. 1995), *vacated sub nom. Am. Airlines, Inc. v. Lockwood*, 515 U.S. 1182 (1995),[1] in which the alleged infringer brought counterclaims seeking a declaration of non-infringement and invalidity of the patents in response to the patent owner's allegations of patent infringement and claim for damages. The court granted the defendant's motion for summary judgment on its declaratory claim for non-infringement and dismissed the patent owner's infringement claim, which left only the counterclaim for declaratory judgment regarding the validity of the patents. The patent owner, *not* the alleged infringer, demanded that the issue of validity be tried to a jury. *Id*. at 968.

---

[1] Although *Lockwood* was vacated by the Supreme Court, Plaintiffs do not disagree with Public Resource's statement that its reasoning continues to be cited with approval.

The court stated that whether there was a right to a jury would depend on whether there would have been a right to a jury in a case determining patent validity prior to the merger of the courts of law and equity. *Id*. at 973. The court explained that in eighteenth-century England and in nineteenth-century America, a patent owner could raise allegations of patent infringement in either an action at law or a suit in equity. "The choice of forum and remedy, and thus of the method of trial, was left with the patentee" such that "it was the patentee who decided in the first instance whether a jury trial on the factual questions relating to validity would be compelled." *Id*. at 976. As a result, the court held that the patent owner was entitled to the choice of whether or not to have a jury decide the invalidity claim. *Id*.

Public Resource ignores *Lockwood*'s holding that it is the patent owner who decides whether to have a jury trial on the issue of invalidity. Instead, Public Resource mischaracterizes *Lockwood* as follows: "Although the patent holder chose not to seek damages, the availability of a damages claim made the alleged infringer's declaratory judgment request a legal claim, to which a jury right attached." Opp. at 4. Not only is this a misreading of *Lockwood*'s facts, because the patent holder had in fact sought damages, but the Federal Circuit in a later case also explicitly rejected this very characterization of *Lockwood*. In *In re Technology Licensing Corporation*, another case that Plaintiffs cited in their opening brief, the Federal Circuit explained:

> *Lockwood* does not stand for the proposition that a counterclaim for invalidity always gives rise to a right to a jury trial (for either party) on the ground that it is an inverted infringement action and that a patentee at common law had the right to a jury by filing an infringement action and seeking damages. Instead, the more accurate reading of *Lockwood* is that (1) it preserves to the patentee the right to elect a jury by seeking damages in an infringement action or counterclaim, and (2) the accused infringer or declaratory judgment counterclaimant is entitled to a jury trial only if the infringement claim, as asserted by the patentee, would

4

> give rise to a jury trial. *Thus, if the patentee seeks only equitable relief, the accused infringer has no right to a jury trial, regardless of whether the accused infringer asserts invalidity as a defense . . . or as a separate claim (as in this case).*

*In re Tech. Licensing Corp.*, 423 F.3d 1286, 1290-91 (Fed. Cir. 2005) (emphasis added). Thus, contrary to Public Resource's characterization, *Lockwood* held that, even when a declaratory judgment action is brought by the alleged infringer, it is the intellectual property owner who has the choice of whether to have a jury.

Public Resource also mischaracterizes the other case on which it relies for its novel argument, *Sanofi-Synthelabo v. Apotex, Inc.*, 2002 U.S. Dist. LEXIS 15345 (S.D.N.Y. Aug. 20, 2002). Public Resource claims that this case stands for the proposition that a "jury trial is available on declaratory judgment of non-infringement where party claiming patent rights could choose either to pursue a legal or equitable remedy." Opp. at 4 (quotation omitted). In *Sanofi*, the alleged infringer had not yet begun to sell the allegedly infringing product, so the patent holder had suffered no damages and could not have pursued a legal remedy for patent infringement. *Id*. at *20. The court stated that, in such a case, the patent holder would not have had the option of bringing an action at law in the eighteenth century. Thus, in this limited circumstance, the patent holder had no choice but to seek an equitable remedy and therefore had no right to a jury. *Id*.

