**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| AMERICAN SOCIETY FOR TESTING AND MATERIALS d/b/a ASTM INTERNATIONAL; <br><br> NATIONAL FIRE PROTECTION ASSOCIATION, INC.; and <br><br> AMERICAN SOCIETY OF HEATING, REFRIGERATING, AND AIR CONDITIONING ENGINEERS, <br><br>     Plaintiffs/Counter-Defendants, <br><br>  v. <br><br> PUBLIC.RESOURCE.ORG, INC., <br><br>     Defendant/Counter-Plaintiff. | Case No. 1:13-cv-01215-TSC |

**DEFENDANT PUBLIC.RESOURCE.ORG, INC.'S
MOTION TO COMPEL DISCOVERY**

**Table of Contents**

Page

I. INTRODUCTION ........................................................................................................... 1

II. CASE BACKGROUND ................................................................................................. 1

    A. Plaintiffs-Counterdefendants' Claims and Public Resource's Counterclaims ............................................................................................. 1

    B. Plaintiffs-Counterdefendants' Deficient Responses to Public Resource's Discovery Requests.................................................................................... 2

III. LEGAL STANDARD..................................................................................................... 3

IV. ARGUMENT .................................................................................................................. 4

    A. Plaintiffs-Counterdefendants' Licensing Agreements Are Relevant to Their Revenues and to Public Resource's Affirmative Defenses (RFP No. 18). ................................................................................................ 4

    B. Individual Assignment of Rights Agreements Are Relevant to Authorship and Ownership of the Works at Issue and Plaintiffs-Counterdefendants' Standing to Bring Infringement Claims (RFP Nos. 2 and 6)............................................................................................ 6

    C. Documents Relating to Financial Contributions Are Also Relevant to the Issue of Ownership if the Works at Issue (RFP Nos. 4, 12, 13, 14, 15). .................................................................. 7

    D. Documents Relating to This Litigation Represent the Core of Relevant Documents And Plaintiffs-Counterdefendants Fail to Carry Their Burden of Showing That Documents Are Subject to Claims of Privilege (RFP Nos. 8, 9, 17 and 18). .................................................. 9

    E. Plaintiffs-Counterdefendants Are in a Superior Position to Identify and Produce Documents Relating to Legal Authority Incorporating Plaintiffs-Counterdefendants' Standards (RFP No. 5)............................................................ 11

    F. Plaintiff-Counterdefendant NFPA's ROP/ROC's Are Not Responsive to Numerous of Public Resource's Requests (RFP Nos. 2, 4, 12, 13, and 15). ........................................................................................................ 12

V. CONCLUSION............................................................................................................. 13

RULE 37(a)(2) CERTIFICATE ................................................................................................ 14

# Table of Authorities

**Page(s)**

**CASES**

*Alcatel USA, Inc. v. DGI Technologies, Inc.*,
 166 F.3d 772 (5th Cir. 1999) ..................................................................................................5

*Barnes & Noble, Inc. v. LSI Corp.*,
 C 11-02709 EMC LB, 2012 WL 6697660 (N.D. Cal. Dec. 23, 2012) .....................................5

*Cable & Computer Tech. v. Lockheed Sanders, Inc.*,
 175 F.R.D. 646 (C.D. Cal. 1997) .............................................................................................4

*Feld v. Fireman's Fund Ins. Co.*,
 991 F. Supp. 2d 242 (D.D.C. 2013) .......................................................................................10

*The Navajo Nation v. Peabody Holding Co., Inc.*,
 255 F.R.D. 37 (D.D.C. 2009)..................................................................................................10

*Practice Mgmt. Info. Corp. v. Am. Med. Ass'n*,
 121 F.3d 516 (9th Cir. 1997), *amended*, 133 F.3d 1140 (9th Cir. 1998)..................................5

*TIG Ins. Co. v. Firemen's Ins. Co. of Washington, D.C.*,
 718 F. Supp. 2d 90 (D.D.C. 2010) ...............................................................................3, 4, 11

*U.S. ex rel Pogue v. Diabetes Treatment Ctrs. of Am.*,
 235 F.R.D. 521 (D.D.C. 2006).................................................................................................4

**OTHER AUTHORITIES**

Fed. R. Civ. P. 26(b)(1)...................................................................................................................3

