# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICAN SOCIETY FOR TESTING AND MATERIALS d/b/a ASTM INTERNATIONAL; <br><br> NATIONAL FIRE PROTECTION ASSOCIATION, INC.; and <br><br> AMERICAN SOCIETY OF HEATING, REFRIGERATING, AND AIR CONDITIONING ENGINEERS, <br><br>     Plaintiffs/Counter-Defendants, <br><br>  v. <br><br> PUBLIC.RESOURCE.ORG, INC., <br><br>     Defendant/Counter-Plaintiff. | Case No. 1:13-cv-01215-TSC |

**DECLARATION OF KATHLEEN LU IN SUPPORT OF DEFENDANT
PUBLIC.RESOURCE.ORG, INC.' MOTION TO COMPEL**

I, Kathleen Lu, declare as follows:

1. I am an attorney admitted to practice before this Court. I am an associate at Fenwick & West LLP, counsel of record for Defendant Public.Resource.org, Inc. ("Public Resource") in this matter. I have personal knowledge of the facts stated in this declaration and, if called to testify as a witness, I could and would testify competently about them.

2. Public Resource propounded on each Plaintiff-Counterdefendant written discovery requesting relevant documents and information, including Requests for Production of Documents, Interrogatories, and Request for Admissions.

3. Attached as **Exhibit 1** is a true and correct copy of Public Resource's First Set of Requests for Production of Documents to American Society of Heating, Refrigerating, and

Air-Conditioning Engineers, Inc. ("ASHRAE") (Nos. ASHRAE-1 through ASHRAE-18), served electronically via email on February 13, 2014.

4. Attached as **Exhibit 2** is a true and correct copy of Public Resource's First Set of Requests for Production of Documents to American Society for Testing and Materials d/b/a ASTM International ("ASTM") (Nos. ASTM-1 through ASTM-18), served electronically via email on February 19, 2014.

5. Attached as **Exhibit 3** is a true and correct copy of Public Resource's First Set of Request for Production of Documents to National Fire Protection Association, Inc. ("NFPA") (Nos. NFPA-1 through NFPA-18), served electronically via email on February 13, 2014.

6. The requests for production of documents to ASHRAE, ASTM, and NFPA (collectively, "Plaintiffs" or "Plaintiffs-Counterdefendants") were tailored to obtain unprivileged information relevant to the claims, counterclaims and affirmative defenses asserted by the parties.

7. Attached as **Exhibit 4** is a true and correct copy of ASHRAE's Objections and Responses to Public Resource's First Set of Requests for Production of Documents (Nos. ASHRAE-1 through ASHRAE-18), served March 20, 2014.

8. Attached as **Exhibit 5** is a true and correct copy of ASTM's Objections and Responses to Public Resource's First Set of First Set of Requests for Production of Documents (Nos. ASTM-1 through ASTM-18), served March 24, 2014.

9. Attached as **Exhibit 6** is a true and correct copy of NFPA's Objections and Responses to Public Resource's First Set of Requests for Production of Documents (Nos. NFPA-1 through NFPA-18), served March 20, 2014.

10. In their objections to Defendant's Requests for Production of Documents, Plaintiffs-Counterdefendants fail to provide any compelling justification for their attempts to

withhold or limit the production of these documents, other than to assert boilerplate burden and relevance objections. Additionally, whole categories of documents are being withheld based on Plaintiffs-Counterdefendants' assertion that some responsive documents may be privileged, an assertion Plaintiffs-Counterdefendants are unwilling to substantiate.

11.     Attached as **Exhibit 7** is a true and correct copy of a May 2, 2014 letter from my colleague Andrew P. Bridges, counsel for Public Resource, to counsel for Plaintiffs-Counterdefendants. The May 2, 2014 letter specifically addresses the insufficient and incomplete responses by Plaintiffs-Counterdefendants to Public Resource's Requests for Production of Documents.

12.     On April 21, 2014 and May 7, 2014, counsel for Public Resource engaged in a telephonic meet and confer session with counsel for Plaintiffs-Counterdefendants in an attempt to resolve the issues related to their insufficient and incomplete discovery responses. During this meet and confer session, counsel for Public Resource explained Public Resource's position regarding the clear relevance of the categories of documents requested by Public Resource.

13.     Attached as **Exhibit 8** is a true and correct copy of the May 23, 2014 letter from J. Kevin Fee, counsel for ASTM, responding to Public Resource's May 2, 2014 letter and summarizing the May 7, 2014 meet and confer session. In his May 23, 2014 letter, Mr. Fee summarizes Plaintiff-Counterdefendant ASTM's position that responsive documents which Public Resource seeks are likely to be privileged and that it will not produce documents relating to financial contributions. The letter May 23 letter also summarizes Plaintiff-Counterdefendant ASTM's position that it will only produce "representative samples" and "form" versions of licensing agreements and assignment of rights agreements. Mr. Fee further states: "[w]hile searching for some subset of this information could arguably be warranted if ASTM's initial

ownership was genuinely the real issue in this case, given that Public Resource's legal position is really premised on the impact of the incorporation by reference on ASTM's ownership of the copyrights in the standards, Public Resource's requests seek to unnecessarily and unduly burden ASTM for limited, if any, benefit to Public Resource."

