EXHIBIT 4

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| AMERICAN SOCIETY FOR TESTING AND MATERIALS d/b/a/ ASTM INTERNATIONAL;<br><br>NATIONAL FIRE PROTECTION ASSOCIATION, INC.; and<br><br>AMERICAN SOCIETY OF HEATING, REFRIGERATING, AND AIR-CONDITIONING ENGINEERS, INC.<br><br>       Plaintiffs,<br><br>v.<br><br>PUBLIC.RESOURCE.ORG, INC.,<br><br>       Defendant. | Case No. 1:13-cv-01215-EGS<br><br>**PLAINTIFF-COUNTERDEFENDANT THE AMERICAN SOCIETY OF HEATING, REFRIGERATING, AND AIR- CONDITIONING ENGINEERS, INC.'S OBJECTIONS AND RESPONSES TO DEFENDANT-COUNTERCLAIMANT PUBLIC.RESOURCE.ORG, INC.'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS (NOS. ASHRAE-1 THROUGH ASHRAE-18)**<br><br>Filed:   August 6, 2013 |
| PUBLIC.RESOURCE.ORG, INC.,<br><br>       Counterclaimant,<br><br>v.<br><br>AMERICAN SOCIETY FOR TESTING AND MATERIALS d/b/a/ ASTM INTERNATIONAL;<br><br>NATIONAL FIRE PROTECTION ASSOCIATION, INC.; and<br><br>AMERICAN SOCIETY OF HEATING, REFRIGERATING, AND AIR-CONDITIONING ENGINEERS, INC.<br><br>       Counterdefendants. |  |

**RESPONDING PARTIES**:          Plaintiff-Counterdefendant American Society of Heating,

Refrigerating, and Air-Conditioning Engineers, Inc.

**PROPOUNDING PARTY**:          Defendant-Counterclaimant Public.Resource.Org, Inc.

 **SET NUMBER**:          One (Nos. ASHRAE -1 through ASHRAE-18)

Plaintiff-Counterdefendant American Society of Heating, Refrigerating, and Air-

Conditioning Engineers, Inc. ("ASHRAE") responds to Defendant-Counterclaimant

Public.Resource.Org, Inc.'s First Set of Requests For Production of Documents as follows:

## PRELIMINARY STATEMENT AND GENERAL OBJECTIONS

ASHRAE responds generally that discovery has just begun and that its investigation of

facts relevant to this litigation is ongoing.  The following responses are made to the best of

ASHRAE's present knowledge, information, and belief.  ASHRAE reserves the right to

supplement, amend, or correct these responses.  ASHRAE incorporates by reference in each

Specific Response and Objection, each and every General Response and Objection set forth below.

A Specific Response may repeat a General Response or Objection for emphasis or for some other

reason. However, the omission of any General Objection in any Specific Response is neither

intended to, nor should it be construed as, a waiver of any General Objection.

1.          ASHRAE objects to the Requests to the extent they seek to impose obligations that

exceed the scope of permissible discovery under the Federal Rules of Civil Procedure, the Local

Rules, and/or any applicable case law, court orders, or decrees governing the proper scope, timing,

and extent of discovery in this proceeding.  ASHRAE will respond to each Request as required

under Rule 34 of the Federal Rules of Civil Procedure.

2.          ASHRAE objects to the Requests to the extent that (a) they are not reasonably

calculated to lead to the discovery of admissible evidence; (b) they are unreasonably cumulative or

duplicative; (c) they seek information that is obtainable from some other source that is more

convenient, less burdensome, or less expensive; or (d) the burden or expense of the proposed discovery outweighs any likely benefit.

3.      ASHRAE objects to the Requests that seek identification or production of emails or other electronic communications or electronically stored information to the extent that such requests are vague, ambiguous, overly broad, and unduly burdensome. To the extent that any Request requires the identification or production of email currently in electronic form, or any other electronic communications or electronically stored information, ASHRAE will search readily accessible email or other electronic media in relation to individuals or other sources likely to have responsive documents. ASHRAE will not search emails that are inaccessible or overly burdensome to restore and search (*e.g.*, disaster recovery tapes), or other inaccessible or burdensome electronically stored information. In addition to collecting specific documents called for by the Requests, ASHRAE will meet and confer with Defendant regarding a mutually agreeable set of search terms to run against the electronic files of the custodians reasonably expected to be in possession of responsive documents to cull potentially responsive electronic communications.

4.      ASHRAE objects to the Requests to the extent they seek information, documents, and/or things protected from discovery by the attorney-client privilege, the work-product doctrine, the common-interest privilege, court order, and/or any other applicable privilege, immunity, or protection. The inadvertent disclosure of any documents subject to such privilege or protection is not intended to relinquish any privilege or protection and shall not be deemed to be a waiver of any applicable privilege or protection, and Defendant shall, upon the request of ASHRAE, immediately return or destroy any such documents inadvertently produced. Further, upon Defendant's discovery of what it thinks may be a privileged document produced by ASHRAE, Defendant should immediately inform ASHRAE in writing.  ASHRAE further objects to creating a log for privileged or protected communications made between ASHRAE and outside counsel concerning this

3

litigation on grounds that doing so would be unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.

