# EXHIBIT 5

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| AMERICAN SOCIETY FOR TESTING AND MATERIALS d/b/a/ ASTM INTERNATIONAL; <br><br> NATIONAL FIRE PROTECTION ASSOCIATION, INC.; and <br><br> AMERICAN SOCIETY OF HEATING, REFRIGERATING, AND AIR CONDITIONING ENGINEERS, <br><br>            Plaintiffs/ <br>            Counter-Defendants, <br> v. <br><br> PUBLIC.RESOURCE.ORG, INC., <br><br>            Defendant/ <br>            Counter-Plaintiff. | Case No. 1:13-cv-01215-EGS |

**PLAINTIFF AMERICAN SOCIETY FOR TESTING AND MATERIALS' OBJECTIONS AND RESPONSES TO FIRST SET REQUESTS FOR PRODUCTION OF DOCUMENTS**

Plaintiff/Counter-Defendant American Society for Testing and Materials ("ASTM") hereby objects, answers and otherwise responses to the First Set of Requests for Production of Documents (the "Requests") of Defendant/Counter-Plaintiff Public.Resource.Org, Inc. ("Public Resource) as follows:

**PRELIMINARY STATEMENT**

1.　　This litigation is in its early stages.  As such, in preparing these responses, ASTM has reviewed the documents and information reasonably available to it.  Discovery in this action is continuing and ASTM may learn of additional facts pertaining to the Requests.  Therefore, ASTM reserves the right to change, amend, or supplement its objections and responses at a later

Case 1:13-cv-01215-TSC   Document 41-7   Filed 09/15/14   Page 3 of 27

date.  If further evidence is obtained which is not protected from discovery, ASTM reserves the

right to present such evidence at the time of trial.

 2. ASTM's responses are made solely for purposes of this action, and not for

purposes of any other action.  These responses are subject to all objections as to competence,

relevance, materiality, propriety, admissibility, and any and all other objections and grounds that

would require the exclusion of evidence disclosed herein if the evidence were produced and

sought to be introduced into evidence in Court; all of which objections and grounds are

specifically reserved, and may be interposed at the time of trial or other attempt to use one or

more of these responses.

 3. ASTM's responses are made without in any way waiving or intending to waive,

but on the contrary, preserving and intending to preserve, the following:

 a. All questions of authenticity, relevance, materiality, privilege and

admissibility as evidence for any purpose of the information provided which may arise in any

subsequent proceeding in, or the trial of, this or any other action;

 b. The right to object to the use of said information at any subsequent

proceeding in, or the trial of, this or any other action, or any other grounds;

 c. The right to object on any other ground at any time to other interrogatories

or other disclosure involving said information or subject matter thereof; and

 d. The right to make additions and/or amendments to these responses if

further disclosure or investigation yields information called for in disclosure.

## GENERAL OBJECTIONS

 The following General Objections apply to each and every separately-numbered Request

and are incorporated by reference into each and every specific response as if set forth in full in

each response.  From time to time, a specific response may repeat a General Objection for

2

emphasis or some other reason.  The failure to repeat any General Objection in any specific response shall not be interpreted as a waiver of any General Objection to that response.

1.     ASTM objects to each Request to the extent that the Request attempts or purports to call for the production of any information or documentation that is privileged, that was prepared in anticipation of litigation or for trial, that reveals communications between ASTM and its co-Plaintiffs and their legal counsel, that otherwise constitutes attorney work product, privileged attorney-client communication, or that is otherwise privileged or immune from discovery.  Inadvertent disclosure of any such information or documentation is not intended to and shall not constitute a waiver of any privilege or any other ground for objecting to discovery with respect to such information, or with respect to the subject matter thereof.  Nor shall such inadvertent production or disclosure waive the right of ASTM to object to the use of any such information during this action or in any other subsequent proceeding.

2.     ASTM objects to these requests to the extent they purport to require ASTM to provide more information than the rules and laws of the court require in claiming attorney-client privilege, work product protection, or other privileges or protections.  ASTM will not produce or log privileged communications made between ASTM and its co-Plaintiffs or between ASTM and its outside counsel, or any documents protected by the work product or common interest doctrines after commencement of the Litigation.  All such communications or documents were intended to be confidential and privileged and they have been treated as such.  In light of the voluminous nature of such communications, including them in ASTM's privilege log would be unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.

3.      ASTM objects to these Requests, definitions, and instructions to the extent that they seek documents that include confidential, business proprietary information, trade secrets or other confidential research, development, financial or commercial information of ASTM.  No such confidential or proprietary information will be produced until an appropriate protective order is in place.

