# EXHIBIT 7

**Fenwick**
FENWICK & WEST LLP

555 CALIFORNIA STREET, 12TH FLOOR   SAN FRANCISCO, CA 94104
TEL: 415.875.2300   FAX: 415.281.1350   WWW.FENWICK.COM

May 2, 2014

ANDREW P. BRIDGES

EMAIL ABRIDGES@FENWICK.COM
Direct Dial (415) 875-2389

**VIA E-MAIL**

Kelly M. Klaus
Jonathan H. Blavin
Michael J. Mongan
MUNGER, TOLLES & OLSON LLP
560 Mission St., 27th Floor
San Francisco, CA 94104

Kenneth L. Steinthal
Joseph R. Wetzel
KING & SPALDING LLP
101 2nd Street, Suite 2300
San Francisco, CA 94105

Anjan Choudhury
MUNGER, TOLLES & OLSON LLP
355 South Grand Avenue, 35th Floor
Los Angeles, CA 90071

Jeffery S. Bucholtz
KING & SPALDING LLP
1700 Pennsylvania Avenue NW, Suite 200
Washington, D.C. 20006

Re:   ASTM et al. v. Public.Resource.Org Discovery Responses

Counsel,

Public.Resource.Org (Public Resource) states its positions on various discovery disputes below, with the objective of reaching an amicable solution allowing the parties to proceed. Public Resource reserves all rights and all objections in its responses to Plaintiffs' Request for Production, Request for Admission, and Interrogatories.

1.  **Plaintiffs' Responses to Public Resource's Requests for Production**

Throughout ASHRAE's discovery responses, it repeatedly asserts that it will provide only documents pertaining to the 2010 edition of Standard 90.1. Because ASHRAE appears to be suing Public Resource over three separate editions of Standard 90.1—2004, 2007, and 2010—it needs to provide documents for all three editions, not simply the most recent edition. Similarly, ASHRAE lists its 1993 Handbook in Exhibit C to the Complaint. If ASHRAE intends to include the 1993 Handbook in its suit against Public Resource, it must produce documents pertaining to this handbook.

All three Plaintiffs object to Public Resource's definition of "contribution" as used in Public Resource's RFP Nos. 4 and 12-15, but fail to provide a sufficient definition of their own. ASTM offers a definition that does not include financial contributions, while the other Plaintiffs do not provide any definition. In order to facilitate agreement on this matter, Public Resource suggests that the parties agree on the following definition: "contribution" means any assistance,

May 2, 2014
Page 2

advice, financial support, labor, effort, or expenditure of time that is provided toward a project or goal regarding a specific standard at issue.

Public Resource is concerned by the number of responses to Public Resource's RFPs in which the NFPA indicated that it would provide only the "Report on Proposals" (ROP) and "Report on Comments" (ROC) for each standard at issue. Although Public Resource recognizes that it has not yet received these reports and evaluated their contents, NFPA's citation of them as the sole documents that respond to a broad series of requests suggests that these documents will be insufficient.

For all responses in which Plaintiffs have agreed to produce responsive agreements or licenses, including Plaintiffs' responses to Public Resource's RFP Nos. 2, 4, 6, and 18, the agreements or licenses that are produced must be signed. Blank (unsigned) form agreements and licenses may be responsive, but they will not satisfy these requests by themselves. Public Resource must also receive agreements and licenses with evidence of assent of the parties to the agreement.

Regarding responses to Public Resource's RFP No. 3 (requesting documents sufficient to identify all persons who participated in the standards process of each work at issue), lists or rosters of individuals who participated in the standard development process for each Work at Issue should include the names of the individuals as well as their employers or affiliations where the information exists, as the employer or affiliation is necessary for proper identification. Additionally, ASHRAE's response to Public Resource's RFP No. 3 is insufficient in that it offers documents pertaining to only the 2010 edition of Standard 90.1, and it does not mention the other works that it purportedly asserts in this litigation.

Regarding responses to Public Resource's RFP No. 5, Public Resource has requested documents sufficient to identify every legal authority that incorporates by reference each work at issue. Although there may be overlap in any documents that Public Resource possesses that evidence incorporation by reference of the works at issue, Plaintiffs are likely to possess some records regarding incorporation by reference that Public Resource does not. To the extent that Plaintiffs have any documents pertaining to incorporation by reference of the standards at issue, Plaintiffs must produce these documents.

