# EXHIBIT 8

Morgan, Lewis & Bockius LLP
1111 Pennsylvania Avenue, NW
Washington, DC 20004
Tel: 202.739.3000
Fax: 202.739.3001
www.morganlewis.com



# Morgan Lewis
COUNSELORS AT LAW

**J. Kevin Fee**
Partner
202.739.5353
jkfee@morganlewis.com

May 23, 2014

**VIE EMAIL**

Andrew Bridges
Fenwick & West LLP
555 California Street
San Francisco, CA 94104
abridges@fenwick.com

Corynne McSherry
Electronic Frontier Foundation
815 Eddy Street
San Francisco, CA 94109
corynne@eff.org

Dear Counsel,

We have now had the opportunity to consider your letter of May 2, 2014 on behalf of Public.Resource.Org ("Public Resource) regarding the discovery responses of the American Society of Testing and Materials ("ASTM") and the points you raised during our May 7, 2014 telephone conference.

We share your objective of reaching amicable resolutions on the range of discovery issues that will allow the parties to litigate this action without imposing unreasonable and unduly burdensome discovery requests on one another. ASTM believes that its prior responses to these requests were reasonable and forthcoming. Nevertheless, as outlined below, in an effort to accommodate some of your concerns, we are willing to agree to produce additional documents in response to certain of your requests. Our agreement to produce any documents of a confidential nature remains conditioned on the entry of an appropriate protective order by the Court.

That having been said, some of your requests are extremely broad, and/or of limited or no relevance to the issues that will be litigated in this case. For example, as demonstrated by Public Resource's counterclaims in this case, Public Resource's position is that the standards at issue are in the public domain because they were incorporated by reference into laws or are not



Andrew Bridges
Corynne McSherry
May 23, 2014
Page 2

protectable by copyright law due to the doctrine of merger. Counterclaim ¶¶ 175-83. In Public Resource's words, "[t]he people are the authors of the law, regardless of who first pens the words that later become law through enactment by a legislature or public agency." Counterclaim ¶ 175. Thus, the issue of whether ASTM was at least the initial owner of the copyright of the works it claims were infringed by Public Resource is at most a side issue and not the focus of Public Resource's defense. Yet, Public Resource propounded extremely broad discovery requests that seek information related to the initial ownership of the copyright in the works at issue that, as written, would require ASTM to conduct exhaustive, expensive searches of thirty years of records related to the authorship and ownership of hundreds of different standards. While searching for some subset of this information could arguably be warranted if ASTM's initial ownership was genuinely the real issue in this case, given that Public Resource's legal position is really premised on the impact of the incorporation by reference on ASTM's ownership of the copyrights in the standards, Public Resource's requests seek to unnecessarily and unduly burden ASTM for limited, if any, benefit to Public Resource. Where ASTM believes that a request seeks information or documents that are only marginally relevant to the issues in this case and creates a considerable burden for ASTM, ASTM has maintained its objections.

Objections to Term "Contribution"

ASTM continues to object to the term "Contribution" on the grounds that the definition Public Resource suggested is ambiguous and overly broad and it would be unduly burdensome for ASTM to collect all such documents. ASTM stated in its responses that it would construe the term "Contribution" to mean provision of assistance, advice, or labor.

Based on our discussion, it seems that Public Resource's real interest is in obtaining documents that will help it determine whether the Standards at Issue are original works of authorship and who are the authors of the Standards at Issue. ASTM has agreed to produce records related to the development, creation, drafting, revision, editing and finalization of each of the Standards at Issue that are in its possession or control and can be located after a reasonable search confined to a reasonable time period, which should provide Public Resource with the information it needs. Financial support or "effort" beyond what is described above is irrelevant to the issues of whether the works are original and the ownership of the works. Thus, ASTM continues to stand on its previously articulated objections and will construe the term "Contribution" to mean the provision of assistance, advice, or labor.

Request for Production No. 2

For the reasons described above, assignment documents are marginally relevant to the dispute between the parties. Since 2004, ASTM has required every member of ASTM to complete a form click-through agreement transferring and assigning to ASTM any and all interest, including

Case 1:13-cv-01215-TSC Document 41-10 Filed 09/15/14 Page 4 of 9


**Morgan Lewis**
COUNSELORS AT LAW

Andrew Bridges
Corynne McSherry
May 23, 2014
Page 3

copyright, in the development or creation of ASTM standards or other intellectual property. ASTM has agreed to produce a copy of that form agreement. Some of ASTM's members print out and sign by hand the click-through agreement. ASTM retains those paper documents, which consist of tens of thousands of pages, for a period of time consistent with its document retention policy. To avoid the extreme burden and cost of sorting through these tens of thousands of pages of documents to determine if they relate to the standards at issue and producing any such documents, ASTM will make available for inspection at its office in Pennsylvania all paper documents that constitute assignments of copyrights that can be located after a reasonable search confined to a reasonable period of time. Once you have inspected these documents, upon your request, ASTM will agree to bates label and produce copies of any documents that you identify as responsive.

Request for Production No. 3

ASTM will produce documents showing the names and affiliations of people who contributed to the development of the Standards at Issue to the extent that such documents can be located after a reasonable search confined to a reasonable time period.

