# EXHIBIT 10

Morgan, Lewis & Bockius LLP
1111 Pennsylvania Avenue, NW
Washington, DC 20004
Tel: 202.739.3000
Fax: 202.739.3001
www.morganlewis.com



**J. Kevin Fee**
Partner
202.739.5353
jkfee@morganlewis.com

August 15, 2014

**VIE EMAIL**

Andrew Bridges
Fenwick & West LLP
555 California Street
San Francisco, CA 94104
abridges@fenwick.com

Corynne McSherry
Electronic Frontier Foundation
815 Eddy Street
San Francisco, CA 94109
corynne@eff.org

*Re:*    *American Society for Testing and Materials, et al v. Public.Resource.Org, Inc.,* Case No.
1:13-cv-01215-TSC - Discovery Issues

Counsel:

We write to follow up with you on several outstanding discovery issues.

As you know, ASTM has collected specific categories of documents that Public Resource
requested in discovery and has made a significant production of documents.  Once the Court
issues a protective order in this case, ASTM is prepared to make an additional document
production.  NFPA and ASHRAE have also made significant document productions.

**Public Resource's Failure to Produce Documents**

Plaintiffs served their first set of Requests for Production of Documents on Public Resource on
January 30, 2014.  Over six months have passed since that date and Public Resource has not
produced even a single document.  Most of Plaintiffs' document requests do not seek documents
that are confidential, so your failure to produce documents cannot be explained by the absence of
a protective order.



Andrew Bridges
Corynne McSherry
August 15, 2014
Page 2

Discovery is currently set to close in less than two months.  Even if the Court extends the
discovery period, Plaintiffs need to have access to Public Resource's documents soon to get a
clear picture of the relevant facts and to prepare for depositions.  As a result, we expect that
Public Resource will produce documents no later than August 29, 2014.  If we do not receive
confirmation from you that Public Resource will produce documents by that date, we will have
no choice but to seek the Court's intervention.

**Public Resource's Failure to Amend Responses to Discovery Requests**

Additionally, in your May 25, 2014 letter, you agreed to amend your responses to several
Interrogatories and Requests for Admissions.  Yet, over two and a half months have passed and
you have not served amended responses.  Specifically, you agreed to amend your responses to
Interrogatory Nos. 4 and 7-11 and Requests for Admissions 6, 8, and 17.  Please serve your
amended responses to these discovery requests as soon as possible.

You also agreed to serve amended responses to several additional Interrogatories and Requests
for Admissions if Plaintiffs revised the wording of those Interrogatories.  Plaintiffs are serving
amended Interrogatories and Requests for Admissions concurrently with this letter.  During our
May 7 telephone conference, you indicated that you would not need the full 30 days to provide
responses to any amended requests.  Thus, Plaintiffs expect that you will serve amended
responses to these requests as soon as possible.

**Public Resource's Refusal to Produce Certain Categories of Documents**

In your letter, you also attempted to justify Public Resource's refusal to produce several
categories of documents.  However, your explanations are not persuasive.

First, in response to Requests for Production 8 and 9, you objected to disclosing the identities of
donors on the basis that it could lead to reprisals against donors by the employers or associates of
the donors.  You indicated that, instead, you would produce documents that identify the dates
and amounts of donations that specifically mention the standards at issue.

First, this concern you expressed would not apply to any donors that are organizations, so there is
no valid reason you cannot, at a minimum, produce documents that identify the organizations
who have donated to Public Resource during the relevant time frame.  In addition, the documents
relating to Public Resource's donors are relevant to several issues in this litigation, including
whether Public Resource's copying of Plaintiffs' standards is a fair use and whether Public
Resource uses Plaintiffs' trademarks in commerce.  Although Plaintiffs do not intend to depose
all of Public Resource's donors, they may choose to depose some of them.  Your stated concern
regarding possible reprisals against Public Resource's donors can also be addressed easily if you



Andrew Bridges
Corynne McSherry
August 15, 2014
Page 3

classify documents relating to Public Resource's donors as confidential, which would prevent
Plaintiffs from sharing the documents with the public and eliminate any potential for the reprisals
you claim may ensue.

