# EXHIBIT 11

**Fenwick**
**FENWICK & WEST LLP**

555 CALIFORNIA STREET, 12TH FLOOR   SAN FRANCISCO, CA 94104
TEL: 415.875.2300   FAX: 415.281.1350   WWW.FENWICK.COM

August 22, 2014

ANDREW P. BRIDGES

EMAIL ABRIDGES@FENWICK.COM
Direct Dial (415) 875-2389

**VIA E-MAIL (JKFEE@MORGANLEWIS.COM)**

J. Kevin Fee
Morgan, Lewis & Bockius LLP
1111 Pennsylvania Avenue, NW
Washington, DC 20004

   Re: <u>ASTM et al v. Public.Resource.Org Discovery Issues Letter</u>

Counsel,

 We write in response to your letter of August 15, 2014, as well as to address related discovery issues.

**1. Public Resource's Document Production**

Public Resource has diligently made preparations for document production, in accordance with the terms on which it has agreed through meeting and conferring with Plaintiffs, and as memorialized in its May 2, 2014 and May 23, 2013 letters. Public Resource's document production will commence at the end of this month (August) and continue on a rolling basis.

**2. Public Resource's Amendment of Discovery Requests**

Public Resource stated in its May 23, 2014 letter that it would provide amended responses to Plaintiffs' Requests for Admission and Interrogatories if and when Plaintiffs provided amended their Requests for Admission and Interrogatories in the manner discussed. Public Resource received no such amendment from Plaintiffs for nearly three months, when on August 15 counsel for ASTM delivered amended discovery requests that address many, but not all, of the contested issues (for instance, these amended discovery requests continue to use the term "copies" in a manner that does not comport with the treatment of that term by the U.S. Copyright Act). Public Resource is diligently responding to these amended discovery requests, and will have responses ready by the end of this month (August).

**3. Plaintiffs' Requests for Production No. 6**

Plaintiffs' Request for Production No. 6 calls for:

All documents relating to Public Resource's efforts to reformat any Standards at Issue, or any other standards issued by any Plaintiff, including by rekeying text, converting graphics,

August 22, 2014
Page 2

> resetting mathematical formulas, or adding metadata to the document headers. This request includes, but is not limited to, documents concerning the processes employed by Public Resource and any quality control measures Public Resource used to prevent the content of the Standards at Issue from being altered.

As stated previously, Public Resource objects to this request, among other reasons, because it will be unduly burdensome to produce every single document that could possibly relate to the reformatting of the standards at issue or that references the procedures used.  Public Resource has agreed to produce documents that explain the process Public Resource employed to reformat the standards at issue, and Public Resource is willing to conduct a reasonable search and to produce all documents directly relating to the reformatting of the particular standards at issue.

4.  **Plaintiffs' Requests for Production Nos. 8 and 9**

Plaintiffs requested the names of all donors to Public Resource since the date when it first included one of the standards at issue on its website (Plaintiffs Requests for Production Nos. 8 and 9), but Plaintiffs have provided no compelling reason for needing access to such a complete list of Public Resource's donors.  As Public Resource has asserted throughout this litigation, it intends to maintain the constitutionally protected privacy, free speech, and free association rights of its members and donors.  Moreover, in recent decisions, the United States Supreme Court has made clear that these constitutional rights apply not only to individuals, but also to organizations.

Public Resource is a non-partisan organization dedicated to ensuring equal protection before the law by improving transparency and access to public domain documents. This has proven to be a polarizing issue, and it is foreseeable that revealing the identities of donors to Public Resource, particularly those who work in government or in the industries that relate to Plaintiffs' standards, could provoke reprisals against the donors (whether individuals or organizations) not only by employers or associates, but also by industry groups, organizations, government agencies, and other corporate entities.  Moreover, Public Resource and its donors would face irreparable harm, as many donors may not want their information provided to Plaintiffs even under a confidentiality designation, and the knowledge that donor information was discoverable in any circumstance could chill further participation in all of Public Resource's endeavors.

Although Plaintiffs indicated they may wish to question some donors, Plaintiffs also conceded that they were not seeking to depose every person who has donated.  Public Resource has already offered to conduct a broad search for documents (see Response to Request for Production No. 28) that would include communications that refer to Plaintiffs or the standards at issue, including communications with donors, so there is no compelling reason for Plaintiffs to seek additional donor information.  Although Public Resource maintains the importance of these constitutionally protected rights of its donors, in the spirit of cooperation Public Resource has agreed to provide documents sufficient to identify the date and amount of any donations that specifically mention the standards at issue that Public Resource received after the standards at issue first became available on the Public Resource website.

August 22, 2014
Page 3

  ASTM writes that "Public Resource's copying and posting of Plaintiffs' standards on its website was part of a much larger project of copying and posting the standards owned by many standards development organizations. Limiting your production to documents where donors specifically identified any of the Plaintiffs' standards in their donations will eliminate most, if not all, documents relating to Public Resource's donors." ASTM therefore recognizes that Public Resource's donors contributed to Public Resource for a variety of reasons and to support a multitude of projects. The broader principles underlying donations to Public Resource make the names of the particular donors even less relevant to the facts of this case. They also highlight the importance of the constitutional rights that are being asserted, and the irreparable burden that would befall Public Resource and its donors if their information was obtained by Plaintiffs.

**5.  Plaintiffs' Requests for Production Nos. 15-25**

  Public Resource objects to Plaintiffs' Requests for Production Nos. 15-25, which seek all documents related to Public Resource's counterclaims and defenses, on the grounds that these requests seek attorney work product, including the mental impressions of its attorneys. In addition, these requests are premature in that Public Resource is still in the process of researching and developing its counterclaims and defenses, and the vast majority of the documents responsive to this request are in Plaintiffs' possession, not Public Resource's possession. Nonetheless, Public Resource is preparing to begin a rolling production that will include documents that are responsive to these requests, to the extent such documents are in the possession, custody, and control of Public Resource.

