# EXHIBIT 12

## MUNGER, TOLLES & OLSON LLP

RONALD L. OLSON† • ROBERT E. DENHAM • JEFFREY I. WEINBERGER • CARY B. LERMAN • GREGORY P. STONE • BRAD D. BRIAN • BRADLEY S. PHILLIPS • GEORGE M. GARVEY • WILLIAM D. TEMKO • STEPHEN M. KRISTOVICH • JOHN W. SPIEGEL • TERRY E. SANCHEZ • STEVEN M. PERRY • MARK B. HELM • JOSEPH D. LEE • MICHAEL R. DOYEN • MICHAEL E. SOLOFF • GREGORY D. PHILLIPS • KATHLEEN M. McDOWELL • GLENN D. POMERANTZ • THOMAS B. WALPER • PATRICK J. CAFFERTY, JR. • JAY M. FUJITANI • O'MALLEY M. MILLER • SANDRA A. SEVILLE-JONES • MARK H. EPSTEIN • HENRY WEISSMANN • KEVIN S. ALLRED • BART H. WILLIAMS • JEFFREY A. HEINTZ • JUDITH T. KITANO • KRISTIN LINSLEY MYLES • MARC T.G. DWORSKY • JEROME C. ROTH • STEPHEN D. ROSE • JEFFREY L BLEICH • GARTH T. VINCENT • TED DANE • STUART N. SENATOR • MARTIN D. BERN • DANIEL P. COLLINS • ROBERT L. DELL ANGELO • BRUCE A. ABBOTT • JONATHAN E. ALTMAN • MARY ANN TODD • MICHAEL J. O'SULLIVAN • KELLY M. KLAUS • DAVID B. GOLDMAN • KEVIN S. MASUDA • HOJOON HWANG

PETER A. DETRE • DAVID H. FRY • LISA J. DEMSKY • MALCOLM A. HEINICKE • GREGORY J. WEINGART • TAMERLIN J. GODLEY • JAMES C. RUTTEN • RICHARD ST. JOHN • ROHIT K. SINGLA • LUIS LI • CAROLYN HOECKER LUEDTKE • C. DAVID LEE • MARK H. KIM • BRETT J. RODDA • SEAN ESKOVITZ • FRED A. ROWLEY, JR. • KATHERINE M. FORSTER • BLANCA FROMM YOUNG • RANDALL G. SOMMER • MARIA SEFERIAN • MANUEL F. CACHÁN • ROSEMARIE T. RING • TODD J. ROSEN • TRUC T. DO • MELINDA EADES LeMOINE • SETH GOLDMAN • GRANT A. DAVIS-DENNY • JONATHAN H. BLAVIN • DANIEL B. LEVIN • MIRIAM KIM • MISTY M. SANFORD • KATHERINE KU • HAILYN J. CHEN • BETHANY W. KRISTOVICH • SUSAN R. SZABO • KIMBERLY A. CHI • JACOB S. KREILKAMP • ERIC P. TUTTLE • HEATHER E. TAKAHASHI • KEITH R.D. HAMILTON, II • SORAYA C. KELLY • JEFFREY Y. WU • ALISSA BRANHAM • ADAM R. LAWTON • JENNY H. HONG • AARON SEIJI LOWENSTEIN • LAURA D. SMOLOWE • MATTHEW A. MACDONALD • MARGARET G. MARASCHINO

560 MISSION STREET
TWENTY-SEVENTH FLOOR
SAN FRANCISCO, CALIFORNIA 94105-2907
TELEPHONE (415) 512-4000
FACSIMILE (415) 512-4077

355 SOUTH GRAND AVENUE
LOS ANGELES, CALIFORNIA 90071-1560
TELEPHONE (213) 683-9100
FACSIMILE (213) 687-3702

ESTHER H. SUNG • BENJAMIN J. MARO • MICHAEL J. MONGAN • KYLE A. CASAZZA • ERIN J. COX • CLAIRE YAN • ALLISON S. WOODS • JESLYN A. MILLER • MARK R. SAYSON • CHRISTIAN K. WREDE • PETER E. GRATZINGER • ANJAN CHOUDHURY • JEREMY A. LAWRENCE • BENJAMIN E. FRIEDMAN • CHRISTOPHER M. LYNCH • RAY S. SEILIE • NICHOLAS C. SOLTMAN • ADAM I. KAPLAN • AMELIA L.B. SARGENT • KENNETH M. TRUJILLO-JAMISON • BRYAN H. HECKENLIVELY • LAURA WIRTH • JASMINE M. ROBERTS • JENNIFER A. JONES • LAURA K. LIN • KYLE W. MACH • JEFFREY M. OSOFSKY • GREGORY M. SERGI • ACHYUT J. PHADKE • DAVID A. TAYLOR • TINA W. ARROYO • MARI OVERBECK • JESSE MAX CREED • JOHN M. GILDERSLEEVE • ERIC K. CHIU • SARAH L. GRAHAM • JESSICA BARCLAY-STROBEL • ZACHARY M. BRIERS • JENNIFER M. BRODER • CHRISTINA P. MONIODIS • JOHN P. MITTELBACH • SARAH GARBER • SAMUEL T. GREENBERG • CAROLINE M. McKAY • EMILY B. VIGLIETTA • WILLIAM J. EDELMAN • KEVIN L. BRADY • EMILY R.D. MURPHY • ELLEN MEDLIN RICHMOND

