# EXHIBIT 13

Morgan, Lewis & Bockius LLP
1111 Pennsylvania Avenue, NW
Washington, DC 20004
Tel: 202.739.3000
Fax: 202.739.3001
www.morganlewis.com



# Morgan Lewis
COUNSELORS AT LAW

J. Kevin Fee
Partner
202.739.5353
jkfee@morganlewis.com

August 28, 2014

VIE EMAIL

Andrew Bridges
Fenwick & West LLP
555 California Street
San Francisco, CA 94104
abridges@fenwick.com

Re:   *American Society for Testing and Materials, et al v. Public.Resource.Org, Inc.*, Case No. 1:13-cv-01215-TSC - Discovery Issues

Dear Andrew:

In response to your letter of August 22, 2014, there are obviously a number of issues about which ASTM and Public Resource disagree. For the moment, ASTM will respond only to the points you raised about what it considers the most time-sensitive issues: ASTM's proposed custodians and search terms and Public Resource's document production.

**Search Terms and Custodians**

With respect to the custodians, ASTM's organizational chart contains information that is not public and the court has not yet entered a protective order in this case. We are willing to provide you with a copy of ASTM's organizational chart, but only on the condition that you agree in writing to treat it as a Confidential document, as defined in both parties' proposed protective orders. We believe that the individuals we identified are the individuals most likely to have non-privileged, responsive documents. If, after reviewing the organizational chart, you believe there are differently people whose records are more likely to have non-privileged, responsive documents than the people we identified, we ask that you identify those people, which custodians you propose to remove from our list, and your reasoning by September 3, 2014 so that we can begin the search process soon. Provided your list does not add custodians, we would anticipate using your proposed list of custodians.

Almaty   Beijing   Boston   Brussels   Chicago   Dallas   Dubai*   Frankfurt   Harrisburg   Houston   Irvine   London   Los Angeles   Miami
Moscow   New York   Palo Alto   Paris   Philadelphia   Pittsburgh   Princeton   San Francisco   Tokyo   Washington   Wilmington

*In association with Mohammed Buhashem Advocates & Legal Consultants



Andrew Bridges
August 28, 2014
Page 2

We have considered Public Resource's proposed additions to ASTM's search terms and have added a number of them to the list below. ASTM does not develop codes, thus it has not accepted any search terms that include the word "code." Because the communications we will be searching all involve an ASTM employee, we have not included proposed search terms that focus on the term "ASTM," which we believe will identify many documents that are not responsive. With respect to your proposal that ASTM identify all .gov email addresses and then use the addresses and names of the persons using such addresses as search terms, this proposal would be unduly burdensome and unlikely to identify any additional responsive documents.

Below is our final list of search terms:
Malamud
Public Resource
Public.Resource.org
Public.Resource
P.R.O.
Emails to addresses with .gov suffix that also include the following terms:
incorporat! /5 standard
incorporat! /5 reference
refer! /5 standard
includ! /5 standard
adopt! /5 standard!
IBR /5 standard
standard /5 regulation
ASTM /5 regulation
IBR
CFR

**Public Resource's Document Production**

ASTM is attempting in good faith to work with Public Resource to select search terms and custodians that have a reasonable likelihood of identifying documents that are responsive to Public Resource's document requests without creating an undue burden. It believes that this type of cooperation is the most cost-effective way to search for documents. However, Public Resource does not appear to be reciprocating ASTM's efforts to cooperate.

In a letter dated May 2, 2014, Public Resource proposed search terms that were comprised of the names of the three Plaintiffs and the acronyms for these names as well as the name of one standard developed by one Plaintiff and the acronym for that standard's name. These search terms were clearly inadequate and not designed to identify documents responsive to many of ASTM's requests for production, including most of the categories of documents Public Resource has agreed to produce. As discussed in our telephone conference and reiterated in my May 23,



Andrew Bridges
August 28, 2014
Page 3

2014 letter, we expected that you would reconsider your proposed search terms to make sure they corresponded with the subject matter of ASTM's requests for production. Yet, you have not provided an updated list of search terms.

Although you have now indicated that you will begin to produce documents by the end of August, we do not know what search terms, if any, you have used to identify the documents you plan to produce. If it is Public Resource's intention to cooperate with the Plaintiffs in selecting search terms for all parties, ASTM is willing to engage in that process. However, that process must be two-sided; Public Resource cannot reasonably expect to have input on ASTM's search terms if it does not provide ASTM with an opportunity to comment on Public Resource's proposed search terms.

If Public Resource is interested in cooperating with respect to this important discovery issue, please provide a list of proposed search terms as soon as possible.

Sincerely,

J. Kevin Fee

JKF