**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| AMERICAN SOCIETY FOR TESTING AND MATERIALS d/b/a/ ASTM INTERNATIONAL;<br><br>NATIONAL FIRE PROTECTION ASSOCIATION, INC.; and<br><br>AMERICAN SOCIETY OF HEATING, REFRIGERATING, AND AIR CONDITIONING ENGINEERS,<br><br>        Plaintiffs/<br>        Counter-Defendants,<br><br>v.<br><br>PUBLIC.RESOURCE.ORG, INC.,<br><br>        Defendant/<br>        Counter-Plaintiff. | Case No. 1:13-cv-01215-TSC |

**PLAINTIFF NATIONAL FIRE PROTECTION ASSOCIATION, INC.'S OPPOSITION TO MOTION TO COMPEL DISCOVERY**

**TABLE OF CONTENTS**

**Page**

I. INTRODUCTION ...........................................................................................................1
II. BACKGROUND .............................................................................................................1
III. ARGUMENT...................................................................................................................3
    A. Public Resource Failed to Comply with the Local Rules, Which Are Designed to Encourage Parties to Attempt to Resolve Their Discovery Disputes Before Burdening the Court. ...................................................................3
    B. In the Alternative, Public Resource's Motion Should be Denied on the Merits ...................................................................................................................4
        1. Collecting Licensing Agreements Beyond what NFPA Has Already Agreed to Produce Would be Unduly Burdensome .......................4
        2. Collecting Each Individual Assignment of Rights Agreement Would be Unduly Burdensome and Serve No Purpose in this Litigation ..................................................................................................6
        3. NFPA Has Agreed to Produce Appropriate Information About its Finances ...................................................................................................8
        4. The Court Should Permit NFPA to Exclude Documents Relating to this Litigation From Production ................................................................8
        5. Information Regarding Legal Authorities that Incorporate NFPA's Standards is Just As Available to Public Resource as to NFPA ................10
        6. NFPA's ROPs and ROCs Fully Address Public Resource's Requests ..................................................................................................10
IV. CONCLUSION..............................................................................................................12

## TABLE OF AUTHORITIES

**Page(s)**

**FEDERAL CASES**

*Arista Records LLC v. Lime Grp. LLC*,
    06 CV 5936 KMW, 2011 WL 813481 (S.D.N.Y. Feb. 28, 2011) ............................................9

*Ellipso, Inc. v. Mann*,
    460 F. Supp. 2d 99 (D.D.C. 2006) ......................................................................................4

*U.S. ex rel. K & R Ltd. P'ship v. Massachusetts Hous. Fin. Agency*
    456 F. Supp. 2d 46  (D.D.C. 2006) .....................................................................................4

*Harris v. Koenig*,
    271 F.R.D. 356 (D.D.C. 2010) ............................................................................................7

*In re Imperial Corp. of Am.*,
    174 F.R.D. 475 (S.D. Cal. 1997) ........................................................................................9

*Law Enforcement Training & Research Assocs. v. City & Cnty. of San Francisco*,
    90-15482, 1991 WL 172416 (9th Cir. Sept. 4, 1991) .........................................................7

*S.E.C. v. LovesLines Overseas Mgmt., Ltd.*,
    MISC. 04-302RWRAK, 2007 WL 581909, (D.D.C. Feb. 21, 2007). ..................................9

*S.E.C. v. Thrasher*,
    92 CIV. 6987 (JFK), 1996 WL 125661 (S.D.N.Y. Mar. 20, 1996) .....................................8

*White v. U.S. Catholic Conference*
    CIV.A.97-1253TAF 1998 WL 429842 (D.D.C. May 22, 1998) ..........................................7

**FEDERAL RULES**

Fed. R. Civ. P. 26(b)(2) ...............................................................................................................5

**LOCAL RULE**

7(m) .............................................................................................................................................3

**I.     INTRODUCTION**

Defendant Public.Resource.Org, Inc. ("Public Resource") has rushed into court with a motion to compel that is premature and in clear violation of this Court's rules. For that reason alone, the motion should be denied. The parties have been negotiating over the scope and burden of each other's discovery requests, a process that was ongoing when Public Resource filed the present motion without any prior notice to Plaintiff National Fire Protection Association, Inc. ("NFPA"). The Court's rules sensibly forbid this ambush strategy, to avoid burdening the Court and the parties with motion practice until it is clear that common ground cannot be reached. In an additional violation of the Court's rules, Public Resource failed to submit a statement that the required discussion with NFPA occurred prior to the filing of this motion—a statement it could not make, since such discussion never occurred.

