**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| AMERICAN SOCIETY FOR TESTING AND MATERIALS d/b/a/ ASTM INTERNATIONAL; | Case No. 1:13-cv-01215-TSC-DAR |
| NATIONAL FIRE PROTECTION ASSOCIATION, INC.; and | **PLAINTIFF-COUNTERDEFENDANT THE AMERICAN SOCIETY OF HEATING, REFRIGERATING, AND AIR- CONDITIONING ENGINEERS, INC.'S RESPONSE IN OPPOSITION TO DEFENDANT-COUNTERCLAIMANT PUBLIC.RESOURCE.ORG, INC.'S MOTION TO COMPEL DISCOVERY** |
| AMERICAN SOCIETY OF HEATING, REFRIGERATING, AND AIR-CONDITIONING ENGINEERS, INC. | |
| Plaintiffs, | |
| v. | |
| PUBLIC.RESOURCE.ORG, INC., | Filed:   August 6, 2013 |
| Defendant. | |
| PUBLIC.RESOURCE.ORG, INC., | |
| Counterclaimant, | |
| v. | |
| AMERICAN SOCIETY FOR TESTING AND MATERIALS d/b/a/ ASTM INTERNATIONAL; | |
| NATIONAL FIRE PROTECTION ASSOCIATION, INC.; and | |
| AMERICAN SOCIETY OF HEATING, REFRIGERATING, AND AIR-CONDITIONING ENGINEERS, INC. | |
| Counterdefendants. | |

## INTRODUCTION

On Monday, September 15, 2014, Defendant Public.Resource.Org, Inc. ("Public Resource"), filed a motion to compel discovery from Plaintiffs, including the American Society of Heating, Refrigerating, and Air Conditioning Engineers ("ASHRAE").  Public Resource filed its motion at 2:47 a.m. eastern time on a Monday, without notifying ASHRAE of its intention to do so, and nearly four months after Public Resource's last communication to ASHRAE on the subject of its discovery responses.  Notably, however, this sudden and unexpected filing arrived the day before the parties were first to appear before Judge Chutkan in this case.

This Court's Local Rule 7(m) requires a party that plans to file a nondispositive motion to discuss the planned motion with opposing counsel in an attempt to narrow the areas of dispute prior to filing.  *See* LCvR 7(m).  Public Resource failed to comply with this Rule as it took no steps to discuss the motion with counsel for ASHRAE—or counsel for any Plaintiff, for that matter—and Public Resource made no mention of any anticipated motion to compel in the course of the parties' meet-and-confer efforts.  *See* Declaration of Kathleen Lu, ECF No. 41-2 ("Lu Decl.") ¶ 14.  Had Public Resource informed ASHRAE that it was planning a discovery motion, it would have learned that there were numerous areas of potential agreement, and issues on which ASHRAE would have readily sought to reach a reasonable compromise with Public Resource.

Taken aback by Public Resource's motion, Plaintiffs reached out in an attempt to narrow, if not altogether eliminate, the disputes for resolution by the Court, but Public Resource declined to cure its defective motion, and instead retroactively dubbed its 2:47 a.m. filing an "obvious consequence" of what it unilaterally called the parties "failure to make meaningful progress."  *See* attached Declaration of M. Andrew Zee ("Zee Decl."), Ex. 1 (September 29 and 30, 2014 emails between A. Zee and A. Bridges).  Public Resource's litigation tactic has needlessly consumed the

parties' and the Court's resources, and it should be summarily denied for failure to comply with Local Rule 7(m).

As to the merits of Public Resource's motion, should the Court elect to reach them, there is no basis to justify the sweeping relief that Public Resource seeks.  Public Resource effectively has requested that ASHRAE disclose nearly every document concerning the development of the copyrighted standards that Public Resource has illegally copied, displayed, and distributed.  As the attached declaration from Claire Ramspeck, ASHRAE's Director of Technology, demonstrates, searching for and producing the requested documents would cause a substantial disruption to ASHRAE's ordinary operations, and Public Resource presents no justification for imposing such a burden.  *See* attached Declaration of Claire Ramspeck ("Ramspeck Decl.").  Moreover, large portions of the material sought are either not relevant to the claims or defenses in this case, or can be obtained by Public Resource at lesser burden or expense than for ASHRAE to provide it.[1] Notwithstanding the overbreadth and burdensomeness of Public Resource's discovery requests, ASHRAE is willing to reach a compromise on many issues, as explained in detail below.

