# Exhibit 2

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| AMERICAN SOCIETY FOR TESTING AND MATERIALS d/b/a/ ASTM INTERNATIONAL; <br><br> NATIONAL FIRE PROTECTION ASSOCIATION, INC.; and <br><br> AMERICAN SOCIETY OF HEATING, REFRIGERATING, AND AIR-CONDITIONING ENGINEERS, INC. <br><br>        Plaintiffs, <br><br> v. <br><br> PUBLIC.RESOURCE.ORG, INC., <br><br>        Defendant. | Case No. 1:13-cv-01215-EGS <br><br> **PLAINTIFF-COUNTERDEFENDANT THE AMERICAN SOCIETY OF HEATING, REFRIGERATING, AND AIR- CONDITIONING ENGINEERS, INC.S ANSWERS AND OBJECTIONS TO DEFENDANT-COUNTERCLAIMANT PUBLIC.RESOURCE.ORG, INC.'S FIRST SET OF INTERROGATORIES (NOS. ASHRAE-1 THROUGH ASHRAE-7)** <br><br> Filed: August 6, 2013 |
| PUBLIC.RESOURCE.ORG, INC., <br><br>        Counterclaimant, <br><br> v. <br><br> AMERICAN SOCIETY FOR TESTING AND MATERIALS d/b/a/ ASTM INTERNATIONAL; <br><br> NATIONAL FIRE PROTECTION ASSOCIATION, INC.; and <br><br> AMERICAN SOCIETY OF HEATING, REFRIGERATING, AND AIR-CONDITIONING ENGINEERS, INC. <br><br>        Counterdefendants. | |

1

**RESPONDING PARTY**:   Plaintiff-Counterdefendant American Society of Heating,

Refrigerating, and Air-Conditioning Engineers, Inc.

**PROPOUNDING PARTY**:   Defendant-Counterclaimant Public.Resource.Org, Inc.

**SET NUMBER**:   One (Nos. ASHRAE-1 through ASHRAE-7)

Plaintiff-Counterdefendant American Society of Heating, Refrigerating, and Air-Conditioning Engineers, Inc. ("ASHRAE") responds to Defendant-Counterclaimant Public.Resource.Org, Inc.'s First Set of Interrogatories as follows:

**PRELIMINARY STATEMENT AND GENERAL OBJECTIONS**

ASHRAE responds generally that discovery has just begun and that its investigation of facts relevant to this litigation is ongoing. The following responses are made to the best of ASHRAE's present knowledge, information, and belief. ASHRAE reserves the right to supplement, amend, or correct these responses. ASHRAE incorporates by reference in each Specific Answer and Objection, each and every General Objection set forth below. A Specific Answer may repeat a General Objection for emphasis or for some other reason. However, the omission of any General Objection in any Specific Answer is neither intended to, nor should it be construed as, a waiver of any General Objection.

1. ASHRAE objects to the Interrogatories to the extent they seek to impose obligations that exceed the scope of permissible discovery under the Federal Rules of Civil Procedure, the Local Rules, and/or any applicable case law, court orders, or decrees governing the proper scope, timing, and extent of discovery in this proceeding. ASHRAE will respond to each Request as required under Rule 33 of the Federal Rules of Civil Procedure.

2. ASHRAE objects to the Interrogatories to the extent that (a) they are not reasonably calculated to lead to the discovery of admissible evidence; (b) they are unreasonably cumulative or

duplicative; (c) they seek information that is obtainable from some other source that is more convenient, less burdensome, or less expensive; or (d) the burden or expense of the proposed discovery outweighs any likely benefit.

    3.    ASHRAE objects to the Interrogatories to the extent they seek information, protected from discovery by the attorney-client privilege, the work-product doctrine, the common-interest privilege, court order, and/or any other applicable privilege, immunity, or protection.

    4.    ASHRAE objects to each and every Interrogatory, definition, and instruction to the extent that it calls for a legal conclusion. Any response by ASHRAE shall not be construed as providing a legal conclusion regarding the meaning or application of any terms or phrases used in Defendant's Interrogatories, definitions, or instructions.

