# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICAN SOCIETY FOR TESTING AND MATERIALS d/b/a/ ASTM INTERNATIONAL; <br><br> NATIONAL FIRE PROTECTION ASSOCIATION, INC.; and <br><br> AMERICAN SOCIETY OF HEATING, REFRIGERATING, AND AIR-CONDITIONING ENGINEERS, INC. <br><br>         Plaintiffs, <br><br> v. <br><br> PUBLIC.RESOURCE.ORG, INC., <br><br>         Defendant. | Case No. 1:13-cv-01215-TSC-DAR <br><br> **DECLARATION OF CLAIRE RAMSPECK IN SUPPORT OF PLAINTIFF-COUNTERDEFENDANT THE AMERICAN SOCIETY OF HEATING, REFRIGERATING, AND AIR- CONDITIONING ENGINEERS, INC.'S OPPOSITION TO DEFENDANT-COUNTERCLAIMANT PUBLIC.RESOURCE.ORG, INC.'S MOTION TO COMPEL DISCOVERY** <br><br> Filed:   August 6, 2013 |
| PUBLIC.RESOURCE.ORG, INC., <br><br>         Counterclaimant, <br><br> v. <br><br> AMERICAN SOCIETY FOR TESTING AND MATERIALS d/b/a/ ASTM INTERNATIONAL; <br><br> NATIONAL FIRE PROTECTION ASSOCIATION, INC.; and <br><br> AMERICAN SOCIETY OF HEATING, REFRIGERATING, AND AIR-CONDITIONING ENGINEERS, INC. <br><br>         Counterdefendants. | |

## DECLARATION OF CLAIRE RAMSPECK

I, Claire Ramspeck, declare as follows:

1. I am currently employed by the American Society of Heating, Refrigerating, and Air Conditioning Engineers ("ASHRAE") as its Director of Technology. I have held that position, or a similar position, at all times relevant to this declaration. Based on the information known to me as a result of the duties and responsibilities of my position, as well as information I have gathered from relevant ASHRAE personnel and staff, I have personal knowledge of the facts set forth herein and could and would testify competently thereto if called as a witness.

2. ASHRAE is a not-for-profit organization incorporated as a public charity under the laws of the State of New York. ASHRAE's mission is to advance the arts and sciences associated with heating, ventilating, air-conditioning and refrigerating to serve humanity and promote a sustainable world. It does so through research, standards writing, publishing and continuing education.

3. ASHRAE currently has approximately 111 employees, and has an annual budget of $28 million. ASHRAE does not maintain dedicated employees on its staff for the purpose of records management or retrieval, and relies on employees and staff members in its individual departments to meet this function, as necessary in the course of ASHRAE's ordinary operations.

4. Beginning in or around February of 2014, I have been working with ASHRAE personnel and staff to locate, collect, and identify information and documents responsive to Public Resource's discovery requests to ASHRAE in this case. That process has involved coordination with multiple departments within ASHRAE, and has required ASHRAE personnel and staff to retrieve, collect, and review material from its electronic databases and servers and from its paper files which are located in archival warehouses off-site from ASHRAE's Atlanta and Washington, D.C. offices.

5.	I understand this declaration is to be submitted to the Court in connection with ASHRAE's opposition to a motion to compel discovery from ASHRAE and its co-Plaintiffs filed by Defendant Public.Resource.Org ("Public Resource").  I have reviewed Public Resource's motion to compel, filed on September 15, 2014 in this case, and, based on my review of that motion, I understand that Public Resource seeks to compel production of a voluminous amount of documents from ASHRAE, including: all documents constituting, comprising, or concerning licenses with respect to the 2004, 2007, and 2010 editions of Standard 90.1; all documents constituting, comprising, referring to, or evidencing agreements between Plaintiffs and Persons who participated in the Standards Process of the 2004, 2007, and 2010 editions of Standard 90.1; all documents relating to contributions, including all financial contributions; all documents relating to this litigation or the possibility of taking legal action against Public Resource and Carl Malamud; and documents sufficient to identify every Legal Authority that incorporates the 2004, 2007, and 2010 editions of Standard 90.1, either expressly or by reference.

