**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| AMERICAN SOCIETY FOR TESTING AND MATERIALS d/b/a ASTM INTERNATIONAL; | Case No. 1:13-cv-01215-TSC |
| NATIONAL FIRE PROTECTION ASSOCIATION, INC.; and | |
| AMERICAN SOCIETY OF HEATING, REFRIGERATING, AND AIR CONDITIONING ENGINEERS, | |
| Plaintiffs/Counter-Defendants, | |
| v. | |
| PUBLIC.RESOURCE.ORG, INC., | |
| Defendant/Counter-Plaintiff. | |

**DEFENDANT PUBLIC.RESOURCE.ORG, INC.'S
REPLY IN SUPPORT OF MOTION TO COMPEL DISCOVERY**

## Table of Contents

**Page**

I.    INTRODUCTION ...................................................................................................... 1

II.    ARGUMENT .............................................................................................................. 2

    A.    Public Resource Complied with the Substance of Local Rule 7(m), as It Met and Conferred Extensively with Plaintiffs Concerning the Documents It Seeks......... 2

    B.    Plaintiffs Must Produce All Individual and Executed License Agreements (RFP No. 18)..................................................................................................................... 4

        1.    Individual, Executed License Agreements Are Highly Relevant to Several Issues, Including Plaintiffs' Revenues and Public Resource's Affirmative Defenses. ................................................................................................ 4

        2.    Plaintiffs Have Not Shown that Providing the Requested Discovery Would Be Unduly Burdensome. ........................................................................... 6

    C.    Plaintiffs Must Produce Individual Assignment of Rights Agreements (RFP Nos. 2 and 6)..................................................................................................................... 8

    D.    Plaintiffs Must Produce Documents Relating to Financial Contributions (RFP Nos. 4, 12, 13, 14, 15). ...................................................................................... 11

        1.    Documents Relating to Financial Contributions Are Relevant to the Incentives, Financial Burdens, and Investments Pertaining to Creation of the Works At Issue, and to Plaintiffs' Claim of Harms to Their Licensing Model Flowing from Expanded Free Public Access to Their Standards.. 11

        2.    Plaintiffs Have Failed To Make An Adequate Showing of Burden. ........ 12

    E.    Documents Relating to this Litigation Represent the Core of Relevant Documents (RFP Nos. 8, 9, 17 and 18).............................................................. 13

        1.    Plaintiffs Have Offered No Valid Reason Categorically to Exclude *All* Documents Relating to the Litigation, Where Public Resource Does Not Seek *Privileged* Documents. .................................................................. 13

        2.    Plaintiffs Have Failed to Make an Adequate Showing of Burden. ........... 15

    F.    Plaintiffs Must Produce Documents Relating to Legal Authority Incorporating Plaintiffs' Standards (RFP No. 5)...................................................................... 15

        1.    Plaintiffs Are in a Superior Position to Search For and to Produce Documents Relating to Legal Authority Incorporating Their Standards.. 15

2.  Plaintiffs' Assertions that Public Resource Can Otherwise Identify Incorporating Legal Authority Are False..................................................... 16

3.  Plaintiffs Have Failed To Make An Adequate Showing of Burden. ........ 16

G.  Plaintiff NFPA's ROP/ROC's Are Not Responsive to Numerous of Public Resource's Requests (RFP Nos. 2, 4, 12, 13, and 15)......................................... 17

III.  CONCLUSION ............................................................................................................. 18

## Table of Authorities

**Page(s)**

**CASES**

*Arista Records LLC v. Lime Grp. LLC*,
06 CV 5936 KMW, 2011 WL 813481 (S.D.N.Y. Feb. 28, 2011) ...........................................13

*Arthrex, Inc. v. Parcus Med., LLC*,
2:11-CV-694-FTM-29, 2012 WL 5382050 (M.D. Fla. Nov. 1, 2012) ....................................7

*Cable & Computer Tech. v. Lockheed Sanders, Inc.*,
175 F.R.D. 646 (C.D. Cal. 1997) ............................................................................................6

*Christopher Phelps & Associates, LLC v. Galloway*,
492 F.3d 532 (4th Cir. 2007) ..................................................................................................5

*Davis v. Blige*,
505 F.3d 90 (2d Cir. 2007)....................................................................................................10

*eBay Inc. v. MercExchange, L.L.C.*,
547 U.S. 388 (2006)............................................................................................................5, 6

*GFL Advantage Fund, Ltd. v. Colkitt*,
216 F.R.D. 189 (D.D.C. 2003)................................................................................................4

*Herb Reed Enters., LLC v. Fla. Entm't Mgmt., Inc.*,
736 F.3d 1239 (9th Cir. 2013) ................................................................................................6

*In re Imperial Corp. of Am.*,
174 F.R.D. 475 (S.D. Cal. 1997) ..........................................................................................14

