# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICAN SOCIETY FOR TESTING AND MATERIALS d/b/a/ ASTM INTERNATIONAL; <br><br> NATIONAL FIRE PROTECTION ASSOCIATION, INC.; and <br><br> AMERICAN SOCIETY OF HEATING, REFRIGERATING, AND AIR-CONDITIONING ENGINEERS, INC. <br><br>                 Plaintiffs, <br><br> v. <br><br> PUBLIC.RESOURCE.ORG, INC., <br><br>                 Defendant. | Case No. 1:13-cv-01215-TSC-DAR <br><br> **STATUS REPORT AND [PROPOSED] ORDER ON DEFENDANT'S MOTION TO COMPEL DISCOVERY** <br><br>  Filed:   November 4, 2013 |
| PUBLIC.RESOURCE.ORG, INC., <br><br>                 Counterclaimant, <br> v. <br> AMERICAN SOCIETY FOR TESTING AND MATERIALS d/b/a/ ASTM INTERNATIONAL; <br><br> NATIONAL FIRE PROTECTION ASSOCIATION, INC.; and <br><br> AMERICAN SOCIETY OF HEATING, REFRIGERATING, AND AIR-CONDITIONING ENGINEERS, INC. <br><br>                 Counterdefendants. | |

**STATUS REPORT AND [PROPOSED] ORDER**

Plaintiffs American Society for Testing and Materials d/b/a ASTM International

("ASTM"), National Fire Protection Association, Inc. ("NFPA"), and American Society of

Heating, Refrigerating, and Air-Conditioning Engineers, Inc. ("ASHRAE")  and Defendant

Public.Resource.Org, Inc., jointly submit this proposed order in response to the Court's direction

at the last hearing.  They have resolved some, but not all, of the issues that Defendant presented

in its motion to compel.  This proposed order reflects their representations, agreements, and the

outstanding issues.

Counsel for Plaintiffs have authorized counsel for Defendant to file this without their

signatures but with their express permission.

**STATUS OF DISPUTES**

I.     LICENSING AND PERMISSION DOCUMENTS

a.  Documents pertaining to licenses: moot as to ASHRAE and NFPA, not as to

ASTM.  The parties have carved out documents relating to permissions, which

they describe in subsection b. below.

i.  **ASTM:  this issue remains unresolved**.

ii.  ASHRAE:  ASHRAE represents that, in its October 17 and 30, 2014,

productions, ASHRAE provided copies of all license agreements for

Standard 90.1 and sales data, including customer lists, for single-use

and network-use licenses of the 2004, 2007, and 2010 versions of the

standard in its possession.

iii.  NFPA agrees to conduct a reasonable search for, and produce, license

contracts in its possession, custody, or control for the standards at
issue operative at any time after January 1, 2013.

b.  Documents pertaining to permissions: moot as to all plaintiffs.

    i.  ASTM will produce permission requests and grants within the
possession, custody, or control of the ASTM employee most likely to
maintain such documents.  ASTM represents that the employee is
unaware of any permissions from which she has been excluded, and its
General Counsel will confirm that he is unaware of any permissions
from which she has been excluded.

    ii.  ASHRAE agrees to search two email accounts most likely to contain
permission requests, and the email account of the individual ASHRAE
employee with primary responsibility for those accounts, for
permission grants and requests related to Standard 90.1.  ASHRAE
will produce to Public Resource the responsive, non-privileged
documents resulting from the search.

    iii.  NFPA agrees to produce permission documents for the standards at
issue that it maintains in its designated Sharepoint database.

II.   DOCUMENTS PERTAINING TO ASSIGNMENTS OF RIGHTS:  moot as to
ASTM only, not as to ASHRAE and NFPA.

a.  ASTM:     ASTM will produce .tif images of assignments in paper form that it
has been able to locate through a reasonable search.  ASTM represents that
since approximately 2007 ASTM has required persons and entities to assign
materials through its online membership application and renewal process and
has produced form copies of documents which include these assignments.

ASTM will also produce one spreadsheet listing individuals and one spreadsheet listing organizations which have completed these online processes.  Those spreadsheets will contain affiliation (e.g. employer) and contact information that was collected as part of the membership application and renewal process.  On the basis of these representations, this aspect of the motion is moot as to ASTM.

**b.   ASHRAE:  this issue remains unresolved.**

**c.   NFPA:  this issue remains unresolved.**

III.   FINANCIAL CONTRIBUTIONS:  moot as to all Plaintiffs.

All Plaintiffs have represented that, apart from their general membership revenue, they receive no financial contributions regarding either their general standards development function or the development of the particular standards at issue in this case.

ASHRAE represents that, in its October 17, 2014, production, it has furnished a summary of revenues from general membership fees.

NFPA agrees to provide five years of annual, year-end audited financial statements.

