UNITED STATES DISTRICT COURT
                       DISTRICT OF COLUMBIA

AMERICAN SOCIETY FOR TESTING.   Case No. 1:13-CV-01215
                             .  (TSC/DAR)
AND MATERIALS, ET AL.,        .
                             .
              Plaintiffs,     .  Washington, D.C.
                             .  October 28, 2014
      v.                      .
                             .
PUBLIC.RESOURCE.ORG, INC.,    .
                             .
              Defendant.      .
. . . . . . . . . . . . . .

                        STATUS CONFERENCE
           BEFORE THE HONORABLE DEBORAH A. ROBINSON
               UNITED STATES MAGISTRATE JUDGE

APPEARANCES:

For American Society      Morgan, Lewis & Bacchus, LLP
for Testing and           By:  J. KEVIN FEE, ESQ.
Materials:                     EDWIN O. CHILDS, ESQ.
                          1111 Pennsylvania Avenue, N.W.
                          Washington, DC 20004

For National Fire         Manger, Toles & Olson, LLP
Protection                By:  NATHAN M. REHN, ESQ.
Association, Inc.:        560 Mission Street, 27th Far.
                          San Francisco, CA 94105-2907

For American Society      King & Spalding, LLP
of Heating,               By:  MICHAEL ANDREW ZEE, ESQ.
Refrigerating, and        101 Second Street, Ste. 2300
Air-Conditioning          Room 2300
Engineers, Inc.:          San Francisco, CA 94105

For Defendant Public.     Fenwick & West, LLP
Resource.Org., Inc.:      By:  ANDREW P. BRIDGES, ESQ.
                          555 California Street
                          Suite 1200
                          San Francisco, CA 94104

_____

BOWLES REPORTING SERVICE
255 Route 12, Suite 1
GALES FERRY, CONNECTICUT 06335 - (860) 464-1083
brs-ct@sbcglobal.net

1          (Proceedings commenced at 3:30 p.m.)

2               THE CLERK:  The Honorable Court resumes in

3     session.

4               THE COURT:  Good afternoon.

5               MR. BRIDGES:  Good afternoon, Your Honor.

6               THE CLERK:  Please be seated.

7          The matter now pending before this Court is

8     American Society for Testing and Materials, et al. v.

9     Public.Resource.Org, Incorporated in Civil Action

10    Number 13-1215.

11               Kevin Fee and Edwin Childs are representing

12    Plaintiff American Society for Testing and Materials.

13               Nathan Rehn is representing Plaintiff

14    National Fire Protection Association, Incorporated

15    appearing by telephone.

16               Andrew Zee is representing Plaintiff American

17    Society of Heating, Refrigerating and Air Conditioning

18    Engineers, Incorporated, also appearing by telephone.

19               And Andrew Bridges representing Defendant

20    Public.Resource.Org, Incorporated.

21               We're here for the purpose of a motion

22    hearing.

23               THE COURT:  Now, good afternoon to all of

24    you.

25               When we last convened a hearing, the time

1    that actually represented your first appearance before

2    me, the Court scheduled a hearing for today in order to

3    give counsel and the parties a further opportunity to

4    meet and confer in an effort to resolve the dispute.

5              It is my understanding that you have made

6    some additional progress.  I certainly hope this is the

7    case.

8              Mr. Bridges, you are the Movant, or counsel

9    for the Movant, so I will hear from you first.

10             MR. BRIDGES:  Thank you, your Honor.

11             We have indeed made some progress, not as

12   much as I think we all would like.  We are at a point

13   where there is a lack of knowledge and information that

14   is currently the sticking point, so we can't tell

15   whether there is a conflict of willpower that would

16   impede resolution of it.

