## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICAN SOCIETY FOR TESTING AND MATERIALS d/b/a/ ASTM INTERNATIONAL;<br><br>NATIONAL FIRE PROTECTION ASSOCIATION, INC.; and<br><br>AMERICAN SOCIETY OF HEATING, REFRIGERATING, AND AIR CONDITIONING ENGINEERS,<br><br>Plaintiffs/<br>Counter-Defendants,<br><br>v.<br><br>PUBLIC.RESOURCE.ORG, INC.,<br><br>Defendant/<br>Counter-Plaintiff. | Case No. 1:13-cv-01215-TSC |

## PLAINTIFFS' MOTION TO COMPEL DISCOVERY

## I.     INTRODUCTION

Plaintiffs American Society for Testing and Materials d/b/a/ ASTM International

("ASTM"), National Fire Protection Association, Inc. ("NFPA"), and American Society of

Heating, Refrigerating, and Air Conditioning Engineers ("ASHRAE") (collectively "Plaintiffs"),

are three not-for-profit organizations that develop private-sector standards to advance public

safety, ensure compatibility across products and services, facilitate training, and spur innovation.

Dkt. 1 ¶ 1.  The standards developed by Plaintiffs are original works protected from infringement

under the Copyright Act.  The process of developing standards is costly, and Plaintiffs rely on

revenues from the sales and licensing of their copyrighted standards to help underwrite those

costs.  *Id.* ¶ 136.  Plaintiffs brought this copyright and trademark action to stop Defendant

Public.Resource.Org ("Public Resource") from copying Plaintiffs' copyrighted standards and

posting the entire standards on its public website.  *Id.* ¶ 3.  In addition to posting Plaintiffs' entire

standards on Public Resource's website, Public Resource also encourages the public to make

unauthorized copies of the standards, *id.,* and discovery has revealed that Public Resource

solicits donations based upon its unauthorized copying of Plaintiffs' standards.  Declaration of

Nathan Rehn ("Rehn Decl."), Exs. 1, 4.  Public Resource has asserted several affirmative

defenses, including that Plaintiffs' claims are barred by the fair use doctrine and that Public

Resource purportedly does not "use [Plaintiffs' standards] in commerce."  Dkt. 21, at 48.

Plaintiffs now move to compel Public Resource to produce its communications with its

funders regarding its posting of copyrighted standards on its website.  These documents are

highly relevant to the issues in this case, and they are especially critical in evaluating Public

Resource's affirmative defenses.  Discovery in this case indicates that Public Resource is posting

Plaintiffs' standards online at least in part because, in the words of Public Resource's founder

and president Carl Malamud, doing so "makes it much easier for me to try and raise money."

Rehn Decl. Ex. 1.  This undermines Public Resource's defenses of fair use and lack of use in commerce.  Plaintiffs are entitled to further pursue these facts, but Public Resource has refused to make reasonable efforts to identify and produce documents concerning its standards-related fundraising efforts.  The Court should compel this production.

## II.    BACKGROUND

Plaintiffs served Public Resource with requests for production of documents in February, including requests for Public Resource to produce all "documents relating to communications between you and existing or potential donors regarding Public Resource's plans to copy or post and/or Public Resource's actual copying or posting of any of the Standards at Issue or the standards of any Standards Development Organization on the Public Resource Website."  Rehn Decl. Ex. 2, at 16.  In its initial responses and in discussions between the parties, Public Resource objected on the basis that such documents were irrelevant and refused to produce any documents in response to this request.  Id. at 16-17.

In November, Plaintiffs conducted a deposition of Rebecca Malamud, the wife of Carl Malamud, who Mr. Malamud hired to produce "exact copies" of Plaintiffs' standards for posting on the Internet.  Rehn Decl. Ex. 3.  Several emails between Carl and Rebecca Malamud were introduced as exhibits at the deposition.  These emails indicate that Mr. Malamud has used his posting of Plaintiffs' standards to raise money for his organization.  For instance, in one email Mr. Malamud instructed Ms. Malamud to "make sure we've done any NFPA docs … . Also, we can do any ASTM or ASHRAE docs as well as those are helpful to me in my suit. … Definitely keep plowing away on that stuff … that's the kind of output that makes it much easier for me to try and raise money."  Rehn Decl. Ex. 1.  In another email, Mr. Malamud explained that he could continue paying Ms. Malamud as long as she continued making copies of Plaintiffs' standards, because "what the funders are going to be looking at is our walking through the standards."

2

Rehn Decl. Ex. 4.  These documents support Plaintiffs' argument that Public Resource has a

significant financial interest in its unauthorized copying and posting of Plaintiffs' works.

After the deposition of Ms. Malamud, Plaintiffs renewed their request for Public

Resource to produce its communications with its funders, and informed Public Resource that

they would seek intervention from the Court if the parties could not resolve the issue.  Rehn

Decl. Ex. 5.  Pursuant to Local Rule 7(m), the parties have had two meet-and-confer sessions

over the telephone.  Rehn Decl. ¶ 8.  Public Resource has refused to make any attempt to

identify and produce documents concerning standards-related fundraising generally.  Instead, it

has offered only to produce communications with funders who donated more than $50,000.

Public Resource has not explained why this limit is appropriate, or even how many such funders

it has.  Even within this artificial limit on production, it has insisted that it will redact any

identifying information regarding its funders from these documents.  These responses are

inadequate, and the parties are at an impasse as to whether Public Resource should produce

additional documents concerning this topic.  Plaintiffs now file this motion to compel, which is

opposed by Public Resource.

## III.    ARGUMENT

### A.    Documents Concerning Public Resource's Standards-Related Fundraising Efforts are Highly Relevant to Multiple Issues in this Case.

In defending against Plaintiffs' claims, Public Resource has pleaded the affirmative

defenses of fair use and that it does not use Plaintiffs' standards in commerce.  Dkt. 21 at 48.  To

evaluate these defenses, the factfinder in this case will consider whether Public Resource has a

financial interest in its unauthorized copying and dissemination of Plaintiffs' standards.  The first

element of fair use in the Copyright Act is "the purpose or character of the use, *including*

*whether such use is of a commercial nature*."  17 U.S.C. §107 (emphasis added).  The Supreme

Court has explained that the "crux of the profit/nonprofit distinction is not whether the sole motive of the use is monetary gain but whether the user stands to profit from exploitation of the copyrighted material without paying the customary price." *Harper & Row Publishers, Inc. v. Nation Enters.*, 471 U.S. 539, 562 (1985).  In the context of this case, this means that evidence that Public Resource used its posting of Plaintiffs' standards to raise money is directly relevant to its fair use defense.  By the same token, such evidence is relevant to whether Public Resource has used Plaintiffs' standards in commerce.

**B.      The Court Should Order Public Resource to Make Reasonable Efforts to Identify and Produce Communications with its Funders.**

Public Resource has not provided any persuasive reason why these documents should not be produced.  In discussions between the parties, Public Resource has merely asserted that it would be burdensome to review all of its communications with its funders.  However, Public Resource has made no attempt to quantify the volume of such communications or the degree of burden.  In an attempt to compromise, Plaintiffs proposed the use of certain search terms such as "fundraise", "donate", "give" or "raise" in the same sentence as "money", and "contribute", in an effort to reduce the burden.  But Public Resource has declined to try any such set of search terms, asserting without any explanation that they would be overly burdensome.  Public Resource has refused to do anything more than produce communications with funders that happen to contain the name of one of the Plaintiffs and communications with funders who donated more than $50,000.  It has made no attempt to quantify how many such funders there are, or how much more burdensome it would be to review all its donor communications.  In light of the evidence that Public Resource uses its standards project generally to raise money, it should be required to produce all relevant communications.

C.     **The Court Should Order Public Resource to Produce These Communications in Unredacted Form.**

Even for the limited documents that it has agreed to produce, Public Resource has said that it will redact any identifying information of its donors.  This approach is calculated to prevent discovery of relevant information.  For instance, Plaintiffs assert claims of contributory infringement and for these claims, information about who is using the standards on Public Resource's website is highly relevant.  *See, e.g., Matthew Bender & Co. v. West Publ'g. Co.*, 158 F.3d 693, 706 (2d Cir. 1998) ("[A] database manufacturer may be liable as a contributory infringer (in certain circumstances) for creating a product that assists a user to infringe a copyright directly.").  Public Resource has consistently insisted that its website's users are engaged in fair use, and has suggested that its users may be university professors or researchers.  But it has refused to produce any information about who the actual contributors are, who are giving Public Resource money on the understanding that Public Resource will make copyrighted standards available on its website.  This information is highly relevant as long as Public Resource maintains a fair use defense to Plaintiffs' claims of contributory infringement.

Public Resource has asserted that these redactions are justified by the privacy rights or First Amendment rights of it and its contributors.  Respectfully, these assertions are far-fetched.  The general rule is that liberal discovery should be granted to "ensure that litigation proceeds with the fullest possible knowledge of the issues and facts before trial."  *TIG Ins. Co. v. Firemen's Ins. Co. of Washington, D.C.*, 718 F. Supp. 2d 90, 96 (D.D.C. 2010) (quotations omitted).  Concerns about the privacy of Public Resource's contributors can be dealt with as such concerns are dealt with every day in litigation, through the appropriate designation of material as confidential, within the confines of the protective order the Court has entered in this case.  And Public Resource has no basis to claim a First Amendment privilege in this information.  A party

claiming a First Amendment privilege in response to a discovery request "must at least articulate some resulting encroachment on their liberties" from producing the information, such as that "disclosure of members' identities exposed these members to economic reprisal, loss of employment, threat of physical coercion, and other manifestations of public hostility." *New York State Nat'l Org. for Women v. Terry*, 886 F.2d 1339, 1355 (2d Cir. 1989) (quotations omitted). There is no reason to believe any such risks are present in this case.  Public Resource has not attempted to make any such showing to Plaintiffs, and its assertions of First Amendment privilege should be rejected.

## IV.    CONCLUSION

Plaintiffs respectfully ask the Court to compel production of communications between Public Resource and its existing or potential funders relating to its conduct of placing copies of standards on its public website.  Plaintiffs also respectfully request an oral hearing on this motion.

Dated: December 24, 2014                Respectfully submitted,


                                        /s/ Kelly Klaus

                                        Anjan Choudhury (D.C. Bar: 497271)
                                        Munger, Tolles & Olson LLP
                                        355 South Grand Avenue, 35th Floor
                                        Los Angeles, CA  90071
                                        Tel: 213.683.9100
                                        Email:  Anjan.Choudhury@mto.com

                                        Kelly M. Klaus
                                        Jonathan H. Blavin
                                        Nathan M. Rehn
                                        Munger, Tolles & Olson LLP
                                        560 Mission St., 27th Floor
                                        San Francisco, CA 94105
                                        Tel:  415.512.4000
                                        Email: Kelly.Klaus@mto.com
                                                Jonathan.Blavin@mto.com
                                                Thane.Rehn@mto.com

                                        *Counsel for National Fire Protection Association, Inc.*

                                        /s/ J. Kevin Fee

                                        Michael F. Clayton (D.C. Bar: 335307)
                                        J. Kevin Fee (D.C. Bar: 494016)
                                        Jordana S. Rubel (D.C. Bar: 988423)
                                        Morgan, Lewis & Bockius LLP
                                        1111 Pennsylvania Ave., N.W.
                                        Washington, D.C. 20004
                                        Telephone: 202.739.5215
                                        Email: mclayton@morganlewis.com
                                        jkfee@morganlewis.com
                                        jrubel@morganlewis.com

                                        *Counsel For American Society For Testing And Materials*
                                        *d/b/a/ ASTM International*

                                        /s/ Kenneth Steinthal

7

Jeffrey S. Bucholtz (D.C. Bar: 452385)
King & Spalding LLP
1700 Pennsylvania Avenue, NW, Ste. 200
Washington, DC 20006-4707
Tel: 202.737.0500
Email: jbucholtz@kslaw.com

Kenneth L. Steinthal
Joseph R. Wetzel
King & Spalding LLP
101 Second Street, Ste. 2300
San Francisco, CA 94105
Tel: 415.318.1211
Email: ksteinthal@kslaw.com
jwetzel@kslaw.com

*Counsel for American Society of Heating, Refrigerating,
and Air Conditioning Engineers*

# EXHIBIT 1

From:     Carl Malamud
Sent:     Sat 1/04/2014 12:01 PM (GMT -8)
To:       Rebecca Malamud
Cc:
Bcc:
Subject: Re: SVG and MathML (India and NFPA / Q4)



ok. this works for me. You're not spending a lot on contractors. I just needed to know that. (If you were spending $3k a month on contractors, that obviously would have been an easy place for me to save money. At $1k/month, it's noise.)

Keep uploading to the dropbox. But, do let me know what's coming so that I don't dive in and process things and then see more showing up the next day.

The app is sort of interesting, but doesn't help me in my core work, which is showing that we make the standards better. I'm happy to look at it, I'll tweet it, but it isn't something I'd use.

All the docs you see are, in theory, double-keyed. Of course, they may cheat and do OCR first and then do their QA. In any case, I won't be paying for double-key work for the foreseeable future.

What I *am* getting, at least from India, is full and accurate text inside of the PDF files. So, setting that text into HTML is a possible path.

But, for now, let's take January and February and get as much svg/math done as possible.

Let's also make sure we've done any NFPA docs that are in HTML but not in SVG. Also, we can do any ASTM or ASHRAE docs as well as those are helpful to me in my suit. And, India is useful.

