# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICAN SOCIETY FOR TESTING AND MATERIALS d/b/a/ ASTM INTERNATIONAL; <br><br> NATIONAL FIRE PROTECTION ASSOCIATION, INC.; and <br><br> AMERICAN SOCIETY OF HEATING, REFRIGERATING, AND AIR-CONDITIONING ENGINEERS, INC. <br><br>         Plaintiffs, <br><br> v. <br><br> PUBLIC.RESOURCE.ORG, INC., <br><br>         Defendant. | Case No. 1:13-cv-01215-TSC-DAR <br><br> **DECLARATION OF KATHLEEN LU IN SUPPORT OF DEFENDANT-COUNTERCLAIMANT PUBLIC.RESOURCE.ORG, INC.'S OPPOSITION TO PLAINTIFF-COUNTERDEFENDANT AMERICAN SOCIETY FOR TESTING AND MATERIALS d/b/a ASTM INTERNATIONAL MOTION TO COMPEL DISCOVERY** <br><br> Filed:   August 6, 2013 |
| PUBLIC.RESOURCE.ORG, INC., <br><br>         Counterclaimant, <br><br> v. <br><br> AMERICAN SOCIETY FOR TESTING AND MATERIALS d/b/a/ ASTM INTERNATIONAL; <br><br> NATIONAL FIRE PROTECTION ASSOCIATION, INC.; and <br><br> AMERICAN SOCIETY OF HEATING, REFRIGERATING, AND AIR-CONDITIONING ENGINEERS, INC. <br><br>         Counterdefendants. | |

I, KATHLEEN LU, declare as follows:

1. I am an attorney admitted to practice in the State of California and am an associate with the law firm of Fenwick & West LLP, counsel of record for Defendant/Counter-Plaintiff Public.Resource.Org, Inc. ("Public Resource").

2. In response to Plaintiffs' document requests, counsel for Public Resource has searched for all communications about standards Plaintiffs assert copyright in, which would include donor communications about any of Plaintiffs or the standards they assert rights in. With the exception of more recent post-litigation communications which Public Resource is still reviewing and catalogues on Public Resource's privilege log, Public Resource has produced all those communications. Public Resource anticipates completing its review and production in the next week.

3. Due to some donors' concerns regarding anonymity, Public Resource has redacted the identities of nonpublic donors from the donor communications in its productions.

4. I along with co-counsel conferred with counsel for Plaintiffs by telephone on December 5 and December 10, 2014.

5. On these calls, counsel for Plaintiffs stated that they thought some donors may have donated to Public Resource for the express purpose of digitizing some of the standards at issue in this litigation and that they wanted donor identities in order to depose or otherwise seek discovery from those donors about their motivations. Counsel for Public Resource explained that First Amendment case law regarding donor anonymity did not support stripping anonymity without justification. I stated that, while I was not aware of any donor expressing such a motivation, Public Resource was already prepared to produce donor communications that mentioned Plaintiffs, only with nonpublic donors' identities redacted. If, after reviewing these donor communications, Plaintiffs believed a particular donor communication evidenced such a motivation on the part of that donor, Plaintiffs could point to that communication as evidence of "compelling need" for that donor's identity.

6.     On December 10, 2014, I explained to Plaintiffs' counsel by telephone that searching for and reviewing all donor communications about standards, regardless of whether they pertained to Plaintiffs, would be extremely burdensome because Public Resource has hundreds of donors.  Plaintiffs then asked about the burden of search for communications with "large" donors.  I asked what they meant by "large" and there was no definitive answer at that time.  Plaintiffs' counsel also asked if Public Resource could run a search combining the keyword standards with other keywords such as donate with a wildcard.  I informed them we had tested a search along those lines, but after checking the first few dozen hits we found only mishits.  I told Plaintiffs' counsel that such a search would be too broad, but I welcomed their suggestions as to how narrowly to tailor such a search.

7.     Because Plaintiffs had raised questions about "large" donors on the call, Public Resource tested and proposed searching the communications of donors who had given more than $50,000 for the keywords "standard and (donat* or contribut*)."  The search results included hundreds of documents, but many times fewer than the previous search Public Resource had tested.

8.     Plaintiffs rejected this proposal and instead proposed a search for "(Standard or standards) and (donat! or contribut! or giv! /s money or rais! /s money or rais! /s fund! or fundrais!)."  This search is impossible in the eDiscovery software (Viewpoint) that Public Resource is using for document review and production.  On legal research platforms such as Lexis and Westlaw, "/s" stands for "within the same sentence as," but this grammatical structure does not exist in Viewpoint (or any other eDiscovery software that I am aware of).

9.     Public Resource has tested a syntactically possible variant of this search of (Standard or standards) and (donat* or contribut* or giv* w/5 money or rais* w/5 money or rais* w/5 fund* or fundrais*).  This search returns tens of thousands of documents.  Upon a spot check, the vast majority of these documents are not donor communications.  Since it appears that the vast majority of search results are not donor communications, I believe we can use the

software to cull out non-donor communications based on metadata fields, leaving a much smaller set (under 500) for manual review.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 12th day of January, 2015.

*/s/ Kathleen Lu*
Kathleen Lu
