# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICAN SOCIETY FOR TESTING AND MATERIALS d/b/a/ ASTM INTERNATIONAL;<br><br>NATIONAL FIRE PROTECTION ASSOCIATION, INC.; and<br><br>AMERICAN SOCIETY OF HEATING, REFRIGERATING, AND AIR CONDITIONING ENGINEERS,<br><br>       Plaintiffs/<br>       Counter-Defendants,<br><br>v.<br><br>PUBLIC.RESOURCE.ORG, INC.,<br><br>       Defendant/<br>       Counter-Plaintiff. | Case No. 1:13-cv-01215-TSC |

## PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO COMPEL DISCOVERY

## TABLE OF CONTENTS

**Page**

I.     INTRODUCTION ........................................................................................................1

II.    ARGUMENT..............................................................................................................2

    A.    Public Resource Concedes That Information About its Funders is Relevant
         under Rule 26(b)(1)....................................................................................................2

    B.    Public Resource Has Not Made A *Prima Facie* Showing of an Objective
         Burden on its First Amendment Rights. .................................................................3

    C.    Even if Public Resource had Made a *Prima Facie* Showing of a First
         Amendment Burden, The Need for this Evidence Outweighs any Burden. ............6

    D.    Public Resource's Arguments About Burden are No Longer Relevant. .................9

III.    CONCLUSION............................................................................................................9

# TABLE OF AUTHORITIES

**Page(s)**

**FEDERAL CASES**

*Beinin v. Ctr. for Study of Popular Culture*,
    No. C 06-02298 JW, 2007 WL 1795693 (N.D. Cal. June 20, 2007)....................................6, 7

*Campbell v. Acuff-Rose Music, Inc.*,
    510 U.S. 569 (1994).........................................................................................................7

*Eilers v. Palmer*,
    575 F. Supp. 1259 (D. Minn. 1984)................................................................................6

*Herbert v. Lando*,
    441 U.S. 153 (1979).........................................................................................................2

*In re Motor Fuel Temperature Sales Practices Litig.*,
    641 F.3d 470 (10th Cir. 2011) .......................................................................................4

*In re Motor Fuel Temperature Sales Practices Litig.*,
    707 F. Supp. 2d 1145 (D. Kan. 2010) ........................................................................5, 6

*NAACP v. Alabama*,
    357 U.S. 449 (1958).........................................................................................................4

*Nat'l Org.n for Marriage v. McKee*,
    723 F. Supp. 2d 236 (D. Me. 2010) ...............................................................................5

*Perfect 10, Inc. v. Amazon.com, Inc.*,
    508 F.3d 1146 (9th Cir. 2007) .......................................................................................7

*Perry v. Schwarzenegger*,
    591 F.3d 1147 (9th Cir. 2009) .................................................................................1, 2, 6

*Trammel v. United States*,
    445 U.S. 40 (1980)...........................................................................................................6

*United We Stand Am., Inc. v. United We Stand, Am. New York, Inc.*,
    128 F.3d 86 (2d Cir. 1997)..........................................................................................3, 8

**FEDERAL STATUTES**

15 U.S.C. § 1114(1) .............................................................................................................3

17 U.S.C. §101.................................................................................................................3, 7

ii

**TABLE OF AUTHORITIES**
**(continued)**

Page(s)

**FEDERAL RULES**

Rule 26(b)(1)......................................................................................................................1, 2

## I.      INTRODUCTION

Public Resource's opposition to this motion is long on rhetoric but short on engagement with the actual facts of this case.  Stated simply, the facts are these:  Plaintiffs own the copyrights in the works at issue, but Public Resource has posted digital copies of these works on its website without permission or authorization.  In response to Plaintiffs' claims of copyright and trademark infringement, Public Resource has contended that its public posting is protected by the "fair use" doctrine, and that it does not "use [the works] in commerce."  Dkt. 21, at 48.  The discovery conducted in the case to date, however, tends to undermine these defenses.  In fact, the evidence shows that Public Resource intends to post "exact copies" of Plaintiffs' standards on its website, and that its president, Carl Malamud, wrote in an email that posting Plaintiffs' copyrighted works "makes it much easier for me to try and raise money."  Rehn Decl. Ex. 1, Ex. 3.  Accordingly, Plaintiffs have moved the Court to compel Public Resource to produce—in unredacted form—its communications with its funders about its posting of Plaintiffs' standards online.

