# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICAN SOCIETY FOR TESTING AND MATERIALS d/b/a/ ASTM INTERNATIONAL;<br><br>NATIONAL FIRE PROTECTION ASSOCIATION, INC.; and<br><br>AMERICAN SOCIETY OF HEATING, REFRIGERATING, AND AIR-CONDITIONING ENGINEERS, INC.<br><br>                           Plaintiffs,<br><br>v.<br><br>PUBLIC.RESOURCE.ORG, INC.,<br><br>                           Defendant. | Case No. 1:13-cv-01215-TSC/DAR<br><br>**DEFENDANT-COUNTERCLAIMANT PUBLIC.RESOURCE.ORG, INC.'S MOTION FOR EXTENSION OF DISCOVERY PERIOD, CORRESPONDING MODIFICATION OF SCHEDULING ORDER, AND LEAVE TO TAKE MORE THAN 10 DEPOSITIONS**<br><br>Complaint Filed:  August 6, 2013 |
| PUBLIC.RESOURCE.ORG, INC.,<br><br>                           Counterclaimant,<br><br>v.<br><br>AMERICAN SOCIETY FOR TESTING AND MATERIALS d/b/a/ ASTM INTERNATIONAL;<br><br>NATIONAL FIRE PROTECTION ASSOCIATION, INC.; and<br><br>AMERICAN SOCIETY OF HEATING, REFRIGERATING, AND AIR-CONDITIONING ENGINEERS, INC.<br><br>                           Counterdefendants. | |

## I.      INTRODUCTION

Defendant-Counterclaimant Public.Resource.org, Inc. ("Public Resource") seeks an

extension of the discovery period to April 15, 2015 to accommodate the scheduling of

depositions.

Public Resource conferred with Plaintiffs multiple times to attempt to reach an agreement

on a schedule.  All parties agree to scheduling depositions after January 30, 2015, but the parties

hold differing views on the length of extension necessary:  Public Resource proposed April 15;

Plaintiffs countered with a proposal for a cutoff of February 28 with an artificial deadline of

January 30, 2015 for serving notices of all depositions.[1]

Public Resource needs more time for depositions because Plaintiffs together produced

more than 90% percent of all their documents – over 46,000 new documents – since Christmas.

Public Resource is still digesting the documents.  In addition, plaintiff ASTM expects to produce

its final documents on January 30 (currently the date of the discovery cutoff), and plaintiff

NFPA's final documents (which it describes as up to 50 banker's boxes and 11 rolls of microfilm

that contain a total of approximately 40,000 to 75,000 microfilm images) are not expected to

arrive to Public Resource's counsel until February, after the close of the current discovery

period.  Public Resource hopes to be in a position to begin taking depositions in the second half

of February.

In addition, it has become clear that Public Resource needs more than the usual limit of

10 depositions in order to prepare the defense of the case.  Public Resource is facing three

separate plaintiffs, with no crossover in officers or employees, each of whom requires separate

investigation into facts unique to each plaintiff.  To date, Plaintiffs have identified 16 individual

---

[1] Under the Local Rules, parties must notice depositions within the District at least 7 days in
advance and must notice depositions outside the District at least 14 days in advance.  L.R. 30.1.
The parties would of course confer on mutually agreeable dates as far in advance as possible.

witnesses on their side, and they have indicated an intention to add at least one more.  Public

Resource needs to depose them individually, to depose some third-party witnesses, and to depose

the corporate plaintiffs under Rule 30(b)(6).  For that reason, Public Resource asks the Court to

increase its limit to a total of 20 depositions.  Public Resource further asks that the corporate

depositions not count against that number since the corporate witnesses under Rule 30(b)(6) will

also be the subject of individual depositions.  Public Resource will agree to limit the deposition

of each individual in both capacities to one day of seven hours unless it seeks leave of court for

more.

