## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| | ) | |
| AMERICAN SOCIETY FOR TESTING AND MATERIALS *et al.*, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Civil Action No. 13-cv-1215 (TSC) (DAR) |
| | ) ) | |
| PUBLIC.RESOURCE.ORG, INC., | ) ) | |
| Defendant. | ) ) | |

## MEMORANDUM OPINION

Before the Court is Plaintiffs' motion to strike Defendant's jury demand. Because no party seeks damages and Defendant has not otherwise shown any grounds for its jury demand, the motion is granted.

### I.   BACKGROUND

Plaintiffs American Society for Testing and Materials, National Fire Protection Association, Inc., and American Society Of Heating, Refrigerating, And Air-Conditioning Engineers, Inc., brought this action for copyright infringement and trademark infringement against Public.Resource.org, Inc. ("Public Resource"). Plaintiffs are not-for-profit organizations that develop private-sector codes and standards. Plaintiffs sell or license these codes to generate revenue. State and local government entities frequently incorporate Plaintiffs' codes into statutes, regulations, and ordinances. For example, Plaintiff National Fire Protection Association develops the National Electrical Code, which provides a standardized code for installation of electrical systems. Plaintiffs allege that the codes are original works protected from copyright

infringement, and brought suit because Public Resource has posted a number of Plaintiffs' codes

on its website.  Plaintiffs seek a permanent injunction enjoining Public Resource from posting

Plaintiffs' codes and trademarks.  Plaintiffs do not seek money damages in their Complaint.

Defendant Public Resource is a non-profit entity devoted to publicly disseminating legal

information.  According to Defendant, its "mission is to improve public access to government

records and the law . . . To accomplish this mission, Public Resource acquires copies of . . .

records, including legal decisions, tax filings, statutes, and regulations, and publishes them

online in easily accessible formats that make them more useful to readers, entirely free of

charge."  (Def. Answer ¶¶ 27-28).  Public Resource argues that because the codes at issue have

been incorporated by reference into federal, state, and local laws, it is entitled to publish them as

public materials.  Public Resource filed a counterclaim seeking a declaratory judgment that

posting the codes does not infringe Plaintiffs' copyrights or trademarks, and included a jury

demand in its counterclaim.

Plaintiffs have moved to strike this jury demand, arguing that because neither party seeks

money damages, there is no basis for a jury demand.  Plaintiffs further argue that as the

copyright holders, they possess the right to demand a jury, and Public Resource cannot rely on a

counterclaim for a declaratory judgment of noninfringement as a basis for a jury demand.  Public

Resource argues in response that it is entitled to a jury trial on its noninfringement counterclaim

based on the fact that Plaintiffs *could* have requested a jury trial, had they asked for money

damages.  Public Resource argues that its counterclaims are legal claims which create a jury

right, and further that its declaratory judgment counterclaims must be "inverted," meaning Public

Resource is considered the plaintiff on those claims and can assert whatever jury rights Plaintiffs

may have had – regardless of the fact that Plaintiffs have not made a jury demand.  Public

Resource further argues that because Plaintiffs in this case *could* have demanded money damages (even though they did not), this entitles Public Resource to a jury trial.

## II.     LEGAL STANDARD

The Seventh Amendment to the United States Constitution declares that "[i]n suits at common law . . . the right of trial by jury shall be preserved . . . ." U.S. Const. amend. VII.  The Amendment has been construed to preserve the right to jury trial as it existed in 1791.  To determine whether a particular action is a suit "at common law," courts examine both the nature of the issues involved and the nature of the remedy sought.  Specifically, the test for statutory actions involves two steps: (1) comparing the statutory action to 18th-century actions brought in the courts of England prior to the merger of the courts of law and equity to determine whether the claim is legal or equitable in nature, and (2) examining the remedy sought and determining whether it is legal or equitable in nature.  *Chauffeurs, Teamsters & Helpers, Local No. 391 v. Terry*, 494 U.S. 558, 565 (1990).  The second part of the test—the remedy sought—is more important than the first.  *Id.*

## III.     DISCUSSION

The question at issue is: if a plaintiff copyright holder brings an infringement claim and seeks only equitable relief, can a defendant demand a jury based on a counterclaim of noninfringement where that defendant also only seeks equitable relief?  Public Resource claims that this is an issue of first impression, and that given the importance of the jury right, the answer is yes.  However, numerous courts have analyzed similar situations and found that the defendant in these circumstances does not have a jury right because generally the rights holder determines whether a jury demand is available.

