**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| AMERICAN SOCIETY FOR TESTING AND MATERIALS d/b/a/ ASTM INTERNATIONAL;<br><br>NATIONAL FIRE PROTECTION ASSOCIATION, INC.; and<br><br>AMERICAN SOCIETY OF HEATING, REFRIGERATING, AND AIR CONDITIONING ENGINEERS,<br><br>        Plaintiffs/<br>        Counter-Defendants,<br><br>v.<br><br>PUBLIC.RESOURCE.ORG, INC.,<br><br>        Defendant/<br>        Counter-Plaintiff. | Case No. 1:13-cv-01215-TSC |

**PLAINTIFF NATIONAL FIRE PROTECTION ASSOCIATION, INC.'S MOTION TO AMEND COMPLAINT**

Pursuant to Federal Rule of Civil Procedure 15(a), Plaintiff National Fire Protection Association, Inc. ("NFPA") moves to amend the Complaint in this case.  As set forth in the Complaint, Plaintiffs are three not-for-profit organizations that develop private-sector standards to advance public safety, ensure compatibility across products and services, facilitate training, and spur innovation.  Dkt. 1 ¶ 1.  The standards developed by Plaintiffs are original works protected from infringement under the Copyright Act.  The process of developing standards is costly, and Plaintiffs rely on revenues from the sales and licensing of their copyrighted standards to help underwrite those costs.  *Id.* ¶ 136.  Plaintiffs brought this copyright and trademark action to stop Defendant Public.Resource.Org ("Public Resource") from copying Plaintiffs' copyrighted standards and posting the entire standards on its public website.  *Id.* ¶ 3.  This motion seeks to add the most recent edition of one of the standards already identified in the Complaint to the list of works infringed by Public Resource.

Exhibit B to the Complaint is a list of certain NFPA copyrighted works that Public Resource has infringed.  *Id.* ¶ 78 and Ex. B.   One of the standards identified in Exhibit B is NFPA's National Electrical Code (" NEC").  The NEC is updated every three years through a substantive review process.  NFPA issues a new edition of the NEC every three years at the conclusion of this process.  At the time the Complaint was filed, the most recent NEC was the 2011 edition, and the Complaint identifies the 1999, 2002, 2005, 2008, and 2011 editions of the NEC as among the works infringed by Public Resource.  Since filing the complaint, NFPA has published the 2014 edition of the NEC, and NFPA has learned that Public Resource has continued and expanded its infringing activities by posting a copy of this standard on its website as well.  In this motion, NFPA seeks to add the 2014 NEC to the list of copyrighted works that Public Resource has infringed.  Attached hereto is the proposed Amended Exhibit B to the

Complaint, which is identical to the existing Exhibit B to the Complaint except for the addition

of the 2014 NEC to the list of NFPA standards infringed by Public Resource.

The other Plaintiffs have consented to this amendment, but Defendant Public Resource

has not consented.  The Court should allow NFPA to file the amended complaint because there is

good cause for the amendment and permitting the amendment would not result in any prejudice

to Public Resource.

## ARGUMENT

Rule 15(a) provides that leave to amend shall be freely given when justice so requires.

"Leave to amend a complaint should be freely given in the absence of undue delay, bad faith,

undue prejudice to the opposing party, repeated failure to cure deficiencies, or futility."

*Richardson v. United States*, 193 F.3d 545, 548-49 (D.C. Cir. 1999).  The burden is on the party

opposing the motion "to show prejudice sufficient to justify a denial of leave to amend," such as

through a showing "that it was unfairly disadvantaged or deprived of the opportunity to present

facts or evidence."  *In re Vitamins Antitrust Litig.*, 217 F.R.D. 30, 32 (D.D.C. 2003).

Here, NFPA simply seeks to update the list of copyrighted standards infringed by Public

Resource to include the latest edition of a standard already identified in the Complaint.  NFPA

could not have included the 2014 edition of the NEC in the original Complaint, because this

edition had not yet been published and Public Resource had not yet posted a copy of this edition

on its website.  It is common in copyright cases for a plaintiff to discover additional works

infringed by the defendant in the course of the litigation, especially when the newly infringed

work was not yet published or registered when the complaint was filed.  Courts routinely

recognized that it is proper to amend the complaint in these circumstances.  *See Lennon v.*

*Seaman*, 84 F. Supp. 2d 522, 524 (S.D.N.Y. 2000) ("It is well settled that a plaintiff may amend

an infringement complaint to include allegations regarding items discovered subsequent to the filing of the complaint.").

Public Resource is fully aware of the existence of the 2014 NEC and its relevance to this case, as it has chosen to post a copy of the 2014 NEC on its website during the pendency of this case.  Upon discovering Public Resource's conduct, and more than a month before the close of discovery, NFPA notified Public Resource of NFPA's intent to amend the Complaint and asked if Public Resource had any objection to the Amendment.  Public Resource had ample opportunity to identify any reason why the Complaint should not be amended and did not do so.

After failing to respond to NFPA's request for a full month, and after a repeated request from NFPA, Public Resource notified NFPA on January 29 that it would not consent to the amendment.  But Public Resource did not identify any prejudice that would arise from this amendment.  There is none.  NFPA has already produced the same categories of documents for the 2014 NEC that it has produced for the standards identified in Exhibit B to the Complaint. The legal and factual issues raised by the 2014 NEC are the same as the legal and factual issues raised by the 2011 NEC.  And Public Resource has yet to conduct even a single deposition of any NFPA witness, so it is free to conduct investigation into the 2014 NEC to the same degree as every other standard referenced in the Complaint.

In summary, following the filing of this action, Public Resource decided to continue and expand its infringing activities by posting the 2014 edition of the NEC on its website.  And yet Public Resource now opposes NFPA's request to add that edition of the standard to the list of infringed works, while never identifying any prejudice from its inclusion.  The Court should grant leave to amend.

Dated: February 3, 2015                 Respectfully submitted,


                                        /s/ Kelly Klaus

                                        Anjan Choudhury (D.C. Bar: 497271)
                                        Munger, Tolles & Olson LLP
                                        355 South Grand Avenue, 35th Floor
                                        Los Angeles, CA  90071
                                        Tel: 213.683.9100
                                        Email:  Anjan.Choudhury@mto.com

                                        Kelly M. Klaus
                                        Jonathan H. Blavin
                                        Nathan M. Rehn
                                        Munger, Tolles & Olson LLP
                                        560 Mission St., 27th Floor
                                        San Francisco, CA 94105
                                        Tel:  415.512.4000
                                        Email: Kelly.Klaus@mto.com
                                               Jonathan.Blavin@mto.com
                                               Thane.Rehn@mto.com

                                        *Counsel for National Fire Protection Association, Inc.*

4

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Motion to Amend was served this 30th day of January, 2015 via CM/ECF upon the following:

**Counsel for Public.Resource.Org, Inc.:**

Andrew Bridges

Kathleen Lu

David Halperin

Mitchell L. Stoltz

Corynne McSherry

Joseph Gratz

Mark Lemley

**Counsel for American Society for Testing and Materials d/b/a ASTM International:**

Michael F. Clayton

J. Kevin Fee

Jordana S. Rubel

**Counsel for American Society of Heating, Refrigerating, and Air Conditioning Engineers:**

Jeffrey Bucholtz

Kenneth Steinthal

Joseph Wetzel

/s/ Thane Rehn
Nathan Rehn