**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| AMERICAN SOCIETY FOR TESTING AND MATERIALS d/b/a/ ASTM INTERNATIONAL;<br><br>NATIONAL FIRE PROTECTION ASSOCIATION, INC.; and<br><br>AMERICAN SOCIETY OF HEATING, REFRIGERATING, AND AIR CONDITIONING ENGINEERS,<br><br>        Plaintiffs/<br>        Counter-Defendants,<br><br>v.<br><br>PUBLIC.RESOURCE.ORG, INC.,<br><br>        Defendant/<br>        Counter-Plaintiff. | Case No. 1:13-cv-01215-TSC |

**PLAINTIFFS' OPPOSITION TO MOTION FOR EXTENSION OF DISCOVERY PERIOD, CORRESPONDING MODIFICATION OF SCHEDULING ORDER, AND LEAVE TO TAKE MORE THAN 10 DEPOSITIONS**

**TABLE OF CONTENTS**

**Page**

I. INTRODUCTION ..................................................................................................1
II. FACTUAL BACKGROUND ................................................................................2
III. THERE IS NO GOOD CAUSE FOR AN EXTENSION OF TIME..................6
IV. THERE IS NO GOOD CAUSE TO INCREASE THE NUMBER OF DEPOSITIONS DEFENDANT MAY TAKE ....................................................8
V. THE SCHEDULE PROPOSED BY DEFENDANT WOULD CAUSE NEEDLESS DELAY AND PREJUDICE TO PLAINTIFFS' RIGHTS ...........11
VI. CONCLUSION.....................................................................................................12

## TABLE OF AUTHORITIES

Page(s)

**FEDERAL CASES**

*Archer Daniels Midland Co. v. Aon Risk Servs., Inc.*,
    187 F.R.D. 578 (D. Minn. 1999) ................................................................................... 9, 10

*Authentec, Inc. v. Atrua Techns., Inc.*,
    No. C 08-1423 PJH, 2008 WL 5120767 (N.D. Cal. Dec. 4, 2008) ....................................... 9

*Bell v. Fowler*,
    99 F.3d 262 (8th Cir. 1996) ................................................................................................. 9

*Dag Enters., Inc. v. Exxon Mobil Corp.*,
    226 F.R.D. 95 (D.D.C. 2005) ............................................................................................... 6

*Johnson v. Mammoth Recreations, Inc.*,
    975 F.2d 604 (9th Cir. 1992) ............................................................................................... 6

*Lloyd v. Valley Forge Life Ins. Co.*,
    No. C06-5325 FDB, 2007 WL 906150 (W.D. Wash. Mar. 23, 2007) ................................ 10

*St. Paul Mercury Ins. Co. v. Capitol Sprinkler Inspection, Inc.*,
    No. 05-cv-2115 CKK, 2007 WL 1589495 (D.D.C. June 1, 2007) ..................................... 10

*Whittingham v. Amherst Coll.*,
    163 F.R.D. 170 (D. Mass. 1995) .......................................................................................... 9

**FEDERAL RULES**

Fed. R. Civ. P. 16(b)(4) ................................................................................................................. 6

Fed. R. Civ. P. 26(b)(2) ................................................................................................................. 8

Fed. R. Civ. P. 26(b)(2)(C) ............................................................................................................ 9

Fed. R. Civ. P. 30(a)(2) ................................................................................................................. 8

Fed. R. Civ. P.30(a)(2)(A) ........................................................................................................... 10

Fed. R. Civ. P.  30(b)(6) ...................................................................................................... 5, 6, 10

**LOCAL RULES**

L.R. 30.1 ...................................................................................................................................... 10

**I.     INTRODUCTION**

Defendant Public.Resource.Org, Inc. ("Defendant") filed its Motion for Extension of Discovery Period, Corresponding Modification of Scheduling Order, and Leave to Take More than 10 Depositions (the "Motion") the day before the close of fact discovery, after failing to take any reasonable steps to complete discovery in the weeks leading up to the court-ordered cutoff. Defendant abruptly canceled scheduled depositions in January and made no attempt to reschedule them, and now seeks to extend the time to take depositions by more than two and a half months. What's more, the Motion makes a last-minute request to significantly expand the scope of discovery by doubling the number of depositions Defendant may take, even though Defendant has yet to take a single deposition and thus cannot reasonably argue that it needs more than the ten depositions permitted by the Federal Rules. The Motion should be denied.

