# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICAN SOCIETY FOR TESTING AND MATERIALS d/b/a ASTM INTERNATIONAL; <br><br> NATIONAL FIRE PROTECTION ASSOCIATION, INC.; and <br><br> AMERICAN SOCIETY OF HEATING, REFRIGERATING, AND AIR CONDITIONING ENGINEERS, <br><br>      Plaintiffs/Counter-defendants, <br><br> v. <br><br> PUBLIC.RESOURCE.ORG, INC., <br><br>      Defendant/Counterclaimant. | Case No. 1:13-cv-01215-TSC-DAR <br><br> **PUBLIC.RESOURCE.ORG, INC.'S MOTION FOR PROTECTIVE ORDER** <br><br><br> Filed:     August 6, 2013 |

Pursuant to Federal Rule of Civil Procedure 26(c), Defendant-Counterclaimant Public.Resource.Org ("Public Resource") respectfully moves the Court for a protective order staying the depositions of Public Resource and Carl Malamud, currently scheduled for February 26 and 27, 2015, respectively, until the Court has decided Public Resource's pending motion to consolidate this action with *American Educational Research Association, Inc. v. Public.Resource.Org, Inc.,* No. 1:14-cv-00857-TSC-DAR (filed May 23, 2014) (the "AERA Action") for purposes of discovery.[1]  Because the dates noticed for these depositions are February 26 and 27, Public Resource respectfully requests expedited treatment of this motion.

---

[1] *See* Defendant-Counterclaimant Public.Resource.Org, Inc.'s Motion to Consolidate for the Purposes of Discovery, *Am. Educ. Research Ass'n, Inc. v. Public.Resource.Org, Inc.*, No. 1:14-cv-00857-TSC-DAR, Dkt. No. 33 (Jan. 29, 2015) (the "Consolidation Motion").

Pursuant to Rule 26(c)(1) and Local Rule 7(m), the parties have met and conferred, and have failed to reach agreement on this dispute.  On February 18, 2015, Public Resource offered a compromise to avoid this motion but was unsuccessful.

## ARGUMENT

Federal Rule of Civil Procedure 26(c) authorizes the Court to issue orders "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense."  Fed. R. Civ. P. 26(c).  The moving party bears the burden of showing that there is "good cause" for the issuance of the order.  *Id.*  "Good cause" is established when the movant "articulates specific facts to support its request" and "demonstrate[es] specific evidence of the harm that would result to plaintiff . . . ."  *Jennings v. Family Mgmt.*, 201 F.R.D. 272, 275 (D.D.C. 2001).

Public Resource is a defendant in two separate lawsuits involving substantially identical issues of law and many of the same issues of fact.  Public Resource, a non-profit advocate for public access to the law, posted on the Internet standards that have been incorporated by reference into the law and that have the force of law.  Plaintiffs in this action (the "ASTM Plaintiffs") and plaintiffs in the AERA Action (the "AERA Plaintiffs") both allege that Public Resource's activities infringe certain copyrights and trademarks.  The ASTM Plaintiffs and the AERA Plaintiffs are communicating with each other and sharing information about their respective cases.  Moreover, the AERA Plaintiffs have requested that Public Resource produce in the AERA Action all discovery responses, deposition transcripts, and exhibits from this ASTM Action.  Declaration of Andrew P. Bridges ("Bridges Decl.") ¶ 2.

Nevertheless, and despite the coordination between the ASTM and AERA Plaintiffs, each set of plaintiffs insists on separate depositions of Carl Malamud, both in his capacity as an individual, and in his capacity as the sole employee and representative of Public Resource pursuant to Rule 30(b)(6).  In other words, the ASTM and AERA Plaintiffs insist on subjecting

Mr. Malamud to *four* full days of testimony.  Public Resource anticipates that much of the deposition testimony elicited from Mr. Malamud in the ASTM Action will duplicate testimony plaintiffs seek in the AERA Action, since the legal issues in both cases, including whether the standards incorporated by reference into the law have the same non-copyright status as law, whether posting the standards publicly violates copyright law, and whether Public Resource's actions constitute fair use, are substantially identical.  Whatever factual differences exist among the two sets of plaintiffs are relatively immaterial when one considers that the AERA Plaintiffs are no more different from the ASTM plaintiffs than any of the ASTM plaintiffs is from the other ASTM plaintiffs.  Moreover, requiring Mr. Malamud to appear for deposition in the ASTM Action before this Court decides the consolidation motion would undercut some efficiency gains Public Resource hopes to achieve through consolidation.

