UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICAN SOCIETY FOR TESTING AND MATERIALS d/b/a ASTM INTERNATIONAL;<br><br>NATIONAL FIRE PROTECTION ASSOCIATION, INC.; and<br><br>AMERICAN SOCIETY OF HEATING, REFRIGERATING, AND AIR CONDITIONING ENGINEERS,<br><br>           Plaintiffs/Counter-defendants,<br><br>v.<br><br>PUBLIC.RESOURCE.ORG, INC.,<br><br>           Defendant/Counterclaimant. | Case No. 1:13-cv-01215-TSC-DAR<br><br>**PUBLIC.RESOURCE.ORG, INC.'S OPPOSITION TO NATIONAL FIRE PROTECTION ASSOCIATION, INC.'S MOTION TO AMEND COMPLAINT**<br><br>Filed:      August 6, 2013 |

      Defendant-Counterclaimant Public.Resource.Org ("Public Resource") does not oppose Plaintiff National Fire Protection Association, Inc.'s ("NFPA's") untimely attempt to amend the Complaint so long as Public Resource is afforded sufficient opportunity to conduct discovery on NFPA's new claim for infringement of the 2014 National Electric Code ("NEC 2014"). NFPA filed its belated Motion to Amend Complaint more than two full months *after* the parties' agreed upon deadline to serve written discovery and several days *after* Plaintiffs' unilaterally-imposed deadline to serve deposition notices. To the extent Public Resource is not permitted to conduct additional discovery, leave to amend the Complaint would result in undue prejudice to Public Resource and should be denied.

## **ARGUMENT**

Leave to amend is within the trial court's sound discretion and may be denied in cases of undue delay or undue prejudice to the opposing party. *Becker v. District of Columbia*, 258 F.R.D. 182, 184 (D.D.C. 2009). The party opposing leave to amend bears the burden to show why leave should not be granted. *Id*.

NFPA's untimely motion suffers from at least two fatal deficiencies. First, NFPA was dilatory in filing the motion. NFPA discovered the supposed infringement of the NEC 2014 more than a month before the formal close of discovery (Mot. at 3) but it failed to file its motion until four days after the close of discovery. *See*, *e.g.*, *Becker*, 258 F.R.D. at 185 (waiting on a motion for leave to amend until after the close of discovery is one form of undue delay). NFPA makes no effort to explain the delay, except to blame it on Public Resource's "fail[ure] to respond." Mot. at 3. What NFPA's motion fails to acknowledge, however, is that NFPA first raised the issue in the midst of the winter holidays and made no attempt to follow up on its request until two days before the close of discovery. That delay demonstrated apathy toward the claim rather than any diligent effort to amend. *See* Declaration of Andrew P. Bridges ¶ 2, Ex. A (Jan. 29, 2015 Email Exchange re Amendment to Complaint).

Second and more fundamentally, Public Resource will suffer undue prejudice if NFPA is permitted to amend its claims without allowing Public Resource to conduct any additional discovery. "In evaluating the possibility of prejudice to the nonmoving party, one significant factor is whether the amendment will require additional discovery." *Becker* 285 F.R.D. at 185. "The D.C. Circuit has 'given weight to whether amendment of a complaint would require additional discovery.'" *Heller v. District of Columbia*, 290 F.R.D.1, 4 (D.D.C. 2013) (citation omitted).

NFPA did not raise the issue with Public Resource until December 30, 2014—more than a month after the parties' agreed deadline to serve written discovery. *See* Consent Motion to Extend Time for Discovery and Case Schedule, Dkt. No. 56 at 2 (Nov. 24, 2014) ("[T]he parties agree that no party shall serve any further written discovery . . . ."). Thus, even if NFPA had acted diligently to amend the Complaint, which it did not, Public Resource would still have suffered prejudice as a result of its inability to serve written discovery regarding the new claim.

