**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| AMERICAN SOCIETY FOR TESTING AND MATERIALS d/b/a/ ASTM INTERNATIONAL;<br><br>NATIONAL FIRE PROTECTION ASSOCIATION, INC.; and<br><br>AMERICAN SOCIETY OF HEATING, REFRIGERATING, AND AIR-CONDITIONING ENGINEERS, INC.<br><br>        Plaintiffs,<br><br>v.<br><br>PUBLIC.RESOURCE.ORG, INC.,<br><br>        Defendant. | Case No. 1:13-cv-01215-TSC/DAR<br><br>**REPLY DECLARATION OF ANDREW P. BRIDGES IN SUPPORT OF DEFENDANT-COUNTERCLAIMANT PUBLIC.RESOURCE.ORG, INC.'S MOTION FOR EXTENSION OF DISCOVERY PERIOD, CORRESPONDING MODIFICATION OF SCHEDULING ORDER, AND LEAVE TO TAKE MORE THAN 10 DEPOSITIONS**<br><br>Complaint Filed: August 6, 2013 |
| PUBLIC.RESOURCE.ORG, INC.,<br><br>        Counterclaimant,<br><br>v.<br><br>AMERICAN SOCIETY FOR TESTING AND MATERIALS d/b/a/ ASTM INTERNATIONAL;<br><br>NATIONAL FIRE PROTECTION ASSOCIATION, INC.; and<br><br>AMERICAN SOCIETY OF HEATING, REFRIGERATING, AND AIR-CONDITIONING ENGINEERS, INC.<br><br>        Counterdefendants. | |

**REDACTED PUBLIC VERSION**

I, ANDREW P. BRIDGES, declare pursuant to 28 U.S.C. § 1746 as follows:

1.      I am an attorney admitted to practice in the State of California and am a partner with the law firm of Fenwick & West LLP, counsel of record for Defendant/Counterclaimant Plaintiff Public.Resource.Org, Inc.

2.      Defendant has consistently been willing to schedule depositions in a convenient manner for all.  In a December 19, 2014 email to Plaintiffs' counsel regarding the scheduling of depositions, I notified Plaintiffs' counsel that I, as lead counsel for Public Resource in this action, would be unavailable to defend Carl Malamud in a deposition by Plaintiffs during the last two weeks of January.   I also notified Plaintiffs that a deposition of Mr. Malamud would need to be completed by January 12, 2015, or that a request for an extension of the discovery schedule would otherwise be necessary.   On January 27, 2015, I confirmed that Mr. Malamud would be unavailable for depositions on January 29 and January 30.

3.      Between December 31, 2014 and January 16, 2015, Plaintiff ASTM produced over 42,000 documents consisting of over 95,000 pages.  Plaintiff NFPA produced over 2,500 documents consisting of over 17,700 pages through two productions occurring on December 30, 2014 and January 6, 2015.  Plaintiff ASHRAE produced 349 documents consisting of over 2,400 pages between December 23, 2014 and January 9, 2014.   On January 30, 2015, the day of the close of fact discovery, Plaintiff NFPA produced an additional 390 documents consisting 59,376 pages and Plaintiff ASTM produced an additional 27 documents consisting of 186 pages.  On February 17, 2015, two weeks after the close of fact discovery, Public Resource received an additional 405 documents from a third party vendor that NFPA had turned over to on January 26, 2015 for processing and delivery, consisting of 25,183 pages.  A chart reflecting the document productions follows:

2

| Date Sent | Date of Receipt | No. of Docs | Party | Beg Bates | End Bates |
|---|---|---|---|---|---|
| 08/11/14 | 08/12/14 | 19 | ASHRAE | ASHRAE0000001 | ASHRAE0001618 |
| 08/27/14 | 08/28/14 | 2076 | ASHRAE | ASHRAE0001619 | ASHRAE0022482 |
| 10/17/14 | 10/20/14 | 33 | ASHRAE | ASHRAE0022483 | ASHRAE0022663 |
| 10/30/14 | 10/31/14 | 144 | ASHRAE | ASHRAE0022664 | ASHRAE0024176 |
| 11/21/14 | 11/24/14 | 349 | ASHRAE | ASHRAE0024177 | ASHRAE0027441 |
| 12/23/14 | 12/29/14 | 196 | ASHRAE | ASHRAE0027442 | ASHRAE0029541 |
| 01/09/15 | 01/09/15 | 153 | ASHRAE | ASHRAE0029542 | ASHRAE0029846 |
| 07/29/14 | 07/30/14 | 310 | ASTM | ASTM000001 | ASTM001830 |
| 10/17/14 | 10/20/14 | 266 | ASTM | ASTM001831 | ASTM007110 |
| 12/31/14 | 01/02/14 | 41839 | ASTM | ASTM007111 | ASTM096675 |
| 01/16/15 | 01/20/16 | 763 | ASTM | ASTM096676 | ASTM102865 |
| 01/30/15 | 02/02/15 | 27 | ASTM | ASTM102866 | ASTM103052 |
| 05/22/14 | 05/23/14 | 52 | NFPA | NFPA-PR0000001 | NFPA-PR0013031 |
| 06/20/14 | 06/23/14 | 24 | NFPA | NFPA-PR0013032 | NFPA-PR0020392 |
| 11/24/14 | 11/25/14 | 40 | NFPA | NFPA-PR0020393 | NFPA-PR0020701 |
| 12/30/14 | 12/31/14 | 1953 | NFPA | NFPA-PR0020702 | NFPA-PR0028685 |
| 01/05/15 | 01/06/15 | 586 | NFPA | NFPA-PR0028686 | NFPA-PR0038493 |
| 01/30/15 | 02/02/15 | 18 | NFPA | NFPA-PR0038494 | NFPA-PR0038555 |
| 01/30/15 | 02/02/15 | 372 | NFPA | NFPA-PR0038556 | NFPA-PR0097870 |

