# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| AMERICAN SOCIETY FOR TESTING AND MATERIALS d/b/a/ ASTM INTERNATIONAL; <br><br> NATIONAL FIRE PROTECTION ASSOCIATION, INC.; and <br><br> AMERICAN SOCIETY OF HEATING, REFRIGERATING, AND AIR CONDITIONING ENGINEERS, <br><br>    Plaintiffs/ <br>    Counter-Defendants, <br><br> v. <br><br> PUBLIC.RESOURCE.ORG, INC., <br><br>    Defendant/ <br>    Counter-Plaintiff. | Case No. 1:13-cv-01215-EGS |

**PLAINTIFF/COUNTER-DEFENDANT NATIONAL FIRE PROTECTION**
**ASSOCIATION, INC.'S INITIAL DISCLOSURES PURSUANT TO RULE 26(A)(1)**

Pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure, Plaintiff/Counter-Defendant National Fire Protection Association, Inc. ("NFPA"), by and through undersigned counsel, hereby makes the following initial disclosures:

**<u>GENERAL STATEMENT</u>**

1. NFPA's investigation and discovery in this action is continuing, and these disclosures reflect only the current status of its investigation and discovery. NFPA reserves the right to supplement or amend these disclosures as additional information becomes known to it, although it undertakes no affirmative obligation to do so beyond any obligations imposed by law. In making these disclosures, NFPA does not represent that it has yet identified every document,

information, fact, person, witness, or entity required by Rule 26(a)(1).  Rather, NFPA's disclosures herein are based on its current knowledge, information, and belief.

2.      NFPA construes the requirements of Rule 26(a)(1) not to require the production or disclosure of any information or documents protected by the attorney-client privilege, the attorney work-product doctrine, or any other applicable privilege or protection from disclosure. NFPA intends to and does assert a privilege and/or right not to produce with respect to all such information and documents.  Inadvertent disclosure shall not constitute a waiver of any such privilege or other legal protection.

3.      These initial disclosures are made without waiving (a) the right to object to the admission or discoverability of any materials or testimony on any proper ground, (b) the right to object to the use of any information, for any purpose, in whole or in part, in any subsequent proceeding in this action or in any other action, or (c) the right to object on any and all proper grounds, at any time, to any discovery request or proceeding involving or relating to the subject matter of these disclosures.

4.      This General Statement is incorporated in its entirety into each of the following disclosures.  It shall be deemed continuing as to each such disclosure, and it is not waived, or in any way limited, by the following disclosures.

# INITIAL DISCLOSURES

**A.      Individuals (Rule 26(a)(1)(A)(i))**

NFPA provides the following list of individuals who are likely to have discoverable information that NFPA may use to support its claims or defenses, other than solely for impeachment.

| **Name** | **Subject(s) of Information** | **Location** |
|---|---|---|
| Christian Dubay Vice President Codes & Standards, NFPA | The origin and purpose of NFPA's copyrighted standards; NFPA's process of creating its copyrighted standards; the public benefits of NFPA's copyrighted standards; government incorporation of NFPA's copyrighted standards by reference; NFPA's policies and procedures regarding free public access to NFPA's copyrighted standards | May be contacted through NFPA's counsel |
| Bruce Mullen Executive Vice President and Chief Financial Officer, NFPA | The costs and revenues associated with NFPA's development and issuance of its copyrighted standards | May be contacted through NFPA's counsel |
| Dennis Berry Secretary of the Corporation and Director of Licensing, NFPA | NFPA's ownership of registered copyrights for standards identified in Exhibit B of the Complaint; NFPA's ownership, use, and enforcement of the U.S. trademark registrations for the registered marks referenced in paragraph 79 of the Complaint | May be contacted through NFPA's counsel |

| Name | Subject(s) of Information | Location |
|---|---|---|
| Carl Malamud | The website with the url public.resource.org; the website with the url law.resource.org; the claims asserted by Defendant Public.Resource.Org ("Public Resource") in this litigation; Public Resource's purchase or acquisition of NFPA's copyrighted standards; Public Resource's unauthorized copying, reproduction, display, and distribution of NFPA's copyrighted standards; Public Resource's efforts to reformat NFPA's copyrighted standards and to contribute to others making unauthorized copies and derivative works of NFPA's copyrighted standards; Public Resource's unauthorized use of NFPA's trademarks | 1005 Gravenstein Hwy. North, Sebastopol, CA 95472 |

