# EXHIBIT B

**FENWICK & WEST LLP**

555 CALIFORNIA STREET, 12TH FLOOR   SAN FRANCISCO, CA 94104
TEL 415.875.2300   FAX 415.281.1350   WWW.FENWICK.COM

December 26, 2014

ANDREW P. BRIDGES                                                                                                     EMAIL ABRIDGES@FENWICK.COM
                                                                                                                              Direct Dial (415) 875-2389

**BY E-MAIL**

Kelly Klaus
kelly.klaus@mto.com
Jonathan H. Blavin
jonathan.blavin@mto.com
Nathan M. Rehn
thane.rehn@mto.com
Munger, Tolles & Olson LLP
560 Mission St., 27th Floor
San Francisco, CA 94105

Re:   ASTM et al v. Public.Resource.Org – 30(b)(6) Topics Served on NFPA

Dear Counsel:

As I stated during our telephone call with Jonathan and Thane on December 23, Public Resource finds troubling the objections that NFPA has made to Public Resource's 30(b)(6) deposition notice, in particular NFPA's repeated assertion that it will provide deponents who have only general knowledge of the topics that Public Resource identified in its notice. Public Resource is entitled to obtain a range of specific information, not mere generalities, including the specifics of the creation of the standards at issue and related copyright assignments among other topics it identified in the notice.

During our call, you assured us that the individuals that NFPA has designated for deposition were those most qualified to testify about the issues in the notice. Public Resource has serious concerns that these individuals will not offer sufficiently specific testimony. Public Resource perceives the need to seek intervention of the Court to the extent we cannot close the gaps. At this point, Public Resource intends to proceed with the Rule 30(b)(6) deposition so long as NFPA agrees that Public Resource has preserved its rights to seek further testimony if the designated individuals lack the necessary knowledge or refuse to testify on the precise topics in the Rule 30(b)(6) deposition notice.

I highlight the following topics of discussion during our call.

**General matters:**

- I asked for the number of microfilms and boxes of documents that NFPA plans to provide for inspection. You lacked precise information and will send more detail when it is

December 26, 2014
Page 2

- available.  I also inquired as to why NFPA cannot simply obtain copies of the microfilms and ship them to us.

- We want to have a reproduction service scan NFPA's paper documents offsite, rather than incurring additional charges to bring equipment on-site.  You said you do not see a problem and will confirm that.

- We requested an opportunity to review NFPA's documents on December 26 or 29.  You stated NFPA was not open on December 26 and is evaluating whether it can have documents ready by December 29.

**30(b)(6) notice topics:**

- Topic 1: "The process and activities of developing the Works-At-Issue, including the participation of government and private sector personnel in standards development."  I said Public Resource needs to depose someone who has knowledge of specific events in the development process for the works at issue, and who likewise has authority to testify as to this process for each standard.  You asserted that Chris Dubay knows the most regarding this topic, although you are not certain which standard development committees Mr. Dubay has served on.  You will check on that point and get back to us.

- Topic 2: "All elements of the Chain of Title of copyright ownership, including copyright authorship and ownership of component parts of the Works-At-Issue in this case."  Public Resource needs to depose someone who can speak with knowledge and authority regarding the complete chain of title of the works at issue and who can walk through the various steps necessary for NFPA to show that it indeed owns the complete copyright rights for each work at issue.  General practices do not suffice to show ownership of particular standards.  Nor does copyright registration.  I also inquired who at NFPA is responsible for assuring the completeness of copyright assignments.  You asserted that Chris Dubay is the most knowledgeable person here, although you are uncertain who at NFPA is responsible for assuring completeness of copyright assignments.  You would not agree to inquire as to who is responsible for assuring completeness of copyright assignments and stated that Public Resource could ask Chris Dubay that question at the time of deposition, and if necessary conduct a further deposition of that named person.

- Topic 3: "The authority of persons executing copyright assignment forms in favor of You to convey the copyright rights in their works or expression, including but not limited to evidence of authority of employees to assign copyrights they do not own individually."  You stated that NFPA is not providing anyone to speak on this topic, as you consider it to be third-party discovery.  Public Resource disagrees.  Presumably NFPA has information concerning the authority of particular individuals or entities to execute copyright

December 26, 2014
Page 3

    assignments in its favor, or at least NFPA's understanding of their authority to do so, and Public Resource is entitled to depose someone from NFPA on this subject.

- Topic 4: "The availability of Standards that You claim to own for reading, study, commentary, evaluation, criticism, annotation, and comparison to other Standards and documents by the public."  You said NFPA will have a witness available to testify generally on this topic.  Public Resource believes it is entitled to know each way that NFPA standards are made available to the public.

- Topic 5: "The terms (including but not limited to financial terms, other requirements, conditions, restrictions, limitations, exclusions, and exceptions) of access to the Standards that You claim to own for reading, study, research, commentary, evaluation, criticism, bookmarking, other annotation, reproduction, personal use, place shifting, space shifting, data mining, and comparison to other versions, Standards, and documents, by the public."  P.R.O. will require detailed information about all the various terms that apply.  You indicated that you had provided all the terms in written discovery and that a witness will testify about the use of those terms.

- Topic 6:  "Communications between any one or more Plaintiffs, or of American National Standards Institute, on the one hand, and governments, government agencies, government officials (including elected officials), and government employees, on the other hand, regarding the benefits, creation, revision, editing, approval (whether by vote or consensus), dissemination or distribution, public availability, use, or incorporation into laws or regulations of the Works-At-Issue in this case."  You indicated that Don Bliss will testify about this topic and that there is no NFPA representative more knowledgeable than he on the topic.

