**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| AMERICAN SOCIETY FOR TESTING AND MATERIALS d/b/a/ ASTM INTERNATIONAL;<br><br>NATIONAL FIRE PROTECTION ASSOCIATION, INC.; and<br><br>AMERICAN SOCIETY OF HEATING, REFRIGERATING, AND AIR CONDITIONING ENGINEERS,<br><br>        Plaintiffs/<br>        Counter-Defendants,<br><br>v.<br><br>PUBLIC.RESOURCE.ORG, INC.,<br><br>        Defendant/<br>        Counter-Plaintiff. | Case No. 1:13-cv-01215-TSC |

**PLAINTIFF NATIONAL FIRE PROTECTION ASSOCIATION, INC.'S REPLY IN SUPPORT OF MOTION TO AMEND COMPLAINT**

NFPA's motion seeks to amend the list of infringed NFPA standards to add a single

standard, the 2014 National Electrical Code ("NEC").  Public Resource's opposition essentially

concedes that the Court should grant NFPA's motion.  Public Resource says that it does not

oppose the motion "so long as Public Resource is afforded sufficient opportunity to conduct

discovery."  Opp. 1.  But it does not identify any particular additional subjects of discovery that

it would need to conduct if NFPA's motion is granted.  That's because there are no such

subjects.  Public Resource's existing discovery requests already encompass the 2014 NEC, and

NFPA has already produced documents responsive to those requests, exactly in line with the

documents NFPA has produced for the other standards at issue.  Public Resource has had those

documents since nearly a month before the close of discovery, and has never identified any

deficiencies in NFPA's production.  Nor does it identify any such deficiencies in its opposition to

this motion.  And because Public Resource has yet to depose any NFPA witness, nothing

prevents it from asking NFPA's witnesses about the 2014 NEC as well as all the other standards.

In short, there is no prejudice to Public Resource and the motion should be granted.

## ARGUMENT

As set forth in NFPA's opening brief, the general rule is that leave to amend a complaint

should be freely given, unless the party opposing the amendment can show some good reason

why leave should not be granted.  The case for amendment is particularly strong here, where

NFPA seeks only to add the most recent edition of a standard already identified in the Complaint

to the list of NFPA standards infringed by Public Resource.  It is common in copyright cases for

a plaintiff to discover additional infringed works in the course of the litigation, and courts have

routinely allowed amendments to identify the additional works in similar circumstances.  *See*

*Lennon v. Seaman*, 84 F. Supp. 2d 522, 524 (S.D.N.Y. 2000).

1

Public Resource's opposition fails to satisfy its burden "to show prejudice sufficient to justify a denial of leave to amend." *In re Vitamins Antitrust Litig.*, 217 F.R.D. 30, 32 (D.D.C. 2003).  The bulk of the opposition is devoted to creating the impression that there is some "additional discovery," Opp. 2, that Public Resource would need to conduct if the 2014 NEC were added to the list of infringed standards.  There is no basis for that suggestion.  In this litigation, Public Resource has never served any discovery requests that are tied to particular NFPA standards.  Its discovery requests are drafted in general terms to cover all of the NFPA standards at issue in the case.  *See, e.g.*, Dkt. 41-5 (Public Resource's requests for production of documents to NFPA, including such topics as "Documents sufficient to identify all Persons who participated in the Standards Process of each Work-at-Issue").  Thus, the notion that Public Resource would need to conduct new discovery into the 2014 NEC is a fiction.  NFPA produced the same types of documents for the 2014 NEC as it did for the other standards at issue in the case, and did so well in advance of the close of fact discovery.  For example, NFPA has produced documents on the subjects identified by Public Resource on page 4 of its opposition— documents pertaining to the authorship of the 2014 NEC and the assignments of rights in the 2014 NEC to NFPA.  *See* Opp. 4.[1]  Public Resource does not identify even a single new topic or discovery request that it would make for the 2014 NEC that would be different than the discovery requests it has made for the other standards at issue.

