# **EXHIBIT F**

Capital Reporting Company
30(b)(6) Public.Resource.Org 02-26-2015

1

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

AMERICAN SOCIETY FOR TESTING AND
MATERIALS D/B/A ASTM INTERNATIONAL;
NATIONAL FIRE PROTECTION, INC.;
AND AMERICAN SOCIETY OF HEATING,
REFRIGERATING, AND AIR-CONDITIONING
ENGINEERS, INC.

      Plaintiffs,/
      Counter-Defendants,      Case No.:

vs.                              1:13-cv-01215-EGS

PUBLIC.RESOURCE.ORG, INC.

      Defendant/
      Counter-Plaintiff
_____/

VIDEOTAPED DEPOSITION OF THE 30 b) 6) OF
PUBLIC.RESOURCE.ORG

DATE:          Thursday, February 26, 2015

TIME:         10:07

LOCATION:      1 Market Street, Spear Tower, Suite
               2000, San Francisco, California

Reported by:  Ashley Soevyn
               Certified Shorthand Reporter
               License Number 12019

106

1   any information regarding federal government
2   employees' actual contributions to the writing of
3   standards.
4       MR. BRIDGES: All the same objections and
5   limitations and instructions as -- as to the
6   earlier questions.
7       THE WITNESS: I don't want to discuss
8   my -- my discussions with -- with my attorneys on
9   that subject.
10  BY MR. FEE:
11      Q   So you can't identify any nonprivileged
12  information that's responsive to my question?
13      MR. BRIDGES: Same objections.
14      THE WITNESS: No, I can't.
15  BY MR. FEE:
16      Q   Is the same true for the other two
17  plaintiffs?
18      MR. BRIDGES: Objection, vague and
19  ambiguous, lacks foundation and all the other same
20  objections, totally lacks foundation.
21      THE WITNESS: So for NFPA, I -- I gave you
22  a -- a much more specific example.
23  BY MR. FEE:
24      Q   Okay. So for NFPA, you were aware of some
25  information regarding specific contributions made by

107

1   federal -- federal government employees to
2   particular standards at issue in this case?
3       MR. BRIDGES: All the same objections as
4   to the earlier line of questioning.
5       THE WITNESS: Yes.
6   BY MR. FEE:
7       Q   What about with respect to ASHRAE?
8       MR. BRIDGES: All the same objections as
9   to the line of questions -- as to the earlier line
10  of questions.
11      THE WITNESS: The same as with ASTM; a
12  number of government officials played key
13  leadership roles in the formulation of the
14  standards at issue.
15  BY MR. FEE:
16      Q   Do you have any knowledge regarding
17  whether or not these federal government employees
18  purported to assign whatever copyright interests
19  they might have to the plaintiff organizations?
20      MR. BRIDGES: Objection, lacks competence,
21  may call for speculation, vague and ambiguous, may
22  call for a legal conclusion, argumentative.
23      THE WITNESS: The submissions on the NFPA
24  website appeared to do that.
25  BY MR. FEE:

108

1       Q   So it's your understanding that the NFPA
2   web -- NFPA website has evidence of federal
3   government employees attempting to assign whatever
4   copyrights they have to NFPA?
5       MR. BRIDGES: All the same objections as
6   to the earlier line of questions and same
7   instruction.
8       THE WITNESS: Yes.
9   BY MR. FEE:
10      Q   Did you see similar information with
11  respect to the other plaintiffs in this case?
12      MR. BRIDGES: All the same objections,
13  plus lacks foundation, vague and ambiguous.
14      THE WITNESS: I actually don't recall.
15  BY MR. FEE:
16      Q   Aside from federal government employees,
17  are you aware of any other evidence that
18  participants in the standard development for any of
19  the plaintiffs failed to properly transfer their
20  copyright interests to the plaintiffs in this case?
21      MR. BRIDGES: All the same objections.
22      THE WITNESS: That's totally beyond my
23  expertise. I -- I can't answer that question.
24  BY MR. FEE:
25      Q   Does Public Resource claim to be the owner

109

1   of any copyrighted interest in any of the standards
2   at issue in this case?
3       MR. BRIDGES: Objection, calls for a legal
4   conclusion.
5       THE WITNESS: No.
6   BY MR. FEE:
7       Q   Do you personally claim to be the owner of
8   any copyright interest for any of the standards at
9   issue in this case?
10      MR. BRIDGES: Same objections.
11      THE WITNESS: No.
12  BY MR. FEE:
13      Q   Do you acknowledge that the writing of
14  plaintiffs' standards requires some sort of
15  creativity to actually put words on paper?
16      MR. BRIDGES: Objection to the extent it
17  calls for a legal conclusion, assumes many facts
18  not in evidence, lacks foundation, competence,
19  calls for speculation and vague and ambiguous.
20      THE WITNESS: I'm not qualified to answer
21  that question, sir.
22
23  BY MR. FEE:
24      Q   Are you aware of any evidence that would
25  suggest that any of the standards at issue in this