**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| AMERICAN SOCIETY FOR TESTING AND MATERIALS d/b/a/ ASTM INTERNATIONAL; | Case No. 1:13-cv-01215-TSC/DAR |
| NATIONAL FIRE PROTECTION ASSOCIATION, INC.; and | **DECLARATION OF ANDREW P. BRIDGES IN SUPPORT OF PUBLIC.RESOURCE.ORG, INC.'S OPPOSITION TO PLAINTIFFS' EMERGENCY MOTION FOR PROTECTIVE ORDER AND REQUEST FOR EXPEDITED BRIEFING SCHEDULE** |
| AMERICAN SOCIETY OF HEATING, REFRIGERATING, AND AIR-CONDITIONING ENGINEERS, INC. | |
| Plaintiffs, | |
| v. | |
| PUBLIC.RESOURCE.ORG, INC., | Complaint Filed:  August 6, 2013 |
| Defendant. | |

PUBLIC.RESOURCE.ORG, INC.,

Counterclaimant,

v.

AMERICAN SOCIETY FOR TESTING AND
MATERIALS d/b/a/ ASTM INTERNATIONAL;

NATIONAL FIRE PROTECTION
ASSOCIATION, INC.; and

AMERICAN SOCIETY OF HEATING,
REFRIGERATING, AND AIR-CONDITIONING
ENGINEERS, INC.

Counterdefendants.

**PUBLIC REDACTED VERSION**

I, ANDREW P. BRIDGES, declare pursuant to 28 U.S.C. § 1746 as follows:

1.      I am an attorney admitted to practice in the State of California and am a partner with the law firm of Fenwick & West LLP, counsel of record for Defendant/Counterclaimant Plaintiff Public.Resource.Org, Inc.

2.      Attached as **Exhibit 1** is a true and correct copy of Public Resource's First Set of Requests for Production of Documents to American Society of Heating, Refrigerating, and Air-Conditioning Engineers, Inc. ("ASHRAE") (Nos. ASHRAE-1 through ASHRAE-18), served electronically via email on February 13, 2014.  This included Requests Nos. 2 and 6, which concern the ownership and assignment of copyright for the works-at-issue in this litigation, including a request for "[d]ocuments sufficient to establish Complete Chain of Title for each Work-At-Issue."  The term "Complete Chain of Title" is defined in the Requests to include, at minimum: "documents sufficient to identify the original creator(s) of the work and all assignments documenting transfer from the original owner(s) to American Society of Heating, Refrigerating, and Air-Conditioning Engineers, Inc., including all intermediate transfers, as well as a copyright registration."

3.      Attached as **Exhibit 2** is a true and correct copy of Public Resource's First Set of Requests for Production of Documents to American Society for Testing and Materials d/b/a ASTM International ("ASTM") (Nos. ASTM-1 through ASTM-18), served electronically via email on February 19, 2014.  This included Requests Nos. 2 and 6, which concern the ownership and assignment of copyright for the works-at-issue in this litigation, including a request for "[d]ocuments sufficient to establish Complete Chain of Title for each Work-At-Issue."  The term "Complete Chain of Title" is defined in the Requests to include, at minimum: "documents sufficient to identify the original creator(s) of the work and all assignments documenting transfer

from the original owner(s) to American Society for Testing and Materials, including all intermediate transfers, as well as a copyright registration."

4.     Attached as **Exhibit 3** is a true and correct copy of Public Resource's First Set of Request for Production of Documents to National Fire Protection Association, Inc. ("NFPA") (Nos. NFPA-1 through NFPA-18), served electronically via email on February 13, 2014.  This included Requests Nos. 2 and 6, which concern the ownership and assignment of copyright for the works-at-issue in this litigation, including a request for "[d]ocuments sufficient to establish Complete Chain of Title for each Work-At-Issue."  The term "Complete Chain of Title" is defined in the Requests to include, at minimum: "documents sufficient to identify the original creator(s) of the work and all assignments documenting transfer from the original owner(s) to National Fire Protection Association, Inc., including all intermediate transfers, as well as a copyright registration."

5.     Attached as **Exhibit 4** is a true and correct copy of ASHRAE's Objections and Responses to Public Resource's First Set of Requests for Production of Documents (Nos. ASHRAE-1 through ASHRAE-18), served March 20, 2014.

6.     Attached as **Exhibit 5** is a true and correct copy of ASTM's Objections and Responses to Public Resource's First Set of First Set of Requests for Production of Documents (Nos. ASTM-1 through ASTM-18), served March 24, 2014.

7.     Attached as **Exhibit 6** is a true and correct copy of NFPA's Objections and Responses to Public Resource's First Set of Requests for Production of Documents (Nos. NFPA-1 through NFPA-18), served March 20, 2014.

