# EXHIBIT 6

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICAN SOCIETY FOR TESTING AND MATERIALS d/b/a/ ASTM INTERNATIONAL;<br><br>NATIONAL FIRE PROTECTION ASSOCIATION, INC; and<br><br>AMERICAN SOCIETY OF HEATING, REFRIGERATING, AND AIR CONDITIONING ENGINEERS,<br><br>Plaintiffs and Counterclaim Defendants,<br><br> v.<br><br>PUBLIC.RESOURCE.ORG, INC., Defendant and Counterclaimant. | Case No. 1:13-cv-01215-EGS<br><br>**PLAINTIFF NATIONAL FIRE PROTECTION ASSOCIATION, INC.'S RESPONSES AND OBJECTIONS TO DEFENDANT PUBLIC.RESOURCE.ORG, INC.'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS (NOS. NFPA-1 THROUGH NFPA-18)**<br><br>Filed:  August 6, 2013 |

PROPOUNDING PARTY:   PUBLIC.RESOURCE.ORG, INC.

RESPONDING PARTY:   NATIONAL FIRE PROTECTION ASSOCIATION, INC.

SET NUMBER:   ONE (Nos. NFPA-1 through NFPA-18)

Pursuant to Federal Rules of Civil Procedure 26 and 34, Plaintiff and Counterclaim

Defendant National Fire Protection Association, Inc. ("NFPA") responds as follows to the first

set of Requests for Production propounded by Defendant and Counterclaimant

Public.Resource.Org, Inc. ("Public Resource").

## <u>GENERAL OBJECTIONS</u>

The following General Objections apply to and are incorporated in each and every

response to each and every specific Request for Production ("Request"), whether or not such

General Objections are expressly incorporated by reference in such response.

1.     NFPA objects to each and every Request, definition, and instruction, to the extent

that it attempts to impose any burdens inconsistent with or in addition to the obligations imposed by the Federal Rules of Civil Procedure, the Local Civil Rules of the United States District Court for the District of Columbia, or any other applicable law or rule.

2.      NFPA objects to each and every Request, definition, and instruction as overly broad and unduly burdensome to the extent that it is not reasonably limited in scope, or seeks information or documents neither relevant to any issue in this case nor reasonably calculated to lead to the discovery of admissible evidence, particularly to the extent that compliance would force NFPA to incur a substantial expense that outweighs any likely benefit of the discovery.

3.      NFPA objects to each and every Request, definition, and instruction to the extent that it lacks any reasonable time limitation.

4.      NFPA objects to each and every Request, definition, and instruction to the extent that it seeks information or documents protected by the attorney-client privilege, work product doctrine, or any other applicable law, privilege, immunity, protection, or doctrine.  NFPA claims such privileges and protections to the extent implicated by each Request, and excludes privileged and protected information from its responses.  The production of any privileged information or document by NFPA is unintentional, and any such inadvertent production shall not be construed as a waiver of any applicable objection or privilege.  Public Resource shall, upon the request of NFPA, immediately return or destroy any such documents inadvertently produced.  Further, upon Public Resource's discovery of what it thinks may be a privileged document produced by NFPA, Public Resource should immediately inform NFPA in writing.  NFPA will neither produce nor log privileged communications made between NFPA and outside counsel, or any documents protected by the work product doctrine after the commencement of this litigation.  All such communications or documents were intended to be confidential and privileged, and they have been treated as such.  In light of the voluminous nature of such communications, including them in NFPA's privilege log would be unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.

5.      NFPA objects to each and every Request, definition, and instruction to the extent

that it calls for a legal conclusion.  Any response by NFPA shall not be construed as providing a legal conclusion regarding the meaning or application of any terms or phrases used in Public Resource's Requests, definitions, or instructions.

6.      NFPA objects to each and every Request, definition, and instruction to the extent that it seeks information or documents already in the possession of or more readily available to Public Resource, in the public domain, that are equally available to Public Resource as they are to NFPA, or that could be derived or ascertained by Public Resource with substantially the same effort that would be required of NFPA.  To the extent any documents are currently publicly available to Public Resource at no cost on the NFPA website, NFPA expressly reserves the right to request cost-shifting, consistent with Section 14.A of the parties' Joint Meet-And-Confer Report filed on December 30, 2013 (ECF No. 29), prior to incurring any cost associated with producing such documents.

7.      NFPA objects to each and every Request, definition, and instruction to the extent that it seeks information or documents not within NFPA's possession, custody, or control.

8.      NFPA objects to each and every Request, definition, and instruction to the extent that it is unreasonably cumulative or duplicative.

9.      NFPA objects to each and every Request, definition, and instruction to the extent that it seeks any confidential, financial, proprietary, or trade secret information, or any other information or documents that NFPA is not permitted to disclose pursuant to confidentiality or other legal or contractual obligations to third parties.  NFPA will not produce such documents or information until entry of an appropriate protective order.  NFPA will meet and confer with Public Resource regarding entry of a protective order.

10.     NFPA objects to each and every Request, definition, and instruction to the extent that it is argumentative.

11.     NFPA objects to each and every Request, definition, and instruction to the extent that it contains characterizations, definitions, or assumptions.  Nothing contained in or absent from NFPA's responses, objections, or production shall constitute, or be deemed as, an

admission, concession, or agreement that Public Resource's characterizations, definitions, or assumptions are correct or accurate.

12.     NFPA objects to each and every Request, definition, and instruction to the extent that it purports to require NFPA to compile information in a manner that is not maintained in the ordinary course of business, or to create documents, including but not limited to charts, tables, reviews, proposals, methodologies, and/or breakdowns, that do not already exist.

13.     NFPA objects to the defined terms "You", "Your", and "NFPA", and to each and every Request containing those terms, as vague, ambiguous, overly broad, and unduly burdensome to the extent that any of these terms include any entity other than NFPA.

14.     NFPA objects to the defined terms "Work-at-Issue" and "Works-at-Issue", and to each and every Request containing those terms, on the ground that they are overly broad and unduly burdensome to the extent they include standards that are not at issue in this litigation. NFPA will construe "Work-at-Issue" and "Works-at-Issue" to include only those standards that are identified in Exhibit B to the Complaint.  (ECF No. 1-2.)

