# EXHIBIT 9

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

AMERICAN SOCIETY FOR TESTING
AND MATERIALS d/b/a/ ASTM
INTERNATIONAL;

NATIONAL FIRE PROTECTION
ASSOCIATION, INC; and

AMERICAN SOCIETY OF HEATING,
REFRIGERATING, AND AIR
CONDITIONING ENGINEERS,

          Plaintiffs and Counterclaim
          Defendants,

v.

PUBLIC.RESOURCE.ORG, INC.,

          Defendant and
          Counterclaimant.

_____

Case No. 1:13-cv-01215-TSC-DAR

**AMERICAN SOCIETY OF HEATING,
REFRIGERATING, AND AIR
CONDITIONING ENGINEERS'
OBJECTIONS AND RESPONSES TO
DEFENDANT'S NOTICE OF FRCP
30(b)(6) DEPOSITIONS**

Filed:    August 6, 2013

      Pursuant to Rules 26 and 30 of the Federal Rules of Civil Procedure, Plaintiff American

Society of Heating, Refrigerating, and Air Conditioning Engineers, Inc. ("ASHRAE"), by and

through its attorneys King and Spalding LLP, hereby objects and responds to Defendant's Notice

of FRCP  30(b)(6) Deposition dated November 14, 2014 (the "Notice") as follows. ASHRAE is

willing to meet and confer to discuss these objections and  responses.

## <u>GENERAL OBJECTIONS</u>

      The following General Objections apply to each Topic contained in the Notice

whether or not specifically referred to and/or incorporated in the response to each topic.

These General Objections are hereby incorporated into each specific response and objection.

The assertion of the same, similar, or additional objections or partial responses to the topics

1

does not waive any of ASHRAE's General Objections. ASHRAE also reserves its right to object to any questions asked of any deponent during a deposition.

     1.      ASHRAE objects to the Notice, including each specific Topic in the Notice, to the extent it seeks to impose obligations that exceed the scope of permissible discovery under the Federal Rules of Civil Procedure, the Federal Rules of Evidence, and/or any Local Rules, applicable case law, court orders or decrees governing the proper scope, timing, and extent of discovery in this proceeding.

     2.      ASHRAE objects to the Notice, including each specific Topic in the Notice, to the extent that (a) it seeks information that is neither relevant to the claims and defenses in the action nor reasonably calculated to lead to the discovery of admissible evidence; (b) it is unreasonably cumulative or duplicative; (c) it seeks information that is obtainable from some other source that is more convenient, less burdensome, or less expensive; or (d) the burden or expense of the proposed discovery outweighs any likely benefit.

     3.      ASHRAE objects to the Notice, including each specific Topic in the Notice, to the extent it is vague, ambiguous, overbroad, and/or unduly burdensome.

     4.      ASHRAE objects to the Notice, including each specific Topic in the Notice, to the extent it seeks information that is public, already in Defendant's possession, already identified or produced by or requested from other parties or third parties, or otherwise available from sources to which Defendant also has access.

     5.      ASHRAE objects to the Notice, including each specific Topic in the Notice, to the extent it seeks information not known or reasonably available to ASHRAE. ASHRAE's objections and responses shall not be construed as representations regarding the existence or non-existence of specific information in its possession, custody, or control.

6.      ASHRAE objects to the Notice, including each specific Topic in the Notice, to the  extent it requires ASHRAE to provide or ascertain information in the possession of third parties on  the grounds that such information is not within ASHRAE's possession, custody, or control.

7.      ASHRAE objects to the Notice, including each specific Topic in the Notice, to the  extent it is duplicative of any other discovery request served by Defendant in this case.

8.      ASHRAE objects to the Notice, including each specific Topic in the Notice, to the  extent the information is better sought by another method of discovery.

9.      ASHRAE objects to the Notice, including each specific Topic in the Notice, to the  extent it is argumentative, harassing, lacks foundation, or incorporates allegations and assertions  that are disputed or erroneous.  By responding and objecting to the Notice, ASHRAE does not admit  the correctness of such assertions.

10.     ASHRAE objects to the Notice, including each specific Topic in the Notice, to the extent that it seeks information that was prepared in anticipation of litigation, constitutes attorney work product, or discloses mental impressions, conclusions, opinions or legal theories of any attorney for ASHRAE that are protected by the common interest privilege or are otherwise protected from disclosure by any other privileges, laws, or rules.

11.     ASHRAE objects to the Notice, including each Topic in the Notice, to the extent it  calls for a legal conclusion and/or expert testimony.

12.     To the extent that the same witness is designated for testimony as to one or more Topics, and also is deposed in his or her individual capacity, ASHRAE will only make such  witness(es) available to be deposed on a single occasion for both individual and representative capacities.

13.     ASHRAE's responses are based on a reasonable inquiry and its current knowledge as  of the date these objections are made.  Further investigation may reveal additional facts or  information that could lead to additions to, changes in, and/or variations from the responses set  forth here.  Without in any way obligating itself to do so, ASHRAE expressly reserves the right to supplement, amend, correct, clarify, or modify the responses as further information becomes available.  ASHRAE also reserves the right to use or rely on, at any time, subsequently discovered information or information omitted from these objections and responses as a result of mistake, error, or oversight.  ASHRAE further reserves the right to set forth additional  objections to each Topic at the time of the deposition of any ASHRAE 30(b)(6) witness.

## OBJECTIONS TO DEFINITIONS

1.     ASHRAE objects to the definition of "Complete Chain of Title" on the grounds that is overbroad, unduly burdensome, and calls for information that is neither relevant to the claims and defenses in this action nor reasonably calculated to lead to the discovery of admissible information.

## SPECIFIC OBJECTIONS AND RESPONSES

## TOPIC NO. 1:

The process and activities of developing the Works-At-Issue, including the participation of government and private sector personnel in standards development.

## RESPONSE TO TOPIC NO. 1:

Subject to and without waiving its general objections, ASHRAE intends to provide a witness at a mutually agreeable time and location to testify concerning this topic.

4

**TOPIC NO. 2**:

All elements of the Chain of Title of copyright ownership, including copyright authorship and ownership of component parts of the Works-At-Issue in this case.

**RESPONSE TO TOPIC NO. 2**:

ASHRAE objects to this Topic as overbroad, unduly burdensome, and to the extent it seeks testimony that is neither relevant to the claims and defenses in this action nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving its general and specific objections, ASHRAE intends to provide a witness at a mutually agreeable time and location to testify concerning ASHRAE's ownership of copyrights in the Standards at issue.

**TOPIC NO. 3**:

The authority of persons executing copyright assignment forms in favor of You to convey the copyright rights in their works or expression, including but not limited to evidence of authority of employees to assign copyrights they do not own individually.

**RESPONSE TO TOPIC NO. 3**:

ASHRAE objects to this topic to the extent it seeks information not known or reasonably available to ASHRAE or to the extent it requires ASHRAE to provide or ascertain information in the possession of third parties. ASHRAE further objects to the extent this request calls for a legal conclusion that is beyond the scope of fact witness testimony. Subject to and without waiving its general and specific objections, ASHRAE intends to provide a witness at a mutually agreeable time and location to testify concerning this topic.

**TOPIC NO. 4**:

The availability of Standards that You claim to own for reading, study, commentary, evaluation, criticism, annotation, and comparison to other Standards and documents by the public.

**RESPONSE TO TOPIC NO. 4:**

ASHRAE objects to this topic to the extent it seeks information not known or reasonably available to ASHRAE or to the extent it requires ASHRAE to provide or ascertain information regarding the reading, study, commentary, evaluation, criticism, annotation, and comparison efforts of third parties. Subject to and without waiving its general objections, ASHRAE intends to provide a witness at a mutually agreeable time and location to testify concerning the general availability of ASHRAE's Standards at issue in this litigation.

