# EXHIBIT 10

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| AMERICAN SOCIETY FOR TESTING AND MATERIALS d/b/a/ ASTM INTERNATIONAL; <br><br> NATIONAL FIRE PROTECTION ASSOCIATION, INC.; and <br><br> AMERICAN SOCIETY OF HEATING, REFRIGERATING, AND AIR-CONDITIONING ENGINEERS, INC. <br><br>                 Plaintiffs, <br><br> v. <br><br> PUBLIC.RESOURCE.ORG, INC., <br><br>                 Defendant. | Case No. 1:13-cv-01215-EGS <br><br> **DEFENDANT PUBLIC.RESOURCE.ORG, INC.'S AMENDED NOTICE OF RULE 30(b)(6) DEPOSITION OF AMERICAN SOCIETY OF HEATING, REFRIGERATING, AND AIR-CONDITIONING ENGINEERS, INC.** <br><br> Complaint Filed:    August 6, 2013 |
| PUBLIC.RESOURCE.ORG, INC., <br><br>                 Counterclaimant, <br><br> v. <br><br> AMERICAN SOCIETY FOR TESTING AND MATERIALS d/b/a/ ASTM INTERNATIONAL; <br><br> NATIONAL FIRE PROTECTION ASSOCIATION, INC.; and <br><br> AMERICAN SOCIETY OF HEATING, REFRIGERATING, AND AIR-CONDITIONING ENGINEERS, INC. <br><br>                 Counterdefendants. | |

TO ALL PARTIES AND TO THEIR RESPECTIVE ATTORNEYS OF RECORD:

Defendant Public.Resource.Org ("Public Resource") gives notice that, pursuant to Rule 30 of the Federal Rules of Civil Procedure, it will take the deposition of AMERICAN SOCIETY OF HEATING, REFRIGERATING, AND AIR-CONDITIONING ENGINEERS, INC. ("ASHRAE") upon oral examination before a court reporter authorized to administer oaths, beginning at 10:00 a.m. on February 20, 2015, or as counsel for the parties may otherwise agree, at the offices of Veritext, 1250 I Street NW, Suite 1201, Washington DC 20005.  Pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, ASHRAE must designate one or more officers, directors, or managing agents or other person to testify on its behalf regarding the topics in Exhibit A to this notice.  The deposition will be recorded by both stenographic and by audiovisual means with time monitoring available on request.

Dated:  January 30, 2015

/s/ Andrew P. Bridges
Andrew P. Bridges (admitted)
abridges @fenwick.com
FENWICK & WEST LLP
555 California Street, 12th Floor
San Francisco, CA 94104
Telephone:  (415) 875-2300
Facsimile:   (415) 281-1350

David Halperin (D.C. Bar No. 426078)
davidhalperindc@gmail.com
1530 P Street NW
Washington, DC 20005
Telephone: (202) 905-3434

Mitchell L. Stoltz (D.C. Bar No. 978149)
mitch@eff.org
Corynne McSherry (admitted)
corynne@eff.org
ELECTRONIC FRONTIER FOUNDATION
815 Eddy Street
San Francisco, CA 94109
Telephone: (415) 436-9333
Facsimile:  (415) 436-9993

*Attorneys for Defendant-Counterclaimant*
*Public.Resource.Org, Inc.*

## EXHIBIT A

## DEFINITIONS

1.      The following definitions shall apply to each of the topics.  Terms without specific definitions below shall have their ordinary and usual meanings.

2.      "Person" includes any individual, trust, estate, entity (including but not limited to sole proprietorship, partnership, joint venture, company, or corporation), organization, association, group, government, or governmental body (including but not limited to any governmental agent, representative, agency, bureau, department, committee, or commission).

3.       "You," "Your," or "ASHRAE" means American Society of Heating, Refrigerating, and Air-Conditioning Engineers, Inc., its predecessors, affiliates, officers, employees, agents, attorneys, and any Person ASHRAE believes to be an agent of ASHRAE or was otherwise acting on its behalf.

4.      "Public Resource" means Public.Resource.Org, Inc.

5.       The terms "Work-At-Issue" and "Works-At-Issue" mean any and all works in which You assert copyright, which copyright You claim that Public Resource has infringed, directly or indirectly.

6.      The term "Complete Chain of Title" includes, at a minimum: initial creation and authorship of any component of a work, documents sufficient to identify the original creator(s) and author(s) of the work and all assignments documenting transfer from the author(s) to American Society of Heating, Refrigerating, and Air-Conditioning Engineers, Inc., including all intermediate transfers, as well as a copyright registration.

