**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| AMERICAN SOCIETY FOR TESTING AND MATERIALS d/b/a/ ASTM INTERNATIONAL;<br><br>NATIONAL FIRE PROTECTION ASSOCIATION, INC.; and<br><br>AMERICAN SOCIETY OF HEATING, REFRIGERATING, AND AIR CONDITIONING ENGINEERS,<br><br>        Plaintiffs/<br>        Counter-Defendants,<br><br>v.<br><br>PUBLIC.RESOURCE.ORG, INC.,<br><br>        Defendant/<br>        Counter-Plaintiff. | Case No. 1:13-cv-01215-TSC-DAR |

## PLAINTIFFS' REPLY IN SUPPORT OF THEIR MOTION FOR PROTECTIVE ORDER

## <u>TABLE OF CONTENTS</u>

**Page**

I.     Defendant Does Not Have Standing to Raise Issues About Any Aspect of the Validity of the Assignments of the Copyrights to Plaintiffs ...............................................2

      A.    A Party With No Claim to Ownership of the Copyrights Does Not Have Standing to Challenge the Presumption of Ownership When Plaintiff Claims Ownership By Assignment ........................................................................3

      B.    Contributors to Plaintiffs' Standards Assign Their Copyrights to Plaintiffs..........6

II.    Preparing a Witness to Be Deposed on These Topics Would Be Unduly Burdensome for ASTM ...................................................................................................8

III.   Plaintiffs' Motion is Procedurally Proper.....................................................................12

CONCLUSION ......................................................................................................................13

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*Barefoot Architect, Inc. v. Bunge*,
    632 F. 3d 822 (3d Cir. 2011) ........................................................................................ 4, 6

*Billy-Bob Teeth, Inc. v. Novelty, Inc.*,
    329 F.3d 586 (7th Cir. 2003) ............................................................................................. 6

*DSMC, Inc. v. Convera Corp.*,
    479 F. Supp. 2d 68 (D.D.C. 2007) ................................................................................... 9

*Eden Toys, Inc. v. Florelee Undergarment Co.*,
    697 F.2d 27 (2nd Cir. 1982) ......................................................................................... 4, 6

*Hart v. Sampley*,
    No. CIV. A. 91-3068(CRR), 1992 WL 336496 (D.D.C. June 24, 1992) ................... 1, 3, 6

*Imperial Residential Design, Inc. v. Palms Dev. Grp., Inc.*,
    70 F.3d 96 (11th Cir. 1995) ......................................................................................... 3, 6

*In re Napster Copyright Litig.*,
    191 F. Supp. 2d 1087 (N.D. Cal. 2002) ........................................................................... 4

*International Code Council, Inc. v. National Fire Protection Association*,
    No. 02 C 5610, 2006 WL 850879 (N.D. Ill. Mar. 27, 2006) ......................................... 4, 5

*M&T Mortg., U.S. ex. rel. Fago v. M&T Mortg. Corp.*,
    235 F.R.D. 11 (D.D.C. 2006) ........................................................................................... 9

*Minden Pictures, Inc. v. Pearson Educ., Inc.*,
    929 F. Supp. 2d 962 (N.D. Cal. 2013) ............................................................................. 5

*Mob Music Publ'g v. Zanzibar on the Waterfront, LLC*,
    698 F. Supp. 2d 197 (D.D.C. 2010) ................................................................................. 9

*Swatch Group Mgmt. Servs. Ltd. v. Bloomberg L.P.*,
    861 F. Supp. 2d 336 (S.D.N.Y. 2012) ........................................................................... 11

*T-Peg, Inc. v. Vermont Timber Works, Inc.*,
    No. 03–CV–462–SM, 2008 WL 879730 (D.N.H. Mar. 28, 2008) ...................................... 5

*T-Peg, Inc. v. Vermont Timber Works, Inc.*,
    No. Civil No. 03–cv–462–SM, 2009 WL 839524 (D.N.H. Mar. 27, 2009) ......................... 5

*Viesti Assocs., Inc. v. Pearson Educ., Inc.*,
    No. 11–cv–0 1687–PAB–DW, 2014 WL 1053772 (D. Colo. Mar. 19, 2014) ..................... 5

