**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| AMERICAN SOCIETY FOR TESTING AND MATERIALS d/b/a/ ASTM INTERNATIONAL; <br><br> NATIONAL FIRE PROTECTION ASSOCIATION, INC.; and <br><br> AMERICAN SOCIETY OF HEATING, REFRIGERATING, AND AIR CONDITIONING ENGINEERS, <br><br><p align="center">Plaintiffs/<br>Counter-Defendants,</p><br> v. <br><br> PUBLIC.RESOURCE.ORG, INC., <br><br><p align="center">Defendant/<br>Counter-Plaintiff.</p> | Case No. 1:13-cv-01215-TSC-DAR |

<u>**PLAINTIFFS' MOTION TO SET EXPERT SCHEDULE**</u>

Plaintiffs/Counter-Defendants American Society for Testing and Materials d/b/a ASTM International ("ASTM"), National Fire Protection Association, Inc. ("NFPA"), and American Society of Heating, Refrigerating, and Air Conditioning Engineers ("ASHRAE") (collectively, "Plaintiffs") respectfully move for the Court to set an expert schedule that is consistent with the Court's March 23 Order.  At the March 19 hearing, Plaintiffs informed the Court that they believed the parties would be able to agree on a schedule for expert discovery.  That was because Defendant Public.Resource.Org, Inc. ("Defendant") had represented to Plaintiffs and to the Court that the expert disclosure schedule would need to be adjusted to accommodate Defendant's efforts to take depositions after the previously scheduled close of fact discovery.  Plaintiffs relied on those representations.  But Defendant has now abandoned that position and has refused to engage in any discussions with Plaintiffs about setting a new schedule for expert disclosures.

Accordingly, Plaintiffs have no choice but to seek the Court's assistance in this matter.

Prior to last week, the parties have always expressly agreed that the expert witness phase of this case would commence after the close of fact discovery.  On November 25, 2014, the Court granted a consent motion to set a case schedule that reflected this mutual agreement.  *See* Dkt. 58.  The scheduling order set January 30, 2015 as the close of fact discovery, with initial expert reports due on March 2, 2015 and subsequent expert deadlines through July 14, 2015. However, due to efforts by Defendant to unilaterally extend and expand discovery, fact discovery did not actually conclude in this case until April 2, 2015, a date set by the Court in ruling on Defendant's motion to extend discovery.  *See* March 23 Minute Order.  Accordingly, it is now necessary to set a new expert schedule.

Plaintiffs have proposed such a schedule to Defendant, but Defendant recently has taken the position that the expert phase should have commenced in March – while fact depositions were still ongoing – and that any opening expert report served by Plaintiffs will be challenged as untimely.  Defendant never made any such suggestion to Plaintiffs prior to last week, and in fact it consistently represented that expert reports would need to be moved back to accommodate its efforts to push back the close of fact discovery.

In accordance with Local Rule 7(m) and in light of the Court's previous instructions to the parties to work together to resolve disputes, Plaintiffs conferred with Defendant regarding the need to set a reasonable schedule for the expert phase of this case.  Defendant has been unwilling to agree to a reasonable schedule, or even to propose an alternative to the schedule proposed by Plaintiffs.

## **ARGUMENT**

A brief recounting of past motion practice and discovery efforts in this case is helpful to

understand the current scheduling dispute.  Plaintiffs took third-party depositions in November

and noticed a 30(b)(6) deposition of Defendant and the deposition of Defendant's founder, Carl

Malamud, for dates prior to January 30, 2015.  Defendant and Mr. Malamud repeatedly refused

to appear for their depositions as noticed, both before and after January 30, 2015.  As a result,

Plaintiffs were unable to depose Defendant and Mr. Malamud until February 26 and 27, 2015,

respectively.  Defendant served 30(b)(6) deposition notices on each of the Plaintiffs in November

2014 but, although Plaintiffs made their witnesses available, Defendant did not take any of those

depositions prior to the close of fact discovery.  Instead, on January 29, 2015, the day before the

close of fact discovery, Defendant moved for an extension of fact discovery and for leave to take

more than 10 depositions, which Plaintiffs opposed.  *See* Dkt. 71, 76.

