**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| AMERICAN SOCIETY FOR TESTING AND MATERIALS d/b/a/ ASTM INTERNATIONAL; <br><br> NATIONAL FIRE PROTECTION ASSOCIATION, INC.; and <br><br> AMERICAN SOCIETY OF HEATING, REFRIGERATING, AND AIR CONDITIONING ENGINEERS, <br><br> Plaintiffs/ Counter-Defendants, <br><br> v. <br><br> PUBLIC.RESOURCE.ORG, INC., <br><br> Defendant/ Counter-Plaintiff. | Case No. 1:13-cv-01215-TSC-DAR |

**PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO SET EXPERT SCHEDULE**

Defendant cannot square its actions over the past months with its newly-adopted position that the deadline for initial expert reports has passed. Indeed, in its Opposition to Plaintiffs' Motion, Defendant does not even attempt to reconcile its inconsistent positions. Defendant offers no explanation for (i) why it repeatedly argued that the deadline for expert reports would have to be moved to accommodate outstanding fact discovery; (ii) why it sat by idly at the March 19 hearing when counsel for NFPA advised the Court that the parties agreed that additional time would be needed for expert discovery and only needed the Court to set a deadline for fact depositions; or (iii) why counsel for Defendant did not object at the same hearing when counsel for NFPA stated that setting an end date for the ongoing depositions would signal "when you start that clock on the expert reports."

The reason Defendant did not raise its newly found argument before is simple: it would

have been illogical given what was happening in the case at the time. Depositions of fact witnesses were ongoing. In fact, Defendant refused to appear for numerous previously-noticed depositions without justification, and finally made its only witness available for deposition just one business day before the date Defendant now asserts was the expert disclosure deadline. During this time period, there was never any mention of an impending expert disclosure deadline. To the contrary, both sides explicitly discussed and agreed on the need to push back expert discovery deadlines during multiple meet and confer calls, and both sides memorialized their mutual position that the expert disclosure deadline would be pushed back in their filings with the Court. It was only later – after its motion to continue fact discovery failed – that Defendant sensed the opportunity for this "gotcha" tactic.

Not only is Defendant unable to reconcile its current position with its past actions, but Defendant's brief sets up a straw man by characterizing Plaintiffs' motion as an effort to modify elapsed dates after they supposedly purposefully disregarded deadlines in a scheduling order. That is not accurate. As discussed in further detail below, prior to April 13, the parties and the Court agreed that expert discovery would start after fact discovery closed, and both Defendant and Plaintiffs requested modifications of the scheduling order that reflected that understanding. The Court did not set new expert deadlines at the March 19, 2015 hearing based on Plaintiffs' representations that the parties agreed that they would work together to set an expert schedule. As soon as it became clear that Defendant refused to cooperate in setting a new expert schedule, Plaintiffs filed their motion requesting that the Court set an expert schedule.

**I.     Plaintiffs Timely Raised the Need to Amend the Scheduling Order.**

Defendant would have the Court believe that Defendant filed a motion to extend discovery and modify the scheduling order, Plaintiffs opposed that motion, and the Court agreed with Plaintiffs and denied Defendant's motion, such that the scheduling order that was in place

continued to be in force. However, Defendant's version of events misstates and ignores many key facts.

It is true that Defendant filed a Motion to extend fact discovery, to modify the scheduling order, and for leave to take more than 10 depositions ("Motion to Extend Fact Discovery) on January 29, 2015, the day before the close of fact discovery. Dkt. 71. Defendant indicated in that motion that allowing fact discovery to continue after January 30 would necessitate "a reset of later expert discovery deadlines to fit this change." *Id*. at 3. Defendant moved for a modification of the remaining schedule, including the date by which opening expert disclosures would be due. Notably, in Defendant's proposed schedule, expert reports were due several weeks after the completion of fact discovery.

In its Opposition, Defendant tacitly acknowledges that it led Plaintiffs to believe that it would agree that expert discovery would begin after the completion of fact discovery, stating only that "Public Resource did not *expressly* agree that expert discovery would only commence after all fact depositions had concluded." Opp. at 9 (emphasis added). In fact, Defendants' own filings reveal that Defendant not only *expressly agreed* that expert discovery would commence after all fact depositions had concluded, but Defendant *expressly insisted* that the expert deadlines needed to be moved back. As Defendant wrote in its motion: "Plaintiffs agree that the parties need until at least February 28 to take depositions; the current expert discovery schedule, which posits opening expert reports two days after the close of fact discovery, thus also needs to change." Dkt. 71 at 11. That was an accurate description of the parties' discussions at the time: Plaintiffs had agreed to accommodate Defendant's request to move back the deadlines both for fact depositions and for expert disclosures, and the only dispute was over how far to move back those dates. That agreement was reflected in Defendant's motion and in Plaintiff's opposition

thereto.  Defendant's attempt to deny this now is nothing more than an attempt to re-write history.

