# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICAN SOCIETY FOR TESTING AND MATERIALS d/b/a/ ASTM INTERNATIONAL;<br><br>NATIONAL FIRE PROTECTION ASSOCIATION, INC.; and<br><br>AMERICAN SOCIETY OF HEATING, REFRIGERATING, AND AIR CONDITIONING ENGINEERS,<br><br>          Plaintiffs/<br>          Counter-Defendants,<br><br>v.<br><br>PUBLIC.RESOURCE.ORG, INC.,<br><br>          Defendant/<br>          Counter-Plaintiff. | Case No. 1:13-cv-01215-TSC-DAR |

## PLAINTIFFS' NOTICE OF FILING PROPOSED SCHEDULING ORDER

Pursuant to the Court's June 10, 2015 Minute Order, Plaintiffs ASTM, NFPA, and

ASHRAE ("Plaintiffs") respectfully submit the attached proposed schedule for expert discovery.

Plaintiffs are mindful of the Court's admonition that the parties should attempt to resolve their

differences before seeking the Court's assistance.  As described below, Plaintiffs have made

every effort to do so.  At the March 19 hearing, Plaintiffs informed the Court that they believed

the parties would be able to agree on a schedule for expert discovery.  Defendant

Public.Resource.Org, Inc. ("Defendant") had consistently represented to Plaintiffs and to the

Court that the expert phase of discovery would commence after the conclusion of fact

depositions, and Plaintiffs had expressly agreed with Defendant on that point and acted in

reliance on Defendant's statements.  Defendant never suggested any different view until April

13, when it abruptly announced its position that the expert deadline had actually passed more

than a month earlier, prior to the March 19 hearing and in the midst of ongoing fact depositions.

In multiple subsequent meet-and-confer discussions, Defendant has not budged from that position, even though it contradicts all the parties' prior communications to each other and to the Court. Plaintiffs have turned to the Court as a last resort, but with no other choice in order to move this litigation toward conclusion. Plaintiffs' counsel have met and conferred with counsel for Defendant Public.Resource.Org, Inc. ("Defendant") four times about this issue, including three times following the June 10 Order, in an effort to reach agreement on an expert schedule. (Plaintiffs' counsel had also met with Defendant's counsel before filing their Motion to Set Expert Schedule and had stated on page two of their Motion they had done so.[1])

Unfortunately, Defendant has adamantly refused to agree to any schedule under which the expert report Plaintiffs served on June 5 would be considered timely. Defendant has refused to budge even though, as explained below, the parties agreed previously and all parties represented to the Court that a new expert schedule was necessary. Also, through meet and confer efforts, it has become clear that Defendant's position does not arise from any concern of prejudice or desire to conclude the case in a more timely manner. Instead, Defendant's sole motivation in opposing the current motion appears to be depriving this case of expert testimony. It is clear that Defendant will simply refuse to make any adjustments unless and until the Court orders a reasonable schedule for expert discovery.

The background behind this issue is discussed in detail in Plaintiffs' opening and reply briefs on Plaintiffs' Motion to Set Expert Schedule, which are attached as Exhibits A and B.

The parties agreed in November to a schedule under which fact discovery would close on

---

[1] In the June 10 Order, the Court struck Plaintiffs' motion on the ground that it did not include a statement that the parties had met and conferred in an effort to agree upon a schedule, as required by Local Rule 7(m). June 10 Order. Plaintiffs respectfully note that Plaintiffs' Motion did include a statement on page 2 that the parties had met and conferred as required by Local Rule 7(m). *See* Mot., Dkt. 100, at 2. (The Motion is also attached here as Exhibit A.)

January 30, 2015, with initial expert reports due on March 2, 2015.  However, as of January 30, 2015, not a single party witness had been deposed.  As explained in Plaintiffs' Motion, this was primarily due to delays by Defendant.  *See* Ex. A at 3 and Ex. B at 6.

