UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICAN SOCIETY FOR TESTING AND MATERIALS d/b/a/ ASTM INTERNATIONAL; <br><br> NATIONAL FIRE PROTECTION ASSOCIATION, INC.; and <br><br> AMERICAN SOCIETY OF HEATING, REFRIGERATING, AND AIR CONDITIONING ENGINEERS, <br><br>     Plaintiffs/ <br>     Counter-Defendants, <br><br> v. <br><br> PUBLIC.RESOURCE.ORG, INC., <br><br>     Defendant/ <br>     Counter-Plaintiff. | Case No. 1:13-cv-01215-TSC-DAR |

**JOINT REPORT ON PROPOSED SUMMARY JUDGMENT BRIEFING SCHEDULE**

Pursuant to the Court's October 27, 2015 Order requesting that counsel jointly file their proposed schedules for summary judgment briefing, Plaintiffs American Society for Testing and Materials d/b/a ASTM International, National Fire Protection Association, Inc., and American Society of Heating, Refrigerating, and Air Conditioning Engineers (collectively, "Plaintiffs") and Defendant Public.Resource.Org, Inc. ("Defendant"), by and through their undersigned counsel, respectfully submit this Joint Report on proposed Summary Judgment Briefing Schedule.

**PLAINTIFFS' STATEMENT AND PROPOSED BRIEFING SCHEDULE**

Since September 15, 2015, Plaintiffs have attempted to work with Defendant to set a reasonable schedule for summary judgment briefing. The parties met and conferred about this issue multiple times and initially agreed on a schedule that would have allowed all briefing to be concluded before the end of 2015. Defendant's counsel later went back on its agreement and

1

informed Plaintiffs' counsel that it needed to combine the briefing schedule for this case with the briefing schedule for another case, *American Educational Research Association, Inc. et al. v. Public.Resource.Org, Inc.*, Civil Action No. 1:14-cv-00857-TSC (the "*AERA* Case"), which has not been consolidated with this case. Defendant's counsel proposed a schedule that staggered the deadlines for this case and the *AERA* case and ended in mid-March, 2016.

On the afternoon of the day that the Court set as the deadline for the parties to file their proposed briefing schedules, Defendant's counsel informed Plaintiffs' counsel that it planned to propose that the briefing in this case be completed by December 28, 2015, after which the briefing for the AERA case would commence. The briefing in the *AERA* case would be completed on March 10, 2016. The Court has previously heard motions in these two cases together and we understand that Plaintiffs' counsel in the *AERA* case plan to request that the Court hold a joint hearing on summary judgment motions. To the extent the Court is inclined to hold a joint hearing and/or decide the motions from these two cases together, under Defendant's proposed schedule, the Court cannot even begin to consider the parties' motions until mid-March, which would be over 4 months after the briefs were filed, in stark contrast to the 21-day briefing schedule provided by the Local Rules.

Defendant's alternative proposed schedule, which staggers the deadlines for the two cases, is similarly unacceptable because the motions in the two cases would not be fully briefed until March 10, 2016. It also provides the parties with more than 2 months to draft opposition briefs in this case, which is unreasonable and unwarranted.

Plaintiffs believe that the three law firms representing Defendant should be able to litigate two cases simultaneously and without extraordinary delay, particularly where Defendant's arguments in the two cases are very similar. Nonetheless, Plaintiffs' counsel have

attempted to accommodate Defendant's counsel's concerns by proposing a schedule that provides Defendant's counsel sufficient time for briefing by staggering the briefing schedule in this case and the *AERA* Case by two weeks and also allows the briefing in both cases to be completed by early February 2016.

