IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICAN SOCIETY FOR TESTING AND MATERIALS d/b/a ASTM INTERNATIONAL; <br><br>NATIONAL FIRE PROTECTION ASSOCIATION, INC.; and <br><br>AMERICAN SOCIETY OF HEATING, REFRIGERATING, AND AIR CONDITIONING ENGINEERS, <br><br>          Plaintiffs-Counterdefendants, <br><br>          v. <br><br>PUBLIC.RESOURCE.ORG, INC., <br><br>          Defendant-Counterclaimant. | Case No. 1:13-cv-01215-TSC-DAR <br><br>**DEFENDANT-COUNTERCLAIMANT PUBLIC.RESOURCE.ORG'S MOTION FOR SUMMARY JUDGMENT** <br><br>Action Filed:   August 6, 2013 |

Defendant/Counter-Claimant Public.Resource.Org, Inc. ("Public Resource") respectfully moves for summary judgment that Public Resource's reproduction, display, and distribution of the 256 incorporated standards listed in the First Amended Complaint does not constitute either copyright infringement or trademark infringement.

As described in the attached Memorandum of Law in Support Of Defendant's Motion for Summary Judgment and Opposition to Plaintiffs' Motion for Summary Judgment And Permanent Injunction, there are no genuine issues of material fact that would preclude summary judgment in favor of Public Resource. Plaintiff/Counter-Defendants American Society for Testing and Materials d/b/a/ ASTM International ("ASTM"), National Fire Protection Association, Inc., ("NFPA"), and American Society of Heating, Refrigerating, and Air Conditioning Engineers ("ASHRAE") (collectively "Plaintiffs") cannot assert copyright in the incorporated standards at issue because those standards are binding laws of the United States and

1

numerous states and localities. No one may assert a proprietary legal interest in the text of the law or restrict its distribution. In addition, the incorporated standards are not copyrightable subject matter, and Public Resource's use of the incorporated standards is a non-infringing fair use. Further, Plaintiffs lack standing to bring this lawsuit as to most of the incorporated standards at issue because even if a copyright existed, Plaintiffs would not hold it because the text of the standards was drafted by others who did not assign their rights to the Plaintiffs. Finally, Plaintiffs cannot use trademark claims to replace their deficient copyright claims. Undisputed facts show that Public Resource's reproduction of Plaintiffs' word marks and logos within the incorporated standards does not cause consumer confusion and is a nominative fair use.

Public Resource requests an oral hearing on its motion and opposition to Plaintiffs' motion for summary judgment.

This motion is based on the enclosed Memorandum of Points & Authorities, the Declaration of Carl Malamud, the Declaration of Matthew Becker, Public Resource's Request for Judicial Notice, Index of Consolidated Exhibits and Exhibits filed with this motion, Public Resource's proposed order, the pleadings and papers on file herein, and any further material and argument presented to the Court at the time of the hearing.

Dated:  December 21, 2015               Respectfully submitted,

/s/   Andrew P. Bridges
Andrew P. Bridges (admitted)
abridges@fenwick.com
Matthew Becker (admitted)
mbecker@fenwick.com
FENWICK & WEST LLP
555 California Street, 12th Floor
San Francisco, CA 94104
Telephone: (415) 875-2300
Facsimile:  (415) 281-1350

        Corynne McSherry (admitted)
        corynne@eff.org
        Mitchell L. Stoltz (D.C. Bar No. 978149)
        mitch@eff.org
        ELECTRONIC FRONTIER FOUNDATION
        815 Eddy Street
        San Francisco, CA 94109
        Telephone: (415) 436-9333
        Facsimile:  (415) 436-9993

        David Halperin (D.C. Bar No. 426078)
        davidhalperindc@gmail.com
        1530 P Street NW
        Washington, DC 20005
        Telephone: (202) 905-3434

*Attorneys for Defendant-Counterclaimant*
Public.Resource.Org, Inc.