## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICAN SOCIETY FOR TESTING AND MATERIALS d/b/a ASTM INTERNATIONAL; <br><br> NATIONAL FIRE PROTECTION ASSOCIATION, INC.; and <br><br> AMERICAN SOCIETY OF HEATING, REFRIGERATING, AND AIR CONDITIONING ENGINEERS, <br><br>         Plaintiffs/Counter-defendants, <br><br>    v. <br><br> PUBLIC.RESOURCE.ORG, INC., <br><br>         Defendant/Counterclaimant. | Case No. 1:13-cv-01215-TSC-DAR <br><br> **DEFENDANT-COUNTERCLAIMAINT PUBLIC.RESOURCE.ORG, INC.'S OBJECTIONS TO PLAINTIFFS' EVIDENCE IN SUPPORT OF PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT AND PERMANENT INJUNCTION** <br><br> Action Filed:  August 6, 2013 |

Defendant Public Resource hereby submits the following objections to the Declarations

submitted in support of Plaintiffs' Motion for Summary Judgment and For a Permanent

Injunction, ECF No. 118.

It is fundamental that trial courts "can only consider *admissible* evidence in ruling on a

motion for summary judgment." *Orr v. Bank of America*, 285 F.3d 764, 773 (9th Cir. 2002)

(emphasis added); *see also* Fed. R. Civ. P.  56(c); Fed. R. Evid. 101 (Rules of Evidence apply to

all proceedings in the courts of the United States); Fed. R. Evid. 1101 (listing exceptions to Rule

101).  Hearsay, documents that cannot be authenticated, out-of-context excerpts, and evidence

with no foundation will not suffice, and are not to be considered by the court in ruling on

motions for summary judgment or adjudication.  *See Block v. City of Los Angeles*, 253 F.3d 410,

418-19 (9th Cir. 2001) (deciding that consideration of a declaration's facts not based on personal

knowledge was an abuse of discretion because such facts were inadmissible). Much of the

evidence on which Plaintiffs attempt to rely fails to meet the minimum threshold requirements of admissibility, as set forth below:

**Unauthenticated Documents**: Authentication or identification is a condition precedent to the admissibility of a document. Fed. R. Evid. 901. Under Federal Rule of Civil Procedure 56, evidence in support of a motion for summary judgment is objectionable if it cannot be presented in a form that would be admissible. A document cannot be authenticated by one who does not have personal knowledge of its authenticity. The foundation is laid for receiving a document in evidence by the testimony of a witness with personal knowledge of the facts who attests to the identity and due execution of the document and, where appropriate, its delivery. *United States v. Dibble*, 429 F.2d 598, 602 (9th Cir. 1970). If there Plaintiffs are unable to show that they could authenticate a document at trial, then the document should not be considered in support of Plaintiffs' motion for summary judgment.

**Hearsay:** Generally, "inadmissible hearsay evidence may not be considered on a motion for summary judgment." Anheuser-Busch, Inc. v. Natural Beverage Distribs., 69 F.3d 337, 345 n.4 (9th Cir. 1995); see also Blair Foods, Inc. v. Ranchers Cotton Oil, 610 F.2d 665, 667 (9th Cir. 1980) ("hearsay evidence is inadmissible and may not be considered by this court on review of a summary judgment"); In re Cypress Semiconductor, Inc. Sec. Litig., 891 F. Supp. 1369, 1374 (N.D. Cal. 1995) (hearsay evidence cannot be considered in summary judgment proceedings), aff'd, 113 F.3d 1240 (9th Cir. 1997).

**Irrelevant Evidence:** Irrelevant evidence cannot be considered in summary judgment proceedings. See Fed. R. Evid. 402; see also Smith v. Hughes Aircraft Co., 22 F.3d 1432, 1439 (9th Cir. 1993) (affirming trial court's refusal to consider irrelevant evidence on summary judgment); Uche-Uwakwe v. Shinseki, 972 F. Supp. 2d 1159, 1165 (C.D. Cal. 2013) (sustaining

objection that statement filed in support of motion for summary judgment was inadmissible for lack of relevance and foundation).

**Lack of Personal Knowledge/Foundation:** A fact witness may not testify to a matter unless the witness has personal knowledge of the matter.  Fed. R. Evid. 602; Fed. R. Civ. P. 56(c) ("declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated"); *Orr*, 285 F.3d at 774 & n.9; *Express, LLC v. Fetish Group, Inc.*, 464 F. Supp. 2d 965, 973 (C.D. Cal. 2006) ("Declarations submitted in conjunction with summary judgment proceedings must . . . be based on personal knowledge"). Further, "[a] declarant's mere assertions that he or she possesses personal knowledge and competency to testify are not sufficient." *Boyd v. City of Oakland*, 458 F. Supp. 2d 1015, 1023 (N.D. Cal. 2006). A declarant must show personal knowledge and competency "affirmatively," under Rule 56, for example, by "the nature of the declarant's position and nature of participation in matter." *Id.*; see also *Barthelemy v. Air Lines Pilots Ass'n*, 897 F.2d 999, 1018 (9th Cir. 1990) (inferring personal knowledge from affiants' "positions and the nature of their participation in the matters to which they swore"). The fact that Public Resource does not object to the witnesses' testimony that they have personal knowledge of the facts stated in their declarations and are competent to testify thereto does not in any way signal Public Resource's agreement with those assertions. Public Resource merely does not contend those statements are inadmissible—but they may be wrong.

**Improper Lay Testimony on Legal Conclusions or Expert Subject Matter:** Legal conclusions are not admissible evidence.  See Pierce v. Kaiser Found. Hospitals, CV 09-03837 WHA, 2010 WL 4590930, at *8 (N.D. Cal. Nov. 4, 2010), aff'd, 470 F. App'x 649 (9th Cir. 2012) (excluding numerous declarant statements containing inadmissible legal conclusions).

The Declarants, without any legal expertise, repeatedly purport to state legal conclusions and the legal effects of documents supposedly relevant to this dispute.  See Fed. R. Evid. 701; see also Evangelista v. Inlandboatmen's Union of Pac., 777 F.2d 1390, 1398 n.3 (9th Cir. 1985) (lay opinion construing contract provisions is inadmissible); Pierce, 2010 WL 4590930, at *8 (declaration that opponent "breached" agreement or "violated" laws is inadmissible legal conclusion).

Testimony requiring scientific, technical, or other specialized knowledge may be given only by an expert witness with the requisite knowledge, skill, experience, training, or education, and opinion testimony is not permitted of a lay person.  Fed. R. Evid. 701, 702; see also U.S. Aviation Underwriters, Inc. v. Yellow Freight Sys., Inc., 296 F. Supp. 2d 1322, 1331 (S.D. Ala. 2003) (unqualified expert opinions inadmissible at summary judgment).  The "proponent of the expert bears the burden of demonstrating that the expert is qualified."  Gable v. Nat'l Broad. Co., 727 F. Supp. 2d 815, 833 (C.D. Cal. 2010), aff'd, 438 F. App'x 587 (9th Cir. 2011) (citing United States v. 87.98 Acres of Land More or Less in the County of Merced, 530 F.3d 899, 904-05 (9th Cir. 2008)). See also Kumho Tire Co. v. Carmichael, 526 U.S. 137, 147-48 (1999) (expert must have specialized knowledge).

**Speculative and Conclusory Statements:** The unsupported, speculative, and conclusory statements and claims of opposing parties and their attorneys are not evidence and do not raise a genuine issue of material fact sufficient to preclude summary judgment.  Lujan v. Nat'l Wildlife Fed'n, 497 U.S. 871, 888 (1990) (The purpose of Rule 56(e) is "not to replace conclusory allegations of the complaint with conclusory allegations of an affidavit.").  Rather, "[w]here the moving party will have the burden of proof at trial, it must affirmatively demonstrate that no reasonable trier of fact could find other than for the moving party."  Int'l Church of Foursquare

*Gospel v. City of San Leandro*, 902 F. Supp. 2d 1286, 1290-91 (N.D. Cal. 2012) (citing

*Soremekun v. Thrifty Payless, Inc.*, 509 F.3d 978, 984 (9th Cir. 2007)).  *Cf. Orr*, 285 F.3d at 783

("To defeat summary judgment, [one opposing summary judgment] must respond with more

than mere hearsay and legal conclusions"); *Cambridge Elecs. Corp. v. MGA Elecs., Inc.*, 227

F.R.D. 313, 320 (C.D. Cal. 2004) ("Conclusory, speculative testimony in affidavits and moving

papers is insufficient to raise genuine issues of fact and defeat summary judgment").

**Secondary Evidence Rule:** The "secondary evidence rule" requires that contents of

documents must be proved by producing the document itself.  Fed. R. Evid. 1001, 1002.

**Objections to the Declarations Filed in Support of Plaintiffs' Motion for Summary**

**Judgment:**

| DECLARATION OF DENNIS J. BERRY IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT | PUBLIC.RESOURCE.ORG'S OBJECTIONS |
|---|---|
| 1.      I am Secretary of the Corporation and Director of Licensing for the National Fire Protection Association ("NFPA"). My duties include negotiating and overseeing NFPA's licenses for its codes and standards. The following facts are based upon my own personal knowledge, and if called upon to do so, I could and would testify competently hereto. | No objection. |
| 2.      NFPA owns a United States copyright registration for the 2011 edition of the National Electrical Code. Attached hereto as Exhibit A is a true and correct copy of the registration certificate for this work. | No objection. |
| 3.      NFPA owns a United States copyright registration for the 2014 edition of the National Electrical Code. Attached hereto as Exhibit B is a true and correct copy of the registration certificate for this work. | No objection. |
| 4.      NFPA owns a United States trademark registration for the trademark National Fire Protection Association. Attached hereto as Exhibit C is a true and correct copy of this trademark registration. | FRE 1002 Secondary Evidence Rule. This testimony appears to be attempting to prove the content of the exhibit. |

| | |
|---|---|
| **Exhibit C** | FRE 802 Hearsay. NFPA has failed to disclose the identity a custodian of records who would be able to satisfy the requirements of the business records exception to hearsay for this document. |
| | FRE 901 Lack of Authentication. NFPA has failed to disclose the identity a custodian of records who would be able to authenticate this document. |
| | FRE 1002 Secondary Evidence Rule. This exhibit appears to be a document created by a private nonparty WebTMS. It is not a trademark registration. |
| 5.      NFPA owns a United States trademark registration for the trademark NFPA.  Attached hereto as Exhibit D is a true and correct copy of this trademark registration. | FRE 1002 Secondary Evidence Rule. This testimony appears to be attempting to prove the content of the exhibit. |
| Exhibit D | FRE 802 Hearsay. NFPA has failed to disclose the identity a custodian of records who would be able to satisfy the requirements of the business records exception to hearsay for this document. |
| | FRE 901 Lack of Authentication. NFPA has failed to disclose the identity a custodian of records who would be able to authenticate this document. |
| | FRE 1002 Secondary Evidence Rule. This exhibit appears to be a document created by a private nonparty WebTMS. It is not a trademark registration. |
| 6.      NFPA owns a United States trademark registration for the NFPA logo: | FRE 1002 Secondary Evidence Rule. This testimony appears to be attempting to prove the content of the exhibit. |

Attached hereto as Exhibit E is a true and correct copy of this trademark registration.

| | |
|---|---|
| Exhibit E | FRE 802 Hearsay. NFPA has failed to disclose the identify a custodian of records who would be able to satisfy the requirements of the business records exception to hearsay for this document. |
| | FRE 901 Lack of Authentication. NFPA has failed to disclose the identify a custodian of records who would be able to authenticate this document. |
| | FRE 1002 Secondary Evidence Rule. This exhibit appears to be a document created by a private nonparty WebTMS. It is not a trademark registration. |
| 7.    NFPA owns a United States trademark registration for the trademarks National Electrical Code and NEC. Attached hereto as Exhibits F and G are true and correct copies of these trademark registrations. | No objection. |
| 8.    NFPA owns a United States trademark registration for the trademark NFPA 70. Attached hereto as Exhibit H is a true and correct copy of this trademark registration | FRE 1002 Secondary Evidence Rule. This testimony appears to be attempting to prove the content of the exhibit. |
| Exhibit H | FRE 802 Hearsay. NFPA has failed to disclose the identify a custodian of records who would be able to satisfy the requirements of the business records exception to hearsay for this document. |
| | FRE 901 Lack of Authentication. NFPA has failed to disclose the identify a custodian of records who would be able to authenticate this document. |
| | FRE 1002 Secondary Evidence Rule. This exhibit appears to be a document created by a |

| | private nonparty WebTMS. It is not a trademark registration. |
|---|---|
| 9.      NFPA owns a United States trademark registration for the NEC logo:<br><br><br><br>Attached hereto as Exhibit I is a true and correct copy of this trademark registration. | No objection. |
| 10.      NFPA routinely grants permission to researchers, educators, and others to use portions of NFPA standards for educational and other non-commercial purposes at no cost. | FRE 602 Lack of personal knowledge. The witness has not established personal knowledge of NFPA's practices concerning permissions to use NFPA standards. Therefore, the witness lacks personal knowledge of what may or may not be routine.<br><br>FRE 701 Unqualified Expert Opinion. The witness has not been qualified as an expert. Therefore, the witness cannot testify to facts beyond the witness's personal knowledge. |
| 11.      Attached hereto as Exhibit J is a true and correct copy of a January 22, 2015 email to me from a merchant who attempted to sell a PDF copy of the 2014 NEC on eBay without authorization from NFPA. The reseller asserted that the standard "is public domain and is readily downloadable," and attached a link to an electronic copy of the standard posted by Public.Resource.Org as support for that assertion. This email is a business record of NFPA, recorded at the time of its receipt, created as a regular practice of NFPA to be kept and relied on by NFPA staff in the ordinary course of business. | FRE 802 Hearsay. The witness recites an out of court statement introduced for the truth of the matter asserted.<br><br>FRE 1002 Secondary Evidence. The witness's testimony attempts to prove the content of a writing. |
| Exhibit J | FRE 802 Hearsay. Exhibit J is an email from a nonparty to the witness. The Exhibit contains out of court statements introduced |

| | |
|---|---|
| | for the truth of the matter asserted. Exhibit J is not a record of a regularly conducted activity under FRE 803(6) because NFPA did not make the record; the nonparty did. Further, the declarant is anonymous, which indicates a lack of trustworthiness. |
| 12.    Attached hereto as Exhibit K is a true and correct copy of an October 13, 2015 email to me from a merchant who attempted to use a PDF copy of the 2014 NEC as an inducement to purchase another product on the internet without authorization from NFPA. The merchant asserted that the standard is "provided for use by the public, for free," and attached a link to an electronic copy of the standard posted by Public.Resource.Org as support for that assertion. This email is a business record of NFPA, recorded at the time of its receipt, created as a regular practice of NFPA to be kept and relied on by NFPA staff in the ordinary course of business. | FRE 802 Hearsay. The witness recites an out of court statement introduced for the truth of the matter asserted.<br><br>FRE 1002 Secondary Evidence. The witness's testimony attempts to prove the content of two writings—the purported "inducement" and Exhibit K. |
| Exhibit K | FRE 106 Completeness. Exhibit K refers to an enclosed letter. The letter is not provided with the exhibit and has not been disclosed to Public Resource.<br><br>FRE 802 Exhibit K is an email from a nonparty to the witness. The Exhibit contains out of court statements introduced for the truth of the matter asserted. Exhibit K is not a record of a regularly conducted activity under FRE 803(6) because NFPA did not make the record; the nonparty did. |
| 13.    I understand that Defendant in this case, Public.Resource.Org, recently removed NFPA's standards from its website.  NFPA has not received any complaints from any persons claiming that they were unable to access NFPA standards since that time. | FRE 402 Relevance. This testimony is not relevant to the subject matter of this litigation.<br><br>FRE 403 Prejudice. This testimony is prejudicial because it assumes, without supporting evidence, that NFPA has a system for receiving complaints regarding the accessibility of standards and that people unable to access NFPA's standards would complain to NFPA.<br><br>FRE 602 Lack of Personal Knowledge. The witness has not established that he has |

| | personal knowledge of all complaints that NFPA receives. |
|---|---|
| **DECLARATION OF STEVEN CRAMER IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT** | **PUBLIC.RESOURCE.ORG'S OBJECTIONS** |
| 1.      I am over the age of 18 years and am fully competent to testify to the matters stated in this Declaration. | No objection. |
| 2.      This declaration is based on my personal knowledge. If called to do so, I would and could testify to the matters stated herein. | No objection. |
| 3.      I am the Vice-Provost for Teaching and Learning and Professor of Civil and Environmental Engineering at the University of Wisconsin-Madison. My research focuses on the mechanical behavior of wood and wood-based materials, the design and analysis of wood structures, and the performance of concrete construction materials. | No objection. |
| 4.      I am a member of ASTM International ("ASTM"). I have been a member of ASTM since 1986. | No objection. |
| 5.      From 2006-2009, I was the Chairman of ASTM's Committee D07, which is the committee that develops standards related to wood. This committee has jurisdiction over 116 ASTM standards. | No objection. |
| 6.      I understood since I joined ASTM that ASTM would own the copyright in any standards or materials I helped to develop. | FRE 402 Relevance. The witness's "understanding" is not relevant to the issue of whether ASTM owns a copyright interest in any particular standard. |
| 7.      I consider my contributions to the ASTM standard development process to be contributions to my profession and to the related industries. ASTM provides the framework that allows me to make this contribution. | No objection. |
| 8.      ASTM plays a stewardship role in convening a diverse group of members, providing the infrastructure that makes it possible for members to contribute ideas, and ultimately creating a usable product that members will use and from which the entire industry will benefit. | FRE 402, 403 Relevance and Confusing. It is not clear what the witness means by a "stewardship role," and it is not clear that "stewardship" is relevant to the claims in the case.<br><br>FRE 602 Lack of Personal Knowledge. The |

|  | witness lacks personal knowledge concerning the causal statement of what ASTM "makes possible," whether ASTM creates "a useable product" and whether the "product" benefits the "entire industry." FRE 701 Unqualified Expert Opinion. The witness has not been qualified as an expert. Therefore, the witness cannot testify to facts beyond the witness's personal knowledge. |
|---|---|
| 9.      The process of developing, publishing and distributing standards is expensive and someone has to pay for those costs. | FRE 602 Lack of Personal Knowledge. The witness has not established any personal knowledge concerning the cost involved in developing, publishing, or distributing standards. The witness also has no personal knowledge regarding the testimony that "someone has to pay for those costs." FRE 701 Unqualified Expert Opinion. The witness has not been qualified as an expert. Therefore, the witness cannot testify to facts beyond the witness's personal knowledge. |
| 10.      I understood since I became a member of ASTM that ASTM sell copies of all ASTM standards and uses the revenue from its sales to support the standards development process. | FRE 402 Relevance. The witness's "understanding" is not relevant or probative of any issue in this case. FRE 602 Lack of Personal Knowledge. The witness has not established any basis for having personal knowledge of how ASTM uses the revenue from its sales. FRE 701 Unqualified Expert Opinion. The witness has not been qualified as an expert. Therefore, the witness cannot testify to facts beyond the witness's personal knowledge. |
| 11.      I understood since I became a member of ASTM that if I wanted a copy of an ASTM standard, including a standard that I helped to develop, I or my institution would be required to purchase it from ASTM. | FRE 402 Relevance. The witness's "understanding" is not relevant or probative of any issue in this case. FRE 602 Lack of Personal Knowledge. The witness is testifying concerning a hypothetical situation, for which he cannot have personal knowledge. FRE 701 Unqualified Expert Opinion. The |

