# EXHIBIT 7

1

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

AMERICAN SOCIETY FOR TESTING AND
MATERIALS D/B/A ASTM INTERNATIONAL;
NATIONAL FIRE PROTECTION, INC.;
AND AMERICAN SOCIETY OF HEATING,
REFRIGERATING, AND AIR-CONDITIONING
ENGINEERS, INC.

      Plaintiffs,/
      Counter-Defendants,     Case No.:

   vs.                            1:13-cv-01215-EGS

PUBLIC.RESOURCE.ORG, INC.

      Defendant/
      Counter-Plaintiff
_____/

VIDEOTAPED DEPOSITION OF THE 30 b) 6) OF
PUBLIC.RESOURCE.ORG


DATE:         Thursday, February 26, 2015

TIME:        10:07

LOCATION:     1 Market Street, Spear Tower, Suite
                2000, San Francisco, California

Reported by:  Ashley Soevyn
               Certified Shorthand Reporter
               License Number 12019

126

1  law has no copyright in the United States, and if a
2  standard is incorporated by reference into law, it
3  is the law.
4       THE REPORTER:  Next one is 35.
5       (Exhibit 35 marked for identification.)
6  BY MR. FEE:
7    Q   I'm going to hand you what has been marked
8  as Exhibit 35.  Appears to be a chain of e-mails
9  between you and Joseph Mornin; Bates-labeled
10  PRO_167245 through -47.
11   A   I recall this exchange.
12   Q   So Exhibit 35 is an e-mail between -- or a
13  series of e-mails between and Mr. Mornin; is that
14  right?
15   A   That's correct.
16   Q   I want to turn your attention to the
17  second page of Exhibit 35.  Towards the bottom you
18  see it says, "on 5/1/12 at 11:06 a.m. Carl Malamud
19  wrote."  Do you see that?
20   A   Yes, I do.
21   Q   Okay.  Second paragraph in -- in that
22  e-mail starts with the open task, we have -- are to
23  pick an appropriate state.  Do you see that part?
24   A   Yes, I do.
25   Q   Okay.  The second sentence in that

127

1  paragraph says, "It has to be an explicit
2  incorporation of a specific standard.  Then it
3  falls, under the Veeck decision, e.g., it can't be,
4  quote, you can meet this legal requirement by, for
5  example, using one of these five listed standards.
6  Any version will do.  It has to be, quote, the
7  Secretary of State here -- does hereby incorporate
8  the 1962 version of this standard and it is required
9  by law."
10      Do you see that?
11   A   Yes, I do.
12   Q   Can you explain what you meant there?
13      MR. BRIDGES:  Objection to the extent it
14  calls for a legal conclusion.
15      THE WITNESS:  I meant exactly what I -- I
16  have been -- been telling you, that in order for us
17  to post a standard, it must be explicitly
18  incorporated by law and must be a specific version
19  of that standard.
20  BY MR. FEE:
21   Q   And I want to get a -- your explanation
22  for the part of that quote that we just read where
23  it says, "using one of these five listed standards."
24  Any -- what are you referring to there?
25      MR. BRIDGES:  Objection, calls for a

128

1  hypothetical and implicitly calls for a legal
2  opinion, vague and ambiguous.
3      You can answer.
4      THE WITNESS:  Some states are -- are
5  sloppy and nonspecific, and again, we look for a
6  very specific and deliberate incorporation by
7  reference of a specific standard into the law.
8  BY MR. FEE:
9    Q   So when you're talking about five listed
10  standards there, are you referring to five versions
11  of one standard?  Is that what you're saying?
12      MR. BRIDGES:  Objection, misstates the
13  document, lacks foundation, vague and ambiguous.
14      THE WITNESS:  I was giving Mr. Mornin an
15  example of something that was not a specific
16  reference, a -- a specific incorporation of a
17  specific year of a standard into law, and it was a
18  hypothetical example.
19  BY MR. FEE:
20   Q   Who is Joseph Mornin?
21   A   Mr. Mornin was a Harvard undergrad that
22  was then going to go to Berkeley law school and
23  wanted a job for the summer, and so we gave him a
24  little bit of money -- it was like $1,500 -- and he
25  became a fellow.

