UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICAN SOCIETY FOR TESTING AND MATERIALS D/B/A ASTM INTERNATIONAL, NATIONAL, FIRE PROTECTION ASSOCIATION, INC., and AMERICAN SOCIETY OF HEATING REFRIGERATING, AND AIR CONDITIONING ENGINEERS,<br><br>                    Plaintiff(s),<br><br>        v.<br><br>PUBLIC.RESOURCE.ORG, INC.<br><br>                    Defendant. | 1:13-CV-01215 (TSC) |

**ASSENTED-TO MOTION FOR LEAVE TO FILE *AMICUS CURIAE* BRIEF IN SUPPORT OF PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT AND CORPORATE DISCLOSURE STATEMENT**

The American Insurance Association ("AIA") respectfully moves for leave to file an *amicus curiae* brief in support of the Motion for Summary Judgment (Docket No. 118) filed by the Plaintiffs in this case.

1.      The AIA represents more than 325 property and casualty insurance companies in the United States.  Since its founding in 1866, the AIA has provided an insurance industry perspective on matters related to property and casualty insurance.  In this role, the AIA files occasional *amicus curiae* briefs on issues of importance to its property and casualty insurance company members.

2.      The AIA and its members are interested in this lawsuit because of the risks that Defendant's arguments present to the continuing availability of the research and guidance

provided through the standards promulgated by the NFPA, ASTM and ASHRAE.  The AIA is uniquely positioned to explain (as *amicus curiae*) the industry's use of NFPA and other safety standards and the importance of these standards to the affordability of insurance coverage for property risks and the protection of the public from fire and other safety hazards.

3.      The *amicus curiae* brief of the AIA is desirable and raises issues not already addressed by the parties because the party briefing will not focus on the connection between standards developing organizations and the property and casualty insurance industry and the role standards play in fire safety and fire protection.  If this motion is allowed the AIA will file its brief on or before the January 11, 2016 deadline for *amicus* briefs established by the Court.

4.      Local Civil Rule 7(o) allows the filing of an *amicus curiae* brief upon leave of the Court.  The *amicus curiae* brief of the AIA fully meets the criteria established by the Court in that Local Rule.  *See also Jin v. Ministry of State Security*, 557 F. Supp. 2d 131, 137 (D.D.C. 2008) (pre-rule decision noting that *amicus curiae* briefing may be accepted by the Court where the *amicus* can present "unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide") (quoting *Ryan v. Commodity Futures Trading Comm'n*, 125 F.3d 1062, 1064 (7th Cir. 1997).

5.      The Joint Report on Proposed Summary Judgment Briefing Schedule dated October 30, 2015 provides that the parties agree not to oppose *amicus curiae* briefing.

6.      Counsel for the AIA requested express assent to this Motion from counsel for the Defendant on December 23, 2015.  Defense counsel provided express assent on December 30, 2015.

Dated: December 31, 2015

ROBINS KAPLAN LLP

By:  /s/ Meegan F. Hollywood

Meegan F. Hollywood
601 Lexington Avenue
Suite 3400
New York, NY 10022
(212) 980-7400
MHollywood@RobinsKaplan.com
Bar No. NY0206

Of Counsel:

Jonathan D. Mutch
James S. Harrington
800 Boylston Street, Suite 2500
Boston, MA 02199
(617) 267-2300
JMutch@RobinsKaplan.com
JHarrington@RobinsKaplan.com

*Attorneys for*
*American Insurance Association*

## CORPORATE DISCLOSURE CERTIFICATION

Pursuant to Local Civil Rule 7.1 of the United States District Court for the District of Columbia, the undersigned, counsel for the American Insurance Association as proposed *amicus curiae* certify that to the best of their knowledge and belief, the American Insurance Association does not have parent companies, subsidiaries, or affiliates with any outstanding securities in the hands of the public.  This Certification is not intended to address the more than 325 property and casualty companies that are members of the AIA.  These representations are made in order that judges of this Court may determine the need for recusal.

Dated: December 31, 2015

ROBINS KAPLAN LLP


By:  /s/ Meegan F. Hollywood

Meegan F. Hollywood
601 Lexington Avenue
Suite 3400
New York, NY 10022
(212) 980-7400
MHollywood@RobinsKaplan.com
Bar No. NY0206


Of Counsel:

Jonathan D. Mutch
James S. Harrington
800 Boylston Street, Suite 2500
Boston, MA 02199
(617) 267-2300
JMutch@RobinsKaplan.com
JHarrington@RobinsKaplan.com

*Attorneys for*
*American Insurance Association*

35597761.1