IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

AMERICAN SOCIETY FOR TESTING
AND MATERIALS d/b/a ASTM
INTERNATIONAL,

NATIONAL FIRE PROTECTION
ASSOCIATION, Inc.,

AMERICAN SOCIETY OF HEATING,
REFRIGERATING, AND
AIRCONDITIONING ENGINEERS, INC,,

       Plaintiffs,
  v.

PUBLIC.RESOURCE.ORG, INC.,

       Defendant.

Civil Action No.  1:13-cv-01215-TSC

**Brief of *Amicus Curiae* International Code Council, Inc.,
In Support of Plaintiffs' Motion For Summary Judgment**

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ............................................................................................................ 2

I.   STATEMENT PURSUANT TO LCvR 7(o) ...................................................................... 3

   A.   Corporate Disclosure Statement. ............................................................................. 3

   B.   Statement of Amicus Curiae. ................................................................................... 3

      1.   Identity of *amicus curiae*: ........................................................................... 3

      2.   Interest of *amicus curiae*: .......................................................................... 3

      3.   Source of authority to file and authorship. ................................................. 4

II.  ARGUMENT ....................................................................................................................... 5

   A.   ICC Performs A Valuable Public Service By Developing and Publishing The I-Codes Through A Public-Private Partnership ......................................................... 5

   B.   Without Copyright Protection, ICC Would Be Denied The Revenue That Permits It To Operate In The Public Interest ........................................................................ 6

   C.   Works Do Not Lose Copyright Protection When Merely Incorporated By Reference Into Law ................................................................................................. 8

## TABLE OF AUTHORITIES

**Cases**

*Building Officials & Code Adm. v. Code Technology, Inc.*, 628 F.2d 730 (1st Cir. 1980) ............ 9

*CCC Info. Servs., Inc. v. Maclean Hunter Mkt. Reports, Inc.*, 44 F.3d 61 (2d Cir. 1994), *cert. denied* 516 U.S. 817, 116 S. Ct. 72, 133 L. Ed. 2d 32, 64 U.S.L.W. 3240 (1995) ..................... 9

*Nielsen Co. (US), LLC v. Truck Ads, LLC,* No. 08 C 6446, 2011 U.S. Dist. LEXIS 96412 (N.D. Ill. Aug. 29, 2011) ............................................................................................................ 10

*Practice Mgmt. Info. Corp. v. Am. Med. Ass'n,* 121 F.3d 516 (9th Cir. 1997), *cert. denied* 522 U.S. 933, 118 S. Ct. 339, 139 L. Ed. 2d 263, 66 U.S.L.W. 3296 (1997) ............................. 9

**Statutes**

*Ohio Building Code & Amendments* in the *Ohio Administrative Code* (§4101:1-1-01 Administration, §101.1 "Title") ................................................................................................ 8

**Other Authorities**

Exec. Office of the President, OMB Circular No. A-119, Federal Participation in the Development and Use of Voluntary Consensus Standards and in Conformity Assessment Activities, 63 Fed. Reg. 8546, 8549 (Feb. 19, 1998) ............................................................... 7

I. <u>**STATEMENT PURSUANT TO LCvR 7(o)**</u>

    A. **Corporate Disclosure Statement.**

*Amicus* International Code Council, Inc.'s Corporate Disclosure Statements is included with its Unopposed Motion For Leave To File *Amicus Curiae* Brief In Support Of Plaintiffs' Motion For Summary Judgment (DE 136).

    B. **Statement of Amicus Curiae.**

        1. Identity of *amicus curiae*:

*Amicus* is the International Code Council, Inc.

        2. Interest of *amicus curiae*:

The International Code Council, Inc. ("ICC") is dedicated to developing model codes and standards used in the design, build, and compliance process to construct safe, sustainable, affordable, and resilient structures. ICC seeks to protect health, safety and welfare by creating safe buildings and communities. ICC's mission is to provide the highest quality codes, standards, products, and services for all concerned with the safety and performance of the built environment.

ICC develops and publishes the International Codes®, which are also known as the I-Codes® (the "I-Codes"). The I-Codes provide minimum safeguards for people at home, at school, and in the workplace. The I-Codes are a complete set of comprehensive, coordinated building safety and fire prevention codes. The I-Codes include the following publications: the International Building Code, the International Energy Conservation Code, the International Existing Building Code, the International Fire Code, the International Fuel Gas Code, the International Green Construction Code, the International Mechanical Code, the ICC Performance Code, the International Plumbing Code, the International Private Sewage Disposal Code, the International Property Maintenance Code, the International Residential Code, the International

Swimming Pool and Spa Code, the International Wildland-Urban Interface Code, and the International Zoning Code.

