UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **AMERICAN SOCIETY FOR TESTING AND MATERIALS** *et al.*, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) ) | Civil Action No. 13-cv-1215 (TSC) (DAR) |
| **PUBLIC.RESOURCE.ORG, INC.**, | ) ) ) | |
| Defendant. | ) ) ) | |

## ORDER

In a February 2, 2015 Memorandum Opinion, this court described the parties involved in this lawsuit and explained the basis of the present action:

> Plaintiffs American Society for Testing and Materials, National Fire Protection Association, Inc., and American Society Of Heating, Refrigerating, And Air-Conditioning Engineers, Inc., brought this action for copyright infringement and trademark infringement against Public.Resource.org, Inc. ("Public Resource"). Plaintiffs are not-for-profit organizations that develop private-sector codes and standards. Plaintiffs sell or license these codes to generate revenue. State and local government entities frequently incorporate Plaintiffs' codes into statutes, regulations, and ordinances. For example, Plaintiff National Fire Protection Association develops the National Electrical Code, which provides a standardized code for installation of electrical systems. Plaintiffs allege that the codes are original works protected from copyright infringement, and brought suit because Public Resource has posted a number of Plaintiffs' codes on its website. Plaintiffs seek a permanent injunction enjoining Public Resource from posting Plaintiffs' codes and trademarks.…
>
> Defendant Public Resource is a non-profit entity devoted to publicly disseminating legal information. According to Defendant, its "mission is to improve public access to government records and the law. . . . To accomplish this mission, Public Resource acquires copies of . . . records, including legal decisions, tax filings, statutes, and regulations, and publishes them online in easily accessible formats that make them more useful to readers, entirely free of charge." (Def. Answer ¶¶ 27-28). Public Resource argues that because the codes at issue have been incorporated by

reference into federal, state, and local laws, it is entitled to publish them as public materials. Public Resource filed a counterclaim seeking a declaratory judgment that posting the codes does not infringe Plaintiffs' copyrights or trademarks, and included a jury demand in its counterclaim.

(ECF No. 72.)

Defendant Public Resource has moved to file under seal: (1) Defendant's motion for summary judgment; (2) Defendants' Statement of Material Facts; and (3) certain declarations and exhibits proffered by Defendant. (ECF No. 120.) According to Defendant, these documents should be sealed because they are designated "Confidential," pursuant to a Protective Order entered by the court. (*See* ECF No. 44). Under the terms of that agreement, "Confidential" is defined as:

> [m]aterial which is not known or available to the public and which constitutes technical know-how; confidential research, development or commercial information; purchase and/or sales data; proprietary commercial, financial, technical, research, development, or business information; or any other confidential, private, or proprietary information that is used in the party's business.

(*Id.* ¶ 1(a).)

Additionally, the agreement provides that

> [a] party shall not routinely designate material as "CONFIDENTIAL." The parties must make a good-faith determination that any information designated as "CONFIDENTIAL" truly warrants protection under Rule 26(c) of the Federal Rules of Civil Procedure. Designation of material as "CONFIDENTIAL" must be narrowly tailored to include only material for which there is good cause.

(*Id.* ¶ 1(b).) The Federal Rules of Civil Procedure provide, in pertinent part, that the "court, may for good cause, issue an order . . . requiring that a trade secrete or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way." Fed. R. Civ. P. 26(c)(1)(G).

"[T]he starting point in considering a motion to seal court records is a 'strong presumption in favor of public access to judicial proceedings.'" *E.E.O.C. v. Nat'l Children's*

*Ctr., Inc.*, 98 F.3d 1406, 1409 (D.C. Cir. 1996) (citing *Johnson v. Greater Se. Cmty. Hosp. Corp.,* 951 F.2d 1268, 1277 (D.C. Cir. 1991)).  In *United States v. Hubbard,* 650 F.2d 316 (D.C. Cir. 1980),

> [t]he D.C. Circuit . . . laid out six factors for courts to consider when determining whether to seal court records: (1) the need for public access to the documents at issue; (2) the extent of previous public access to the documents; (3) the fact that someone has objected to disclosure, and the identity of that person; (4) the strength of any property or privacy interests asserted; (5) the possibility of prejudice to those opposing disclosure; and (6) the purposes for which the documents were introduced during the judicial proceeding.

*Guttenberg v. Emery*, 26 F. Supp. 3d 88, 92 (D.D.C. 2014) (citing *Hubbard,* 650 F.2d at 316-17).

While the court understands the need to seal portions of the identified documents, the court is not persuaded that sealing the documents in their entirety is necessary or justified under the standards found in Rule 26 and *Hubbard*.  For example, the first several pages of Defendant's brief and the first several pages of the Statement of Facts contain mostly <u>general</u> information about the mission of the Plaintiffs, how the Defendant entity operates, citations to the Code of Federal Regulations, and the intersection between Plaintiffs' published standards and federal law.  (*See* ECF No. 123, Ex. 2 at pp. 1-6; Ex. 3 ¶¶ 1-20.)  Yet, the Defendant has not indicated a willingness to file redacted copies – to the extent possible – of the documents proposed for sealing.  Perhaps Defendant contemplates doing so, because the documents do contain scattered sentences and paragraphs that are highlighted in grey.  However, Defendant has not indicated such a willingness in its motion.

Accordingly, the court will hold the motion in abeyance pending a supplemental filing by

the Defendant that fully sets forth and supports the nature of the relief requested.  Defendant's supplemental filing is due by February 5, 2016.

Date:  January 21, 2016

*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge