## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICAN SOCIETY FOR TESTING AND MATERIALS d/b/a/ ASTM INTERNATIONAL;<br><br>NATIONAL FIRE PROTECTION ASSOCIATION, INC.; and<br><br>AMERICAN SOCIETY OF HEATING, REFRIGERATING, AND AIR CONDITIONING ENGINEERS,<br><br>              Plaintiffs/<br>              Counter-Defendants,<br><br>v.<br><br>PUBLIC.RESOURCE.ORG, INC.,<br><br>              Defendant/<br>              Counter-Plaintiff. | Case No. 1:13-cv-01215-TSC |

**PLAINTIFFS' SUPPLEMENTAL STATEMENT OF MATERIAL FACTS IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT AND IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Pursuant to the Local Rule 7(h), Plaintiffs American Society for Testing and Materials ("ASTM"), National Fire Protection Association, Inc. ("NFPA") and American Society of Heating, Refrigerating, and Air Conditioning Engineers ("ASHRAE") (collectively, "Plaintiffs") hereby submit, in support of their Motion for Summary Judgment and Permanent Injunction and in opposition to Defendant Public.Resource.Org, Inc.'s Motion for Summary Judgment, a supplemental statement of material facts as to which there is no genuine issue to be tried:

### I.    ACCESS TO PLAINTIFFS' STANDARDS FOR VISUALLY IMPAIRED PEOPLE

1.      The Chafee Amendment to the Copyright Act provides an avenue for providing access to copyrighted materials to blind people if certain requirements are followed, including

only making the materials available to blind people.  Supplemental Declaration of Jordana Rubel ("Rubel Suppl. Decl.") ¶ 4, Ex. 1 (Fruchterman Dep. 52:1-54:2).

2.      Defendant's expert, James Fruchterman, testified about programs entities that seek to provide access to the materials for the blind use to comply with the requirement of the Chafee Amendment that the materials be made available only to blind people, including collecting certifications of disability from users.  Rubel Suppl. Decl. ¶ 4, Ex. 1 (Fruchterman Dep. 80:9-81:25; 84:7-85:8; 86:7-89:12)

3.      Mr. Fruchterman explained that he runs an online library for the visually impaired called Bookshare, which already contains the 2014 edition of the NEC, and that nothing would prevent Carl Malamud or another volunteer from uploading the rest of Plaintiffs' standards to that library.  Rubel Suppl. Decl. ¶ 4, Ex. 1 (Fruchterman Dep. 209:18-213:23).

4.      Mr. Fruchterman admitted he could not opine that a visually disabled person would actually be able to use the HTML versions of Plaintiffs' standards posted on Defendant's website.  Rubel Suppl. Decl. ¶ 4, Ex. 1 (Fruchterman Dep. 175:5-176:9, 218:3-23).

5.      Mr. Fruchterman asked one visually disabled person to evaluate the PDF versions of Plaintiffs' standards that were posted on Defendant's website, and that person informed him that those documents could not be considered to be accessible.  Rubel Suppl. Decl. ¶¶ 4-5, Exs. 1 (Fruchterman Dep. 256:12-259:6), 2 (Exhibit 4006 to Fruchterman Dep.).

6.       Mr. Fruchterman did not ask any visually disabled persons to assess the accessibility of Defendant's HTML standards.  *See* Rubel Suppl. Decl. ¶ 4, Ex. 1 (Fruchterman Dep.  142:10-143:24).

7.      Fruchterman had not considered and did not know whether visually disabled persons would be able to use any of Plaintiffs' versions of Plaintiffs' standards aside from

Plaintiffs' online read-only versions, such as the e-book and PDF versions that Plaintiffs make available for sale.  Nor did he have any knowledge of whether Plaintiffs provide any other accommodations to such persons.  Rubel Suppl. Decl. ¶ 4, Ex. 1 (Fruchterman Dep. 205:20-208:25).

8.      ASTM is not aware of any visually impaired person who has informed ASTM that he/she was having difficulty accessing an ASTM standard due to a print disability.  If a visually-impaired person requested access to an ASTM standard due to a print disability, ASTM would provide a copy of the relevant standard in a format that accommodated the person's disability at no additional cost to the requester.  Supplemental Declaration of Thomas O'Brien ("O'Brien Suppl. Decl.") ¶ 17.

9.      NFPA has a commitment to make accommodations for persons with disabilities to access NFPA materials.  To date, there has been only one request by a visually impaired individual for access to an NFPA standard and NFPA responded by providing that individual with a PDF copy.  Declaration of Christian Dubay ("Dubay Decl.") ¶¶ 4-5.

10.      NFPA is not aware of any other individuals who have requested and not received an accommodation.  Dubay Decl. ¶ 4.

11.      ASHRAE is aware of only two instances in which individuals requested that ASHRAE make alternate forms of access to ASHRAE publications available due to a disability. In both instances, ASHRAE provided the requested accommodation.  In 2013, ASHRAE sent a digital copy of an ASHRAE published textbook on HVAC systems to a visually impaired student so the student could employ screen reader software to access the material audibly.  A hearing impaired individual also alerted ASHRAE he wished to attend a class related to HVAC design

and ASHRAE provided sign-language interpretation.  Declaration of Steven Comstock ("Comstock Decl.") ¶ 4.

12.     ASHRAE has undertaken efforts to ensure that disabilities do not unnecessarily limit access to ASHRAE's standards and services.  ASHRAR has provided accommodations to individuals with disabilities in the past and intends to continue to do so in the future.  Comstock Decl. ¶¶ 5-6.

