# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICAN SOCIETY FOR TESTING AND MATERIALS d/b/a ASTM INTERNATIONAL;<br><br>NATIONAL FIRE PROTECTION ASSOCIATION, INC.; and<br><br>AMERICAN SOCIETY OF HEATING, REFRIGERATING, AND AIR CONDITIONING ENGINEERS,<br><br>         Plaintiffs/Counter-defendants,<br><br>    v.<br><br>PUBLIC.RESOURCE.ORG, INC.,<br><br>         Defendant/Counterclaimant. | Case No. 1:13-cv-01215-TSC-DAR<br><br>**SUPPLEMENTAL STATEMENT OF UNDISPUTED MATERIAL FACTS IN SUPPORT OF DEFENDANT-COUNTERCLAIMANT PUBLIC. RESOURCE.ORG, INC.'S MOTION FOR SUMMARY JUDGMENT**<br><br>Action Filed:   August 6, 2013 |

**REDACTED VERSION SOUGHT TO BE FILED UNDER SEAL**

**GLOSSARY OF CITATIONS**

| Short Form Citation | Document Title |
|---|---|
| M. Becker Supp. Decl. | Supplemental Declaration of Matthew Becker in support of Defendant-Counterclaimant's Reply to Motion for Summary Judgment |
| Supp. Decl. of Carl Malamud | Supplemental Declaration of Carl Malamud in support of Defendant-Counterclaimant's Motion for Summary Judgment |
| Opp. | Plaintiffs Opposition to Defendant's Motion for Summary Judgment and Reply Memorandum of Law in support of Their Motion for Summary Judgment and for a Permanent Injunction, ECF No. 155 |
| SRJN | Supplemental Request for Judicial Notice in further support of Defendant-Counterclaimant Public.Resource.Org, Inc.'s Motion for Summary Judgment |
| Bliss Dep. | Videotaped 30(b)(6) deposition of National Fire Protection Association, Inc. through Donald P. Bliss, March 3, 2015 |
| Comstock Dep. | Videotaped 30(b)(6) deposition of American Society of Heating, Refrigerating, and Air Conditioning Engineers through Steven Comstock, March 5, 2015 |
| Smith Dep. | Videotaped 30(b)(6) deposition of American Society for Testing & Materials, through Daniel Smith, July 24, 2015 |

Pursuant to Local Rule 7(h), Defendant Public.Resource.Org ("Public Resource") contends that there are no genuine disputes as to the following facts. Each of the following facts supports Public Resource's Motion for Summary Judgment:

1. Eleven states and United States territories jointly filed an amicus brief in support of Peter Veeck in the case *Veeck v. S. Bldg. Code Cong. Int'l, Inc.*, 293 F.3d 791, 801 (5th Cir. 2002), in which they asserted that "[c]opyright, while permitted by the Constitution, is at base only a statutory right . . . . On the other hand, due process is a constitutional right of the first order." M. Becker Supp. Decl. ¶ 6, Ex. 5 at 4.

2. ASHRAE standards take the form of specific requirements that "provide methods of testing equipment so that equipment can be measured [and] compared with similar levels of performance." M. Becker Supp. Decl. ¶ 3, Ex. 2 (Comstock Dep. 96:01–22).

3. ASTM standards are "[s]pecifications, test methods, practices, guides, classifications and terminology." ECF No. 122-2 (Smith Dep. 14:22–15:18).

4. An NFPA standard provides a consistent process for fire investigation. M. Becker Supp. Decl. ¶ 4, Ex. 3 (Bliss Dep. 106:09–24).

5. After the *Veeck* decision, ASTM International and many other SDOs filed briefs seeking Supreme Court review. In those briefs, they insisted, at length, that if that decision stood it would destroy the standards development process. (M. Becker Supp. Decl. ¶¶ 7, 13, Exs. 6, 17).

6. The Internet is fast becoming the primary means of obtaining information about government operations and policies. *See* U.S. Department of Justice, Civil Rights Division, "Accessibility of State and Local Government Websites to People with Disabilities," http://www.ada.gov/websites2.htm. Accessibility best practices follow the principle of universal

design, which states that the best accommodations for people with disabilities are those that benefit everyone:

> When accessible features are built into web pages, websites are more convenient and more available to everyone—including users with disabilities. Web designers can follow techniques developed by private and government organizations to make even complex web pages usable by everyone including people with disabilities.

