## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICAN SOCIETY FOR TESTING AND MATERIALS d/b/a ASTM INTERNATIONAL; | Case No. 1:13-cv-01215-TSC-DAR |
| NATIONAL FIRE PROTECTION ASSOCIATION, INC.; and | **DEFENDANT-COUNTERCLAIMANT PUBLIC.RESOURCE.ORG, INC.'S OBJECTIONS TO PLAINTIFFS' SUPPLEMENTAL EVIDENCE IN SUPPORT OF PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT AND PERMANENT INJUNCTION AND IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (DKT. NO. 155)** |
| AMERICAN SOCIETY OF HEATING, REFRIGERATING, AND AIR CONDITIONING ENGINEERS, | |
| Plaintiffs/Counter-defendants, | |
| v. | |
| PUBLIC.RESOURCE.ORG, INC., | Action Filed:   August 6, 2013 |
| Defendant/Counterclaimant. | |

# TABLE OF CONTENTS

**Page**

I.   OBJECTION TO PLAINTIFFS' UNAUTHORIZED RESPONSE TO
     PUBLIC RESOURCE'S STATEMENT OF DISPUTED FACTS ...................................1

II.  OBJECTIONS TO PLAINTIFFS' SUPPLEMENTSL DECLARATIONS
     AND EXHIBITS...............................................................................................................1

     A.   Standards For Admissible Evidence on a Motion for Summary
          Judgment ............................................................................................................1

          1.   Irrelevant Evidence .................................................................................2

          2.   Lack of Personal Knowledge/Foundation...........................................2

          3.   Improper Lay Testimony on Legal Conclusions or Expert
               Subject Matter.........................................................................................3

          4.   Hearsay .....................................................................................................4

          5.   Unauthenticated Documents ..................................................................5

          6.   Secondary Evidence Rule ........................................................................5

III. OBJECTIONS TO SUPPLEMENTAL DECLARATIONS AND EXHIBITS
     FILED IN SUPPORT OF PLAINTIFFS' MOTION FOR SUMMARY
     JUDGMENT AND PERMANENT INJUNCTION AND IN OPPOSITION
     TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT...................................5

     A.   Declaration of Steve Comstock In Support of Plaintiffs' Motion For
          Summary Judgment-Permanent Injunction...............................................5

     B.   Declaration of Christian Dubay In Support of Plaintiffs' Motion For
          Summary Judgment and Permanent Injunction ......................................9

     C.   Supplemental Declaration of Thomas B. O'Brien, Jr. In Support of
          Plaintiffs' Motion For Summary Judgment and Permanent Injunction................12

     D.   Supplemental Declaration of Jordana S. Rubel In Support of Plaintiffs'
          Motion For Summary Judgment and Permanent Injunction.................................27

IV.  Supplemental Declaration of James Thomas In Support of Plaintiffs' Motion
     For Summary Judgment.......................................................................................30

# TABLE OF AUTHORITIES

**Page(s)**

## CASES

*Anheuser-Busch, Inc. v. Natural Beverage Distribs.*,
  69 F.3d 337 (9th Cir. 1995) ................................................................4

*Barthelemy v. Air Lines Pilots Ass'n*,
  897 F.2d 999 (9th Cir. 1990) ................................................................2

*Blair Foods, Inc. v. Ranchers Cotton Oil*,
  610 F.2d 665 (9th Cir. 1980) ................................................................4

*Block v. City of Los Angeles*,
  253 F.3d 410 (9th Cir. 2001) ................................................................1

*Boyd v. City of Oakland*,
  458 F. Supp. 2d 1015 (N.D. Cal. 2006) ................................................2

*Cambridge Elecs. Corp. v. MGA Elecs., Inc.*,
  227 F.R.D. 313 (C.D. Cal. 2004) ..........................................................4

*Evangelista v. Inlandboatmen's Union of Pac.*,
  777 F.2d 1390 (9th Cir. 1985) ..............................................................3

*Express, LLC v. Fetish Grp., Inc.*,
  464 F. Supp. 2d 965 (C.D. Cal. 2006) ..................................................2

*Gable v. Nat'l Broad. Co.*,
  727 F. Supp. 2d 815 (C.D. Cal. 2010), *aff'd*, 438 F. App'x 587 (9th Cir. 2011) ....................3

*In re Cypress Semiconductor Sec. Litig.*,
  891 F. Supp. 1369 (N.D. Cal. 1995), *aff'd*, 113 F.3d 1240 (9th Cir. 1997) ............................5

*Int'l Church of Foursquare Gospel v. City of San Leandro*,
  902 F. Supp. 2d 1286 (N.D. Cal. 2012) ................................................4

*Kumho Tire Co. v. Carmichael*,
  526 U.S. 137 (1999)..............................................................................4

*Lujan v. Nat'l Wildlife Fed'n*,
  497 U.S. 871 (1990)..............................................................................4

*Mifflin v. Dutton*,
  190 U.S. 265 (1903)....................................................................... *passim*

## TABLE OF AUTHORITIES
### (Continued)

**Page(s)**

*Orr v. Bank of America*,
  285 F.3d 764 (9th Cir. 2002) ...........................................................................1, 2, 4

*Pierce v. Kaiser Found. Hosp.*,
  No. 3:09-cv-03837-WHA, 2010 WL 4590930 (N.D. Cal. Nov. 4, 2010), *aff'd*,
  470 F. App'x 649 (9th Cir. 2012) ................................................................................3

*Riggsbee v. Diversity Servs., Inc.*,
  637 F. Supp. 2d 39 (D.D.C. 2009) ...............................................................................4

*Shapiro & Son Bedspread Corp. v. Royal Mills Assocs.*,
  764 F.2d 69 (2d Cir. N.Y. 1985).......................................................................... *passim*

*Smith v. Hughes Aircraft Co.*,
  22 F.3d 1432 (9th Cir. 1993) .......................................................................................2

*Soremekun v. Thrifty Payless, Inc.*,
  509 F.3d 978 (9th Cir. 2007) .......................................................................................4

*U.S. Aviation Underwriters, Inc. v. Yellow Freight Sys., Inc.*,
  296 F. Supp. 2d 1322 (S.D. Ala. 2003).......................................................................3

*U.S. ex rel. Miller v. Bill Harbert Intern. Const., Inc.*,
  608 F.3d 871 (D.C. Cir. 2010) ....................................................................................2

*U.S. v. Davis*,
  596 F.3d 852 (D.C. Cir. 2010) ....................................................................................2

*Uche-Uwakwe v. Shinseki*,
  972 F. Supp. 2d 1159 (C.D. Cal. 2013) ......................................................................2

*United States v. 87.98 Acres of Land More or Less in the County of Merced*,
  530 F.3d 899 (9th Cir. 2008) .......................................................................................4

*United States v. Dibble*,
  429 F.2d 598 (9th Cir. 1970) .......................................................................................5

*United States v. Hampton*,
  718 F.3d 978 (D.C. Cir. 2013) ....................................................................................3

**RULES**

Fed. R. Civ. P. 56.......................................................................................................2, 5

## TABLE OF AUTHORITIES
### (Continued)

**Page(s)**

Fed. R. Civ. P. 56(c) ...........................................................................................................1, 2

Fed. R. Civ. P. 56(e) ...............................................................................................................4

Fed. R. Evid. 101 ...................................................................................................................1

Fed. R. Evid. 402 .......................................................................................................... *passim*

Fed. R. Evid. 403 .......................................................................................................... *passim*

Fed. R. Evid. 602 .......................................................................................................... *passim*

Fed. R. Evid. 701 ..........................................................................................................3, 7, 31

Fed. R. Evid. 702 ..........................................................................................................3, 7, 31

Fed. R. Evid. 802 .......................................................................................................... *passim*

Fed. R. Evid. 901 ...................................................................................................................5

Fed. R. Evid. 1001 .................................................................................................................5

Fed. R. Evid. 1002 ........................................................................................................ *passim*

Fed. R. Evid. 1101 ................................................................................................................1

Defendant-Counterclaimant Public.Resource.Org, Inc. hereby submits the following objections to (1) the Plaintiffs' unauthorized response to Public Resource's Statement of Disputed Facts and (2) Plaintiffs' supplemental declarations and exhibits in support of Plaintiffs' Motion for Summary Judgment and for Permanent Injunction and Opposition to Defendant's Motion for Summary Judgment, ECF No. 155.

