UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| AMERICAN SOCIETY FOR TESTING AND MATERIALS, *et al.*, </br></br>Plaintiffs,</br></br>v.</br></br>PUBLIC.RESOURCE.ORG, INC.,</br></br>Defendant. | )</br>)</br>)</br>)</br>)   Case No. 13-cv-1215 (TSC)</br>)</br>)</br>)</br>)</br>)</br>) |

## ORDER

Defendant Public Resource moves to strike the expert report of John C. Jarosz ("Jarosz Report") (ECF No. 118-12, Ex. 1) on the basis that it does not meet the requirements of Federal Rule of Evidence 702. The Jarosz Report is used primarily to support Plaintiffs' economic arguments regarding the harm to their revenue and incentives if the court were to find that incorporation of their standards by reference into federal regulations revokes or destroys their copyrights, or Defendant was otherwise allowed to continue posting the standards on its website. For the reasons stated herein, Defendant's motion is DENIED.

A district court has "'broad discretion in determining whether to admit or exclude expert testimony.'" *United States ex rel. Miller v. Bill Harbert Int'l Constr., Inc.*, 608 F.3d 871, 895 (D.C. Cir. 2010) (quoting *United States v. Gatling*, 96 F.3d 1511, 1523 (D.C. Cir. 1996)). Under the Supreme Court's decision in *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), this court is "required to address two questions, first whether the expert's testimony is based on 'scientific knowledge' and second, whether the testimony 'will assist the trier of fact to understand or determine a fact in issue.'" *Meister v. Med. Eng'g Corp.*, 267 F.3d 1123, 1126

1

(D.C. Cir. 2001) (quoting *Daubert*, 509 U.S. at 592).  Trial courts "act as gatekeepers who may only admit expert testimony if it is both relevant and reliable," *Heller v. D.C.*, 952 F. Supp. 2d 133, 139 (D.D.C. 2013), though this role is "significantly diminished" at the summary judgment stage, *see Window Specialists, Inc. v. Forney Enters., Inc.*, 47 F. Supp. 3d 53, 60 (D.D.C. 2014).

In determining whether to strike an expert report, the court's focus is on whether the expert's assumptions "amount to 'rampant speculation' and should be excluded" or "merely represent a weak factual basis for his testimony" which could be appropriately challenged on cross examination at trial.  *Boyar v. Korean Air Lines Co., Ltd.*, 954 F. Supp. 4, 7 (D.D.C. 1996).  As the Court in *Daubert* instructed, "vigorous cross examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence."  509 U.S. at 596.

Defendant argues that the scope of the Jarosz Report exceeds his expertise and that Jarosz improperly relied on factual information from Plaintiffs themselves, thus acting "as a mouthpiece."  (Def. Mem. at 6–7).  Based on Jarosz's education, publications, and participation as an expert in intellectual property infringement in hundreds of other cases, the court finds his expertise to be well established.  While Defendant argues that Jarosz lacks both experience evaluating standards development organizations and independent knowledge of the development of those organizations' standards and the process of incorporation by reference, the court concludes that such specialized personal knowledge is not required for an expert to be qualified to opine on the economic impact of copyright infringement.  Additionally, based on the extensive number of deposition transcripts, documents, websites, publications, and data reviewed by Jarosz, his opinions are sufficiently supported.

Defendant also argues that Jarosz made improper assumptions and failed to apply reliable

methodologies to the facts.  Specifically, Defendant takes issue with Jarosz's analysis involving the impact on revenue from the loss of copyright protection, the differences in harms relating to the standards in this case versus all of Plaintiffs' standards generally, the potential impact that Plaintiffs' reading rooms have on revenue, and the estimation of lost sales.  Ultimately, Defendant appears to argue simply that different analyses would have resulted in an expert report more favorable to Defendant's position.  Defendant could have offered a rebuttal expert in response (and was in fact given time to do so by Magistrate Judge Robinson during discovery), but chose not to.  However, the court will not strike an expert report simply because the expert did not rely on the particular assumptions or data Defendant thought was necessary.  Those issues are more properly addressed through "vigorous cross-examination [and] presentation of contrary evidence."  *Daubert*, 509 U.S. at 596.

Plaintiffs have sufficiently established that Jarosz has the experience and education necessary to be qualified as an expert in this case, and that the content of his testimony—applying general economic principles to the effects of copyright infringement of Plaintiffs' standards—may "help the trier of fact."  *See* Fed. R. Evid. 702; *Daubert*, 509 U.S. at 588.  Therefore, at this stage, the court will not take the unusual step of striking his report from consideration.

Date:  September 21, 2016

*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge