UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICAN SOCIETY FOR TESTING AND MATERIALS d/b/a/ ASTM INTERNATIONAL;<br><br>NATIONAL FIRE PROTECTION ASSOCIATION, INC.; and<br><br>AMERICAN SOCIETY OF HEATING, REFRIGERATING, AND AIR CONDITIONING ENGINEERS,<br><br>          Plaintiffs/<br>          Counter-Defendants,<br><br>v.<br><br>PUBLIC.RESOURCE.ORG, INC.,<br><br>          Defendant/<br>          Counter-Plaintiff. | Case No. 1:13-cv-01215-TSC |

**MOTION TO RETURN THIS CASE TO THE COURT'S ACTIVE DOCKET AND TO ENTER A SCHEDULING ORDER FOR CROSS-MOTIONS FOR SUMMARY JUDGMENT LIMITED TO THE ISSUES OF COPYRIGHT AND TRADEMARK FAIR USE**

Plaintiffs move the Court to return this case to the Court's active docket (*see* 7/6/17 Minute Order), and to enter a scheduling order for cross-motions for summary judgment on the limited issues of copyright and trademark fair use.

On July 17, 2018, the United States Court of Appeals for the District of Columbia Circuit reversed this Court's grant of a partial summary judgment, vacated the permanent injunction, and remanded for further proceedings consistent with its Order. *American Society for Testing and Materials, et al. v. Public.Resource.Org, Inc.* ("*D.C. Circuit Op.*"), 896 F.3d 437, 448 (D.C. Cir. 2018) (Mandate Issued, Sept. 7, 2018, Dkt. 185).

1

Pursuant to Local Rule 7(m), Plaintiffs have met-and-conferred with Defendant ("Defendant" or "PRO") (together "Parties") and agree that the next phase of this case should be decided on cross-motions for summary judgment, but disagree as to the scope of the next phase of proceedings in this Court.  Plaintiffs believe the remand directs the Court to reconsider copyright and trademark fair use, whereas PRO believes the remand reopens the issues of copyrightability and ownership even though the Court of Appeals did not disturb this Court's rulings on these issues.  The Parties also dispute whether there is good cause for reopening fact discovery.  Plaintiffs respectfully submit that PRO had ample opportunity to take discovery related to its copyright and trademark fair use defenses during the original 13.5-month fact discovery period that closed more than four years ago, and there is no good cause for reopening fact discovery for an additional 11 months, as PRO proposes.  Accordingly, for the reasons set forth below, Plaintiffs request that the Court adopt a schedule that will quickly and efficiently resolve the only issues that were remanded for this Court.

I. **Summary Judgment Briefing Should Be Limited to the Issues of Copyright and Trademark Fair Use that Were Remanded by the D.C. Circuit.**

As the Court of Appeals for the D.C. Circuit has explained "it is entirely appropriate—and, in most cases in this circuit, necessary—to consult the opinion to interpret the mandate." "Courts may refer to the appellate opinion to determine what issues the mandate encompassed." *U.S. ex rel. of Dep't of Labor v. Ins. Co. of N. Am.*, 131 F.3d 1037, 1043 n.7 (D.C. Cir. 1997) (citing *City of Cleveland v. Fed. Power Comm'n*, 561 F.2d 344, 347 n.25 (D.C. Cir. 1977)).

The D.C. Circuit's opinion remanded for this Court to decide the issues of fair use afresh and on a standard-by-standard (or groupings of standards) basis.  The opinion instructs this Court as to the questions it should consider in reweighing the fair use factors on remand.  *D.C. Circuit Op., 896 F.3d* at 453 (discussing the "at least three questions" that "the district court should

consider" on remand); *id.* at 453 ("whether PRO's use as to each standard at issue in this appeal qualifies as a fair use remains for the district court to determine"); *id.* at 458 ("As with the copyright fair use issue, it remains for the district court to consider in the first instance whether PRO's use of ASTM's marks constitutes trademark infringement in light of the nominative fair use factors.").

