UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICAN SOCIETY FOR TESTING AND MATERIALS d/b/a/ ASTM INTERNATIONAL; <br><br> NATIONAL FIRE PROTECTION ASSOCIATION, INC.; and <br><br> AMERICAN SOCIETY OF HEATING, REFRIGERATING, AND AIR-CONDITIONING ENGINEERS, INC., <br><br>         Plaintiffs/Counter-Defendants, <br><br> v. <br><br> PUBLIC.RESOURCE.ORG, INC., <br><br>         Defendant/Counter-Plaintiff. | Case No. 1:13-cv-01215-TSC-DAR <br><br> **PUBLIC RESOURCE'S OPPOSITION TO THE ASTM PLAINTIFFS' MOTION TO ENTER SCHEDULING ORDER [DKT. 188]; REQUEST FOR STATUS CONFERENCE** |

Defendant Public.Resource.Org, Inc. ("Public Resource") agrees with Plaintiffs that, under the Court of Appeals' mandate, this Court should restore the case to the active docket and enter a scheduling order. However, Plaintiffs' proposal ignores the core theme of the Court of Appeals' decision, which directed the parties to supplement the factual record. Public Resource therefore requests that the Court conduct a status conference to discuss the reopening of discovery in a focused manner and creation of a consolidated summary judgment briefing schedule that will allow the parties to satisfy the Court of Appeals' instructions. In accordance with Local Rule 7(m), Public Resource has met and conferred with Plaintiffs, who do not agree that further discovery is required by the D.C. Circuit's order, as they have stated in their motion [Dkt. 188].

**The Court of Appeals' Instructions to Develop Further the Factual Record**

On July 17, 2019, the Court of Appeals for the District of Columbia Circuit vacated the summary judgment and the permanent injunction that this Court granted.[1] *American Society for*

---

[1] On August 28, 2018 Public Resource began reposting the standards at issue.

*Testing and Materials v. Public.Resource.Org*, 896 F.3d 437 (D.C. Cir. 2018). Although the Court of Appeals stated that Public Resource presented "a serious constitutional concern with permitting private ownership of standards essential to understanding legal obligations," it ultimately focused solely on the question of fair use so as "to avoid 'pass[ing] on questions of constitutionality . . . unless such adjudication is unavoidable.'" *Id.* at 447 (quoting *Spector Motor Service v. McLaughlin*, 323 U.S. 101, 105 (1944)).

The Court of Appeals ruled that this Court had misapplied the fair use standard, and it remanded the case for further proceedings on the question of whether Public Resource's posting of standards was non-infringing fair use. The Court of Appeals specifically called for further development of the factual record, as Public Resource discusses below. The Court of Appeals deferred the "far thornier question" of whether standards that have been incorporated by reference necessarily enter the public domain, leaving that issue for consideration on a later appeal if necessary. *Id.* at 441, 447, 459. The Court of Appeals also declined to address the question of ownership generally, ruling only that Public Resource had not sufficiently argued below that the standards were "works of the United States Government" due to the participation of government employees in developing the standards. *Id.* at 446.

The Court of Appeals' opinion stressed the importance of a more detailed fair use analysis and called for further development of the factual record. The Court of Appeals stated that:

> though there is reason to believe "as a matter of law" that PRO's reproduction of certain standards "qualif[ies] as a fair use of the copyrighted work," *id.* (internal quotations and citations omitted), we ultimately think the better course is to remand the case for the district court to *further develop the factual record* and weigh the factors as applied to PRO's use of each standard in the first instance. As we have emphasized, the standards here and the modes of their incorporation vary too widely to conclusively tell goose apart from gander, and *the record is just too thin* to tell what went into the sauce. On remand, the *district court will need to develop a fuller record* regarding the nature of each of the standards at issue, the way in which they are incorporated, and the manner and extent to which they were copied by PRO in order to resolve this "*mixed question of law and fact*."

> *Id.* This is not to say that the district court must analyze each standard individually. Instead, it might consider directing the parties, who poorly served the court by treating the standards interchangeably, to file briefs addressing whether the standards are susceptible to groupings that are relevant to the fair use analysis.

896 F.3d at 448-49 (emphasis added).

The Court of Appeals offered additional legal guidance regarding the specific fair use factors. Regarding the first factor, the Court of Appeals observed that, on the record, Public Resource's use appeared to be noncommercial and that

> in various circumstances, courts have recognized that a secondary work "can be transformative in function or purpose without altering or actually adding to the original work." . . . Where an incorporated standard provides information essential to comprehending one's legal duties, for example, this factor would weigh heavily in favor of permitting a nonprofit seeking to inform the public about the law to reproduce in full the relevant portions of that particular standard. . . . By contrast, where knowing the content of an incorporated standard might help inform one's understanding of the law but is not essential to complying with any legal duty, the nature of PRO's use might be less transformative and its wholesale copying, in turn, less justified.

