## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICAN SOCIETY FOR TESTING AND MATERIALS d/b/a/ ASTM INTERNATIONAL;<br><br>NATIONAL FIRE PROTECTION ASSOCIATION, INC.; and<br><br>AMERICAN SOCIETY OF HEATING, REFRIGERATING, AND AIR CONDITIONING ENGINEERS,<br><br>                Plaintiffs/<br>                Counter-Defendants,<br><br>v.<br><br>PUBLIC.RESOURCE.ORG, INC.,<br><br>                Defendant/<br>                Counter-Plaintiff. | Case No. 1:13-cv-01215-TSC |

## REPLY MEMORANDUM IN FURTHER SUPPORT OF PLAINTIFFS' MOTION TO RETURN THIS CASE TO THE COURT'S ACTIVE DOCKET AND TO ENTER A SCHEDULING ORDER FOR CROSS-MOTIONS FOR SUMMARY JUDGMENT LIMITED TO THE ISSUES OF COPYRIGHT AND TRADEMARK FAIR USE

The D.C. Circuit returned this case to the Court so that the parties could further develop the factual record before the Court regarding copyright and trademark fair use, which all of the parties agree can be done through summary judgment. The parties took more than a year of discovery related to fair use, including the production of thousands of pages of documents and numerous depositions. The D.C. Circuit did not state or imply that this Court should start a new season of discovery. The parties can further develop the fair use record before the Court based on this information, and PRO failed to demonstrate good cause for delaying the resolution of this case for at least nine months of additional fact discovery while it continues to infringe Plaintiffs' intellectual property. As a result, Plaintiffs respectfully request that the Court return this case to

the active docket and order the parties to promptly file summary judgment briefing addressing the issues of copyright and trademark fair use.

## I.     The D.C. Circuit's Remand Was Limited to the Issues of Copyright and Trademark Fair Use.

PRO concedes that the copyrightability and merger issues are not before this Court on remand.  *See* Opp. at 9 (requesting that the Court "maintain" these "issues for review by the Court of Appeals").  But PRO insists the Court should allow additional discovery and briefing regarding ownership.  The Court should reject this request.  PRO had a full and fair opportunity to litigate the issue of ownership.  It lost—both before this Court and before the D.C. Circuit. PRO does not get a "do over" because the D.C. Circuit remanded on *other* issues.

PRO's ownership arguments fall into two categories: its argument that the standards are government works under 17 U.S.C. § 105, and its other challenges to copyright ownership not raised before the D.C. Circuit.  There is no basis for this Court to reconsider either category of challenges.

Starting with PRO's § 105 argument, PRO contends that it never had a full opportunity to obtain discovery on this issue.  But the D.C. Circuit concluded that PRO forfeited its § 105 argument and that the argument as PRO presented it to the D.C. Circuit was "[i]n any event" "meritless."  *See D.C. Circuit Op.*, 896 F.3d at 446.  Much as PRO might wish otherwise, those holdings bind this Court.  *See Indep. Petroleum Ass'n of Am. v. Babbitt*, 235 F.3d 588, 596–97 (D.C. Cir. 2001) (explaining that under the "mandate rule"—a "more powerful version of the law-of-the-case doctrine"—"an inferior court has no power or authority to deviate" from appellate court's rulings (citation and internal quotation marks omitted)); *Corrigan v. Glover*, 254 F. Supp. 3d 184, 198 (D.D.C. 2017), *appeal dismissed*, No. 17-7099, 2017 WL 6945808 (D.C. Cir. Dec. 20, 2017) ("Under the mandate rule, this Court is bound by the holding of the

D.C. Circuit.").  Given the D.C. Circuit's clear rejection of PRO's § 105 argument, there is no basis for allowing PRO to litigate the issue further in this Court.

Moreover, PRO pursued the § 105 argument during the original discovery period and sought discovery from all three Plaintiffs concerning the extent to which government actors were involved in standards creation.  PRO already had more than a year of discovery to pursue this angle, and nothing concerning the creation of the standards has changed since that discovery period.  This is simply a way for PRO to delay these proceedings further.

