## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICAN SOCIETY FOR TESTING AND MATERIALS d/b/a/ ASTM INTERNATIONAL;<br><br>NATIONAL FIRE PROTECTION ASSOCIATION, INC.; and<br><br>AMERICAN SOCIETY OF HEATING, REFRIGERATING, AND AIR CONDITIONING ENGINEERS,<br><br>        Plaintiffs/<br>        Counter-Defendants,<br><br>v.<br><br>PUBLIC.RESOURCE.ORG, INC.,<br><br>        Defendant/<br>        Counter-Plaintiff. | Case No. 1:13-cv-01215-TSC |

## MOTION TO STAY ALL DEADLINES PENDING DECISION OF
## UNITED STATES SUPREME COURT, *GEORGIA V. PUBLIC.RESOURCE.ORG, INC.*

Plaintiffs move the Court to stay all deadlines pending the Supreme Court's decision in *Georgia et al. v. Public.Resource.Org*, No. 18-1150 ("*Georgia v. PRO*"). Granting a stay would benefit judicial efficiency and there is no harm to Public.Resource.Org, Inc. ("PRO").[1]

The Supreme Court granted certiorari on June 24, 2019. Georgia's statement of the question presented in the case is as follows:

> This Court has held, as a matter of "public policy," that judicial opinions are not copyrightable. *Banks v. Manchester*, 128 U.S. 244, 253-254 (1888). Lower courts have extended that holding to state statutes. *See, e.g.*, *John G. Danielson, Inc. v. Winchester-Conant Props., Inc*., 322 F.3d 26, 38 (1st Cir. 2003). But the rule that "government edicts" cannot be copyrighted has "proven difficult to apply when the material in question does not fall neatly into the categories of statutes or judicial opinions." *Ibid.*

---

[1] Pursuant to Local Rule 7(m), the parties met-and-conferred regarding this Motion. PRO opposes a stay.

The question presented is:

Whether the government edicts doctrine extends to—and thus renders copyrightable—works that lack the force of law, such as the annotations in the Official Code of Georgia Annotated.

Petition for a Writ of Certiorari at i, *Georgia v. PRO*.[2]

PRO, the defendant in this case and the respondent in the *Georgia* case, agreed that the Court should grant certiorari.  Brief in Opposition to Certiorari ("Op.") at 2, *Georgia v. PRO* ("The Court should grant certiorari to clarify, authoritatively, how courts should analyze whether a given work is an uncopyrightable government edict.").  As relevant to this case, PRO argued "[t]he scope of the government edicts doctrine is raised by a number of active disputes, including the American Society case pending in the district court on remand from the D.C. Circuit." *Id.* at 13.  It asked the Supreme Court to take the *Georgia* case because, it acknowledged that this case "will not reach [the Supreme] Court, if ever, for several years" and, according to PRO, "[a]ll parties would benefit from this Court's earliest guidance." *Id.*

District courts have the inherent authority to stay an action when appropriate.  "[C]ourts possess inherent authority to stay proceedings in the interests of judicial economy and efficiency." *American Postal Workers Union v. U.S Postal Service*, 422 F. Supp. 2d 240, 248 (D.D.C. 2006) (staying proceedings pending ruling by NLRB).  "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North American Co.*, 299 U.S. 248, 254-55 (1936).

Plaintiffs cannot control what Georgia or PRO intend to argue to the Supreme Court. PRO may make arguments that are the same or similar to those it has made in this lawsuit—it

---

[2] Docket available at https://www.supremecourt.gov/docket/docketfiles/html/public/18-1150.html.

has previewed as much in its "opposition" to certiorari which asked the Supreme Court to take the case because, in its view, this and other cases "would benefit from the Court's earliest guidance." Op. at 13.  The Supreme Court's ruling has the potential to impact the contours of this case—either in a way that could *save* judicial resources or, more likely, in a way that, if the parties continue through briefing summary judgment before that case is decided, could require yet another round of briefing to address.  That cannot be known before the case is argued and decided.  Plaintiffs believe it would be prudent to stay this litigation while the Supreme Court decides the *Georgia* case.

PRO has not explained how a stay would prejudice it.  PRO has re-posted Plaintiffs' works following the D.C. Circuit's decision vacating the injunction in this case.  The parties are currently engaged in time consuming and expensive discovery.  PRO has served two rounds of document discovery on each Plaintiff as well as a substantial number of interrogatories and Plaintiffs have served additional discovery on PRO.  PRO has noticed four third-party depositions and sought documents from those witnesses and is planning to conduct additional fact depositions of Plaintiffs' witnesses.  Fact discovery is set to close on September 9, 2019— meaning the parties would have to engage in these depositions and complete document production over the next several weeks.  *See* Dkt. Entry 5/21/2019.  Shortly thereafter Plaintiffs' motion for summary judgment is due—on October 4, 2019— and the parties are to complete summary judgment briefing by December.  This ambitious litigation schedule makes no sense given that PRO has already asked the Court for guidance that may impact this case.

For the foregoing reasons, Plaintiffs respectfully request that this Court grant a stay of this action and suspend discovery and briefing deadlines pending the Supreme Court's decision in *Georgia et al. v. Public.Resource.Org*, No. 18-1150.

3

Dated: July 23, 2019                Respectfully submitted,

/s/ J. Kevin Fee
J. Kevin Fee (D.C. Bar: 494016)
Jane Wise (D.C. Bar: 1027769)
Morgan, Lewis & Bockius LLP
1111 Pennsylvania Ave., N.W.
Washington, D.C. 20004
Telephone: 202.739.5353
Email: kevin.fee@morganlewis.com
         jane.wise@morganlewis.com

*Counsel for American Society For Testing And Materials*
*d/b/a/ ASTM International*

/s/ Kelly M. Klaus
Rachel G. Miller-Ziegler (D.C. Bar: 229956)
Munger, Tolles & Olson LLP
1155 F St. NW, 7th Floor
Washington, DC 20004
Tel:  202.220.1100
Email: Rachel.Miller-Ziegler@mto.com

Kelly M. Klaus (*pro hac vice*)
Rose Leda. Ehler (*pro hac vice*)
Munger, Tolles & Olson LLP
560 Mission St., 27th Floor
San Francisco, CA 94105
Tel:  415.512.4000
Email: Kelly.Klaus@mto.com
Rose.Ehler@mto.com

*Counsel for National Fire Protection Association, Inc.*

4

/s/ J. Blake Cunningham
Jeffrey S. Bucholtz (D.C. Bar: 452385)
King & Spalding LLP
1700 Pennsylvania Avenue, NW, Ste. 200
Washington, DC 20006-4707
Tel: 202.737.0500
Email: jbucholtz@kslaw.com

J. Blake Cunningham
King & Spalding LLP
101 Second Street, Ste. 2300
San Francisco, CA 94105
Tel: 415.318.1211
Email: bcunningham@kslaw.com

*Counsel for American Society of Heating, Refrigerating, and Air Conditioning Engineers*