UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICAN SOCIETY FOR TESTING AND MATERIALS d/b/a ASTM INTERNATIONAL; <br><br> NATIONAL FIRE PROTECTION ASSOCIATION, INC.; and <br><br> AMERICAN SOCIETY OF HEATING, REFRIGERATING, AND AIR CONDITIONING ENGINEERS, <br><br>    Plaintiffs/Counter-Defendants, <br><br>  v. <br><br> PUBLIC.RESOURCE.ORG, INC., <br><br>    Defendant/Counter-Plaintiff. | Case No. 1:13-cv-01215-TSC-DAR <br><br> **OPPOSITION TO ASTM PLAINTIFFS' MOTION TO STAY ALL DEADLINES PENDING DECISION OF UNITED STATES SUPREME COURT, GEORGIA V. PUBLIC.RESOURCE.ORG, INC. ACTION** <br><br> Filed: August 6, 2013 |

  Public Resource opposes a stay. The Supreme Court's decision in *Georgia et al. v. Public.Resource.Org* is unlikely to affect significantly the questions immediately before this Court, namely fair use and copyright ownership determinations based on the facts of this case.

  Plaintiffs filed this action exactly six years ago claiming existential, urgent harms to their operations from Public Resource's activities. Plaintiffs previously objected to extensions of the deadlines in this case, urging that they would be harmed by any postponement of the resolution they seek. Now they want to delay resolution because another case, focused on rather different legal issues, could possibly shed light on this one. That is not an appropriate basis for a stay.

  A timely resolution of this case, including the copyright and trademark fair use defenses that are at issue on remand, will allow Public Resource to decide how best to fulfill its mission

1

going forward. Public Resource has had to postpone these decisions while the legal status of its use of standards incorporated by reference into law (IBR standards) remains unresolved.

No party to this case can predict with any certainty whether the Supreme Court's consideration of *Georgia et al. v. Public.Resource.Org*, No. 18-1150, will influence the outcome of this case. To promote efficiency and certainty, this case should proceed to briefing and cross summary judgment motions on the ownership and fair use issues that are ripe for decision after the remand by the D.C. Circuit.

"In considering whether to delay its proceedings by way of a stay . . . a court must ascertain 'the true value that would follow prior completion of the related [] proceedings." *Painters' Pension Tr. Fund of Washington, D.C. & Vicinity v. Manganaro Corp., Maryland*, 693 F. Supp. 1222, 1224 (D.D.C. 1988) (quoting *Rohr Industries v. Washington Metropolitan Area Transit Authority*, 720 F.2d 1319, 1325 (D.C. Cir. 1983)). Here, that value is highly uncertain.

While the Georgia case also concerns the enforceability of copyright in laws, there are significant differences between the cases in their respective postures. The Georgia case concerns Georgia's official legislative code that the state publishes only as the "Official Code of Georgia Annotated" with annotations that the state has designated as "official." While a Georgia statute states that the annotations "do not constitute part of the law," O.C.G.A. § 1-1-7, the Eleventh Circuit held that those annotations "are part and parcel of the law" and are thus government edicts not subject to copyright. *See Code Revision Commission v. Public.Resource.Org*, 906 F.3d 1229, 1233, 1244 (11th Cir. 2018).

As the Court knows, this case concerns standards and code documents that federal and state governments incorporated into federal and state laws and regulations by reference, a process that explicitly gives them the force of law. 5 U.S.C. §552(a)(1); 1 C.F.R. §§ 51.1-51.11.

Because of this factual distinction, the Supreme Court's decision in the Georgia case may not affect the outcome of this case.

