# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICAN SOCIETY FOR TESTING AND MATERIALS d/b/a/ ASTM INTERNATIONAL;<br><br>NATIONAL FIRE PROTECTION ASSOCIATION, INC.; and<br><br>AMERICAN SOCIETY OF HEATING, REFRIGERATING, AND AIR CONDITIONING ENGINEERS,<br><br>       Plaintiffs/<br>       Counter-Defendants,<br><br>v.<br><br>PUBLIC.RESOURCE.ORG, INC.,<br><br>       Defendant/<br>       Counter-Plaintiff. | Case No. 1:13-cv-01215-TSC |

## REPLY IN SUPPORT OF MOTION TO STAY PENDING DECISION OF UNITED STATES SUPREME COURT IN *GEORGIA V. PUBLIC.RESOURCE.ORG, INC.*

The balance of efficiencies and prejudice weigh strongly in favor of staying this litigation pending the Supreme Court's decision in Public.Resource.Org, Inc.'s ("PRO") case against Georgia.  PRO will not suffer any prejudice as a result.

PRO asserts that "[n]o party to this case can predict with any certainty whether the Supreme Court's [decision] . . .  will influence the outcome of this case," and that *Georgia v. PRO* is "unlikely to affect [this case] significantly."  Opp. at 1-2.  But when PRO urged the Supreme Court to grant certiorari in the *Georgia v. PRO* case—notwithstanding the fact that PRO *won* in the Eleventh Circuit—PRO argued that "all parties," *i.e.*, "all" parties in PRO's various litigation efforts, including *this* case, "would benefit from [the Supreme] Court's earliest guidance," *see* discussion at Mot. at 2 (quoting PRO Br. in Opp. 14 (U.S. No. 18-1150)).  PRO's

merits brief in the Supreme Court is due October 9, 2019.  PRO does not deny that it is going to use at least part of that brief to swing for the fences, and to ask the Court to declare that any standard incorporated by reference loses copyright protection.  Likewise, PRO's own opposition brief contends that, for example, the "government edicts doctrine" is "highly important to the fair use inquiry."  Opp. at 3.  Whether or not Plaintiffs agree (they do not), the point is that PRO is going to make the same arguments in both this Court and the Supreme Court and there is simply no reason for this Court to guess as to how they will be decided.[1]

Even the case that PRO relies on here, *Painters' Pension Trust Fund of Washington, D.C. & Vicinity v. Manganaro Corp., Maryland*, 693 F. Supp. 1222 (D.D.C. 1988), makes clear that where another pending case "might illuminate or resolve matters also confronting [this] court," equity favors granting a stay.  *Id*. at 1224.  PRO's disingenuous contention that it views *Georgia v. PRO* as "rather different" is inconsistent with its prior statements and barred by judicial estoppel.  *See New Hampshire v. Maine*, 532 U.S. 742, 750 (2001) ("judicial estoppel prevents parties from 'playing 'fast and loose with the courts''" (citation omitted)).

Plaintiffs will suffer prejudice if this case is not stayed.  While *Georgia v. PRO* does involve different factual and legal issues (as Plaintiffs will explain in an amicus brief they intend to file at the Supreme Court), the Supreme Court has not weighed in on these sorts of issues, like the government edicts doctrine, for over a hundred years.  Plaintiffs may want to accommodate

---

[1] PRO's discovery efforts also reveal that it plans to make many of the same arguments it made in *Georgia v. PRO* at the summary judgment stage.  For example, just yesterday, PRO took the deposition of Mia Marvelli, Executive Director of the California Building Standards Commission and asked her a number of questions regarding California's claim of copyright in the California Electric Code.