It does not follow from the *Sanofi* court's holding, however, that there is always a right to a jury whenever a patent holder could choose between bringing a legal or equitable claim. Indeed, the *Sanofi* court recognized that in a typical case, the patent holder has the choice of whether to pursue a legal or equitable remedy, and that there is no right to a jury trial if it chooses to pursue only equitable remedies. *Id.* at *11 (discussing *Lockwood*'s reasoning that patent holder's choice of remedy was the deciding factor in whether a jury trial is available).

5

Thus, contrary to Public Resource's misleading parenthetical, the court in *Sanofi* did not hold or imply that a jury trial would *always* be available if the patent holder could have chosen to pursue a legal remedy.

Not only do the two cases that Public Resource cites fail to support its argument that an alleged infringer who has brought a declaratory judgment counterclaim has a right to a jury trial where the intellectual property owner has chosen to pursue only equitable remedies, several courts have made it clear that the alleged infringer has no right to a jury trial in that circumstance.  As discussed above, in *Toyota Motor Sales* and *Emmpressa Cubana del Tabaco,* courts held that an alleged infringer who brought a declaratory judgment counterclaim had no right to a jury trial when the intellectual property owner sought only equitable relief with respect to its infringement claims.  610 F.3d at 1183-84; 123 F. Supp. 2d at 211-12.  Courts have reached the same conclusion in the context of patent claims.  In *In re Technology Licensing*, the Federal Circuit stated definitively that there would be no right to a jury for either party in a scenario much like the case at hand.  The court stated:

> [I]f [the patent holder] had filed a standard infringement action as plaintiff and had requested only an injunction, neither [the patent holder] nor [the alleged infringer] would have been entitled to a jury trial, regardless of whether [the alleged infringer] raised invalidity as a defense or in a counterclaim.  By choosing the equity route for its infringement action, [the patent holder] would have ensured that neither claim would be triable to a jury.

423 F.3d at 1291.  Likewise, in *KAO Corp. v. Andrew Jergens Co.*, 2003 U.S. Dist. LEXIS 6677 (D. Del. Apr. 17, 2003), in response to allegations of infringement and a claim for damages, the alleged infringer raised affirmative defenses and brought a counterclaim seeking declaratory judgment of non-infringement and invalidity.  Although the patent holder later withdrew its claim for damages, the alleged infringer claimed to have a right to a jury trial based on its

counterclaims. The court held that "an alleged infringer has no entitlement to a trial by jury by virtue of pleading counter-claims asserting noninfringement and invalidity, claims which are equitable in nature with no attendant right to damages." *Id*. at *9.

Thus, the courts are in agreement that the accused infringer who is a declaratory judgment counterclaimant is entitled to a jury trial only if the infringement claim asserted by the intellectual property owner would give rise to a right to a jury trial. Here, Plaintiffs' infringement claims seek only equitable relief and therefore Public Resource has no right to a jury trial.

**III.    Public Resource's Lack of a Right to a Jury is Not Based on Artful Pleading or the Sequence in Which the Parties Filed Their Claims.**

Because Public Resource's counterclaims are not legal in nature, Public Resource's remaining arguments are irrelevant. Specifically, Public Resource cites a number of cases in which courts have held that the party who sues first cannot deprive the opposing party of its right to a jury trial, a proposition with which Plaintiffs do not disagree. However, these cases are not relevant because Plaintiffs do not rely on the sequence in which the claims were asserted in support of their argument that Public Resource does not have a right to a jury.

For example, Public Resource cites *Beacon Theatres v. Westover*, 359 U.S. 500, 504 (1959), which held that the fact that a defendant raised its legal claims in the context of counterclaims against a party who first initiated the litigation did not deprive the defendant of its right to a jury. However, *Beacon Theatres* is not instructive here because the defendant's right to a jury trial was based on the fact that its counterclaims arose in law rather than in equity. In contrast, as discussed above, Public Resource's counterclaims are not legal in nature.