Fed. R. Civ. P. 26 (b)(5)(A) ..........................................................................................................10

**I.     INTRODUCTION**

Defendant Public.Resource.Org ("Public Resource") moves to compel the production of documents responsive to its First Set of Requests for Production of Documents to Plaintiffs-Counterdefendants American Society For Testing and Materials ("ASTM"), National Fire Protections Association, Inc. ("NFPA") and American Society Of Heating, Refrigerating And Air Conditioning Engineers ("ASHRAE") (collectively "Plaintiffs" or "Plaintiffs-Counterdefendants").  Plaintiffs chose to bring suit against Public Resource yet now seek to avoid their own discovery obligations, without justification, by refusing to produce documents that are relevant to Public Resource's defenses and counterclaims.  Moreover, withholding categories of documents based only on unsupported assertions of privilege does not comport with Plaintiffs-Counterdefendants' discovery obligations under the Federal Rules.

**II.    CASE BACKGROUND**

**A.     Plaintiffs-Counterdefendants' Claims and Public Resource's Counterclaims**

Plaintiffs-Counterdefendants filed a Complaint against Public Resource on August 6, 2013 regarding Public Resource's posting of standards that have been incorporated into public laws.  *See* Complaint ("Compl."), ¶ 112-134.  On September 27, 2013, Public Resource filed its answer alleging several affirmative defenses and counterclaims seeking declaratory relief.  *See* Counterclaim, ¶¶ 174-205, Affirmative And Other Defenses, ¶¶ 1-12 (ECF No. 21).  Specifically, Public Resource seeks a declaration that its reproduction, reformatting, and posting of the standards at issue do not constitute copyright infringement. *See* Counterclaim, ¶¶ 187, 196-205.  Public Resource further seeks a declaration that its reproduction of Plaintiffs-Counterdefendants' logos and names in the circumstances of this case does not give rise to claims under the Lanham Act**.**  *See* Counterclaim, ¶¶ 174-195.

1

**B.      Plaintiffs-Counterdefendants' Deficient Responses to Public Resource's Discovery Requests.**

This motion arises because Plaintiffs-Counterdefendants have refused to produce many unprivileged documents responsive to Public Resource's Requests for Production. In accordance with this Court's December 31, 2013 Scheduling Order (ECF No. 30), Public Resource propounded on each Plaintiff written discovery requesting relevant documents and information, including a set of eighteen Requests for Production of Documents, a set of seven Interrogatories and a single Request For Admission. *See* Declaration of Kathleen Lu in Support of Defendant Public.Resource.Org, Inc.'s Motion to Compel ("Lu Decl."), Ex. 2, Ex. 1-3. Public Resource tailored its discovery requests to elicit documents and information relevant to the claims, counterclaims, and affirmative defenses that the parties asserted.

Despite the clear relevance of the documents Public Resource seeks, Plaintiffs-Counterdefendants now refuse to produce, or they attempt drastically to limit the production of, several categories of highly relevant documents, including:

- executed license agreements (RFP No 18), *see* Lu Decl., Exs. 1-6, 8, 11, 14, 15;

- executed assignment of rights agreements (RFP Nos. 2, 6), *see* Lu Decl., Exs. 1-5, 8, 11, 14, 5;

- documents and communications concerning financial contributions to Plaintiffs-Counterdefendants (RFPs 4, 12, 13, 14, 15), *see* Lu Decl., Exs. 1-9, 11, 15;

- documents and communications concerning the litigation or Plaintiffs-Counterdefendants' decision to take legal action against Public Resource and its principal (RFPs 8, 9, 17, 18), *see* Lu Decl., Exs. 1-6, 7-9, 10, 11, 12, 14, 15.

- documents concerning the laws that incorporate Plaintiffs-Counterdefendants' standards (RFP 5), *see* Lu Decl., Exs. 1-9.

2

Plaintiffs-Counterdefendants fail to provide any compelling justification for their withholding or limiting the production of these documents. They simply assert boilerplate burden and relevance objections. Moreover, Plaintiffs-Counterdefendants improperly seek to withhold categories of documents based on the unremarkable assertion that *some* responsive documents *may* be privileged. Rather than meeting their burden of providing a privilege log to justify privilege assertions or otherwise show that most or many responsive documents are privileged, Plaintiffs-Counterdefendants attempt to shirk their discovery obligations entirely.