14. Attached as **Exhibit 9** is a true and correct copy of a May 25, 2014 letter from Andrew Bridges to counsel for all Plaintiffs-Counterdefendants summarizing the discovery dispute, including issues relating to Plaintiffs-Counterdefendants' deficient responses to Public Resource Requests for Production of Documents, and the issues discussed during the May 7, 2014 meet and confer session.

15. Attached as **Exhibit 10** is a true and correct copy of the August 15, 2014 letter from J. Kevin Fee to counsel for Public Resource. The August 15, 2014 letter states that ASTM will not produce documents relating to the present litigation or the possibility of taking legal action against Public Resource or Mr. Malamud. The August 15, 2014 further states that it will not include any privileged documents created on or after January 1, 2013 in its privilege log.

16. Attached as **Exhibit 11** is a true and correct copy an August 22, 2014 letter from Andrew Bridges responding to the August 15, 2014 letter from J. Kevin Fee. The August 22, 2014 letter addresses and responds to ASTM's deficient discovery responses, including ASTM's efforts to limit the definition of "contribution" to exclude documents relating to financial contributions, and ASTM's stated position that it will only produce "representative sample" and "form" assignment documents, licensing documents, and documents relating to communications requesting contributions. The August 22, 2014 letter also addresses and responds to ASTM's refusal to produce documents relating to the litigation or the possibility of taking legal action against Public Resource or its principal, Carl Malamud.

17. Attached as **Exhibit 12** is a true and correct copy of the August 22, 2014 letter from Jonathan H. Blavin, counsel for NFPA, following up on and attaching NFPA's May 23, 2014 letter responding to the May 2, 2014 letter from Andrew P. Bridges, which purports to summarize the April 21, 2014 and May 7, 2014 meet and confer sessions. In his August 22, 2014 letter, Mr. Blavin states that NFPA will exclude documents relating to this lawsuit or the possibility of taking legal action against Public Resource or Carl Malamud from its production. Mr. Blavin further states that NFPA will exclude Maureen Brodoff, NFPA's former General Counsel, and Sally Everett, NFPA's current General Counsel, as document custodians. In this letter, Mr. Blavin further reiterates NFPA's position that it will only produce "form versions" of license agreements by end-users of NFPA's standards.

18. Attached as **Exhibit 13** is a true and correct copy of the August 28, 2014 letter from J. Kevin Fee, counsel for ASTM, written in response to Public Resource's August 22, 2014 letter.

19. Attached as **Exhibit 14** is a true and correct copy of the September 5, 2014 letter from counsel for Public Resource, in response to the August 22, 2014 letter from Jonathan H. Blavin. The September 5, 2014 letter addresses NFPA's continued refusal to produce various categories of responsive documents, including complete and effective licenses and agreement, documents relating to this lawsuit or the possibility of taking legal action against Public Resource or Mr. Malamud, and NFPA's attempts to exclude Maureen Brodoff as a document custodian.

20. In the September 5, 2014 letter, Public Resource, in an attempt to offer a reasonable compromise, proposed to Plaintiff-Counterdefendant NFPA that it produce a single form agreement for each license agreement, plus a list of signatories thereto, provided that NFPA certifies that each form agreement does not differ from the executed license agreements and

5

subject to Public Resource's right to request the executed agreements for any particular signatories. To date, counsel for NFPA has not responded to this offer.

21. On information and belief, NFPA's former General Counsel Maureen Brodoff has regularly made public statements regarding the effect to NFPA's business model of free access to its standards, has published and spoken on these issues for over a decade, and is therefore likely to hold a significant number of non-privileged documents and communications relating to the litigation between Plaintiffs-Counterdefendants and Public Resource.

22. Attached here at **Exhibit 15** is a true and correct copy of a May 23, 2014 letter from Andrew Zee, counsel for ASHRAE, responding to Public Resource's May 2, 2014 letter and summarizing the May 7, 2014 meet and confer session. In his May 23 letter. Mr. Zee summarizes Plaintiff-Counterdefendant ASHRAE's position that it will not produce documents relating to financial contributions, that it will only produce "representative samples" and "form" versions of licensing agreements and assignment of rights agreements, and that it will not produce documents relating to this litigation or the possibility of legal action against Public Resource or its principal, Mr. Malamud.

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct and that this declaration was executed on September 14, 2014, in San Francisco, California.

By: _____
Kathleen Lu