5.     ASHRAE objects to each and every Request, definition, and instruction to the extent that it calls for a legal conclusion.  Any response by ASHRAE shall not be construed as providing a legal conclusion regarding the meaning or application of any terms or phrases used in Defendant's Requests, definitions, or instructions.

6.     ASHRAE objects to the Requests to the extent they contain characterizations, definitions, or assumptions. Nothing contained in or absent from ASHRAE's responses, objections, or production shall constitute, or be deemed as, an admission, concession, or agreement that Defendant's characterizations, definitions, or assumptions are correct or accurate. ASHRAE objects to the Requests to the extent they seek documents or information not within the possession, custody, or control of ASHRAE, that are as readily available to Defendant as to ASHRAE, or that are otherwise in the possession of Defendant, on the grounds that such requests are unduly burdensome.  To the extent any documents are currently publicly available to Defendant at no cost on the ASHRAE website, ASHRAE expressly reserves the right to request cost-shifting, consistent with Section 14.A of the parties' Joint Meet-And-Confer Report filed on December 30, 2013 [ECF No. 29], prior to incurring any cost associated with producing such documents.

7.     ASHRAE objects to Defendant's instruction that all responsive documents be produced within thirty (30) days from the date of service of Defendant's Requests.  To the extent that ASHRAE has agreed to produce documents, it will do so on a rolling basis.

8.     The production of any document does not constitute an admission that such document was in ASHRAE's possession, custody, or control at any particular point in time other than on the date of production.

9.      ASHRAE objects to the Requests to the extent they call for the production of documents or information that are confidential, proprietary, trade secrets, or are otherwise subject to a confidentiality agreement, protective order or other court order entered in another action or proceeding, which prevent disclosure herein.  ASHRAE's willingness to provide any such document or information of ASHRAE's or a third party's in response to a Request is subject to the entry of an appropriate protective order in this case.

10.     ASHRAE objects to the Requests to the extent they purport to require ASHRAE to compile information in a manner that is not maintained in the ordinary course of business, or to create documents, including but not limited to charts, tables, reviews, proposals, methodologies, and/or breakdowns, etc., that do not already exist.  ASHRAE will construe the Requests to exclude any such documents.

11.     ASHRAE objects to the Requests to the extent they require disclosure or production of information in a manner or form inconsistent with or exceeding the scope of the minimum disclosure and production requirements of Federal Rules of Civil Procedure and the Local Rules.

12.     ASHRAE objects to the Requests to the extent that they lack any reasonable time limitation.  Except where otherwise expressly stated, any agreement by ASHRAE to produce documents is made subject to confining its production to a reasonable time limitation relevant to this case.

13.     ASHRAE objects to the Requests to the extent that they seek documents related to standards other than those identified in Exhibit C to the Complaint.

14.     ASHRAE objects to the Requests to the extent that they call for the production of "all" documents concerning a subject matter on the ground that such Requests are overly broad, unduly burdensome, duplicative, and seek production of irrelevant documents.  To the extent that

ASHRAE produces documents in response to such requests, they will be limited to documents sufficient to show matters that are appropriately discoverable.

15.     ASHRAE objects to Defendant's definition of the terms "Work-At-Issue" and "Works-At-Issue" as vague and ambiguous insofar as ASHRAE is without sufficient knowledge or information to identify all of ASHRAE's copyrighted works that Defendant has infringed. ASHRAE further object to these terms as overly broad and unduly burdensome insofar as they include standards that are not at issue in this case.  In responding to these Requests, ASHRAE will interpret the terms "Work-At-Issue" and "Works-At-Issue" to mean only those standards identified in Exhibit C to the Complaint.

16.     ASHRAE objects to Defendant's definition of the terms "You", "Your", or "ASHRAE" as overbroad, unduly burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence to the extent that they include entities or individuals beyond ASHRAE and its officers and employees.

17.     ASHRAE objects to Defendant's definition of the term "Legal Authority" as vague, ambiguous, overbroad, and not reasonably calculated to lead to the discovery of admissible evidence.  In responding to these Requests, ASHRAE will interpret the term "Legal Authority" to mean laws, statutes, or regulations within a jurisdiction of the United States.

18.     ASHRAE objects to Defendant's definition of the term "Standards Process" as vague, ambiguous, overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.  In responding to these Requests, ASHRAE will interpret the term "Standards Process" to mean the process of developing an ASHRAE standard through final issuance to the public, and specifically not to include subsequent transmission, publication, distribution, display, or dissemination of that standard.

19.     ASHRAE objects to Defendant's definition of the term "Contribution" as vague, ambiguous, overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

20.     ASHRAE objects to all Requests to the extent they are duplicative and cumulative of Defendant's other discovery requests.