4.      ASTM objects to Public Resource's definitions and instructions to the extent they are beyond the scope of the Federal Rules, the Local Rules, and the Orders of this Court.

5.      ASTM objects to Public Resource's Requests to the extent they are overly broad, unduly burdensome, or not relevant or likely to lead to any relevant evidence as to any party's claims, counterclaims, or defenses or the subject matter involved in the action.

6.      ASTM objects to the Requests to the extent they seek documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

7.      ASTM objects to the Requests to the extent that they seek to impose obligations on ASTM that are unduly burdensome, especially to the extent they request documents that are already in the possession of Public Resource or are publicly available such that it could be derived or ascertained by Public Resource with substantially the same effort that would be required of ASTM.

8.      ASTM objects to the Requests to the extent that they seek documents that are not limited to a relevant and reasonable period of time.

9.      ASTM objects to Public Resource's Requests to the extent that they seek to require ASTM to provide documentation other than that which may be obtained through a reasonably diligent search of ASTM's corporate records.

10.     ASTM objects to each of the Requests to the extent it does not describe the information sought with sufficient particularity and/or is vague, ambiguous, or unlimited in scope.

11.     ASTM objects to each and every Request, definition, and instruction to the extent that it calls for a legal conclusion.  Any response by ASTM shall not be construed as providing a legal conclusion regarding the meaning or application of any terms or phrases used in Public Resource's Requests, definitions, or instructions.

12.     ASTM objects to each and every Request, definition, and instruction to the extent that it contains subparts or a compound, conjunctive, or disjunctive request.

13.     ASTM objects to each and every Request, definition, and instruction to the extent that it is speculative, lacks foundation, or improperly assumes the existence of hypothetical facts that are incorrect or unknown to ASTM.

14.     ASTM objects to each and every Request to the extent that it requests ASTM to identify "all" document, or "every" document responsive to the particular Request.  Discovery is ongoing, and the facts identified in ASTM's responses are exemplary, not exhaustive.

15.     ASTM objects to the definition of "You," "Your" or "ASTM" on the grounds that it is vague, ambiguous, overbroad, and unduly burdensome to the extent these terms include any entity other than ASTM.

16.     ASTM objects to the definition of "Incorporated Standard" as overbroad and unduly burdensome to the extent it includes standards that have been incorporated into law by any jurisdiction outside the United States.  ASTM will construe "Incorporated Standard" as referring to any standard that a jurisdiction within the United States has incorporated into law, including through incorporation by reference.

17.     ASTM objects to the definition of "Legal Authority" as vague and ambiguous and overbroad and unduly burdensome.  ASTM will define "Legal Authority" to mean statutes, regulations or ordinances of government entities within the United States of America.

18.     ASTM objects to the definition of "Standards Process" as vague and ambiguous and overbroad and unduly burdensome.  ASTM will respond to Requests containing the phrase "Standards Process" by defining the phrase to mean the developing, creating, drafting, revising and editing of a Standard.

19.     ASTM objects to the definitions of "Work-At-Issue" and "Works-At-Issue" on the grounds that they are overly broad and unduly burdensome to the extent they include standards about which ASTM has not asserted claims of infringement.  ASTM will construe "Work-At-Issue" and "Works-At-Issue" to include only those ASTM standards that are identified in Exhibit A to the Complaint.

20.     ASTM objects to the definition of "Complete Chain of Title" as vague and ambiguous, overly broad and unduly burdensome, and to the extent it calls for a legal conclusion.

21.     ASTM objects to the definition of "Contribution" as vague and ambiguous and overbroad and unduly burdensome to the extent it exceeds the commonly understood definition of the term.  ASTM will respond to Requests with the term "Contribution" by defining the term to mean the provision of assistance, advice, or labor.

22.     ASTM objects to the definition of "Document" as overly broad and unduly burdensome to the extent it requires ASTM to search for and produce electronic documents or information that is not reasonably accessible.

23.     ASTM objects to each and every Request to the extent that it calls for the production of "all" Documents concerning a subject matter on the ground that such Requests are,

6

to that extent, overly broad and unduly burdensome.  Specifically, ASTM objects to each and

every request to the extent it seeks discovery of documents or electronically stored information

from sources that are not reasonably accessible in light of the burdens or costs required to locate,

restore, review and produce whatever responsive information may be found, including but not

limited to replicated servers for disaster recovery and business continuity purposes, back-up

tapes, and any source that is capable of being accessed or viewed only though forensic or other

extraordinary means.