ASHRAE's response to Public Resource's RFP No. 7 (requesting communications with government entities regarding incorporation of standards into law) is insufficient to the extent that it offers only "*official*" written correspondence "by ASHRAE *to* government entities" regarding incorporation of only the 2010 edition of Standard 90.1. As noted above, ASHRAE must produce documents pertaining to every edition and standard that it intends to assert in this litigation. Moreover, Public Resource's request plainly encompasses *unofficial* correspondence in addition to official correspondence, as well as all correspondence from government officials *to*

May 2, 2014
Page 3

ASHRAE regarding incorporation by reference, not simply correspondence sent by ASHRAE.

Public Resource's RFP Nos. 8 and 9 (requesting all documents regarding Carl Malamud and Public Resource or its representatives) mirror Plaintiffs' RFPs No. 28 (requesting all documents regarding Plaintiffs). In its response to Plaintiffs' RFP No. 28, Public Resource offered to produce responsive, non-privileged documents that expressly refer to the name of any Plaintiff, to the extent that such documents exist, relate to the matters specifically alleged in the Complaint, and can be located after a reasonable search for documents in Public Resource's possession, custody, or control, subject to Plaintiffs' agreement that they will produce all documents relating to Carl Malamud or Public Resource. Plaintiffs rejected this offer. Public Resource re-affirms this offer, but specifies that the same qualifications to Public Resource's production would also apply to Plaintiffs: Public Resource will produce responsive, non-privileged documents that expressly refer to the name of any Plaintiff, to the extent that such documents exist, relate to the matters specifically alleged in the Complaint, and can be located after a reasonable search for documents in Public Resource's possession, custody, or control, subject to Plaintiffs' agreement that they will produce responsive, non-privileged documents that expressly refer to Public Resource, Carl Malamud, or any of Public Resource's representatives, to the extent that such documents exist, relate to the matters specifically alleged in the Complaint, and can be located after a reasonable search for documents in Plaintiff's possession, custody, or control. Such an agreement would help ensure that production is complete, yet also relevant and not overly burdensome to Plaintiffs or Public Resource.

ASTM and NFPA's responses to Public Resource's RFP No. 11 (requesting documents concerning revenue or profit expectation for dissemination of the standards at issue) are insufficient to the extent that they offer to produce only documents that show revenue it has earned from the works at issue, but not prospective expectations of future revenue. NFPA's response is further insufficient in that it offers documents from only the past 5 years, when in fact it appears to be asserting works at issue that date back to 1999. ASHRAE's response to Public Resource's RFP No. 11 is insufficient to the extent that it offers to produce only documents showing past and anticipated revenue for the 2010 edition of Standard 90.1, as documents for all editions and standards that ASHRAE intends to assert in this litigation must be produced.

ASHRAE's response to Public Resource's RFP No. 12 (requesting all documents concerning any contributions from any governmental entity in connection with the standards process for each work at issue) is insufficient in that it offers documents pertaining to only the 2010 edition of Standard 90.1. ASHRAE's response is likely also insufficient in that it is limited to reports from the Pacific Northwest National Laboratory, unless this is the only government entity that contributed to any edition of the standards that ASHRAE intends to assert in this litigation. If that is the case, ASHRAE should admit that the Pacific Northwest National Laboratory was the only government entity that contributed to the 2004, 2007, or 2010 editions

May 2, 2014
Page 4

of Standard 90.1 or to the 1993 ASHRAE Handbook.  Moreover, with regard to all Plaintiffs, Public Resource repeats its suggestion that "contribution" should be defined as any assistance, advice, financial support, labor, effort, or expenditure of time that is provided toward a project or goal.

Plaintiffs object to Public Resource's RFP No. 13 (requesting all documents concerning any contributions from any not-for-profit entity in connection with the standards process for each work at issue) on the grounds that the question of whether a contributor to the development of one of the works at issue qualifies as a not-for-profit entity is a legal question.  However, there is no disputed legal issue.  Plaintiffs may rely on a contributor's own characterization of itself as a not-for-profit entity in order to respond to this request.