Request For Production No. 5

ASTM has no documents from which it is possible to identify every legal authority that incorporates by reference the Standards at Issue. As ASTM has explained, it does not keep track of the incorporation by reference of its standards. Thus, ASTM will not produce documents responsive to this request.

Request For Production Nos. 8 and 9

ASTM continues to believe that Requests for Production Nos. 8 and 9, which seek "[a]ll documents regarding Carl Malamud" and "[a]ll documents regarding Public Resource or its representatives . . . including its legal representatives," without any limitations, are overly broad and extremely burdensome. Not only are these documents likely to be of only marginal relevance, most of the responsive documents are likely to be protected by the attorney-client privilege and/or the attorney work product doctrine.

ASTM is willing to search for and produce non-privileged documents from the records of a few select custodians at ASTM that reference Mr. Malamud or Public Resource, subject to the following conditions. First, ASTM will exclude documents related to this lawsuit or the possibility of taking legal action against Public Resource or Mr. Malamud from its production. Second, Tom O'Brien, who is a Vice President and General Counsel at ASTM, will not be one of ASTM's custodians. These limitations are intended to avoid the unnecessary and burdensome



**Morgan Lewis**
COUNSELORS AT LAW

Andrew Bridges
Corynne McSherry
May 23, 2014
Page 4

searching, collecting, reviewing, and logging of documents that are largely if not entirely protected by the attorney client privilege and/or work product doctrines.

Request For Production No. 11

As discussed during our call, ASTM did not agree to produce projections for future revenue from the Standards at Issue because it has no such documents.

Requests For Production Nos. 14 and 15

As stated previously, in response to Request for Production No. 14, ASTM will produce a representative sample of non-privileged documents that are in its possession or control and can be located after a reasonable search confined to a reasonable period of time relating to ASTM's requests for public participation in the development and creation of the Works-At-Issue.

With regard to Request for Production No. 15, as ASTM explained during our call, it already agreed to produce documents relating to the development, creation, drafting, revision, editing and finalization of each of the Standards at Issue that are in its possession or control and can be located after a reasonable search confined to a reasonable time period. This includes substantive comments or suggestions that were made by members of the relevant ASTM committee or the public that were ultimately not accepted. ASTM does not understand how any other offers to contribute to the standards development process that were not accepted are relevant to Public Resource's claims or defenses.

ASTM is not persuaded by Public Resource's speculative and implausible explanation that ASTM could have failed to record an actual contribution which could be discovered by analyzing all offers to contribute to the standard development process. The burden on ASTM to search for, identify, and produce all documents that relate to offers of contributions outweighs the remote possibility that the documents would reveal any such discrepancy. As a result, ASTM will not produce documents responsive to this request.

Request for Production No. 16

Request for Production No. 16 seeks all communications criticizing Plaintiffs' position. Public Resource's explanation for the relevance of this request is that ASTM staff may have communicated with members who expressed positions that are sympathetic to Public Resource's legal position or that commend Public Resource's actions. Public Resource has provided no basis for its speculation that any such communications exist. Searching for documents responsive to this fishing expedition would require ASTM to review all of its communications with its 30,000 members, which would be unduly burdensome. Even if ASTM were to find any



Andrew Bridges
Corynne McSherry
May 23, 2014
Page 5

such communications, it is not clear how the statements of a non-party would be relevant to the issues in this litigation. As a result, ASTM will not produce documents responsive to this request.

Request for Production No. 17

This request seeks "[a]ll documents consisting, comprising, or concerning communications by You regarding this dispute or litigation." As we discussed, to the extent this request calls for internal or other confidential communications, it primarily seeks information or documents protected by the attorney-client privilege or the work product doctrine, and for that reason is unduly burdensome. If Public Resource agrees to the proposal outlined above regarding Requests For Production Nos. 8 and 9, ASTM would also be willing to produce communications with media and any other public-facing communications responsive to this request that can be located after a reasonable search of the files of the selected custodians identified with respect to Requests For Production Nos. 8 and 9.

Request for Production No. 18

Request for Production No. 18 seeks "all documents constituting, comprising, or concerning licenses with respect to any Work-At-Issue." ASTM objected on several grounds, including that the term "licenses" is vague and ambiguous and the request is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

Public Resource has not specified what licenses it believes are relevant to its claims or defenses. ASTM enters into licenses with many different third parties. With respect to licenses ASTM enters into with members of the public who want to view, download and/print its standards, ASTM grants individual user, single site, and multi-site licenses to its customers, but each category of customer must agree to the same form license agreement before it can download the relevant work. Accordingly, ASTM has agreed to produce form licenses and a representative sample of non-privileged licenses to which customers must agree when they download copies of the Works-At-Issue that can be located after a reasonable search of the files of selected custodians confined to a reasonable period of time. It is unclear what Public Resource thinks it can learn from reviewing the individual licenses that it will not be able to learn from reviewing the representative samples or whether any such benefit would justify the extreme burden it would place on ASTM to have to search for and produce each individual license.