Your proposal to produce only those donation-related documents that specifically mention
Plaintiffs' standards is inadequate. Public Resource's copying and posting of Plaintiffs'
standards on its website was part of a much larger project of copying and posting the standards
owned by many standards-development organizations. Limiting your production to documents
where donors specifically identified any of the Plaintiffs' standards in their donations will
eliminate most, if not all, documents relating to Public Resource's donors. ASTM therefore
renews its request that Public Resource search for and produce all non-privileged documents that
are responsive to Requests for Production Nos. 8 and 9.

Request for Production No. 6 requested documents related to the process Public Resource used
for reformatting the standards at issue. Public Resource has only agreed to produce documents
directly relating to the reformatting of the particular standards at issue. To the extent there are
documents that discuss the process for reformatting standards in general, if that is the process
Public Resource followed or intended to follow when reformatting Plaintiffs' standards, we
expect Public Resource to produce those documents.

Finally, Requests for Production Nos. 15-25 requested all documents relating to Public
Resource's counterclaims and defenses. Public Resource continues to refuse to produce these
documents for no valid reason. First, Public Resource was required to identify or produce any
documents that support its counterclaims or defenses months ago in its Initial Disclosures, which
it failed to do. Thus, Public Resource cannot claim it is premature to have to produce any such
documents now. Second, Plaintiffs' requests seek all documents relating to Public Resource's
counterclaims and defenses, which includes documents that both support and undermine Public
Resource's claims and defenses. To the extent Public Resource is in possession of any
documents that support its counterclaims and defenses, it must produce them.

**ASTM's Discovery Responses**

In connection with ASTM's discovery responses, we have received no response to our letter
dated May 23, 2014, in which we detailed the categories of documents ASTM planned to
produce in response to Public Resource's discovery requests and explained the sufficiency of
ASTM's responses to Public Resource's Interrogatories and Requests for Admissions. We can
only assume that your silence indicates your agreement to ASTM's proposals for dealing with
the disputed issues. If there are specific responses or issues you would like to discuss, please let
us know as soon as possible.



Andrew Bridges
Corynne McSherry
August 15, 2014
Page 4

In accordance with the parameters we proposed in our May 23 letter, ASTM plans to conduct searches of the documents, including e-mail records, of the following custodians:
James A. Thomas – President
Jeff Grove, Vice President, Global Policy and Industry Affairs
Anthony Quinn – Director, Public Policy and International Trade
Sarah Petre – Regulatory Counsel

ASTM has agreed to produce a number of categories of documents that it can collect without searching the documents of individual custodians.  ASTM proposes the following search terms that it believes have a reasonable probability of identifying documents that are responsive to the remainder of Public Resource's requests.  Please note that this is a preliminary list and ASTM reserves the right to narrow or delete any of the proposed terms if they result in an unreasonable number of hits:

Malamud
Public Resource
Public.Resource.org
Emails to addresses with .gov suffix that also include the following terms:
incorporat! /5 standard
incorporat! /5 reference
refer! /5 standard
includ! /5 standard
adopt /5 standard
IBR /5 standard
standard /5 regulation
ASTM /5 regulation

As discussed in my May 23 letter, ASTM will not produce documents relating to this litigation or the possibility of taking legal action against Public Resource or Mr. Malamud.  We will not include on our privilege log any documents that are protected by the attorney-client privilege or the work product doctrine that were created on or after January 1, 2013.

If you prefer to replace any of these custodians with different custodians, please let us know.  If there are additional narrowly-tailored search terms that you think are necessary, please identify the proposed search terms, the document requests to which they relate, and explain why our proposed search terms do not capture most, if not all, of the documents that your terms would capture.  Please provide any such suggestions by August 22, 2014.



Andrew Bridges
Corynne McSherry
August 15, 2014
Page 5

Sincerely,

J. Kevin Fee

JKF
Enclosures