**6.  ASTM's Discovery Responses**

  As an initial matter, Public Resource reserves all rights and does not agree with ASTM's statement in its August 15 letter that assumes that Public Resource agrees with ASTM's proposals in ASTM's May 23 letter. Indeed, ASTM's discovery responses remain largely deficient, and ASTM is improperly seeking to withhold several categories of highly relevant documents. For instance, ASTM's efforts to limit the definition of "contribution" to "assistance, advice, or labor" and to exclude documents relating to financial contributions and assistance are improper. Documents relating to financial contributions and assistance are relevant to issues such as the authorship and ownership of the asserted standards. It is also improper for ASTM only to produce "representative sample" and "form" assignment documents, licensing documents, and documents relating to communications requesting contributions. Instead, ASTM must produce the actual, executed versions of these documents. Finally, Public Resource maintains that ASTM must produce all documents relating to Carl Malamud and Public Resource, including but not limited to documents relating to this litigation or the possibility of taking legal action against Public Resource or Carl Malamud, documents concerning communications by ASTM relating to this litigation, including internal communications to the extent they are not privileged, and communications criticizing ASTM's position in this litigation.

**7.  ASTM's Custodians**

  Regarding ASTM's identification of only four custodians – James A. Thomas, Jeff

August 22, 2014
Page 4


Grove, Anthony Quinn, and Sarah Petre – it is not credible that this limited number of custodians would be sufficient to respond to Public Resource's document requests, particularly given the size and scope of ASTM's operations as an entity with a $60 million annual budget.  Particularly, there should be individuals who work with Mr. Grove who have responsive documents and communications that he may not, as well as many other individuals that Public Resource cannot identify until a more significant number of documents have been produced.  Moreover, ASTM's May 23 letter promised that ASTM will provide an organizational chart at the same time that it proposed its custodians and search terms. We have not received such a chart.  Public Resource expects that this chart will help it identify additional custodians, though Public Resource nevertheless maintains that ASTM must take responsibility to identify a broader set of custodians that are more likely to produce a complete response to Public Resource's requests.  Public Resource reserves the right to identify additional custodians as discovery continues.

**8.      ASTM's Keyword Searches**

Regarding keywords, Public Resource proposes adding the following as general keywords:

> "PRO" (restricted to all caps to target the acronym)
> "P.R.O."
> Public.Resource
> Law.Resource.Org
> "code of federal regulations" (regardless of capitalization)
> IBR
> CFR
> incorporat! /5 reference
> Standard! /5 law

For the government employee emails, Public Resource proposes that ASTM conduct a preliminary search of custodians email accounts to identify all .gov email addresses (which should be designed to capture all .gov addresses, including state and municipal address like .ca.gov addresses).  Using that list of identified government email accounts, ASTM should add the email address they found and the names of the persons using such addresses to the final search terms list.  This way, the final search will capture emails where (1) the government-affiliated person used a different (non-.gov) email address to communicate, or (2) the captured email displays a government employee's name but not email address.

We propose adding to the government communications keywords list the following:

> ASTM /5 standard!
> ASTM /5 code
> ASTM /5 reference
> add! /5 standard!
> add! /5 code
> adopt! /5 standard!

August 22, 2014
Page 5

       adopt! /5 code
       includ! /5 ASTM
       add! /5 ASTM
       adopt! /5 ASTM
       CFR
       IBR
       incorporat!
       refer! /5 code
       inclu! /5 code
       adopt /5 code
       regul! /5 code

If ASTM believes any of these terms are overbroad, please explain your reasoning.

**9.**    **ASTM's Refusal to Produce or Log Documents Relating to this Litigation**

      Regarding ASTM's assertion that it will not produce documents relating to this litigation or the possibility of taking legal action against Public Resource or Carl Malamud, Public Resource does not see any defensible basis for this position. ASTM's position appears to disregard whether the document or communication in question is privileged or not, and instead proposes to exclude a large number of documents that are not only responsive to Public Resource's requests, but directly relevant to Public Resource's defenses. Such an omission significantly prejudices Public Resource. ASTM has not attempted to provide a legal justification for this withholding of documents, and Public Resource insists that they must be produced.

      Similarly, ASTM has asserted that it will not produce nor include on a privilege log any documents that are protected by the attorney-client privilege or the work product doctrine that were created on or after January 1, 2013. This apparently arbitrary date is over 8 months before when Plaintiffs filed suit against Public Resource and lacks any reasonable justification. As with the category of documents discussed in the paragraph above, communications prior to the filing of this lawsuit are likely to contain both legal and business determinations. The business determinations are not privileged, and are directly relevant to some of Public Resource's defenses. ASTM, and Plaintiffs generally, must log all communications for which they assert privilege prior to the filing of the complaint in this action, so that Public Resource is provided fair opportunity to evaluate those communications and challenge the assertion of privilege where necessary. However, as Public Resource has previously stated, it is amenable to an agreement whereby communications between the employees of one of the Parties and outside counsel made on or after the date of filing of the complaint do not need to be logged. Related to this matter, Public Resource requests that ASTM informs it of the date that Plaintiffs entered into a common interest agreement, so as to allow Public Resource to determine the scope of any asserted privilege.

August 22, 2014
Page 6

        Sincerely,

        FENWICK & WEST LLP


        /s/ Andrew P. Bridges