NICOLE S. PHILLIS • JORDAN D. SEGALL • DANIEL J. HARRIS • VICTORIA A. DEGTYAREVA • WESLEY T.L. BURRELL • CHRISTA L. CULVER • ANYA J. GOLDSTEIN • KAREN A. LORANG • KURUVILLA J. OLASA • KEVIN H. SCOTT • JUSTIN P. RAPHAEL • HANNAH E. SHEARER • ELIA HERRERA • ROBERT W. GRAY, JR. • THOMAS P. CLANCY • JOSHUA PATASHNIK • ERIC C. TUNG • GUHA KRISHNAMURTHI • JOSHUA S. MELTZER • SARA E. CROLL • ANDREW G. PROUT • THANE REHN • ADAM B. WEISS • ROSE LEDA EHLER • AMY L. GREYWITT • ANDREW Z. WOLSTAN • NASSIM NAZEMI

OF COUNSEL
RICHARD D. ESBENSHADE† • ROBERT K. JOHNSON† • ALAN V. FRIEDMAN† • RONALD K. MEYER • ALLISON B. STEIN • SUSAN E. NASH • WILLIANA CHANG • MIRANDA KANE • BRAD SCHNEIDER

E. LEROY TOLLES
(1922-2008)

†A PROFESSIONAL CORPORATION

WRITER'S DIRECT CONTACT
(415) 512-4011
(415) 644-6911 FAX
jonathan.blavin@mto.com

August 22, 2014

Andrew P. Bridges, Esq.
Fenwick & West LLP
555 California Street, 12th Floor
San Francisco, California 94104
abridges@fenwick.com

*Via E-mail*

      Re:    <u>ASTM, et al. v. Public.Resource.Org</u>

Dear Mr. Bridges:

      This letter relates to discovery in the above-captioned matter.  We write this letter to address: (i) NFPA's continued document collection and production efforts; and (ii) Public Resource's discovery responses and document productions.

**NFPA's Continued Document Collection and Production**

      Public Resource served its First Set of Requests for Production of Documents on NFPA on February 13, 2014.  NFPA served its responses and objections on March 20, 2014.  During our telephonic meet-and-confer sessions, on April 21 and May 7, we expressed our desire that the parties would work in good faith to produce documents quickly with respect to discovery requests as to which there was no dispute.  We also expressed our hope that the parties would arrive at reasonable accommodations as to those requests that were in dispute.  In this spirit, we produced documents in response to Public Resource's discovery requests on May 19 and June 20.  Those productions total over 20,000 pages.

MUNGER, TOLLES & OLSON LLP

August 22, 2014
Page 2

We also carefully considered the concerns that you raised regarding NFPA's discovery responses in your May 2 letter and during our May 7 telephone conference. We responded to those concerns by letter on May 23 (attached hereto as Exhibit A), and proposed reasonable accommodations with respect to many of the concerns that you had raised. Our letter noted that we looked forward to receiving your responses to our proposals. It has now been several months, and we have not received any such response. We cannot complete our document collection and production efforts until the issues addressed in our May 23 letter are resolved. If we have not received a response from you by September 5, 2014, we will take that to mean that you agree to the following proposals reflected in our May 23 letter:

- *Reports on Proposals and Reports on Comments*: We agreed to produce, and have now produced, the Report on Proposals ("ROPs") and Report on Comments ("ROCs") corresponding to every NFPA standard at issue in this litigation. Indeed, we expedited this production at your insistence. You told us during our May 7 telephone conference that you would review the documents and then follow up with us if you believed our production was deficient. We take your silence to mean that you are satisfied with NFPA's production with respect to the requests for production for which we committed to produce the ROPs and ROCs.

- *Responses to RFP No. 5*: In the spirit of accommodation, NFPA proposed that it was willing to produce the current version of an NFPA database that tracks certain instances of incorporation by reference. We take your silence to mean that this production will satisfy NFPA's obligations with respect to RFP No. 5.

- *Response to RFP No. 11*: Subject to the entry of a protective order, NFPA agreed to produce the most recent monthly unaudited financial statement, which contains revenue projections, including revenue from publications, in addition to the other financial documents it has already agreed to produce. We take your silence to mean that this production will satisfy NFPA's obligations with respect to RFP No. 11.

- *Response to RFP No. 18*: To address Public Resource's concerns about NFPA's response to RFP No. 18, we proposed the following: To the extent that RFP No. 18 calls for form license agreements by end-users of the NFPA standards at issue in this action, we will produce the form versions of those agreements. To the extent that it calls for ad hoc agreements with third parties for NFPA to license one or more of the standards at issue for reproduction or other uses, or for copyright permission letters from NFPA to a third party, we will conduct a reasonable and diligent search and will produce any responsive documents in NFPA's sharepoint database of copyright permission letters, and the current version of any license agreements relating to the standards at issue in this action contained in NFPA's contracts database. Again, we take your silence to mean that this production will satisfy NFPA's obligations with respect to RFP No. 18.