Even if this Court were inclined to disregard Public Resource's failure to comply with the Court's rules, its motion should be denied on the merits. Public Resource's discovery requests are overbroad and seek to impose onerous discovery burdens on NFPA without any reasonable expectation that they will lead to the discovery of relevant or admissible evidence. The burden outweighs any potential benefit.[1]

**II.    BACKGROUND**

Plaintiffs are three not-for-profit organizations that develop private-sector standards to advance public safety, ensure compatibility across products and services, facilitate training, and spur innovation. Dkt. 1 ¶ 1. For example, NFPA develops the National Electrical Code, which helps ensure that electrical systems are installed safely and in a consistent manner. The standards developed by Plaintiffs are original works protected from infringement under the

---

[1] NFPA understands that co-Plaintiffs will also be filing response briefs in opposition to Public Resource's motion to compel, and NFPA respectfully joins in those oppositions.

1

Copyright Act.  Government entities frequently incorporate these private standards by reference in statutes, regulations, or ordinances.  *Id.*  The process of developing standards is costly, and Plaintiffs rely on revenues from the sales and licensing of their copyrighted standards to help underwrite those costs.  *Id.* ¶ 136.  Plaintiffs brought this copyright and trademark action to stop Defendant Public Resource from copying Plaintiffs' copyrighted standards, posting the standards in their entirety on its public website, and encouraging the public to disregard Plaintiffs' copyrights and copy, distribute, and create derivative works of the standards.  *Id.* ¶ 3.

The parties have been engaged in discovery for the last several months.  The parties had extensive telephonic meet-and-confers, on April 21 and May 7, 2014.  On May 23, NFPA responded to several of Public Resource's concerns regarding NFPA's discovery responses and proposed reasonable accommodations with respect to many of them.  Notwithstanding Public Resource's sudden rush into Court now, for several months Public Resource sat silent.  Having received no response from Public Resource, on August 22 NFPA sent a further letter to Public Resource noting that NFPA could not complete its document collection and production efforts until Public Resource responded to its May 23 letter; NFPA requested a response from Public Resource within two weeks, or by September 5.  Declaration of Kathleen Lu (Dkt. 41-2) ("Lu Decl."), Ex. 12.  On September 5, Public Resource sent a letter in response, which responded to NFPA's proposals by accepting some portions of them and making counter-proposals on others.  Lu Decl. Ex. 14.  Neither this letter nor any previous communication from Public Resource makes any mention of any potential motion.  *Id.*  Less than two weeks later on September 15—while NFPA was preparing its response to Public Resource's letter, including potential areas of further compromise—Public Resource filed this motion to compel.

Before filing this opposition, Plaintiffs emailed Public Resource to notify it of its failure to comply with the Local Rules, asking Public Resource to withdraw its motion and offering to meet and confer on the issues raised by the motion. Declaration of M. Andrew Zee Ex. 2. Public Resource declined to withdraw its motion, instead insisting that Plaintiffs either agree not to oppose the motion or identify the issues which they believed the parties could narrow. *Id.* In response, Plaintiffs again explained that they believed the parties could reach resolution on the issues raised by the motion, and asking Public Resource to withdraw its motion and meet and confer on these issues, as required by the Local Rules. *Id.* Public Resource declined this further invitation. *Id.*

### III. ARGUMENT

#### A. Public Resource Failed to Comply with the Local Rules, Which Are Designed to Encourage Parties to Attempt to Resolve Their Discovery Disputes Before Burdening the Court.