## ARGUMENT

## I.    PUBLIC RESOURCE'S MOTION SHOULD BE DENIED FOR FAILURE TO COMPLY WITH THIS COURT'S LOCAL RULES.

Before filing its motion to compel, Public Resource failed to comply with Local Rule 7(m), and this failure alone warrants summary denial of the motion.  Rule 7(m) provides, in pertinent part, as follows:

> Before filing any nondispositive motion in a civil action, counsel shall discuss the anticipated motion with opposing counsel in a good-faith effort to determine whether there is any opposition to the relief sought and, if there is, to narrow the areas of disagreement. . . . A party shall include in its motion a statement that the required discussion occurred, and a statement as to whether the motion is opposed.

---

[1] ASHRAE understands that co-Plaintiffs will be filing response briefs in opposition to Public Resource's motion to compel, and ASHRAE respectfully joins in those oppositions.

Public Resource never discussed with counsel for any of the Plaintiffs its intent to file a motion to compel discovery and, by necessity, failed to include in its motion the required statement that such discussion occurred.   The first that Plaintiffs learned of this motion was upon receiving the CM/ECF notice of filing the morning of September 15, 2014 (or, for those on the west coast, late in the evening of Sunday, September 14).   Rather than comply with Rule 7(m), Public Resource instead refers in its motion to an "exchange of letters and lengthy phone conferences" with Plaintiffs' counsel since May 2014.   Public Resource' s Motion to Compel, ECF No. 41 ("Mot.") at 3.   In none of these conferences or letters, however, did Pubic Resource discuss the instant motion, as the Rule requires, *see* Zee Decl. ¶¶ 4-5, and instead Public Resource unilaterally determined that that it had reached "an impasse" and proceeded directly to this Court.   Mot. at 3.

"The purpose of the Local Rule is to promote the resolution of as many litigation disputes as possible without court intervention, or at least to force the parties to narrow the issues that must be brought to the court."   *Ellipso, Inc. v. Mann*, 460 F. Supp. 2d 99, 102 (D.D.C. 2006).   Although the parties held one lengthy telephone conference and exchanged correspondence on discovery issues generally, Public Resource never indicated that it would be filing a motion on the specific categories of documents that it now seeks to compel.   Zee Decl. ¶¶ 4-5.   Moreover, when Plaintiffs notified Public Resource of its failure to comply with Rule 7(m) and offered to meet and confer if the motion was withdrawn, Public Resource sought to flip that Rule on its head by demanding that Plaintiffs inform counsel "right away" that Plaintiffs "*do not* oppose the relief Public Resource seeks."   *See Id.*, Ex. 1.

Public Resource's evident strategy was to file a deficient motion to compel, and, when its non-compliance was pointed out, summarily demand that Plaintiffs consent to all the relief Public Resource sought in its motion, lest it forge ahead with the deficient motion.   These tactics are

hardly the good-faith effort to narrow the areas of disagreement contemplated by Rule 7(m).

Moreover, even if, as Public Resource may argue in reply, Plaintiffs were aware of the general

nature of the issues, that is not sufficient compliance with the Rule.  *District Hosp. Partners, L.P.*

*v. Sebelius*, 971 F. Supp. 2d 15, 22 (D.D.C. 2013) ("Although some of plaintiffs' requests have, or

should have, been known to the Secretary for some time, the Court is concerned by plaintiffs' lack

of candor in providing full notice to the Secretary of exactly what they intended to compel.").

The appropriate remedy for failure to comply with Local Rule 7(m) is denial of the motion.

*See, e.g., Haynes v. Navy Federal Credit Union*, 282 F.R.D. 17, 19 (D.D.C. 2012) (denying motion

solely on basis of failure to comply with Rule 7(m)); *Ellipso*, 460 F. Supp. 2d at 102 ("If a party

files a nondispositive motion without certifying its compliance with Rule 7(m), the motion will be

denied." ); *K & R Ltd. P'ship v. Mass. Housing Finance Agency*, 456 F. Supp. 2d 46, 52 (D.D.C.

2006) (same).  This Court should follow these precedents and deny Public Resource's motion to

compel.