    5.    ASHRAE objects to the Interrogatories to the extent they contain characterizations, definitions, or assumptions. Nothing contained in or absent from ASHRAE's answers or objections shall constitute, or be deemed as, an admission, concession, or agreement that Defendant's characterizations, definitions, or assumptions are correct or accurate. ASHRAE objects to the Interrogatories to the extent they seek information or documents not within the possession, custody, or control of ASHRAE, that are as readily available to Defendant as to ASHRAE, or that are otherwise in the possession of Defendant, on the grounds that such requests are unduly burdensome.

    6.    ASHRAE objects to the Interrogatories to the extent they seek information that is subject to a confidentiality agreement, or other restrictions, or to a protective order or other court order entered in another action or proceeding, which prevent disclosure herein.

    7.    ASHRAE objects to the Interrogatories to the extent they purport to require ASHRAE to compile information in a manner that is not maintained in the ordinary course of business, or to create documents, including but not limited to charts, tables, reviews, proposals,

methodologies, and/or breakdowns, etc., that do not already exist.  ASHRAE will construe the Interrogatories to exclude any such documents.

8. ASHRAE objects to the Interrogatories to the extent they require disclosure or production of information in a manner or form inconsistent with or exceeding the scope of the minimum disclosure and production requirements of Federal Rules of Civil Procedure and the Local Rules.

9. ASHRAE objects to the Interrogatories to the extent that they lack any reasonable time limitation.

10. ASHRAE objects to Defendant's definition of the terms "You", "Your", or "ASHRAE" as overbroad, unduly burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence to the extent that they include entities or individuals beyond ASHRAE and its officers and employees.

11. ASHRAE objects to Defendant's definition of the term "Incorporated Standard" as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence to the extent that it refers to or includes the incorporation of any Standard by an entity outside the of the United States.

12. ASHRAE objects to Defendant's definition of the term "Promoted" as overbroad and not reasonably calculated to lead to the discovery of admissible evidence.  In responding to these Interrogatories, ASHRAE will interpret the term "Promoted" based on its ordinary meaning.

13. ASHRAE objects to Defendant's definition of the term "Publication" as overbroad and not reasonably calculated to lead to the discovery of admissible evidence.  In responding to these Interrogatories, ASHRAE will interpret the term "Publication" based on its ordinary meaning.

14.     ASHRAE objects to Defendant's definition of the term "Legal Authority" as vague, ambiguous, overbroad, and not reasonably calculated to lead to the discovery of admissible evidence. In responding to these Interrogatories, ASHRAE will interpret the term "Legal Authority" to mean laws, statutes, or regulations within a jurisdiction of the United States.

15.     ASHRAE objects to Defendant's definition of the term "Standards Process" as vague, ambiguous, overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. In responding to these Interrogatories, ASHRAE will interpret the term "Standards Process" to mean the process of developing an ASHRAE standard through final issuance to the public, and specifically not to include subsequent transmission, publication, distribution, display, or dissemination of that standard.

16.     ASHRAE objects to Defendant's definition of the term "Contribution" as vague, ambiguous, overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

17.     ASHRAE objects to Defendant's definition of the terms "Identify" and "Identity" as unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence

18.     ASHRAE objects to all requests to the extent they are duplicative and cumulative of Defendant's other discovery requests.

19.     ASHRAE's provision of any information in response to a Request shall not be interpreted as an admission that such information is either relevant or admissible for any purpose, and ASHRAE does not waive its right to object to the admissibility of any information or document produced by any party on any ground.

20.     ASHRAE's willingness to provide any confidential or proprietary information of ASHRAE's or a third party's in response to a Request is subject to the entry of a protective order in this case.

Subject to, and without waiving the above stated objections, ASHRAE responds as follows:

## ANSWERS TO INTERROGATORIES

**INTERROGATORY 1:**

Identify all Standards that you know or believe to have been incorporated, in whole or in part, either expressly or by reference, in any Legal Authority.

**RESPONSE TO INTERROGATORY 1:**

ASHRAE repeats and incorporates its General Objections into its response to this Interrogatory. ASHRAE objects to this Interrogatory as overbroad, unduly burdensome, and because the information sought is available in the public domain and is as readily accessible by Defendant as it is by ASHRAE. ASHRAE further objects to this Interrogatory to the extent that it seeks information related to standards other than those issued by ASHRAE and other than those standards identified in Exhibit C to the Complaint. ASHRAE further objects that the term "Legal Authority" is overly broad and unduly burdensome.