6.	As explained further below, locating, collecting, identifying, and reviewing all potentially responsive documents in the categories described above would be a massive undertaking requiring thousands of hours of time from multiple ASHRAE employees and would likely exceed tens of thousands of dollars in expenses and lost productivity—a substantial sum relative to ASHRAE's overall budget.  The burden and expense is compounded by the fact that much of ASHRAE's activity is conducted over email.  Consequently, the task of locating responsive documents entails the search of potentially all ASHRAE employees' files across all of ASHRAE's electronic databases and servers.  In addition, many potentially responsive documents are located in ASHRAE's paper files which are located in archival warehouses off-site from ASHRAE's Atlanta and Washington, D.C. offices.

**Documents Constituting, Comprising, Or Concerning Licenses, Including All Executed**

**License Agreements**

7.     ASHRAE has already agreed to produce to Public Resource its license agreements with outside entities for the use of the 2004, 2007, and 2010 versions of Standard 90.1 and its current distribution agreements with authorized resellers who have been licensed to distribute Standard 90.1.  ASHRAE has also agreed to produce form versions of the personal-use license for purchasers of the PDF version of Standard 90.1 and the network-use license for purchasers of Standard 90.1, as well as representative examples of documents granting permission to third parties for the use of Standard 90.1.

8.     In order to produce all documents showing permission grants to third parties, ASHRAE staff would need to collect, identify, and review many thousands of emails spanning multiple ASHRAE email addresses.  These permission requests and grants, unlike ASHRAE's license agreements, are not centrally tracked or maintained to enable efficient retrieval and review.  I am informed that this effort alone would require at least six person-weeks of employee time in addition to the time of outside counsel to assist in managing the process or reviewing potentially responsive documents.

9.     For ASHRAE to produce executed versions of all personal-use licenses for purchasers of the PDF version of Standard 90.1 and all network-use licenses for purchasers of Standard 90.1 would impose a substantial burden on ASHRAE staff.  In order to produce all such documents, ASHRAE staff would need to request such documents from its current third-party sales vendor, Thomson Reuters, as well as from its prior sales vendor.  Even assuming that these vendors were willing to provide responsive records, the task of identifying each personal-use and network-use license would require careful review of potentially many thousands of sales agreements to determine which of those sales were for Standard 90.1.  On the assumption that comprehensive sale records were provided, I am informed that this effort alone would require

substantial amount of employee time in addition to the time of outside counsel to assist in managing the process or reviewing potentially responsive documents

10. Finally, I am informed that an effort to locate, collect, and review all of the documentation associated with ASHRAE's licensing efforts to determine whether any individual document is "concerning" a license would require up to one week of employee time in addition to the time of outside counsel to assist in managing the process or reviewing potentially responsive documents.

11. I would estimate that the combined expense of all of the above searches, collections, and review for license agreements and related documents could easily run in the tens of thousands of dollars in expenses, lost productivity, and other costs.

**Documents Constituting, Comprising, Referring To, Or Evidencing Agreements From Participants In The Standards Development Process, Including Each Individual Executed Rights Assignment Agreement**

12. ASHRAE has already agreed to produce to Public Resource the form copyright release agreement entered into by Standard 90.1 Project Committee Members and the form agreement entered into by individuals who submitted change proposals or public comments in response to proposed revisions or public drafts of Standard 90.1.

13. The individual, as-signed rights assignment agreements are not separately maintained by ASHRAE. In order to collect, identify, and review all potentially responsive documents, ASHRAE staff would need to search numerous ASHRAE employees' electronic files and, in addition, ASHRAE's paper files, many of which are located in archival warehouses off-site from ASHRAE's Atlanta and Washington, D.C. offices. ASHRAE personnel would need to review multiple databases and archival records, and cross-reference those databases and records with the names of Standard 90.1 Project Committee members, public commenters, and individuals who submitted change proposals. In addition, ASHRAE personnel would need to locate, collect,

and review all of the documentation associated with rights assignment agreements from participants in the standard development process in order to determine whether any individual document "refers to" a rights assignment agreement. I estimate that this effort would altogether require more than 700 person-hours of employee time in addition to the time of outside counsel to assist in managing the process.