*Int'l Code Council v. Nat'l Fire Prot. Ass'n*,
79 U.S.P.Q.2D 1651 (N.D. Ill.Mar. 27, 2006)........................................................................9

*Law Enforcement Training & Research Assocs. v. City & Cnty. of San Francisco*,
90-15482, 1991 WL 172416 (9th Cir. Sept. 4, 1991).............................................................10

*S.E.C. v. Thrasher*,
92 CIV. 6987 (JFK), 1996 WL 125661 (S.D.N.Y. Mar. 20, 1996)........................................13

*U.S. ex rel. Fisher v. Network Software Associates*,
217 F.R.D. 240 (D.D.C. 2003)................................................................................................7

**OTHER AUTHORITIES**

Federal Rule of Civil Procedure 37(a)(2) ......................................................................................4

Local Rule 7(m) ........................................................................................................................2, 4

## I.    <u>INTRODUCTION</u>

In its opening papers [Dkt. No. 41], Defendant Public.Resource.Org, Inc. demonstrated that Plaintiffs American Society For Testing and Materials ("ASTM"), National Fire Protection Association, Inc. ("NFPA") and American Society Of Heating, Refrigerating And Air Conditioning Engineers ("ASHRAE") have improperly refused to produce all responsive documents in five separate categories:  (1) executed license agreements; (2) executed assignment-of-rights agreements; (3) documents concerning financial contributions to Plaintiffs; (4) non-privileged documents concerning Plaintiffs' decision to pursue legal action against Public Resource; and (5) documents concerning laws that incorporate the Standards at issue in this lawsuit.

Plaintiffs' opposition briefs [Dkt. Nos. 46-48] fail to rebut Public Resource's showing. Plaintiffs do not seriously dispute that the documents and information sought by Public Resource is relevant to this lawsuit.  Instead, Plaintiffs argue that they should get to cherry-pick the documents they produce, and to include only those documents they deem the most relevant and useful with respect to the claims and defenses in this action.  Plaintiffs have no right to cherry-pick what subset of responsive documents they must provide.  They have no right to preempt Public Resource's determination of what documents *they* think are probative and important.

Plaintiffs argue that it would be unduly burdensome to require them to fully respond to Public Resource's disputed requests, but Plaintiffs have furnished no factual support to show that they face any unusual burden in this case that they chose to bring.  Indeed, the little information they have revealed about the ostensible burden suggests that it is typical.  Their problem is that the core fact underlying their entire case, namely that they own the copyrights at issue by virtue of assignments from many persons who volunteered in the standards creation process, depends upon numerous documents.  Only examination of a complete set of those documents will suffice

to test the fundamental element of their claim.  Moreover, another critical aspect of Plaintiffs'

claims, namely that by empowering the public to study and work with standards, incorporated

into law, that Plaintiffs have organized, Public Resource is wrongfully depriving them of critical

license revenue that Plaintiffs have a right to extract, and do extract, from persons wanting

access to their standards, requires full examination of all of the license agreements Plaintiffs

have made.  Because Plaintiffs have completely failed to justify their resistance to the discovery

sought, the Court should grant Public Resources' motion to compel in its entirety.

## II.   ARGUMENT

### A.   Public Resource Complied with the Substance of Local Rule 7(m), as It Met and Conferred Extensively with Plaintiffs Concerning the Documents It Seeks.

Plaintiffs ask the Court to deny the Motion to Compel because Public Resource did not

include the certification that Local Rule 7(m) requires.  As Public Resource explains below,

Plaintiffs argument for delaying resolution of this motion fails to account for the undeniable fact

that Public Resource extensively met-and-conferred with Plaintiffs over a period of months

concerning the discovery requests that are the subject of the Motion to Compel, and Public

Resource's mere technical noncompliance with Rule 7(m)'s certification provision does not

warrant denial of Public Resource's Motion to Compel.

Local Rule 7(m) imposes a meet-and-confer requirement in connection with

nondispositive motions.  The rule provides that "[b]efore filing any nondispositive motion in a

civil action, counsel shall discuss the anticipated motion with opposing counsel in a good faith

effort to determine whether there is any opposition to the relief sought and, if there is, to narrow

the areas of disagreement," and it requires the moving party to include in its motion a

certification of compliance with the rule.  As the documents that Public Resource filed in support

of its opening brief establish, Public Resource indisputably complied with the substance of Local

Rule 7(m)'s meet-and-confer requirement.  Before filing its Motion, Public Resource met and conferred extensively with Plaintiffs concerning the deficiencies in their discovery responses, document production, and the scope of discovery.  That extensive meet and confer process, beginning in May 2014, involved two lengthy telephone conferences among counsel for all parties. *See* Lu Decl., ¶ 12.  Public Resource also exchanged numerous letters to follow up on those conferences between May and September.  *See* Lu Decl., ¶¶ Exs. 7-15.