Defendant needs to determine whether Plaintiffs have sufficiently provided other financial documents and reserves its right to seek further general financial documents, but for present purposes, on the basis of these representations, it considers this aspect of the motion to be moot as to all plaintiffs.

IV.   DOCUMENTS RELATING TO THIS LITIGATION:  moot as to ASTM and ASHRAE, not as to NFPA.

    a. ASTM agrees to the production of documents with the following limitation: With respect to emails in the possession, custody, or control of ASTM's general counsel, ASTM represents that it will search and produce unprivileged emails from January 1, 2013 to the present relating to the litigation.  ASTM will not produce a privilege log for those emails for which privilege is claimed except for communications that include a third party that is neither a party to this litigation nor representing parties in this litigation. On the basis of these representations, this aspect of the motion is moot as to ASTM.

    b.  ASHRAE agrees to conduct a reasonable search for, and to produce, responsive non-privileged documents.  It will confer with Defendant regarding custodians and search terms. On the basis of this representation, this aspect of the motion is moot as to ASHRAE.

    **c. NFPA:  this issue remains unresolved.**

V.    DOCUMENTS RELATING TO INCORPORATION OF STANDARDS INTO LAWS OR REGULATIONS:  moot as to all Plaintiffs.

    a. ASTM agrees that it will produce documents in its possession, custody, or control that relate to which of the standards at issue in the litigation have been incorporated by reference by any governmental entity and which have been identified through the use of search terms agreed to by the parties.  ASTM represents that it does not maintain a database concerning which of its standards have been incorporated by reference by any governmental entity.

    b. ASHRAE has represented that it does not possess reasonably available documents identifying laws or regulations that have incorporated ASHRAE standards by reference, and that instead it relies on publicly available

5

databases for this information, which it has identified to Defendant.

c.   NFPA agrees to produce the NFPA database that contains information about jurisdictions that have incorporated its standards at issue by reference. NFPA does not represent that this necessarily captures all jurisdictions, is up to date, or is free from errors and omissions, and it will not perform additional research to identify any additional such jurisdictions.

On the basis of these representations, this aspect of the motion is moot as to all Plaintiffs.

VI.   NFPA'S REPORTS ON PROPOSALS/REPORTS ON COMMENTS AS EVIDENCING STANDARDS DEVELOPMENT PROCESS

Public Resource agrees that NFPA's Reports on Proposals and Reports on Comments, along with the other documents that NFPA has agreed to produce, provide sufficient information regarding the issues raised by this section of the Motion to Compel.  This aspect of the motion is moot as to all Plaintiffs.

November 4, 2014                    Respectfully submitted,

/s/ Andrew P. Bridges
Andrew P. Bridges (Dist. Ct. Bar. No. AR0002)
abridges@fenwick.com
FENWICK & WEST LLP
555 California Street, 12th Floor
San Francisco, CA 94104
Telephone: (415) 875-2389
Facsimile:  (415) 281-1350
*Counsel for Defendant (with express permission of counsel for all Plaintiffs)*

# [PROPOSED] ORDER

In light of the representations and agreements of the parties, the Court hereby orders as follows:

1.  The Court dismisses as moot the motion as to all Plaintiffs with respect to the following issues:

    a.  Documents and communications relating to financial contributions to Plaintiffs-Counterdefendants  (RFPs 4, 12, 13, 14, 15) (third bullet on page 2 of Defendant's opening brief);

    b.  Documents concerning the laws that incorporate relating to incorporation of standards (RFP 5) (fifth bullet on page 2 of Defendant's opening brief); and

    c.  The sufficiency of NFPA's Reports on Proposals and Reports on Comments (pages 12-13 of Defendant's opening brief).

2.  The Court dismisses as moot  other portions of the motions as to certain Plaintiffs as follows:

    a.  Executed license agreements (RFP 18)(first bullet on page 2 of Defendant's opening brief) <u>only as to ASHRAE and NFPA</u>;

    b.  Executed assignment of rights agreements (RPF 2, 6) (second bullet on page 2 of Defendant's opening brief) <u>only as to ASTM</u>; and

    c.  Documents and communications concerning the litigation or Plaintiffs-Counterdefendants' decision to take legal action against Public Resource or its

principal (RFPs 8, 9, 16[1], 17) (fourth bullet on page 2 of Defendant's opening brief) <u>only as to ASTM and ASHRAE.</u>

3.  The following issues remain unresolved:

    a.  Documents as to licenses, as to ASTM;

    b.  Documents pertaining to assignments of rights, as to ASHRAE and NFPA; and

    c.  Documents relating to this litigation, as to NFPA.

IT IS SO ORDERED, this ___ day of November, 2014.

                                 _____

                                 Hon. Deborah A. Robinson
                                 United States Magistrate Judge

---

[1] In the opening brief Defendant erroneously referred to RFPs 8, 9, 17, and 18 instead of 8, 9, 16, and 17.