17             We're down to, I think, one issue for each

18   Plaintiff.  Two Plaintiffs have the same issue.

19             The first issue that both ASTM and NFPA have

20   is the question of whether and how we get emails, non-

21   privileged emails regarding the litigation from the

22   general counsel of each organization.  The difficulty

23   is we do not yet have information about the volume of

24   the emails at issue.  Both ASTM and NFPA are still

25   trying to get a handle on that and report back to me,

1    but we don't have that in order to determine whether we

2    can somehow cut through it.  So we don't really know,

3    at this point, the burden, and we don't know enough to

4    strategize as to whether there is a way to find a

5    compromise to ease the burden because we just don't

6    know what the burden is.

7         With ASHRAE it's a different issue, and if I

8    may give two minutes of substantive copyright law --

9         THE COURT:  Of course.

10        MR. BRIDGES:  -- then that will set it in

11   context.

12        When copyrighted works evolve and go through

13   multiple versions, each later version is called a

14   derivative work of the earlier version.  And when you

15   have a later version, the copyright comes into that

16   work in increments, like a layer cake.  And the

17   copyright on the current version extends to the work

18   that led specifically to that version.  To know the

19   copyright of any version and to know what that extends

20   to, you need to know what the increment was, what the

21   new layer was in that particular version.

22        When we're talking about ASHRAE we're talking

23   about essentially a three-layer cake because the

24   current standards are based on at least two earlier

25   versions of the standards.  There is a very, very real

1    question about the ownership of the copyright in these

2    standards because unusually, in my long experience of

3    practicing copyright law, these standards are

4    essentially offered by consensus.  They are offered by

5    members of committees and members of the public who

6    contribute words, phrases to each standard.

7           So for ASHRAE to own the copyright in the

8    standards, it has to have received assignments from all

9    the contributors.

10          Now, the problem we have right now is that

11   for ASHRAE it's easy to give us the assignment

12   information, according to his counsel, for the current

13   version, but that's only one-third of the story.

14   They're saying it is a very difficult task for them to

15   come up with evidence that they acquired ownership of

16   the underlying versions that have been incorporated in

17   this one because unusually for copyright cases there is

18   a very, very live issue about whether they have

19   perfected chain of title and, in particular, for

20   example, whether the participation of Federal

21   Government employees in this process makes these works

22   in part government works, as to whether there is no --

23   as to which there is no copyright, we really need the

24   full chain of title.

25          So what we understand from ASHRAE is this:

1    They have not segregated out the assignment information

2    about the contributions to the earlier versions from

3    lots of other documents they have, and they believe it

4    would take them a lot of time to go through and sort

5    out which relevant documents to produce.

6          We still lack some information which ASHRAE's

7    counsel has promised to get, and let me give you an

8    analogy.  If we're looking for almonds in the bowl of

9    mixed nuts, because some documents were mixed in with

10   all sorts of irrelevant documents, I think the choice

11   is between their going through the work of finding the

12   almonds and turning them over, or of just saying, "Here

13   are all the mixed nuts.  You find the almonds."

14         Now, what we don't know is -- carrying the

15   analogy forward, we don't know what the volume of mixed

16   nuts is.  If it's 50, 60 boxes, we'll do that, Your

17   Honor, but we just don't know.

18         THE COURT:  What effort have the parties made

19   thus far, to confer in order to reach a consensus on

20   that question?

21         MR. BRIDGES:  We have tried to confer, Your

22   Honor.  We are at a point where there is just an

23   absence of information so that even our ability to

24   confer is stymied because I think ASHRAE's counsel

25   still needs to understand from his client, what that

1   volume of mixed documents is, he's not sure, but we

2   have been working on these issues, Your Honor, and

3   apparently a lot of the information on the other side

4   is harder for them to obtain than anticipated.

5          So -- And I'm in an awkward position because

6   I'm sort of waiting for each of the Plaintiffs to

7   articulate the scope of the burden so that I can try to

8   thread a way through it.