Definitely keep plowing away on that stuff ... that's the kind of output that makes it much easier for me to try and raise money to keep you going for the rest of the year. (The book work is also very valuable to me, but I can't raise money for that.)

The summer thing may or may not happen ... I wouldn't count on it though. Right now, just raising my salary, my overhead, and your $60k is a challenge. I think I'll be able to do it, but I'm definitely running on fumes.


On Jan 4, 2014, at 11:48 AM, Rebecca Malamud <webchick@invisible.net> wrote:

>> I'll take the ones you just sent in and get them ready. Send me the next batch when they're ready.
>> I really wish this stuff were on a reasonable schedule. Nothing for 3 months and then a whole bunch of transactions as a flurry. Doesn't work for me.
>
> I could just upload the files to your server directly ... would that be easier for you?
>
>> You didn't answer my previous question, which was how much of the $5k a month that I'm sending you is being turned around as salary for your contractor? I'm digging really deep to find money for you post-February and I need to understand where my money is going if I'm going to keep digging for you. I'm happy with the work, but I don't understand the finances.
>
> I suppose I could break everything down, however I use my contractor(s) on other things as well. If I had to gauge a rough ballpark estimate, I would say that about $850 - $1200 is paid out monthly to outside contractors trained through my program to do the work. I don't think that is unreasonable, and I do much of the work as well plus manage the project. I have to figure out how to manage my time effectively so I can work on other things related to my business.  You mentioned not having the "Codes of the World" summer program this year, and if that is a strain for you then lets not do the SVG/MathML track.
>

> I also mentioned that my MathML coder is working on an app. I was writing it up if you want to see it. It isn't ready for prime time but it promises to speed up production on that front. Of course, I notice that more and more of the equations are in the code now. I presume it is being keyed in unless that process has switched over to OCR. I found a couple of mistakes that appear to be OCR-related like the one below:

>

> <Screen Shot 2013-12-30 at 9.28.54 AM.png>

>

>> I just went through processing the previous batch. If I knew there were more, I would have waited an hour.  Basically just doubled my work.

>

> I thought you were expecting more India ... sorry!

>

> Becky

>

>

>

> On Jan 4, 2014, at 11:19 AM, Carl Malamud <carl@media.org> wrote:

>

>> I just went through processing the previous batch. If I knew there were more, I would have waited an hour.  Basically just doubled my work.

>>

>> I'll take the ones you just sent in and get them ready. Send me the next batch when they're ready.

>>

>> I really wish this stuff were on a reasonable schedule. Nothing for 3 months and then a whole bunch of transactions as a flurry. Doesn't work for me.

>>

>> You didn't answer my previous question, which was how much of the $5k a month that I'm sending you is being turned around as salary for your contractor? I'm digging really deep to find money for you post-February and I need to understand where my money is going if I'm going to keep digging for you.  I'm happy with the work, but I don't understand the finances.

>>

>> On Jan 4, 2014, at 11:15 AM, Rebecca Malamud <webchick@invisible.net> wrote:

>>

>>> Hi -

>>>

>>> I just placed six new docs in teh Dropbox folder - I just finished proofing them. I thought we would have 11, but some of them were more complex than anticipated (is.3025.04.1983_008_01.svg ... it's the CIE1931 color gamut!).

>>>

>>> I can finish the five in the queue if you like to reach the promised quota of 11 ... do you want me to do that?

>>>

>>> Becky

>>>

>>>

>>> On Jan 3, 2014, at 2:18 PM, Rebecca Malamud <webchick@invisible.net> wrote:

>>>

>>>> Yes - I should have the next delivery at 5PM today ...

>>>>

>>>>

>>>> On Jan 3, 2014, at 2:01 PM, Carl Malamud <carl@media.org> wrote:

>>>>

>>>>> Hi -

>>>>>

>>>>> Just checking that this is still happening? If so, I'll work on it this weekend.

PRO_00042290

>>>>>
>>>>> Carl
>>>>>
>>>>> On Dec 31, 2013, at 3:02 PM, Rebecca Malamud <webchick@invisible.net> wrote:
>>>>>
>>>>>> All are completed (both diagrams and MathML), with the exception of nfpa.nec.2011 - we have about 12 more diagrams to complete on that and we should have that completed by Friday. If you look at the diagrams, you will see that many are very complex. All have been proofed against the original JPG.
>>>>>>
>>>>>
>>>>>
>>>>
>>>
>>>
>>
>>
>

# EXHIBIT 2

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICAN SOCIETY FOR TESTING AND MATERIALS d/b/a/ ASTM INTERNATIONAL; <br><br> NATIONAL FIRE PROTECTION ASSOCIATION, INC.; and <br><br> AMERICAN SOCIETY OF HEATING, REFRIGERATING, AND AIR-CONDITIONING ENGINEERS, INC. <br><br>                  Plaintiffs, <br><br> v. <br><br> PUBLIC.RESOURCE.ORG, INC., <br><br>                  Defendant. | Case No. 1:13-cv-01215-EGS <br><br> **DEFENDANT-COUNTERCLAIMANT PUBLIC.RESOURCE.ORG, INC.'S RESPONSE TO PLAINTIFF-COUNTERDEFENDANTS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS (NOS. 1-35)** <br><br> Filed:   August 6, 2013 |
| PUBLIC.RESOURCE.ORG, INC., <br><br>                  Counterclaimant, <br><br> v. <br><br> AMERICAN SOCIETY FOR TESTING AND MATERIALS d/b/a/ ASTM INTERNATIONAL; <br><br> NATIONAL FIRE PROTECTION ASSOCIATION, INC.; and <br><br> AMERICAN SOCIETY OF HEATING, REFRIGERATING, AND AIR-CONDITIONING ENGINEERS, INC. <br><br>                  Counterdefendants. | |

**PROPOUNDING PARTY**:      Plaintiffs-Counterdefendants American Society for Testing and Materials d/b/a ASTM International; National Fire Protection Association, Inc.; and American Society of Heating, Refrigerating, and Air-Conditioning Engineers, Inc.

**RESPONDING PARTIES**:      Defendant-Counterclaimant Public.Resource.Org, Inc.

**SET NUMBER**:      One (Nos. 1-35)

Defendant-Counterclaimant Public.Resource.Org, Inc. ("Public Resource") responds to Plaintiffs-Counterdefendants American Society for Testing and Materials d/b/a ASTM International; National Fire Protection Association, Inc.; and American Society of Heating, Refrigerating, and Air-Conditioning Engineers, Inc.'s (collectively "Plaintiffs") First Set of Requests for the Production of Documents and Things as follows:

## <u>GENERAL OBJECTIONS</u>

1.      Public Resource objects to the requests to the extent that they are overly broad, unduly burdensome or oppressive, and to the extent they are inconsistent with, or purport to impose obligations on Public Resource beyond those set forth by, the Federal Rules of Civil Procedure, particularly Rule 34(b)(2)(D)-(E), the Local Rules of the U.S. District Court for the District of Columbia, the Federal Rules of Evidence, or any applicable regulations and case law, particularly to the extent that compliance would force Public Resource to incur a substantial expense that outweighs any likely benefit of the discovery. Public Resource's responses, regardless of whether they include a specific objection, do not constitute an adoption or acceptance of the definitions and instructions that Plaintiffs seek to impose.

2.      Public Resource objects to each individual request to the extent that it seeks documents and information that are neither relevant to the Litigation nor reasonably calculated to lead to the discovery of admissible evidence. Such objections may be made to applicable requests in the short form "irrelevant".

3.     Public Resource objects to the requests to the extent that they purport to require production of "all documents" concerning various matters, on grounds that such requests are overly broad, unduly burdensome, duplicative, and seek production of irrelevant documents.  To the extent that Public Resource produces documents in response to such requests, they will be limited to documents sufficient to show matters that are appropriately discoverable.

4.     Public Resource objects to the requests to the extent that they seek documents and information that are not in Public Resource's possession, custody or control.  Public Resource objects to the requests on the grounds that they seek to impose obligations on Public Resource that are unduly burdensome, especially to the extent that the requested materials are publicly available or otherwise equally available to Plaintiffs, or are burdensome to search for or obtain.  To the extent any documents are currently available to the public (including Plaintiffs) on the Public Resource Website, Public Resource expressly reserves the right to request cost-shifting, consistent with Section 14.A of the parties' Joint Meet-And-Confer Report filed on December 30, 2013 (Dkt. No. 29) ("Joint Meet-And-Confer Report"), prior to incurring any cost associated with producing such documents.  Public Resource further objects to the extent that the requests are overbroad.  To the extent that Public Resource agrees to produce any documents, Public Resource will produce only documents in its possession, custody or control.

5.     Public Resource objects to the requests to the extent that they seek documents and information that are protected by the attorney-client privilege, work-product doctrine, common interest privilege, or other applicable privileges or protections.  Public Resource will not produce such documents or information, and any inadvertent production is not a waiver of any applicable privilege or protection.

6.     Public Resource objects to the requests to the extent they purport to require Public Resource to provide more information than the rules and laws of the court require in claiming attorney-client privilege, work product protection, or other privileges or protections.  Furthermore, Public Resource will neither produce nor log privileged communications made between Public Resource and outside counsel, or any documents protected by the work product

2

doctrine after commencement of the Litigation.  All such communications or documents were intended to be confidential and privileged, and they have been treated as such.  In light of the voluminous nature of such communications, including them in Public Resource's privilege log would be unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.

7.     Public Resource objects to the requests on the grounds that they seek documents and information that contain or reflect sensitive private, financial or other non-public information of third parties.  Public Resource will not provide such documents or information until entry of an appropriate protective order.

8.     Public Resource objects to the requests to the extent that they purport to require Public Resource to produce documents or communications containing any information received from a third party under a nondisclosure agreement or other confidentiality obligation, or to the extent they seek documents containing confidential information that would impinge on any right to privacy and free speech of individuals, including, but not limited to, rights conferred by the federal or California state constitutions.  Public Resource also objects to producing the contents of any part of any agreement between it and a third party, which, by its terms, is subject to confidentiality.  Public Resource will provide confidential information only after entry of an appropriate protective order, and only to the extent Public Resource can do so consistently with its legal and confidentiality obligations.

9.      Public Resource objects to the requests, and each and every instruction and definition, to the extent that the scope of materials Plaintiffs seeks is not limited to a relevant and reasonable period of time.  Except as specifically noted, Public Resource's production of documents will be limited to the period between April 13, 2007 and the date of production.

10.     Public Resource objects to each request to the extent it is vague, ambiguous, or fails to describe the requested documents with reasonable particularity, on the grounds that such request requires Public Resource to speculate as to the documents Plaintiffs seek.

3

11. Public Resource objects to the definition of "Public Resource," "Defendant," "You" and "Your" on the grounds that it is vague, ambiguous, overbroad, and unduly burdensome, particularly to the extent that it purports to include any affiliates, assignees, joint ventures, partners, principals, employees, officers, agents, legal representatives or consultants when such persons are acting outside a capacity of representing Public Resource; or any person "purporting to act on [Public Resource's] behalf" who is not an agent of Public Resource.

12. Public Resource objects to the definition of "Plaintiffs' Trademarks" on the grounds that it assumes factual or legal conclusions that have not yet been adjudicated.

13. Public Resource objects to Plaintiffs' Instruction No. 15 to the extent that it is inconsistent with, or purports to impose obligations on Public Resource beyond those set forth by, the Federal Rules of Civil Procedure, particularly Rule 34, the Local Rules of the U.S. District Court for the District of Columbia, the Federal Rules of Evidence, or any applicable regulations and case law.

14. Public Resource objects to each request to the extent that it is unreasonably cumulative and/or redundant of another document request.

15. Public Resource objects to each request to the extent that it is compound, complex or otherwise unintelligible.

16. Public Resource objects to each request to the extent that it calls for a legal conclusion in connection with the identification of potentially responsive documents. Public Resource's responses and/or production of documents pursuant to Plaintiffs' requests shall not be construed as agreement with or the provision of any legal conclusion concerning the meaning or application of any terms used in such requests.

17. Public Resource's statement that it will produce documents in response to any request for production is not a representation that any such documents exist, but rather that responsive, non-privileged documents will be produced if such documents are discovered in the course of a reasonably diligent search, consistent with the General Objections and based upon Public Resource's understanding of the request.

18.     Public Resource objects to the use of the phrases "including but not limited to" and "includes, but is not limited to" as overly broad and unduly burdensome.

19.     Public Resource objects to the requests to the extent they purport to require Public Resource to produce all documents as Concordance upload files, with metadata in an ASCII delimited .dat file.  Consistent with Section 14.A of the Joint Meet-And-Confer Report, Public Resource reserves the right to produce documents in another reasonably usable format, including native format, where appropriate.

20.     Public Resource objects to each request to the extent it seeks to impose any continuing duty to supplement or provide further responses, or otherwise seeks to impose on Defendant discovery obligations exceeding or inconsistent with the Federal Rules of Civil Procedure, the Local Rules of the U.S. District Court for the District of Columbia, the Federal Rules of Evidence, or any applicable regulations and case law.

21.     Public Resource objects to Plaintiffs' instruction that all responsive documents be produced within thirty (30) days after service of Plaintiffs' requests.  Public Resource will produce documents on a rolling basis.

22.     Without waiving any of the foregoing General Objections, each of which is expressly incorporated into each of Public Resource's objections and responses below as if fully stated there, Public Resource responds to each request subject to the following additional express reservation of rights:

       a)      The right to object on any applicable ground to the admission into evidence or other use of any of the documents produced in response to any request at the trial of this matter, at any other proceeding in this matter or in any other action; and

       b)      The right to object on any applicable ground at any time to any demand for further responses to any request or to any other discovery procedures involving or relating to the subject matter of any request.