Public Resource does not contest these basic facts, nor does it argue that the discovery Plaintiffs seek is not relevant under the standard of Rule 26(b)(1).  Instead, Public Resource resorts to the claim that its funders' identities are protected by a First Amendment privilege, so they should only be produced if they meet a heightened relevance standard.  But the very cases cited by Public Resource do not support its assertion of privilege.  The cases explain that a party invoking a First Amendment privilege bears the initial burden to make a *prima facie* showing of consequences that objectively suggest some chilling effect on associational rights.  *Perry v. Schwarzenegger*, 591 F.3d 1147, 1160 (9th Cir. 2009).  The declarations submitted by Public Resource do not come close to meeting this standard—they simply provide bare assertions that Public Resource's funders desire to remain anonymous, without any attempt to explain any objective circumstances under which disclosure of their identities would affect their associational

rights.   Keeping in mind that "[e]videntiary privileges in litigation are not favored, and even those rooted in the Constitution must give way in proper circumstances," *Herbert v. Lando*, 441 U.S. 153, 175 (1979), the Court should reject Public Resource's unfounded privilege claim.

Even if the Court were to find that Public Resource had carried the initial burden of establishing a First Amendment privilege—which it has not—all that this would establish is that the Court should engage in "careful consideration of the need for such discovery, but not necessarily to preclude it." *Perry*, 591 F.3d at 1161.   Here, the evidence sought is not merely of tangential or indirect importance to the parties' claims and defenses, as was the evidence at issue in the cases relied on by Public Resource.   Rather, evidence of Public Resource's solicitation and receipt of money in connection with its posting of Plaintiffs' copyrighted works, including evidence of who Public Resource has solicited and received money from, goes directly to the validity of affirmative defenses that Public Resource chose to raise.   Accordingly, the Court should compel production of this evidence.

Finally, Public Resource's assertions of burden are no longer relevant.   Since filing its opposition, Public Resource has agreed to search for and produce communications with its funders that refer to its posting of standards on its website.   Dkt. 69.   The only remaining issue is whether Public Resource should be permitted to redact identifying information, and Public Resource's proposed redactions would actually increase the burden of this production.

## II.   ARGUMENT

### A.   Public Resource Concedes That Information About its Funders is Relevant under Rule 26(b)(1).

In Public Resource's opposition, it does not argue that the discovery sought is not relevant to the issues in this case under the standard set forth in Rule 26(b)(1).   Public Resource could not plausibly make such an argument.   It is an accused copyright infringer who asserts a

2

fair use defense, and the first factor of this defense is "the purpose and character of the use, including whether such use is of a commercial nature or is for nonprofit educational purposes." 17 U.S.C. §101.  Accordingly, evidence regarding the commercial and financial benefits that Public Resource receives in connection with its posting of Plaintiffs' works is of direct relevance to this defense.  Likewise, this evidence is relevant to Public Resource's asserted defense that it has not used Plaintiffs' works or trademarks in commerce.[1]  Courts have explained that "a group engaged in soliciting donations, preparing press releases, holding public meetings and press conferences, and organizing on behalf of its members' interests was performing 'services' within the meaning of the Lanham Act," and thus could be sued for trademark infringement.  *United We Stand Am., Inc. v. United We Stand, Am. New York, Inc.*, 128 F.3d 86, 90 (2d Cir. 1997).  Here, discovery has already produced some evidence that Public Resource has posted Plaintiffs' copyrighted works, as well as Plaintiffs' registered trademarks, on its website, and has solicited donations based on this conduct.  Plaintiffs are entitled to obtain discovery on these issues.

Because there is no legitimate disagreement that the information sought by this motion is relevant, Plaintiffs are presumptively entitled to this discovery.

### B.    Public Resource Has Not Made A *Prima Facie* Showing of an Objective Burden on its First Amendment Rights.

Instead of contesting the basic relevance of the documents at issue, Public Resource asserts an unusual "First Amendment privilege" against producing its funders' identities.  While courts have occasionally recognized such a privilege, it is generally applied in very limited circumstances.  The first requirement is that the party asserting the First Amendment privilege

---

[1] If Public Resource stipulates (a) that it will not to pursue its fair use defenses to copyright and trademark infringement; (b) that its uses of Plaintiffs' works are commercial in nature and are not for nonprofit educational purposes; and (c) that it used the Plaintiffs' trademarks in commerce, as required for a trademark infringement claim pursuant to 15 U.S.C. § 1114(1), then Plaintiffs will withdraw their motion to compel.  In the absence of such a stipulation, Public Resource should not be permitted to rely on these defenses while shielding evidence relevant to these defenses from discovery.

must make a *prima facie* showing of a chilling effect on its associational rights.  The Supreme

Court has held that a party asserting the First Amendment makes a *prima facie* showing by

presenting evidence that disclosure will lead to "economic reprisal, loss of employment, threat of

physical coercion, and other manifestations of public hostility."  *NAACP v. Alabama*, 357 U.S.