  Public Resource also believes that plaintiff's demand for an artificial early cutoff of

notices of deposition is inappropriate, because the continuing review of documents during

February may identify deponents that it has not yet considered deposing.  Based on its review

thus far, Public Resource finds that many employees of the Plaintiffs were involved in matters

concerning this litigation who are *not* in any of Plaintiffs' disclosures.  Public Resource is

continuing to review documents to determine which of these employees it would need to depose,

or how it might prioritize the choice of deponents.  At this point, however, Public Resource will

likely need 20 depositions to cover all of Plaintiffs' witnesses as well as relevant nonparty

witnesses.

  Public Resource does not propose to re-open all discovery.  The parties previously agreed

that no party would serve any additional written discovery after December 5, 2014, with the

exception that ASTM could serve on additional interrogatory (which it has done).  Public

Resource does not believe any party seeks to deviate from that agreement (although of course

Public Resource is seeking documents from third parties pursuant to subpoena).

  Nor does Public Resource seek to extend document production after January 30, and all

parties have stated that they will have their final productions and privilege logs complete by January 30, though NFPA is uncertain as to when the vendors will deliver its productions to Public Resource.

Public Resource seeks only additional time to review Plaintiffs' last-minute productions so that it may determine all the persons it needs to depose and then prepare for those depositions.

Plaintiffs have produced **over 46,000** documents since Christmas. Public Resource estimates it will take 400 person-hours to review such a large number of documents. In addition, Plaintiffs' productions are not yet complete, and they have yet to serve privilege logs. Public Resource has yet to receive final productions of an unknown number of documents (but at least 44,000-100,000 pages), which it estimates will take several hundred person-hours to review. Thus it is impossible for Public Resource to review all these documents to determine which and how many additional depositions it needs before January 30, 2015.

An extension is reasonable and appropriate in light of Plaintiffs' back-loading of their document productions, and the extension would not prejudice Plaintiffs.

## II.   PUBLIC RESOURCE HAS GOOD CAUSE FOR AN EXTENSION.

Federal Rule of Civil Procedure and Local Rule 16.4 allow for modification of the schedule based on "good cause." Fed. R. Civ. P. 16(b); LCvR 16.4(a); *Myrdal v. District of Columbia*, 2007 U.S. Dist. LEXIS 41220, 4 (D.D.C. June 7, 2007). Public Resource seeks an extension of the fact discovery period to accommodate scheduling and taking depositions based on Plaintiffs' large recent productions, and a reset of later expert discovery deadlines to fit this change. Expanding the time to take depositions is reasonable in light of the timing of Plaintiffs' productions. *See Am. Prop. Constr. Co. v. Sprenger Lang Found.*, 274 F.R.D. 1, 8 (D.D.C. 2011) (allowing deposition after close of discovery because parties delayed in producing responsive documents and information, including 600 pages of documents one day before

discovery closed).

**A.** **Plaintiffs Dumped Large Productions on Public Resource at the Last Minute.**

*ASTM*

Public Resource received an enormous production from ASTM January 2 consisting of over **41,000 separate documents**. *Before that, ASTM had only produced a total of 576 documents.* ASTM's January 2 production was **99%** of its document production at that point. Since then, Public Resource has received yet another production on January 20, consisting of 763 documents.

*NFPA*

Public Resource is still awaiting two NFPA productions, one that NFPA's vendor is in the process of scanning, and one that NFPA sent to a microfilm vendor for scanning. Based on estimates by NFPA of **up to 50 banker's boxes and 11 rolls of microfilm**, these documents are likely to be **over 100,000 pages**. NFPA's electronic document production has also been back-heavy. Public Resource received a production of 1,953 documents on December 31, and another 586 documents on January 6, making up **over 95%** of NFPA's productions. NFPA's *three previous productions consisted of a total of only 116 documents.*

*ASHRAE*

ASHRAE's production, on the hand, has been on a much more reasonable rolling schedule, with 2095 documents before October, 177 documents in October, 349 documents in November, 196 documents in December, and 153 documents in January. But based on the productions thus far, Public Resource has determined that ASHRAE has had communications with the other plaintiffs about Public Resource and its founder, Mr. Malamud. Thus, Public Resource needs time to review all the productions before deposing ASHRAE.