The D.C. Circuit has not directly addressed this question.  However, several cases from the Federal Circuit have analyzed the jury rights of parties in infringement actions.[1]  The first such case is *In re Lockwood*, 50 F.3d 966 (Fed. Cir. 1995), *vacated sub nom.*, *Am. Airlines, Inc. v. Lockwood*, 515 U.S. 1182 (1995).[2]  In that case, the patentee sued American Airlines for patent infringement and American Airlines filed a counterclaim for a declaratory judgment that its activities were noninfringing and that the patents were invalid and unenforceable.  The plaintiff-patentee demanded a jury trial on the issue of patent validity raised in the defendant's declaratory judgment counterclaim.  The district court granted American Airlines' motion for summary judgment on noninfringement and struck the patentee's demand that the issue of validity be determined by a jury.  The Federal Circuit reversed, finding that the patentee had a right to a jury trial on the declaratory judgment counterclaim regarding patent validity because in the 18th century, patent validity as a claim did not exist.  The only way patent validity could be raised was through an action for patent infringement by the patentee.  In that scenario, the patentee would have had the option to bring the case in a court of law or a court of equity.  The Federal Circuit held that an alleged infringer could not usurp the patentee's choice by bringing a claim for invalidity first.  *Id.* at 980.  The court explained:

> In eighteenth-century England, allegations of patent infringement could be raised in both actions at law and suits in equity.  Because an action at law for damages could not obviate the need for perpetual litigation over future acts of infringement nor ascertain the full extent of the injury done to one's interests by past acts of infringement, courts of equity gave a patentee the option of pursuing injunctions and accountings against alleged infringers.  The choice of forum and remedy, and

---

[1] Most of the cases that discuss this issue arise in the context of patent infringement, not copyright infringement. However, courts have explained that "[p]atent and copyright infringement actions find their constitutional derivation in the same provision . . . . The Supreme Court treats patent and copyright the same when looking at the purposes behind the constitutional provision and the laws thereby enacted." *Cass Cnty. Music Co. v. C.H.L.R., Inc.*, 88 F.3d 635, 641 (8th Cir. 1996) (collecting cases); *see also Ricoh Co. v. Quanta Computer Inc.*, 550 F.3d 1325, 1338 (Fed. Cir. 2008).

[2] Although the Supreme Court vacated *In re Lockwood*, the parties agree that many courts continue to cite it as persuasive authority.

thus of the method of trial, was left with the patentee. . . . If the patentee sought
only damages, the patentee brought an action at law; in such a case, the defense of
invalidity was tried to the jury, assuming that a jury had been demanded.
However, if the patentee facing past acts of infringement nevertheless sought *only*
to enjoin future acts of infringement, the patentee could only bring a suit in
equity, and the defense of invalidity ordinarily would be tried to the bench.  Under
both English and American practice, then, it was the patentee who decided in the
first instance whether a jury trial on the factual questions relating to validity
would be compelled.

We cannot, consistent with the Seventh Amendment, deny Lockwood that same
choice merely because the validity of his patents comes before the court in a
declaratory judgment action for invalidity rather than as a defense in an
infringement suit. Lockwood is entitled to have the factual questions relating to
validity in this case tried to a jury as a matter of right.

*Id.* at 976 (internal quotation marks and citations omitted).

The Federal Circuit confirmed this understanding in *Tegal Corp. v. Tokyo Electron Am.,*
*Inc.*, 257 F.3d 1331 (Fed. Cir. 2001).  The threshold issue in that case was whether a defendant,
asserting only affirmative defenses and no counterclaims, had a right to a jury trial when the
plaintiff-patentee sought only injunctive relief.  *Id.* at 1339.  The court treated it as a matter of
first impression because *In re Lockwood* had been vacated, but adopted *Lockwood*'s reasoning
and held that such a defendant does not have a right to a jury trial.  *Id.* at 1339-40.