The Motion is part of a pattern of Defendant making last-minute attempts to delay discovery, thus imposing not only delay but significant cost and inconvenience on Plaintiffs. At Defendant's request, NFPA scheduled depositions of NFPA witnesses on January 9 and 13, but Defendant canceled those depositions without prior warning on January 6, and only after NFPA asked Defendant to confirm the location for the depositions. This required the cancellation of counsel's travel plans and significant inconvenience for the noticed witnesses, including NFPA's president. Later, Plaintiffs scheduled the 30(b)(6) deposition of Defendant and the deposition of Defendant's president Carl Malamud on January 29 and 30. On January 27, Defendant announced that it would not appear for these depositions, and proposed that the depositions take place on February 12 and 13. Although this again resulted in significant inconvenience, Plaintiffs agreed to the delay and promptly noticed the depositions on the dates Defendant had requested. Incredibly, Defendant waited to respond until February 9, and then unilaterally announced that it would not appear for the depositions on the dates Defendant itself had chosen.

1

Plaintiffs American Society for Testing and Materials d/b/a ASTM International ("ASTM"), National Fire Protection Association, Inc. ("NFPA"); and American Society for Heating, Refrigerating, and Air Conditioning Engineers ("ASHRAE") have made reasonable efforts to accommodate Defendant's repeated attempts to delay this litigation. Plaintiffs have twice agreed to Defendant's prior requests to extend discovery by a total of four months. Dkt. 37; Dkt. 56. And, despite Defendant's cancellation of its noticed depositions in January and its failure to schedule new dates for those depositions before the close of fact discovery, Plaintiffs have offered to accommodate Defendant's request for more time to take those depositions. Plaintiffs are willing to work with Defendant to promptly schedule the depositions it timely noticed and at the end of this opposition brief (the "Opposition"), Plaintiffs propose a compromise schedule to allow this. But beyond that, enough is enough. Defendant's eleventh-hour motion for an additional sweeping expansion of the time and scope of discovery should be denied. As described in greater detail below, Plaintiffs oppose Defendant's motion because (1) Defendant has not shown good cause for an extension of time or an expansion of the number of depositions; (2) the motion is untimely; and (3) granting the motion would cause delay and prejudice Plaintiffs' rights.

## II.     FACTUAL BACKGROUND

Contrary to its representations in the Motion, Defendant has had ample opportunity to timely complete discovery in this case. Plaintiffs completed almost the entirety of their document production by January 5, and attempted to schedule a total of eight depositions that Defendant indicated a desire to take. These included noticed 30(b)(6) depositions of each Plaintiff, as well as several fact witnesses identified but not noticed by Defendant.

On January 6, however, Defendant informed Plaintiffs that it would not go forward with any depositions, representing that it needed more time to review Plaintiffs' documents. But over

2

the following weeks, Defendant made no attempt to reschedule the depositions later in January, and has yet to take a single deposition. And, over the course of multiple emails and telephone calls, Defendant did not inform Plaintiffs that it would seek to expand the number of depositions until January 29—the day before the scheduled close of fact discovery and the day it filed the Motion.

As is relevant to this Opposition, fact discovery has proceeded as follows to date:

Rule 26 Disclosures

- NFPA served initial disclosures pursuant to Rule 26 on January 17, 2014. In these initial disclosures, NFPA identified three NFPA employees as potential witnesses in this litigation (Chris Dubay, Bruce Mullen and Dennis Berry). NFPA amended its initial disclosures on November 29, 2014, adding two additional NFPA employees (Don Bliss and Jim Pauley) and one third party (James Golinveaux) as potential witnesses, and on January 28, 2015, adding one third party (Kevin Reinertson) as a potential witness.