In addition, allowing the ASTM Plaintiffs' depositions of Mr. Malamud to go forward without a ruling on the consolidation motion would create an unfair advantage for all plaintiffs. If the AERA Plaintiffs depose Mr. Malamud at a later date, they would have the added benefit of using Mr. Malamud's deposition testimony from the ASTM Plaintiffs' case to craft additional questions for their own depositions.  Indeed, the AERA Plaintiffs have sought "all transcripts and exhibits from any depositions taken in the ASTM Case" and will no doubt request copies of Mr. Malamud's deposition transcript.  Bridges Decl. ¶ 2, Ex. A (AERA Plaintiffs' RFP No. 13).  The AERA Plaintiffs would, in effect, be able to use all four days of Mr. Malamud's deposition in their case: two days of deposition testimony from the ASTM Action, and two additional days from their own deposition of Mr. Malamud.  Moreover, the ASTM Plaintiffs could take advantage by extending their own reach into the AERA case and coordinating additional questioning by AERA for the ASTM Plaintiffs' benefit in the AERA depositions.  And just as

AERA appears poised to use the ASTM Plaintiffs' depositions in its case, the ASTM Plaintiffs could do the same with the AERA Plaintiffs' depositions of Mr. Malamud.  The net result is that all plaintiffs in both cases could coordinate to have four days of deposition of the same individual available to them.  The Court should not allow the plaintiffs a de facto extension on Mr. Malamud's deposition time.

Finally, staying Mr. Malamud's deposition until there has been a ruling on the Consolidation Motion would not prejudice the ASTM Plaintiffs.  The ASTM Plaintiffs intervened in the AERA Action for purposes of opposing the Consolidation Motion,[2] and they have taken that opportunity to protect their own interests.  Thus the only prejudice they would suffer is a few weeks' delay in taking Mr. Malamud's deposition.  That harm is small by comparison to the certainty of proceeding with the benefit of a ruling on the Consolidation Motion.  *Cf. Mitchell v. Yates*, 402 F. Supp. 2d 222, 226 n.1 (D.D.C. 2005) (three-week delay in filing motion to dismiss not prejudicial); *Tolliver v. Liberty Mut. Fire Ins. Co.*, No. 2:06-cv-00904, 2008 WL 545018, at *1 (S.D. Ohio Feb. 25, 2008) (two-month delay in answering complaint did not prejudice opposing party).

## CONCLUSION

For all these reasons, Public Resource respectfully requests that the Court issue a protective order staying the depositions of Public Resource and Carl Malamud until the Court has decided the pending motion to consolidate for purposes of discovery.  Because the notices call for the depositions to occur on February 26 and 27, 2015, Public Resource respectfully requests expedited treatment of this motion.

---

[2] *See* Intervenors' Opposition to Defendant-Counterclaimant Public.Resource.Org, Inc.'s Motion to Consolidate for the Purposes of Discovery, *Am. Educ. Research Ass'n, Inc. v. Public.Resource.Org, Inc.*, No. 1:14-cv-00857-TSC-DAR, Dkt. No. 39 (Feb. 17, 2015).

Dated:  February 20, 2015

Respectfully submitted,

*/s/ Andrew P. Bridges*

Andrew P. Bridges (admitted)
abridges@fenwick.com
Kathleen Lu (pro hac vice)
klu@fenwick.com
Matthew B. Becker (pro hac vice)
mbecker@fenwick.com
FENWICK & WEST LLP
555 California Street, 12th Floor
San Francisco, CA 94104
Telephone:  (415) 875-2300
Facsimile:  (415) 281-1350

David Halperin (D.C. Bar No. 426078)
davidhalperindc@gmail.com
1530 P Street NW
Washington, DC 20005
Telephone: (202) 905-3434

Mitchell L. Stoltz (D.C. Bar No. 978149)
mitch@eff.org
Corynne McSherry (pro hac vice)
corynne@eff.org
ELECTRONIC FRONTIER FOUNDATION
815 Eddy Street
San Francisco, CA 94109
Telephone: (415) 436-9333
Facsimile:  (415) 436-9993

*Attorneys for Defendant-Counterclaimant*
*Public.Resource.Org, Inc.*