The prejudice to Public Resource is further compounded by NFPA's failure to seek leave to amend before Plaintiffs' arbitrary and unilateral deadline to serve deposition notices. The current scheduling order called for fact discovery to close on January 30, 2015. The parties agreed on the need to schedule depositions after January 30, 2015 owing, in large part, to the sheer number of documents Plaintiffs produced in the final month of discovery. Nevertheless, NFPA and the other Plaintiffs insisted that all deposition notices, including any depositions pursuant to Rule 30(b)(6), be issued by January 30, 2015, interpreting the "close of fact discovery" in an arbitrary fashion.[1] Thus, without a further Order by this Court, NFPA and the other Plaintiffs will refuse to provide witnesses who may be important regarding the new claim but who may have been less important to the earlier claims. NFPA and the other Plaintiffs will likely refuse to recognize an amendment to the Rule 30(b)(6) deposition notice to NFPA to include topics specifically related to the new claim or to respond to written discovery requests regarding the new claim. In short, NFPA's statement that Public Resource "is free to conduct investigation into the 2014 NEC to the same degree as every other standard referenced in the

---

[1] *See generally* Public Resource's Motion for Extension of Discovery Period, Corresponding Modification of Scheduling Order, and Leave to Take More Than 10 Deposition, Dkt. No. 71 (Jan. 29, 2015). NFPA filed an opposition to Public Resource's motion (Dkt. No. 76) but did not address whether a discovery extension is appropriate in light of NFPA's motion for leave to amend.

3

Complaint" (Mot. at 3) is demonstrably false.

NFPA's motion tries to sidestep the prejudice to Public Resource by arguing that "[t]he legal and factual issues raised by the 2014 NEC are the same as the legal and factual issues raised by the 2011 NEC." Mot. at 3.  This, too, is erroneous.  As NFPA itself concedes, it adopted the 2014 NEC after filing this lawsuit.  *See id.* at 2.  Public Resource believes that the 2014 NEC reflects not just a normal update to an earlier code, but a strategic change in the design of the code in a vain attempt to cure fatal deficiencies in the copyrightability of earlier versions.  More fundamentally, Public Resource deserves additional discovery unique to the 2014 NEC, including but not limited to who authored the standard and whether any such persons validly assigned their copyright (if any) to NFPA.  On the evening before this opposition was due, NFPA served a supplemental response to an earlier interrogatory by Public Resource with a cover note stating that NFPA's supplemental response pertained to the NEC 2014.  This was a transparent effort to limit Public Resource's ability to determine for itself what discovery it wants to target to the new code.  In short, to the extent NFPA wishes to put the 2014 NEC at issue, Public Resource is entitled to full discovery regarding the claim.  *See Morales v. Landis Const. Corp.*, 715 F. Supp. 2d 86, 91 (D.D.C. 2010) (permitting additional discovery would ameliorate any prejudice resulting from leave to amend following the close of discovery).

## **CONCLUSION**

For the reasons above, Public Resource respectfully requests that the Court deny NFPA leave to amend the Complaint unless the Court affords Public Resource discovery on the new claim.

4

Dated:  February 20, 2015                     Respectfully submitted,

                                                   */s/ Andrew P. Bridges*
Andrew P. Bridges (admitted)
abridges@fenwick.com
Kathleen Lu (pro hac vice)
klu@fenwick.com
Matthew B. Becker (pro hac vice)
mbecker@fenwick.com
FENWICK & WEST LLP
555 California Street, 12th Floor
San Francisco, CA 94104
Telephone:  (415) 875-2300
Facsimile:   (415) 281-1350

David Halperin (D.C. Bar No. 426078)
davidhalperindc@gmail.com
1530 P Street NW
Washington, DC 20005
Telephone: (202) 905-3434

Mitchell L. Stoltz (D.C. Bar No. 978149)
mitch@eff.org
Corynne McSherry (pro hac vice)
corynne@eff.org
ELECTRONIC FRONTIER FOUNDATION
815 Eddy Street
San Francisco, CA 94109
Telephone: (415) 436-9333
Facsimile:  (415) 436-9993

*Attorneys for Defendant-Counterclaimant Public.Resource.Org, Inc.*