| Date Sent | Date of Receipt | No. of Docs | Party | Beg Bates | End Bates |
|---|---|---|---|---|---|
| 01/26/15 (to vendor) | 02/17/15 | 405 | NFPA | 25,183 Unnumbered Pages | |

Accordingly, Plaintiff ASTM has produced 98% of its total production to date by document count since December 31, 2014, and Plaintiff NFPA has produced 96% of its total production by document count during or after the last month of discovery.  In terms of page counts, Plaintiffs produced more than 86% of their production during, or after, the last month of discovery.  Approximately 69% of NFPA's total document production by page count was produced since January 30, 2015—the date of the close of discovery.

      4.      On December 16, 2014, counsel for Plaintiff NFPA notified Public Resource that physical documents relating to NFPA's assignment forms would be made available to Public Resource for physical inspection and copying at NFPA's headquarters in Quincy, Massachusetts.

      5.      On December 22, 2014, Plaintiff ASTM served Amended Initial Disclosures pursuant to Federal Rule of Civil Procedure 26(a) on Public Resource, in which it disclosed Steve Cramer, a professor at the University of Wisconsin-Madison, Jeff Grove, ASTM's Vice President of Global Policy and Industry Affairs, for the first time.  On January 14, 2015, Plaintiff ASTM again served Amended Initial Disclosures pursuant to Federal Rule of Civil Procedure 26(a) on Public Resource, in which it disclosed Nicole Baldini, an ASTM Business Analyst, for the first time.   On January 30, 2015, Plaintiff ASHRAE served its Amended Initial Disclosures pursuant to Federal Rule of Civil Procedure 26(a) on Public Resource, in which it disclosed Stephanie Reiniche, ASHRAE's Manager of Standards, for the first time.   Attached as **Exhibit A** are true and correct copies of Plaintiffs' Amended Initial Disclosures.

6. On December 23, 2014, I conducted a teleconference with counsel for NFPA to discuss outstanding discovery issues, including Public Resource's inspection of assignment documents at NFPA's headquarters. During the December 23, 2014 teleconference, I asked to review NFPA's documents on December 26 or 29, 2014. Counsel for NFPA would not advise me as to whether NFPA's documents would be ready for inspection on December 29, 2014. **Exhibit B** is a copy of my December 26, 2014 correspondence to Kelly Klaus, Jonathan H. Blavin and Nathan M. Rehn, counsel for NFPA, memorializing the matters we discussed during the December 23, 2014 call.

7. On December 30, 2014, Nathan Rehn responded to my December 26, 2014 letter, stating that NFPA's assignment documents were not available for inspection and would not be available for Public Resource's inspection until January 5, 2015. **Exhibit C** is a copy of the correspondence dated December 30, 2014 that I received from Nathan Rehn.

8. On January 23, 2014, I conducted a teleconference with counsel for Plaintiffs to discuss the scheduling and noticing of depositions. During the telephone call, counsel for Plaintiffs indicated that Plaintiffs would agree to accept service of deposition notices by Public Resource through the close of discovery on January 30, 2015. Counsel for Plaintiffs also stated that Plaintiffs would agree to move forward with certain depositions following the close of fact discovery.

9. On February 9, 2015, I notified counsel for Plaintiffs that Mr. Malamud was prepared to attend depositions noticed by Plaintiffs for February 12 and 13, 2015, on the condition that the depositions be consolidated with the same depositions in a related action, *AERA v. Public Resource,* Civil Action No. 1:14-cv-00857, United States District Court, District

of Columbia. I notified Plaintiffs that Public Resource would otherwise file a motion for a protective order if Plaintiffs would not agree to consolidation.