## B.    Documents and Location of Documents (Rule 26(a)(1)(A)(ii))

The categories of documents, electronically stored information, and tangible things that NFPA may use to support its claims or defenses, other than solely for impeachment, are set forth below.  NFPA provides this list without conceding the discoverability of any particular category of information or documents.

| Documents | Location |
|---|---|
| The copyrighted NFPA standards identified in Exhibit B of the Complaint | These documents are believed to be principally located at NFPA's offices in Quincy, Massachusetts |
| Registration certificates for the copyrighted NFPA standards identified in Exhibit B of the Complaint | These documents are believed to be principally located at NFPA's offices in Quincy, Massachusetts |
| Documents regarding the process for creating NFPA standards | These documents are believed to be principally located at NFPA's offices in Quincy, Massachusetts |
| Documents regarding the costs and revenues associated with the creation of NFPA standards | These documents are believed to be principally located at NFPA's offices in Quincy, Massachusetts |

| **Documents** | **Location** |
|---|---|
| Documents regarding the public benefits of NFPA standards | These documents are believed to be principally located at NFPA's offices in Quincy, Massachusetts |
| Documents regarding the incorporation of NFPA's standards by reference in statutes, regulations, or ordinances | These documents are believed to be publicly available and/or located at NFPA's offices in Quincy, Massachusetts |
| Government documents regarding private-sector standards and the incorporation of private-sector standards by reference | These documents are believed to be publicly available |
| Contents of the NFPA website, including, but not limited to, web pages offering free access to NFPA standards and various other forms of access to NFPA standards | These documents are located on NFPA's website, at http://www.nfpa.org |
| Registration certificates for NFPA's federally registered trademarks listed in Paragraph 79 of the Complaint | These documents are believed to be principally located at NFPA's offices in Quincy, Massachusetts |
| All current and past web pages and attached content related to NFPA's copyrighted standards from the website with the url public.resource.org | Public Resource |
| All current and past web pages and attached content related to NFPA's copyrighted standards from the website with the url law.resource.org | Public Resource |
| Documents regarding Public Resource's acquisition of NFPA's copyrighted standards | Public Resource |
| Documents regarding Public Resource's unauthorized copying, reproduction, display, and distribution of NFPA's copyrighted standards | Public Resource |
| Documents regarding Public Resource's efforts to reformat NFPA's copyrighted standards and to contribute to others making unauthorized copies and derivative works of NFPA's copyrighted standards | Public Resource |
| Documents regarding Public Resource's unauthorized use of NFPA's trademarks | Public Resource |

**C.      Damages (Rule 26(a)(1)(A)(iii))**

NFPA is not seeking damages from Public Resource.  Rule 26(a)(1)(A)(iv) is therefore

not applicable.

**D.      Insurance (Rule 26(a)(1)(A)(iv))**

NFPA is not aware of any insurance agreement under which an insurance business may

be liable to satisfy all or part of a possible judgment in this action or to indemnify or reimburse

for payments made to satisfy the judgment.

Dated:  January 17, 2014                       Respectfully submitted,


By:    /s/ *Michael J. Mongan*
           Michael J. Mongan

Kelly M. Klaus
Jonathan H. Blavin
Michael J. Mongan
Munger, Tolles & Olson LLP
560 Mission St., 27th Floor
San Francisco, CA 94105
Tel:  415.512.4000
Email:  Kelly.Klaus@mto.com
          Jonathan.Blavin@mto.com
          Michael.Mongan@mto.com

*Counsel for National Fire Protection
Association, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on January 17, 2014, a true and correct copy of the foregoing

**PLAINTIFF/COUNTER-DEFENDANT NATIONAL FIRE PROTECTION**

**ASSOCIATION, INC.'S INITIAL DISCLOSURES PURSUANT TO RULE 26(A)(1)** was

served via email upon the following:

*Counsel for American Society for Testing and Materials d/b/a ASTM International*

Michael F. Clayton (mclayton@morganlewis.com)
J. Kevin Fee (jkfee@morganlewis.com)
Jordana S. Rubel (jrubel@morganlewis.com)

*Counsel for American Society of Heating, Refrigerating, and Air Conditioning Engineers*

Jeffrey S. Bucholtz (jbucholtz@kslaw.com)
Kenneth L. Steinthal (ksteinthal@kslaw.com)
Joseph R. Wetzel (jwetzel@kslaw.com)
Andrew Zee (azee@kslaw.com)

*Counsel for Public.Resource.Org, Inc.*

Andrew Bridges (abridges@fenwick.com)
Kathleen Lu (klu@fenwick.com)
David Halperin (davidhalperindc@gmail.com)
Mitchell L. Stoltz (mitch@eff.org)
Corynne McSherry (corynne@eff.org)
Joseph Gratz (jgratz@durietangri.com)
Mark Lemley (mlemley@durietangri.com)

    /s/ *Michael J. Mongan*
    Michael J. Mongan

7

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| AMERICAN SOCIETY FOR TESTING AND MATERIALS d/b/a/ ASTM INTERNATIONAL;<br><br>NATIONAL FIRE PROTECTION ASSOCIATION, INC.; and<br><br>AMERICAN SOCIETY OF HEATING, REFRIGERATING, AND AIR CONDITIONING ENGINEERS,<br><br>        Plaintiffs/<br>        Counter-Defendants,<br><br>v.<br><br>PUBLIC.RESOURCE.ORG, INC.,<br><br>        Defendant/<br>        Counter-Plaintiff. | Case No. 1:13-cv-01215-EGS |

**INITIAL DISCLOSURES PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 26(a) OF PLAINTIFF/COUNTER-DEFENDANT AMERICAN SOCIETY FOR TESTING AND MATERIALS d/b/a ASTM INTERNATIONAL**

Pursuant to Federal Rule of Civil Procedure 26(a), American Society for Testing and Materials d/b/a ASTM International ("ASTM"), by and through undersigned counsel, makes the following disclosures. These Initial Disclosures may identify potentially discoverable information related to ASTM's claims against Public.Resource.Org, Inc. ("Public Resource") and Public Resource's counterclaims against ASTM based on ASTM's current knowledge, information, and belief. ASTM reserves the right to further amend, modify, or supplement these disclosures as additional evidence, discovery, and information become available. Also, in making these disclosures, ASTM does not represent that it has yet identified every document, information, fact, person, witness, or entity required by Rule 26(a)(1). Rather, ASTM's disclosures herein are based on its current knowledge, information, and belief.

In making these disclosures, ASTM in no way concedes the relevance or admissibility of any of the below disclosed information and does not waive any attorney-client privilege or the attorney work product doctrine, or any other applicable privilege, doctrine, or immunity.

ASTM also submits these disclosures subject to and without waiving its right to protection from the disclosure of confidential information.

**I.      Individuals Likely to Have Discoverable Information Relating to ASTM's Claims and Defenses**

Based upon ASTM's current understanding of the scope of this action, the persons identified below are the individuals who are likely to have discoverable information that ASTM may use to support its claims and defenses, other than for impeachment purposes:

1.      James A. Thomas
President
ASTM International
Mr. Thomas should be contacted only through the undersigned counsel.

Mr. Thomas is likely to have information related to the process and costs associated with the creation of ASTM's standards, the ready and reasonable availability of ASTM's standards incorporated by reference into statutes and regulations, and the harm Public Resource's conduct has caused and is likely to cause ASTM.  He also is likely to have information related to ASTM's use of its trademark in commerce and why Public Resource's actions are likely to cause confusion.

2.      Thomas B. O'Brien Jr.
Vice-President & General Counsel
ASTM International
Mr. O'Brien should be contacted only through the undersigned counsel.