- Topic 7: "All revenue You received from governments and government agencies in connection with the Standards, including but not limited to the sale or licensing of Standards."  Public Resource wants to know what financial relationships exist between NFPA and government agencies.  NFPA asserted that no financial relationship exists other than the sale of standards and that Bruce Mullen will testify as to the amount of revenue from sale of standards to government agencies.  We will want information about individual government agencies.

- Topics 8-10: "Your sources of revenue, the proportion of revenue received from each source, and changes in revenue sources over the relevant time period."  "Your sources and types of revenue other than the sale of copies of or access to the Works-At-Issue."  "Your receipt of grants, funding, other financial Contribution, or in-kind Contribution for work pertaining to Standards from any government agency, other entity, or person,

December 26, 2014
Page 4

> whether directly or indirectly through another organization." You said that Bruce Mullen will testify on all of these topics.

- Topic 11: "Your efforts to influence the procedures and requirements imposed by federal and state governments or their officers, agencies, or subdivisions, including but not limited to the Office of Management and Budget, the Office of the Federal Register, and state code commissions for the incorporation of standards by reference into law or regulation." You indicated that Don Bliss will testify on this subject and has the most knowledge at NFPA on this topic.

- Topic 12: "Your awareness of any consumer confusion, mistake, or deception caused by Public Resource's posting of the Works-At-Issue or by the appearance of the Works-At-Issue that Public Resource has posted." I made it clear that Public Resource wants specific information about this topic, not information about general allegations of harm. You indicated that Bruce Mullen can testify on this topic.

- Topic 13: "Sales of each Work-At-Issue and of each predecessor to each Work-At-Issue, by unit volume and by dollar volume, for each month or quarter since 2010." You said that Bruce Mullen will testify on this subject. I indicated that we do expect monthly or quarterly sales volume and revenue information about each work at issue, not general financial information. You said you would need to get back to me on this.

- Topic 14: "All harms (financial and otherwise) to You arising from the facts that You have alleged in the complaint and from any other acts, omissions, or operations of Public Resource." You said Bruce Mullen will testify on this topic.

- Topic 15: "All changes to the standards development processes or activities that You have made because of the activities of Public Resource at issue in this case." NFPA has refused to testify as to this topic. Public Resource believes that NFPA has no good reason to withhold testimony on this topic. If no changes have occurred because of the activities of Public Resource, then a witness may say so. If changes have occurred, Public Resource has a right to know about them.

- Topic 16: "The original creative expression in each of the Works-At-Issue." Public Resource needs to know about the originality (or derivative status) and the creative choices in the expression that the underlying authors made that would qualify the works at issue for copyright protection. NFPA contends that these issues fall also within Topic 1. If the witness on topic 1 will testify about the creative expression and the choices of creative expression in the course of testimony on topic no. 1, then that may suffice, but Public Resource must obtain testimony on the originality, the creative expression, and the

December 26, 2014
Page 5

> choices in the process of creative expression. You said that NFPA will provide a witness who can testify about these matters.

- Topic 17: "The creativity pertaining to the expressions in the Works-At-Issue in this case." Public Resource raises similar concerns to those noted for Topic no. 16. NFPA has objected to this topic, but states that to the extent that the subject matter falls within Topic 1. The discussion of topic 16 applied to this topic as well.

- Topic 18: "All communications with any person or entity regarding lost sales or lost licenses, or regarding an intention not to buy or license, with respect to the Works-At-Issue attributable to the activities of Public Resource at issue in this case." Public Resource stated that, in order to proceed with a deposition on this topic, it needs to know if there have been any such communications, and receive copies of those communications. You stated NFPA is in the process of preparing a production that may include such communications. If there have been no such communications, Public Resource will require an NFPA witness to testify to that fact.

- Topic 19: "Your nonprivileged communications about any litigation or potential litigation against Public Resource, or Plaintiffs' policies and practices for responding to copyright infringement, including but not limited to communications by those persons concerning positions taken by some or all Plaintiffs in this case." NFPA has refused to provide someone to testify on this topic, and it contends that those communications are overwhelmingly privileged. I responded that the deposition notice on the topic explicitly states that it seeks only nonprivileged communications, such as (but not limited to) with third parties. You stated that a witness might not know about all communications, and you suggested that Public Resource might need to depose a number of persons to learn about all the communications. I responded that the individual testifying for NFPA must confer with relevant personnel at NFPA so that he or she may testify competently and fully on this topic.

- Topic 20: "Your communications with federal, state, or local government agencies and legislatures, including but not limited to the National Institute of Standards and Technology, Department of Agriculture (including the Rural Utility Service), Department of Homeland Security (including US Coast Guard), Department of Energy, Nuclear Regulatory Commission, Consumer Product Safety Commission, Department of Housing and Urban Development, Department of Labor (including the Occupational Safety and Health Administration, the Mine Safety and Health Administration), National Archives and Records Administration, Veterans Administration, Environmental Protection Administration, Department of Health and Human Services, Department of Transportation (including the Pipeline and Hazardous Materials Safety Administration), state code commissions, state fire marshals, municipal and county fire departments, state

December 26, 2014
Page 6

> building commissions, state fire commissions, and state departments of labor, regarding the incorporation of Standards into law or regulation." You indicated that Don Bliss will be the witness on this topic and that, while he could not testify regarding specific communications with all the entities in the topic from memory, he would be able to testify about relevant documents bearing on these topics at the deposition.

- Topic 21: "Your communications with state government officials regarding state energy standards." NFPA has refused to designate someone on this topic, stating that the topic is vague. I indicated that I would discuss this topic with Public Resource to determine whether further specificity is appropriate.

With depositions set to begin very soon, Public Resource looks forward to a prompt response on the outstanding issues in this letter, no later than this coming week.

Yours very truly,

FENWICK & WEST LLP

*Andrew P. Bridges*

Andrew P. Bridges