Public Resource also speculates that NFPA made some sort of "strategic change" in its process of developing the 2014 NEC after filing this lawsuit, to address concerns about the copyrightability of NFPA standards.  *Id.*  Public Resource never raised this unfounded suggestion with NFPA prior to filing its opposition, and the suggestion is implausible on its own

[1] NFPA reserves its objections to the topics identified by Public Resource, including the objection that many of these topics are irrelevant to this litigation, but notwithstanding those objections, NFPA has produced the same categories of responsive documents for the 2014 NEC as it did for the other standards in the Complaint.

terms, as the 2014 NEC was developed according to a regular three-year cycle that was in

process long before the Complaint was filed.  But in any event, questions about the development

of this standard do not provide a basis for denying the motion to amend.  NFPA has produced

documents regarding the development of the 2014 NEC, including its Report on Proposals and

Report on Comments for the 2014 NEC.  Public Resource has stipulated that these documents

"provide sufficient information" to respond to Public Resource's discovery requests about

NFPA's standards development process.  Dkt. 54 at 6.  If there were any merit to Public

Resource's contention that the development process somehow changed in connection with the

2014 NEC, the documents produced by NFPA address that subject matter and Public Resource

does not suggest otherwise in its Opposition.

Likewise, Public Resource fails to identify any new witnesses or deposition topics that it

would need in connection with the 2014 NEC.  The witnesses NFPA has disclosed will provide

testimony about the standards at issue generally, not about any particular NFPA standard.  And

none of the 30(b)(6) deposition topics that Public Resource has served are specific to any

particular NFPA standard.  Just as with Public Resource's written discovery requests, its 30(b)(6)

deposition topics are drafted in general terms that encompass the 2014 NEC, and Public

Resource has not identified any topics that would need to be added or amended.  NFPA has

already informed Public Resource that it will not object to questions about the 2014 NEC at any

depositions of NFPA witnesses.  Thus, Public Resource's suggestion that it might need to amend

its 30(b)(6) notice, *see* Opp. 3, is just another red herring.

The only other argument that Public Resource makes is that NFPA was dilatory in filing

this motion.  But the facts do not support this argument.  Upon discovering Public Resource's

infringement of the 2014 NEC, NFPA notified Public Resource of its intent to amend the

Complaint more than a month before the close of fact discovery, and immediately produced

documents pertaining to the 2014 NEC.  The only reason for the one-month delay before NFPA

filed the present motion was that Public Resource failed to respond to NFPA's request that it

consent to the amendment.  If anything, this delay should be counted against Public Resource, as

it arguably forfeited any objection it could have made to the amendment by failing to respond to

NFPA's request until the eve of the close of fact discovery, after a repeated request by NFPA.

**CONCLUSION**

Plaintiffs respectfully ask the Court to grant leave to amend the Complaint by adding the

2014 NEC to the list of infringed NFPA standards.

Dated: March 2, 2015

Respectfully submitted,


*/s/ Kelly Klaus*

Anjan Choudhury (D.C. Bar: 497271)
Munger, Tolles & Olson LLP
355 South Grand Avenue, 35th Floor
Los Angeles, CA  90071
Tel: 213.683.9100
Email:  Anjan.Choudhury@mto.com

Kelly M. Klaus
Jonathan H. Blavin
Nathan M. Rehn
Munger, Tolles & Olson LLP
560 Mission St., 27th Floor
San Francisco, CA 94105
Tel:  415.512.4000
Email: Kelly.Klaus@mto.com
        Jonathan.Blavin@mto.com
        Thane.Rehn@mto.com

*Counsel for National Fire Protection Association, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Reply in Support of NFPA's

Motion to Amend was served this 2 day of March, 2015 via CM/ECF upon the following:

**Counsel for Public.Resource.Org, Inc.:**

Andrew Bridges

Kathleen Lu

David Halperin

Mitchell L. Stoltz

Corynne McSherry

Joseph Gratz

Mark Lemley

Matthew Becker

**Counsel for American Society for Testing and Materials d/b/a ASTM International:**

Michael F. Clayton

J. Kevin Fee

Jordana S. Rubel

**Counsel for American Society of Heating, Refrigerating, and Air Conditioning Engineers:**

Jeffrey Bucholtz

Kenneth Steinthal

Joseph Wetzel

Blake Cunningham

/s/ Thane Rehn

Thane Rehn