8.     Public Resource met and conferred with Plaintiffs throughout the spring and summer of 2014 regarding the deficiencies in Plaintiffs' responses to Public Resource's

discovery requests, including Public Resource's requests for discovery on the issue of copyright

ownership and assignment.  This was initiated with a May 2, 2014 letter from myself to

Plaintiffs.  On April 21, 2014 and May 7, 2014, counsel for Public Resource engaged in a

telephonic meet and confer session with counsel for Plaintiffs-Counterdefendants in an attempt

to resolve the issues related to their insufficient and incomplete discovery responses.  On May

23, 2014 counsel for Plaintiffs sent separate letters responding to Public Resource's May 2, 2014

letter and summarizing the May 7, 2014 meet and confer session.  In these letters, Plaintiffs

summarized their positions that they would only produce "representative samples" and "form"

versions of licensing agreements and assignment of rights agreements.  That same day, I sent

counsel for Plaintiffs a letter summarizing the discovery dispute, including issues relating to

Plaintiffs-Counterdefendants' deficient responses to Public Resource Requests for Production of

Documents, and the issues discussed during the May 7, 2014 meet and confer session.  The

parties continued to meet and confer through September 5, 2014, exchanging five additional

letters in the process, as described in greater detail in the Declaration of Kathleen Lu in Support

of Defendant Public.Resource.Org's Motion to Compel [Dkt. 41, Ex. B].

     9.     Attached as **Exhibit 7** is a true and correct copy of p. 49 from the transcript of the

hearing before this Court on December 1, 2014, concerning Public Resource's motion to compel.

At lines 04-12, Thane Rehn, counsel for NFPA, first suggested that an alleged infringer might

not have standing to challenge the validity of copyright assignments.

     10.     On November 14, 2014, Public Resource served its first Rule 30(b)(6) deposition

notices and topics on Plaintiffs.  **Topics 2 and 3 concerned copyright ownership and**

**assignment issues.**  True and correct copies of these notices, associated topics, and proof of

service is attached as **Exhibit 8**.

11.     Plaintiffs served Public Resource with their objections to Public Resource's first Rule 30(b)(6) deposition notices in December 2014**.  Both ASHRAE and NFPA responded that they would designate a witness to address the topics concerning copyright ownership and assignment.**  True copies of the Plaintiffs' objections to Public Resource's first 30(b)(6) deposition notices to Plaintiffs are attached as **Exhibit 9**.

12.     **On January 30, 2015, Public Resource served amended 30(b)(6) deposition notices to Plaintiffs, including an additional topic addressing copyright assignment and ownership.**  True and correct copies of these amended 30(b)(6) deposition notices to Plaintiffs are attached as **Exhibit 10**.

13.     **Reviewing the purported copyright "assignment" agreements produced by Plaintiffs, Public Resource has determined that many of these documents include language that conveys "nonexclusive" rights.  These nonexclusive rights mean that these documents convey only a nonexclusive license to copyright rights, not an assignment of copyright, and therefore do not convey on Plaintiffs standing to sue regarding the rights they claim by those non-assignment documents that they call "assignments."**  True examples of these purported "assignments" produced by Plaintiffs are attached as **Exhibit 11 [FILED UNDER SEAL]**.

14.     NFPA is aware that the copyright assignments of most standards developers have been vulnerable and ineffective.  In a 2011 memorandum by former NFPA President James Shannon entitled "The Next Decade at NFPA," he wrote: █████████████████████████
████████████████████████████████████████████████████
█████████████████████████████████████████████████████████
█████████████████████████████████████████████████████████

██████████████████████  P. 6, fn. 4 (emphasis added).  A true copy of this document is attached

as **Exhibit 12 [FILED UNDER SEAL].**

15.     Plaintiffs' process to force members to agree to assign copyrights in the standards

is indeed not water-tight.  Membership enrollment forms and renewal forms with boilerplate

language asserting a conveyance of copyright rights in unspecified contributions of

copyrightable works do not meet the requirements for valid assignments under the Copyright

Act.  In addition, even with the boilerplate forms, members on occasion circumvent the

boilerplate process by sending in membership requests through informal channels.  A true

example of someone renewing membership through informal correspondence produced by

Plaintiffs is attached as **Exhibit 13 [FILED UNDER SEAL]**.

16.     Members often tear off the sections of the membership application that include

assignment or license language and they sent in only their application information.  A true

example of a membership application that had the assignment language removed from it that was

produced by Plaintiffs is attached as **Exhibit 14 [FILED UNDER SEAL]**.

17.     Plaintiffs sought consent from individuals who did not personally own the

copyright in their contributions, and these individuals included federal government employees

acting in their official capacities.  A true example of these invalid assignments produced by

Plaintiffs is attached as **Exhibit 15 [FILED UNDER SEAL]**.

18.     Plaintiffs also sought consent from employees or third parties to assign copyrights

when they were contributing to the standards as part of their employment.  An employee does

not own copyright in a work he or she prepares in the course and scope of the employment; in

those circumstances, the work is a "work made for hire" within the definition of that term in

section 101 of the Copyright Act, 17 U.S.C. §  101, and the employer, not the employee, is the

copyright owner.  A true example of these invalid assignments by employees produced by

Plaintiffs, and a list of committee members many of whom are employed by third parties, are

attached as **Exhibit 16 [FILED UNDER SEAL]**.


I declare under penalty of perjury that the foregoing is true and correct.


Executed this 23rd day of March, 2015.


_/s/ Andrew P. Bridges_
Andrew P. Bridges