15.     NFPA objects to the defined term "Complete Chain of Title", and to each and every Request containing that term, as vague, ambiguous, overly broad, and unduly burdensome.

16.     NFPA objects to the defined term "Incorporated Standard", and to each and every Request containing that term, as overly broad and unduly burdensome insofar as the term is defined to extend to standards incorporated by jurisdictions outside the United States.  NFPA will construe "Incorporated Standard" as referring to any standard that a jurisdiction within the United States has incorporated into law, including incorporation by reference.

17.     NFPA objects to the defined term "Standards Process", and to each and every Request containing that term, as vague, ambiguous, overly broad, and unduly burdensome.

18.     NFPA objects to the defined term "Legal Authority", and to each and every Request containing that term, as overly broad and unduly burdensome insofar as the definition extends to "*any* governmental edict, rule, regulation, law *or other binding authority or expression*."  (Emphasis added.)  NFPA will construe "Legal Authority" to refer to statutes,

regulations, and ordinances of government entities within the United States of America.

19.     NFPA objects to the defined term "Contribution", and to each and every Request containing that term, as vague, ambiguous, overly broad, and unduly burdensome.

20.     NFPA objects to the defined term "Document" as overly broad and unduly burdensome to the extent that it requires NFPA to search for and provide electronic documents or information that is not reasonably accessible.

21.     NFPA objects to each and every Request to the extent that it calls for the production of "all" Documents concerning a subject matter on the ground that such Requests are overly broad, unduly burdensome, duplicative, and seek production of irrelevant documents.  To the extent that NFPA produces documents in response to such requests, they will be limited to documents sufficient to show matters that are appropriately discoverable.

22.     NFPA objects to each and every Request to the extent it seeks discovery of documents or electronically stored information from sources that are not reasonably accessible in light of the burdens or costs required to locate, restore, review and produce whatever responsive information may be found.  To the extent that any Request requires the identification or production of email currently in electronic form, or any other electronic communications or electronically stored information, and NFPA agrees to conduct a search of such media, NFPA will search readily accessible email or other electronic media in relation to individual custodians or other sources likely to have responsive documents.  NFPA will not search emails that are inaccessible or overly burdensome to restore and/or search (*e.g.*, disaster recovery tapes), or other inaccessible or burdensome electronically stored information.  In addition to collecting specific documents called for by the Requests, where NFPA agrees to search the files of individual custodians, NFPA will meet and confer with Public Resource regarding the identity of the custodians and a mutually agreeable set of search terms to run against the electronic files of those custodians from a reasonable time period to cull potentially responsive electronic communications.

23.     NFPA objects to Instruction 1 as overly broad and unduly burdensome to the

extent it purports to require NFPA to produce information that is not in the custody or control of NFPA.  NFPA further objects to Instruction 1 to the extent that it seeks information or documents protected by the attorney-client privilege, work product doctrine, or any other applicable law, privilege, immunity, protection, or doctrine.

24.     NFPA objects to Instruction 3 to the extent that it attempts to impose any burdens inconsistent with or in addition to the obligations imposed by the Federal Rules of Civil Procedure, the Local Civil Rules of the United States District Court for the District of Columbia, or any other applicable law or rule.

25.     NFPA objects to Instruction 6 to the extent that it attempts to impose any burdens inconsistent with or in addition to the obligations imposed by the Federal Rules of Civil Procedure, the Local Civil Rules of the United States District Court for the District of Columbia, or any other applicable law or rule.  In the event that NFPA withholds documents or information based on a claim of privilege or protection, NFPA will comply with the requirements of Federal Rule of Civil Procedure 26(b)(5), and any other applicable law or rule.

26.     NFPA objects to Instruction 9 as unduly burdensome to the extent that it calls for NFPA to prepare Public Resource's case by analyzing or coding documents that have already been produced in this litigation.

27.     NFPA objects to Public Resource's instruction that all responsive documents be produced within thirty (30) days after service of Public Resource's requests.  Public Resource will produce documents on a rolling basis.

28.     NFPA objects to each and every Request to the extent it seeks to impose any continuing duty to supplement or provide further responses.

29.     No incidental or implied admissions are intended by the responses herein.  The fact that NFPA has answered or objected to any Request should not be taken as a representation by NFPA to the existence or non-existence of the information or documents requested by Public Resource.

30.     By responding to Public Resource's First Set of Requests for Production, NFPA

does not waive any privilege or objection that may be applicable to: (a) the use, for any purpose, by Public Resource of any information or documents sought by Public Resource or provided in response to an Request; (b) the admissibility, relevance, or materiality of any of the information or documents to any issue in this case; or (c) any demand for further responses involving or relating to the subject matter of any of the Requests.

31.     NFPA's responses, regardless of whether they include a specific objection, do not constitute an adoption or acceptance of the definitions and instructions that Public Resource seeks to impose.

32.     NFPA's responses are based on information reasonably available to NFPA as of the date of these responses.  The following responses are made to the best of NFPA's present knowledge, information, and belief.  NFPA's investigation is continuing and ongoing.  Subject to and without waiving any of its objections set forth herein, NFPA may supplement any of its responses herein as necessary or appropriate if any additional information becomes available to NFPA.

33.     Each and every General Objection shall be deemed to be incorporated in full into each of the individual responses set forth below.  From time to time a specific response may repeat a General Objection for emphasis or other reason.  The omission of any General Objection in any specific response to any request is not intended to be and should not be construed as a waiver or limitation of any General Objection to any Request.  Likewise, the inclusion of any specific objection in any specific response to any Request is not intended to be and should not be construed as a waiver or limitation of any General Objection or specific objection made herein or that may be asserted at another date.

## RESPONSES TO REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:**

Documents sufficient to identify each Work-At-Issue.

**<u>RESPONSE TO REQUEST FOR PRODUCTION NO. 1</u>:**

NFPA incorporates the General Objections as if fully set forth herein.  NFPA further

objects to the term "Work-at-Issue" on the ground that it is overly broad and unduly burdensome

to the extent it includes standards that are not at issue in this litigation.  NFPA will construe

"Work-at-Issue" to include only those standards that are listed in Exhibit B to the Complaint.