**TOPIC NO. 5:**

The terms (including but not limited to financial terms, other requirements, conditions, restrictions, limitations, exclusions, and exceptions) of access to the Standards that You claim to own for reading, study, research, commentary, evaluation, criticism, bookmarking, other annotation, reproduction, personal use, place shifting, space shifting, data mining, and comparison to other versions, Standards, and documents, by the public.

**RESPONSE TO TOPIC NO. 5:**

ASHRAE objects to this Topic as seeking testimony that is neither relevant to the claims and defenses in this action nor reasonably calculated to lead to the discovery of admissible evidence. ASHRAE further objects to this topic to the extent it seeks information not known or reasonably available to ASHRAE or to the extent it requires ASHRAE to provide or ascertain information regarding the reading, study, research, commentary, evaluation, criticism, bookmarking, other annotation, reproduction, personal use, place

shifting, space shifting, data mining, and comparison efforts of third parties.  Subject to and without waiving its general and specific objections, ASHRAE intends to provide a witness at a mutually agreeable time and location to testify concerning the general availability of ASHRAE's Standards at issue in this litigation, and the terms on which those Standards are made available to the public.

**TOPIC NO. 6:**

Communications between any one or more Plaintiffs, or of American National Standards Institute, on the one hand, and governments, government agencies, government officials (including elected officials), and government employees, on the other hand, regarding the benefits, creation, revision, editing, approval (whether by vote or consensus), dissemination or distribution, public availability, use, or incorporation into laws or regulations of the Works-At-Issue in this case.

**RESPONSE TO TOPIC NO. 6:**

ASHRAE objects to this topic to the extent it seeks information not known or reasonably available to ASHRAE or to the extent it requires ASHRAE to provide or ascertain information in the possession of third parties such as other Plaintiffs in this action, the American National Standards Institute, or government agencies, officials, or employees. Subject to and without waiving its general and specific objections, ASHRAE intends to provide a witness at a mutually agreeable time and location to testify concerning this topic to the extent such information is within ASHRAE's custody or control.

**TOPIC NO. 7:**

All revenue You received from governments and government agencies in connection with the Standards, including but not limited to the sale or licensing of Standards.

**RESPONSE OBJECTION TO TOPIC NO. 7:**

ASHRAE objects to this request to the extent it is cumulative of other discovery served by Defendant in this action. Subject to and without waiving its general objections, ASHRAE intends to provide a witness at a mutually agreeable time and location to testify concerning this topic.

**TOPIC NO. 8:**

Your sources of revenue, the proportion of revenue received from each source, and changes in revenue sources over the relevant time period.

**RESPONSE TO TOPIC NO. 8:**

ASHRAE objects to this request to the extent it is cumulative of other discovery served by Defendant in this action. Subject to and without waiving its general objections, ASHRAE intends to provide a witness at a mutually agreeable time and location to testify concerning this topic.

**TOPIC NO. 9:**

Your sources and types of revenue other than the sale of copies of or access to the Works-At-Issue.

**RESPONSE TO TOPIC NO. 9:**

ASHRAE objects to this request to the extent it is cumulative of other discovery served by Defendant in this action. Subject to and without waiving its general objections, ASHRAE intends to provide a witness at a mutually agreeable time and location to testify concerning this topic.

**TOPIC NO. 10:**

Your receipt of grants, funding, other financial Contribution, or in-kind Contribution for work pertaining to Standards from any government agency, other entity, or person, whether directly or indirectly through another organization.

**RESPONSE TO TOPIC NO. 10:**

ASHRAE objects to this request to the extent it is cumulative of other discovery served by Defendant in this action. Subject to and without waiving its general objections, ASHRAE intends to provide a witness at a mutually agreeable time and location to testify concerning this topic.

**TOPIC NO. 11:**

Your efforts to influence the procedures and requirements imposed by federal and state governments or their officers, agencies, or subdivisions, including but not limited to the Office of Management and Budget, the Office of the Federal Register, and state code commissions for the incorporation of standards by reference into law or regulation.

**RESPONSE TO TOPIC NO. 11:**

ASHRAE objects to this Topic as seeking testimony that is neither relevant to the claims and defenses in this action nor reasonably calculated to lead to the discovery of admissible evidence. ASHRAE further objects to this Topic on grounds that it is argumentative insofar as it presupposes "efforts to influence" government procedures and requirements. Subject to and without waiving its general and specific objections, ASHRAE intends to provide a witness at a mutually agreeable time and location to testify concerning this topic.

**TOPIC NO. 12:**

Your awareness of any consumer confusion, mistake, or deception caused by Public Resource's posting of the Works-At-Issue or by the appearance of the Works-At-Issue that Public Resource has posted.

**RESPONSE TO TOPIC NO. 12:**

ASHRAE objects to the extent this topic calls for a legal conclusion. Subject to and without waiving its general objections, ASHRAE intends to provide a witness at a mutually agreeable time and location to testify concerning this topic.

**TOPIC NO. 13:**

Sales of each Work-At-Issue and of each predecessor to each Work-At-Issue, by unit volume and by dollar volume, for each month or quarter since 2010.

**RESPONSE TO TOPIC NO. 13:**

ASHRAE objects to this Topic as overbroad and unduly burdensome to the extent that it seeks testimony regarding the sales of "each predecessor to each Work at Issue." Subject to and without waiving its general and specific objections, ASHRAE intends to provide a witness at a mutually agreeable time and location to testify concerning this topic.

**TOPIC NO. 14:**

All harms (financial and otherwise) to You arising from the facts that You have alleged in the complaint and from any other acts, omissions, or operations of Public Resource.

**RESPONSE TO TOPIC NO. 14:**

Subject to and without waiving its general objections, ASHRAE intends to provide a witness at a mutually agreeable time and location to testify concerning this topic.

**TOPIC NO. 15:**

All changes to the standards development processes or activities that You have made because of the activities of Public Resource at issue in this case.

**RESPONSE TO TOPIC NO. 15:**

Subject to and without waiving its general objections, ASHRAE intends to provide a witness at a mutually agreeable time and location to testify concerning this topic.

**TOPIC NO. 16:**

The original creative expression in each of the Works-At-Issue.

**RESPONSE TO TOPIC NO. 16:**

ASHRAE objects to this Topic on the grounds that it calls for testimony requiring legal conclusions and therefore exceeds the scope of fact witness testimony. ASHRAE is willing to meet and confer with Defendant on this topic.

**TOPIC NO. 17:**

The creativity pertaining to the expressions in the Works-At-Issue in this case.

**RESPONSE TO TOPIC NO. 17:**

ASHRAE objects to this Topic on the grounds that it calls for testimony requiring legal conclusions and therefore exceeds the scope of fact witness testimony. ASHRAE is willing to meet and confer with Defendant on this topic.

**TOPIC NO. 18:**

All communications with any person or entity regarding lost sales or lost licenses, or regarding an intention not to buy or license, with respect to the Works-At-Issue attributable to the activities of Public Resource at issue in this case.

**RESPONSE TO TOPIC NO. 18:**

ASHRAE objects to this Topic to the extent that it seeks testimony or information protected from disclosure by the common interest doctrine, joint prosecution privilege, attorney-client privilege, or attorney work-product doctrine. Subject to and without waiving its general and specific objections, ASHRAE intends to provide a witness at a mutually agreeable time and location to testify concerning this topic.

**TOPIC NO. 19:**

Your nonprivileged communications about any litigation or potential litigation against Public Resource, or Plaintiffs' policies and practices for responding to copyright infringement,

including but not limited to communications by those persons concerning positions taken by

some or all Plaintiffs in this case.

**RESPONSE TO TOPIC NO. 19:**

Subject to and without waiving its general objections, ASHRAE intends to provide a

witness at a mutually agreeable time and location to testify concerning this topic.

**TOPIC NO. 20:**

Your communications with federal, state, or local government agencies and legislatures,

including but not limited to the Department of Energy, the Consumer Product Safety

Commission, the Department of Housing and Urban Development, the Department of

Transportation (including the Pipeline and Hazardous Materials Safety Administration), state

code commissions, and state energy boards, regarding the incorporation of Your standards into

law or regulation.