7.      The term "Standard" refers to any standard, code, safety code, model code, model law, or set of rules, whether or not any jurisdiction has incorporated it into law.

8.      The term "Incorporated Standard" refers to any Standard that any jurisdiction has incorporated into law, including incorporation by reference.

9.      "Concerning" or "regarding" means "pertaining to, referring to, relating to, mentioning, or reflecting."

10.     "Promoted" means advocated, encouraged, suggested, acquiesced in, accepted, celebrated, praised, or publicized.

11.     "Access" means to view, read, study, analyze, evaluate, or compare.

12.     "Legal Authority" means any governmental edict, rule, regulation, law, or other binding authority or expression.

13.     "Standards Process" means development, creation, drafting, revision, editing, transmission, publication, distribution, display, or dissemination of a Standard.

14.     The terms "or" and "and" mean both the conjunctive and the disjunctive.

15.     The terms "any" or "each" include and encompass "all."

16.     The use of a verb in any tense includes the use of the verb in all other tenses.

17.     The singular form of any word includes the plural.  The plural form of any word includes the singular.

18.     The term "all" means any and all.

## TOPICS OF EXAMINATION

1.      The process and activities of developing the Works-At-Issue, including the participation of government and private sector personnel in standards development.

2.      All elements of the Chain of Title of copyright ownership, including copyright authorship and ownership of component parts of the Works-At-Issue in this case.

3.      The authority of persons executing copyright assignment forms in favor of You to convey the copyright rights in their works or expression, including but not limited to evidence of authority of employees to assign copyrights they do not own individually.

4.      The availability and accessibility of Standards that You claim to own for reading, study, commentary, evaluation, criticism, annotation, and comparison to other Standards and documents by the public.

4

5.      The terms (including but not limited to financial terms, other requirements, conditions, restrictions, limitations, exclusions, and exceptions) of access to the Standards that You claim to own for reading, study, research, commentary, evaluation, criticism, bookmarking, other annotation, reproduction, personal use, place shifting, space shifting, data mining, and comparison to other versions, Standards, and documents, by the public.

6.      Communications between any one or more Plaintiffs, or of American National Standards Institute, on the one hand, and governments, government agencies, government officials (including elected officials), and government employees, on the other hand, regarding the benefits, creation, revision, editing, approval (whether by vote or consensus), dissemination or distribution, public availability, use, or incorporation into laws or regulations of the Works-At-Issue in this case.

7.      All revenue You received from governments and government agencies in connection with the Standards, including but not limited to the sale or licensing of Standards.

8.      Your sources of revenue, the proportion of revenue received from each source, and changes in revenue sources over the relevant time period.

9.      Your sources and types of revenue other than the sale of copies of or access to the Works-At-Issue.

10.      Your receipt of grants, funding, other financial Contribution, or in-kind Contribution for work pertaining to Standards from any government agency, other entity, or person, whether directly or indirectly through another organization.

11.      Your efforts to influence the procedures and requirements imposed by federal and state governments or their officers, agencies, or subdivisions, including but not limited to the Office of Management and Budget, the Office of the Federal Register, and state code commissions for the incorporation of standards by reference into law or regulation.

12.      Your awareness of any consumer confusion, mistake, or deception caused by Public Resource's posting of the Works-At-Issue or by the appearance of the Works-At-Issue that Public Resource has posted.

13.     Sales of each Work-At-Issue and of each predecessor to each Work-At-Issue, by unit volume and by dollar volume, for each month or quarter since 2010.

14.     All harms (financial and otherwise) to You arising from the facts that You have alleged in the complaint and from any other acts, omissions, or operations of Public Resource.

15.     All changes to the standards development processes or activities that You have made because of the activities of Public Resource at issue in this case.

16.     The original creative expression in each of the Works-At-Issue.

17.     The creativity pertaining to the expressions in the Works-At-Issue in this case.

18.     All communications with any person or entity regarding lost sales or lost licenses, or regarding an intention not to buy or license, with respect to the Works-At-Issue attributable to the activities of Public Resource at issue in this case.

19.     Your nonprivileged communications about any litigation or potential litigation against Public Resource, or Plaintiffs' policies and practices for responding to copyright infringement, including but not limited to communications by those persons concerning positions taken by some or all Plaintiffs in this case.