## TABLE OF AUTHORITIES
### (Continued)

**STATUTES**

17 U.S.C. § 204 .................................................................................................3, 4, 6

17 U.S.C. § 410(c)..................................................................................................2

17 U.S.C. § 501(b)..................................................................................................2

Plaintiffs' Motion is premised on a straightforward legal proposition.  When a federally registered copyright owner brings an infringement claim against a defendant who does not claim that it has any copyright ownership in the work, the accused infringer does not have standing to challenge the validity of any transfers or assignments between the registered copyright owner and other third parties.  As this Court has held, "even if, as defendants suggest, the transfer was in some way defective, the defendants would not have standing to challenge the validity of the transfer because they were not parties to the agreement."  *Hart v. Sampley*, No. CIV. A. 91-3068(CRR), 1992 WL 336496, at *1 (D.D.C. June 24, 1992).  Defendant does not provide any authority to the contrary, nor does it seriously dispute that the discovery it seeks relates to its claims about supposed defects in the way that other parties assigned copyrights to plaintiffs.  That suffices to resolve this Motion.

Defendant argues that it needs discovery to pursue the following theories through which it could show that third parties and not Plaintiffs own the copyrights in portions of the works at issue: (1) some of the purported assignments are actually non-exclusive licenses, (2) some of the assignments are not signed, (3) the copyright could not be assigned because the author might be an employee without the authority to assign his/her copyright, (4) some of the assignments might be missing or non-existent, or (5) the copyright could not be assigned because the author might be an employee of the federal government.  Opp'n at 10.  The first four of these theories are unquestionably attempts by Defendant to inquire into the transfers between Plaintiffs and various third parties, and the law is clear that Defendant lacks standing to raise these theories.  And the fifth theory is about the role that government employees play in the standards development process and is not covered by this Motion.  To the contrary, that theory is the subject of a separate 30(b)(6) topic on which all Plaintiffs have provided a witness.  *See* Topic 1 of Exs. A,

1

B, C to Opening Mem. ("[t]he process and activities of developing the Works-At-Issue, including the participation of government and private sector personnel in standards development.").[1]  Thus, the Motion should be granted.

I.     **Defendant Does Not Have Standing to Raise Issues About Any Aspect of the Validity of the Assignments of the Copyrights to Plaintiffs.**

The parties agree that, pursuant to 17 U.S.C. § 501(b), "[i]n order to maintain an action for copyright infringement, plaintiffs must demonstrate that they own the copyrights for the works in question."  Plaintiffs have satisfied the requirements of section 501(b) by providing proof of copyright ownership in the form of certificates of copyright registration.  17 U.S.C. § 410(c) (the certificate of registration "shall constitute prima facie evidence of the validity of the copyright and of the facts stated in the certificate").  To the extent Defendant seeks to rebut the presumption of Plaintiffs' ownership by alleging that the assignments of copyright by individual members who authored components of the works were somehow improper, including that they were not signed, that the person who signed the agreement was not authorized to assign the copyright, or that there is a defect in the language used in the assignments, it does not have standing to do so.

---

[1] Plaintiffs' standard development procedures include the participation of federal government employees, as federal regulators provide an important perspective on the standards.  Defendant's pursuit of discovery regarding whether any federal employee authored a piece of any of the standards at issue such that Plaintiffs do not own the copyright in that piece of a standard is a classic fishing expedition.  Defendant copied Plaintiffs' entire standards.  There is no basis for asserting, and Defendant offers no evidence to suggest, that any federal government employee authored the entire text or substantially the entirety of any standard.  For example, ASTM's technical committees are made up of over 30,000 individuals, representing manufacturers, retailers, consumers, academics, researchers and government agencies.  Federal employees make up a small percentage of the membership. And even if a federal employee drafted some part of any standard at issue, that would not be a defense to Defendant's wholesale copying of the entirety of the standard.

Defendant apparently concedes that the case law precludes a third party from making "technical challenges" to the validity of an assignment and argues instead that these cases do not address whether a defendant in an infringement action has standing to raise issues regarding whether an assignment actually occurred or was intended.  Opp'n at 8-9.  Defendant's invented distinction between "technical challenges" and other types of challenges finds no support in the case law.  As discussed below, the cases cited by Plaintiffs unambiguously state that a third party infringer does not have standing to challenge the validity of an assignment under section 204 on any basis.  And in any event, the documents produced in the case show that the contributors to Plaintiffs' standards intended to assign their copyrights to Plaintiffs and actually made the assignments.