Prior to Defendant's filing of the motion to extend discovery, the parties had multiple

telephone conversations attempting to reach a compromise on the fact discovery schedule, and in

those conversations, the parties agreed that the expert timeline would commence after all fact

depositions had been taken.  Even in the motion itself, Defendant acknowledged that a change to

the fact discovery cutoff would necessitate "a reset of later expert discovery deadlines to fit this

change," and that "Plaintiffs agree that the parties need until at least February 28 to take

depositions; the current expert discovery schedule, which posits opening expert reports two days

after the close of fact discovery, thus also needs to change."  Dkt. 71 at 3, 11.

Moreover, it was apparent at the March 19, 2015 hearing that all of the parties understood

that the expert deadlines would have to be adjusted in light of the delays in completing fact

discovery.  In fact, the Court began the hearing by asking if the parties had any additional areas

of disagreement besides the date that fact discovery would close and the number of depositions

Defendant would be permitted to take.  Based on the discussions between the parties, NFPA's

counsel represented to the court that there were no other areas of disagreement, and specifically stated that the parties agreed that we would "start that clock on the expert reports" at the close of fact discovery and that Plaintiffs anticipated the parties would be able to reach agreement on the precise schedule once the date for the close of fact discovery was set. Tr. of 3/19/15 hearing at 8-9.  Defendant's counsel, who were of course present at the hearing, did not disagree with the representation that the parties agreed to start the clock on expert reports after the close of fact discovery even though, according to Defendant's recently announced position, the deadline for initial expert reports had passed more than two weeks prior to the March 19 hearing.  If Defendant's counsel had disagreed with that representation, it would have been contrary to their repeated representations to Plaintiffs and to the position taken in their motion, and Plaintiffs would have immediately raised the issue with the Court at that time.  Instead, in reliance on the parties' agreement as to that point, the Court focused the hearing on the issues related to fact discovery.

At the March 19 hearing, the Court denied Defendant's motion to take additional depositions because the depositions had not been timely noticed but gave Defendant until April 2, 2015 to take the depositions of Plaintiffs' 30(b)(6) witnesses.  *See* March 23 Minute Order. Pursuant to the Court's order, Plaintiffs promptly made their 30(b)(6) witnesses available and the last deposition took place on April 1, 2015.

On April 10, 2015, Plaintiffs proposed new expert deadlines.  At 7:59 p.m. on April 13, 2015, Defendant advised Plaintiffs for the first time that its position was that the initial expert disclosure deadline had passed on March 2, and that it did not believe that the expert deadlines should be changed.  Defendant then served what it characterized as an "opposition" expert report

15 minutes later.[1]  According to Defendant, the deadlines from the November 25, 2014

scheduling order were still in effect such that the parties' opening expert reports were due on

March 2, 2015, which was one business day after Defendant finally appeared for its deposition

and made Mr. Malamud available for his deposition and before the depositions of any of

Plaintiffs' witnesses had been taken.

Plaintiffs have proposed the below schedule, which they believe is reasonable in light of

the recent depositions and the schedules of Plaintiffs' counsel and their experts.

|  | **Proposed Deadline** |
|---|---|
| Opening Expert Disclosures on issues for which disclosing party bears the burden of proof | June 5, 2015 |
| Rebuttal expert disclosures or opening expert disclosures on issues for which disclosing party does not bear the burden of proof | July 2, 2015 |
| Rebuttal expert disclosures or replies to rebuttal disclosures on issues for which disclosing party bears the burden of proof | July 31, 2015 |
| Reply expert disclosures on issues for which disclosing party does not bear the burden of proof | August 14, 2015 |
| Close of Expert Discovery | September 11, 2015 |
| Joint Status Report | September 18, 2015 |
| Status Conference | September 25, 2015 |

Plaintiffs' proposed deadline for the close of expert discovery is less than two months after the

close of expert discovery as set out in the November 25, 2014 scheduling order.  This two month

extension of the expert phase of this case is warranted given Defendant's delay in making its

---

[1] Defendant's opposition report did not actually rebut any prior report filed by Plaintiffs.  Instead, it was a report discussing the accessibility of Plaintiffs' copyrighted material by visually impaired individuals.  Defendant presumably believes that this report will aid its fair use defense.  As Defendant has the burden of proof on that issue, this report should have been served as an opening report on which the disclosing party bears the burden of proof.  In other words, if Defendant had the courage of its convictions, this report would have been served by March 2, 2015 instead of April 13, 2015.  The timing and content of Defendant's "opposition" report further expose Defendant's position for what it truly is – a gambit that Defendant devised only after failing in its attempts to expand fact discovery.

witnesses available until after the scheduled close of discovery and taking depositions until April 1, 2015, which was more than two months after fact discovery was set to close under the November 25, 2014 order.