It is also true that Plaintiffs opposed Defendant's request to take certain additional depositions due to Defendant's failure to serve timely deposition notices.  *See* Dkt. 76.  However, Defendant glosses over the fact that Plaintiffs agreed with Defendant that the remaining schedule needed to be modified and Plaintiffs proposed a schedule which would have allowed Defendant to take depositions until March 13, after which opening expert disclosures would be due April 10, and expert discovery would close on August 14.  *Id*. at 14-15.

Defendant faults Plaintiffs for failing to file a request for an extension of the expert deadlines or raising the need for additional time in a status report prior to the March 2 deadline for serving opening expert reports.  Defendant ignores the fact that there was a pending motion before the Court prior to March 2, in connection with which both parties had requested that the Court modify the scheduling order and the expert deadlines.

Defendant's criticism of Plaintiffs for failing to raise the need for additional time for expert reports at the March 19 hearing similarly misstates the facts.  At the March 19 hearing, the Court asked whether the only issues to be resolved related to a timetable for the completion of fact discovery and the number of depositions that could be taken.  Counsel for NFPA indicated that another issue that needed to be resolved was the deadline for serving expert reports.  He stated that his understanding was that the parties' positions on how expert discovery should proceed after the close of fact discovery were "basically the same" and that it was "just a matter of when you start that clock on the expert reports."  Mar. 19, 2015 Tr. at 8:20-25.  He further stated that his expectation was that the parties would not have any disputes regarding the expert discovery dates because there had never been any disagreement as to the amount of time needed

after the completion of fact discovery for the parties to complete expert discovery. *Id.* at 9:6-10. Although Defendant now claims the deadline for opening expert reports was March 2, Defendant said nothing at the March 19 hearing to indicate that it believed the initial expert report deadline had already passed or that it would not cooperate with Plaintiffs to set a reasonable expert discovery schedule after the Court set a fact discovery deadline.

In the March 23 Minute Order denying Defendant's Motion to Extend Fact Discovery, the Court provided a deadline by which Defendant was required to complete its depositions and did not address the expert schedule. Given the context discussed above, it is unreasonable to interpret the Court's Minute Order to be a denial of Defendant and Plaintiffs' requests to modify the scheduling order. The more rational explanation is that the Court relied on Plaintiffs' representations and Defendant's apparent agreement that the parties would work together to set an expert schedule. The Court should set a new expert schedule now that it has become clear that the parties are unable to do so independently.

## II. Defendant's Delay in Completing Fact Discovery Necessitated New Expert Deadlines.

The parties and the Court have always understood that expert discovery in this case would not begin until after fact discovery had been completed. The two scheduling orders that have been entered in this case laid out deadlines for expert discovery that were after the completion of fact discovery. *See* Dkt. 30, 58. Moreover, in every discussion the parties ever had regarding scheduling, the parties agreed that the expert timeline would not start until after all fact depositions had been taken. Similarly, the scheduling dates that both parties previously proposed to the Court in connection with Defendant's Motion to Extend Fact Discovery contemplated that expert discovery would not begin until after all fact depositions were taken. *See* Dkt. 71 and 76.

Defendant's argument that the deadlines for expert discovery in the November 25, 2014 scheduling order continue to be in effect and are reasonable because, for most purposes, fact discovery closed on January 30 is baffling.  The fact is that no party witnesses had been deposed by January 30.  Although Plaintiffs noticed the depositions of Defendant and its founder twice during the fact discovery period, Defendant and its founder refused to appear for their depositions as noticed until February 26 and 27.[1]  Thus, as Defendant itself argued in its Motion to Extend Discovery, Dkt. 71, a March 2 deadline for initial expert disclosures, which was one business day after the date that the depositions of Defendant and its founder were completed, was simply not feasible.

Moreover, Defendant deposed the first of Plaintiffs' witnesses on March 3.  Although the Court denied Defendant's Motion to Extend Fact Discovery, it allowed Defendant to take depositions through April 2.  The taking of depositions by Public Resource through the beginning of April affected the dates on which Plaintiffs could produce opening expert reports.  Both Defendant's witnesses and Plaintiffs' witnesses testified during their depositions about many of the issues that will be discussed in Plaintiffs' expert report, and the expert was entitled to review and rely upon those deposition transcripts.  Moreover, throughout the month of March, Plaintiffs were occupied preparing witnesses for depositions and defending those depositions.