In late January, Defendant asked Plaintiffs to extend the deadline for taking fact witness depositions and also to allow Defendant to take more than ten depositions.  Plaintiffs opposed the request for more depositions, but agreed that the deadline for taking fact witness depositions should be moved back.  Dkt. 71, at 11.  **In these discussions, the parties also discussed the expert deadlines and that those deadlines would need to be moved back to accommodate the change in the deadline for fact depositions.**  *Id.*  On January 29, Defendant filed a motion to extend fact discovery and to expand the number of depositions it could take.  Defendant's motion stated that "the expert discovery schedule … needs to change" and proposed new expert deadlines.  *Id.*  Plaintiffs opposed Defendant's motion, but expressly agreed that the deadlines for fact depositions and expert disclosures should be moved back, and proposed an alternative schedule, including new expert deadlines.  Dkt. 76.  In other words, **all parties filed papers with the Court asking for a new schedule for expert disclosures, which was consistent with the parties' agreements during their meet-and-confer discussions.**  In reliance on that agreement, Plaintiffs did not serve an expert report on March 2.  Neither did Defendant.

The Court held a hearing on Defendant's Motion on March 19, and Plaintiffs' counsel stated on the record that the parties agreed that we would "start [the] clock on the expert reports" after the close of fact discovery, and that the parties would agree to an expert schedule that would commence after the date on which the Court ordered the end of fact discovery.  Tr. of 3/19/15 hearing at 8-9.  That representation was based on the parties' discussions up to that point, in which this arrangement had been repeatedly discussed, and also on every filing made by

any party with the Court regarding scheduling throughout the pendency of this case. Tellingly, even though Defendant's position now is that the first expert deadline had already passed on March 2, **Defendant's counsel gave no indication at the March 19 hearing that it disagreed with Plaintiffs' representation that the parties agreed that the clock would start on expert reports after the close of fact discovery**. In reliance on the parties' agreement as to that point, the Court focused the hearing on the issues related to fact discovery.

The Court denied Defendant's motion, but gave Defendant until April 2, 2015 to take the depositions of Plaintiffs' 30(b)(6) witnesses. The week after that deadline passed, Plaintiffs reached out to Defendant to propose new expert deadlines to run from the conclusion of fact depositions. In response to Plaintiffs' email, on April 13, 2015, Defendant for the first time informed Plaintiff that its position was now that the deadline for opening expert reports had passed on March 2, in the midst of ongoing fact witness depositions. As explained above, this was directly contrary to the parties' prior discussions and agreements, and to the representations that all parties had made to the Court. Plaintiffs promptly met and conferred with Defendant and then filed a Motion to Set Expert Schedule. Dkt. 100. While Plaintiffs' Motion was pending, Plaintiffs served an opening expert report on the June 5 deadline proposed in the Motion.

In response to the Court's June 10 Order, the parties have further met and conferred and Plaintiffs proposed a new expert schedule that shortens the length of time for expert discovery. Under Plaintiffs' proposed schedule, the close of expert discovery is exactly one month after the close of expert discovery under the November 25, 2014 Order, Dkt. 58, which is more than reasonable given that fact depositions were held over three months after the date fact discovery was scheduled to close under the November 25, 2014 order. Defendant rejected Plaintiffs' proposal but has not indicated to Plaintiffs any way in which it would be prejudiced by

responding to Plaintiffs' opening expert report in accordance with Plaintiffs' proposed schedule.

Indeed, Defendant has failed to identify any form of prejudice arising from modifying the expert discovery schedule.  In an initial meet and confer, counsel for Defendant voiced a concern about delaying the case, but when Plaintiffs suggested a willingness to work together on a truncated schedule that would not cause significant delay, Defendant's counsel was uninterested.  Similarly, Defendant's counsel stated that any modified schedule would give Plaintiffs an unfair amount of extra time to respond to Defendant's own April 13th expert report, but when Plaintiffs tried to address that concern – even offering to forgo a rebuttal to that report – Defendant was again uninterested.[2]  Through the meet and confer process, it became apparent that Defendant has no actual concern of being prejudiced by a modified schedule but is instead only interested in a longshot strategy to deprive the case of meaningful expert testimony.