In addition to their general desire for a speedy resolution of this matter, Plaintiffs are particularly eager for the Court's decision in this matter because Defendant has continued to post versions of additional documents owned by Plaintiffs on its website since Plaintiffs filed their Complaint, including as recently as this month.  Therefore, Plaintiffs respectfully request that the Court enter the below briefing schedule for summary judgment.

|  | **Due Date** |
|---|---|
| Opening cross motions in the *ASTM* case | November 19, 2015 |
| Opening briefs in the *AERA* case | December 3, 2015 |
| Opposition briefs in the *ASTM* case | December 18, 2015 |
| Opposition briefs in the *AERA* case | January 4, 2016 |
| Reply briefs in the *ASTM* case | January 18, 2016 |
| Reply briefs in the *AERA* case | February 4, 2016 |

Plaintiffs believe that it is in the best interest of the parties and the Court for Plaintiffs to file a single consolidated Motion for Summary Judgment rather than three separate motions with significant overlap.  However, Plaintiffs do not believe that they can adequately address all of the relevant issues in a single, consolidated brief of 45 pages due to the existence of three different Plaintiffs and the number of claims and defenses involved.  Therefore, Plaintiffs respectfully request that the Court permit the parties to file consolidated opening briefs of up to 60 pages, consolidated opposition briefs of up to 60 pages, and consolidated reply briefs of up to 40 pages.

Plaintiffs expect that amici with views on the issues raised by the parties' summary judgment briefs will be requesting leave of the Court to file briefs. The Parties have agreed that they will not oppose any amicus filing in support of either side. The Court, of course, will decide whether it wants such briefs and what weight, if any, any amicus briefs should be accorded.

Plaintiffs' proposed order is attached as Exhibit A.

**DEFENDANT'S STATEMENT AND PROPOSED BRIEFING SCHEDULE**

Public Resource humbly requests a summary judgment briefing schedule that takes into account the inequities of these two cases. Public Resource is a one-person nonprofit simultaneously defending against six well-funded plaintiffs in two separate cases. Public Resource has pro bono representation, while the plaintiffs are collectively represented by five law firms. Citing the complexity of the case and the number of issues and parties involved, the plaintiffs in the ASTM case demanded that Public Resource agree to increase the length of opening and opposition briefs in that case to 60 pages—additional briefing that Public Resource will have to respond to in limited time and with limited resources.

Public Resource, like the plaintiffs, is eager to proceed to summary judgment. However, fundamental fairness requires a briefing schedule that allows adequate time to respond to and advance the myriad issues at play in this case. Accordingly, Public Resource has proposed dates that ensure the matter can be resolved expeditiously but with a fair opportunity for full development of the issues. The plaintiffs in the two cases, by contrast, have worked out a schedule that is convenient for them, but places significant and unfair burdens on the Public Resource.

Public Resource's pro bono counsel cannot prepare and respond to summary judgment

briefing in both cases simultaneously.  Recognizing this, Public Resource reached out to counsel for plaintiffs in both cases at the start of October, with the hope of agreeing on a schedule without the intervention of the Court.

Unfortunately, this gesture of cooperation was taken by the plaintiffs as an opportunity for gamesmanship.  Public Resource originally proposed briefing the ASTM case in November and December, and then briefing the AERA case beginning in January, but the plaintiffs in the AERA case rejected this proposal, stating that they did not want the ASTM case to be decided first.  Public Resource then offered to stipulate to a request for summary judgment hearings to be held jointly in both cases after the AERA case was fully briefed, but the plaintiffs in the AERA case rejected this offer as well (with counsel stating that the plaintiffs had "no substantive reason" why they could not wait until January, but that it was a matter of preference).

Public Resource then offered a third proposal, where the dates for both cases would be staggered to alternate between each case, but spacing the deadlines apart to allow Public Resource time to respond.  This schedule allowed one month for opening cross motions, one month for opposition motions, and two weeks for reply motions.  Public Resource offered this proposal on October 14, and the plaintiffs rejected the offer six days later, on October 20.  In that email, the plaintiffs instead offered their joint proposal, which is identical to the dates they list above.  When Public Resource said this proposal did not afford it enough time, counsel for the ASTM et al. plaintiffs cut off discussion and filed a motion with the Court.  Even after the plaintiffs filed their motion, Public Resource continued to try to reach a resolution, offering yet another proposed schedule that is two weeks shorter than the one it previously proposed.  The plaintiffs again rejected this proposal.