| | witness has not been qualified as an expert. Therefore, the witness cannot testify to facts beyond the witness's personal knowledge. |
|---|---|
| 12.      I have renewed my membership with ASTM using ASTM's online registration system since at least 2007. As part of that process, I indicated my agreement to the following statement: "I agree, by my participation in ASTM and enjoyment of the benefits of my annual membership, to have transferred and assigned any and all interest I possess or may possess, including copyright, in the development or creation of ASTM standards or ASTM IP to ASTM." A screen shot of the membership renewal form is attached as Exhibit 1. I understand this to mean that I have assigned any and all copyrights in standards I helped to develop from 1986 to the present to ASTM. | FRE 402 Relevance. The witness's "understanding" of the meaning of the purported contract is inadmissible parole evidence.<br><br>FRE 602 Lack of Personal Knowledge. The witness has not established any personal knowledge concerning the nature of Exhibit 1.<br><br>FRE 701 Unqualified Expert Opinion. The witness has not been qualified as an expert. Therefore, the witness cannot testify to facts beyond the witness's personal knowledge.<br><br>FRE 1002 Secondary Evidence. The witness is testifying about the content of a writing. |
| Exhibit 1 | FRE 106 Completeness. Exhibit 1 appears to be several screenshots of webpages, but it appear that not all the webpages that ASTM contends comprise its renewal form are included. For example, on the page marked ASTM001793, contains a name in the first screenshot, but whatever part of the form allowed that person to input her name does not appear in the exhibit.<br><br>FRE 901 Authentication. It is not clear what the witness is claiming this exhibit to be. Is it the current renewal form? The renewal form as it has existed since 2007? Further, the witness, who is not an ASTM employee, has not shown any personal knowledge regarding the authenticity of Exhibit 1. The document appears to have been created by the person named in the screen shots, who has not been disclosed by ASTM as a potential witness. |
| 13.      I renewed my membership in ASTM for 2016. As part of the renewal process, I agreed once again to a statement indicating that I had | FRE 602 Lack of Personal Knowledge. The witness does not have personal knowledge of what constitutes the act of agreeing, with all |

| | |
|---|---|
| "transferred and assigned any and all interest I possess or may possess, including copyright, in the development or creation of ASTM standards or ASTM IP to ASTM." Attached as Exhibit 2 is a screen shot of this statement in my membership renewal. | its attendant legal meaning. The witness may have personal knowledge that he clicked on the "continue" button of the webpage, but lacks personal knowledge as to the legal effect of doing so. But the witness has not testified to that fact.<br><br>FRE 701 Unqualified Expert Opinion. The witness has not been qualified as an expert. Therefore, the witness cannot testify to facts beyond the witness's personal knowledge.<br><br>FRE 1002 Secondary Evidence. In the second sentence of this paragraph, the witness testifies as to the content of Exhibit 2. The Exhibit itself is the proof of its content. |
| Exhibit 2 | FRE 106 Completeness. Exhibit 2 does not appear to be a complete record of the ASTM membership renewal form for 2016.<br><br>FRE 402 Relevance. Exhibit 2 does not indicate that the witness accepted, or could accept, the statement concerning his interest in the ASTM standards, let alone sign an agreement, as required by the Copyright Act. Therefore it is not relevant to prove ASTM's claims concerning copyright ownership. |
| 14.    I am not aware of any ASTM member who claims to own the copyright in any ASTM standard. | FRE 402 Relevance. Whether an ASTM member claims copyright ownership of any ASTM standard is not probative of whether ASTM owns the copyright to the ASTM standards.<br><br>FRE 403 Prejudice. The witness's testimony implies, without supporting proof, that he should be aware if an ASTM member claimed to own the copyright in an ASTM standard, and therefore his lack of awareness suggests that no member has claimed ownership. |
| 15.    The context of ASTM's operations, including the membership forms, membership renewal forms, Intellectual Property policy, and the copyright notices on each of the ASTM | FRE 402 Relevance. Context is not a relevant factor for an effective copyright transfer under the Copyright Act. |

| | |
|---|---|
| standards makes it very clear to all members that ASTM owns the copyrights in all ASTM standards. | FRE 602 Lack of Personal Knowledge. The witness has no personal knowledge of what is "very clear" to "all members." The witness also has no personal knowledge of what is necessary to own a copyright, with its attendant legal issues.<br><br>FRE 701 Unqualified Expert Opinion. The witness has not been qualified as an expert. Therefore, the witness cannot testify to facts beyond the witness's personal knowledge. |
| 16.     As the Chairman of Committee D07, I did not consider how much revenue sales of a potential standard would bring to ASTM when deciding whether to approve a work item to develop a new standard. I considered whether there was a need for the proposed standard and whether there would be sufficient interest from a balanced group necessary to develop the standard. | No Objection. |
| 17.     A task group puts together the first draft of a new standard. I have participated in several task groups that have drafted proposed standards that were then revised and voted upon by ASTM subcommittees and committees. In my experience, developing a standard is an iterative process. The task group works collaboratively, with many people sharing ideas, suggesting wording and providing comments that contribute to the draft standard. | FRE 602 Lack of Personal Knowledge. The witness's testimony goes beyond his personal knowledge of tasks groups in which he participated.<br><br>FRE 701 Unqualified Expert Opinion. The witness has not been qualified as an expert. Therefore, the witness cannot testify to facts beyond the witness's personal knowledge. |
| 18.     I have also participated in developing standards through the balloting process in subcommittees and committees. Members of the subcommittee and committee that submit ballots on a proposed standard also suggest wording and provide comments on the draft. The suggestions and comments are often incorporated into the draft. | FRE 602 Lack of Personal Knowledge. The witness's testimony goes beyond his personal knowledge of committees and subcommittees in which he participated.<br><br>FRE 701 Unqualified Expert Opinion. The witness has not been qualified as an expert. Therefore, the witness cannot testify to facts beyond the witness's personal knowledge. |
| 19.     The ASTM standards I have participated in developing were developed based on public demands, industry needs, and public safety concerns and advancements in technology. They address a technical issue or problem identified | FRE 402 Relevance. The purpose of the standards is not relevant to the subject matter of this litigation.<br><br>FRE 602 Lack of Personal Knowledge. The |

| | |
|---|---|
| by a group of people in the relevant sector that can be addressed with a standard-based solution. | witness does not have personal knowledge about the alleged bases for the standards development. At most he can testify to his own concerns when participating in developing a standard. He also lacks personal knowledge concerning the second sentence of paragraph 19.<br><br>FRE 701 Unqualified Expert Opinion. The witness has not been qualified as an expert. Therefore, the witness cannot testify to facts beyond the witness's personal knowledge. |
| 20.     The ASTM standards I have participated in developing were not developed for the purpose of being incorporated into government regulations. | FRE 402 Relevance. This testimony is not probative of any issue in this litigation.<br><br>FRE 602 Lack of Personal Knowledge. The witness does not have personal knowledge as to why the standards were developed, which is a matter of opinion, not of fact.<br><br>FRE 701 Unqualified Expert Opinion. The witness has not been qualified as an expert. Therefore, the witness cannot testify to facts beyond the witness's personal knowledge. |
| 21.     ASTM committees composed of technical experts make decisions about the appropriate content of the standards, including the relevant measurements, values, descriptions, and other specifications, as well as the language with which to express these standards. | FRE 602 Lack of Personal Knowledge. The witness's testimony concerns all ASTM committees, but the witness is only qualified to discuss those committees in which he has participated or observed.<br><br>FRE 701 Unqualified Expert Opinion. The witness has not been qualified as an expert. Therefore, the witness cannot testify to facts beyond the witness's personal knowledge. |
| 22.     Other standard development organizations, including the American Wood Council and the American National Standards Institute, develop standards that relate to wood. The content, language and purpose of these SDO's standards differs from the content of the ASTM standards. | FRE 402 Relevance. The fact testified to is not probative of any issue in this litigation.<br><br>FRE 602 Lack of Personal Knowledge. The witness has not established that he has any personal knowledge of these other standards developing organizations or the standards they develop.<br><br>FRE 701 Unqualified Expert Opinion. The witness has not been qualified as an expert. |

|  | Therefore, the witness cannot testify to facts beyond the witness's personal knowledge. FRE 1002 Secondary Evidence. The witness is testifying as to the content of writings—ASTM's standards and those of the American Wood Council and the American National Standards Institute, but has not adduced the actual writings. |
|---|---|
| 23.      Since joining ASTM, I was aware that all contributions I made to the process of developing a standard would be merged with the contributions of others and would result in a single standard. | FRE 602 Lack of Personal Knowledge.  The declaration does not identify the basis for personal knowledge of this fact.  Moreover, whether contributions are "merged" is a legal conclusion and not a fact subject to personal knowledge. FRE 701 Unqualified Expert Opinion. The witness has not been qualified as an expert. Therefore, the witness cannot testify to facts beyond the witness's personal knowledge. |
| 24.      The task group, section, subcommittee and committee structure through which ASTM standards are developed makes it apparent to all participants that their contributions will be merged with the contributions of others and will result in a single standard. | FRE 602 Lack of Personal Knowledge. The witness does not have personal knowledge of what is "apparent" to "all participants." Also, whether the contributions "will be merged" is a legal conclusion and not the subject of personal knowledge. FRE 701 Unqualified Expert Opinion. The witness has not been qualified as an expert. Therefore, the witness cannot testify to facts beyond the witness's personal knowledge. |
| 25.      ASTM staff members added certain language required by the Form and Style guide to each of the standards I helped to develop. | FRE 1002 Secondary Evidence. The witness's testimony assumes facts about the content of the Form and Style guide, a writing. |
| 26.      ASTM staff editors also proofread and edited each one of the standards I helped to develop prior to their publication. | No objection. |
| **DECLARATION OF JAMES GOLINVEAUX IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT** | **PUBLIC.RESOURCE.ORG'S OBJECTIONS** |
| 1.      I am a Senior Fellow of water suppression products at Tyco Fire Protection | No objection |

| | |
|---|---|
| Products. The following facts are based upon my own personal knowledge and, if called upon to do so, I could and would testify competently hereto. | |
| 2.   Tyco Fire Protection Products is a leading manufacturer of water-based fire suppression system components and ancillary building construction products. Tyco manufactures a wide variety of sprinklers, system valves and devices, piping and electrical products, and specialty systems for effective fire protection in commercial, industrial, institutional, and residential buildings. | No objection. |
| 3.   I have more than 30 years of experience in the fire protection industry, and my particular field of expertise is in the development of fire sprinklers for use in buildings. I hold 21 United States and 29 foreign patents in automatic sprinkler technology, and I currently have 38 pending applications for United States and foreign patents. In 2014 I received the Henry S. Parmalee award, the American Fire Sprinkler Association's highest honor, in recognition of my work in the research and design of fire sprinklers to improve fire safety. As part of my professional activities, I travel around the world to deliver lectures and training on fire safety issues to a wide variety of audiences. | FRE 402 Relevance. This testimony is not relevant; the witness is not seeking to be qualified as an expert. |
| 4.   I am familiar with the work of the National Fire Protection Association ("NFPA"), and I have been personally involved in NFPA's standards development process for many years. For example, I have been a member of the NFPA 13 Technical Committee for more than 20 years. NFPA 13 is the Standard for the installation of Sprinkler Systems. I have also been a Technical Committee member for several other NFPA standards, including NFPA 101, the Life Safety Code. In addition, I am currently a member of NFPA's Standards Council. | No objection. |
| 5.   Fire safety professionals and the fire protection industry benefit greatly from the standards developed by NFPA through its voluntary consensus process. It is critical to have one central association that can attract | FRE 602 Lack of Personal Knowledge. This is quintessential "expert" testimony that goes far beyond what the witness could have personal knowledge of. |

17

| | |
|---|---|
| contributors from a variety of perspectives, coordinate and host Technical Committee meetings, and ultimately develop and publish standards that reflect the broadest possible consensus about fire safety techniques and that can be used widely throughout the country. | FRE 701 Unqualified Expert Opinion. The witness has not been qualified as an expert. Therefore, the witness cannot testify to facts beyond the witness's personal knowledge. |
| 6.      NFPA's voluntary consensus process results in the creation of uniform industrywide standards. Professionals across the industry rely on the existence of these standards, and this industry-wide uniformity could not be achieved without NFPA or a similar organization with the resources to devote to standards development. | FRE 602 Lack of Personal Knowledge. This is quintessential "expert" testimony that goes far beyond what the witness could have personal knowledge of.<br><br>FRE 701 Unqualified Expert Opinion. The witness has not been qualified as an expert. Therefore, the witness cannot testify to facts beyond the witness's personal knowledge. |
| 7.      It is especially important to have an independent association that brings together the expertise of many different stakeholders and creates an open and structured standards development process designed to accommodate input from many sources and achieve consensus. The voluntary consensus process is costly, but in my experience it results in the highest quality standards in the area of fire safety. | FRE 403 Prejudicial and Wasting Time. This is just an argument; there is no factual support. It wastes time to consider.<br><br>FRE 602 Lack of Personal Knowledge. This is quintessential "expert" testimony that goes far beyond what the witness could have personal knowledge of.<br><br>FRE 701 Unqualified Expert Opinion. The witness has not been qualified as an expert. Therefore, the witness cannot testify to facts beyond the witness's personal knowledge. |
| 8.      In my experience participating in NFPA's standards development process, I have observed the significant costs that NFPA incurs to develop its standards. I understand that this process is primarily funded by revenue obtained from the sale of NFPA publications. | FRE 402 Relevance. The witness's "understanding" is not relevant. If the basis of this "understanding" consists of writings, then this testimony runs afoul of FRE 1002 and if the basis is what he was told by someone else, then the testimony is hearsay.<br><br>FRE 602 Lack of Personal Knowledge. The witness does not purport to have personal knowledge of what the NFPA spends money on or the revenue sources for those expenditures.<br><br>FRE 701 Unqualified Expert Opinion. The witness has not been qualified as an expert. Therefore, the witness cannot testify to facts |

| | beyond the witness's personal knowledge. |
|---|---|
| 9.      NFPA also provides resources on which fire safety professionals rely in interpreting and implementing NFPA standards. These include expert technical staff who provide interpretations of the standards, training and education programs, and a research arm. These resources significantly enhance the value and utility of NFPA standards. I understand that these resources are primarily funded by revenue obtained from the sale of NFPA publications. | FRE 402 Relevance. The witness's "understanding" is not relevant. If the basis of this "understanding" consists of writings, then this testimony runs afoul of FRE 1002 and if the basis is what he was told by someone else, then the testimony is hearsay. <br><br> FRE 602 Lack of Personal Knowledge. The witness provide any foundation for his apparent knowledge of these NFPA "resources." Nor does he purport to have personal knowledge of what the NFPA spends money on or the revenue sources for those expenditures. <br><br> FRE 701 Unqualified Expert Opinion. The witness has not been qualified as an expert. Therefore, the witness cannot testify to facts beyond the witness's personal knowledge. |
| 10.      In my experience in the fire sprinkler industry, NFPA 13 and other standards used in the industry are accessible to the professionals who use them, including manufacturers, architects, engineers, and contractors. NFPA distributes standards through a variety of channels and in a variety of formats. Professionals who work with fire sprinklers are familiar with NFPA standards and able to obtain them with little difficulty and at reasonable cost. | FRE 602 Lack of Personal Knowledge. This is quintessential "expert" testimony that goes far beyond what the witness could have personal knowledge of. <br><br> FRE 701 Unqualified Expert Opinion. The witness has not been qualified as an expert. Therefore, the witness cannot testify to facts beyond the witness's personal knowledge. |
| 11.      Before I became a member of any NFPA Technical Committees, I submitted a committee application in which I agreed that all copyrights and other rights in the Committee's work were owned by NFPA. I also agreed that, to the extent I had any rights in my work in connection with the Committee, either individually or in connection with others, I expressly assigned all such rights to NFPA. | FRE 602 Lack of Personal Knowledge. The witness is testifying as to the legal effect of a document, an issue that is not subject to personal knowledge. <br><br> FRE 701 Unqualified Expert Opinion. The witness has not been qualified as an expert. Therefore, the witness cannot testify to facts beyond the witness's personal knowledge. <br><br> FREE 1002 The witness is testifying as to the content of a written "committee application," without making that writing available. To the extent it was an unwritten "agreement," then |

| | it is not relevant to the issue of copyright ownership. |
|---|---|
| 12.      In my work on NFPA Technical Committees, it has always been my express intention that my contributions to the standards would be fully owned by NFPA, and that NFPA would own the copyright in the completed standards on which I worked. | FRE 402 Relevance. The witness's testimony concerning his former intent is not relevant. To the extent he is testifying about unwritten agreements, that testimony is not pertinent under the Copyright Act.<br><br>FRE 802 Hearsay. The witness testifies as to his "express" intention. The expression of that intention is impermissible hearsay.<br><br>FRE 1002 To the extent the expression of the witness's intent was in writing, the witness is improperly trying to testify as to the content of a writing. |
| 13.      In my experience working on NFPA Technical Committees, all Committee members have known that NFPA publishes the final standards, owns the copyright in those standards, and affixes copyright notices to the standards. In my experience, the Technical Committee members understand and agree that all copyrights and other rights in the work of the Technical Committee is owned by NFPA. | FRE 602 Lack of Personal Knowledge. This is quintessential "expert" testimony that goes beyond the witness's personal knowledge. Prefacing the testimony with the phrase "in my experience" does not change that he cannot know what other people knew, understood, or agreed to.<br><br>FRE 701 Unqualified Expert Opinion. The witness has not been qualified as an expert. Therefore, the witness cannot testify to facts beyond the witness's personal knowledge. |
| **DECLARATION OF RANDY JENNINGS IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT** | **PUBLIC.RESOURCE.ORG'S OBJECTIONS** |
| 1.      I am over the age of 18 years and am fully competent to testify to the matters stated in this Declaration. | No objection. |
| 2.      This declaration is based on my personal knowledge. If called to do so, I would and could testify to the matters stated herein. | No objection. |
| 3.      I am the Director of Program Operations for the Tennessee Department of Agriculture. In that role, among other responsibilities, I represent the State of Tennessee on ASTM International Committees D02, D03, D15; the National Conference on Weights and Measures and other relevant standards development | No objection. |

| | |
|---|---|
| organizations. I also direct and assist regulatory administrators in assessing and improving their programs; monitor the efficiency and effectiveness of staff performance; review all enforcement actions that are submitted to the division attorney; and provide direction on enforcement options after discussing with the attorney and consulting with program administrators. | |
| 4.      I am a member of ASTM International ("ASTM"). I have been a member of ASTM since 1990. | No objection. |
| 5.      I am currently the Chairman of ASTM's Committee D02, which is the committee that develops standards related to petroleum products, liquid fuels and lubricants. | No objection. |
| 6.      I have been an active member of several D02 subcommittees, including D01.AO on Gasoline and Oxygenated Fuels, 02.EO on Burner, Diesel, Non-Aviation Gas Turbine and Marine Fuels, D02.HO on Liquefied Petroleum Gas, D02.02 on Hydrocarbon Measurement for Custody Transfer and D02.08 on Volatility for many years. | No objection. |
| 7.      I understood since I joined ASTM that ASTM would own the copyright in any standards or materials I helped to develop. | FRE 402 Relevance. The witness's understanding is not relevant.<br><br>FRE 602 Lack of Personal Knowledge. The witness's testimony relies on legal conclusions of "ownership," which are not the subject of personal knowledge.<br><br>FRE 701 Unqualified Expert Opinion. The witness has not been qualified as an expert. Therefore, the witness cannot testify to facts beyond the witness's personal knowledge. |
| 8.      I understood since I became a member of ASTM that ASTM sell copies of all ASTM standards and uses the revenue from its sales to support the standards development process. | FRE 402 Relevance. The witness's understanding of the facts is not relevant.<br><br>FRE 602 Lack of Personal Knowledge. The witness has not established any foundation for personal knowledge of ASTM's business practices concerning sales and revenue allocations of the standards. |