129

1      MR. BRIDGES:  I'll ask you to answer the
2  question.
3      THE WITNESS:  Okay.
4  BY MR. FEE:
5    Q   Besides Mr. Mornin, have there been any
6  other fellows of Public Resource since 2007?
7    A   No.
8    Q   Can you describe how Public Resource
9  decided which standards that were incorporated by
10  reference that it would post on its website?
11   A   Looked for these specific incorporation of
12  a specific standard, the deliberate and -- and
13  explicit incorporation of a specific year of a
14  specific standard by a governmental authority into
15  law.
16   Q   How did you decide which of those
17  standards that were specifically incorporated would
18  be first put on the Public Resource website?
19   A   I looked for compelling examples.
20   Q   How did you go about doing that?
21   A   I read through the law and looked at what
22  was incorporated by reference.
23   Q   Did you start with the CFR or some other
24  source of law?
25   A   Well, we began in 2008 with -- with Title

130

1    24 of the California Code of Regulations.
2        Q    What made a particular standard a
3    compelling standard for purposes of posting it on
4    your website?
5        A    I looked for standards that I thought were
6    compelling and were critical to the public safety.
7        Q    How did you make an assessment as to
8    whether or not a standard was critical for public
9    safety?
10       A    Well, that was simply my opinion.  I read
11   the standard.
12       Q    After you dealt with Title 24 of the
13   California Code, how did you next go about
14   identifying standards that were incorporated by
15   reference that you would post on the Public Resource
16   website?
17           MR. BRIDGES:  Objection, vague and
18   ambiguous.
19           THE WITNESS:  I did a survey of state
20   regulations looking for similar public safety
21   codes.
22
23   BY MR. FEE:
24       Q    Did you do all that work yourself?
25       A    I did.

131

1        Q    When you're identifying standards to post
2    on Public Resource's website, do you search for a
3    particular standard development organization's
4    standards?
5           MR. BRIDGES:  Objection, vague and
6    ambiguous.
7           THE WITNESS:  I -- I look for particular
8    areas of public safety, like building codes.
9    BY MR. FEE:
10       Q    Any other particular areas that you were
11   looking for?
12       A    I -- I think there are a number of
13   critical areas of public safety in -- in U.S. law,
14   occupational safety, for example.
15       Q    How did you go about reviewing various
16   states' statutes and regulations to identify
17   standards that have been incorporated by reference
18   by those states?
19       A    I read the regulations.
20       Q    While you were reading the regulations of
21   the various states, did you encounter any types of
22   works other than standards that were incorporated by
23   reference by any of the state statutes or
24   regulations that you were reviewing?
25           MR. BRIDGES:  Objection, vague and

132

1    ambiguous, lacks foundation.
2           THE WITNESS:  And I'm sorry.  Could you
3    repeat the question?
4    BY MR. FEE:
5        Q    When you were doing your review of the
6    state regulatory materials and statutes, did you
7    encounter any state statutes or regulatory -- or
8    regulations that incorporated by reference anything
9    other than a standard?
10           MR. BRIDGES:  Objection, vague and
11   ambiguous.
12           THE WITNESS:  "Standard" is a very broad
13   term, sir.
14   BY MR. FEE:
15       Q    Okay.  Well, maybe we should start with
16   that, then.  The -- what is your understanding as to
17   what would be a standard that could be incorporated
18   by reference?
19           MR. BRIDGES:  Objection, may call for a
20   legal opinion, vague and ambiguous, competence.
21           THE WITNESS:  I -- I think it's up to the
22   government to decide what can be incorporated by
23   reference, not me.
24   BY MR. FEE:
25       Q    Okay.  What do you understand a standard

133

1    to be?
2           MR. BRIDGES:  Objection, vague and
3    ambiguous, competence, lacks foundation, calls for
4    speculation.
5           THE WITNESS:  A standard is a document
6    that establishes norms in a particular area of
7    application.
8    BY MR. FEE:
9        Q    Now, is it Public Resource's public
10   position that it can only publish standards
11   incorporated by reference when they are a specific
12   standard in a specific year?
13           MR. BRIDGES:  Objection, calls for a legal
14   opinion, assumes facts not in evidence, lacks
15   foundation.
16           MR. FEE:  I'll actually withdraw that
17   question.
18           MR. BRIDGES:  Okay.
19   BY MR. FEE:
20       Q    Is there -- is it Public Resource's public
21   position that it can only incorporate the precise
22   standard that has been incorporated by reference --
23   strike that.
24           Is it Public Resource's public opinion
25   that it can only copy the precise standards that are