By developing and publishing I-Codes, ICC benefits public safety and supports the building industry's need for one set of codes without regional limitations. All fifty states and the District of Columbia have adopted I-Codes at the state or local level. Puerto Rico and the U.S. Virgin Islands also enforce one or more of the I-Codes. Additionally, federal agencies, including the Architect of the Capitol, General Services Administration, National Park Service, Department of State, U.S. Forest Service, and the Veterans Administration enforce the I-Codes. The Department of Defense references the International Building Code® for constructing military facilities, including those that house U.S. troops around the world and at home. Amtrak uses the International Green Construction Code® for new and extensively renovated sites and structures.

ICC has a strong interest in ensuring that it retains the copyrights to the codes that it develops and publishes. Like any copyright owner who earns their living by creating copyrighted works, ICC must be able to receive revenue from the I-Codes in order to sustain its operations.

3. Source of authority to file and authorship.

ICC files this brief pursuant to leave granted by this Court. *See*, Minute Order dated January 10, 2016. This brief was authored by counsel for ICC.

## II.     ARGUMENT

The careful development of codes and standards for the built environment is exceptionally important to public health and safety.  Because ICC recognizes the need for access to its codes, and for laws to be available to the public, all ICC codes and ICC standards, along with the laws of many jurisdictions, are made available on ICC's website for free in a non-downloadable form:  *ICC public Access*, available at http://codes.iccsafe.org/.

ICC relies on sales of print and electronic copies of its copyrighted codes and standards to finance code updates and the development of future codes and standards.  Without regard for the serious public health and safety consequences that would ensue, Public.Resource.Org requests that this Court strip referenced codes and standards of their copyright protection.  This Court should deny that request.

### A.     ICC Performs A Valuable Public Service By Developing and Publishing The I-Codes Through A Public-Private Partnership

ICC is a standards development organization ("SDO") that works through a public-private partnership to develop cutting edge, comprehensive codes and standards.  This is a massive and ongoing undertaking.

ICC uses a process for code development that emphasizes openness and inclusivity.  ICC works through open public hearings and committee meetings to develop its codes.  In order to benefit from the widest range of public views and informed opinion, ICC's code development process is open to the public.  Anyone may comment on ICC's proposed codes, and anyone may submit a proposed code change.

ICC developed its cdpACCESS online code development portal to increase participation in code development by an even broader community.  This cloud-based system allows participants to create and store code change proposals and public comments online.  The system

also facilitates online voting by eligible individuals.  Both in-person and online public participation are key to ICC's mission.

All members of the public may participate in ICC's code development process at no cost.  In ICC's view, no one should be precluded by prohibitive fees or costs from sharing their concerns or presenting new ideas in the code development process.  Code development is for the good of all members of our communities, and each community member is entitled to benefit from their neighbors' insights.  By permitting the public to participate at no cost, ICC furthers public safety.

ICC also values transparency and balanced interests.  Because each code addresses technical and complex issues, ICC relies on focused, skilled committees to consider the testimony presented at the hearing and act on code change proposals.  Public safety officials comprise at least one-third of each committee.  Other committee members may represent general interests, user interests, producer interests, or multiple interests.  No committee member may vote on an issue as to which he or she has a conflict of interest.  ICC's committee members consider each proposal carefully.  All final decisions are made in open hearings by public safety officials only.

In addition, ICC values due process.  Individuals may advocate or oppose code change proposals.  Individuals advocating for or against a change have an opportunity to rebut opposing views.  Anyone in attendance may testify during ICC's open hearings.  ICC holds assemblies where anyone may challenge or support committee action.  Further, anyone may appeal an action or inaction of a code committee, and ICC renders its decision on appeal based on whether due process was served.

## B. Without Copyright Protection, ICC Would Be Denied The Revenue That Permits It To Operate In The Public Interest

Although the public is encouraged to participate in the code development process, and permitted to do so at no cost to participants, the code development process is far from free. This openness adds to ICC's costs of producing its codes.