## II.     PLAINTIFFS' COPYRIGHT REGISTRATIONS AND ASSIGNMENTS

13.     ASTM consulted with the Copyright Office about how to complete its copyright applications. The Copyright Office instructed ASTM to fill out its copyright applications noting itself as the sole author of the standards.  Rubel Supp. Decl. ¶ 6, Ex. 3 (Dep. of Daniel Smith 126:17-127:4).

14.     ASTM produced evidence that over 25,000 members completed membership renewal forms every year since 2007.  *See, e.g.,* O'Brien Suppl. Decl. ¶¶ 24-26, Exs. 9-10.

15.     The vast majority of these members completed their membership renewals using the online membership form.  *See, e.g.,* O'Brien Suppl. Decl. ¶¶ 24-26, Exs. 9-10.

16.     ASTM produced copies of tens of thousands of paper membership renewal forms to Defendant in this litigation.  Rubel Suppl. Decl. ¶ 7.

17.     Michael Collier was the technical contact for ASTM D86-07. Michael Collier renewed his ASTM membership in 2007 using ASTM's online membership renewal form. O'Brien Suppl. Decl. ¶¶ 20, 26, Exs. 5, 10.

18.     John Chandler was the technical contact for ASTM D975-07 and ASTM D396-98.  John Chandler renewed his ASTM membership in 2007 using ASTM's online membership renewal form. O'Brien Suppl. Decl. ¶¶ 21, 22, 25, Exs. 6, 7, 9.

4

19.     Jimmy King was the technical contact for ASTM D1217-98.  Jimmy King renewed his ASTM membership in 2007.  O'Brien Suppl. Decl. ¶¶ 23, 25, Exs. 8, 9.

20.     NFPA provided evidence of assignment forms signed by several contributors to the 2011 and 2014 editions of the NEC.  Pauley Decl. ¶ 31, Exs. A, B.

21.     NFPA's copyright assignment forms require the person signing to warrant that he/she has the authority to enter into the assignment.  Pauley Decl. ¶ 31, Ex. B.

22.     ASHRAE's copyright assignment forms require the person signing to warrant that he/she has the authority to enter into the assignment.  Reiniche Decl. ¶ 13, Exs. 1, 2.

## III.   **ADDITIONAL FACTS**

23.     ASTM started planning the launch of its Reading Room in 2011.  Rubel Suppl. Decl. ¶ 8, Ex. 4 (Grove Dep. 109:15-110:7).

24.     NFPA and ASHRAE have provided free read-only access to their standards for over a decade.  Pauley Decl. ¶ 45; Rubel Suppl. Decl. ¶ 11, Ex 7. (Comstock Dep. 10:23-11:8).

25.     Standard 90.1 is ASHRAE's most popular standard.  It accounts for a significant portion of ASHRAE's publications revenue.  Rubel Suppl. Decl. ¶ 11, Ex. 7 (Comstock Dep. 34:10-37:11).

26.     The National Electric Code is NFPA's flagship standard.  Pauley Decl. ¶ 7.

27.     Defendant promotes its own activities and solicits donations on its websites. Rubel Suppl. Decl. ¶ 9, Ex. 5 (C. Malamud Dep. 47:23-25).

Dated: January 21, 2016                Respectfully submitted,

                                       /s/ J. Kevin Fee

                                       Michael F. Clayton (D.C. Bar: 335307)
                                       J. Kevin Fee (D.C. Bar: 494016)
                                       Jordana S. Rubel (D.C. Bar: 988423)
                                       Morgan, Lewis & Bockius LLP
                                       1111 Pennsylvania Ave., N.W.
                                       Washington, D.C. 20004
                                       Telephone: 202.739.5215
                                       Email: mclayton@morganlewis.com
                                              jkfee@morganlewis.com
                                              jrubel@morganlewis.com

                                       *Counsel For American Society For Testing And Materials
                                       d/b/a/ ASTM International*

                                       /s/ Kelly Klaus

                                       Anjan Choudhury (D.C. Bar: 497271)
                                       Munger, Tolles & Olson LLP
                                       355 South Grand Avenue, 35th Floor
                                       Los Angeles, CA  90071
                                       Tel: 213.683.9100
                                       Email:  Anjan.Choudhury@mto.com

                                       Kelly M. Klaus
                                       Jonathan H. Blavin
                                       Nathan M. Rehn
                                       Munger, Tolles & Olson LLP
                                       560 Mission St., 27th Floor
                                       San Francisco, CA 94105
                                       Tel:  415.512.4000
                                       Email: Kelly.Klaus@mto.com
                                              Jonathan.Blavin@mto.com
                                              Thane.Rehn@mto.com

                                       *Counsel for National Fire Protection Association, Inc.*

                                       /s/ Joseph R. Wetzel

                                       Jeffrey S. Bucholtz (D.C. Bar: 452385)
                                       King & Spalding LLP
                                       1700 Pennsylvania Avenue, NW, Ste. 200
                                       Washington, DC 20006-4707

6

Tel: 202.737.0500
Email: jbucholtz@kslaw.com

Kenneth L. Steinthal
Joseph R. Wetzel
King & Spalding LLP
101 Second Street, Ste. 2300
San Francisco, CA 94105
Tel: 415.318.1211
Email: ksteinthal@kslaw.com
        jwetzel@kslaw.com

*Counsel for American Society of Heating, Refrigerating,
and Air Conditioning Engineers*