*Id.*

7.  A special commission of the Department of Education concluded in the field of accessibility for higher education that requiring people with disabilities to use special accommodations from the providers of instructional material is disfavored. "Rather, the ideal is for . . . instructional materials to be available in accessible forms in the same manner that and at the same time as traditional materials." Advisory Commission on Accessible Instructional Materials, Report of the Advisory Commission on Accessible Instructional Materials in Postsecondary Education for Students with Disabilities at 49 (December 6, 2011), http://www2.ed.gov/about/bdscomm/list/aim/meeting/aim-report.pdf. The Chafee Amendment, codified at 17 U.S.C. § 121, has never been the Copyright Act's sole means of promoting accessibility, and federal officials now consider it outdated and in need of reform. *See id.* at 43-44.

8.  Public Resource first posted the 2008 National Electric Code on its website in 2008. Supp. Decl. of Carl Malamud ¶¶ 5–7.

9.  Courts regularly purchase bound volumes and electronic access to statutes and case law. SRJN ¶ 5.

10.  ASTM now admits that it only started asking for copyright assignments in 2005, Opp. at 32, which is years after 226 of the 229 ASTM standards at issue had been developed. *See*

3

ECF No. 1-1 (Complaint Exhibit A, listing ASTM standards at issue and their date of publication).

11. ASTM's Rule 30(b)(6) representative on the subject of copyright ownership and assignment claimed that he was told that an unidentified ASTM employee consulted with an unnamed individual at the Copyright Office at some unknown date before 1980, and that unidentified ASTM employee was told by the individual at the Copyright Office to list ASTM as the sole author on its copyright registration applications. The Rule 30(b)(6) representative stated that there was no record of this alleged communication with an individual from the Copyright Office, nor does ASTM have any documentation memorializing or evidencing that this communication occurred. M. Becker Supp. Decl. ¶ 5, Ex. 4 (Smith Dep. 125:06–135:14).

12. A "reapproval" of an ASTM standard means that an older standard is re-evaluated and republished without any changes to its content. M. Becker Supp. Decl. ¶ 5, Ex. 4 (Smith Dep. 151:01–152:02).

13. Michael Collier was not an individual member of ASTM; he represented his employer Petroleum Analyzer Co. LP, which had an organizational membership. *See* M. Becker Supp. Decl. ¶ 8, Ex. 7 [REDACTED] Exhibit 5 to the O'Brien Supplemental Declaration (ECF No. 155-7) (listing a work email address for Michael Collier at Petroleum Analyzer Co. LP); Exhibit 10 to the O'Brien Supplemental Declaration, p. 4 (ECF No. 155-7) (listing Michael Collier as having registered with ASTM through an organizational membership, as opposed to an individual membership); *see also Membership Types and Benefits*, ASTM.org (accessed Feb. 4, 2016), http://www.astm.org/MEMBERSHIP/MemTypes.htm (describing that ASTM organizational memberships cost $400 and are intended for

organizations, allowing transferable membership between individuals within that organization, in contrast to individual membership which is intended for individuals, costs $75, and is not transferable) M. Becker Supp. Decl. ¶ 9, Ex. 8.

14. NFPA states that "[m]embership is issued to individuals on behalf of their company or organization." *FAQs*, NFPA.org (accessed Feb. 4, 2016), http://www.nfpa.org/about-nfpa/international/faqs. M. Becker Supp. Decl. ¶ 10, Ex. 9.

15. The annual revenue from all editions of ASHRAE 90.1 combined account for only a minority of ASHRAE's annual revenue from the sale of standards. M. Becker Supp. Decl. ¶ 11, Ex. 10.

16. ASHRAE's revenue from the combined sale of all ASHRAE standards accounts for only a minority of ASHRAE's annual revenue. This is evident because "ASHRAE's revenue stream is well diversified with standards accounting for about 8%." M. Becker Supp. Decl. ¶ 12, Ex. 11.

Dated: February 4, 2016						Respectfully submitted,

/s/  *Andrew P. Bridges*
Andrew P. Bridges (admitted)
abridges@fenwick.com
Sebastian E. Kaplan (*pro hac vice* pending)
skaplan@fenwick.com
Matthew Becker (admitted)
mbecker@fenwick.com
FENWICK & WEST LLP
555 California Street, 12th Floor
San Francisco, CA 94104
Telephone:   (415) 875-2300
Facsimile:     (415) 281-1350

Corynne McSherry (admitted *pro hac vice*)
corynne@eff.org
Mitchell L. Stoltz (D.C. Bar No. 978149)
mitch@eff.org
ELECTRONIC FRONTIER FOUNDATION
815 Eddy Street
San Francisco, CA 94109
Telephone:   (415) 436-9333
Facsimile:     (415) 436-9993

David Halperin (D.C. Bar No. 426078)
davidhalperindc@gmail.com
1530 P Street NW
Washington, DC 20005
Telephone: (202) 905-3434

*Attorneys for Defendant-Counterclaimant*
Public.Resource.Org, Inc.