## I.      OBJECTION TO PLAINTIFFS' UNAUTHORIZED RESPONSE TO PUBLIC RESOURCE'S STATEMENT OF DISPUTED FACTS

As a threshold matter, Public Resource hereby objects to and moves to strike Plaintiffs' Response to Public Resource's Statement of Disputed Facts (ECF No. 155-3) as outside the scope of documents permitted under LCvR 7(h), which allows only a Statement of Undisputed Facts and a Statement of Disputed Facts.

## II.     OBJECTIONS TO PLAINTIFFS' SUPPLEMENTSL DECLARATIONS AND EXHIBITS

### A.      Standards For Admissible Evidence on a Motion for Summary Judgment

It is fundamental that trial courts "can only consider *admissible* evidence in ruling on a motion for summary judgment." *Orr v. Bank of America*, 285 F.3d 764, 773 (9th Cir. 2002) (emphasis added); *see also* Fed. R. Civ. P. 56(c); Fed. R. Evid. 101 (Rules of Evidence apply to all proceedings in the courts of the United States); Fed. R. Evid. 1101 (listing exceptions to Rule 101). Hearsay, documents that cannot be authenticated, out-of-context excerpts, and evidence with no foundation will not suffice, and are not to be considered by the court in ruling on motions for summary judgment or adjudication. *See Block v. City of Los Angeles*, 253 F.3d 410, 418-19 (9th Cir. 2001) (deciding that consideration of a declaration's facts not based on personal knowledge was an abuse of discretion because such facts were inadmissible). Much of the evidence on which Plaintiffs attempt to rely fails to meet the minimum threshold requirements of admissibility, as set forth below:

1.      **Irrelevant Evidence**

Irrelevant evidence cannot be considered in summary judgment proceedings. *See* Fed. R.

Evid. 402; *see also U.S. ex rel. Miller v. Bill Harbert Intern. Const., Inc.,* 608 F.3d 871, 897

(D.C. Cir. 2010) ("To be admitted, evidence must be relevant."); *Smith v. Hughes Aircraft Co.*,

22 F.3d 1432, 1439 (9th Cir. 1993) (affirming trial court's refusal to consider irrelevant evidence

on summary judgment); *Uche-Uwakwe v. Shinseki*, 972 F. Supp. 2d 1159, 1165 (C.D. Cal. 2013)

(sustaining objection that statement filed in support of motion for summary judgment was

inadmissible for lack of relevance and foundation).

2.      **Lack of Personal Knowledge/Foundation**

A fact witness may not testify to a matter unless the witness has personal knowledge of

the matter. Fed. R. Evid. 602; Fed. R. Civ. P. 56(c) ("declaration used to support or oppose a

motion must be made on personal knowledge, set out facts that would be admissible in evidence,

and show that the affiant or declarant is competent to testify on the matters stated"); *U.S. v.

Davis*, 596 F.3d 852, 856 (D.C. Cir. 2010) ("The Rules also prohibit a witness from testifying

unless he has personal knowledge of the subject of his testimony."); *Orr*, 285 F.3d at 774 & n.9;

*Express, LLC v. Fetish Grp., Inc.*, 464 F. Supp. 2d 965, 973 (C.D. Cal. 2006) ("Declarations

submitted in conjunction with summary judgment proceedings must . . . be based on personal

knowledge"). Further, "[a] declarant's mere assertions that he or she possesses personal

knowledge and competency to testify are not sufficient." *Boyd v. City of Oakland*, 458 F. Supp.

2d 1015, 1023 (N.D. Cal. 2006). A declarant must show personal knowledge and competency

"affirmatively," under Rule 56, for example, by "the nature of the declarant's position and nature

of participation in matter." *Id.*; *see also Barthelemy v. Air Lines Pilots Ass'n*, 897 F.2d 999, 1018

(9th Cir. 1990) (inferring personal knowledge from affiants' "positions and the nature of their

participation in the matters to which they swore . . ."). The fact that Public Resource does not

object to the witnesses' testimony that they have personal knowledge of the facts stated in their declarations and are competent to testify thereto does not in any way signal Public Resource's agreement with those assertions; Public Resource merely does not contend those statements about personal knowledge are inadmissible, but they may be wrong.

### 3.    Improper Lay Testimony on Legal Conclusions or Expert Subject Matter

Legal conclusions and characterizations are not admissible evidence. *See Pierce v. Kaiser Found. Hosp.*, No. 3:09-cv-03837-WHA, 2010 WL 4590930, at *8 (N.D. Cal. Nov. 4, 2010), *aff'd*, 470 F. App'x 649 (9th Cir. 2012) (excluding numerous declarant statements containing inadmissible legal conclusions). The Declarants, without any legal expertise, repeatedly purport to state legal conclusions or characterizations and the legal effects of documents supposedly relevant to this dispute. *See* Fed. R. Evid. 701; *see also Evangelista v. Inlandboatmen's Union of Pac.*, 777 F.2d 1390, 1398 n.3 (9th Cir. 1985) (lay opinion construing contract provisions is inadmissible); *Pierce*, 2010 WL 4590930, at *8 (declaration that opponent "breached" agreement or "violated" laws is inadmissible legal conclusion).

Testimony requiring scientific, technical, or other specialized knowledge may be given only by an expert witness with the requisite knowledge, skill, experience, training, or education, and opinion testimony is not permitted of a lay person. Fed. R. Evid. 701, 702; *see also United States v. Hampton*, 718 F.3d 978, 981–82 (D.C. Cir. 2013) (finding error when district court allowed FBI agent to testify as a lay witness in the form of an opinion without an applicable exception in Rule 701); *U.S. Aviation Underwriters, Inc. v. Yellow Freight Sys., Inc.*, 296 F. Supp. 2d 1322, 1331 (S.D. Ala. 2003) (unqualified expert opinions inadmissible at summary judgment). The "proponent of the expert bears the burden of demonstrating that the expert is qualified." *Gable v. Nat'l Broad. Co.*, 727 F. Supp. 2d 815, 833 (C.D. Cal. 2010), *aff'd*, 438 F.

App'x 587 (9th Cir. 2011) (citing *United States v. 87.98 Acres of Land More or Less in the County of Merced,* 530 F.3d 899, 904-05 (9th Cir. 2008)). *See also Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 147-48 (1999) (expert must have specialized knowledge).

One type of improper lay opinion is unsupported, speculative, and conclusory statements. These statements, as well as characterizations and arguments by opposing parties and their attorneys, are not evidence and do not raise a genuine issue of material fact sufficient to preclude summary judgment. *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990) (The purpose of Rule 56(e) is "not to replace conclusory allegations of the complaint with conclusory allegations of an affidavit."). Rather, "[w]here the moving party will have the burden of proof at trial, it must *affirmatively demonstrate* that no reasonable trier of fact could find other than for the moving party." *Int'l Church of Foursquare Gospel v. City of San Leandro*, 902 F. Supp. 2d 1286, 1290-91 (N.D. Cal. 2012) (citing *Soremekun v. Thrifty Payless, Inc.*, 509 F.3d 978, 984 (9th Cir. 2007)) (emphasis added). *Cf. Orr*, 285 F.3d at 783 ("To defeat summary judgment, [one opposing summary judgment] must respond with more than mere hearsay and legal conclusions"); *Cambridge Elecs. Corp. v. MGA Elecs., Inc.*, 227 F.R.D. 313, 320 (C.D. Cal. 2004) ("Conclusory, speculative testimony in affidavits and moving papers is insufficient to raise genuine issues of fact and defeat summary judgment").

### 4.    Hearsay

Generally, "inadmissible hearsay evidence may not be considered on a motion for summary judgment." *Anheuser-Busch, Inc. v. Natural Beverage Distribs.*, 69 F.3d 337, 345 n.4 (9th Cir. 1995); see also *Blair Foods, Inc. v. Ranchers Cotton Oil*, 610 F.2d 665, 667 (9th Cir. 1980) ("hearsay evidence is inadmissible and may not be considered by this court on review of a summary judgment"); *Riggsbee v. Diversity Servs., Inc.*, 637 F. Supp. 2d 39, 46 (D.D.C. 2009) ("on summary judgment, statements that are impermissible hearsay or that are not based on

personal knowledge are precluded from consideration by the Court."); *In re Cypress Semiconductor Sec. Litig.*, 891 F. Supp. 1369, 1374 (N.D. Cal. 1995) (hearsay evidence cannot be considered in summary judgment proceedings), *aff'd*, 113 F.3d 1240 (9th Cir. 1997).