And by "leaving for another day" the copyrightability issues, *id.* at 441, the D.C. Circuit reserved its decision regarding the copyrightability issues that were fully briefed on appeal. *See also id.* at 447 ("[I]t may later turn out that PRO and others use incorporated standards in a manner not encompassed by the fair use doctrine, thereby again raising the question of whether the authors of such works can maintain their copyright at all."). It did not send back the copyrightability issues for further decision, nor does its opinion provide any guidance regarding how the D.C. Circuit would approach those issues. If summary judgment is again granted in favor of Plaintiffs (as they believe likely) and PRO appeals, PRO can then ask that Court to address these issues. There is simply no reason to rehash them *again* here because there is nothing new to say.

Public Resource takes the position that the question of "ownership" is still open and can be relitigated before this Court. That is not the rule. Public Resource challenged ownership previously before this Court on summary judgment and *chose* to limit its appeal to the single issue of 17 U.S.C. § 105. *See* Appellants' Consolidated Opening Br. at 50-51. "A defendant cannot forego its opportunity to challenge a claim (and thereby deprive the plaintiffs of their opportunity to rebut the challenge) only to reopen the issue much later when it might choose to do so." *Trout v. Garrett*, 780 F. Supp. 1396, 1425 (D.D.C. 1991). "[U]nder the doctrine of the law of the case a party cannot forego its opportunity to raise an issue or object at one point in the

3

litigation only to raise it later.  Departure from this doctrine would lead to the absurd result, as Judge Friendly said, 'that a party who has chosen not to argue a point on a first appeal should stand better as regards the law of the case than the one who argued and lost.'"  *Id.* at n.71 (quoting *Fogel v. Chestnutt*, 668 F.2d 100, 109 (2d Cir. 1982).[1]

## II. Defendant Cannot Demonstrate Good Cause for Extending the Fact Discovery Period That Lasted More Than Thirteen Months and Closed Four Years Ago; Extending Discovery Would Unfairly Prejudice Plaintiffs.

Fact discovery commenced on December 9, 2013.  Initially, Plaintiffs proposed a fact discovery deadline of July 25, 2014, but they agreed to an additional 2.5 months of fact discovery at Defendant's request.  Thereafter, Plaintiffs consented to the first two of Defendant's motions to extend the fact deadline, ultimately resulting in a deadline of January 30, 2015.  Dkt. 58.  Plaintiffs opposed Defendant's third motion to extend the deadline because they believed that 13.5 months of fact discovery was more than adequate and any further delays would unnecessarily delay the resolution of this case.  Magistrate Judge Robinson agreed and denied Defendant's third motion, stating that "the Court finds that no good cause for the continuance or extension has been shown by the defendant. . . . [because PRO] has not made the requisite showing of diligence." 3-19-2015 Tr. at 40:3-5, 8-10.

For the same reason, Defendant's request to extend discovery more than four years after fact discovery closed should be denied.  As explained above, the Court of Appeals reversed this Court's summary judgment based solely on its conclusion that the Parties and the Court needed to address the copyright and trademark fair use defenses with more specificity.  Both affirmative

---

[1] *See also Northwestern Indiana Tel. Co. v. FCC*, 872 F.2d 465, 470 (D.C. Cir. 1989); *Williamsburg Wax Museum, Inc. v. Historic Figures, Inc.*, 810 F.2d 243, 250 (D.C. Cir. 1987); *Silverberg v. Paine, Webber, Jackson & Curtis, Inc.*, 724 F.2d 1456, 1457 (11th Cir. 1983); *Arnold v. Eastern Air Lines, Inc.*, 681 F.2d 186, 206 n. 22 (4th Cir. 1982); *Raxton Corp. v. Anania Associates*, 668 F.2d 622, 624 (1st Cir. 1982).

fair use defenses have been part of this case from its infancy.  *See* Dkt. 21 at 48 (PRO's September 27, 2013 Answer asserting that "[t]he doctrines of copyright and trademark fair use bar Plaintiffs' claims").  As a result, Defendant had nearly fourteen months to take whatever fact discovery it needed regarding these defenses, and, to the extent it failed to do so, that failure was the result of its lack of diligence referenced by Magistrate Judge Robinson.