896 F.3d at 450. With respect to the second factor, the Court of Appeals noted that, "where the consequence of the incorporation by reference is virtually indistinguishable from a situation in which the standard had been expressly copied into law, this factor weighs heavily in favor of fair use." *Id.* at 452.

On the fourth factor, the Court of Appeals held:

PRO's use was not for "commercial purposes," and so the district court's inference cannot be sustained on the basis of undisputed evidence in the summary judgment record. That said, the SDOs are right to suggest that there may be some adverse impact on the market for the copyrighted works PRO reproduced on its website. *But it remains unclear from this record just how serious that impact is.*

*Id.* at 452-53 (emphasis added).

Taken together, the Court of Appeals' decision and remand order call for further development of the factual record. To provide the Court all the relevant facts, including new facts that have unfolded in the years since the earlier proceedings, Public Resource seeks further

3

discovery relevant to its fair use defense. This is particularly necessary for the fourth fair use factor (the effect of the use on the potential market), which the Court of Appeals singled out as being insufficiently developed. *Id.* Because the full scope of financial information available at the close of discovery was included in the record on appeal, it seems impossible to satisfy the Court of Appeals' mandate by simply recharacterizing the same information already presented. Additional factual material is necessary.

There is now information relevant to the fourth fair use factor that was not available at the close of fact discovery and which is necessary for the Court to make a sound decision. Plaintiffs argue that Public Resource should be restricted to the discovery of four years ago as a matter of diligence (Mot. at 2, 4-5), but a great deal of the material Public Resource requests did not exist at that time. Finally, focused fact discovery will not unfairly prejudice Plaintiffs, who waited over half a year before addressing with this Court the remand order issued in July 2018.

One crucial category of information that was not previously available is updated sales figures for the standards at issue. Those standards have been on sale for three and a half years since the close of fact discovery in 2015, encompassing both multiple years in which Public Resource had taken down the standards and nearly six months during which Public Resource has again displayed the standards. The sales figures during that period and up until the present are necessary to determine what effect, if any, Public Resource's use has on the market for the standards. Data from the years in which Public Resource had ceased to provide the standards and from the six months after Public Resource restored the standards will give a needed comparison to the earlier evidence.

Similarly, the ASTM Plaintiffs have released later versions of many of the standards at issue since the close of fact discovery. Because it is likely that many persons seeking standards

will choose a newer, non-incorporated version over an older incorporated version, comparison of the sales of new and old versions is necessary to show a "cannibalizing" effect, which likely accounts for sales trends that Plaintiffs ascribe to Public Resource's actions. Likewise, the number of visitors to Plaintiffs' online reading rooms and the number of views of the relevant standards will show whether those online reading rooms are "cannibalizing sales" of the standards at issue, a question the Court of Appeals raised explicitly with respect to the fourth fair use factor. 896 F.3d at 453. Sales figures of materials and services that Plaintiffs have sold in conjunction with the standards will show whether Plaintiffs have used the incorporation by reference of the standards into law in order to create a larger market for related products and services.

Finally, depositions of three or four key government officials who have knowledge of the incorporation of the standards at issue, as well as updated document discovery concerning the promotion of incorporation by reference, is necessary to inform the Court regarding the way in which these standards were incorporated, which the Court of Appeals stated required further factual development. *See* 896 F.3d at 442 ("The process for incorporation by reference varies widely by jurisdiction.").

**Public Resource Has Good Cause to Request Focused Discovery Into Plaintiffs' "Joint Ownership" Theory**

Public Resource also seeks further discovery regarding ownership of the standards at issue. While Public Resource intends to move for summary judgment on its fair use defense, it remains Plaintiffs' burden to establish ownership to prevail on any future summary judgment motion.

Plaintiffs again oppose discovery on their ownership claims, just as they had earlier in the case. Plaintiffs originally relied upon copyright registrations that identified their works as "works made for hire." When Public Resource showed that the volunteers who wrote the standards were

not Plaintiffs' employees, undermining the presumed basis for Plaintiffs' registrations, Plaintiffs abandoned that theory and instead argued that they had valid assignments from the volunteers. When Public Resource sought discovery into those assignments, Plaintiffs fought to prevent *any* discovery, arguing that alleged infringers had no standing to challenge ownership assertions. Dkt. 86. The Court granted discovery on ownership, which showed that Plaintiffs could not produce a single assignment for the vast majority of standards at issue, and that many of the supposed "assignments" were actually licenses (which do not convey standing to sue).