As for PRO's other ownership arguments, as explained in Plaintiffs' motion, PRO did not raise any of these arguments before the D.C. Circuit, so the law-of-the-case doctrine bars PRO from raising them now.  PRO offers two attempts to salvage these arguments—each one unconvincing.  First, it says, the D.C. Circuit vacated this Court's summary judgment decision "in its entirety" such that Plaintiffs must relitigate ownership.  Opp. at 7.  But plainly the D.C. Circuit did no such thing.  It remanded to allow this Court to further consider copyright and trademark fair use.  *See, e.g.*, *D.C. Circuit Op.*, 896 F.3d at 441 (remanding because of error in the "application of both fair use doctrines").  PRO's argument seems to be that, because the D.C. Circuit vacated the judgment below, all issues decided in that judgment—not just the ones the D.C. Circuit concluded needed further analysis—are reopened and subject to further litigation. That theory would not only destroy the "finality, predictability, and economy of judicial resources" served by the law-of-the-case rule, *Williams v. Court Servs. & Offender Supervision Agency*, No. 08-CV-1538 (RWR-AK), 2013 WL 12321534, at *2 (D.D.C. May 20, 2013) (citation and internal quotation marks omitted), but would also fly in the face of the D.C. Circuit's direction that it will generally be "necessary" on remand "to consult the [appellate]

opinion" to determine the scope of the remand, *U.S. ex. rel. Dep't of Labor v. Ins. Co. of N. Am.*, 131 F.3d 1037, 1041 n.7 (D.C. Cir. 1997).

PRO's second argument is that it *did* raise ownership issues beyond § 105 on appeal, such that these issues are still live. Tellingly, PRO's citations in support of this claim are to the fact section of its D.C. Circuit brief. *See* Opp. at 7 (citing PRO D.C. Circuit Br. at 10-14). To the extent these pages touch on PRO's other ownership theories, they at most identify the factual and procedural history of the case—they do not raise arguments for the D.C. Circuit's review. Indeed, the D.C. Circuit's decision clearly interpreted PRO's ownership argument to be limited to § 105, identifying *only* that argument as the basis for PRO's claim that "the standards at issue here were never validly copyrighted." *D.C. Circuit Op.*, 896 F.3d at 446. PRO might wish it had written its D.C. Circuit brief differently, but it is now bound by the issues it presented for appeal.

Finally, it is noteworthy that, for all its efforts to save its non-§ 105 arguments, PRO seeks discovery *only* as to the § 105 ownership issue. *See* Opp. at 8-9. In other words, PRO wants to relitigate these other ownership arguments on the same record—and without any appellate guidance—on which this Court already decided against PRO. It is not clear from PRO's opposition why it thinks it will get a different result this time around. *LaShawn A. v. Barry*, 87 F.3d 1389, 1393 (D.C. Cir. 1996) (en banc) ("the same issue presented a second time in the same case in the same court should lead to the same result"). Nor is it clear why PRO thinks this Court should devote its limited resources to allowing PRO to pursue these arguments a second time.

**II.     PRO Failed to Demonstrate Good Cause for Extending Discovery, and Such an Extension Will Unfairly Prejudice Plaintiffs.**

In its Opposition, PRO asks the Court to reopen discovery for nine months so that it can take more discovery falling into three broad categories—(1) fair use discovery, (2) copyright ownership discovery, and (3) "general discovery," Opp. at 8-9——all of which were already developed during the discovery phase of this case.  First, because the only issues before the Court on remand are copyright and trademark fair use, there cannot be good cause for reopening discovery on copyright ownership or any other "general" issues.  Second, nothing in the D.C. Circuit's decision requires reopening discovery related to fair use.  Although the D.C. Circuit remanded the case for *development* of the factual record regarding fair use (*i.e.*, to allow the parties to bring the right evidence from the already substantial record to the Court's attention through summary judgment briefing), that is decidedly different than remanding with instructions for the parties to *supplement* the factual record.  The parties can and should further develop the record based on the information that the parties exchanged during the 13-month discovery period that closed four years ago.

In particular, PRO asks the Court to delay this case for at least another nine months[1] so that it can take additional fair use discovery addressing (1) sales data related to the standards at issue, (2) usage of Plaintiffs' online reading rooms, and (3) communications with government officials regarding incorporation of the standards at issue.  Opp. at 8.  PRO had ample opportunity to take discovery related to all of these issues during the prior 13-month discovery

---

[1] The delay could be more than nine months because PRO was conspicuously silent in its Opposition with respect to Plaintiffs' articulated concern that PRO would use additional fact discovery as an excuse to introduce one or more new expert witnesses into this case.  Pls.' Mot. at 5.  Any attempt to introduce additional expert testimony will unfairly prejudice Plaintiffs by adding expense and further delay.  *See Dag Enters*, 226 F.R.D. at 110 (finding prejudice when "Plaintiffs' attempt to instigate a new cycle of expert discovery would cause Defendants to incur significant expense and produce further delay in these proceedings").

period, and it availed itself of that opportunity.  The record includes thousands of pages of

documents and deposition testimony.  In September 2016, PRO told this Court that it had

secured sufficient evidence during the initial discovery period to demonstrate that it was entitled

to summary judgment on the issues of copyright and trademark fair use.  Opp. to Mot. for Summ.