More importantly, however, the Supreme Court's decision is unlikely to affect the issue that the D.C. Circuit remanded the case for this Court to consider, namely whether PRO's posting of standards incorporated by reference was fair use. The fair use doctrine was not the basis of the Eleventh Circuit's opinion in the Georgia case and is not before the Supreme Court. To be sure, the status of those standards under copyright law and the government edicts doctrine are highly important to the fair use inquiry. But fair use analysis also includes, among other things, an inquiry into the purpose and character of the use—here, Public Resource's use of IBR standards to inform and educate the public about the law, which the D.C. Circuit characterized as favoring a finding of fair use "as a general matter." *Am. Soc'y for Testing & Materials, et al. v. Public.Resource.Org, Inc.*, 896 F.3d 437, 449 (D.C. Cir. 2018). The Georgia case does not put the purpose and character of Public Resource's incorporated-standards project at issue. And even if the Supreme Court were to rule against Public Resource in the Georgia case, Public Resource could still prevail in this case on fair use or ownership grounds. All parties will benefit from timely resolution of the factual and legal issues raised by Public Resource's defense of fair use as well as resolution of the ownership issues that the D.C. Circuit ruled were not properly before it in the earlier appeal.

The issues before the Supreme Court in the Georgia case will come to the fore in *this* case if Public Resource loses its fair use defense and the ASTM plaintiffs prevail on their ownership claims that are inconsistent with their copyright registrations, at which point this Court could reach the constitutional questions that Public Resource raised. This Court's decision on fair use and copyright ownership is likely to occur at about the same time as the Supreme

Court's decision in the Georgia case. If the fair use or ownership grounds do not conclude this case in Public Resource's favor, this Court will be able to apply the decision in the Georgia case to revisit the more fundamental issues of copyrightability of the standards as laws. Thus it is most efficient for this Court to continue on its current path.

Finally, Plaintiffs' request for a stay is inconsistent with their earlier statements to this Court. In February of this year, while asking the Court to proceed to summary judgment without supplemental discovery, Plaintiffs argued that taking several months to augment the factual record "will unfairly prejudice Plaintiffs who seek to put this matter behind them . . . Defendant should not be permitted to delay this Court's final resolution of the narrow issue of fair use while it continues to post Plaintiffs' copyrighted works online in the interim." Scheduling Motion at 5, ECF No. 188. Now that discovery is nearly complete, they argue for a delay of up to ten months on the mere possibility that the Supreme Court's decision in the Georgia case might influence this case.

Public Resource opposes a stay for the same reason it did not oppose the grant of certiorari in the Georgia case: because Public Resource seeks timely and decisive resolution of all the hotly contested issues in these cases, to further its mission while conforming its conduct to the law as the courts determine it.

Additionally, the plaintiffs in the other action before this Court, *American Education Research Association, Inc. et al. v. Public.Resource.Org, Inc.*, 1:14-cv-00857-TSC-DAR, have not requested a stay, and they did not join in the ASTM Plaintiffs' motion. Public Resource believes that *neither* case should be stayed, for the reasons it stated above. If it stays one case (ASTM) and not the other (AERA), this Court would likely have to do double the work with the

cases on different timetables, and it would significantly increase the burdens on Public Resource and its *pro bono* counsel. There would be no efficiency, and only burdens, from such a stay.

If the Court were to grant the stay that the ASTM plaintiffs seek, the Court should similarly stay the proceedings in the AERA case, but for all the reasons discussed above, Public Resource respectfully requests that the Court deny the ASTM Plaintiffs' motion for a stay.


Dated: August 6, 2019                                  Respectfully submitted,


                                                                              /s/   Andrew P. Bridges
Mitchell L. Stoltz (admitted)
mitch@eff.org
Corynne McSherry (admitted *pro hac vice*)
corynne@eff.org
ELECTRONIC FRONTIER FOUNDATION
815 Eddy Street
San Francisco, CA 94109
Telephone:   (415) 436-9333
Facsimile:   (415) 436-9993

Andrew P. Bridges (admitted)
abridges@fenwick.com
Matthew B. Becker (admitted *pro hac vice*)
mbecker@fenwick.com
FENWICK & WEST LLP
555 California Street, 12th Floor
San Francisco, CA 94104
Telephone:   (415) 875-2300
Facsimile:   (415) 281-1350

David Halperin (D.C. Bar No. 426078)
davidhalperindc@gmail.com
1530 P Street NW
Washington, DC 20005
Telephone: (202) 905-3434

*Attorneys for Defendant/Counter-Plaintiff*
Public.Resource.Org, Inc.