PRO's arguments in appeal and the Supreme Court's ultimate decision in *Georgia v. PRO* in their presentation of facts and law on fair use here.[2]

In contrast, PRO does not stand to suffer prejudice at all.  PRO asserts the elusive harm of having "to postpone . . . decisions" of "how best to fulfill its mission" while the case is pending.  Opp. at 1-2.  It does not point to anything in particular it has done or would do differently if this motion were resolved in its favor (or against it).  Indeed, PRO has reposted Plaintiffs' standards to the Internet Archive following remand from the Court of Appeals—it is plainly not deferring action until a judgment from this Court.  And while PRO attempts to fault Plaintiffs for their earlier statements reflecting the ongoing harm they suffer as long as PRO engages in its infringing conduct, Opp. at 4, it is completely consistent for Plaintiffs to both be outraged and harmed by PRO's conduct and yet not want to expend the parties' and judicial resources rushing to litigate this matter while the Supreme Court may be about to address the scope of the "government edicts government" for the first time in a century.

Finally, the burden on the Court and parties is real—discovery will close soon, but PRO continues to notice third party depositions of government officials, including noticing a deposition of the U.S. Department of Labor for September 3rd and of the National Archives and Records Administration for September 9th.  Summary judgment briefing is no small exercise and will occupy the parties from October through December.  *See* Scheduling Order, entered 5/21/2019).  PRO says it will be inefficient if the *American Education Research Association, Inc.*

---

[2] PRO once again attempts to resuscitate its challenges to Plaintiffs' ownership of their copyrighted works, suggesting that is an issue for summary judgment, when those issues are now foreclosed by law-of-the case.  *Trout v. Garrett*, 780 F. Supp. 1396, 1425 (D.D.C. 1991) ("A defendant cannot forego its opportunity to challenge a claim (and thereby deprive the plaintiffs of their opportunity to rebut the challenge) only to reopen the issue much later when it might choose to do so."); *see also* Dkt. 188 (citing cases).

*et al. v. Public.Resource.Org, Inc.*, No. 1:14-cv-00857-TSC-DAR case is not also stayed, but the

AERA Plaintiffs have not opposed this Motion and the Court has discretion to stay that case too.

    For the foregoing reasons, Plaintiffs respectfully request that this Court grant a stay of

this action and suspend all deadlines pending the Supreme Court's decision in *Georgia. v. PRO*.

Dated: August 20, 2019          Respectfully submitted,

         */s/ J. Kevin Fee*
         J. Kevin Fee (D.C. Bar: 494016)
         Jane Wise (D.C. Bar: 1027769)
         Morgan, Lewis & Bockius LLP
         1111 Pennsylvania Ave., N.W.
         Washington, D.C. 20004
         Telephone: 202.739.5353
         Email: kevin.fee@morganlewis.com
                 jane.wise@morganlewis.com

         *Counsel for American Society For Testing And Materials*
         *d/b/a/ ASTM International*

         */s/ Kelly M. Klaus*
         Kelly M. Klaus (*pro hac vice*)
         Rose Leda. Ehler (*pro hac vice*)
         Munger, Tolles & Olson LLP
         560 Mission St., 27th Floor
         San Francisco, CA 94105
         Tel:  415.512.4000
         Email: Kelly.Klaus@mto.com
         Rose.Ehler@mto.com

         Rachel G. Miller-Ziegler (D.C. Bar: 229956)
         Munger, Tolles & Olson LLP
         1155 F St. NW, 7th Floor
         Washington, DC 20004
         Tel:  202.220.1100
         Email: Rachel.Miller-Ziegler@mto.com

         *Counsel for National Fire Protection Association, Inc.*

*/s/ J. Blake Cunningham*
J. Blake Cunningham
King & Spalding LLP
101 Second Street, Ste. 2300
San Francisco, CA 94105
Tel: 415.318.1211
Email: bcunningham@kslaw.com

Jeffrey S. Bucholtz (D.C. Bar: 452385)
King & Spalding LLP
1700 Pennsylvania Avenue, NW, Ste. 200
Washington, DC 20006-4707
Tel: 202.737.0500
Email: jbucholtz@kslaw.com

*Counsel for American Society of Heating, Refrigerating,
and Air Conditioning Engineers*