Similarly, Public Resource cites *Pacific Indemnity Co. v. McDonald*, 107 F.2d 446, 449 (9th Cir. 1939), which held that where an insurer brought an action seeking a declaration that it

was not liable for injuries caused by a policy holder, the injured person had a right to a jury trial because if she had brought the claim against the insurance company, her claim would have been a legal claim. This case also is not relevant because Plaintiffs not only could have brought claims against Public Resource seeking only equitable relief, they in fact did bring infringement claims against Public Resource for which they seek only equitable relief.

Plaintiffs do not rely on "artful pleading" or the fact that they filed their claims before Public Resource filed its declaratory judgment claim in support of their motion to strike Public Resource's jury demand. Instead, Public Resource has no right to a jury trial because neither party has asserted a legal claim and the only remedies sought are equitable in nature. *See Wooddell v. Int'l Bhd. of Elec. Workers*, 502 U.S. 93, 97 (1991); *Crocker v. Piedmont Aviation, Inc.*, 49 F.3d 735, 745 (D.C. Cir. 1995).

## CONCLUSION

Every court that has considered this issue has concluded that an alleged infringer who has asserted counterclaims for non-infringement has no right to a jury trial where the intellectual property owner seeks only equitable remedies for its underlying infringement claim. Public Resource provides no authority for its argument that it has a right to a jury trial based on its counterclaims, an argument that has been considered and rejected resoundingly by the courts.

Although Plaintiffs could have sought substantial actual damages or statutory damages from Public Resource based on its infringement of hundreds of copyrighted standards and Plaintiffs' registered trademarks, Plaintiffs made the decision not to seek damages. It was this decision that dictates that Public Resource has no right to a jury trial. Thus, the Court should strike Public Resource's jury demand.

Dated: September 5, 2014	Respectfully submitted,

/s/ Michael Clayton

Michael F. Clayton (D.C. Bar: 335307)
J. Kevin Fee (D.C. Bar: 494016)
Jordana S. Rubel (D.C. Bar: 988423)
Morgan, Lewis & Bockius LLP
1111 Pennsylvania Ave., N.W.
Washington, D.C. 20004
Telephone: 202.739.5215
Email: mclayton@morganlewis.com
       jkfee@morganlewis.com
       jrubel@morganlewis.com

*Counsel For American Society For Testing And Materials d/b/a/ ASTM International*

/s/ Kelly Klaus

Anjan Choudhury (D.C. Bar: 497271)
Munger, Tolles & Olson LLP
355 South Grand Avenue, 35th Floor
Los Angeles, CA  90071
Tel: 213.683.9100
Email:  Anjan.Choudhury@mto.com

Kelly M. Klaus
Jonathan H. Blavin
Munger, Tolles & Olson LLP
560 Mission St., 27th Floor
San Francisco, CA 94105
Tel:  415.512.4000
Email: Kelly.Klaus@mto.com
       Jonathan.Blavin@mto.com

*Counsel for National Fire Protection Association, Inc.*

/s/ Kenneth Steinthal

Jeffrey S. Bucholtz (D.C. Bar: 452385)
King & Spalding LLP
1700 Pennsylvania Avenue, NW, Ste. 200
Washington, DC 20006-4707
Tel: 202.737.0500
Email: jbucholtz@kslaw.com

9

          Kenneth L. Steinthal
          Joseph R. Wetzel
          King & Spalding LLP
          101 Second Street, Ste. 2300
          San Francisco, CA 94105
          Tel: 415.318.1211
          Email: ksteinthal@kslaw.com
                 jwetzel@kslaw.com

*Counsel for American Society of Heating, Refrigerating, and Air Conditioning Engineers*

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing Plaintiffs' Reply in Support of Motion to Strike Jury Demand was served this 5th day of September, 2014 via CM/ECF upon the following:

Counsel for Public.Resource.Org, Inc.:

Andrew Bridges

Kathleen Lu

David Halperin

Mitchell L. Stoltz

Corynne McSherry

Joseph Gratz

Mark Lemley

                                              _/s/ Jordana Rubel_____
                                                   Jordana Rubel