The parties have met and conferred on the issues presented in this motion several times over a period of many months in an attempt to reach an agreement without involvement of this Court. Through the exchange of letters and lengthy phone conferences with Plaintiff-Counterdefendants' counsel since May 2014, Public Resource has brought these deficiencies to Plaintiff-Counterdefendants' attention. Throughout the process of meeting and conferring over this motion, Public Resource has highlighted the clear relevance of the categories of documents it seeks. To date, each of Plaintiff-Counterdefendants' responses and productions has been deficient, and the parties are at an impasse as to the proper scope of discovery.

## III.    LEGAL STANDARD

The Federal Rules establish a broad right to discovery of "any non-privileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). Courts have consistently interpreted Rule 26 to allow wide-ranging discovery of all information reasonably calculated to lead to the discovery of admissible evidence, regardless of whether the information is itself admissible. *TIG Ins. Co. v. Firemen's Ins. Co. of Washington, D.C.*, 718 F. Supp. 2d 90, 96 (D.D.C. 2010); *U.S. ex rel Pogue v. Diabetes Treatment Ctrs. of Am.*, 235 F.R.D. 521, 525 (D.D.C. 2006). Broad discovery serves to "ensure that litigation proceeds with 'the fullest possible

knowledge of the issues and facts before trial.'" *TIG Ins. Co,* 718 F. Supp. 2d at 96. As such, "[t]he party who resists discovery has the burden to show that discovery should not be allowed and has the burden of clarifying, explaining, and supporting its objections." *Cable & Computer Tech. v. Lockheed Sanders, Inc.*, 175 F.R.D. 646, 650 (C.D. Cal. 1997).

## IV. ARGUMENT

Plaintiffs-Counterdefendants brought this lawsuit but refuse to accept the consequence that they must respond reasonably to Defendants' efforts to obtain discovery to defend the lawsuit. Plaintiffs-Counterdefendants refuse to produce numerous categories of documents directly relevant to the claims and affirmative defenses at issue. They thus unfairly deprive Public Resource of documents relevant to critical factual and legal issues without providing justification. The weakness of Plaintiffs-Counterdefendants' position is evident in the fact that they have lodged boilerplate objections regarding relevance, the burden of searching for relevant documents, and the burden of preparing a privilege log.

None of Plaintiff-Counterdefendants' bare assertions provides any valid basis for their withholding of entire categories of documents. Relevance has a broad sweep under Rule 26, and Plaintiff-Counterdefendants cannot unilaterally cherry-pick which issues they deems most relevant. Moreover, Plaintiff-Counterdefendants have failed to carry their burden of establishing the documents they have withheld are properly subject to a claim of privilege. With fact discovery drawing to a close, Public Resource will be greatly prejudiced if Plaintiffs-Counterdefendants do not immediately comply with their discovery obligations in this case.

### A. Plaintiffs-Counterdefendants' Licensing Agreements Are Relevant to Their Revenues and to Public Resource's Affirmative Defenses (RFP No. 18).

Public Resource's Request No. 18 seeks "[a]ll documents constituting, comprising, or concerning licenses with respect to any Work-At-Issue." The specific terms of each such license

4

are relevant to many issues, including Plaintiffs-Counterdefendants' revenues and the alleged harm to Plaintiffs-Counterdefendants as a result of lost sales and licensing opportunities. The alleged harm to Plaintiffs-Counterdefendants is in turn relevant to several of Public Resource's defenses, including whether Plaintiffs-Counterdefendants are entitled to injunctive relief, and the market-harm analysis of the fair use defense. The license agreements also may shed light on whether and on what terms Plaintiffs-Counterdefendants authorize government entities to incorporate their works into law or otherwise use them, and whether Plaintiffs-Counterdefendants assent to any such uses. Furthermore, license agreements are relevant to show whether Plaintiffs-Counterdefendants license their works in a manner that violates public policy, which affects Public Resource's copyright and trademark misuse defenses. *See, e.g.*, *Practice Mgmt. Info. Corp. v. Am. Med. Ass'n*, 121 F.3d 516 (9th Cir. 1997), *amended*, 133 F.3d 1140 (9th Cir. 1998)( restrictive software license constituted copyright misuse as a matter of law); *see also Alcatel USA, Inc. v. DGI Technologies, Inc.*, 166 F.3d 772, 794 (5th Cir. 1999)(same); *Barnes & Noble, Inc. v. LSI Corp.*, C 11-02709 EMC LB, 2012 WL 6697660 (N.D. Cal. Dec. 23, 2012)(in patent infringement case, executed patent license agreements and drafts relevant to the issue of infringement, granting motion to compel).