21.     ASHRAE's undertaking to produce documents responsive to the Requests, or its failure to object to a Request, is subject to a general proviso that ASHRAE only agrees to produce documents to the extent that such documents exist and can be located with reasonable diligence.

22.     ASHRAE's willingness to provide any document or information in response to a Request shall not be interpreted as an admission that such document or information is either relevant or admissible for any purpose, and ASHRAE does not waive its right to object to the admissibility or relevance of any document produced by any party on any ground.

Subject to, and without waiving the above stated objections, ASHRAE responds as follows:

## **RESPONSES TO REQUESTS**

### **REQUEST FOR PRODUCTION NO. 1:**

Documents sufficient to identify each Work-At-Issue.

### **RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

ASHRAE repeats and incorporates its General Objections into its response to this Request. ASHRAE further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence to the extent that it seeks documents related to standards beyond those identified in Exhibit C to the Complaint [ECF No. 1-3]. ASHRAE further objects that the term "identify" is vague and ambiguous.

Subject to and without waiving its objections, ASHRAE agrees to produce copies of the copyrighted works that are listed in Exhibit C to the Complaint.

**REQUEST FOR PRODUCTION NO. 2:**

Documents sufficient to establish Complete Chain of Title for each Work-At-Issue.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

ASHRAE repeats and incorporates its General Objections into its response to this Request. ASHRAE further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence to the extent that it seeks documents related to standards beyond those identified in Exhibit C to the Complaint. ASHRAE further objects to the term "Complete Chain of Title" as vague, ambiguous, overbroad, and unduly burdensome, and particularly to the extent that it purports to require ASHRAE to account for any "intermediate transfers." ASHRAE further objects that the term "establish" as vague and ambiguous. ASHRAE further objects to the lack of limitation on the time period of this Request, and will confine its production of documents, if any, to a reasonable time limitation relevant to this case.

Subject to and without waiving its objections, ASHRAE agrees to produce non-privileged documents, if any, that are located after a reasonably diligent search in the following categories: the copyright registration certificates for Standard 90.1-2004; Standard 90.1-2007; and Standard 90.1-2010; the form copyright release agreement entered into by Standard 90.1 Project Committee members for Standard 90.1-2010; the form agreement entered into by individuals who submitted change proposals and who submitted public comments in response to proposed revisions to and/or public drafts of Standard 90.1 in the 2010 revision cycle; and the standards development agreement entered into by ASHRAE and the Illuminating Engineering Society (IES).

8

**REQUEST FOR PRODUCTION NO. 3:**

Documents sufficient to identify all Persons who participated in the Standards Process of each Work-At-Issue.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

ASHRAE repeats and incorporates its General Objections into its response to this Request. ASHRAE objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence to the extent that it seeks documents related to standards beyond those identified in Exhibit C to the Complaint. ASHRAE further objects to the term "Standards Process" as vague, ambiguous, overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, and ASHRAE will interpret the term "Standards Process" to mean the process of developing an ASHRAE standard through final issuance to the public, and specifically not to include subsequent transmission, publication, distribution, display, or dissemination of that standard. ASHRAE objects that the term "participated" is vague and ambiguous, and will interpret that term based on its ordinary meaning. ASHRAE further objects to the lack of limitation on the time period of this Request, and will confine its production of documents, if any, to a reasonable time limitation relevant to this case.

Subject to and without waiving its objections, ASHRAE refers Defendant to its response to Defendant's Interrogatory No. 3, and further agrees to produce non-privileged documents, if any, that are located after a reasonably diligent search in the following categories: the membership roster for the Standard 90.1-2010 Project Committee; meeting minutes of the Standard 90.1 Project Committee for the 2010 revision cycle; a list of change proposals submitted to the Standard  90.1 Project Committee for the 2010 revision cycle; and a list of the public comments received in response to proposed revisions to and/or public drafts of Standard 90.1 in the 2010 revision cycle.

**REQUEST FOR PRODUCTION NO. 4:**

Documents sufficient to identify all Contributions in support of the Standards Process of each Work-At-Issue.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

ASHRAE repeats and incorporates its General Objections into its response to this Request. ASHRAE further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence to the extent that it seeks essentially all documents related to the development of ASHRAE standards.  ASHRAE further objects to the extent that this Request seeks documents related to standards beyond those identified in Exhibit C to the Complaint.  ASHRAE further objects that the terms "identify", "Contributions", "in support of", and "Standards Process" are vague, ambiguous, overbroad, and unduly burdensome. ASHRAE will interpret the term "Standard Process" to mean the process of developing an ASHRAE standard through final issuance to the public, and specifically not to include subsequent transmission, publication, distribution, display, or dissemination of that standard.  ASHRAE further objects to the lack of limitation on the time period of this Request, and will confine its production of documents, if any, to a reasonable time limitation relevant to this case.

Subject to and without waiving its objections, ASHRAE agrees to produce non-privileged documents, if any, that are located after a reasonably diligent search in the following categories: the membership roster for the Standard 90.1-2010 Project Committee; meeting minutes of the Standard 90.1 Project Committee for the 2010 revision cycle; a list of the change proposals submitted to the Standard  90.1 Project Committee for the 2010 revision cycle; and a list of the public comments received in response to proposed revisions to and/or public drafts of Standard 90.1 in the 2010 revision cycle.