24.    ASTM will make reasonable efforts to gather documents responsive to Public

Resource's Requests as they understand and interpret each Request, subject to and limited by the

objections they may have to each Request, within their possession, custody or control, including

those contained in these General Objections and all other objections made herein, as well as any

limitations agreed to by the parties.  If Public Resource asserts an interpretation of any aspect of

its Requests different from that made by ASTM, ASTM reserves the right to supplement its

objections and/or responses if such interpretations made by Public Resource are held to be the

applicable interpretation.

25.    No express, incidental or implied admissions are intended by ASTM's responses

and objections.  The fact that ASTM agree to provide documents in response to a particular

Request is not intended and shall not be construed as an admission that ASTM accepts or admits

the existence of any such document set forth in or assumed by such Request, or that any such

document constitutes admissible evidence.  The fact that ASTM agrees to provide documents in

response to a particular Request is not intended and shall not be construed as a waiver by ASTM

of any part of any objection to such Request or any part of any general objection made herein.

26.     ASTM objects to Public Resource's instruction that all responsive documents be produced within thirty (30) days after service of Public Resource's requests.  ASTM will produce documents on a rolling basis.

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:**

Documents sufficient to identify each Work-At-Issue.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1**

ASTM incorporates the General Objections as if fully set forth herein.  ASTM objects to the definition of "Work-At-Issue" on the grounds that it is overly broad and unduly burdensome to the extent it includes standards about which ASTM has not asserted claims of infringement. ASTM will construe "Work-At-Issue" to include only those ASTM standards that are identified in Exhibit A to the Complaint.  ASTM also objects to this Request on the ground that it seeks documents that are equally available to Public Resource as it is to ASTM, or that could be derived or ascertained by Public Resource with substantially the same effort that would be required for ASTM.

Subject to and without waiving the foregoing objections, ASTM will produce documents sufficient to identify the standards that are listed in Exhibit A to the Complaint in this action.

**REQUEST FOR PRODUCTION NO. 2:**

Documents sufficient to establish Complete Chain of Title for each Work-At-Issue.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2**

ASTM incorporates the General Objections as if fully set forth herein.  ASTM objects to the definition of "Work-At-Issue" on the grounds that it is overly broad and unduly burdensome to the extent it includes standards about which ASTM has not asserted claims of infringement.

ASTM will construe "Work-At-Issue" to include only those ASTM standards that are identified in Exhibit A to the Complaint.  ASTM objects to the definition of "Complete Chain of Title" as vague and ambiguous, overly broad and unduly burdensome, and to the extent it calls for a legal conclusion.  ASTM further objects on the grounds that the request is overly broad and unduly burdensome to the extent it requires ASTM to produce voluminous documentation with regards to hundreds of standards.

Subject to and without waiving the foregoing objections, ASTM will produce copyright registrations for each of the Works-At-Issue as well as copies of the form documents signed by each ASTM member that relate to the assignment of copyrights to ASTM that can be located after a reasonable search confined to a reasonable time period.

**REQUEST FOR PRODUCTION NO. 3:**

Documents sufficient to identify all persons who participated in the Standards Process of each Work-At-Issue.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3**

ASTM incorporates the General Objections as if fully set forth herein.  ASTM objects to the definition of "Work-At-Issue" on the grounds that it is overly broad and unduly burdensome to the extent it includes standards about which ASTM has not asserted claims of infringement. ASTM will construe "Work-At-Issue" to include only those ASTM standards that are identified in Exhibit A to the Complaint.  ASTM further objects on the grounds that the request is overly broad and unduly burdensome to the extent it requires ASTM to produce documentation other than that which may be obtained through a reasonably diligent search of ASTM's corporate records.  ASTM further objects to the term "participated" as vague and ambiguous.  ASTM objects to the term "Standards Process" on the grounds that it is vague and ambiguous and overly

9

broad and unduly burdensome.  ASTM will construe "Standards Process" to mean the developing, creating, drafting, revising and editing of a Standard.

ASTM objects to this request on the grounds that it is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.  As framed by Public Resource, this Request seeks documents sufficient to identify every person who "participated" in the "development, creation, drafting, revision, editing, transmission, publication, distribution, display, or dissemination" of hundreds of separate copyrighted works.  The Request apparently extends not only to every person with any connection to the process of developing the standards listed in Exhibit A of the Complaint, but also to every person who had any role in the "publication" of those standards, as well as every person with any involvement in the distribution, display, or dissemination of those standards at any point after their publication.