Plaintiffs' responses to Public Resource's RFPs Nos. 14 and 15 are insufficient in various respects.  Repeating Public Resource's earlier contention, "contribution" should be defined as any assistance, advice, financial support, labor, effort, or expenditure of time that is provided toward a project or goal.  ASTM's answer to Public Resource's RFP No. 15 fails to state whether it will produce documents, and if so, which documents it will produce in compliance with this request.  NFPA says that it will provide the same ROC and ROP, which is likely insufficient given the fact that this request asks for communications from individuals or entities to Plaintiffs, not simply general reports that may or may not comment on such communications.  ASHRAE once again fails to offer documents other than those related to the 2010 edition of Standard 90.1.

Plaintiffs fail to provide a response as to whether they will produce documents in response to Public Resource's RFP No. 16 (requesting all communications criticizing Plaintiffs' position in this litigation), providing only very general objections.  This request is plainly likely to lead to the discovery of admissible evidence because, among other reasons, members of Plaintiffs' organizations who have participated in the standard creation process or participated in lobbying activities are likely to be aware of factors related to their participation that would be relevant to this case, and may also have raised those issues in their communications criticizing Plaintiffs.

Plaintiffs' responses to Public Resource's RFP No. 17 (requesting all communications by Plaintiffs regarding this litigation) are insufficient because they provide only a few statements on Plaintiffs' websites.  However, this request encompasses not only press releases, but communications to individuals and organizations as well.  For instance, any communications to the American National Standards Institute (ANSI) would be covered by this request.  Similarly, communications in response to questions by the public or by the press would also be included in this request.

Plaintiff's responses to Public Resource's RFP No. 18 (requesting all documents concerning licenses with respect to any work at issue) are incomplete because they offer only a

May 2, 2014
Page 5

representative sample of such licenses, where the request encompasses *all* such licenses. Moreover, blank (unsigned) form agreements will not satisfy this request. Public Resource must receive licenses with evidence of assent of the parties, in addition to relevant unsigned licenses.

2. **Plaintiffs' Responses to Public Resource's Interrogatories**

ASTM's response to Public Resource's Interrogatory No. 1 is somewhat inconsistent with the listing of standards in Exhibit A to the Complaint. Specifically, the response omits 19 standards or editions of standards that were listed in Exhibit A, and provides a different edition for two other standards listed in Exhibit A. Public Resource requests an explanation for these incongruities.

ASTM's and ASHRAE's responses to Public Resource's Interrogatory No. 2 are largely deficient in that they do not list the particular legal authorities that have incorporated the standards at issue. Plaintiffs must know which legal authorities have incorporated the standards at issue so as to respond to Public Resource's Interrogatory No. 1, and therefore their failure to provide this information in response to Public Resource's Interrogatory No. 2 does not appear to be in good faith.

NFPA and ASHRAE's responses to Public Resource's Interrogatory No. 3 (requesting identification of any person who participated in the standards process) are deficient. NFPA simply provides general categories of persons, which is insufficient to identify individuals who participated in these processes, and Public Resource therefore requests either a supplement or a 33(d) response. ASHRAE says that it will provide the membership roster for the project committee for the 2010 edition of Standard 90.1, but once again fails to offer similar documents for the other editions or standards that it purports to assert in this litigation, and must therefore provide more complete responses.

ASTM's response to Public Resource's Interrogatory No. 4 (requesting identification of any communications in which Plaintiffs or someone acting on Plaintiffs' behalf promotes the incorporation of standards by reference) is deficient, at least to the extent that other organizations such as ANSI promote the incorporation by reference of ASTM's standards into law, and to the extent that ASTM's Washington D.C. office works with members of the government to promote the incorporation of its standards by reference. ASHRAE's response is deficient to the extent that it generally admits that it promotes the incorporation by reference of its standards into law, but fails to identify such communications or state that it will provide documents identifying these communications.

NFPA and ASHRAE's responses to Public Resource's Interrogatory No. 5 (requesting identification of all contributions that any person made to the standards process of their standards) is deficient, because they provide only generalities, and fail to actually identify any specific contributions or individuals. NFPA and ASHRAE should either provide more

May 2, 2014
Page 6

comprehensive responses, or provide 33(d) responses as ASTM has offered to do.