In addition to the licenses with its customers, ASTM also enters into licenses with other third parties, including members of the public who want to view standards in ASTM's Reading Room and members of the public who seek authorization to use ASTM's standards or portions thereof. ASTM agrees to produce representative samples of these licenses as well, even though Public



Andrew Bridges
Corynne McSherry
May 23, 2014
Page 6

Resource has made no showing of the relevance of the individual licenses to its claims or defenses. Public Resource stated that the granting of permission to use the standards at issue could be relevant to whether an injunction is warranted because ASTM could be granting others permission to use the standards in the same way that Public Resource is using the standards. This baseless speculation does not justify the extreme burden it would place on ASTM to have to search for and produce each individual license. There are other, less burdensome ways in which Public Resource can determine if ASTM has ever granted any third party permission to use any of the standards at issue in the manner in which Public Resource has used them, including through an interrogatory.

Interrogatory No. 1

As explained during our call, Interrogatory No. 1 asked ASTM to identify all standards that it knows or believes to have been incorporated by reference in any statute or regulation. Public Resource pointed out that the list of standards ASTM provided in its response did not match the list of standards ASTM alleged in the complaint were infringed by Public Resource. The explanation for this is that Public Resource has posted some standards that ASTM does not believe were incorporated by reference in the regulations that Public Resource claims incorporated these standards.

Interrogatory No. 2

As ASTM stated previously, it does not keep track of which legal authorities have incorporated its standards. It reviewed the regulations that Public Resources claims incorporated ASTM standards by reference to check whether Public Resource's claims were accurate. Additionally, ASTM periodically references the National Institute of Standards and Technology database of standards that are referenced in the Code of Federal Regulations, which is available to the public.

Interrogatory No. 4

As discussed in our call, ASTM confirms that its response to Interrogatory No. 4 is complete and accurate.

Request for Admission No. 1

Request for Admission No. 1 asked ASTM to admit that it does not claim that Public Resource infringed any of ASTM's copyrights other than copyrights in the works listed in Exhibit A to the Complaint. ASTM denied this request because it believes Public Resource infringed ASTM's copyrights in additional works. However, ASTM confirms that its claims in the lawsuit are limited at this time to the ASTM standards that are listed in Exhibit A to the Complaint.



Andrew Bridges
Corynne McSherry
May 23, 2014
Page 7

Production of Public Resource Website Content

Your letter proposes that, in the interests of efficiency, Plaintiffs review Public Resource's website content and make particular requests to Public Resource for Bates-stamped versions of particular pages of the website. ASTM is willing to agree to this proposal and has already identified specific pages from Public Resource's website that it would like Public Resource to produce. ASTM expects that, to the extent Public Resource's requests to ASTM call for website pages or other information that is made publicly available by ASTM, Public Resource will likewise agree to review these materials and make particular requests for ASTM to produce Bates-stamped versions of specific webpages.

Privilege Logs

Your letter proposes that, "so as to save unnecessary labor, all parties may refrain from logging communications with counsel that post-date the filing of the complaint in this action." As discussed above, we share your concern about the burden of logging privileged communications. We are willing to accept your proposal, on the condition that we modify the time cut-off such that parties will not be responsible for logging documents protected by the attorney-client privilege and/or the attorney work-product doctrine created on or after January 1, 2013, which we believe is the day after Public Resource posted Plaintiffs' standards on its website. As I explained during our telephone conference, setting the cut-off date on the date the Complaint was filed would impose unequal burdens on the parties because Plaintiffs have in their custody or control many protected documents from the months in between the occurrence of the infringement and the date on which they filed the Complaint, a time period when it is customary for plaintiffs to research their potential claims and communicate frequently with counsel.

Custodians and Search Terms

As we explained on the call, we think it would be most efficient for the parties to finalize their positions concerning requests for production before circulating proposed search protocols. We will circulate proposed search terms once the parties have ironed out these discovery issues, and can provide you with an organizational chart at that time. We expect that you will reconsider your proposed search terms to make sure they correspond with the subject matter of ASTM's requests for production.

Protective Order

As we discussed during our telephone conversation, ASTM does not agree with your proposed edits to the draft protective order. In particular, ASTM: (i) disagrees with your proposal to delete



Andrew Bridges
Corynne McSherry
May 23, 2014
Page 8

the category for "Highly Confidential" documents; (ii) disagrees with your proposal that parties must prepare a separate "statement" justifying each "Confidential" designation; and (iii) disagrees with your proposal that the party producing a "Confidential" document must file a motion with the Court to protect that document within 14 days from the date any confidentiality designation is challenged by the receiving party. From our conversation, it appears that you are unwilling to change your position. As a result, it appears as though the parties will need to raise the outstanding issues regarding a protective order with the Court. Please let us know if you have any thoughts on the appropriate procedure for seeking the Court's input on these issues. We will be in touch next week with our proposal.

<div style="text-align:center">*   *   *</div>

To the extent you believe that this letter misstates any of Public Resource's positions, or mischaracterizes our conversation on May 7, 2014, please let us know in writing. We look forward to receiving your response regarding Plaintiffs' discovery requests to Public Resource.

Sincerely,

J. Kevin Fee

JKF