Our May 23 letter also addressed your concerns with respect to RFP Nos. 8 and 9. In the spirit of compromise, NFPA proposed that it would search for and produce non-privileged

24360372.1

MUNGER, TOLLES & OLSON LLP

August 22, 2014
Page 3

documents from the NFPA website and the files of a few select custodians at NFPA that reference Mr. Malamud or Public Resource, subject to the following conditions.  *First*, NFPA will exclude documents related to this lawsuit or the possibility of legal action against Public Resource or Mr. Malamud from its production.  *Second*, we will not include Maureen Brodoff (NFPA's former General Counsel, who is listed in Public Resource's initial disclosures) or Sally Everett (NFPA's current General Counsel) as one of the custodians.  We remain amenable to this compromise, but will need to confirm your express agreement with these two conditions before we embark on such a production.

Finally, several of Public Resource's requests call for sensitive and confidential documents.  We will not be able to produce those documents until a protective order is entered by the Court.  We have made every effort to arrive at a reasonable compromise with respect to a draft protective order.  As you know, the parties are at an impasse with respect to several issues.  As a result, Plaintiffs have filed a motion to resolve such issues and we will need to await resolution by the Court before we produce such documents.

**NFPA Search Terms and Custodians**

In addition to the many other documents NFPA agreed to produce in response to Public Resource's discovery requests, NFPA agreed to run search terms against electronic documents in response to RFP No. 7.[1]  We propose the following custodians for this collection:

- Don Bliss (Vice President of Field Operations)

- Greg Cade (Director of Government Affairs)

- Meghan Housewright (Associate General Counsel for Government Affairs)

We will produce any email in which one of the sender or recipient email addresses ends with ".gov", and which contains any of the following search terms:

- (("NFPA" or "National Fire Protection Association") /3 ("10" or "11" or "12" or "13" or "25" or "30" or "54" or "58" or "59" or "70" or "72" or "99" or "101" or "705")) **or** "Uniform Fire Code" **or** "Low Medium and High Expansion Foam" **or** "Carbon Dioxide Extinguishing Systems" **or** "Portable Fire Extinguishers" **or** "Installation of Sprinkler Systems" **or** "Water-Based Fire Protection Systems" **or** "Flammable and Combustible Liquids" **or** "National Fuel Gas Code" **or** "Liquified Petroleum Gas Code"

---

[1] In particular, NFPA agreed to "produce responsive, non-privileged documents that can be located after a reasonable and diligent search of the files of selected custodians confined to a reasonable time period, and that constitute written or electronic communications between NFPA and government employees or officials within the United States regarding the incorporation of the standards listed in Exhibit B to the Complaint."

August 22, 2014
Page 4

      **\*or\*** "Utility LP Gas Plant Code" **\*or\*** "National Electrical Code" **\*or\*** "National Fire Alarm Code" **\*or\*** "Health Care Facilities Code" **\*or\*** "Life Safety Code" **\*or\*** "Standard System for the Identification of the Hazards of Materials for Emergency Response"

As discussed above, we are also willing to search the files of a few select custodians at NFPA in response to RFP Nos. 8 and 9, if Public Resource agrees to the conditions described in our May 23 letter. Once we have confirmation from you that you agree to those conditions, we will send you proposed custodians and search terms with respect to those Requests.

Finally, in connection with our discussion of custodians, you have requested that we provide you with an organizational chart of NFPA. We agree to produce an organizational chart.

**Public Resource's Collection and Production**

Plaintiffs served their First Set of Requests for Production of Documents on Public Resource on January 30, 2014. Public Resource served its responses and objections on March 6, and committed that it "will produce documents on a rolling basis." Now, more than five months later, Public Resource still has not produced a single document. This despite the fact that there are numerous Requests for which Public Resource has committed to make a production and Plaintiffs have not raised any concerns about Public Resource's response. Please inform us by September 5, 2014 when Public Resource will begin to produce documents in this case.

In addition, Public Resource's current responses are deficient with respect to a number of Plaintiffs' Requests for Production.[2] In a letter sent to you on behalf of all of the Plaintiffs by Kevin Fee on May 2, 2014, Plaintiffs raised specific concerns about Public Resource's responses to RFP Nos. 6, 8, 9, 12, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 28, 29, and 31. We discussed those concerns with you in our May 7 telephonic meet-and-confer session. You responded to these concerns in a letter dated May 25, 2014. In contrast to the reasonable compromises proposed by NFPA and described above, it appears to us that you refused to modify your position *at all* with respect to most of these Requests. We want to make sure that we understand your position so that we can assess whether it is necessary to take any of these issues to the Court. As we read your May 25, 2014 letter, Public Resource has refused to modify its previously stated position with respect to RFP Nos. 8, 9, 12, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, and 31. If we are not understanding your letter correctly, please let us know by September 5, 2014.

With respect to RFP No. 6, we appreciate your willingness to "produce all documents directly relating to the reformatting of the particular standards at issue." Our notes from our May 7 telephone conference reflect that you also agreed that you would produce both "general and

---

[2] This letter addresses only the Requests for Production served on Public Resource. Deficiencies in Public Resource's responses to Plaintiffs' Interrogatories and Requests for Admission will be addressed separately.

MUNGER, TOLLES & OLSON LLP

August 22, 2014
Page 5

specific instructions" regarding reformatting standards. We wanted to confirm that these instructions fall within the scope of the documents you have now agreed to produce.