The Local Rules require that, "[b]efore filing any nondispositive motion in a civil action, counsel shall discuss the anticipated motion with opposing counsel in a good-faith effort to determine whether there is any opposition to the relief sought and, if there is, to narrow the areas of disagreement." Local Rule 7(m). The same rule additionally requires a party to "include in its motion a statement that the required discussion occurred, and a statement as to whether the motion is opposed." *Id.*

Public Resource has complied with neither of these requirements. As noted, the parties have met and conferred and exchanged several discovery letters over the last several months. NFPA consistently expressed its desire to "reach[] amicable resolutions on the range of discovery issues that will allow the parties to litigate this action," and made a number of compromise proposals to that end. Lu Decl. Ex. 12, at 8. The latest discovery communication from Public Resource to NFPA was a letter on September 5, 2014, sent two weeks after NFPA

3

provided its own proposals, in which Public Resource accepted some portions of them and made counter-proposals on others. Lu Decl. Ex. 14. Less than two weeks later, while NFPA was in the process of formulating its responses and further areas of compromise, Public Resource filed this motion. Neither its September 5 letter nor any previous communication from Public Resource makes any mention of any potential motion. *Id.*

Such action is plainly insufficient to comply with the Local Rule. "Because the Rule seeks to promote actual resolution of nondispositive disputes, its focus is on substance, not form, and thus '[t]he obligation to confer may not be satisfied by perfunctory action, but requires a good faith effort to resolve the nondispositive disputes that occur in the course of litigation.'" *U.S. ex rel. K & R Ltd. P'ship v. Massachusetts Hous. Fin. Agency*, 456 F. Supp. 2d 46, 52 (D.D.C. 2006) (quoting *United States ex rel. Pogue v. Diabetes Treatment Centers of America*, 235 F.R.D. 521, 529 (D.D.C. 2006)). Dismissal of this motion will permit the parties to continue to discuss their differences over the discovery issues in the case and to appropriately narrow the range of disagreement, should any such disagreement ultimately need to be presented to the Court. *See, e.g., Ellipso, Inc. v. Mann*, 460 F. Supp. 2d 99, 102 (D.D.C. 2006) ("The purpose of the Local Rule is to promote the resolution of as many litigation disputes as possible without court intervention, or at least to force the parties to narrow the issues that must be brought to the court. … If a party files a nondispositive motion without certifying its compliance with Rule 7(m), the motion will be denied.").

      **B.**     **In the Alternative, Public Resource's Motion Should be Denied on the Merits**

           **1.**     **Collecting Licensing Agreements Beyond what NFPA Has Already Agreed to Produce Would be Unduly Burdensome**

Public Resource's first request is that NFPA produce "[a]ll documents constituting, comprising, or concerning licenses with respect to any Work-At-Issue." Mot. 4. Public

Resource misrepresents the position that NFPA has taken regarding this request.  NFPA has agreed to conduct a reasonable search and produce the current version of any license agreements relating to the standards at issue contained in NFPA's contracts database, as well as any responsive documents in NFPA's SharePoint database of copyright permission letters.  Lu Decl. Ex. 12, at 3.  As explained in the declaration of Dennis Berry that accompanies this opposition, it would be unduly burdensome for NFPA to collect any additional documents beyond the permissions and licenses contained in its primary databases.  Declaration of Dennis J. Berry ("Berry Decl.") ¶¶ 4, 7.  Older versions of licenses and copyright permissions are not centrally stored or filed, and in many cases are not stored electronically at all; retrieving these documents would impose a significant burden.  *Id.*

   Nor would such an effort serve any purpose in this case.  There is no reason why Public Resource would need NFPA to take extraordinary measures to identify and produce outdated licenses and years-old copyright permissions.   In its motion, Public Resource contends that license agreements are relevant to the question of how much revenue NFPA receives from licensing its standards, and to the question of whether NFPA is engaged in any licensing that violates public policy.  Mot. 5.  These issues relate to NFPA's current licensing practices, not to long-expired licensing practices.  The current versions of license agreements and recent copyright permissions are the only documents that are relevant to the issues identified by Public Resource in its motion. Public Resource has never responded to NFPA's proposal on this issue, nor has Public Resource explained why the production actually offered by NFPA would be insufficient.  To the extent that Public Resource seeks additional discovery beyond the reasonable approach outlined by NFPA, its motion should be denied.  *See* Fed. R. Civ. P. 26(b)(2) ("[T]he court must limit the … extent of discovery otherwise allowed by these rules …

5

if it determines that … the burden or expense of the proposed discovery outweighs it likely benefit."). At a minimum, the Court should permit the parties to continue to meet and confer on this issue to determine whether a reasonable compromise can be reached.