## II.     PUBLIC RESOURCE IS NOT ENTITLED TO THE OVERBROAD RELIEF IT SEEKS.

Should the Court decline to deny Public Resource's motion to compel for failure to comply

with Rule 7(m), the motion should nonetheless be denied because Public Resource is either not

entitled to the overbroad and unduly burdensome discovery relief it seeks, or because ASHRAE

can agree to search for and provide a reasonable number of documents, thereby rendering the

motion moot.

### A.     Public Resource Is Not Entitled To Each And Every "License Agreement."

Public Resource seeks "[a]ll documents constituting, comprising, or concerning licenses

with respect to any Work-At-Issue."  Lu Decl., Ex. 2 (Request No. 18).  ASHRAE objected on

grounds of overbreadth and burdensomeness, but, subject to those and other objections, agreed to

produce: (1) representative examples of licenses or permission grants to third parties for the use of

Standard 90.1; (2) the form personal-use license for purchasers of the PDF version of Standard 90.1; (3) the form network-use license for purchasers of Standard 90.1; and (4) the current distribution agreements with authorized resellers who have been licensed to distribute Standard 90.1.  Lu Decl., Ex. 4.

      Dissatisfied with this response, Public Resource now seeks all executed license agreements, contending that the terms of licenses that ASHRAE enters into are relevant to ASHRAE's revenue and alleged harm based on lost sales and licensing opportunities.  Mot. at 5.  But Public Resource has other means to obtain this information.  For instance, in response to Public Resource's Request for Production No. 11, ASHRAE has agreed to produce documents sufficient to show its actual revenue from sales of print and PDF versions of Standard 90.1, as well as anticipated revenue from sales of all ASHRAE standards.  Lu Decl., Ex. 4.  Thus, much of the information that Public Resource purportedly seeks to uncover through this request, by examining the "specific terms of each . . . license," Mot. at 4-5, will be available to it through documents provided by ASHRAE in response to Public Resource's other discovery request.

      Notwithstanding Public Resource's failure to discuss this issue before filing its motion and without conceding or admitting to the reasonableness of the request, ASHRAE is willing to supplement its production with additional license agreements such that, other than individual personal-use and network-use licenses, it produces all non-privileged license agreements for Standard 90.1.  Requiring ASHRAE to produce each and every personal- and network-use license from all purchasers of Standard 90.1 would be unduly burdensome, particular since ASHRAE has already provided the form versions of these agreements.  Ramspeck Decl. ¶ 9.

      To the extent that Public Resource intended the term "license" to encompass something broader than the license agreements that ASHRAE now agrees to provide—*e.g.*, to include the permissions that ASHRAE grants to third parties for educational purposes—the request is

overbroad and unduly burdensome.   As explained above, ASHRAE has already agreed to provide

representative examples of such permissions.   Moreover, in contrast to the license agreements

ASHRAE will be providing, the permission requests are not centrally tracked or maintained.

Requiring ASHRAE to conduct an additional, extensive search of multiple ASHRAE email

accounts for every instance that such a permission request appears—of which there are likely

many thousands—and then to review them in detail would require at least six weeks of dedicated

effort. *Id.* ¶¶ 8, 10.  It is not reasonable to require ASHRAE to undertake such a burden and its

attendant cost.  Further, the terms of such third-party permission grants are not relevant to whether

Public Resource has violated ASHRAE's intellectual property rights.  Even if, as Public Resource

apparently suspects, ASHRAE had provided a third-party with a right to reproduce and distribute

Standard 90.1, that would not somehow excuse Public Resource's unauthorized conduct at issue in

this case.

Public Resource also argues that ASHRAE may license Standard 90.1 for use or

incorporation into law by government entities.  Mot. at 5.  Contrary to Public Resource's

speculative contention, ASHRAE does not license its works to government entities for

incorporation into law, and ASHRAE is willing to provide Public Resource with an affidavit

stating as much.[2]  To the limited extent that ASHRAE enters into licenses with such entities for

other use of its standards, ASHRAE will be providing these, as explained above.

---

[2] ASHRAE does enter into licensing agreements for Standard 90.1 with model code bodies, such as the American National Standards Institute and the International Code Council, which in turn may or may not enter into separate licensing agreements with government entities.  Any such licensing agreements entered into by those code bodies are, however, outside ASHRAE's possession, custody, or control.  See Fed. R. Civ. P. 34(a)(1).