Subject to and without waiving its objections, ASHRAE states that Standard 90.1-2010; Standard 90.1-2007; and Standard 90.1-2004 have been incorporated by reference into the statutes or regulations of at least one government entity. Standard 90.1 is the Energy Standard for New Buildings Except Low Rise Residential Buildings.

**INTERROGATORY 2:**

Identify every Legal Authority that you know or believe to have incorporated, in whole or in part, either expressly or by reference, any part of any Standard in which you claim rights.

**RESPONSE TO INTERROGATORY 2:**

ASHRAE repeats and incorporates its General Objections into its response to this Interrogatory. ASHRAE objects to this Interrogatory as overbroad, unduly burdensome, and

6

because the information sought is available in the public domain and is as readily accessible by Defendant as it is by ASHRAE.  ASHRAE further objects to this Interrogatory to the extent that it seeks information related to standards other than those standards identified in Exhibit C to the Complaint.  ASHRAE further objects that the term "Legal Authority" is overly broad and unduly burdensome insofar as it extends to "any" governmental edict, rule, regulation, law, or other binding authority or expression, with limitation jurisdictional or otherwise.

Subject to and without waiving its objections, ASHRAE states that it does not maintain an exhaustive catalog of every statute and regulation into which its standards are incorporated by reference.  The National Institute of Standards and Technology in the U.S. Department of Commerce maintains a Standards Incorporated by Reference (SIBR) Database (https://standards.gov/sibr/query/index.cfm), which includes the voluntary consensus standards, government unique standards, private industry standards, and international standards referenced in the Code of Federal Regulations, and on which ASHRAE relies from time to time as a reference.  ASHRAE additionally relies for reference on information maintained by the Building Codes Assistance Project (BCAP) (http://energycodesocean.org/code-status), which has created a series of maps to provide a national snapshot of building energy code adoption and implementation status, as well as international adoption status.  As the leading standard providing minimum requirements for the energy-efficient design of buildings (except low-rise residential buildings), Standard 90.1 has been incorporated into the statutes and regulations of many jurisdictions nationwide.  For example, Standard 90.1 is incorporated by reference in the Energy Policy Act of 1992.

**INTERROGATORY 3:**

Identify all Persons who participated in the Standards Process of any Standard in which you claim rights.

**RESPONSE TO INTERROGATORY 3:**

ASHRAE repeats and incorporates its General Objections into its response to this Interrogatory. ASHRAE objects to this Interrogatory as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. ASHRAE further objects to this Interrogatory to the extent that it seeks information related to standards other than those standards identified in Exhibit C to the Complaint. ASHRAE further objects that the terms "participated" and "Standards Process" are vague, ambiguous, overbroad, and unduly burdensome, and in the context of this Interrogatory would unreasonably require ASHRAE to identify essentially every individual or entity who has played any role in the development, creation, drafting, revision, editing, transmission, publication, distribution, display, or dissemination of any of ASHRAE's many standards over the period of the organization's entire existence.

Subject to and without waiving its objections, ASHRAE states that Standard 90.1 is a voluntary consensus standard that is developed through published procedures that ensure broad participation of the affected interests, provide for public comment, and ensure due process through a mechanism for appeal. Certain ASHRAE standards, including Standard 90.1, have been designated for revision on an ongoing basis, known as Continuous Maintenance, and are revised not less than every four years, and are frequently updated every 18 to 36 months.

For example, Standard 90.1-2010 was developed by a committee, called the Project Committee (PC) (sometimes referred to as the Standing Standard Project Committee (SSPC)), whose mission was to develop a standard for commercial buildings to specify characteristics of energy efficient buildings. The Project Committee for Standard 90.1-2010 was comprised of balanced interests. Its membership included various consulting engineers, manufacturers, architects, building owners, and members of federal and state agencies. ASHRAE will produce the

membership roster of the Project Committee for Standard 90.1-2010 in response to Defendant's Request for Production No. 3.