14. I would estimate that the combined expense of all of the above searches, collections, and review for rights assignment agreements and related documents could easily run in the tens of thousands of dollars in expenses, lost productivity, and other costs.

**Documents Relating To Contributions, Including But Not Limited To Contributions Of Financial Support**

15. ASHRAE has already stated, in its response to Public Resource's Interrogatory No. 5, that "[i]n the development process for Standard 90.1, ASHRAE does not accept any financial contributions other than general fees it receives for membership in ASHRAE." ASHRAE can agree to produce to Public Resource information regarding the amount of general membership fees received.

16. I understand that Public Resource's motion argues only that ASHRAE should be compelled to produce all "financial contributions." In its proposed order, however, Public Resource seeks relief in the form of an order compelling ASHRAE to produce "all documents relating to contribution, including but not limited to contributions of financial support." Public Resource defines contributions to mean "assistance, advice, financial support, labor, effort, or expenditure of time." In order to collect, identify, and review all potentially responsive documents regarding contributions in general, ASHRAE staff would need to manually search essentially all ASHRAE employees' electronic files and, in addition, essentially all of ASHRAE's paper files, many of which are located in archival warehouses off-site from ASHRAE's Atlanta and

6

Washington, D.C. offices.  I am informed that the process of collecting and identifying the potentially responsive documents would require, at a minimum, two dedicated full-time employees for an unknown, but substantial, period of time likely to exceed two weeks.  Thereafter, those same employees, in consultation with a significant number of additional ASHRAE personnel and staff, would need to conduct a detailed review of all such documents to determine whether any individual document related to a "contribution."  Due to the overwhelming volume of potentially responsive documents, I am not currently in a position to provide a quantifiable estimate of the overall amount of time and resources this effort would require.  However, I am reasonably confident that to undertake such an effort would consume substantial resources and interfere with ASHRAE's ability to meet its mission.

### Communications "Criticizing" ASHRAE's Positions In This Case

17. To the extent that ASHRAE possesses any documents or communications "criticizing" ASHRAE's positions in this litigation—and I am aware of no such documents—an effort to locate, collect, review, and identify such documents would require substantial ASHRAE resources.  Because Public Resource's request places no limitations on the source of the "criticism," the files of all ASHRAE personnel would need to be searched for potentially responsive documents.  Further, due to the vagueness and ambiguity of the term "criticizing," the contents of all potentially responsive documents would need to be closely reviewed to determine whether any individual document or communication fell within the scope of the request.  Assuming that the term "criticizing" were replaced with a reasonable set of concrete search terms, I estimate that this effort would require approximately one week of employee time in addition to the time of outside counsel to assist in managing the process.

### Documents Identifying Every Legal Authority Incorporating ASHRAE Standards

18. ASHRAE does not maintain an exhaustive catalog of every statute and regulation into which its standards are incorporated by reference. Any documents that ASHRAE does possess bearing on potential incorporation of its standards into statutes, regulations, or other legal authorities are not centrally maintained, and would not provide a comprehensive identification of all such legal authorities into which ASHRAE standards are incorporated. To locate, collect, review, and identify those documents from which individual instances of incorporation could be ascertained would require substantial ASHRAE resources. I estimate that this effort would require approximately one week of employee time in addition to the time of outside counsel to assist in managing the process

\*   \*   \*

19. I would estimate that the combined expense of all of the above searches, collections, and review for rights assignment agreements and related documents would likely exceed tens of thousands of dollars in expenses, lost productivity, and other costs. Given ASHRAE's status as a non-profit, with a limited budget and number of employees, none of whom are dedicated solely to records management, undertaking all of these searches, collections, and review would impose a substantial burden on ASHRAE and would substantially detract from ASHRAE's ability to meet its mission.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this 2nd day of October, 2014 at Atlanta, GA.

_____
Claire Ramspeck