Through those lengthy conferences and exchanges, Public Resource set out in great detail the deficiencies in Plaintiffs' discovery responses and Public Resource's position concerning each category of documents it seeks.  Public Resource also offered numerous compromises on areas of dispute.  Notwithstanding those efforts, in September 2014, Public Resource reasonably concluded that the parties were at an impasse as to the categories of documents that are the subject of this Motion, and with the close of discovery fast approaching, Public Resource filed its Motion to Compel.  Although Plaintiffs claim to be surprised by the filing of this Motion, there can be no dispute that Public Resource engaged in extensive meet-and-confer efforts with Plaintiffs and that further meet-and-confer discussions were not likely to eliminate the need for this Motion—indeed, Plaintiffs' opposition briefs make clear that Plaintiffs remain unwilling to provide full and complete responses to Public Resource's discovery requests, and a motion to compel was inevitable.  Plaintiffs' posture appears to be that, before filing a motion, Public Resource needed to say "hey, we really mean it, and now we're going to court."  The filing of a motion was an obvious consequence of a clear impasse on numerous points in the conferences and correspondence.

Finally, although the certification in the Motion to Compel[1] (*see* Motion at 14) did not specifically state "that the required discussion occurred" and "whether the motion is opposed," as required by Local Rule 7(m), that technical non-compliance does not warrant denial of this Motion, particularly given the significance of the discovery at issue and Plaintiffs' continued, strenuous opposition to the relief sought by Public Resource. *See, e.g.*, *GFL Advantage Fund, Ltd. v. Colkitt*, 216 F.R.D. 189, 194 (D.D.C. 2003)(granting motion to compel despite missing Local Rule 7(m) certification, where moving party attempted to meet and confer to gauge non-moving party's intention to comply with subpoena and where non-moving party did in fact oppose the motion).

**B.      Plaintiffs Must Produce All Individual and Executed License Agreements (RFP No. 18).**

**1.      Individual, Executed License Agreements Are Highly Relevant to Several Issues, Including Plaintiffs' Revenues and Public Resource's Affirmative Defenses.**

As Public Resource detailed in its opening papers, license agreements are relevant to numerous issues in this litigation, including but not limited to (i) Plaintiffs revenues and the allegations of harm as a result of lost sales and licensing opportunities; (ii) whether Plaintiffs deserve injunctive relief; (iii) the market-harm analysis of the fair use defense; (iv) whether and on what terms Plaintiffs authorize government entities to incorporate their works into law or otherwise use them; (v) whether Plaintiffs have assented to any such uses; and (vi) whether Plaintiffs license their works in a manner that violates public policy. *See* Motion at 5.

Plaintiffs do not dispute that their license agreements are relevant, but they wrongly contend that their cherry-picking of "form" license agreements and "representative examples"

---

[1]   Public Resource's Motion does contain a certification, pursuant to Federal Rule of Civil Procedure 37(a)(2), that Public Resource's counsel made a good faith effort to confer with Plaintiffs in an attempt to resolve the dispute. *See* Motion at 14.

fully accommodates Public Resource's need for discovery into their license agreements.  ASTM Opp. at 7-9; NFPA Opp. at 5; ASHRAE Opp. at 5-7.[2]  ASTM assumes that Public Resource can obtain all relevant information by reference to ASTM's overall revenues and mere examples of license agreements.  But documents regarding general revenues lack basic and relevant information that Public Resource needs to understand Plaintiffs' specific licensing activities regarding the standards at issue, including the price of each license.  In addition, ASTM notably *does not* claim that *all* of its licenses are identical to the form versions, including permission requests from third parties to use standards in publications, presentations, and for other non-commercial purposes.[3]  ASTM Opp. at 6.  Public Resource is entitled to discovery concerning the *complete* scope of Plaintiffs' licensing activities, and Plaintiffs' offers to provide self-selected "examples" is manifestly insufficient.

Moreover, contrary to ASTM's assertions (ASTM Opp. at 7-8), individual licenses are relevant to a market harm analysis and to Plaintiffs' claims of irreparable injury for purposes of a permanent injunction.[4]  Public Resource must have access to the individual licenses in order to

---

[2]   While meeting and conferring, in the spirit of compromise, Public Resource proposed that, for form agreements where there were no changes to the agreements from the form, Plaintiffs may produce one form agreement plus a list of signatories, reserving its right to request the production of the executed agreement for any particular signatories.  *See, e.g.*, Lu Decl., ¶ 20 and Ex. 14, at 2.  Public Resource remains willing to accept such a production.

[3]   ASTM argues that Public Resource has not identified any individual license it needs to review in connection with Public Resource's copyright or trademark misuse claims, but this is putting the cart before the horse.  Indeed, Public Resource cannot make this determination without reviewing them first and knowing that they exist.