9          One of my concerns is that we have a

10  discovery cutoff, fact discovery cutoff of December 5,

11  and we are rapidly reaching a point where that's going

12  to cause some extreme pressure.  Ideally, I would like

13  to be able to get a second round of written requests

14  out after seeing what we get, but we're running out of

15  time.

16          THE COURT:  What is the protocol that the

17  parties proposed?  I believe that one of you indicated

18  to the Deputy Clerk that at this time you had no need

19  for a hearing.  That led me to conclude that you had

20  agreed upon a protocol for resolving the dispute or at

21  least preparing to narrow it.

22          MR. BRIDGES:  Well, I think the protocol

23  consists now, of getting the information, the specific

24  information about the burdens on each of the three

25  Plaintiffs as quickly as possible, and I know that --

1          THE COURT:  Have you agreed upon a means by

2    which to do that?

3          MR. BRIDGES:  Well, I think they're just

4    trying to obtain it from their clients.  So I think

5    it's a matter of how fast can they get it, but there's

6    nothing more that I can do until each of them gets that

7    information in hand.

8          THE COURT:  So from the perspective of your

9    client, the Movant, is it the case that you believe

10   some additional time should be permitted for each of

11   the Plaintiffs to address that question?

12         MR. BRIDGES:  Well, Your Honor, in the spirit

13   of hoping that we can resolve it, yes.  If we're out of

14   time then I think we need a ruling, but I always try to

15   work with my colleagues to try to avoid that whenever

16   possible.

17         We certainly need, and this is why we filed

18   the motion to compel, we're running out of time and a

19   lot of these issues have been debated for a long, long

20   time.

21         It's a bit frustrating that we don't have the

22   actual burden information.  I take opposing counsel at

23   face value when they say they can get it soon.  I

24   certainly don't want to suggest that if the burden

25   information appears, we suddenly resolve the issues.

1    That means we then at least have identification of the

2    problem we're trying to solve to reach an agreement.

3              THE COURT:  Is it your contention, or perhaps

4    I should rephrase my own question.

5              Are you prepared to acknowledge then, that

6    until you get the answer to this preliminary question,

7    there is nothing further that we can accomplish in

8    resolution of the pending motion?

9              MR. BRIDGES:  Well, Your Honor, I mean the

10   Court can certainly simply decide the motion, and then

11   the question becomes, "Have the Plaintiffs sufficiently

12   articulated the burdens that underlie their arguments

13   for resisting discovery?", and if we move in a

14   contentious mode, then I certainly say it was their

15   burden when the issue is burden of producing documents.

16   It is the producing party's burden to articulate the

17   burden, and I don't think that we're there yet.

18             THE COURT:  Very well.

19             Is there anything further with regard to the

20   proposal, Mr. Bridges?

21             MR. BRIDGES:  I'm sorry, the proposal?

22             THE COURT:  Is the proposal to -- Is it the

23   case that what you propose is additional time for the

24   Plaintiffs to answer the question, or to quantify the

25   answer --

1          MR. BRIDGES:  Well, I --

2          THE COURT:  -- to the question regarding

3   undue burden?

4          MR. BRIDGES:  Your Honor, I -- we would like

5   the documents and we've been waiting.  I think we're

6   content to have a ruling.  I'm back here today for the

7   further motion.

8          Much of the last week has been spent waiting,

9   or 10 days or whatever, has been spent waiting for the

10  burden information that we don't have.  I am willing to

11  keep at it if we can set some very, very firm

12  deadlines.

13         I'm concerned because when I was originally

14  speaking with the court staff about trying to push this

15  back a few days just to see if we could finally close

16  it, I think there were scheduling difficulties finding

17  any other time.

18         So I'd say we're prepared to seek a ruling.

19  I would like for the Court perhaps to hear from

20  Plaintiff's counsel how quickly they believe we can get

21  this resolved because at this point, Your Honor, the

22  ball is in their court.

23         THE COURT:  Very well.  Thank you, Mr.

24  Bridges.

25         We will proceed in the order in which the

1   Plaintiffs are named in the Complaint, and I believe

2   that would mean that you, Mr. Fee, you, Mr. Childs,

3   will begin.