## RESPONSES AND OBJECTIONS TO REQUESTS FOR PRODUCTION

### REQUEST FOR PRODUCTION NO. 1:

All documents relating to Public Resource obtaining copies of any of the Standards at Issue, or any other standards issued by any Plaintiff.

### RESPONSE TO REQUEST FOR PRODUCTION NO. 1:

Public Resource incorporates here each of the General Objections.  Public Resource objects to the request as overbroad and unduly burdensome, including to the extent it is not limited to a reasonable time period or scope.  Public Resource objects to the request to the extent it seeks information protected by the attorney-client privilege, attorney work product doctrine, or any other applicable privileges or protections.  Public Resource objects that use of the term "standards" renders the request vague and ambiguous.  Public Resource will interpret "standards" to have the meaning set out in Paragraph 12 of the Complaint.  Public Resource objects that use of the term "copies" renders the request vague and ambiguous, requires legal conclusions, and is argumentative with respect to whether an electronic file is a "copy" within the definition in Section 101 of the Copyright Act.

Subject to, and without waiving, the foregoing objections, Public Resource responds as follows:  Public Resource will produce responsive, non-privileged documents that refer to Public Resource obtaining copies of standards issued by Plaintiffs, to the extent such documents exist and can be located after a reasonable search for documents in Public Resource's possession, custody or control.

### REQUEST FOR PRODUCTION NO. 2:

All licenses, including but not limited to shrinkwrap or clickwrap licenses, that Public Resource entered into in connection with obtaining copies of any of the Standards at Issue, or any other standards issued by any Plaintiff.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

Public Resource incorporates here each of the General Objections.  Public Resource objects to the request as overbroad and unduly burdensome, including to the extent it is not limited to a reasonable time period or scope.  Public Resource objects that use of the term "standards" renders the request vague and ambiguous.  Public Resource will interpret "standards" to have the meaning set out in Paragraph 12 of the Complaint.  Public Resource further objects that use of the terms "shrinkwrap" and "clickwrap" renders the request vague and ambiguous and impermissibly requires Public Resource to speculate as to the documents Plaintiffs seek.  Public Resource objects that use of the term "copies" renders the request vague and ambiguous, requires legal conclusions, and is argumentative with respect to whether an electronic file is a "copy" within the definition in Section 101 of the Copyright Act.  Public Resource objects to this request as unreasonably duplicative of Request No. 1.

Subject to, and without waiving, the foregoing objections, and to the extent Public Resource understands the request, Public Resource responds that it is not aware of any responsive documents.


**REQUEST FOR PRODUCTION NO. 3:**

All documents relating to Public Resource's copying of any of the Standards at Issue, or any other standards issued by any Plaintiff.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

Public Resource incorporates here each of the General Objections.  Public Resource objects to the request as overbroad and unduly burdensome, including to the extent it is not limited to a reasonable time period or scope.  Public Resource objects to the request to the extent it seeks information protected by the attorney-client privilege, attorney work product doctrine, or any other applicable privileges or protections.  Public Resource objects that use of the term "standards" renders the request vague and ambiguous.  Public Resource will interpret "standards" to have the meaning set out in Paragraph 12 of the Complaint.  Public Resource

objects that use of the term "copying" renders the request vague and ambiguous, requires legal conclusions, and is argumentative with respect to whether an electronic file is a "copy" within the definition in Section 101 of the Copyright Act.

Subject to, and without waiving, the foregoing objections, Public Resource responds as follows:  Public Resource will produce responsive, non-privileged documents that refer to Public Resource copying standards issued by Plaintiffs, to the extent such documents exist and can be located after a reasonable search for documents in Public Resource's possession, custody or control.

**REQUEST FOR PRODUCTION NO. 4:**

All documents relating to Public Resource's posting of copies of any Standards at Issue, or any other standards issued by any Plaintiff, on the Public Resource Website or the Internet Archive Website.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

Public Resource incorporates here each of the General Objections.  Public Resource objects to the request as overbroad and unduly burdensome, including to the extent it is not limited to a reasonable time period or scope.  Public Resource objects to the request to the extent it seeks information protected by the attorney-client privilege, attorney work product doctrine, or any other applicable privileges or protections.  Public Resource objects that use of the term "standards" renders the request vague and ambiguous.  Public Resource will interpret "standards" to have the meaning set out in Paragraph 12 of the Complaint.  Public Resource objects that use of the term "copies" renders the request vague and ambiguous, requires legal conclusions, and is argumentative with respect to whether an electronic file is a "copy" within the definition in Section 101 of the Copyright Act.  Public Resource objects to the request as oppressive and unduly burdensome to the extent that it seeks documents that are equally available to Plaintiffs from public sources, including but not limited to the Public Resource Website and the Internet Archive Website.  Public Resource objects to the Request to the extent

that it purports to require production of documents not in Public Resource's possession, custody or control.

Subject to, and without waiving, the foregoing objections, Public Resource responds as follows:  Public Resource will produce responsive, non-privileged documents that reference standards issued by Plaintiffs that are available on the Public Resource Website, including the archived version of the Public Resource Website available on the Internet Archive Website, to the extent such documents exist and can be located after a reasonable search for documents in Public Resource's possession, custody or control.

**REQUEST FOR PRODUCTION NO. 5:**

All documents relating to any use by Public Resource of Plaintiffs' Trademarks, regardless of whether you consider it to be a use in commerce, a trademark use, or a fair use.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

Public Resource incorporates here each of the General Objections.  Public Resource objects to the request as overbroad and unduly burdensome, including to the extent it is not limited to a reasonable time period or scope.  Public Resource objects to the request to the extent it seeks information protected by the attorney-client privilege, attorney work product doctrine, or any other applicable privileges or protections.  Public Resource objects that the request is overbroad, oppressive, unduly burdensome, vague and ambiguous to the extent it purports to require the production of "all" documents related to "any use" of Plaintiffs' Trademarks and fails to specify the documents sought with reasonable particularity.  Public Resource objects that the request is vague and ambiguous and impermissibly requires Public Resource to speculate as to the documents Plaintiffs seek, including to the extent the definition of "Plaintiffs' Trademarks" renders the meaning of the phrase "any use by Public Resource of Plaintiffs' Trademarks" vague, ambiguous, circular and unintelligible and requires Public Resource to assume facts or legal conclusions not yet adjudicated.  Public Resource objects to the request as oppressive and unduly burdensome to the extent that it seeks documents that are equally available to Plaintiffs from

9

public sources, including but not limited to the Public Resource Website and the Internet Archive Website.

Subject to, and without waiving, the foregoing objections, and to the extent that Public Resource understands the request, Public Resource responds as follows:  Public Resource will produce responsive, non-privileged documents containing Plaintiffs' names and logos, to the extent such documents exist and can be located after a reasonable search for documents in Public Resource's possession, custody or control.

**REQUEST FOR PRODUCTION NO. 6:**

All documents relating to Public Resource's efforts to reformat any Standards at Issue, or any other standards issued by any Plaintiff, including by rekeying text, converting graphics, resetting mathematical formulas, or adding metadata to the document headers. This request includes, but is not limited to, documents concerning the processes employed by Public Resource and any quality control measures Public Resource used to prevent the content of the Standards at Issue from being altered.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

Public Resource incorporates here each of the General Objections.  Public Resource objects to the request to the extent it seeks information protected by the attorney-client privilege, attorney work product doctrine, or any other applicable privileges or protections.  Public Resource objects that use of the term "standards" renders the request vague and ambiguous. Public Resource will interpret "standards" to have the meaning set out in Paragraph 12 of the Complaint.  Public Resource objects that use of the terms "rekeying text", "converting graphics", and "resetting mathematical formulas" renders the request vague and ambiguous and impermissibly requires Public Resource to speculate as to the documents Plaintiffs seek.  Public Resource objects that the request is compound, complex and unintelligible.  Public Resource objects to the Request to the extent that it assumes facts or legal conclusions not yet adjudicated.

Subject to, and without waiving, the foregoing objections, and to the extent Public Resource understands the request, Public Resource responds as follows:  Public Resource will produce responsive, non-privileged documents sufficient to explain the process employed by Public Resource to reformat standards issued by Plaintiffs, if any, to the extent such documents exist and can be located after a reasonable search for documents in Public Resource's possession, custody or control.

**REQUEST FOR PRODUCTION NO. 7:**

Documents sufficient to show the number of times each of the Standards at Issue has been viewed and/or downloaded from the Public Resource Website.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

Public Resource incorporates here each of the General Objections.  Public Resource objects to the request to the extent it seeks information protected by the attorney-client privilege, attorney work product doctrine, or any other applicable privileges or protections.  Public Resource objects to the request to the extent it seeks information whose disclosure would impinge on any right of privacy or free speech or free association, including, but not limited to, rights conferred by the Constitution.  Public Resource objects to the request as overbroad and unduly burdensome to the extent it purports to require Public Resource to furnish website statistics not reasonably available to it.  Public Resource objects to the Request to the extent that it assumes facts not yet adjudicated.

Subject to, and without waiving, the foregoing objections, Public Resource responds as follows:  Public Resource will produce a report specifying the numbers of times each Standard at Issue was downloaded per month for the period from April 13, 2007 to the date of production.

11

**REQUEST FOR PRODUCTION NO. 8:**

Documents sufficient to show the sources and amounts of all financial contributions Public Resource has received since the date when it first posted a copy of any of the Standards at Issue on the Public Resource Website.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

Public Resource incorporates here each of the General Objections.  Public Resource objects that the request seeks irrelevant documents.  Public Resource objects to the request to the extent it seeks information protected by the attorney-client privilege, attorney work product doctrine, or any other applicable privileges or protections.  Public Resource objects that use of the term "financial contributions" renders the request vague and ambiguous.  Public Resource will interpret "financial contributions" to mean donations.  Public Resource objects that use of the term "copy" renders the request vague and ambiguous, requires legal conclusions, and is argumentative with respect to whether an electronic file is a "copy" within the definition in Section 101 of the Copyright Act.  Public Resource objects to the request to the extent it seeks information whose disclosure would impinge on any right of privacy or free speech or free association, including, but not limited to, rights conferred by the Constitution.  Public Resource will not produce documents that identify its donors.  Public Resource objects to the Request to the extent that it assumes facts or legal conclusions not yet adjudicated.

Subject to, and without waiving, the foregoing objections, Public Resource responds as follows:  Public Resource will produce non-privileged documents sufficient to identify the date and amount of donations that specifically mention the Standards at Issue and that were received by Public Resource since the Standards at Issue first became available through the Public Resource Website, to the extent such donations exist and can be located after a reasonable search for documents in Public Resource's possession, custody or control.

**REQUEST FOR PRODUCTION NO. 9:**

Documents sufficient to identify the sources and amounts of all donations or revenues received via the Public Resource Website since the date when Public Resource first posted a copy of any of the Standards at Issue on the Public Resource Website.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

Public Resource incorporates here each of the General Objections.  Public Resource objects to the request as overbroad and unduly burdensome, including to the extent it is not limited to a reasonable time period or scope.  Public Resource objects that the request seeks irrelevant documents.  Public Resource objects to the request to the extent it seeks information protected by the attorney-client privilege, attorney work product doctrine, or any other applicable privileges or protections.  Public Resource objects that use of the term "copy" renders the request vague and ambiguous, requires legal conclusions, and is argumentative with respect to whether an electronic file is a "copy" within the definition in Section 101 of the Copyright Act.  Public Resource objects to the request to the extent it seeks information whose disclosure would impinge on any right of privacy or free speech or free association, including, but not limited to, rights conferred by the Constitution.  Public Resource will not produce documents that identify its donors.  Public Resource objects to the Request to the extent that it assumes facts or legal conclusions not yet adjudicated.  Public Resource objects to this request as unreasonably duplicative of Request No. 8.

Subject to, and without waiving, the foregoing objections, Public Resource responds as follows:  Public Resource will produce non-privileged documents sufficient to identify the date and amount of donations and revenue that specifically mention the Standards at Issue and that were received by Public Resource via the Public Resource Website since the Standards at Issue first became available through the Public Resource Website, to the extent such donations and revenue exist and can be located after a reasonable search for documents in Public Resource's possession, custody or control.

**REQUEST FOR PRODUCTION NO. 10:**

All documents referring or relating to, or comprising statements, inquiries, comments, or other communications by or from employees, customers, distributors, suppliers, or others, relating to the similarity or dissimilarity of the standards posted by Public Resource and the Standards at Issue or any logos relating thereto, or evidencing any confusion, suspicion, belief, or doubt on the part of said third parties as to the relationship either between Public Resource and one or more of Plaintiffs or between their respective products or services, including any misdirected complaints or inquiries.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

Public Resource incorporates here each of the General Objections.  Public Resource objects to the request as overbroad and unduly burdensome, including to the extent it is not limited to a reasonable time period or scope.  Public Resource objects to the request to the extent it seeks information protected by the attorney-client privilege, attorney work product doctrine, or any other applicable privileges or protections.  Public Resource objects that use of the terms "similarity" and "dissimilarity" renders the request vague and ambiguous.  Public Resource objects that use of the terms "evidencing," "confusion", "suspicion", "belief" and "doubt" renders the request vague, ambiguous and unintelligible and purports to require Public Resource to speculate as to the beliefs of third parties.  Public Resource objects to the Request to the extent that it purports to require production of documents not in Public Resource's possession, custody or control.  Public Resource objects that the request is compound, complex and unintelligible. Public Resource objects to the Request to the extent that it assumes facts or legal conclusions not yet adjudicated.