449, 462 (1958); *see also In re Motor Fuel Temperature Sales Practices Litig.*, 641 F.3d 470,

491 (10th Cir. 2011) ("[A] party claiming a First Amendment chilling effect meets its burden by

submitting, for example, affidavits which describe harassment and intimidation of [the group's]

known members, and the resulting reluctance of people sympathetic to the goals of [the group] to

associate with [it] for fear of reprisals.") (quotations omitted).

 Public Resource has not submitted any evidence that is remotely akin to the showings

courts have held sufficient to trigger the First Amendment privilege.  There is no suggestion

anywhere in the record that its funders would be subject to any form of harassment or

intimidation if their identities were disclosed.  Public Resource has submitted one affidavit from

a donor that consists of a few bare assertions that the donor desires to remain anonymous, but no

indication that the donor fears any reprisal or public hostility if his communications with Public

Resource were disclosed.  Decl. of John Doe.  The donor does not even suggest that he would be

less likely to donate to Public Resource in the future if his identity was produced in this

litigation.  *Id.*  Public Resource has also submitted an affidavit from Mr. Malamud regarding his

"belief" that it will be more difficult to raise funds if Public Resource is compelled to produce

the identities of its donors.  Decl. of Carl Malamud ¶ 9.  But this affidavit contains only general

allegations, not specific facts, and is entirely speculative and conclusory.

 Courts considering virtually identical affidavits have held that such bare allegations are

insufficient to make a *prima facie* showing of First Amendment privilege.  For example, in

*National Organization for Marriage v. McKee*, 723 F. Supp. 2d 236, 241 (D. Me. 2010), parties submitted two affidavits claiming that disclosure of their donors "would have a substantial negative effect on their ability to raise funds."  The court held that such affidavits were insufficient, because "the record must contain objective and articulable facts, which go beyond broad allegations or subjective fears."  *Id.* at 242 (quotations omitted); *see also In re Motor Fuel Temperature Sales Practices Litig.*, 707 F. Supp. 2d 1145, 1159-60 (D. Kan. 2010) (generalized assertions that disclosure "would have a chilling effect on membership" and "would negatively affect [association's] ability to advocate" were insufficient to "demonstrate[] an objectively reasonable probability that compelled disclosure … would chill associational rights").

In addition, both of Public Resource's affidavits ignore the fact that the donor information could be produced pursuant to the Order Regarding Confidentiality of Discovery Material and Inadvertent Disclosure of Privileged Material (the "Protective Order").  Dkt. 44.  If the donor information is appropriately designated as "CONFIDENTIAL" pursuant to the Protective Order, then the identities would not become known to the public even if they were disclosed in discovery.  *Id.* at ¶ ¶ 1(e)-(g), 2.  As a result, the affidavits submitted by Public Resource fail to explain how confidential donors would be subject to harassment or intimidation if their identities are disclosed pursuant to the Protective Order.

Likewise, courts have rejected the argument that a party can avoid disclosure by asserting its members' or donors' desire not to become involved in discovery.  *McKee*, 723 F. Supp. 2d at 243 ("It is true that disclosure of names of donors may lead to those donors' involvement as potential witnesses in the instant litigation. Yet … the plaintiffs cite no case law holding that the prospect of donors' or members' involvement as witnesses in litigation suffices on its face to demonstrate a chilling effect on First Amendment rights, and there is reason to be cautious in

adopting such an approach, which seemingly would permit any organization to make a *prima facie* case of chilling effect in the absence of articulable, objective evidence of the same.").  In other words, accepting Public Resource's arguments would entail a significant broadening of the First Amendment privilege beyond what any court has recognized.  This is in sharp tension with the principle that "an evidentiary privilege should be strictly construed and accepted only to the very limited extent that excluding relevant evidence 'has a public good transcending the normally predominant principle of utilizing all rational means for ascertaining truth.'"  *Motor Fuel*, 707 F. Supp. 2d at 1158 (quoting *Trammel v. United States*, 445 U.S. 40, 50 (1980)).