Public Resource estimates it would take **400** person-hours just to review the documents

Public Resource has received since Christmas.  Lu Decl. ¶ 3.  This does not count the documents Public Resource still anticipates from NFPA through the two vendors, which it believes will take several hundred more hours.  *Id.*; *see* Dkt. No. 46-1 at ¶ 6 (Declaration of NFPA employee stating that reviewing the paper and microfilm records to identify assignment forms "would take more than a thousand hours of staff time").  Public Resource needs time to review Plaintiffs' documents, identify further potential deponents, and determine their order of importance.  An extension reasonably allows for this.

> **B.     Plaintiffs' Productions and Other Scheduling Concerns Necessitate an Extension.**

Due to the extremely large last-minute document productions from Plaintiffs, Public Resource has not had enough time to review those productions sufficiently to determine what additional depositions it needs to take (beyond the set of deponents Public Resource identified to Plaintiffs in December and those Plaintiffs disclosed).  In addition, Plaintiffs have yet to complete their productions, which may be tens or hundreds of thousands of additional pages.  Without a chance to review all these documents, Public Resource does not have the information it needs to identify all the depositions it needs to take.

Public Resource estimates that an extension until April 15, 2015 would give it sufficient time to conduct depositions.  In conference, Plaintiffs have also stated they believe all depositions should finish by February 28.  Lu Decl. ¶ 6.  Plaintiffs have also proposed an artificial cut-off for noticing depositions of January 30, 2015.  *Id.*  Public Resource believes that the Local Rules, which require advance notice of depositions of 7 and 14 days for out-of-district depositions, are reasonable deadlines that do not require alternation.  L.R. 30.1.

Plaintiffs' position does not account the enormousness of Plaintiffs' last-minute productions or the productions that Public Resource has yet to receive.  Nor does it take into

account several other scheduling concerns:

- NFPA seeks to amend the complaint to add claims regarding a new standard.  While it has represented it has produced documents that would be responsive in the event of an amendment, Public Resource has yet to receive any supplemental interrogatory responses, and needs time to evaluate facts and documents regarding a new standard for purposes of deposition.

- Public Resource is awaiting production of documents from a third party, American National Standards Institute, which has requested an extension and expects to produce documents into February.  Public Resource plans to depose ANSI, and it will need sufficient time to review ANSI's documents before taking that deposition.

- As Public Resource discusses in more detail in Section IV, based on Plaintiffs' disclosures thus far and what Public Resource has seen in the documents thus far, Public Resource believes that it will need to take 20 depositions.  After it completes its review of documents, it will still require additional time to schedule the depositions while minimizing conflicts.

- The parties have a status conference before Magistrate Judge Robinson on February 4, 2015, at which the parties will address Plaintiffs' motion to compel.

- At the beginning of a hearing on January 22, Magistrate Judge Robinson took the initiative to ask if consolidation for discovery purposes of this case and a related case, *American Education Research Association, Inc. v. Public.Resource.Org, Inc.*, No. 1:14-cv-00857 (D.D.C.), would be ideal, and she has requested briefing on the issue.  *See* Minute Entry, *American Education Research Association, Inc. v. Public.Resource.Org, Inc.*, No. 1:14-cv-00857 (D.D.C.), Dkt. 32.2 (directing Public

Resource to "file any motion to consolidate this and the related case (no. 13-cv-01215) for discovery purposes by no later than 1/29/2015").  Since the two cases are both in the fact discovery phase but with different fact discovery cut-offs, consolidation may reset the schedule in any event.