After the decisions in *Lockwood* and *Tegal*, there was some uncertainty as to whether a
party could demand a jury where the rights holder could have brought a damages claim, even if
they chose not to.  The Federal Circuit addressed this uncertainty in *In re Tech. Licensing Corp.*,
423 F.3d 1286 (Fed. Cir. 2005):

In sum, *Lockwood* does not stand for the proposition that a counterclaim for
invalidity always gives rise to a right to a jury trial (for either party) on the ground
that it is an inverted infringement action and that a patentee at common law had
the right to a jury by filing an infringement action and seeking damages.  Instead,
the more accurate reading of *Lockwood* is that (1) it preserves to the patentee the
right to elect a jury by seeking damages in an infringement action or
counterclaim, and (2) the accused infringer or declaratory judgment
counterclaimant is entitled to a jury trial only if the infringement claim, as
asserted by the patentee, would give rise to a jury trial. Thus, if the patentee seeks

5

only equitable relief, the accused infringer has no right to a jury trial, regardless of whether the accused infringer asserts invalidity as a defense (as in the *Tegal* case) or as a separate claim (as in this case).

*Id.* at 1290-91.

Thus, according to the Federal Circuit, the right to a jury is dictated by the nature of the case brought by the rights holder, not the rights infringer, regardless of who is the plaintiff or defendant.  Other courts have ruled similarly.[3]  *Toyota Motor Sales, U.S.A., Inc. v. Tabari*, 610 F.3d 1171, 1183-84 (9th Cir. 2010) ("Finally, we consider the Tabaris' claim that the district court deprived them of their right to a trial by jury when it failed to empanel a jury to decide Toyota's trademark claims.  Because Toyota only sought an injunction, the district court did not err by resolving its claims in a bench trial.  Nor were the Tabaris entitled to a jury trial on their equitable defenses to those claims, or their counterclaims seeking declarations of trademark invalidity and non-infringement . . . .") (citations omitted); *Taylor Corp. v. Four Seasons Greetings, LLC*, 403 F.3d 958, 968-69 (8th Cir. 2005) ("The Federal Circuit concluded neither party had a right to a jury, holding 'a defendant, asserting only affirmative defenses and no counterclaims, does not have a right to a jury trial in a patent infringement suit if the only

---

[3] At oral argument, counsel for Public Resource argued that the dissent in *In re Tech. Licensing* supports its argument that the rights holder's election does not always control for Seventh Amendment purposes.  In that dissent, Judge Newman disagreed with the Federal Circuit's holding, arguing that patent validity, separate and apart from infringement, was a legal issue which carried the right to a jury (analogizing a patent validity claim to a writ of *scire facias*, which according to Judge Newman would be tried to a jury in 18th-century England).  *In re Tech. Licensing Corp.*, 423 F.3d at 1292 (Newman, J., dissenting).  However, Judge Newman focused entirely on the nature of a patent validity claim (which is not at issue in this case), and did not assert that (non)infringement is a legal claim which automatically creates the right to a jury.  In fact, Judge Newman seemed to suggest the opposite: "Jury trial of Gennum's claim of invalidity is available as of right, whatever the requested remedy for infringement. . . . Litigation of patent validity is an action at law, separate from the infringement cause of action. . . . Professor Pomeroy, summarizing the early United States jurisprudence in his treatise on equity, explained that when only an injunction is sought as remedy for infringement, unless validity is contested the issue is entirely equitable: 'The ordinary form of relief [for infringement is] an injunction in equity; indeed, the action at law is seldom resorted to, except for the purpose of establishing the validity of the patent or copyright by the verdict of a jury when it is really contested.'" *Id.* at 1292-95 (citations omitted).  Neither Judge Newman nor Public Resource has argued that infringement standing alone (without a demand for damages) creates a jury right.  As discussed elsewhere in this opinion, Public Resource has also not identified any other claim (like the patent validity claim discussed in Judge Newman's dissent) which creates a jury right.

remedy sought by the plaintiff-patentee is an injunction.'  We agree with the Federal Circuit's

holding in *Tegal*.  Recognizing the 'historic kinship between patent law and copyright law,' we

apply the Federal Circuit's holding in *Tegal* to this copyright action.  Therefore, Four Seasons

was not entitled to a jury trial on Taylor's action seeking only a permanent injunction.")