- ASTM served initial disclosures pursuant to Rule 26 on January 17, 2014. In these initial disclosures, ASTM identified two ASTM employees as potential witnesses in this litigation (James Thomas and Thomas O'Brien). ASTM amended its initial disclosures on December 24, 2014, adding one ASTM employee (Jeff Grove) and two third parties (Randy Jennings and Steven Cramer) as potential witnesses, and on January 14, 2015, adding one additional ASTM employee (Nicole Baldini) as a potential witness.

- ASHRAE served initial disclosures pursuant to Rule 26 on January 17, 2014, identifying three ASHRAE employees as potential witnesses in this litigation (Jeff Littleton, Claire Ramspeck, and Steve Comstock). ASHRAE amended its initial disclosures on January

30, 2015, adding one additional ASHRAE employee (Stephanie Reiniche) as a potential witness.

- Defendant: Defendant first served initial disclosures pursuant to Rule 26 on January 17, 2014, identifying 17 individuals as potential witnesses in this litigation. Defendant served amended initial disclosures on January 30, 2015, identifying four additional individuals as potential witnesses.

Document Discovery

- NFPA: NFPA produced documents on May 22, 2014 (13,031 pages); June 23, 2014 (7,360 pages); November 25, 2014 (308 pages); December 31, 2014 (7,983 pages); January 5, 2015 (9,807 pages);[1] and January 30, 2015 (62 pages). On December 16, 2014, pursuant to the Court's order, NFPA also made its standards development records available for Public Resource's inspection, but Public Resource did not inspect those records. In response to Public Resource's failure to inspect those records, NFPA made copies of certain folders from those records and provided them to Public Resource on January 30, 2015.

- ASTM: ASTM produced documents on July 24, 2014 (1,830 pages); October 17, 2014 (5,280 pages); December 31, 2014 (89,565 pages); January 16, 2015 (6,190 pages); and January 30, 2015 (193 pages).

- ASHRAE: ASHRAE produced documents on August 11, 2014 (1,618 pages); August 27, 2014 (20,864 pages); October 17, 2014 (181 pages); October 30, 2014 (1,513 pages);

---

[1] Plaintiffs and Defendant were engaged in disputes relating to the over-breadth and relevance of certain of Defendant's discovery requests that were not fully resolved until the Court deemed Defendant's motion to Compel moot on November 24, 2014.

  November 21, 2014 (3,265 pages); December 29, 2014 (2,100 pages); January 9, 2015 (305 pages).

- Defendant: Defendant produced documents on August 29, 2015 (166,269 pages); October 31, 2014 (5,914 pages); November 14, 2014 (31,583 pages); December 24, 2014 (44, 235 pages); and January 30, 2015 (653 pages).  Thus, although Defendant protests that Plaintiffs "dumped" large productions on it at the last minute, Defendant produced nearly 45,000 pages of documents in late December and January.  Moreover, unlike Plaintiffs' productions, Defendant's productions in December and January are not explained by the fact that the parties were in the process of resolving objections to the relevant document requests.

<u>Depositions</u>

- Plaintiffs: ASTM, on behalf of Plaintiffs, served deposition notices on Carl Malamud (individually) and Defendant (pursuant to Rule 30(b)(6)) on September 14, 2014, January 14, 2015, and January 30, 2015.  Mr. Malamud and Defendant refused to appear for any of these depositions as noticed.  On behalf of Plaintiffs, ASTM served subpoenas on, and took depositions of, two third parties in November 2014.