10. Plaintiffs withdrew the notice of depositions for February 12 and 13, issuing new notices of deposition for February 26 and 27, 2015 for the Rule 30(b)(6) and personal depositions of Carl Malamud, respectively. Defendant tried to negotiate an agreement with Plaintiffs over numerous scheduling issues, including an agreement to await the ruling on the consolidation motion, but Plaintiffs would not agree. Defendant filed a motion for protective order to defer the February 26 and 27, 2015 depositions until the Court ruled on Defendant's motion to consolidate the ASTM Plaintiffs' and AERA Plaintiffs' cases for purposes of discovery. With no ruling in hand on the protective order motion, Defendant produced Mr. Malamud for deposition on February 26 and 27 and withdrew the protective order and consolidation motions as moot.

11. Defendant has sought to schedule 10 depositions as follows:

    a. NFPA 30(b)(6)

    b. ASTM 30(b)(6)

    c. ASHRAE 30(b)(6)

    d. American National Standards Institute 30(b)(6) (non-party)

    e. James Thomas (president of NFPA)

    f. James Pauley (president of ASTM)

    g. James Shannon (former president of NFPA)

    h. James Pace (ASTM Vice President, Sales and Marketing)

    i. Philip Lively (ASTM Vice President, Information Technology Development and Application)

    j. Mary Saunders (ASTM Director 2008-2011, board member of American National Standards Institute, previously Director of Standards Coordination Office and now Associate Director of Management Resources at National Institute for Standards and Technology).

12. ASTM and counsel have refused to discuss scheduling of e, f, h, i, and j above..

13. NFPA has refused to negotiate mutually convenient dates for two of its three designates under Rule 30(b)(6), namely Bruce Mullen and Chris Dubay.  It has offered them on only on dates they knew that Defendant's counsel was unavailable and, in the case of Mr. Dubay, at a time when Defendant will not have had an opportunity to digest the late NFPA document production for which Mr. Dubay is the 30(b)(6) corporate designate.

14. NFPA has refused to negotiate a mutually convenient date for James Shannon, offering him either before NFPA completed its document production or afterward on only one date when Defendant's counsel was unavailable.  From the first discussion, NFPA indicated that Mr. Shannon would not be available before the close of discovery.

15. By contrast, ASHRAE and non-party American National Standards Institute have worked with Defendant to schedule their 30(b)(6) witnesses for deposition.  The contrast between ASHRAE's and ANSI's cooperation and NFPA's and ASTM's intransigence and obstruction is striking. As a consequence, the following deposition schedule is now in place:

- March 3:  NFPA 30(b)(6) designate Donald Bliss
- March 4:  ASTM 30(b)(6) designate Jeff Grove
- March 5:  ASHRAE 30(b)(6) designate Stephen Comstock
- March 12:  ASHRAE 30(b)(6) designate Stephanie Reineche
- March 13:  ANSI 30(b)(6) designate Frances Schrotter

16. Those of its ten highest priority deponents whom Defendant has not been able to schedule by agreement with NFPA and ASTM are James Thomas, Bruce Mullen (NFPA 30(b)(6)), Chris Dubay (NFPA 30(b)(6)), James Pauley, James Pace, Philip Lively, and Mary Saunders.  Defendant has asked Plaintiffs to assist in scheduling them between March 31 and April 15, but they refuse to do so.

17. **Exhibit D [FILED UNDER SEAL]** is a copy of an email produced by Plaintiff NFPA bearing bates ranges NFPA-PRO022680–NFPA-PRO022681.  Exhibit D is an October 28, 2010 email among various NFPA employees regarding ███████████████ ██████████████████████████████████████████████ ██████████████████████████████████████████████ ██████████████████████████████████████████████ ██████████████████████████████████████████████ ██████████.

18. **Exhibit E [FILED UNDER SEAL]** is a copy of a document produced by Plaintiff NFPA bearing bates ranges NFPA-PRO024352–NFPA-PRO024357.  Exhibit E is an April 21, 2011 email from Maureen Brodoff to various NFPA employees that attaches a document entitled "████████████████████████████████████████████ This document appears to have been authored by ██████████ and specifically references ██████████████████████████████████████████████ ██████████████████████████████████████████████ ██████████████████████████████████████████████ ██████████████████████████████████████████████ ████████.

8

19.     **Exhibit F [FILED UNDER SEAL]** is a copy of an email produced by Plaintiff NFPA in this action bearing bates range NFPA-PRO022632–NFPA-PRO022648.  Exhibit F is a February 25, 2011 email from Jim Shannon, NFPA's Former President, to ███████████ ███████████████████████████████████████████ ███████████████████████████████████ ███████████████████████████████████████████ ███████████████████████████████████ Plaintiffs waited nearly two and a half years to file this lawsuit.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 27th day of February, 2015.

                                                                 */s/ Andrew P. Bridges*
                                                                  Andrew P. Bridges