Mr. O'Brien is likely to have information related to the process associated with the creation of ASTM's standards, the ready and reasonable availability of ASTM's standards incorporated by reference into statutes and regulations, and the harm Public Resource's conduct has caused and is likely to cause ASTM.  He also is likely to have information related ASTM's ownership of the asserted copyrights and trademarks and the registrations for the same.

3.      Carl Malamud
President
Public.Resource.Org, Inc.

Mr. Malamud is likely to have information about Public Resource's purchase, copying, altering, and posting online of standards owned by ASTM and Public Resource's infringement of ASTM's trademarks.

4.    Randy Jennings
State of Tennessee Consumer and Industry Services, Director of Program Operations
ASTM Member and former Director
Mr. Jennings should be contacted only through the undersigned counsel.

Mr. Jennings is likely to have information related to the ready and reasonable availability of ASTM's standards incorporated by reference into statutes and regulations, the process by which standards are incorporated by reference into regulations, the efforts (or lack thereof) by ASTM to have its standards incorporated by reference, and the harm Public Resource's conduct has caused and is likely to cause ASTM.  Mr. Jennings is also likely to have information related to the process and costs associated with the creation and revision of certain ASTM's standards which are at issue in the litigation, the use of ASTM standards, and the presence (or absence) of government resources to perform develop technical standards.

5.    Steve Cramer
Vice-Provost for Teaching and Learning and Professor of Civil and Environmental Engineering, University of Wisconsin-Madison
ASTM Member and Director (term expiring December 31, 2014)
Mr. Cramer should be contacted only through the undersigned counsel.

Mr. Cramer is likely to have information related to the process associated with the creation of ASTM's standards, the ready and reasonable availability of ASTM's standards incorporated by reference into statutes and regulations, the use of ASTM standards, and the harm Public Resource's conduct has caused and is likely to cause ASTM.

6.    Jeff Grove
Vice-President, Global Policy and Industry Affairs
ASTM International
Mr. Grove should be contacted only through the undersigned counsel.

Mr. Grove is likely to have information related to the process and costs associated with the creation of ASTM's standards, the ready and reasonable availability of ASTM's standards incorporated by reference into statutes and regulations, and the harm Public Resource's conduct has caused and is likely to cause ASTM.  He also is likely to have information related to ASTM's use of its trademark in commerce and why Public Resource's actions are likely to cause confusion.

7.    Nicole Baldini
Business Analyst
ASTM International
Ms. Baldini should be contacted only through the undersigned counsel.

Ms. Baldini is likely to have information related creation and revision of ASTM's standards.

**II.      Documents That May Bear On ASTM's Claims or Defenses**

Categories of documents, electronically stored information, and tangible things that

ASTM may use to support its claims or defenses in this matter include the following:

1. Documents regarding the process and costs associated with the creation of ASTM's standards.

2. ASTM's copyright registrations for ASTM's standards.

3. Documents regarding ASTM's use of the ASTM trademarks.

4. ASTM's trademark registrations.

5. Documents regarding the incorporation of ASTM's standards into statutes and regulations.

6. Documents regarding the federal government's policy relating to incorporation by reference.

7. Documents regarding the ready and reasonable availability of ASTM's standards incorporated by reference into statutes and regulations.

8. Documents regarding the reading room on ASTM's website.

9. Documents regarding the unauthorized copying of ASTM's standards by Public Resource.

10. Documents regarding Public Resource's encouragement of others to make unauthorized copies and derivative works of ASTM's standards.

11. Documents regarding Public Resource's infringement of ASTM's trademarks.

12. Documents regarding the harm ASTM has suffered and/or is likely to suffer as a result of Public Resource's actions.

The above documents are maintained at ASTM's offices in West Conshohocken, PA

and/or at Morgan Lewis' offices in Washington, DC.

**III.      Computation of Damages**

ASTM has not claimed damages in connection with this action.

4

## IV.    Insurance Coverage

ASTM currently is unaware of any applicable insurance agreements to satisfy or

indemnify against any judgment.