(ECF No. 1-2.)  Subject to and without waiving the foregoing objections, NFPA responds as

follows:

NFPA will produce documents sufficient to identify the standards that are listed in

Exhibit B to the Complaint in this action.

**<u>REQUEST FOR PRODUCTION NO. 2</u>:**

Documents sufficient to establish Complete Chain of Title for each Work-At-Issue.

**<u>RESPONSE TO REQUEST FOR PRODUCTION NO. 2</u>:**

NFPA incorporates the General Objections as if fully set forth herein.  NFPA further

objects to the term "Work-at-Issue" on the ground that it is overly broad and unduly burdensome

to the extent it includes standards that are not at issue in this litigation.  NFPA will construe

"Work-at-Issue" to include only those standards that are listed in Exhibit B to the Complaint.

(ECF No. 1-2.)  NFPA further objects to the term "Complete Chain of Title" as vague,

ambiguous, overly broad, and unduly burdensome.  NFPA further objects to the term "establish"

as vague and ambiguous in the context of this Request.  Subject to and without waiving the

foregoing objections, NFPA responds as follows:

NFPA will produce, for each work that is listed in Exhibit B to the Complaint in this

action, the copyright registration certificate.  NFPA will also produce screen shots of the current

version of the form click-through agreement agreed to by all persons who submit Public Input or

Public Comments with respect to NFPA standards, which assigns copyright to NFPA.  NFPA

will also produce screen shots of the current version of the form click-through agreement agreed

to by all persons who apply for membership on an NFPA Technical Committee or Panel, which

assigns copyright to NFPA.  NFPA will also produce, to the extent they can be located after a

reasonable and diligent search, the "Report on Proposals" or "ROP" (currently referred to as the

"First Draft Report") and the "Report on Comments" or "ROC" (currently referred to as the

"Second Draft Report"), corresponding to the particular edition of each standard listed in Exhibit

B to the Complaint.  These documents list the voting and non-voting members of the relevant

technical committee or committees, as well as the NFPA staff liaison.  They also identify the

individuals or organizations who submitted Public Input during the "Input Stage" stage of the

standard revision process, and the individuals or organizations who submitted Public Comment

during the "Comment Stage" of the process, and they detail the response of the relevant technical

committee to each Public Input and Public Comment.  These documents may also be accessed

from the NFPA website—which provides free, downloadable, archived revision information for

each of the standards listed in Exhibit B of the Complaint—by visiting

http://www.nfpa.org/codes-and-standards and searching based on the NFPA document number

and the edition year.

**REQUEST FOR PRODUCTION NO. 3:**

Documents sufficient to identify all Persons who participated in the Standards Process of

each Work-At-Issue.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

NFPA incorporates the General Objections as if fully set forth herein.  NFPA further

objects to this Request on the ground that it seeks information or documents already in the

possession of or more readily available to Public Resource, in the public domain, that are equally

available to Public Resource as they are to NFPA, or that could be derived or ascertained by

Public Resource with substantially the same effort that would be required of NFPA.  NFPA

further objects to the term "participated" as vague and ambiguous in the context of this Request.

NFPA further objects to the term "Standards Process" on the ground that it is vague, ambiguous,

overly broad, and unduly burdensome.  NFPA further objects to the term "Work-at-Issue" on the

ground that it is overly broad and unduly burdensome to the extent that it includes standards that

are not at issue in this litigation.  NFPA will construe "Work-at-Issue" to include only those

standards that are listed in Exhibit B to the Complaint.  (ECF No. 1-2.)  NFPA further objects to

this Request on the ground that, as framed by Public Resource, it is overly broad, unduly

burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.  The

Request seeks documents sufficient to identify every person who "participated" in the

"development, creation, drafting, revision, editing, transmission, publication, distribution,

display, or dissemination" of twenty-two separate copyrighted works.  The Request apparently

extends not only to every person with any connection to the process of developing the standards

listed in Exhibit B of the Complaint, but also to every person who had any role in the

"publication" of those standards, as well as every person with any involvement in the

distribution, display, or dissemination of those standards at any point after their publication.

Subject to and without waiving the foregoing objections, NFPA responds as follows:

NFPA will produce, to the extent they can be located after a reasonable and diligent

search, the "Report on Proposals" or "ROP" (currently referred to as the "First Draft Report")

and the "Report on Comments" or "ROC" (currently referred to as the "Second Draft Report"),

corresponding to the particular edition of each standard listed in Exhibit B to the Complaint.

These documents list the voting and non-voting members of the relevant technical committee or committees, as well as the NFPA staff liaison.  They also identify the individuals or organizations who submitted Public Input during the "Input Stage" stage of the standard revision process, and the individuals or organizations who submitted Public Comment during the "Comment Stage" of the process, and they detail the response of the relevant technical committee to each Public Input and Public Comment.  These documents may also be accessed from the NFPA website—which provides free, downloadable, archived revision information for each of the standards listed in Exhibit B of the Complaint—by visiting http://www.nfpa.org/codes-and-standards and searching based on the NFPA document number and the edition year.

## REQUEST FOR PRODUCTION NO. 4:

Documents sufficient to identify all Contributions in support of the Standards Process of each Work-At-Issue.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 4:

NFPA incorporates the General Objections as if fully set forth herein.  NFPA further objects to this Request on the ground that it seeks information or documents already in the possession of or more readily available to Public Resource, in the public domain, that are equally available to Public Resource as they are to NFPA, or that could be derived or ascertained by Public Resource with substantially the same effort that would be required of NFPA.  NFPA further objects to the term "Contributions" on the ground that it is vague, ambiguous, overly broad, and unduly burdensome.  NFPA further objects to the phrase "in support of" on the ground that it is vague and ambiguous in the context of this Request.  NFPA further objects to the term "Standards Process" on the ground that it is vague, ambiguous, overly broad, and

unduly burdensome.  NFPA further objects to the term "Work-at-Issue" on the ground that it is

overly broad and unduly burdensome to the extent that it includes standards that are not at issue

in this litigation.  NFPA will construe "Work-at-Issue" to include only those standards that are

listed in Exhibit B to the Complaint.  (ECF No. 1-2.)  NFPA further objects to this Request on

the ground that, as framed by Public Resource, it is overly broad, unduly burdensome, and not

reasonably calculated to lead to the discovery of admissible evidence.  This Request seeks

documents sufficient to identify every instance of "assistance, advice, financial support, labor,

effort, or expenditure of time" with respect to the "development, creation, drafting, revision,

editing, transmission, publication, distribution, display, or dissemination" of twenty-two separate

copyrighted works.  The Request apparently extends to every expenditure of time, effort, or

funds made in connection with the lengthy process of developing 22 copyrighted works, as well

as every expenditure of time, effort, or funds made in connection with the publication of those

works, or the distribution, display, or dissemination of those works at any point after their

publication.  NFPA further objects to this Request to the extent that it seeks confidential,

proprietary, or trade secret information.  Subject to and without waiving the foregoing

objections, NFPA responds as follows:

　　　　Upon the entry of a protective order, NFPA will produce its annual, year-end financial

reports for the past five years.