**RESPONSE TO TOPIC NO. 20:**

Subject to and without waiving its general objections, ASHRAE intends to provide a

witness at a mutually agreeable time and location to testify concerning this topic.

**TOPIC NO. 21:**

Your communications with state government officials regarding state energy standards.

**RESPONSE TO TOPIC NO. 21:**

ASHRAE objects to this Topic as overbroad and unduly burdensome to the extent

that it seeks testimony regarding communications regarding state energy standards that are

unrelated to ASHRAE's Standards at issue.  Subject to and without waiving its general and

specific objections, ASHRAE intends to provide a witness at a mutually agreeable time and

location to testify concerning this topic.

**TOPIC NO. 22:**

Your competition with the International Code Council regarding the adoption of energy standards by government agencies.

**RESPONSE TO TOPIC NO. 22:**

ASHRAE objects to this Topic on grounds that it is argumentative insofar as it presupposes "competition" between ASHRAE and the International Code Council.  Subject to and without waiving its general and specific objections, ASHRAE intends to provide a witness at a mutually agreeable time and location to testify concerning this topic.

DATED:  San Francisco, California
         December 8, 2014
         King & Spalding LLP


                                        _____/s/_____
                                        Kenneth L. Steinthal (KS-7897)
                                        *ksteinthal@kslaw.com*
                                        Joseph R. Wetzel (JW-0510)
                                        *jwetzel@kslaw.com*
                                        101 Second Street, Suite 2300
                                        San Francisco, CA  94105
                                        Telephone:    415.318.1200
                                        Facsimile:    415.318.1300


                                        *Attorneys for the American Society of*
                                        *Heating, Refrigerating, and Air Conditioning*
                                        *Engineers*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

AMERICAN SOCIETY FOR TESTING
AND MATERIALS d/b/a/ ASTM
INTERNATIONAL;

NATIONAL FIRE PROTECTION
ASSOCIATION, INC; and

AMERICAN SOCIETY OF HEATING,
REFRIGERATING, AND AIR
CONDITIONING ENGINEERS,

      Plaintiffs and Counterclaim
      Defendants,

v.

PUBLIC.RESOURCE.ORG, INC.,

      Defendant and
      Counterclaimant.

_____

Case No. 1:13-cv-01215-TSC-DAR

**AMERICAN SOCIETY FOR TESTING
AND MATERIALS D/B/A ASTM
INTERNATIONAL'S OBJECTIONS AND
RESPONSES TO DEFENDANT'S
NOTICE OF 30(b)(6) DEPOSITION**

Pursuant to Rules 26 and 30 of the Federal Rules of Civil Procedure, Plaintiff American

Society for Testing and Materials d/b/a ASTM International ("ASTM"), by and through its

attorneys Morgan, Lewis & Bockius LLP, hereby objects and responds as follows to Defendant's

Notice of 30(b)(6) Deposition dated November 14, 2014 (the "Notice").

## <u>GENERAL OBJECTIONS</u>

The following General Objections apply to each Topic contained in the Notice

whether or not specifically referred to and/or incorporated in the response to each topic.

These General Objections are hereby incorporated into each specific response and objection.

The assertion of the same, similar, or additional objections or partial responses to the topics

1

does not waive any of ASTM's General Objections. ASTM also reserves its right to object to any questions asked of any deponent during a deposition.

1.      ASTM objects to the Notice, including each specific Topic in the Notice, to the extent it seeks to impose obligations that exceed the scope of permissible discovery under the Federal Rules of Civil Procedure, the Federal Rules of Evidence, and/or any Local Rules, applicable case law, court orders or decrees governing the proper scope, timing, and extent of discovery in this proceeding.

2.      ASTM objects to the Notice, including each specific Topic in the Notice, to the extent that  (a) it seeks information that is neither relevant to the claims and defenses in the action nor reasonably calculated to lead to the discovery of admissible evidence; (b) it is unreasonably cumulative or duplicative; (c) it seeks information that is obtainable from some other source that is more convenient, less burdensome, or less expensive; or (d) the burden or expense of the proposed discovery outweighs any likely benefit.

3.      ASTM objects to the Notice, including each specific Topic in the Notice, to the  extent it is vague, ambiguous, overbroad, and/or unduly burdensome.

4.      ASTM objects to the Notice, including each specific Topic in the Notice, to the  extent it seeks information that is public, already in Defendant's possession, already identified or  produced by or requested from other parties or third parties, or otherwise available from sources  to which Defendant also has access.

5.      ASTM objects to the Notice, including each specific Topic in the Notice, to the  extent it seeks information not known or reasonably available to ASTM.  ASTM's objections and responses shall not be construed as representations regarding the existence or non-existence of specific information in its possession, custody, or control.

6.      ASTM objects to the Notice, including each specific Topic in the Notice, to the extent it requires ASTM to provide or ascertain information in the possession of third parties on the grounds that such information is not within ASTM's possession, custody, or control.

7.      ASTM objects to the Notice, including each specific Topic in the Notice, to the extent it is duplicative of any other discovery request served by Defendant in this case.

8.      ASTM objects to the Notice, including each specific Topic in the Notice, to the extent the information is better sought by another method of discovery.

9.      ASTM objects to the Notice, including each specific Topic in the Notice, to the extent it is argumentative, harassing, lacks foundation, or incorporates allegations and assertions  that are disputed or erroneous.  By responding and objecting to the Notice, ASTM does not admit  the correctness of such assertions.

10.     ASTM objects to the Notice, including each specific Topic in the Notice, to the extent that it seeks information that was prepared in anticipation of litigation, constitutes attorney work product, or discloses mental impressions, conclusions, opinions or legal theories of any attorney for ASTM that are protected by the common interest privilege or are otherwise protected from disclosure by any other privileges, laws, or rules.

11.     ASTM objects to the Notice, including each Topic in the Notice, to the extent it  calls for a legal conclusion and/or expert testimony.

12.     To the extent that the same witness is designated for testimony as to one or more Topics, and also is deposed in his or her individual capacity, ASTM will only make such witness(es) available to be deposed on a single occasion for both individual and representative capacities.

13.     ASTM objects to the date and time unilaterally selected by Public Resource in the deposition notice.  ASTM's counsel will work with Public Resource's counsel to find dates and times convenient for the designee(s) and counsel for any deposition(s).

14.     ASTM's responses are based on a reasonable inquiry and its current knowledge as of the date these objections are made.  Further investigation may reveal additional facts or  information that could lead to additions to, changes in, and/or variations from the responses set forth here.  Without in any way obligating itself to do so, ASTM expressly reserves the right to supplement, amend, correct, clarify, or modify the responses as further information becomes available.  ASTM also reserves the right to use or rely on, at any time, subsequently discovered information or information omitted from these objections and responses as a result of mistake, error, or oversight.  ASTM further reserves the right to set forth additional  objections to each Topic at the time of the deposition of any ASTM 30(b)(6) witness.

## OBJECTIONS TO DEFINITIONS

1.     ASTM objects to the definition of "Complete Chain of Title" on the grounds that is overbroad, unduly burdensome, and calls for information that is neither relevant to the claims and defenses in this action nor reasonably calculated to lead to the discovery of admissible information.

2.     ASTM objects to the definition of "Incorporated Standard" on the ground that it vague, overbroad and unduly burdensome to the extent it is not limited to incorporation by reference by jurisdictions in the United States and does not identify any specific standards that allegedly have been "incorporated into law."

3.     ASTM objects to the definition of "Work-at-Issue" on the ground that it is overbroad, unduly burdensome, and calls for information that is neither relevant to the claims

and defenses in this action nor reasonably calculated to lead to the discovery of admissible

information.  ASTM will construe "Work-at-Issue" to include only those standards that are

listed in Exhibit A to the Complaint. (ECF No. 1-2.)

## SPECIFIC OBJECTIONS AND RESPONSES

### TOPIC NO. 1:

The process and activities of developing the Works-At-Issue, including the participation

of government and private sector personnel in standards development.