20.     Your communications with federal, state, or local government agencies and legislatures, including but not limited to the Department of Energy, the Consumer Product Safety Commission, the Department of Housing and Urban Development, the Department of Transportation (including the Pipeline and Hazardous Materials Safety Administration), state code commissions, and state energy boards, regarding the incorporation of Your standards into law or regulation.

21.     Your communications with state government officials regarding state energy standards.

22.     Your competition with the International Code Council regarding the adoption of energy standards by government agencies.

23.     Your decision and motivation to create and/or develop free access to some or all of the Standards-At-Issue and all factors that You considered.

24.     The protocols and procedures governing Your granting of licenses or permission requests to any third party to the Works-At-Issue.

25.     Your knowledge of uses or potential uses of the Works-At-Issue, including uses for which You denied permission.

26.     The bates numbers of at least one instance of every form of assignment with which You claim a person assigned any copyright in the Works-At-Issue to You.

27.     Your communications about or with Public Resource, Carl Malamud, the Copyright Task Force, and the "corner bakery group."

28.     Your coordination efforts with other organizations (including other Plaintiffs in this case) on how to respond to Public Resource's activities and other incorporation by reference issues.

29.     Your lobbying efforts with state and federal government officials regarding Your stance on issues related to incorporation by reference.

30.     Sales or licenses of the Works-At-Issue by others.

31.     Authorized dissemination of, or distribution of copies or reproductions of, the Works-At-Issue by others.

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| AMERICAN SOCIETY FOR TESTING AND MATERIALS d/b/a/ ASTM INTERNATIONAL; | Case No. 1:13-cv-01215-EGS |
| NATIONAL FIRE PROTECTION ASSOCIATION, INC.; and | **DEFENDANT PUBLIC.RESOURCE.ORG, INC.'S AMENDED NOTICE OF RULE 30(B)(6) DEPOSITION OF AMERICAN SOCIETY FOR TESTING AND MATERIALS** |
| AMERICAN SOCIETY OF HEATING, REFRIGERATING, AND AIR-CONDITIONING ENGINEERS, INC. | |
|         Plaintiffs, | Complaint Filed:     August 6, 2013 |
| v. | |
| PUBLIC.RESOURCE.ORG, INC., | |
|         Defendant. | |

PUBLIC.RESOURCE.ORG, INC.,

        Counterclaimant,

v.

AMERICAN SOCIETY FOR TESTING AND
MATERIALS d/b/a/ ASTM INTERNATIONAL;

NATIONAL FIRE PROTECTION
ASSOCIATION, INC.; and

AMERICAN SOCIETY OF HEATING,
REFRIGERATING, AND AIR-CONDITIONING
ENGINEERS, INC.

        Counterdefendants.

TO ALL PARTIES AND TO THEIR RESPECTIVE ATTORNEYS OF RECORD:

Defendant Public.Resource.Org ("Public Resource") gives notice that, pursuant to Rule 30 of the Federal Rules of Civil Procedure, it will take the deposition of AMERICAN SOCIETY FOR TESTING AND MATERIALS d/b/a ASTM INTERNATIONAL ("ASTM") upon oral examination before a court reporter authorized to administer oaths, beginning at 10:00 a.m. on February 18, 2015, or as counsel for the parties may otherwise agree, at the offices of Veritext, 1250 I Street NW, Suite 1201, Washington DC  20005.  Pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, ASTM must designate one or more officers, directors, or managing agents or other person to testify on its behalf regarding the topics in Exhibit A to this notice.  The deposition will be recorded by both stenographic and by audiovisual means with real time monitoring available on request.

1

Dated:  January 30, 2015

/s/ Andrew P. Bridges
Andrew P. Bridges (admitted)
abridges @fenwick.com
FENWICK & WEST LLP
555 California Street, 12th Floor
San Francisco, CA 94104
Telephone:  (415) 875-2300
Facsimile:   (415) 281-1350

David Halperin (D.C. Bar No. 426078)
davidhalperindc@gmail.com
1530 P Street NW
Washington, DC 20005
Telephone: (202) 905-3434

Mitchell L. Stoltz (D.C. Bar No. 978149)
mitch@eff.org
Corynne McSherry (admitted)
corynne@eff.org
ELECTRONIC FRONTIER FOUNDATION
815 Eddy Street
San Francisco, CA 94109
Telephone: (415) 436-9333
Facsimile:  (415) 436-9993

Attorneys for Defendant-Counterclaimant
Public.Resource.Org, Inc.