**A.      A Party With No Claim to Ownership of the Copyrights Does Not Have Standing to Challenge the Presumption of Ownership When Plaintiff Claims Ownership By Assignment.**

17 U.S.C. § 204 provides that "[a] transfer of copyright ownership, other than by operation of law, is not valid unless an instrument of conveyance, or a note or memorandum of the transfer is in writing and signed by the owner of the rights conveyed or such owner's duly authorized agent."  Thus, Section 204 discusses the requirements of a writing transferring copyright ownership, a signature, and whether the signature is by the owner or the owner's authorized agent.

As discussed in Plaintiffs' opening memorandum, courts consistently hold, and this Court has previously held, that if there is no dispute between the copyright owner and transferee about the ownership of the copyright, then a copyright infringement defendant lacks standing to challenge the validity of an assignment.  *Hart*, 1992 WL 336496, at *1 (citing *Imperial Residential Design, Inc. v. Palms Dev. Grp., Inc.*, 70 F.3d 96, 99 (11th Cir. 1995) ("the chief

3

purpose of section 204(a), (like the Statute of Frauds) is to resolve disputes between copyright

owners and transferees …. It would be unusual and unwarranted to permit a third-party infringer

to invoke section 204(a) to avoid suit for copyright infringement."); *Eden Toys, Inc. v. Florelee*

*Undergarment Co.*, 697 F.2d 27 (2nd Cir. 1982)).[2] Even the cases cited by Defendant make this

point clearly. *See, e.g.*, *In re Napster Copyright Litig.*, 191 F. Supp. 2d 1087, 1097 (N.D. Cal.

2002) ("The cases hold that a third party does not have standing to challenge the presumption of

ownership when plaintiffs claim ownership by assignment.").

As the Third Circuit explained, the rationale behind precluding a copyright infringer from

raising issues regarding the validity of an assignment is that ultimately such issues relate only to

*whose* copyright has been infringed and not whether the defendant is liable for infringement.

*Barefoot Architect, Inc. v. Bunge*, 632 F. 3d 822, 829-30 (3d Cir. 2011) (holding that third party

infringer did not have standing to raise issues relating to the validity of the assignment because

"[a]ll of [the defendants] knew or should have known that they were at least potentially

infringing someone's copyright — even if they perhaps could not be precisely sure whose."). As

a result, Defendant cannot escape liability for its infringement by arguing that it infringed

someone's copyrights but not Plaintiffs' copyrights.

The cases on which Defendant relies to argue that a third-party infringement defendant

may attack the validity of an assignment simply provide no support for its position. Defendant

discusses *International Code Council, Inc. v. National Fire Protection Association*, No. 02 C

5610, 2006 WL 850879 (N.D. Ill. Mar. 27, 2006), at length, but Defendant wrongly suggests that

the court actually ruled on the defendant's standing in that unpublished order. Rather, the court

---

[2] Although these cases involved works authored by a single author, none of the courts relied on
that fact in concluding that defendants cannot defend their copyright infringement by challenging
the validity of the assignment to the plaintiff.

discussed the issue only in passing in a footnote, in which it expressly acknowledged that the issue was not raised by the parties. *Id.* at *18 n. 33 ("ICC has not challenged NFPA's standing to voice this challenge.").

Similarly, the remaining district court cases that Defendant cites do not establish that a third party infringer can challenge the validity of an assignment. *See Viesti Assocs., Inc. v. Pearson Educ., Inc.*, No. 11–cv–0 1687–PAB–DW, 2014 WL 1053772 (D. Colo. Mar. 19, 2014); *Minden Pictures, Inc. v. Pearson Educ., Inc.*, 929 F. Supp. 2d 962 (N.D. Cal. 2013); *T-Peg, Inc. v. Vermont Timber Works, Inc.*, No. 03–CV–462–SM, 2008 WL 879730 (D.N.H. Mar. 28, 2008).  In *Viesti* and *Minden*, the plaintiffs were not listed on the copyright certificates as owners and were therefore not entitled to a presumption of ownership based on registration. *See Viesti*, 2014 WL 1053772, at *10-14; *Minden*, 929 F. Supp. 2d at 968-70.  No one disputes that when a copyright plaintiff lacks a registration certificate, the plaintiff must present some other evidence that it has an ownership interest in the copyright.  Here, by contrast, the certificates of registration list Plaintiffs as the owners of the copyrights.