## **CONCLUSION**

A new expert schedule is necessary to accommodate for the delay in discovery as a result of Defendant's conduct.  Defendant's position that the expert schedule began to run while the parties were still taking fact depositions is not only unrealistic and unreasonable, it is also contrary to every prior communication and discussion the parties and the Court had regarding the expert schedule.  For all of the foregoing reasons, Plaintiffs respectfully request that the Court grant this Motion and enter a new expert schedule.  A proposed order is attached hereto as Exhibit A.

Dated:  April 23, 2015                    Respectfully submitted,

                                          /s/ J. Kevin Fee

                                          Michael F. Clayton (D.C. Bar: 335307)
                                          J. Kevin Fee (D.C. Bar: 494016)
                                          Jordana S. Rubel (D.C. Bar: 988423)
                                          Morgan, Lewis & Bockius LLP
                                          1111 Pennsylvania Ave., N.W.
                                          Washington, D.C. 20004
                                          Telephone: 202.739.5215
                                          Email: mclayton@morganlewis.com
                                                 jkfee@morganlewis.com
                                                 jrubel@morganlewis.com

                                          *Counsel For American Society For Testing And Materials
                                          d/b/a/ ASTM International*

                                          /s/ Anjan Choudhury

                                          Anjan Choudhury (D.C. Bar: 497271)
                                          Munger, Tolles & Olson LLP
                                          355 South Grand Avenue, 35th Floor
                                          Los Angeles, CA  90071
                                          Tel: 213.683.9100
                                          Email:  Anjan.Choudhury@mto.com

                                          Kelly M. Klaus
                                          Jonathan H. Blavin
                                          Michael J. Mongan
                                          Munger, Tolles & Olson LLP
                                          560 Mission St., 27th Floor
                                          San Francisco, CA 94105
                                          Tel:  415.512.4000
                                          Email: Kelly.Klaus@mto.com
                                                 Jonathan.Blavin@mto.com
                                                 Michael.Mongan@mto.com

                                          *Counsel for National Fire Protection Association, Inc.*

                                          /s/ Joseph R. Wetzel

                                          Jeffrey S. Bucholtz (D.C. Bar: 452385)
                                          King & Spalding LLP
                                          1700 Pennsylvania Avenue, NW, Ste. 200
                                          Washington, DC 20006-4707

7

Tel: 202.737.0500
Email: jbucholtz@kslaw.com

Kenneth L. Steinthal
Joseph R. Wetzel
King & Spalding LLP
101 Second Street, Ste. 2300
San Francisco, CA 94105
Tel: 415.318.1211
Email: ksteinthal@kslaw.com
        jwetzel@kslaw.com

*Counsel for American Society of Heating, Refrigerating, and Air Conditioning Engineers*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing Motion to Set Expert

Schedule was served this 23rd day of April, 2015 via CM/ECF upon the following:

*Counsel for National Fire Protection Association, Inc.*

Jonathan H. Blavin (Jonathan.Blavin@mto.com)
Anjan Choudhury (Anjan.Choudhury@mto.com)
Kelly M. Klaus (Kelly.Klaus@mto.com)
Nathan M. Rehn (Thane.Rehn@mto.com)

*Counsel for American Society of Heating, Refrigerating, and Air Conditioning Engineers*

Jeffrey S. Bucholtz (jbucholtz@kslaw.com)
Kenneth L. Steinthal (ksteinthal@kslaw.com)
Joseph R. Wetzel (jwetzel@kslaw.com)
Blake Cunningham (bcunningham@kslaw.com)

*Counsel for Public.Resource.Org, Inc.*

Andrew Bridges (abridges@fenwick.com)
Kathleen Lu (klu@fenwick.com)
David Halperin (davidhalperindc@gmail.com)
Mitchell L. Stoltz (mitch@eff.org)
Corynne McSherry (corynne@eff.org)
Joseph Gratz (jgratz@durietangri.com)
Mark Lemley (mlemley@durietangri.com)

/s/ J. Kevin Fee
 J. Kevin Fee