---

[1] Defendant attempts to excuse its repeated refusals to appear for depositions as noticed by stating that it "had made Mr. Malamud available for depositions on multiple days." Opp. at 2 n.1.  What Defendant fails to tell the Court was that Mr. Malamud was made available only on Friday, January 2, 2015 (the day after the New Year's Day holiday), Saturday, January 3, 2015, and January 12, 2015.  Because Mr. Malamud was noticed in his personal capacity and Defendant elected to designate Mr. Malamud as its 30(b)(6) witness, Defendant's offer meant that Plaintiffs would either have to take at least one of the two depositions on January 2 or 3.  At the same time, Defendant indicated that it intended to make additional document productions though December 31, 2014, leaving Plaintiffs with at most one business day to load and review all of Defendant's documents, prepare for the key depositions in the case and, for some counsel, travel to San Francisco.  This obviously was not a good-faith attempt to schedule these depositions, and does not excuse Defendant's failure to appear for depositions as noticed until a month after the supposed close of fact discovery.

Given these circumstances, until recently, all of the parties recognized that new expert deadlines were necessary.

Even if the Court were to find that the prior schedule for expert disclosures was still in effect, notwithstanding that all parties had requested a change to the schedule and the Court had issued a new date for the close of fact depositions, Plaintiffs' reliance on Defendant's representations that the deadlines had to be adjusted to reflect the date when fact discovery was completed would constitute good cause or excusable neglect for any technical noncompliance with the prior schedule. *See, e.g., Pickett v. Nev. Bd. of Parole Comm'rs*, 2012 U.S. Dist. LEXIS 54838 (D. Nev. Apr. 19, 2012) (late filing of motion was considered result of excusable neglect when it was due to reliance on statements of opposing party); *A.H. ex rel. Hohe v. Knowledge Learning Corp.*, No. 09-2517-DJW, 2010 U.S. Dist. LEXIS 111242, 2010 WL 4117508, at *3 (D. Kan. Oct. 19, 2010) (good cause for late response when party had good faith belief that opposing party agreed to extension).

Unlike the cases cited by Defendant, Plaintiffs did not disregard or inadvertently miss a deadline set by the Court. *See Saunders v. District of Columbia*, 279 F.R.D. 35 (D.D.C. 2012)*; St. Paul Mercury Ins. Co. v. Capitol Sprinkler Inspection, Inc.*, 2007 WL 1589495 (D.D.C. June 1, 2007). Plaintiffs have adhered faithfully to all deadlines in this case and have not approached this issue in a cavalier manner. If Plaintiffs made any mistake, it was believing they would be able to work together with Defendant to set a reasonable expert schedule without the need for the Court to micro-manage the process. Thus, denying Plaintiffs' motion to set new expert deadlines would be a gratuitous penalty.

**III.     Plaintiffs' Proposed Schedule Is Reasonable and Does Not Prejudice Defendant.**

The dates Plaintiffs proposed for the expert phase of this case are reasonable. It is not surprising that the dates Plaintiffs propose are later than the dates Plaintiffs proposed in their

7

opposition to Defendant's Motion to Extend Discovery. When they submitted that brief, Plaintiffs did not know when the Court would rule on Defendant's Motion or what date the Court would set as the last day for fact depositions. Plaintiffs proposed that opening expert disclosures be due on April 10, which would have been feasible if Defendant had actually completed its fact depositions by the March 13 date Plaintiffs proposed. However, the Court did not hold a hearing on the issue until March 19 and permitted Defendant to take depositions until April 2, such that the April 10 date Plaintiffs had proposed was no longer feasible.

Defendant's far-fetched suggestion that Plaintiffs may have acted in bad faith by purposely not raising the need to extend the expert deadlines despite knowledge that they could not meet the expert deadlines is patently false. First, Plaintiffs expressly raised the need to extend expert deadlines in their opposition to Defendant's Motion to Extend Discovery and at the March 19 hearing. Plaintiffs could not have known precisely what dates would be reasonable for expert deadlines until the Court set the deadline for the parties to complete fact depositions. Additionally, Plaintiffs believe strongly that the expert report they will submit is critical to this case as it will provide an outside perspective on important issues. The suggestion that Plaintiffs would have strategically gambled with the expert deadline is unfounded. No gamesmanship was used, or was necessary, to bolster Plaintiffs' opposition to Defendant's Motion to Extend Discovery; the Court's denial of Defendant's motion was based on Defendant's untimely service of deposition notices, not on prejudice to Plaintiffs as a result of a delay in the schedule.