In conclusion, although the parties communicated to the Court at the March 19 hearing that they could set an expert schedule once the Court provided the cut-off date for fact depositions, Defendant has now thwarted Plaintiffs' attempts to agree on a new schedule. Plaintiffs have proposed a reasonable expert schedule that does not unduly delay the final resolution of this case or cause any prejudice to Defendant.  Thus, Plaintiffs respectfully request that the Court order expert discovery to proceed in accordance with the attached schedule proposed by Plaintiffs.

---

[2] Defendant's only response to Plaintiffs' proposal has been an offer to extend the time for deposition of Defendant's expert witness, but that proposal is (i) entirely unnecessary because Plaintiffs still have ample time to depose Defendant's expert even under the November schedule, and (ii) entirely irrelevant to the parties' disagreement, which involves the initial deadline for expert disclosures.

Dated: June 24, 2015                    Respectfully submitted,

                                        /s/ J. Kevin Fee

                                        Michael F. Clayton (D.C. Bar: 335307)
                                        J. Kevin Fee (D.C. Bar: 494016)
                                        Jordana S. Rubel (D.C. Bar: 988423)
                                        Morgan, Lewis & Bockius LLP
                                        1111 Pennsylvania Ave., N.W.
                                        Washington, D.C. 20004
                                        Telephone: 202.739.5215
                                        Email: mclayton@morganlewis.com
                                                jkfee@morganlewis.com
                                                jrubel@morganlewis.com

                                        *Counsel For American Society For Testing And Materials
                                        d/b/a/ ASTM International*

                                        /s/ Kelly Klaus

                                        Anjan Choudhury (D.C. Bar: 497271)
                                        Munger, Tolles & Olson LLP
                                        355 South Grand Avenue, 35th Floor
                                        Los Angeles, CA  90071
                                        Tel: 213.683.9100
                                        Email:  Anjan.Choudhury@mto.com

                                        Kelly M. Klaus
                                        Jonathan H. Blavin
                                        Nathan M. Rehn
                                        Munger, Tolles & Olson LLP
                                        560 Mission St., 27th Floor
                                        San Francisco, CA 94105
                                        Tel:  415.512.4000
                                        Email: Kelly.Klaus@mto.com
                                                Jonathan.Blavin@mto.com
                                                Thane.Rehn@mto.com

                                        *Counsel for National Fire Protection Association, Inc.*

                                        /s/ Joseph R. Wetzel

                                        Jeffrey S. Bucholtz (D.C. Bar: 452385)
                                        King & Spalding LLP
                                        1700 Pennsylvania Avenue, NW, Ste. 200
                                        Washington, DC 20006-4707

Tel: 202.737.0500
Email: jbucholtz@kslaw.com

Kenneth L. Steinthal
Joseph R. Wetzel
King & Spalding LLP
101 Second Street, Ste. 2300
San Francisco, CA 94105
Tel: 415.318.1211
Email: ksteinthal@kslaw.com
        jwetzel@kslaw.com

*Counsel for American Society of Heating, Refrigerating,
and Air Conditioning Engineers*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Notice of Filing Proposed

Scheduling Order was served this 24th day of June, 2015 via CM/ECF upon the following:

**Counsel for Public.Resource.Org, Inc.:**

Andrew Bridges

Matthew Becker

Kathleen Lu

David Halperin

Mitchell L. Stoltz

Corynne McSherry

Joseph Gratz

Mark Lemley

**Counsel for American Society for Testing and Materials d/b/a ASTM International:**

Michael F. Clayton

J. Kevin Fee

Jordana S. Rubel

**Counsel for American Society of Heating, Refrigerating, and Air Conditioning Engineers:**

Jeffrey Bucholtz

Kenneth Steinthal

Joseph Wetzel

Blake Cunningham

*/s/ Thane Rehn*
Nathan Rehn