The plaintiffs' proposed schedule has overlapping deadlines that do not account for the

fact that Public Resource must meet deadlines in both cases. The plaintiffs' schedule offers only two weeks after opening cross motions in the ASTM case for Public Resource to draft and file the opening cross motions in the AERA case, and these two weeks coincide with Thanksgiving. Opposition briefs would then be due in the ASTM case just two weeks later (coinciding with Hanukkah), and opposition briefs in the AERA case would be due just over two weeks later on the Monday after New Year's Day (allowing no time to visit with family during any of the winter holidays). Reply briefs would then be due two weeks later, on Martin Luther King Jr. Day. Under the D.C. District Local Civil Rules, parties are allowed at least 17 days between opening and opposition motions (14 days plus three days for service). FED. R. CIV. P. 6(d); LCvR 7(b). The schedule that the plaintiffs have proposed therefore does not even provide as much time as the Local Civil Rules provide between filing deadlines (not even accounting for the complexity of the issues and the increased length that the plaintiffs in the ASTM case have requested, which warrant additional time).

      The plaintiffs are able to suggest these accelerated deadlines because their schedule gives them twice as much time to prepare and respond to filings as it provides to Public Resource, which has to fight battles on two fronts. This problem could be eliminated by having the briefing for the ASTM case occur first, and then have the briefing for the AERA case commence once briefing in the ASTM case has concluded. The merit of this approach is that no party would be acutely disadvantaged (the plaintiffs in the AERA case would actually benefit from being able to review Public Resource's motions in the ASTM case when preparing their opening motion). The only standard at issue in the AERA case has been taken offline by Public Resource after agreement of the parties pending the outcome of that case, so there is no rush to reach a judgment, and counsel for the AERA plaintiffs, Mr. Hudis, stated on October 13 that there would

6

be no substantive harm to them as a result of briefing their case after the ASTM case was fully briefed.[1] Public Resource has previously offered to join the plaintiffs in requesting a joint summary judgment hearing in both cases, so that the ASTM case is not decided before the AERA case, and the plaintiffs appear to be in agreement on that point.[2] According to the proposal, summary briefing could proceed as follows:

| **Public Resource's Primary Proposal** | **Due Date** |
| --- | --- |
| Opening cross motions in the *ASTM* case | November 12, 2015 |
| Amicus briefs in the *ASTM* case | November 19, 2015 |
| Opposition briefs in the *ASTM* case | December 10, 2015 |
| Reply briefs in the *ASTM* case | December 28, 2015 |
| Opening cross motions in the *AERA* case | January 28, 2016 |
| Amicus briefs in the *AERA* case | February 4, 2016 |
| Opposition briefs in the *AERA* case | February 25, 2016 |
| Reply briefs in the *AERA* case | March 10, 2016 |

Alternatively, Public Resource would also agree to a staggered schedule where the

---

[1] The plaintiffs in the ASTM case would also not be prejudiced by any delay in the decision on the summary judgment motions, because those plaintiffs had discussed suing Public Resource and strategized this litigation for years prior to filing suit, showing that they did not consider there to be any urgency to this matter.  While the AERA plaintiffs have admitted that there is no substantive reason why they want their briefing to commence before January, the ASTM plaintiffs have refused to answer Public Resource's repeated inquiry as to why they believe that summary judgment briefing cannot continue for just a month longer than the schedule they propose.

[2] Public Resource had initially offered to request a joint summary judgment hearing during a phone call with the plaintiffs on October 13.  When the plaintiffs responded to Public Resource seven days later on October 20 and rejected its proposed schedules, the counter-proposal that plaintiffs sent included a demand that "the AERA Plaintiffs only agree to this schedule on the condition that all parties agree to the request that the Court hold a joint summary judgment hearing for both cases after all summary judgment motions are fully briefed."