| | |
|---|---|
| 9.      I understood since I became a member of ASTM that if I wanted a copy of any ASTM standard, I would be required to purchase it from ASTM, including standards that I helped to develop. | FRE 402 Relevance. The witness's understanding of the facts is not relevant.<br><br>FRE 602 Lack of Personal Knowledge. The witness is speculating about a hypothetical situation, which is not a subject of personal knowledge. |
| 10.      I have renewed my membership with ASTM using ASTM's online registration system since at least 2007. As part of that process, I indicated my agreement to the following statement: "I agree, by my participation in ASTM and enjoyment of the benefits of my annual membership, to have transferred and assigned any and all interest I possess or may possess, including copyright, in the development or creation of ASTM standards or ASTM IP to ASTM." A screen shot of the membership renewal form is attached as Exhibit 1. I understand this to mean that I have assigned any and all copyrights in standards I helped to develop from 1990 to the present to ASTM. | FRE 402 Relevance. The witness's "understanding" of the meaning of the purported contract is inadmissible parole evidence.<br><br>FRE 602 Lack of Personal Knowledge. The witness has not established any personal knowledge concerning the nature of Exhibit 1.<br><br>FRE 701 Unqualified Expert Opinion. The witness has not been qualified as an expert. Therefore, the witness cannot testify to facts beyond the witness's personal knowledge.<br><br>FRE 1002 Secondary Evidence. The witness is testifying about the content of a writing. |
| Exhibit 1. | (This is the same testimony and an identical exhibit as appears in Cramer's Declaration)<br><br>FRE 106 Completeness. Exhibit 1 appears to be several screenshots of webpages, but it appear that not all the webpages that ASTM contends comprise its renewal form are included. For example, on the page marked ASTM001793, contains a name in the first screenshot, but whatever part of the form allowed that person to input her name does not appear in the exhibit.<br><br>FRE 901 Authentication. It is not clear what the witness is claiming this exhibit to be. Is it the current renewal form? The renewal form as it has existed since 2007? Further, the witness, who is not an ASTM employee, has not shown any personal knowledge regarding the authenticity of Exhibit 1. The document appears to have been created by the person |

| | named in the screen shots, who has not been disclosed by ASTM as a potential witness. |
|---|---|
| 11.      I am not aware of any ASTM member who claims to own the copyright in any ASTM standard. | FRE 402 Relevance. Whether an ASTM member claims copyright ownership of any ASTM standard is not probative of whether ASTM owns the copyright to the ASTM standards.<br><br>FRE 403 Prejudice. The witness's testimony implies, without supporting proof, that he should be aware if an ASTM member claimed to own the copyright in an ASTM standard, and therefore his lack of awareness suggests that no member has claimed ownership. |
| 12.      The context of ASTM's operations, including the membership forms, membership renewal forms, Intellectual Property policy, and the copyright notices on each of the ASTM standards makes it very clear to all members that ASTM owns the copyrights in all ASTM standards. | FRE 402 Relevance. Context is not a relevant factor for an effective copyright transfer under the Copyright Act.<br><br>FRE 602 Lack of Personal Knowledge. The witness has no personal knowledge of what is "very clear" to "all members." The witness also has no personal knowledge of what is necessary to own a copyright, with its attendant legal issues.<br><br>FRE 701 Unqualified Expert Opinion. The witness has not been qualified as an expert. Therefore, the witness cannot testify to facts beyond the witness's personal knowledge. |
| 13.      A task group puts together the first draft of a new standard. I have participated in several task groups that have drafted proposed standards that were then revised and voted upon by ASTM subcommittees and committees. In my experience, the task group works collaboratively, with many people, sometimes dozens of people, sharing ideas, suggesting wording and providing comments that contribute to the draft standard. | (Note this is nearly identical to Cramer Decl. ¶ 17.)<br><br>FRE 602 Lack of Personal Knowledge. The witness's testimony goes beyond his personal knowledge of tasks groups in which he participated.<br><br>FRE 701 Unqualified Expert Opinion. The witness has not been qualified as an expert. Therefore, the witness cannot testify to facts beyond the witness's personal knowledge. |
| 14.      I have also participated in developing standards through the balloting process in subcommittees and committees. Members of the | (Note this is nearly identical to Cramer Decl. ¶ 18.) |

| | |
|---|---|
| subcommittee and committee that submit ballots on a proposed standard also suggest wording and provide comments on the draft. The suggestions and comments are often incorporated into the draft. | FRE 602 Lack of Personal Knowledge. The witness's testimony goes beyond his personal knowledge of committees and subcommittees in which he participated.<br><br>FRE 701 Unqualified Expert Opinion. The witness has not been qualified as an expert. Therefore, the witness cannot testify to facts beyond the witness's personal knowledge. |
| 15.　　I participated in the development of ASTM D975-07. | No objection. |
| 16.　　The ASTM standards I have participated in developing were developed based on public demands, industry needs, and public safety concerns and advancements in technology. They address a technical issue or problem identified by a group of people in the relevant sector that can be addressed with a standard-based solution. | FRE 402 Relevance. The purpose of the standards is not relevant to the subject matter of this litigation.<br><br>FRE 602 Lack of Personal Knowledge. The witness does not have personal knowledge about the alleged bases for the standards development. At most he can testify to his own concerns when participating in developing a standard. He also lacks personal knowledge concerning the second sentence of paragraph 16.<br><br>FRE 701 Unqualified Expert Opinion. The witness has not been qualified as an expert. Therefore, the witness cannot testify to facts beyond the witness's personal knowledge. |
| 17.　　Technical committees make decisions about the appropriate content of the standards, including the relevant measurements, values, descriptions, and other specifications, as well as the language with which to express these standards. | *Cf.* Cramer Decl. ¶ 21.<br><br>FRE 602 Lack of Personal Knowledge. The witness's testimony concerns all ASTM committees, but the witness is only qualified to discuss those committees in which he has participated or observed.<br><br>FRE 701 Unqualified Expert Opinion. The witness has not been qualified as an expert. Therefore, the witness cannot testify to facts beyond the witness's personal knowledge. |
| 18.　　Since joining ASTM, I was aware that all contributions I made to the process of developing a standard would be merged with the contributions of others and would result in a single standard. | *Cf.* Cramer Decl. ¶ 23.<br><br>FRE 602 Lack of Personal Knowledge. Whether contributions are "merged" is a legal conclusion and not a fact subject to personal |

| | knowledge. |
|---|---|
| | FRE 701 Unqualified Expert Opinion. The witness has not been qualified as an expert. Therefore, the witness cannot testify to facts beyond the witness's personal knowledge |
| 19.      The task group, subcommittee and committee structure through which ASTM standards are developed makes it apparent to all participants that their contributions will be merged with the contributions of others and will result in a single standard. | *Cf.* Cramer Decl. ¶ 24.<br><br>FRE 602 Lack of Personal Knowledge. The witness does not have personal knowledge of what is "apparent" to "all participants." Also, whether the contributions "will be merged" is a legal conclusion and not the subject of personal knowledge.<br><br>FRE 701 Unqualified Expert Opinion. The witness has not been qualified as an expert. Therefore, the witness cannot testify to facts beyond the witness's personal knowledge. |
| 20.      For each of the standards I helped to develop, ASTM staff members reviewed the draft standards and suggested editorial changes and added other information required by the Form and Style guide. | FRE 1002 Secondary Evidence. The witness's testimony assumes facts about the content of the Form and Style guide, a writing. |
| 21.      The Tennessee Code requires kerosene and motor oils to meet the standards set out in the most recent volume 5 of the ASTM Annual Book of Standards. See Tennessee Code § 47-18-1304. | No objection. |
| 22.      One of the benefits of states being able to incorporate by reference the ASTM standards is that it provides different states with a common set of requirements. If each state had to create its own set of standards, there would be a patchwork of requirements, which would make it very difficult for companies to convey products that could be used in multiple states. | FRE 602 Lack of Personal Knowledge. This is quintessential "expert" testimony that goes far beyond what the witness could have personal knowledge of.<br><br>FRE 701 Unqualified Expert Opinion. The witness has not been qualified as an expert. Therefore, the witness cannot testify to facts beyond the witness's personal knowledge. |
| 23.      ASTM is able to convene experts with knowledge of different fuels and their components to develop its fuel standards. | FRE 602 Lack of Personal Knowledge. This is quintessential "expert" testimony that goes far beyond what the witness could have personal knowledge of.<br><br>FRE 701 Unqualified Expert Opinion. The |

| | witness has not been qualified as an expert. Therefore, the witness cannot testify to facts beyond the witness's personal knowledge. |
|---|---|
| 24.     The state of Tennessee does not have the resources or expertise to develop the broad array of standards that ASTM develops and maintains related to fuels. If Tennessee was unable to incorporate by reference the ASTM standards, it would not be able to effectively develop standards for fuel products. | FRE 602 Lack of Personal Knowledge. This is quintessential "expert" testimony that goes far beyond what the witness could have personal knowledge of.<br><br>FRE 701 Unqualified Expert Opinion. The witness has not been qualified as an expert. Therefore, the witness cannot testify to facts beyond the witness's personal knowledge. |
| **DECLARATION OF THOMAS B. O'BRIEN, JR. IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT** | **PUBLIC.RESOURCE.ORG'S OBJECTIONS** |
| 1.     I am over the age of 18 years and am fully competent to testify to the matters stated in this Declaration. | No objection. |
| 2.     This declaration is based on my personal knowledge. If called to do so, I would and could testify to the matters stated herein. | No objection. |
| 3.     I am Vice President and General Counsel at ASTM International ("ASTM"). I have worked at ASTM since 2003. | No objection. |
| 4.     My responsibilities include developing legal policies and procedures and addressing all legal matters for ASTM, including ASTM's copyright registrations, trademark registrations, and enforcement efforts related to ASTM's intellectual property. | No objection. |
| 5.     ASTM has a copyright registration for ASTM D86-07 (Standard Test Methods for Distillation of Petroleum Products at Atmospheric Pressure) that identifies ASTM as the owner. Attached as Exhibit 1 is a true and correct copy of the certificate of registration for this standard. | No objection. |
| 6.     ASTM has a copyright registration for ASTM D975-07 (Standard Specification for Diesel Fuel Oils) that identifies ASTM as the owner. Attached as Exhibit 2 is a true and correct copy of the certificate of registration for | No objection. |

| | |
|---|---|
| this standard. | |
| 7.      ASTM publishes an Annual Book of ASTM Standards every year that is composed of a number of volumes and includes the current version of each of its standards. | No objection. |
| 8.      Between 1980 and 2011, ASTM obtained copyright registrations for each volume of its Book of Standards. | FRE 602 Lack of Personal Knowledge. The witness has not worked for ASTM since 1980.

FRE 1002 Secondary Evidence. The witness has not provided the original copyright registrations. |
| 9.      ASTM D396-98 and ASTM D1217-93(98) were published in Volume 5.01 of the 1999 Annual Book of ASTM Standards. Attached as Exhibit 3 are true and correct copies of pages from the index of the 1999 Annual Book of ASTM Standards showing the volume in which these standards appeared. | No objection. |
| 10.     ASTM has a copyright registration for Volume 5.01 of the 1999 Annual Book of ASTM Standards that identifies ASTM as the owner. The date of first publication for this work was February 22, 1999 and the effective date of registration is March 10, 1999. Attached as Exhibit 4 is a true and correct copy of the certificate of registration for the standards included in this volume. | No objection. |
| 11.     The published version of each of ASTM's standards includes a copyright notice alerting the public (including the individuals who participated in the creation of the standards) to the fact that the copyright is owned by ASTM. | FRE 602 Lack of Personal Knowledge. The witness has not demonstrated the basis for any personal knowledge concerning the contents of each published version of ASTM's standards, whether alleged notices in those documents have the effect of alerting anyone, or whether ASTM actually owns a copyright to the standards.

FRE 1002 Secondary Evidence. The witness is testifying as to the content of writings without producing the originals. |
| 12.     ASTM knows of no individual or other person who claims to own any copyright interest in any ASTM standard. | FRE 402 Relevance. Whether an ASTM member claims copyright ownership of any ASTM standard is not probative of whether ASTM owns the copyright to the ASTM standards. |

| | FRE 403 Prejudice. The witness's testimony implies, without supporting proof, that he should be aware if an ASTM member claimed to own the copyright in an ASTM standard, and therefore his lack of awareness suggests that no member has claimed ownership.<br><br>FRE 602 Lack of Personal Knowledge. The witness has not established personal knowledge as to what ASTM knows, a question of mixed fact and law concerning what knowledge may be imputed to an organization. |
|---|---|
| 13.      ASTM routinely grants permission to researchers, academics and others to reproduce its standards at no cost for non-commercial purposes. | FRE 602 Lack of Personal Knowledge. The witness has not established his personal knowledge concerning ASTM's licensing practices, nor any basis for opining on whether such permissions, if any, are "routine." |
| 14.      ASTM has not licensed Defendant's use of ASTM's standards. | No objection. |
| 15.      ASTM developed a guide entitled "Form and Style for ASTM Standards," which is a guide to promote uniformity of form and style in ASTM standards ("ASTM Form, and Style Guide"). This guide describes certain conventions that must be followed when drafting an ASTM standard. Attached as Exhibit 5 is a true and correct copy of the ASTM Form and Style Guide. | FRE 602 Lack of Personal Knowledge. The witness has not established personal knowledge regarding the general use of this document, or the basis for claiming that the conventions must be followed. |
| 16.      The ASTM Form and Style Guide describes certain components and provides the text for certain language that must be included in every ASTM standard. | FRE 1002 Secondary Evidence. The witness is testifying about the contents of a writing. |
| 17.      As part of the process of developing a draft standard, ASTM staff members add language and components that are required by the ASTM Form and Style Guide to the draft prepared by the task group. | FRE 602 Lack of Personal Knowledge. The witness has not established any personal knowledge about this subject.<br><br>FRE 701 Unqualified Expert Opinion. The witness has not been qualified as an expert and therefore cannot testify as to facts beyond the witness's personal knowledge.<br><br>FRE 1002 Secondary Evidence. The witness is testifying about the contents of a writing. |
| 18.      For example, Standard D86-07 contains | No objection. |

28

| | |
|---|---|
| numerous components that were authored by ASTM employees. Attached as Exhibit 6 is a true and correct copy of ASTM D86-07. | |
| 19.    The title of the standard (Standard Test Method for Distillation of Petroleum Products at Atmospheric Pressure) appears at the top of the first page of ASTM D86-07. Directly below the title, there is an explanation of what the designation number for the standard means. This language was drafted by an ASTM employee. | No objection. |
| 20.    Footnote 1 is a standard footnote that is authored by an ASTM employee, which provides information about which committee and subcommittee have jurisdiction over the standard. ASTM Form and Style Guide Section A26.2 lays out the requirements for the content of this footnote. | No objection. |
| 21.    Footnote 2 explains how to obtain access to ASTM standards referenced in the document. This language was drafted by an ASTM employee. | No objection. |
| 22.    Section 1.5 of ASTM D86-07 states: "This standard does not purport to address all of the safety concerns, if any, associated with its use. It is the responsibility of the user of this standard to establish appropriate safety and health practices and determine the applicability of regulatory limitations prior to use." This language comes directly from the Section F2.1 of the ASTM Form and Style Guide and was written by an ASTM employee. | No objection. |
| 23.    On the last page of ASTM D86-07, there is a summary of the differences between this version of the standard and the previous version, which was compiled by ASTM employees. | No objection. |
| 24.    At the very bottom of the last page of D86-07, there are three italicized paragraphs. The text of the first two paragraphs comes directly from ASTM's Form and Style Guide, which was written by ASTM employees. See Form and Style Guide Sections F3.2 and F2.3. | No objection. |
| 25.    The third italicized paragraph at the end of D86-07 is a statement of ASTM's ownership of the copyright and information about how to purchase copies, which was also authored by an | No objection. |

| | |
|---|---|
| ASTM employee. | |
| 26.      As another example, ASTM standard D975-07 contains numerous sections that were authored by ASTM employees. Attached as Exhibit 7 is a true and correct copy of ASTM D975-07. | No objection. |
| 27.      Underneath the title of the standard (Standard Specification for Diesel Fuel Oils), there is an explanation of what the designation number for the standard means. This language was drafted by an ASTM employee. | No objection. |
| 28.      Footnote 1 of ASTM D975-07 provides information about the committee and subcommittee that have jurisdiction over this standard. This language is required by Section B28.2 of the ASTM Form and Style Guide and was drafted by an ASTM employee. | No objection. |
| 29.      Section 1.3 of ASTM D975-07 states "The values stated in SI units are to be regarded as the standard. The values given in parentheses are for information only." This language was taken verbatim from Section 113.1.1.1 of the ASTM Form and Style Guide. | No objection. |
| 30.      Like ASTM D86-07, the last page of ASTM D975-07 provides a summary of changes made to the previous version of this, standard and includes three italicized paragraphs, all of which were drafted by ASTM employees. | No objection. |
| 31.      ASTM D396-98 also contains content that was drafted by ASTM employees. Attached as Exhibit 8 is a true and correct copy of ASTM D396-98. | No objection. |
| 32.      Underneath the title of the standard (Standard Specification for Fuel Oils), there is an explanation of what the designation number for the standard means. This language was drafted by an ASTM employee. | No objection. |
| 33.      Footnote 1 of ASTM D396-98 provides information about the committee and subcommittee that have jurisdiction over this standard. This language is required by Section B28.2 of the ASTM Form and Style Guide and was drafted by an ASTM employee. | No objection. |
| 34.      On the last page of ASTM D396-98 there are two italicized paragraphs that were drafted by ASTM employees. | No objection. |

| | |
|---|---|
| 35.      ASTM D1217-93(98) contains content that was drafted by ASTM employees. Attached as Exhibit 9 is a true and correct copy of ASTM D1217-93(98). | No objection. |
| 36.      Underneath the title of the standard (Standard Test Method for Density and Relative Density (Specific Gravity) of Liquids by Bingham Pycnometer), there is an explanation of what the designation number for the standard means. This language was drafted by an ASTM employee. | No objection. |
| 37.      Footnote 1 of ASTM D1217-93(98) provides information about the committee and subcommittee that have jurisdiction over this standard. This language is required by Section B28.2 of the ASTM Form and Style Guide and was drafted by an ASTM employee. | No objection. |
| 38.      Section 1.5 of ASTM D1217-93(98) states: "This standard does not purport to address all of the safety concerns, if any, associated with its use. It is the responsibility of the user of this standard to establish appropriate safety and health practices and determine the applicability of regulatory limitations prior to use." This language comes directly from the Section F2.1 of the ASTM Form and Style Guide and was written by an ASTM employee. | No objection. |
| 39.      On the last page of ASTM D1217-93(98) there are two italicized paragraphs that were drafted by ASTM employees. | No objection. |
| 40.      There are a number of ways in which ASTM members assign their copyrights in the standards they help to develop to ASTM. | FRE 602 Lack of Personal Knowledge. The witness has not established any personal knowledge about this subject and copyright assignment is a matter of law and not the subject of personal knowledge.<br><br>FRE 701 Unqualified Expert Opinion. The witness has not been qualified as an expert and therefore cannot testify as to facts beyond the witness's personal knowledge. |
| 41.      Since 2005, new members and members renewing their memberships online to ASTM agree to the following language: "I agree, by my participation in ASTM and enjoyment of the benefits of my annual membership, to have | FRE 602 Lack of Personal Knowledge. The witness has not established any personal knowledge about this subject, or to whether other people "agree," which is a legal concept and not the subject to personal knowledge. |