Capital Reporting Company
30(b)(6) Public.Resource.Org  02-26-2015



318

1  deposition of Carl Malamud --
2      MR. BRIDGES:  I'm sorry, Carl.  Is there
3  anything we should designate as confidential?
4      THE WITNESS:  No.
5      MR. BRIDGES:  Okay.  Sorry.  You may
6  proceed.
7      MR. BRIDGES:  We reserve the right -- I
8  believe we have 30 days -- well, if you can --
9  let's go off the record for a second to determine
10  whether we'll go back on the record to make a
11  confidentiality request.
12      THE VIDEOGRAPHER:  Going off the record,
13  the time is 6:37 p.m.
14          (Recess taken.)
15      THE VIDEOGRAPHER:  We're back on the
16  record.  The time is 6:38 p.m.
17      MR. BRIDGES:  Okay.  We can now determine
18  that the deposition is concluded.  We're not making
19  any confidentiality designations.
20      THE VIDEOGRAPHER:  All right.  This
21  concludes today's deposition of Carl Malamud.
22  Master discs of today's deposition will remain in
23  the custody of Capital Reporting.  The time is 6:38
24  p.m.
25      MR. BRIDGES:  I just want to say it's the

319

1  deposition of Public.Resource.Org, not of Carl
2  Malamud.  He was the designated witness of the
3  deponent and the deponent was Public.Resource.Org.
4      THE VIDEOGRAPHER:  The time is 6:38 p.m.
5  We are now off record.
6      (Whereupon, at 6:38 p.m., the deposition of THE
7  30(b)(6) OF PUBLIC.RESOURCE.ORG was concluded.)
8              * * * * *
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

320

1      CERTIFICATION OF DEPOSITION OFFICER
2      I, Ashley Soevyn, CSR, duly authorized to
3  administer oaths pursuant to Section 2093(b) of the
4  California Code of Civil Procedure, hereby certify
5  that the witness in the foregoing deposition was by
6  me sworn to testify to the truth, the whole truth
7  and nothing but the truth in the within-entitled
8  cause; that said deposition was taken at the time
9  and place therein stated; that the testimony of the
10  said witness was thereafter transcribed by means of
11  computer-aided transcription; that the foregoing is
12  a full complete and true record of said testimony;
13  and that the witness was given an opportunity to
14  read and correct said deposition and to subscribe
15  the same.
16      I further certify that I am not of counsel or
17  attorney for either or any of the parties in the
18  foregoing deposition and caption named or in any
19  way interested in the outcome of this cause named
20  in said caption.
21
22
23
24      _____
25      ASHLEY SOEVYN
    CSR No. 12019

321

1  FENWICK & WEST
   CARL MALAMUD
2  c/o ANDREW BRIDGES
   555 California Street
3  12th Floor, San Francisco, CA 94104
   IN RE:  ASTM V. PUBLIC.RESOURCE.ORG
4  Dear Mr. Malamud:
5      Please be advised that, pursuant to California
   Code of Civil Procedure Section 2025.520 or Federal
6  Rule of Civil Procedure 30, the original transcript
   of your deposition, taken Thursday, February 26,
7  2014, in the above-referenced matter, has been
   completed and is not ready for your reading,
8  correcting, and signing.
9      Pursuant to the applicable rles, the transcript
   will be available for 30 days.  Any errata changes
10  must be signed by the deponent within the 30-day
   time period.
11
       The official transcript for the noticing
12  counsel, with exhibits, will be mailed in
   accordance with said rules, depending on the action
13  of the deponent.
       Please do not hesitate to contact us if you
14  have any questions.
15
       Best Regards,
16
17
       Ashley Soevyn
18       CSR No. 12019
19
20  cc:  Original Transcript
        All Counsel
21
22
23
24
25

Capital Reporting Company
30(b)(6) Public.Resource.Org  02-26-2015

322

1   A C K N O W L E D G E M E N T   O F   D E P O N E N T
2
3
4   I, Carl Malamud, 30(b(6) witness, do hereby
5   acknowledge I have read and examined the foregoing
6   pages of testimony, and the same is a true, correct
7   and complete transcription of the testimony given
8   by me, and any changes or corrections, if any,
9   appear in the attached errata sheet signed by me.
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
    _____  _____
25  Date           Carl Malamud

323

1   Capital Reporting Company
    1821 Jefferson Place, NW
2   Third Floor
    Washington DC 20036
3   (415) 499-DEPO (3376)
4        E R R A T A   S H E E T
5   Case Name: ASTM V. PUBLIC.RESOURCE.ORG
6   Witness Name:  THE 30(B)(6) OF PUBLIC.RESOURCE.ORG
7   Deposition Date:  THURSDAY, FEBRUARY 26
8   Page No. Line No.  Change/Reason for Change
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
    _____  _____
25  Signature          Date