In addition to customary expenses for employee salaries and benefits, overhead expenses for office space and technology, and legal expenses, ICC faces unique expenses as it works in the public interest. For example, ICC's next annual conference will run from October 16–18, 2016, and will be followed by public comment hearings from October 19-25, 2016. Thus, in October 2016, ICC will conduct public meetings for ten days. ICC must lease space and incur significant administrative costs in order to provide such forums for code development. Similarly, ICC incurs significant administrative and personnel costs hosting committee meetings and hearings, and in compiling the codes that it develops.

ICC finances its operation by selling its copyrighted[1] codes and standards. Were ICC's codes to be stripped of their copyrights by mere reference in an enactment of a state or municipality, ICC's economic viability would be placed at serious risk. Without ICC and other standards development organizations, governments would be forced to shoulder the expensive and resource intensive burden of code development. *See*, Exec. Office of the President, OMB Circular No. A-119, *Federal Participation in the Development and Use of Voluntary Consensus Standards and in Conformity Assessment Activities*, 63 Fed. Reg. 8546, 8549 (Feb. 19, 1998). Furthermore, without standards development organizations, building codes likely would lack uniformity, to the detriment of public health and safety.[2]

Public.Resource.Org implores this Court to elevate unfettered copying of merely

---

[1] ICC registers its copyrights with the U.S. Copyright Office and has received Certificates of Registration from the U.S. Copyright Office for the I-Codes.

[2] Some examples are mentioned in the Complaint in paragraphs 16 – 19. *See*, *also*, "The 1904 Fire and the Baltimore Standard" at http://tinyurl.com/1904BaltimoreFire.

referenced code language above all other interests, but this Court should decline that invitation. As abovementioned, ICC's codes already are publicly available for viewing through ICC's online library in non-downloadable form.  Furthermore, although Public.Resource.Org asserts that it is providing free access to the law, in many states, the law constitutes an adopted model code, along with state amendments to that code.  Generally, Public.Resource.Org has posted the model code language adopted by the state, *absent* the state amendments.  For example, the State of Ohio has adopted[3] the *International Building Code®* as its base model code, and then amended that language.  Public.Resource.Org has posted only the copyrighted model code on its website.[4]  Thus, Public.Resource.Org is misappropriating ICC's copyrighted material and is not providing an accurate representation of state law. [5]

As said, ICC's codes have been adopted in all fifty states and the District of Columbia and are relied upon by federal agencies.  Because ICC's codes provide standards for the built environment, ICC's codes protect Americans around the country every day.  The revenue ICC receives from selling the copyrighted material it develops permits ICC to work in the public interest.  Respectfully, it is vitally important to public health and safety that this Court deny Public.Resource.Org's request.

      **C.**      **Works Do Not Lose Copyright Protection When Merely Incorporated By Reference Into Law**

---

[3] *See*, *Ohio Building Code & Amendments* in the *Ohio Administrative Code* (§4101:1-1-01 Administration, §101.1 "Title") at http://www.com.ohio.gov/documents/dic_bbst_entireOBCJuly2011.pdf at page 1, paragraph 1.
[4] *See*, Defendant's postings of the ICC's *IBC* in Ohio at:  https://law.resource.org/pub/us/code/ibr/icc.ibc.2009.pdf and https://law.resource.org/pub/us/code/ibr/icc.ibc.2009.html.
[5] *See*, https://law.resource.org/pub/us/code/safety.html.  The "disclaimer" in large font at the top of defendant's page states "ATTENTION! Always Check With Your Authority For Additions, Deletions, and Errata!"  And, at the bottom of that page, it states "Last Updated: March 12, 2014" (last checked on January 10, 2016).  Thus, Defendant acknowledges that what it is copying and distributing as "the law" may not in fact be the current law as represented by Defendant.

In asking this Court to uphold the copyright protection afforded to codes incorporated by reference into the law, the Plaintiffs in this action are asking this Court to follow well-established law.[6] The Second and Ninth Circuits, as well as the Northern District of Illinois, uniformly have concluded that that incorporation by reference in state or local laws or regulations does not strip a work of its copyright protection. *See*, *CCC Info. Servs., Inc. v. Maclean Hunter Mkt. Reports, Inc.*, 44 F.3d 61 (2d Cir. 1994), *cert. denied* 516 U.S. 817 (1995) ("We are not prepared to hold that a state's reference to a copyrighted work as a legal standard for valuation results in loss of the copyright.") (upholding copyright protection for works incorporated by reference); *Practice Mgmt. Info. Corp. v. Am. Med. Ass'n,* 121 F.3d 516 (9th Cir. 1997), *cert. denied* 522 U.S. 933 (1997) (affirming enforcement of copyright in work referenced in regulation).[7]