### 5.    Unauthenticated Documents

Authentication or identification is a prerequisite to admissibility of a document. Fed. R. Evid. 901. Under Rule 56, evidence in support of a motion for summary judgment is objectionable if it cannot be presented in a form that would be admissible. A document cannot be authenticated by one who does not have personal knowledge of its authenticity. The foundation is laid for receiving a document in evidence by the testimony of a witness with personal knowledge of the facts who attests to the identity and due execution of the document and, where appropriate, its delivery. *United States v. Dibble*, 429 F.2d 598, 602 (9th Cir. 1970). If the Plaintiffs are unable to show that they could authenticate a document at trial, then the document should not be considered in support of Plaintiffs' motion for summary judgment.

### 6.    Secondary Evidence Rule

The "secondary evidence rule" requires that contents of documents must be proved by producing the document itself. Fed. R. Evid. 1001, 1002.

### III.    OBJECTIONS TO SUPPLEMENTAL DECLARATIONS AND EXHIBITS FILED IN SUPPORT OF PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT AND PERMANENT INJUNCTION AND IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

#### A.    Declaration of Steve Comstock In Support of Plaintiffs' Motion For Summary Judgment-Permanent Injunction

| Declaration of Steve Comstock In Support of Plaintiffs' Motion for Summary Judgment | Defendant-Counterclaimant Public Resource's Objections |
| --- | --- |
| 1. I am currently employed by the American Society of Heating, Refrigerating, and Air Conditioning Engineers ("ASHRAE") as its Director of Publications and Education. I have | *No Objection*. |

| Declaration of Steve Comstock In Support of Plaintiffs' Motion for Summary Judgment | Defendant-Counterclaimant Public Resource's Objections |
|---|---|
| been employed by ASHRAE since 1974. Based on the information known to me as a result of the duties and responsibilities of my position, I have personal knowledge of the facts set forth herein and could and would testify competently thereto if called as a witness. | |
| 2. As part of my job responsibilities, questions regarding access to ASHRAE standards are ultimately directed to me, including questions regarding access to ASHRAE standards by individuals with disabilities. | *No Objection.* |
| 3. ASHRAE is a non-profit organization that operates with the mission of advancing the arts and sciences of heating, ventilating, air conditioning and refrigerating to serve humanity and promote a sustainable world. With that in mind, I have made every effort to make accommodations for anyone with a disability who wishes to access ASHRAE standards. These situations have not arisen often. | FRE 402 Relevance. The proffered testimony does not have any tendency to make a fact of consequence more or less probable than it would be without the evidence. The witness's statement that he has attempted to accommodate individuals with disabilities has no relevance to the question of whether individuals who are blind or visually disabled are able to access the standards at issue on Plaintiffs' read-only websites. <br><br> FRE 602 Lack of Personal Knowledge. To the extent that the witness purports that people with disabilities have not often sought to access ASHRAE standards, or that people with disabilities have not often sought accommodations to access ASHRAE standards, the proffered testimony is not based on the witness's personal knowledge of the matter and the proffering party has not introduced sufficient evidence to show the witness has personal knowledge of this matter. The witness can only testify as to his own knowledge about the frequency by which a request for accommodation by a person with disabilities has been elevated to his attention. |

| Declaration of Steve Comstock In Support of Plaintiffs' Motion for Summary Judgment | Defendant-Counterclaimant Public Resource's Objections |
|---|---|
| 4. In my 31 years serving as the Director of Publications for ASHRAE, I recall only two specific examples where individuals requested that ASHRAE make alternate forms of access to ASHRAE publications available due to a disability, and in both instances ASHRAE made the appropriate accommodation. In 2013, ASHRAE sent a digital copy of an ASHRAE published textbook on HVAC systems to a visually impaired student from the Northern Alberta Institute of Technology so that the student could employ screen reader software to access the material audibly. Similarly, a hearing impaired individual alerted ASHRAE that he wished to attend a training class related to HVAC design, and ASHRAE provided sign-language interpretation. | FRE 402 Relevance. The proffered testimony does not have any tendency to make a fact of consequence more or less probable than it would be without the evidence. Two alleged instances in which ASHRAE has made accommodations to people with disabilities have no relevance to the question of whether individuals who are blind or visually disabled are able to access the standards at issue on Plaintiffs' read-only websites. FRE 802 Hearsay. The proffered testimony concerning the alleged request of the second unnamed individual is an out-of-court statement that is offered to prove the truth of the matter asserted. |
| 5. ASHRAE has also undertaken additional efforts to ensure that disabilities do not unnecessarily limit access to our standards or other services that ASHRAE provides. Last year, ASHRAE removed encryption from the digital copies of the standards sold on the ASHRAE bookstore so that the standards would be more compatible with reading software used by visually impaired individuals. ASHRAE's partner in running the ASHRAE bookstore, a company called Techstreet, has made assurances to ASHRAE that it would also help accommodate individuals with disabilities. And, ASHRAE has formally adopted a policy allowing for alternate testing accommodations related to certification programs run by ASHRAE; a request form for test takers which to receive such accommodations can be found on the ASHRAE website at https://www.ashrae.org/education--certification/certification/faqs#3. | FRE 402 Relevance. The proffered testimony does not have any tendency to make a fact of consequence more or less probable than it would be without the evidence. Alleged instances in which ASHRAE has removed encryption from ASHRAE standards, discussed the issue of individuals with disabilities with Techstreet, or adopted an alternate testing accommodation policy have no relevance to the question of whether individuals who are blind or visually disabled are able to access the standards at issue on Plaintiffs' read-only websites. FRE 802 Hearsay. The proffered testimony concerning alleged assurances by Techstreet is an out-of-court statement that is offered to prove the truth of the matter asserted. |
| 6. ASHRAE has consistently provided accommodation to individuals with disabilities in the past and intends to continue to do so in the | FRE 402 Relevance. The proffered testimony does not have any tendency to make a fact of consequence more or less probable than it |

| Declaration of Steve Comstock In Support of Plaintiffs' Motion for Summary Judgment | Defendant-Counterclaimant Public Resource's Objections |
|---|---|
| future. | would be without the evidence. The witness's opinion concerning ASHRAE's provision of accommodations to individuals with disabilities has no relevance to the question of whether individuals who are blind or visually disabled are able to access the standards at issue on Plaintiffs' read-only websites.<br><br>FRE 602 Lack of Personal Knowledge. The witness does not know that ASHRAE has consistently provided accommodations to individuals with disabilities, and can only speak to his personal experiences. The proffered testimony is not based on the witness's personal knowledge of the matter and the proffering party has not introduced sufficient evidence to show the witness has personal knowledge of this matter.<br><br>FRE 701 Improper Lay Opinion. The proffered testimony is a lay opinion that is not rationally based on the witness's perception; is not helpful to clearly understanding the witness's testimony or to determining a fact in issue, including because the proffered testimony is conclusory; or is based on scientific, technical, or other specialized knowledge within the scope of Rule 702. |
| 7. I am attaching to this declaration as Exhibit 1 a true and correct copy of ASHRAE Standard 90.1-2004, which I understand to be one of the ASHRAE standards at issue in this case. In my role as Director of Publications, I am familiar with ASHRAE's standards, including 90.1. I have reviewed this document and it is an accurate copy of Standard 90.1-2004. | *No Objection.* |