Moreover, extending the fact discovery deadline at this time will unfairly prejudice Plaintiffs who seek to put this matter behind them and plan to again move for a permanent injunction.  Plaintiffs already endured more than a year of discovery, and they should not be compelled to endure additional expense and delay while PRO continues to exploit their works.  Defendant now reposted many of the infringing works that it removed from the Internet after this Court entered its injunction.  Defendant should not be permitted to delay this Court's final resolution of the narrow issue of fair use while it continues to post Plaintiffs' copyrighted works online in the interim.

Federal Rule of Civil Procedure 1 requires that the rules be interpreted to "secure the just, speedy, and inexpensive determination of every action and proceeding."  Extending discovery here would have the opposite effect.  Plaintiffs are concerned that Defendant will attempt to use an extension of fact discovery and any information that is ultimately discovered as an excuse to introduce new experts into this litigation more than four years after its deadline for expert reports.  This would result in even further delays and potentially hundreds of thousands of dollars of additional expense.  Reopening discovery to address issues that have been part of this case for more than five years so that PRO can take additional fact discovery, especially after it failed to diligently pursue discovery during the original fourteen-month discovery period, will unfairly

prejudice Plaintiffs, and this case should promptly proceed to summary judgment briefing on the limited remaining issues in this case (*i.e.*, copyright and trademark fair use).

**III.      Plaintiffs' Proposed Schedule Will Promptly Resolve PRO's Fair Use Defenses.**

All of the Parties agree that the remanded questions of copyright and trademark fair use can be resolved through summary judgment. The Parties already spent 13.5 months addressing discovery related to these issues and Plaintiffs plan to again move for a permanent injunction which will mean either side can appeal this Court's order. Plaintiffs propose the schedule below to promptly and efficiently resolve this 5-year old case.

| Event | Date |
| --- | --- |
| Opening cross motions for summary judgment | 60 days after the Court's order setting the briefing schedule |
| Amicus briefs | 30 days after the date opening cross motions are filed |
| Opposition briefs | 45 days after opening cross motions are filed |

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that this Court return this case to the Court's active docket and enter a scheduling order that limits summary judgment briefing to copyright and trademark fair use and adopts the deadlines set forth above.

Dated: February 7, 2019                    Respectfully submitted,

/s/ J. Kevin Fee
J. Kevin Fee (D.C. Bar: 494016)
Jane Wise (D.C. Bar: 1027769)
Morgan, Lewis & Bockius LLP
1111 Pennsylvania Ave., N.W.
Washington, D.C. 20004
Telephone: 202.739.5353
Email: kevin.fee@morganlewis.com
          jane.wise@morganlewis.com

*Counsel for American Society For Testing And Materials d/b/a/ ASTM International*

/s/ Kelly M. Klaus
Kelly M. Klaus
Rose L. Ehler
Munger, Tolles & Olson LLP
560 Mission St., 27th Floor
San Francisco, CA 94105
Tel: 415.512.4000
Email: Kelly.Klaus@mto.com
          Rose.Ehler@mto.com

*Counsel for National Fire Protection Association, Inc.*

/s/ J. Blake Cunningham
Jeffrey S. Bucholtz (D.C. Bar: 452385)
King & Spalding LLP
1700 Pennsylvania Avenue, NW, Ste. 200
Washington, DC 20006-4707
Tel: 202.737.0500
Email: jbucholtz@kslaw.com

Kenneth L. Steinthal
J. Blake Cunningham
King & Spalding LLP
101 Second Street, Ste. 2300
San Francisco, CA 94105
Tel: 415.318.1211
Email: ksteinthal@kslaw.com
          bcunningham@kslaw.com

*Counsel for American Society of Heating, Refrigerating, and Air Conditioning Engineers*

7