On summary judgment Plaintiffs argued that the standards were "joint works" – *i.e.* copyrights jointly owned with each volunteer author (of which there were thousands), with proceeds to be split equally. *See* Plaintiffs Memorandum in Support of Summary Judgement, Dkt. 118-1 at 16. Because some of these alleged "joint authors" were U.S. Government employees acting in the course of their official duties, Plaintiffs' new theory suggested there was an additional public interest in the works, potentially affecting the analysis of both ownership (pursuant to 17 U.S.C. § 105) and fair use. But because Plaintiffs pivoted to rely on this theory in their summary judgment briefing, Public Resource did not have the opportunity to test that theory in discovery. Public Resource needs that opportunity now.

To forestall that opportunity, Plaintiffs argue that Public Resource forfeited the issue of ownership under a "law of the case" theory, stating both that this Court's summary judgment decision as to copyright ownership stands and that Public Resource failed to raise all of its ownership arguments on appeal. Mot. at 2-4. Both of Plaintiffs' arguments are incorrect.

First, the Court of Appeals did not *decide* any ownership issue on appeal; it held that Public Resource had not sufficiently presented the "joint U.S. Government works" argument below. 896 F.3d at 446 (citing *Keepseagle v. Perdue*, 856 F.3d 1039, 1053 (D.C. Cir. 2017) for the

proposition that "'legal theories not asserted' in the district court 'ordinarily will not be heard on appeal'"). Remanded to this Court, with the summary judgment decision vacated in its entirety, Plaintiffs once again have the burden of proving copyright ownership, which Public Resource may rebut.

Second, Plaintiffs are also mistaken in claiming that Public Resource raised only the question of U.S. Government involvement in the context of ownership on appeal. In its opening brief, Public Resource explicitly raised all ownership issues before the Court of Appeals, including that Plaintiffs did not author the standards over which they claim copyright ownership (Opening Br. at 10-12); Plaintiffs initially relied on a faulty "work made for hire" argument to improperly obtain copyright registrations that were based on false information (Opening Br. at 12); Plaintiffs did not obtain or produce evidence of proper assignments for the standards at issue (Opening Br. at 12-13); and that Plaintiffs fell back on an argument of joint ownership of the standards, implicating joint ownership with U.S. Government employees (Opening Br. at 13-14). Public Resource requested that the Court of Appeals remand for reconsideration all of these ownership issues. Opening Br. at 50-52 ("Even if the Court affirms the decision below on all other issues, it should vacate and remand to the district court to analyze the ownership issues, *particularly* the U.S. government participation in creating all the works.") (emphasis added).

The Court of Appeals vacated this Court's summary judgment decision and remanded to reconsider the fair use factors in light of the appellate opinion. 896 F.3d at 441. The only decision that could have been "law of the case" was this Court's summary judgment decision, which the Court of Appeals completely vacated. When Plaintiffs move again for summary judgment, they will have the burden of proving every element, including ownership. Accordingly, Public Resource seeks additional discovery pertaining to Plaintiffs' 11th hour "joint ownership" theory.

**Public Resource's Proposal for Focused Discovery**

Following the guidance of the Court of Appeals, but mindful as well of the need to expedite resolution of this case, Public Resource requests the Court re-open discovery focused on the following:

<u>Fair Use</u>

1. Sales data updated to the present day, addressing:

    a. The standards at issue;

    b. Later versions of the standards at issue; and

    c. Supplemental materials and services such as guides and training relating to the versions at issue and later versions of the standards at issue.

2. Depositions of the plaintiffs under Fed. R. Civ. P. 30(b)(6), limited to questions about sales data;

3. Information about usage of plaintiffs' online reading rooms for the standards at issue.

4. Document discovery regarding communications by or with government officials regarding incorporation into law of, or enforcement of, standards by government.

5. Depositions of three or four key current or former government employees involved in the incorporation into law of Plaintiffs' standards and the coordination between Plaintiffs and government bodies regarding incorporation of standards into law.

<u>Ownership</u>

Further document discovery on the participation of U.S. Government employees in standards development, as volunteers on committees preparing, editing, updating or voting on standards; members of committee hierarchies with authority over the preparation of standards; members of

SDO boards or committees liaising with government agencies; attendees at meetings to discuss promotion of standards-as-laws or adoption of standards by governments; and instructions or commentary from government officials regarding standards.

General

Depositions of any declarants that the parties will rely on in a summary judgment motions who were not previously deposed, or who will be providing declarations that address subject matters on which they were not previously deposed.