J. and Cross-Mot. for Summ. J. at 35 ("Public Resource's Posting Is a Lawful [Copyright] Fair

Use."), at 59 ("Public Resource's Display of Plaintiffs' Marks Is Nominative [Trademark] Fair

Use.")  It defies credulity for PRO now to claim that it needs an additional nine months of fact

discovery in order to re-brief the fair use issues in this case.

To the extent that PRO failed to request every conceivable document or failed to secure

all conceivable testimony regarding these topics, that failure was the result of what Magistrate

Judge Robinson found to be PRO's lack of diligence.  *See* 3-19-2015 Tr. at 40:3-5, 8-10.  PRO's

lack of diligence was unacceptable three years ago, and it remains so today.[2]  For this reason

alone, PRO's request to reopen discovery should be denied.  *Wye Oak Technology, Inc. v.*

---

[2] PRO's proposed "focused discovery" is not based on the "guidance of the Court of Appeals," as PRO suggests.  Opp. at 8.  PRO now seeks to depose many of the same witnesses it previously sought to depose when Magistrate Judge Robinson denied PRO's last request to extend the fact discovery deadline.  For example, in connection with the last motion, PRO moved to extend the fact discovery deadline so that it could take up to 20 fact depositions, including Jim Thomas, the President of ASTM, and two former government employees who were members of ASTM committees, Randy Jennings and Steven Cramer, all three of whom submitted declarations in support of ASTM's motion for summary judgment.  In addition, PRO sought to depose Mary Saunders, the former Director of the Standards Coordination Office of the National Institute for Standards and Technology of the U.S. Department of Commerce.  Rather than identify the witnesses that are the subject of PRO's current motion by name and acknowledge that the overlap in the witnesses that are the subject of the two motions, PRO now seeks to depose these witnesses under the guise of taking depositions "of declarants that were not previously deposed or who provide declarations regarding subject matters on which they were not previously deposed" and "current or former government employees involved in the incorporation into law of Plaintiffs' standards."  Opp. at 8.  Thus, PRO's latest request to extend discovery is not dictated by the D.C. Circuit's opinion.  It is simply another attempt to secure additional discovery that PRO should have diligently pursued during the 13-month discovery period.

*Republic of Iraq*, 1:10-cv-01182-RCL, 2018 WL 4623564, at *1 (D.D.C. Sept. 26, 2018) ("'Rule 16(b)'s good cause standard primarily considers the diligence of the party seeking the amendment. . . . If the party was not diligent, the inquiry should end.'") (quoting *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992)).

Finally, PRO's request also must be denied because it failed to demonstrate that Plaintiffs will not be prejudiced by an at least nine-month delay. *Headfirst Baseball, LLC v. Elwood*, 206 F. Supp. 3d 148, 154 (D.D.C. 2016) ("if the moving party establishes that he in fact acted diligently, he must also show that there is a lack of prejudice to the opposing party"); *Dag Enters., Inc. v. Exxon Mobil Corp.*, 226 F.R.D. 95, 105 (D.D.C. 2005) ("'The existence or degree of prejudice to the party opposing modification may supply an additional reason to deny a motion to modify a scheduling order'") (quoting 3 *Moore's Federal Practice* § 16.14[b] (2003)). PRO devotes only one sentence to this issue, arguing that an additional nine-month fact discovery period "will not unfairly prejudice Plaintiffs, who waited over half a year before addressing with this Court the remand order issued in July 2018." Opp. at 4.

This argument is disingenuous and woefully inadequate. The parties began discussing the most efficient manner to proceed in light of the remand in September 2018, shortly after PRO's founder started tweeting about reposting Plaintiffs' standards. https://twitter.com/carlmalamud/status/1040014702514921472. Although PRO managed repeatedly to delay the parties' discussions (for reasons that were puzzling at the time but more apparent now), it is plainly inaccurate for PRO to suggest that Plaintiffs sat idly for over half a year after the remand, all the while knowing that PRO had reposted their standards online. Notably, just a month before Plaintiffs filed their motion, PRO for the first time posted the most recent version of NFPA's flagship standard—the 2017 National Electrical Code—making the need for a swift

resolution of this dispute all the more pressing.  *See* https://archive.org/details/gov. law. nfpa.nec.2017/page/n2 (posted Jan. 7, 2019).