      Plaintiffs-Counterdefendants have agreed to produce "representative samples" and "form" versions of licensing agreements but refuse to produce copies of all executed license agreements. *See* Lu Decl., Ex. 8, 12, 15. Plaintiffs-Counterdefendants have failed to provide any compelling reason why these documents should be withheld, apart from bare assertions that searching for and producing such licenses is an "extreme burden." *See* Lu Decl., Ex. 8. Public Resource, in attempt to offer a reasonable compromise, proposed to Plaintiff-Counterdefendant NFPA that it produce a single form agreement for each license agreement, plus a list of

5

signatories thereto, provided that NFPA certifies that each form agreement does not differ from the executed license agreements and subject to Public Resource's right to request the executed agreements for any particular signatories.  *See* Lu Decl., Ex 14.  NFPA has not indicated whether it agrees to this compromise.  *See* Lu Decl., ¶ 19.  Consequently, Defendants seek an order from this Court compelling Plaintiffs-Counterdefendants to produce all documents constituting, comprising, or concerning licenses with respect to any standard at issue, including the executed version of each license agreement.

B. **Individual Assignment of Rights Agreements Are Relevant to Authorship and Ownership of the Works at Issue and Plaintiffs-Counterdefendants' Standing to Bring Infringement Claims (RFP Nos. 2 and 6).**

Public Resource propounded several requests pertaining to Plaintiffs-Counterdefendants' assignment of rights agreements.  Specifically, Request No. 2 seeks documents sufficient to establish a complete chain of title for each Work-At-Issue.  Request No. 6 seeks "[a]ll documents constituting, comprising, referring to, or evidencing agreements between Plaintiffs-Counterdefendants and Persons who participated in the Standards process of each Work-At-Issue."  As with license agreements, Plaintiffs-Counterdefendants seek to restrict their production to "form" agreements, including "form" assignment of rights and copyright release agreements.  *See* Lu Decl., Exs. 1-6, 8, 11, 12, 14, 15.  NFPA will produce only screen shots of the current click-through assignment agreement, and "current version[s]" of other agreements.  *See* Lu Decl., Ex. 6.

Individual assignment agreements are directly relevant to Plaintiffs-Counterdefendants' claims of ownership over the standards at issue.  This affects whether Plaintiffs-Counterdefendants have standing to maintain their infringement claims.  Plaintiffs-Counterdefendants are national organizations that receive contributions of labor from thousands of individuals nationwide in preparing their standards.  The standards at issue were the work of

6

many authors, including both government and private-sector employees. Thus each individual assignment is relevant to show whether a contributor to a standard actually assigned its rights in that standard to a Plaintiff-Counterdefendant and to each Plaintiff-Counterdefendant's knowledge of the ownership of the standards at issue at the time those works became incorporated into law. It is obvious that this critical factual investigation cannot be made by looking at a form agreement, which does not evidence the assent of individual contributors, the specific terms of the assignment, or any defects that may be present in an individual assignment.

Plaintiffs-Counterdefendant ASTM has asserted that the "real issue" is not the authorship or ownership of the standards at issue, that Plaintiff-Counterdefendant cannot foresee how Public Resource intends to review these documents, and that the requests are overly broad. *See* Lu Decl., ¶ 13, Ex. 8, p.2. These determinations are not for Plaintiffs-Counterdefendants to make, especially given the clear relevance of these documents to the claims and defenses in the case. Consequently, Public Resource seeks an order compelling Plaintiffs-Counterdefendants to produce all documents constituting, comprising, referring to, or evidencing agreements between Plaintiffs-Counterdefendants and Persons who participated in the Standards process of each Work-At-Issue, including each individual agreement.