**REQUEST FOR PRODUCTION NO. 5:**

Documents sufficient to identify every Legal Authority that incorporates each Work-At-Issue, either expressly or by reference.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

ASHRAE repeats and incorporates its General Objections into its response to this Request. ASHRAE further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence to the extent that it would require ASHRAE to reach a legal conclusion concerning which jurisdictions have incorporated its standards. ASHRAE further objects to this Request to the extent it seeks documents that are not in ASHRAE's possession, custody, or control or documents that are publicly available to Defendant or that are otherwise in Defendant's possession, as evidenced by postings on Defendant's website purporting to identify jurisdictions that have incorporated specified standards by reference. ASHRAE further objects that the term "incorporates" is vague and ambiguous.  In light of ASHRAE's objections, no response is warranted at this time.

**REQUEST FOR PRODUCTION NO. 6:**

All documents constituting, comprising, referring to, or evidencing agreements between You and any Person who participated in the Standards Process of each Work-At-Issue.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

ASHRAE repeats and incorporates its General Objections into its response to this Request. ASHRAE further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence to the extent that it seeks essentially all documents related to any agreement of any kind made during the development, creation, drafting, revision, editing, transmission, publication, distribution, display, or dissemination of ASHRAE standards.  ASHRAE further objects to the extent that this Request seeks documents related to

11

standards beyond those identified in Exhibit C to the Complaint.  ASHRAE further objects that the terms "agreements" and "participated" are vague and ambiguous and render the Request overbroad and unduly burdensome.  ASHRAE further objects to the term "Standards Process" as overbroad and unduly burdensome and will interpret that term to mean the process of developing an ASHRAE standard through final issuance to the public, and specifically not to include subsequent transmission, publication, distribution, display, or dissemination of that standard.  ASHRAE further objects to the lack of limitation on the time period of this Request, and will confine its production of documents, if any, to a reasonable time limitation relevant to this case.

Subject to and without waiving its objections, ASHRAE agrees to produce non-privileged documents, if any, that are located after a reasonably diligent search in the following categories: the form copyright release agreement entered into by Standard 90.1 Project Committee members for Standard 90.1-2010; the form agreement entered into by individuals who submitted change proposals and who submitted public comments in response to proposed revisions to and/or public drafts of Standard 90.1 in the 2010 revision cycle; and the standards development agreement entered into by ASHRAE and the Illuminating Engineering Society (IES).

**REQUEST FOR PRODUCTION NO. 7:**

All documents constituting, comprising, or concerning communications with any government employee, official, or entity regarding incorporation (whether actual, proposed, desired, or considered) of any Standard in which You claim rights into any Legal Authority.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

ASHRAE repeats and incorporates its General Objections into its response to this Request. ASHRAE further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence to the extent that it seeks essentially all documents related to ASHRAE's advocacy efforts for the incorporation of its standards by

12

reference.  ASHRAE further objects to the extent that this Request seeks documents related to standards beyond those identified in Exhibit C to the Complaint.  ASHRAE further objects that the terms "communication" and "incorporation" are vague and ambiguous and render the Request overbroad and unduly burdensome.  ASHRAE further objects to the lack of limitation on the time period of this Request, and will confine its production of documents, if any, to a reasonable time limitation relevant to this case.

Subject to and without waiving its objections, ASHRAE agrees to produce non-privileged, documents, if any, constituting official written correspondence by ASHRAE to government entities or officials requesting consideration for the incorporation of ASHRAE Standard 90.1-2010 and that are located after a reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 8:**

All documents regarding Carl Malamud.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

ASHRAE repeats and incorporates its General Objections into its response to this Request.  ASHRAE further objects to this Request as seeking documents that are not relevant to the claims and defenses asserted in this case and not reasonably calculated to lead to the discovery of admissible evidence.  ASHRAE further objects to this Request to the extent that it seeks documents protected by the attorney-client privilege, the work-product doctrine, and/or any other applicable privilege, immunity, or protection.  ASHRAE further objects to the lack of limitation on the time period of this Request, and will confine its production of documents, if any, to a reasonable time limitation relevant to this case.

In response to Plaintiffs' Request for Production No. 28, seeking documents in Defendant's possession relating to any Plaintiff, Defendant conditioned its production of responsive documents on "Plaintiffs' agreement that they will produce all documents relating to Public Resource."

ASHRAE does not agree to produce "all documents relating to Public Resource," "[a]ll documents regarding Carl Malamud" (Defendant's RFP No. 8) or "[a]ll documents regarding Public Resource or its representatives . . ., including its legal representatives" (Defendant's RFP No. 9).   These requests of Defendant are overly broad and unduly burdensome, including because they are not limited to the claims and defenses at issue in this case.   In light of its conditional response to Plaintiffs' Request for Production No. 28, and ASHRAE's unwillingness to agree to that condition, Defendant's current position is that it will not produce any documents responsive to Plaintiffs' Request for Production No. 28.   Accordingly, ASHRAE will take the same position with respect to Defendant's Requests for Production Nos. 8 and 9.   ASHRAE is willing to meet and confer with Defendant regarding this issue.