Subject to and without waiving the foregoing objections, ASTM will produce rosters for the subcommittees that drafted the Works-At-Issue and the ASTM members who voted on the Works-At-Issue that are in its possession or control and can be located after a reasonable search confined to a reasonable time period.

**REQUEST FOR PRODUCTION NO. 4:**

Documents sufficient to identify all Contributions in support of the Standards Process of each Work-At-Issue.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

ASTM incorporates the General Objections as if fully set forth herein.  ASTM objects to the definition of "Work-At-Issue" on the grounds that it is overly broad and unduly burdensome to the extent it includes standards about which ASTM has not asserted claims of infringement. ASTM will construe "Work-At-Issue" to include only those ASTM standards that are identified

10

in Exhibit A to the Complaint.  ASTM objects to the terms "Contributions" and "Standards

Process" on the grounds that they are vague and ambiguous and overly broad and unduly

burdensome.  ASTM will construe "Contribution" to mean the provision of assistance, advice, or

labor.  ASTM will construe "Standards Process" to mean the developing, creating, drafting,

revising and editing of a Standard.   ASTM objects to the phrase "in support of" on the ground

that it is vague and ambiguous.  ASTM further objects on the grounds that the request is overly

broad and unduly burdensome to the extent it requires ASTM to produce documentation other

than that which may be obtained through a reasonably diligent search of ASTM's corporate

records.

ASTM objects to this request on the grounds that it is overly broad, unduly burdensome

and not reasonably calculated to lead to the discovery of admissible evidence.  As framed by

Public Resource, this Request seeks documents sufficient to identify every instance of

"assistance, advice, financial support, labor, effort, or expenditure of time" with respect to the

"development, creation, drafting, revision, editing, transmission, publication, distribution,

display, or dissemination" of hundreds of separate copyrighted works.  The Request apparently

extends to every expenditure of time, effort or funds made in connection with the lengthy process

of developing the standards listed in Exhibit A of the Complaint, as well as every expenditure of

time, effort or funds made in connection with the publication of those works or the distribution,

display, or dissemination of those works at any point after their publication.

Subject to and without waiving the foregoing objections, ASTM will produce records

related to the development, creation, drafting, revision, editing and finalization of each of the

Works-At-Issue that are in its possession or control and can be located after a reasonable search

confined to a reasonable time period.

11

**REQUEST FOR PRODUCTION NO. 5:**

Documents sufficient to identify every Legal Authority that incorporates each Work-At-Issue, either expressly or by reference.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5**

ASTM incorporates the General Objections as if fully set forth herein.  ASTM further objects to the term "Legal Authority" as vague and ambiguous and overly broad and unduly burdensome.  ASTM will construe "Legal Authority" to refer to statutes, regulations, and ordinances of government entities within the United States of America.  ASTM further objects to the term "Work-at-Issue" on the ground that it is overly broad and unduly burdensome to the extent it includes standards about which ASTM has not asserted claims of infringement.  ASTM will construe "Work-At-Issue" to include only those ASTM standards that are identified in Exhibit A to the Complaint.

ASTM further objects to this Request on the ground that it seeks information or documents already in the possession of Public Resource, in the public domain, or that are equally available to Public Resource as they are to ASTM and could be derived or ascertained by Public Resource with substantially the same effort that would be required of ASTM.  Public Resource alleges that it is aware of the extent to which "national, federal, state, or local governments have incorporated [private sector standards] into law," (ECF No. 21 ¶ 42), and its website purports to identify, for each standard listed in Exhibit A, the jurisdiction or jurisdictions that have incorporated the standard by reference.  Because Public Resource already purports to have the information sought by this Request, there is no need for ASTM to produce such information.

What is more, the extent to which jurisdictions have incorporated a particular standard by reference is a matter of public record, and equally available to Public Resource as it is to ASTM.

**REQUEST FOR PRODUCTION NO. 6:**

All documents constituting, comprising, referring to, or evidencing agreements between You and any Person who participated in the Standards Process of each Work-At-Issue.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6**

ASTM incorporates the General Objections as if fully set forth herein.  ASTM objects to this Request on the ground that it is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.  ASTM objects to this Request to the extent that it seeks information or documents protected by the attorney-client privilege, work product doctrine, or any other applicable law, privilege, immunity, protection or doctrine. ASTM further objects to the terms "agreements" and "participated" as vague and ambiguous. ASTM further objects to the term "Work-at-Issue" on the ground that it is overly broad and unduly burdensome to the extent it includes standards about which ASTM has not asserted claims of infringement.  ASTM will construe "Work-At-Issue" to include only those ASTM standards that are identified in Exhibit A to the Complaint.  ASTM further objects to the term "Standards Process" on the ground that it is vague and ambiguous and overly broad and unduly burdensome.  ASTM will construe "Standards Process" to mean the developing, creating, drafting, revising and editing of a Standard.  ASTM objects to this Request to the extent it is not limited to a reasonable period of time.