**3.    Plaintiffs' Responses to Public Resource's Request for Admission**

As discussed in our meet and confer call on April 21, the parties have agreed to cooperate so as to limit the number of times that they must repeat searches of their respective documents and records.  In order to accomplish this, Public Resource must know the scope of the claims and particular works that are being asserted in this action.  Both NFPA and ASHRAE admit that the claims that they currently assert against Public Resource are based on those standards listed in Exhibits B and C to the Complaint.  ASTM, however, makes no such admission.  Public Resource requests that ASTM clarify whether or not it presently limits its claims to the standards listed in Exhibit A to the Complaint, and if ASTM does not presently limit its claims to those standards, list the other standards that it presently plans to assert in this litigation.  Moreover, Public Resource requests that all three Plaintiffs resolve to make a final determination of which works they plan to assert in this action, so as to allow discovery to move forward in an orderly manner.

**4.    Production of Public Resource Website Content**

The size of Public Resource's website content is vast, and would make an exchange of tiffed pages according to typical document production practices counterproductive for all parties.  Public Resource therefore suggests that it provide native copies of these website files, either through FTP, or through delivery on a hard drive or some other storage medium.  Alternatively, all of Public Resource's website content is freely available for download at its website addresses: https://public.resource.org/, https://law.resource.org/, and https://bulk.resource.org/.  Public Resource proposes that it will provide Bates stamped documents for particular pages of its website that Plaintiffs request.

**5.    Custodians, Privilege Logs, Search Terms, and Document Production**

Carl Malamud is the only custodian for Public Resource.  Public Resource has no other employees.

With regard to privilege logs, Public Resource proposes that so as to save unnecessary labor, all parties may refrain from logging communications with counsel that post-date the filing of the complaint in this action.

Public Resource will run searches of its documents and records (other than its public website) to find relevant documents using the following terms:

- American Society for Testing and Materials

- National Fire Protection Association

- American Society of Heating, Refrigerating, and Air Conditioning Engineers

May 2, 2014
Page 7

- National Electrical Code

- ASTM

- NFPA

- ASHRAE

- NEC

Public Resource maintains that it will not provide the names or identifying information of its donors, as that information is irrelevant, and disclosure of such information would impinge on First Amendment rights of free speech and free association, and rights of privacy. However, Public Resource will produce non-privileged documents sufficient to identify the date and amount of any donations that specifically mention the Standards at Issue and that were received by Public Resource since the Standards at Issue first became available through the Public Resource website. Otherwise, Public Resource will provide only overall revenue information according to its statements in its responses to Plaintiffs' discovery requests.

**6.      Protective Order**

Public Resource repeats its position that because this litigation concerns four public, not-for-profit entities, very little material should be designated as confidential. Public Resource also maintains that it sees no reason to designate any material "highly confidential – attorneys eyes only." To the extent that Plaintiffs desire to have a protective order in place for this litigation, Public Resource maintains that the onus to prove the confidential nature of a document or other material must be on the party that seeks to designate the material as confidential, and as such the designating party should be responsible for filing a motion with the court if there is a dispute over such designation that cannot be resolved through discussion of the parties. Public Resource includes with this letter a redline of Plaintiffs' proposed protective order, with revisions that it proposes. These revisions include the requirement that any designation of confidentiality be accompanied by an explanation of what specific material is confidential, and an explanation of why it is confidential. If a dispute over designation cannot be resolved through discussion of the parties, the designating party must file a motion with the court. Moreover, the parties must endeavor to avoid over-designating material as confidential by separating confidential material from non-confidential material when possible, and filing confidential material in exhibits or other supplemental documents rather than including confidential material in the briefs or motions themselves (to the greatest extent possible). All references to "highly confidential – attorneys eyes only" have been removed. Public Resource has also removed specified procedures for filing documents under seal, instead opting to require that filing under seal simply comport with the Court's rules, so as to avoid unnecessary confusion or conflict.

May 2, 2014
Page 8

        Sincerely,

        FENWICK & WEST LLP


        Andrew P. Bridges