Finally, RFP No. 31 requested "[a]ll documents relating to any download from the Public Resource Website of any of the Standards at Issue, or any other standards issued by any Plaintiff." In response, you agreed only to "produce a report specifying the numbers of times each Standard at Issue was downloaded per month for the period from April 13, 2007 to the date of production." As we discussed on May 7, your proposal excludes a great deal of responsive information that should be reflected in your server log, such as the date and time of the downloads. Public Resource must either (i) agree to produce a report that reflects all of the information in its possession about any downloads from the Public Resource Website of any of the Standards at Issue; or (ii) produce its server logs with respect to such downloads. (When we spoke on May 7, we suggested that a reasonable accommodation might be for Public Resource to provide a report using Google Analytics or some similar software. In your May 25 letter, you informed us that Public Resource "does not use Google Analytics or competing tools.") Please let us know your position on this request.

**Public Resource's Responses to Interrogatories and Requests for Admission**

In your letter dated May 25, 2014, you committed that you would amend or otherwise supplement Public Resource's responses to Plaintiffs' Interrogatory Nos. 4, 7-11, and 14, and Public Resource's responses to Plaintiffs Requests for Admission Nos. 6, 8, and 17. Please let us know by September 5, 2014 when you will be serving those responses.

Sincerely,

/s/

Jonathan H. Blavin

cc:   All counsel

24360372.1

# Exhibit A

## MUNGER, TOLLES & OLSON LLP

RONALD L. OLSON[†]
ROBERT E. DENHAM
JEFFREY I. WEINBERGER
CARY B. LERMAN
GREGORY P. STONE
BRAD D. BRIAN
BRADLEY S. PHILLIPS
GEORGE M. GARVEY
WILLIAM D. TEMKO
STEPHEN M. KRISTOVICH
JOHN W. SPIEGEL
TERRY E. SANCHEZ
STEVEN M. PERRY
MARK B. HELM
JOSEPH D. LEE
MICHAEL R. DOYEN
MICHAEL E. SOLOFF
GREGORY D. PHILLIPS
LAWRENCE C. BARTH
KATHLEEN M. MCDOWELL
GLENN D. POMERANTZ
THOMAS B. WALPER
RONALD C. HAUSMANN
PATRICK J. CAFFERTY, JR.
JAY M. FUJITANI
O'MALLEY M. MILLER
SANDRA A. SEVILLE-JONES
MARK H. EPSTEIN
HENRY WEISSMANN
KEVIN S. ALLRED
BART H. WILLIAMS
JEFFREY A. HEINTZ
JUDITH T. KITANO
KRISTIN LINSLEY MYLES
MARC T.G. DWORSKY
JEROME C. ROTH
STEPHEN D. ROSE
GARTH T. VINCENT
TED DANE
STUART N. SENATOR
MARTIN D. BERN
DANIEL P. COLLINS
ROBERT L. DELL ANGELO
BRUCE A. ABBOTT
JONATHAN E. ALTMAN

MARY ANN TODD
MICHAEL J. O'SULLIVAN
KELLY M. KLAUS
DAVID B. GOLDMAN
KEVIN S. MASUDA
HOJOON HWANG
PETER A. DETRE
CARL H. MOOR
DAVID H. FRY
LISA J. DEMSKY
MALCOLM A. HEINICKE
GREGORY J. WEINGART
TAMERLIN J. GODLEY
JAMES C. RUTTEN
RICHARD ST. JOHN
ROHIT K. SINGLA
LUIS LI
CAROLYN HOECKER LUEDTKE
C. DAVID LEE
MARK H. KIM
BRETT J. RODDA
SEAN ESKOVITZ
FRED A. ROWLEY, JR.
KATHERINE M. FORSTER
BLANCA FROMM YOUNG
RANDALL G. SOMMER
MARIA SEFERIAN
MANUEL F. CACHÁN
ROSEMARIE T. RING
JOSEPH J. YBARRA
MICHELLE T. FRIEDLAND
TODD J. ROSEN
TRUC T. DO
MELINDA EADES LEMOINE
SETH GOLDMAN
GRANT A. DAVIS-DENNY
JONATHAN H. BLAVIN
JOHN B. OWENS
DANIEL B. LEVIN
MIRIAM KIM
MISTY M. SANFORD
KATHERINE KU
SUSAN R. SZABO
LIKA C. MIYAKE
HAILYN J. CHEN