### 2. Collecting Each Individual Assignment of Rights Agreement Would be Unduly Burdensome and Serve No Purpose in this Litigation

Public Resource seeks agreements between NFPA and persons who participated in the standards process. As NFPA has consistently explained to Public Resource, NFPA requires all persons who participate in the standards process to fill out NFPA's standard form assigning all rights in the final work to NFPA. Lu Decl. Ex. 12, at 10. As explained in the Declaration of Christian Dubay that accompanies this opposition, NFPA does not accept comments or contributions without receiving an assignment of rights from the contributor. Declaration of Christian Dubay ("Dubay Decl.") ¶ 3. The assignment of rights is invariably executed via the standard form agreement that NFPA has agreed to produce, with extremely isolated exceptions. *Id.* ¶ 4. And NFPA's Reports on Proposals (or "ROPs), and Reports on Comments (or "ROCs"), which NFPA already has produced, identify the names of all individuals who submit comments and proposals after executing the standard-form assignment of rights. Lu Decl. Ex. 12, at 10.

Public Resource's motion is not entirely clear, but it appears to contemplate the production of every single executed assignment form. Such production would be extremely burdensome and would serve no purpose in this litigation. Because NFPA collects assignments of rights on standard forms, and does not accept contributions without accompanying assignments of rights, production of the standard form is sufficient to enable Public Resource to assert any claims or defenses based on the effectiveness of this assignment. It is unreasonable for Public Resource to insist that NFPA must produce the actual copies of the thousands of individual forms, many of which are not stored electronically but are held in a physical location.

Dubay Decl. ¶¶ 5-6. These documents would be extremely burdensome to collect, review, and produce—and such production would serve no purpose because the documents are all identical.[2]

Moreover, Public Resource offers only speculation to justify this request, suggesting without any basis that it seeks to investigate "any defects that may be present in an individual assignment." Mot. 7. This is a fishing expedition of the sort that courts routinely deny. *See, e.g., Harris v. Koenig*, 271 F.R.D. 356, 369 (D.D.C. 2010) (denying motion to compel where parties sought "a large amount of information based on the theoretical foundation that there is a possibility that they might find a conflict of interest"). This request is especially unreasonable because Public Resource does not claim that any purported author has objected to NFPA's assertion of copyright in the works at issue (nor, of course, does Public Resource itself claim to be the author of the works at issue). Under these circumstances, Public Resource lacks any good-faith basis to assert lack of copyright ownership as a third-party defense on behalf of others who have not objected to NFPA's copyrights. *Cf. Law Enforcement Training & Research Assocs. v. City & Cnty. of San Francisco*, 90-15482, 1991 WL 172416, at *1 (9th Cir. Sept. 4, 1991) (noting that courts should give extra scrutiny to a copyright defendant's claim that the plaintiff lacks copyright ownership when this claim is invoked "solely as a third party defense and the asserted copyright holder has knowingly acquiesced to the plaintiff's commercial use of the work"). Public Resource's motion should be denied.

---

[2] If the Court were to decide that Public Resource is entitled to inspect each and every assignment of rights, NFPA would propose that it make the physical records available for Public Resource's inspection, rather than using the parties' resources to produce copies of these materials. *See White v. U.S. Catholic Conference*, CIV.A.97-1253TAF/JMF, 1998 WL 429842, at *4 (D.D.C. May 22, 1998) ("Fed. R. Civ .P. 34 requires only that the documents be made available for inspection and copying.").

7

### 3. NFPA Has Agreed to Produce Appropriate Information About its Finances

Public Resource requests documents "sufficient to identify all Contributions in support of the Standards Process of each Work-At-Issue." Mot. 7. Again, Public Resource misrepresents NFPA's position on this topic, inaccurately asserting that NFPA "has agreed to produce only 'Reports on Proposals,' or 'ROPs', and 'Reports on Comments', or 'ROCs', neither of which provide any information relating to financial contributions." Mot. 9. In the very letter that Public Resource cites for this assertion, NFPA actually said that it "will produce its annual, year-end financial reports for the past five years." Lu Decl. Ex. 6, at 12. These financial statements are more than adequate to provide the information sought by Public Resource through this discovery request, such as the fact that NFPA depends heavily on licensing revenue from its copyrighted works at issue in this case.