**B.      It Would Be Unduly Burdensome To Require ASHRAE To Locate And Produce Each And Every Assignment Of Rights Agreement For Standard 90.1.**

Public Resource seeks to require ASHRAE to provide copies of each and every assignment of rights agreement for each and every individual who participated in or contributed to the development process for Standard 90.1.  Lu Decl., Ex. 2 (Request No. 6).  ASHRAE has already provided the form release agreements signed by these individuals—whether they are members of the Standard 90.1 Project Committee or otherwise contributed by submitting change proposals or public comments.  Ramspeck Decl. ¶ 12.  The individual, as-signed agreements sought by Public Resource are not separately maintained such that ASHRAE can simply retrieve and produce those agreements.  *Id.* ¶ 13.  Instead, in order to locate, review, and retrieve each individual, as-signed release agreement, ASHRAE personnel would need to review multiple databases and archival records, kept in both electronic and paper format, and cross-reference those databases and records with the names of Standard 90.1 Project Committee members, public commenters, and individuals who submitted change proposals.  *Id.* ¶ 13.

This burden dramatically outweighs the minimal, or nonexistent, benefit of these materials in light of the issues in this case.  Public Resource's principal defense in this matter hinges on the effect of the incorporation by reference of Plaintiffs' standards, and not on the ownership of those standards.   Moreover, courts have expressed skepticism toward a third party's assertion of lack of copyright ownership as a defense to an infringement claim.  *See, e.g.*, *Law Enforcement Training & Research Associates v. City & Cnty. of San Francisco*, 1991 WL 172416, at *1  (9th Cir. Sept. 4, 1991); *Int'l Code Council, Inc. v. Nat'l Fire Protection Assoc., Inc.*, 2006 WL 850879, at *18 n.33 (N.D. Ill. Mar. 27, 2006) ("There may be some doubt, as a policy matter, about the wisdom of permitting a non-author to challenge the copyright holder's right to enforce its copyright.").  In view of the attenuated relevance, if any, of individual, as-signed release agreements, it would be unreasonable to force ASHRAE to expend the substantial time and resources described above to

locate, retrieve, review, and copy these documents for Public Resource.[3]  *See* Fed. R. Civ. P. 26(b)(2)(c)(iii).

Again, had Public Resource met and conferred with ASHRAE counsel before bringing its motion, it would have learned that notwithstanding its objections, ASHRAE is willing to reach a reasonable compromise with respect to this request.  ASHRAE is willing to provide Public Resource with an affidavit making clear that any individual who participated in the development process for the three versions of Standard 90.1 at issue has executed the form rights assignment agreement that ASHRAE has already provided to Public Resource.  In light of ASHRAE's willingness to arrive at a mutually agreeable resolution, notwithstanding Public Resource's failure to discuss its motion with opposing counsel, the overbroad relief requested by Public Resource should be denied.

## C.      ASHRAE Has Already Informed Public Resource That It Does Not Accept Financial Contributions, Other Than Membership Fees, In The Standards Development Process For Standard 90.1.

Public Resource seeks documents relating to "financial contributions" received by ASHRAE in the standards development process for Standard 90.1.  Mot. at 7-9.  Public Resource ignores, however, the fact that ASHRAE has already stated, in a sworn interrogatory response, that "[i]n the development process for Standard 90.1, ASHRAE does not accept any financial contributions other than general fees it receives for membership in ASHRAE."  *See* Zee Decl., Ex. 2 at 12 (Response to Interrogatory No. 5).  To the extent that Public Resource seeks information concerning ASHRAE's general membership fees, ASHRAE is willing to provide Public Resource

---

[3] In addition, Public Resource's requested relief is apparently not limited to the as-executed release agreements themselves, but also includes "all documents constituting, comprising, referring to, or evidencing" such agreements.  Mot. at 7.  But Public Resource presents no argument to justify its broader request for documents referring to, comprising, or evidencing rights assignment agreements, and instead limits its argument to the actual agreements themselves.  It would be unduly burdensome for ASHRAE to undertake a search for such documents "referring to" a rights assignment.  Ramspeck Decl. ¶ 13.

with a summary of revenues from such fees.  Otherwise, ASHRAE receives no financial

contributions in the development process for Standard 90.1, and thus has no documents to provide.