In addition to the Project Committee, the development of Standard 90.1 is overseen by ASHRAE's Standards Committee, Technology Council, and Board of Directors, with support from ASHRAE staff, as well as American National Standards Institute's (ANSI) Executive Standards Council and Appeals Board, as applicable, to ensure compliance with the processes established by both the ANSI and ASHRAE. ASHRAE also partners with the Illuminating Engineering Society (IES) in the development of certain ASHRAE standards, including Standard 90.1. The development of Standard 90.1 is also subject to ASHRAE's public review process, which is designed to allow any member of the public to comment on proposed revisions to Standard 90.1, and requires the Project Committee to respond to comments received from members of the public. For example, in the development process for Standard 90.1-2010, ASHRAE received over 600 public comments. Finally, interested individuals, whether members of the Project Committee or otherwise, may submit change proposals for Standard 90.1 to the Project Committee for its consideration.

**INTERROGATORY 4:**

Identify all communications in which You, or anyone acting on Your behalf, Promoted the incorporation of any of Standard, in whole or in part, either expressly or by reference, in any Legal Authority.

**RESPONSE TO INTERROGATORY 4:**

ASHRAE repeats and incorporates its General Objections into its response to this Interrogatory. ASHRAE objects to this Interrogatory as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. ASHRAE further objects to this Interrogatory to the extent that it seeks information related to standards other than those issued

by ASHRAE and other than those standards identified in Exhibit C to the Complaint.  ASHRAE objects that the term "promoted" is vague and ambiguous and renders this Interrogatory overly broad and unduly burdensome.  ASHRAE further objects that the term "Legal Authority" is overly broad and unduly burdensome insofar as it extends to "any" governmental edict, rule, regulation, law, or other binding authority or expression, without limitation, jurisdictional or otherwise.

Subject to and without waiving its objections, ASHRAE states that it seeks to build relationships with numerous government representatives, including federal agency personnel, members of Congress and their staffs, and representatives of state and local governments.  In addition, ASHRAE maintains relationships with model code writing bodies such as the International Code Council (ICC), the International Association of Plumbing and Mechanical Officials (IAPMO), and the National Fire Protection Association (NFPA).  The American National Standards Institute (ANSI), of which ASHRAE is a member, is an example of another organization that has general interaction with government entities in support of standards that have utilized an open consensus process.

From time to time in the course of these relationships, ASHRAE promotes the incorporation of its standards, including Standard 90.1, or model codes containing or referring to its standards, into statutes and regulations.  These efforts may take the form of attendance at the hearings of model code writing bodies, attendance at meetings with representatives of federal, state, and local government agencies, and submission of written comments on proposed congressional legislation and regulations proposed in the Federal Register.

**INTERROGATORY 5:**

Identify all Contributions that any Persons made to the Standards Process of Your Standards.

**RESPONSE TO INTERROGATORY  5:**

ASHRAE repeats and incorporates its General Objections into its response to this Interrogatory.  ASHRAE objects to this Interrogatory as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.  ASHRAE further objects to this Interrogatory to the extent that it seeks information related to standards other than those standards identified in Exhibit C to the Complaint.  ASHRAE further objects that the term "Standards Process" is vague, ambiguous, overbroad, and unduly burdensome to the extent that it includes anything other than the process of developing an ASHRAE standard through final issuance to the public, such as subsequent transmission, publication, distribution, display, or dissemination of that standard.  ASHRAE further objects that the term "Contribution" is vague, ambiguous, overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving its objections, ASHRAE states that members of the Project Committee, overseen as necessary by the additional personnel identified in ASHRAE's response to Interrogatory No. 3, draw on their collective experience, knowledge, and judgment to provide wide-ranging technical input toward creating or revising Standard 90.1.  From time to time and pursuant to congressional directive in the Energy Policy Act of 1992, the Standard 90.1 Project Committee may solicit additional technical assistance from the Pacific Northwest National Laboratory, which is sponsored by the U.S. Department of Energy, to support its deliberations.  In addition, entities whose representatives serve as members of the Project Committee may, from time to time, provide support for the Standard 90.1 Project Committee by providing meeting space, telecommunications services (*e.g.*, teleconference, videoconference), or other logistical support.

ASHRAE also partners with the Illuminating Engineering Society (IES) in the development of certain ASHRAE standards, including Standard 90.1.  In the course of this arrangement,

11

ASHRAE receives technical input from IES in the area of lighting, which is generally outside of ASHRAE's expertise.

In the development process for Standard 90.1, ASHRAE does not accept any financial contributions other than general fees it receives for membership in ASHRAE.  Members of the Project Committee for Standard 90.1 are volunteers, and ASHRAE does not charge any fees for membership on the Project Committee, nor does ASHRAE require members of the Project Committee to be members of ASHRAE.