[4]   Irreparable injury is no longer presumed for purposes of a permanent injunction, and Plaintiffs are therefore required to show how their licensing activities will be irreparably harmed as a result of Public Resource's actions.  *See eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006) (holding that plaintiff seeking a permanent injunction must make a showing "that it has suffered an irreparable injury"); *Christopher Phelps & Associates, LLC v. Galloway*, 492 F.3d 532, 543 (4th Cir. 2007) (holding that *eBay*'s requirement of a showing of irreparable harm in the context of a permanent injunction applies in any type of

form a complete understanding of the "market" alleged to have been harmed, the financial and

other terms of licenses in the market, and to rebut Plaintiffs' characterization of the market.  It

cannot glean that information from form licenses.  Additionally, whether Plaintiffs have given

non-revenue licenses, or have used licenses to assert improper control over the law itself, is

extremely relevant to the public interest portion of the permanent injunction analysis.

For the same reasons, the Court should not permit NFPA to produce only "current

versions" of its licenses and ASHRAE to produce only "representative sample" licenses and

"current versions" of distribution agreements.  Public Resource requires *all* versions of these

documents, including all licenses that are still in effect, whether or not they are the "current

version."

In sum, the Court should not ratify Plaintiffs' improper attempt to cherry-pick the

licensing information that they provide to Public Resource, because a limited production would

deprive Public Resource of essential information it needs to understand the full range of

circumstances of Plaintiffs' licensing activities.

**2.      Plaintiffs Have Not Shown that Providing the Requested Discovery
Would Be Unduly Burdensome.**

Plaintiffs also argue that it would be unduly burdensome to require them to produce all

responsive license agreements. ASTM Opp. at 5-7; NFPA Opp. at 4-5; ASHRAE Opp. at 6.  It is

black-letter law that Plaintiffs, as the parties opposing discovery, bear the burden of showing

why they should not be required to produce relevant and responsive documents.  "The party who

resists discovery has the burden to show that discovery should not be allowed and has the burden

of clarifying, explaining, and supporting its objections." *Cable & Computer Tech. v. Lockheed*

---

case, including a copyright case). *Herb Reed Enters., LLC v. Fla. Entm't Mgmt., Inc.*, 736
F.3d 1239, 1249 (9th Cir. 2013) (stating that, after *eBay*, a showing of irreparable harm is
required to obtain injunction in copyright or trademark infringement actions).  Individual
licenses showing the terms of each are highly relevant to that analysis.

*Sanders, Inc.*, 175 F.R.D. 646, 650 (C.D. Cal. 1997).   Plaintiffs' showing fails to meet that

burden:  Plaintiffs offer only vague, conclusory assertions concerning the burden associated with

producing their license agreements, and they fail provide Public Resource and the Court any

meaningful specifics about the amount of time or the cost associated with such searches.  *See*,

*e.g.*, *U.S. ex rel. Fisher v. Network Software Associates*, 217 F.R.D. 240, 246 (D.D.C. 2003)(a

party does not meet its burden of showing why production would be burdensome by "merely

stat[ing], in conclusory fashion, that the requests are unduly burdensome."); *see also Arthrex,*

*Inc. v. Parcus Med., LLC*, 2:11-CV-694-FTM-29, 2012 WL 5382050 (M.D. Fla. Nov. 1,

2012)(granting motion to compel where plaintiff "has not demonstrated any reason . . . that

makes these requests burdensome, overbroad, and/or oppressive.").

ASTM, for example, merely states that obtaining responsive documents "would require

significant work by ASTM's IT department, which would impose a significant burden on

ASTM," and that "[i]t would be extremely burdensome for ASTM to search for and review each

communication relating to a permission request for over 200 standards at issue."  *See* Declaration

of Norma Jane Hair in Support of ASTM's Opposition ("Hair Decl."), ¶¶ 5-6.  But ASTM's

papers avoid providing any details that would permit the Court to evaluate ASTM's claims of

burden.  NFPA's and ASHRAE's briefs make similarly vague and unsupported burden

arguments, and the few specifics that they provide plainly do not demonstrate that producing all

relevant and responsive license agreements would be unduly burdensome.  NFPA provides no

information regarding the *total* amount of time and cost necessary to search for copyright

permission letters.  NFPA only states that it will take 1-2 hours, per standard, to search for

licenses from the 2000-2006 time period.  *See* Declaration of Dennis J. Berry in Support of

NFPA's Opposition ("Berry Decl."), ¶ 4.  NFPA has only asserted 17 standards from that time

period.  *See* Compl., Ex. B.  As to older copyright permission letters, NFPA states it could take

"as much as 3 – 4 hours per year to review, identify, track and organize a response, for each of

the years 2000 – 2013 . . . ."  *See* Berry Decl., ¶ 7.  ASHRAE similarly states that it would be

"unduly burdensome" to require it to produce network- and personal-use licenses, but it makes

no attempt to quantify that claimed burden.[5]  What little detail the Plaintiffs have provided in fact

undermines their claim of an undue burden.