4           MR. FEE:  Good afternoon, Your Honor.

5           THE COURT:  Good afternoon.

6           MR. FEE:  So, I think first of all I'll start

7   with the good news.

8           THE COURT:  For the record you are Mr. Fee.

9           MR. FEE:  Yes.  I apologize.

10          I'll start with the good news.  In their

11  motion to compel they identified five issues that they

12  were concerned about.  Four of those issues have been

13  resolved with respect to ASTM and I believe all the

14  other Plaintiffs.

15          The one issue that remains outstanding --

16          THE COURT:  Let me interrupt just one moment.

17          Do you agree that that is the case, Mr.

18  Bridges?

19          MR. BRIDGES:  Your Honor, I have --

20          THE COURT:  At the moment the record does not

21  reflect that that is the case, and what we should do is

22  take a moment and look at the motion and, by reference

23  to a page and section number, please indicate what it

24  is that has been resolved so that the record can

25  reflect that that aspect of it is denied as moot.

1          MR. BRIDGES:  Your Honor, I think I would not

2     say that it's finally resolved.  We believe that we

3     have achieved an agreement in principle.  What I've

4     asked each of the Plaintiffs to do, because there are

5     more of them than there are of me, and it's less of a

6     burden for each of them to write about their own

7     client, I've asked each of them to send me an email

8     outlining what they think the agreement is because we

9     do not have a writing establishing an agreement.

10          THE COURT:  Can we do that this afternoon

11     while everyone is here?  In other words, are you

12     prepared, Mr. Fee, and I'm happy to take a brief recess

13     if it will aid you in referring to the specific passage

14     or provision of the motion to compel, so that we can

15     determine now, whether it is the case that no further

16     consideration is needed of that?

17          Mr. Fee?

18          MR. FEE:  Your Honor, I think we'd be happy

19     to try to memorialize what we think the agreement is

20     while we are here, if that's your preference.

21          THE COURT:  I believe that would aid all of

22     you.  It would certainly aid the Court, but it would

23     aid all of you in determining exactly what it is that

24     is still pending so you can quickly endeavor to resolve

25     that too, or if not, prepare to address it in greater

1    detail.

2           Before we take the recess, Mr. Fee and other

3    counsel, perhaps I will hear from you, Mr. Rehn, so

4    that you can indicate whether it is also the case that

5    you believe some aspects of the motion have been

6    resolved.

7           MR. REHN:  Thank you, Your Honor.

8           Yes, our understanding was that we had

9    resolved at least 4 and probably 5 out of the 6 issues

10   that were raised in the motion with respect to NFPA.

11   We've had a couple of meet and confers since our prior

12   hearing, and I think we've reached an agreement in

13   principle on all of those, which we could reduce to a

14   writing in fairly short order.

15          We had a delay doing that because we were

16   hoping to get all of them resolved before this hearing

17   today, and unfortunately couldn't get the information

18   we needed as our opposing counsel indicated to you

19   earlier.

20          THE COURT:  Is it your suggestion, Mr. Rehn,

21   that in lieu of taking a recess so that all of you may,

22   with reference to the motion to compel, identify what

23   it is that you believe has been resolved, and instead

24   prepare -- give you an opportunity to file a written

25   submission?

1           MR. REHN:  My understanding was that you had

2    suggested that we attempt to reduce it to writing.  We

3    are, I think, capable of doing that if that's what Your

4    Honor would prefer.

5           I think our thought, along with counsel for

6    the Defendant, had been that if we could get them all

7    resolved within a few days, we could do it all in one

8    writing, but we could try to do it piecemeal, as well.

9           THE COURT:  I'm not suggesting that piecemeal

10   would be preferable, but at the moment I have no idea

11   of what it is you believe you have resolved.  If you'd

12   rather take a few more days and determine whether all

13   of it can be resolved, I'm certainly prepared to give

14   you that opportunity.