Subject to, and without waiving, the foregoing objections, and to the extent Public Resource understands the request, Public Resource responds as follows:  Public Resource will produce responsive, non-privileged communications comparing the standards available through the Public Resource Website to the Standards at Issue, as well as any responsive, non-privileged communications sent to Public Resource but addressed to one or more of Plaintiffs, to the extent

such documents exist and can be located after a reasonable search for documents in Public Resource's possession, custody or control.

**REQUEST FOR PRODUCTION NO. 11:**

All documents relating to communications regarding the Litigation.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

Public Resource incorporates here each of the General Objections.  Public Resource objects to the request as overbroad and unduly burdensome, including to the extent it is not limited to a reasonable time period or scope.  Public Resource objects that the request is overbroad, oppressive, unduly burdensome, vague and ambiguous to the extent it purports to require the production of "all" documents related to the "Litigation" and fails to specify the documents sought with reasonable particularity.  Public Resource objects to the request to the extent it seeks information protected by the attorney-client privilege, attorney work product doctrine, or any other applicable privileges or protections.  Consistent with General Objection No. 6, Public Resource will neither produce nor log privileged communications made between Public Resource and outside counsel, as well as documents protected by the work product doctrine or other privileges, to the extent they occurred or were made or created after commencement of the Litigation.  Public Resource objects to the request to the extent it seeks information whose disclosure would impinge on any right of privacy or free speech or free association, including, but not limited to, rights conferred by the Constitution.  Public Resource objects to the Request to the extent that it purports to require production of documents not in Public Resource's possession, custody or control.  Public Resource objects to the request as oppressive and unduly burdensome to the extent that it seeks documents that are equally available to Plaintiffs from public or other sources, including but not limited to the Public Resource Website.  Public Resource objects that the request is unreasonably duplicative of each and every other request.

Subject to, and without waiving, the foregoing objections, and to the extent Public Resource understands the request, Public Resource will produce nonprivileged documents in response to this request, to the extent that such documents are not readily available to Plaintiffs from public sources. To the extent that such documents implicate communications with third parties, Public Resource shall produce such documents only after affording such third parties notice and the opportunity to object.

**REQUEST FOR PRODUCTION NO. 12:**

All documents relating to communications between You and existing or potential donors regarding Public Resource's plans to copy or post and/or Public Resource's actual copying or posting of any of the Standards at Issue or the standards of any Standards Development Organization on the Public Resource Website.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

Public Resource incorporates here each of the General Objections. Public Resource objects to the request as overbroad and unduly burdensome, including to the extent it is not limited to a reasonable time period or scope. Public Resource objects that the request seeks irrelevant documents. Public Resource objects that use of the undefined term "Standards Development Organization" renders the request vague, ambiguous and unintelligible, as well as overbroad, oppressive and unduly burdensome to the extent it purports to require the production of "all" documents related to copying or posting the standards of "any" Standards Development Organization. Public Resource objects that use of the term "potential donors" renders the request vague and ambiguous. Public Resource will interpret "potential donors" to mean persons from whom Public Resources solicited donations. Public Resource objects that use of the terms "copy" and "copying" renders the request vague and ambiguous, requires legal conclusions, and is argumentative with respect to whether an electronic file is a "copy" within the definition in Section 101 of the Copyright Act. Public Resource objects to the request to the extent it seeks information protected by the attorney-client privilege, attorney work product doctrine, or any

16

other applicable privileges or protections.  Public Resource objects to the request to the extent it seeks information whose disclosure would impinge on any right of privacy or free speech or free association, including, but not limited to, rights conferred by the Constitution.  Public Resource objects to this request as unreasonably duplicative of Request Nos. 3 and 4.

Subject to, and without waiving, the foregoing objections, and to the extent Public Resource understands the request, Public Resource will not produce documents in response to this request.

**REQUEST FOR PRODUCTION NO. 13:**

All documents relating to any communications sent or received by You, including between You and any governmental agency or legislative body, regarding incorporation of standards or codes by reference into any government laws, statutes, regulations, or ordinances.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

Public Resource incorporates here each of the General Objections.  Public Resource objects to the request as overbroad and unduly burdensome, including to the extent it is not limited to a reasonable time period or scope.  Public Resource objects that use of the terms "standards" and "codes" renders the request vague and ambiguous.  Public Resource will interpret "standards" to have the meaning set out in Paragraph 12 of the Complaint.  Public Resource will interpret "codes" to be a synonym of "standards".  Public Resource objects that the request is overbroad, oppressive, unduly burdensome, vague and ambiguous to the extent it purports to require the production of "all" documents related to the "incorporation of standards or codes" and fails to specify the documents sought with reasonable particularity.  Public Resource objects to the request to the extent it seeks information protected by the attorney-client privilege, attorney work product doctrine, or any other applicable privileges or protections.

Subject to, and without waiving, the foregoing objections, and to the extent Public Resource understands the request, Public Resource responds as follows:  Public Resource will produce responsive, non-privileged communications sent to or by Public Resource referring to

the incorporation by reference of standards issued by Plaintiffs into any government laws, statutes, regulations, or ordinances, to the extent such documents exist and can be located after a reasonable search for documents in Public Resource's possession, custody or control.

**REQUEST FOR PRODUCTION NO. 14:**

All documents identified in your responses to interrogatories or your initial disclosures in this Litigation.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

Public Resource incorporates here each of the General Objections.  Public Resource objects to the request to the extent it seeks information protected by the attorney-client privilege, attorney work product doctrine, or any other applicable privileges or protections.  Public Resource objects to the Request to the extent that it purports to require production of documents not in Public Resource's possession, custody or control.  Public Resource objects to the request as oppressive and unduly burdensome to the extent that it seeks documents that are equally available to Plaintiffs from public and other sources.  Public Resource objects to this request as unreasonably duplicative of other requests.

Subject to, and without waiving, the foregoing objections, Public Resource responds as follows:  Public Resource will produce responsive, non-privileged documents specifically identified in its responses to interrogatories or Rule 26(a) initial disclosures in this Litigation, to the extent such documents exist and can be located after a reasonable search for documents in Public Resource's possession, custody or control.

**REQUEST FOR PRODUCTION NO. 15:**

All documents relating to Public Resource's counterclaims.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

Public Resource incorporates here each of the General Objections.  Public Resource objects to the request as overbroad, oppressive and unduly burdensome to the extent it purports

to require production of "all documents" related to Public Resource's counterclaims without specifying such documents or counterclaims with reasonable particularity.  The request is vague, hopelessly overbroad and impossible to interpret objectively.  Public Resource objects to the request to the extent it seeks information protected by the attorney-client privilege, attorney work product doctrine, or any other applicable privileges or protections.  Public Resource objects to the Request to the extent that it purports to require production of documents not in Public Resource's possession, custody or control.  Public Resource objects to the request as oppressive and unduly burdensome to the extent that it seeks documents that are equally available to Plaintiffs from public and other sources.  Public Resource objects to the request to the extent that it purports to require production of documents that have not yet been created or are the subject of ongoing discovery by Public Resource.  Public Resource objects to this request as unreasonably duplicative of each and every other request.

Subject to, and without waiving, the foregoing objections, and to the extent Public Resource understands the request, Public Resource responds that it will not produce any documents in response to this request.


**REQUEST FOR PRODUCTION NO. 16:**

All documents relating to Public Resource's defense that Plaintiffs lack ownership of the copyrights in the Standards at Issue.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

Public Resource incorporates here each of the General Objections.  Public Resource objects to the request as overbroad, oppressive and unduly burdensome to the extent it purports to require production of "all documents" related to Public Resource's defense that Plaintiffs lack ownership of the copyrights in the Standards at Issue without specifying such documents with reasonable particularity.  The request is vague, hopelessly overbroad and impossible to interpret objectively.  Public Resource objects to the request to the extent it seeks information protected by the attorney-client privilege, attorney work product doctrine, or any other applicable

privileges or protections.  Public Resource objects to the Request to the extent that it purports to require production of documents not in Public Resource's possession, custody or control.  Public Resource objects to the request as oppressive and unduly burdensome to the extent that it seeks documents that are equally available to Plaintiffs from public and other sources.  Public Resource objects to the request to the extent that it purports to require production of documents that have not yet been created or are the subject of ongoing discovery by Public Resource. Public Resource objects to this request as unreasonably duplicative of each and every other request.

Subject to, and without waiving, the foregoing objections, and to the extent Public Resource understands the request, Public Resource responds that it will not produce any documents in response to this request.

**REQUEST FOR PRODUCTION NO. 17:**

All documents relating to Public Resource's defense that the doctrine of fair use bars Plaintiffs' copyright claims.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

Public Resource incorporates here each of the General Objections.  Public Resource objects to the request as overbroad, oppressive and unduly burdensome to the extent it purports to require production of "all documents" related to Public Resource's defense that the doctrine of fair use bars Plaintiffs' copyright claims without specifying such documents with reasonable particularity.  The request is vague, hopelessly overbroad and impossible to interpret objectively. Public Resource objects to the request to the extent it seeks information protected by the attorney-client privilege, attorney work product doctrine, or any other applicable privileges or protections.  Public Resource objects to the Request to the extent that it purports to require production of documents not in Public Resource's possession, custody or control.  Public Resource objects to the request as oppressive and unduly burdensome to the extent that it seeks documents that are equally available to Plaintiffs from public and other sources.  Public

Resource objects to the request to the extent that it purports to require production of documents that have not yet been created or are the subject of ongoing discovery by Public Resource. Public Resource objects to this request as unreasonably duplicative of each and every other request.

Subject to, and without waiving, the foregoing objections, and to the extent Public Resource understands the request, Public Resource responds that it will not produce any documents in response to this request.

**REQUEST FOR PRODUCTION NO. 18:**

All documents relating to Public Resource's defense that the doctrine of copyright misuse bars Plaintiffs' copyright claims.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

Public Resource incorporates here each of the General Objections. Public Resource objects to the request as overbroad, oppressive and unduly burdensome to the extent it purports to require production of "all documents" related to Public Resource's defense that the doctrine of copyright misuse bars Plaintiffs' copyright claims without specifying such documents with reasonable particularity. The request is vague, hopelessly overbroad and impossible to interpret objectively. Public Resource objects to the request to the extent it seeks information protected by the attorney-client privilege, attorney work product doctrine, or any other applicable privileges or protections. Public Resource objects to the Request to the extent that it purports to require production of documents not in Public Resource's possession, custody or control. Public Resource objects to the request as oppressive and unduly burdensome to the extent that it seeks documents that are equally available to Plaintiffs from public and other sources. Public Resource objects to the request to the extent that it purports to require production of documents that have not yet been created or are the subject of ongoing discovery by Public Resource. Public Resource objects to this request as unreasonably duplicative of each and every other request.

Subject to, and without waiving, the foregoing objections, and to the extent Public Resource understands the request, Public Resource responds that it will not produce any documents in response to this request.


**REQUEST FOR PRODUCTION NO. 19:**

All documents relating to Public Resource's defense that Defendant's lack of use in commerce bars Plaintiffs' trademark claims.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

Public Resource incorporates here each of the General Objections. Public Resource objects to the request as overbroad, oppressive and unduly burdensome to the extent it purports to require production of "all documents" related to Public Resource's defense that Defendant's lack of use in commerce bars Plaintiffs' trademark claims without specifying such documents with reasonable particularity. The request is vague, hopelessly overbroad and impossible to interpret objectively. Public Resource objects to the request to the extent it seeks information protected by the attorney-client privilege, attorney work product doctrine, or any other applicable privileges or protections. Public Resource objects to the Request to the extent that it purports to require production of documents not in Public Resource's possession, custody or control. Public Resource objects to the request as oppressive and unduly burdensome to the extent that it seeks documents that are equally available to Plaintiffs from public and other sources. Public Resource objects to the request to the extent that it purports to require production of documents that have not yet been created or are the subject of ongoing discovery by Public Resource. Public Resource objects to this request as unreasonably duplicative of each and every other request.

Subject to, and without waiving, the foregoing objections, and to the extent Public Resource understands the request, Public Resource responds that it will not produce any documents in response to this request.

**REQUEST FOR PRODUCTION NO. 20:**

All documents relating to Public Resource's defense that lack of likelihood of confusion bars Plaintiffs' trademark claims.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

Public Resource incorporates here each of the General Objections.  Public Resource objects to the request as overbroad, oppressive and unduly burdensome to the extent it purports to require production of "all documents" related to Public Resource's defense that lack of likelihood of confusion bars Plaintiffs' trademark claims without specifying such documents with reasonable particularity.  The request is vague, hopelessly overbroad and impossible to interpret objectively.  Public Resource objects to the request to the extent it seeks information protected by the attorney-client privilege, attorney work product doctrine, or any other applicable privileges or protections.  Public Resource objects to the Request to the extent that it purports to require production of documents not in Public Resource's possession, custody or control.  Public Resource objects to the request as oppressive and unduly burdensome to the extent that it seeks documents that are equally available to Plaintiffs from public and other sources.  Public Resource objects to the request to the extent that it purports to require production of documents that have not yet been created or are the subject of ongoing discovery by Public Resource.  Public Resource objects to this request as unreasonably duplicative of each and every other request.  Public Resource objects that the request is argumentative because Plaintiffs bear the burden of establishing likelihood of confusion, and even an absence of documents does not undermine Public Resource's defense.