  **C.**  **Even if Public Resource had Made a *Prima Facie* Showing of a First Amendment Burden, The Need for this Evidence Outweighs any Burden.**

   Even if the Court were to conclude that Public Resource's declarations were sufficient to make a *prima facie* showing of a burden on First Amendment rights, the relevance of the evidence that Plaintiffs seek is sufficient to outweigh any such burden.  When a party makes a showing that discovery may burden First Amendment rights, the court should engage in "careful consideration of the need for such discovery, but not necessarily to preclude it."  *Perry*, 591 F.3d at 1161.  The only cases cited by Public Resource in which a court has denied a discovery request based on the First Amendment privilege are those where the evidence being sought had only a tangential or indirect connection to the litigation.  *See id.* at 1165 (discovery being sought was "attenuated from the issue" of claimed relevance); *Eilers v. Palmer*, 575 F. Supp. 1259, 1261 (D. Minn. 1984) (denying discovery where the evidence being sought was "of only minimal relevance," could "not be put before a jury," and was only potentially relevant for purposes of voir dire and recovery of attorneys' fees).[2]

---

[2] Public Resource also cites an unpublished order from the Northern District of California, but that order is similarly distinguishable.  *Beinin v. Ctr. for Study of Popular Culture*, No. C 06-02298 JW, 2007 WL 1795693 (N.D. Cal. June 20, 2007).  In *Beinin*, a defendant sought the identity of the plaintiff's email correspondents by arguing that

Here, by contrast, the evidence in question—evidence of Public Resource's commercial gain from its infringement of Plaintiffs' intellectual property—is directly relevant to the claims and defenses in the case.  In deciding the validity of Public Resource's fair use defense, the court will consider the commercial aspects of Public Resource's use of Plaintiffs' works.  17 U.S.C. §101.  Information about its attempts to solicit financial contributions based on posting standards on its website is directly relevant to this inquiry.  Public Resource attempts to dispute this by pointing to some cases in which the fair use defense was upheld because the court determined that the defendant's use was transformative, even though it was also commercial.  Opp. at 14-15.  But this does not mean that the commercial-use factor is irrelevant; it simply means that this factor can sometimes be outweighed by other factors.  The very cases cited by Public Resource make clear that a court must consider the commercial nature of the use, and weigh that against the other factors.  *See, e.g., Campbell v. Acuff-Rose Music, Inc.*, 510 U.S. 569, 579 (1994) (holding that "the more transformative the new work, the less will be the significance of other factors, like commercialism, that may weigh against a finding of fair use"); *Perfect 10, Inc. v. Amazon.com, Inc.*, 508 F.3d 1146, 1166 (9th Cir. 2007) ("We conclude that the significantly transformative nature of Google's search engine, particularly in light of its public benefit, outweighs Google's superseding and commercial uses of the thumbnails in this case.").  Thus, even if Public Resource is able to convince the court that its use of Plaintiffs' works has "transformative" elements (and that will be an uphill battle in light of the evidence that its avowed intent was to make "exact copies" of Plaintiffs' works, Rehn Decl. Ex. 3), the Court will still need to evaluate whether the use was commercial and the relative weight of these factors.

---

they were relevant to the plaintiff's "feelings and views" regarding the litigation.  *Id.* at *4.  The court concluded that only the plaintiff's own statements, not the identities of his email correspondents, were relevant.  *Id.*

The same is true for Public Resource's asserted defense that it does not use Plaintiffs' works in commerce.  Public Resource mysteriously asserts that it cannot be liable for using Plaintiffs' trademarks in commerce because it posts the marks for free on its website.  Opp. at 15. This is simply mistaken.  For example, as discussed above, an organization that uses another party's trademark for "soliciting donations" can be held liable for trademark infringement. *United We Stand*, 128 F.3d at 90.