- In addition, based on past experiences with attempting to schedule depositions before Public Resource received Plaintiffs' most recent productions and realized their extent and size, there are logistical factors that will affect deposition scheduling.  Mr. Malamud's deposition will take place in San Francisco; ASHRAE and NFPA have requested that depositions of their personnel occur in Atlanta and Boston, respectively, despite their having filed this action in the District of Columbia.  NFPA asked that the deposition of its former president take place after the close of discovery.  Scheduling depositions of a number of current and former personnel, as well as third-party witnesses in varied locations, is likely to require accommodations to fit everything in an orderly process.

Combined with the size of Plaintiffs' recent productions, all of these considerations point to a reasonable close of discovery of April 15, 2015.  In contrast, Plaintiffs' proposal of February 28, 2015 is not realistic.  Even assuming it received all of Plaintiffs' documents by January 30th, Public Resource would need until February 20th to finish reviewing the documents to select deponents.  That would leave little time to travel to (at least) three different cities for 20 depositions, even assuming that there was no conflict among the three Plaintiffs' and nonparty's schedules.

### C.    Public Resource Has Diligently Pursued Discovery.

While Plaintiffs oppose the extension Public Resource moves for, Plaintiffs controlled the production timing that led to this need.  Plaintiffs backloaded their productions until the last

month, and a reasonable extension is necessary to sort through Plaintiffs' productions before

Public Resource identifies remaining deponents and takes depositions.

Public Resource moved to compel discovery from Plaintiffs on September 15, 2014.  Dkt.

38.  Before its motion, Public Resource had received only 52 and 24 documents from NFPA on

May 23, 2014 and June 23, 2014; only 310 documents from ASTM on July 30, 2014; and 19 and

2076 documents from ASHRAE on August 12, 2014 and August 28, 2014.  Lu Decl. ¶ 3.

With the motion to compel pending, the parties mutually agreed to extend the discovery

deadline to December 5, 2015, which the Court approved.  Dkt. 42.3.  In October and November,

Public Resource received 266 documents from ASTM on October 20, 2014; 40 documents from

NFPA on November 24, 2014; and 144 and 349 documents from ASHRAE on October 30, and

November 21, 2014.  Lu Decl. ¶ 3.

Magistrate Judge Robinson held hearings on October 15th, October 28th, and December

5th.  On November 25, 2014, the Court approved the parties' consent motion to extend discovery

until January 30.  Dkt. 58.  By that point, Public Resource had produced 9905 documents.  Lu

Decl. ¶ 4.  In contrast, NFPA had produced only a total of **76** documents, and ASTM only 576.

Lu Decl. ¶ 3.  While Public Resource filed the consent motion, it was not simply a matter of

Public Resource needing additional time.  NFPA and ASTM were not even close to completing

their productions.

Plaintiffs produced the bulk of their productions in December and January.  *Id.*  Public

Resource received 41839 documents form ASTM on January 2, 2015, and another 763

documents on January 20, 2014.  *Id.*  ASTM's January 20th production was larger than all of its

2014 productions combined.  *Id.*  Public Resource received 196 documents from ASHRAE on

December 29, 2014 and 153 documents on January 9, 2015.  *Id.*  While not nearly as large as

ASTM's January productions, these productions were still significant and would have made

deposition of ASHRAE in early January difficult or incomplete.  Public Resource also received

1953 documents from NFPA on December 31, 2014, and another 586 documents on January 6,

2015.  *Id.*  It still has yet to receive the productions of paper and microfilm records NFPA sent to

vendors for scanning.  *Id.*

This chart shows Plaintiffs' productions:

| Date Sent | Date of Receipt | No. of Docs | Party | Beg Bates | End Bates |
|---|---|---|---|---|---|
| 08/11/14 | 08/12/14 | 19 | ASHRAE | ASHRAE0000001 | ASHRAE0001618 |
| 08/27/14 | 08/28/14 | 2076 | ASHRAE | ASHRAE0001619 | ASHRAE0022482 |
| 10/17/14 | 10/20/14 | 33 | ASHRAE | ASHRAE0022483 | ASHRAE0022663 |
| 10/30/14 | 10/31/14 | 144 | ASHRAE | ASHRAE0022664 | ASHRAE0024176 |
| 11/21/14 | 11/24/14 | 349 | ASHRAE | ASHRAE0024177 | ASHRAE0027441 |
| 12/23/14 | 12/29/14 | 196 | ASHRAE | ASHRAE0027442 | ASHRAE0029541 |
| 01/09/15 | 01/09/15 | 153 | ASHRAE | ASHRAE0029542 | ASHRAE0029846 |
| 07/29/14 | 07/30/14 | 310 | ASTM | ASTM000001 | ASTM001830 |
| 10/17/14 | 10/20/14 | 266 | ASTM | ASTM001831 | ASTM007110 |
| 12/31/14 | 01/02/15 | 41839 | ASTM | ASTM007111 | ASTM096675 |
| 01/16/15 | 01/20/16 | 763 | ASTM | ASTM096676 | ASTM102865 |
| Anticipated 01/30/15 | unknown | unknown | ASTM | n/a | n/a |
| 05/22/14 | 05/23/14 | 52 | NFPA | NFPA-PR0000001 | NFPA-PR0013031 |
| 06/20/14 | 06/23/14 | 24 | NFPA | NFPA-PR0013032 | NFPA-PR0020392 |

| 11/24/14 | 11/25/14 | 40 | NFPA | NFPA-PR0020393 | NFPA-PR0020701 |
|---|---|---|---|---|---|
| 12/30/14 | 12/31/14 | 1953 | NFPA | NFPA-PR0020702 | NFPA-PR0028685 |
| 01/05/15 | 01/06/15 | 586 | NFPA | NFPA-PR0028686 | NFPA-PR0038493 |
| 1/26/15 | unknown | 44,000-77,000 pages | NFPA | n/a | n/a |
| Anticipated 01/30/15 | unknown | unknown | NFPA | n/a | n/a |
| Unknown | unknown | Up to 50 banker's boxes | NFPA | n/a | n/a |

Plaintiffs' production of **over 90%** of their documents in the past month serves as good cause for a reasonable extension to notice and take depositions.

## III.     AN EXTENSION WOULD NOT PREJUDICE PLAINTIFFS.

Plaintiffs have not identified any prejudice an extension would cause.  Public Resource's proposal simply allows it time to review Plaintiffs' voluminous recent productions and to notice and to take depositions that will depend on those documents.  Public Resource is not asking for additional time to serve more discovery on Plaintiffs, and indeed, the parties have already agreed that they would not serve any further written discovery.  Thus, an extension would not affect the scope of Plaintiffs' discovery obligations.

Nor would a short extension in the schedule prejudice plaintiffs in any way.  There is room to condense the expert discovery schedule by several weeks to limit the effect of a fact discovery extension on the overall case schedule to only a month's change:

| | **Current Date** | **Proposed Date** |
|---|---|---|
| Close of fact discovery | 1/30/2015 | 4/15/2015 |

|  | **Current Date** | **Proposed Date** |
|---|---|---|
| Joint status report | 3/2/2015 | 4/22/2015 |
| Opening expert disclosures | 3/2/2015 | 5/13/2015 |
| Opposition expert disclosures | 4/13/2015 | 6/10/2015<br>(shorten from 6 wks to 4 wks) |
| Rebuttal expert disclosures | 6/1/2015 | 7/8/2015<br>(shorten from 7 wks to 4 wks) |
| Reply expert disclosures | 6/15/2015 | 7/22/2015 |
| Close of expert discovery | 7/14/2015 | 8/21/2015 |
| Joint status report | 7/21/2015 | 8/28/2015 |
| Status conference | 7/28/2015 | At the Court's convenience |

Plaintiffs have known about Public Resource's activities since early 2012, long before they filed suit. Lu Decl. ¶ 8. Plaintiffs themselves have raised several reasons why the current schedule requires modification, including the unavailability of a NFPA-affiliated witness until February and counsel for ASHRAE's trial schedule, and have themselves informed Magistrate Judge Robinson that they intend to depose or otherwise seek discovery from as-yet-unidentified third parties, an issue Judge Robinson will hear on February 4th. Plaintiffs agree that the parties need until at least February 28 to take depositions; the current expert discovery schedule, which posits opening expert reports two days after the close of fact discovery, thus also needs to change.