(citations omitted); *Duhn Oil Tool, Inc. v. Cooper Cameron Corp.*, 818 F. Supp. 2d 1193, 1204

(E.D. Cal. 2011) ("The accused infringer or declaratory judgment counterclaimant is entitled to a

jury trial if the infringement claim, as asserted by the patentee, would give rise to a jury trial.");

*Kao Corp. v. Unilever U.S., Inc.*, No. 01-680, 2003 WL 1905635, at *3 (D. Del. Apr. 17, 2003)

("In sum, an alleged infringer has no entitlement to a trial by jury by virtue of pleading

counterclaims asserting noninfringement and invalidity, claims which are equitable in nature

with no attendant right to damages."); *Empresa Cubana Del Tabaco v. Culbro Corp.*, 123 F.

Supp. 2d 203, 211-12 (S.D.N.Y. 2000), *on reconsideration in part,* No. 97 Civ. 8399, 2001 WL

487960 (S.D.N.Y. May 8, 2001) ("Finally, General Cigar's counterclaim for declaratory relief

presents no right to trial by jury.  A complaint for declaratory relief does not give rise to a right

to jury trial when the underlying issues in the action do not give rise to a right to a jury trial.  *See*

*Beacon Theatres, Inc. v. Westover,* 359 U.S. 500, 504 (1959).  As set forth above, Cubatabaco's

complaint for injunctive and ancillary relief raises solely equitable issues properly addressed

only to the court.  General Cigar's counterclaim for declaratory relief, asking for dismissal of the

complaint and declaring its right to use the COHIBA mark, adds nothing new to the issues raised

in the complaint and therefore raises no legal rights. Therefore, there is no jury trial right on

General Cigar's counterclaim.") (citations omitted).

1.   Jury Right Based on Public Resource's Counterclaims or Defenses

Public Resource argues that because its claims "standing alone, sound in law," it is entitled to a jury independently of Plaintiffs' claims.  (Def. Opp'n 6).  It asserts that "where one party's claims give rise to a Seventh Amendment right to a jury trial, an opposing party cannot frustrate that right by artful pleading of its own claims."  (*Id.* at 4).  Public Resource offers almost no argument regarding which of its claims entitles it to a jury or why.[4]  There is scant detail about why its noninfringement counterclaim is a legal issue which implicates the Seventh Amendment,[5] no discussion of the history of noninfringement claims or the analogous action that may have existed in the 18th century, and no explanation of what issues of fact the jury would need to find, or why a jury is appropriate to handle a noninfringement counterclaim even where there is no jury right for Plaintiffs' infringement claim.  At oral argument, counsel for Public Resource essentially admitted that at this point in the case, the jury would have nothing to decide, but that documents gleaned in discovery could theoretically create a jury triable issue.

---

[4] Public Resource asserts (albeit in a conclusory manner) that a fair use defense may give rise to a jury right.  It does little to develop this argument, and at oral argument only mentioned it briefly.  The Supreme Court has held that "[f]air use is a mixed question of law and fact."  *Harper & Row Publishers, Inc. v. Nation Enterprises*, 471 U.S. 539, 560 (1985).  However, "[t]he existence of an issue of fact does not per se create a 'legal claim.'"  *Shubin v. U.S. Dist. Court for S. Dist. of Cal.*, 313 F.2d 250, 251 (9th Cir. 1963).  Furthermore, courts have frequently identified fair use as an equitable doctrine.  *See Television Digest, Inc. v. U.S. Tel. Ass'n*, 841 F. Supp. 5, 9 (D.D.C. 1993) ("Fair use is an equitable doctrine requiring an examination of the specific facts of each case."); *Harper & Row Publishers, Inc.*, 471 U.S. at 560-61 ("[T]he doctrine is an equitable rule of reason . . . .").  Given that Public Resource did not identify any issues of fact associated with its fair use defense or make any substantial argument, the Court cannot and will not uphold the jury demand on this basis without more.  *See Cement Kiln Recycling Coal. v. E.P.A.*, 255 F.3d 855, 869 (D.C. Cir. 2001) ("A litigant does not properly raise an issue by addressing it in a cursory fashion with only bare-bones arguments.") (internal quotation marks omitted).