- Defendant: Defendant served deposition notices on each of the Plaintiffs pursuant to Rule 30(b)(6) on November 14, 2014.  Defendant asked Plaintiffs whether they would accept service of subpoenas and/or deposition notices for four individuals on November 13, 2014 and December 16, 2014 though Defendant never noticed or served subpoenas upon such persons.  Defendant served deposition notices for 16 individuals and four

businesses (Plaintiffs and a third party[2] pursuant to Rule 30(b)(6)), at 12:42 AM on January 31, 2015.

## III.     THERE IS NO GOOD CAUSE FOR AN EXTENSION OF TIME

Federal Rule of Civil Procedure 16(b)(4) provides that a scheduling order "may be modified only for good cause and with the judge's consent." In determining whether good cause has been shown, the court should "primarily consider[] the diligence of the party seeking" to modify the schedule. *Dag Enters, Inc. v. Exxon Mobil Corp.*, 226 F.R.D. 95, 105 (D.D.C. 2005) (quotation omitted); *see also Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) ("Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification. ***If that party was not diligent, the inquiry should end***." (citation omitted and emphasis added)).

Here, Defendant has not demonstrated any diligence necessary to warrant granting its motion. In its motion, Defendant contends that Plaintiffs produced a large number of documents "at the last minute," but the fact is that all three Plaintiffs completed virtually all of their document productions by almost a month before the close of discovery (and only approximately one month after the resolution of Defendant's motion to compel), and yet Defendant made no attempt to schedule depositions thereafter. Making productions in this time frame is hardly "backloading" production, as Defendant claims. It is common in litigation for parties to finalize document production shortly before the close of fact discovery, and Defendant itself produced more than 44,000 pages of documents on December 23, 2014.[3]

---

[2] We understand that the third party, the American National Standards Institute, has not to date been served the subpoena provided to Plaintiffs on January 31, 2015.

[3] As is typical, Plaintiffs and Defendant all produced their privilege logs and made small supplemental productions on January 30 to complete their production of documents. On January

6

**ASTM:** ASTM produced more than 93% of its documents (by page count) on or before December 31, a month before the close of discovery. Defendant does not contest this fact. *See* Mot. 9 (claiming that more than 95% of the pages produced by ASTM were produced on December 31, with a small supplemental production on January 16). This gave Defendant ample time to take depositions before the close of discovery. Defendant has no reason not to schedule depositions and an extension of time until April is not warranted.

**NFPA:** NFPA substantially completed its document production on January 5, giving Defendant ample time to schedule depositions. Mot. 9-10 (listing NFPA productions).

In its motion, Defendant claims to be "awaiting" further NFPA productions, but the productions in question are copies of the files in NFPA's standards development records that contain assignment forms. The only reason Defendant did not obtain those copies more than a month ago is due to its own lack of diligence. The Court ordered NFPA to make the records available for Defendant's inspection, and NFPA notified Defendant on December 16 that the records were available for inspection pursuant to the Court's order during regular business hours at NFPA headquarters. Defendant never arranged to come to NFPA's headquarters to inspect these documents during NFPA's business hours.[4] Finally, after repeated requests to Defendant to schedule a time for inspection, and to cut short Defendant's delaying tactics, NFPA offered to identify the files in the records that contained assignment forms and make copies of those files— at considerable burden to NFPA—even though this had not been ordered by the Court.

---

30, ASTM produced 186 pages and NFPA produced 62 pages, while ASHRAE produced 304 pages on January 9. Also on January 30, Defendant made a supplemental production that was larger than the combined productions of all three Plaintiffs (652 pages).

[4] On December 23, Defendant asked if NFPA's headquarters were open on December 26 or December 29. NFPA responded that the records could not be inspected those days due to the holiday, and asked Defendant to identify any other business day to conduct the inspection. Defendant never responded to this offer.

Defendant should not now be able to use its own failure to conduct the Court-ordered inspection of these records as a reason to further delay this case. But in any event, NFPA provided Defendant with copies of the files in question on January 30, and Defendant now has no reason not to proceed with depositions. An extension of time until April is unwarranted.