ASTM's investigation of the claims and defenses in this matter is ongoing, and ASTM

hereby reserves the right to supplement these Initial Disclosures and to rely on and to offer as

evidence at trial additional documents or testimony from additional witnesses not identified

herein but subsequently made known to the other parties during the discovery process or in

writing.

Respectfully submitted,

/s/ J. Kevin Fee
J. Kevin Fee (D.C. Bar: 494016)
Michael F. Clayton (D.C. Bar: 335307)
Edwin O. Childs Jr. (D.C. Bar: 992954)
Jordana S. Rubel (D.C. Bar: 988423)
Morgan, Lewis & Bockius LLP
1111 Pennsylvania Ave., N.W.
Washington, D.C. 20004
Telephone: 202.739.5215
Email: jkfee@morganlewis.com
mclayton@morganlewis.com
echilds@morganlewis.com
jrubel@morganlewis.com

*Counsel For American Society For Testing And
Materials d/b/a/ ASTM International*

5

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Amended Rule 26(a) Initial

Disclosures of American Society for Testing and Materials was served this 14th day of January,

2015 via email upon the following:

*Counsel for National Fire Protection Association, Inc.*

Jonathan H. Blavin (Jonathan.Blavin@mto.com)
Anjan Choudhury (Anjan.Choudhury@mto.com)
Kelly M. Klaus (Kelly.Klaus@mto.com)
Nathan M. Rehn (Thane.Rehn@mto.com)

*Counsel for American Society of Heating, Refrigerating, and Air Conditioning Engineers*

Jeffrey S. Bucholtz (jbucholtz@kslaw.com)
Kenneth L. Steinthal (ksteinthal@kslaw.com)
Joseph R. Wetzel (jwetzel@kslaw.com)
Blake Cunningham (bcunningham@kslaw.com)

*Counsel for Public.Resource.Org, Inc.*

Andrew Bridges (abridges@fenwick.com)
Kathleen Lu (klu@fenwick.com)
David Halperin (davidhalperindc@gmail.com)
Mitchell L. Stoltz (mitch@eff.org)
Corynne McSherry (corynne@eff.org)
Joseph Gratz (jgratz@durietangri.com)
Mark Lemley (mlemley@durietangri.com)

/s/ Edwin O. Childs
Edwin O. Childs

DB1/ 81608284.3

6

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| ──────────────────────────── )<br>AMERICAN SOCIETY FOR TESTING AND )<br>MATERIALS d/b/a ASTM )<br>INTERNATIONAL, et al. )<br> )<br>          Plaintiffs, )<br> )<br>v. )<br> )<br>PUBLIC.RESOURCE.ORG, INC., )<br> )<br>          Defendant. )<br>────────────────────────────)<br> )<br>PUBLIC.RESOURCE.ORG, INC., )<br> )<br>          Counter Claimant, )<br> )<br>v. )<br> )<br>AMERICAN SOCIETY FOR TESTING AND )<br>MATERIALS d/b/a ASTM )<br>INTERNATIONAL, et al. )<br> )<br>          Counter Defendants. )<br>────────────────────────────) | Civil Action No. 1:13-cv-01215-EGS |

**PLAINTIFF THE AMERICAN SOCIETY OF HEATING, REFRIGERATING, AND AIR-CONDITIONING ENGINEERS, INC.'S AMENDED INITIAL DISCLOSURES PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 26(a)(1)**

Pursuant to Federal Rule of Civil Procedure 26(a)(1), Plaintiff The American Society of

Heating, Refrigerating, and Air-Conditioning Engineers, Inc. ("ASHRAE"), makes the following

initial disclosures.  ASHRAE makes these disclosures based on information currently and

reasonably available to ASHRAE, and without waiver of attorney-client privilege, work-product

1

protection, nor any applicable privilege or protection.  ASHRAE's investigation is ongoing and ASHRAE expressly reserves the right to amend or to supplement these disclosures in accordance with Federal Rule of Civil Procedure 26(e) based on additional information obtained through formal discovery, continued investigation, or other means.  In particular, and without limitation, ASHRAE reserves the right to identify additional individuals and to identify and produce additional documents and other such information as they become known or available and to include individuals not identified in these initial disclosures in ASHRAE's list of trial witnesses.

By making these disclosures, ASHRAE does not represent that it is identifying every document, tangible thing, or witness possibly relevant to this lawsuit, nor does ASHRAE concede the relevance of such information identified herein.  ASHRAE's disclosures are made without in any way waiving any of the following rights: (1) the right to object on the grounds of competency, privilege, the work product doctrine, relevance and materiality, undue burden, hearsay, or any other proper ground to the production or use of any such information, for any purpose, in whole or in part, in this action or any other action; (2) the right to object on any and all grounds, at any time, to any other discovery request or proceeding involving or relating to the subject matter of these disclosures; and (3) the right to seek protection under a suitable protective order agreed to by the parties or issued by the Court pursuant to Rule 26(c) of any information to be provided in discovery in this case.  ASHRAE further reserves the right to object on any applicable basis to the production of documents and things from the categories identified herein or to the obtaining of testimony from witnesses identified herein.

Subject to the foregoing objections and qualifications, ASHRAE provides the following information and disclosures in accordance with subsections (i) through (iv) of Rule 26(a)(1)(A):

## I.    Individuals Likely to Have Discoverable Information

Based on the allegations in the Complaint and Counterclaim and the information currently available to ASHRAE after reasonable investigation, and upon information and belief, the following entities and individuals are likely to have discoverable information that ASHRAE may use to support its claims or defenses in this action.  ASHRAE reserves the right to identify and to call additional witnesses, including whomever Defendant or any other Plaintiff may designate as witnesses, representative witnesses appearing pursuant to Federal Rule of Civil Procedure 30(b)(6), rebuttal and impeachment witnesses, and any additional witnesses that may become known as additional facts and issues are identified during the course of ASHRAE's ongoing factual investigation and discovery.  Further, by indicating the general subject matter of information these individuals may possess, ASHRAE is in no way limiting the right to call any individual listed to testify concerning other subjects.  Moreover, identification of the individuals listed below should not be construed as consent by any individual to submit to the jurisdiction of this Court.  Please note that all current and former ASHRAE employees should be contacted only through ASHRAE's undersigned counsel at King & Spalding.

| Individual | Subject(s) of Information |
|---|---|
| Carl Malamud<br>President, Public.Resource.Org, Inc.<br>1005 Gravenstein Hwy. North,<br>Sebastopol, CA 95472 | Public Resource's purchase and unauthorized copying, display, rekeying, and distribution of standards owned by ASHRAE.  Public Resource's unauthorized use of ASHRAE's trademarks.  Public Resource's encouragement of others to make unauthorized copies and derivative works of ASHRAE's standards. |
| Jeff Littleton<br>Executive Vice President, ASHRAE, Inc.<br>[contact only through undersigned counsel] | Resources devoted to the creation of ASHRAE's standards.  Harm to ASHRAE, partner organizations and entities, and the public caused and likely to be caused by Public Resource's unauthorized conduct.  Information regarding revenues derived from ASHRAE's standards, including loss of revenue due to Public Resource's unauthorized conduct. |

3

| | |
|---|---|
| Claire Ramspeck<br>Director of Technology, ASHRAE, Inc.<br>[contact only through undersigned counsel] | Process of developing ASHRAE's standards and the history of ASHRAE's standards. ASHRAE's role in the American National Standards Institute and International Standards Organization.  Harm to ASHRAE, partner organizations and entities, and the public caused and likely to be caused by Public Resource's unauthorized conduct. |
| Steve Comstock<br>Director of Publications and Education, ASHRAE, Inc.<br>[contact only through undersigned counsel] | Management of ASHRAE's intellectual property rights, trademarks, website, and publishing and marketing of standards. ASHRAE's financial investment in maintaining and protecting its copyrights. ASHRAE's marketing of its standards and related products.  Reasonable online availability of ASHRAE's standards incorporated by reference. |
| Stephanie Reiniche<br>Manager of Standards<br>ASHRAE, Inc.<br>[contact only through undersigned counsel] | The process of developing ASHRAE's standards and the history of ASHRAE's standards. |

In addition to the above individuals, ASHRAE notes that there may be other individuals associated with its co-Plaintiffs who may have knowledge of relevant facts.  ASHRAE may seek information from such persons to support its claims and defenses. ASHRAE reserves its right to supplement these Initial Disclosures by identifying additional witnesses as they are uncovered through further investigation, discovery requests, or otherwise.

## II.    Documents

ASHRAE discloses and describes by category the following documents, reasonably accessible electronically-stored information, and tangible things that are or

may be in the possession, custody, or control of ASHRAE and that ASHRAE currently and reasonably believes it may use to support its claims or defenses (unless such use likely would be

solely for impeachment).  ASHRAE reserves the right to identify or rely upon additional documents, categories of documents, data compilations, and tangible things as they are located and as additional facts and issues are identified during the course of investigation, discovery, and trial preparation.

1. Documents regarding the purchase and unauthorized copying, display, rekeying, and distribution of ASHRAE's standards by Public Resource.

2. Documents regarding Public Resource's encouragement of others to make unauthorized copies and derivative works of ASHRAE's standards.

3. Documents regarding Public Resource's unauthorized use of ASHRAE's trademarks.

4. Documents regarding the harm ASHRAE has suffered and is likely to suffer as a result of Public Resource's conduct.

5. Documents regarding the process and costs associated with the creation of ASHRAE's standards.

6. ASHRAE's copyright registrations for ASHRAE's standards.

7. Documents regarding ASHRAE's use of the ASHRAE trademarks.

8. ASHRAE's trademark registrations.

9. Documents regarding the incorporation of ASHRAE's standards into statutes and regulations.

10. Documents regarding the federal government's policy relating to incorporation by reference.

11. Documents regarding the ready and reasonable availability of ASHRAE's standards incorporated by reference.

12. Documents regarding the availability of ASHRAE's standards for viewing on the ASHRAE website.

The above documents are maintained at ASHRAE's offices, either in paper form or electronically on internal systems, in Atlanta, Georgia and Washington, DC.

ASHRAE reserves the right to object to the production of documents, electronically stored information, or tangible things on any basis, including that the information sought: (i) is

not relevant; (ii) is protected from disclosure by an applicable privilege, doctrine, or immunity; (iii) would be unduly burdensome or expensive to produce; (iv) contains third-party confidential information and cannot be produced without that party's notification and consent; or (v) constitutes proprietary or trade secret information that should not be produced before an appropriate protective order has been entered.

ASHRAE's investigation for discoverable information that it may use to support its claims or defenses in this litigation is ongoing.  ASHRAE also may rely on documents that are produced by any party to this litigation as well as by any third parties.

## III.    Computation of Damages

ASHRAE has not asserted any claim for damages in this matter, and therefore Rule 26(a)(1)(A)(iii) does not apply.  ASHRAE reserves the right to seek to recover attorney's fees and other costs incurred in defending this action.  The amounts of such fees and costs cannot be computed or calculated until such time as ASHRAE's entitlement to such an award has been determined.

## IV.    Insurance Agreements

ASHRAE represents that it is not presently aware of any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.

Dated: January 30, 2015                                   Respectfully submitted,

                                                                         */s/Kenneth L. Steinthal*
                                                                         Kenneth L. Steinthal (admitted *pro hac vice*)
                                                                         Joseph R. Wetzel (admitted *pro hac vice*)
                                                                         KING & SPALDING, LLP
                                                                         101 2nd Street, Suite 2300
                                                                         San Francisco, CA 94105

(415) 318-1200
ksteinthal@kslaw.com
jwetzel@kslaw.com

Jeffrey S. Bucholtz (D.C. Bar: 452385)
KING & SPALDING LLP
1700 Pennsylvania Avenue, NW, Suite 200
Washington, DC 20006
(202) 737-0500
jbucholtz@kslaw.com

*Attorneys for The American Society of Heating, Refrigerating, and Air-Conditioning Engineers, Inc.*

# PROOF OF SERVICE

On January 30, 2015, I served the following documents in the manner described below:

**PLAINTIFF THE AMERICAN SOCIETY OF HEATING,
REFRIGERATING, AND AIR-CONDITIONING ENGINEERS, INC.'S
AMENDED INITIAL DISCLOSURES PURSUANT TO FEDERAL RULE
OF CIVIL PROCEDURE 26(A)(1)**

☐    BY U.S. MAIL:  I am personally and readily familiar with the business practice of King & Spalding for collection and processing of correspondence for mailing with the United States Parcel Service, and I caused such envelope(s) with postage thereon fully prepaid to be placed in the United States Postal Service at San Francisco, California.

☐    BY MESSENGER SERVICE: by consigning the document(s) to an authorized courier and/or process server for hand delivery on this date.

☐    BY FACSIMILE:  I am personally and readily familiar with the business practice of King & Spalding for collection and processing of document(s) to be transmitted by facsimile and I caused such document(s) on this date to be transmitted by facsimile to the offices of addressee(s) at the numbers listed below.

☐    BY OVERNIGHT MAIL:  I am personally and readily familiar with the business practice of King & Spalding for collection and processing of correspondence for overnight delivery, and I caused such document(s) described herein to be deposited for delivery to a facility regularly maintained by Federal Express for overnight delivery.

☑    BY ELECTRONIC SERVICE:  By electronically mailing a true and correct copy through King & Spalding's electronic mail system from tbishop@kslaw.com to the email addresses set forth below.

☐    BY PERSONAL DELIVERY: I caused such envelope to be delivered by hand to the offices of each addressee below.

On the following parties in this action:

| | |
|---|---|
| Michael F. Clayton (D.C. Bar No. 335307)<br>mclayton@morganlewis.com<br>J. Kevin Fee (D.C. Bar: 494016)<br>jkfee@morganlewis.com<br>Jordana S. Rubel (D.C. Bar No. 988423)<br>jrubel@morganlewis.com<br>Morgan, Lewis & Bockius LLP<br>1111 Pennsylvania Ave., N.W.<br>Washington, D.C. 20004<br>Telephone: 202.739.5215 | *Counsel For American Society For Testing And Materials d/b/a/ ASTM International* |
| Anjan Choudhury (D.C. Bar No. 497271)<br>Anjan.Choudhury@mto.com<br>Munger, Tolles & Olson LLP<br>355 South Grand Avenue, 35th Floor<br>Los Angeles, CA 90071<br>Tel: 213.683.9100<br><br>Kelly M. Klaus<br>Kelly.Klaus@mto.com<br>Jonathan H. Blavin<br>Jonathan.Blavin@mto.com<br>Michael J. Mongan<br>Michael.Mongan@mto.com<br>Munger, Tolles & Olson LLP<br>560 Mission St., 27th Floor<br>San Francisco, CA 94105<br>Tel: 415.512.4000 | *Counsel For National Fire Protection Association, Inc.* |
| Andrew P. Bridges<br>abridges@fenwick.com<br>Kathleen Lu<br>klu@fenwick.com<br>FENWICK & WEST LLP<br>555 California Street, 12th Floor<br>San Francisco, CA 94104<br>Telephone: (415) 875-2300<br><br>Mitchell L. Stoltz (D.C. Bar No. 978149)<br>mitch@eff.org<br>Corynne McSherry<br>corynne@eff.org<br>ELECTRONIC FRONTIER FOUNDATION<br>815 Eddy Street<br>San Francisco, CA 94109 | *Counsel for Defendant Public.Resource.Org, Inc.* |

Telephone: (415) 436-9333
Facsimile: (415) 436-9993

David Halperin
davidhalperindc@gmail.com
1530 P Street NW
Washington, DC 20005

Mark A. Lemley
mlemley@durietangri.com
Joseph C. Gratz
jgratz@durietangri.com
DURIE TANGRI LLP
217 Leidesdorff St.
San Francisco, CA 94111
Telephone: (415) 362-6666

I declare under penalty of perjury under the laws of the United States of America that the

foregoing is true and correct. Executed on January 30, 2015, at San Francisco, California.


/s/ *Blake Cunningham,*
 J. Blake Cunningham