　　　　NFPA will also produce, to the extent they can be located after a reasonable and diligent

search, the "Report on Proposals" or "ROP" (currently referred to as the "First Draft Report")

and the "Report on Comments" or "ROC" (currently referred to as the "Second Draft Report"),

corresponding to the particular edition of each standard listed in Exhibit B to the Complaint.

These documents list the voting and non-voting members of the relevant technical committee or

committees, as well as the NFPA staff liaison.  They also identify the individuals or

organizations who submitted Public Input during the "Input Stage" stage of the standard revision

process, and the individuals or organizations who submitted Public Comment during the

"Comment Stage" of the process, and they detail the response of the relevant technical

committee to each Public Input and Public Comment.  These documents may also be accessed

from the NFPA website—which provides free, downloadable, archived revision information for

each of the standards listed in Exhibit B of the Complaint—by visiting

http://www.nfpa.org/codes-and-standards and searching based on the NFPA document number

and the edition year.

## REQUEST FOR PRODUCTION NO. 5:

Documents sufficient to identify every Legal Authority that incorporates each Work-At-

Issue, either expressly or by reference.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 5:

NFPA incorporates the General Objections as if fully set forth herein.  NFPA further

objects to the term "Legal Authority" as overly broad and unduly burdensome insofar as the

definition extends to "*any* governmental edict, rule, regulation, law *or other binding authority or

expression*."  (Emphasis added.)  NFPA will construe "Legal Authority" to refer to statutes,

regulations, and ordinances of government entities within the United States of America.  NFPA

further objects to the term "Work-at-Issue" on the ground that it is overly broad and unduly

burdensome to the extent it includes standards that are not at issue in this litigation.  NFPA will

construe "Work-at-Issue" to include only those standards that are listed in Exhibit B to the

Complaint.  (ECF No. 1-2.)  NFPA further objects to this Request on the ground that it seeks

information or documents already in the possession of or more readily available to Public

Resource, in the public domain, that are equally available to Public Resource as they are to

NFPA, or that could be derived or ascertained by Public Resource with substantially the same

effort that would be required of NFPA.  Public Resource alleges that it is aware of the extent to

which "national, federal, state, or local governments have incorporated [private sector standards]

into law," (ECF No. 21 ¶ 42), and its website purports to identify, for each standard listed in

Exhibit B, the jurisdiction or jurisdictions that have incorporated the standard by reference.

Because Public Resource already purports to have the information sought by this Request, there

is no need for NFPA to produce such information.  What is more, the extent to which

jurisdictions have incorporated a particular standard by reference is a matter of public record,

and equally available to Public Resource as it is to NFPA.  NFPA is willing to meet and confer

with Public Resource about this Request.

**REQUEST FOR PRODUCTION NO. 6:**

    All documents constituting, comprising, referring to, or evidencing agreements between

You and any Person who participated in the Standards Process of each Work-At-Issue.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

    NFPA incorporates the General Objections as if fully set forth herein.  NFPA further

objects to the term "agreements" as vague and ambiguous within the context of this Request.

NFPA further  objects to the term "Work-at-Issue" on the ground that it is overly broad and

unduly burdensome.  NFPA will construe "Work-at-Issue" to include only those standards that

are listed in Exhibit B to the Complaint.  (ECF No. 1-2.)  NFPA further objects to the term

"Standards Process" on the ground that it is vague, ambiguous, overly broad, and unduly

burdensome.  NFPA further objects to this Request on the ground that it is overly broad and

unduly burdensome because it would extend to "any agreement" entered into by NFPA during

the lengthy standards development process for 22 separate copyrighted works, and, by its terms, would apparently extend to agreements with no relevance to the issues being litigated in this case, such as agreements between NFPA and hotel facilities where the meetings of its technical committees took place.  NFPA further objects to this Request on the ground that it is overly broad and unduly burdensome to the extent that it calls for the production of "all" documents that fall within the scope of the Request.  Subject to and without waiving the foregoing objections, NFPA responds as follows:

NFPA will produce copies of the following agreements that are responsive to this Request: a current version of the NFPA membership application; screen shots of the current version of the form click-through agreement agreed to by all persons who submit Public Input or Public Comments with respect to NFPA standards; screen shots of the current version of the form click-through agreement agreed to by all persons who apply for membership on an NFPA Technical Committee or Panel; a current version of the eligibility application for the NFPA Enforcer Funding Program; a current version of the Technical Committee Member Travel Reimbursement Request for the NFPA Enforcer Funding Program.

## REQUEST FOR PRODUCTION NO. 7:

All documents constituting, comprising, or concerning communications with any government employee, official, or entity regarding incorporation (whether actual, proposed, desired, or considered) of any Standard in which You claim rights into any Legal Authority.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 7:

NFPA incorporates the General Objections as if fully set forth herein.  NFPA further objects to the undefined term "communications" as vague and ambiguous within the context of this Request.  NFPA further objects to the term "Legal Authority" as overly broad and unduly

burdensome insofar as the definition extends to "*any* governmental edict, rule, regulation, law *or other binding authority or expression*."  (Emphasis added.)  NFPA will construe "Legal Authority" to refer to statutes, regulations, and ordinances of government entities within the United States of America.  NFPA further objects to this Request as overly broad and unduly burdensome to the extent that it extends beyond the standards that are listed in Exhibit B to the Complaint (ECF No. 1-2); to the extent that it extends to communications to which NFPA was not a party; to the extent that it extends to communications with a "government employee, official, or entity" outside the United States; and to the extent that it calls for the production of "all" documents that fall within the scope of the Request.  Subject to and without waiving the foregoing objections, NFPA responds as follows:

NFPA will produce responsive, non-privileged documents that can be located after a reasonable and diligent search of the files of selected custodians confined to a reasonable time period, and that constitute written or electronic communications between NFPA and government employees or officials within the United States regarding the incorporation of the standards listed in Exhibit B to the Complaint.