### RESPONSE TO TOPIC NO. 1:

ASTM objects to this topic on the grounds that it is vague, ambiguous, and compound,

and that the Topic is not defined with reasonable particularity, as required under Rule 30(b)(6).

Subject to and without waiving its general and specific objections, ASTM intends to provide a

witness at a mutually agreeable time and location to testify concerning this topic.

### TOPIC NO. 2:

All elements of the Chain of Title of copyright ownership, including copyright authorship

and ownership of component parts of the Works-At-Issue in this case.

### RESPONSE TO TOPIC NO. 2:

ASTM objects to this Topic as overbroad, unduly burdensome, and to the extent it

seeks testimony that is neither relevant to the claims and defenses in this action nor

reasonably calculated to lead to the discovery of admissible evidence.  ASTM further objects

to the terms "Chain of Title," "copyright ownership," and "component parts" to the extent

that they seek legal conclusions and that the Topic is not defined with reasonable

particularity, as required under Rule 30(b)(6).

### TOPIC NO. 3:

The authority of persons executing copyright assignment forms in favor of You to convey the copyright rights in their works or expression, including but not limited to evidence of authority of employees to assign copyrights they do not own individually.

**RESPONSE TO TOPIC NO. 3:**

ASTM objects to this topic to the extent it seeks information not known or reasonably available to ASTM or to the extent it requires ASTM to provide or ascertain information in the possession of third parties.  ASTM further objects further objects to the terms "authority", "copyright assignment", "copyright rights", "works or expression", and "own" to the extent that they seek legal conclusions.

**TOPIC NO. 4:**

The availability of Standards that You claim to own for reading, study, commentary, evaluation, criticism, annotation, and comparison to other Standards and documents by the public.

**RESPONSE TO TOPIC NO. 4:**

ASTM objects to this topic to the extent it seeks information not known or reasonably available to ASTM or to the extent it requires ASTM to provide or ascertain information regarding the reading, study, commentary, evaluation, criticism, annotation, and comparison efforts of third parties.  Subject to and without waiving its general objections, ASTM intends to provide a witness at a mutually agreeable time and location to testify concerning the general availability of ASTM's Standards at issue in this litigation.

**TOPIC NO. 5:**

The terms (including but not limited to financial terms, other requirements, conditions, restrictions, limitations, exclusions, and exceptions) of access to the Standards that You claim to own for reading, study, research, commentary, evaluation, criticism, bookmarking, other

annotation, reproduction, personal use, place shifting, space shifting, data mining, and

comparison to other versions, Standards, and documents, by the public.

**RESPONSE TO TOPIC NO. 5:**

ASTM objects to this Topic as seeking testimony that is neither relevant to the claims

and defenses in this action nor reasonably calculated to lead to the discovery of admissible

evidence.  ASTM further objects to this topic to the extent it seeks information not known or

reasonably available to ASTM or to the extent it requires ASTM to provide or ascertain

information regarding the reading, study, research, commentary, evaluation, criticism,

bookmarking, other annotation, reproduction, personal use, place shifting, space shifting,

data mining, and comparison efforts of third parties.  Subject to and without waiving its

general and specific objections, ASTM intends to provide a witness at a mutually agreeable

time and location to testify concerning the general availability of ASTM's Standards at issue

in this litigation, and the terms on which those Standards are made available to the public.

**TOPIC NO. 6:**

Communications between any one or more Plaintiffs, or of American National Standards

Institute, on the one hand, and governments, government agencies, government officials

(including elected officials), and government employees, on the other hand, regarding the

benefits, creation, revision, editing, approval (whether by vote or consensus), dissemination or

distribution, public availability, use, or incorporation into laws or regulations of the Works-At-

Issue in this case.

**RESPONSE TO TOPIC NO. 6:**

ASTM objects to this topic to the extent it seeks information not known or reasonably

available to ASTM or to the extent it requires ASTM to provide or ascertain information in

the possession of third parties such as other Plaintiffs in this action, the American National

Standards Institute, or government agencies, officials, or employees.  ASTM further objects

to this topic on the ground that it is not defined with reasonable particularity, as required

under Rule 30(b)(6).  Subject to and without waiving its general and specific objections,

ASTM intends to provide a witness at a mutually agreeable time and location to testify

concerning this topic to the extent such information is within ASTM's custody or control.

**TOPIC NO. 7:**

All revenue You received from governments and government agencies in connection

with the Standards, including but not limited to the sale or licensing of Standards.

**RESPONSE OBJECTION TO TOPIC NO. 7:**

ASTM objects to this request to the extent it is cumulative of other discovery served

by Defendant in this action and is properly the subject of expert testimony.  ASTM further

objects to this topic on the ground that it is not defined with reasonable particularity, as

required under Rule 30(b)(6).  Subject to and without waiving its general objections, ASTM

intends to provide a witness at a mutually agreeable time and location to testify concerning

this topic.

**TOPIC NO. 8:**

Your sources of revenue, the proportion of revenue received from each source, and

changes in revenue sources over the relevant time period.

**RESPONSE TO TOPIC NO. 8:**

ASTM objects to this request to the extent it is cumulative of other discovery served

by Defendant in this action.  ASTM further objects to this topic on the ground that it does not

define the "relevant time period." ASTM further objects to this topic on the ground that it is

not defined with reasonable particularity, as required under Rule 30(b)(6).  Subject to and

without waiving its general objections, ASTM intends to provide a witness at a mutually agreeable time and location to testify concerning this topic from 2009 to the present.

**TOPIC NO. 9:**

Your sources and types of revenue other than the sale of copies of or access to the Works-At-Issue.

**RESPONSE TO TOPIC NO. 9:**

ASTM objects to this request to the extent it is cumulative of other discovery served by Defendant in this action.  ASTM further objects to this topic on the ground that it is not defined with reasonable particularity, as required under Rule 30(b)(6).  Subject to and without waiving its general objections, ASTM intends to provide a witness at a mutually agreeable time and location to testify concerning this topic from 2009 to the present.

**TOPIC NO. 10:**

Your receipt of grants, funding, other financial Contribution, or in-kind Contribution for work pertaining to Standards from any government agency, other entity, or person, whether directly or indirectly through another organization.

**RESPONSE TO TOPIC NO. 10:**

ASTM objects to this request to the extent it is cumulative of other discovery served by Defendant in this action.  ASTM further objects to this topic on the ground that it is not defined with reasonable particularity, as required under Rule 30(b)(6).  ASTM further objects to this topic on the ground that it is overly broad and unduly burdensome. ASTM further objects to this topic insofar as it seeks information that is not relevant to any claim or defense of any party.  Subject to and without waiving its general objections, ASTM intends to provide a witness at a mutually agreeable time and location to testify concerning revenues

from the ASTM's Standards at issue in this litigation, including revenues from governmental

entities, if any.

**TOPIC NO. 11:**

Your efforts to influence the procedures and requirements imposed by federal and state

governments or their officers, agencies, or subdivisions, including but not limited to the Office

of Management and Budget, the Office of the Federal Register, and state code commissions for

the incorporation of standards by reference into law or regulation.

**RESPONSE TO TOPIC NO. 11:**

ASTM objects to this Topic as seeking testimony that is neither relevant to the claims

and defenses in this action nor reasonably calculated to lead to the discovery of admissible

evidence.  ASTM further objects to this Topic on grounds that it is argumentative insofar as

it presupposes "efforts to influence" government procedures and requirements.  Subject to

and without waiving its general and specific objections, ASTM intends to provide a witness

at a mutually agreeable time and location to testify concerning this topic with respect to the

incorporation of the Works-at-Issue into laws or regulations.

**TOPIC NO. 12:**

Your awareness of any consumer confusion, mistake, or deception caused by Public

Resource's posting of the Works-At-Issue or by the appearance of the Works-At-Issue that

Public Resource has posted.