# EXHIBIT A

# DEFINITIONS

1.    The following definitions shall apply to each of the topics.  Terms without specific definitions below shall have their ordinary and usual meanings.

2.    "Person" includes any individual, trust, estate, entity (including but not limited to sole proprietorship, partnership, joint venture, company, or corporation), organization, association, group, government, or governmental body (including but not limited to any governmental agent, representative, agency, bureau, department, committee, or commission).

3.    "You," "Your," or "ASTM" means American Society for Testing and Materials, its predecessors, affiliates, officers, employees, agents, attorneys, and any Person ASTM believes to be an agent of ASTM or was otherwise acting on its behalf.

4.    "Public Resource" means Public.Resource.org, Inc.

5.    The terms "Work-At-Issue" and "Works-At-Issue" mean any and all works in which You assert copyright, which copyright You claim that Public Resource has infringed, directly or indirectly.

6.    The term "Complete Chain of Title" includes, at a minimum: initial creation and authorship of any component of a work, documents sufficient to identify the original creator(s) and author(s) of the work and all assignments documenting transfer from the author(s) to American Society for Testing and Materials, including all intermediate transfers, as well as a copyright registration.

7.    The term "Standard" refers to any standard, code, safety code, model code, model law, or set of rules, whether or not any jurisdiction has incorporated it into law.

8.    The term "Incorporated Standard" refers to any Standard that any jurisdiction has incorporated into law, including incorporation by reference.

9.    "Concerning" or "regarding" means "pertaining to, referring to, relating to, mentioning, or reflecting."

3

10. "Promoted" means advocated, encouraged, suggested, acquiesced in, accepted, celebrated, praised, or publicized.

11. "Access" means to view, read, study, analyze, evaluate, or compare.

12. "Legal Authority" means any governmental edict, rule, regulation, law, or other binding authority or expression.

13. "Standards Process" means development, creation, drafting, revision, editing, transmission, publication, distribution, display, or dissemination of a Standard.

14. "Contribution" means assistance, advice, financial support, labor, effort, or expenditure of time.

15. The terms "or" and "and" mean both the conjunctive and the disjunctive.

16. The terms "any" or "each" include and encompass "all."

17. The use of a verb in any tense includes the use of the verb in all other tenses.

18. The singular form of any word includes the plural.  The plural form of any word includes the singular.

19. The term "all" means any and all.

## TOPICS OF EXAMINATION

1. The process and activities of developing the Works-At-Issue, including the participation of government and private sector personnel in standards development.

2. All elements of the Chain of Title of copyright ownership, including copyright authorship and ownership of component parts of the Works-At-Issue in this case.

3. The authority of persons executing copyright assignment forms in favor of You to convey the copyright rights in their works or expression, including but not limited to evidence of authority of employees to assign copyrights they do not own individually.

4. The availability and accessibility of Standards that You claim to own for reading, study, commentary, evaluation, criticism, annotation, and comparison to other Standards and documents by the public.

4

5.      The terms (including but not limited to financial terms, other requirements, conditions, restrictions, limitations, exclusions, and exceptions) of access to the Standards that You claim to own for reading, study, research, commentary, evaluation, criticism, bookmarking, other annotation, reproduction, personal use, place shifting, space shifting, data mining, and comparison to other versions, Standards, and documents, by the public.

6.      Communications between any one or more Plaintiffs, or of American National Standards Institute, on the one hand, and governments, government agencies, government officials (including elected officials), and government employees, on the other hand, regarding the benefits, creation, revision, editing, approval (whether by vote or consensus), dissemination or distribution, public availability, use, or incorporation into laws or regulations of the Works-At-Issue in this case.

7.      All revenue You received from governments and government agencies in connection with the Standards, including but not limited to the sale or licensing of Standards.

8.      Your sources of revenue, the proportion of revenue received from each source, and changes in revenue sources over the relevant time period.

9.      Your sources and types of revenue other than the sale of copies of or access to the Works-At-Issue.

10.      Your receipt of grants, funding, other financial Contribution, or in-kind Contribution for work pertaining to Standards from any government agency, other entity, or person, whether directly or indirectly through another organization.

11.      Your efforts to influence the procedures and requirements imposed by federal and state governments or their officers, agencies, or subdivisions, including but not limited to the Office of Management and Budget, the Office of the Federal Register, and state code commissions for the incorporation of standards by reference into law or regulation.