In *T-Peg*, an unpublished opinion from the District of New Hampshire, the court did not hold that the defendant had standing to challenge the assignment, but simply ordered supplemental briefing on the question of plaintiff's ownership.  2008 WL 879730 at *3. Ultimately, after supplemental briefing, the court decided that the plaintiff owned the copyright even if there were technical problems with the registration certificate and did not rule on the question of whether defendant had standing to challenge the assignments.  *See T-Peg, Inc. v. Vermont Timber Works, Inc.*, No. Civil No. 03–cv–462–SM, 2009 WL 839524 (D.N.H. Mar. 27, 2009).

5

In contrast to the isolated district court opinions identified by Defendant, none of which actually directly addressed the question at issue here, Plaintiffs have identified multiple cases from several Courts of Appeal, which have held uniformly that third party infringers do not have standing to raise *any* issues about the validity of a transfer even when there was no contemporaneous writing documenting the transfer at all.  *See, e.g., Barefoot Architect,* 632 F. 3d at 829-30; *Billy-Bob Teeth, Inc. v. Novelty, Inc.*, 329 F.3d 586 (7th Cir. 2003); *Imperial Residential Design*, 70 F.3d at 99; *Eden Toys*, 697 F.2d at 36.  If a third party is not permitted to challenge whether the assignment complied with the requirements of Section 204 when there was *no* writing, it defies logic to argue that a copyright infringer should be permitted to challenge whether a specific writing complied with the requirements of Section 204, including whether there is a defect in the wording of the assignment, if the assignment was signed, or if the person who signed has the authority to enter into the assignment.  Indeed, this Court has held that a third party defendant does not have standing to argue that the assignment of a copyright was "in some way defective."  *Hart*, 1992 WL 336496, at *1.

**B.     Contributors to Plaintiffs' Standards Assign Their Copyrights to Plaintiffs.**

Although Plaintiffs reject the notion that they should be required to provide discovery on the assignment topics when Defendant does not have standing to challenge the assignments, the Defendant's assertions are baseless in any event.  The documents produced in this case demonstrate that contributors to Plaintiffs' standards intend to and actually assign their copyrights to Plaintiffs.  Defendant's assertion that "for many, perhaps most, of the copyrightable contributions at issue in this case, there have been no copyright assignments at all," Opp'n at 10, is entirely without foundation.

6

For example, ASTM standards are drafted, edited, and revised by a combination of staff employees and committee members.[3]  When specific language is proposed for use in a standard, the person making the proposal, whether a committee member or a non-member, agrees to the following language: "I hereby grant and assign to ASTM International all and full intellectual property rights, including copyright, in the proposed draft standard/text and any contributions I make to ASTM International in connection with this proposal" and "By submitting this form, I acknowledge that all copyrights to this document, as a draft and an approved ASTM standard, are the sole and exclusive property of ASTM, in accordance with the Intellectual Property policies of the Society."  *See* Declaration of Jordana S. Rubel ("Rubel Decl.") ¶ 3, Ex. 2.

When the ASTM committee and staff complete a draft of the standard, the standard goes through a rigorous review process before the final version of the standard is approved by ASTM. The final version of each standard is published with ASTM's trademarks on it and with a copyright notice identifying ASTM as the copyright owner.  *See, e.g.,* Rubel Decl. ¶ 4, Ex. 3.

 In addition to the assignments of any copyright in proposed language that a member submits for possible inclusion in a standard, new members and members renewing their memberships online to ASTM also must agree to the following language: "I agree, by my participation in ASTM and enjoyment of the benefits of my annual membership, to have transferred and assigned any and all interest I possess or may possess, including copyright, in the development or creation of ASTM standards or ASTM IP to ASTM."  Rubel Decl. ¶ 5-6, Exs. 4, 5.  Some members renew their memberships using paper forms that contain substantially the

---

[3] This section focuses on the procedures of ASTM because, after the Motion was filed, the Court ordered Defendant to take the remaining 30(b)(6) depositions of NFPA and ASHRAE witnesses by no later than April 2, 2015.  *See* Mar. 23, 2015 Minute Order.  Because NFPA and ASHRAE were already going to have 30(b)(6) witnesses testify on certain related subjects, NFPA and ASHRAE also made these witnesses available to testify on the subjects that are the issue of the Motion and made reasonable efforts to prepare their witnesses to testify on these subjects.

same language.  Rubel Decl. ¶ 7, Ex. 6.  To the extent that there is any possibility that a contributor to a standard did not assign his/her copyrights to ASTM when he/she submitted the proposal, the language in the membership renewal forms clearly indicates that the person intended to assign such rights to ASTM previously and completes the assignment if it had not already been completed.