Plaintiffs' proposed schedule does not unduly delay the resolution of this case.[2] The dates Plaintiffs proposed provide somewhat more time between the last day of fact depositions and the date for opening expert disclosures than the schedule Plaintiffs proposed previously in

---

[2] The delay in the schedule is the result of Defendant's refusal to produce its witnesses on three previously-noticed dates and Defendant's refusal to take any depositions in this case before the January 30 close of fact discovery, and not because of Plaintiffs' conduct.

order to accommodate the expert's schedule and other scheduling issues. However, Plaintiffs trimmed time off other expert deadlines to make up for that difference. Thus, Plaintiffs' proposed schedule sets September 11, 2014 as the end of expert discovery, which is less than two months after the July 14 deadline in the November 25, 2014 schedule order. Given that the Court permitted Defendant to continue taking fact depositions more than two months after the close of fact discovery contemplated in the November 25, 2014 order, a total extension of less than two months for the expert discovery period is warranted.

Plaintiffs' proposed dates also do not prejudice Defendant. Defendant will have the opportunity to submit opening expert reports by the deadline the Court sets and Defendant will be able to submit a rebuttal report of any opening report Plaintiffs submit. Defendant argues that it would be prejudiced if the Court set new expert deadlines because it made a strategic decision to utilize its limited resources in serving an opposition report based on its understanding that Plaintiffs had not served an opening expert report. Opp. at 10. However, James Fruchterman, Defendant's only expert to date, stated unambiguously in his report: "I provide my expertise in this case pro bono, and I am not receiving compensation for my time researching, writing this report, or testifying." *See* Expert Report of James R. Fruchterman, attached as Exhibit A, at 1. Thus, it is disingenuous for Defendant to argue that it expended limited resources on the Fruchterman report.

## CONCLUSION

Defendant's delay in completing fact discovery necessitated a new expert schedule for this case. Defendant requested a new expert schedule in its Motion to Extend Discovery, and Plaintiffs also requested a new expert schedule in their opposition to Defendant's Motion to Extend Discovery and at the March 19, 2015 hearing. Although the parties communicated to the

Court that they could set an expert schedule once the Court provided the cut-off date for fact depositions, Defendant has now thwarted Plaintiffs' attempts to agree on a new schedule.  In this motion, Plaintiffs have proposed a reasonable expert schedule that does not unduly delay the final resolution of this case or cause any prejudice to Defendant.  Thus, the Court should set the deadlines Plaintiffs proposed for the expert period.

Dated: May 21, 2015	Respectfully submitted,

/s/ J. Kevin Fee

Michael F. Clayton (D.C. Bar: 335307)
J. Kevin Fee (D.C. Bar: 494016)
Jordana S. Rubel (D.C. Bar: 988423)
Morgan, Lewis & Bockius LLP
1111 Pennsylvania Ave., N.W.
Washington, D.C. 20004
Telephone: 202.739.5215
Email: mclayton@morganlewis.com
          jkfee@morganlewis.com
          jrubel@morganlewis.com

*Counsel For American Society For Testing And Materials d/b/a/ ASTM International*

/s/ Kelly Klaus

Anjan Choudhury (D.C. Bar: 497271)
Munger, Tolles & Olson LLP
355 South Grand Avenue, 35th Floor
Los Angeles, CA  90071
Tel: 213.683.9100
Email:  Anjan.Choudhury@mto.com

Kelly M. Klaus
Jonathan H. Blavin
Nathan M. Rehn
Munger, Tolles & Olson LLP
560 Mission St., 27th Floor
San Francisco, CA 94105
Tel:  415.512.4000
Email: Kelly.Klaus@mto.com
          Jonathan.Blavin@mto.com
          Thane.Rehn@mto.com

*Counsel for National Fire Protection Association, Inc.*

/s/ Joseph R. Wetzel

Jeffrey S. Bucholtz (D.C. Bar: 452385)
King & Spalding LLP
1700 Pennsylvania Avenue, NW, Ste. 200
Washington, DC 20006-4707

11

Tel: 202.737.0500
Email: jbucholtz@kslaw.com

Kenneth L. Steinthal
Joseph R. Wetzel
King & Spalding LLP
101 Second Street, Ste. 2300
San Francisco, CA 94105
Tel: 415.318.1211
Email: ksteinthal@kslaw.com
        jwetzel@kslaw.com

*Counsel for American Society of Heating, Refrigerating, and Air Conditioning Engineers*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Reply in Support of Plaintiffs' Motion to Set Expert Schedule was served this 21st day of May, 2015 via CM/ECF upon the following:

**Counsel for Public.Resource.Org, Inc.:**

Andrew Bridges

Kathleen Lu

David Halperin

Mitchell L. Stoltz

Corynne McSherry

Joseph Gratz

Mark Lemley

**Counsel for American Society for Testing and Materials d/b/a ASTM International:**

Michael F. Clayton

J. Kevin Fee

Jordana S. Rubel

**Counsel for American Society of Heating, Refrigerating, and Air Conditioning Engineers:**

Jeffrey Bucholtz

Kenneth Steinthal

Joseph Wetzel

Blake Cunningham

*/s/ Thane Rehn*
Nathan Rehn