deadlines for each case alternate, thereby allowing for the briefing in both cases to conclude at a similar time in early 2016.  This alternative schedule is less optimal than the primary proposal listed above, because all six plaintiffs would benefit from having twice the amount of time that Public Resource has to read and respond to motions.  Nevertheless, Public Resource has made its peace with the fact that any schedule proposed will necessarily advantage the plaintiffs in one way or another, and it simply requests a schedule that gives it enough time to prepare and respond to briefs in both cases so that there is complete briefing available for the Court's decision.  This alternative proposed schedule is provided in case the Court finds it helpful:

| **Public Resource's Alternative Proposal** | **Due Date** |
|---|---|
| Opening cross motions in the *ASTM* case | November 12, 2015 |
| Amicus briefs in the *ASTM* case | November 19, 2015 |
| Opening cross motions in the *AERA* case | December 10, 2015 |
| Amicus briefs in the *AERA* case | December 17, 2015 |
| Opposition briefs in the *ASTM* case | January 14, 2016 |
| Opposition briefs in the *AERA* case | February 11, 2016 |
| Reply briefs in the *ASTM* case | February 25, 2016 |
| Reply briefs in the *AERA* case | March 10, 2016 |

Public Resource humbly requests that the Court consider the difference in resources between the parties, the significant challenges of sufficiently briefing the issues raised in this case, and counsel's personal interest in being able to visit with family over the winter holidays.  Public Resource's proposed Order is attached as Exhibit B.

Dated: October 30, 2015                 Respectfully submitted,

/s/ Jordana Rubel

Michael F. Clayton (D.C. Bar: 335307)
J. Kevin Fee (D.C. Bar: 494016)
Jordana S. Rubel (D.C. Bar: 988423)
Morgan, Lewis & Bockius LLP
1111 Pennsylvania Ave., N.W.
Washington, D.C. 20004
Telephone: 202.739.5215
Email: mclayton@morganlewis.com
          jkfee@morganlewis.com
          jrubel@morganlewis.com

*Counsel For American Society For Testing And Materials d/b/a/ ASTM International*

/s/ Kelly M. Klaus

Anjan Choudhury (D.C. Bar: 497271)
Munger, Tolles & Olson LLP
355 South Grand Avenue, 35th Floor
Los Angeles, CA  90071
Tel: 213.683.9100
Email: Anjan.Choudhury@mto.com

Kelly M. Klaus
Jonathan H. Blavin
Nathan Rehn
Munger, Tolles & Olson LLP
560 Mission St., 27th Floor
San Francisco, CA 94105
Tel: 415.512.4000
Email: Kelly.Klaus@mto.com
          Jonathan.Blavin@mto.com
          Thane.Rehn@mto.com

*Counsel for National Fire Protection Association, Inc.*

/s/ Joseph R. Wetzel

Jeffrey S. Bucholtz (D.C. Bar: 452385)
King & Spalding LLP
1700 Pennsylvania Avenue, NW, Ste. 200
Washington, DC 20006-4707

9

Tel: 202.737.0500
Email: jbucholtz@kslaw.com

Kenneth L. Steinthal
Joseph R. Wetzel
J. Blake Cunningham
King & Spalding LLP
101 Second Street, Ste. 2300
San Francisco, CA 94105
Tel: 415.318.1211
Email: ksteinthal@kslaw.com
        jwetzel@kslaw.com
        bcunningham@kslaw.com

*Counsel for American Society of Heating, Refrigerating, and Air Conditioning Engineers*


/s/  Matthew B. Becker

Andrew P. Bridges
Matthew B. Becker
Fenwick & West LLP
555 California Street, 12th Floor
San Francisco, CA 94104
Tel: 415.875.2300
Email: abridges@fenwick.com
        mbecker@fenwick.com

David Halperin
1530 P Street, NW
Washington DC 20005
Tel: 202.905.3434
Email: davidhalperindc@gmail.com

Corynne McSherry
Mitchell Stoltz
Electronic Frontier Foundation
815 Eddy Street
San Francisco, CA 94109
Tel: 415.436.9333
Email: corynne@eff.org
        mitch@eff.org

*Counsel for Public.Resource.Org, Inc.*