| | |
|---|---|
| transferred and assigned any and all interest I possess or may possess, including copyright, in the development or creation of ASTM standards or ASTM IP to ASTM." Attached as Exhibit 10 is a true and correct copy of the online new membership form and attached as Exhibit 11 is a true and correct copy of the online membership renewal form. | FRE 701 Unqualified Expert Opinion. The witness has not been qualified as an expert and therefore cannot testify as to facts beyond the witness's personal knowledge. |
| Exhibit 10 | FRE 1002 Secondary Evidence. The copy of the exhibit filed with the court is too degraded to be legible.<br><br>FRE 901 Authentication. The exhibit includes what appear to be written annotations of the webpages' functionality, which goes beyond what the witness identified the exhibit to be. It is also not clear what the witness is claiming this exhibit to be. Is it the current renewal form? The renewal form as it has existed since 2007? The document appears to have been created by the person named in the screen shots, who has not been disclosed by ASTM as a potential witness.<br><br>FRE 802 Inadmissible Hearsay. The exhibit contains out of court statements offered for the truth of the matter asserted. In particular the annotations to what is purported to be the membership agreement.<br><br>FRE 106 Completeness. Exhibit 1 appears to be several screenshots of webpages, but it appear that not all the webpages that ASTM contends comprise its renewal form are included. For example, on the page marked ASTM001793, contains a name in the first screenshot, but whatever part of the form allowed that person to input her name does not appear in the exhibit. |
| Exhibit 11 | FRE 1002 Secondary Evidence. The copy of the exhibit filed with the court is too degraded to be legible.<br><br>FRE 901 Authentication. The exhibit includes |

| | what appear to be written annotations of the webpages' functionality, which goes beyond what the witness identified the exhibit to be. It is also not clear what the witness is claiming this exhibit to be. Is it the current renewal form? The renewal form as it has existed since 2007? The document appears to have been created by the person named in the screen shots, who has not been disclosed by ASTM as a potential witness. |
| --- | --- |
| | FRE 802 Inadmissible Hearsay. The exhibit contains out of court statements offered for the truth of the matter asserted. In particular the annotations to what is purported to be the membership agreement. |
| | FRE 106 Completeness. Exhibit 1 appears to be several screenshots of webpages, but it appear that not all the webpages that ASTM contends comprise its renewal form are included. For example, on the page marked ASTM001793, contains a name in the first screenshot, but whatever part of the form allowed that person to input her name does not appear in the exhibit. |
| 42.      Some members of ASTM renew their memberships using paper forms that contain substantially the same language as the language in the online forms. Attached as Exhibit 12 is a true and correct copy of a paper membership renewal form. | FRE 602 Lack of Personal Knowledge. The witness has not established any personal knowledge about this subject, or to whether other people "agree," which is a legal concept and not the subject to personal knowledge.<br><br>FRE 1002 Secondary Evidence. The witness is testifying as to the contents of a writing. |
| Exhibit 12 | FRE 901 Authentication. It is also not clear what the witness is claiming this exhibit to be. Is it just one renewal form, or is it representative of all the renewal forms for a particular timeframe?  What timeframe? The document appears to have been created by the person named in the screen shots, who has not been disclosed by ASTM as a potential witness.<br><br>FRE 802 Inadmissible Hearsay. The exhibit |

| | contains out of court statements offered for the truth of the matter asserted. |
|---|---|
| 43.      Michael Collier was the technical contact for the revision of ASTM D86 that was completed in 2007. | FRE 602 Lack of Personal Knowledge. The witness has not established any personal knowledge about this subject |
| 44.      Michael Collier renewed his ASTM membership every year between 2007-2014 using the online membership renewal form. | FRE 602 Lack of Personal Knowledge. The witness has not established any personal knowledge about this subject

FRE 1002 Secondary Evidence. The witness is testifying about the contents of writings. |
| 45.      John Chandler was the technical contact for the revision of ASTM D975 that was completed in 2007 and for the revision of ASTM D398 that was completed in 1998. | FRE 602 Lack of Personal Knowledge. The witness has not established any personal knowledge about this subject |
| 46.      John Chandler renewed his ASTM membership every year between every year between 2007-2014 using the online membership renewal form. | FRE 602 Lack of Personal Knowledge. The witness has not established any personal knowledge about this subject

FRE 1002 Secondary Evidence. The witness is testifying about the contents of writings. |
| 47.      Jimmy King was the technical contact for the 1998 reapproval of ASTM D1217. | FRE 602 Lack of Personal Knowledge. The witness has not established any personal knowledge about this subject |
| 48.      Jimmy King renewed his ASTM membership in 2007. | FRE 602 Lack of Personal Knowledge. The witness has not established any personal knowledge about this subject

FRE 1002 Secondary Evidence. The witness is testifying about the contents of a writing. |
| 49.      When an individual registers a "work item," which starts the process of developing a new standard or amending an existing standard, that individual must agree to the following language: "I hereby grant and assign to ASTM International all and full intellectual property rights, including copyright, in the proposed draft standard/text and any contributions I make to ASTM International in connection with this proposal" and "By submitting this form, I acknowledge that all copyrights to this document, as a draft and an approved ASTM standard, are the sole and exclusive property of ASTM, in accordance with the Intellectual Property policies of the Society." Attached as | FRE 602 Lack of Personal Knowledge. The witness has not established any personal knowledge about this subject

FRE 701 Unqualified Expert Opinion. The witness has not been qualified as an expert and therefore cannot testify as to facts beyond the witness's personal knowledge.

FRE 1002 Secondary Evidence. The witness is testifying about the contents of a writing. |

| | |
|---|---|
| Exhibit 13 is a true and correct copy of the online form an individual must complete to register a work item. | |
| Exhibit 13 | FRE 1002 Secondary Evidence. The copy of the exhibit filed with the court is illegible.<br><br>FRE 901 Authentication. The exhibit appears to have annotations (arrows) that go beyond what the witness claimed the exhibit to be. |
| 50.      ASTM engages in quality control procedures to ensure the quality and integrity of the content of the standards. | FRE 402 Relevance. The testimony is not relevant to the subject matter of this litigation. ASTM's quality control over how standards are published may be relevant, but quality control over how standards are drafted is not relevant.<br><br>FRE 602 Lack of Personal Knowledge. The witness has not established any personal knowledge about this subject.<br><br>FRE 701 Unqualified Expert Opinion. The witness has not been qualified as an expert and therefore cannot testify as to facts beyond the witness's personal knowledge. |
| 51.      ASTM staff editors edit the language of the standard to ensure that it conforms to the requirements in the Form and Style Guide. | FRE 402 Relevance. The testimony is not relevant to the subject matter of this litigation. ASTM's quality control over how standards are published may be relevant, but quality control over how standards are drafted is not relevant.<br><br>FRE 602 Lack of Personal Knowledge. The witness has not established any personal knowledge about this subject.<br><br>FRE 701 Unqualified Expert Opinion. The witness has not been qualified as an expert and therefore cannot testify as to facts beyond the witness's personal knowledge. |
| 52.      ASTM staff also submits the final version to the technical committee for reviews to make sure it matches the content approved | FRE 402 Relevance. The testimony is not relevant to the subject matter of this litigation. ASTM's quality control over how standards |

| | |
|---|---|
| through the balloting process. | are published may be relevant, but quality control over how standards are drafted is not relevant.<br><br>FRE 602 Lack of Personal Knowledge. The witness has not established any personal knowledge about this subject.<br><br>FRE 701 Unqualified Expert Opinion. The witness has not been qualified as an expert and therefore cannot testify as to facts beyond the witness's personal knowledge. |
| 53.     ASTM staff proofreads the XML versions of standards before posting them on the internet to ensure that the conversion of the text and diagrams into XML format has not altered the content of the standard. | FRE 602 Lack of Personal Knowledge. The witness has not established any personal knowledge about this subject. |
| 54.     ASTM has not received any complaints about lack of accessibility of its standards other than from Defendant. | 403 Prejudice. The witness has not provided any foundation to believe that ASTM would be expected to receive complaints about the lack of its standards if people were dissatisfied or that ASTM tracks complaints of that nature.<br><br>FRE 602 Lack of Personal Knowledge. The witness has not established any personal knowledge about this subject.<br><br>FRE 701 Unqualified Expert Opinion. The witness has not been qualified as an expert and therefore cannot testify as to facts beyond the witness's personal knowledge. |
| 55.     ASTM owns a U.S. federal trademark registration for the trademark ASTM (U.S. Trademark Reg. No 2,679,320) in connection with books featuring information on standardization of specifications and the methods of testing for various materials and products; promoting public awareness of the need for standards; educational services; and providing a website on global computer networks featuring information in the field of specifications and methods of testing for various materials and products. ASTM has used this | No objection. |

| | |
|---|---|
| trademark since 1962. ASTM filed a Section 15 declaration in support of the incontestability of this registration. Attached as Exhibit 14 are true and correct copies of the Certificate of Registration and the Section 15 declaration. | |
| 56.      ASTM owns U.S. federal trademark registrations for the trademarks ASTM INTERNATIONAL (U.S. Trademark Reg. No. 2,685,857) and the following logo:<br><br><br><br>(U.S. Reg. No. 2,651,796) in connection with similar goods and services. ASTM has used these trademarks since 2001. ASTM filed Section 15 declarations in support of the incontestability of these registrations. Attached as Exhibit 15 are true and correct copies of the Certificates of Registration and the Section 15 declarations. | No objection. |
| 57.      ASTM also owns a registration for the following logo:<br><br><br><br>(U.S. Reg. Nos. 4,079,772) in connection with publications relating to testing methods, specifications and standards in engineering, industrial and allied fields. ASTM has used this trademark since 1965. The application for this registration was filed on May 10, 2011. The Examining Attorney who reviewed the application approved it for registration without requesting proof of secondary meaning. Attached as Exhibit 16 is a true and correct copy of the Certificate of Registration. | No objection. |
| 58.      ASTM expends considerable resources | FRE 403 Prejudice. Assumes that Public |

| | |
|---|---|
| marketing and promoting its goods and services in connection with these trademarks every year. For example, ASTM spent over $3 million marketing and promoting the sales of copies of its standards that feature its trademarks in catalogs, brochures, and in mail and email correspondence between 2010-2012, which were the three years immediately prior to Defendant's infringement. | Resource has infringed something.<br><br>FRE 602 Lack of Personal Knowledge. The witness has not established any personal knowledge about this subject.<br><br>FRE 701 Unqualified Expert Opinion. The witness has not been qualified as an expert and therefore cannot testify as to facts beyond the witness's personal knowledge. |
| 59.      ASTM's longstanding use of its trademarks in connection with its high quality standards has resulted in the public's association of ASTM's marks with a certain quality. | FRE 602 Lack of Personal Knowledge. The witness has not established any personal knowledge about this subject. This is quintessential expert testimony.<br><br>FRE 701 Unqualified Expert Opinion. The witness has not been qualified as an expert and therefore cannot testify as to facts beyond the witness's personal knowledge. |
| 60.      ASTM provides the public with free, read-only access to all ASTM standards that ASTM is aware have been incorporated by reference into federal regulations. | FRE 702 Unreliable Expert Opinion. The testimony will not help the trier of fact to understand the evidence or determine a fact in issue; is not based on sufficient facts or data; is not the product of reliable principles or methods; and is not based on a reliable application of principles or methods to the facts of this case. |
| 61.      ASTM provides the public with free, read-only access to all ASTM standards that are the subject of Plaintiffs' Motion for Summary Judgment. Attached as Exhibit 17 are true and correct copies of screen shots demonstrating the availability of ASTM standards on ASTM's online Reading Room. | No objection. |
| 62.      ASTM identifies standards that have been incorporated by reference into federal regulations from the database created by the National Institute of Standards and Technology. | FRE 602 Lack of Personal Knowledge. The witness has not established any personal knowledge about this subject.<br><br>FRE 702 Unreliable Expert Opinion. The testimony will not help the trier of fact to understand the evidence or determine a fact in issue; is not based on sufficient facts or data; |

| | is not the product of reliable principles or methods; and is not based on a reliable application of principles or methods to the facts of this case. |
|---|---|
| 63.      ASTM publicizes the free read-only access provided on its website. | FRE 602 Lack of Personal Knowledge. The witness has not established any personal knowledge about this subject.<br><br>FRE 701 Unqualified Expert Opinion. The witness has not been qualified as an expert and therefore cannot testify as to facts beyond the witness's personal knowledge. |
| 64.      During the notice and comment period regarding proposed federal regulations, upon, request by the relevant federal agency, ASTM provides free, read-only access to standards that are incorporated by reference in proposed regulations. | FRE 602 Lack of Personal Knowledge. The witness has not established any personal knowledge about this subject.<br><br>FRE 701 Unqualified Expert Opinion. The witness has not been qualified as an expert and therefore cannot testify as to facts beyond the witness's personal knowledge. |
| 65.      ASTM has not received any complaints about lack of accessibility of its standards other than from Defendant. | (duplicative of ¶ 54)<br><br>403 Prejudice. The witness has not provided any foundation to believe that ASTM would be expected to receive complaints about the lack of its standards if people were dissatisfied or that ASTM tracks complaints of that nature.<br><br>FRE 602 Lack of Personal Knowledge. The witness has not established any personal knowledge about this subject.<br><br>FRE 701 Unqualified Expert Opinion. The witness has not been qualified as an expert and therefore cannot testify as to facts beyond the witness's personal knowledge. |
| 66.      Defendant submitted comments reflecting his beliefs in connection with proposed rulemaking regarding the procedures of the Office of the Federal Register and the National Archives and Records Administration, proposed amendments to the Office of Management and Budget's Circular A-119, and a study by the Administrative Conference of the | FRE 1002 Secondary Evidence. The witness is testifying about the contents of a writing. |

| United States. | |
| --- | --- |
| 67.     During the course of this litigation, Defendant has continued to post versions of additional standards owned by ASTM that use ASTM's trademarks on its website, including as recently, as October 2015. | FRE 602 Lack of Personal Knowledge. The witness has not established any personal knowledge about this subject. In particular, the witness is testifying concerning ASTM's ownership, a legal concept not subject to personal knowledge.<br><br>FRE 1002 Secondary Evidence. The witness is testifying about the contents of a writing. |
| 68.     Defendant has posted html versions of certain ASTM, standards since Plaintiffs filed their Complaint that do not use the ASTM logo marks. Attached as Exhibit 18 is a true and correct copy of a version of ASTM F977 that Defendant posted on its website in October 2015 that does not use an ASTM logo. | No objection. |
| 69.     On or about November 10, 2015, Defendant removed its versions of the standards at issue in this case from its website and from the Internet Archive at the suggestion of the Court. | No objection. |
| 70.     Since the standards were taken down from Defendant's website and the Internet Archive, ASTM has not received any complaints from persons regarding any alleged inability to access ASTM's standards that have been incorporated by reference. | 403 Prejudice. The witness has not provided any foundation to believe that ASTM would be expected to receive complaints about the lack of its standards if people were dissatisfied or that ASTM tracks complaints of that nature.<br><br>FRE 602 Lack of Personal Knowledge. The witness has not established any personal knowledge about this subject.<br><br>FRE 701 Unqualified Expert Opinion. The witness has not been qualified as an expert and therefore cannot testify as to facts beyond the witness's personal knowledge. |
| **DECLARATION OF JAMES T. PAULEY IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT** | **PUBLIC.RESOURCE.ORG'S OBJECTIONS** |
| 1.     I am the President and Chief Executive Officer of the National Fire Protection Association ("NFPA"). I am generally responsible for the management, direction and administration of NFPA and its activities | No objection. |

40

| | |
|---|---|
| including its standards development activities. I have held this position since July 1, 2014. The following facts are based upon my own personal knowledge, and if called upon to do so, I could and would testify competently thereto. | |
| 2.      I am a native of Kentucky, and I have a degree in electrical engineering from the University of Kentucky. | No objection. |
| 3.      Prior to my employment with NFPA, I worked in the electrical industry for nearly 30 years, beginning in 1985. I began my career as an engineer for Square D, an electrical equipment manufacturer, and then worked for Schneider Electric, an electrical distribution and management company, after it acquired Square D in 1991. My responsibilities at Schneider Electric included product development and marketing, industry standards, and global standards strategy. In 2001, I became a vice president of industry standards and government relations at Schneider Electric. In 2011, I became senior vice president for external affairs and government relations and a member of the company's U.S. executive management team. I held that position until being named NFPA's president in 2014. | No objection. |
| 4.      NFPA is a nonprofit organization, based in Quincy, Massachusetts, devoted to eliminating death, injury, and property and economic loss due to fire, electrical, and related hazards. NFPA was founded in 1896, and has continuously developed standards since that time. The association delivers information and knowledge through more than 300 consensus codes and standards, research, training, education, outreach and advocacy. NFPA's membership totals more than 65,000 individuals throughout the world. | FRE 602 Lack of Personal Knowledge. The witness has not established any personal knowledge about this subject.<br><br>FRE 701 Unqualified Expert Opinion. The witness has not been qualified as an expert and therefore cannot testify as to facts beyond the witness's personal knowledge. |
| 5.      Standards development is NFPA's principal activity and serves to further NFPA's mission of reducing the risk of loss from fire, electrical, and related hazards. NFPA develops standards based on the best available research and input from a wide variety of stakeholders. These standards provide guidance, instructions, and best practices to prevent the occurrence of | FRE 602 Lack of Personal Knowledge. The witness has not established any personal knowledge about this subject.<br><br>FRE 701 Unqualified Expert Opinion. The witness has not been qualified as an expert and therefore cannot testify as to facts beyond the witness's personal knowledge. |

| | |
|---|---|
| disasters, manage their impact, and protect human life and property. | |
| 6.      NFPA has continuously asserted copyright in its standards and made copies of its standards available for sale to the public since it first began publishing standards. The revenue NFPA has obtained from the sale of its copyrighted standards has been NFPA's primary means of financial support for many decades. | FRE 602 Lack of Personal Knowledge. The witness has not established any personal knowledge about this subject. FRE 701 Unqualified Expert Opinion. The witness has not been qualified as an expert and therefore cannot testify as to facts beyond the witness's personal knowledge. |
| 7.      NFPA's flagship standard is NFPA 70, the National Electrical Code ("NEC"). The first edition of the NEC was published in 1897. NFPA currently releases a new edition of the NEC on a three-year cycle. The current edition of the NEC is the 2014 edition, which is over 900 pages long. The prior edition was the 2011 edition. | FRE 602 Lack of Personal Knowledge. The witness has not established any personal knowledge about the historical facts or the three year cycle. FRE 701 Unqualified Expert Opinion. The witness has not been qualified as an expert and therefore cannot testify as to facts beyond the witness's personal knowledge. |
| 8.      The NEC addresses the installation of electrical conductors, equipment, and raceways; signaling and communications conductors, equipment, and raceways; and optical fiber cables and raceways in commercial, residential, and industrial occupancies. The NEC is the world's leading standard for electrical safety and provides the benchmark for safe electrical design, installation, and inspection to protect people and property from electrical hazards. | FRE 602 Lack of Personal Knowledge. The witness has not established any personal knowledge about this subject. FRE 701 Unqualified Expert Opinion. The witness has not been qualified as an expert and therefore cannot testify as to facts beyond the witness's personal knowledge. FRE 1002 Secondary Evidence. The witness is testifying about the contents of a writing. |
| 9.      Additional NFPA standards include NFPA 101, the Life Safety Code. The Life Safety Code is the most widely used standard for building construction, protection, and occupancy features that minimize the effects of fire and related hazards on human life. The Life Safety Code includes provisions for building egress, fire protection features, sprinkler systems, alarms, emergency lighting, smoke barriers, and special hazard protection. | FRE 602 Lack of Personal Knowledge. The witness has not established any personal knowledge about this subject. FRE 701 Unqualified Expert Opinion. The witness has not been qualified as an expert and therefore cannot testify as to facts beyond the witness's personal knowledge. FRE 1002 Secondary Evidence. The witness is testifying about the contents of a writing. |
| 10.     Many NFPA standards are incorporated by reference in federal and state laws and regulations. NFPA is aware that its standards are frequently incorporated by reference, but NFPA does not develop any standards solely for that | FRE 602 Lack of Personal Knowledge. The witness has not established any personal knowledge about NFPA's "intent" in developing each of its standards. |

| | |
|---|---|
| purpose. | FRE 701 Unqualified Expert Opinion. The witness has not been qualified as an expert and therefore cannot testify as to facts beyond the witness's personal knowledge. |
| 11.     NFPA develops new standards based on a determination that developing a standard in a particular area would serve NFPA's mission of reducing the risk of loss from fire and related hazards. NFPA does not consider whether the standard will generate revenue when deciding whether to develop the standard. | FRE 403 Prejudice. The witness is anthropomorphizing NFPA by ascribing to it the capability to "determine" and "consider" things. In fact, only its employees or agents are able to do so, and to those people, the witness lacks personal knowledge as to what they determined or considered.