As the Ninth Circuit recognized, independent code writers depend on copyright protection to incentivize − indeed, to make feasible − the creation and maintenance of codes. *See, Practice Mgmt. Info. Corp.*, 121 F.3d at 518-20 ("Nonprofit organizations that develop these model codes and standards warn they will be unable to continue to do so if the codes and standards enter the public domain when adopted by a public agency."). Additionally, as the Second Circuit has recognized, to hold that "a state's reference to a copyrighted work… results

---

[6] Even the Fifth Circuit in *Veeck v. S. Bldg. Code Congress International*, 293 F.3d 791, 805 (5th Cir. 2002) − an opinion which ICC considers otherwise wrongly decided − concluded that "copyrighted works do not 'become law' *merely* because a statute refers to them."  (Emphasis added.)

[7] Indeed, *Building Officials and Code Adm. v. Code Technology, Inc.*, 628 F.2d 730 (1st Cir. 1980) (which *Veeck* and others in fact rely heavily on) merely vacated a preliminary injunction granted by the district court based on the lower court's assumption that the state's adoption of the model code did not place the code into the public domain. Importantly, the First Circuit did not invalidate BOCA's copyright rights.  Rather, the First Circuit remanded the case for further development of the competing policy considerations at stake. *Building Officials*, 628 F.2d at 736.  On remand the Order of Dismissal by the U.S. District Court in *Building Officials and Code Adm. v. Code Technology, Inc.*, recognized the copyright rights of plaintiff, Building Officials and Code Adm. ("BOCA") where the Order of Dismissal states "The Defendant [Code Technology, Inc.] acknowledges the validity of Plaintiff's copyright in suit and infringement thereof by the publishing, printing, vending, distributing and copying heretofore of Defendant's <u>Massachusetts State Building Code</u> based on Plaintiff's <u>Basic Building Code/1978</u>."

in loss of copyright" "would raise very substantial problems under the Takings Clause of the Constitution." *CCC Info. Servs., Inc.*, 44 F.3d at 74.

More recently, the Northern District of Illinois has upheld copyright protection for maps referenced by the Federal Communication Commission. *Nielsen Co. (US), LLC v. Truck Ads, LLC,* No. 08 C 6446, 2011 U.S. Dist. LEXIS 96412, at *42 (N.D. Ill. Aug. 29, 2011). The court concluded the FCC's reference to the maps "suggest[s] that the maps have value and apparently cannot be replicated without effort or cost by that agency." *Id*. Further, the court concluded that "[t]he FCC would presumably not welcome the conclusion that its use of the maps destroys [the] incentive to produce them." *Id*.

Likewise, jurisdictions and federal agencies that reference the I-Codes could not replicate the codes − let alone develop substantially identical codes across jurisdictions − without significant "effort or cost," if at all. They "would presumably not welcome the conclusion" that their references to the I-Codes destroy the very copyright that incentivizes and permits their development and publication. *Id*. This Court should deny Public.Resource.Org's cross-motion for summary judgment and enter judgment for the Plaintiffs.

DATED:  January 11, 2016                             Respectfully submitted,

/s/ Alan S. Wernick
Alan S. Wernick (D.C. Bar: 410058)
(Admitted *Pro Hac Vice*)
FISHERBROYLES LLP
203 North LaSalle Street, Suite 2100
Chicago, IL 60601
Alan.Wernick@fisherbroyles.com
Telephone:  (847) 786-1005
Facsimile:  (847) 412-9965

Anthony A. Onorato (D.D.C. Bar #482074)
FISHERBROYLES LLP
445 Park Avenue, Ninth Floor
New York, NY 10022
tony.onorato@fisherbroyles.com
Telephone:  (202) 459-3599
Facsimile:  (516) 706-9809

Attorneys of Record for
International Code Council, Inc.

## **CERTIFICATE OF SERVICE**

I certify that on January 11, 2016, I caused a true and correct copy of the foregoing Brief of *Amicus Curiae* International Code Council, Inc., In Support of Plaintiffs' Motion For Summary Judgment to be served on all parties of record via the Court's CM/ECF system.


/s/ Anthony Onorato_____
Anthony A. Onorato