**B.      Declaration of Christian Dubay In Support of Plaintiffs' Motion For Summary Judgment and Permanent Injunction**

| Christian Dubay In Support of Plaintiffs' Motion for Summary Judgment | Defendant-Counterclaimant Public Resource's Objections |
|---|---|
| 1. I am Vice President, Codes and Standards, and Chief Engineer for the National Fire Protection Association ("NFPA"). My duties include managing and administering the NFPA Codes and Standards process. I have held this position since 2007. The following facts are based upon my own personal knowledge, and if called upon to do so, I could and would testify competently hereto. | *No Objection.* |
| 2. A central component of NFPA's mission is to eliminate the risk of death, injury, property and economic loss due to fire, electrical and related hazards, for all people. As part of that mission, NFPA has long been involved with developing strategies and fire safety educational materials for people with disabilities. | FRE 402 Relevance. The proffered testimony does not have any tendency to make a fact of consequence more or less probable than it would be without the evidence. The witness's claim that "NFPA has long been involved with developing strategies and fire safety educational material for people with disabilities" has no relevance to the question of whether individuals who are blind or visually disabled are able to access the standards at issue on Plaintiffs' read-only websites. |
| 3. Since at least 2007, NFPA has had a Disability Access Review and Advisory Committee. This committee is appointed by NFPA's president and advises NFPA's president and its Technical Committees. | FRE 402 Relevance. The proffered testimony does not have any tendency to make a fact of consequence more or less probable than it would be without the evidence. The existence of an NFPA disability access review and advisory committee has no relevance to the question of whether individuals who are blind or visually disabled are able to access the standards at issue on Plaintiffs' read-only websites. |

| Christian Dubay In Support of Plaintiffs' Motion for Summary Judgment | Defendant-Counterclaimant Public Resource's Objections |
|---|---|
| 4. The Disability Access Review and Advisory Committee works to identify existing needs and emerging issues within the disability community, and to ensure that the NFPA Codes and Standards process includes current subject matter that addresses disability issues, access provisions, and other matters that impact the disability community. | FRE 402 Relevance. The proffered testimony does not have any tendency to make a fact of consequence more or less probable than it would be without the evidence. The existence and operation of the NFPA disability access review and advisory committee has no relevance to the question of whether individuals who are blind or visually disabled are able to access the standards at issue on Plaintiffs' read-only websites. This is particularly the case where it appears that this committee acts to address how the content of NFPA standards pertains to people with disabilities, as opposed to the issue of the of persons with disabilities to access the standards themselves. |
| 5. NFPA has taken a leading role in promoting building safety for the disabled by, among other things, developing an Emergency Evacuation Planning Guide for People with Disabilities, which is available for free download on NFPA's website. This Guide provides information on the five general categories of disabilities (mobility, visual, hearing, speech, and cognitive) and the four elements of evacuation information that occupants need: notification, way finding, use of the way, and assistance. | FRE 402 Relevance. The proffered testimony does not have any tendency to make a fact of consequence more or less probable than it would be without the evidence. NFPA's alleged involvement in the development of an emergency evacuation planning guide for people with disabilities has no relevance to the question of whether individuals who are blind or visually disabled are able to access the standards at issue on Plaintiffs' read-only websites.<br><br>FRE 1002 Secondary Evidence. The proffered testimony is offered to prove the contents of a document, the Emergency Evacuation Planning Guide for People with Disabilities, which has not been introduced into evidence. |

| Christian Dubay In Support of Plaintiffs' Motion for Summary Judgment | Defendant-Counterclaimant Public Resource's Objections |
|---|---|
| 6. NFPA is also committed to providing access to its standards to all persons who have an interest in reading them. As part of that commitment, NFPA makes accommodations for disabled persons who request assistance in accessing any of NFPA's standards. NFPA is not aware of any persons who have requested assistance in accessing NFPA materials and have been unable to do so. | FRE 402 Relevance. The proffered testimony does not have any tendency to make a fact of consequence more or less probable than it would be without the evidence. The witness's opinion concerning NFPA's alleged-but-unexecuted commitment to providing accommodations to individuals with disabilities has no relevance to the question of whether individuals who are blind or visually disabled are able to access the standards at issue on Plaintiffs' read-only websites. |
| | FRE 602 Lack of Personal Knowledge. The witness does not know and cannot reasonably allege that "NFPA makes accommodations for disabled persons who request assistance in accessing any of NFPA's standards" when in the next paragraph he says that he knows of only one such incident. Nor can the witness know that no persons have requested assistance in accessing NFPA materials and been unable to do so. The proffered testimony is not based on the witness's personal knowledge of the matter and the proffering party has not introduced sufficient evidence to show the witness has personal knowledge of this matter. |

| Christian Dubay In Support of Plaintiffs' Motion for Summary Judgment | Defendant-Counterclaimant Public Resource's Objections |
|---|---|
| 7. I am aware of one instance in which NFPA received a request for accommodation in accessing an NFPA standard from a person who had low vision. NFPA responded by providing that individual with a PDF copy of the requested standard, free of charge, and the individual was able to use that PDF copy to read the standard. | FRE 402 Relevance. The proffered testimony does not have any tendency to make a fact of consequence more or less probable than it would be without the evidence. The witness's claim regarding the provision of a PDF version of a standard to a person with low vision has no relevance to the question of whether individuals who are blind or visually disabled are able to access the standards at issue on Plaintiffs' read-only websites. |
|  | FRE 602 Lack of Personal Knowledge. The witness has no apparent personal knowledge about the ability of the disabled individual in question to use the PDF document provided in order to read the standard. The proffered testimony is not based on the witness's personal knowledge of the matter and the proffering party has not introduced sufficient evidence to show the witness has personal knowledge of this matter. |
| 8. Attached hereto as Exhibit A is a true and correct copy of the 2011 edition of NFPA 70, the National Electrical Code. | *No Objection.* |

### C.   Supplemental Declaration of Thomas B. O'Brien, Jr. In Support of Plaintiffs' Motion For Summary Judgment and Permanent Injunction

| Supplemental Declaration of Thomas B. O'Brien In Support of Plaintiffs' Motion for Summary Judgment | Defendant-Counterclaimant Public Resource's Objections |
|---|---|
| 1. I am over the age of 18 years and am fully competent to testify to the matters stated in this Declaration. | *No Objection.* |
| 2. This declaration is based on my personal knowledge. If called to do so, I would and could testify to the matters stated herein. | *No Objection.* |
| 3. I am Vice President and General Counsel at | *No Objection.* |

| Supplemental Declaration of Thomas B. O'Brien In Support of Plaintiffs' Motion for Summary Judgment | Defendant-Counterclaimant Public Resource's Objections |
|---|---|
| ASTM International ("ASTM"). I have worked at ASTM since 2003. | |
| 4. Prior to joining ASTM in 2003, I worked as outside counsel for ASTM between 1997 and 2003. | *No Objection.* |
| 5. Attached as Exhibit 1 hereto is a true and correct copy of ASTM's online new membership form, which has been in place since 2005. | FRE 402 Relevance. ASTM's online new membership form is not relevant because ASTM has evidence only of people who have signed up through the new member form from 2007 and later, and only one ASTM standard at issue was published in 2007, while all the rest were developed and published in prior years dating back to the 1950s, and so new members starting in 2007 or later would not have any copyright to the standards at issue. The proffered exhibit therefore does not have any tendency to make a fact of consequence more or less probable than it would be without the evidence. |
| 6. As shown in Exhibit 1, since 2005, new members to ASTM who completed their membership application online had to affirmatively click on a check box next to the following statement: "I agree, by my participation in ASTM and enjoyments of the benefits of my annual membership, to have transferred and assigned any and all interest I possess or may possess, including copyright, in the development or creation of ASTM standards or ASTM IP to ASTM." | FRE 402 Relevance. ASTM's online new membership form is not relevant because ASTM only has evidence of people who have signed up through the new member form from 2007 and later, and only one ASTM standard at issue was published in 2007, while all the rest were developed and published in prior years dating back to the 1950s, and so new members starting in 2007 or later would not have any copyright to the standards at issue. The proffered testimony therefore does not have any tendency to make a fact of consequence more or less probable than it would be without the evidence.<br><br>FRE 403 Prejudice. The checkbox that appears on the ASTM new member online form does not appear for the ASTM renewal online form. Because the new member form is irrelevant for the reason noted above, the witness's |