Public Resource believes that discovery can be completed within 9 months, at which point the parties would submit renewed motions for summary judgment, focusing on four issues: (1) whether the Plaintiffs have met their burden to establish ownership of rights in the standards at issue; (2) if so, whether Public Resource's use of the standards is a lawful fair use; (3) whether Public Resource's use of the Plaintiffs' marks is a nominative fair use; and, (4) whether (and, if so, what) injunctive relief is appropriate. Public Resource notes that the Court of Appeals expressly decided to "leave for another day the question of whether the Constitution permits copyright to persist in works incorporated by reference into law." 896 F.3d at 447. It did not address the questions of copyrightability under 17 U.S.C. § 102(b) and the merger doctrine, and the concurring opinion of Judge Katsas specifically stated that those issues "remain open in the unlikely event that disseminating 'the law' might be held not to be fair use." *Id.* at 459. Public Resource wishes to preserve those issues and related arguments that it previously addressed. It believes that the Court can focus on the fair use, ownership, and injunction issues in new cross-motions while allowing the parties to incorporate by reference their arguments on the other earlier issues; any further decision by the Court should maintain those earlier issues for review by the Court of Appeals.

**Public Resource's Proposal for Scheduling Summary Judgment Briefing**

As Plaintiffs correctly stated, the parties agree that the fair use questions are amenable to summary judgment. Public Resource suggests briefing both this case and the *AERA* case in parallel as a matter of judicial economy and to prevent conflicting decisions. The Court of Appeals suggested that the standards at issue in both cases should be grouped in some manner to allow for a more holistic determination by the Court, and allowing the *AERA* case to proceed ahead of this case would make it difficult or impossible to factor the standards at issue in both cases into a single categorization structure, particularly if discovery has not yet concluded in this action. Although the facts of the cases may differ, most of the underlying legal principles and ultimate factors that the Court must weigh are identical. Similarly, if the Court of Appeals again faces these cases on a subsequent appeal, it will likely want to address them simultaneously and in consolidated fashion.

For these reasons, Public Resource suggests that the Court consolidate the summary judgment briefing for both the *AERA* and *ASTM* cases, or at the very least to coordinate the briefing.

If the Court consolidates the summary judgment briefing, Public Resource requests that opening cross-motions be filed 60 days after the close of discovery, with amicus briefs due 30 days after the date for opening cross-motions, opposition briefs due 45 days after opening cross-motions, and reply briefs due 14 days thereafter.

If the Court does not consolidate the summary judgment briefing, Public Resource requests that the Court stagger briefing in the two cases using the same schedule that the Court set in the prior summary judgment briefing three years ago, with the opening motion by the ASTM Plaintiffs due 30 days after the close of discovery. Public Resource's joint opening and opposition

brief in *ASTM* would be due 30 days later, and the AERA Plaintiffs' opening motion would be due that same day. Thirty days later, the ASTM Plaintiffs will file their joint reply and opposition, and Public Resource will file its joint opening and opposition brief in the AERA case on that same day. Fourteen days later, Public Resource will file its reply in the *ASTM* case and a further 14 days thereafter the AERA Plaintiffs will file their joint opposition and reply. Public Resource's reply in the AERA case will be due a final 14 days thereafter. Amicus briefs in each respective case will be due 14 days after Public Resource's joint opening/opposition brief in each case.

## **CONCLUSION**

For the foregoing reasons, Public Resource requests that the Court conduct a status conference to address these issues, reopen discovery on a limited basis, and set a briefing schedule that will allow the parties to satisfy the Court of Appeals' requests concerning development of the record and grouping of the standards at issue.

Dated:  February 14, 2019	Respectfully submitted,


	*/s/ Andrew P. Bridges*
	Corynne McSherry (*pro hac vice*)
	corynne@eff.org
	Mitchell L. Stoltz (D.C. Bar No. 978149)
	mitch@eff.org
	ELECTRONIC FRONTIER FOUNDATION
	815 Eddy Street
	San Francisco, CA 94109
	Telephone:  (415) 436-9333
	Facsimile:   (415) 436-999

	Andrew P. Bridges (admitted)
	abridges@fenwick.com
	Matthew B. Becker (*pro hac vice*)
	mbecker@fenwick.com
	FENWICK & WEST LLP
	555 California Street, 12th Floor
	San Francisco, CA 94104
	Telephone:  (415) 875-2300
	Facsimile:   (415) 281-1350

	David Halperin (D.C. Bar No. 426078)
	davidhalperindc@gmail.com
	1530 P Street NW
	Washington, DC 20005
	Telephone:  (202) 905-3434

	*Attorneys for Defendant/Counter-Plaintiff*
	*Public.Resource.Org, Inc.*

## **CERTIFICATE OF SERVICE**

In accordance with LCvR 5.3, I hereby certify that on February 14, 2019, I caused a true and correct copy of the foregoing Joint Status Report to be served on all counsel of record through the Courts CM/ECF.

/s/ *Andrew P. Bridges*
Andrew P. Bridges (admitted)