In any event, PRO's passing reference to this delay in a single sentence of its brief hardly meets PRO's burden of demonstrating that Plaintiffs will not be prejudiced by an at least nine-month delay in these proceedings while Plaintiffs' works are posted online for free.  As this Court recognized when PRO last sought to delay the resolution of this case via summary judgment back in 2015, "[t]o the extent that the longer this case goes and the longer those documents are up there, the greater the harm that they allege they're suffering.  I mean, that is prejudice, as prejudice can be articulated."  11-4-15 Tr. at 8; *see also id.* at 6 (Court telling PRO that "you can't ask for a longer schedule which gives you longer to allegedly violate their copyright" by continuing to post the standards at issue online).  In light of this obvious prejudice, the Court refused to grant PRO's request for a four-month summary judgment briefing schedule while the standards were posted online.  If a four-month period of summary judgment briefing was unfairly prejudicial to Plaintiffs, then an at least nine-month delay for unnecessary fact discovery is even more prejudicial, and PRO's request to reopen discovery should be denied for this reason as well.

## III.   Plaintiffs' Proposed Schedule Is Appropriate.

The parties agree that the fair use questions presented on remand should be the subject of cross-motions for summary judgment.  However, Plaintiffs and PRO disagree on the briefing schedule.  Plaintiffs favor a simple briefing schedule providing for 60 days to brief cross-motions for summary judgment, with amicus briefs due 30 days after the date for opening cross-motions and opposition briefs due 45 days after the date for opening cross-motions.  This streamlined

schedule will promptly move along what is now a 5-year old case and lessen the potential for duplicative briefing by eliminating reply briefs.

Reply briefs are not necessary.  The parties have already extensively briefed fair use issues twice—in the first cross-motions for summary judgment and on appeal.  Further, the D.C. Circuit has provided guidance on how the parties and Court should frame the fair use analysis. Put simply, the arguments raised in the parties' opposition briefs will not come as a surprise and reply briefs are unlikely to do more than reframe the arguments raised in the opening cross-motions.

Plaintiffs' proposal assumes briefing will occur concurrently with the *AERA* case because no further discovery is necessary in either case and both are now ready to proceed to motions for summary judgment.  However, Plaintiffs' proposed schedule is appropriate irrespective of whether the two cases are briefed together.  In fact, PRO proposes a nearly identical schedule in the event briefing is not concurrent with the *AERA* case.  The parties' proposals differ more sharply in the event of concurrent briefing.

If briefing is concurrent with the *AERA* case, PRO argues the Court should apply a schedule similar to the first round of cross-motions for summary judgment, which staggered the order of briefs slightly so that PRO would not respond to both the *AERA* and *ASTM* plaintiffs at the same time.  In the current instance, staggering the briefs is not necessary.  The issues presented in this round of motions will be significantly narrowed to focus only on the fair use defenses that have already been briefed multiple times.  Thus, PRO responding to two briefs concurrently will be far less taxing.  Moreover, while PRO's proposal gives PRO the last word on issues where PRO bears the burden of proof, Plaintiffs' proposed schedule provides for concurrent final briefs.

## <u>CONCLUSION</u>

For the foregoing reasons, Plaintiffs respectfully request that this Court return this case to the Court's active docket and enter a scheduling order that limits summary judgment briefing to copyright and trademark fair use and adopts the deadlines set forth in the Plaintiffs' motion.

Dated: February 21, 2019                    Respectfully submitted,

/s/ J. Kevin Fee
J. Kevin Fee (D.C. Bar: 494016)
Jane W. Wise (D.C. Bar: 1027769)
Morgan, Lewis & Bockius LLP
1111 Pennsylvania Ave., N.W.
Washington, D.C. 20004
Telephone: 202.739.5353
Email: kevin.fee@morganlewis.com
        jane.wise@morganlewis.com

*Counsel for American Society For Testing And Materials d/b/a/ ASTM International*

/s/ Kelly M. Klaus
Kelly M. Klaus
Rose L. Ehler
Munger, Tolles & Olson LLP
560 Mission St., 27th Floor
San Francisco, CA 94105
Tel:  415.512.4000
Email: Kelly.Klaus@mto.com
        Rose.Ehler@mto.com

*Counsel for National Fire Protection Association, Inc.*

10

/s/ J. Blake Cunningham
Jeffrey S. Bucholtz (D.C. Bar: 452385)
King & Spalding LLP
1700 Pennsylvania Avenue, NW, Ste. 200
Washington, DC 20006-4707
Tel: 202.737.0500
Email: jbucholtz@kslaw.com

Kenneth L. Steinthal
J. Blake Cunningham
King & Spalding LLP
101 Second Street, Ste. 2300
San Francisco, CA 94105
Tel: 415.318.1211
Email: ksteinthal@kslaw.com
        bcunningham@kslaw.com

*Counsel for American Society of Heating, Refrigerating, and Air Conditioning Engineers*