C.    **Documents Relating to Financial Contributions Are Also Relevant to the Issue of Ownership if the Works at Issue (RFP Nos. 4, 12, 13, 14, 15).**

Five of Public Resource's document requests seek documents relating to Plaintiffs-Counterdefendants' "contributions". Public Resource's document requests define "contribution" to include "financial support." *See* Lu Decl., Exs. 1-3. Specifically, Public Resource's Request No. 4 requests documents "sufficient to identify all Contributions in support of the Standards Process of each Work-At-Issue." Request No. 12 requests documents concerning Contributions to Plaintiffs-Counterdefendants "received from any government entity in connection with the

7

Standards Process of each Work-At-Issue." Request No. 13 requests documents concerning Contributions to Plaintiffs-Counterdefendants "received from any not-for-profit entity (other than a government entity) in connection with the Standards Process of each Work-At-Issue." Request No. 14 requests "documents constituting, comprising or concerning communications requesting Contributions of any form from any person in connection with the Standards Process of each Work-At-Issue." Finally, Request No. 15 requests "documents concerning offers of Contributions from any Person in connection with the Standards Process of each Work-At-Issue."

Financial contributions are relevant to Plaintiffs-Counterdefendants' speculative allegations that they will suffer financial harm unless they can enforce copyright protection over standards that have become incorporated into law. *See* Compl., ¶¶ 135-37. Plaintiffs-Counterdefendants allege that most of their revenue comes from the sale and licensing of standards, and that revenue from financial contributions trails far behind. *See* Compl., ¶ 136. Plaintiffs-Counterdefendants allege that "[d]epriving Plaintiffs and other SDOs of this important independent source of revenue would substantially diminish the quality of future standards." *See* Compl., ¶ 137. Financial contributions for the creation of standards are thus directly relevant to whether Plaintiffs-Counterdefendants would in fact suffer the financial harm they allege.

Financial contributions are relevant to numerous other issues, including Plaintiffs-Counterdefendants' incentives to develop standards and whether Plaintiffs-Counterdefendants receive direct financial contributions from government entities that incorporate their standards. Financial contributions are also relevant to the ownership and authorship of the standards at issue, and whether any of Plaintiffs-Counterdefendants' standards may be a work for hire with other entities owning the copyright. Finally, financial harm is relevant to whether Plaintiffs-Counterdefendants are entitled to injunctive relief and to the fair use analysis.

Plaintiffs-Counterdefendants object to these requests, seeking to exclude documents concerning "financial support"[1] and attempting to limit the definition of contribution to "assistance, advice or labor."  *See* Lu Decl., Exs. 8, 15.  NFPA has agreed to produce only "Reports on Proposals," or "ROPs", and "Reports on Comments", or "ROCs", neither of which provide any information relating to financial contributions.  *See* Lu Decl., Ex 6.

Because the discovery it seeks is entirely relevant, and reasonably tailored, to the claims and defenses in the case, Defendant seeks an order compelling Plaintiffs-Counterdefendants to produce all documents relating to contributions, including but not limited to contributions of financial support.

**D.     Documents Relating to This Litigation Represent the Core of Relevant Documents And Plaintiffs-Counterdefendants Fail to Carry Their Burden of Showing That Documents Are Subject to Claims of Privilege (RFP Nos. 8, 9, 17 and 18).**

Plaintiffs-Counterdefendants refuse to produce a core of relevant documents: those relating to this litigation or the possibility of taking legal action against Public Resource or its principal Carl Malamud.  Specifically, Public Resource's Request Nos. 8 and 9 mirror Plaintiffs-Counterdefendants' Request No. 28 which requests "[a]ll documents regarding Carl Malamud" and "[a]ll documents regarding Public Resource or its representatives (other than Carl Malamud), including its legal representatives."  Public Resource's Request No. 17 requests "[a]ll documents constituting, comprising, or concerning communications by You regarding this dispute or litigation."  Finally, Public Resource's Request No. 16 requests "[a]ll documents constituting, comprising, or concerning communications criticizing Your claims, statements, arguments, or positions in this dispute or litigation."  Public Resource has clarified that this request requires only

---

[1]  ASHRAE further objects to Request No. 13 on the grounds that the request "requires ASHRAE to reach a legal conclusion whether entities maintain a 'not-for-profit' status."  Whether an entity is not-for-profit is not a legal question, and ASHRAE can rely on a contributor's own characterization of itself as not-for-profit.