**REQUEST FOR PRODUCTION NO. 9:**

All documents regarding Public Resource or its representatives (other than Carl Malamud), including its legal representatives.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

ASHRAE repeats and incorporates its General Objections into its response to this Request. ASHRAE further objects to this Request as seeking documents that are not relevant to the claims and defenses asserted in this case and not reasonably calculated to lead to the discovery of admissible evidence.   ASHRAE further objects to this Request to the extent that it seeks documents protected by the attorney-client privilege, the work-product doctrine, and/or any other applicable privilege, immunity, or protection.   ASHRAE further objects to the phrase "Public Resource or its representatives" as vague and ambiguous to the extent that such "representatives" are not known to ASHRAE.   ASHRAE further objects to the lack of limitation on the time period of this Request, and will confine its production of documents, if any, to a reasonable time limitation relevant to this case.

14

In response to Plaintiffs' Request for Production No. 28, seeking documents in Defendant's possession relating to any Plaintiff, Defendant conditioned its production of responsive documents on "Plaintiffs' agreement that they will produce all documents relating to Public Resource." ASHRAE does not agree to produce "all documents relating to Public Resource," "[a]ll documents regarding Carl Malamud" (Defendant's RFP No. 8) or "[a]ll documents regarding Public Resource or its representatives . . ., including its legal representatives" (Defendant's RFP No. 9).   These requests of Defendant are overly broad and unduly burdensome, including because they are not limited to the claims and defenses at issue in this case.   In light of its conditional response to Plaintiffs' Request for Production No. 28, and ASHRAE's unwillingness to agree to that condition, Defendant's current position is that it will not produce any documents responsive to Plaintiffs' Request for Production No. 28.   Accordingly, ASHRAE will take the same position with respect to Defendant's Requests for Production Nos. 8 and 9.   ASHRAE is willing to meet and confer with Defendant regarding this issue.

## REQUEST FOR PRODUCTION NO. 10:

All documents constituting or concerning communications among Persons who participated in the Standards Process of each Work-At-Issue, including but not limited to meeting and conference call minutes and notes.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 10:

ASHRAE repeats and incorporates its General Objections into its response to this Request. ASHRAE further objects to this Request as overbroad, unduly burdensome, oppressive, and not reasonably calculated to lead to the discovery of admissible evidence to the extent that it seeks essentially all communications related to the development, creation, drafting, revision, editing, transmission, publication, distribution, display, or dissemination of ASHRAE standards.   ASHRAE further objects to the extent that this Request seeks documents related to standards beyond those

15

identified in Exhibit C to the Complaint.  ASHRAE further objects to this Request to the extent it

seeks documents that are not in ASHRAE's possession, custody, or control or documents that are

publicly available to Defendant or that are otherwise in Defendant's possession.

Subject to and without waiving its objections, ASHRAE states that documents responsive

to this Request will be produced in response to Defendant's Requests for Production Nos. 3 and 4.

## REQUEST FOR PRODUCTION NO. 11:

All documents concerning revenue or profit expectations by You or any other Person

regarding the availability, publication, sale, distribution, display, or other dissemination of any

Standard in which You claim rights.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 11:

ASHRAE repeats and incorporates its General Objections into its response to this Request.

ASHRAE further objects to this Request as overbroad, unduly burdensome, oppressive, and not

reasonably calculated to lead to the discovery of admissible evidence to the extent that it seeks

ASHRAE's confidential business and financial information.  ASHRAE further objects to this

Request to the extent it seeks documents that are publicly available to Defendant, such as

ASHRAE's IRS Form 990s, or that are otherwise in Defendant's possession, as evidenced by

allegations in Defendant's Answer and Counterclaim.  *See* Def's Ans. and Counterclaim ¶¶ 95

[ECF No. 21].  ASHRAE further objects that the phrase "revenue or profit expectations" is vague

and ambiguous, particularly when construed in connection with the phrase "regarding the

availability, publication, sale, distribution, display, or other dissemination."  ASHRAE further

objects to the lack of limitation on the time period of this Request, and will confine its production

of documents, if any, to a reasonable time limitation relevant to this case.  ASHRAE further

objects to producing documents in response to this Request until the entry of an appropriate

protective order in this case.

Subject to and without waiving its objections, ASHRAE agrees to produce non-privileged documents, if any, related to the standards identified in Exhibit C to the Complaint and that are located after a reasonably diligent search in the following categories: annual historical revenues from ASHRAE's sales of print and PDF versions of Standard 90.1-2010; and documents showing anticipated revenue from ASHRAE's sale of print and PDF versions of all standards.