Subject to and without waiving the foregoing objections, ASTM will produce the current versions of form agreements that ASTM members and members of the public sign in connection with their participation in the standard development process.

## REQUEST FOR PRODUCTION NO. 7:

All documents constituting, comprising, or concerning communications with any government employee, official, or entity regarding incorporation (whether actual, proposed, desired, or considered) of any Standard in which You claim rights into any Legal Authority.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 7

ASTM incorporates the General Objections as if fully set forth herein.  ASTM objects to this Request to the extent that it is not limited to a reasonable period of time.  ASTM objects to this Request on the ground that it is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence to the extent that it extends beyond the standards that are listed in Exhibit A to the Complaint, to the extent that it requests communications to which ASTM was not a party, to the extent that it extends to communications with a "government employee, official, or entity" outside the United States, and to the extent that it calls for the production of "all" documents that fall within the scope of the Request.  ASTM further objects to the term "Legal Authority" as vague and ambiguous and overly broad and unduly burdensome.  ASTM will construe "Legal Authority" to refer to statutes, regulations, and ordinances of government entities within the United States of America.  ASTM further objects to the term "communications" as vague and ambiguous within the context of this Request.

Subject to and without waiving the foregoing objections, ASTM will produce responsive, non-privileged documents that can be located after a reasonable search confined to a reasonable time period of the files of selected custodians, and that constitute written or electronic communications between ASTM and government employees or officials within the United States regarding the incorporation of any of the standards listed in Exhibit A to the Complaint.

**REQUEST FOR PRODUCTION NO. 8:**

    All documents regarding Carl Malamud.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8**

    ASTM incorporates the General Objections as if fully set forth herein.  ASTM objects to this Request as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.  ASTM objects to this Request to the extent that it seeks information or documents protected by the attorney-client privilege, work product doctrine, or any other applicable law, privilege, immunity, protection or doctrine.  ASTM further objects to this Request to the extent that it is not limited to a reasonable period of time.

    In response to Plaintiffs' Request for Production No. 28, seeking documents in Public Resource's possession relating to any Plaintiff, Public Resource conditioned its production of responsive documents on "Plaintiffs' agreement that they will produce all documents relating to Public Resource."  ASTM does not agree to produce "all documents relating to Public Resource," "[a]ll documents regarding Carl Malamud" (Public Resource RFP No. 8) or "[a]ll documents regarding Public Resource or its representatives . . ., including its legal representatives" (Public Resource RFP No. 9).  These requests of Public Resource are overly broad and unduly burdensome, including because they are not limited to the claims and defenses at issue in this case.  In light of its conditional response to Plaintiffs' Request for Production No. 28, and ASTM's unwillingness to agree to that condition, Public Resource's current position is that it will not produce any documents responsive to Plaintiffs' Request for Production No. 28.  Accordingly, ASTM will take the same position with respect to Public Resource's Requests for Production Nos. 8 and 9.  ASTM is willing to meet and confer with Public Resource regarding this issue.

**REQUEST FOR PRODUCTION NO. 9:**

All documents regarding Public Resource or its representatives (other than Carl Malamud), including its legal representatives.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9**

ASTM incorporates the General Objections as if fully set forth herein.   ASTM further objects to this Request as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.  ASTM objects to this Request to the extent that it seeks information or documents protected by the attorney-client privilege, work product doctrine, or any other applicable law, privilege, immunity, protection or doctrine.  ASTM objects to this Request to the extent that it is not limited to a reasonable period of time.  ASTM objects to this Request as vague and ambiguous because ASTM does not know the identity of Public Resource's "representatives" and "legal representatives."

In response to Plaintiffs' Request for Production No. 28, seeking documents in Public Resource's possession relating to any Plaintiff, Public Resource conditioned its production of responsive documents on "Plaintiffs' agreement that they will produce all documents relating to Public Resource."  ASTM does not agree to produce "all documents relating to Public Resource," "[a]ll documents regarding Carl Malamud" (Public Resource RFP No. 8) or "[a]ll documents regarding Public Resource or its representatives . . ., including its legal representatives" (Public Resource RFP No. 9).  These requests of Public Resource are overly broad and unduly burdensome, including because they are not limited to the claims and defenses at issue in this case.  In light of its conditional response to Plaintiffs' Request for Production No. 28, and ASTM's unwillingness to agree to that condition, Public Resource's current position is that it will not produce any documents responsive to Plaintiffs' Request for Production No. 28.