[†]A PROFESSIONAL CORPORATION

560 MISSION STREET
TWENTY-SEVENTH FLOOR
SAN FRANCISCO, CALIFORNIA 94105-2907

TELEPHONE (415) 512-4000
FACSIMILE (415) 512-4077

———

355 SOUTH GRAND AVENUE
LOS ANGELES, CALIFORNIA 90071-1560

TELEPHONE (213) 683-9100
FACSIMILE (213) 687-3702

May 23, 2014

BRAD SCHNEIDER
BETHANY W. KRISTOVICH
JACOB S. KREILKAMP
ERIC P. TUTTLE
HEATHER E. TAKAHASHI
KEITH R.D. HAMILTON, II
SORAYA C. KELLY
JEFFREY Y. WU
ALISSA BRANHAM
ADAM R. LAWTON
PUNEET K. SANDHU
JENNY H. HONG
AARON SEIJI LOWENSTEIN
LAURA D. SMOLOWE
MATTHEW A. MACDONALD
MARGARET G. MARASCHINO
ESTHER H. SUNG
BENJAMIN J. MARO
RENÉE DELPHIN-RODRIGUEZ
MICHAEL J. MONGAN
KYLE A. CASAZZA
AARON GREENE LEIDERMAN
ERIN J. COX
CLAIRE YAN
ALLISON S. WOODS
BRAM ALDEN
JESLYN A. MILLER
MARK R. SAYSON
WILLIAM B. SULLIVAN
CHRISTIAN K. WREDE
PETER E. GRATZINGER
ANJAN CHOUDHURY
JEREMY A. LAWRENCE
BENJAMIN E. FRIEDMAN
CHRISTOPHER M. LYNCH
RAY S. SEILIE
NICHOLAS C. SOLTMAN
ADAM I. KAPLAN
AMELIA L.B. SARGENT
KENNETH M. TRUJILLO-JAMISON
BRYAN H. HECKENLIVELY
LAURA WIRTH
JASMINE M. ROBERTS
JENNIFER A. JONES
LAURA K. SULLIVAN

KYLE W. MACH
JEFFREY M. OSOFSKY
ENRIQUE R. SCHAERER
GREGORY M. SERGI
ACHYUT J. PHADKE
DAVID A. TAYLOR
NEWMAN NAHAS
JUSTIN WEINSTEIN-TULL
TINA W. ARROYO
MARI OVERBECK
JESSE MAX CREED
JOHN M. SENIOR
JOHN M. GILDERSLEEVE
ERIC K. CHIU
CONNOR T. GANTS
SARAH L. GRAHAM
JESSICA BARCLAY-STROBEL
ZACHARY M. BRIERS
JENNIFER M. BRODER
CHRISTINA P. MONIODIS
JOHN P. MITTELBACH
EMMANUEL S. TEDDER
SARAH GARBER
SAMUEL T. GREENBERG
CAROLINE M. McKAY
WILLIAM J. EDELMAN
KEVIN L. BRADY

———

OF COUNSEL

RICHARD D. ESBENSHADE[†]
ROBERT K. JOHNSON[†]
ALAN V. FRIEDMAN[†]
RONALD K. MEYER
RICHARD E. DROOYAN
ALLISON B. STEIN
SUSAN E. NASH
WILLIANA CHANG

———

E. LEROY TOLLES
(1922-2008)

WRITER'S DIRECT LINE
(415) 512-4051
(415) 644-6951 FAX
michael.mongan@mto.com

Andrew P. Bridges, Esq.
Fenwick & West LLP
555 California Street, 12th Floor
San Francisco, California 94104

*Via E-mail*

    Re:    <u>ASTM, et al. v. Public.Resource.Org</u>

Dear Mr. Bridges:

    This letter responds to the points raised in your letter sent on behalf of Public.Resource.Org ("Public Resource") on May 2, 2014 that pertain to the National Fire Protection Association, Inc. ("NFPA"). We discussed each of these issues during our telephone meet-and-confer conference on May 7, 2014.

    We share your objective of reaching amicable resolutions on the range of discovery issues that will allow the parties to litigate this action without imposing unreasonable and unduly burdensome discovery requests on one another. As we have previously noted, many of Public Resource's discovery requests are extremely broad, and of limited or no relevance to the issues that will be litigated in this case. NFPA's prior responses to these requests were reasonable and forthcoming. Nevertheless, in the spirit of accommodation, we are willing to respond to certain of your concerns as outlined below. Our agreement to produce any documents of a confidential nature remains conditioned on the entry of a protective order by the Court.

Andrew P. Bridges
May 23, 2014
Page 2

**Definition of "Contribution"**

As NFPA explained in its discovery responses, Public Resource's definition of the term "Contribution" renders RFPs 4, 12, 13, 14, and 15 overly broad and unduly burdensome. There are twenty-two different NFPA standards at issue in this action. Each was produced as the result of a transparent and open standards development process extending over multiple years. Each involved the participation of hundreds of individuals or more. Public Resource defines "Contribution" to mean "assistance, advice, financial support, labor, effort, or expenditure of time." If applied literally to Public Resource's RFPs, this definition would impose a crushing burden on NFPA. With respect to RFP No. 4, for example, this definition would require the production of documents sufficient to identify *every* instance of "assistance, advice, financial support, labor, effort, or expenditure of time" relating to *any* aspect of the "development, creation, drafting, revision, editing, transmission, publication, distribution, display, or dissemination" of the twenty-two copyrighted works. Although your May 2 letter purports to narrow the definition of "Contribution" by adding the proviso that it must be "provided toward a project or goal regarding a specific standard at issue," this does not make any material difference in the scope of Public Resource's discovery requests.

It is incumbent upon Public Resource to frame discovery requests that are appropriately tailored to fit the claims and defenses in this action. As currently framed, your definition of "Contribution" renders RFPs 4, 12, 13, 14, and 15 overly broad and unduly burdensome. In the interests of moving this litigation forward, however, NFPA is willing to make extensive productions of documents responsive to these requests, as described in our discovery responses and this letter.