As NFPA further noted in its Objections to Public Resource's Request for Production, the language of Public Resource's request is vague and overly broad. *Id.* The definition of Contributions could be interpreted to cover every expenditure made in connection with the process of developing 22 lengthy copyrighted works. There is no need for such exhaustive review of the day-to-day financial operations of NFPA—the financial statements will provide Public Resource with ample information regarding the sources of NFPA's overall revenues and expenses, and Public Resource will be free to request additional, more specific information should it identify particular areas where it believes more information is necessary. The motion should be denied with respect to this request.

### 4. The Court Should Permit NFPA to Exclude Documents Relating to this Litigation From Production

Public Resource seeks documents "relating to this litigation or the possibility of taking legal action against Public Resource or its principal Carl Malamud." Mot. 9. NFPA has agreed

to conduct a reasonable search for documents referring to Public Resource or to Mr. Malamud, but has proposed excluding documents related to this lawsuit or the possibility of bringing this lawsuit from its production. Given that such documents are overwhelmingly privileged, courts routinely permit parties to exclude from production entire categories of documents that were prepared during litigation or in anticipation of litigation. *See, e.g., Arista Records LLC v. Lime Grp. LLC*, 06 CV 5936 KMW, 2011 WL 813481, at *5 (S.D.N.Y. Feb. 28, 2011) (imposing limits on party's request to require opposing party to review documents referring to that party because "such a review is likely to involve communications that occurred during the pendency of this lawsuit and center on the subject of this lawsuit"); *S.E.C. v. Thrasher*, 92 CIV. 6987 (JFK), 1996 WL 125661, at *1 (S.D.N.Y. Mar. 20, 1996) (denying party's request for "production of all communications between defense counsel concerning the lawsuit"); *In re Imperial Corp. of Am.*, 174 F.R.D. 475, 476, 479 (S.D. Cal. 1997) (permitting party "to assert privilege and work-product protections on a categorical basis," which included party's request to categorically exclude any documents that were "prepared to assist in anticipated or pending litigation"). Public Resource also is misguided in its assertion that a document-by-document privilege log is always required. Courts regularly affirm the assertion of privilege based on a description of categories of documents rather than a document-by-document list, when creation of a more detailed privilege log would have little benefit and would be "overly burdensome." *Imperial, supra*, 174 F.R.D. at 479; *S.E.C. v. LovesLines Overseas Mgmt., Ltd.*, Misc. No., 04-302RWRAK, 2007 WL 581909, n. 5 (D.D.C. Feb. 21, 2007).

At a minimum, Public Resource's motion on this point is premature. The documents Public Resource submits in support of its motion reveal that the parties are still in the process of negotiating over custodians of documents to be searched, search terms to be applied, and date

ranges for production of documents.  *See, e.g.,* Lu Decl. Exs. 12, 14.  Once these issues have been resolved, NFPA will be in a better position to assess the burden of logging each and every document that refers to this litigation.

### 5. Information Regarding Legal Authorities that Incorporate NFPA's Standards is Just As Available to Public Resource as to NFPA

Public Resource next argues that NFPA should be required to produce documents "sufficient to identify every Legal Authority that incorporates each Work-at-Issue, either expressly or by reference." Mot. 11.  This request is improper because it pertains entirely to information that is in the public domain, and that is equally available to Public Resource as it is to NFPA.  Nonetheless, NFPA has agreed to produce the current version of its internal database that tracks instances of incorporation by reference.  Lu Decl. Ex. 12, at 10.  NFPA generally monitors incorporation of its standards by means of this database, but cannot guarantee that it has necessarily been made aware of every last jurisdiction to have incorporated part or all of an NFPA standard.  *Id.*  To the extent that Public Resource is demanding that NFPA conduct additional inquiries to determine whether there are instances of incorporation by reference not captured by its database, this amounts to a request that NFPA conduct legal research on Public Resource's behalf.  NFPA should not be responsible for searching for publicly available information about the laws of states and municipalities across the country.  Collecting this information would be just as burdensome for NFPA as for Public Resource.