This includes any "direct financial contributions from government entities" that Public Resource

speculates ASHRAE might receive, as well as any financial contribution of the sort that Public

Resource contends would convert Standard 90.1 into a "work for hire with other entities owning

the copyright." Mot. at 8.  There is no basis to grant Public Resource the relief it seeks.[4]

**D.      ASHRAE Is Willing To Reach A Reasonable Compromise To Search For And
         Produce Non-Privileged Documents Relating To This Litigation.**

With respect to Public Resource's Request Nos. 8 and 9, ASHRAE indicated that it was

willing to conduct a search of selected ASHRAE custodians for documents that reference Carl

Malamud or Public Resource, subject to the reasonable condition that it would exclude from its

production documents related to the litigation or the possibility of taking legal action against Public

Resource.  Lu Decl., Ex. 15.  ASHRAE proposed this condition as a reasonably tailored means of

excluding documents that would plainly be subject to either work-product protection or the

attorney-client privilege.  Public Resource rejected this offer, and proposed instead that ASHRAE

search for and produce non-privileged documents that "expressly refer to the name of Public

Resource, Carl Malamud, or any of Public Resource's representatives" and that "relate to the

matters specifically alleged in the Complaint."  Lu Decl., Ex. 9.

ASHRAE remains willing to conduct a reasonable search for documents that refer to Public

Resource or to Mr. Malamud.  From ASHRAE's perspective, the only issue of potential dispute is

_____

[4] Again, Public Resource presents argument in its motion only as to "financial
contributions" but seeks a broad order compelling production of "all documents relating to
contributions."  Mot., Ex. A (Proposed Order).  To the extent that Public Resource seeks relief on
aspects of its discovery requests for which it has failed to present argument (and, again, on which it
has failed to meet and confer), its motion should be denied.  In any event, responding to such a
request for "all documents relating to contributions" would impose a substantial burden on
ASHRAE to the point of interfering with its ability to meet its mission.  Ramspeck Decl. ¶ 16.

the identity of the ASHRAE custodians whose documents will be searched; to this end, ASHRAE

agreed to provide its current organizational chart to Public Resource.  Lu Decl., Ex. 15.

As for Request No. 17, which seeks "[a]ll documents constituting, comprising, or

concerning communications by [ASHRAE] regarding this dispute or litigation," Lu Decl., Ex. 2,

subject to its objections, ASHRAE searched for and produced the responsive, non-privileged

documents that it located.  ASHRAE is willing to discuss expanding the scope of its search and

supplementing its production with any additional responsive, non-privileged documents it locates.

Public Resource's Request No. 16 seeks "all documents constituting, comprising, or

concerning communications criticizing Your claims, statements, arguments, or positions in this

dispute or litigation."  Lu Decl., Ex. 2.  ASHRAE objected on grounds that the term "criticizing" is

vague and ambiguous, and thus renders the Request unduly burdensome.  Lu Decl., Ex. 4.  For

example, to the extent ASHRAE possesses such communications—and ASHRAE has no reason to

believe it does—they could only be located by close review of the contents of each potentially

responsive communication, a process which would consume substantial ASHRAE resources.

Ramspeck Decl. ¶ 17.

In contrast to this burden is the lack of relevance of any such documents "criticizing"

ASHRAE's litigation position.  As ASHRAE noted in its May 23 correspondence to Public

Resource, there is no conceivable relevance of such documents to this case, and instead the request

seems designed to unearth material that might be perceived as embarrassing to ASHRAE.  Lu

Decl., Ex. 15.  In its correspondence, Public Resource offered no reason why such documents

would be relevant, stating only that those who participated in the standards development process or

in "lobbying activities" "may also have raised these issues in communications criticizing

Plaintiffs."  Lu Decl., Ex. 9.  Public Resource makes no other attempt to explain their relevance in

its motion, assuming any such documents exist.  Nonetheless, if Public Resource is willing to

eliminate the inherent ambiguity and subjectivity in the term "criticizing" and to supply a

reasonable number of concrete search terms for ASHRAE to attempt to locate responsive

documents, ASHRAE will consider doing so in a good faith effort to reach compromise on this

request.