**INTERROGATORY 6:**

Identify all means by which the general public may Access Incorporated Standards in which you claim rights.

**RESPONSE TO INTERROGATORY 6:**

ASHRAE repeats and incorporates its General Objections into its response to this Interrogatory.  ASHRAE further objects to this Interrogatory as overly broad and unduly burdensome to the extent that it seeks information related to standards other than those standards identified in Exhibit C to the Complaint.  ASHRAE further objects to this Interrogatory as overly broad and unduly burdensome to the extent that it includes Standards that have been incorporated by reference in jurisdictions outside of the United States, and insofar as it extends to "Access" by individuals outside the United States.

Subject to and without waiving its objections, ASHRAE states that it makes its standards available to the general public through multiple distribution channels, including for free read-only viewing in the ASHRAE online reading room; for free in-person viewing at repositories in any of the 122 national ASHRAE chapters; for viewing and inspection in government offices or designated depository libraries; for purchase at the ASHRAE online bookstore; for purchase from authorized sales distributors; and for viewing at major university and other public libraries.

**INTERROGATORY 7:**

Identify all communications by You to the general public to identify or explain the means by which the general public may Access Incorporated Standards in which You claim rights.

**RESPONSE TO INTERROGATORY 7:**

ASHRAE repeats and incorporates its General Objections into its response to this Interrogatory. ASHRAE objects to this Interrogatory as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. ASHRAE further objects to this Interrogatory to the extent that it seeks information related to standards other than those standards identified in Exhibit C to the Complaint. ASHRAE further objects that the term "communications" is vague and ambiguous and renders this Interrogatory overly broad and unduly burdensome. ASHRAE further objects to this Interrogatory as overly broad and unduly burdensome to the extent that it includes Standards that have been incorporated by reference in jurisdictions outside of the United States, and insofar as it extends to "Access" by individuals outside the United States.

Subject to and without waiving its objections, ASHRAE states that it advises the general public of the availability of its standards through the ASHRAE website and in press releases that it issues upon publication or revision of an ASHRAE standard. In addition, ASHRAE from time to time implements promotional programs, in cooperation with government agencies, that provide free consumer access to its standards. For example, ASHRAE issued an October 25, 2010 press release announcing the availability of ASHRAE Standard 90.1-2007 for free online download for a limited time. ASHRAE also announces the availability of its standards through email listservs to which any member of the public may subscribe. Furthermore, ASHRAE publishes two monthly newsletters, *Insights* and *eSociety*, in which it announces the availability of its standards.

Dated:  March 20, 2014                                        Respectfully submitted,

                                                              */s/ Joseph R. Wetzel*
                                                              Kenneth L. Steinthal (admitted *pro hac vice*)
                                                              Joseph R. Wetzel (admitted *pro hac vice*)
                                                              KING & SPALDING, LLP
                                                              101 2nd Street, Suite 2300
                                                              San Francisco, CA 94105
                                                              (415) 318-1200
                                                              ksteinthal@kslaw.com
                                                              jwetzel@kslaw.com

                                                              Jeffrey S. Bucholtz (D.C. Bar: 452385)
                                                              KING & SPALDING, LLP
                                                              1700 Pennsylvania Avenue, NW, Suite 200
                                                              Washington, DC 20006
                                                              (202) 737-0500
                                                              jbucholtz@kslaw.com

## VERIFICATION

I, Jeff H. Littleton, am the Executive Vice President of The American Society of Heating, Refrigerating and Air-Conditioning Engineers, on whose behalf I am authorized to make this verification. To the best of my knowledge, information, including information provided to me by ASHRAE personnel under my supervision and in the course of their duties, and belief, all of the information provided in the above answers to Interrogatory Nos. 1-7 is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: March 20, 2014

JEFF H. LITTLETON
Executive Vice President
The American Society of Heating,
Refrigerating and Air-Conditioning
Engineers

## PROOF OF SERVICE

I am a citizen of the United States and resident of the State of California.  I am employed in San Francisco, State of California, in the office of a member of the bar of this Court, at whose direction the service was made.  I am over the age of eighteen years and not a party to the within action.