### C.    Plaintiffs Must Produce Individual Assignment of Rights Agreements (RFP Nos. 2 and 6).

Individual assignment of rights agreements are relevant to authorship and ownership of

the works at Issue and to Plaintiffs' standing to bring infringement claims.  Assignment of rights

agreements are relevant to several issues, not least of which is Plaintiffs' claims of ownership

over the standards at issue.[6] Because the standards at issue were the work of many authors,

including both government and private-sector employees, acting on behalf of their employers but

participating on a volunteer basis in the standards development process, each individual

assignment is relevant to show whether a contributor to a standard actually assigned his or her

rights in that standard to a Plaintiff and to each Plaintiff's knowledge of the ownership of the

standards at issue at the time those works became incorporated into law.  The individual,

executed assignments are necessary to show the completeness of each assignment, whether each

---

[5]    Moreover, as Plaintiffs in this action, ASTM, NFPA and ASHRAE controlled the scope of their claims against Public Resource.  ASTM, for example, chose to assert over 200 standards against Public Resource.  Thus, even if Plaintiffs could make an adequate showing of burden, which they have not done, that burden would stem from the scope of their claims against Public Resource.

[6]    ASTM's apparent reliance on the fact that Public Resource "has never once discussed ownership of copyrights as a genuine issue of dispute" has no bearing as to whether it is an issue in this dispute.  ASTM Opp. at 9.  Indeed, Public Resource has asserted "lack of ownership" as an affirmative defense, and the discovery sought is necessary to further develop that defense.

assignment was valid, whether any modifications were made to the standard form agreements by assignors, and, to the extent any assignments were effectuated by means of a "click wrap" assignment, whether any such purported assignments were valid.

Contrary to Plaintiffs' assertions, the case law cited by each in their oppositions actually demonstrates that Public Resource may challenge Plaintiffs' copyright ownership of the standards at issue. *See Int'l Code Council v. Nat'l Fire Prot. Ass'n*, 79 U.S.P.Q.2D 1651, at*18, n. 33 (N.D. Ill.Mar. 27, 2006) ("There may be some doubt, *as a policy matter*, about the wisdom of permitting a non-author to challenge the copyright holder's right to enforce its copyright. [h]owever . . . the case law does appear to recognize an alleged infringer's right to mount such a challenge.") (citing *M.G.B. Homes, Inc. v. Ameron Homes, Inc.*, 903 F.2d 1486, 1490 (11th Cir. 1990) (allowing the work-for-hire issue to be raised by a third-party defendant against an infringement claim)).

NFPA's argument that Public Resource has not shown that any of the persons who contributed to the standards at issue have objected to NFPA's claim of copyright ownership (NFPA Opp. at 7) is not relevant. Public Resource raised Plaintiffs' lack of ownership as an affirmative defense. *See* Answer and Counterclaim of Public.Resource.Org [Dkt. No. 21], at 48. Public Resource has no way of ascertaining at this point what objections contributors have made to Plaintiffs' claimed ownership of the standards, but, in any event, the absence of objections would not confer copyright protection on works which NFPA does not validly own. Rather, any lack of title is fatal to NFPA's claim, as it would not have standing to sue for infringement. The unpublished Ninth Circuit case cited by NFPA lacks relevance here, as nothing in that case suggests that a party facing suit for infringement may not challenge the plaintiff's copyright

ownership.  *Law Enforcement Training & Research Assocs. v. City & Cnty. of San Francisco*,

90-15482, 1991 WL 172416, at *1 (9th Cir. Sept. 4, 1991).[7]

Given the clear relevance of executed and individual assignments, Plaintiffs should not

exclude them from production by producing only form assignments.[8]  NFPA states that

assignment of rights agreements are "invariably executed via a standard form . . .  with extremely

isolated exceptions."[9]  But NFPA's express acknowledgement that there are "exceptions" itself

compels the conclusion that production of only the form agreements is insufficient and supports

Public Resource's position that the production of individual assignments is necessary.  NFPA

further asserts that its "Reports on Proposals," or "ROPs," and "Reports on Comments," or

"ROCs," suffice to provide Public Resource with information regarding assignments.  NFPA

Opp. at 6.  But these documents do not provide the terms of any assignment agreements.  Finally,

ASHRAE in its opposition offers to provide Public Resource with an affidavit attesting to the

fact that any individual who participated in the development process for its standards executed

---

[7]   ASTM also cites to *Davis v. Blige*, 505 F.3d 90, 99 (2d Cir. 2007) for the proposition that
only one of its members who participated in drafting a standard need assign its rights for
ASTM to become a joint owner.  But even if Plaintiffs could demonstrate standing to sue
based on an assignment of rights from fewer than all of the contributors to a standard, as
explained above, *all* of Plaintiffs' assignment of rights agreements are nevertheless relevant
to additional issues in this case, including to what other parties (including any federal
government employees) may claim some copyright ownership in the standards at issue.