15           Is that your preference, Mr. Rehn?

16           MR. REHN:  I believe so.  I had hoped I would

17   be able to get the information that the Defendant has

18   requested by today.  I wasn't able to, but I believe I

19   will be able to get that final piece of information

20   very shortly, at which point I hope and anticipate we

21   will be able to either reach agreement or have a very

22   narrow disagreement for the Court to resolve.

23           THE COURT:  Very well.

24           What about you, Mr. Zee?  What is your

25   preference?

1          MR. ZEE:  Thank you, Your Honor.  On behalf

2     of ASHRAE we did send counsel for Public.Resource a

3     writing this morning setting forth our understanding of

4     the issues that have been resolved which, in our view,

5     is 4 of the 5 issues presented by the Defendant's

6     motion.

7          The one remaining issue, I believe, is the

8     one that Mr. Bridges identified a few moments ago, on

9     which we continue to attempt to obtain the information

10    that we understand the Defendant to be looking for.

11         We have no yet heard whether the writing that

12    we sent is agreed to by Public.Resource, by the

13    Defendant, as to the reservation of the other core

14    issues, but our understanding from prior conferences is

15    that is the case.

16         THE COURT:  Are all of you prepared for the

17    court to enter an order scheduling a date for another

18    status conference?  And perhaps more importantly,

19    providing that in the next, I would say, week or so,

20    depending on how much time you believe you need, you

21    will file a notice with a proposed order.  The proposed

22    order will indicate which of the requests included in

23    the motion to compel may be denied as moot.

24         Does that appear to be reasonable, Mr.

25    Bridges?

1          MR. BRIDGES:  Yes, Your Honor, and thank you.

2          My only concern is if -- is trying to

3     schedule the backup time for this to continue in court,

4     if necessary, because I understand the Court's calendar

5     is pretty full and it would take some juggling on my

6     part, but I think that process is correct, Your Honor.

7          THE COURT:  Very well.

8          Let me ask you to look at your calendars,

9     please, for the first few days of December.  That will

10    give you a week to 10 days and we'll set a firm date in

11    which to file the proposed order, and that will allow

12    you another two weeks or so to meet and confer in an

13    effort to resolve the remaining disputes, and should

14    you be unable to do so, you will return here during the

15    first day or two of the month of December.

16          MR. BRIDGES:  Your Honor, I believe -- Let me

17    just check briefly.  For myself, I do have colleagues

18    on the case.  About the only day I can be here is

19    December 1, but if the Court needs a different day in

20    that week or the following week, one of my colleagues

21    will participate.

22          THE COURT:  We can schedule the hearing for

23    December 1st as long as everyone else would be

24    available.

25          Mr. Fee?

1              MR. FEE:  Your Honor, I'm available December

2      1st.

3              THE COURT:  Mr. Rehn?

4              MR. REHN:  Yes, Your Honor.  I am available.

5              THE COURT:  Mr. Zee?

6              MR. ZEE:  I am available on December 1, Your

7      Honor.

8              THE COURT:  Very well.  Let's look at the

9      calendar for December 1st.  I believe -- If you prefer

10     the same time, we can schedule it for 3 p.m.

11             MR. FEE:  That's fine with me, Your Honor,

12     but I'm just walking down the street, so Mr. Bridges --

13             MR. BRIDGES:  I do have a slight preference

14     for earlier in the day, if possible, because coming

15     from California I need to be here the night before

16     anyway, so I'll probably be having to fly here from

17     here so, but you know, my job is to do what the Court

18     wants me to do so we'll be here at any time you want.

19             THE COURT:  Will everyone be available at

20     some earlier time then, for example, 11:00 a.m.?

21             MR. FEE:  Again, that's fine with me, Your

22     Honor.

23             THE COURT:  Because you're only down the

24     street.