Subject to, and without waiving, the foregoing objections, and to the extent Public Resource understands the request, Public Resource responds that it will not produce any documents in response to this request.

**REQUEST FOR PRODUCTION NO. 21:**

All documents relating to Public Resource's defense that the doctrine of fair use bars Plaintiffs' trademark claims.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 21:**

Public Resource incorporates here each of the General Objections.  Public Resource objects to the request as overbroad, oppressive and unduly burdensome to the extent it purports to require production of "all documents" related to Public Resource's defense that the doctrine of fair use bars Plaintiffs' trademark claims without specifying such documents with reasonable particularity.  The request is vague, hopelessly overbroad and impossible to interpret objectively. Public Resource objects to the request to the extent it seeks information protected by the attorney-client privilege, attorney work product doctrine, or any other applicable privileges or protections.  Public Resource objects to the Request to the extent that it purports to require production of documents not in Public Resource's possession, custody or control.  Public Resource objects to the request as oppressive and unduly burdensome to the extent that it seeks documents that are equally available to Plaintiffs from public and other sources.  Public Resource objects to the request to the extent that it purports to require production of documents that have not yet been created or are the subject of ongoing discovery by Public Resource. Public Resource objects to this request as unreasonably duplicative of each and every other request.

Subject to, and without waiving, the foregoing objections, and to the extent Public Resource understands the request, Public Resource responds that it will not produce any documents in response to this request.

**REQUEST FOR PRODUCTION NO. 22:**

All documents relating to Public Resource's defense that the doctrine of trademark misuse bars Plaintiffs' trademark claims.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 22:**

Public Resource incorporates here each of the General Objections.  Public Resource objects to the request as overbroad, oppressive and unduly burdensome to the extent it purports to require production of "all documents" related to Public Resource's defense that the doctrine of trademark misuse bars Plaintiffs' trademark claims without specifying such documents with reasonable particularity.  The request is vague, hopelessly overbroad and impossible to interpret objectively.  Public Resource objects to the request to the extent it seeks information protected by the attorney-client privilege, attorney work product doctrine, or any other applicable privileges or protections.  Public Resource objects to the Request to the extent that it purports to require production of documents not in Public Resource's possession, custody or control.  Public Resource objects to the request as oppressive and unduly burdensome to the extent that it seeks documents that are equally available to Plaintiffs from public and other sources.  Public Resource objects to the request to the extent that it purports to require production of documents that have not yet been created or are the subject of ongoing discovery by Public Resource. Public Resource objects to this request as unreasonably duplicative of each and every other request.

Subject to, and without waiving, the foregoing objections, and to the extent Public Resource understands the request, Public Resource responds that it will not produce any documents in response to this request.

**REQUEST FOR PRODUCTION NO. 23:**

All documents relating to Public Resource's defense that waiver and estoppel bars Plaintiffs' claims.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 23:**

Public Resource incorporates here each of the General Objections.  Public Resource objects to the request as overbroad, oppressive and unduly burdensome to the extent it purports to require production of "all documents" related to Public Resource's defense that waiver and

estoppel bars Plaintiffs' claims without specifying such documents with reasonable particularity. The request is vague, hopelessly overbroad and impossible to interpret objectively.  Public Resource objects to the request to the extent it seeks information protected by the attorney-client privilege, attorney work product doctrine, or any other applicable privileges or protections. Public Resource objects to the Request to the extent that it purports to require production of documents not in Public Resource's possession, custody or control.  Public Resource objects to the request as oppressive and unduly burdensome to the extent that it seeks documents that are equally available to Plaintiffs from public and other sources.  Public Resource objects to the request to the extent that it purports to require production of documents that have not yet been created or are the subject of ongoing discovery by Public Resource.  Public Resource objects to this request as unreasonably duplicative of each and every other request.

Subject to, and without waiving, the foregoing objections, and to the extent Public Resource understands the request, Public Resource responds that it will not produce any documents in response to this request.

## REQUEST FOR PRODUCTION NO. 24:

All documents relating to Public Resource's defense that lack of irreparable injury bars Plaintiffs' demand for an injunction.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 24:

Public Resource incorporates here each of the General Objections.  Public Resource objects to the request as overbroad, oppressive and unduly burdensome to the extent it purports to require production of "all documents" related to Public Resource's defense that defense that lack of irreparable injury bars Plaintiffs' demand for an injunction.  The request is vague, hopelessly overbroad and impossible to interpret objectively.  Public Resource objects to the request to the extent it seeks information protected by the attorney-client privilege, attorney work product doctrine, or any other applicable privileges or protections.  Public Resource objects to the Request to the extent that it purports to require production of documents not in Public

Resource's possession, custody or control.  Public Resource objects to the request as oppressive

and unduly burdensome to the extent that it seeks documents that are equally available to

Plaintiffs from public and other sources.  Public Resource objects to the request to the extent that

it purports to require production of documents that have not yet been created or are the subject of

ongoing discovery by Public Resource.  Public Resource objects to this request as unreasonably

duplicative of each and every other request.  Public Resource objects that the request is

argumentative because Plaintiffs bear the burden of establishing irreparable injury, and even an

absence of documents does not undermine Public Resource's defense.

Subject to, and without waiving, the foregoing objections, and to the extent Public

Resource understands the request, Public Resource responds that it will not produce any

documents in response to this request.


**REQUEST FOR PRODUCTION NO. 25:**

All documents relating to Public Resource's defense that an injunction would greatly

harm the public interest.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 25:**

Public Resource incorporates here each of the General Objections.  Public Resource

objects to the request as overbroad, oppressive and unduly burdensome to the extent it purports

to require production of "all documents" related to Public Resource's defense that an injunction

would greatly harm the public interest without specifying such documents with reasonable

particularity.  The request is vague, hopelessly overbroad and impossible to interpret objectively.

Public Resource objects to the request to the extent it seeks information protected by the

attorney-client privilege, attorney work product doctrine, or any other applicable privileges or

protections.  Public Resource objects to the Request to the extent that it purports to require

production of documents not in Public Resource's possession, custody or control.  Public

Resource objects to the request as oppressive and unduly burdensome to the extent that it seeks

documents that are equally available to Plaintiffs from public and other sources.  Public

27

Resource objects to the request to the extent that it purports to require production of documents that have not yet been created or are the subject of ongoing discovery by Public Resource. Public Resource objects to this request as unreasonably duplicative of each and every other request. Public Resource objects that the request is argumentative because Plaintiffs bear the burden of establishing that an injunction would benefit the public interest, and even an absence of documents does not undermine Public Resource's defense.

Subject to, and without waiving, the foregoing objections, and to the extent Public Resource understands the request, Public Resource responds that it will not produce any documents in response to this request.


**REQUEST FOR PRODUCTION NO. 26:**

All documents and things not produced in response to another document request that Public Resource intends to introduce or rely upon in the present litigation.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 26:**

Public Resource incorporates here each of the General Objections. Public Resource objects to the request as overbroad, oppressive and unduly burdensome to the extent it is not reasonably limited in time or scope and fails to specify the documents sought with reasonable particularity. Public Resource objects to the request to the extent it seeks information protected by the attorney-client privilege, attorney work product doctrine, or any other applicable privileges or protections. Public Resource objects to the Request to the extent that it purports to require production of documents not in Public Resource's possession, custody or control. Public Resource objects to the request as oppressive and unduly burdensome to the extent that it seeks documents that are equally available to Plaintiffs from public and other sources. Public Resource objects to the request to the extent that it purports to require production of documents that have not yet been created or are the subject of ongoing discovery by Public Resource. Public Resource expressly reserves the right to supplement its objections and responses during the course of discovery.

**REQUEST FOR PRODUCTION NO. 27:**

Documents sufficient to show any policy of Public Resource for the retention or destruction of records, documents, or files.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 27:**

Public Resource incorporates here each of the General Objections.  Public Resource objects to the request as overbroad, oppressive and unduly burdensome to the extent it is not reasonably limited in time or scope.  Public Resource objects to the request to the extent it seeks information protected by the attorney-client privilege, attorney work product doctrine, or any other applicable privileges or protections.

Subject to, and without waiving, the foregoing objections, Public Resource will produce non-privileged Public Resource document retention policies in place at the commencement of this Litigation, if any.

**REQUEST FOR PRODUCTION NO. 28:**

All documents relating to any Plaintiff.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 28:**

Public Resource incorporates here each of the General Objections.  Public Resource objects to the request as overbroad, oppressive and unduly burdensome to the extent it is not reasonably limited in time or scope and purports to require production of "all documents" related to "any" Plaintiff without specifying such documents with reasonable particularity.  Public Resource objects to the request to the extent it seeks information protected by the attorney-client privilege, attorney work product doctrine, or any other applicable privileges or protections. Public Resource objects to the Request to the extent that it purports to require production of documents not in Public Resource's possession, custody or control.  Public Resource objects to the request as oppressive and unduly burdensome to the extent that it seeks documents that are equally available to Plaintiffs from public and other sources.  Public Resource objects to the

request to the extent that it purports to require production of documents that have not yet been created or are the subject of ongoing discovery.  Public Resource expressly reserves the right to supplement its objections and responses to the extent it discovers additional documents that may support Public Resource's defense that an injunction would greatly harm the public interest. Public Resource objects to this request as unreasonably duplicative of each and every other request.

Subject to, and without waiving, the foregoing objections, Public Resource responds as follows:  Public Resource will produce responsive, non-privileged documents that expressly refer to the name of any Plaintiff, to the extent such documents exist, relate to the matters specifically alleged in the Complaint, and can be located after a reasonable search for documents in Public Resource's possession, custody or control, subject to Plaintiffs' agreement that they will produce all documents relating to Public Resource.


**REQUEST FOR PRODUCTION NO. 29:**

All current and past webpages from the Public Resource Website containing any reference to any Plaintiff, including all webpages that post or contain links to any of the Standards at Issue, or any other standards issued by any Plaintiff.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 29:**

Public Resource incorporates here each of the General Objections.  Public Resource objects to the request as overbroad and unduly burdensome, including to the extent it is not limited to a reasonable time period or scope.  Public Resource objects that use of the term "standards" renders the request vague and ambiguous.  Public Resource will interpret "standards" to have the meaning set out in Paragraph 12 of the Complaint.  Public Resource objects to the request as oppressive and unduly burdensome to the extent that it seeks documents that are equally available to Plaintiffs from public sources, including but not limited to webpages currently available on the Public Resource Website.  Public Resource objects that the volume of documents that are likely to be responsive to the request renders the request oppressive and

unduly burdensome to the extent that Instruction No. 28 purports to require Public Resource to produce documents as Concordance upload files, with metadata in an ASCII delimited .dat file. Consistent with General Objection No. 19, Public Resource will produce responsive, non-privileged documents, if any, in another reasonably usable format.

Subject to, and without waiving, the foregoing objections, Public Resource responds as follows:  Public Resource will produce current and past webpages from the Public Resource Website that contain any reference to any Plaintiff or any standards issued by any Plaintiff, to the extent such documents still exist and can be located after a reasonable search for documents in Public Resource's possession, custody or control.  To the extent such webpages are currently available to the public (including Plaintiffs) on the Public Resource Website or the Internet Archive Website, Public Resource expressly reserves the right to request cost-shifting, consistent with Section 14.A of the Joint Meet-and-Confer Report,  prior to incurring any cost associated with producing such documents.

**REQUEST FOR PRODUCTION NO. 30:**

All documents, including statements, press releases, or other communications, relating to any decision by Public Resource to post any of the Standards at Issue, or any other standards issued by any Plaintiff, on the Public Resource Website.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 30:**

Public Resource incorporates here each of the General Objections.  Public Resource objects to the request as overbroad and unduly burdensome, including to the extent it is not limited to a reasonable scope.  Public Resource objects to the request to the extent it seeks information protected by the attorney-client privilege, attorney work product doctrine, or any other applicable privileges or protections.  Public Resource objects that use of the term "standards" renders the request vague and ambiguous.  Public Resource will interpret "standards" to have the meaning set out in Paragraph 12 of the Complaint.

Subject to, and without waiving, the foregoing objections, Public Resource responds as follows:  Public Resource will produce responsive, non-privileged documents referring to any decision by Public Resource to post on the Public Resource Website any standards issued by Plaintiffs, to the extent such documents exist and can be located after a reasonable search for documents in Public Resource's possession, custody or control.

**REQUEST FOR PRODUCTION NO. 31:**

All documents relating to any download from the Public Resource Website of any of the Standards at Issue, or any other standards issued by any Plaintiff.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 31:**

Public Resource incorporates here each of the General Objections.  Public Resource objects to the request as overbroad and unduly burdensome, including to the extent it is not limited to a reasonable scope.  Public Resource objects to the request to the extent it seeks information protected by the attorney-client privilege, attorney work product doctrine, or any other applicable privileges or protections.  Public Resource objects that use of the term "standards" renders the request vague and ambiguous.  Public Resource will interpret "standards" to have the meaning set out in Paragraph 12 of the Complaint.  Public Resource objects that use of the term "download" renders the request vague, ambiguous and unintelligible.  Public Resource objects to this request as unreasonably duplicative of Request No. 7.

Subject to, and without waiving, the foregoing objections, Public Resource responds that documents responsive to this request will be produced in response to Request No. 7.