Of particular note, Public Resource does not even respond to Plaintiffs' argument that its donors' identities are especially relevant to Plaintiffs' claims for ***contributory*** infringement. Public Resource has argued that its fair use defense applies to the contributory infringement claims, and has repeatedly suggested that those who support its posting of Plaintiffs' standards on the internet do so to engage in fair use.  Information about the identity of the funders who give money to Public Resource in the expectation that standards will be made available to download on its website is directly relevant to this issue.  Public Resource is seeking to shield itself from liability by asserting that the users of its website are engaging in fair use, while concealing evidence about the identities of the people who are essentially paying Public Resource so that they will be able to download standards from its website.  In its opposing brief, Public Resource simply ignores this issue—it never so much as mentions contributory infringement.  Thus, Public Resource has forfeited any argument that the identity of its funders is not relevant.  This information is plainly relevant and Public Resource's proposed redactions should be rejected.[3]

---

[3] If Public Resource were willing to stipulate that the persons who download Plaintiffs' standards from its website are engaged in direct infringement, identifying information would be less relevant and certain redactions might be permissible.  Plaintiffs have offered that compromise to Public Resource, but it has declined.

8

**D.      Public Resource's Arguments About Burden are No Longer Relevant.**

Public Resource concludes its opposition brief with a generic argument about burden, but this argument has been mooted by Public Resource's agreement to review and produce communications with donors.  Dkt. 69.  Public Resource's arguments about burden primarily serve to undermine its insistence on redacting the identities of its donors from the documents that it produces.  Making such redactions would itself be burdensome.  These redactions are improper and as discussed above, would result in the concealment of evidence that is likely to be relevant to Plaintiffs' claims of contributory infringement.

**III.      CONCLUSION**

Plaintiffs respectfully ask the Court to compel Public Resource to produce its communications with its donors without redacting identifying information.

Dated: January 22, 2015                    Respectfully submitted,


                                           /s/ Kelly Klaus

                                           Anjan Choudhury (D.C. Bar: 497271)
                                           Munger, Tolles & Olson LLP
                                           355 South Grand Avenue, 35th Floor
                                           Los Angeles, CA  90071
                                           Tel: 213.683.9100
                                           Email:  Anjan.Choudhury@mto.com

                                           Kelly M. Klaus
                                           Jonathan H. Blavin
                                           Nathan M. Rehn
                                           Munger, Tolles & Olson LLP
                                           560 Mission St., 27th Floor
                                           San Francisco, CA 94105
                                           Tel:  415.512.4000
                                           Email: Kelly.Klaus@mto.com
                                                   Jonathan.Blavin@mto.com
                                                   Thane.Rehn@mto.com


                                           *Counsel for National Fire Protection Association, Inc.*

                                           /s/ J. Kevin Fee

                                           Michael F. Clayton (D.C. Bar: 335307)
                                           J. Kevin Fee (D.C. Bar: 494016)
                                           Jordana S. Rubel (D.C. Bar: 988423)
                                           Morgan, Lewis & Bockius LLP
                                           1111 Pennsylvania Ave., N.W.
                                           Washington, D.C. 20004
                                           Telephone: 202.739.5215
                                           Email: mclayton@morganlewis.com
                                           jkfee@morganlewis.com
                                           jrubel@morganlewis.com

                                           *Counsel For American Society For Testing And Materials*
                                           *d/b/a/ ASTM International*

                                           /s/ Kenneth Steinthal

                                                        10

Jeffrey S. Bucholtz (D.C. Bar: 452385)
King & Spalding LLP
1700 Pennsylvania Avenue, NW, Ste. 200
Washington, DC 20006-4707
Tel: 202.737.0500
Email: jbucholtz@kslaw.com


Kenneth L. Steinthal
Joseph R. Wetzel
King & Spalding LLP
101 Second Street, Ste. 2300
San Francisco, CA 94105
Tel: 415.318.1211
Email: ksteinthal@kslaw.com
jwetzel@kslaw.com

*Counsel for American Society of Heating, Refrigerating,
and Air Conditioning Engineers*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing Opposition to Public

Resource's Motion to Compel was served this 22th day of January, 2015 via CM/ECF upon the

following:

**Counsel for Public.Resource.Org, Inc.:**

Andrew Bridges

Kathleen Lu

David Halperin

Mitchell L. Stoltz

Corynne McSherry

Joseph Gratz

Mark Lemley

**Counsel for American Society for Testing and Materials d/b/a ASTM International:**

Michael F. Clayton

J. Kevin Fee

Jordana S. Rubel

**Counsel for American Society of Heating, Refrigerating, and Air Conditioning Engineers:**

Jeffrey Bucholtz

Kenneth Steinthal

Joseph Wetzel

/s/ Thane Rehn
Nathan Rehn