## IV.    PUBLIC RESOURCE NEEDS 20 DEPOSITIONS.

Based on Plaintiffs' disclosures thus far and what Public Resource has seen in the documents thus far, Public Resource believes that it will need to take 20 depositions to address

the claims of the three plaintiffs.[2]  ASHRAE has thus far disclosed three individuals and has stated it may add another one.  ASTM had disclosed six individuals, three of which they added on December 24, 2014, and one of which they added on January 14, 2015.  NFPA has disclosed seven individuals, one of which it added yesterday, January 28, 2015.  In total, Plaintiffs have disclosed sixteen individuals.  In addition, Public Resource seeks to depose NFPA's former president Jim Shannon, whom NFPA has not disclosed but whom Public Resource believes has important knowledge.  In addition, as it discussed above, Public Resource plans to depose American National Standards Institute.  Furthermore, Public Resource has found in the documents it has reviewed thus far several individuals who appear to have knowledge of facts relevant to this litigation that Plaintiffs had not disclosed.  Public Resource is still reviewing the documents, but it believes it will need to take depositions of at least some of these individuals.  For these reasons Public Resource reasonably expects that it will need to take 20 depositions to address the facts pertaining to the claims of all three plaintiffs, and it requests the Court to allow the number of depositions that it requests.

Where a party reasonably believes it needs more than 10 depositions, it is appropriate for the Court to grant leave for the party to take more depositions.  *Doe v. District of Columbia*, No. Civ. A. 031789, 2005 WL 1278270, at *1 (D.D.C. May 27, 2005).  Rule 26(b)(2)(A) states that "the court may alter the limits in these rules on the number of depositions."  Under Federal Rule of Civil Procedure 30(a)(2), "[a] party must obtain leave of court, and the court must grant leave to the extent consistent with Rule 26(b)(2)."

---

[2] Public Resource raises this issue in this motion because it is pertinent to the scope of the extension Public Resource needs and moves this Court for.  Public Resource understands that this Court may view Public Resource's request for more than 10 depositions as one for Magistrate Judge Robinson to hear.  If the Court indicates that preference, Public Resource will make the request separately to Judge Robinson.

V.     **CONCLUSION**

For the reasons Defendants have explained, the Court should grant an extension of the

discovery period to April 15, 2015, and permit Defendants to take up to 20 depositions.

Dated:  January 29, 2015                              Respectfully submitted,


                                        */s/   Andrew P. Bridges*
                                        Andrew P. Bridges (admitted)
                                        abridges @fenwick.com
                                        Kathleen Lu (admitted)
                                        klu@fenwick.com
                                        FENWICK & WEST LLP
                                        555 California Street, 12th Floor
                                        San Francisco, CA 94104
                                        Telephone:  (415) 875-2300
                                        Facsimile:   (415) 281-1350

                                        David Halperin (D.C. Bar No. 426078)
                                        davidhalperindc@gmail.com
                                        1530 P Street NW
                                        Washington, DC 20005
                                        Telephone: (202) 905-3434

                                        Mitchell L. Stoltz (D.C. Bar No. 978149)
                                        mitch@eff.org
                                        Corynne McSherry (admitted)
                                        corynne@eff.org
                                        ELECTRONIC FRONTIER FOUNDATION
                                        815 Eddy Street
                                        San Francisco, CA 94109
                                        Telephone: (415) 436-9333
                                        Facsimile:  (415) 436-9993


                                        *Attorneys for Defendant-Counterclaimant*
                                        *Public.Resource.Org, Inc.*