[5] One Supreme Court case seemed to suggest that infringement actions were always legal.  *Markman v. Westview Instruments, Inc.*, 517 U.S. 370, 377 (1996) ("Equally familiar is the descent of today's patent infringement action from the infringement actions tried at law in the 18th century, and there is no dispute that infringement cases today must be tried to a jury, as their predecessors were more than two centuries ago."); *id.* at 384 ("[D]etermining whether infringement occurred . . . is a question of fact, to be submitted to a jury.").  However, the Federal Circuit has explained that in *Markman* the plaintiff sought damages, and the Supreme Court was likely discussing infringement actions in which damages were sought and not where the plaintiff sought only equitable relief.  *Tegal Corp.*, 257 F.3d at 1340 ("The Supreme Court briefly addressed the issue before us in its affirmance of our *Markman* opinion. . . . The Supreme Court's cursory disposal of the issue was entirely understandable and appropriate because damages were requested in the original trial litigation. . . . Thus, the Supreme Court's affirmance provides no guidance on how to analyze the case before us, in which damages are not at issue.").

Public Resource may be correct that "[t]he 'counterpart' of a declaratory judgment claim is not the opposing party's claims. It is, rather, the equivalent claim that would have been brought before the merger of law and equity. . . . Likewise, the 'counterpart' of Public Resource's declaratory judgment claim is not Plaintiff-Counterdefendants' claim. It is the claim that would have been brought pre-merger." (Def. Opp'n 7). Public Resource also correctly asserts that declaratory judgment claims are not necessarily legal or equitable, *Gulfstream Aerospace Corp. v. Mayacamas Corp.*, 485 U.S. 271, 284 (1988), but are defined by the underlying issues in the case. This argument, however, serves only to undercut its purported right to a jury trial. Public Resource asks the Court to analyze its counterclaim independently of Plaintiffs' claims, but fails to engage in any analysis of its own—likely because the pre-merger counterpart of a declaratory judgment counterclaim for noninfringement is simply a defense of noninfringement, which does not create a jury right. As the Federal Circuit explained, a patent infringement action with a counterclaim of invalidity "resembles nothing so much as a suit for patent infringement in which the affirmative defense of invalidity has been pled." *In re Lockwood*, 50 F.3d at 974. The Federal Circuit has further noted that in such actions, "the patentee could elect whether to proceed at law or in equity, based on the remedy sought, and the right to a jury would depend on the patentee's choice." *In re Tech. Licensing Corp.*, 423 F.3d at 1289. These Federal Circuit cases analyzed a counterclaim of invalidity as opposed to noninfringement, but a noninfringement counterclaim presents an even weaker case. For Seventh Amendment purposes, a copyright infringement action with a counterclaim of noninfringement (as in this case) is equivalent to a copyright infringement action with a defense of noninfringement. In either case, it is the copyright holder who dictates the availability of a

jury by choosing to seek money damages or not.  Plaintiffs have not sought damages here; therefore Public Resource cannot demand a jury.

2.  <u>Claim Inversion</u>

Public Resource also argues that because Plaintiffs could have brought a legal claim for damages which would create a right to a jury, Public Resource is entitled to step into Plaintiffs' shoes and assert that same right.  This entitlement arises, according to Public Resource, because as long as a plaintiff could have sought damages then either party may invoke plaintiff's theoretical right to a jury, even if the plaintiff does not actually seek damages or request a jury. According to Public Resource, a defendant acquires the plaintiff's jury right because declaratory judgment counterclaims must always be inverted into affirmative claims, meaning the defendant is placed in the position of the plaintiff and can assert whatever theoretical rights that plaintiff may have had.  In support of this argument, Public Resource relies on cases which discuss claim inversion, in which "for purposes of the right to a jury trial in patent cases, it is inconsequential whether the parties are aligned in the conventional manner (patentee as plaintiff and accused infringer as defendant and invalidity counterclaimant) or in the manner that results when the accused infringer initiates the action as a declaratory judgment (accused infringer as plaintiff and patentee as defendant and infringement counterclaimant)."  *In re Tech. Licensing Corp.*, 423 F.3d at 1288.