**ASHRAE:** ASHRAE completed the large majority of its production in October, and its production was substantially complete by December 23. Mot. 9. Despite this, Defendant failed to take any depositions of ASHRAE witnesses. Defendant's motion makes the bald assertion that it needs to review all Plaintiffs' productions before deposing ASHRAE. Mot. 4. Even if this were true, it again would only provide a basis for extending the time for taking depositions slightly past January 30. Defendant has no basis to avoid scheduling ASHRAE depositions now.

In summary, Defendant could have completed discovery by January 30, or at a minimum could have requested new dates for depositions of Plaintiffs' witnesses prior to January 30. Even if there was a necessity for some depositions to take place after the close of fact discovery, the schedule proposed by Defendant is unreasonable. In the interest of compromise, Plaintiffs are willing to work with Defendant to promptly complete those depositions noticed by Defendant timely in advance of the close of fact discovery, as well as the depositions of two witnesses noticed by Defendant on January 31 who were disclosed by Plaintiffs under Rule 26 during the final month of discovery, and propose a compromise schedule in Part IV below.

## IV.    THERE IS NO GOOD CAUSE TO INCREASE THE NUMBER OF DEPOSITIONS DEFENDANT MAY TAKE

Defendant also seeks leave to double the number of depositions beyond the limit provided by Federal Rule 30. Rule 30(a)(2) provides that a party seeking to take more than ten depositions must first obtain leave of the court, and that the court should grant leave "to the extent consistent with Rule 26(b)(2)[.]" Fed. R. Civ. P. 30(a)(2). Rule 26(b)(2), in turn, directs

the court to limit discovery if it is unnecessarily cumulative or duplicative, if the party seeking the discovery has had ample opportunity to obtain the information through other discovery, and if the burden of additional discovery outweighs the likely benefit.  Fed. Rule Civ. P. 26(b)(2)(C).

Courts have held that a party seeking to take more than ten depositions "must make a particularized showing of the need for the additional discovery." *Authentec, Inc. v. Atrua Techs., Inc.*, No. C 08-1423 PJH, 2008 WL 5120767, at *1 (N.D. Cal. Dec. 4, 2008); *see also Archer Daniels Midland Co. v. Aon Risk Servs., Inc.*, 187 F.R.D. 578, 587 (D. Minn. 1999) (denying motion to increase number of depositions where movant "made no showing that each of the deponents is essential to its discovery, and is not merely a replication of discovery that could be best accomplished with the number of deponents … previously allocated").

Defendant's motion fails to meet this standard.  Defendant cannot plausibly make the required "particularized showing" of a need for more than ten depositions when it has failed to take even a single deposition.  Indeed, Defendant's motion makes no attempt to show that any particular deponents are essential to its discovery, and Defendant itself admits that it "does not have the information it needs to identify all the depositions it needs to take." Mot. 5.  In light of that admission, it is clear that Defendant cannot offer good cause with the particularity required by the Federal Rules.  *Whittingham v. Amherst Coll.*, 163 F.R.D. 170, 171 (D. Mass. 1995) (denying motion to increase number of depositions when movant failed to "list the exact number of additional depositions he wishes to take, let alone the particular individuals he seeks to depose"); *Bell v. Fowler*, 99 F.3d 262, 271 (8th Cir. 1996) (affirming denial of motion to take additional depositions when movant "presented no good reason why the additional depositions were necessary").  Defendant's failure to take any depositions before seeking to expand the total number of depositions is reason enough to deny the motion.  Indeed, in similar situations, courts

have held that "Rule 30(a)(2)(A) clearly contemplates that a party has already taken ten depositions before a motion [may be] filed seeking leave of court for a proposed deposition that would result in more than ten depositions being taken under this rule." *Lloyd v. Valley Forge Life Ins. Co.*, No. C06-5325 FDB, 2007 WL 906150, at *2 (W.D. Wash. Mar. 23, 2007); *see also Archer Daniels*, 187 F.R.D. at 586.

Moreover, Defendant's motion should be denied because it is an untimely attempt to expand the scope of fact discovery. Under the Local Rules, deponents must be noticed more than seven days in advance of the deposition if they to take place within 50 miles of the District of Columbia, and 14 days in advance if they are to take place more than 50 miles outside of the District of Columbia. *See* L.R. 30.1. When a party fails to timely notice a witness for deposition before the close of fact discovery in accordance with the Local Rules, it is appropriate to preclude the party from later seeking to take the deposition.[5] *See St. Paul Mercury Ins. Co. v. Capitol Sprinkler Inspection, Inc.*, No. 05-cv-2115 CKK, 2007 WL 1589495, at *13 (D.D.C. June 1, 2007) ("As the Court notes that Defendant never scheduled the deposition of [the witness] prior to the close of discovery, . . . Defendant certainly has not demonstrated good cause to reopen discovery for the purposes of doing so at this juncture."). The depositions noticed by Defendant here failed to comply with Local Rule 30.1, as they could not have been taken prior to the close of fact discovery. As a result, Defendant should be precluded from taking any depositions noticed on January 31. Defendant's motion to expand the number of witnesses should therefore be denied as untimely.

---

[5] Early in the morning of January 31 – shortly after the close of the discovery period – Defendant sent 20 deposition notices to Plaintiffs. Only three of these depositions – all of which were notices to Plaintiffs under Rule 30(b)(6) – had been noticed previously. In addition to the fact that these notices served after the close of fact discovery and were untimely under this Court's Local Rules, Defendants' notices also exceeded the limit of ten notices provided by Rule 30, and so are procedurally deficient for that reason as well.

Nonetheless, as discussed above, in the interest of compromise, Plaintiffs have agreed not to object to Defendant taking the depositions it noticed timely in advance of the close of fact discovery. Nor, in the interest of compromise, do Plaintiffs object to Defendant taking the depositions of the two new witnesses noticed on January 31 who were disclosed by Plaintiffs under Rule 26 during the final month of discovery. But Defendant's failure of diligence in noticing depositions should not form the basis for permitting it to notice and take depositions of witnesses it could have but failed to notice earlier.

## V. THE SCHEDULE PROPOSED BY DEFENDANT WOULD CAUSE NEEDLESS DELAY AND PREJUDICE TO PLAINTIFFS' RIGHTS

Defendant's motion seeks to extend fact discovery until April 15, even though Defendant informed Plaintiffs the day before filing this motion that March 15 would be a sufficient extension of time. Defendant's proposed schedule would prejudice Plaintiffs by significantly compressing the available amount of time for expert discovery, which has already been compressed as a result of Defendant's prior requests to extend fact discovery, while still resulting in over a month's delay in the case. In addition, though Defendant has agreed not to serve additional written discovery requests, Defendant's proposed schedule would not limit Defendant from subpoenaing additional documents or noticing additional depositions which, as discussed above, Defendant has already had ample time to complete. To alleviate these concerns, Plaintiffs propose the schedule below as a reasonable compromise. In addition, Plaintiffs ask the Court to set a date for the parties to file summary judgment motions. It is time to put this case, which has been pending for over a year and a half, on track for resolution.

|  | **Current Date** | **Defendant's Proposal** | **Plaintiffs' Proposal** |
|---|---|---|---|
| Close of fact discovery | 1/30/2015 | 4/15/2015 | 1/30/2015 |
| Last date on which depositions may be taken | -- | -- | 3/13/2015 |

11

| | | | |
|---|---|---|---|
| Joint status report | 3/2/2015 | 4/22/2015 | 3/20/2015 |
| Opening expert disclosures | 3/2/2015 | 5/13/2015 | 4/10/2015 |
| Opposition expert disclosures | 4/13/2015 | 6/10/2015 (shorten from 6 weeks to 4 weeks) | 5/22/2015 |
| Rebuttal expert disclosures | 6/1/2015 | 7/8/2015 (shorten from 7 weeks to 4 weeks) | 7/3/2015 (shorten from 7 weeks to 6 weeks) |
| Reply expert disclosures | 6/15/2015 | 7/22/2015 | 7/17/2015 |
| Close of expert discovery | 7/14/2015 | 8/21/2015 | 8/14/2015 |
| Joint status report | 7/21/2015 | 8/28/2015 | 8/21/2015 |
| Status conference | 7/28/2015 | At the Court's convenience | 8/28/2015 |
| Summary judgment motions due | -- | -- | 9/30/2015 |

## VI.   CONCLUSION

The Court should deny Public Resource's motion. The Court should enter an order limiting Defendant to take the depositions of witnesses it timely noticed sufficiently in advance of the close of discovery, as well as witnesses noticed on January 31 who were disclosed by Plaintiffs in the final month of discovery, and adjusting the case schedule as suggested by Plaintiffs.

Dated: February 17, 2015       Respectfully submitted,

/s/ Kelly Klaus
Anjan Choudhury (D.C. Bar: 497271)
Munger, Tolles & Olson LLP
355 South Grand Avenue, 35th Floor
Los Angeles, CA 90071
Tel: 213.683.9100
Email: Anjan.Choudhury@mto.com

Kelly M. Klaus
Jonathan H. Blavin
Nathan M. Rehn
Munger, Tolles & Olson LLP
560 Mission St., 27th Floor
San Francisco, CA 94105
Tel: 415.512.4000
Email: Kelly.Klaus@mto.com
       Jonathan.Blavin@mto.com
       Thane.Rehn@mto.com

*Counsel for National Fire Protection Association, Inc.*

/s/ J. Kevin Fee
Michael F. Clayton (D.C. Bar: 335307)
J. Kevin Fee (D.C. Bar: 494016)
Jordana S. Rubel (D.C. Bar: 988423)
Morgan, Lewis & Bockius LLP
1111 Pennsylvania Ave., N.W.
Washington, D.C. 20004
Telephone: 202.739.5215
Email: mclayton@morganlewis.com
       jkfee@morganlewis.com
       jrubel@morganlewis.com

*Counsel For American Society For Testing And Materials d/b/a/ ASTM International*

/s/ Joseph R. Wetzel
Jeffrey S. Bucholtz (D.C. Bar: 452385)
King & Spalding LLP
1700 Pennsylvania Avenue, NW, Ste. 200

Washington, DC 20006-4707
Tel: 202.737.0500
Email: jbucholtz@kslaw.com

Kenneth L. Steinthal
Joseph R. Wetzel
King & Spalding LLP
101 Second Street, Ste. 2300
San Francisco, CA 94105
Tel: 415.318.1211
Email: ksteinthal@kslaw.com
      jwetzel@kslaw.com

*Counsel for American Society of Heating, Refrigerating, and Air Conditioning Engineers*

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing Opposition to Public Resource's Motion for Extension of Discovery Period, Corresponding Modification of Scheduling Order, and Leave to Take More Than 10 Depositions was served this 17th day of February, 2015 via CM/ECF upon the following:

**Counsel for Public.Resource.Org, Inc.:**

Andrew Bridges

Kathleen Lu

David Halperin

Mitchell L. Stoltz

Corynne McSherry

Joseph Gratz

Mark Lemley

Matthew Becker

**Counsel for American Society for Testing and Materials d/b/a ASTM International:**

Michael F. Clayton

J. Kevin Fee

Jordana S. Rubel

**Counsel for American Society of Heating, Refrigerating, and Air Conditioning Engineers:**

Jeffrey Bucholtz

Kenneth Steinthal

Joseph Wetzel

Blake Cunningham

2

      /s/ Thane Rehn_____
      Thane Rehn