## REQUEST FOR PRODUCTION NO. 8:

All documents regarding Carl Malamud.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 8:

NFPA incorporates the General Objections as if fully set forth herein.  NFPA further objects to this Request to the extent that it seeks information or documents protected by the attorney-client privilege, work product doctrine, or any other applicable law, privilege, immunity, protection or doctrine.  NFPA further objects to this Request to the extent that it seeks information or documents already in the possession of or more readily available to Public

Resource, in the public domain, that are equally available to Public Resource as they are to NFPA, or that could be derived or ascertained by Public Resource with substantially the same effort that would be required of NFPA.  NFPA further objects to this Request as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, including because it calls for the production of "all" documents regarding Carl Malamud, without regard to whether the documents have any connection to the claims and defenses at issue in this case.

In response to Plaintiffs' Request for Production No. 28, seeking documents in Public Resource's possession relating to any Plaintiff, Public Resource conditioned its production of responsive documents on "Plaintiffs' agreement that they will produce all documents relating to Public Resource."  NFPA does not agree to produce "all documents relating to Public Resource," "[a]ll documents regarding Carl Malamud" (Public Resource RFP No. 8) or "[a]ll documents regarding Public Resource or its representatives . . . , including its legal representatives" (Public Resource RFP No. 9).  These requests of Public Resource are overly broad and unduly burdensome, including because they are not limited to the claims and defenses at issue in this case.  In light of its conditional response to Plaintiffs' Request for Production No. 28, and NFPA's unwillingness to agree to that condition, Public Resource's current position is that it will not produce any documents responsive to Plaintiffs' Request for Production No. 28. Accordingly, NFPA will take the same position with respect to Public Resource's Requests for Production Nos. 8 and 9.  NFPA is willing to meet and confer with Public Resource regarding this issue.

**REQUEST FOR PRODUCTION NO. 9:**

All documents regarding Public Resource or its representatives (other than Carl Malamud), including its legal representatives.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

NFPA incorporates the General Objections as if fully set forth herein.  NFPA further objects to this Request to the extent that it seeks information or documents protected by the attorney-client privilege, work product doctrine, or any other applicable law, privilege, immunity, protection or doctrine.  NFPA further objects to this Request to the extent that it seeks information or documents already in the possession of or more readily available to Public Resource, in the public domain, that are equally available to Public Resource as they are to NFPA, or that could be derived or ascertained by Public Resource with substantially the same effort that would be required of NFPA.  NFPA further objects to this Request as vague and ambiguous because NFPA does not know the identity of all of Public Resource's "representatives" and "legal representatives."  NFPA further objects to this Request as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, including because it calls for the production of "all" documents regarding Public Resources or its representatives, without regard to whether the documents have any connection to the claims and defenses at issue in this case.  For example, as written, the Request seeks "all documents"  regarding Fenwick & West LLP, Durie Tangri LLP, the Electronic Frontier Foundation, and David Halperin, Esq., even if such documents have no connection to this litigation.

In response to Plaintiffs' Request for Production No. 28, seeking "All documents relating to any Plaintiff," Public Resource conditioned its production of responsive documents on

"Plaintiffs' agreement that they will produce all documents relating to Public Resource."  NFPA does not agree to produce "all documents relating to Public Resource," "[a]ll documents regarding Carl Malamud" (Public Resource RFP No. 8) or "[a]ll documents regarding Public Resource or its representatives . . ., including its legal representatives" (Public Resource RFP No. 9).  These requests are overly broad and unduly burdensome, including because they are not limited to the claims and defenses at issue in this case.  In light of its conditional response to Plaintiffs' Request for Production No. 28, and NFPA's inability to agree to that condition, Public Resource's current position is that it will not produce any documents responsive to Plaintiffs' Request for Production No. 28.  Accordingly, NFPA will take the same position with respect to Public Resource's Requests for Production Nos. 8 and 9.  NFPA is willing to meet and confer with Public Resource regarding this issue.

**REQUEST FOR PRODUCTION NO. 10:**

All documents constituting or concerning communications among Persons who participated in the Standards Process of each Work-At-Issue, including but not limited to meeting and conference call minutes and notes.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

NFPA incorporates the General Objections as if fully set forth herein.  NFPA further objects to this Request to the extent that it seeks information or documents in the public domain, that are equally available to Public Resource as they are to NFPA, or that could be derived or ascertained by Public Resource with substantially the same effort that would be required of NFPA.  NFPA further objects to the terms "communications" and "participated" as vague and ambiguous in the context of this Request.  NFPA further objects to the term "Standards Process" on the ground that it is overly broad and unduly burdensome.  NFPA further objects to the term

-19-

"Work-at-Issue" on the ground that it is overly broad and unduly burdensome to the extent that it

includes standards that are not at issue in this litigation.  NFPA will construe "Work-at-Issue" to

include only those standards that are listed in Exhibit B to the Complaint.  (ECF No. 1-2.)  NFPA

further objects to this Request on the ground that it is overly broad and unduly burdensome to the

extent that it calls for the production of "all" documents that fall within the scope of the Request.

Subject to and without waiving the foregoing objections, NFPA responds as follows:

NFPA will also produce, to the extent they can be located after a reasonable and diligent

search, the "Report on Proposals" or "ROP" (currently referred to as the "First Draft Report")

and the "Report on Comments" or "ROC" (currently referred to as the "Second Draft Report"),

corresponding to the particular edition of each standard listed in Exhibit B to the Complaint.

These documents list the voting and non-voting members of the relevant technical committee or

committees, as well as the NFPA staff liaison.  They also identify the individuals or

organizations who submitted Public Input during the "Input Stage" stage of the standard revision

process, and the individuals or organizations who submitted Public Comment during the

"Comment Stage" of the process, and they detail the response of the relevant technical

committee to each Public Input and Public Comment.  These documents may also be accessed

from the NFPA website—which provides free, downloadable, archived revision information for

each of the standards listed in Exhibit B of the Complaint—by visiting

http://www.nfpa.org/codes-and-standards and searching based on the NFPA document number

and the edition year.

**REQUEST FOR PRODUCTION NO. 11:**

All documents concerning revenue or profit expectations by You or any other Person regarding the availability, publication, sale, distribution, display, or other dissemination of any Standard in which You claim rights.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

NFPA incorporates the General Objections as if fully set forth herein.  NFPA further objects to this Request as overly broad and unduly burdensome to the extent that it seeks "revenue or profit expectations" by persons other than NFPA regarding NFPA standards.  NFPA further objects to this Request to the extent that it seeks information or documents already in the possession of or more readily available to Public Resource, in the public domain, that are equally available to Public Resource as they are to NFPA, or that could be derived or ascertained by Public Resource with substantially the same effort that would be required of NFPA.  NFPA further objects to this Request on the ground that it is overly broad and unduly burdensome to the extent that it calls for the production of "all" documents that fall within the scope of the Request, and to the extent that it includes standards that are not at issue in this litigation.  NFPA will construe this Request to include only those standards that are listed in Exhibit B to the Complaint.  (ECF No. 1-2.)  NFPA further objects to this Request as vague and ambiguous, including because it is not clear what Public Resource means when it refers to "revenue or profit expectations . . . regarding the availability . . . of any Standard."  NFPA further objects to this Request to the extent that it seeks confidential, proprietary, or trade secret information.  Subject to and without waiving the foregoing objections, NFPA responds as follows:

Upon the entry of a protective order, NFPA will produce its annual, year-end financial statements for the past five years, and its annual reports for the past five years showing its revenues from the sale of individual NFPA works.

**REQUEST FOR PRODUCTION NO. 12:**

All documents concerning any Contributions You have received from any governmental entity in connection with the Standards Process of each Work-At-Issue.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

NFPA incorporates the General Objections as if fully set forth herein.  NFPA further objects to this Request on the ground that it seeks information or documents already in the possession of or more readily available to Public Resource, in the public domain, that are equally available to Public Resource as they are to NFPA, or that could be derived or ascertained by Public Resource with substantially the same effort that would be required of NFPA.  NFPA further objects to the terms "Contributions" and "Standards Process" as overly broad and unduly burdensome.  NFPA further objects to the term "Work-at-Issue" on the ground that it is overly broad and unduly burdensome to the extent it includes standards that are not at issue in this litigation.  NFPA will construe "Work-at-Issue" to include only those standards that are listed in Exhibit B to the Complaint.  NFPA further objects to this Request on the ground that it is overly broad and unduly burdensome to the extent that it calls for the production of "all" documents that fall within the scope of the Request.  Subject to and without waiving the foregoing objections, NFPA responds as follows:

NFPA will produce, to the extent they can be located after a reasonable and diligent search, the "Report on Proposals" or "ROP" (currently referred to as the "First Draft Report") and the "Report on Comments" or "ROC" (currently referred to as the "Second Draft Report"),

corresponding to the particular edition of each standard listed in Exhibit B to the Complaint.

These documents list the voting and non-voting members of the relevant technical committee or

committees, as well as the NFPA staff liaison.  They also identify the individuals, organizations,

or government entities who submitted Public Input during the "Input Stage" stage of the standard

revision process, and who submitted Public Comment during the "Comment Stage" of the

process, and they detail the response of the relevant technical committee to each Public Input and

Public Comment.  These documents may also be accessed from the NFPA website—which

provides free, downloadable, archived revision information for each of the standards listed in

Exhibit B of the Complaint—by visiting http://www.nfpa.org/codes-and-standards and searching

based on the NFPA document number and the edition year.

**REQUEST FOR PRODUCTION NO. 13:**

All documents concerning any Contributions You have received from any not-for-profit

entity (other than a governmental entity) in connection with the Standards Process of each Work-

At-Issue.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

NFPA incorporates the General Objections as if fully set forth herein.  NFPA further

objects to this Request as not reasonably calculated to lead to the discovery of admissible

evidence.  NFPA further objects to this Request on the ground that it seeks information or

documents already in the possession of or more readily available to Public Resource, in the

public domain, that are equally available to Public Resource as they are to NFPA, or that could

be derived or ascertained by Public Resource with substantially the same effort that would be

required of NFPA.  NFPA further objects to the terms "Contributions" and "Standards Process"

as overly broad and unduly burdensome.  NFPA further objects to the term "Work-at-Issue" on

the ground that it is overly broad and unduly burdensome to the extent it includes standards that are not at issue in this litigation.  NFPA will construe "Work-at-Issue" to include only those standards that are listed in Exhibit B to the Complaint.  NFPA further objects to this Request on the ground that it is overly broad and unduly burdensome to the extent that it calls for the production of "all" documents that fall within the scope of the Request.  NFPA further objects to this Request to the extent that it seeks information or documents not within NFPA's possession, custody, or control.  NFPA further objects to this Request to the extent that it calls for a legal conclusion.  In particular, the question whether particular organizations involved in the development of NFPA standards are "not-for-profit entit[ies]" involves information that is outside of NFPA's possession, custody, and control, and calls for a legal conclusion.  Subject to and without waiving the foregoing objections, NFPA responds as follows:

NFPA will produce, to the extent they can be located after a reasonable and diligent search, the "Report on Proposals" or "ROP" (currently referred to as the "First Draft Report") and the "Report on Comments" or "ROC" (currently referred to as the "Second Draft Report"), corresponding to the particular edition of each standard listed in Exhibit B to the Complaint. These documents list the voting and non-voting members of the relevant technical committee or committees, as well as the NFPA staff liaison.  They also identify the individuals or organizations who submitted Public Input during the "Input Stage" stage of the standard revision process, and the individuals or organizations who submitted Public Comment during the "Comment Stage" of the process, and they detail the response of the relevant technical committee to each Public Input and Public Comment.  These documents may also be accessed from the NFPA website—which provides free, downloadable, archived revision information for each of the standards listed in Exhibit B of the Complaint—by visiting

http://www.nfpa.org/codes-and-standards and searching based on the NFPA document number and the edition year.

**REQUEST FOR PRODUCTION NO. 14:**

All documents constituting, comprising, or concerning communications requesting Contributions of any form from any Person in connection with the Standards Process of each Work-At-Issue.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

NFPA incorporates the General Objections as if fully set forth herein.  NFPA further objects to this Request on the ground that it seeks information or documents already in the possession of or more readily available to Public Resource, in the public domain, that are equally available to Public Resource as they are to NFPA, or that could be derived or ascertained by Public Resource with substantially the same effort that would be required of NFPA.  NFPA further objects to the term "communications" as vague and ambiguous in the context of this Request.  NFPA further objects to the terms "Contributions" and "Standards Process" on the ground that they are overly broad and unduly burdensome.  NFPA further objects to the term "Work-at-Issue" on the ground that it is overly broad and unduly burdensome to the extent it includes standards that are not at issue in this litigation.  NFPA will construe "Work-at-Issue" to include only those standards that are listed in Exhibit B to the Complaint.  (ECF No. 1-2.)  NFPA further objects to this Request as overly broad and unduly burdensome to the extent that it seeks communications to which NFPA was not a party.  NFPA further objects to this Request to the extent that it seeks information or documents not within NFPA's possession, custody, or control. NFPA further objects to this Request on the ground that it is overly broad and unduly burdensome to the extent that it calls for the production of "all" documents that fall within the

scope of the Request.  Subject to and without waiving the foregoing objections, NFPA responds as follows:

NFPA's standards are revised and updated every three to five years, in revision cycles that typically take approximately two years to complete.  NFPA publicizes its upcoming revision cycles in order to encourage participation in the standards development process from interested parties and the general public.  Such communications are primarily available on the NFPA website.  For example, NFPA maintains a "Document Information" page for every one of its existing standards, which contains information on the schedule for revision and upcoming meetings of the relevant Technical Committee(s).  Those pages are available at http://www.nfpa.org/codes-and-standards/document-information-pages.  NFPA also publishes a monthly electronic newsletter, NFPA News, that contains news and information on upcoming revision cycles.  Electronic copies of that newsletter are available at http://www.nfpa.org/codes-and-standards/nfpa-news.  NFPA directs Plaintiff to its website for these and other documents responsive to this Request.

## REQUEST FOR PRODUCTION NO. 15:

All documents concerning offers of Contributions from any Person in connection with the Standards Process of each Work-At-Issue.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 15:

NFPA incorporates the General Objections as if fully set forth herein.  NFPA further objects to this Request on the ground that it is not reasonably calculated to lead to the discovery of admissible evidence.  NFPA further objects to the term "communications" as vague and ambiguous in the context of this Request.  NFPA further objects to the terms "Contributions" and "Standards Process" on the ground that they are overly broad and unduly burdensome.  NFPA

further objects to the term "Work-at-Issue" on the ground that it is overly broad and unduly burdensome to the extent it includes standards that are not at issue in this litigation.  NFPA will construe "Work-at-Issue" to include only those standards that are listed in Exhibit B to the Complaint.  (ECF No. 1-2.)  NFPA further objects to this Request as overly broad and unduly burdensome to the extent that it seeks communications to which NFPA was not a party.  NFPA objects to this Request to the extent that it seeks information or documents not within NFPA's possession, custody, or control.  NFPA further objects to this Request on the ground that it is overly broad and unduly burdensome to the extent that it calls for the production of "all" documents that fall within the scope of the Request.  Subject to and without waiving the foregoing objections, NFPA responds as follows:

NFPA will produce, to the extent they can be located after a reasonable and diligent search, the "Report on Proposals" or "ROP" (currently referred to as the "First Draft Report") and the "Report on Comments" or "ROC" (currently referred to as the "Second Draft Report"), corresponding to the particular edition of each standard listed in Exhibit B to the Complaint. These documents list the voting and non-voting members of the relevant technical committee or committees, as well as the NFPA staff liaison.  They also identify the individuals or organizations who submitted Public Input during the "Input Stage" stage of the standard revision process, and the individuals or organizations who submitted Public Comment during the "Comment Stage" of the process, and they detail the response of the relevant technical committee to each Public Input and Public Comment.  These documents may also be accessed from the NFPA website—which provides free, downloadable, archived revision information for each of the standards listed in Exhibit B of the Complaint—by visiting

http://www.nfpa.org/codes-and-standards and searching based on the NFPA document number and the edition year.

**REQUEST FOR PRODUCTION NO. 16:**

All documents constituting, comprising, or concerning communications criticizing Your claims, statements, arguments, or positions in this dispute or litigation.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

NFPA incorporates the General Objections as if fully set forth herein. NFPA further objects to this Request as not reasonably calculated to lead to the discovery of admissible evidence. NFPA further objects to this Request to the extent that it seeks information or documents already in the possession of or more readily available to Public Resource, in the public domain, that are equally available to Public Resource as they are to NFPA, or that could be derived or ascertained by Public Resource with substantially the same effort that would be required of NFPA. NFPA further objects to the undefined terms "communications" and "dispute" as vague and ambiguous within the context of this Request.

**REQUEST FOR PRODUCTION NO. 17:**

All documents constituting, comprising, or concerning communications by You regarding this dispute or litigation.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

NFPA incorporates the General Objections as if fully set forth herein. NFPA further objects to this Request on the ground that it primarily seeks information or documents protected by the attorney-client privilege, work product doctrine, or any other applicable law, privilege, immunity, protection or doctrine. NFPA further objects to this Request to the extent that it seeks information or documents already in the possession of or more readily available to Public

Resource, in the public domain, that are equally available to Public Resource as they are to

NFPA, or that could be derived or ascertained by Public Resource with substantially the same

effort that would be required of NFPA.  NFPA further objects to this Request as not reasonably

calculated to lead to the discovery of admissible evidence.  NFPA further objects to the terms

"communications," "dispute," and "litigation" as vague and ambiguous in the context of this

Request.  NFPA further objects to this Request on the ground that it is overly broad and unduly

burdensome to the extent that it calls for the production of "all" documents that fall within the

scope of the Request.  NFPA is willing to meet and confer with Public Resource to discuss

whether this Request can be narrowed to address relevant, non-privileged information in a

manner that would not impose an undue burden on NFPA.  Subject to and without waiving the

foregoing objections, NFPA responds as follows:

NFPA directs Public Resource to the NFPA website for public statements by NFPA

concerning this litigation.  Those statements include, but are not limited to, NFPA's press release

upon filing this suit against Public Resource (http://www.nfpa.org/press-room/news-

releases/2013/media-statement), a column that NFPA's President wrote concerning the lawsuit

(http://www.nfpa.org/newsandpublications/nfpa-journal/2013/september-october-2013/pov/first-

word), and a blog post regarding the lawsuit (http://nfpatoday.blog.nfpa.org/2013/09/nfpas-

shannon-tells-nfpa-journal-why-nfpa-has-filed-copyright-infringement-suit-against-public-

resou.html).

**REQUEST FOR PRODUCTION NO. 18:**

All documents constituting, comprising, or concerning licenses with respect to any Work-

At-Issue.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

NFPA incorporates the General Objections as if fully set forth herein.  NFPA further objects to the term "Work-at-Issue" on the ground that it is overly broad and unduly burdensome to the extent it includes standards that are not at issue in this litigation.  NFPA will construe "Work-at-Issue" to include only those standards that are listed in Exhibit B to the Complaint.  (ECF No. 1-2.)  NFPA further objects to this Request on the ground that it is vague and ambiguous with respect to the meaning of the phrase "licenses with respect to."  Subject to and without waiving the foregoing objections, NFPA responds as follows:

NFPA will produce a representative sample of non-privileged documents constituting licenses to use and/or distribute the standards listed in Exhibit B to the Complaint that can be located after a reasonable and diligent search of the NFPA contracts database and/or the files of selected custodians confined to a reasonable period of time.


Dated:  March 20, 2014                          Respectfully submitted,

                                                  _/s/ Kelly M. Klaus_____


                                                Kelly M. Klaus (*pro hac vice*)
                                                Jonathan H. Blavin (*pro hac vice*)
                                                Michael J. Mongan (*pro hac vice*)
                                                Munger, Tolles & Olson LLP
                                                560 Mission St., 27th Floor
                                                San Francisco, CA 94105
                                                Tel:  415.512.4000
                                                Email:   Kelly.Klaus@mto.com
                                                         Jonathan.Blavin@mto.com
                                                         Michael.Mongan@mto.com

**PROOF OF SERVICE**

*American Society for Testing and Materials, et al. v. Public.Resource.Org., Inc.*
U.S. District Court, District of Columbia Case No. 1:13-cv-01215-EGS

I am a citizen of the United States and employed in the City and County of San Francisco,

California.  I am over the age of 18 years and not a party to the within-entitled action.  My

business address is 560 Mission Street, 27th Floor, San Francisco, CA  94105.

On March 20, 2014, I served a true and correct copy of the document(s) described as:

**PLAINTIFF NATIONAL FIRE PROTECTION ASSOCIATION, INC.'S RESPONSES
AND OBJECTIONS TO DEFENDANT PUBLIC.RESOURCE.ORG, INC.'S FIRST SET
OF REQUESTS FOR PRODUCTION OF DOCUMENTS (NOS. NFPA-1 THROUGH
NFPA-18)**

on the interested parties in this action **BY ELECTRONIC MAIL** as indicated on the attached

Service List.

I declare under penalty of perjury under the laws of the State of California that the

foregoing is true and correct.

Executed at San Francisco, California on March 20, 2014.

*/s/ Michael J. Mongan*
Michael J. Mongan

## SERVICE LIST

J. Kevin Fee
Michael Franck Clayton
Jordana Rubel
MORGAN, LEWIS & BOCKIUS LLP
1111 Pennsylvania Avenue, NW
Washington, DC  20004
*jkfee@morganlewis.com*
*mclayton@morganlewis.com*
*jrubel@morganlewis.com*

**PLAINTIFF**
*AMERICAN SOCIETY FOR TESTING AND
MATERIALS*

Tel:    (202) 739-5353
FAX:   (202) 239-3001

Jeffrey S. Bucholtz
KING & SPALDING, LLP
1700 Pennsylvania Ave., NW
Washington, DC  20006
*jbucholtz@kslaw.com*

**PLAINTIFF**
*AMERICAN SOCIETY OF HEATING,
REFRIGERATING, AND AIR-CONDITIONING
ENGINEERS, INC.*

Tel: (202) 626-2907

Joseph R. Wetzel
Kenneth L. Steinthal
Andrew Zee
KING & SPALDING, LLP
101 2nd St., Suite 2300
San Francisco, CA  94105
*jwetzel@kslaw.com*
*ksteinthal@kslaw.com*
*azee@kslaw.com*

**PLAINTIFF**
*AMERICAN SOCIETY OF HEATING,
REFRIGERATING, AND AIR-CONDITIONING
ENGINEERS, INC.*

Tel:  (415) 318-1200
Fax: (415) 318-1300

Andrew Phillip Bridges
Kathleen Lu
FENWICK & WEST
555 California St., Suite 1200
San Francisco, CA  94104
*abridges@fenwick.com*
*klu@fenwick.com*

**DEFENDANT**
*PUBLIC.RESOURCE.ORG., INC.*

Tel:  (415) 875-2300
Fax: (415) 281-1350

Mitchell L. Stolz
Corynne McSherry
ELECTRONIC FRONTIER FOUNDATION
815 Eddy Street
San Francisco, CA  94109
*mitch@eff.org*
*corynne@eff.org*

**DEFENDANT**
*PUBLIC.RESOURCE.ORG., INC.*

Tel:  (415) 436-9333
Fax: (415) 436-9993

David Elliot Halperin
1530 P Street, NW
Washington DC  20005
*davidhalperindc@gmail.com*

**DEFENDANT**
*PUBLIC.RESOURCE.ORG., INC*

Tel:  (202) 905-3434

Joseph C. Gratz
Mark A. Lemley
DURIE TANGRI LLP
217 Leidesdorff Street
San Francisco, CA  94111
*jgratz@durietangri.com*
*mlemley@durietangri.com*

**DEFENDANT**
*PUBLIC.RESOURCE.ORG., INC.*

Tel:  (415) 362-6666
Fax:  (415) 236-6300