**RESPONSE TO TOPIC NO. 12:**

ASTM objects to the extent this topic calls for a legal conclusion and that it is not

defined with reasonable particularity, as required under Rule 30(b)(6).  Subject to and

without waiving its general objections, ASTM intends to provide a witness at a mutually

agreeable time and location to testify concerning this topic.

**TOPIC NO. 13:**

Sales of each Work-At-Issue and of each predecessor to each Work-At-Issue, by unit volume and by dollar volume, for each month or quarter since 2010.

**RESPONSE TO TOPIC NO. 13:**

ASTM objects to this Topic as overbroad and unduly burdensome to the extent that it seeks testimony regarding the sales of "each predecessor to each Work at Issue."  Subject to and without waiving its general and specific objections, ASTM intends to provide a witness at a mutually agreeable time and location to testify concerning this topic.

**TOPIC NO. 14:**

All harms (financial and otherwise) to You arising from the facts that You have alleged in the complaint and from any other acts, omissions, or operations of Public Resource.

**RESPONSE TO TOPIC NO. 14:**

Subject to and without waiving its general objections, ASTM intends to provide a witness at a mutually agreeable time and location to testify concerning the harms arising from the actions challenged in the Complaint.

**TOPIC NO. 15:**

All changes to the standards development processes or activities that You have made because of the activities of Public Resource at issue in this case.

**RESPONSE TO TOPIC NO. 15:**

ASTM objects to this Topic on the grounds that it seeks testimony that is neither relevant to the claims and defenses in this action nor reasonably calculated to lead to the discovery of admissible evidence.  ASTM further objects to this Topic to the extent that it seeks information protected by the attorney-client privilege, work product doctrine, or otherwise protected from disclosure by any other privileges, laws, or rules.  ASTM is willing to meet and confer with Defendant on this topic.

**TOPIC NO. 16:**

The original creative expression in each of the Works-At-Issue.

**RESPONSE TO TOPIC NO. 16:**

ASTM objects to this Topic on the grounds that it calls for testimony requiring legal conclusions and therefore exceeds the scope of fact witness testimony.  ASTM further objects to this topic on the ground that it is not defined with reasonable particularity, as required under Rule 30(b)(6).  ASTM is willing to meet and confer with Defendant on this topic.

**TOPIC NO. 17:**

The creativity pertaining to the expressions in the Works-At-Issue in this case.

**RESPONSE TO TOPIC NO. 17:**

ASTM objects to this Topic on the grounds that it calls for testimony requiring legal conclusions and therefore exceeds the scope of fact witness testimony.  ASTM further objects to this topic on the ground that it is not defined with reasonable particularity, as required under Rule 30(b)(6).  ASTM is willing to meet and confer with Defendant on this topic.

**TOPIC NO. 18:**

All communications with any person or entity regarding lost sales or lost licenses, or regarding an intention not to buy or license, with respect to the Works-At-Issue attributable to the activities of Public Resource at issue in this case.

**RESPONSE TO TOPIC NO. 18:**

ASTM objects to this Topic to the extent that it seeks testimony or information protected from disclosure by the attorney-client privilege, work product doctrine, or otherwise protected from disclosure by any other privileges, laws, or rules.  Subject to and without waiving its general and specific objections, ASTM intends to provide a witness at a mutually agreeable time and location to testify concerning this topic.

**TOPIC NO. 19:**

Your nonprivileged communications about any litigation or potential litigation against Public Resource, or Plaintiffs' policies and practices for responding to copyright infringement, including but not limited to communications by those persons concerning positions taken by some or all Plaintiffs in this case.

**RESPONSE TO TOPIC NO. 19:**

ASTM further objects to this topic to the extent that it seeks legal conclusions or contentions. ASTM further objects to this topic on the ground that it is vague and ambiguous. ASTM further objects to this topic on the ground that it is not defined with reasonable particularity, as required under Rule 30(b)(6).   ASTM is willing to meet and confer with Defendant on this topic.

**TOPIC NO. 20:**

Your communications with federal, state, or local government agencies and legislatures, including but not limited to Department of Agriculture (including the Rural Utility Service), Department of Energy, Department of Health and Human Services (including the Food and Drug

13

Administration), Department of Housing and Urban Development, Department of Homeland

Security (including the U.S. Coast Guard), Department of Labor (including the Occupational

Safety and Health Administration, the Mine Safety and Health Administration), the

Environmental Protection Administration, Department of Transportation (including the National

Highway Transportation Safety Administration, the Federal Railroad Administration, the

Pipeline and Hazardous Materials Safety Administration), the Consumer Product Safety

Commission, the National Institute of Standards and Technology, state code commissions, state

occupational safety agencies, municipal code commissions, and permit agencies regarding the

incorporation of Standards into law or regulation.

**RESPONSE TO TOPIC NO. 20:**

ASTM objects to this topic on the grounds that it is overly broad and unduly

burdensome.  Subject to and without waiving its general objections, ASTM intends to

provide a witness at a mutually agreeable time and location to testify concerning the ASTM's

Standards at issue in this litigation.

Dated: December 31, 2014

Respectfully submitted:

/s/ J. Kevin Fee
J. Kevin Fee (D.C. Bar: 494016)
Michael F. Clayton (D.C. Bar: 335307)
Edwin O. Childs (DC Bar: 992954)
Jordana S. Rubel (D.C. Bar: 988423)
Morgan, Lewis & Bockius LLP
1111 Pennsylvania Ave., N.W.
Washington, D.C. 20004
Telephone: 202.739.5215
Email: jkfee@morganlewis.com
          mclayton@morganlewis.com
          echilds@morganlewis.com
          jrubel@morganlewis.com

*Counsel For American Society For Testing And Materials
d/b/a/ ASTM International*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICAN SOCIETY FOR TESTING AND MATERIALS d/b/a/ ASTM INTERNATIONAL;<br><br>NATIONAL FIRE PROTECTION ASSOCIATION, INC; and<br><br>AMERICAN SOCIETY OF HEATING, REFRIGERATING, AND AIR CONDITIONING ENGINEERS,<br><br>Plaintiffs and Counterclaim Defendants,<br><br> v.<br><br>PUBLIC.RESOURCE.ORG, INC.,<br>Defendant and Counterclaimant. | Case No. 1:13-cv-01215-TSC<br><br>**PLAINTIFF NATIONAL FIRE PROTECTION ASSOCIATION, INC.'S RESPONSES AND OBJECTIONS TO DEFENDANT PUBLIC.RESOURCE.ORG, INC.'S NOTICE OF RULE 30(B)(6) DEPOSITION**<br><br>Filed:  August 6, 2013 |

Plaintiff and Counterclaim Defendant National Fire Protection Association, Inc.

("NFPA") responds as follows to Defendant and Counterclaimant Public.Resource.Org, Inc.'s

("Public Resource") Notice of Rule 30(b)(6) Deposition.

### <u>GENERAL OBJECTIONS</u>

1.      NFPA objects to the Notice to the extent that it attempts to impose any burdens

inconsistent with or in addition to the obligations imposed by the Federal Rules of Civil

Procedure, the Local Civil Rules of the United States District Court for the District of Columbia,

or any other applicable law or rule.

2.      NFPA objects to the Notice to the extent that it is overly broad and unduly

burdensome and seeks information that is neither relevant to any party's claim or defense nor

reasonably calculated to lead to the discovery of relevant or admissible information.

3.      NFPA objects to the Notice to the extent that it seeks information that is publicly

available, on the ground that the burden of obtaining such information is substantially the same

for Public Resource as it is for NFPA.

4.      NFPA objects to the Notice to the extent that it seeks information protected by the attorney-client privilege, work product doctrine, the joint defense privilege, the common interest privilege, or any other applicable law, privilege, immunity, protection, or doctrine.  NFPA will not produce a witness to testify concerning any privileged information.  Inadvertent testimony regarding any privileged or otherwise protected information and/or documents shall not be deemed a waiver of any claim of privilege, work product protection, exemption, and/or immunity.

5.      NFPA objects to the Notice to the extent it seeks disclosure of proprietary, trade secret, or other commercially protected information for which no necessity and relevance have been shown.  Any witness(es) made available pursuant to the Notice will be made available only subject to the protective order entered in this case.

6.      NFPA objects to the Notice as unduly burdensome and oppressive to the extent it calls for information not known or reasonably available to NFPA and not kept in the ordinary course of business.  NFPA will not research, assemble, or otherwise obtain or disclose any data or information not known or reasonably available to NFPA.

7.      NFPA objects to the Notice as unduly burdensome and oppressive in that it seeks information identical to that contained in discovery responses that have been or will be produced to Public Resource pursuant to Public Resource's previously served discovery requests.

8.      NFPA objects to the term "Work-at-Issue" on the ground that it is overly broad and unduly burdensome to the extent it includes standards that are not at issue in this litigation. NFPA will construe "Work-at-Issue" to include only those standards that are listed in Exhibit B to the Complaint.  (ECF No. 1-2.)

9.      NFPA objects to the location noticed for the deposition.  NFPA will make its designee(s) available for deposition in the location where those witnesses work and reside, absent agreement to the contrary.

10.     NFPA objects to the date and time unilaterally selected by Public Resource in the

deposition notice.  NFPA's counsel will work with Public Resource's counsel to find dates and times convenient for the designee(s) and counsel for any deposition(s).

11.     By responding to this Notice, NFPA does not waive its right to object to particular questions within the scope of any of the requested deposition topics, or to the use of testimony pursuant to the Notice at any time, on any ground, in this or any proceeding.

12.     These General Objections are incorporated into each of the following specific responses to each requested topic; shall be deemed continuing as to each topic; and are not waived, or in any way limited, by the following objections and responses.

13.     NFPA does not intend, and its Objections should not be construed as, an agreement or acquiescence with any characterization of fact, assumption, or conclusion of law contained in or implied by Public Resource's definitions and examination topics.

14.     NFPA reserves the right to assert additional objections to this Notice as appropriate and to supplement these objections and responses.

## OBJECTIONS TO TOPICS OF EXAMINATION

### TOPIC OF EXAMINATION NO. 1:

The process and activities of developing the Works-At-Issue, including the participation of government and private sector personnel in standards development.

### RESPONSE TO TOPIC OF EXAMINATION NO. 1:

NFPA incorporates the General Objections as if fully set forth herein.  NFPA further objects to this topic on the grounds that it is vague, ambiguous, and compound, and that the topic is not defined with reasonable particularity, as required under Rule 30(b)(6).  NFPA further objects to this topic to the extent that it seeks information not within NFPA's knowledge. Subject to and without waiving the foregoing objections, NFPA responds as follows:

NFPA will produce a designee to testify generally on the topic of the process of the development of the Works-at-Issue.

**TOPIC OF EXAMINATION NO. 2:**

All elements of the Chain of Title of copyright ownership, including copyright authorship and ownership of component parts, of the Works-At-Issue in this case.

**RESPONSE TO TOPIC OF EXAMINATION NO. 2:**

NFPA incorporates the General Objections as if fully set forth herein.  NFPA further objects to the terms "Chain of Title", "copyright ownership", and "component parts" to the extent that they seek legal conclusions.  NFPA further objects to this topic on the grounds that it is vague, ambiguous, and compound.  NFPA further objects to this topic on the ground that it is not defined with reasonable particularity, as required under Rule 30(b)(6).  NFPA further objects to this topic to the extent that it seeks information not within NFPA's knowledge.  NFPA further objects to this topic on the ground that it is overly broad and unduly burdensome.  Subject to and without waiving the foregoing objections, NFPA responds as follows:

NFPA will produce a designee to testify regarding NFPA's general practices regarding the development and ownership of the Works-at-Issue.

**TOPIC OF EXAMINATION NO. 3:**

The authority of persons executing copyright assignment forms in favor of You to convey the copyright rights in their works or expression, including but not limited to evidence of authority of employees to assign copyrights they do not own individually.

**RESPONSE TO TOPIC OF EXAMINATION NO. 3:**

NFPA incorporates the General Objections as if fully set forth herein.  NFPA further objects to the terms "authority", "copyright assignment", "copyright rights", "works or expression", and "own" to the extent that they seek legal conclusions.  NFPA further objects to this topic on the ground that it is not defined with reasonable particularity, as required under

Rule 30(b)(6).  NFPA further objects to this Request on the ground that it seeks information not within NFPA's knowledge.  NFPA further objects to this Request on the ground that it is overly broad and unduly burdensome.

## TOPIC OF EXAMINATION NO. 4:

The availability of Standards that You claim to own for reading, study, commentary, evaluation, criticism, annotation, and comparison to other Standards and documents by the public.

## RESPONSE TO TOPIC OF EXAMINATION NO. 4:

NFPA incorporates the General Objections as if fully set forth herein.  NFPA further objects to the undefined terms "reading", "study", "commentary", "evaluation", "criticism", "annotation", and "comparison" as vague and ambiguous.  NFPA further objects to this topic to the extent that it seeks information not within NFPA's knowledge.  NFPA further objects to this topic on the ground that it is argumentative, overly broad and unduly burdensome.  Subject to and without waiving the foregoing objections, NFPA responds as follows:

NFPA will produce a designee to testify regarding NFPA's general practices with respect to making the Works-at-Issue in this case available to the public.

## TOPIC OF EXAMINATION NO. 5:

The terms (including but not limited to financial terms, other requirements, conditions, restrictions, limitations, exclusions, and exceptions) of access to the Standards that You claim to own for reading, study, research, commentary, evaluation, criticism, bookmarking, other annotation, reproduction, personal use, place shifting, space shifting, data mining, and comparison to other versions, Standards, and documents, by the public.

**RESPONSE TO TOPIC OF EXAMINATION NO. 5:**

NFPA incorporates the General Objections as if fully set forth herein.  NFPA further objects to the undefined terms "reading", "study", "research", "commentary", "evaluation", "criticism", "bookmarking", "annotation", "reproduction", "personal use", "place shifting", "space shifting", "data mining", and "comparison" as vague and ambiguous.  NFPA further objects to this topic to the extent that it seeks legal interpretations of any terms of access to NFPA standards, which terms speak for themselves.  NFPA further objects to this topic on the ground that it is not defined with reasonable particularity, as required under Rule 30(b)(6).  NFPA further objects to this topic on the ground that NFPA has already produced, or will produce, documents setting forth any terms of access to NFPA standards.  NFPA further objects to this topic on the ground that it is argumentative, overly broad and unduly burdensome.

NFPA will produce a designee to testify regarding NFPA's general practices with respect to making the Works-at-Issue in this case available to the public.

**TOPIC OF EXAMINATION NO. 6:**

Communications between any one or more Plaintiffs, or of American National Standards Institute, on the one hand, and governments, government agencies, government officials (including elected officials), and government employees, on the other hand, regarding the benefits, creation, revision, editing, approval (whether by vote or consensus), dissemination or distribution, public availability, use, or incorporation into laws or regulations of the Works-At-Issue in this case.

**RESPONSE TO TOPIC OF EXAMINATION NO. 6:**

NFPA incorporates the General Objections as if fully set forth herein.  NFPA further objects to this topic on the grounds that it is vague, ambiguous, and compound.  NFPA further

objects to this topic on the ground that it is not defined with reasonable particularity, as required under Rule 30(b)(6).  NFPA further objects to this topic to the extent that it seeks information not within NFPA's knowledge, or information about any communications to which NFPA was not a party.  Subject to and without waiving the foregoing objections, NFPA responds as follows:

NFPA will produce a designee to testify regarding NFPA's general practices with respect to communications with government representatives regarding the Works-at-Issue.

**TOPIC OF EXAMINATION NO. 7:**

All revenue You received from governments and government agencies in connection with the Standards, including but not limited to the sale or licensing of Standards.

**RESPONSE TO TOPIC OF EXAMINATION NO. 7:**

NFPA incorporates the General Objections as if fully set forth herein.  NFPA further objects to this topic on the grounds that it is vague, ambiguous, and compound.  NFPA further objects to this topic on the ground that it is not defined with reasonable particularity, as required under Rule 30(b)(6).  NFPA further objects to this topic on the ground that it is overly broad and unduly burdensome.  Subject to and without waiving the foregoing objections, NFPA responds as follows:

NFPA will produce a designee to testify regarding the general subject of its revenues from the Works-at-Issue, including revenues from governmental entities, if any.

**TOPIC OF EXAMINATION NO. 8:**

Your sources of revenue, the proportion of revenue received from each source, and changes in revenue sources over the relevant time period.

**RESPONSE TO TOPIC OF EXAMINATION NO. 8:**

NFPA incorporates the General Objections as if fully set forth herein.  NFPA further objects to this topic on the grounds that it is vague, ambiguous, and compound.  NFPA further objects to this topic on the ground that it does not define the "relevant time period."  NFPA further objects to this topic on the ground that it is not defined with reasonable particularity, as required under Rule 30(b)(6). NFPA further objects to this topic on the ground that it is overly broad and unduly burdensome.  NFPA further objects to this topic to the extent that it seeks confidential, proprietary, or trade secret information.  NFPA further objects to this topic insofar as it seeks information that is not relevant to any claim or defense of any party.  Subject to and without waiving the foregoing objections, NFPA responds as follows:

NFPA will produce a designee to testify regarding the general subject of its revenues for the time period from 2009 to the present.

**TOPIC OF EXAMINATION NO. 9:**

Your sources and types of revenue other than the sale of copies of or access to the Works-At-Issue.

**RESPONSE TO TOPIC OF EXAMINATION NO. 9:**

NFPA incorporates the General Objections as if fully set forth herein.  NFPA further objects to this topic on the grounds that it is vague, ambiguous, and compound.  NFPA further objects to this topic on the ground that it is not defined with reasonable particularity, as required under Rule 30(b)(6).  NFPA further objects to this topic on the ground that it is overly broad and unduly burdensome.  NFPA further objects to this topic to the extent that it seeks confidential, proprietary, or trade secret information.  NFPA further objects to this topic insofar as it seeks

information that is not relevant to any claim or defense of any party.  Subject to and without waiving the foregoing objections, NFPA responds as follows:

NFPA will produce a designee to testify regarding the general subject of its revenues for the time period from 2009 to the present.

**TOPIC OF EXAMINATION NO. 10:**

Your receipt of grants, funding, other financial Contribution, or in-kind Contribution for work pertaining to Standards from any government agency, other entity, or person, whether directly or indirectly through another organization.

**RESPONSE TO TOPIC OF EXAMINATION NO. 10:**

NFPA incorporates the General Objections as if fully set forth herein.  NFPA further objects to this topic on the grounds that it is vague, ambiguous, and compound.  NFPA further objects to this topic on the ground that it is not defined with reasonable particularity, as required under Rule 30(b)(6).  NFPA further objects to this topic on the ground that it is overly broad and unduly burdensome.  NFPA further objects to this topic insofar as it seeks information that is not relevant to any claim or defense of any party.  Subject to and without waiving the foregoing objections, NFPA responds as follows:

NFPA will produce a designee to testify regarding the general subject of its revenues from the Works-at-Issue, including revenues from governmental entities, if any.

**TOPIC OF EXAMINATION NO. 11:**

Your efforts to influence the procedures and requirements imposed by federal and state governments or their officers, agencies, or subdivisions, including but not limited to the Office of Management and Budget, the Office of the Federal Register, and state code commissions for the incorporation of standards by reference into law or regulation.

**RESPONSE TO TOPIC OF EXAMINATION NO. 11:**

NFPA incorporates the General Objections as if fully set forth herein.  NFPA further objects to this topic on the grounds that it is vague, ambiguous, and compound. NFPA further objects to this topic on the ground that it is not defined with reasonable particularity, as required under Rule 30(b)(6).  NFPA further objects to this topic on the ground that it is argumentative, overly broad, and unduly burdensome.  Subject to and without waiving the foregoing objections, NFPA responds as follows:

NFPA will produce a designee to testify about NFPA's general practices regarding communications with federal and state government agencies, employees, or officials regarding the incorporation of the Works-at-Issue into laws or regulations.

**TOPIC OF EXAMINATION NO. 12:**

Your awareness of any consumer confusion, mistake, or deception caused by Public Resource's posting of the Works-At-Issue or by the appearance of the Works-At-Issue that Public Resource has posted.

**RESPONSE TO TOPIC OF EXAMINATION NO. 12:**

NFPA incorporates the General Objections as if fully set forth herein.  NFPA further objects to this topic to the extent that it seeks testimony regarding legal conclusions or contentions.  NFPA further objects to this topic on the ground that it is not defined with reasonable particularity, as required under Rule 30(b)(6).  NFPA further objects to this topic on the ground that it is argumentative, overly broad, and unduly burdensome.  Subject to and without waiving the foregoing objections, NFPA responds as follows:

NFPA will produce a designee to testify regarding NFPA's knowledge of harms caused or likely to be caused by Public Resource's activities challenged in this case.

**TOPIC OF EXAMINATION NO. 13:**

Sales of each Work-At-Issue and of each predecessor to each Work-At-Issue, by unit volume and by dollar volume, for each month or quarter since 2010.

**RESPONSE TO TOPIC OF EXAMINATION NO. 13:**

NFPA incorporates the General Objections as if fully set forth herein.  Subject to and without waiving the foregoing objections, NFPA responds as follows:

NFPA will produce a designee to testify regarding the general topic of its sales of the Works-at-Issue.

**TOPIC OF EXAMINATION NO. 14:**

All harms (financial and otherwise) to You arising from the facts that You have alleged in the complaint and from any other acts, omissions, or operations of Public Resource.

**RESPONSE TO TOPIC OF EXAMINATION NO. 14:**

NFPA incorporates the General Objections as if fully set forth herein.  NFPA further objects to this topic to the extent that it seeks legal conclusions or contentions.  NFPA further objects to this topic on the ground that it is vague and ambiguous.  NFPA further objects to this topic on the ground that it is argumentative, overly broad, and unduly burdensome.  Subject to and without waiving the foregoing objections, NFPA responds as follows:

NFPA will produce a designee to testify regarding the harms from the actions challenged in the complaint.

**TOPIC OF EXAMINATION NO. 15:**

All changes to the standards development processes or activities that You have made because of the activities of Public Resource at issue in this case.

**<u>RESPONSE TO TOPIC OF EXAMINATION NO. 15</u>:**

NFPA incorporates the General Objections as if fully set forth herein.  NFPA further objects to this Request on the ground that it is argumentative, overly broad, and unduly burdensome.  NFPA further objects to this topic on the ground that it is not defined with reasonable particularity, as required under Rule 30(b)(6).

**<u>TOPIC OF EXAMINATION NO. 16</u>:**

The original creative expression in each of the Works-At-Issue.

**<u>RESPONSE TO TOPIC OF EXAMINATION NO. 16</u>:**

NFPA incorporates the General Objections as if fully set forth herein.  NFPA further objects to this topic on the ground that it is not defined with reasonable particularity, as required under Rule 30(b)(6).  NFPA further objects to this topic to the extent that it seeks testimony regarding legal conclusions or contentions.

**<u>TOPIC OF EXAMINATION NO. 17</u>:**

The creativity pertaining to the expressions in the Works-At-Issue in this case.

**<u>RESPONSE TO TOPIC OF EXAMINATION NO. 17</u>:**

NFPA incorporates the General Objections as if fully set forth herein.  NFPA further objects to this topic on the ground that it is not defined with reasonable particularity, as required under Rule 30(b)(6).  NFPA further objects to this topic to the extent that it seeks testimony regarding legal conclusions or contentions.

**<u>TOPIC OF EXAMINATION NO. 18</u>:**

All communications with any person or entity regarding lost sales or lost licenses, or regarding an intention not to buy or license, with respect to the Works-At-Issue attributable to the activities of Public Resource at issue in this case.

**<u>RESPONSE TO TOPIC OF EXAMINATION NO. 18</u>:**

NFPA incorporates the General Objections as if fully set forth herein.  NFPA further objects to this topic on the ground that it is not defined with reasonable particularity, as required under Rule 30(b)(6).   NFPA further objects to this topic on the ground that it is overly broad and unduly burdensome.  Subject to and without waiving the foregoing objections, NFPA responds as follows:

NFPA will produce a designee to testify regarding NFPA's knowledge of harms caused or likely to be caused by Public Resource's activities challenged in this case.

**<u>TOPIC OF EXAMINATION NO. 19</u>:**

Your nonprivileged communications about any litigation or potential litigation against Public Resource, or Plaintiffs' policies and practices for responding to copyright infringement, including but not limited to communications by those persons concerning positions taken by some or all Plaintiffs in this case.

**<u>RESPONSE TO TOPIC OF EXAMINATION NO. 19</u>:**

NFPA incorporates the General Objections as if fully set forth herein.  NFPA further objects to this topic to the extent that it seeks legal conclusions or contentions.  NFPA further objects to this topic on the ground that it is vague and ambiguous.  NFPA further objects to this topic on the ground that it is not defined with reasonable particularity, as required under Rule 30(b)(6).  NFPA further objects to this topic on the ground that it is overly broad, unduly burdensome, and likely to seek testimony intruding on privileged matters.

**<u>TOPIC OF EXAMINATION NO. 20</u>:**

Your communications with federal, state, or local government agencies and legislatures, including but not limited to the National Institute of Standards and Technology, Department of

Agriculture (including the Rural Utility Service), Department of Homeland Security (including US Coast Guard), Department of Energy, Nuclear Regulatory Commission, Consumer Product Safety Commission, Department of Housing and Urban Development, Department of Labor (including the Occupational Safety and Health Administration, the Mine Safety and Health Administration), National Archives and Records Administration, Veterans Administration, Environmental Protection Administration, Department of Health and Human Services, Department of Transportation (including the Pipeline and Hazardous Materials Safety Administration), state code commissions, state fire marshals, municipal and county fire departments, state building commissions, state fire commissions, and state departments of labor, regarding the incorporation of Standards into law or regulation.

**RESPONSE TO TOPIC OF EXAMINATION NO. 20:**

NFPA incorporates the General Objections as if fully set forth herein.  NFPA further objects to this topic on the ground that it is not defined with reasonable particularity, as required under Rule 30(b)(6).  NFPA further objects to this topic on the grounds that it is vague, ambiguous, and compound.  NFPA further objects to this topic on the grounds that it is overly broad and unduly burdensome.  Subject to and without waiving the foregoing objections, NFPA responds as follows:

NFPA will produce a designee to testify regarding NFPA's general practices with respect to communications with government representatives regarding the Works-at-Issue.

**TOPIC OF EXAMINATION NO. 21:**

Your competition with the International Code Council regarding the adoption of energy standards by government agencies.

**<u>RESPONSE TO TOPIC OF EXAMINATION NO. 21</u>:**

NFPA incorporates the General Objections as if fully set forth herein.  NFPA further objects to this topic on the grounds that it is vague and ambiguous.  NFPA further objects to this to this topic on the ground that it is not defined with reasonable particularity, as required under Rule 30(b)(6).  NFPA further objects to this topic on the ground that it does not seek testimony relevant to, or likely to lead to the discovery of evidence relevant to, the claims or defenses in this litigation.

Dated:  December 19, 2014              Respectfully submitted,

                                        _/s/ Kelly M. Klaus_

                                        Kelly M. Klaus (*pro hac vice*)
                                        Jonathan H. Blavin (*pro hac vice*)
                                        Nathan M. Rehn (*pro hac vice*)
                                        Munger, Tolles & Olson LLP
                                        560 Mission St., 27th Floor
                                        San Francisco, CA 94105
                                        Tel:  415.512.4000
                                        Email:   Kelly.Klaus@mto.com
                                                  Jonathan.Blavin@mto.com
                                                  Thane.Rehn@mto.com

**PROOF OF SERVICE**

*American Society for Testing and Materials, et al. v. Public.Resource.Org., Inc.*
U.S. District Court, District of Columbia Case No. 1:13-cv-01215-TSC

I am a citizen of the United States and employed in the City and County of San Francisco,

California.  I am over the age of 18 years and not a party to the within-entitled action.  My

business address is 560 Mission Street, 27th Floor, San Francisco, CA  94105.

On December 19, 2014, I served a true and correct copy of the document(s) described as:

**PLAINTIFF NATIONAL FIRE PROTECTION ASSOCIATION, INC.'S RESPONSES
AND OBJECTIONS TO DEFENDANT PUBLIC.RESOURCE.ORG, INC.'S NOTICE OF
RULE 30(B)(6) DEPOSITION**

on the interested parties in this action **BY ELECTRONIC MAIL** as indicated on the attached

Service List.

I declare under penalty of perjury under the laws of the State of California that the

foregoing is true and correct.

Executed at San Francisco, California on December 19, 2014.

_____
                     */s/ Thane Rehn*
                     Nathan M. Rehn

-16-

**SERVICE LIST**

J. Kevin Fee
Michael Franck Clayton
Jordana Rubel
Edwin O. Childs
MORGAN, LEWIS & BOCKIUS LLP
1111 Pennsylvania Avenue, NW
Washington, DC  20004
*jkfee@morganlewis.com*
*mclayton@morganlewis.com*
*jrubel@morganlewis.com*
*echilds@morganlewis.com*

**PLAINTIFF**
*AMERICAN SOCIETY FOR TESTING AND
MATERIALS*

Tel:    (202) 739-5353
FAX:   (202) 239-3001

Jeffrey S. Bucholtz
KING & SPALDING, LLP
1700 Pennsylvania Ave., NW
Washington, DC  20006
*jbucholtz@kslaw.com*

**PLAINTIFF**
*AMERICAN SOCIETY OF HEATING,
REFRIGERATING, AND AIR-CONDITIONING
ENGINEERS, INC.*

Tel: (202) 626-2907

Joseph R. Wetzel
Kenneth L. Steinthal
Andrew Zee
KING & SPALDING, LLP
101 2nd St., Suite 2300
San Francisco, CA  94105
*jwetzel@kslaw.com*
*ksteinthal@kslaw.com*
*azee@kslaw.com*

**PLAINTIFF**
*AMERICAN SOCIETY OF HEATING,
REFRIGERATING, AND AIR-CONDITIONING
ENGINEERS, INC.*

Tel:  (415) 318-1200
Fax:  (415) 318-1300

Andrew Phillip Bridges
Kathleen Lu
FENWICK & WEST
555 California St., Suite 1200
San Francisco, CA  94104
*abridges@fenwick.com*
*klu@fenwick.com*

**DEFENDANT**
*PUBLIC.RESOURCE.ORG., INC.*

Tel:  (415) 875-2300
Fax:  (415) 281-1350

Mitchell L. Stolz
Corynne McSherry
ELECTRONIC FRONTIER FOUNDATION
815 Eddy Street
San Francisco, CA  94109
*mitch@eff.org*
*corynne@eff.org*

**DEFENDANT**
*PUBLIC.RESOURCE.ORG., INC.*

Tel:  (415) 436-9333
Fax:  (415) 436-9993

David Elliot Halperin
1530 P Street, NW
Washington DC  20005
*davidhalperindc@gmail.com*

**DEFENDANT**
*PUBLIC.RESOURCE.ORG., INC*

Tel:  (202) 905-3434

Joseph C. Gratz
Mark A. Lemley
DURIE TANGRI LLP
217 Leidesdorff Street
San Francisco, CA  94111
*jgratz@durietangri.com*
*mlemley@durietangri.com*

**DEFENDANT**
*PUBLIC.RESOURCE.ORG., INC.*

Tel:  (415) 362-6666
Fax:  (415) 236-6300