12.      Your awareness of any consumer confusion, mistake, or deception caused by Public Resource's posting of the Works-At-Issue or by the appearance of the Works-At-Issue that Public Resource has posted.

13.     Sales of each Work-At-Issue and of each predecessor to each Work-At-Issue, by unit volume and by dollar volume, for each month or quarter since 2010.

14.     All harms (financial and otherwise) to You arising from the facts that You have alleged in the complaint and from any other acts, omissions, or operations of Public Resource.

15.     All changes to the standards development processes or activities that You have made because of the activities of Public Resource at issue in this case.

16.     The original creative expression in each of the Works-At-Issue.

17.     The creativity pertaining to the expressions in the Works-At-Issue in this case.

18.     All communications with any person or entity regarding lost sales or lost licenses, or regarding an intention not to buy or license, with respect to the Works-At-Issue attributable to the activities of Public Resource at issue in this case.

19.     Your nonprivileged communications about any litigation or potential litigation against Public Resource, or Plaintiffs' policies and practices for responding to copyright infringement, including but not limited to communications by those persons concerning positions taken by some or all Plaintiffs in this case.

20.     Your communications with federal, state, or local government agencies and legislatures, including but not limited to the Department of Agriculture (including the Rural Utility Service), Department of Energy, Department of Health and Human Services (including the Food and Drug Administration), Department of Housing and Urban Development, Department of Homeland Security (including the U.S. Coast Guard), Department of Labor (including the Occupational Safety and Health Administration, the Mine Safety and Health Administration), the Environmental Protection Administration, Department of Transportation (including the National Highway Transportation Safety Administration, the Federal Railroad Administration, the Pipeline and Hazardous Materials Safety Administration), the Consumer Product Safety Commission, the National Institute of Standards and Technology, state code commissions, state occupational safety agencies, municipal code commissions, and permit agencies regarding the incorporation of Standards into law or regulation.

21.     Your decision and motivation to create and/or develop the Reading Room and all factors that You considered.

22.     The protocols and procedures governing Your granting of licenses or permission requests to any third party to the Works-At-Issue.

23.     Your knowledge of uses or potential uses of the Works-At-Issue, including uses for which You denied permission.

24.     The bates numbers of at least one instance of every form of assignment with which You claim a person assigned any copyright in the Works-At-Issue to You.

25.     Your communications about or with Public Resource, Carl Malamud, the Copyright Task Force, and the "corner bakery group."

26.     Your coordination efforts with other organizations (including other Plaintiffs in this case) on how to respond to Public Resource's activities and other incorporation by reference issues.

27.     Your lobbying efforts with state and federal government officials regarding Your stance on issues related to incorporation by reference.

28.     Sales or licenses of the Works-At-Issue by others.

29.     Authorized dissemination of, or distribution of copies or reproductions of, the Works-At-Issue by others.

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| AMERICAN SOCIETY FOR TESTING AND MATERIALS d/b/a/ ASTM INTERNATIONAL; | Case No. 1:13-cv-01215-EGS |
| NATIONAL FIRE PROTECTION ASSOCIATION, INC.; and | **DEFENDANT PUBLIC.RESOURCE.ORG, INC.'S AMENDED NOTICE OF RULE 30(b)(6) DEPOSITION OF NATIONAL FIRE PROTECTION ASSOCIATION, INC.** |
| AMERICAN SOCIETY OF HEATING, REFRIGERATING, AND AIR-CONDITIONING ENGINEERS, INC. | |
|         Plaintiffs, | Complaint Filed:     August 6, 2013 |
| v. | |
| PUBLIC.RESOURCE.ORG, INC., | |
|         Defendant. | |

PUBLIC.RESOURCE.ORG, INC.,

        Counterclaimant,

v.

AMERICAN SOCIETY FOR TESTING AND
MATERIALS d/b/a/ ASTM INTERNATIONAL;

NATIONAL FIRE PROTECTION
ASSOCIATION, INC.; and

AMERICAN SOCIETY OF HEATING,
REFRIGERATING, AND AIR-CONDITIONING
ENGINEERS, INC.

        Counterdefendants.

TO ALL PARTIES AND TO THEIR RESPECTIVE ATTORNEYS OF RECORD:

Defendant Public.Resource.Org ("Public Resource") gives notice that, pursuant to Rule 30 of the Federal Rules of Civil Procedure, it will take the deposition of NATIONAL FIRE PROTECTION ASSOCIATION, INC. ("NFPA") upon oral examination before a court reporter authorized to administer oaths, beginning at 10:00 a.m. on February 19, 2015, or as counsel for the parties may otherwise agree, at the offices of Veritext, 1250 I Street NW, Suite 1201, Washington DC 20005.  Pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, NFPA must designate one or more officers, directors, or managing agents or other person to testify on its behalf regarding the topics in Exhibit A to this notice.  The deposition will be recorded by both stenographic and by audiovisual means with real time monitoring available on request.

Dated:  January 30, 2015

/s/ Andrew P. Bridges
Andrew P. Bridges (admitted)
abridges @fenwick.com
FENWICK & WEST LLP
555 California Street, 12th Floor
San Francisco, CA 94104
Telephone:  (415) 875-2300
Facsimile:   (415) 281-1350

David Halperin (D.C. Bar No. 426078)
davidhalperindc@gmail.com
1530 P Street NW
Washington, DC 20005
Telephone: (202) 905-3434

Mitchell L. Stoltz (D.C. Bar No. 978149)
mitch@eff.org
Corynne McSherry (admitted)
corynne@eff.org
ELECTRONIC FRONTIER FOUNDATION
815 Eddy Street
San Francisco, CA 94109
Telephone: (415) 436-9333
Facsimile:  (415) 436-9993

*Attorneys for Defendant-Counterclaimant*
*Public.Resource.Org, Inc.*

# EXHIBIT A

# DEFINITIONS

1.     The following definitions shall apply to each of the topics.  Terms without specific definitions shall have their ordinary and usual meanings.

2.     "Person" includes any individual, trust, estate, entity (including but not limited to sole proprietorship, partnership, joint venture, company, or corporation), organization, association, group, government, or governmental body (including but not limited to any governmental agent, representative, agency, bureau, department, committee, or commission).

3.     "You," "Your," or "NFPA" means National Fire Protection, Association, Inc., its predecessors, affiliates, officers, employees, agents, attorneys, and any Person NFPA believes to be an agent of NFPA or was otherwise acting on its behalf.

4.     "Public Resource" means Public.Resource.org, Inc.

5.     The terms "Work-At-Issue" and "Works-At-Issue" mean any and all works in which You assert copyright, which copyright You claim that Public Resource has infringed, directly or indirectly.

6.     The term "Complete Chain of Title" includes, at a minimum: initial creation and authorship of any component of a work, documents sufficient to identify the original creator(s) and author(s) of the work and all assignments documenting transfer from the author(s) to National Fire Protection Association, Inc., including all intermediate transfers, as well as a copyright registration.

7.     The term "Standard" refers to any standard, code, safety code, model code, model law, or set of rules, whether or not any jurisdiction has incorporated it into law.

8.     The term "Incorporated Standard" refers to any Standard that any jurisdiction has incorporated into law, including incorporation by reference.

9.     "Concerning" or "regarding" means "pertaining to, referring to, relating to, mentioning, or reflecting."

10.     "Promoted" means advocated, encouraged, suggested, acquiesced in, accepted,

celebrated, praised, or publicized.

11.      "Access" means to view, read, study, analyze, evaluate, or compare.

12.      "Legal Authority" means any governmental edict, rule, regulation, law, or other binding authority or expression.

13.      "Standards Process" means development, creation, drafting, revision, editing, transmission, publication, distribution, display, or dissemination of a Standard.

14.      "Contribution" means assistance, advice, financial support, labor, effort, or expenditure of time.

15.      The terms "or" and "and" mean both the conjunctive and the disjunctive.

16.      The terms "any" or "each" include and encompass "all."

17.      The use of a verb in any tense includes the use of the verb in all other tenses.

18.      The singular form of any word includes the plural.  The plural form of any word includes the singular.

19.      The term "all" means any and all.

## TOPICS OF EXAMINATION

1.      The process and activities of developing the Works-At-Issue, including the participation of government and private sector personnel in standards development.

2.      All elements of the Chain of Title of copyright ownership, including copyright authorship and ownership of component parts, of the Works-At-Issue in this case.

3.      The authority of persons executing copyright assignment forms in favor of You to convey the copyright rights in their works or expression, including but not limited to evidence of authority of employees to assign copyrights they do not own individually.

4.      The availability and accessibility of Standards that You claim to own for reading, study, commentary, evaluation, criticism, annotation, and comparison to other Standards and documents by the public.

5.      The terms (including but not limited to financial terms, other requirements, conditions, restrictions, limitations, exclusions, and exceptions) of access to the Standards that

You claim to own for reading, study, research, commentary, evaluation, criticism, bookmarking, other annotation, reproduction, personal use, place shifting, space shifting, data mining, and comparison to other versions, Standards, and documents, by the public.

6.      Communications between any one or more Plaintiffs, or of American National Standards Institute, on the one hand, and governments, government agencies, government officials (including elected officials), and government employees, on the other hand, regarding the benefits, creation, revision, editing, approval (whether by vote or consensus), dissemination or distribution, public availability, use, or incorporation into laws or regulations of the Works-At-Issue in this case.

7.      All revenue You received from governments and government agencies in connection with the Standards, including but not limited to the sale or licensing of Standards.

8.      Your sources of revenue, the proportion of revenue received from each source, and changes in revenue sources over the relevant time period.

9.      Your sources and types of revenue other than the sale of copies of or access to the Works-At-Issue.

10.     Your receipt of grants, funding, other financial Contribution, or in-kind Contribution for work pertaining to Standards from any government agency, other entity, or person, whether directly or indirectly through another organization.

11.     Your efforts to influence the procedures and requirements imposed by federal and state governments or their officers, agencies, or subdivisions, including but not limited to the Office of Management and Budget, the Office of the Federal Register, and state code commissions for the incorporation of standards by reference into law or regulation.

12.     Your awareness of any consumer confusion, mistake, or deception caused by Public Resource's posting of the Works-At-Issue or by the appearance of the Works-At-Issue that Public Resource has posted.

13.     Sales of each Work-At-Issue and of each predecessor to each Work-At-Issue, by unit volume and by dollar volume, for each month or quarter since 2010.

14.     All harms (financial and otherwise) to You arising from the facts that You have alleged in the complaint and from any other acts, omissions, or operations of Public Resource.

15.     All changes to the standards development processes or activities that You have made because of the activities of Public Resource at issue in this case.

16.     The original creative expression in each of the Works-At-Issue.

17.     The creativity pertaining to the expressions in the Works-At-Issue in this case.

18.     All communications with any person or entity regarding lost sales or lost licenses, or regarding an intention not to buy or license, with respect to the Works-At-Issue attributable to the activities of Public Resource at issue in this case.

19.     Your nonprivileged communications about any litigation or potential litigation against Public Resource, or Plaintiffs' policies and practices for responding to copyright infringement, including but not limited to communications by those persons concerning positions taken by some or all Plaintiffs in this case.

20.     Your communications with federal, state, or local government agencies and legislatures, including but not limited to the National Institute of Standards and Technology, Department of Agriculture (including the Rural Utility Service), Department of Homeland Security (including US Coast Guard), Department of Energy, Nuclear Regulatory Commission, Consumer Product Safety Commission, Department of Housing and Urban Development, Department of Labor (including the Occupational Safety and Health Administration, the Mine Safety and Health Administration), National Archives and Records Administration, Veterans Administration, Environmental Protection Administration, Department of Health and Human Services, Department of Transportation (including the Pipeline and Hazardous Materials Safety Administration), state code commissions, state fire marshals, municipal and county fire departments, state building commissions, state fire commissions, and state departments of labor, regarding the incorporation of Standards into law or regulation.

21.     Your competition with the International Code Council regarding the adoption of energy standards by government agencies.

6

22.     Your decision and motivation to create and/or develop free access to some or all of the Standards-At-Issue and all factors that You considered.

23.     The protocols and procedures governing Your granting of licenses or permission requests to any third party to the Works-At-Issue.

24.     Your knowledge of uses or potential uses of the Works-At-Issue, including uses for which You denied permission.

25.     The bates numbers of at least one instance of every form of assignment with which You claim a person assigned any copyright in the Works-At-Issue to You.

26.     Your communications about or with Public Resource, Carl Malamud, the Copyright Task Force, and the "corner bakery group."

27.     Your coordination efforts with other organizations (including other Plaintiffs in this case) on how to respond to Public Resource's activities and other incorporation by reference issues.

28.     Your lobbying efforts with state and federal government officials regarding Your stance on issues related to incorporation by reference.

29.     Sales or licenses of the Works-At-Issue by others.

30.     Authorized dissemination of, or distribution of copies or reproductions of, the Works-At-Issue by others.