Thus, ASTM's routine procedures provide a "belt and suspenders" approach to ensuring that any copyrights are assigned by their members to ASTM consisting of multiple layers of forms.  Defendant has pointed to one example in which a member renewed his membership by email instead of signing a renewal form and one example of a member who tore off the piece of the renewal form that includes the assignment language before sending it in.  Even if Defendant could demonstrate that these two individuals actually contributed language that was used in the final version of any ASTM standard, which it has not done, Defendant ignores the fact that the assignment language in the membership renewal forms is only one of several ways in which contributors to the standards assign their copyrights to ASTM.  Even if, so to speak, the suspenders could be missing, the belt will still do the job.

## II.      Preparing a Witness to Be Deposed on These Topics Would Be Unduly Burdensome for ASTM.

Even though Defendant cannot defend its infringement by alleging that the assignments to Plaintiffs were somehow defective, Plaintiffs produced certain documents and forms related to the assignments during the course of this litigation.  But requiring Plaintiffs to prepare witnesses on the 30(b)(6) topics that are the subject of this Motion would be unduly burdensome for Plaintiffs, particularly given the irrelevance of the subject matter of those topics.

One of the deposition topics at issue calls for a witness to testify about the "Bates numbers of at least one instance of every form of assignment with which [Plaintiffs] claim a

person assigned any copyright in the Works-At-Issue to [Plaintiffs]." *See* Topic 24 of Ex. A; Topic 25 of Ex. B; Topic 26 of Ex. C to Opening Memo.  It is not reasonable to expect a deponent to educate him/herself about a topic this specific, which would require a witness to memorize information about hundreds of assignments.  *See M&T Mortg.*, *U.S. ex. rel. Fago v. M&T Mortg. Corp.*, 235 F.R.D. 11, 25 (D.D.C. 2006) (holding that it was unreasonable to expect 30(b)(6) witness to testify about loan numbers for 63 different loans).  The Court should not require Plaintiffs to designate a witness on this topic for this reason alone.

The extreme breadth of the two other topics at issue would make it exceptionally burdensome for ASTM to prepare a witness to testify about them.  Defendant's assertion that Plaintiffs bear the burden regarding their assertions of ownership of the standards in this case is false.  *See* Opp'n at 17.  In fact, because Plaintiffs came forward with copyright registrations that list Plaintiffs as the owners of the copyrights in each of the standards at issue, Defendant has the burden of proving that Plaintiffs' copyright registrations are not valid.  *See, e.g., Mob Music Publ'g v. Zanzibar on the Waterfront, LLC*, 698 F. Supp. 2d 197, 202 (D.D.C. 2010) (a certificate of copyright registration constitutes prima facie evidence of the validity of the registration and the facts stated in the registration and shifts the burden to the defendant to controvert the copyright owner's chain of title); *DSMC, Inc. v. Convera Corp.*, 479 F. Supp. 2d 68, 82 (D.D.C. 2007) (a certificate of registration "shall constitute prima facie evidence of the validity of the copyright and of the facts stated in the certificate").

Furthermore, given the broad scope of the deposition topics, Defendant's suggestion that preparing a witness to testify on these topics is not unduly burdensome because Plaintiffs have already produced documents concerning copyright assignments and therefore must be familiar with their content unfairly minimizes the scope of the topics.  Defendant does not simply seek to

9

ask questions about the general processes through which its standards are developed and the copyrights are transferred to Plaintiffs.  Defendant wants ASTM to prepare a witness to be able to testify, for example, about "all elements of Chain of Title" of 229 ASTM standards at issue in this case, which Defendant defines as "at a minimum: initial creation and authorship of any component of a work, documents sufficient to identify the original creator(s) and author(s) of the work and all assignments documenting transfer from the author(s) to [Plaintiffs], including all intermediate transfers, as well as a copyright registration."  *See* Topic 2 and Definitions of Exs. A, B, C to Opening Memo.  This topic is so broad that no witness could reasonably be expected to be able to testify about it.

Similarly, the remaining topic would require witnesses to testify about the authority of each person who executed a copyright assignment to Plaintiffs to convey that copyright.  *See* Topic 3 of Exs. A, B, C.  Not only does this topic call for testimony regarding detailed information about hundreds or thousands of assignments, it is not even limited to copyrights in language that was actually included in the final version of a standard or to assignments that were made in connection with the works at issue in this litigation.

Essentially, Defendant seeks to shift the burden onto Plaintiffs to sift through voluminous documents discussing the creation of the standards at issue and the assignment forms and be able to provide witnesses who can demonstrate that no contributor of copyrightable expression retained any ownership interest.  Just because Plaintiffs produced documents that relate to these issues does not mean that they have performed the monumental task of determining which committee members and others may have drafted which language in a standard and then matching up the names of those people with their copyright assignment records.  If Defendant wants to pursue this fishing expedition, it can review the documents and discern whether any

10

language that appears in the standards at issue was actually drafted by any individuals who could not or did not assign their copyrights to Plaintiffs.  The Court should not require Plaintiffs to do this extensive work for Defendant simply because Defendant designated a deposition topic that calls for a witness to testify on these issues, particularly where Defendant bears the burden of proving that Plaintiffs' copyrights are not valid and Defendant does not have standing to challenge the validity of the assignments.

Defendant's argument that it *may* be able to show that so much of the language in Plaintiffs' standards was drafted by such individuals that the portions of the standards that remain could be so thin that Defendant's copying would be a fair use rests on the faulty premise that the standards at issue are "riddled with uncopyrightable elements" and that the copyrightable elements within the standards are minimal.  *See* Opp'n at 11.  Unlike in *Feist Publications, Inc. v. Rural Telephone Services Co.*, Plaintiffs' standards are not factual compilations in which they only claim protection in the selection and arrangement of the content.  *See* 499 U.S. 340, 350-51 (1991) (holding that a telephone book containing basic subscriber information arranged in alphabetical order was not protectable by copyright because it did not require even a minimal degree of originality).  Similarly, the standards at issue differ considerably from the recording of a telephone conference whose purpose was to present information about the plaintiff's financial condition and business performance to a group of analysts that was found to have only a "thin" copyright.  *See Swatch Group Mgmt. Servs. Ltd. v. Bloomberg L.P.*, 861 F. Supp. 2d 336 (S.D.N.Y. 2012).

Plaintiffs' standards do not consist of bare facts.  For example, ASTM's standards are the product of intense collaboration and compromise between sophisticated committee members representing different constituencies who work together to define and establish common

foundations to ensure quality and consistency and to enable seamless interoperability between and across products and systems.  Plaintiffs' standards unquestionably have sufficient originality to be protectable by copyright.  Indeed, the president and sole employee of Defendant has himself acknowledged that the standards have a "strong copyright interest" before they are incorporated by reference into regulations.  Rubel Decl. ¶ 2, Ex. 1.  Not only is it pure conjecture for Defendant to suggest that removing certain portions from the standards that could potentially not be owned by Plaintiffs would render the copyright in the remainder of the standard "thin," it also reveals a profound misunderstanding of the substance of Plaintiffs' standards.

### III.   Plaintiffs' Motion is Procedurally Proper.

Plaintiffs' Motion is procedurally proper.  First, Plaintiffs styled their Motion as an emergency motion because they wanted the Court to rule on it prior to the dates for which their depositions had been noticed.  Subsequently, the Court made it clear that Plaintiffs were not required to produce witnesses on the topics that are the subject of Plaintiffs' motion unless and until the Court denied the motion.  As a result, there is no need for the Court to consider this motion on an emergency basis.

Defendant's assertion that Plaintiffs should have raised this issue in a motion to strike Defendant's defense that Plaintiffs do not own the copyright in the standards at issue is baseless. Plaintiffs argue only that Defendant does not have standing to raise issues related to the validity of the assignments made by their members, not that Defendant would not have standing to raise other types of arguments related to lack of ownership of a valid copyright.  Defendant's affirmative defense of lack of ownership does not specify that the alleged lack of ownership is due to invalid assignments or that third parties owned the copyrights at issue.  *See* Dkt. 21 at 48. Thus, there was no reason for Plaintiffs to move to strike that affirmative defense.

Finally, this is not a motion for reconsideration of an earlier ruling by the magistrate judge.  This Motion specifically deals with the scope of three 30(b)(6) deposition notice topics, which has not been addressed by the parties or the Court previously.  As Defendant notes in its description of the procedural history of this case, Opp'n at 3, although Plaintiffs raised this issue in connection with Defendant's Motion to Compel, Plaintiffs ultimately agreed to produce certain assignment documentation and there was never a ruling on this issue.  It is appropriate for the magistrate judge to hear this motion because it relates to the permissible scope of discovery. If Defendant is not satisfied with the magistrate judge's ruling on the issue, it can seek reconsideration by the district court judge.

Thus, there are no procedural grounds for denying Plaintiffs' motion.

## CONCLUSION

For all of the foregoing reasons and the reasons discussed in their opening memorandum, Plaintiffs respectfully request that the Court grant their Motion to enter a protective order.

Dated:  April 2, 2015                    Respectfully submitted,

                                         /s/ J. Kevin Fee

                                         Michael F. Clayton (D.C. Bar: 335307)
                                         J. Kevin Fee (D.C. Bar: 494016)
                                         Jordana S. Rubel (D.C. Bar: 988423)
                                         Morgan, Lewis & Bockius LLP
                                         1111 Pennsylvania Ave., N.W.
                                         Washington, D.C. 20004
                                         Telephone: 202.739.5215
                                         Email: mclayton@morganlewis.com
                                                 jkfee@morganlewis.com
                                                 jrubel@morganlewis.com

                                         *Counsel For American Society For Testing And Materials
                                         d/b/a/ ASTM International*

                                         /s/ Anjan Choudhury

                                         Anjan Choudhury (D.C. Bar: 497271)
                                         Munger, Tolles & Olson LLP
                                         355 South Grand Avenue, 35th Floor
                                         Los Angeles, CA  90071
                                         Tel: 213.683.9100
                                         Email:  Anjan.Choudhury@mto.com

                                         Kelly M. Klaus
                                         Jonathan H. Blavin
                                         Nathan M. Rehn
                                         Munger, Tolles & Olson LLP
                                         560 Mission St., 27th Floor
                                         San Francisco, CA 94105
                                         Tel:  415.512.4000
                                         Email: Kelly.Klaus@mto.com
                                                 Jonathan.Blavin@mto.com
                                                 Thane.Rehn@mto.com

                                         *Counsel for National Fire Protection Association, Inc.*

                                         /s/ Joseph R. Wetzel

                                         Jeffrey S. Bucholtz (D.C. Bar: 452385)
                                         King & Spalding LLP
                                         1700 Pennsylvania Avenue, NW, Ste. 200
                                         Washington, DC 20006-4707

14

Tel: 202.737.0500
Email: jbucholtz@kslaw.com

Kenneth L. Steinthal
Joseph R. Wetzel
Blake Cunningham
King & Spalding LLP
101 Second Street, Ste. 2300
San Francisco, CA 94105
Tel: 415.318.1211
Email: ksteinthal@kslaw.com
       jwetzel@kslaw.com
       bcunningham@kslaw.com

*Counsel for American Society of Heating, Refrigerating, and Air Conditioning Engineers*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Reply in Support of Motion

for Protective Order was served this 2nd day of April, 2015 via CM/ECF upon the following:

*Counsel for National Fire Protection Association, Inc.*

Jonathan H. Blavin (Jonathan.Blavin@mto.com)
Anjan Choudhury (Anjan.Choudhury@mto.com)
Kelly M. Klaus (Kelly.Klaus@mto.com)
Nathan M. Rehn (Thane.Rehn@mto.com)

*Counsel for American Society of Heating, Refrigerating, and Air Conditioning Engineers*

Jeffrey S. Bucholtz (jbucholtz@kslaw.com)
Kenneth L. Steinthal (ksteinthal@kslaw.com)
Joseph R. Wetzel (jwetzel@kslaw.com)
Blake Cunningham (bcunningham@kslaw.com)

*Counsel for Public.Resource.Org, Inc.*

Andrew Bridges (abridges@fenwick.com)
Kathleen Lu (klu@fenwick.com)
David Halperin (davidhalperindc@gmail.com)
Mitchell L. Stoltz (mitch@eff.org)
Corynne McSherry (corynne@eff.org)
Joseph Gratz (jgratz@durietangri.com)
Mark Lemley (mlemley@durietangri.com)

/s/ Jordana Rubel

Jordana Rubel