FRE 602 Lack of Personal Knowledge. The witness has not established any personal knowledge about this subject.

FRE 701 Unqualified Expert Opinion. The witness has not been qualified as an expert and therefore cannot testify as to facts beyond the witness's personal knowledge. |
| 12.     All NFPA standards have a range of applications and uses even if they are not incorporated by reference in government laws or regulations. For example, the nationwide use of the NEC by builders and electrical manufacturers ensures that consumers may travel throughout the United States with the expectation that their electrical appliances can be plugged in and will operate safely and effectively. Additionally, widespread use of the NEC and the Life Safety Code provide benchmark safety guidance that can be relied on by individuals, companies, and insurers, among others. | FRE 602 Lack of Personal Knowledge. The witness has not established any personal knowledge about this subject. This is quintessential "expert" testimony that is not the subject of personal knowledge.

FRE 701 Unqualified Expert Opinion. The witness has not been qualified as an expert and therefore cannot testify as to facts beyond the witness's personal knowledge. |
| 13.     The primary users of NFPA standards are professionals and tradespeople who use these standards in the course of their business, such as electricians, architects, and electrical equipment manufacturers. NFPA makes its standards available, both for free viewing and for sale, through a variety of channels, including through its website, through a mail-order catalog distributed to NFPA members, and through various retail outlets. | FRE 602 Lack of Personal Knowledge. The witness has not established any personal knowledge about this subject.

FRE 701 Unqualified Expert Opinion. The witness has not been qualified as an expert and therefore cannot testify as to facts beyond the witness's personal knowledge. |
| 14.     Private-sector standards development in | FRE 602 Lack of Personal Knowledge. The |

| | |
|---|---|
| the United States is generally coordinated and accredited by the American National Standards Institute ("ANSI"). ANSI is a nonprofit membership organization that facilitates the development of private sector standards and promotes their integrity by accrediting standards development organizations ("SDOs") whose procedures comply with ANSI's Essential Requirements. I am familiar with ANSI requirements, having served as chair of the ANSI Board of Directors from January 2012 through May 2014. | witness has not established personal knowledge concerning private-sector standards development in the United States generally.<br><br>FRE 701 Unqualified Expert Opinion. The witness has not been qualified as an expert and therefore cannot testify as to facts beyond the witness's personal knowledge. |
| 15.     To achieve ANSI accreditation, an SDO's standards development committees must contain balanced membership, taking into account the views of a variety of groups including technical experts on the subject matter of the standard, consumer representatives, government representatives, and industry representatives. ANSI accreditation also requires that the SDO maintain open proceedings; provide public notice of standards development activity; allow opportunity for public comment; give consideration and response to public comments; and provide an opportunity to appeal committee decisions. Standards that are developed in accordance with ANSI requirements are known as voluntary consensus standards. | No objection. |
| 16.     ANSI periodically audits all its accredited developers to verify that they are following their ANSI approved procedures. NFPA is classified as an Audited Designator by ANSI because it submits to more in-depth ANSI auditing of its standards process. This allows NFPA to designate its standards as "American National Standards" (ANSs) when they complete the NFPA process. All NFPA standards carry the ANS designation and are revised frequently to remain current with state-of-the-art technology developments. | No objection. |
| 17.     I have been familiar with NFPA standards and the NFPA standards development process for many years, including before I became President of NFPA. From 2000 to 2013, I served on NFPA's Standards Council, and I | No objection. |

| | |
|---|---|
| served as Chair of the Standards Council from 2008 to 2013. The Standards Council oversees NFPA's standards development activities, administers the rules and regulations, and acts as an appeals body. | |
| 18.    NFPA's rigorous and open standards development process requires NFPA to expend substantial resources on standards development. In addition to the time contributed by the thousands of volunteers who participate in NFPA standards development, NFPA pays for salary and benefits for its own administrative, editorial, and expert staff, office space, meeting facilities for the more than 250 Technical Committees who participate in NFPA standards development processes, outreach and education efforts, information technology, and other costs. | FRE 403 Prejudice. The testimony is conclusory and lacks supporting quantification of the alleged expenses sufficient to substantiate the characterization of the expenses as "substantial."<br><br>FRE 602 Lack of Personal Knowledge. The witness has not established any personal knowledge about NFPA's finances (before his term as president) or the alleged causation between how NFPA purports to develop its standards and the costs of doing so. |
| 19.    Each NFPA standard goes through two full rounds of public and committee input, comments, review and drafts before being finalized. | No objection. |
| 20.    NFPA is continuously investing in improvements to its standards development process. For example, NFPA has recently spent significant sums to build a computerized interface that allows for the online development and revision of its standards. NFPA has spent more than $2.9 million on this system over the past four years. | No objection. |
| 21.    NFPA has also expended resources to increase the participation of underrepresented groups on its Technical Committees, including by creating an Enforcer Funding Program to raise the percentage of government enforcement officials on the Committees by reimbursing these officials for the majority of their travel costs and other costs of Committee membership. | No objection. |
| 22.    NFPA's standards are state of the art. NFPA systematically and regularly revises and updates its standards. The most used NFPA standards, including the NEC, are revised on a three-year cycle in order to keep pace with changes in technology and design, and advances in safety research and understanding. | No objection. |
| 23.    The standards that emerge from this process are sophisticated and complex technical | FRE 602 Lack of Personal Knowledge. The witness has not established any personal |

| | |
|---|---|
| works that provide unique guidance and best practices covering a wide range of topics. These works reflect creative input and decisions from all of the many participants in the standards development process. | knowledge about this subject.<br><br>FRE 701 Unqualified Expert Opinion. The witness has not been qualified as an expert and therefore cannot testify as to facts beyond the witness's personal knowledge. |
| 24.     NFPA's standards development process incorporates significant creative input from three primary groups of participants. These include (i) members of the public who provide input and comment; (ii) the members of the Technical Committees who consider and vote on proposed changes to the standards; and (iii) the NFPA staff who assist and advise the Technical Committees and who draft and finalize the wording of the actual document that, through the balloting and voting process, becomes the standard. | FRE 602 Lack of Personal Knowledge. The witness has not established any personal knowledge about this subject, particularly as the testimony assumes, without support, a definition of "creative" and as to the particular tasks of large numbers of people, which goes beyond his personal knowledge. |
| 25.     NFPA publishes its standards with copyright notices that alert the public, including the people who participated in the standards development process, that the copyright is owned by NFPA. | FRE 602 Lack of Personal Knowledge. The witness has not established any personal knowledge about the effect of the copyright notices in NFPA's standards.<br><br>FRE 1002 Secondary Evidence. The witness is testifying about the contents of a writing. |
| 26.     NFPA is not aware of any other person who claims to have any copyright interest in NFPA standards. | FRE 402 Relevance. Whether someone claims copyright ownership of any NFPA standard is not probative of whether NFPA owns the copyright to the NFPA standards.<br><br>FRE 403 Prejudice. The witness's testimony implies, without supporting proof, that he should be aware if someone claimed to own the copyright in an NFPA standard, and therefore his lack of awareness suggests that no member has claimed ownership.<br><br>FRE 602 Lack of Personal Knowledge. The witness has not established personal knowledge as to what NFPA knows, a question of mixed fact and law concerning what knowledge may be imputed to an organization. |
| 27.     Members of the public participate in NFPA's standards development process by submitting input, including proposed changes to | FRE 602 Lack of Personal Knowledge. The witness has not established any personal knowledge sufficient to testify that NFPA |

| | |
|---|---|
| NFPA standards and comments on proposed changes. It is NFPA policy that all persons who submit public input must assign all rights, including copyright, in their contributions to NFPA. NFPA does not accept public input without a signed copyright assignment, which is printed on the standard forms by which members of the public submit input. | does not accept public input except under the specified conditions.<br><br>FRE 1002 Secondary Evidence. The witness is testifying about the contents of NFPA's purported "standard forms." |
| 28.    In my experience, members of the public who make contributions to the standards development process understand and intend that NFPA will own the copyright in their contributions and in the standards. I have never heard any contributor suggest that NFPA did not own the copyright in NFPA standards or that the contributors have any rights in NFPA standards. | FRE 402 Relevance. Whether someone claims copyright ownership of any NFPA standard is not probative of whether NFPA owns the copyright to the NFPA standards.<br><br>FRE 403 Prejudice. The witness's testimony implies, without supporting proof, that he should be aware if someone claimed to own the copyright in an NFPA standard, and therefore his lack of awareness suggests that no member has claimed ownership.<br><br>FRE 602 Lack of Personal Knowledge. The witness has not established personal knowledge as to what members of the public understand and intend. |
| 29.    Prior to my employment with NFPA, and during the time I was employed in the electrical manufacturing industry, I personally submitted proposals and comments on NFPA standards. For example, I submitted several proposals and comments for the 2011 NEC, with specific suggestions for revisions to the wording of various provisions of the NEC. The Technical Committees accepted some of my proposals and comments, and they were incorporated into the final standards.. | No objection. |
| 30.    Like all members of the public who submit input, I submitted these comments and proposals on the standard NFPA forms for such submissions. As part of submitting the forms, I expressly agreed that I assigned all and full copyrights in my contributions to NFPA. I understood and expressly intended that NFPA would own the copyright both in my contribution and in the final standard. True and correct copies of some of the proposals and comments that I submitted for the 2011 NEC, | FRE 602 Lack of Personal Knowledge. The witness has not established personal knowledge about what "all members of the public" do.<br><br>FRE 701 Unqualified Expert Opinion. The witness has not been qualified as an expert and therefore cannot testify as to facts beyond the witness's personal knowledge.<br><br>FRE 1002 Secondary Evidence. The witness |

| | |
|---|---|
| including my signed assignment of copyright in my contributions to NFPA, are attached hereto as Exhibit A. | is testifying about the contents of a writing. |
| 31.      As I have explained above, many other members of the public also have submitted proposals and comments for NFPA standards, and they, too, have executed copyright assignments relating to their contributions. I have attached hereto as Exhibit B a sampling of true and correct copies of proposals and comments submitted by members of the public for the 2014 NEC, including their signed assignments of copyright in their contributions, are attached hereto as Exhibit B. | FRE 403 Prejudice. The testimony omits any relevant timeframe, which confuses the issues.<br><br>FRE 602 Lack of Personal Knowledge. The witness has not established any personal knowledge about this subject.<br><br>FRE 1002 Secondary Evidence. The witness is testifying about the contents of a writing. |
| 32.      The members of NFPA Technical Committees also contribute to NFPA's standards development process. The Technical Committees are the principal consensus bodies responsible for the development and revision of NFPA standards. | No objection. |
| 33.      The Technical Committees meet to consider proposals submitted by the public, and they may also suggest their own revisions to the standards. The Committees discuss and reach consensus on which changes should be made. For a large standards such as the NEC, there are multiple Technical Committees. There is a Technical Correlating Committee that oversees the overall NEC development process, and there are several Technical Committees known as Code-Making Panels that are responsible for particular sections of the NEC. | No objection. |
| 34.      It is NFPA policy that anyone who wishes to become a Technical Committee member submits an application on NFPA's Committee Application form, including by signing an assignment of copyright to NFPA. Attached hereto as Exhibit C is a true and correct copy of the NFPA Technical Committee Application form. The Application contains the following language, which has remained unchanged in substance for many years:<br>    I agree that any material that I author, either individually or with others, in connection with work performed as a member of an NFPA Technical | FRE 403 Prejudice. The testimony is vague as to how long the purported language has existed in this form.<br><br>FRE 602 Lack of Personal Knowledge. The witness has not established any personal knowledge about the historical versions of this form.<br><br>FRE 1002 Secondary Evidence. The witness is testifying about the contents of other writings, specifically previous versions of the NFPA Technical Committee Application form. |

| | |
|---|---|
| Committee shall be considered to be works made for hire for the NFPA. To the extent that I retain any rights in copyright as to such material, or as to any other material authored by me that I submit for the use of an NFPA Technical Committee in the drafting of an NFPA code, standard or other NFPA document, I hereby grant and assign all and full rights in copyright to the NFPA. I further agree and acknowledge that I acquire no rights in any publication of the NFPA and that copyright and all rights in materials produced by NFPA Technical Committees are owned by the NFPA and that the NFPA may register copyright in its own name. | |
| 35.      Before being employed by NFPA, I served on a number of NFPA Technical Committees, including, for example, the Code-Making Panel No. 2 for the 2011 and 2014 editions of the NEC. Each time I applied to be a member of a Technical Committee, I submitted a Committee Application form in which I signed the copyright assignment containing the language quoted in paragraph 29 of this Declaration. It has for many years been NFPA's policy and practice that all members of NFPA Technical Committees execute such copyright assignments. | The reference to paragraph 29 appears to be an error, as there is no quoted language in that paragraph.<br><br>FRE 1002 Secondary Evidence. The witness is testifying about the contents of a writing. |
| 36.      In my work on NFPA Technical Committees, I understood, agreed, and expressed the intention that NFPA would own the copyright in the final standards, consistently with the Committee Application form I had submitted. | FRE 402 Relevance. The witness's understanding is not relevant to any claim in this litigation.<br><br>FRE 1002 Secondary Evidence. To the extent that the witness's "express" intention was manifest in a writing, then the witness is testifying about the contents of a writing. |
| 37.      In my experience participating on the Technical Committees, I understood that all members of the Committees shared the understanding and expressed the common intention that NFPA would own the copyright in the final standard. I have frequently heard other Technical Committee members refer to NFPA's copyright ownership of NFPA standards. I have | FRE 402 Relevance. The witness's understanding is not relevant to any claim in this litigation.<br><br>FRE 602 Lack of Personal Knowledge. The witness has not established any personal knowledge about this subject. |

| | |
|---|---|
| never heard any member of a NFPA Technical Committee suggest that NFPA does not own the copyright in NFPA standards or that the Technical Committee members retain any rights in their contributions to the standards. | FRE 701 Unqualified Expert Opinion. The witness has not been qualified as an expert and therefore cannot testify as to facts beyond the witness's personal knowledge.<br><br>FRE 802 Hearsay. The witness is testifying to out of court statements by "other Technical Committee members" for the truth of the matter asserted. |
| 38.  NFPA staff also participate in NFPA's standards development process in the course of their employment. NFPA technical staff assist and advise the Technical Committees, and NFPA technical and editorial staff revise and finalize the wording of the actual document that becomes the standard. | FRE 602 Lack of Personal Knowledge. The witness has not established any personal knowledge whether NFPA staff act "in the course of their employment," which is a legal conclusion. The witness is also testifying to a general practice, for which he lacks personal knowledge.<br><br>FRE 701 Unqualified Expert Opinion. The witness has not been qualified as an expert and therefore cannot testify as to facts beyond the witness's personal knowledge. |
| 39.  There is an NFPA staff liaison assigned to every NFPA Technical Committee. Each staff liaison has technical expertise in the appropriate field, and the staff liaisons provide information and advice to the Committee during Committee meetings. | FRE 602 Lack of Personal Knowledge. The witness is testifying to a general practice, for which he lacks personal knowledge.<br><br>FRE 701 Unqualified Expert Opinion. The witness has not been qualified as an expert and therefore cannot testify as to facts beyond the witness's personal knowledge. |
| 40.  The staff liaisons also record the decisions made at the Committee meetings about revisions to NFPA standards. NFPA staff liaisons work together with the Committees to craft appropriate wording in the draft of the standard that accurately captures the intent and purpose of Committee decisions. The technical staff are also responsible for ensuring that revisions to the standard are drafted in a way that maintains technical and editorial consistency across the different sections of the standard. | FRE 602 Lack of Personal Knowledge. The witness is testifying to a general practice, for which he lacks personal knowledge.<br><br>FRE 701 Unqualified Expert Opinion. The witness has not been qualified as an expert and therefore cannot testify as to facts beyond the witness's personal knowledge. |
| 41.  After Technical Committee meetings, the technical staff work with NFPA editorial staff to finalize the language of the draft standard before submitting it for balloting by the Technical Committees. Every revision and | FRE 602 Lack of Personal Knowledge. The witness is testifying to a general practice, for which he lacks personal knowledge.<br><br>FRE 701 Unqualified Expert Opinion. The |

| | |
|---|---|
| modification in the text of an NFPA standard goes through multiple levels of review and revision by NFPA technical and editorial staff. | witness has not been qualified as an expert and therefore cannot testify as to facts beyond the witness's personal knowledge. |
| 42.      NFPA invests significant resources in the development of each new edition of the NEC. For example, the development process of the 2017 NEC is currently ongoing. The preparation of the first draft report involved consideration of over 4,000 proposals from the public. A total of 485 Technical Committee members on 19 Code-Making Panels, who were supported by at least 45 NFPA staff members, held concurrent, multi-day committee meetings for a total of 75 meeting days over a two-week period. The first draft was finalized by a four-day meeting of the Technical Correlating Committee, assisted by three NFPA staff members. The preparation of the second draft report, which is ongoing now, has so far involved consideration of over 1,500 public comments, and a large number of Committee meetings over a two-week period, assisted by at least 19 NFPA staff members. There will be two more multi-day Technical Correlating Committee meetings prior to the issuance of the NEC. In addition, there have been numerous conference calls, online seminars, and other interactions among Committee Members and NFPA staff. | No objection. |
| 43.      The final versions of the standard also go through a rigorous quality control process by NFPA staff, to ensure that the final document is as accurate as possible. This painstaking review is costly, but NFPA commits the resources because technical accuracy of NFPA standards is essential for NFPA's mission of promoting public safety. | FRE 403 Prejudice. The testimony is conclusory and does not describe the alleged quality control processes or the cost.

FRE 602 Lack of Personal Knowledge. The witness has not established any personal knowledge about whether technical accuracy is essential for NFPA's mission.

FRE 701 Unqualified Expert Opinion. The witness has not been qualified as an expert and therefore cannot testify as to facts beyond the witness's personal knowledge. |
| 44.      NFPA sells its standards at reasonable cost and in a variety of formats. For example, the 2014 edition of the NEC, which is 910 pages long, is offered for purchase as a PDF, an | FRE 602 Lack of Personal Knowledge. The witness has not established any personal knowledge about whether the price for NFPA's standards is reasonable. |

| | |
|---|---|
| eBook, or in softcover, looseleaf, or spiralbound versions. The price for the NEC ranges from $95 to $105, depending on the format in which it is purchased. NFPA's other standards are sold at prices ranging from $39 to $100, depending on the length of the standard and other factors. NFPA also makes several digital subscription services available, so interested purchasers can obtain unlimited digital access to a variety of NFPA standards. | FRE 701 Unqualified Expert Opinion. The witness has not been qualified as an expert and therefore cannot testify as to facts beyond the witness's personal knowledge. |
| 45.     In addition, NFPA is committed to providing the full text of NFPA standards available for free viewing on its website. For more than a decade, NFPA has provided such access to its standards, in read-only format, and all NFPA standards can currently be accessed on NFPA's website at www.nfpa.org/codes-and-standards/free-access. This access allows any member of the public to review NFPA standards in full and without cost. NFPA also encourages jurisdictions that incorporate its standards by reference to link their websites to its free, online version of the standards, and provides a widget that easily enables such access. | FRE 602 Lack of Personal Knowledge. The witness has not established any personal knowledge about this historical status of NFPA's "reading room." The witness also lacks personal knowledge about whether any member of the public may access the "reading room." For example, people who rely on screen reader technologies because they have print disabilities are not able to review the standards in "read-only" formats. |
| 46.     NFPA funds its standards development activities primarily with the revenue obtained from sales of its copyrighted standards. For example, in 2014 NFPA's publications sales accounted for over 70% of NFPA's total operating revenues. The overwhelming majority of that publications revenue comes from the sale of codes and standards. | FRE 403 Prejudice. The testimony is confusing as to the difference between "standards" and "codes and standards." The testimony confuses the issues of the revenue earned from standards incorporated into law by reference and other standards. |
| 47.     NFPA would not be able to maintain its existing voluntary consensus standards development and revision processes at current levels if there were a significant reduction in the revenue it obtains from the sale of publications. | FRE 403 Prejudice. The testimony is vague and confusing as to "development" and "processes" as well as "current levels"<br><br>FRE 602 Lack of Personal Knowledge. The witness has not established any personal knowledge about this subject.<br><br>FRE 701 Unqualified Expert Opinion. The witness has not been qualified as an expert and therefore cannot testify as to facts beyond the witness's personal knowledge. |
| 48.     If NFPA were unable to maintain its current level of standards development and | FRE 602 Lack of Personal Knowledge. The witness has not established any personal |

| | |
|---|---|
| revision activities, the standards would not keep up with technological advancements to address fire, electrical and related hazards nor would they reflect the most current knowledge and experience of the experts who participate in the process. This failure would result in a lower level of overall public safety. | knowledge about this subject.<br><br>FRE 701 Unqualified Expert Opinion. The witness has not been qualified as an expert and therefore cannot testify as to facts beyond the witness's personal knowledge. |
| 49.      In NFPA's experience, to preserve the revenue from sales of publications, NFPA must be able to assert copyright in its standards to prevent unauthorized copying of NFPA standards, which threaten to substantially undermine NFPA's sales. | FRE 403 Prejudice. This testimony is conclusory and lacks any supporting facts.<br><br>FRE 602 Lack of Personal Knowledge. The witness has not established any personal knowledge about this subject. To<br><br>FRE 701 Unqualified Expert Opinion. The witness has not been qualified as an expert and therefore cannot testify as to facts beyond the witness's personal knowledge. |
| 50.      NFPA has attempted for years to develop alternative sources of revenue but has been unable to identify any such revenue sources that would come close to replacing the revenue from sales of NFPA standards. | FRE 403 Prejudice. The testimony is vague as to "years" and conclusory as to the attempts made to develop other sources of revenue.<br><br>FRE 602 Lack of Personal Knowledge. The witness has not established any personal knowledge about this subject, especially for the period of time before he was a NFPA officer. |
| 51.      If NFPA were to lose copyright protection of its standards and the related revenue, NFPA would have to significantly limit its activities. Such limitations could include ceasing to develop standards that, while important, do not necessarily generate sufficient revenue to cover their costs including, for example, personal protective equipment standards that help keep fire fighter personnel safe. | FRE 402 Relevance. The testimony concerns the witness's predicted outcome in a hypothetical situation where NFPA "lost" all its copyrights. That is an appeal to consequences and does not make the fact of copyrightability more likely to be true or false. In addition, the testimony concerns the witness's predicted outcome of losing copyright protection to all of NFPA's standards, not merely those incorporated by reference into law.<br><br>FRE 602 Lack of Personal Knowledge. The witness has not established any personal knowledge about this subject. As a hypothetical, this testimony is not subject to personal knowledge.<br><br>FRE 701 Unqualified Expert Opinion. The |

| | witness has not been qualified as an expert and therefore cannot testify as to facts beyond the witness's personal knowledge. |
|---|---|
| 52. The activity of Public.Resource.Org, in posting unauthorized copies of NFPA standards on the internet, threatens NFPA's ability to generate revenue from these standards and its ability to continue to fund the development of new and updated standards. | FRE 602 Lack of Personal Knowledge. The witness has not established any personal knowledge about this subject.<br><br>FRE 701 Unqualified Expert Opinion. The witness has not been qualified as an expert and therefore cannot testify as to facts beyond the witness's personal knowledge. |
| 53. In addition, Public.Resource.Org's posting of unauthorized copies that have not gone through NFPA's quality control process threatens the reputation for careful and quality publications that NFPA has built up for over a century and undermines the goodwill associated with NFPA's name. | FRE 602 Lack of Personal Knowledge. The witness has not established any personal knowledge about this subject.<br><br>FRE 701 Unqualified Expert Opinion. The witness has not been qualified as an expert and therefore cannot testify as to facts beyond the witness's personal knowledge. |
| 54. I understand that Public.Resource.Org converted NFPA standards to html format and posted the html versions on the internet. The conversion process inevitably resulted in errors. For example, I am aware that the html version of the 2011 version of the NEC that was posted to Public.Resource.Org's website contains many errors. These include many obvious typographical errors, but they also include errors that distort the meaning of the standard. Some of those errors are:<br>  a. Article 310.10(F) of the 2011 NEC addresses conductors used in direct-burial applications, and states: "Cables rated above 2000 volts shall be shielded." This requirement that high-voltage cables in direct-burial applications be shielded is important to prevent damage to the cables and a resulting risk of electrical shock.<br>  b. Article 424.59 of the 2011 NEC states that "heaters installed within 1.2m (4 ft) of the outlet of an air-moving device … may require turning vanes, pressure plates, or other devices on the inlet side of the duct heater to ensure an even distribution of air over the face of the heater." In Public.Resource.Org's html version however, the "m"—representing meters—is incorrectly | FRE 1002 Secondary Evidence. The witness is testifying about the contents of the version of the NEC published by NFPA and the version posted on Public Resource's website. This is especially significant here where the content of the original 2011 NEC has been amended by several errata which appear to explain the so-called errors in the witness's declaration.<br><br>FRE 602 Lack of Personal Knowledge. The witness has not established any personal knowledge about purported consequences of the so-called errors.<br><br>FRE 701 Unqualified Expert Opinion. The witness has not been qualified as an expert and therefore cannot testify as to facts beyond the witness's personal knowledge. |

rendered as "in"—which represents inches. In
other words, the Public.Resource.Org version
says that the requirement is only triggered if a
heater is less than 1.2 inches from an air-moving
device, rather than the correct and much greater
distance of 1.2 meters.

  c.  Article 430.35(B) of the 2011 NEC states
that "motor overload protection shall not be
shunted or cut out during the starting period if
the motor is automatically started." Inadequate
motor overload protection can result in
overheating and damage. In
Public.Resource.Org's html version, however,
this provision incorrectly says that motor
overload protection shall not be shunted or cut
out during the "stalling period."

  d.  A similar error occurs in Article
502.134(b)(5), which identifies requirements for
"starting and control equipment for electric-
discharge lamps." In Public.Resource.Org's
html version, this article erroneously refers to
"stalling and control equipment."

  e.  Article 517.2 of the 2011 NEC defines "X-
Ray Installations, Portable" as "X-ray
equipment designed to be hand-carried." In
Public.Resource.Org's html version, however,
this definition erroneously refers to "X-ray
equipment designed to be hand-earned."

  f.  There are many typographical errors in the
cross-references in Public.Resource.Org's html
version.  In order to understand a provision of
the NEC that contains a cross-reference, the user
must be able to identify and refer to the Article
identified in that cross-reference.  However,
Public.Resource.Org's html version contains
many erroneous cross-references, including in
Articles 110.14(B)(1), 310.10(E), 410.140,
430.75, 504.70, 645.10(B), and 680.25(B).

| **DECLARATION OF KEVIN REINERTSON IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT** | **PUBLIC.RESOURCE.ORG'S OBJECTIONS** |
|---|---|
| 1.      I am the Deputy Fire Marshal for Riverside County Fire, Office of the Fire Marshal. I previously served, from February, 2006 to May, 2015, as the Division Chief for the | No objection. |

| | |
|---|---|
| California Office of the State Fire Marshal (OSFM). The following facts are based upon my own personal knowledge, and if called upon to do so, I could and would testify competently hereto. | |
| 2.      I have been personally involved in the standard setting processes of organizations, including the National Fire Protection Association (NFPA) and the International Code Council (ICC), and served as the OSFM representative on working groups and other projects in the development of building and fire safety codes and reports. I am familiar with the lengthy, rigorous, and complicated processes that organizations like the NFPA to develop standards for various subject matters. | FRE 602 Lack of Personal Knowledge. The witness has not established any personal knowledge about this subject.<br><br>FRE 701 Unqualified Expert Opinion. The witness has not been qualified as an expert and therefore cannot testify as to facts beyond the witness's personal knowledge. |
| 3.      The OSFM supports the mission of the California Department of Forestry and Fire Protection by focusing on fire prevention. The OSFM provides support through a wide variety of fire safety responsibilities including: regulating buildings in which people live, congregate, or are confined; by controlling substances and products which may, in and of themselves, or by their misuse, cause injuries, death and destruction by fire; by providing statewide direction for fire prevention within wildland areas; by regulating hazardous liquid pipelines; by reviewing regulations and building standards; and by providing training and education in fire protection methods and responsibilities. | No objection. |
| 4.      As part of this mission, the OSFM's Code Development and Analysis Division reviews all of California's regulations relating to fire and life safety for relevancy, necessity, conflict, duplication, and/or overlap. The division also prepares the OSFM's fire and life safety regulations and building standards for review and adoption by the California Building Standards Commission (CBSC). | No objection. |
| 5.      In preparing regulations and standards for review and adoption by the CBSC, the Code Development and Analysis Division frequently looks to and incorporates into regulations the standards prepared by private codes and | No objection. |

| | |
|---|---|
| standards setting organizations. | |
| 6.      The OSFM, along with other California state agencies, have incorporated by reference the following codes and standards developed by private standard setting organizations: the International Building Code, the International Fire Code, the International Residential Code, the National Electrical Code, the Uniform Mechanical Code, the Uniform Plumbing Code, and specific NFPA standards as referenced in the above codes (e.g., NFPA 13, NFPA 24 California edition, NFPA 72, etc.). The OSFM follows a triennial code adoption cycle to keep the California Building Standards Codes current. Every three years, the OSFM develops an adoption package to incorporate by reference the most recent editions of the privately developed codes and standards along with amendments that pertain specifically to California law. | No objection. |
| 7.      The California Electrical Code incorporates by reference the National Electrical Code, which is prepared by the NFPA. A freely accessible version of the California Electrical Code is available at: http://www.nfpa.org/codes-and-standards/document-information-pages/free-access?mode=view.  That link is also provided on the California Building Standards Commission website. | No objection. |
| 8.      Similarly, since 2008, the California Fire Code has incorporated by reference the International Fire Code, which is prepared by the ICC (prior to the International Fire Code, the California Fire Code was based on the adoption by reference of the Uniform Fire Code published jointly by the Western Fire Chiefs Associations and the International Association of Building Officials). A freely accessible version of the California Fire Code is available at: http://www.ecodes.biz/ecodes support/Free Resources/2013California/13Fire/13Fire main.html | No objection. |
| 9.      During my work with the OSFM on the code adoption process, I was aware that NFPA and other private sector standards developers own the copyright on the standards they | FRE 403 Prejudice. The testimony implies, without support, that the witness was likely to hear people at the OSFM express views about NFPA's copyright, and therefore that the |

| | |
|---|---|
| develop. It was not my view, and nor did I hear others at the OSFM express the view, that the OSFM's code adoptions interfered with the standards developers' copyright interest in any way. | absence of such complaints must have significance.<br><br>FRE 602 Lack of Personal Knowledge. Copyright ownership is a legal matter and not the subject of personal knowledge. |
| 10.     I was also aware that NFPA makes the California Electrical Code available to the public both through a freely accessible version on the NFPA website and through making it available for sale in multiple formats. | No objection. |
| 11.     The OSFM, and more generally the State of California, utilizes the expertise and resources of private sector standard developers such as the NFPA. The standards created by private standard setting organizations allow government agencies like the OSFM to draw on the expertise and resources of private sector standard developers to serve the public interest. | FRE 602 Lack of Personal Knowledge. The witness has not established any personal knowledge about this subject.<br><br>FRE 701 Unqualified Expert Opinion. The witness has not been qualified as an expert and therefore cannot testify as to facts beyond the witness's personal knowledge. |
| 12.     Incorporating standards by reference allows the OSFM and the State of California to develop comprehensive regulatory schemes covering several subject matter areas quickly and with limited costs. Moreover, standards created by standard setting organizations reflect the collective experience, knowledge, and judgment of not only government officials, but also industry representatives, practitioners, academics, and other experts. The diversity of viewpoints offered by private standard setting organizations is particularly useful with respect to quickly-evolving industries and technologies, such as those relevant to fire safety and protection. | FRE 602 Lack of Personal Knowledge. The witness has not established any personal knowledge about this subject.<br><br>FRE 701 Unqualified Expert Opinion. The witness has not been qualified as an expert and therefore cannot testify as to facts beyond the witness's personal knowledge. |
| 13.     If private standard setting organizations could not develop and create standards, the OSFM and similar government agencies would face significant costs if they were to replace the role of such organizations and create standards themselves. The expense of coordinating, updating, testing, educating government, industry, and the public, and the many other activities private standard setting organizations engage in to keep standards up to date and to comply with their own rigorous procedural requirements, would be very costly for the | FRE 602 Lack of Personal Knowledge. The witness has not established any personal knowledge about this subject.<br><br>FRE 701 Unqualified Expert Opinion. The witness has not been qualified as an expert and therefore cannot testify as to facts beyond the witness's personal knowledge. |

| | |
|---|---|
| OSFM, which is currently not funded to handle such tasks. | |
| 14. Through the efforts of the codes and standards writing organizations, the OSFM was able to amend and adopt specific regulations in the California Fire Code made by ICC to implement fire safety provisions that reference a current Hydrogen Technologies Code (NFPA 2) produced by NFPA. The OSFM did not have the resources to accomplish the necessary research and testing to timely effectuate new codes and standards for such a complex subject matter such as hydrogen fuel technologies. Without the development of these codes and standards, the OSFM would have had to expend significant resources to produce these items on its own. Moreover, it would have taken an unknown length of time to produce such codes and standards, thereby potentially hampering the introduction of new technology (hydrogen fuel cell vehicles). These requirements and standards are being utilized to build hydrogen fueling stations. | FRE 602 Lack of Personal Knowledge. The witness has not established any personal knowledge about this subject.<br><br>FRE 701 Unqualified Expert Opinion. The witness has not been qualified as an expert and therefore cannot testify as to facts beyond the witness's personal knowledge. |
| **DECLARATION OF STEPHANIE REINICHE IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT** | **PUBLIC.RESOURCE.ORG'S OBJECTIONS** |
| 1. I am currently employed by the American Society of Heating, Refrigerating, and Air Conditioning Engineers ("ASHRAE") as its Senior Manager of Standards. I have been employed by ASHRAE since 2003. Based on the information known to me as a result of the duties and responsibilities of my position, as well as information I have gathered from relevant ASHRAE personnel and staff, I have personal knowledge of the facts set forth herein and could and would testify competently thereto if called as a witness. | No objection. |
| 2. ASHRAE is a non-profit organization that operates with the mission of advancing the arts and sciences of heating, ventilating, air conditioning and refrigerating to serve humanity and promote a sustainable world. ASHRAE has leveraged its expertise in HVAC systems, as well as the expertise of its volunteer members, | No objection. |

| | |
|---|---|
| to develop and maintain over 100 consensus based standards.  These standards, which are developed based needs in the industry, apply to a variety of fields within the building industry, such as energy efficiency, indoor air quality, refrigeration, and sustainability. | |
| 3.       The specific ASHRAE standard that I understand to be at issue here, Standard 90.1, pertains to energy efficiency in commercial and high-rise residential buildings. The standard has a variety of uses, including use by builders as a best-practices guide to achieve greater energy efficiency in building projects (even when not required by law) and use as a guide for how to achieve LEED certification for new buildings (a private rating system for energy efficiency in new buildings administered by the U.S. Green Building Council). Though Standard 90.1 is sometimes incorporated into laws and government regulations, such incorporation is not the primary motivation for ASHRAE's continued maintenance and updating of Standard 90.1.  In fact, ASHRAE's drafting and maintenance of Standard 90.1 dates back to the 1970s and significantly predates Standard 90.1's widespread incorporation into federal laws or regulations—e.g., the most significant law referencing Standard 90.1, the Energy Policy Act, was not passed until 1992. Additionally, ASHRAE maintains numerous standards that are not incorporated by reference into any law or regulation. | FRE 402 Relevance. The testimony concerning the use of the standard or the purpose for which it was developed is not relevant to the subject matter of this litigation. |
| 4.       As part of my job responsibilities, I am one of the ASHRAE employees who oversees ASHRAE's standards-development process, including as that process relates to Standard 90.1.  ASHRAE has a prescribed development process that is used to develop new standards and maintain existing standards.  The process is designed to ensure compliance with American National Standards Institute ("ANSI") requirements and broad participation from a variety of materially interested parties. | No objection. |
| 5.       Many ASHRAE standards, including 90.1, have existed for years but are considered to be in "continuous maintenance," which | No objection. |

| | |
|---|---|
| means that the standard is updated continuously via addenda with supplements being published every 18 months and all addenda being incorporated for a new version every three years using the same development and editing process. | |
| 6.      ASHRAE's Standard 90.1 is developed with input from a project committee, which consists of a group of experts in the field that include but not limited to utilities representatives, engineers, manufacturers, trade organizations and architects that volunteer their time to work on Standard 90.1.  The project committee members are selected by the Chair of the project committee and approved by ASHRAE's Standards Committee and subcommittee based on expertise in the field and in order to ensure a balanced representation of different interest groups. | No objection. |
| 7.      As with ASHRAE's other standards, the 90.1 project committee is subject to procedural oversight from ASHRAE's Board of Directors, Standards Committee, and Technology Council. Members of the public may also participate in creating the standard through submitting public comments that will be considered by the project committee. | No objection. |
| 8.      Substantive drafting and changes to Standard 90.1 happen through a consensus of the project committee and involve input form the many participants in the development process. The standard is not simply the work of individual members. For each proposed change to a standard or any new language that will be added to a standard, the project committee must vote to approve the change. Voting on changes to the standard may occur at an in-person meeting following discussion on the issue, by letter ballot, or a combination of the two. For a change to be approved, a majority of project committee members must vote in the affirmative and a two-thirds majority of those actually casting votes on that particular change must vote in the affirmative. Whether at an in-person meeting, by letter ballot, or a combination thereof, committee members who submit | FRE 602 Lack of Personal Knowledge. The witness has not established any personal knowledge about this subject.<br><br>FRE 701 Unqualified Expert Opinion. The witness has not been qualified as an expert and therefore cannot testify as to facts beyond the witness's personal knowledge. |

| | |
|---|---|
| negative votes are given the opportunity to provide written comments explaining their decision. If the vote passes with one or more negative votes, the results are held in abeyance until the comments are transmitted to all eligible voters and they are given an opportunity to change their votes. Similarly, the committee also votes on how to respond to public comments on all revisions and new drafts of Standard 90.1.  In the event that responses don't resolve the commenters on public review drafts the committee members are given an opportunity again to change their vote prior to the changes being published or to decide to revise the change and conduct another public review. | |
| 9.      For each ASHRAE standard, ASHRAE assigns one or more staff liaisons to work with that standard's project committee.  These staff liaisons report to me. For Standard 90.1, the liaison is Steve Ferguson.  Mr. Ferguson, who has an engineering degree and is knowledgeable concerning HVAC systems, has worked as the staff liaison for Standard 90.1 since February 2005. | No objection. |
| 10.      The job responsibilities of an ASHRAE staff liaison include facilitating meetings of the project committee, including attending meetings, keeping minutes, processing voting ballots, and often recording proposed changes to the Standard that are under discussion. The staff liaisons also work together with the project committees to craft the appropriate wording of the standards by reviewing all proposed changes and drafts of the standards to make sure they are written clearly, in the proper format, comply with ANSI and ASHRAE requirements, and are both technically and editorially consistent.  For instance, when a change is made, the liaison might determine that language in another part of the standard also needs to be changed to make the standard internally consistent, at which point the liaison would submit an addenda back to the project committee for further consideration.  For each standard, the staff liaison also provides the project committee with the comments and | No objection. |

| | |
|---|---|
| proposals submitted by the public and any materially affected parties and subsequently reviews the project committee's formal responses to public comments and proposals to make sure they are clearly worded and in a proper format. | |
| 11.      Every three years, when ASHRAE performs a roll-up of all proposed changes and edits to a standard under continuous maintenance, like Standard 90.1, the staff liaison and other ASHRAE staff will work with certain members of the project committee to perform a final review and edit of the new version of each standard to make sure that all proposed changes have been properly incorporated. Additionally, members of ASHRAE's staff are responsible for reviewing and updating certain language in ASHRAE standards that does not relate to the technical requirements of the standard, including the initial policy statement and notice of instructions for submitting a proposed change. | No objection. |
| 12.      In my experience, members of the project committee, other ASHRAE members, and members of the public who contribute to ASHRAE standards fully understand and intend that ASHRAE will own the copyrights in the completed ASHRAE standards. | FRE 602 Lack of Personal Knowledge. The witness has not established any personal knowledge about this subject.<br><br>FRE 701 Unqualified Expert Opinion. The witness has not been qualified as an expert and therefore cannot testify as to facts beyond the witness's personal knowledge.<br><br>FRE 802 Hearsay. The testimony implies the content of out of court statements made by members of the project committee. |
| 13.      Anyone who contributes to Standard 90.1 as a project committee member, or by submitting a change proposal or public comment, is required by ASHRAE to execute an Application for Membership on an ASHRAE Committee or a Form for Commenting on a Public Review Draft ASHRAE Standard, both of which contain an acknowledgment stating "I understand that I acquire no rights in publication of such documents in which my contributions or other similar analogous form are used." A true and correct copy of a sample Form for | FRE 602 Lack of Personal Knowledge. The witness has not established any personal knowledge about this subject.<br><br>FRE 701 Unqualified Expert Opinion. The witness has not been qualified as an expert and therefore cannot testify as to facts beyond the witness's personal knowledge.<br><br>FRE 1002 Secondary Evidence. The witness is testifying about the contents of a writing. |

| | |
|---|---|
| Commenting on a Public Review Draft ASHRAE Standard is attached hereto as Exhibit 1, and a true and correct copy of a sample Application for Membership on an ASHRAE Committee is attached as Exhibit 2. All forms signed by commenters or committee membership on the 2004, 2007, and 2010 versions of Standard 90.1 would have contained substantially the same language as these forms. | |
| 14.      As a general matter, ASHRAE does not permit alterations to the forms that must be signed by public commenters or committee members, and I am not aware of any contribution made to ASHRAE Standards 90.1-2004, 90.1-2007, or 90.1-2010, for which the contributor altered a standard ASHRAE form or refused to execute the form.  To the extent any comment has been submitted and considered by the project committee without a properly executed form, it would be an exception to the general practices and requirements imposed by ASHRAE. | FRE 602 Lack of Personal Knowledge. The witness has not established any personal knowledge about this subject.<br><br>FRE 701 Unqualified Expert Opinion. The witness has not been qualified as an expert and therefore cannot testify as to facts beyond the witness's personal knowledge.<br><br>FRE 1002 Secondary Evidence. The witness is testifying about the contents of a writing. |
| 15.      ASHRAE has valid copyright registrations for the versions of Standard 90.1 at issue in this case (i.e., the 2004, 2007, and 2010 versions). True and correct copies of those registrations are attached hereto as Exhibits 3, 4, and 5. Additionally, on each version of ASHRAE 90.1, it is ASHRAE's practice to place a copyright notice prominently on the standard to alert members of the public that ASHRAE has copyrighted the standard. Members of the project committee are also aware of this practice and are thus aware that ASHRAE copyrights its standards, including each successive version of Standard 90.1. ASHRAE is not aware of any member of the 90.1 project committee or member of the public who commented on 90.1 who has contested ASHRAE's copyright rights in the standard or claimed an ownership interest in any part of ASHRAE 90.1. | FRE 403 Prejudice. The testimony states an opinion about an ultimate issue concerning the copyright claims (whether the copyright registrations are valid) from a lay witness.<br><br>FRE 1002 Secondary Evidence. The witness is testifying about the contents of a writing. |
| 16.      In addition to its copyrights, ASHRAE also holds several registered trademarks, including U.S. Registration Nos. 1,503,000 and 4,262,297, which protect the following logos: | FRE 403 Prejudice. The testimony is conclusory and fails to set forth the factual basis for those conclusions. |

| | |
|---|---|
| <br><br>True and correct copies of ASHRAE's registrations for these two marks are attached as Exhibits 6 and 7. Additionally, for mark number 1,503,000 , which has been used in commerce since 1959, ASHRAE has filed a Section 15 declaration in support of the incontestability of its registration. ASHRAE's use of these marks in connection with its standards and other goods and services has been substantially continuous, and these marks, which are routinely affixed to ASHRAE's standards, have become associated with ASHRAE and its standards. ASHRAE considers these marks to be valuable assets and has developed substantial goodwill associated with these marks over the years. | FRE 602 Lack of Personal Knowledge. The witness has not established any personal knowledge about public "associations" with the marks or ASHRAE's goodwill..<br><br>FRE 701 Unqualified Expert Opinion. The witness has not been qualified as an expert and therefore cannot testify as to facts beyond the witness's personal knowledge.<br><br>FRE 1002 Secondary Evidence. The witness is testifying about the contents of writings. |
| Exhibit 6 | FRE 1002 Secondary Evidence. This is not a trademark registration.  It is information provided from the search engine of the trademark database. |
| Exhibit 7 | FRE 1002 Secondary Evidence. This is not a trademark registration.  It is information provided from the search engine of the trademark database. |
| 17.      Each time new versions of ASHRAE standards are developed, ASHRAE offers those standards for sale. Sales of the standards are an important piece of ASHRAE's yearly revenues. The primary purchasers and users of ASHRAE's standards include builders, architects, and heating, air-conditioning, and refrigeration manufacturers who use the standards in their businesses. | FRE 403 Prejudice. The testimony is conclusory concerning the significance, if any, of the sales' annual rental.<br><br>FRE 602 Lack of Personal Knowledge. The witness has not established any personal knowledge about purchasers and users of ASHRAE's standards generally.<br><br>FRE 701 Unqualified Expert Opinion. The witness has not been qualified as an expert and therefore cannot testify as to facts beyond the witness's personal knowledge. |
| 18.      ASHRAE's pricing and access policies are generally tailored to afford broad access to the standards. Prices typically range from $25 to | No objection. |

| | |
|---|---|
| $120, with no standard costing more than $200. The standards are priced on the basis of ASHRAE's costs and ASHRAE does not charge more for standards that have been incorporated into laws or regulations. ASHRAE also offers discounts for libraries, educational uses, government entities, and individuals or entities who purchase the standards on a subscription basis. | |
| 19.      To further ensure broader access to the standards, ASHRAE also offers online read-only access to many of its standards-particularly those standards that have been incorporated into codes--on the ASHRAE website, available at https://www.ashrae.org/standards-research -- technology/standards--guidelines /other-ashrae-standards -referenced-in -code. This portion of the ASHRAE website allows viewers to read ASHRAE standards, including the 2004, 2007, and 2010 versions of Standard 90.1. For certain standards, including Standard 90.1, users of the ASHRAE website can even perform keyword searches within the read-only versions of the documents. | FRE 602 Lack of Personal Knowledge. The witness has not established any personal knowledge about this subject.<br><br>FRE 701 Unqualified Expert Opinion. The witness has not been qualified as an expert and therefore cannot testify as to facts beyond the witness's personal knowledge. |
| 20.      ASHRAE is unaware of anyone, except the defendant in this matter, who has complained that the various channels of access ASHRAE provides to Standard 90.1 are insufficient.  Additionally, ASHRAE is aware that Defendant has recently removed ASHRAE Standards 90.1-2004, 90.1-2007, and 90.1-2010 from its site at the suggestion of the Court in this matter.  Since that occurred, I am not aware of any complaints ASHRAE has received regarding a perceived loss of access to these standards. | 403 Prejudice. The witness has not provided any foundation to believe that ASHRAE would be expected to receive complaints about the lack of its standards if people were dissatisfied or that ASHRAE tracks complaints of that nature.<br><br>FRE 602 Lack of Personal Knowledge. The witness has not established any personal knowledge about this subject.<br><br>FRE 701 Unqualified Expert Opinion. The witness has not been qualified as an expert and therefore cannot testify as to facts beyond the witness's personal knowledge. |
| **DECLARATION OF JORDANA RUBEL IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT** | **PUBLIC.RESOURCE.ORG'S OBJECTIONS** |
| 1.      I am over the age of 18 years and am fully competent to testify to the matters stated in this Declaration. | No objection. |

| | |
|---|---|
| 2.      This declaration is based on my personal knowledge. If called to do so, I would and could testify to the matters stated herein. | |
| 3.      I am an associate at Morgan Lewis & Bockius LLP, which represents Plaintiff American Society for Testing and Materials in this matter. | No objection. |
| 4.      Attached as Exhibit 1 is a true and correct copy of the Expert Report of John C. Jarosz that was served on June 5, 2015. | Public Resource has moved to strike Mr. Jarosz's report and incorporates its motion by reference here. |
| 5.      Attached as Exhibit 2 are true and correct copies of excerpts of the transcript of the 30(b)(6) deposition of Public.Resource.Org, Inc., which took place on February 26, 2015. | Public Resource preserves the objections that its counsel made at the time of deposition. |
| 6.      Attached as Exhibit 3 are true and correct copies of excerpts of the transcript of the deposition of Carl Malamud, which took place on February 27, 2015. | Public Resource preserves the objections that its counsel made at the time of deposition. |
| 7.      Attached as Exhibit 4 are true and correct copies of excerpts of the transcript of the 30(b)(6) deposition of Point.B Studio, which took place on November 13, 2014. | Public Resource preserves the objections that its counsel made at the time of deposition. |
| 8.      Attached as Exhibit 5 are true and correct copies of excerpts of the transcript of the 30(b)(6) deposition of HTC Global, Inc., which took place on November 5, 2014. | Public Resource preserves the objections that its counsel made at the time of deposition. |
| 9.      Attached as Exhibit 6 are true and correct copies of excerpts of the transcript of the 30(b)(6) deposition of Christian Dubay on behalf of the National Fire Protection Association, Inc., which took place on April 1, 2015. | FRE 802 Hearsay. The deposition transcript contains out of court statements introduced for the truth of the matter asserted. |
| 10.     Attached as Exhibit 7 are true and correct copies of excerpts of the transcript of the 30(b)(6) deposition of Stephanie Reiniche on behalf of the American Society for Heating, Refrigerating and Air Conditioning Engineers, which took place on March 30, 2015. | FRE 802 Hearsay. The deposition transcript contains out of court statements introduced for the truth of the matter asserted. |
| 11.     Attached as Exhibit 8 are true and correct copies of excerpts of the transcript of the 30(b)(6) deposition of Steven Comstock on behalf of the American Society for Heating, Refrigerating and Air Conditioning Engineers, which took place on March 5, 2015. | FRE 802 Hearsay. The deposition transcript contains out of court statements introduced for the truth of the matter asserted. |
| 12.     Public.Resource.Org, Inc. ("Defendant") submitted Freedom of Information Act | No objection. |

| | |
|---|---|
| ("FOIA") requests to a number of executive agencies requesting copies of standards that are incorporated by reference in federal regulations. Attached as Exhibit 9 are true and correct copies of letters of requests Public.Resource.Org, Inc. submitted to the U.S. Department of Housing and Urban Develop and the U.S. Consumer Product Safety Commission that were downloaded from Defendant's website. | |
| 13.      No agency has provided Defendant with copies of the standards it has requested through these FOIA requests. Numerous federal agencies have explicitly taken the position in communications with Defendant that incorporation by reference of materials into regulations does not destroy the copyright in those materials. Attached as Exhibit 10 are true and correct copies of letters to Defendant from the U.S. Department of Interior, the U.S. Department of Housing and Urban Development and the U.S. Consumer Product Safety Commission that were downloaded from Defendant's website. | FRE 802 Hearsay. Public Resource objects to the extent the letters are introduced to prove the truth of the matter asserted. |
| 14.      Attached as Exhibit 11 are true and correct copies of excerpts from Defendant's responses to interrogatories served by American Society for Testing and Materials. Defendant did not serve supplemented responses to these interrogatories. | No objection. |
| 15.      Copies of 43 of Defendant's versions of ASTM's standards at issue, with Defendant's cover page, were uploaded by "dharlanuctcom" onto the Scribd platform. *See* https://www.scribd.com/dharlanuctcom. Attached as Exhibit 12 is a true and correct copy of a printout of a page showing uploads made by dharlanuctcom to the Scribd platform. | FRE 602 Lack of Personal Knowledge. The witness has not established any personal knowledge about this subject. |
| Exhibit 12 | FRE 802 Hearsay. This document is an out of court statement introduced for the truth of the matter asserted. |
| 16.      Even after Mr. Malamud was notified of specific errors in Defendant's versions of Plaintiffs' standards that were posted on Defendant's website, Defendant did not correct those mistakes and maintained versions of the standards that contained these errors on its | FRE 602 Lack of Personal Knowledge. The witness has not established any personal knowledge about this subject. |

| | |
|---|---|
| website until it removed its copies of Plaintiffs' standards in November 2015 at the Court's suggestion. | |
| 17.      Attached as Exhibit 13 is a true and correct copy of Exhibit 55 to the 30(b)(6) deposition of Public.Resource. Org, Inc. | FRE 1002 Secondary Evidence. Exhibit 13 is a transcript of a video. The video is the original record. |
| 18.      Attached as Exhibit 14 is a true and correct copy of Exhibit 33 to the 30(b)(6) deposition of Public.Resource.Org, Inc. | FRE 402 Relevance. The statement by Mr. Malamud about some technical standards having "strong copyright interests" has no consequence for determining the action. The statement is not a binding admission on either Mr. Malamud or Public Resource. |
| 19.      Attached as Exhibit 15 is a true and correct copy of Exhibit 69 to the deposition of Carl Malamud. | FRE 402 Relevance. The Exhibit is cited for Mr. Malamud's statement that a postdoctoral research fellow should not violate any terms of use. This statement is not relevant to any issue in this case. Moreover, Plaintiffs do not rely on this exhibit in their brief. |
| 20.      Attached as Exhibit 16 is a true and correct copy of Exhibit 63 to the deposition of Carl Malamud. | No objection. |
| 21.      Attached as Exhibit 17 is a true and correct copy of Exhibit 2 to the 30(b)(6) deposition of HTC Global. | No objection. |
| 22.      Attached as Exhibit 18 is a true and correct copy of excerpts from the expert deposition of James Fruchterman, which took place on July 31, 2015. | Public Resource hereby preserves the objections its counsel made at the time of the deposition. |
| 23.      Attached as Exhibit 19 is a true and correct copy of Exhibit 21 to the 30(b)(6) deposition of Point.B Studio. | FRE 402 Relevance. Plaintiffs rely on this exhibit to show that Mr. Malamud suspected his vendor of not truly double-keying the standards he paid them to double-key. Mr. Malamud's suspicion does not tend to make any fact about HTC's practices more or less probable. |
| 24.      Attached as Exhibit 20 is a true and correct copy of Exhibit 57 to the deposition of Carl Malamud. | No objection. |
| 25.      Attached as Exhibit 21 is a true and correct copy of Exhibit 62 to the deposition of Carl Malamud. | No objection. |
| 26.      Attached as Exhibit 22 is a true and correct copy of Exhibit 18 to the 30(b)(6) deposition of Point.B Studio. | No objection. |

| | |
|---|---|
| 27.     Attached as Exhibit 23 are true and correct copies of Exhibits 52 and 53 to the 30(b)(6) deposition of Public.Resource.Org, Inc. | No objection. |
| 28.     Attached as Exhibit 24 is a true and correct copy of Exhibit 75 to the deposition of Carl Malamud. | No objection. |
| 29.     Attached as Exhibit 25 are true and correct copies of documents Bates stamped PR0_00082474, PR0_00082837, and PR0_00083112, which were produced by Public.Resource.Org, Inc. | No objection. |
| 30.     Attached as Exhibit 26 is a true and correct copy of a document Bates stamped PR0_00101955-57, which was produced by Public.Resource.Org, Inc. | No objection. |
| 31.     Attached as Exhibit 27 is a true and correct copy of Exhibit 38 to the 30(b)(6) deposition of Public.Resource.Org, Inc. | No objection. |
| 32.     Attached as Exhibit 28 is a true and correct copy of Exhibit 40 to the 30(b)(6) deposition of Public.Resource. Org, Inc. | No objection. |
| 33.     Attached as Exhibit 29 is a true and correct copy of Exhibit 64 to the deposition of Carl Malamud. | No objection. |
| 34.     Attached as Exhibit 30 is a true and correct copy of Exhibit 58 to the deposition of Carl Malamud. | No objection. |
| 35.     Attached as Exhibit 31 is a true and correct copy of Exhibit 59 to the deposition of Carl Malamud. | No objection. |
| 36.     Attached as Exhibit 32 is a true and correct copy of a document I downloaded from the law.resource.org website on November 19, 2015. | No objection. |
| 37.     Attached as Exhibit 33 is a true and correct copy of Exhibit 77 to the deposition of Carl Malamud. | No objection. |
| 38.     Attached as Exhibit 34 is a true and correct copy of Exhibit 65 to the deposition of Carl Malamud. | No objection. |
| 39.     Attached as Exhibit 35 is a true and correct copy of Exhibit 27 to the 30(b)(6) deposition of Point.B Studio. | No objection. |
| 40.     Attached as Exhibit 36 is a true and correct copy of Exhibit 73 to the deposition of Carl Malamud. | No objection. |

| | |
|---|---|
| 41.      Attached as Exhibit 37 is a true and correct copy of Exhibit 49 to the 30(b)(6) deposition of Public.Resource. Org, Inc. | |
| 42.      Attached as Exhibit 38 is a true and correct copy of Exhibit 43 to the 30(b)(6) deposition of Public.Resource.Org, Inc. | |
| 43.      Attached as Exhibit 39 is a true and correct copy of Exhibit 51 to the 30(b)(6) deposition of Public.Resource.Org, Inc. | |
| 44.      Attached as Exhibit 40 is a true and correct copy of Exhibit 44 to the 30(b)(6) deposition of Public.Resource.Org, Inc. | |
| 45.      Attached as Exhibit 41 is a true and correct copy of Exhibit 54 to the 30(b)(6) deposition of Public.Resource.Org, Inc. | |
| 46.      Attached as Exhibit 42 is a true and correct copy of Exhibit 56 to the 30(b)(6) deposition of Public.Resource.Org, Inc. | |
| 47.      Attached as Exhibit 43 is a true and correct copy of Exhibit 76 to the deposition of Carl Malamud. | FRE 402 Relevance. The exhibit is an email between Carl Malamud and Marshall Rose. Plaintiffs rely on this email to claim that Mr. Malamud "can't win" a discussion about the SDOs business model. That is not what the email says. Mr. Malamud is discussing his public relations strategy. The statement is not relevant to the economics of operating a standards developing organization.<br><br>FRE 403 Prejudice. Plaintiffs misrepresent the statements in this email in their Statement of Material Facts ¶ 256. This exhibit, which is about Mr. Malamud's public relations strategy, is confusing as to the issue of the effect of Public Resource's activities on the market for the incorporated standards at issue. |
| 48.      Attached as Exhibit 44 is a true and correct copy of Exhibit 70 to the deposition of Carl Malamud. | No Objection. |
| 49.      Attached as Exhibit 45 are true and correct copies of excerpts of the transcript of the 30(b)(6) deposition of Bruce Mullen on behalf of on the American Society for Heating, Refrigerating and Air Conditioning Engineers, which took place on March 31, 2015. | Public Resource hereby preserves the objections that its counsel made at the time of the deposition. |

| DECLARATION OF JAMES THOMAS IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT | PUBLIC.RESOURCE.ORG'S OBJECTIONS |
|---|---|
| 1.       I am over the age of 18 years and am fully competent to testify to the matters stated in this Declaration. | No objection. |
| 2.       This declaration is based on my personal knowledge. If called to do so, I would and could testify to the matters stated herein. | No objection. |
| 3.       I am the President of ASTM International ("ASTM"), which is a not-for profit organization headquartered in Pennsylvania. I have worked at ASTM since 1972. | No objection. |
| 4.       ASTM was founded in 1898 when a group of railroad experts and engineers got together to respond to technical issues that had been identified in the early days of the railroad industry. The very first ASTM standard, standard A1, provided uniform specifications for carbon steel rails. This made it possible for manufacturers from different parts of the country to produce uniform rails that could be used in a national railroad. | FRE 602 Lack of Personal Knowledge. The witness has not established any personal knowledge about this subject.<br><br>FRE 701 Unqualified Expert Opinion. The witness has not been qualified as an expert and therefore cannot testify as to facts beyond the witness's personal knowledge. |
| 5.       ASTM's activities have expanded over the past one hundred years and ASTM now develops standards that are used in a wide range of fields, including consumer products, iron and steel products, rubber, paints, plastics, textiles, medical services and devices, electronics, construction, energy, water, and petroleum products. | FRE 602 Lack of Personal Knowledge. The witness has not established any personal knowledge about this subject.<br><br>FRE 701 Unqualified Expert Opinion. The witness has not been qualified as an expert and therefore cannot testify as to facts beyond the witness's personal knowledge. |
| 6.       The term "standards" refers to a variety of technical works, including works that contain product specifications, installation methods, methods for manufacturing or testing materials, recommended practices to ensure safety or efficiency, or other guidelines or best practices. | No objection. |
| 7.       An organization that develops standards is a "standards development organization" or "SDO." | No objection. |
| 8.       In the United States, standards are typically developed by private organizations that have technical expertise in the relevant area. | FRE 602 Lack of Personal Knowledge. The witness has not established any personal knowledge about this subject.<br><br>FRE 701 Unqualified Expert Opinion. The witness has not been qualified as an expert |

| | |
|---|---|
| | and therefore cannot testify as to facts beyond the witness's personal knowledge. |
| 9.      Standards are usually highly technical and specialized, and are written for audiences that have particular expertise in the relevant fields. | FRE 602 Lack of Personal Knowledge. The witness has not established any personal knowledge about this subject.<br><br>FRE 701 Unqualified Expert Opinion. The witness has not been qualified as an expert and therefore cannot testify as to facts beyond the witness's personal knowledge. |
| 10.      Standards are used by industry actors as a form of self-regulation and as a source of best practices. | FRE 602 Lack of Personal Knowledge. The witness has not established any personal knowledge about this subject.<br><br>FRE 701 Unqualified Expert Opinion. The witness has not been qualified as an expert and therefore cannot testify as to facts beyond the witness's personal knowledge. |
| 11.      ASTM's mission is to be recognized as the premier developer and provider of voluntary consensus standards, related technical information and services that promote public health and safety, support the protection and sustainability of the environment, and improve the overall quality of life; contribute to the reliability of materials, products, systems and services; and facilitate international, regional, and national commerce. | No objection. |
| 12.      ASTM develops voluntary consensus standards and is accredited by the American National Standards Institute. | No objection. |
| 13.      ASTM standards are developed based on public demands, industry needs, and public safety concerns and advancements in technology. They address a technical issue or problem identified by a group of people in the relevant sector that can be addressed with a standard-based solution. | FRE 602 Lack of Personal Knowledge. The witness has not established any personal knowledge about this subject.<br><br>FRE 701 Unqualified Expert Opinion. The witness has not been qualified as an expert and therefore cannot testify as to facts beyond the witness's personal knowledge. |
| 14.      ASTM's standards are used by scientists and engineers in their laboratories, by architects and designers in their plans, and by industry in their business contracts. | FRE 602 Lack of Personal Knowledge. The witness has not established any personal knowledge about this subject.<br><br>FRE 701 Unqualified Expert Opinion. The |

| | witness has not been qualified as an expert and therefore cannot testify as to facts beyond the witness's personal knowledge. |
|---|---|
| 15.      On occasion, government agencies incorporate ASTM's standards by reference into regulations. Approximately 10 percent of ASTM's standards are incorporated by reference into federal regulations. | FRE 602 Lack of Personal Knowledge. The witness has not established any personal knowledge about this subject.<br><br>FRE 701 Unqualified Expert Opinion. The witness has not been qualified as an expert and therefore cannot testify as to facts beyond the witness's personal knowledge. |
| 16.      ASTM standards are not developed for the purpose of being incorporated into regulations. | FRE 602 Lack of Personal Knowledge. The witness has not established any personal knowledge about this subject.<br><br>FRE 701 Unqualified Expert Opinion. The witness has not been qualified as an expert and therefore cannot testify as to facts beyond the witness's personal knowledge. |
| 17.      When it develops a new standard, ASTM does not know whether the standard will be incorporated by reference into government regulations. | No objection. |
| 18.      ASTM does not lobby government agencies to reference its standards. | FRE 403 Prejudice. This testimony is so vague as to be confusing on this issue, because the witness provides no explanation for what he means by "lobby."<br><br>FRE 602 Lack of Personal Knowledge. The witness has not established any personal knowledge about this subject.<br><br>FRE 701 Unqualified Expert Opinion. The witness has not been qualified as an expert and therefore cannot testify as to facts beyond the witness's personal knowledge. |
| 19.      Membership in ASTM costs $75 per year for an individual member and $400 per year for an organizational member. Each member receives one free volume of the Annual Book of ASTM Standards as well as other membership benefits. | No objection. |

| | |
|---|---|
| 20.    ASTM has kept its membership fees at $75 for over fifteen years to permit the widest participation possible in the standard development process, so as to prevent its standards from being biased toward the interests of only stakeholders who can afford to pay higher membership fees. ASTM's membership fees have never exceeded $75. | FRE 602 Lack of Personal Knowledge. The witness has not established any personal knowledge about this subject.<br><br>FRE 701 Unqualified Expert Opinion. The witness has not been qualified as an expert and therefore cannot testify as to facts beyond the witness's personal knowledge. |
| 21.    ASTM has over 140 technical committees made up of over 23,000 technical members representing producers, users, consumers, government, and academia from more than 150 countries. | No objection. |
| 22.    Each technical committee contains a balanced voting membership, including industry representatives, government representatives, consumers, people with particular expertise in the subject matter, and others. | No objection. |
| 23.    Throughout the standards development process, ASTM and its committees make it clear that all participants' contributions to any particular standard will be merged into a unitary standard. | No objection. |
| 24.    ASTM's standard development process begins with an individual registering a "work item," which describes the idea for a new standard that will be published and owned by ASTM, or moving to draft a new standard at a subcommittee meeting. | No objection. |
| 25.    The chair of the relevant subcommittee then reviews the work item request and considers, among other things, whether there is a need for the proposed standard and whether there will be sufficient interest from a balanced group necessary to develop the standard. If the chair approves the work item or if the subcommittee approves the motion for a new standard, a task group will develop a draft of the standard. | FRE 602 Lack of Personal Knowledge. The witness has not established any personal knowledge about this subject.<br><br>FRE 701 Unqualified Expert Opinion. The witness has not been qualified as an expert and therefore cannot testify as to facts beyond the witness's personal knowledge. |
| 26.    The technical contact is the leader of the task group. | No objection. |
| 27.    The draft standard is then edited by an ASTM staff member, who also adds certain language and components that are required by the ASTM form and style guide. | FRE 602 Lack of Personal Knowledge. The witness has not established any personal knowledge about this subject.<br><br>FRE 701 Unqualified Expert Opinion. The witness has not been qualified as an expert and therefore cannot testify as to facts beyond |

| | |
|---|---|
| | the witness's personal knowledge. |
| 28. The draft standard is then voted on by first the entire subcommittee, followed by the entire main committee and the complete Society, and reviewed by the Committee on Standards to ensure that all procedures were followed. | No objection. |
| 29. Technical committees make decisions about the appropriate content of the standards, including the relevant measurements, values, descriptions, and other specifications, as well as the language with which to express these standards. | No objection. |
| 30. There are other standard developing organizations that create standards that cover the same or similar subject matter as the standards developed by ASTM, including, for example, the International Organization for Standards, SAE International, and the American Association of State Highway and Transportation Officials. The content and language of these SDO's standards differs from the content of the corresponding ASTM standards. | No objection. |
| 31. At each level of balloting, voters can suggest edits or provide comments. Each negative vote must be addressed to determine if it is persuasive. At least 66.7% of the voting subcommittee members and 90% of the voting main committee members must approve all standard actions, with not less than 60% of the voting members returning ballots. | No objection. |
| 32. ASTM has developed over 12,000 standards. | No objection. |
| 33. All ASTM standards are required to be reviewed on a 5 year schedule and each standard is either reapproved, revised or withdrawn. It takes approximately 8-12 months to complete a revision cycle. | No objection. |
| 34. ASTM incurs substantial costs for its standards development infrastructure and delivery platforms, including the resources it provides to encourage collaboration among members; expenses relating to technical committee meetings and balloting as the standards make their way through the | FRE 602 Lack of Personal Knowledge. The witness has not established any personal knowledge about this subject.<br><br>FRE 701 Unqualified Expert Opinion. The witness has not been qualified as an expert and therefore cannot testify as to facts beyond |

| | |
|---|---|
| development process; and editing, producing, distributing and promoting the completed standards. | the witness's personal knowledge. |
| 35.     In 2014, ASTM spent more than $9 million to cover the cost of technical committee operations and $19 million for publication of copyrighted materials. | No objection. |
| 36.     ASTM develops its standards with the understanding that the standards will be protected by copyright, which provides ASTM with the exclusive right to sell, reproduce, display and create derivative works based on the standards. | FRE 602 Lack of Personal Knowledge. The witness has not established any personal knowledge about this subject.  FRE 701 Unqualified Expert Opinion. The witness has not been qualified as an expert and therefore cannot testify as to facts beyond the witness's personal knowledge. |
| 37.     ASTM depends on the revenue it generates from sales of its copyrighted materials to conduct its operations and requires that revenue to be in a position to continue to develop its standards in the manner in which it currently operates. | FRE 602 Lack of Personal Knowledge. The witness has not established any personal knowledge about this subject.  FRE 701 Unqualified Expert Opinion. The witness has not been qualified as an expert and therefore cannot testify as to facts beyond the witness's personal knowledge. |
| 38.     ASTM generates over two-thirds of its revenue from the sale of copyrighted materials. | FRE 602 Lack of Personal Knowledge. The witness has not established any personal knowledge about this subject.  FRE 701 Unqualified Expert Opinion. The witness has not been qualified as an expert and therefore cannot testify as to facts beyond the witness's personal knowledge. |
| 39.     ASTM has devoted substantial efforts to develop and promote the sale of products and services that are related or complementary to ASTM's standards. ASTM does not generate substantial income from these goods and services. | FRE 602 Lack of Personal Knowledge. The witness has not established any personal knowledge about this subject.  FRE 701 Unqualified Expert Opinion. The witness has not been qualified as an expert and therefore cannot testify as to facts beyond the witness's personal knowledge. |
| 40.     ASTM generated a net loss of $3 million in 2014 for non-standards related products and services. | FRE 602 Lack of Personal Knowledge. The witness has not established any personal knowledge about this subject. |

| | |
|---|---|
| | FRE 701 Unqualified Expert Opinion. The witness has not been qualified as an expert and therefore cannot testify as to facts beyond the witness's personal knowledge. |
| 41.      ASTM's copyrighted materials give ASTM a competitive advantage in selling ancillary or complementary products and services. ASTM can include copies of its standards as part of a package it provides to customers in training or certification programs. | No objection. |
| 42.      ASTM does not consider the likelihood and extent to which a standard will generate revenues when deciding whether to develop or maintain a standard. | No objection. |
| 43.      Sales of a limited number of standards drive the bulk of ASTM's revenues. Because of their relevance to smaller market audiences, many ASTM standards generate very limited revenues, which do not cover the costs of the development process. The sales of the best-selling standards effectively subsidize the creation and maintenance of the remaining standards. | FRE 602 Lack of Personal Knowledge. The witness has not established any personal knowledge about this subject.<br><br>FRE 701 Unqualified Expert Opinion. The witness has not been qualified as an expert and therefore cannot testify as to facts beyond the witness's personal knowledge. |
| 44.      ASTM publishes its standards in hard copy and digital formats, including pdfs, html and xml formats, which can be purchased from ASTM or its authorized resellers. | No objection. |
| 45.      When purchased individually, the price per ASTM standard is $38-$89. | No objection. |
| 46.      The price of each ASTM new individual standard is calculated based on the number of pages in the standard. | No objection. |
| 47.      ASTM does not seek to obtain higher prices for standards that have been incorporated by reference. | No objection. |
| 48.      ASTM provides copies of its standards at a reduced cost or at no cost when it is informed that the regular cost is a burden to the requester. | FRE 602 Lack of Personal Knowledge. The witness has not established any personal knowledge about this subject. It appears to be a generalization based on the testimony that appears in ¶ 49.<br><br>FRE 701 Unqualified Expert Opinion. The witness has not been qualified as an expert and therefore cannot testify as to facts beyond the witness's personal knowledge. |

| | |
|---|---|
| 49.    For example, ASTM has a "10 Standards for Students" program through which professors can select any 10 ASTM standards and students can purchase a packet containing all 10 standards for just $10 per student. | No objection. |
| 50.    ASTM provides the public with free, read-only access to all ASTM standards that ASTM is aware have been incorporated by reference into federal regulations. | No objection. |
| 51.    ASTM identifies standards that have been incorporated by reference into federal regulations from the database created by the National Institute of Standards and Technology. | No objection. |
| 52.    ASTM publicizes the free read-only access provided on its website. | No objection. |
| 53.    During the notice and comment period regarding proposed federal regulations, upon request by the relevant federal agency, ASTM provides free, read-only access to standards that are incorporated by reference in proposed regulations. | No objection. |
| 54.    ASTM has not received any complaints about lack of accessibility of its standards other than from Defendant. | 403 Prejudice. The witness has not provided any foundation to believe that ASTM would be expected to receive complaints about the lack of its standards if people were dissatisfied or that ASTM tracks complaints of that nature.<br><br>FRE 602 Lack of Personal Knowledge. The witness has not established any personal knowledge about this subject.<br><br>FRE 701 Unqualified Expert Opinion. The witness has not been qualified as an expert and therefore cannot testify as to facts beyond the witness's personal knowledge. |

Defendant Public Resource respectfully requests that the Court sustain these evidentiary

objections at the hearing on Plaintiffs' Motion for Summary Judgmant and for a Permanent

Injunction.

Dated:  December 21, 2015

Respectfully submitted,

*/s/ Andrew P. Bridges*
Andrew P. Bridges (admitted)
abridges@fenwick.com
Kathleen Lu (pro hac vice)
klu@fenwick.com
Matthew B. Becker (pro hac vice)
mbecker@fenwick.com
FENWICK & WEST LLP
555 California Street, 12th Floor
San Francisco, CA 94104
Telephone:  (415) 875-2300
Facsimile:   (415) 281-1350

David Halperin (D.C. Bar No. 426078)
davidhalperindc@gmail.com
1530 P Street NW
Washington, DC 20005
Telephone: (202) 905-3434

Mitchell L. Stoltz (D.C. Bar No. 978149)
mitch@eff.org
Corynne McSherry (pro hac vice)
corynne@eff.org
ELECTRONIC FRONTIER FOUNDATION
815 Eddy Street
San Francisco, CA 94109
Telephone: (415) 436-9333
Facsimile:  (415) 436-9993

*Attorneys for Defendant-Counterclaimant*
*Public.Resource.Org, Inc.*