| Supplemental Declaration of Thomas B. O'Brien In Support of Plaintiffs' Motion for Summary Judgment | Defendant-Counterclaimant Public Resource's Objections |
|---|---|
| | description of this checkbox risks confusing or misleading the factfinder into thinking that there is such a checkbox on the renewal forms, or that the checkbox is in any way probative of ASTM's claim to own copyright as to any of the standards at issue (as opposed to owning copyright as to other material developed in 2007 or later). The probative value of the proffered testimony is therefore substantially outweighed by a danger of unfair prejudice, confusing the issues, misleading the factfinder, and needlessly presenting cumulative evidence. |
| 7. Attached as Exhibit 2 hereto is a true and correct copy of ASTM's online membership renewal form, which has been in place since 2005. | *No Objection.* |
| 8. Attached as Exhibit 3 hereto is a true and correct copy of instructions for registering a work item through ASTM's online system, which provides screen shots of each of the different screens a member will see when registering a work item. | FRE 802 Hearsay. The proffered exhibit is an out-of-court statement that is offered to prove the truth of the matters asserted in the exhibit. |
| 9. ASTM has had a version of its "Form and Style for ASTM Standards" ("ASTM Form and Style Guide") since at least as early as 1957. | FRE 402 Relevance. The proffered testimony does not have any tendency to make a fact of consequence more or less probable than it would be without the evidence. The use of ASTM's Form and Style Guide by volunteers who developed the standards at issue does not make the standards ASTM's property, just as the use of the Bluebook for writing a brief or law review article does not make that brief or law review article the property of Harvard Law School. Moreover, ASTM's 1961 Form and Style Guide submitted as Exhibit 4 to the O'Brien Supplemental Declaration does not appear to bear a copyright notice, and therefore entered the public domain upon publication. |

| Supplemental Declaration of Thomas B. O'Brien In Support of Plaintiffs' Motion for Summary Judgment | Defendant-Counterclaimant Public Resource's Objections |
|---|---|
| | Pub. L. No. 60-349, 35 Stat. 1075 (1909), Sec. 9 (requiring copyright notices on each copy); *see Shapiro & Son Bedspread Corp. v. Royal Mills Assocs.*, 764 F.2d 69 (2d Cir. N.Y. 1985) (finding that an absence of copyright notice resulted in loss of copyright); *Mifflin v. Dutton*, 190 U.S. 265 (1903) (same). Use of content from a public domain document cannot bestow ASTM with any copyright, and is therefore irrelevant.<br><br>FRE 602 Lack of Personal Knowledge. The proffered testimony is not based on the witness's personal knowledge of the matter and the proffering party has not introduced sufficient evidence to show the witness has personal knowledge of this matter. The witness states in paragraphs 3 and 4 of his declaration that he was outside counsel for ASTM starting in 1997, and first became employed within ASTM in 2003, and has not established any knowledge of ASTM's practices as early as 1957. |
| 10. Attached as Exhibit 4 hereto is a true and correct copy of the version of the ASTM Form and Style Guide titled "Recommendations on Form of ASTM Standards," which was published in 1961 and references issuance in 1957. | FRE 402 Relevance. The proffered testimony and exhibit does not have any tendency to make a fact of consequence more or less probable than it would be without the evidence. The use of ASTM's Form and Style Guide by volunteers who developed the standards at issue does not make the standards ASTM's property, just as the use of the Bluebook for writing a brief or law review article does not make that brief or law review article the property of Harvard Law School. Moreover, ASTM's 1961 Form and Style Guide submitted as Exhibit 4 to the O'Brien Supplemental Declaration does not appear to bear a copyright notice, and therefore entered the public domain upon publication. Pub. L. No. 60-349, 35 Stat. 1075 (1909), Sec. 9 (requiring copyright notices on each copy); *see* |

15

| Supplemental Declaration of Thomas B. O'Brien In Support of Plaintiffs' Motion for Summary Judgment | Defendant-Counterclaimant Public Resource's Objections |
|---|---|
|  | *Shapiro & Son Bedspread Corp. v. Royal Mills Assocs.*, 764 F.2d 69 (2d Cir. N.Y. 1985) (finding that an absence of copyright notice resulted in loss of copyright); *Mifflin v. Dutton*, 190 U.S. 265 (1903) (same). Use of content from a public domain document cannot bestow ASTM with any copyright, and is therefore irrelevant. |
| 11. Each version of the ASTM Form and Style Guide described certain components and provided the text for certain language that was required to be included in every ASTM standard during the relevant time period. | FRE 402 Relevance. The proffered testimony does not have any tendency to make a fact of consequence more or less probable than it would be without the evidence. The use of ASTM's Form and Style Guide by volunteers who developed the standards at issue does not make the standards ASTM's property, just as the use of the Bluebook for writing a brief or law review article does not make that brief or law review article the property of Harvard Law School. Moreover, ASTM's 1961 Form and Style Guide submitted as Exhibit 4 to the O'Brien Supplemental Declaration does not appear to bear a copyright notice, and therefore entered the public domain upon publication. Pub. L. No. 60-349, 35 Stat. 1075 (1909), Sec. 9 (requiring copyright notices on each copy); *see Shapiro & Son Bedspread Corp. v. Royal Mills Assocs.*, 764 F.2d 69 (2d Cir. N.Y. 1985) (Finding that an absence of copyright notice resulted in loss of copyright); *Mifflin v. Dutton*, 190 U.S. 265 (1903) (same). Use of content from a public domain document cannot bestow ASTM with any copyright, and is therefore irrelevant.

FRE 602 Lack of Personal Knowledge. The proffered testimony is not based on the witness's personal knowledge of the matter and the proffering party has not introduced sufficient evidence to show the witness has personal knowledge of this matter. The witness states in paragraphs 3 and 4 of his declaration |

| Supplemental Declaration of Thomas B. O'Brien In Support of Plaintiffs' Motion for Summary Judgment | Defendant-Counterclaimant Public Resource's Objections |
|---|---|
|  | that he was outside counsel for ASTM starting in 1997, and first became employed within ASTM in 2003, and has not established any knowledge of ASTM's practices as early as 1957 or the content of each and every ASTM Form and Style Guide.<br><br>FRE 1002 Secondary Evidence. The proffered testimony is offered to prove the contents of multiple documents that have not been introduced into evidence. |
| 12. As part of the process of developing a draft standard, ASTM staff members added language and components that were required by the relevant ASTM Form and Style Guide to the draft prepared by the task group. | FRE 402 Relevance. The proffered testimony does not have any tendency to make a fact of consequence more or less probable than it would be without the evidence. The use of ASTM's Form and Style Guide by volunteers who developed the standards at issue does not make the standards ASTM's property, just as the use of the Bluebook for writing a brief or law review article does not make that brief or law review article the property of Harvard Law School. Moreover, ASTM's 1961 Form and Style Guide submitted as Exhibit 4 to the O'Brien Supplemental Declaration does not appear to bear a copyright notice, and therefore entered the public domain upon publication. Pub. L. No. 60-349, 35 Stat. 1075 (1909), Sec. 9 (requiring copyright notices on each copy); *see Shapiro & Son Bedspread Corp. v. Royal Mills Assocs.*, 764 F.2d 69 (2d Cir. N.Y. 1985) (finding that an absence of copyright notice resulted in loss of copyright); *Mifflin v. Dutton*, 190 U.S. 265 (1903) (same). Use of content from a public domain document cannot bestow ASTM with any copyright, and is therefore irrelevant.<br><br>FRE 403 Prejudice. The witness does not identify the relevant dates for this claim, which particular standards this applies to, or which particular language or components were |

| Supplemental Declaration of Thomas B. O'Brien In Support of Plaintiffs' Motion for Summary Judgment | Defendant-Counterclaimant Public Resource's Objections |
|---|---|
| | allegedly added to standards. The probative value of the proffered testimony is substantially outweighed by a danger of confusing the issues and misleading the factfinder. |
| | FRE 602 Lack of Personal Knowledge. The proffered testimony is not based on the witness's personal knowledge of the matter and the proffering party has not introduced sufficient evidence to show the witness has personal knowledge of this matter. The witness was not involved with ASTM prior to 1997 and was not employed within ASTM until 2003, and has established no basis for knowing what content was added to the 229 ASTM standards at issue and by whom, particularly for the 225 ASTM standards developed prior to the witness's tenure at ASTM. |
| | FRE 1002 Secondary Evidence. The proffered testimony is offered to prove the contents of documents that have not been introduced into evidence. |
| 13. I have given training to ASTM employees and committee officers on use of the ASTM Form and Style Guide in connection with standards, in conjunction with Regulations Governing ASTM Technical Committees. | FRE 402 Relevance. The witness does not identify when he performed this alleged training, whether it occurred prior to 2007, or what its relevance is. The proffered testimony does not have any tendency to make a fact of consequence more or less probable than it would be without the evidence. Moreover, ASTM's 1961 Form and Style Guide submitted as Exhibit 4 to the O'Brien Supplemental Declaration does not appear to bear a copyright notice, and therefore entered the public domain upon publication. Pub. L. No. 60-349, 35 Stat. 1075 (1909), Sec. 9 (requiring copyright notices on each copy); *see Shapiro & Son Bedspread Corp. v. Royal Mills Assocs.*, 764 F.2d 69 (2d Cir. N.Y. 1985) (finding that an absence of copyright notice |

| Supplemental Declaration of Thomas B. O'Brien In Support of Plaintiffs' Motion for Summary Judgment | Defendant-Counterclaimant Public Resource's Objections |
| --- | --- |
| | resulted in loss of copyright); *Mifflin v. Dutton*, 190 U.S. 265 (1903) (same). Use of content from a public domain document cannot bestow ASTM with any copyright, and is therefore irrelevant. |
| 14. I have attended ASTM committee meetings in which the requirement to use certain language and information from the ASTM Form and Style Guide was discussed. | FRE 402 Relevance. The witness does not identify when these alleged statements at committee meetings were discussed, whether it occurred prior to 2007, whether this alleged requirement was in existence in 2007 or prior, or what its relevance is. To the extent that this statement is made to establish that ASTM had a requirement to use language from the Form and Style Guide in 2007 or earlier, then it is hearsay; to the extent that it is not made for that purpose, the proffered testimony is irrelevant and does not have any tendency to make a fact of consequence more or less probable than it would be without the evidence. FRE 403 Prejudice. The witness does not identify if this alleged requirement to use certain language and information from the ASTM Form and Style Guide was in effect in 2007 or prior, nor whether this alleged requirement was acted upon or enforced, and by who. The probative value of the proffered testimony is substantially outweighed by a danger of unfair prejudice, confusing the issues, and misleading the factfinder. FRE 602 Lack of Personal Knowledge. To the extent that this statement is made to establish that ASTM had a requirement to use language from the Form and Style Guide in 2007 or prior, then the proffered testimony is not based on the witness's personal knowledge of the matter and the proffering party has not introduced sufficient evidence to show the witness has personal knowledge of this matter. |

| Supplemental Declaration of Thomas B. O'Brien In Support of Plaintiffs' Motion for Summary Judgment | Defendant-Counterclaimant Public Resource's Objections |
|---|---|
|  | FRE 802 Hearsay. To the extent that this statement is made to establish the alleged fact that ASTM had a requirement to use language from the Form and Style Guide in 2007 or prior, then the proffered testimony is an out-of-court statement that is offered to prove the truth of the matter asserted. |
| 15. I supervise the ASTM employees who respond to requests to grant permissions to use ASTM's copyrighted materials, and I have personal knowledge of the circumstances and frequency with which these requests are granted and denied. | *No Objection.* |
| 16. ASTM denies requests for permission to use its standards at no cost when the requester seeks to post the standard on a public website with no reasonable time limit and/or with no limitation on the number of people who can access it | FRE 403 Prejudice. The witness's statement is misleading to the extent that it implies that ASTM denies permission to use ASTM standards only in this context, when it refuses permission to use standards in other non-commercial contexts as well, such as denying reproduction of ASTM standards in graduate student thesis papers. *See, e.g.,* SMF ¶ 46, Ex. 115 (denying permission for reproduction of an ASTM standard in a student's thesis paper that would be made available only in three copies presented to the thesis examination board). |
| 17. I am not aware of any visually-impaired person who has informed ASTM that he/she was having difficulty accessing an ASTM standard due to a print disability. If a visually-impaired person requested access to an ASTM standard that was necessary due to a print disability, I would instruct the staff member who received the request to provide a copy of the ASTM standard in a format that accommodated the person's disability at no additional cost to the requester. | FRE 402 Relevance. The proffered testimony concerning what the witness is personally aware of (as opposed to the organization generally) and what the witness claims he would do in a hypothetical situation is not relevant to the question of whether people who are blind or visually disabled can access the standards on the ASTM Reading Room, nor does it have any tendency to make a fact of consequence more or less probable than it would be without the evidence. |

| Supplemental Declaration of Thomas B. O'Brien In Support of Plaintiffs' Motion for Summary Judgment | Defendant-Counterclaimant Public Resource's Objections |
|---|---|
| | FRE 403 Prejudice. The probative value of the proffered testimony concerning what the witness is personally aware of and what the witness claims he would do in a hypothetical situation is substantially outweighed by a danger of unfair prejudice and misleading the factfinder, as this witness's personal awareness and opinions are of no consequence to the inability of people who are blind or visually disabled to access ASTM standards that have been incorporated into law in a free reading format. |
| 18. ASTM's practice was to obtain a copyright registration for every annual Book of Standards from 1980-2011. I am not aware of any circumstance in which ASTM deviated from this practice. | FRE 402 Relevance. The witness's lack of awareness of whether or not ASTM obtained copyright registrations is irrelevant, and does not prove that copyright registrations were or were not obtained, nor what those registrations covered or whether they are valid. The proffered testimony does not have any tendency to make a fact of consequence more or less probable than it would be without the evidence. |
| | FRE 602 Lack of Personal Knowledge. The witness started working as outside counsel to ASTM in 1997 and became employed within ASTM in 2003, and therefore does not have personal knowledge of ASTM's practices before then. Moreover, the witness's avowed lack of awareness is does not allow him to opine on whether ASTM has in fact obtained the copyright registrations in question. The proffered testimony is not based on the witness's personal knowledge of the matter and the proffering party has not introduced sufficient evidence to show the witness has personal knowledge of this matter. |
| | FRE 1002 Secondary Evidence. The proffered testimony is offered to prove the contents an existence of documents (copyright |

| Supplemental Declaration of Thomas B. O'Brien In Support of Plaintiffs' Motion for Summary Judgment | Defendant-Counterclaimant Public Resource's Objections |
|---|---|
| | registrations), some of which have not been introduced into evidence. |
| 19. ASTM maintains records related to each ASTM standard that is proposed.  Those records include information about the standard number, the committee that has jurisdiction over the standard, ballot items related to the standard, and the name of the technical contact for the standard.  These records are kept in the ordinary course of ASTM's regularly conducted activity at or near the time at which any activities related to the standard took place by a person with knowledge of the activities related to the standard.  I am familiar with these computer-stored records because I use these records to prove legal advice to ASTM.  I recognize the documents referenced in paragraphs 20-23 below to be printouts from these computer-stored records and the printouts accurately reflect the computer-stored records. | FRE 402 Relevance. The proffered testimony does not have any tendency to make a fact of consequence more or less probable than it would be without the evidence, because the existence of these records does not prove that ASTM owns the copyrights that it claims to own.

FRE 602 Lack of Personal Knowledge. The witness was not involved in the creation or maintenance of the records in question, and his only knowledge of them is as an attorney. The proffered testimony is not based on the witness's personal knowledge of the matter and the proffering party has not introduced sufficient evidence to show the witness has personal knowledge of this matter.

FRE 1002 Secondary Evidence. The proffered testimony is offered to prove the contents of documents. |
| 20. Attached as Exhibit 5 is a true and correct printout from the computer-stored records described in paragraph 19 above with information regarding ASTM D86-07. | FRE 402 Relevance. The proffered testimony does not have any tendency to make a fact of consequence more or less probable than it would be without the evidence, because the existence of this record does not prove that ASTM owns the copyrights that it claims to own. This is particularly the case because ASTM has not established that Michael Collier wrote any copyrightable portion of ASTM D86-07 or that he owned any copyright in that standard.

FRE 602 Lack of Personal Knowledge. The witness was not involved in the creation or maintenance of the records in question, and his only knowledge of them is as an attorney. The proffered testimony is not based on the witness's personal knowledge of the matter |

22

| Supplemental Declaration of Thomas B. O'Brien In Support of Plaintiffs' Motion for Summary Judgment | Defendant-Counterclaimant Public Resource's Objections |
|---|---|
| | and the proffering party has not introduced sufficient evidence to show the witness has personal knowledge of this matter. |
| | FRE 802 Hearsay. The proffered exhibit is an out-of-court statement that is offered to prove the truth of the matter asserted (information concerning ASTM D86-07). Mr. O'Brien is not a custodian of this exhibit or the underlying records; nor does he have personal knowledge about the creation and maintenance of this record. |
| 21. Attached as Exhibit 6 is a true and correct printout from the computer-stored records described in paragraph 19 above with information regarding ASTM D975-07. | FRE 402 Relevance. The proffered testimony does not have any tendency to make a fact of consequence more or less probable than it would be without the evidence, because the existence of this record does not prove that ASTM owns the copyrights that it claims to own. This is particularly the case because ASTM has not established that John Chandler wrote any copyrightable portion of ASTM D975-07, nor that he owned any copyright in that standard. |
| | FRE 602 Lack of Personal Knowledge. The witness was not involved in the creation or maintenance of the records in question, and his only knowledge of them is as an attorney. The proffered testimony is not based on the witness's personal knowledge of the matter and the proffering party has not introduced sufficient evidence to show the witness has personal knowledge of this matter. |
| | FRE 802 Hearsay. The proffered exhibit is an out-of-court statement that is offered to prove the truth of the matter asserted (information concerning ASTM D975-07). Mr. O'Brien is not a custodian of this record; nor does he have personal knowledge about the creation and maintenance of this record. |

| Supplemental Declaration of Thomas B. O'Brien In Support of Plaintiffs' Motion for Summary Judgment | Defendant-Counterclaimant Public Resource's Objections |
|---|---|
| 22. Attached as Exhibit 7 is a true and correct printout from the computer-stored records described in paragraph 19 above with information regarding ASTM D396-98. | FRE 402 Relevance. The proffered testimony does not have any tendency to make a fact of consequence more or less probable than it would be without the evidence, because the existence of the records does not prove that ASTM owns the copyrights that it claims to own. This is particularly the case because ASTM has not established that John Chandler wrote any copyrightable portion of ASTM D396-98 or that he owned any copyright in that standard.<br><br>FRE 602 Lack of Personal Knowledge. The witness was not involved in the creation or maintenance of the records in question, and his only knowledge of them is as an attorney. The proffered testimony is not based on the witness's personal knowledge of the matter and the proffering party has not introduced sufficient evidence to show the witness has personal knowledge of this matter.<br><br>FRE 802 Hearsay. The proffered exhibit is an out-of-court statement offered to prove the truth of the matter asserted (information concerning ASTM D396-98). Mr. O'Brien is not a custodian of the records; nor does he have personal knowledge about the creation and maintenance of this record. |
| 23. Attached as Exhibit 8 is a true and correct printout from the computer-stored records described in paragraph 19 above with information regarding ASTM D1217-98. | FRE 402 Relevance. The proffered testimony does not have any tendency to make a fact of consequence more or less probable than it would be without the evidence, because the existence of the records does not prove that ASTM owns the copyrights that it claims to own. This is particularly the case because ASTM has not established that Jimmy King wrote any copyrightable portion of ASTM D1217-98 or that he owned any copyright in that standard.<br><br>FRE 602 Lack of Personal Knowledge. The |

| Supplemental Declaration of Thomas B. O'Brien In Support of Plaintiffs' Motion for Summary Judgment | Defendant-Counterclaimant Public Resource's Objections |
|---|---|
| | witness was not involved in the creation or maintenance of the record in question, and his only knowledge of them is as an attorney. The proffered testimony is not based on the witness's personal knowledge of the matter and the proffering party has not introduced sufficient evidence to show the witness has personal knowledge of this matter.

FRE 802 Hearsay. The proffered exhibit is an out-of-court statement that is offered to prove the truth of the matter asserted (information concerning ASTM D1217-98). Mr. O'Brien is not a custodian of this record, nor does he have personal knowledge about the creation and maintenance of this record. |
| 24. ASTM maintains records related to members who complete new membership and membership renewal forms each year. Those records include information such as the name of the member, the date on which the member completed the membership form, and for some of the members, whether the member completed the membership through ASTM's online system, a paper form, or another method. These records are kept in the ordinary course of ASTM's regularly conducted activity at or near the time at which the membership forms were completed by a person with knowledge of the completion of the membership forms. I am familiar with these computer-stored records because I use these records to prove legal advice to ASTM. I recognize the documents referenced in paragraphs 25-26 below to be printouts from these computer-stored records and the printouts accurately reflect the computer-stored records. | FRE 402 Relevance. The proffered testimony does not have any tendency to make a fact of consequence more or less probable than it would be without the evidence, because the existence of these records does not prove that ASTM owns the copyrights that it claims to own. New memberships in 2007 or later are irrelevant to ASTM standards created before that date. ASTM has not demonstrated that any of its membership renewal records show that someone who owned copyright in an ASTM standard at issue agreed to assign her copyright to ASTM.

FRE 602 Lack of Personal Knowledge. The witness was not involved in the creation or maintenance of the records in question, and his only knowledge of them is as an attorney. The proffered testimony is not based on the witness's personal knowledge of the matter and the proffering party has not introduced sufficient evidence to show the witness has personal knowledge of this matter.

FRE 1002 Secondary Evidence. The proffered testimony is offered to prove the contents of |

| Supplemental Declaration of Thomas B. O'Brien In Support of Plaintiffs' Motion for Summary Judgment | Defendant-Counterclaimant Public Resource's Objections |
|---|---|
| | documents. |
| 25. Attached as Exhibit 9 is a true and correct printout from the computer-stored records described in paragraph 24 above showing ASTM individual membership forms that were completed in 2007. | FRE 402 Relevance. The proffered testimony does not have any tendency to make a fact of consequence more or less probable than it would be without the evidence, because the existence of these records does not prove that ASTM owns the copyrights that it claims to own. New memberships in 2007 or later are irrelevant to ASTM standards created before that date. ASTM has not demonstrated that any of its membership renewal records show that someone who owned copyright in an ASTM standard at issue agreed to assign her copyright to ASTM.

FRE 602 Lack of Personal Knowledge. The witness was not involved in the creation or maintenance of the records in question, and his only knowledge of them is as an attorney. The proffered testimony is not based on the witness's personal knowledge of the matter and the proffering party has not introduced sufficient evidence to show the witness has personal knowledge of this matter.

FRE 802 Hearsay. The proffered exhibit is an out-of-court statement that is offered to prove the truth of the matter asserted (information concerning membership application and renewal). Mr. O'Brien is not a custodian of these records, nor does he have personal knowledge about the creation and maintenance of these records. |
| 26. Attached as Exhibit 10 is a true and correct printout from the computer-stored records described in paragraph 24 above showing ASTM organizational membership forms that were completed in 2007. | FRE 402 Relevance. The proffered testimony does not have any tendency to make a fact of consequence more or less probable than it would be without the evidence, because the existence of these records does not prove that ASTM owns the copyrights that it claims to own. New memberships in 2007 or later are irrelevant to ASTM standards created before |

| Supplemental Declaration of Thomas B. O'Brien In Support of Plaintiffs' Motion for Summary Judgment | Defendant-Counterclaimant Public Resource's Objections |
|---|---|
| | that date. ASTM has not demonstrated that any of its membership renewal records show that someone who owned copyright in an ASTM standard at issue agreed to assign her copyright to ASTM.<br><br>FRE 602 Lack of Personal Knowledge. The witness was not involved in the creation or maintenance of the records in question, and his only knowledge of them is as an attorney. The proffered testimony is not based on the witness's personal knowledge of the matter and the proffering party has not introduced sufficient evidence to show the witness has personal knowledge of this matter.<br><br>FRE 802 Hearsay. The proffered exhibit is an out-of-court statement that is offered to prove the truth of the matter asserted (information concerning membership application and renewal). Mr. O'Brien is not a custodian of these records, nor does he have personal knowledge about the creation and maintenance of these records. |

**D.      Supplemental Declaration of Jordana S. Rubel In Support of Plaintiffs' Motion For Summary Judgment and Permanent Injunction**

| Supplemental Declaration of Jordana S. Rubel In Support of Plaintiffs' Motion for Summary Judgment | Defendant-Counterclaimant Public Resource's Objections |
|---|---|
| 1. I am over the age of 18 years and am fully competent to testify to the matters stated in this Declaration. | *No Objection.* |
| 2. This declaration is based on my personal knowledge. If called to do so, I would and could testify to the matters stated herein. | *No Objection.* |

| Supplemental Declaration of Jordana S. Rubel In Support of Plaintiffs' Motion for Summary Judgment | Defendant-Counterclaimant Public Resource's Objections |
|---|---|
| 3. I am an associate at Morgan Lewis & Bockius LLP, which represents Plaintiff American Society for Testing and Materials in this matter. | *No Objection.* |
| 4. Attached as Exhibit 1 are true and correct copies of excerpts from the transcript of the deposition of James Fruchterman, which took place on July 31, 2015. | Public Resource preserves the objections that its counsel made at the time of deposition. |
| 5. Attached as Exhibit 2 is a true and correct copy of Exhibit 4006 to the deposition of James Fruchterman. | FRE 802 Hearsay. The proffered exhibit is an out-of-court statement that is offered to prove the truth of the matter asserted in the exhibit. |
| 6. Attached as Exhibit 3 are true and correct copies of excerpts from the transcript of the deposition of Daniel Smith, which took place on July 24, 2015. | FRE 802 Hearsay. The proffered exhibit contains out-of-court statements offered to prove the truth of the matter asserted in the exhibit. This is particularly the case for the double-hearsay statements concerning alleged communications by an unnamed ASTM employee and an unnamed individual from the Copyright Office. |

| Supplemental Declaration of Jordana S. Rubel In Support of Plaintiffs' Motion for Summary Judgment | Defendant-Counterclaimant Public Resource's Objections |
|---|---|
| 7. ASTM produced copies of tens of thousands of paper membership renewal forms to Defendant in this litigation. The Bates range for these documents was ASTM0345596-ASTM088302. | FRE 402 Relevance. The paper membership forms that ASTM produced are from after the ASTM standards at issue were developed, and Plaintiff have neither shown nor alleged that any of the people who filled out those paper membership renewal forms had any copyright in any of the ASTM standards at issue. The proffered testimony is therefore irrelevant and does not have any tendency to make a fact of consequence more or less probable than it would be without the evidence.<br><br>FRE 403 Prejudice. The paper membership forms that ASTM produced are from after the ASTM standards at issue were developed, and Plaintiff have neither shown nor alleged that any of the people who filled out those paper membership renewal forms had any copyright in any of the ASTM standards at issue, and so the probative value of the proffered testimony is substantially outweighed by a danger of unfair prejudice, confusing the issues and misleading the factfinder.<br><br>FRE 1002 Secondary Evidence. The proffered testimony is offered to prove the contents of a document. |
| 8. Attached as Exhibit 4 are true and correct copies of excerpts from the transcript of the deposition of Jeffrey Grove, which took place on March 4, 2015. | FRE 802 Hearsay. The proffered exhibit is an out-of-court statement that is offered to prove the truth of the matter asserted in the exhibit. |
| 9. Attached as Exhibit 5 are true and correct copies of excerpts from the transcript of the deposition of Carl Malamud, which took place on February 27, 2015. | Public Resource preserves the objections that its counsel made at the time of deposition. |
| 10. Attached as Exhibit 6 is a true and correct copy of a webpage that was accessed from the following URL on January 21, 2016: https://www.acus.gov/contacts/emily-s-bremer. | FRE 802 Hearsay. The proffered testimony is an out-of-court statement that is offered to prove the truth of the matter asserted. |

| Supplemental Declaration of Jordana S. Rubel In Support of Plaintiffs' Motion for Summary Judgment | Defendant-Counterclaimant Public Resource's Objections |
|---|---|
| 11. Attached as Exhibit 7 are true and correct copies of excerpts from the transcript of the deposition of Steven Comstock, which took place on March 5, 2015. | FRE 802 Hearsay. The proffered exhibit is an out-of-court statement that is offered to prove the truth of the matter asserted in the exhibit. |
| 12. Attached as Exhibit 8 are true and correct copies of excerpts from the transcript of the deposition of Stephanie Reiniche, which took place on March 30, 2015. | FRE 802 Hearsay. The proffered exhibit is an out-of-court statement that is offered to prove the truth of the matter asserted in the exhibit. |
| 13. Attached as Exhibit 9 are true and correct copies of excerpts from the transcript of the deposition of Bruce Mullen, which took place on March 31, 2015. | FRE 802 Hearsay. The proffered exhibit is an out-of-court statement that is offered to prove the truth of the matter asserted in the exhibit. |

IV.     **Supplemental Declaration of James Thomas In Support of Plaintiffs' Motion For Summary Judgment**

| Supplemental Declaration of James Thomas In Support of Plaintiffs' Motion for Summary Judgment | Defendant-Counterclaimant Public Resource's Objections |
|---|---|
| 1. I am over the age of 18 years and am fully competent to testify to the matters stated in this Declaration. | *No Objection.* |
| 2. This declaration is based on my personal knowledge. If called to do so, I would and could testify to the matters stated herein. | *No Objection.* |
| 3. I am the President of ASTM International ("ASTM"), which is a not-for-profit organization headquartered in Pennsylvania. I have worked at ASTM since 1972. | *No Objection.* |
| 4. In over 40 years working at ASTM, one of the premier international standards development organizations ("SDOs"), I have participated in numerous activities, committees and panels with executives from other SDOs. | *No Objection.* |

| Supplemental Declaration of James Thomas In Support of Plaintiffs' Motion for Summary Judgment | Defendant-Counterclaimant Public Resource's Objections |
|---|---|
| 5. In addition, I have participated in activities of the American National Standards Institute ("ANSI") since 1976 and I have been on the ANSI Board of Directors since approximately 1993. | FRE 402 Relevance. The proffered testimony does not have any tendency to make a fact of consequence more or less probable than it would be without the evidence. |
| 6. As a result of my work with other SDOs and my involvement with ANSI, I am knowledgeable about many SDOs' procedures for developing standards and how standards are used, both in the United States and internationally. | FRE 402 Relevance. The proffered testimony does not have any tendency to make a fact of consequence more or less probable than it would be without the evidence.<br><br>FRE 701 Improper Lay Opinion. The proffered testimony is a lay opinion that is not rationally based on the witness's perception; is not helpful to clearly understanding the witness's testimony or to determining a fact in issue, including because the proffered testimony is conclusory and is based on scientific, technical, or other specialized knowledge within the scope of Rule 702.<br><br>FRE 702 Unreliable Expert Opinion. The witness is not an expert on the development and use of standards throughout the world, and he has not been qualified as an expert. The proffered testimony is an expert opinion by a witness who is not qualified as an expert by knowledge, skill, experience, training, or education. The testimony further will not help the trier of fact to understand the evidence or to determine a fact in issue; is not based on sufficient facts or data; is not the product of reliable principles and methods; and is not based on the expert's reliable application of reliable principles and methods to the facts of the case. |

Dated: February 4, 2016                           Respectfully submitted,


                                                  */s/ Andrew P. Bridges*
                                                  Andrew P. Bridges (admitted)
                                                  abridges@fenwick.com
                                                  Sebastian E. Kaplan (*pro hac vice* pending)
                                                  skaplan@fenwick.com
                                                  Matthew Becker (admitted)
                                                  mbecker@fenwick.com
                                                  FENWICK & WEST LLP
                                                  555 California Street, 12th Floor
                                                  San Francisco, CA 94104
                                                  Telephone:   (415) 875-2300
                                                  Facsimile:   (415) 281-1350


                                                  Corynne McSherry (admitted *pro hac vice*)
                                                  corynne@eff.org
                                                  Mitchell L. Stoltz (D.C. Bar No. 978149)
                                                  mitch@eff.org
                                                  ELECTRONIC FRONTIER FOUNDATION
                                                  815 Eddy Street
                                                  San Francisco, CA 94109
                                                  Telephone:   (415) 436-9333
                                                  Facsimile:   (415) 436-9993


                                                  David Halperin (D.C. Bar No. 426078)
                                                  davidhalperindc@gmail.com
                                                  1530 P Street NW
                                                  Washington, DC 20005
                                                  Telephone: (202) 905-3434

                                                  *Attorneys for Defendant-Counterclaimant*
                                                  Public.Resource.Org, Inc.

32