9

the production of documents which relate to the matters in the Complaint and which are in Plaintiffs-Counterdefendants' possession, custody or control. *See* Lu Decl., Ex 9.

These types of requests are standard practice in litigation for the obvious reason that documents and communications discussing the parties and the issues at dispute in a lawsuit are in most cases some of the most relevant documents for purposes of discovery. These documents are critically important to Public Resource's counterclaims and defenses, such as fair use, unclean hands, copyright misuse, trademark misuse, and lack of irreparable injury. In fact, Requests Nos. 8 and 9 virtually mirror Plaintiffs-Counterdefendants' own Request No. 28 seeking documents from Public Resource. Public Resource's requests pertain to communications that do not seek nor comprise legal advice and to which no privilege applies. Public Resource believes that several of Plaintiffs-Counterdefendants' custodians are likely to have relevant, non-privileged documents relating to this litigation. *See* Lu Decl., ¶ 21. Moreover, Plaintiffs-Counterdefendants bear the burden of justifying the withholding of each document on privilege grounds. *See* Fed. R. Civ. P. 26 (b)(5)(A)[2]; *see also Feld v. Fireman's Fund Ins. Co.*, 991 F. Supp. 2d 242, 251 (D.D.C. 2013)(a proponent of privilege bears the burden of demonstrating that each document is properly withheld on grounds of privilege); *see also The Navajo Nation v. Peabody Holding Co., Inc.*, 255 F.R.D. 37, 46 (D.D.C. 2009)(same). Under Rule 23, Plaintiffs-Counterdefendants must expressly assert grounds of privilege and describe the nature of the withheld documents so that Public Resource can assess each claim (*i.e.*, a privilege log).

---

[2] Federal Rule of Civil Procedure 26(b)(5)(A) is clear in its requirement that a party withholding information otherwise discoverable on grounds of privilege *must*: "(i) expressly make the claim; and (ii) describe the nature of the documents communications, or tangible things not produced or disclosed—and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim."

Here, however, Plaintiffs-Counterdefendants have turned this burden on its head and categorically excluded all responsive documents. This is a radical violation of the Federal Rules and significantly prejudices Public Resource. Plaintiffs-Counterdefendants give no explanation why all or even many communications from any time period that are responsive to this request are privileged. Public Resource is entitled to all responsive, non-privileged documents, as well as a privilege log describing the nature of all documents withheld on grounds of privilege. *TIG Ins. Co. v. Firemen's Ins. Co. of Washington, D.C.*, 718 F. Supp. 2d 90, 96-97 (D.D.C. 2010) (compelling production of documents where burden placed on plaintiff in gathering requested information and documents is outweighed by "the risk of leaving probative matters unexplored."). Plaintiffs-Counterdefendants violated their clear obligation by categorically refusing to search for and produce *any* responsive documents and by refusing to produce a privilege log for documents they withheld.

For these reasons, Public Resource seeks an order form this Court compelling Plaintiffs-Counterdefendants to produce all documents relating to this litigation or the possibility of taking legal action against Public Resource and its principal. In the alternative, this Court should require that Plaintiffs-Counterdefendants produce all responsive non-privileged documents with a contemporaneous detailed privilege log for any documents they withhold on grounds of privilege.

E.  **Plaintiffs-Counterdefendants Are in a Superior Position to Identify and Produce Documents Relating to Legal Authority Incorporating Plaintiffs-Counterdefendants' Standards (RFP No. 5).**

Public Resource's Request No. 5 requests documents "sufficient to identify every Legal Authority that incorporates each Work-At-Issue, either expressly or by reference".[3] Plaintiffs-Counterdefendants ASTM and NFPA refuse to produce responsive documents, objecting that these

---

[3]  Public Resource's requests define Legal Authority as "any governmental edict, rule, regulation, law, or other binding authority or expression."

11

documents are publicly available and the burden on the parties of identifying such documents is equal. In the parties' conversations, Plaintiffs-Counterdefendants have contended that they lack documents or information relating to Legal Authority that incorporates their Standards.

Despite Plaintiffs-Counterdefendants' objections, they are unquestionably in a superior position to know and identify the laws that incorporate their standards. First, Public Resource is not aware of all laws that incorporate the standards of standards development organizations such as Plaintiffs-Counterdefendants. Second, even if Plaintiffs-Counterdefendants do not keep track of standards which are incorporated into law, they may refer to their own communications with government entities and other records. Compared to the burden on Public Resource, the burden on Plaintiffs-Counterdefendants of searching for and producing responsive documents is likely to be minimal.

For these reasons, Public Resource asks the Court to compel Plaintiffs-Counterdefendants to produce documents sufficient to identify every Legal Authority that incorporates each Work-At-Issue, either expressly or by reference.

**F.    Plaintiff-Counterdefendant NFPA's ROP/ROC's Are Not Responsive to Numerous of Public Resource's Requests (RFP Nos. 2, 4, 12, 13, and 15).**

In addition to other defective responses that it shares in common with the other Plaintiffs-Counterdefendants, in response to numerous Public Resource requests Plaintiff-Counterdefendant NFPA indicated that it would produce only "Reports on Proposals" ("ROPs") and "Reports On Comments" ("ROCs"). NFPA describes the documents as listing "the voting and non-voting members of the relevant technical committee or committees, as well as the NFPA staff liaison. They also identify the individuals or organizations who submitted Public Input during the 'Input Stage' stage of the standard revision process, and the individuals or organizations who submitted

Public Comment during the 'Comment Stage' of the process, and they detail the response of the relevant technical committee to each Public Input and Public Comment." *See* Lu Decl., Ex. 6.

The ROPs and ROC, however, fail to respond adequately to several of Public Resource's requests, because they are simply summaries of the actual communications or documents that some of Public Resource's requests for production seek, and they do not include the actual communications or documents themselves. By contrast, for example, Public Resource's Request No. 10 calls for actual communications, including meeting and conference call minutes and notes. Moreover, Public Resource's Requests Nos. 12, 13, and 15 call for all responsive documents and communications, not simply summaries. Moreover, ROPs and ROCs do not provide information relating to financial contributions, as Requests Nos. 4, 12, 13 and 15 sought.

For these reasons Public Resource asks the Court to compel Plaintiff-Counterdefendant NFPA to produce all documents, not just Reports on Proposals and Reports on Comments, that respond to Request Nos. 2, 4,12, 13, and 15.

## V.   CONCLUSION

Public Resource's document requests focused narrowly on extremely important information. Plaintiffs-Counterdefendants' objections are wholly improper and dilatory, and Public Resource made no significant progress in seeking compliance by Plaintiffs-Counterdefendants. Public Resource respectfully requests that the Court grant this motion to compel and order Plaintiffs-Counterdefendants to produce all responsive documents.

Dated: September 14, 2014                    Respectfully submitted,

                                                                     */s/ Andrew P. Bridges*
                                                                     Andrew P. Bridges (admitted)
                                                                     abridges@fenwick.com
                                                                     Kathleen Lu (Admitted *Pro Hac Vice*)
                                                                     klu@fenwick.com
                                                                     FENWICK & WEST LLP
                                                                     555 California Street, 12th Floor
                                                                     San Francisco, CA 94104
                                                                     Telephone:  (415) 875-2300
                                                                     Facsimile:   (415) 281-1350

                                                                     David Halperin (D.C. Bar No. 426078)
                                                                     davidhalperindc@gmail.com
                                                                     1530 P Street NW
                                                                     Washington, DC 20005
                                                                     Telephone:  (202) 905-3434

                                                                     Mitchell L. Stoltz (D.C. Bar No. 978149)
                                                                     mitch@eff.org
                                                                     Corynne McSherry (Admitted *Pro Hac Vice*)
                                                                     corynne@eff.org
                                                                     ELECTRONIC FRONTIER FOUNDATION
                                                                     815 Eddy Street
                                                                     San Francisco, CA 94109
                                                                     Telephone:  (415) 436-9333
                                                                     Facsimile:   (415) 436-9993

                                                                     *Attorneys for Defendant/Counter Plaintiff*
                                                                     *Public.Resource.Org, Inc.*

## **RULE 37(a)(2) CERTIFICATE**

    I hereby certify, pursuant to Fed. R. Civ. P. 37(a)(2), that I have made a good faith effort to confer with Plaintiffs in an attempt to resolve this dispute.

                                                                     */s/ Andrew P. Bridges*
                                                                     Andrew P. Bridges

14