**REQUEST FOR PRODUCTION NO. 12:**

All documents concerning any Contributions You have received from any governmental entity in connection with the Standards Process of each Work-At-Issue.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

ASHRAE repeats and incorporates its General Objections into its response to this Request. ASHRAE further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence to the extent that it seeks essentially all documents related to the development of ASHRAE standards in connection with government entities or their representatives. ASHRAE further objects to the extent that this Request seeks documents related to standards beyond those identified in Exhibit C to the Complaint. ASHRAE further objects that the terms "received", "Contributions", and "Standards Process" are vague, ambiguous, overbroad, and unduly burdensome. ASHRAE will interpret the term "Standards Process" to mean the process of developing an ASHRAE standard through final issuance to the public, and specifically not to include subsequent transmission, publication, distribution, display, or dissemination of that standard. ASHRAE further objects to the lack of limitation on the time period of this Request, and will confine its production of documents, if any, to a reasonable time limitation relevant to this case.

Subject to and without waiving its objections, ASHRAE agrees to produce non-privileged, documents, if any, related to the standards identified in Exhibit C to the Complaint and that are

17

located after a reasonably diligent search in the following categories: technical reports received by the Standard 90.1 Project Committee from the Pacific Northwest National Laboratory related to Standard 90.1-2010.

**REQUEST FOR PRODUCTION NO. 13:**

All documents concerning any Contributions You have received from any not-for-profit entity (other than a governmental entity) in connection with the Standards Process of each Work-At-Issue.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

ASHRAE repeats and incorporates its General Objections into its response to this Request. ASHRAE further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence to the extent that it seeks essentially all documents related to the development of ASHRAE standards in connection with not-for-profit entities or their representatives.  ASHRAE further objects to this Request to the extent that it requires ASHRAE to reach a legal conclusion whether entities maintain a "not-for-profit" status, which is information not necessarily known to ASHRAE and can be readily ascertained by Defendant with the same degree of effort.  ASHRAE further objects to the extent that this Request seeks documents related to standards beyond those identified in Exhibit C to the Complaint. ASHRAE further objects that the terms "received", "Contributions", and "Standards Process" are vague, ambiguous, overbroad, and unduly burdensome.  ASHRAE will interpret the term "Standards Process" to mean the process of developing an ASHRAE standard through final issuance to the public, and specifically not to include subsequent transmission, publication, distribution, display, or dissemination of that standard.  ASHRAE further objects to the lack of limitation on the time period of this Request, and will confine its production of documents, if any, to a reasonable time limitation relevant to this case.

18

Subject to and without waiving its objections, ASHRAE states that documents responsive to this Request will be produced in response to Defendant's Requests for Production Nos. 3 and 4, from which the contributions of not-for-profit entities may be determined.

**REQUEST FOR PRODUCTION NO. 14:**

All documents constituting, comprising, or concerning communications requesting Contributions of any form from any Person in connection with the Standards Process of each Work-At-Issue.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

ASHRAE repeats and incorporates its General Objections into its response to this Request. ASHRAE further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence to the extent that it seeks essentially all documents related to the development of ASHRAE standards in connection with third-party individuals or entities. ASHRAE further objects to the extent that this Request seeks documents related to standards beyond those identified in Exhibit C to the Complaint. ASHRAE further objects that the terms "communications" and "requesting" are vague and ambiguous, and that the terms "Contributions" and "Standards Process" are overbroad and unduly burdensome. ASHRAE will interpret the term "Standards Process" to mean the process of developing an ASHRAE standard through final issuance to the public, and specifically not to include subsequent transmission, publication, distribution, display, or dissemination of that standard. ASHRAE further objects to the lack of limitation on the time period of this Request, and will confine its production of documents, if any, to a reasonable time limitation relevant to this case.

Subject to and without waiving its objections, ASHRAE states that it communicates to interested parties, including ASHRAE members, Project Committee members, and interested members of the general public, about opportunities to participate in the development of ASHRAE

standards.   For example, ASHRAE's website includes links to, among other documents, the Procedure for ASHRAE Standards Actions; the Manuals of Procedures for the Project Committee and the Standards Committee; and forms and instructions for submission of change proposals for ASHRAE standard and for membership application to ASHRAE Project Committees.   ASHRAE directs Defendant to its website (https://www.ashrae.org/standards-research--technology/standards-forms—procedures) for these and other documents responsive to this Request.   ASHRAE also publishes two monthly newsletters, *Insights* and *eSociety*, in which it announces upcoming revisions for its standards and invites participation from interested parties.   Electronic copies of these newsletters, including back issues, are available on the ASHRAE website (https://www.ashrae.org/resources--publications/periodicals/ashrae-insights).   In advance of any significant standards development activity, ASHRAE issues Standards Actions to listserv subscribers that provide, among other information, notices of proposed changes to standards, calls for members on ASHRAE committees, and calls for public comments.   ASHRAE agrees to produce representative examples of ASHRAE Standards Actions that include notices of proposed changes to Standard 90.1, calls for members of the Standard 90.1 Project Committee, and calls for public comments on Standard 90.1.

### REQUEST FOR PRODUCTION NO. 15:

All documents concerning offers of Contributions from any Person in connection with the Standards Process of each Work-At-Issue.

### RESPONSE TO REQUEST FOR PRODUCTION NO. 15:

ASHRAE repeats and incorporates its General Objections into its response to this Request. ASHRAE further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence to the extent that it seeks essentially all documents related to the development of ASHRAE standards in connection with third-party

individuals or entities.  ASHRAE further objects to the extent that this Request seeks documents related to standards beyond those identified in Exhibit C to the Complaint.  ASHRAE further objects that this Request is duplicative of Request No. 4, seeking "[d]ocuments sufficient to identify all Contributions in support of the Standards Process of each Work-At-Issue."  ASHRAE further objects that the terms "offers" is vague and ambiguous, and that the terms "Contributions" and "Standards Process" are overbroad and unduly burdensome.  ASHRAE will interpret the term "Standards Process" to mean the process of developing an ASHRAE standard through final issuance to the public, and specifically not to include subsequent transmission, publication, distribution, display, or dissemination of that standard.  ASHRAE further objects to the lack of limitation on the time period of this Request, and will confine its production of documents, if any, to a reasonable time limitation relevant to this case.

Subject to and without waiving its objections, ASHRAE agrees to produce non-privileged, documents, if any, that are located after a reasonably diligent search in the following categories: a list of the change proposals submitted to the Standard  90.1 Project Committee for the 2010 revision cycle; a list of the public comments received in response to proposed revisions to and/or public drafts of Standard 90.1 in the 2010 revision cycle; and form application for membership on the Project Committee for Standard 90.1 for the 2010 revision cycle.

**REQUEST FOR PRODUCTION NO. 16:**

All documents constituting, comprising, or concerning communications criticizing Your claims, statements, arguments, or positions in this dispute or litigation.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

ASHRAE repeats and incorporates its General Objections into its response to this Request. ASHRAE further objects to this Request as seeking documents and information that is not relevant to the claims and defenses asserted in this case and not reasonably calculated to lead to the

discovery of admissible evidence.  ASHRAE further objects that the term "criticizing" is vague and ambiguous, rendering the Request overbroad and unduly burdensome.  ASHRAE further objects to this Request to the extent it seeks documents that are not in ASHRAE's possession, custody, or control or documents that are publicly available to Defendant or that are otherwise in Defendant's possession.  In light of ASHRAE's objections, no response is warranted at this time.

**REQUEST FOR PRODUCTION NO. 17:**

All documents constituting, comprising, or concerning communications by You regarding this dispute or litigation.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

ASHRAE repeats and incorporates its General Objections into its response to this Request. ASHRAE further objects to this Request to the extent that it seeks documents protected by the attorney-client privilege, the work-product doctrine, and/or any other applicable privilege, immunity, or protection.  ASHRAE further objects to creating a log for privileged or protected communications made between ASHRAE and outside counsel concerning this litigation on grounds that doing so would be unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.  ASHRAE further objects that the terms "communications" and "dispute" are vague and ambiguous, rendering the Request overbroad and unduly burdensome.

Subject to and without waiving its objections, ASHRAE refers Defendant to the Media Statement issued by ASHRAE and co-plaintiffs regarding the filing of the Complaint in this case (https://www.ashrae.org/news/2013/media-statement-from).

**REQUEST FOR PRODUCTION NO. 18:**

All documents constituting, comprising, or concerning licenses with respect to any Work-At-Issue.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

ASHRAE repeats and incorporates its General Objections into its response to this Request. ASHRAE further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence to the extent that it seeks essentially all documents related to licenses for ASHRAE standards.  ASHRAE further objects to the extent that this Request seeks documents related to standards beyond those identified in Exhibit C to the Complaint.  ASHRAE further objects that the terms "licenses" and "with respect to" are vague and ambiguous, rendering the Request overbroad and unduly burdensome.  ASHRAE further objects to the lack of limitation on the time period of this Request, and will confine its production of documents, if any, to a reasonable time limitation relevant to this case.  ASHRAE further objects to producing documents in response to this Request until the entry of an appropriate protective order in this case.

Subject to and without waiving its objections, ASHRAE agrees to produce non-privileged documents, if any, related to the standards identified in Exhibit C to the Complaint and that are located after a reasonably diligent search in the following categories: representative examples of documents granting permission or licenses to third parties for the use of Standard 90.1; the form personal-use license for purchasers of the PDF version of Standard 90.1; the form network-use license for purchasers of Standard 90.1; and ASHRAE's current distribution agreements with authorized resellers who have been licensed to distribute Standard 90.1.

Dated:  March 20, 2014                                    Respectfully submitted,


                                                          */s/ Joseph R. Wetzel*_____
                                                          Kenneth L. Steinthal (admitted *pro hac vice*)
                                                          Joseph R. Wetzel (admitted *pro hac vice*)
                                                          KING & SPALDING, LLP
                                                          101 2nd Street, Suite 2300
                                                          San Francisco, CA 94105
                                                          (415) 318-1200
                                                          ksteinthal@kslaw.com
                                                          jwetzel@kslaw.com

                                                          Jeffrey S. Bucholtz (D.C. Bar: 452385
                                                          KING & SPALDING, LLP
                                                          1700 Pennsylvania Avenue, NW, Suite 200
                                                          Washington, DC 20006
                                                          (202) 737-0500
                                                          jbucholtz@kslaw.com

## PROOF OF SERVICE

I am a citizen of the United States and resident of the State of California. I am employed in San Francisco, State of California, in the office of a member of the bar of this Court, at whose direction the service was made. I am over the age of eighteen years and not a party to the within action.

On March 20, 2014, I served the following documents in the manner described below:

**PLAINTIFF-COUNTERDEFENDANT THE AMERICAN SOCIETY OF HEATING, REFRIGERATING, AND AIR- CONDITIONING ENGINEERS, INC.'S OBJECTIONS AND RESPONSES TO DEFENDANT-COUNTERCLAIMANT PUBLIC.RESOURCE.ORG, INC.'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS (NOS. ASHRAE-1 THROUGH ASHRAE-18))**

☐     BY U.S. MAIL: I am personally and readily familiar with the business practice of King & Spalding for collection and processing of correspondence for mailing with the United States Parcel Service, and I caused such envelope(s) with postage thereon fully prepaid to be placed in the United States Postal Service at San Francisco, California.

☐     BY MESSENGER SERVICE: by consigning the document(s) to an authorized courier and/or process server for hand delivery on this date.

☐     BY FACSIMILE: I am personally and readily familiar with the business practice of King & Spalding for collection and processing of document(s) to be transmitted by facsimile and I caused such document(s) on this date to be transmitted by facsimile to the offices of addressee(s) at the numbers listed below.

☐     BY OVERNIGHT MAIL: I am personally and readily familiar with the business practice of King & Spalding for collection and processing of correspondence for overnight delivery, and I caused such document(s) described herein to be deposited for delivery to a facility regularly maintained by Federal Express for overnight delivery.

☑     BY ELECTRONIC SERVICE: By electronically mailing a true and correct copy through King & Spalding's electronic mail system from tbishop@kslaw.com to the email addresses set forth below.

☐     BY PERSONAL DELIVERY: I caused such envelope to be delivered by hand to the offices of each addressee below.

On the following part(ies) in this action:

| Michael F. Clayton (D.C. Bar No. 335307)<br>mclayton@morganlewis.com<br>J. Kevin Fee (D.C. Bar: 494016)<br>jkfee@morganlewis.com | *Counsel For American Society For Testing And Materials d/b/a/ ASTM International* |
|---|---|

| | |
|---|---|
| Jordana S. Rubel (D.C. Bar No. 988423)<br>jrubel@morganlewis.com<br>Morgan, Lewis & Bockius LLP<br>1111 Pennsylvania Ave., N.W.<br>Washington, D.C. 20004<br>Telephone: 202.739.5215 | |
| Anjan Choudhury (D.C. Bar No. 497271)<br>Anjan.Choudhury@mto.com<br>Munger, Tolles & Olson LLP<br>355 South Grand Avenue, 35th Floor<br>Los Angeles, CA 90071<br>Tel: 213.683.9100<br><br>Kelly M. Klaus<br>Kelly.Klaus@mto.com<br>Jonathan H. Blavin<br>Jonathan.Blavin@mto.com<br>Michael J. Mongan<br>Michael.Mongan@mto.com<br>Munger, Tolles & Olson LLP<br>560 Mission St., 27th Floor<br>San Francisco, CA 94105<br>Tel: 415.512.4000 | *Counsel For National Fire Protection Association, Inc.* |
| Andrew P. Bridges<br>abridges@fenwick.com<br>Kathleen Lu<br>klu@fenwick.com<br>FENWICK & WEST LLP<br>555 California Street, 12th Floor<br>San Francisco, CA 94104<br>Telephone: (415) 875-2300<br><br>Mitchell L. Stoltz (D.C. Bar No. 978149)<br>mitch@eff.org<br>Corynne McSherry<br>corynne@eff.org<br>ELECTRONIC FRONTIER FOUNDATION<br>815 Eddy Street<br>San Francisco, CA 94109<br>Telephone: (415) 436-9333<br>Facsimile: (415) 436-9993<br><br>David Halperin<br>davidhalperindc@gmail.com<br>1530 P Street NW | *Counsel for Defendant Public.Resource.Org, Inc.* |

| | |
|---|---|
| Washington, DC 20005<br><br>Mark A. Lemley<br>mlemley@durietangri.com<br>Joseph C. Gratz<br>jgratz@durietangri.com<br>DURIE TANGRI LLP<br>217 Leidesdorff St.<br>San Francisco, CA 94111<br>Telephone: (415) 362-6666 | |

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on March 20, 2014, at San Francisco, California.

/s/ Tina Bishop
Tina Bishop