16

Accordingly, ASTM will take the same position with respect to Public Resource's Requests for

Production Nos. 8 and 9.  ASTM is willing to meet and confer with Public Resource regarding

this issue.

**REQUEST FOR PRODUCTION NO. 10:**

All documents constituting or concerning communications among Persons who

participated in the Standards Process of each Work-At-Issue, including but not limited to

meeting and conference call minutes and notes.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10**

ASTM incorporates the General Objections as if fully set forth herein.  ASTM further

objects to the terms "communications" and "participated" as vague and ambiguous.  ASTM

further objects to the terms "Standards Process" and "Work-at-Issue" on the ground that they are

overly broad and unduly burdensome.  ASTM will construe "Standards Process" to mean the

developing, creating, drafting, revising and editing of a Standard.   ASTM will construe "Work-

At-Issue" to include only those ASTM standards that are identified in Exhibit A to the

Complaint.  ASTM further objects on the grounds that the request is overly broad and unduly

burdensome to the extent it requires ASTM to produce documentation other than that which may

be obtained through a reasonably diligent search of ASTM's corporate records.

Subject to and without waiving the foregoing objections, ASTM will produce non-

privileged records related to the development, creation, drafting, revision, editing and

finalization of each of the Works-At-Issue that are in its possession or control and can be located

after a reasonable search confined to a reasonable period of time.

**REQUEST FOR PRODUCTION NO. 11:**

All documents concerning revenue or profit expectations by You or any other Person regarding the availability, publication, sale, distribution, display, or other dissemination of any Standard in which You claim rights.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11**

ASTM incorporates the General Objections as if fully set forth herein.  ASTM objects to this Request on the ground that it is overly broad and unduly burdensome to the extent it calls for documents related to standards about which ASTM has not asserted claims of infringement. ASTM will construe the Request to include only those ASTM standards that are identified in Exhibit A to the Complaint.  ASTM objects to the phrase "revenue or profit expectations" and the term "availability" as vague and ambiguous.  ASTM objects to this request on the grounds that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence on the grounds that it calls for "all documents concerning" revenue earned by ASTM in connection with the Works-At-Issue and to the extent it seeks documents relating to revenue that is earned by anyone other than ASTM in connection with the Works-At-Issue.

Subject to and without waiving the foregoing objections, ASTM will produce documents sufficient to show the revenue it has earned from the Works-At-Issue that are in its possession or control and can be located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 12:**

All documents concerning any Contributions You have received from any governmental entity in connection with the Standards Process of each Work-At-Issue.

18

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12**

ASTM incorporates the General Objections as if fully set forth herein.  ASTM further objects to the terms "Contributions," "Standards Process" and "Work-at-Issue" on the ground that they are vague and ambiguous and overly broad and unduly burdensome.  ASTM will construe "Contribution" to mean the provision of assistance, advice, or labor.  ASTM will construe "Standards Process" to mean the developing, creating, drafting, revising and editing of a Standard.   ASTM will construe "Work-At-Issue" to include only those ASTM standards that are identified in Exhibit A to the Complaint.  ASTM further objects on the grounds that the request is overly broad and unduly burdensome to the extent it requires ASTM to produce documentation other than that which may be obtained through a reasonably diligent search of ASTM's corporate records.

Subject to and without waiving the foregoing objections, ASTM will produce non-privileged documents that are in its possession or control and can be located after a reasonable search confined to a reasonable time period that show any role that representatives of governmental entities played in the development, creation, drafting, revision, editing and finalization of the Works-At-Issue.

**REQUEST FOR PRODUCTION NO. 13:**

All documents concerning any Contributions You have received from any not-for-profit entity (other than a governmental entity) in connection with the Standards Process of each Work-At-Issue.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 13**

ASTM incorporates the General Objections as if fully set forth herein.  ASTM objects to this Request as overly broad, unduly burdensome, and not reasonably calculated to lead to the

discovery of admissible evidence.  ASTM further objects to the terms "Contributions,"

"Standards Process" and "Work-at-Issue" on the ground that they are overly broad and unduly

burdensome.  ASTM will construe "Contribution" to mean the provision of assistance, advice, or

labor.  ASTM will construe "Standards Process" to mean the developing, creating, drafting,

revising and editing of a Standard.  ASTM will construe "Work-At-Issue" to include only those

ASTM standards that are identified in Exhibit A to the Complaint.  ASTM further objects on the

grounds that the request is overly broad and unduly burdensome to the extent it requires ASTM

to produce documentation other than that which may be obtained through a reasonably diligent

search of ASTM's corporate records.  ASTM further objects to this Request to the extent that it

calls for a legal conclusion.  In particular, the question whether particular organizations involved

in the development of ASTM standards are "not-for-profit entit[ies]" involves information that is

outside of ASTM's possession, custody, and control, and calls for a legal conclusion.

Subject to and without waiving the foregoing objections, ASTM will produce non-

privileged documents that are in its possession or control and can be located after a reasonable

search confined to a reasonable time period relating to the development, creation, drafting,

revision, editing and finalization of the Works-At-Issue.

## REQUEST FOR PRODUCTION NO. 14:

All documents constituting, comprising, or concerning communications requesting

Contributions of any form from any Person in connection with the Standards Process of each

Work-At-Issue.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 14

ASTM incorporates the General Objections as if fully set forth herein.  ASTM objects to

this Request as overly broad, unduly burdensome, and not reasonably calculated to lead to the

discovery of admissible evidence.  ASTM objects to the term "communications" as vague and ambiguous.  ASTM further objects to the terms "Contributions," "Standards Process" and "Work-at-Issue" on the ground that they are overly broad and unduly burdensome.  ASTM will construe "Contribution" to mean the provision of assistance, advice, or labor.  ASTM will construe "Standards Process" to mean the developing, creating, drafting, revising and editing of a Standard.  ASTM will construe "Work-At-Issue" to include only those ASTM standards that are identified in Exhibit A to the Complaint.  ASTM further objects to this Request as overly broad and unduly burdensome to the extent that it seeks communications to which ASTM was not a party.  ASTM objects to this Request to the extent that it seeks information or documents not within ASTM's possession, custody, or control.  ASTM further objects to this Request on the ground that it is overly broad and unduly burdensome to the extent that it calls for the production of "all" documents that fall within the scope of the Request.  ASTM further objects on the grounds that the request is overly broad and unduly burdensome to the extent it requires ASTM to produce documentation other than that which may be obtained through a reasonably diligent search of ASTM's corporate records.

Subject to and without waiving the foregoing objections, ASTM will produce a representative sample of non-privileged documents that are in its possession or control and can be located after a reasonable search confined to a reasonable period of time relating to ASTM's requests for public participation in the development and creation of the Works-At-Issue.

**REQUEST FOR PRODUCTION NO. 15:**

All documents concerning offers of Contributions from any Person in connection with the Standards Process of each Work-At-Issue.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 15**

ASTM incorporates the General Objections as if fully set forth herein.  ASTM objects to this Request as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.  ASTM objects to the phrase "offers of Contributions" as vague and ambiguous.  ASTM further objects to the terms "Contributions," "Standards Process" and "Work-at-Issue" on the ground that they are overly broad and unduly burdensome.  ASTM will construe "Contribution" to mean the provision of assistance, advice, or labor.  ASTM will construe "Standards Process" to mean the developing, creating, drafting, revising and editing of a Standard.  ASTM will construe "Work-At-Issue" to include only those ASTM standards that are identified in Exhibit A to the Complaint.  ASTM further objects to this Request as overly broad and unduly burdensome to the extent that it seeks communications to which ASTM was not a party.  ASTM objects to this Request to the extent that it seeks information or documents not within ASTM's possession, custody, or control.  ASTM further objects to this Request on the ground that it is overly broad and unduly burdensome to the extent that it calls for the production of "all" documents that fall within the scope of the Request.  ASTM further objects on the grounds that the request is overly broad and unduly burdensome to the extent it requires ASTM to produce documentation other than that which may be obtained through a reasonably diligent search of ASTM's corporate records.

**REQUEST FOR PRODUCTION NO. 16:**

All documents constituting, comprising, or concerning communications criticizing Your claims, statements, arguments, or positions in this dispute or litigation.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 16

ASTM incorporates the General Objections as if fully set forth herein.  ASTM further objects to this Request as not reasonably calculated to lead to the discovery of admissible evidence.  ASTM further objects to this Request to the extent that it seeks information or documents protected by the attorney-client privilege, work product doctrine, or any other applicable law, privilege, immunity, protection or doctrine.  ASTM further objects to this Request on the ground that it seeks information or documents already in the possession of or more readily available to Public Resource, in the public domain, that are equally available to Public Resource as they are to ASTM or that could be derived or ascertained by Public Resource with substantially the same effort that would be required of ASTM.  ASTM further objects to the undefined terms "communications" and "dispute" as vague and ambiguous.

## REQUEST FOR PRODUCTION NO. 17:

All documents constituting, comprising, or concerning communications by You regarding this dispute or litigation.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 17

ASTM incorporates the General Objections as if fully set forth herein.  ASTM objects to this Request to the extent that it seeks information or documents protected by the attorney-client privilege, work product doctrine, or any other applicable law, privilege, immunity, protection or doctrine.  ASTM objects to this Request as not reasonably calculated to lead to the discovery of admissible evidence.  ASTM further objects to the terms "communications," and "dispute" as vague and ambiguous.  ASTM further objects to this Request on the ground that it is overly broad and unduly burdensome to the extent that it calls for the production of "all" documents that fall within the scope of the Request.  ASTM is willing to meet and confer with Public Resource

to discuss whether this Request can be narrowed to address relevant, non-privileged information in a manner that would not impose an undue burden on ASTM.

Subject to and without waiving the foregoing objections, ASTM directs Public Resource to a press statement by NFPA, ASHRAE and ASTM concerning this litigation posted on NFPA's website: http://www.nfpa.org/press-room/news-releases/2013/media-statement.

**REQUEST FOR PRODUCTION NO. 18:**

All documents constituting, comprising, or concerning licenses with respect to any Work-At-Issue.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 18**

ASTM incorporates the General Objections as if fully set forth herein.  ASTM objects to this Request as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.  ASTM objects to this Request to the extent that it seeks information or documents protected by the attorney-client privilege, work product doctrine, or any other applicable law, privilege, immunity, protection or doctrine.  ASTM objects to the term "licenses" as vague and ambiguous.  ASTM further objects to the term "Work-at-Issue" on the ground that they are overly broad and unduly burdensome.  ASTM will construe "Work-At-Issue" to include only those ASTM standards that are identified in Exhibit A to the Complaint. ASTM further objects to this Request as overly broad and unduly burdensome to the extent that it seeks communications to which ASTM was not a party and to the extent it seeks all documents.  ASTM further objects on the grounds that the request is overly broad and unduly burdensome to the extent it requires ASTM to produce documentation other than that which may be obtained through a reasonably diligent search of ASTM's corporate records and is not limited to a reasonable period of time.

Subject to and without waiving the foregoing objections, ASTM will produce a representative sample of non-privileged licenses to which customers must agree when they download copies of the Works-At-Issue that can be located after a reasonable search of the files of selected custodians confined to a reasonable period of time.

Dated: March 24, 2014                    Respectfully submitted:

/s/Michael Clayton_____
Michael F. Clayton (D.C. Bar: 335307)
J. Kevin Fee (D.C. Bar: 494016)
Jordana S. Rubel (D.C. Bar: 988423)
Morgan, Lewis & Bockius LLP
1111 Pennsylvania Ave., N.W.
Washington, D.C. 20004
Telephone: 202.739.5215
Email:   mclayton@morganlewis.com
         jkfee@morganlewis.com
         jrubel@morganlewis.com

*Counsel For American Society For Testing and Materials d/b/a/ ASTM International*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing ASTM's Objections and

Responses to Public Resource's First Set of Requests for Production was served this 24th day of

March, 2014 via email upon the following:


*Counsel for National Fire Protection Association, Inc.*

Anjan Choudhury (Anjan.Choudhury@mto.com)
Kelly M. Klaus (Kelly.Klaus@mto.com)
Jonathan H. Blavin (Jonathan.Blavin@mto.com)
Michael J. Mongan (Michael.Mongan@mto.com)

*Counsel for American Society of Heating, Refrigerating, and Air Conditioning Engineers*

Jeffrey S. Buckholtz (jbuckholtz@kslaw.com)
Kenneth L. Steinthal (ksteinthal@kslaw.com)
Joseph R. Wetzel (jwetzel@kslaw.com)
Andrew Zee (azee@kslaw.com)

*Counsel for Public.Resource.Org, Inc.*

Andrew Bridges (abridges@fenwick.com)
Kathleen Lu (klu@fenwick.com)
David Halperin (davidhalperindc@gmail.com)
Mitchell L. Stoltz (mitch@eff.org)
Corynne McSherry (corynne@eff.org)
Joseph Gratz (jgratz@durietangri.com)
Mark Lemley (mlemley@durietangri.com)


/s/ Jordana Rubel
Jordana Rubel