**Report on Proposals and Report on Comments**

Your letter expressed concern that NFPA would be producing the Report on Proposals ("ROP") and Report on Comments ("ROC") for each of the twenty-two NFPA standards currently at issue in this litigation. As your colleague Mr. Becker acknowledged, you have not yet reviewed any of these documents, which are freely available on the NFPA website, because you did not want to agree to the website's terms of use. You asked us to make an expedited production of these documents so that you could review them. We have now done so. As you will see when you review these documents, which total more than 13,000 pages, they contain detailed information about each of the NFPA standards at issue, including the name and affiliation of technical committee members, alternates, and nonvoting members, the name of the NFPA staff liaison, the name and affiliation of individuals who submitted comments and proposals, the substance of each of those comments and proposals, the specific committee action taken on those comments and proposals, and the vote tally. You told us during our call on May 7 that you intended to revisit this issue with us once you had reviewed these documents. We believe these forty-four reports are directly and sufficiently responsive to the RFPs for which we have offered to produce them. We would be happy to consider any remaining concerns you have after you have reviewed them closely.

Andrew P. Bridges
May 23, 2014
Page 3

**RFP No. 3**

Your letter asks us to produce "lists or rosters of individuals who participated in the standard development process for each Work at Issue," including "the names of the individuals [and] their employers or affiliations where the information exists." The ROPs and ROCs that we have already produced contain rosters of the individuals who serve on the relevant NFPA technical committees and their affiliations, as well as the names and affiliations of individuals who submit proposals or comments.

**RFP No. 5**

RFP No. 5 requests "[d]ocuments sufficient to identify every Legal Authority that incorporates each Work-At-Issue, either expressly or by reference." We continue to believe that this request is objectionable. It pertains *entirely* to information that is in the public domain, and that is equally available to Public Resource as it is to NFPA. Your client already closely tracks the incorporation of NFPA's standards by reference in federal and state regulations. What is more, there is no dispute between the parties that the twenty-two NFPA standards at issue have been incorporated by reference by one or more government entities in the United States, in whole or in part. *See* NFPA Response to Public Resource's Interrogatory No. 2. In the spirit of accommodation, however, NFPA is willing to produce the current version of an NFPA database that tracks certain instances of incorporation by reference. We note that this document is not necessarily comprehensive or up to date, may contain errors or omissions, and does not constitute an admission or representation with respect to any of the matters contained therein.

**RFP 6**

RFP 6 calls for "[a]ll documents constituting, comprising, referring to, or evidencing agreements between [NFPA] and any Person who participated in the Standards Process of each Work-At-Issue." NFPA has agreed to produce documents responsive to this request. For example, NFPA requires every person who submits a comment or a proposal to complete a form click-through agreement irrevocably granting and assigning to NFPA all and full copyright in the comment or proposal. NFPA has agreed to produce a copy of that form agreement, which is obligatory for all comments and proposals considered in the NFPA standards development process. In conjunction with other document productions that list the names of all individuals who submit comments and proposals, these documents will allow Public Resource to identify the individuals who have entered copyright assignments with NFPA governing comments and proposals and to review the terms of those assignments. Similarly, all individuals who serve on an NFPA standards development committee must sign a form agreement assigning to NFPA any and all rights in the copyright to material that they author in connection with the committee. NFPA also has agreed to produce a copy of that form agreement, as well as documents listing the names of all individuals who serve on NFPA technical committees. As noted, as part of its production of the ROPs and ROCs, NFPA will be providing you with the names of all persons who submitted proposals or comments during the standard development process.

To the extent you insist on NFPA producing documents evidencing each of the thousands of different times that these form agreements were executed by such individuals, we continue to believe that this request is overly broad and unduly burdensome, and duplicative and redundant. Frankly, we cannot imagine that you have any intent to review or make use of those individual documents in this litigation. NFPA therefore stands by its response to RFP 6 (as well as RFPs 2 and 4, to the extent they call for the same agreements).

**RFP Nos. 8 and 9**

We appreciate the clarification of your client's position regarding RFP Nos. 8 and 9 in your May 2 letter. NFPA continues to believe that, especially in light of the large size of our organization, your requests for "[a]ll documents regarding Carl Malamud" and "[a]ll documents regarding Public Resource or its representatives . . . including its legal representatives," without *any* limitations, are overly broad and unduly burdensome. Collecting, reviewing, and producing such documents would be intensely burdensome, because many of the documents are likely to be protected by the attorney-client privilege or the attorney work product doctrine. What is more, the requests are likely to be of marginal relevance, if that. For example, in explaining the relevance of these requests during our call, my notes reflect that you said "there may be interesting debates about the utility and effect and value of [Mr.] Malamud's work." With respect, we do not think this justifies the severe burden that these requests would impose. (By contrast, the request that Public Resource produce documents regarding NFPA is likely to produce evidence bearing directly on instances of copyright and trademark infringement, the core issues in this case.)

In the spirit of compromise, however, we are willing to search for and produce non-privileged documents from the NFPA website and the files of a few select custodians at NFPA that reference Mr. Malamud or Public Resource, subject to the following conditions. *First*, NFPA will exclude documents related to this lawsuit or the possibility of legal action against Public Resource or Mr. Malamud from its production. *Second*, we will not include Maureen Brodoff (who is listed in Public Resource's initial disclosures) as one of the custodians. As you know, Ms. Brodoff is currently NFPA's General Counsel. These limitations are intended to avoid the unnecessary and burdensome collection and review of documents that are largely if not entirely protected by the attorney client privilege and/or the work product doctrine.

**RFP No. 11**

In response to RFP No. 11, NFPA agreed to produce its annual, year-end financial statements for the past five years, and its annual reports for the past five years showing its revenues from the sale of individual NFPA works. Your letter asks us to produce these documents going back to 1999. Subject to the entry of a protective order, we are willing to agree to this request, and will produce these categories of documents containing information dating back to 1999 to the extent they can be located after a reasonable and diligent search.

Andrew P. Bridges
May 23, 2014
Page 5

    Your letter also asks for information regarding prospective expectations of future revenue. During our telephone conference, Mr. Becker clarified that you were looking for a current document showing projections for revenue from standards going forward. Subject to the entry of a protective order, we will agree to produce the most recent monthly unaudited financial statement, which contains revenue projections, including revenue from publications. As I mentioned on our call, however, NFPA does not make revenue projections for each individual publication, so the projections contained in this document will be in the aggregate.

**RFP No. 13**

    RFP No. 13 asks for "[a]ll documents concerning any Contributions You have received from any not-for-profit entity (other than a governmental entity) in connection with the Standards Process of each Work-At-Issue." As we explained in our responses and during our phone conversation on May 7, while NFPA does generally track the institutional affiliations of individuals who participate in the standard development process, it does not track whether or not those institutions are "not-for-profit" entities. We have agreed to produce extensive documents that identify institutions whose officers or employees are involved in the standards development process for the NFPA standards at issue. To the extent you desire to determine which of those institutions are non-profits, it will be necessary for you to conduct your own inquiry into that matter. We note that the not-for-profit status of these entities is public information that is equally available to Public Resource.

**RFP Nos. 14 and 15**

    As we explained in our discovery responses and during our conversation on May 7, both RFP No. 14 and RFP No. 15 are overly broad and unduly burdensome, due to the far-reaching definitions you adopted for the terms "Contributions" and "Standards Process." Nonetheless, NFPA is willing to produce certain documents responsive to these requests as outlined in its prior responses.

    As described in NFPA's response to RFP No. 14, the documents most responsive to this request are available on the NFPA website. The pages referenced in our response are publicly accessible. NFPA would be happy to provide Bates stamped documents for particular pages of its website responsive to RFP No. 14 at Public Resource's request. This is the same arrangement that you proposed with respect to Public Resource website content.

    With respect to RFP No. 15, your letter expresses concern that the forty-four ROPs and ROCs we have produced regarding the standards development process for the NFPA standards at issue are insufficient because you desire "communications from individuals or entities to" NFPA, "not simply general reports that may or may not comment on such communications." As you will see once you have reviewed those reports, they do reproduce the content of myriad communications from individuals or entities to NFPA regarding the standards at issue, and they

also describe the action taken by NFPA's standards development committees in response to such communications.

**RFP No. 16**

We had a lengthy discussion of RFP No. 16, which asks for "All documents constituting, comprising, or concerning communications criticizing Your claims, statements, arguments, or positions in this dispute or litigation." We find this to be a most unusual request that is burdensome and not relevant to the claims or defenses in this action; rather, it appears to be designed to probe for documents that might potentially be embarrassing to NFPA. With respect, we were not persuaded by the explanations you offered for why this request is relevant. We also note that to the extent documents exist "criticizing" NFPA's claims, such documents are likely from news and media sources, blog posts, etc., that are publicly available and equally accessible to Public Resource. NFPA stands by its objections to this request.

**RFP No. 17**

RFP No. 17 seeks "[a]ll documents consisting, comprising, or concerning communications by You regarding this dispute or litigation." As we discussed, to the extent this request calls for internal or other confidential communications, it primarily seeks information or documents protected by the attorney-client privilege or the work product doctrine, and for that reason is uniquely burdensome. We have identified multiple non-privileged documents that are publicly available on the NFPA website and that are responsive to this request. NFPA would be happy to provide Bates stamped documents for these or other particular pages of its website responsive to RFP No. 17 at Public Resource's request. In addition, if Public Resource agrees to the proposal outlined above regarding RFP Nos. 8 an 9, we would also be willing to produce communications with outside media and any other public-facing communications responsive to this request that can be located after a reasonable search of the files of the selected custodians identified with respect to RFP Nos. 8 and 9.

**RFP No. 18**

RFP 18 calls for "[a]ll documents constituting, comprising, or concerning licenses with respect to any Work-At-Issue." NFPA stand by its objections that this request is overly broad and unduly burdensome, and we continue to believe it is not likely to lead to the discovery of admissible evidence. But in the spirit of compromise we are willing to modify our response. To the extent that RFP 18 calls for form license agreements by end-users of the NFPA standards at issue in this action, we will produce the form versions of those agreements. To the extent that it calls for ad hoc agreements with third parties for NFPA to license one or more of the standards at issue for reproduction or other uses, or for copyright permission letters from NFPA to a third party, we will conduct a reasonable and diligent search and will produce any responsive documents in NFPA's sharepoint database of copyright permission letters, and the current

Andrew P. Bridges
May 23, 2014
Page 7

version of any license agreements relating to the standards at issue in this action contained in NFPA's contracts database.

**Interrogatories Nos. 3 and 5**

Your letter requested that NFPA agree to "a 33(d) response" with respect to its responses to Interrogatories Nos. 3 and 5. While NFPA stands by its objections concerning these Interrogatories, and we believe that our current responses meet NFPA's discovery obligations in light of those objections, we would be happy to agree, in addition, to respond to these Interrogatories pursuant to Federal Rule of Civil Procedure 33(d). Specifically, NFPA will produce its Reports on Proposals and Reports on Comments for each of the NFPA standards at issue in this action, from which Public Resource may derive both the identities of individuals who were involved in the development and creation of the standards, and the content of proposals and comments submitted by those individuals.

**Request for Admission**

Your letter requests that NFPA "resolve to make a final determination of which works they plan to assert in this action, so as to allow discovery to move forward in an orderly manner." Exhibit B to the Complaint identifies the twenty-two copyrighted work to which NFPA's current claims for direct and secondary copyright infringement apply. We do not presently intend to assert claims with respect to additional works; however, because discovery has only just begun, and Public Resource has not yet produced any documents responsive to Plaintiffs' discovery requests, NFPA reserves the right to seek leave to amend to assert claims regarding additional works.

**Production of Public Resource Website Content**

Your letter proposes that, in the interests of efficiency, Plaintiffs review Public Resource's website content and make particular requests to Public Resource for Bates-stamped versions of particular pages of the website. NFPA is willing to agree to this proposal on the condition that Public Resource agrees to a reciprocal arrangement—*i.e.*, that to the extent Public Resource's requests to NFPA call for website pages or other information that is made publicly available by NFPA, Public Resource will agree to review these materials and make particular requests for NFPA to produce Bates-stamped versions of particular documents.

**Privilege Logs**

Your letter proposes that, "so as to save unnecessary labor, all parties may refrain from logging communications with counsel that post-date the filing of the complaint in this action." As discussed above, we share your concern about the burden of logging privileged communications, a potential burden that is most stark with respect to Public Resource's sweeping requests for "[a]ll documents" regarding Carl Malamud or Public Resource, and "[a]ll

Andrew P. Bridges
May 23, 2014
Page 8

documents constituting, comprising, or concerning communications by You regarding this dispute or litigation." RFP Nos. 8, 9, 17. We are willing to accept your proposal, on the condition that we modify the time cut-off such that parties may refrain from logging documents protected by the attorney-client privilege or the attorney work-product doctrine that post-date January 1, 2013. As Mr. Fee explained during our telephone conference, it does not make sense to set the cut-off on the date the Complaint was filed. That would impose asymmetric burdens on the parties, because Plaintiffs necessarily have in their custody or control many protected documents in the months leading up to the filing of the Complaint, a time period when it is customary for plaintiffs to research their potential claims and communicate frequently with counsel.

**Custodians and Search Terms**

During our telephone conversation, you asked when we would be circulating our proposed custodians and search terms. As we explained on the call, we think it would be most efficient for the parties to finalize their positions concerning requests for production before circulating proposed search protocols. (For example, we cannot know whether to include search terms designed to capture documents responsive to RFP Nos. 7 and 8 until we know whether Public Resource agrees with our proposal set forth above.) We will be able to circulate search terms in short order once the parties have ironed out these discovery issues, and would be happy to provide you with an organizational chart in response to your request at that time. We expect that, when the parties exchange search terms, you will reconsider your proposed search terms to make sure they correspond with the subject matter of Plaintiffs' requests for production.

**Protective Order**

As we discussed during our telephone conversation, NFPA does not agree with your proposed edits to the draft protective order. In particular, NFPA: (i) disagrees with your proposal to delete the category for "Highly Confidential" documents; (ii) disagrees with your proposal that parties must prepare a separate "statement" justifying each "Confidential" designation; and (iii) disagrees with your proposal that the party *producing* a "Confidential" document must file a motion with the Court to protect that document within 14 days from the date any confidentiality designation is challenged by the receiving party. We think the protective order you contemplate is far outside of the norm for this type of case, or for that matter any type of litigation, and would create unnecessary burdens on the parties and the Court. From our conversation, it appears that you are unwilling to change your position. We would like to seek guidance from the Court on this issue as soon as possible.

Andrew P. Bridges
May 23, 2014
Page 9

*   *   *

   To the extent you believe that this letter misstates any of Public Resource's positions, or mischaracterizes our conversation on May 7, 2014, please let us know in writing.  We look forward to receiving your response regarding Plaintiffs' discovery requests to Public Resource.

Sincerely,

Michael J. Mongan

MJM:jl

cc: Corynne McSherry
   Mitch Stoltz
   David Halperin
   Joseph Gratz
   Mark Lemley
   Kathleen Lu
   Matthew Becker
   Kelly Klaus
   Jonathan Blavin
   Michael Clayton
   J. Kevin Fee
   Jordana Rubel
   Kenneth L. Steinthal
   Joseph R. Wetzel
   Jeffery S. Bucholtz
   Andrew Zee