### 6. NFPA's ROPs and ROCs Fully Address Public Resource's Requests

Finally, Public Resource argues that NFPA's ROPs and ROCs are not sufficiently responsive to several of Public Resource's document requests.  This argument appears to be based on Public Resource's misunderstanding of the contents of the ROPs and ROCs.  Public Resource incorrectly asserts that these documents are "simply summaries" of the comments and

10

input that go into the development of NFPA standards. Mot. 13. That is incorrect. The ROPs and ROCs function as comprehensive records of the standards development process. Dubay Decl. ¶ 9. These documents compile and reproduce every proposal and every comment that is received when the standards are being developed. *Id.* ¶ 10. These documents also identify the individuals or entities that submitted each comment or proposal. (In some cases, multiple entities submit the same proposal, generally as part of a letter-writing campaign. In instances like this, the ROP reproduces the proposal along with a list of the submitters.) *Id.* ¶11. The ROPs and ROCs further identify the members of each committee that worked on the proposals, and detail the votes of the committees on each proposal. These are voluminous and comprehensive documents. For example, for the 2011 version of NFPA's largest standard, the National Electrical Code ("NEC"), the ROP is 1209 pages and the ROC is 689 pages.[3]

Public Resource does not identify any actual deficiencies in the responsiveness of NFPA's production, nor does it identify any information that it seeks that is not found in these documents. Public Resource simply demands further documents without reason. Moreover, it would be highly burdensome for NFPA to collect, review, and produce further documents beyond the ROPs and ROCs. Because the ROPs and ROCs are intended to serve and do serve as the complete record of proceedings for NFPA standards development, NFPA does not actively maintain additional records in a manner that is easily accessible. For all standards revisions prior to 2010, the underlying committee materials are not stored electronically, but are kept physically. Dubay Decl. ¶ 14. Collecting these documents would involve physically gathering, reviewing and copying tens of thousands of pages of materials. *Id.* ¶ 15. Gathering all these documents would serve no purpose when the ROPs and ROCs provide the comments and proposals, the

---

[3] These documents are publicly available at http://www.nfpa.org/assets/files/AboutTheCodes/70/70-A2010-ROP.pdf and http://www.nfpa.org/assets/files/AboutTheCodes/70/70-A2010-ROC.pdf .


identities of the submitters, and the committee comments and votes on each comment and proposal.

For standards development since 2010, NFPA does have electronically stored versions of the underlying documents. *Id.* But reviewing and producing these thousands of pages of documents would still take a significant amount of resources and time and would serve no purpose in this litigation, given that the actual record of proceedings captured in the ROPs and ROCs provides all the information sufficient to inform Public Resource about the categories of information it seeks. *See* Lu Decl. Ex. 6 (Public Resource Request No. 4 seeks "Documents sufficient to identify all Contributions in support of the Standards Process of each Work-at-Issue"; Requests Nos. 12, 13, and 15 seek documents concerning Contributions and offers of Contributions to the Standards Process for each Work-at Issue).

## IV.    CONCLUSION

The Court should deny Public Resource's motion.

Dated: October 2, 2014							Respectfully submitted,


											/s/ Kelly Klaus

											Anjan Choudhury (D.C. Bar: 497271)
											Munger, Tolles & Olson LLP
											355 South Grand Avenue, 35th Floor
											Los Angeles, CA  90071
											Tel: 213.683.9100
											Email:  Anjan.Choudhury@mto.com

											Kelly M. Klaus
											Jonathan H. Blavin
											Nathan M. Rehn
											Munger, Tolles & Olson LLP
											560 Mission St., 27th Floor
											San Francisco, CA 94105
											Tel:  415.512.4000
											Email: Kelly.Klaus@mto.com
													Jonathan.Blavin@mto.com
													Thane.Rehn@mto.com

											*Counsel for National Fire Protection Association, Inc.*

# **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing Opposition to Public Resource's Motion to Compel was served this 2nd day of October, 2014 via CM/ECF upon the following:

**Counsel for Public.Resource.Org, Inc.:**

Andrew Bridges

Kathleen Lu

David Halperin

Mitchell L. Stoltz

Corynne McSherry

Joseph Gratz

Mark Lemley

**Counsel for American Society for Testing and Materials d/b/a ASTM International:**

Michael F. Clayton

J. Kevin Fee

Jordana S. Rubel

**Counsel for American Society of Heating, Refrigerating, and Air Conditioning Engineers:**

Jeffrey Bucholtz

Kenneth Steinthal

Joseph Wetzel

Andrew Zee

                                                     /s/ Thane Rehn
                                                     Thane Rehn