**E.     ASHRAE Does Not Maintain Comprehensive Information Or Documents Tracking All Legal Authorities That Have Incorporated Its Standards.**

In Public Resource's Request for Production No. 5, it seeks documents "sufficient to

identify every Legal Authority that incorporates each Work-At-Issue, either expressly or by

reference." Lu Decl., Ex. 2.  In effect, Public Resource wants ASHRAE to scour all laws,

regulations, and ordinances and tell Public Resource all of the laws into which ASHRAE standards

have been incorporated.  And Public Resource presses this request despite the fact that its own

website purports to identify the jurisdictions that have incorporated ASHRAE Standard 90.1.  *See*

Public Safety Codes Incorporated By Law, *available at* https://law.resource.org/pub/us/code

/safety.html (last visited Sep. 30, 2014).  Moreover, ASHRAE has already informed Public

Resource that it does not comprehensively track or catalog the statutes, regulations, or laws into

which its standards may be incorporated, such that it may simply provide a database or catalog to

Public Resource.  Lu Decl., Ex. 15.  ASHRAE stated as much in its response to Public Resource's

Interrogatory No. 2, and, in addition, provided information regarding the publicly available

databases that ASHRAE relies upon for incorporation information, when the need arises.  Zee

Decl., Ex. 2 at 7 (Response to Interrogatory No. 2).  To the extent that ASHRAE has any

information or documents bearing on potential incorporation of its standards by various

jurisdictions across the United States, such documents are not centrally maintained, and it would be

unreasonably burdensome to locate and collect this material.  Ramspeck Decl. ¶ 18.  Further, any

such documents are by no means comprehensive, and would result in a partial and incomplete

compilation of what Public Resource apparently seeks.  *Id.*

Public Resource refuses to accept this response, asserting that ASHRAE is "unquestionably" in better position to know and identify which jurisdictions incorporate its standards, citing two purported bases for that assertion.  Mot. at 12.  First, Public Resource states that it "is not aware of all laws that incorporate the standards of standards development organizations."  *Id.*  But, as explained above, neither is ASHRAE aware of all such laws; it instead relies on the publicly available databases to which it has already directed Public Resource.

Second, Public Resource suggests that ASHRAE can refer to its own communications with government entities and unspecified "other records."  *Id.*  As to the former, in response to Public Resource's Request for Production No. 7, ASHRAE has agreed to produce all non-privileged written correspondence between ASHRAE and government officials requesting consideration for the incorporation of Standard 90.1.  Lu Decl., Ex. 4.  Through those communications, Public Resource can just as easily research and determine whether a particular jurisdiction has incorporated Standard 90.1.  As to the latter, unspecified "other records," it is unclear what "records" Public Resource thinks ASHRAE should reference, particularly since ASHRAE has already informed Public Resource that it does not maintain an internal catalog of the jurisdictions that have incorporated its standards by reference.

In short, Public Resource's unsupported assumption that ASHRAE must know this information is no basis to compel ASHRAE to respond, particularly when ASHRAE has responded several times that it does not comprehensively track or catalog the legal jurisdictions in question.  Public Resource's request to compel production of documents in response to Request No. 5 should be denied.

## CONCLUSION

ASHRAE respectfully requests that the Court deny Public Resource's motion to compel based on its failure to comply with Local Rule 7(m).  In the alternative, the Court should deny

Public Resource's motion on its merits.


Dated:  October 2, 2014                              Respectfully submitted,


                                                     /s/ Kenneth L. Steinthal
                                                     Kenneth L. Steinthal *admitted pro hac vice*)
                                                     Joseph R. Wetzel (*admitted pro hac vice*)
                                                     M. Andrew Zee (*admitted pro hac vice*)
                                                     KING & SPALDING, LLP
                                                     101 2nd Street, Suite 2300
                                                     San Francisco, CA 94105
                                                     (415) 318-1200
                                                     ksteinthal@kslaw.com
                                                     jwetzel@kslaw.com
                                                     azee@kslaw.com

                                                     Jeffrey S. Bucholtz (D.C. Bar: 452385)
                                                     KING & SPALDING, LLP
                                                     1700 Pennsylvania Avenue, NW, Suite 200
                                                     Washington, DC 20006
                                                     (202) 737-0500
                                                     jbucholtz@kslaw.com

                                                     *Counsel for the American Society of
                                                     Heating, Refrigerating, and Air
                                                     Conditioning Engineers*