On March 20, 2014, I served the following documents in the manner described below:

**PLAINTIFF-COUNTERDEFENDANT THE AMERICAN SOCIETY OF HEATING, REFRIGERATING, AND AIR- CONDITIONING ENGINEERS, INC.S ANSWERS AND OBJECTIONS TO DEFENDANT-COUNTERCLAIMANT PUBLIC.RESOURCE.ORG, INC.'S FIRST SET OF INTERROGATORIES (NOS. ASHRAE-1 THROUGH ASHRAE-7)**

☐   BY U.S. MAIL:  I am personally and readily familiar with the business practice of King & Spalding for collection and processing of correspondence for mailing with the United States Parcel Service, and I caused such envelope(s) with postage thereon fully prepaid to be placed in the United States Postal Service at San Francisco, California.

☐   BY MESSENGER SERVICE: by consigning the document(s) to an authorized courier and/or process server for hand delivery on this date.

☐   BY FACSIMILE:  I am personally and readily familiar with the business practice of King & Spalding for collection and processing of document(s) to be transmitted by facsimile and I caused such document(s) on this date to be transmitted by facsimile to the offices of addressee(s) at the numbers listed below.

☐   BY OVERNIGHT MAIL:  I am personally and readily familiar with the business practice of King & Spalding for collection and processing of correspondence for overnight delivery, and I caused such document(s) described herein to be deposited for delivery to a facility regularly maintained by Federal Express for overnight delivery.

☑   BY ELECTRONIC SERVICE:  By electronically mailing a true and correct copy through King & Spalding's electronic mail system from tbishop@kslaw.com to the email addresses set forth below.

☐   BY PERSONAL DELIVERY: I caused such envelope to be delivered by hand to the offices of each addressee below.

On the following part(ies) in this action:

| Michael F. Clayton (D.C. Bar No. 335307)<br>mclayton@morganlewis.com<br>J. Kevin Fee (D.C. Bar: 494016)<br>jkfee@morganlewis.com<br>Jordana S. Rubel (D.C. Bar No. 988423) | *Counsel For American Society For Testing And Materials d/b/a/ ASTM International* |

| | |
|---|---|
| jrubel@morganlewis.com<br>Morgan, Lewis & Bockius LLP<br>1111 Pennsylvania Ave., N.W.<br>Washington, D.C. 20004<br>Telephone: 202.739.5215 | |
| Anjan Choudhury (D.C. Bar No. 497271)<br>Anjan.Choudhury@mto.com<br>Munger, Tolles & Olson LLP<br>355 South Grand Avenue, 35th Floor<br>Los Angeles, CA 90071<br>Tel: 213.683.9100<br><br>Kelly M. Klaus<br>Kelly.Klaus@mto.com<br>Jonathan H. Blavin<br>Jonathan.Blavin@mto.com<br>Michael J. Mongan<br>Michael.Mongan@mto.com<br>Munger, Tolles & Olson LLP<br>560 Mission St., 27th Floor<br>San Francisco, CA 94105<br>Tel: 415.512.4000 | *Counsel For National Fire Protection Association, Inc.* |
| Andrew P. Bridges<br>abridges@fenwick.com<br>Kathleen Lu<br>klu@fenwick.com<br>FENWICK & WEST LLP<br>555 California Street, 12th Floor<br>San Francisco, CA 94104<br>Telephone: (415) 875-2300<br><br>Mitchell L. Stoltz (D.C. Bar No. 978149)<br>mitch@eff.org<br>Corynne McSherry<br>corynne@eff.org<br>ELECTRONIC FRONTIER FOUNDATION<br>815 Eddy Street<br>San Francisco, CA 94109<br>Telephone: (415) 436-9333<br>Facsimile: (415) 436-9993<br><br>David Halperin<br>davidhalperindc@gmail.com<br>1530 P Street NW<br>Washington, DC 20005 | *Counsel for Defendant Public.Resource.Org, Inc.* |

| | |
|---|---|
| Mark A. Lemley<br>mlemley@durietangri.com<br>Joseph C. Gratz<br>jgratz@durietangri.com<br>DURIE TANGRI LLP<br>217 Leidesdorff St.<br>San Francisco, CA 94111<br>Telephone: (415) 362-6666 | |

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on March 20, 2014, at San Francisco, California.

                                                                           /s/ Tina Bishop<br>
                                                                           Tina Bishop