[8]   Though ASTM in its opposition states that it made paper versions of assignments available to
Public Resource for inspection and review, it has since stepped back from this position and
notified Public Resource it will deliver these documents electronically in a few days.

[9]   The Declaration of Christian Dubay, NFPA's Chief Engineer and Vice President of Codes
and Standards notes at least one instance in which an individual contributor did not use the
standard form to assign his rights to NFPA.  *See* Declaration of Christian Dubay ISO NFPA's
Opposition ("Dubay Decl."), ¶ 4.  There may be other instances, of which Mr. Dubay is
unaware, where a contributor assigned his or her rights to NFPA without use of the standard
assignments forms.

the form "rights assignment agreement." ASHRAE Opp. at 7. But it is far from clear how

ASHRAE can attest that each person executed a valid assignment without itself reviewing every

assignment, which it has claimed to be too burdensome.

     **D.**     **Plaintiffs Must Produce Documents Relating to Financial Contributions
(RFP Nos. 4, 12, 13, 14, 15).**

          **1.**     **Documents Relating to Financial Contributions Are Relevant to the
Incentives, Financial Burdens, and Investments Pertaining to
Creation of the Works At Issue, and to Plaintiffs' Claim of Harms to
Their Licensing Model Flowing from Expanded Free Public Access to
Their Standards.**

Plaintiffs have failed to show why documents relating to financial contributions are not

relevant. As Public Resource explained in its Motion, financial contributions are relevant to a

myriad of issues, including: (i) Plaintiffs' speculative allegations that they will suffer financial

harm unless they can enforce copyright protection over their standards and whether they will

suffer the harm they allege; (ii) Plaintiffs' incentives to develop standards; (iii) whether Plaintiffs

receive direct financial contributions from government entities that incorporate their standards;

(iv) ownership over the asserted standards and whether any standards are works made for hire;

(v) whether Plaintiffs are entitled to injunctive relief; and (vi) the market harm prong of the fair

use analysis. *See* Motion at __.

For instance**,** ASTM in its opposition states that it "incurs substantial costs for the

infrastructure it has developed to assist with the development of the standards". *See* ASTM

Opp. at 13, Compl., ¶ 51. Thus, documents relating to financial contributions are relevant to

show how ASTM covers these costs and whether and to what extent Plaintiffs will be harmed by

the alleged loss of licensing revenue. Other issues to which financial contributions are relevant

include contributions from government entities and the ownership of Plaintiffs' standards.

Further, if Plaintiffs receive financial contributions, or contributions of labor that have a financial

equivalent, from persons or organizations that seek to promote public interest in the development

of standards, instead of contributing to a profit-making licensing enterprise, the existence of

those contributions will lead to important evidence on various issues, including Plaintiffs' claims

of ownership and authorship, allegations of harm stemming from Public Resource's activities,

and whether an injunction would in fact serve the public interest.[10]

Given the numerous relevant issues upon which financial contributions touch, ASTM's

offer to produce only documents relating to licensing income and NFPA's offer to produce only

annual, year-end financial reports are insufficient. Such documents do not provide essential

information relating to financial contributions, such as contribution amounts and the identity of

financial contributors.

### 2.      Plaintiffs Have Failed To Make An Adequate Showing of Burden.

While ASTM and NFPA argue that searching for and producing documents relating to

financial contributions is burdensome, they offer no specifics regarding that claimed burden, and

the Court should therefore reject Plaintiffs' showing as insufficient. Unable to demonstrate any

actual undue burden from producing the requested information on financial contributions, ASTM

instead resorts to mischaracterizing Public Resource's requests. ASTM wrongly claims that

Public Resource seeks every financial expenditure made by ASTM or any other individual.

ASTM Opp. at 12. But nothing in Public Resource's request for documents concerning financial

contributions to ASTM relating to the standards at issue can conceivably be read as requesting

documents concerning all of ASTM's own expenditures. Thus, because Plaintiffs have provided

---

[10]   Plaintiff ASHRAE asserts that it does not accept financial contributions "other than general
fees it receives for membership in ASHRAE." *See* ASHRAE Opp. at 9-10. To the extent
these are the only documents relating to financial contributions in ASHRAE's possession,
custody or control, they should be produced.

this Court with no specific information regarding burden, they have failed to meet their burden of showing why responsive documents should be withheld.

      **E.**       **Documents Relating to this Litigation Represent the Core of Relevant Documents (RFP Nos. 8, 9, 17 and 18).**

            **1.**       **Plaintiffs Have Offered No Valid Reason Categorically to Exclude *All* Documents Relating to the Litigation, Where Public Resource Does Not Seek *Privileged* Documents.**

As Plaintiffs fail to acknowledge, Public Resource does *not* seek the production of privileged documents and communications. Instead, it seeks only non-privileged documents relating to this litigation or the possibility of taking legal action against Public Resource or its principal Carl Malamud. Responsive, non-privileged documents are likely to include communications between or among Plaintiffs and third parties, as well as documents and communications not prepared in anticipation of litigation. Notably, Plaintiffs have never represented that responsive, non-privileged documents relating to this litigation do not exist. To the contrary, Public Resource is aware of evidence suggesting that there are non-privileged documents relating to this litigation.[11]

Plaintiffs rely upon inapposite case law involving discovery requests specifically aimed at obtaining *privileged* documents in arguing categorically to exclude *all* documents relating to this litigation or the possibility of taking legal action. *See S.E.C. v. Thrasher*, 92 CIV. 6987 (JFK), 1996 WL 125661, at *1-2 (S.D.N.Y. Mar. 20, 1996) (*limiting* production of documents concerning internal communications, where requesting party sought production of all communications between *defense counsel* concerning the lawsuit); *Arista Records LLC v. Lime*

---

[11]   In its September 5, 2014 letter to NFPA, Public Resource notified NFPA of its belief that Maureen Brodoff, NFPA's former general counsel (and a custodian which NFPA seeks to exclude) is likely to have non-privileged documents that are relevant to Public Resource's counterclaims and defenses, as Ms. Brodoff has regularly made public statements regarding the effect on NFPA's business model of free access to its standards. *See* Lu Decl., Ex 14 at 2.

*Grp. LLC*, 06 CV 5936 KMW, 2011 WL 813481, at *4-6 (S.D.N.Y. Feb. 28, 2011) (requested documents concerned communications between party's counsel, internal communications during the course of litigation, in anticipation of litigation and concerning related litigation); *In re Imperial Corp. of Am.*, 174 F.R.D. 475, 476 (S.D. Cal. 1997) (concerning whether plaintiffs were required to provide a document by document privilege log as to those documents withheld on privilege grounds.).

Despite Plaintiffs' claims, there was no confusion regarding their stated positions before Public Resource brought this Motion. ASTM claims that it had "explicitly agreed to search for documents that relate to this litigation." *See* ASTM Opp. at 15. But in both its May 23, 2013 and August 22, 2013 letters to Public Resource, it explicitly stated that it would exclude documents relating to this litigation, as well as documents in possession of its general counsel Thomas O'Brien. *See* Lu Decl., Exs. 8, 10. NFPA states that Public Resource's motion to compel was brought prematurely. *See* NFPA Opp. at 9. But NFPA made clear in its August 22, 2013 letter that it would categorically exclude documents relating to the litigation and documents in possession of its former general counsel, Maureen Brodoff, and its current General Counsel, Sally Everett. *See* Lu Decl., Ex. 12. ASHRAE also seeks to withhold documents relating to this litigation or the possibility of taking legal action against Public Resource. ASHRAE Opp. at 10. Contrary to Plaintiff's assertions, the parties are unquestionably at an impasse on this issue.

Finally, ASTM has proposed that the parties should not have to log privileged documents and communications created after January 1, 2013. Public Resource has proposed that the parties need not log documents that post-date the filing of the Complaint, which did not occur until eight months later. ASTM's proposed date is too early, especially given that non-privileged documents and communications that post-date January 1, 2013 are likely to exist.

**2.      Plaintiffs Have Failed to Make an Adequate Showing of Burden.**

It is Plaintiffs' burden to show why responsive, non-privileged documents should be categorically withheld.  However, Plaintiffs have offered no evidence regarding the burden on them of searching for and producing responsive documents.  Thus, the Court should not permit Plaintiffs to categorically exclude documents relating to this litigation or the possibility of taking legal action against Public Resource or its principal.

**F.      Plaintiffs Must Produce Documents Relating to Legal Authority Incorporating Plaintiffs' Standards (RFP No. 5).**

**1.      Plaintiffs Are in a Superior Position to Search For and to Produce Documents Relating to Legal Authority Incorporating Their Standards.**

Contrary to Plaintiffs' assertions, Public Resource's discovery requests relating to incorporating Legal Authority do not purport to require Plaintiffs to conduct research to determine what jurisdictions have incorporated the standards at issue into law.  Rather, Public Resource asks only that Plaintiffs produce documents already in their possession concerning incorporation of the standards at issue.  Compared to Public Resource, Plaintiffs are in a superior position to search for and produce documents relating to the Legal Authority that incorporates their standards.   Responsive documents are highly relevant and are *already* likely to be in Plaintiffs' possession, custody and control.  Indeed, NFPA admits that it has a database which tracks such information, NFPA Opp. at 10, and ASTM and ASHRAE admit to communications with government officials relating to the incorporation of their standards.  ASTM Opp. at 18; ASHRAE Opp. at 13.

Because Public Resource can rely only upon publicly available information, its list of incorporating Legal Authority may be incomplete.  Where Plaintiffs have more complete and handy access to this information, they should produce it.  This ensures that the parties are on equal footing and have access to the same documents and information.

### 2.      Plaintiffs' Assertions that Public Resource Can Otherwise Identify Incorporating Legal Authority Are False.

Plaintiffs assert that Public Resource can ascertain incorporating Legal Authority by referring to publicly available information, such as that provided by the National Institute of Standards and Technology ("NIST") database.  ASTM Opp. at 18; NFPA Opp. at 10.  But, as ASTM notes, the NIST database maintains only information about standards that *federal* regulations reference; it will have no information relating to non-federal regulations, including state, county, or municipal regulations.  ASTM Opp. at 18.

As an alternative to producing responsive documents, ASTM and ASHRAE state that they need produce only communications between certain identified custodians and government employees that contain "specific terms relating to the incorporation by reference of ASTM's standards".  ASTM Opp. at 18; ASHRAE Opp. at 13.  These communications are insufficient for several reasons.  First, there is no guarantee that the communications are complete or exhaustive regarding incorporating Legal Authority.  Second, additional relevant information may be in the possession of custodians for whom ASTM will not produce documents. Third, applying search terms "relating to incorporation by reference" does not guarantee that Public Resource will receive complete information regarding all incorporating Legal Authority.

### 3.      Plaintiffs Have Failed To Make An Adequate Showing of Burden.

Plaintiffs fail to make an adequate showing as to why the production of documents relating to incorporating Legal Authority would constitute an undue burden.  ASTM merely argues that it does not "keep track" of incorporated standards.  ASTM Opp. at 18.  ASHRAE similarly contends that documents regarding incorporating Legal Authority are "not centrally maintained."  ASHRAE Opp. at 12.  ASTM and ASHRAE have not stated that they have no way of determining what relevant documents they possess, despite reasonable searches.  They have

16

not offered any specific information about the burden they would face.  Given the absence of justification to resist the discovery, the Court should order them to search for and produce documents that are in their possession, custody or control.

    **G.**    **Plaintiff NFPA's ROP/ROC's Are Not Responsive to Numerous of Public Resource's Requests (RFP Nos. 2, 4, 12, 13, and 15).**

NFPA contends that its production of ROPs and ROCs sufficiently responds to several of Public Resource's requests because they function as comprehensive records of the standards development process, compile and reproduce every proposal and every comment that is received when the standards are being developed, and identify members of each committee that worked on the proposals and detail the votes of the committees on each proposal. *See* Dubay Decl., ¶¶ 9-12.  For several reasons, however, the ROPs and ROCs still do not sufficiently respond to several of Public Resource's requests.

For instance, Public Resource's Request No. 10 calls for actual communications, including meeting and conference call minutes and notes.  As described by NFPA, the ROPs and ROCs do not contain all of these actual communications, as they only represent or reproduce comments and proposals.  Further, Public Resource seeks NFPA's meeting and conference call minutes and notes.  It is unclear whether the ROPs and ROCs provide a comprehensive or complete record of this information, as NFPA merely states that ROPs and ROCs are "generally duplicative" of agendas, minutes, sign in sheets, and materials distributed at the meetings. Moreover, ROPs and ROCs do not provide information relating to financial contributions, as Requests Nos. 4, 12, 13 and 15 sought.  NFPA does not respond to or refute this point in its opposition, and it provides no evidence to the contrary.

III.    <u>CONCLUSION</u>

        For all of these reasons and those in its opening brief, Public Resource asks that the

Court grant its Motion to Compel in its entirety.

Dated: October 13, 2014                           Respectfully submitted,

                                    */s/ Andrew P. Bridges*                   
                                    Andrew P. Bridges (admitted)
                                    abridges@fenwick.com
                                    Kathleen Lu (Admitted *Pro Hac Vice*)
                                    klu@fenwick.com
                                    FENWICK & WEST LLP
                                    555 California Street, 12th Floor
                                    San Francisco, CA 94104
                                    Telephone:  (415) 875-2300
                                    Facsimile:   (415) 281-1350

                                    David Halperin (D.C. Bar No. 426078)
                                    davidhalperindc@gmail.com
                                    1530 P Street NW
                                    Washington, DC 20005
                                    Telephone:  (202) 905-3434

                                    Mitchell L. Stoltz (D.C. Bar No. 978149)
                                    mitch@eff.org
                                    Corynne McSherry (Admitted *Pro Hac Vice*)
                                    corynne@eff.org
                                    ELECTRONIC FRONTIER FOUNDATION
                                    815 Eddy Street
                                    San Francisco, CA 94109
                                    Telephone:  (415) 436-9333
                                    Facsimile:   (415) 436-9993

                                    *Attorneys for Defendant/Counter Plaintiff*
                                    *Public.Resource.Org, Inc.*