25             MR. FEE:  Yes.  Easy enough.

1          MR. BRIDGES:  Your Honor, I -- Let me see.

2    That would work.  That would work great for me, but

3    I'll fit into whatever schedule works for the most.

4          I appreciate the accommodation of the

5    schedule, Your Honor.

6          THE COURT:  And the rest of you, Mr. Zee and

7    Mr. Bridges, 11 a.m.?

8          MR. BRIDGES:  It certainly works for me.

9          MR. ZEE:  Your Honor, that time would work

10   for me, as well.

11         THE COURT:  And, Mr. Bridges?

12         MR. BRIDGES:  Yes, Your Honor.

13         MR. REHN:  (Unintelligible.)

14         THE COURT:  I apologize, Mr. Rehn.  Very

15   well.

16         MR. REHN:  This is Nathan Rehn.  That would

17   work for me as well.

18         THE COURT:  Very well.  11 a.m. on December

19   1st.

20         Now, how much time do you need to file the

21   proposed order?  And when I say "the proposed order,"

22   I'm speaking of an order memorializing the agreements

23   that you have made thus far?  That is so the Court will

24   know and also so that you will know what no longer

25   requires attention.

1          MR. FEE:  Your Honor, I would suggest that

2    you give us a week to do that, with the hopes that

3    we'll be able to also clarify the one outstanding issue

4    at least with respect to ASTM by then.  We just have

5    had a computer hiccup at ASTM; it's prohibited us from

6    getting the information we've needed so far, but I

7    certainly am optimistic that we'll have it in much less

8    than a week from today.

9          THE COURT:  Very well.  One week from today

10   is Tuesday, November 4th.  Does everyone agree that that

11   is enough time or would you like a few more days?

12         Mr. Fee, I just heard from you.

13         Mr. Rehn?

14         MR. REHN:  Yes, Your Honor.  I anticipate we

15   will have all of the issues addressed by that date and

16   we can make that date.

17         THE COURT:  Very well.  I appreciate that.

18         Mr. Zee?

19         MR. ZEE:  That date is fine for ASHRAE, Your

20   Honor.

21         THE COURT:  Very well.  The Deputy Clerk will

22   enter an order indicating that by no later than

23   November 4th counsel shall file a proposed order

24   indicating with reference to the motion to compel the

25   matters that have been resolved.  And I'll ask that you

1   include in it a provision that with respect to those

2   issues the motion may be denied as moot.

3          You will continue to confer regarding

4   everything else and if you are unable to resolve it

5   then you will appear here on December 1st.  Those of you

6   who have phoned in today, Mr. Zee and Mr. Rehn, you may

7   appear by telephone again as long as no one has any

8   objection to that.  I assume you don't, Mr. Bridges?

9          MR. BRIDGES:  No, Your Honor, I'm happy to

10  give a blanket consent.

11         THE COURT:  Very well.  Thank you very much.

12         MR. ZEE:  Thank you, Your Honor.

13         THE COURT:  Is there anything else that we

14  need to resolve this afternoon?  Mr. Bridges?

15         MR. BRIDGES:  No, Your Honor.  Thank you.

16         THE COURT:  Thank you very much.

17         Mr. Fee?

18         MR. FEE:  No, Your Honor.  Thank you.

19         THE COURT:  Thank you, Mr. Fee.

20         Mr. Rehn?

21         MR. REHN:  Nothing further, Your Honor.

22  Thank you.

23         THE COURT:  And Mr. Zee?

24         MR. ZEE:  No, Your Honor.  Thank you very

25  much.

1            THE COURT:  Very well.  I thank you very

2    much.  You may all be excused.  Thank you.

3         (Proceedings concluded at 3:58 p.m.)

C E R T I F I C A T E

I certify that the foregoing is a correct transcript
from the electronic sound recording of the proceedings
in the above-entitled matter.


/s/_____          December 1, 2014
Stephen C. Bowles