**REQUEST FOR PRODUCTION NO. 32:**

All communications sent or received by You relating to the copying of any of the Standards at Issue, or any other standards issued by any Plaintiff, by You or any other person.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 32:**

Public Resource incorporates here each of the General Objections.  Public Resource objects to the request as overbroad and unduly burdensome, including to the extent it is not limited to a reasonable scope.  Public Resource objects to the request to the extent it seeks information protected by the attorney-client privilege, attorney work product doctrine, or any other applicable privileges or protections.  Public Resource objects that use of the term "standards" renders the request vague and ambiguous.  Public Resource will interpret "standards" to have the meaning set out in Paragraph 12 of the Complaint.  Public Resource objects that use of the term "copying" renders the request vague and ambiguous, requires legal conclusions, and is argumentative with respect to whether an electronic file is a "copy" within the definition in Section 101 of the Copyright Act.  Public Resource objects to this request as unreasonably duplicative of Request No. 3.

Subject to, and without waiving, the foregoing objections, Public Resource responds that it will produce responsive, non-privileged communications that expressly refer to Plaintiff and/or other persons copying any standard issued by any Plaintiff.


**REQUEST FOR PRODUCTION NO. 33:**

All documents that advertise or otherwise publicize Public Resource as an organization, or the Public Resource Website. This request includes, but is not limited to, press releases, announcements, articles, interviews, or speeches.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 33:**

Public Resource incorporates here each of the General Objections.  Public Resource objects to the request as overbroad and unduly burdensome, including to the extent it is not limited to a reasonable time period or scope.  Public Resource objects to the request to the extent it seeks information protected by the attorney-client privilege, attorney work product doctrine, or any other applicable privileges or protections.  Public Resource objects that use of the terms "advertise" and "publicize" renders the request vague, ambiguous and unintelligible.  Public

Resource objects that the request seeks irrelevant documents, including documents relating to

aspects of Public Resource that do not concern public laws or the incorporation by reference of

standards issued by Plaintiffs into public laws.  Public Resource objects to the Request to the

extent that it purports to require production of documents not in Public Resource's possession,

custody or control.  Public Resource objects to the request as oppressive and unduly burdensome

to the extent that it seeks documents that are equally available to Plaintiffs from public and other

sources.

Subject to, and without waiving, the foregoing objections, and to the extent Public

Resource understands the request, Public Resource responds that it will produce responsive, non-

privileged documents that advertise the website located at https://law.resource.org, to the extent

such documents exist and can be located after a reasonable search for documents in Public

Resource's possession, custody or control.


**REQUEST FOR PRODUCTION NO. 34:**

All documents relating to Public Resource's efforts to determine whether the Standards at

Issue, or any other standards issued by any Plaintiff, are incorporated into law, statute, regulation

or ordinance by national, federal, state, or local governments.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 34:**

Public Resource incorporates here each of the General Objections.  Public Resource

objects to the request as overbroad and unduly burdensome, including to the extent it is not

limited to a reasonable scope.  Public Resource objects to the request to the extent it seeks

information protected by the attorney-client privilege, attorney work product doctrine, or any

other applicable privileges or protections.  Public Resource objects that use of the term

"standards" renders the request vague and ambiguous.  Public Resource will interpret

"standards" to have the meaning set out in Paragraph 12 of the Complaint.  Public Resource

objects to the Request to the extent that it purports to require production of documents not in

Public Resource's possession, custody or control.  Public Resource objects to the request as

oppressive and unduly burdensome to the extent that it seeks documents that are equally available to Plaintiffs from public and other sources.

Subject to, and without waiving, the foregoing objections, and to the extent Public Resource understands the request, Public Resource responds that it will produce responsive, non-privileged documents that relate to Public Resource's efforts to determine whether standards issued by Plaintiffs are incorporated into any public laws, to the extent such documents exist and can be located after a reasonable search for documents in Public Resource's possession, custody or control.

**REQUEST FOR PRODUCTION NO. 35:**

All documents relating to any Plaintiff requesting, encouraging, or lobbying any national, federal, state or local government to incorporate any of the Standards at Issue into any law, statute, regulation, or ordinance.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 35:**

Public Resource incorporates here each of the General Objections. Public Resource objects to the request as overbroad and unduly burdensome, including to the extent it is not limited to a reasonable scope. Public Resource objects to the request to the extent it seeks information protected by the attorney-client privilege, attorney work product doctrine, or any other applicable privileges or protections. Public Resource objects that use of the term "standards" renders the request vague and ambiguous. Public Resource will interpret "standards" to have the meaning set out in Paragraph 12 of the Complaint. Public Resource objects that use of the terms "encouraging" and "lobbying" renders the request vague, ambiguous and unintelligible. Public Resource objects to the Request to the extent that it purports to require production of documents not in Public Resource's possession, custody or control. Public Resource objects to the request as oppressive and unduly burdensome to the extent that it seeks documents that are equally available to Plaintiffs from public and other sources.

Subject to, and without waiving, the foregoing objections, and to the extent Public Resource understands the request, Public Resource responds that it will produce responsive, non-privileged documents that refer to any Plaintiff requesting or lobbying any federal, state or local government to incorporate any of the Standards at Issue into any law, to the extent such documents exist and can be located after a reasonable search for documents in Public Resource's possession, custody or control.

Dated:  March  6, 2014

Respectfully submitted,

*/s/ Andrew P. Bridges*
Andrew P. Bridges (admitted)
abridges @fenwick.com
Kathleen Lu (admitted)
klu@fenwick.com
FENWICK & WEST LLP
555 California Street, 12th Floor
San Francisco, CA 94104
Telephone:  (415) 875-2300
Facsimile:   (415) 281-1350

David Halperin (D.C. Bar No. 426078)
davidhalperindc@gmail.com
1530 P Street NW
Washington, DC 20005
Telephone: (202) 905-3434

Mitchell L. Stoltz (D.C. Bar No. 978149)
mitch@eff.org
Corynne McSherry (admitted)
corynne@eff.org
ELECTRONIC FRONTIER FOUNDATION
815 Eddy Street
San Francisco, CA 94109
Telephone: (415) 436-9333
Facsimile:  (415) 436-9993

Joseph C. Gratz
jgratz@durietangri.com
Mark A. Lemley
mlemley@durietangri.com
DURIE TANGRI LLP
217 Leidesdorff Street
San Francisco, CA 94111
Telephone: (415) 362-6666
Facsimile:  (415) 236-6300

*Attorneys for Defendant-Counterclaimant*
*Public.Resource.Org, Inc.*

# EXHIBIT 3

Capital Reporting Company
Malamud, Rebecca  11-13-2014

1

             UNITED STATES DISTRICT COURT

          FOR THE DISTRICT OF COLUMBIA

-----------------------------:
AMERICAN SOCIETY FOR TESTING  :
AND MATERIALS dba ASTM        :
INTERNATIONAL,                :
NATIONAL FIRE PROTECTION      :
ASSOCIATION, INC., and        :
AMERICAN SOCIETY OF HEATING,  :
REFRIGERATING AND AIR         :
CONDITIONING ENGINEERS,       :
                              :
     Plaintiffs/             :
     Counter-Defendants,      :
                              :
     v.                       : No. 1:13-cv-01215-EGS
                              :
PUBLIC.RESOURCE.ORG,          :
                              :
     Defendant/              :
     Counter-Plaintiff.      :
-----------------------------:
                              Coos Bay, Oregon

                    Thursday, November 13, 2014

39(b)(6) DEPOSITION OF:


               REBECCA MALAMUD,
              PUBLIC.RESOURCE.ORG,

taken pursuant to notice, by counsel for Plaintiffs/

Counter-Defendants at Red Lion Inn, 1313 North

Bayshore Drive, Coos Bay, Oregon, before Jan R.

Duiven, CSR,  FCRR, CCP, Certified Shorthand Reporter

in and for the State of Oregon, beginning at 9:00

a.m., when were  present on behalf of the respective

parties:

2

1              A P P E A R A N C E S

2   For the Plaintiff/Counter-Defendant
    ASTM International:
3
            MORGAN LEWIS & BOCKIUS LLP
4           1111 Pennsylvania Avenue NW
            Washington, D.C. 20004
5           202/739-5353
            BY:  MR. J. KEVIN FEE
6           jkfee@morganlewis.com

7           -AND-

8           MR. EDWIN O. CHILDS
            echilds@morganlewis.com
9
    For the Plaintiff/Counter-Defendant National Fire
10  Protection Association, Inc.:

11          MUNGER TOLLES & OLSON LLP
            560 Mission Street, 27th Floor
12          San Francisco, California 94105
            415/512-4073
13          BY:  MR. THANE REHN
            thane.rehn@mto.com
14
    For the Plaintiff/Counter-Defendant American Society
15  of Heating, Refrigerating and Air Conditioning
    Engineers:
16
            KING & SPALDING LLP
17          101 Second Street
            Suite 2300
18          San Francisco, California 94105
            415/318 1222
19          BY:  MR. ANDREW ZEE
            azee@kslaw.com
20          (Appearing by phone)

21

22

23

24

25  (Continued)

3

1              A P P E A R A N C E S

2

3   For the Defendant/Counter-Plaintiff
    Public.Resource.Org:
4
          ELECTRONIC FRONTIER FOUNDATION
5         815 Eddy Street
          San Francisco, California 94109
6         415/436-9333
          BY:  MR. MITCH STOLTZ
7         mitch@eff.org

8   The Videographer:

9         MR. CHARLES WRIGHT

10

11  Reported by:

12        JAN R. DUIVEN, CSR, FCRR, CCP

13

14

15

16

17

18

19

20

21

22

23

24

25

4

1                    I N D E X

2   WITNESS.....................................PAGE

3   REBECCA MALAMUD

4        BY MR. FEE                       7

5        BY MR. REHN                      198

6        BY MR. ZEE                       228

7        BY MR. STOLTZ                    232

8        BY MR. FEE                       236

9

10                 E X H I B I T S

11   EXHIBITS....................................PAGE

12   No. 16     Deposition Subpoena          11

13   No. 17     Financial Statements and
              Supplementary Information
14              December 31, 2012 and 2011    59

15   No. 18     Codes of the World Overview    87

16   No. 19     Emails, 1/28/2014            97

17   No. 20     The Mother of All To-Do Lists  121

18   No. 21     Emails, 12/31/13 and 1/04/14  126

19   No. 22     Emails, 5/7/2012             132

20   No. 23     Email, 10/4/2011             142

21   No. 24     Emails, 2013                 147

22   No. 25     Emails, 10/8/2012            154

23   No. 26     Email, 10/16/2011            173

24

25   (Continued)

5

```
1                    I N D E X

2   EXHIBITS....................................PAGE

3   No. 27     Email, 1/16/2014              186

4   No. 28     Emails, 5/7/2012              193

5   No. 29     Email, 8/7/2013              208

6   No. 30     Emails, 6/7/2011              211

7   No. 31     Email, 1/4/2014              220

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25   (Exhibits attached to transcript.)
```

Capital Reporting Company
Malamud, Rebecca  11-13-2014

6

1           P R O C E E D I N G S

2             THE VIDEOGRAPHER:  We're going on          09:01:22

3 the record.  The time is nine a.m. Pacific Coast       09:01:22

4 Time.  This is disc 1 of the deposition of Rebecca     09:01:26

5 Malamud in the matter of ASTM International, et         09:01:31

6 al. versus Public Resources --                          09:01:36

7 Public.Resources.org.  Case No. 1:13-CV-01215-EGS.     09:01:41

8             Today is November 13th, 2014.  The         09:01:49

9 deposition is taking place at 1313 North Bayshore      09:01:54

10 Drive, Coos Bay, Oregon.  I'd like to ask the         09:01:57

11 attorneys to please introduce yourselves for the     09:02:00

12 record starting in the room.                           09:02:03

13             MR. FEE:  Kevin Fee from Morgan           09:02:04

14 Lewis on behalf of ASTM.                               09:02:06

15             MR. CHILDS:  Ned Childs from Morgan       09:02:08

16 Lewis on behalf of ASTM.                               09:02:11

17             MR. REHN:  Thane Rehn, from Munger,       09:02:11

18 Tolles & Olson on behalf of NFPA.                      09:02:15

19             MR. STOLTZ:  Mitchell Stoltz from         09:02:16

20 the Electronic Frontier Foundation on behalf of       09:02:17

21 Public.Resource.org and Point B Studio.               09:02:24

22             THE VIDEOGRAPHER:  And on the phone,      09:02:25

23 please?                                                09:02:26

24             MR. ZEE:  Andrew Zee from King &          09:02:28

25 Spaulding on behalf of the American Society of        09:02:31

                                                                    7

1   Heating, Refrigerating and Air Conditioning          09:02:32

2   Engineers.                                            09:02:35

3              THE VIDEOGRAPHER:  Thank you.  My          09:02:35

4   name's Charles Wright.  I'm the videographer.  The    09:02:36

5   court reporter is Jan Duiven.  We're both             09:02:40

6   representing C&C Reporting from Eugene, Oregon.       09:02:42

7              Madam Court Reporter, would you now        09:02:45

8   swear in the witness.                                 09:02:46

9

10                   REBECCA MALAMUD,

11  having been first duly sworn to testify the truth, the

12  whole truth, and nothing but the truth, was examined

13  and testified as follows:

14                    EXAMINATION                         09:02:57

15  BY MR. FEE:                                           09:02:57

16      Q.    Good morning.                               09:02:57

17      A.    Good morning.                               09:02:57

18      Q.    Would you please state your name for        09:02:58

19  the record?                                           09:03:00

20      A.    My name is Rebecca Malamud.                 09:03:00

21      Q.    Ms. Malamud, have you ever been             09:03:03

22  deposed before?                                       09:03:04

23      A.    No.                                         09:03:04

24      Q.    Okay.  Well, then I'll explain a            09:03:05

25  little bit about what's going to happen here          09:03:07

8

| | | |
|---|---|---|
| 1 | today.  I'm going to ask you a series of | 09:03:08 |
| 2 | questions, as well as the other counsel on behalf | 09:03:10 |
| 3 | of the plaintiffs, and perhaps your counsel as | 09:03:12 |
| 4 | well.  All of our questions and your answers will | 09:03:13 |
| 5 | be recorded by the court reporter, and of course | 09:03:17 |
| 6 | you know you're being videotaped as well. | 09:03:18 |
| 7 | In order to make the court reporter's | 09:03:21 |
| 8 | job easy I'd ask that you respond to all of our | 09:03:23 |
| 9 | questions verbally as opposed to nodding, if | 09:03:26 |
| 10 | that's all right. | 09:03:28 |
| 11 | A.    Okay. | 09:03:29 |
| 12 | Q.    All right.  If I ask you any questions | 09:03:29 |
| 13 | that you don't understand, would you please let me | 09:03:31 |
| 14 | know that? | 09:03:32 |
| 15 | A.    Yes. | 09:03:32 |
| 16 | Q.    And then if you respond to my | 09:03:33 |
| 17 | questions, that would mean that your answer is | 09:03:34 |
| 18 | responsive to my question and you understood it. | 09:03:36 |
| 19 | Is that fair? | 09:03:38 |
| 20 | A.    Okay. | 09:03:38 |
| 21 | Q.    Is there any reason you can't testify | 09:03:39 |
| 22 | fully and truthfully today? | 09:03:40 |
| 23 | A.    No. | 09:03:42 |
| 24 | Q.    Okay.  Do you have an attorney | 09:03:43 |
| 25 | representing you today? | 09:03:50 |

62

```
1   of any other entities that employ Carl Malamud?        10:28:46

2        A.    No.                                          10:28:49

3        Q.    Besides Public.Resource, are you aware       10:28:49

4   of any entities on which Mr. Malamud sits on the        10:28:51

5   board?                                                  10:28:54

6        A.    No.                                          10:28:55

7        Q.    Besides Public.Resource, are you aware       10:29:11

8   of any other entities from whom Mr. Malamud has         10:29:14

9   received any compensation in the last three years?      10:29:16

10       A.    No.                                          10:29:26

11       Q.    Are you on the board of directors of         10:29:27

12  Public.Resource?                                        10:29:42

13       A.    No.                                          10:29:43

14       Q.    Are you on the board of directors of         10:29:43

15  any entity?                                             10:29:45

16       A.    I don't want to be.  No.                     10:29:46

17       Q.    All right.  So I want to talk to you         10:29:49

18  now a little bit about the instructions that you        10:29:58

19  received from Mr. Malamud regarding the work that       10:30:01

20  was done for Public.Resource.  Okay?                    10:30:04

21       A.    (Nods.)                                      10:30:05

22       Q.    With respect to the work you did for         10:30:07

23  Public.Resource, you knew that Public.Resource          10:30:15

24  wanted Point B to make exact copies of everything       10:30:18

25  that it provided to Point B Studios.  Correct?          10:30:21
```

Capital Reporting Company
Malamud, Rebecca  11-13-2014

63

| | | | |
|---|---|---|---|
| 1 | A. | Correct. | 10:30:23 |
| 2 | Q. | And Mr. Malamud himself asked you to | 10:30:24 |
| 3 | | make exact copies of all the images that he | 10:30:29 |
| 4 | | provided to you.  Right? | 10:30:31 |
| 5 | A. | Yes. | 10:30:33 |
| 6 | Q. | Did Mr. Malamud ever explain to you | 10:30:35 |
| 7 | | why he wanted exact copies made of all the images | 10:30:45 |
| 8 | | that were provided to you? | 10:30:49 |
| 9 | A. | To release it in the public domain. | 10:30:50 |
| 10 | Q. | Did he ever tell you anything else | 10:30:57 |
| 11 | | about the importance of making the exact copies? | 10:31:00 |
| 12 | A. | He emphasized to be accurate. | 10:31:06 |
| 13 | Q. | And he told you to make exact copies | 10:31:10 |
| 14 | | of every image that was provided to you.  Correct? | 10:31:17 |
| 15 | A. | Correct. | 10:31:20 |
| 16 | Q. | And that includes making exact copies | 10:31:21 |
| 17 | | of ASTM images.  Correct? | 10:31:24 |
| 18 | A. | Yes. | 10:31:26 |
| 19 | Q. | And Mr. Malamud also instructed you to | 10:31:28 |
| 20 | | make exact copies of NFPA images.  Right? | 10:31:31 |
| 21 | A. | Yes. | 10:31:34 |
| 22 | Q. | And you did in fact make exact copies | 10:31:34 |
| 23 | | of ASTM images for Public.Resource? | 10:31:39 |
| 24 | A. | To the best of my ability. | 10:31:42 |
| 25 | Q. | And you also made exact copies of NFPA | 10:31:44 |

Capital Reporting Company
Malamud, Rebecca  11-13-2014

64

| | | |
|---|---|---|
| 1 | images for Public Resources.  Correct? | 10:31:49 |
| 2 | A.   Yes. | 10:31:52 |
| 3 | Q.   Now, in your answer with regard to the | 10:31:52 |
| 4 | ASTM images, you said you made exact copies to the | 10:32:01 |
| 5 | best of your ability.  What do you mean by "to the | 10:32:03 |
| 6 | best of your ability"? | 10:32:06 |
| 7 | A.   When -- as we create the diagrams, we | 10:32:07 |
| 8 | have a proofreading -- you know, quality control | 10:32:22 |
| 9 | work flow, and I try to catch every mistake, so -- | 10:32:27 |
| 10 | Q.   Would you describe to me how the | 10:32:37 |
| 11 | process actually worked starting with how you | 10:32:40 |
| 12 | received any images from Public.Resource and then | 10:32:44 |
| 13 | ending with how you delivered your work product to | 10:32:48 |
| 14 | Public.Resource? | 10:32:51 |
| 15 | A.   Well, the standards documents are | 10:32:51 |
| 16 | posted on Public.Resource.org as triple-keyed HTML | 10:32:57 |
| 17 | and CSS with low-resolution JPEGs. | 10:33:08 |
| 18 | And once it's decided what document is | 10:33:19 |
| 19 | set to work on, it's -- I download those to my | 10:33:21 |
| 20 | computer.  And then I separate them into MathML | 10:33:28 |
| 21 | and -- images that need to be coded in MathML and | 10:33:43 |
| 22 | images that need to be vectorized we call it. | 10:33:47 |
| 23 | And also on the diagram side, | 10:33:49 |
| 24 | especially for purposes of learning, I sort them | 10:33:52 |
| 25 | another level as to areas of difficulty, or if | 10:33:56 |

# EXHIBIT 4

From:      Carl Malamud
Sent:      Thu 1/16/2014 3:46 PM (GMT -8)
To:        Rebecca Malamud
Cc:
Bcc:
Subject: funding

You're funded at the $5k/month level for at least 6 months from p.r.o. as long as you can keep pumping out visible progress on the svg/mathml front (plus, of course, your design help, which I need, but what the funders are going to be looking at is our walking through the standards ... they're funding my legal fight, so that's the piece they care about.)

You're going into the astm, ashrae stuff next? you'll make sure I get monthly releases of stuff and I know what your queue looks like and approximately when I'm getting stuff?

There are no hard deadlines, I'm most interested in seeing you manage the releases and just plowing through the stuff and handing me no-hassle collections I can easily add to the archive and add value. While there are no hard deadlines, it is important that we systematically walk through the stuff and get it done.

Deal?

Carl



No. 27
Date 11-13-14
Malamud
CC Reporting

PRO_00042317

# EXHIBIT 5

**Rehn, Thane**

| | |
|---|---|
| **From:** | Rehn, Thane |
| **Sent:** | Monday, December 22, 2014 9:29 PM |
| **To:** | 'Matthew Becker'; 'echilds@morganlewis.com'; 'jbucholtz@kslaw.com'; 'ksteinthal@kslaw.com'; 'jwetzel@kslaw.com'; Klaus, Kelly; Blavin, Jonathan; 'mclayton@morganlewis.com'; 'jkfee@morganlewis.com'; 'jrubel@morganlewis.com' |
| **Cc:** | Andrew Bridges; Kathleen Lu; 'Corynne McSherry'; 'Mitch Stoltz' |
| **Subject:** | RE: Meet & Confer Request |

Counsel,

Thank you for this new proposal. It still strikes us as unreasonably limited, however.

First, it appears likely that limiting the search to donors who gave $50k or more would not include very many donors or communications. Can you let us know how many donors would be included in the search if you applied this limitation? Also, for comparison sake, and to consider your arguments about undue burden, can you let us know how many donors would be included if the threshold were set at $1k, $5k, and $10k, respectively?

Second, we would propose that you search all communications with corporate donors, regardless of the amount donated.

Third, if we do agree to any limitations that screen out small individual donors, we think that would resolve any concerns you have raised with identifying donors. Doing redactions on top of the search limitations would not be necessary.

Fourth, the search terms you propose do not seem calculated to capture all relevant documents. We propose the following:
(Standard or standards) and (donat! or contribut! or giv! /s money or rais! /s money or rais! /s fund or fundrais!)

Please respond before close of business tomorrow. If we can't resolve this, we need to move ahead with our motion to the court.

**Thane Rehn** | Munger, Tolles & Olson LLP
560 Mission Street | San Francisco, CA 94105
Tel: 415.512.4073 | Thane.Rehn@mto.com | www.mto.com

**From:** Matthew Becker [mailto:mbecker@fenwick.com]
**Sent:** Monday, December 22, 2014 3:51 PM
**To:** Rehn, Thane; 'echilds@morganlewis.com'; 'jbucholtz@kslaw.com'; 'ksteinthal@kslaw.com'; 'jwetzel@kslaw.com'; Klaus, Kelly; Blavin, Jonathan; 'mclayton@morganlewis.com'; 'jkfee@morganlewis.com'; 'jrubel@morganlewis.com'
**Cc:** Andrew Bridges; Kathleen Lu; 'Corynne McSherry'; 'Mitch Stoltz'
**Subject:** RE: Meet & Confer Request

Counsel,

Your description does not accurately characterize our discussion on December 10 regarding Plaintiffs' requests for production concerning donor information. During our discussion, Public Resource offered not only to produce

documents related to donations where the Plaintiffs' names were mentioned (subject to redaction of the names of non-public/anonymous donors), but also to produce communications concerning donations related to Public Resource's effort to digitize standards incorporated by reference, so long as such a search could be performed without undue burden.  During that phone call we discussed the unreasonable burden on Public Resource concerning how we might appropriately target the type of communications that Plaintiffs are looking for, and when we described the approaches that we had evaluated and asked for other suggestions, we were only met with silence.

Following our call, we have continued to evaluate appropriate means to compromise on this matter, and now provide the following proposal:  Public Resource will search for and review communications with major donors (those who gave $50k or more), using the following search string: standard and (donat* or contribut*).  For public donors, we would produce unredacted responsive communications, and for non-public/anonymous donors, we would produce redacted responsive communications (subject to privilege logging as necessary, of course).

Please let us know whether this proposal will provide a sufficient compromise.

Regards,



MATTHEW BECKER
Fenwick & West LLP
Associate, Litigation Group

☎ (650) 335-7930
🖨 (650) 938-5200
✉ mbecker@fenwick.com


-------- Original Message --------
Subject: RE: Meet & Confer Request
From: "Rehn, Thane" <Thane.Rehn@mto.com>
To: Kathleen Lu <klu@fenwick.com>,'Corynne McSherry' <corynne@eff.org>,"'Childs, Edwin O.'" <echilds@morganlewis.com>
CC: "'jbucholtz@kslaw.com'" <jbucholtz@kslaw.com>,"'ksteinthal@kslaw.com'" <ksteinthal@kslaw.com>,"'jwetzel@kslaw.com'" <jwetzel@kslaw.com>,"Klaus, Kelly" <Kelly.Klaus@mto.com>,"Blavin, Jonathan" <Jonathan.Blavin@mto.com>,Andrew Bridges <abridges@fenwick.com>,"'davidhalperindc@gmail.com'" <davidhalperindc@gmail.com>,"'mitch@eff.org'" <mitch@eff.org>,"'Joseph C. Gratz'" <jgratz@durietangri.com>,"'mlemley@durietangri.com'" <mlemley@durietangri.com>,"'Clayton, Michael F.'" <mclayton@morganlewis.com>,"'Fee, J. Kevin'" <jkfee@morganlewis.com>,"'Rubel, Jordana S.'" <jrubel@morganlewis.com>


Dear Kathleen,

On our last telephone call, Public Resource offered to produce documents relating to fundraising only if they contain the name of a Plaintiff, and to redact identifying information from these documents. After considering this offer, Plaintiffs believe it is not reasonable. Our view is that Public Resource has a duty to conduct a more reasonable search for documents concerning its standards-related fundraising, and to produce these documents without redactions. We will be filing a motion to compel this production.

Regards,

Thane Rehn | Munger, Tolles & Olson LLP
560 Mission Street | San Francisco, CA 94105
Tel: 415.512.4073 | Thane.Rehn@mto.com | www.mto.com

***NOTICE***
*This message is confidential and may contain information that is privileged, attorney work product or otherwise exempt from disclosure under applicable law.  It is not intended for transmission to, or receipt by, any unauthorized person.  If you have received this message in error, do not read it. Please delete it without copying it, and notify the sender by separate e-mail so that our address record can be corrected. Thank you.*

---

**From:** Rehn, Thane
**Sent:** Wednesday, December 10, 2014 9:27 AM
**To:** 'Kathleen Lu'; 'Corynne McSherry'; 'Childs, Edwin O.'
**Cc:** 'jbucholtz@kslaw.com'; 'ksteinthal@kslaw.com'; 'jwetzel@kslaw.com'; 'AZee@kslaw.com'; Klaus, Kelly; Blavin, Jonathan; Andrew Bridges; 'davidhalperindc@gmail.com'; 'mitch@eff.org'; 'Joseph C. Gratz'; 'mlemley@durietangri.com'; 'Clayton, Michael F.'; 'Fee, J. Kevin'; 'Rubel, Jordana S.'
**Subject:** RE: Meet & Confer Request

Plaintiffs' counsel are available today at 3pm.

Let's use the following dial-in:

888-263-2720
Password: 415-512-40736

Thane Rehn | Munger, Tolles & Olson LLP
560 Mission Street | San Francisco, CA 94105
Tel: 415.512.4073 | Thane.Rehn@mto.com | www.mto.com

***NOTICE***
*This message is confidential and may contain information that is privileged, attorney work product or otherwise exempt from disclosure under applicable law.  It is not intended for transmission to, or receipt by, any unauthorized person.  If you have received this message in error, do not read it. Please delete it without copying it, and notify the sender by separate e-mail so that our address record can be corrected. Thank you.*

---

**From:** Kathleen Lu [mailto:klu@fenwick.com]
**Sent:** Tuesday, December 09, 2014 6:14 PM
**To:** Rehn, Thane; 'Corynne McSherry'; 'Childs, Edwin O.'
**Cc:** 'jbucholtz@kslaw.com'; 'ksteinthal@kslaw.com'; 'jwetzel@kslaw.com'; 'AZee@kslaw.com'; Klaus, Kelly; Blavin, Jonathan; Andrew Bridges; 'davidhalperindc@gmail.com'; 'mitch@eff.org'; 'Joseph C. Gratz'; 'mlemley@durietangri.com'; 'Clayton, Michael F.'; 'Fee, J. Kevin'; 'Rubel, Jordana S.'
**Subject:** RE: Meet & Confer Request

Thane & Co.,
We are available for a follow-up call tomorrow between 2pm and 3:30 pm pacific or Thursday between 2pm and 5pm pacific.  Please let us know if any of these times work for all of you.

Thanks,
Kathleen Lu
Fenwick & West LLP

3

+1 (415) 875-2434

---

**From:** Rehn, Thane [mailto:Thane.Rehn@mto.com]
**Sent:** Monday, December 08, 2014 6:13 PM
**To:** Corynne McSherry; Childs, Edwin O.
**Cc:** Kathleen Lu; jbucholtz@kslaw.com; ksteinthal@kslaw.com; jwetzel@kslaw.com; AZee@kslaw.com; Klaus, Kelly; Blavin, Jonathan; Andrew Bridges; davidhalperindc@gmail.com; mitch@eff.org; Joseph C. Gratz; mlemley@durietangri.com; Clayton, Michael F.; Fee, J. Kevin; Rubel, Jordana S.
**Subject:** RE: Meet & Confer Request

Corynne,

Thanks for directing us to the *In re Motor Fuel* case. We are unpersuaded that this case or the cases cited therein support your position. We continue to believe documents related to Public Resource's donors should be produced, and that we will need to seek the court's assistance if necessary.

You said on Friday's call that you would confer with your client and co-counsel about potential circumstances under which you could produce some of the documents related to donors. If you have had those conversations, could you please let us know where you stand so that we can decide whether any such offer would be acceptable for plaintiffs?

Thank you,

**Thane Rehn** | **Munger, Tolles & Olson LLP**
560 Mission Street | San Francisco, CA 94105
Tel:  415.512.4073 | Thane.Rehn@mto.com | www.mto.com

***NOTICE***
*This message is confidential and may contain information that is privileged, attorney work product or otherwise exempt from disclosure under applicable law.  It is not intended for transmission to, or receipt by, any unauthorized person.  If you have received this message in error, do not read it. Please delete it without copying it, and notify the sender by separate e-mail so that our address record can be corrected. Thank you.*

---

**From:** Corynne McSherry [mailto:corynne@eff.org]
**Sent:** Friday, December 05, 2014 4:34 PM
**To:** Childs, Edwin O.
**Cc:** Kathleen Lu; Rehn, Thane; jbucholtz@kslaw.com; ksteinthal@kslaw.com; jwetzel@kslaw.com; AZee@kslaw.com; Klaus, Kelly; Blavin, Jonathan; ANDREW BRIDGES; davidhalperindc@gmail.com; mitch@eff.org; Joseph C. Gratz; mlemley@durietangri.com; Clayton, Michael F.; Fee, J. Kevin; Rubel, Jordana S.
**Subject:** Re: Meet & Confer Request

All,

Per our conversation, you may wish to review In re Motor Fuel Temperature Sales Practices Litig., 641 F.3d 470, 481 (10th Cir. 2011), and the cases cited therein.

Best,
Corynne

*************************************

Corynne McSherry
IP Director

Electronic Frontier Foundation
815 Eddy St. SF CA 94110
415-436-9333 x122


On Dec 3, 2014, at 4:59 AM, Childs, Edwin O. <echilds@morganlewis.com> wrote:


All,

The dial in for Friday's 1:30 pm (ET) / 10:30 am (PT) meet and confer is as follows:

1-866-963-7123
PC:  66313948


Thanks,
Ned

**Edwin (Ned) Childs**
Morgan, Lewis & Bockius LLP
1111 Pennsylvania Avenue, NW | Washington, DC 20004-2541
Direct: +1.202.739.5625 | Main: +1.202.739.3000 | Fax: +1.202.739.3001
echilds@morganlewis.com | www.morganlewis.com
Assistant: Jo Ann Marie Akers | +1.202.739.5015 | jakers@morganlewis.com

**From:** Childs, Edwin O.
**Sent:** Tuesday, December 02, 2014 10:50 PM
**To:** Kathleen Lu
**Cc:** Rehn, Thane; jbucholtz@kslaw.com; ksteinthal@kslaw.com; jwetzel@kslaw.com; AZee@kslaw.com; Klaus, Kelly; Blavin, Jonathan; Andrew Bridges; davidhalperindc@gmail.com; mitch@eff.org; corynne@eff.org; jgratz@durietangri.com; mlemley@durietangri.com; Clayton, Michael F.; Fee, J. Kevin; Rubel, Jordana S.
**Subject:** Re: Meet & Confer Request

Kathleen,

Thanks for the quick response. 1030 am (PT) / 130 pm (ET) on Friday works for all three plaintiffs. I will circulate a dial in tomorrow.

Best,
Ned

**Edwin (Ned) Childs**
**Morgan, Lewis & Bockius LLP**
1111 Pennsylvania Avenue, NW | Washington, DC 20004-2541
Direct: +1.202.739.5625 | Main: +1.202.739.3000 | Fax: +1.202.739.3001
echilds@morganlewis.com | www.morganlewis.com


Sent from my iPhone

On Dec 2, 2014, at 8:16 PM, Kathleen Lu <klu@fenwick.com> wrote:

Ned,

Corynne and Mitch are actually both out of the office tomorrow as well, so we can't meet on such short notice.  But we are available on Friday between 12pm and 3pm Eastern (9am and 12pm Pacific).

Thanks,
Kathleen Lu
Fenwick & West LLP
+1 (415) 875-2434

---

**From:** Childs, Edwin O. [mailto:echilds@morganlewis.com]
**Sent:** Tuesday, December 02, 2014 5:09 PM
**To:** Rehn, Thane; 'jbucholtz@kslaw.com'; 'ksteinthal@kslaw.com'; 'jwetzel@kslaw.com'; 'AZee@kslaw.com'; Klaus, Kelly; Blavin, Jonathan; Andrew Bridges; Kathleen Lu; 'davidhalperindc@gmail.com'; 'mitch@eff.org'; 'corynne@eff.org'; 'jgratz@durietangri.com'; 'mlemley@durietangri.com'
**Cc:** Clayton, Michael F.; Fee, J. Kevin; Rubel, Jordana S.
**Subject:** RE: Meet & Confer Request

Thanks, Thane.

Corynne, Mitch, I received an out of office from Andrew indicating that he is in Europe until December 13.  Since this is a time sensitive request, would you please  be able to respond on Public Resource's behalf?

Thanks,
Ned

**Edwin (Ned) Childs**
**Morgan, Lewis & Bockius LLP**
1111 Pennsylvania Avenue, NW | Washington, DC 20004-2541
Direct: +1.202.739.5625 | Main: +1.202.739.3000 | Fax: +1.202.739.3001
echilds@morganlewis.com | www.morganlewis.com
Assistant: Jo Ann Marie Akers | +1.202.739.5015 | jakers@morganlewis.com

---

**From:** Rehn, Thane [mailto:Thane.Rehn@mto.com]
**Sent:** Tuesday, December 02, 2014 6:54 PM
**To:** Childs, Edwin O.; 'jbucholtz@kslaw.com'; 'ksteinthal@kslaw.com'; 'jwetzel@kslaw.com'; 'AZee@kslaw.com'; Klaus, Kelly; Blavin, Jonathan; Andrew Bridges; klu@fenwick.com; 'davidhalperindc@gmail.com'; 'mitch@eff.org'; 'corynne@eff.org'; 'jgratz@durietangri.com'; 'mlemley@durietangri.com'
**Cc:** Clayton, Michael F.; Fee, J. Kevin; Rubel, Jordana S.
**Subject:** RE: Meet & Confer Request

Counsel for NFPA is also available before 3:00 pm EST tomorrow.

Thanks,

**Thane Rehn** | Munger, Tolles & Olson LLP
560 Mission Street | San Francisco, CA 94105
Tel:  415.512.4073 | Thane.Rehn@mto.com | www.mto.com

*** NOTICE ***
*This message is confidential and may contain information that is privileged, attorney work product or otherwise exempt from disclosure under applicable law.  It is not intended for transmission to, or receipt by, any unauthorized person.  If you have received this message in error, do not read it. Please delete it without copying it, and notify the sender by separate e-mail so that our address record can be corrected. Thank you.*

**From:** Childs, Edwin O. [mailto:echilds@morganlewis.com]
**Sent:** Tuesday, December 02, 2014 8:54 AM
**To:** 'jbucholtz@kslaw.com'; 'ksteinthal@kslaw.com'; 'jwetzel@kslaw.com'; 'AZee@kslaw.com'; Klaus, Kelly; Blavin, Jonathan; Rehn, Thane; Andrew Bridges; klu@fenwick.com; 'davidhalperindc@gmail.com'; 'mitch@eff.org'; 'corynne@eff.org'; 'jgratz@durietangri.com'; 'mlemley@durietangri.com'
**Cc:** Clayton, Michael F.; Fee, J. Kevin; Rubel, Jordana S.
**Subject:** Meet & Confer Request

Counsel,

As we briefly discussed yesterday with Andrew Bridges, plaintiffs hereby request a telephonic meet and confer today or tomorrow with counsel for Public Resource to discuss the status of our discovery requests related to Public Resource's donors.  Counsel for ASTM is available today before 4:30 pm (eastern) and tomorrow before 3:00 pm (eastern).

Please let us know when you would be available to discuss.

Thanks,
Ned

**Edwin (Ned) Childs**
**Morgan, Lewis & Bockius LLP**
1111 Pennsylvania Avenue, NW | Washington, DC 20004-2541
Direct: +1.202.739.5625 | Main: +1.202.739.3000 | Fax: +1.202.739.3001
echilds@morganlewis.com | www.morganlewis.com
Assistant: Jo Ann Marie Akers | +1.202.739.5015 | jakers@morganlewis.com

DISCLAIMER

This e-mail message is intended only for the personal use of the recipient(s) named above. This message may be an attorney-client communication and as such privileged and confidential. If you are not an intended recipient, you may not review, copy or distribute this message. If you have received this communication in error, please notify us immediately by e-mail and delete the original message.

---------------------------------------------
NOTICE:
This email and all attachments are confidential, may be legally privileged, and are intended solely for the individual or entity to whom the email is addressed.  However, mistakes sometimes happen in addressing emails.  If you believe that you are not an intended recipient, please stop reading immediately.  Do not copy, forward, or rely on the contents in any way.  Notify the sender and/or Fenwick & West LLP by telephone at (650) 988-8500 and then delete or destroy any copy of this email and its attachments.  Sender reserves and asserts all rights to confidentiality, including all privileges that may apply.

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing Opposition to Public Resource's Motion to Compel was served this 24th day of December, 2014 via CM/ECF upon the following:

**Counsel for Public.Resource.Org, Inc.:**

Andrew Bridges

Kathleen Lu

David Halperin

Mitchell L. Stoltz

Corynne McSherry

Joseph Gratz

Mark Lemley

**Counsel for American Society for Testing and Materials d/b/a ASTM International:**

Michael F. Clayton

J. Kevin Fee

Jordana S. Rubel

**Counsel for American Society of Heating, Refrigerating, and Air Conditioning Engineers:**

Jeffrey Bucholtz

Kenneth Steinthal

Joseph Wetzel

/s/ Thane Rehn
Nathan Rehn