The rationale behind claim inversion is the protection of the rights holder's right to a jury. Before a declaratory judgment action existed, only the rights holder could initiate a lawsuit, and the rights holder could decide whether to bring the case in law or in equity.  As a result of the Declaratory Judgment Act, the accused infringer now has the option of initiating a suit, seeking a declaration of noninfringement instead of waiting to be sued for infringement.  Courts have

therefore noted that in the latter instance, where the case is "inverted" so the plaintiff is the alleged infringer and the defendant is the rights holder, the rights holder still has the right to demand a jury.

Public Resource's inversion argument is an unnecessary detour for the simple reason that this case is not inverted. The procedural posture here is the "conventional manner," wherein the rights holder sues for infringement and the accused infringer is the defendant and claims noninfringement. Public Resource's argument—that because it is the defendant-declaratory judgment counterclaimant, the action is automatically inverted and it steps into the shoes of the rights holder plaintiffs and asserts whatever jury rights those plaintiffs may have theoretically had—is without foundation and contrary to precedent. Even if Public Resource could step into the Plaintiffs' shoes, Public Resource has not made (and could not make) a claim for damages. Nor have Plaintiffs sought damages. There is therefore no basis for Public Resource to assert a right to a jury simply because Plaintiffs could have brought a claim for damages, even though Plaintiffs did not.[6] *See Video Views, Inc. v. Studio 21, Ltd.*, 925 F.2d 1010, 1017 (7th Cir. 1991) ("Had [plaintiff] sought only an injunction, [defendant] certainly would have had no entitlement to a jury trial."); *Shubin*, 313 F.2d at 251 ("The defendants seek only a permanent injunction against threatened infringement. This is not a legal issue. Defendants' only remedy would be in equity."); *Predator Int'l, Inc. v. Gamo Outdoor USA, Inc.*, No. 09-cv-00970, 2014 WL 103660, at *3 n.1 (D. Colo. Jan. 10, 2014) ("Predator does not have the right to a jury trial on its copyright claim since that claim is limited to a remedy of declaratory or injunctive relief.");

---

[6] Public Resource mischaracterizes the holding in *Sanofi-Synthelabo v. Apotex, Inc.*, No. 02-Civ-2255, 2002 WL 1917871 (S.D.N.Y. Aug. 20, 2002). It asserts that *Sanofi* held that as long as a plaintiff could have brought damages, even if they did not, then a defendant-declaratory judgment counterclaimant can always demand a jury. That is not the holding of *Sanofi*. *Sanofi* merely held that in cases where plaintiffs could not possibly seek damages because the claim was for future infringement, no jury right can ever attach. This is not the same as holding that if there could possibly be damages, the jury right always attaches. The relevant inquiry is whether damages are actually sought, not whether they could be. Notably, *Sanofi* was also decided before *In re Tech. Licensing*.

11

*Caldwell-Gadson v. Thomson Multimedia, S.A.*, No. IP 99-1734, 2001 WL 1388052, at *8 (S.D. Ind. Sept. 18, 2001) ("A suit for copyright infringement, insofar as it seeks an injunction, is equitable in nature.") (internal quotation marks and citation omitted).

## IV.   <u>CONCLUSION</u>

Public Resource's counterclaim for noninfringement is analogous to a defense of noninfringement in an 18th century suit for copyright infringement.  As a result, Plaintiffs can decide whether to bring the suit in a court of law or equity.  Here, Plaintiffs seek only an injunction, therefore the case is equitable and there is no right to a jury.  Public Resource has not identified any stand-alone legal claims which create a jury right, nor any factual issues related to any claims or defenses that a jury could decide.  Plaintiffs' motion to strike Public Resource's jury demand is therefore **GRANTED**.  An appropriate Order accompanies this Memorandum Opinion.

Date:  February 2, 2015

*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge