# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

AMERICAN SOCIETY FOR TESTING AND
MATERIALS d/b/a ASTM INTERNATIONAL;

NATIONAL FIRE PROTECTION
ASSOCIATION, INC.; and

AMERICAN SOCIETY OF HEATING,
REFRIGERATING, AND AIR CONDITIONING
ENGINEERS,

        Plaintiffs/Counter-defendants,

    v.

PUBLIC.RESOURCE.ORG, INC.,

        Defendant/Counterclaimant.

Case No. 1:13-cv-01215-TSC

**PUBLIC RESOURCE'S EVIDENTIARY OBJECTIONS IN OPPOSITION TO [198] PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT AND FOR PERMANENT INJUNCTION**

Defendant-Counterclaimant Public.Resource.Org, Inc. ("Public Resource") hereby submits the following objections to evidence on which Plaintiffs rely in their second motion for summary judgment and for a permanent injunction, Dkt. 198.

## I.   STANDARDS FOR ADMISSIBLE EVIDENCE ON A MOTION FOR SUMMARY JUDGMENT

Trial courts "can only consider *admissible* evidence in ruling on a motion for summary judgment." *Orr v. Bank of America*, 285 F.3d 764, 773 (9th Cir. 2002) (emphasis added); *see also* Fed. R. Civ. P. 56(c); Fed. R. Evid. 101 (Rules of Evidence apply to all proceedings in the courts of the United States); Fed. R. Evid. 1101 (listing exceptions to Rule 101). Hearsay, documents that cannot be authenticated, out-of-context excerpts, and evidence with no foundation will not suffice, and are not to be considered by the court in ruling on motions for summary judgment or adjudication. *See Block v. City of Los Angeles*, 253 F.3d 410, 418-19 (9th Cir. 2001) (consideration of a declaration's facts not based on personal knowledge was an abuse of discretion because the facts were inadmissible). Much of the evidence on which Plaintiffs rely fails to meet the minimum threshold requirements of admissibility, as Public Resource sets forth below:

### A.   Irrelevant Evidence

Irrelevant evidence cannot be considered in summary judgment proceedings. *See* Fed. R. Evid. 402; *see also U.S. ex rel. Miller v. Bill Harbert Intern. Const., Inc.,* 608 F.3d 871, 897 (D.C. Cir. 2010) ("To be admitted, evidence must be relevant."); *Smith v. Hughes Aircraft Co.*, 22 F.3d 1432, 1439 (9th Cir. 1993) (affirming trial court's refusal to consider irrelevant evidence on summary judgment); *Uche-Uwakwe v. Shinseki*, 972 F. Supp. 2d 1159, 1165 (C.D. Cal. 2013) (sustaining objection that statement filed in support of motion for summary judgment was inadmissible for lack of relevance and foundation).

### B.      Lack of Personal Knowledge/Foundation

A fact witness may not testify to a matter unless the witness has personal knowledge of

the matter.  Fed. R. Evid. 602; Fed. R. Civ. P. 56(c) ("declaration used to support or oppose a

motion must be made on personal knowledge, set out facts that would be admissible in evidence,

and show that the affiant or declarant is competent to testify on the matters stated"); *U.S. v.

Davis*, 596 F.3d 852, 856 (D.C. Cir. 2010) ("The Rules also prohibit a witness from testifying

unless he has personal knowledge of the subject of his testimony."); *Orr*, 285 F.3d at 774 & n.9;

*Express, LLC v. Fetish Group, Inc.*, 464 F. Supp. 2d 965, 973 (C.D. Cal. 2006) ("Declarations

submitted in conjunction with summary judgment proceedings must . . . be based on personal

knowledge"). Further, "[a] declarant's mere assertions that he or she possesses personal

knowledge and competency to testify are not sufficient." *Boyd v. City of Oakland*, 458 F. Supp.

2d 1015, 1023 (N.D. Cal. 2006).  A declarant must show personal knowledge and competency

"affirmatively," under Rule 56, for example, by "the nature of the declarant's position and nature

of participation in matter." *Id*.; see also *Barthelemy v. Air Lines Pilots Ass'n*, 897 F.2d 999, 1018

(9th Cir. 1990) (inferring personal knowledge from affiants' "positions and the nature of their

participation in the matters to which they swore"). The fact that Public Resource does not object

to the witnesses' conclusory statements that they have personal knowledge of the facts stated in

their declarations and are competent to testify does not signal Public Resource's acquiescence

with those assertions.  Those assertions are inadequate to show personal knowledge and may be

false.

### C.      Improper Lay Testimony on Legal Conclusions or Expert Subject Matter

Legal conclusions are not admissible evidence.  *See Pierce v. Kaiser Found. Hospitals*,

CV 09-03837 WHA, 2010 WL 4590930, at *8 (N.D. Cal. Nov. 4, 2010), *aff'd*, 470 F. App'x 649

(9th Cir. 2012) (excluding numerous declarant statements containing inadmissible legal

conclusions).  The Declarants, without any legal expertise, repeatedly state legal conclusions and the legal effects of documents.  *See* Fed. R. Evid. 701; *see also Evangelista v. Inlandboatmen's Union of Pac.*, 777 F.2d 1390, 1398 n.3 (9th Cir. 1985) (lay opinion construing contract provisions is inadmissible); Pierce, 2010 WL 4590930, at *8 (declaration that opponent "breached" agreement or "violated" laws is inadmissible legal conclusion).

Only a witness who qualifies as an expert, with the necessary knowledge, skill, experience, training, or education, may offer testimony requiring scientific, technical, or other specialized knowledge. Opinion testimony of a lay person is inadmissible.  Fed. R. Evid. 701, 702; *see also United States v. Hampton*, 718 F.3d 978, 981–82 (D.C. Cir. 2013) (error for district court to allow FBI agent to testify as a lay witness in the form of an opinion without an applicable exception in Rule 701); *U.S. Aviation Underwriters, Inc. v. Yellow Freight Sys., Inc.*, 296 F. Supp. 2d 1322, 1331 (S.D. Ala. 2003) (unqualified expert opinions inadmissible at summary judgment).

The "proponent of the expert bears the burden of demonstrating that the expert is qualified."  *Gable v. Nat'l Broad. Co.*, 727 F. Supp. 2d 815, 833 (C.D. Cal. 2010), *aff'd*, 438 F. App'x 587 (9th Cir. 2011) (citing *United States v. 87.98 Acres of Land More or Less in the County of Merced,* 530 F.3d 899, 904-05 (9th Cir. 2008)). *See also Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 147-48 (1999) (expert must have specialized knowledge).

Improper lay opinion includes unsupported, speculative, and conclusory statements. These statements and claims and arguments of opposing parties and their attorneys are not evidence and do not raise a genuine issue of material fact to preclude summary judgment. *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990) (The purpose of Rule 56(e) is "not to replace conclusory allegations of the complaint with conclusory allegations of an affidavit.").

3

Instead, "[w]here the moving party will have the burden of proof at trial, it must *affirmatively demonstrate* that no reasonable trier of fact could find other than for the moving party." *Int'l Church of Foursquare Gospel v. City of San Leandro*, 902 F. Supp. 2d 1286, 1290-91 (N.D. Cal. 2012) (citing *Soremekun v. Thrifty Payless, Inc.*, 509 F.3d 978, 984 (9th Cir. 2007)).  *Cf. Orr*, 285 F.3d at 783 ("To defeat summary judgment, [one opposing summary judgment] must respond with more than mere hearsay and legal conclusions"); *Cambridge Elecs. Corp. v. MGA Elecs., Inc.*, 227 F.R.D. 313, 320 (C.D. Cal. 2004) ("Conclusory, speculative testimony in affidavits and moving papers is insufficient to raise genuine issues of fact and defeat summary judgment").

### D.      Hearsay

Generally, "inadmissible hearsay evidence may not be considered on a motion for summary judgment." *Anheuser-Busch, Inc.  v. Natural Beverage Distribs.*, 69 F.3d 337, 345 n.4 (9th Cir. 1995); *see also Blair Foods, Inc. v. Ranchers Cotton Oil*, 610 F.2d 665, 667 (9th Cir. 1980) ("hearsay evidence is inadmissible and may not be considered by this court on review of a summary judgment"); *Riggsbee v. Diversity Servs.*, Inc., 637 F.Supp.2d 39, 46 (D.D.C. 2009) ("on summary judgment, statements that are impermissible hearsay or that are not based on personal knowledge are precluded from consideration by the Court."); *In re Cypress Semiconductor, Inc. Sec. Litig.*, 891 F. Supp. 1369, 1374 (N.D. Cal. 1995) (hearsay evidence cannot be considered in summary judgment proceedings), *aff'd*, 113 F.3d 1240 (9th Cir. 1997).

### E.      Unauthenticated Documents

Authentication or identification is a condition precedent to the admissibility of a document.  Fed. R. Evid. 901. Under Federal Rule of Civil Procedure 56, evidence in support of a motion for summary judgment is objectionable if it cannot be presented in a form that would be admissible. A document cannot be authenticated by one who does not have personal knowledge

of its authenticity.  The testimony of a witness with personal knowledge of the facts who attests

to the identity and due execution of the document and, where appropriate, its delivery is

necessary to lay the foundation for a document. *United States v. Dibble*, 429 F.2d 598, 602 (9th

Cir. 1970). If Plaintiffs are unable to show that they could authenticate a document at trial, the

Court should not consider it on Plaintiffs' motion for summary judgment.

>    **F.**     **Secondary Evidence Rule**

The "secondary evidence rule" requires that a proponent prove the contents of documents

by producing the document itself.  Fed. R. Evid. 1001, 1002.  Relatedly, a party may advance a

summary to the prove the content of "voluminous" writings or documents only if it makes the

originals or duplicates available for examination.  Fed. R. Evid. 1006.

## II.    OBJECTIONS TO DECLARATIONS FILED IN SUPPORT OF PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT

Public Resource incorporates by reference here its earlier objections (Dkt. 121-4) to the

evidence that Plaintiffs submitted on their first motion for summary judgment.

>    **A.**     **Objections to the Supplemental Declaration of James T. Pauley in Support of Plaintiffs' Second Motion for Summary Judgment and a Permanent Injunction**

| Supplemental Declaration of James T. Pauley In Support of Plaintiffs' Second Motion for Summary Judgment And A Permanent Injunction | Defendant-Counterclaimant Public Resource's Objections |
|---|---|
| 3. NFPA owns the copyrights to over 300 standards it has published. This litigation involves 23 of NFPA's copyrighted standards. | FRE 701 Improper legal opinion: This states an improper legal conclusion of ownership, which is especially troublesome in this case where the Plaintiffs' evidence showed a lack of ownership, which caused Plaintiffs to abandon their first two theories of copyright ownership (works made for hire, then ownership by assignment) in favor of a third theory of ownership, namely joint authorship of joint works, where the copyright |

| Supplemental Declaration of James T. Pauley In Support of Plaintiffs' Second Motion for Summary Judgment And A Permanent Injunction | Defendant-Counterclaimant Public Resource's Objections |
|---|---|
| | registrations contradict the theory of ownership.<br><br>FRE 1002 Secondary Evidence. The witness has not provided the original copyright registrations.  Public Resource also objects under FRE 1006 because this assertion is an improper summary. |
| 5. NFPA previously submitted the copyright registration certificates for NFPA 70, the National Electrical Code (2011 ed.) and (2014 ed.), as Exhibits A & B to the declaration of Dennis Berry (Dkt. 118-3). Copyright registration certificates for NFPA's other standards at issue in this litigation are attached hereto as set forth below. | To the extent that the Plaintiffs rely upon the copyright registration certificates to suggest their ownership of copyrights, FRE 701 Improper legal opinion: This states an improper legal conclusion of ownership, which is especially troublesome in this case where the Plaintiffs' evidence showed an lack of ownership, which caused Plaintiffs to abandon their first two theories of copyright ownership (works made for hire, then ownership by assignment) in favor of a third theory of ownership, namely joint authorship of joint works, where the copyright registrations contradict the theory of ownership. |
| 6. NFPA owns a United States copyright registration for NFPA 1 (2003 ed.), the Uniform Fire Code. Attached as Exhibit W to this declaration is a true and correct copy of the registration certificate for this work, TX 5-970-602. | To the extent that the Plaintiffs rely upon the copyright registration certificates to suggest their ownership of copyrights, FRE 701 Improper legal opinion: This states an improper legal conclusion of ownership, which is especially troublesome in this case where the Plaintiffs' evidence showed an lack of ownership, which caused Plaintiffs to abandon their first two theories of copyright ownership (works made for hire, then ownership by assignment) in favor of a third theory of ownership, namely joint authorship of joint works, where the copyright registrations contradict the theory of ownership. |

6

| Supplemental Declaration of James T. Pauley In Support of Plaintiffs' Second Motion for Summary Judgment And A Permanent Injunction | Defendant-Counterclaimant Public Resource's Objections |
|---|---|
| 7. NFPA owns a United States copyright registration for NFPA 1 (2006 ed.), the Uniform Fire Code. Attached as Exhibit X to this declaration is a true and correct copy of the registration certificate for this work, TX 6-261-668. | To the extent that the Plaintiffs rely upon the copyright registration certificates to suggest their ownership of copyrights, FRE 701 Improper legal opinion: This states an improper legal conclusion of ownership, which is especially troublesome in this case where the Plaintiffs' evidence showed an lack of ownership, which caused Plaintiffs to abandon their first two theories of copyright ownership (works made for hire, then ownership by assignment) in favor of a third theory of ownership, namely joint authorship of joint works, where the copyright registrations contradict the theory of ownership. |
| 8. NFPA owns a United States copyright registration for NFPA 10 (2002 ed.) the Standard for Portable Fire Extinguishers, NFPA 13 (2002 ed.) Installation of Sprinkler Systems, NFPA 25 (2002 ed.) Inspection, Testing and Maintenance of Water-Based Fire Protection Systems, registered under the title "National Fire Codes Vol. 1-12 and Master Index." Attached as Exhibit Y to this declaration is a true and correct copy of the registration certificate for this work, TX 5-752-623. | To the extent that the Plaintiffs rely upon the copyright registration certificates to suggest their ownership of copyrights, FRE 701 Improper legal opinion: This states an improper legal conclusion of ownership, which is especially troublesome in this case where the Plaintiffs' evidence showed an lack of ownership, which caused Plaintiffs to abandon their first two theories of copyright ownership (works made for hire, then ownership by assignment) in favor of a third theory of ownership, namely joint authorship of joint works, where the copyright registrations contradict the theory of ownership. |
| 9. NFPA owns a United States copyright registration for NFPA 11 (2005 ed.) the Standard for Low Medium and High Expansion Foam. Attached as Exhibit Z to this declaration is a true and correct copy of the registration certificate for this work, TX 6-160-768. | To the extent that the Plaintiffs rely upon the copyright registration certificates to suggest their ownership of copyrights, FRE 701 Improper legal opinion: This states an improper legal conclusion of ownership, which is especially troublesome in this case where the Plaintiffs' evidence showed an lack of ownership, which caused Plaintiffs to abandon their first two theories of copyright |

| Supplemental Declaration of James T. Pauley In Support of Plaintiffs' Second Motion for Summary Judgment And A Permanent Injunction | Defendant-Counterclaimant Public Resource's Objections |
|---|---|
| | ownership (works made for hire, then ownership by assignment) in favor of a third theory of ownership, namely joint authorship of joint works, where the copyright registrations contradict the theory of ownership. |
| 10. NFPA owns a United States copyright registration for NFPA 12 (2005 ed.) the Standard on Carbon Dioxide Extinguishing Systems. Attached as Exhibit AA to this declaration is a true and correct copy of the registration certificate for this work, TX 6-232-876. | To the extent that the Plaintiffs rely upon the copyright registration certificates to suggest their ownership of copyrights, FRE 701 Improper legal opinion: This states an improper legal conclusion of ownership, which is especially troublesome in this case where the Plaintiffs' evidence showed an lack of ownership, which caused Plaintiffs to abandon their first two theories of copyright ownership (works made for hire, then ownership by assignment) in favor of a third theory of ownership, namely joint authorship of joint works, where the copyright registrations contradict the theory of ownership. |
| 11. NFPA owns a United States copyright registration for NFPA 30 (2003 ed.) Flammable and Combustible Liquids Code. Attached as Exhibit BB to this declaration is a true and correct copy of the registration certificate for this work, TX 5-905-038. | To the extent that the Plaintiffs rely upon the copyright registration certificates to suggest their ownership of copyrights, FRE 701 Improper legal opinion: This states an improper legal conclusion of ownership, which is especially troublesome in this case where the Plaintiffs' evidence showed an lack of ownership, which caused Plaintiffs to abandon their first two theories of copyright ownership (works made for hire, then ownership by assignment) in favor of a third theory of ownership, namely joint authorship of joint works, where the copyright registrations contradict the theory of ownership. |
| 12. NFPA owns a United States copyright registration for NFPA 54 (2006 ed.) National | To the extent that the Plaintiffs rely upon the copyright registration certificates to suggest |

| Supplemental Declaration of James T. Pauley In Support of Plaintiffs' Second Motion for Summary Judgment And A Permanent Injunction | Defendant-Counterclaimant Public Resource's Objections |
|---|---|
| Fuel Gas Code. Attached as Exhibit CC to this declaration is a true and correct copy of the registration certificate for this work, TX 6-261-666. | their ownership of copyrights, FRE 701 Improper legal opinion: This states an improper legal conclusion of ownership, which is especially troublesome in this case where the Plaintiffs' evidence showed an lack of ownership, which caused Plaintiffs to abandon their first two theories of copyright ownership (works made for hire, then ownership by assignment) in favor of a third theory of ownership, namely joint authorship of joint works, where the copyright registrations contradict the theory of ownership. |
| 13. NFPA owns a United States copyright registration for NFPA 58 (2001 ed.) Liquefied Petroleum Gas Code (title registered as "National Fire Codes Vol 3"). Attached as Exhibit DD to this declaration is a true and correct copy of the registration certificate for this work, TX 5-401-672. | To the extent that the Plaintiffs rely upon the copyright registration certificates to suggest their ownership of copyrights, FRE 701 Improper legal opinion: This states an improper legal conclusion of ownership, which is especially troublesome in this case where the Plaintiffs' evidence showed an lack of ownership, which caused Plaintiffs to abandon their first two theories of copyright ownership (works made for hire, then ownership by assignment) in favor of a third theory of ownership, namely joint authorship of joint works, where the copyright registrations contradict the theory of ownership. |
| 14. NFPA owns a United States copyright registration for NFPA 58 (2004 ed.) Liquefied Petroleum Gas Code. Attached as Exhibit EE to this declaration is a true and correct copy of the registration certificate for this work, TX 5-956-112. | To the extent that the Plaintiffs rely upon the copyright registration certificates to suggest their ownership of copyrights, FRE 701 Improper legal opinion: This states an improper legal conclusion of ownership, which is especially troublesome in this case where the Plaintiffs' evidence showed an lack of ownership, which caused Plaintiffs to abandon their first two theories of copyright ownership (works made for hire, then ownership by assignment) in favor of a third |

| Supplemental Declaration of James T. Pauley In Support of Plaintiffs' Second Motion for Summary Judgment And A Permanent Injunction | Defendant-Counterclaimant Public Resource's Objections |
|---|---|
| | theory of ownership, namely joint authorship of joint works, where the copyright registrations contradict the theory of ownership. |
| 15. NFPA owns a United States copyright registration for NFPA 59 (2004 ed.) Utility LP Gas Plant Code. Attached as Exhibit FF to this declaration is a true and correct copy of the registration certificate for this work, TX 5-953-205. | To the extent that the Plaintiffs rely upon the copyright registration certificates to suggest their ownership of copyrights, FRE 701 Improper legal opinion: This states an improper legal conclusion of ownership, which is especially troublesome in this case where the Plaintiffs' evidence showed an lack of ownership, which caused Plaintiffs to abandon their first two theories of copyright ownership (works made for hire, then ownership by assignment) in favor of a third theory of ownership, namely joint authorship of joint works, where the copyright registrations contradict the theory of ownership. |
| 16. NFPA owns a United States copyright registration for NFPA 70 (1999 ed.) National Electrical Code. Attached as Exhibit GG to this declaration is a true and correct copy of the registration certificate for this work, TX 4-092-419. | To the extent that the Plaintiffs rely upon the copyright registration certificates to suggest their ownership of copyrights, FRE 701 Improper legal opinion: This states an improper legal conclusion of ownership, which is especially troublesome in this case where the Plaintiffs' evidence showed an lack of ownership, which caused Plaintiffs to abandon their first two theories of copyright ownership (works made for hire, then ownership by assignment) in favor of a third theory of ownership, namely joint authorship of joint works, where the copyright registrations contradict the theory of ownership. |
| 17. NFPA owns a United States copyright registration for NFPA 70 (2005 ed.) National Electrical Code. Attached as Exhibit HH to this declaration is a true and correct copy of the | To the extent that the Plaintiffs rely upon the copyright registration certificates to suggest their ownership of copyrights, FRE 701 Improper legal opinion: This states an |

| Supplemental Declaration of James T. Pauley In Support of Plaintiffs' Second Motion for Summary Judgment And A Permanent Injunction | Defendant-Counterclaimant Public Resource's Objections |
|---|---|
| registration certificate for this work, TX 6-108-410. | improper legal conclusion of ownership, which is especially troublesome in this case where the Plaintiffs' evidence showed an lack of ownership, which caused Plaintiffs to abandon their first two theories of copyright ownership (works made for hire, then ownership by assignment) in favor of a third theory of ownership, namely joint authorship of joint works, where the copyright registrations contradict the theory of ownership. |
| 18. NFPA owns a United States copyright registration for NFPA 70 (2008 ed.) National Electrical Code. Attached as Exhibit II to this declaration is a true and correct copy of the registration certificate for this work, TX 6-966-113. | To the extent that the Plaintiffs rely upon the copyright registration certificates to suggest their ownership of copyrights, FRE 701 Improper legal opinion: This states an improper legal conclusion of ownership, which is especially troublesome in this case where the Plaintiffs' evidence showed an lack of ownership, which caused Plaintiffs to abandon their first two theories of copyright ownership (works made for hire, then ownership by assignment) in favor of a third theory of ownership, namely joint authorship of joint works, where the copyright registrations contradict the theory of ownership. |
| 19. NFPA owns a United States copyright registration for NFPA 72 (2002 ed.) National Fire Alarm Code. Attached as Exhibit JJ to this declaration is a true and correct copy of the registration certificate for this work, TX 5-841-133. | To the extent that the Plaintiffs rely upon the copyright registration certificates to suggest their ownership of copyrights, FRE 701 Improper legal opinion: This states an improper legal conclusion of ownership, which is especially troublesome in this case where the Plaintiffs' evidence showed an lack of ownership, which caused Plaintiffs to abandon their first two theories of copyright ownership (works made for hire, then ownership by assignment) in favor of a third theory of ownership, namely joint authorship of joint works, where the copyright |

| Supplemental Declaration of James T. Pauley In Support of Plaintiffs' Second Motion for Summary Judgment And A Permanent Injunction | Defendant-Counterclaimant Public Resource's Objections |
|---|---|
| | registrations contradict the theory of ownership. |
| 20. NFPA owns a United States copyright registration for NFPA 99 (2005 ed.) Health Care Facilities Code. Attached as Exhibit KK to this declaration is a true and correct copy of the registration certificate for this work, TX 6-153-939. | To the extent that the Plaintiffs rely upon the copyright registration certificates to suggest their ownership of copyrights, FRE 701 Improper legal opinion: This states an improper legal conclusion of ownership, which is especially troublesome in this case where the Plaintiffs' evidence showed an lack of ownership, which caused Plaintiffs to abandon their first two theories of copyright ownership (works made for hire, then ownership by assignment) in favor of a third theory of ownership, namely joint authorship of joint works, where the copyright registrations contradict the theory of ownership. |
| 21. NFPA owns a United States copyright registration for NFPA 101 (2000 ed.) Life Safety Code. Attached as Exhibit LL to this declaration is a true and correct copy of the registration certificate for this work, TX 5-371-918. | To the extent that the Plaintiffs rely upon the copyright registration certificates to suggest their ownership of copyrights, FRE 701 Improper legal opinion: This states an improper legal conclusion of ownership, which is especially troublesome in this case where the Plaintiffs' evidence showed an lack of ownership, which caused Plaintiffs to abandon their first two theories of copyright ownership (works made for hire, then ownership by assignment) in favor of a third theory of ownership, namely joint authorship of joint works, where the copyright registrations contradict the theory of ownership. |
| 22. NFPA owns a United States copyright registration for NFPA 101 (2003 ed.) Life Safety Code. Attached as Exhibit MM to this declaration is a true and correct copy of the registration certificate for this work, TX 5-841-134. | To the extent that the Plaintiffs rely upon the copyright registration certificates to suggest their ownership of copyrights, FRE 701 Improper legal opinion: This states an improper legal conclusion of ownership, which is especially troublesome in this case |

| Supplemental Declaration of James T. Pauley In Support of Plaintiffs' Second Motion for Summary Judgment And A Permanent Injunction | Defendant-Counterclaimant Public Resource's Objections |
|---|---|
| | where the Plaintiffs' evidence showed an lack of ownership, which caused Plaintiffs to abandon their first two theories of copyright ownership (works made for hire, then ownership by assignment) in favor of a third theory of ownership, namely joint authorship of joint works, where the copyright registrations contradict the theory of ownership. |
| 23. NFPA owns a United States copyright registration for NFPA 101 (2006 ed.) Life Safety Code. Attached as Exhibit NN to this declaration is a true and correct copy of the registration certificate for this work, TX 6-294-334. | To the extent that the Plaintiffs rely upon the copyright registration certificates to suggest their ownership of copyrights, FRE 701 Improper legal opinion: This states an improper legal conclusion of ownership, which is especially troublesome in this case where the Plaintiffs' evidence showed an lack of ownership, which caused Plaintiffs to abandon their first two theories of copyright ownership (works made for hire, then ownership by assignment) in favor of a third theory of ownership, namely joint authorship of joint works, where the copyright registrations contradict the theory of ownership. |
| 24. NFPA owns a United States copyright registration for NFPA 704 (2007 ed.) Standard System for the Identification of the Hazards of Materials for Emergency Response. Attached as Exhibit OO to this declaration is a true and correct copy of the registration certificate for this work, TX 6-445-855. | To the extent that the Plaintiffs rely upon the copyright registration certificates to suggest their ownership of copyrights, FRE 701 Improper legal opinion: This states an improper legal conclusion of ownership, which is especially troublesome in this case where the Plaintiffs' evidence showed an lack of ownership, which caused Plaintiffs to abandon their first two theories of copyright ownership (works made for hire, then ownership by assignment) in favor of a third theory of ownership, namely joint authorship of joint works, where the copyright registrations contradict the theory of ownership. |

13

| Supplemental Declaration of James T. Pauley In Support of Plaintiffs' Second Motion for Summary Judgment And A Permanent Injunction | Defendant-Counterclaimant Public Resource's Objections |
|---|---|
| 25. Federal agencies, states, and local governments sometimes incorporate NFPA's standards (or portions thereof) by reference into their regulations, statutes, or ordinances. Such entities frequently set forth their own amendments or modifications that are specific to their respective jurisdictions. We refer to an entity (usually a governmental body) that enforces a standard as an Authority Having Jurisdiction ("AHJ"). It is the incorporating entity of agency or the relevant AHJ, not NFPA, that decides which legal duties will apply, to whom those duties will apply, and the procedures and policies relating to enforcement, within the entity's or the AHJ's jurisdiction. | FRE 602 Lack of Personal Knowledge. The witness has not established any personal knowledge about this subject.<br><br>FRE 701/2 Improper Opinion/Unqualified Expert Opinion. The witness has not been qualified as an expert and therefore cannot testify as to facts beyond the witness's personal knowledge. This assertion constitutes an improper lay opinion.<br><br>FRE 1002 Secondary Evidence. The witness is testifying about the contents of writings: every incorporation by reference requires a written statement to the effect. Public Resource also objects under FRE 1006 because this assertion is an improper summary. |
| 26. The NFPA standards at issue in this litigation provide that there may be *other ways*, in addition to those set out within a published standard, for persons within a jurisdiction to satisfy their particular legal obligations. For example, NFPA 54, 2006 ed., the National Fuel Gas Code, states that its provisions "are not intended to prevent the use of any material, method of construction, or installation procedure not specifically prescribed by this code, provided any such alternative is acceptable to the authority having jurisdiction." Ex. I at ch. 1.4 "Equivalency" (NFPA-PR0014798). I am aware that substantively similar provisions appear in each of the other standards at issue. | FRE 602 Lack of Personal Knowledge. The witness has not established any personal knowledge about this subject.<br><br>FRE 701/2 Improper Opinion and Unqualified Expert Opinion. The witness has not been qualified as an expert and therefore cannot testify as to facts beyond the witness's personal knowledge. This assertion constitutes an improper lay opinion.<br><br>FRE 1002 Secondary Evidence. The witness is testifying about the contents of a writing. Public Resource also objects under FRE 1006 because this assertion is an improper summary. |
| 27. Although AHJs or other entities may incorporate our standards by reference, portions within each of our standards provide options or examples. As explained in, for example, the | FRE 602 Lack of Personal Knowledge. The witness has not established any personal knowledge about this subject. |

14

| Supplemental Declaration of James T. Pauley In Support of Plaintiffs' Second Motion for Summary Judgment And A Permanent Injunction | Defendant-Counterclaimant Public Resource's Objections |
|---|---|
| 2014 NEC (NFPA 70), the standards include "Permissive Rules" which are defined as "those that identify actions that are allowed but not required, are normally used to describe options or alternative methods, and are characterized by the use of the terms *shall be permitted* or *shall not be required.*" Ex. P at art. 90-5(B) (NFPA-PR0098088). An example of such an optional rule is article 324.56(A) of the 2014 NEC regarding FCC Systems Alterations, which states "Alterations to FCC systems shall be permitted. . . . It shall be permitted to leave unused cable runs and associated cable connectors in place and energized." *Id.* at art. 324.56(A) (NFPAPR0098260). | FRE 701/2 Improper Opinion and Unqualified Expert Opinion. The witness has not been qualified as an expert (including as a legal expert) and therefore cannot testify as to facts beyond the witness's personal knowledge.  This assertion constitutes an improper lay opinion.<br><br>FRE 1002 Secondary Evidence. The witness is testifying about the contents of a writing. Public Resource also objects under FRE 1006 because this assertion is an improper summary. |
| 28. Further, all of NFPA's standards include text that does not set forth any obligation. I describe these sections below.<br><br>a. **Prefatory Notices:** NFPA's standards generally include a section setting forth notices, including information regarding the voluntary consensus standards development process, and disclaimers and copyright information, regarding the publication.<br><br>b. **History, Development and Edition Information:** NFPA's standards generally include introductory and background information about, for example, the origin of the standards and its purpose, relation to other standards, and edition-specific information.<br><br>c. **Reference and Informational Notes:** NFPA's standards often include in-line informational notes throughout the text of each standard. The informational notes provide context, background, cross-references, and other explanatory material. | FRE 403 Prejudice. The testimony is vague and confusing as to "obligation."<br><br>FRE 602 Lack of Personal Knowledge. The witness has not established any personal knowledge about this subject.<br><br>FRE 701/2 Improper Opinion and Unqualified Expert Opinion. The witness has not been qualified as an expert (including as a legal expert) and therefore cannot testify as to facts beyond the witness's personal knowledge.  This assertion constitutes an improper lay opinion.<br><br>FRE 1002 Secondary Evidence. The witness is testifying about the contents of a writing. Public Resource also objects under FRE 1006 because this assertion is an improper summary. |

| Supplemental Declaration of James T. Pauley In Support of Plaintiffs' Second Motion for Summary Judgment And A Permanent Injunction | Defendant-Counterclaimant Public Resource's Objections |
|---|---|
| For some of our standards, the text explicitly qualifies the informational notes as "not enforceable as requirements." For example, article 90-5(C) of the 2014 NEC (NFPA 70) provides: "Explanatory material, such as references to other standards, references to relates sections of this *Code*, or information related to a *Code* rule, is included in this *Code* in the form of informational notes." Ex. P at art. 90-5(C) (NFPA-PR0098088). As the NEC makes clear: "such notes are *informational only and are no enforceable as requirements of this Code*." *Id.* (emphasis added). An example of the type of material written in informational notes is art. 110-11, Informational Note No. 2, of the same publication: "Some cleaning and lubricating compounds can cause severe deterioration of many plastic materials used for insulating and structural applications in equipment." *Id.* at art. 110-11 n.2 (NFPA-PR0098100). Someone could paraphrase or use their own words to describe this same information, rather than copying NFPA's words.<br><br>d. **Diagrams, Figures, and Illustrations:** NFPA's standards generally include diagrams, figures, or illustrations that depict material set forth in the text of the standard, but that do not themselves state any legal duty. For example, in the 2014 NEC, Figure 220.1 provides a graphical summary of how the text of Article 220 is organized. Ex. P at Figure 220.1 (NFPA-PR0098129). If someone wanted to write their own description of the organizational structure of Article 220, that person could do so using different words or different illustrations than the one NFPA created.<br><br>e. **Examples:** NFPA's standards generally include non-exhaustive lists or exemplary | |

| Supplemental Declaration of James T. Pauley In Support of Plaintiffs' Second Motion for Summary Judgment And A Permanent Injunction | Defendant-Counterclaimant Public Resource's Objections |
|---|---|
| calculations. For example, in the 2014 NEC, article 550.4(A) lists examples of a mobile home not intended as a dwelling unit: "those equipped for sleeping purposes only, contractor's on-site offices, construction job dormitories, mobile studio dressing rooms, banks, clinics, mobile stores, or intended for the display or demonstration of merchandise or machinery." *Id.* at art. 550.4(A) (NFPA-PR0098568). These illustrative examples do not impose any requirement.  If someone wanted to create their own list of examples of a mobile home that is not intended as a dwelling unit, that person could come up with their own examples, could use different words to describe even the examples that NFPA provides, and could list their examples in a different order.

f. **Informational Annexes:** All of the standards in this litigation, and our standards generally, include informational annexes. These informational annexes typically provide that they are *informational only*, although they can contain a variety of material. For example, Annex A to NFPA 13 (2002 ed.), Installation of Sprinkler Systems, is entitled "Explanatory Material," which states "Annex A is not a part of the requirements of this NFPA document but is included for informational purposes only. This annex contains explanatory material numbered to correspond with the applicable text paragraphs." Ex. F at Annex A (NFPA-PR0014507).  Some informational annexes contain standards that may be binding, but only if an AHJ specifically incorporates the informational annex by reference. For example, Annex H to NFPA 70 (2014 ed.), the National Electrical Code, is entitled "Administration and Enforcement." That annex specifically states that it is "not a part of the requirements of this NFPA document and is included for | |

| Supplemental Declaration of James T. Pauley In Support of Plaintiffs' Second Motion for Summary Judgment And A Permanent Injunction | Defendant-Counterclaimant Public Resource's Objections |
|---|---|
| informational purposes only . . . unless specifically adopted by the local jurisdiction adopting the National Electrical Code®." Ex. P at Annex H (NFPA-PR0098919).<br><br>g. **Proposal Forms:** Our standards generally include information about the committee process and proposal forms so the reader can submit suggested language for future editions. | |
| 29. The non-binding materials I have described in the preceding paragraph serves NFPA's overall goal of public safety by providing the ultimate user of the standard—whether an engineer, contractor, architect, or anyone else—with additional references or material related to the subject of the standard. | FRE 701/2 Improper Opinion and Unqualified Expert Opinion. The witness has not been qualified as an expert (including as a legal expert as to what is or is not "binding") and therefore cannot testify as to facts beyond the witness's personal knowledge.  This assertion constitutes an improper lay opinion.<br><br>FRE 1002 Secondary Evidence. The witness is testifying about the contents of a writing. Public Resource also objects under FRE 1006 because this assertion is an improper summary. |
| 30. I am aware that Public.Resource.Org has copied and published NFPA's 2017 National Electrical Code to the Internet Archive website. | FRE 602 Lack of Personal Knowledge. The witness has not established any personal knowledge about this subject.<br><br>FRE 1002 Secondary Evidence. The witness is testifying about the contents of a writing. Public Resource also objects under FRE 1006 because this assertion is an improper summary. |
| 31. In addition, I am aware that after the D.C. Circuit remand, Public.Resource.Org re-posted NFPA's standards to the Internet Archive website. Those versions have received many more views and downloads since they were reposted. Anyone can freely download, copy, | FRE 602 Lack of Personal Knowledge. The witness has not established any personal knowledge about this subject.<br><br>FRE 1002 Secondary Evidence. The witness is testifying about the contents of a writing. |

| Supplemental Declaration of James T. Pauley In Support of Plaintiffs' Second Motion for Summary Judgment And A Permanent Injunction | Defendant-Counterclaimant Public Resource's Objections |
| --- | --- |
| print and redistribute these versions of NFPA's standards from the Internet Archive website. | Public Resource also objects under FRE 1006 because this assertion is an improper summary. |
| 32. I understand that Public.Resource.Org has represented that it has removed all of the Plaintiffs' logos from the versions of the standards it posts to the Internet Archive website. PRO has not removed the trademarked logo for the National Electrical Code. *See* Berry Decl. ¶¶ 8-9, Exs. H, I (trademarks for NFPA 70 and NEC logo). | FRE 402 Relevance. This testimony is not relevant to the subject matter of this litigation.<br><br>FRE 602 Lack of Personal Knowledge. The witness has not established any personal knowledge about this subject, as his need to refer to someone else's declaration demonstrates.<br><br>FRE 1002 Secondary Evidence. The witness is testifying about the contents of a writing. Public Resource also objects under FRE 1006 because this assertion is an improper summary. |
| 33. NFPA depends on the sale of standards to fuel its overall mission-driven work. In 2018, NFPA's publication sales accounted for approximately 64% of NFPA's total operating revenues. The vast majority of that revenue is from the sale of codes and standards, including those standards that have been incorporated by reference. | FRE 402 Relevance and 403 Prejudice.  The witness has blurred the distinction between NFPA's works that have become laws by incorporation and those that have not become laws by incorporation in order to confuse the reader regarding the proportion of revenue that comes from sale of laws by incorporation and the ability of NFPA to thrive and compensate its management from sales of standards that have not become laws by incorporation.<br><br>FRE 602 Lack of Personal Knowledge. The witness has not established any personal knowledge about this subject.<br><br>FRE 701/2 Improper Opinion and Unqualified Expert Opinion. The witness has not been qualified as an expert and therefore cannot testify as to facts beyond the witness's personal knowledge. |

| Supplemental Declaration of James T. Pauley In Support of Plaintiffs' Second Motion for Summary Judgment And A Permanent Injunction | Defendant-Counterclaimant Public Resource's Objections |
|---|---|
|  | This assertion constitutes an improper lay opinion. |
| 34. NFPA's standards are purchased and used predominantly by industry professionals and tradespeople (either individually or by their companies and organizations) who use these standards in the course of their business, such as contractors, engineers, electricians, architects, and electrical equipment manufacturers. | FRE 402 Relevance and 403 Prejudice.  The witness has cherry-picked selected persons to highlight as purchasers and users of NFPA's standards, and especially those standards that are laws by incorporation, by failing to discuss a balanced cross-section of purchasers and users, including (among other persons with similar needs) government officials at every level of government and courts, all of whom need to know what the law is. The witness has also blurred the distinction between NFPA's works that have become laws by incorporation and those that have not become laws by incorporation in order to confuse the reader about the market for laws by incorporation as distinct from the market for standards that are not laws by incorporation.

FRE 602 Lack of Personal Knowledge. The witness has not established any personal knowledge about this subject.

FRE 701/2 Improper Opinion and Unqualified Expert Opinion. The witness has not been qualified as an expert and therefore cannot testify as to facts beyond the witness's personal knowledge.  This assertion constitutes an improper lay opinion. |
| 35. The versions of our standards posted by Public.Resource.Org and available for unrestricted download and use compete directly with our standards in the market. If the professionals and tradespeople are able to access and download nearly-identical standards without incurring any cost through | FRE 403 Prejudice. The witness has not provided  any foundation for his hypothetical supposition that "professionals and tradespeople" will not buy NFPA's standards, especially in light of NFPA's failure to prove that Public Resource's actual posting of the standards has caused it any |

| Supplemental Declaration of James T. Pauley In Support of Plaintiffs' Second Motion for Summary Judgment And A Permanent Injunction | Defendant-Counterclaimant Public Resource's Objections |
|---|---|
| Public.Resource.Org's postings to the Internet Archive, they will not buy our publications (or use our free access website, as I discuss more below). This hurts our revenue and, in turn, ability to pursue our overall mission. | harm. <br><br> FRE 602 Lack of Personal Knowledge. The witness has not established any personal knowledge about this subject. <br><br> FRE 701/2 Improper Opinion and Unqualified Expert Opinion. The witness has not been qualified as an expert and therefore cannot testify as to facts beyond the witness's personal knowledge. This assertion constitutes an improper lay opinion. |
| 36. NFPA also earns significant revenue from licensing its standards to other companies and organizations to use in their products and services, for example, derivative works like checklists based on the standards. Pursuant to those licenses, NFPA provides licensees with copies of its standards or portions thereof in formats that the licensee may use in conjunction with software or other forms of dissemination. NFPA's licenses likely would lose significant value if the licensees or their customers could obtain the same material from Public.Resource.Org in digital format, without cost, and without restrictions on further dissemination. | FRE 403 Prejudice. The witness has not provided any foundation for his theoretical supposition that NFPA's "licenses" would lose "significant value," especially in light of NFPA's failure to prove that Public Resource's actual posting of the standards has caused it any harm. The witness has blurred the distinction between NFPA's works that have become laws by incorporation and those that have not become laws by incorporation in order to confuse the reader about the different revenues and license values of laws by incorporation and those of standards that have not become laws by incorporation. <br><br> FRE 602 Lack of Personal Knowledge. The witness has not established any personal knowledge concerning NFPA's licensing practices, nor any basis for opining on whether such licensing fees constitute a "significant" source of revenue for NFPA. <br><br> FRE 701/2 Improper Opinion and Unqualified Expert Opinion. The witness has not been qualified as an expert and therefore cannot testify as to facts |

21

| Supplemental Declaration of James T. Pauley In Support of Plaintiffs' Second Motion for Summary Judgment And A Permanent Injunction | Defendant-Counterclaimant Public Resource's Objections |
|---|---|
| | beyond the witness's personal knowledge. This assertion constitutes an improper lay opinion.<br><br>FRE 1002 Secondary Evidence. The witness is testifying about the contents of a writing. Public Resource also objects under FRE 1006 because this assertion is an improper summary. |
| 37. Public.Resource.Org's postings threaten NFPA's ability to control the further dissemination and use of its standards. Because Public.Resource.Org offers unrestricted and anonymous access to NFPA's standards in multiple formats (unlike NFPA's free access), NFPA has absolutely no means of tracking down those individuals who use Public.Resource.Org's versions of NFPA's standards for their commercial businesses, or for sale to other individuals and entities. | No objection to this statement: "Public.Resource.Org offers unrestricted and anonymous access to NFPA's standards in multiple formats (unlike NFPA's free access)."<br><br>FRE 403 Prejudice. The question of NFPA's ability to *control dissemination and use of the law* is at issue in this case, and testimony that there is a "threat" to its control of the law is improper argument; moreover, the failure of the witness to distinguish between the small number of NFPA standards that are laws by incorporation, and therefore at issue in this case, and the much larger number of NFPA standards that are not at issue is confusing and prejudicial.<br><br>FRE 602 Lack of Personal Knowledge. The witness has not established any personal knowledge about this subject.<br><br>FRE 701/2 Improper Opinion and Unqualified Expert Opinion. The witness has not been qualified as an expert and therefore cannot testify as to facts beyond the witness's personal knowledge. This assertion constitutes an improper lay opinion. |

| Supplemental Declaration of James T. Pauley In Support of Plaintiffs' Second Motion for Summary Judgment And A Permanent Injunction | Defendant-Counterclaimant Public Resource's Objections |
|---|---|
| 38. Although our revenue is somewhat cyclical with our publications (higher when new publications are released), in recent years, NFPA's revenue from the sale of standards has been declining. We attribute this decline, at least in part, to Public.Resource.Org's making copies of NFPA's standards widely available, including for use by those same industry professionals who would otherwise purchase copies or digital subscription access. | FRE 402 Relevance and FRE 403 Prejudice. Testimony about revenue from standards *that are not laws by incorporation and are therefore not in this case* is irrelevant, and the failure of the witness to distinguish between the small number of NFPA standards that are laws by incorporation, and therefore at issue in this case, and the much larger number of NFPA standards that are not at issue is confusing and prejudicial, especially where the witness has not provided details regarding revenue from *all* standards (both those that are laws by incorporation and those that are not).<br><br>FRE 602 Lack of Personal Knowledge. The witness has not established any personal knowledge about this subject.<br><br>FRE 701/2 Improper Opinion and Unqualified Expert Opinion. The witness has not been qualified as an expert and therefore cannot testify as to facts beyond the witness's personal knowledge. This assertion constitutes an improper lay opinion. |
| 39. I understand that Public.Resource.Org converted NFPA standards to different formats and posted those versions on the internet. The conversion process inevitably resulted in errors. For example, I am aware that the full text version of the 2011 version of the NEC that was posted to Public.Resource.Org's website contains many errors. These include many obvious typographical errors, but they also include errors that distort the meaning of the standard. Some of those errors are:<br><br>a. Article 310.10(F) of the 2011 NEC addresses conductors used in direct-burial applications, | No objection to the statement that Public.Resource.Org converted standards (only ones that have become laws by incorporation) to different formats to make them available to researchers and to the print disabled.<br><br>FRE 402 Relevance. The witness's understanding is not relevant to any claim in this litigation.<br><br>FRE 403 Prejudice.  The witness's testimony is prejudicial for claiming errors in Public Resource's posting of standards that existed |

| Supplemental Declaration of James T. Pauley In Support of Plaintiffs' Second Motion for Summary Judgment And A Permanent Injunction | Defendant-Counterclaimant Public Resource's Objections |
|---|---|
| and states: "Cables rated above 2000 volts shall be shielded." This requirement that high-voltage cables in direct-burial applications be shielded is important to prevent damage to the cables and a resulting risk of electrical shock. This language, however, is completely omitted from the full text version that was posted on Public.Resource.Org's website.<br><br>b. Article 424.59 of the 2011 NEC states that "heaters installed within 1.2m (4 ft) of the outlet of an air-moving device . . . may require turning vanes, pressure plates, or other devices on the inlet side of the duct heater to ensure an even distribution of air over the face of the heater." In Public.Resource.Org's full text version however, the "m"—representing meters—is incorrectly rendered as "in"—which represents inches. In other words, the Public.Resource.Org version says that the requirement is only triggered if a heater is less than 1.2 inches from an air-moving device, rather than the correct and much greater distance of 1.2 meters.<br><br>c. Article 430.35(B) of the 2011 NEC states that "motor overload protection shall not be shunted or cut out during the *starting* period if the motor is automatically started" (emphasis added). Inadequate motor overload protection can result in overheating and damage. In Public.Resource.Org's full text version, however, this provision incorrectly says that motor overload protection shall not be shunted or cut out during the "*stalling* period" (emphasis added).[3]<br><br>d. There are many typographical errors in the cross-references in Public.Resource.Org's full text version. In order to understand a provision of the NEC that | in NFPA's own printing of its standards and for failing to put into context NFPA's own errors.  Where an error is in an original standard that has become a law by incorporation, the law by incorporation contains the same error.<br><br>FRE 602 Lack of Personal Knowledge. The witness has not established any personal knowledge about this subject.<br><br>FRE 701/2 Improper Opinion and Unqualified Expert Opinion. The witness has not been qualified as an expert and therefore cannot testify as to facts beyond the witness's personal knowledge. This assertion constitutes an improper lay opinion.<br><br>FRE 1002 Secondary Evidence. The witness is testifying about the contents of the version of the NEC published by NFPA and the version posted on Public Resource's website. This is especially significant here where the content of the original 2011 NEC has been amended by several errata which appear to explain the so-called errors in the witness's declaration.  Public Resource also objects under FRE 1006 because this assertion is an improper summary. |

| Supplemental Declaration of James T. Pauley In Support of Plaintiffs' Second Motion for Summary Judgment And A Permanent Injunction | Defendant-Counterclaimant Public Resource's Objections |
|---|---|
| contains a cross-reference, the user must be able to identify and refer to the Article identified in that cross reference. However, Public.Resource.Org's full text version contains many erroneous cross-references including in Articles 310.10(E), 410.140(D), 430.75, 504.70, 645.10(B), 670.3(B), 680.25(B). | |
| 40. Since 2006, NFPA has offered a dedicated website that provides free access to its standards. It has been and remains committed to providing the full text of NFPA standards that have been incorporated by reference available, without cost, for viewing on its website. | FRE 402 Relevance and FRE 403 Prejudice. The declarant testifies as to "free access" without revealing that the "free access" requires entering into a contract by which a user must waive important rights and must consent to personal jurisdiction and venue for litigation against the user in Norfolk County, Massachusetts and that the "free access" does not allow the freedom to search the text or to do other activities that are normally available with an electronic document. The user must also become subject to spam marketing messages advertising, for example, that the user needs to acquire NFPA publications in order to know the law. There is indeed a cost to the user for the access. The declarant also refers generally to "standards" without explaining that the "free access" is to only a small fraction of NFPA's standards. The statement also constitutes argument instead of factual assertions. |
| 41. Each of the 23 standards at issue in this litigation is available through a link, and after logging into that individual's account, on our free access website, available at https://www.nfpa.org/Codes-and-Standards/All-Codes-and-Standards/Free-access. | FRE 402 Relevance and FRE 403 Prejudice. The declarant testifies as to "availability" of standards" and a "free access" website without revealing that the "availability" of standards and the "free access" website both require entering into a contract by which a user must waive important rights and must consent to personal jurisdiction and venue for litigation against the user in Pennsylvania and that the "availability" and "free access" |

| Supplemental Declaration of James T. Pauley In Support of Plaintiffs' Second Motion for Summary Judgment And A Permanent Injunction | Defendant-Counterclaimant Public Resource's Objections |
|---|---|
| | do not allow the freedom to search the text or to do other activities that are normally available with an electronic document.  The user must also become subject to spam marketing messages advertising, for example, that the user needs to acquire NFPA publications in order to know the law.  There is indeed a cost for the access. |
| 42. This access ensures that if someone does not have ready access to a printed copy of a particular standard, that person can locate and read the material that is of interest to them. Thousands of individuals access NFPA's standards through the free access website each year. This access is "read only," meaning that someone viewing the material online cannot download, copy, or disseminate the published standard. | FRE 402 Relevance and FRE 403 Prejudice. The declarant testifies as to a "free access" website without revealing that the "free access" requires entering into a contract by which a user must waive important rights and must consent to personal jurisdiction and venue for litigation against the user in Norfolk County, Massachusetts and that the "free access" does not allow the freedom to search the text.  The user must also become subject to spam marketing messages advertising, for example, that the user needs to acquire NFPA publications in order to know the law.  There is indeed a cost for the access.<br><br>FRE 602 Lack of Personal Knowledge. The witness has not established any personal knowledge about this historical status of NFPA's "reading room."  The witness also lacks personal knowledge about whether any member of the public may access the "reading room."  For example, people who rely on screen reader technologies because they have print disabilities are not able to review the standards in "read-only" formats. |
| 43. We believe that our read only access appropriately balances our rights and our need to generate revenue to pursue our mission with the desire of others to read the codes and | FRE 402 Relevance and FRE 403 Prejudice. The declarant provides argument in the guise of factual assertions.  He also testifies as to "read-only access" website without revealing that the "access" requires entering into a |

| Supplemental Declaration of James T. Pauley In Support of Plaintiffs' Second Motion for Summary Judgment And A Permanent Injunction | Defendant-Counterclaimant Public Resource's Objections |
|---|---|
| standards. We also believe that it is efficient to spread the cost of the standards development activity across the world of professionals who use our standards to do their jobs such that any one is paying a reasonable cost (around $100 or less) for a copy of one of our standards. I created a video regarding this balance which is available on our website at https://www.nfpa.org/Codes-and-Standards/All-Codes-and-Standards/Free-access. | contract by which a user must waive important rights and must consent to personal jurisdiction and venue for litigation against the user in Norfolk County, Massachusetts and that the "access" does not allow the freedom to search the text or to do other activities that are normally available with an electronic document.  The user must also become subject to spam marketing messages advertising, for example, that the user needs to acquire NFPA publications in order to know the law.  There is indeed a cost for the access.  Moreover, the witness has blurred the distinction between NFPA's works that have become laws by incorporation and those that have not become laws by incorporation in order to confuse the reader as to the amount of revenue that NFPA receives by controlling access to laws by incorporation.

FRE 602 Lack of Personal Knowledge. The witness has not established any personal knowledge about this historical status of NFPA's "reading room."  The witness also lacks personal knowledge about whether any member of the public may access the "reading room."  For example, people who rely on screen reader technologies because they have print disabilities are not able to review the standards in "read-only" formats.

FRE 701/2 Improper Opinion and Unqualified Expert Opinion. The witness has not been qualified as an expert and therefore cannot testify as to facts beyond the witness's personal knowledge. This assertion constitutes an improper lay opinion. |

| Supplemental Declaration of James T. Pauley In Support of Plaintiffs' Second Motion for Summary Judgment And A Permanent Injunction | Defendant-Counterclaimant Public Resource's Objections |
|---|---|
| 44. When NFPA becomes aware of jurisdictions that incorporate its standards by reference, NFPA encourages those jurisdictions to link their websites to NFPA's free, online version of the standards. NFPA provides a "Free Access Widget" that easily enables such access. | FRE 402 Relevance and FRE 403 Prejudice. The declarant testifies as to "free, online version[s] of standards" and a "Free Access" widget without revealing that the "free access" requires entering into a contract by which a user must waive important rights and must consent to personal jurisdiction and venue for litigation against the user in Norfolk County, Massachusetts and that the "free, online version[s]" and "free access" do not allow the freedom to search the text or to do other activities that are normally available with an electronic document.  The user must also become subject to spam marketing messages advertising, for example, that the user needs to acquire NFPA publications in order to know the law.  There is indeed a cost for the access. |
| 45. NFPA views this free access as in furtherance of its overall mission. Read only access allows any member of the public wishing to know what an incorporated standard says on any topic that may be of interest to that member of the public. NFPA's free access also encourages increased visits to NFPA's website. Users who visit NFPA's website may engage with NFPA on public-safety awareness efforts, trainings, and publications. NFPA hopes that these individuals may someday become members, contributors, and otherwise involved in NFPA's important work. | FRE 402 Relevance and FRE 403 Prejudice. The declarant offers argument in the guise of factual assertions.  He also testifies as to "free access" without revealing that the "free access" requires entering into a contract by which a user must waive important rights and must consent to personal jurisdiction and venue for litigation against the user in Norfolk County, Massachusetts and that the "free access" does not allow the freedom to search the text or to do other activities that are normally available with an electronic document.  The user must also become subject to spam marketing messages advertising, for example, that the user needs to acquire NFPA publications in order to know the law.  There is indeed a cost for the access.

FRE 602 Lack of Personal Knowledge. The witness has not established any personal |

| Supplemental Declaration of James T. Pauley In Support of Plaintiffs' Second Motion for Summary Judgment And A Permanent Injunction | Defendant-Counterclaimant Public Resource's Objections |
|---|---|
| | knowledge about this historical status of NFPA's "reading room."  The witness also lacks personal knowledge about whether any member of the public may access the "reading room."  For example, people who rely on screen reader technologies because they have print disabilities are not able to review the standards in "read-only" formats. |
| 46. NFPA has also devoted resources to researching and consolidating information regarding which jurisdictions have incorporated NFPA standards into local, state, or federal laws or regulations. This information is provided as an informational and educational resource so the public can know which NFPA standards govern in particular jurisdictions. | FRE 402 Relevance and FRE 403 Prejudice. NFPA has never furnished such a complete list of incorporations of NFPA standards as laws, and in that context this statement is strongly prejudicial.  The declarant also presents argument in the guise of a factual assertion.<br><br>FRE 1002 Secondary Evidence. The witness is testifying about the contents of a writing. Public Resource also objects under FRE 1006 because this assertion is an improper summary.  Even the websites that the declarant identifies in the next paragraph do not contain the complete information. |
| 47. NFPA offers two dedicated websites with this information: The NEC Adoptions Map, https://www.nfpa.org/NEC/NEC-adoption-and-use/NEC-adoption-maps, and CodeFinderᴛᴍ https://codefinder.nfpa.org. As NFPA explains to the public when they use the CodeFinderᴛᴍ tool: "Publication of this tool is for the sole purpose of creating general public awareness of some of the jurisdictions where [AHJs] may require the use of NFPA codes and/or standards." | FRE 402 Relevance and FRE 403 Prejudice. NFPA has never furnished such a complete list of incorporations of NFPA standards as laws, and in that context this statement is strongly prejudicial.  The declarant also presents argument in the guise of a factual assertion.  Review of the web sites to which he refers reveals the web sites to be *marketing and sales tools to promote sale of NFPA's standards that have become laws by incorporation*, and they provide no complete information or even useful knowledge about the precise incorporations or their extent. FRE 1002 Secondary Evidence. The witness is testifying about the contents of a writing. Public Resource also objects under FRE |

| Supplemental Declaration of James T. Pauley In Support of Plaintiffs' Second Motion for Summary Judgment And A Permanent Injunction | Defendant-Counterclaimant Public Resource's Objections |
| --- | --- |
| | 1006 because this assertion is an improper characterization in the guise of a summary. |

B.   **Objections to the Supplemental Declaration of Stephanie Reiniche in Support of Plaintiffs' Second Motion for Summary Judgment and a Permanent Injunction**

| Supplemental Declaration of Stephanie Reiniche In Support of Plaintiffs' Second Motion for Summary Judgment And A Permanent Injunction | Defendant-Counterclaimant Public Resource's Objections |
|---|---|
| 3. To further ensure public access, ASHRAE offers online read-only access to many of its standards- particularly those standards that have been incorporated into codes-on the ASHRAE website, available at https://www.ashrae.org/ technical-resources/ standards-and-guidelines/read-only-versions-of-ashrae-standards.  This portion of the ASHRAE website allows viewers to read ASHRAE standards, including the 2004, 2007, and 2010 versions of Standard 90.1.  ASHRAE feels it is important to provide this public service so that the public can have access to authentic versions of our standards in a format that allows readers to educate themselves on the standards but that does not harm ASHRAE's business. | FRE 402 Relevance and FRE 403 Prejudice. The witness offers self-serving argument in the guise of factual assertions offers and ASHRAE's self-serving feelings regarding its motives.  Moreover, the statements are especially prejudicial without candid disclosure of the *document* to which the testimony refers (also subject to a FRE 1002 objection).  The "online read-only access" is manifestly unusable.  To see the text in context, the text is illegibly small; if one enlarges the text to make it legible, one cannot see a line from margin to margin or a paragraph from start to finish.  One might as well say that a text is subject to "public access" if it delivers one word per click and thus enables access to an entire document with merely 20,000 clicks.

FRE 602 Lack of Personal Knowledge. The witness has not established any personal knowledge about this subject.  The witness has manifestly not attempted to do any meaningful reading of the standards in ASHRAE's reading room.

FRE 701/2 Improper Opinion and Unqualified Expert Opinion. The witness has not been qualified as an expert and therefore cannot testify as to facts beyond the witness's personal knowledge. This assertion constitutes an improper lay opinion.

FRE 1002 Secondary Evidence. The witness is testifying about the contents of a writing. Public Resource also objects under FRE |

| Supplemental Declaration of Stephanie Reiniche In Support of Plaintiffs' Second Motion for Summary Judgment And A Permanent Injunction | Defendant-Counterclaimant Public Resource's Objections |
|---|---|
| | 1006 because this assertion is an improper characterization in the guise of a summary. |
| 4. Each time new versions of ASHRAE standards are developed, ASHRAE offers those standards for sale. Sales of the standards are an important piece of ASHRAE's yearly revenues. ASHRAE also relies on membership fees as a significant source of its revenues, and a primary driver of memberships is that members gain access to ASHRAE standards at a discount. These sources of revenue permit ASHRAE to keep operating and developing new standards. As stated above, ASHRAE also makes new versions of many of its standards available for read-only access on its website. ASHRAE does not believe it is harmed by operating the reading room or that the reading room significantly compromises ASHRAE's ability to generate revenue. Instead, the reading room allows for ASHRAE to maintain control over its standards and insure use in ways that benefit ASHRAE. For instance, a user that samples the standard on the ASHRAE site may decide they prefer a mobile version of the standard to take to a construction job site; since the free version is read-only, that user would then buy a copy of the standard. For users that are content viewing the standard on the website, it still provides ASHRAE an opportunity to expose that individual to other products offered by ASHRAE, including by promoting trainings, conferences, and certifications offered on the ASHRAE website. | FRE 402 Relevance and 403 Prejudice.  The witness offers argument in the guise of factual assertions.  The witness also testifies about ASHRAE standards generally without distinguishing between the standards at issue in this case, which are laws by incorporation, and other standards that are not laws by incorporation, thereby creating confusion on the question of the importance of revenues from laws by incorporation.  Moreover, the statements are especially prejudicial without candid disclosure of the document to which the testimony refers (also subject to a FRE 1002 objection).  The "online read-only access" is manifestly unusable.  To see the text in context, the text is illegibly small; if one enlarges the text to make it legible, one cannot see a line from margin to margin or a paragraph from start to finish.  One might as well say that a text is subject to "public access" if it delivers one word per click and thus enables access to an entire document with merely 20,000 clicks.<br><br>FRE 602 Lack of Personal Knowledge. The witness has not established any personal knowledge about this subject.<br><br>FRE 701/2 Improper Opinion and Unqualified Expert Opinion. The witness has not been qualified as an expert and therefore cannot testify as to facts beyond the witness's personal knowledge. This assertion constitutes an improper lay opinion.<br><br>FRE 1002 Secondary Evidence. The witness is testifying about the contents of a writing. Public Resource also objects under FRE |

| Supplemental Declaration of Stephanie Reiniche In Support of Plaintiffs' Second Motion for Summary Judgment And A Permanent Injunction | Defendant-Counterclaimant Public Resource's Objections |
|---|---|
| | 1006 because this assertion is an improper characterization in the guise of a summary. |
| 5. Unlike ASHRAE's read-only versions of the standards, ASHRAE believes that versions provided for free (in a downloadable or printable format) by others are harmful to ASHRAE's business. When a third-party, like Public.Resource.Org, purports to offer the exact same standard for free online, ASHRAE believes that provides ASHRAE's target market, which includes builders, contractors, and architects, with free access to products they would otherwise purchase from ASHRAE. These potential customers can now use printed versions of the ASHRAE standards without paying ASHRAE and without interacting with the ASHRAE website. | FRE 402 Relevance and FRE 403 Prejudice. The witness offers argument in the guise of factual assertions.  Moreover, the testimony wrongly cherry-picks the "target market" of ASHRAE's standards and omits reference to the many government officials (including courts) that may need to consult laws by incorporation in order to know what the law is.  Testimony about what ASHRAE *believes* is harmful, and about its speculation, is prejudicial where, as here, ASHRAE has not identified any actual harm arising from Public Resource's activities in this case. <br><br> FRE 602 Lack of Personal Knowledge. The witness has not established any personal knowledge about this subject. <br><br> FRE 701/2 Improper Opinion and Unqualified Expert Opinion. The witness has not been qualified as an expert and therefore cannot testify as to facts beyond the witness's personal knowledge. This assertion constitutes an improper lay opinion. <br><br> FRE 1002 Secondary Evidence. The witness is testifying about the contents of a writing. Public Resource also objects under FRE 1006 because this assertion is an improper characterization in the guise of a summary. |

**C.      Objections to the Declaration of James S. Thomas in Support of Support of Plaintiffs' Second Motion for Summary Judgment and a Permanent Injunction**

| Declaration of James S. Thomas In Support of Plaintiffs' Second Motion for Summary Judgment And A Permanent Injunction | Defendant-Counterclaimant Public Resource's Objections |
|---|---|
| 8. ASTM offers a variety of onsite or in-person training courses, including:<br><br>a. Since at least 1996, ASTM has offered an in-person training course on Diesel Fuels: Specifications and Test Methods. The course materials include: ASTM's D86, D975, D1266, D1552, D2622, D3120, D4177, and D4294. Attached as Exhibit 1 is a true and correct copy of the description of ASTM's Diesel Fuels: Specifications and Test Methods course available at https://www.astm.org/TRAIN/filtrexx40.cgi?-P+ID+28+traindetail.frm.<br><br>b. Since at least 1996, ASTM has offered an in-person training course on Gasoline: Specifications, Testing, and Technology. The course materials include ASTM's D86. Attached as Exhibit 2 is a true and correct copy of the description of ASTM's Gasoline: Specifications, Testing, and Technology available at https://www.astm.org/TRAIN/filtrexx40.cgi?-P+ID+4+traindetail.frm.<br><br>c. Since at least 1996, ASTM has offered a two-day, on-site training course on Textiles: Quality and Performance Standards. The course materials include ASTM's D5489. Attached as Exhibit 3 is a true and correct copy of the description of ASTM's Textiles course available at https://www.astm.org/TRAIN/filtrexx40.cgi?-P+ID+25+traindetail.frm. | FRE 602 Lack of Personal Knowledge. The witness has not established any personal knowledge about this subject.<br><br>FRE 1002 Secondary Evidence. The witness is testifying about the contents of a writing.  Public Resource also objects under FRE 1006 because this assertion is an improper summary. |

| Declaration of James S. Thomas In Support of Plaintiffs' Second Motion for Summary Judgment And A Permanent Injunction | Defendant-Counterclaimant Public Resource's Objections |
|---|---|
| d. Since at least 1997, ASTM has offered a three-day, in-person training course on Marine Fuels: Specifications, Testing, Purchase, and Use. The course materials include D1298, and D4294. Attached as Exhibit 4 is a true and correct copy of the description of ASTM's Marine Fuels course available at https://www.astm.org/TRAIN/filtrexx40.cgi?-P+ID+18+traindetail.frm.<br><br>e. ASTM's Fuels Technology course is a five-day, in-person training. The course materials include: ASTM D86, D975, D1298, and D4294. Attached as Exhibit 5 is a true and correct copy of the description of ASTM's Fuels Technology course available at https://www.astm.org/TRAIN/filtrexx40.cgi?-P+ID+392+traindetail.frm.<br><br>f. ASTM's Crude Oil: Sampling, Testing and Evaluation course is a three-day, in-person training. The course materials include: D1298, D2622, D4177, and D4294. Attached as Exhibit 6 is a true and correct copy of the description of ASTM's Crude Oil course available at https://www.astm.org/TRAIN/filtrexx40.cgi?-P+ID+51+traindetail.frm. | |
| 9. Similarly, ASTM includes its standards as reference material for its e-learning modules, including:<br><br>a. ASTM's #2 Diesel Fuel Certificate Program includes video demonstrations, checklists, presentations, data sheets and glossaries designed to address the 24 standards in the program, including D86, D1298, D2622, and D4294. Each of the 24 standards has its own learning module, and a copy of the standard is included in the price of | FRE 602 Lack of Personal Knowledge. The witness has not established any personal knowledge about this subject.<br><br>FRE 1002 Secondary Evidence. The witness is testifying about the contents of a writing.  Public Resource also objects under FRE 1006 because this assertion is an improper summary. |

| Declaration of James S. Thomas In Support of Plaintiffs' Second Motion for Summary Judgment And A Permanent Injunction | Defendant-Counterclaimant Public Resource's Objections |
|---|---|
| the training. Attached as Exhibit 7 is a true and correct copy of the description of ASTM's #2 Diesel Fuel Certificate Program available at https://www.astm.org/TRAIN/train_136.htm.<br><br>b. ASTM's Petroleum Lab Technician Series is a series of e-learning courses. The training bundle includes a training module on ASTM's D611. The e-learning module includes ASTM D611 as reference material for the course. Attached as Exhibit 8 is a true and correct copy of the description of ASTM's Petroleum Lab Technician Series available at https://www.astm.org/TRAIN/train_226.htm.<br><br>c. ASTM's e-Learning module on ASTM E23 Standard Test Methods for Notched Bar impact testing of Metallic Materials, which includes a copy of ASTM E23. Attached as Exhibit 9 is a true and accurate copy of the description of ASTM's e-Learning module on E23 Standard Test Methods available at https://www.astm.org/TRAIN/filtrexx40.cgi?+-P+ID+224+traindetail.frm. | |
| 10. Unlike ASTM, ASTM's competitors typically cannot and do not provide copies of ASTM's standards to their customers, at least in part because ASTM's competitors are prohibited from reproducing ASTM's standards without acquiring a license from ASTM. As a result, ASTM's ability to offer excerpts or copies of its standards with its training courses gives ASTM an advantage over its competitors. | FRE 602 Lack of Personal Knowledge. The witness has not established any personal knowledge about this subject.<br><br>FRE 701/2 Improper Opinion and Unqualified Expert Opinion. The witness has not been qualified as an expert and therefore cannot testify as to facts beyond the witness's personal knowledge. This assertion constitutes an improper lay opinion. |
| 11. If ASTM was unable to fund its standard development through the sale of its copyrighted standards, ASTM could not fund its standards development mission. The revenues | FRE 402 Relevance and FRE 403 Prejudice.  The witness offers argument in the guise of factual assertions.  The statements are also prejudicial because in |

| Declaration of James S. Thomas In Support of Plaintiffs' Second Motion for Summary Judgment And A Permanent Injunction | Defendant-Counterclaimant Public Resource's Objections |
|---|---|
| associated with ASTM's training program could not compensate for the loss of such revenue to fund the cost of ASTM's standard development expenses. | discussing ASTM's revenue they do not distinguish between ASTM's standards that have become laws by incorporation (and are at issue in this case) from those standards that have not become laws by incorporation, creating confusion regarding the necessity of revenues from laws by incorporation.

FRE 602 Lack of Personal Knowledge. The witness has not established any personal knowledge about this subject.

FRE 701/2 Improper Opinion and Unqualified Expert Opinion. The witness has not been qualified as an expert and therefore cannot testify as to facts beyond the witness's personal knowledge. This assertion constitutes an improper lay opinion. |
| 12. ASTM provides free, read-only access to view incorporated standards online in its Reading Room. ASTM views this information as educational and central to its overall mission. | FRE 402 Relevance and FRE 403 Prejudice. The statements are self-serving argument in the guise of factual assertions. Moreover, the statements are misleading and prejudicial in this context without disclosing that the "free" access requires creation of an account and the surrender of personal information by a user and also limits normal tools persons use to navigate through electronic documents. The statements also fail to provide the context of ASTM's explicit efforts to make the reading room "user unfriendly."

FRE 602 Lack of Personal Knowledge. The witness has not established any personal knowledge about this subject.

FRE 701/2 Improper Opinion and Unqualified Expert Opinion. The witness has not been qualified as an expert and therefore cannot testify as to facts |

| Declaration of James S. Thomas In Support of Plaintiffs' Second Motion for Summary Judgment And A Permanent Injunction | Defendant-Counterclaimant Public Resource's Objections |
|---|---|
| | beyond the witness's personal knowledge. This assertion constitutes an improper lay opinion. |
| 13. However, the provision of this free resource does not compete with ASTM's sale of ASTM's standards because the standards available in the Reading Room are carefully restricted to prevent download or copying. | FRE 402 Relevance and FRE 403 Prejudice. The statements are self-serving argument in the guise of factual assertions. Moreover, the statements are misleading and prejudicial in this context without disclosing that the "free" access requires creation of an account and the surrender of personal information by a user and also limits normal tools persons use to navigate through electronic documents. The statements also fail to provide the context of ASTM's explicit efforts to make the reading room "user unfriendly."

FRE 602 Lack of Personal Knowledge. The witness has not established any personal knowledge about this subject.

FRE 701/2 Improper Opinion and Unqualified Expert Opinion. The witness has not been qualified as an expert and therefore cannot testify as to facts beyond the witness's personal knowledge. This assertion constitutes an improper lay opinion. |
| 14. Although industry professionals and tradespeople who purchase ASTM's standards to use in the course of their work might reference the ASTM's Reading Room, it is not a substitute for purchasing a copy. | FRE 402 Relevance and FRE 403 Prejudice. The statements are self-serving argument in the guise of factual assertions. Moreover, the statements are misleading and prejudicial in this context without disclosing that the "free" access requires creation of an account and the surrender of personal information by a user and also limits normal tools persons use to navigate through electronic documents. The statements also fail to provide the context of |

| Declaration of James S. Thomas In Support of Plaintiffs' Second Motion for Summary Judgment And A Permanent Injunction | Defendant-Counterclaimant Public Resource's Objections |
|---|---|
| | ASTM's explicit efforts to make the reading room "user unfriendly." FRE 602 Lack of Personal Knowledge. The witness has not established any personal knowledge about this subject. FRE 701/2 Improper Opinion and Unqualified Expert Opinion. The witness has not been qualified as an expert and therefore cannot testify as to facts beyond the witness's personal knowledge. This assertion constitutes an improper lay opinion. |
| 15. Rather, ASTM's Reading Room serves as an opportunity for ASTM to promote its products and service offerings, including the sale of its standards and training modules. | FRE 402 Relevance and FRE 403 Prejudice.  The statements are self-serving argument in the guise of factual assertions. Moreover, the statements are misleading and prejudicial in this context without disclosing that the "free" access requires creation of an account and the surrender of personal information by a user and also limits normal tools persons use to navigate through electronic documents.  The statements also fail to provide the context of ASTM's explicit efforts to make the reading room "user unfriendly." FRE 602 Lack of Personal Knowledge. The witness has not established any personal knowledge about this subject. FRE 701/2 Improper Opinion and Unqualified Expert Opinion. The witness has not been qualified as an expert and therefore cannot testify as to facts beyond the witness's personal knowledge. This assertion constitutes an improper lay opinion. |

| Declaration of James S. Thomas In Support of Plaintiffs' Second Motion for Summary Judgment And A Permanent Injunction | Defendant-Counterclaimant Public Resource's Objections |
|---|---|
| 16. By providing unrestricted, downloadable PDF and HTML copies of ASTM's standards, Public Resource directly competes with ASTM's sale of its individual standards, volume sales, and other educational resources. | FRE 402 Relevance and FRE 403 Prejudice.  The statements are also prejudicial because in discussing ASTM's revenue they do not distinguish between ASTM's standards that have become laws by incorporation (and are at issue in this case) from those standards that have not become laws by incorporation, creating confusion regarding the importance of revenues from laws by incorporation.<br><br>FRE 602 Lack of Personal Knowledge. The witness has not established any personal knowledge about this subject.<br><br>FRE 701/2 Improper Opinion and Unqualified Expert Opinion. The witness has not been qualified as an expert and therefore cannot testify as to facts beyond the witness's personal knowledge. This assertion constitutes an improper lay opinion. |
| 17. The harm resulting from Public Resource's posting and dissemination of such unrestricted copies of ASTM's works for free is not limited to the exact version of the ASTM work Public Resource copies. For many users, prior versions of ASTM's works may be a perfect or near perfect substitute that interferes with the market for the current version of ASTM's standards. | FRE 402 Relevance and FRE 403 Prejudice.  The witness offers argument in the guise of factual assertions.<br><br>FRE 602 Lack of Personal Knowledge. The witness has not established any personal knowledge about this subject.<br><br>FRE 701/2 Improper Opinion and Unqualified Expert Opinion. The witness has not been qualified as an expert and therefore cannot testify as to facts beyond the witness's personal knowledge. This assertion constitutes an improper lay opinion. |

D.     **Objections to the Declaration of Jane W. Wise in Support of Plaintiffs'
Second Motion for Summary Judgment and a Permanent Injunction**

| Declaration of Jane W. Wise In Support of Plaintiffs' Second Motion for Summary Judgment And A Permanent Injunction | Defendant-Counterclaimant Public Resource's Objections |
|---|---|
| 2. Attached as **Exhibit 1** is a true and correct copy of excerpts from Part 24 of the 1967 Annual Book of ASTM Standards showing ASTM D1335-67. The copyright registration for Part 24 of the 1967 Book of ASTM Standards that identifies ASTM as the owner is attached as **Exhibit 74**. | To the extent that the Plaintiffs rely upon the copyright registration certificates to suggest their ownership of copyrights, FRE 701 Improper legal opinion: This states an improper legal conclusion of ownership, which is especially troublesome in this case where the Plaintiffs' evidence showed an lack of ownership, which caused Plaintiffs to abandon their first two theories of copyright ownership (works made for hire, then ownership by assignment) in favor of a third theory of ownership, namely joint authorship of joint works, where the copyright registrations contradict the theory of ownership. |
| 31. Attached as **Exhibit 30** is a true and correct copy of the registration certificate numbered TX 0-013-350 obtained from the Copyright Office for Part 4 of the 1978 Annual Book of ASTM Standards that identifies ASTM as the owner of the copyright. | FRE 402 Relevance FRE 701 Improper Opinion Testimony.  To the extent that the Plaintiffs rely upon the copyright registration certificates to suggest their ownership of copyrights, this states an improper legal conclusion of ownership, which is especially troublesome in this case where the Plaintiffs' evidence showed an lack of ownership, which caused Plaintiffs to abandon their first two theories of copyright ownership (works made for hire, then ownership by assignment) in favor of a third theory of ownership, namely joint authorship of joint works, where the copyright registrations contradict the theory of ownership. |
| 32. Attached as **Exhibit 31** is a true and correct copy of the registration certificate numbered TX 4-873-764 obtained from the Copyright Office | FRE 402 Relevance and FRE 701 Improper Opinion Testimony.  To the extent that the Plaintiffs rely upon the |

41

| Declaration of Jane W. Wise In Support of Plaintiffs' Second Motion for Summary Judgment And A Permanent Injunction | Defendant-Counterclaimant Public Resource's Objections |
|---|---|
| for Volume 1.04 of the 1999Annual Book of ASTM Standards that identifies ASTM as the owner of the copyright. | copyright registration certificates to suggest their ownership of copyrights, this states an improper legal conclusion of ownership, which is especially troublesome in this case where the Plaintiffs' evidence showed an lack of ownership, which caused Plaintiffs to abandon their first two theories of copyright ownership (works made for hire, then ownership by assignment) in favor of a third theory of ownership, namely joint authorship of joint works, where the copyright registrations contradict the theory of ownership. |
| 33. Attached as **Exhibit 32** is a true and correct copy of the registration certificate numbered TX 0-464-573 obtained from the Copyright Office for Part 4 of the 1980 Annual Book of ASTM Standards that identifies ASTM as the owner of the copyright. | FRE 402 Relevance and FRE 701 Improper Opinion Testimony.  To the extent that the Plaintiffs rely upon the copyright registration certificates to suggest their ownership of copyrights, this states an improper legal conclusion of ownership, which is especially troublesome in this case where the Plaintiffs' evidence showed an lack of ownership, which caused Plaintiffs to abandon their first two theories of copyright ownership (works made for hire, then ownership by assignment) in favor of a third theory of ownership, namely joint authorship of joint works, where the copyright registrations contradict the theory of ownership. |
| 34. Attached as **Exhibit 33** is a true and correct copy of the registration certificate numbered TX 7-685-938 obtained from the Copyright Office for A106/A106M that identifies ASTM as the owner of the copyright. | FRE 402 Relevance and FRE 701 Improper Opinion Testimony.  To the extent that the Plaintiffs rely upon the copyright registration certificates to suggest their ownership of copyrights, this states an improper legal conclusion of ownership, which is especially troublesome in this case where the Plaintiffs' evidence showed an lack of |

| Declaration of Jane W. Wise In Support of Plaintiffs' Second Motion for Summary Judgment And A Permanent Injunction | Defendant-Counterclaimant Public Resource's Objections |
|---|---|
| | ownership, which caused Plaintiffs to abandon their first two theories of copyright ownership (works made for hire, then ownership by assignment) in favor of a third theory of ownership, namely joint authorship of joint works, where the copyright registrations contradict the theory of ownership. |
| 35. Attached as **Exhibit 34** is a true and correct copy of the registration certificate numbered TX 4-654-921 obtained from the Copyright Office for Volume 1.04 of the 1998 Annual Book of ASTM Standards that identifies ASTM as the owner of the copyright. | FRE 402 Relevance and FRE 701 Improper Opinion Testimony.  To the extent that the Plaintiffs rely upon the copyright registration certificates to suggest their ownership of copyrights, this states an improper legal conclusion of ownership, which is especially troublesome in this case where the Plaintiffs' evidence showed an lack of ownership, which caused Plaintiffs to abandon their first two theories of copyright ownership (works made for hire, then ownership by assignment) in favor of a third theory of ownership, namely joint authorship of joint works, where the copyright registrations contradict the theory of ownership. |
| 36. Attached as **Exhibit 35** is a true and correct copy of the registration certificate numbered TX 0-243-321 obtained from the Copyright Office for Part 4 of the 1979 Annual Book of ASTM Standards that identifies ASTM as the owner of the copyright. | FRE 402 Relevance and FRE 701 Improper Opinion Testimony.  To the extent that the Plaintiffs rely upon the copyright registration certificates to suggest their ownership of copyrights, this states an improper legal conclusion of ownership, which is especially troublesome in this case where the Plaintiffs' evidence showed an lack of ownership, which caused Plaintiffs to abandon their first two theories of copyright ownership (works made for hire, then ownership by assignment) in favor of a third theory of ownership, namely joint authorship of joint works, |

| Declaration of Jane W. Wise In Support of Plaintiffs' Second Motion for Summary Judgment And A Permanent Injunction | Defendant-Counterclaimant Public Resource's Objections |
|---|---|
| | where the copyright registrations contradict the theory of ownership. |
| 37. Attached as Exhibit **36** is a true and correct copy of the registration certificate numbered TX 0-226-040 obtained from the Copyright Office for Part 1 of the 1979 Annual Book of ASTM Standards that identifies ASTM as the owner of the copyright. | FRE 402 Relevance and FRE 701 Improper Opinion Testimony.  To the extent that the Plaintiffs rely upon the copyright registration certificates to suggest their ownership of copyrights, this states an improper legal conclusion of ownership, which is especially troublesome in this case where the Plaintiffs' evidence showed an lack of ownership, which caused Plaintiffs to abandon their first two theories of copyright ownership (works made for hire, then ownership by assignment) in favor of a third theory of ownership, namely joint authorship of joint works, where the copyright registrations contradict the theory of ownership. |
| 38. Attached as **Exhibit 37** is a true and correct copy of the registration certificate numbered TX 4-083-251 obtained from the Copyright Office for Volume 1.01 of the 1995 Annual Book of ASTM Standards that identifies ASTM as the owner of the copyright. | FRE 402 Relevance and FRE 701 Improper Opinion Testimony.  To the extent that the Plaintiffs rely upon the copyright registration certificates to suggest their ownership of copyrights, this states an improper legal conclusion of ownership, which is especially troublesome in this case where the Plaintiffs' evidence showed an lack of ownership, which caused Plaintiffs to abandon their first two theories of copyright ownership (works made for hire, then ownership by assignment) in favor of a third theory of ownership, namely joint authorship of joint works, where the copyright registrations contradict the theory of ownership. |
| 39. Attached as **Exhibit 38** is a true and correct copy of the registration certificate numbered TX 4-029-508 obtained at my direction from the | FRE 402 Relevance and FRE 701 Improper Opinion Testimony.  To the extent that the Plaintiffs rely upon the |

| Declaration of Jane W. Wise In Support of Plaintiffs' Second Motion for Summary Judgment And A Permanent Injunction | Defendant-Counterclaimant Public Resource's Objections |
|---|---|
| Copyright Office for Volume 1.03 of the 1995 Annual Book of ASTM Standards that identifies ASTM as the owner of the copyright. | copyright registration certificates to suggest their ownership of copyrights, this states an improper legal conclusion of ownership, which is especially troublesome in this case where the Plaintiffs' evidence showed an lack of ownership, which caused Plaintiffs to abandon their first two theories of copyright ownership (works made for hire, then ownership by assignment) in favor of a third theory of ownership, namely joint authorship of joint works, where the copyright registrations contradict the theory of ownership. |
| 40. Attached as **Exhibit 39** is a true and correct copy of the registration certificate numbered TX 0-013-355 obtained from the Copyright Office for Part 1 of the 1978 Annual Book of ASTM Standards that identifies ASTM as the owner of the copyright. | FRE 402 Relevance and FRE 701 Improper Opinion Testimony.  To the extent that the Plaintiffs rely upon the copyright registration certificates to suggest their ownership of copyrights, this states an improper legal conclusion of ownership, which is especially troublesome in this case where the Plaintiffs' evidence showed an lack of ownership, which caused Plaintiffs to abandon their first two theories of copyright ownership (works made for hire, then ownership by assignment) in favor of a third theory of ownership, namely joint authorship of joint works, where the copyright registrations contradict the theory of ownership. |
| 41. Attached as **Exhibit 40** is a true and correct copy of the registration certificate numbered TX 0-278-720 obtained from the Copyright Office for Part 3 of the 1979 Annual Book of ASTM Standards that identifies ASTM as the owner of the copyright. | FRE 402 Relevance and FRE 701 Improper Opinion Testimony.  To the extent that the Plaintiffs rely upon the copyright registration certificates to suggest their ownership of copyrights, this states an improper legal conclusion of ownership, which is especially troublesome in this case where the Plaintiffs' evidence showed an lack of |

45

| Declaration of Jane W. Wise In Support of Plaintiffs' Second Motion for Summary Judgment And A Permanent Injunction | Defendant-Counterclaimant Public Resource's Objections |
|---|---|
| | ownership, which caused Plaintiffs to abandon their first two theories of copyright ownership (works made for hire, then ownership by assignment) in favor of a third theory of ownership, namely joint authorship of joint works, where the copyright registrations contradict the theory of ownership. |
| 42. Attached as **Exhibit 41** is a true and correct copy of the registration certificate numbered A 0-721-891 obtained from the Copyright Office for Part 4 of the 1976 Annual Book of ASTM Standards that identifies ASTM as the owner of the copyright. These photos fairly and accurately depict the appearance of the registration certificate for A 0-721-891. | FRE 402 Relevance and FRE 701 Improper Opinion Testimony.  To the extent that the Plaintiffs rely upon the copyright registration certificates to suggest their ownership of copyrights, this states an improper legal conclusion of ownership, which is especially troublesome in this case where the Plaintiffs' evidence showed an lack of ownership, which caused Plaintiffs to abandon their first two theories of copyright ownership (works made for hire, then ownership by assignment) in favor of a third theory of ownership, namely joint authorship of joint works, where the copyright registrations contradict the theory of ownership. |
| 43. Attached as **Exhibit 42** is a true and correct copy of the registration certificate numbered TX 4-179-992 obtained from the Copyright Office for Volume 1.01 of the 1996 Annual Book of ASTM Standards that identifies ASTM as the owner of the copyright. | FRE 402 Relevance and FRE 701 Improper Opinion Testimony.  To the extent that the Plaintiffs rely upon the copyright registration certificates to suggest their ownership of copyrights, this states an improper legal conclusion of ownership, which is especially troublesome in this case where the Plaintiffs' evidence showed an lack of ownership, which caused Plaintiffs to abandon their first two theories of copyright ownership (works made for hire, then ownership by assignment) in favor of a third theory of ownership, namely joint authorship of joint works, |

| Declaration of Jane W. Wise In Support of Plaintiffs' Second Motion for Summary Judgment And A Permanent Injunction | Defendant-Counterclaimant Public Resource's Objections |
|---|---|
| | where the copyright registrations contradict the theory of ownership. |
| 44. Attached as **Exhibit 43** is a true and correct copy of the registration certificate numbered TX 3-043-643 obtained from the Copyright Office for Volume 1.01 of the 1991 Annual Book of ASTM Standards that identifies ASTM as the owner of the copyright. | FRE 402 Relevance and FRE 701 Improper Opinion Testimony. To the extent that the Plaintiffs rely upon the copyright registration certificates to suggest their ownership of copyrights, this states an improper legal conclusion of ownership, which is especially troublesome in this case where the Plaintiffs' evidence showed an lack of ownership, which caused Plaintiffs to abandon their first two theories of copyright ownership (works made for hire, then ownership by assignment) in favor of a third theory of ownership, namely joint authorship of joint works, where the copyright registrations contradict the theory of ownership. |
| 45. Attached as **Exhibit 44** is a true and correct copy of the registration certificate numbered A 0-316-410 obtained from the Copyright Office for Part 4 of the 1972 Annual Book of ASTM Standards that identifies ASTM as the owner of the copyright. These photos fairly and accurately depict the appearance of the registration certificate for A 0-316-410. | FRE 402 Relevance and FRE 701 Improper Opinion Testimony. To the extent that the Plaintiffs rely upon the copyright registration certificates to suggest their ownership of copyrights, this states an improper legal conclusion of ownership, which is especially troublesome in this case where the Plaintiffs' evidence showed an lack of ownership, which caused Plaintiffs to abandon their first two theories of copyright ownership (works made for hire, then ownership by assignment) in favor of a third theory of ownership, namely joint authorship of joint works, where the copyright registrations contradict the theory of ownership. |
| 46. Attached as **Exhibit 45** is a true and correct copy of the registration certificate numbered TX 3-614-178 obtained from the Copyright Office | FRE 402 Relevance and FRE 701 Improper Opinion Testimony. To the extent that the Plaintiffs rely upon the |

| Declaration of Jane W. Wise In Support of Plaintiffs' Second Motion for Summary Judgment And A Permanent Injunction | Defendant-Counterclaimant Public Resource's Objections |
|---|---|
| for Volume 2.01 of the 1993 Annual Book of ASTM Standards that identifies ASTM as the owner of the copyright. | copyright registration certificates to suggest their ownership of copyrights, this states an improper legal conclusion of ownership, which is especially troublesome in this case where the Plaintiffs' evidence showed an lack of ownership, which caused Plaintiffs to abandon their first two theories of copyright ownership (works made for hire, then ownership by assignment) in favor of a third theory of ownership, namely joint authorship of joint works, where the copyright registrations contradict the theory of ownership. |
| 47. Attached as **Exhibit 46** is a true and correct copy of the registration certificate numbered TX 1-374-252 obtained from the Copyright Office for Volume 2.01 of the 1984 Annual Book of ASTM Standards that identifies ASTM as the owner of the copyright. | FRE 402 Relevance and FRE 701 Improper Opinion Testimony.  To the extent that the Plaintiffs rely upon the copyright registration certificates to suggest their ownership of copyrights, this states an improper legal conclusion of ownership, which is especially troublesome in this case where the Plaintiffs' evidence showed an lack of ownership, which caused Plaintiffs to abandon their first two theories of copyright ownership (works made for hire, then ownership by assignment) in favor of a third theory of ownership, namely joint authorship of joint works, where the copyright registrations contradict the theory of ownership. |
| 48. Attached as **Exhibit 47** is a true and correct copy of the registration certificate numbered TX 4-497-885 obtained from the Copyright Office for Volume 2.01 of the 1997 Annual Book of ASTM Standards that identifies ASTM as the owner of the copyright. | FRE 402 Relevance and FRE 701 Improper Opinion Testimony.  To the extent that the Plaintiffs rely upon the copyright registration certificates to suggest their ownership of copyrights, this states an improper legal conclusion of ownership, which is especially troublesome in this case where the Plaintiffs' evidence showed an lack of |

| Declaration of Jane W. Wise In Support of Plaintiffs' Second Motion for Summary Judgment And A Permanent Injunction | Defendant-Counterclaimant Public Resource's Objections |
|---|---|
| | ownership, which caused Plaintiffs to abandon their first two theories of copyright ownership (works made for hire, then ownership by assignment) in favor of a third theory of ownership, namely joint authorship of joint works, where the copyright registrations contradict the theory of ownership. |
| 49. Attached as **Exhibit 48** is a true and correct copy of the registration certificate numbered TX 4-243-005 obtained from the Copyright Office for Volume 2.01 of the 1996 Annual Book of ASTM Standards that identifies ASTM as the owner of the copyright. | FRE 402 Relevance and FRE 701 Improper Opinion Testimony.  To the extent that the Plaintiffs rely upon the copyright registration certificates to suggest their ownership of copyrights, this states an improper legal conclusion of ownership, which is especially troublesome in this case where the Plaintiffs' evidence showed an lack of ownership, which caused Plaintiffs to abandon their first two theories of copyright ownership (works made for hire, then ownership by assignment) in favor of a third theory of ownership, namely joint authorship of joint works, where the copyright registrations contradict the theory of ownership. |
| 50. Attached as **Exhibit 49** is a true and correct copy of the registration certificate numbered TX 4-737-834 obtained from the Copyright Office for Volume 2.01 of the 1998 Annual Book of ASTM Standards that identifies ASTM as the owner of the copyright. | FRE 402 Relevance and FRE 701 Improper Opinion Testimony.  To the extent that the Plaintiffs rely upon the copyright registration certificates to suggest their ownership of copyrights, this states an improper legal conclusion of ownership, which is especially troublesome in this case where the Plaintiffs' evidence showed an lack of ownership, which caused Plaintiffs to abandon their first two theories of copyright ownership (works made for hire, then ownership by assignment) in favor of a third theory of ownership, namely joint authorship of joint works, |

| Declaration of Jane W. Wise In Support of Plaintiffs' Second Motion for Summary Judgment And A Permanent Injunction | Defendant-Counterclaimant Public Resource's Objections |
|---|---|
| | where the copyright registrations contradict the theory of ownership. |
| 51. Attached as **Exhibit 50** is a true and correct copy of the registration certificate numbered TX 1-453-716 obtained from the Copyright Office for Volume 2.02 of the 1984 Annual Book of ASTM Standards that identifies ASTM as the owner of the copyright. | FRE 402 Relevance and FRE 701 Improper Opinion Testimony.  To the extent that the Plaintiffs rely upon the copyright registration certificates to suggest their ownership of copyrights, this states an improper legal conclusion of ownership, which is especially troublesome in this case where the Plaintiffs' evidence showed an lack of ownership, which caused Plaintiffs to abandon their first two theories of copyright ownership (works made for hire, then ownership by assignment) in favor of a third theory of ownership, namely joint authorship of joint works, where the copyright registrations contradict the theory of ownership. |
| 52. Attached as **Exhibit 51** is a true and correct copy of the registration certificate numbered TX 3-883-920 obtained from the Copyright Office for Volume 2.01 of the 1994 Annual Book of ASTM Standards that identifies ASTM as the owner of the copyright. | FRE 402 Relevance and FRE 701 Improper Opinion Testimony.  To the extent that the Plaintiffs rely upon the copyright registration certificates to suggest their ownership of copyrights, this states an improper legal conclusion of ownership, which is especially troublesome in this case where the Plaintiffs' evidence showed an lack of ownership, which caused Plaintiffs to abandon their first two theories of copyright ownership (works made for hire, then ownership by assignment) in favor of a third theory of ownership, namely joint authorship of joint works, where the copyright registrations contradict the theory of ownership. |
| 53. Attached as **Exhibit 52** is a true and correct copy of the registration certificate numbered TX 4-768-932 obtained from the Copyright Office | FRE 402 Relevance and FRE 701 Improper Opinion Testimony.  To the extent that the Plaintiffs rely upon the |

| Declaration of Jane W. Wise In Support of Plaintiffs' Second Motion for Summary Judgment And A Permanent Injunction | Defendant-Counterclaimant Public Resource's Objections |
|---|---|
| for Volume 2.02 of the 1998 Annual Book of ASTM Standards that identifies ASTM as the owner of the copyright. | copyright registration certificates to suggest their ownership of copyrights, this states an improper legal conclusion of ownership, which is especially troublesome in this case where the Plaintiffs' evidence showed an lack of ownership, which caused Plaintiffs to abandon their first two theories of copyright ownership (works made for hire, then ownership by assignment) in favor of a third theory of ownership, namely joint authorship of joint works, where the copyright registrations contradict the theory of ownership. |
| 54. Attached as **Exhibit 53** is a true and correct copy of the registration certificate numbered TX 0-648-336 obtained from the Copyright Office for Part 8 of the 1980 Annual Book of ASTM Standards that identifies ASTM as the owner of the copyright. | FRE 402 Relevance and FRE 701 Improper Opinion Testimony.  To the extent that the Plaintiffs rely upon the copyright registration certificates to suggest their ownership of copyrights, this states an improper legal conclusion of ownership, which is especially troublesome in this case where the Plaintiffs' evidence showed an lack of ownership, which caused Plaintiffs to abandon their first two theories of copyright ownership (works made for hire, then ownership by assignment) in favor of a third theory of ownership, namely joint authorship of joint works, where the copyright registrations contradict the theory of ownership. |
| 55. Attached as **Exhibit 54** is a true and correct copy of the registration certificate numbered TX 0-534-160 obtained from the Copyright Office for Part 9 of the 1980 Annual Book of ASTM Standards that identifies ASTM as the owner of the copyright. | FRE 402 Relevance and FRE 701 Improper Opinion Testimony.  To the extent that the Plaintiffs rely upon the copyright registration certificates to suggest their ownership of copyrights, this states an improper legal conclusion of ownership, which is especially troublesome in this case where the Plaintiffs' evidence showed an lack of |

| Declaration of Jane W. Wise In Support of Plaintiffs' Second Motion for Summary Judgment And A Permanent Injunction | Defendant-Counterclaimant Public Resource's Objections |
|---|---|
| | ownership, which caused Plaintiffs to abandon their first two theories of copyright ownership (works made for hire, then ownership by assignment) in favor of a third theory of ownership, namely joint authorship of joint works, where the copyright registrations contradict the theory of ownership. |
| 56. Attached as **Exhibit 55** is a true and correct copy of the registration certificate numbered TX 1-846-702 obtained from the Copyright Office for Volume 2.01 of the 1986 Annual Book of ASTM Standards that identifies ASTM as the owner of the copyright. | FRE 402 Relevance and FRE 701 Improper Opinion Testimony.  To the extent that the Plaintiffs rely upon the copyright registration certificates to suggest their ownership of copyrights, this states an improper legal conclusion of ownership, which is especially troublesome in this case where the Plaintiffs' evidence showed an lack of ownership, which caused Plaintiffs to abandon their first two theories of copyright ownership (works made for hire, then ownership by assignment) in favor of a third theory of ownership, namely joint authorship of joint works, where the copyright registrations contradict the theory of ownership. |
| 57. Attached as **Exhibit 56** is a true and correct copy of the registration certificate numbered TX 0-627-128 obtained from the Copyright Office for Part 13 of the 1980 Annual Book of ASTM Standards that identifies ASTM as the owner of the copyright. | FRE 402 Relevance and FRE 701 Improper Opinion Testimony.  To the extent that the Plaintiffs rely upon the copyright registration certificates to suggest their ownership of copyrights, this states an improper legal conclusion of ownership, which is especially troublesome in this case where the Plaintiffs' evidence showed an lack of ownership, which caused Plaintiffs to abandon their first two theories of copyright ownership (works made for hire, then ownership by assignment) in favor of a third theory of ownership, namely joint authorship of joint works, |

| Declaration of Jane W. Wise In Support of Plaintiffs' Second Motion for Summary Judgment And A Permanent Injunction | Defendant-Counterclaimant Public Resource's Objections |
|---|---|
| | where the copyright registrations contradict the theory of ownership. |
| 58. Attached as **Exhibit 57** are true and correct copy the registration certificate numbered TX 7-685-927 for ASTM C150 that identifies ASTM as the owner. | FRE 402 Relevance and FRE 701 Improper Opinion Testimony.  To the extent that the Plaintiffs rely upon the copyright registration certificates to suggest their ownership of copyrights, this states an improper legal conclusion of ownership, which is especially troublesome in this case where the Plaintiffs' evidence showed an lack of ownership, which caused Plaintiffs to abandon their first two theories of copyright ownership (works made for hire, then ownership by assignment) in favor of a third theory of ownership, namely joint authorship of joint works, where the copyright registrations contradict the theory of ownership. |
| 59. Attached as **Exhibit 58** is a true and correct copy of the registration certificate numbered TX 4-584-449 obtained from the Copyright Office for Volume 4.06 of the 1997 Annual Book of ASTM Standards that identifies ASTM as the owner of the copyright. | FRE 402 Relevance and FRE 701 Improper Opinion Testimony.  To the extent that the Plaintiffs rely upon the copyright registration certificates to suggest their ownership of copyrights, this states an improper legal conclusion of ownership, which is especially troublesome in this case where the Plaintiffs' evidence showed an lack of ownership, which caused Plaintiffs to abandon their first two theories of copyright ownership (works made for hire, then ownership by assignment) in favor of a third theory of ownership, namely joint authorship of joint works, where the copyright registrations contradict the theory of ownership. |
| 60. Attached as **Exhibit 59** is a true and correct copy of the registration certificate numbered TX 2-984-931 obtained from the Copyright Office | FRE 402 Relevance and FRE 701 Improper Opinion Testimony.  To the extent that the Plaintiffs rely upon the |

| Declaration of Jane W. Wise In Support of Plaintiffs' Second Motion for Summary Judgment And A Permanent Injunction | Defendant-Counterclaimant Public Resource's Objections |
|---|---|
| for Volume 4.06 of the 1990 Annual Book of ASTM Standards that identifies ASTM as the owner of the copyright. | copyright registration certificates to suggest their ownership of copyrights, this states an improper legal conclusion of ownership, which is especially troublesome in this case where the Plaintiffs' evidence showed an lack of ownership, which caused Plaintiffs to abandon their first two theories of copyright ownership (works made for hire, then ownership by assignment) in favor of a third theory of ownership, namely joint authorship of joint works, where the copyright registrations contradict the theory of ownership. |
| 61. Attached as **Exhibit 60** is a true and correct copy of the registration certificate numbered TX 5-008-019 obtained from the Copyright Office for Volume 4.02 of the 1999 Annual Book of ASTM Standards that identifies ASTM as the owner of the copyright. | FRE 402 Relevance and FRE 701 Improper Opinion Testimony.  To the extent that the Plaintiffs rely upon the copyright registration certificates to suggest their ownership of copyrights, this states an improper legal conclusion of ownership, which is especially troublesome in this case where the Plaintiffs' evidence showed an lack of ownership, which caused Plaintiffs to abandon their first two theories of copyright ownership (works made for hire, then ownership by assignment) in favor of a third theory of ownership, namely joint authorship of joint works, where the copyright registrations contradict the theory of ownership. |
| 62. Attached as **Exhibit 61** is a true and correct copy of the registration certificate numbered TX 1-696-496 obtained from the Copyright Office for Volume 9.02 of the 1985 Annual Book of ASTM Standards that identifies ASTM as the owner of the copyright. | FRE 402 Relevance and FRE 701 Improper Opinion Testimony.  To the extent that the Plaintiffs rely upon the copyright registration certificates to suggest their ownership of copyrights, this states an improper legal conclusion of ownership, which is especially troublesome in this case where the Plaintiffs' evidence showed an lack of |

| Declaration of Jane W. Wise In Support of Plaintiffs' Second Motion for Summary Judgment And A Permanent Injunction | Defendant-Counterclaimant Public Resource's Objections |
|---|---|
| | ownership, which caused Plaintiffs to abandon their first two theories of copyright ownership (works made for hire, then ownership by assignment) in favor of a third theory of ownership, namely joint authorship of joint works, where the copyright registrations contradict the theory of ownership. |
| 63. Attached as **Exhibit 62** is a true and correct copy of the registration certificate numbered TX 0-829-453 obtained from the Copyright Office for Part 18 of the 1981 Annual Book of ASTM Standards that identifies ASTM as the owner of the copyright. | FRE 402 Relevance and FRE 701 Improper Opinion Testimony.  To the extent that the Plaintiffs rely upon the copyright registration certificates to suggest their ownership of copyrights, this states an improper legal conclusion of ownership, which is especially troublesome in this case where the Plaintiffs' evidence showed an lack of ownership, which caused Plaintiffs to abandon their first two theories of copyright ownership (works made for hire, then ownership by assignment) in favor of a third theory of ownership, namely joint authorship of joint works, where the copyright registrations contradict the theory of ownership. |
| 64. Attached as **Exhibit 63** is a true and correct copy of the registration certificate numbered TX 3-278-409 obtained from the Copyright Office for Volume 4.06 of the 1991 Annual Book of ASTM Standards that identifies ASTM as the owner of the copyright. | FRE 402 Relevance and FRE 701 Improper Opinion Testimony.  To the extent that the Plaintiffs rely upon the copyright registration certificates to suggest their ownership of copyrights, this states an improper legal conclusion of ownership, which is especially troublesome in this case where the Plaintiffs' evidence showed an lack of ownership, which caused Plaintiffs to abandon their first two theories of copyright ownership (works made for hire, then ownership by assignment) in favor of a third theory of ownership, namely joint authorship of joint works, |

| Declaration of Jane W. Wise In Support of Plaintiffs' Second Motion for Summary Judgment And A Permanent Injunction | Defendant-Counterclaimant Public Resource's Objections |
|---|---|
| | where the copyright registrations contradict the theory of ownership. |
| 65. Attached as **Exhibit 64** is a true and correct copy of the registration certificate numbered TX 1-041-470 obtained from the Copyright Office for Part 18 of the 1982 Annual Book of ASTM Standards that identifies ASTM as the owner of the copyright. | FRE 402 Relevance and FRE 701 Improper Opinion Testimony.  To the extent that the Plaintiffs rely upon the copyright registration certificates to suggest their ownership of copyrights, this states an improper legal conclusion of ownership, which is especially troublesome in this case where the Plaintiffs' evidence showed an lack of ownership, which caused Plaintiffs to abandon their first two theories of copyright ownership (works made for hire, then ownership by assignment) in favor of a third theory of ownership, namely joint authorship of joint works, where the copyright registrations contradict the theory of ownership. |
| 66. Attached as **Exhibit 65** is a true and correct copy of the registration certificate numbered A 0-176-757 obtained from the Copyright Office for Part 28 of the 1970 Annual Book of ASTM Standards that identifies ASTM as the owner of the copyright. These photos fairly and accurately depict the appearance of the registration certificate for A 0-176-757. | FRE 402 Relevance and FRE 701 Improper Opinion Testimony.  To the extent that the Plaintiffs rely upon the copyright registration certificates to suggest their ownership of copyrights, this states an improper legal conclusion of ownership, which is especially troublesome in this case where the Plaintiffs' evidence showed an lack of ownership, which caused Plaintiffs to abandon their first two theories of copyright ownership (works made for hire, then ownership by assignment) in favor of a third theory of ownership, namely joint authorship of joint works, where the copyright registrations contradict the theory of ownership. |
| 67. Attached as **Exhibit 66** is a true and correct copy of the registration certificate numbered TX 4-223-325 obtained from the Copyright Office | FRE 402 Relevance and FRE 701 Improper Opinion Testimony.  To the extent that the Plaintiffs rely upon the |

| Declaration of Jane W. Wise In Support of Plaintiffs' Second Motion for Summary Judgment And A Permanent Injunction | Defendant-Counterclaimant Public Resource's Objections |
|---|---|
| for Volume 5.01 of the 1996 Annual Book of ASTM Standards that identifies ASTM as the owner of the copyright. | copyright registration certificates to suggest their ownership of copyrights, this states an improper legal conclusion of ownership, which is especially troublesome in this case where the Plaintiffs' evidence showed an lack of ownership, which caused Plaintiffs to abandon their first two theories of copyright ownership (works made for hire, then ownership by assignment) in favor of a third theory of ownership, namely joint authorship of joint works, where the copyright registrations contradict the theory of ownership. |
| 68. Attached as **Exhibit 67** is a true and correct copy of the registration certificate numbered TX 2-866-002 obtained from the Copyright Office for Volume 11.01 of the 1990 Annual Book of ASTM Standards that identifies ASTM as the owner of the copyright. | FRE 402 Relevance and FRE 701 Improper Opinion Testimony.  To the extent that the Plaintiffs rely upon the copyright registration certificates to suggest their ownership of copyrights, this states an improper legal conclusion of ownership, which is especially troublesome in this case where the Plaintiffs' evidence showed an lack of ownership, which caused Plaintiffs to abandon their first two theories of copyright ownership (works made for hire, then ownership by assignment) in favor of a third theory of ownership, namely joint authorship of joint works, where the copyright registrations contradict the theory of ownership. |
| 69. Attached as **Exhibit 68** is a true and correct copy of the registration certificate numbered TX 1-152-729 obtained from the Copyright Office for Volume 6.03 of the 1983 Annual Book of ASTM Standards that identifies ASTM as the owner of the copyright. | FRE 402 Relevance and FRE 701 Improper Opinion Testimony.  To the extent that the Plaintiffs rely upon the copyright registration certificates to suggest their ownership of copyrights, this states an improper legal conclusion of ownership, which is especially troublesome in this case where the Plaintiffs' evidence showed an lack of |

| Declaration of Jane W. Wise In Support of Plaintiffs' Second Motion for Summary Judgment And A Permanent Injunction | Defendant-Counterclaimant Public Resource's Objections |
|---|---|
|  | ownership, which caused Plaintiffs to abandon their first two theories of copyright ownership (works made for hire, then ownership by assignment) in favor of a third theory of ownership, namely joint authorship of joint works, where the copyright registrations contradict the theory of ownership. |
| 70. Attached as **Exhibit 69** is a true and correct copy of the registration certificate numbered TX 4-145-800 obtained from the Copyright Office for Volume 9.01 of the 1995 Annual Book of ASTM Standards that identifies ASTM as the owner of the copyright. | FRE 402 Relevance and FRE 701 Improper Opinion Testimony.  To the extent that the Plaintiffs rely upon the copyright registration certificates to suggest their ownership of copyrights, this states an improper legal conclusion of ownership, which is especially troublesome in this case where the Plaintiffs' evidence showed an lack of ownership, which caused Plaintiffs to abandon their first two theories of copyright ownership (works made for hire, then ownership by assignment) in favor of a third theory of ownership, namely joint authorship of joint works, where the copyright registrations contradict the theory of ownership. |
| 71. Attached as **Exhibit 70** is a true and correct copy of the registration certificate numbered TX 3-840-415 obtained from the Copyright Office for Volume 5.01 of the 1994 Annual Book of ASTM Standards that identifies ASTM as the owner of the copyright. | FRE 402 Relevance and FRE 701 Improper Opinion Testimony.  To the extent that the Plaintiffs rely upon the copyright registration certificates to suggest their ownership of copyrights, this states an improper legal conclusion of ownership, which is especially troublesome in this case where the Plaintiffs' evidence showed an lack of ownership, which caused Plaintiffs to abandon their first two theories of copyright ownership (works made for hire, then ownership by assignment) in favor of a third theory of ownership, namely joint authorship of joint works, |

| Declaration of Jane W. Wise In Support of Plaintiffs' Second Motion for Summary Judgment And A Permanent Injunction | Defendant-Counterclaimant Public Resource's Objections |
|---|---|
| | where the copyright registrations contradict the theory of ownership. |
| 72. Attached as **Exhibit 71** is a true and correct copy of the registration certificate numbered TX 4-497-877 obtained from the Copyright Office for Volume 11.01 of the 1997 Annual Book of ASTM Standards that identifies ASTM as the owner of the copyright. | FRE 402 Relevance and FRE 701 Improper Opinion Testimony.  To the extent that the Plaintiffs rely upon the copyright registration certificates to suggest their ownership of copyrights, this states an improper legal conclusion of ownership, which is especially troublesome in this case where the Plaintiffs' evidence showed an lack of ownership, which caused Plaintiffs to abandon their first two theories of copyright ownership (works made for hire, then ownership by assignment) in favor of a third theory of ownership, namely joint authorship of joint works, where the copyright registrations contradict the theory of ownership. |
| 73. Attached as **Exhibit 72** is a true and correct copy of the registration certificate numbered TX 2-081-531 obtained from the Copyright Office for Volume 11.01 of the 1987 Annual Book of ASTM Standards that identifies ASTM as the owner of the copyright. | FRE 402 Relevance and FRE 701 Improper Opinion Testimony.  To the extent that the Plaintiffs rely upon the copyright registration certificates to suggest their ownership of copyrights, this states an improper legal conclusion of ownership, which is especially troublesome in this case where the Plaintiffs' evidence showed an lack of ownership, which caused Plaintiffs to abandon their first two theories of copyright ownership (works made for hire, then ownership by assignment) in favor of a third theory of ownership, namely joint authorship of joint works, where the copyright registrations contradict the theory of ownership. |
| 74. Attached as **Exhibit 73** is a true and correct copy of the registration certificate numbered TX 5-071-596 obtained from the Copyright Office | FRE 402 Relevance and FRE 701 Improper Opinion Testimony.  To the extent that the Plaintiffs rely upon the |

| Declaration of Jane W. Wise In Support of Plaintiffs' Second Motion for Summary Judgment And A Permanent Injunction | Defendant-Counterclaimant Public Resource's Objections |
|---|---|
| for Volume 5.01 of the 2000 Annual Book of ASTM Standards that identifies ASTM as the owner of the copyright. | copyright registration certificates to suggest their ownership of copyrights, this states an improper legal conclusion of ownership, which is especially troublesome in this case where the Plaintiffs' evidence showed an lack of ownership, which caused Plaintiffs to abandon their first two theories of copyright ownership (works made for hire, then ownership by assignment) in favor of a third theory of ownership, namely joint authorship of joint works, where the copyright registrations contradict the theory of ownership. |
| 75. Attached as **Exhibit 74** is a true and correct copy of the registration certificate numbered A 0-942-436 for Part 24 of the 1967 Book of ASTM Standards that identifies ASTM as the owner of the copyright. These photos fairly and accurately depict the appearance of the registration certificate for A 0-942-436. | FRE 402 Relevance and FRE 701 Improper Opinion Testimony.  To the extent that the Plaintiffs rely upon the copyright registration certificates to suggest their ownership of copyrights, this states an improper legal conclusion of ownership, which is especially troublesome in this case where the Plaintiffs' evidence showed an lack of ownership, which caused Plaintiffs to abandon their first two theories of copyright ownership (works made for hire, then ownership by assignment) in favor of a third theory of ownership, namely joint authorship of joint works, where the copyright registrations contradict the theory of ownership. |
| 76. Attached as **Exhibit 75** is a true and correct copy of the registration certificate numbered TX 3-936-510 obtained from the Copyright Office for Volume 5.05 of the 1994 Annual Book of ASTM Standards that identifies ASTM as the owner of the copyright. | FRE 402 Relevance and FRE 701 Improper Opinion Testimony.  To the extent that the Plaintiffs rely upon the copyright registration certificates to suggest their ownership of copyrights, this states an improper legal conclusion of ownership, which is especially troublesome in this case where the Plaintiffs' evidence showed an lack of |

| Declaration of Jane W. Wise In Support of Plaintiffs' Second Motion for Summary Judgment And A Permanent Injunction | Defendant-Counterclaimant Public Resource's Objections |
|---|---|
|  | ownership, which caused Plaintiffs to abandon their first two theories of copyright ownership (works made for hire, then ownership by assignment) in favor of a third theory of ownership, namely joint authorship of joint works, where the copyright registrations contradict the theory of ownership. |
| 77. Attached as **Exhibit 76** is a true and correct copy of the registration certificate numbered TX 1-725-733 obtained from the Copyright Office for Volume 7.01 of the 1985 Annual Book of ASTM Standards that identifies ASTM as the owner of the copyright. | FRE 402 Relevance and FRE 701 Improper Opinion Testimony.  To the extent that the Plaintiffs rely upon the copyright registration certificates to suggest their ownership of copyrights, this states an improper legal conclusion of ownership, which is especially troublesome in this case where the Plaintiffs' evidence showed an lack of ownership, which caused Plaintiffs to abandon their first two theories of copyright ownership (works made for hire, then ownership by assignment) in favor of a third theory of ownership, namely joint authorship of joint works, where the copyright registrations contradict the theory of ownership. |
| 78. Attached as **Exhibit 77** is a true and correct copy of the registration certificate numbered TX 2-814-346 obtained from the Copyright Office for Volume 6.01 of the 1990 Annual Book of ASTM Standards that identifies ASTM as the owner of the copyright. | FRE 402 Relevance and FRE 701 Improper Opinion Testimony.  To the extent that the Plaintiffs rely upon the copyright registration certificates to suggest their ownership of copyrights, this states an improper legal conclusion of ownership, which is especially troublesome in this case where the Plaintiffs' evidence showed an lack of ownership, which caused Plaintiffs to abandon their first two theories of copyright ownership (works made for hire, then ownership by assignment) in favor of a third theory of ownership, namely joint authorship of joint works, |

| Declaration of Jane W. Wise In Support of Plaintiffs' Second Motion for Summary Judgment And A Permanent Injunction | Defendant-Counterclaimant Public Resource's Objections |
|---|---|
| | where the copyright registrations contradict the theory of ownership. |
| 79. Attached as **Exhibit 78** is a true and correct copy of the registration certificate numbered TX 4-257-533 obtained from the Copyright Office for Volume 11.01 of the 1996 Annual Book of ASTM Standards that identifies ASTM as the owner of the copyright. | FRE 402 Relevance and FRE 701 Improper Opinion Testimony.  To the extent that the Plaintiffs rely upon the copyright registration certificates to suggest their ownership of copyrights, this states an improper legal conclusion of ownership, which is especially troublesome in this case where the Plaintiffs' evidence showed an lack of ownership, which caused Plaintiffs to abandon their first two theories of copyright ownership (works made for hire, then ownership by assignment) in favor of a third theory of ownership, namely joint authorship of joint works, where the copyright registrations contradict the theory of ownership. |
| 80. Attached as **Exhibit 79** is a true and correct copy of the registration certificate numbered TX 2-058-606 obtained from the Copyright Office for Volume 8.04 of the 1987 Annual Book of ASTM Standards that identifies ASTM as the owner of the copyright. | FRE 402 Relevance and FRE 701 Improper Opinion Testimony.  To the extent that the Plaintiffs rely upon the copyright registration certificates to suggest their ownership of copyrights, this states an improper legal conclusion of ownership, which is especially troublesome in this case where the Plaintiffs' evidence showed an lack of ownership, which caused Plaintiffs to abandon their first two theories of copyright ownership (works made for hire, then ownership by assignment) in favor of a third theory of ownership, namely joint authorship of joint works, where the copyright registrations contradict the theory of ownership. |
| 81. Attached as **Exhibit 80** is a true and correct copy of the registration certificate numbered TX 4-497-876 obtained from the Copyright Office | FRE 402 Relevance and FRE 701 Improper Opinion Testimony.  To the extent that the Plaintiffs rely upon the |

| Declaration of Jane W. Wise In Support of Plaintiffs' Second Motion for Summary Judgment And A Permanent Injunction | Defendant-Counterclaimant Public Resource's Objections |
|---|---|
| for Volume 11.02 of the 1997 Annual Book of ASTM Standards that identifies ASTM as the owner of the copyright. | copyright registration certificates to suggest their ownership of copyrights, this states an improper legal conclusion of ownership, which is especially troublesome in this case where the Plaintiffs' evidence showed an lack of ownership, which caused Plaintiffs to abandon their first two theories of copyright ownership (works made for hire, then ownership by assignment) in favor of a third theory of ownership, namely joint authorship of joint works, where the copyright registrations contradict the theory of ownership. |
| 82. Attached as **Exhibit 81** is a true and correct copy of the registration certificate numbered TX 4-557-835 obtained from the Copyright Office for Volume 5.05 of the 1997 Annual Book of ASTM Standards that identifies ASTM as the owner of the copyright. | FRE 402 Relevance and FRE 701 Improper Opinion Testimony.  To the extent that the Plaintiffs rely upon the copyright registration certificates to suggest their ownership of copyrights, this states an improper legal conclusion of ownership, which is especially troublesome in this case where the Plaintiffs' evidence showed an lack of ownership, which caused Plaintiffs to abandon their first two theories of copyright ownership (works made for hire, then ownership by assignment) in favor of a third theory of ownership, namely joint authorship of joint works, where the copyright registrations contradict the theory of ownership. |
| 83. Attached as **Exhibit 82** is a true and correct copy of the registration certificate numbered TX 2-992-651 obtained from the Copyright Office for Volume 5.05 of the 1990 Annual Book of ASTM Standards that identifies ASTM as the owner of the copyright. | FRE 402 Relevance and FRE 701 Improper Opinion Testimony.  To the extent that the Plaintiffs rely upon the copyright registration certificates to suggest their ownership of copyrights, this states an improper legal conclusion of ownership, which is especially troublesome in this case where the Plaintiffs' evidence showed an lack of |

| Declaration of Jane W. Wise In Support of Plaintiffs' Second Motion for Summary Judgment And A Permanent Injunction | Defendant-Counterclaimant Public Resource's Objections |
|---|---|
| | ownership, which caused Plaintiffs to abandon their first two theories of copyright ownership (works made for hire, then ownership by assignment) in favor of a third theory of ownership, namely joint authorship of joint works, where the copyright registrations contradict the theory of ownership. |
| 84. Attached as **Exhibit 83** is a true and correct copy of the registration certificate numbered TX 2-201-054 obtained from the Copyright Office for Volume 5.05 of the 1987 Annual Book of ASTM Standards that identifies ASTM as the owner of the copyright. | FRE 402 Relevance and FRE 701 Improper Opinion Testimony.  To the extent that the Plaintiffs rely upon the copyright registration certificates to suggest their ownership of copyrights, this states an improper legal conclusion of ownership, which is especially troublesome in this case where the Plaintiffs' evidence showed an lack of ownership, which caused Plaintiffs to abandon their first two theories of copyright ownership (works made for hire, then ownership by assignment) in favor of a third theory of ownership, namely joint authorship of joint works, where the copyright registrations contradict the theory of ownership. |
| 85. Attached as **Exhibit 84** is a true and correct copy of the registration certificate numbered TX 4-929-091 obtained from the Copyright Office for Volume 11.02 of the 1999 Annual Book of ASTM Standards that identifies ASTM as the owner of the copyright. | FRE 402 Relevance and FRE 701 Improper Opinion Testimony.  To the extent that the Plaintiffs rely upon the copyright registration certificates to suggest their ownership of copyrights, this states an improper legal conclusion of ownership, which is especially troublesome in this case where the Plaintiffs' evidence showed an lack of ownership, which caused Plaintiffs to abandon their first two theories of copyright ownership (works made for hire, then ownership by assignment) in favor of a third theory of ownership, namely joint authorship of joint works, |

| Declaration of Jane W. Wise In Support of Plaintiffs' Second Motion for Summary Judgment And A Permanent Injunction | Defendant-Counterclaimant Public Resource's Objections |
|---|---|
| | where the copyright registrations contradict the theory of ownership. |
| 86. Attached as **Exhibit 85** is a true and correct copy of the registration certificate numbered TX 3-450-603 obtained from the Copyright Office for Volume 5.02 of the 1992 Annual Book of ASTM Standards that identifies ASTM as the owner of the copyright. | FRE 402 Relevance and FRE 701 Improper Opinion Testimony.  To the extent that the Plaintiffs rely upon the copyright registration certificates to suggest their ownership of copyrights, this states an improper legal conclusion of ownership, which is especially troublesome in this case where the Plaintiffs' evidence showed an lack of ownership, which caused Plaintiffs to abandon their first two theories of copyright ownership (works made for hire, then ownership by assignment) in favor of a third theory of ownership, namely joint authorship of joint works, where the copyright registrations contradict the theory of ownership. |
| 87. Attached as **Exhibit 86** is a true and correct copy of the registration certificate numbered TX 4-893-151 obtained from the Copyright Office for Volume 4.08 of the 1999 Annual Book of ASTM Standards that identifies ASTM as the owner of the copyright. | FRE 402 Relevance and FRE 701 Improper Opinion Testimony.  To the extent that the Plaintiffs rely upon the copyright registration certificates to suggest their ownership of copyrights, this states an improper legal conclusion of ownership, which is especially troublesome in this case where the Plaintiffs' evidence showed an lack of ownership, which caused Plaintiffs to abandon their first two theories of copyright ownership (works made for hire, then ownership by assignment) in favor of a third theory of ownership, namely joint authorship of joint works, where the copyright registrations contradict the theory of ownership. |
| 88. Attached as **Exhibit 87** is a true and correct copy of the registration certificate numbered TX 4-951-524 obtained from the Copyright Office | FRE 402 Relevance and FRE 701 Improper Opinion Testimony.  To the extent that the Plaintiffs rely upon the |

| Declaration of Jane W. Wise In Support of Plaintiffs' Second Motion for Summary Judgment And A Permanent Injunction | Defendant-Counterclaimant Public Resource's Objections |
|---|---|
| for Volume 5.05 of the 1999 Annual Book of ASTM Standards that identifies ASTM as the owner of the copyright. | copyright registration certificates to suggest their ownership of copyrights, this states an improper legal conclusion of ownership, which is especially troublesome in this case where the Plaintiffs' evidence showed an lack of ownership, which caused Plaintiffs to abandon their first two theories of copyright ownership (works made for hire, then ownership by assignment) in favor of a third theory of ownership, namely joint authorship of joint works, where the copyright registrations contradict the theory of ownership. |
| 89. Attached as **Exhibit 88** is a true and correct copy of the registration certificate numbered TX 4-693-073 obtained from the Copyright Office for Volume 11.02 of the 1998 Annual Book of ASTM Standards that identifies ASTM as the owner of the copyright. | FRE 402 Relevance and FRE 701 Improper Opinion Testimony.  To the extent that the Plaintiffs rely upon the copyright registration certificates to suggest their ownership of copyrights, this states an improper legal conclusion of ownership, which is especially troublesome in this case where the Plaintiffs' evidence showed an lack of ownership, which caused Plaintiffs to abandon their first two theories of copyright ownership (works made for hire, then ownership by assignment) in favor of a third theory of ownership, namely joint authorship of joint works, where the copyright registrations contradict the theory of ownership. |
| 90. Attached as **Exhibit 89** is a true and correct copy of the registration certificate numbered TX 3-512-412 obtained from the Copyright Office for Volume 5.01 of the 1993 Annual Book of ASTM Standards that identifies ASTM as the owner of the copyright. | FRE 402 Relevance and FRE 701 Improper Opinion Testimony.  To the extent that the Plaintiffs rely upon the copyright registration certificates to suggest their ownership of copyrights, this states an improper legal conclusion of ownership, which is especially troublesome in this case where the Plaintiffs' evidence showed an lack of |

66

| Declaration of Jane W. Wise In Support of Plaintiffs' Second Motion for Summary Judgment And A Permanent Injunction | Defendant-Counterclaimant Public Resource's Objections |
|---|---|
| | ownership, which caused Plaintiffs to abandon their first two theories of copyright ownership (works made for hire, then ownership by assignment) in favor of a third theory of ownership, namely joint authorship of joint works, where the copyright registrations contradict the theory of ownership. |
| 91. Attached as **Exhibit 90** is a true and correct copy of the registration certificate numbered TX 4-029-468 obtained from the Copyright Office for Volume 5.02 of the 1995 Annual Book of ASTM Standards that identifies ASTM as the owner of the copyright. | FRE 402 Relevance and FRE 701 Improper Opinion Testimony.  To the extent that the Plaintiffs rely upon the copyright registration certificates to suggest their ownership of copyrights, this states an improper legal conclusion of ownership, which is especially troublesome in this case where the Plaintiffs' evidence showed an lack of ownership, which caused Plaintiffs to abandon their first two theories of copyright ownership (works made for hire, then ownership by assignment) in favor of a third theory of ownership, namely joint authorship of joint works, where the copyright registrations contradict the theory of ownership. |
| 92. Attached as **Exhibit 91** is a true and correct copy of the registration certificate numbered TX 4-898-490 obtained from the Copyright Office for Volume 5.02 of the 1999 Annual Book of ASTM Standards that identifies ASTM as the owner of the copyright. | FRE 402 Relevance and FRE 701 Improper Opinion Testimony.  To the extent that the Plaintiffs rely upon the copyright registration certificates to suggest their ownership of copyrights, this states an improper legal conclusion of ownership, which is especially troublesome in this case where the Plaintiffs' evidence showed an lack of ownership, which caused Plaintiffs to abandon their first two theories of copyright ownership (works made for hire, then ownership by assignment) in favor of a third theory of ownership, namely joint authorship of joint works, |

| Declaration of Jane W. Wise In Support of Plaintiffs' Second Motion for Summary Judgment And A Permanent Injunction | Defendant-Counterclaimant Public Resource's Objections |
|---|---|
| | where the copyright registrations contradict the theory of ownership. |
| 93. Attached as **Exhibit 92** is a true and correct copy of the registration certificate numbered TX 2-209-876 obtained from the Copyright Office for Volume 7.01 of the 1987 Annual Book of ASTM Standards that identifies ASTM as the owner of the copyright. | FRE 402 Relevance and FRE 701 Improper Opinion Testimony.  To the extent that the Plaintiffs rely upon the copyright registration certificates to suggest their ownership of copyrights, this states an improper legal conclusion of ownership, which is especially troublesome in this case where the Plaintiffs' evidence showed an lack of ownership, which caused Plaintiffs to abandon their first two theories of copyright ownership (works made for hire, then ownership by assignment) in favor of a third theory of ownership, namely joint authorship of joint works, where the copyright registrations contradict the theory of ownership. |
| 94. Attached as **Exhibit 93** is a true and correct copy of the registration certificate numbered TX 4-920-028 obtained from the Copyright Office for Volume 11.01 of the 1999 Annual Book of ASTM Standards that identifies ASTM as the owner of the copyright. | FRE 402 Relevance and FRE 701 Improper Opinion Testimony.  To the extent that the Plaintiffs rely upon the copyright registration certificates to suggest their ownership of copyrights, this states an improper legal conclusion of ownership, which is especially troublesome in this case where the Plaintiffs' evidence showed an lack of ownership, which caused Plaintiffs to abandon their first two theories of copyright ownership (works made for hire, then ownership by assignment) in favor of a third theory of ownership, namely joint authorship of joint works, where the copyright registrations contradict the theory of ownership. |
| 95. Attached as **Exhibit 94** is a true and correct copy of the registration certificate numbered TX 4-622-434 obtained from the Copyright Office | FRE 402 Relevance and FRE 701 Improper Opinion Testimony.  To the extent that the Plaintiffs rely upon the |

| Declaration of Jane W. Wise In Support of Plaintiffs' Second Motion for Summary Judgment And A Permanent Injunction | Defendant-Counterclaimant Public Resource's Objections |
|---|---|
| for Volume 5.02 of the 1998 Annual Book of ASTM Standards that identifies ASTM as the owner of the copyright. | copyright registration certificates to suggest their ownership of copyrights, this states an improper legal conclusion of ownership, which is especially troublesome in this case where the Plaintiffs' evidence showed an lack of ownership, which caused Plaintiffs to abandon their first two theories of copyright ownership (works made for hire, then ownership by assignment) in favor of a third theory of ownership, namely joint authorship of joint works, where the copyright registrations contradict the theory of ownership. |
| 96. Attached as **Exhibit 95** is a true and correct copy of the registration certificate numbered TX 4-399-608 obtained from the Copyright Office for Volume 11.03 of the 1996 Annual Book of ASTM Standards that identifies ASTM as the owner of the copyright. | FRE 402 Relevance and FRE 701 Improper Opinion Testimony.  To the extent that the Plaintiffs rely upon the copyright registration certificates to suggest their ownership of copyrights, this states an improper legal conclusion of ownership, which is especially troublesome in this case where the Plaintiffs' evidence showed an lack of ownership, which caused Plaintiffs to abandon their first two theories of copyright ownership (works made for hire, then ownership by assignment) in favor of a third theory of ownership, namely joint authorship of joint works, where the copyright registrations contradict the theory of ownership. |
| 97. Attached as **Exhibit 96** is a true and correct copy of the registration certificate numbered TX 4-511-604 obtained from the Copyright Office for Volume 5.02 of the 1997 Annual Book of ASTM Standards that identifies ASTM as the owner of the copyright. | FRE 402 Relevance and FRE 701 Improper Opinion Testimony.  To the extent that the Plaintiffs rely upon the copyright registration certificates to suggest their ownership of copyrights, this states an improper legal conclusion of ownership, which is especially troublesome in this case where the Plaintiffs' evidence showed an lack of |

69

| Declaration of Jane W. Wise In Support of Plaintiffs' Second Motion for Summary Judgment And A Permanent Injunction | Defendant-Counterclaimant Public Resource's Objections |
|---|---|
|  | ownership, which caused Plaintiffs to abandon their first two theories of copyright ownership (works made for hire, then ownership by assignment) in favor of a third theory of ownership, namely joint authorship of joint works, where the copyright registrations contradict the theory of ownership. |
| 98. Attached as **Exhibit 97** is a true and correct copy of the registration certificate numbered TX 3-553-811 obtained from the Copyright Office for Volume 11.02 of the 1993 Annual Book of ASTM Standards that identifies ASTM as the owner of the copyright. | FRE 402 Relevance and FRE 701 Improper Opinion Testimony.  To the extent that the Plaintiffs rely upon the copyright registration certificates to suggest their ownership of copyrights, this states an improper legal conclusion of ownership, which is especially troublesome in this case where the Plaintiffs' evidence showed an lack of ownership, which caused Plaintiffs to abandon their first two theories of copyright ownership (works made for hire, then ownership by assignment) in favor of a third theory of ownership, namely joint authorship of joint works, where the copyright registrations contradict the theory of ownership. |
| 99. Attached as **Exhibit 98** is a true and correct copy of the registration certificate numbered TX 4-768-933 obtained from the Copyright Office for Volume 5.05 of the 1998 Annual Book of ASTM Standards that identifies ASTM as the owner of the copyright. | FRE 402 Relevance and FRE 701 Improper Opinion Testimony.  To the extent that the Plaintiffs rely upon the copyright registration certificates to suggest their ownership of copyrights, this states an improper legal conclusion of ownership, which is especially troublesome in this case where the Plaintiffs' evidence showed an lack of ownership, which caused Plaintiffs to abandon their first two theories of copyright ownership (works made for hire, then ownership by assignment) in favor of a third theory of ownership, namely joint authorship of joint works, |

| Declaration of Jane W. Wise In Support of Plaintiffs' Second Motion for Summary Judgment And A Permanent Injunction | Defendant-Counterclaimant Public Resource's Objections |
|---|---|
|  | where the copyright registrations contradict the theory of ownership. |
| 100. Attached as **Exhibit 99** is a true and correct copy of the registration certificate numbered TX 3-970-770 obtained from the Copyright Office for Volume 7.02 of the 1995 Annual Book of ASTM Standards that identifies ASTM as the owner of the copyright. | FRE 402 Relevance and FRE 701 Improper Opinion Testimony.  To the extent that the Plaintiffs rely upon the copyright registration certificates to suggest their ownership of copyrights, this states an improper legal conclusion of ownership, which is especially troublesome in this case where the Plaintiffs' evidence showed an lack of ownership, which caused Plaintiffs to abandon their first two theories of copyright ownership (works made for hire, then ownership by assignment) in favor of a third theory of ownership, namely joint authorship of joint works, where the copyright registrations contradict the theory of ownership. |
| 101. Attached as **Exhibit 100** is a true and correct copy of the registration certificate numbered TX 4-951-512 obtained from the Copyright Office for Volume 8.03 of the 1999 Annual Book of ASTM Standards that identifies ASTM as the owner of the copyright. | FRE 402 Relevance and FRE 701 Improper Opinion Testimony.  To the extent that the Plaintiffs rely upon the copyright registration certificates to suggest their ownership of copyrights, this states an improper legal conclusion of ownership, which is especially troublesome in this case where the Plaintiffs' evidence showed an lack of ownership, which caused Plaintiffs to abandon their first two theories of copyright ownership (works made for hire, then ownership by assignment) in favor of a third theory of ownership, namely joint authorship of joint works, where the copyright registrations contradict the theory of ownership. |
| 102. Attached as **Exhibit 101** is a true and correct copy of the registration certificate numbered TX 4-248-138 obtained from the | FRE 402 Relevance and FRE 701 Improper Opinion Testimony.  To the extent that the Plaintiffs rely upon the |

| Declaration of Jane W. Wise In Support of Plaintiffs' Second Motion for Summary Judgment And A Permanent Injunction | Defendant-Counterclaimant Public Resource's Objections |
|---|---|
| Copyright Office for Volume 5.03 of the 1996 Annual Book of ASTM Standards that identifies ASTM as the owner of the copyright. | copyright registration certificates to suggest their ownership of copyrights, this states an improper legal conclusion of ownership, which is especially troublesome in this case where the Plaintiffs' evidence showed an lack of ownership, which caused Plaintiffs to abandon their first two theories of copyright ownership (works made for hire, then ownership by assignment) in favor of a third theory of ownership, namely joint authorship of joint works, where the copyright registrations contradict the theory of ownership. |
| 103. Attached as **Exhibit 102** is a true and correct copy of the registration certificate numbered TX 2-697-913 obtained from the Copyright Office for Volume 5.05 of the 1989 Annual Book of ASTM Standards that identifies ASTM as the owner of the copyright. | FRE 402 Relevance and FRE 701 Improper Opinion Testimony.  To the extent that the Plaintiffs rely upon the copyright registration certificates to suggest their ownership of copyrights, this states an improper legal conclusion of ownership, which is especially troublesome in this case where the Plaintiffs' evidence showed an lack of ownership, which caused Plaintiffs to abandon their first two theories of copyright ownership (works made for hire, then ownership by assignment) in favor of a third theory of ownership, namely joint authorship of joint works, where the copyright registrations contradict the theory of ownership. |
| 104. Attached as **Exhibit 103** is a true and correct copy of the registration certificate numbered TX 3-614-549 obtained from the Copyright Office for Volume 5.05 of the 1993 Annual Book of ASTM Standards that identifies ASTM as the owner of the copyright. | FRE 402 Relevance and FRE 701 Improper Opinion Testimony.  To the extent that the Plaintiffs rely upon the copyright registration certificates to suggest their ownership of copyrights, this states an improper legal conclusion of ownership, which is especially troublesome in this case where the Plaintiffs' evidence showed an lack of |

| Declaration of Jane W. Wise In Support of Plaintiffs' Second Motion for Summary Judgment And A Permanent Injunction | Defendant-Counterclaimant Public Resource's Objections |
|---|---|
| | ownership, which caused Plaintiffs to abandon their first two theories of copyright ownership (works made for hire, then ownership by assignment) in favor of a third theory of ownership, namely joint authorship of joint works, where the copyright registrations contradict the theory of ownership. |
| 105. Attached as **Exhibit 104** is a true and correct copy of the registration certificate numbered TX 4-394-571 obtained from the Copyright Office for Volume 7.02 of the 1996 Annual Book of ASTM Standards that identifies ASTM as the owner of the copyright. | FRE 402 Relevance and FRE 701 Improper Opinion Testimony.  To the extent that the Plaintiffs rely upon the copyright registration certificates to suggest their ownership of copyrights, this states an improper legal conclusion of ownership, which is especially troublesome in this case where the Plaintiffs' evidence showed an lack of ownership, which caused Plaintiffs to abandon their first two theories of copyright ownership (works made for hire, then ownership by assignment) in favor of a third theory of ownership, namely joint authorship of joint works, where the copyright registrations contradict the theory of ownership. |
| 106. Attached as **Exhibit 105** is a true and correct copy of the registration certificate numbered TX 4-787-691 obtained from the Copyright Office for Volume 11.03 of the 1998 Annual Book of ASTM Standards that identifies ASTM as the owner of the copyright. | FRE 402 Relevance and FRE 701 Improper Opinion Testimony.  To the extent that the Plaintiffs rely upon the copyright registration certificates to suggest their ownership of copyrights, this states an improper legal conclusion of ownership, which is especially troublesome in this case where the Plaintiffs' evidence showed an lack of ownership, which caused Plaintiffs to abandon their first two theories of copyright ownership (works made for hire, then ownership by assignment) in favor of a third theory of ownership, namely joint authorship of joint works, |

| Declaration of Jane W. Wise In Support of Plaintiffs' Second Motion for Summary Judgment And A Permanent Injunction | Defendant-Counterclaimant Public Resource's Objections |
|---|---|
| | where the copyright registrations contradict the theory of ownership. |
| 107. Attached as **Exhibit 106** is a true and correct copy of the registration certificate numbered TX 5-202-199 obtained from the Copyright Office for Volume 11.03 of the 2000 Annual Book of ASTM Standards that identifies ASTM as the owner of the copyright. | FRE 402 Relevance and FRE 701 Improper Opinion Testimony.  To the extent that the Plaintiffs rely upon the copyright registration certificates to suggest their ownership of copyrights, FRE 701 Improper legal opinion: This states an improper legal conclusion of ownership, which is especially troublesome in this case where the Plaintiffs' evidence showed an lack of ownership, which caused Plaintiffs to abandon their first two theories of copyright ownership (works made for hire, then ownership by assignment) in favor of a third theory of ownership, namely joint authorship of joint works, where the copyright registrations contradict the theory of ownership.. |
| 108. Attached as **Exhibit 107** is a true and correct copy of the registration certificate numbered TX 5-369-432 obtained from the Copyright Office for Volume 11.02 of the 2001 Annual Book of ASTM Standards that identifies ASTM as the owner of the copyright. | FRE 402 Relevance and FRE 701 Improper Opinion Testimony.  To the extent that the Plaintiffs rely upon the copyright registration certificates to suggest their ownership of copyrights, FRE 701 Improper legal opinion: This states an improper legal conclusion of ownership, which is especially troublesome in this case where the Plaintiffs' evidence showed an lack of ownership, which caused Plaintiffs to abandon their first two theories of copyright ownership (works made for hire, then ownership by assignment) in favor of a third theory of ownership, namely joint authorship of joint works, where the copyright registrations contradict the theory of ownership.. |

| Declaration of Jane W. Wise In Support of Plaintiffs' Second Motion for Summary Judgment And A Permanent Injunction | Defendant-Counterclaimant Public Resource's Objections |
|---|---|
| 109. Attached as **Exhibit 108** is a true and correct copy of the registration certificate numbered TX 4-143-803 obtained from the Copyright Office for Volume 14.02 of the 1995 Annual Book of ASTM Standards that identifies ASTM as the owner of the copyright. | FRE 402 Relevance and FRE 701 Improper Opinion Testimony.  To the extent that the Plaintiffs rely upon the copyright registration certificates to suggest their ownership of copyrights, FRE 701 Improper legal opinion: This states an improper legal conclusion of ownership, which is especially troublesome in this case where the Plaintiffs' evidence showed an lack of ownership, which caused Plaintiffs to abandon their first two theories of copyright ownership (works made for hire, then ownership by assignment) in favor of a third theory of ownership, namely joint authorship of joint works, where the copyright registrations contradict the theory of ownership.. |
| 110. Attached as **Exhibit 109** is a true and correct copy of the registration certificate numbered TX 0-988-070 obtained from the Copyright Office for Part 10 of the 1982 Annual Book of ASTM Standards that identifies ASTM as the owner of the copyright. | FRE 402 Relevance and FRE 701 Improper Opinion Testimony.  To the extent that the Plaintiffs rely upon the copyright registration certificates to suggest their ownership of copyrights, FRE 701 Improper legal opinion: This states an improper legal conclusion of ownership, which is especially troublesome in this case where the Plaintiffs' evidence showed an lack of ownership, which caused Plaintiffs to abandon their first two theories of copyright ownership (works made for hire, then ownership by assignment) in favor of a third theory of ownership, namely joint authorship of joint works, where the copyright registrations contradict the theory of ownership.. |
| 111. Attached as **Exhibit 110** is a true and correct copy of the registration certificate numbered TX-3-135-932 obtained from the Copyright Office for Volume 2.03 of the 1991 | FRE 402 Relevance and FRE 701 Improper Opinion Testimony.  To the extent that the Plaintiffs rely upon the copyright registration certificates to |

| Declaration of Jane W. Wise In Support of Plaintiffs' Second Motion for Summary Judgment And A Permanent Injunction | Defendant-Counterclaimant Public Resource's Objections |
|---|---|
| Annual Book of ASTM Standards that identifies ASTM as the owner of the copyright. | suggest their ownership of copyrights, FRE 701 Improper legal opinion: This states an improper legal conclusion of ownership, which is especially troublesome in this case where the Plaintiffs' evidence showed an lack of ownership, which caused Plaintiffs to abandon their first two theories of copyright ownership (works made for hire, then ownership by assignment) in favor of a third theory of ownership, namely joint authorship of joint works, where the copyright registrations contradict the theory of ownership.. |
| 112. Attached as **Exhibit 111** is a true and correct copy of the registration certificate numbered TX 4-811-646 obtained from the Copyright Office for Volume 4.06 of the 1998 Annual Book of ASTM Standards that identifies ASTM as the owner of the copyright. | FRE 402 Relevance and FRE 701 Improper Opinion Testimony.  To the extent that the Plaintiffs rely upon the copyright registration certificates to suggest their ownership of copyrights, FRE 701 Improper legal opinion: This states an improper legal conclusion of ownership, which is especially troublesome in this case where the Plaintiffs' evidence showed an lack of ownership, which caused Plaintiffs to abandon their first two theories of copyright ownership (works made for hire, then ownership by assignment) in favor of a third theory of ownership, namely joint authorship of joint works, where the copyright registrations contradict the theory of ownership.. |
| 113. Attached as **Exhibit 112** is a true and correct copy of the registration certificate numbered TX 2-153-942 obtained from the Copyright Office for Volume 14.01 of the 1987 Annual Book of ASTM Standards that identifies ASTM as the owner of the copyright. | FRE 402 Relevance and FRE 701 Improper Opinion Testimony.  To the extent that the Plaintiffs rely upon the copyright registration certificates to suggest their ownership of copyrights, FRE 701 Improper legal opinion: This states an improper legal conclusion of ownership, which is especially |

| Declaration of Jane W. Wise In Support of Plaintiffs' Second Motion for Summary Judgment And A Permanent Injunction | Defendant-Counterclaimant Public Resource's Objections |
|---|---|
| | troublesome in this case where the Plaintiffs' evidence showed an lack of ownership, which caused Plaintiffs to abandon their first two theories of copyright ownership (works made for hire, then ownership by assignment) in favor of a third theory of ownership, namely joint authorship of joint works, where the copyright registrations contradict the theory of ownership.. |
| 114. Attached as **Exhibit 113** is a true and correct copy of the registration certificate numbered TX 1-210-036 obtained from the Copyright Office for Volume 12.02 of the 1983 Annual Book of ASTM Standards that identifies ASTM as the owner of the copyright. | FRE 402 Relevance and FRE 701 Improper Opinion Testimony.  To the extent that the Plaintiffs rely upon the copyright registration certificates to suggest their ownership of copyrights, FRE 701 Improper legal opinion: This states an improper legal conclusion of ownership, which is especially troublesome in this case where the Plaintiffs' evidence showed an lack of ownership, which caused Plaintiffs to abandon their first two theories of copyright ownership (works made for hire, then ownership by assignment) in favor of a third theory of ownership, namely joint authorship of joint works, where the copyright registrations contradict the theory of ownership.. |
| 115. Attached as **Exhibit 114** is a true and correct copy of the registration certificate numbered TX 4-512-210 obtained from the Copyright Office for Volume 14.02 of the 1997 Annual Book of ASTM Standards that identifies ASTM as the owner of the copyright. | FRE 402 Relevance and FRE 701 Improper Opinion Testimony.  To the extent that the Plaintiffs rely upon the copyright registration certificates to suggest their ownership of copyrights, FRE 701 Improper legal opinion: This states an improper legal conclusion of ownership, which is especially troublesome in this case where the Plaintiffs' evidence showed an lack of ownership, which caused Plaintiffs to abandon their first two theories of |

| Declaration of Jane W. Wise In Support of Plaintiffs' Second Motion for Summary Judgment And A Permanent Injunction | Defendant-Counterclaimant Public Resource's Objections |
|---|---|
| | copyright ownership (works made for hire, then ownership by assignment) in favor of a third theory of ownership, namely joint authorship of joint works, where the copyright registrations contradict the theory of ownership.. |
| 116. Attached as **Exhibit 115** is a true and correct copy of the registration certificate numbered TX 3-972-349 obtained from the Copyright Office for Volume 4.07 of the 1995 Annual Book of ASTM Standards that identifies ASTM as the owner of the copyright. | FRE 402 Relevance and FRE 701 Improper Opinion Testimony.  To the extent that the Plaintiffs rely upon the copyright registration certificates to suggest their ownership of copyrights, FRE 701 Improper legal opinion: This states an improper legal conclusion of ownership, which is especially troublesome in this case where the Plaintiffs' evidence showed an lack of ownership, which caused Plaintiffs to abandon their first two theories of copyright ownership (works made for hire, then ownership by assignment) in favor of a third theory of ownership, namely joint authorship of joint works, where the copyright registrations contradict the theory of ownership.. |
| 117. Attached as **Exhibit 116** is a true and correct copy of the registration certificate numbered A 0-257-751 obtained from the Copyright Office for Part 30 of the 1971 Annual Book of ASTM Standards that identifies ASTM as the owner of the copyright. These photos fairly and accurately depict the appearance of the registration certificate for A 0-257-751. | FRE 402 Relevance and FRE 701 Improper Opinion Testimony.  To the extent that the Plaintiffs rely upon the copyright registration certificates to suggest their ownership of copyrights, FRE 701 Improper legal opinion: This states an improper legal conclusion of ownership, which is especially troublesome in this case where the Plaintiffs' evidence showed an lack of ownership, which caused Plaintiffs to abandon their first two theories of copyright ownership (works made for hire, then ownership by assignment) in favor of a third theory of ownership, namely joint authorship of joint works, |

| Declaration of Jane W. Wise In Support of Plaintiffs' Second Motion for Summary Judgment And A Permanent Injunction | Defendant-Counterclaimant Public Resource's Objections |
|---|---|
| | where the copyright registrations contradict the theory of ownership.. |
| 118. Attached as **Exhibit 117** is a true and correct copy of the registration certificate numbered TX 0-565-132 obtained from the Copyright Office for Part 10 of the 1980 Annual Book of ASTM Standards that identifies ASTM as the owner of the copyright. | FRE 402 Relevance and FRE 701 Improper Opinion Testimony.  To the extent that the Plaintiffs rely upon the copyright registration certificates to suggest their ownership of copyrights, FRE 701 Improper legal opinion: This states an improper legal conclusion of ownership, which is especially troublesome in this case where the Plaintiffs' evidence showed an lack of ownership, which caused Plaintiffs to abandon their first two theories of copyright ownership (works made for hire, then ownership by assignment) in favor of a third theory of ownership, namely joint authorship of joint works, where the copyright registrations contradict the theory of ownership.. |
| 119. Attached as **Exhibit 118** is a true and correct copy of the registration certificate numbered TX 1-846-704 obtained from the Copyright Office for Volume 14.02 of the 1986 Annual Book of ASTM Standards that identifies ASTM as the owner of the copyright. | FRE 402 Relevance and FRE 701 Improper Opinion Testimony.  To the extent that the Plaintiffs rely upon the copyright registration certificates to suggest their ownership of copyrights, FRE 701 Improper legal opinion: This states an improper legal conclusion of ownership, which is especially troublesome in this case where the Plaintiffs' evidence showed an lack of ownership, which caused Plaintiffs to abandon their first two theories of copyright ownership (works made for hire, then ownership by assignment) in favor of a third theory of ownership, namely joint authorship of joint works, where the copyright registrations contradict the theory of ownership.. |

| Declaration of Jane W. Wise In Support of Plaintiffs' Second Motion for Summary Judgment And A Permanent Injunction | Defendant-Counterclaimant Public Resource's Objections |
|---|---|
| 120. Attached as **Exhibit 119** is a true and correct copy of the registration certificate numbered TX 3-689-742 obtained from the Copyright Office for Volume 11.04 of the 1993 Annual Book of ASTM Standards that identifies ASTM as the owner of the copyright. | FRE 402 Relevance and FRE 701 Improper Opinion Testimony.  To the extent that the Plaintiffs rely upon the copyright registration certificates to suggest their ownership of copyrights, FRE 701 Improper legal opinion: This states an improper legal conclusion of ownership, which is especially troublesome in this case where the Plaintiffs' evidence showed an lack of ownership, which caused Plaintiffs to abandon their first two theories of copyright ownership (works made for hire, then ownership by assignment) in favor of a third theory of ownership, namely joint authorship of joint works, where the copyright registrations contradict the theory of ownership.. |
| 121. Attached as **Exhibit 120** is a true and correct copy of the registration certificate numbered TX 4-571-119 obtained from the Copyright Office for Volume 4.07 of the 1997 Annual Book of ASTM Standards that identifies ASTM as the owner of the copyright. | FRE 402 Relevance and FRE 701 Improper Opinion Testimony.  To the extent that the Plaintiffs rely upon the copyright registration certificates to suggest their ownership of copyrights, FRE 701 Improper legal opinion: This states an improper legal conclusion of ownership, which is especially troublesome in this case where the Plaintiffs' evidence showed an lack of ownership, which caused Plaintiffs to abandon their first two theories of copyright ownership (works made for hire, then ownership by assignment) in favor of a third theory of ownership, namely joint authorship of joint works, where the copyright registrations contradict the theory of ownership.. |
| 122. Attached as **Exhibit 121** is a true and correct copy of the registration certificate numbered TX 2-407-753 obtained from the Copyright Office for Volume 11.04 of the 1988 | FRE 402 Relevance and FRE 701 Improper Opinion Testimony.  To the extent that the Plaintiffs rely upon the copyright registration certificates to |

| Declaration of Jane W. Wise In Support of Plaintiffs' Second Motion for Summary Judgment And A Permanent Injunction | Defendant-Counterclaimant Public Resource's Objections |
|---|---|
| Annual Book of ASTM Standards that identifies ASTM as the owner of the copyright. | suggest their ownership of copyrights, FRE 701 Improper legal opinion: This states an improper legal conclusion of ownership, which is especially troublesome in this case where the Plaintiffs' evidence showed an lack of ownership, which caused Plaintiffs to abandon their first two theories of copyright ownership (works made for hire, then ownership by assignment) in favor of a third theory of ownership, namely joint authorship of joint works, where the copyright registrations contradict the theory of ownership.. |
| 123. Attached as **Exhibit 122** is a true and correct copy of the registration certificate numbered TX 3-128-183 obtained from the Copyright Office for Volume 4.03 of the 1991 Annual Book of ASTM Standards that identifies ASTM as the owner of the copyright. | FRE 402 Relevance and FRE 701 Improper Opinion Testimony.  To the extent that the Plaintiffs rely upon the copyright registration certificates to suggest their ownership of copyrights, FRE 701 Improper legal opinion: This states an improper legal conclusion of ownership, which is especially troublesome in this case where the Plaintiffs' evidence showed an lack of ownership, which caused Plaintiffs to abandon their first two theories of copyright ownership (works made for hire, then ownership by assignment) in favor of a third theory of ownership, namely joint authorship of joint works, where the copyright registrations contradict the theory of ownership.. |
| 124. Attached as **Exhibit 123** is a true and correct copy of the registration certificate numbered TX 0-339-441 obtained from the Copyright Office for Part 46 of the 1979 Annual Book of ASTM Standards that identifies ASTM as the owner of the copyright. | FRE 402 Relevance and FRE 701 Improper Opinion Testimony.  To the extent that the Plaintiffs rely upon the copyright registration certificates to suggest their ownership of copyrights, FRE 701 Improper legal opinion: This states an improper legal conclusion of ownership, which is especially |

| Declaration of Jane W. Wise In Support of Plaintiffs' Second Motion for Summary Judgment And A Permanent Injunction | Defendant-Counterclaimant Public Resource's Objections |
|---|---|
|  | troublesome in this case where the Plaintiffs' evidence showed an lack of ownership, which caused Plaintiffs to abandon their first two theories of copyright ownership (works made for hire, then ownership by assignment) in favor of a third theory of ownership, namely joint authorship of joint works, where the copyright registrations contradict the theory of ownership.. |
| 125. Attached as **Exhibit 124** is a true and correct copy of the registration certificate numbered TX 3-450-276 obtained from the Copyright Office for Volume 10.03 of the 1992 Annual Book of ASTM Standards that identifies ASTM as the owner of the copyright. | FRE 402 Relevance and FRE 701 Improper Opinion Testimony.  To the extent that the Plaintiffs rely upon the copyright registration certificates to suggest their ownership of copyrights, FRE 701 Improper legal opinion: This states an improper legal conclusion of ownership, which is especially troublesome in this case where the Plaintiffs' evidence showed an lack of ownership, which caused Plaintiffs to abandon their first two theories of copyright ownership (works made for hire, then ownership by assignment) in favor of a third theory of ownership, namely joint authorship of joint works, where the copyright registrations contradict the theory of ownership.. |
| 126. Attached as **Exhibit 125** is a true and correct copy of the registration certificate numbered TX 0-565-140 obtained from the Copyright Office for Part 46 of the 1980 Annual Book of ASTM Standards that identifies ASTM as the owner of the copyright. | FRE 402 Relevance and FRE 701 Improper Opinion Testimony.  To the extent that the Plaintiffs rely upon the copyright registration certificates to suggest their ownership of copyrights, FRE 701 Improper legal opinion: This states an improper legal conclusion of ownership, which is especially troublesome in this case where the Plaintiffs' evidence showed an lack of ownership, which caused Plaintiffs to abandon their first two theories of |

| Declaration of Jane W. Wise In Support of Plaintiffs' Second Motion for Summary Judgment And A Permanent Injunction | Defendant-Counterclaimant Public Resource's Objections |
|---|---|
| | copyright ownership (works made for hire, then ownership by assignment) in favor of a third theory of ownership, namely joint authorship of joint works, where the copyright registrations contradict the theory of ownership.. |
| 127. Attached as **Exhibit 126** is a true and correct copy of the registration certificate numbered TX 3-883-919 obtained from the Copyright Office for Volume 11.04 of the 1994 Annual Book of ASTM Standards that identifies ASTM as the owner of the copyright. | FRE 402 Relevance and FRE 701 Improper Opinion Testimony.  To the extent that the Plaintiffs rely upon the copyright registration certificates to suggest their ownership of copyrights, FRE 701 Improper legal opinion: This states an improper legal conclusion of ownership, which is especially troublesome in this case where the Plaintiffs' evidence showed an lack of ownership, which caused Plaintiffs to abandon their first two theories of copyright ownership (works made for hire, then ownership by assignment) in favor of a third theory of ownership, namely joint authorship of joint works, where the copyright registrations contradict the theory of ownership.. |
| 128. Attached as **Exhibit 127** is a true and correct copy of the registration certificate numbered TX 1-094-853 obtained from the Copyright Office for Volume 1.02 of the 1983 Annual Book of ASTM Standards that identifies ASTM as the owner of the copyright. | FRE 402 Relevance and FRE 701 Improper Opinion Testimony.  To the extent that the Plaintiffs rely upon the copyright registration certificates to suggest their ownership of copyrights, FRE 701 Improper legal opinion: This states an improper legal conclusion of ownership, which is especially troublesome in this case where the Plaintiffs' evidence showed an lack of ownership, which caused Plaintiffs to abandon their first two theories of copyright ownership (works made for hire, then ownership by assignment) in favor of a third theory of ownership, namely joint authorship of joint works, |

| Declaration of Jane W. Wise In Support of Plaintiffs' Second Motion for Summary Judgment And A Permanent Injunction | Defendant-Counterclaimant Public Resource's Objections |
|---|---|
| | where the copyright registrations contradict the theory of ownership.. |
| 129. Attached as **Exhibit 128** is a true and correct copy of the registration certificate numbered TX 0-814-687 obtained from the Copyright Office for Part 46 of the 1981 Annual Book of ASTM Standards that identifies ASTM as the owner of the copyright. | FRE 402 Relevance and FRE 701 Improper Opinion Testimony.  To the extent that the Plaintiffs rely upon the copyright registration certificates to suggest their ownership of copyrights, FRE 701 Improper legal opinion: This states an improper legal conclusion of ownership, which is especially troublesome in this case where the Plaintiffs' evidence showed an lack of ownership, which caused Plaintiffs to abandon their first two theories of copyright ownership (works made for hire, then ownership by assignment) in favor of a third theory of ownership, namely joint authorship of joint works, where the copyright registrations contradict the theory of ownership.. |
| 130. Attached as **Exhibit 129** is a true and correct copy of the registration certificate numbered TX 4-126-631 obtained from the Copyright Office for Volume 11.04 of the 1995 Annual Book of ASTM Standards that identifies ASTM as the owner of the copyright. | FRE 402 Relevance and FRE 701 Improper Opinion Testimony.  To the extent that the Plaintiffs rely upon the copyright registration certificates to suggest their ownership of copyrights, FRE 701 Improper legal opinion: This states an improper legal conclusion of ownership, which is especially troublesome in this case where the Plaintiffs' evidence showed an lack of ownership, which caused Plaintiffs to abandon their first two theories of copyright ownership (works made for hire, then ownership by assignment) in favor of a third theory of ownership, namely joint authorship of joint works, where the copyright registrations contradict the theory of ownership.. |

| Declaration of Jane W. Wise In Support of Plaintiffs' Second Motion for Summary Judgment And A Permanent Injunction | Defendant-Counterclaimant Public Resource's Objections |
|---|---|
| 131. Attached as **Exhibit 130** is a true and correct copy of the registration certificate numbered TX 0-988-069 obtained from the Copyright Office for Part 46 of the 1982 Annual Book of ASTM Standards that identifies ASTM as the owner of the copyright. | FRE 402 Relevance and FRE 701 Improper Opinion Testimony.  To the extent that the Plaintiffs rely upon the copyright registration certificates to suggest their ownership of copyrights, FRE 701 Improper legal opinion: This states an improper legal conclusion of ownership, which is especially troublesome in this case where the Plaintiffs' evidence showed an lack of ownership, which caused Plaintiffs to abandon their first two theories of copyright ownership (works made for hire, then ownership by assignment) in favor of a third theory of ownership, namely joint authorship of joint works, where the copyright registrations contradict the theory of ownership.. |
| 132. Attached as **Exhibit 131** is a true and correct copy of the registration certificate numbered TX 1-187-014 obtained from the Copyright Office for Volume 11.04 of the 1983 Annual Book of ASTM Standards that identifies ASTM as the owner of the copyright. | FRE 402 Relevance and FRE 701 Improper Opinion Testimony.  To the extent that the Plaintiffs rely upon the copyright registration certificates to suggest their ownership of copyrights, FRE 701 Improper legal opinion: This states an improper legal conclusion of ownership, which is especially troublesome in this case where the Plaintiffs' evidence showed an lack of ownership, which caused Plaintiffs to abandon their first two theories of copyright ownership (works made for hire, then ownership by assignment) in favor of a third theory of ownership, namely joint authorship of joint works, where the copyright registrations contradict the theory of ownership.. |
| 133. Attached as **Exhibit 132** is a true and correct copy of the registration certificate numbered TX 2-046-852 obtained from the Copyright Office for Volume 1.02 of the 1987 | FRE 402 Relevance and FRE 701 Improper Opinion Testimony.  To the extent that the Plaintiffs rely upon the copyright registration certificates to |

| Declaration of Jane W. Wise In Support of Plaintiffs' Second Motion for Summary Judgment And A Permanent Injunction | Defendant-Counterclaimant Public Resource's Objections |
|---|---|
| Annual Book of ASTM Standards that identifies ASTM as the owner of the copyright. | suggest their ownership of copyrights, FRE 701 Improper legal opinion: This states an improper legal conclusion of ownership, which is especially troublesome in this case where the Plaintiffs' evidence showed an lack of ownership, which caused Plaintiffs to abandon their first two theories of copyright ownership (works made for hire, then ownership by assignment) in favor of a third theory of ownership, namely joint authorship of joint works, where the copyright registrations contradict the theory of ownership.. |
| 134. Attached as **Exhibit 133** is a true and correct copy of the registration certificate numbered TX 3-524-687 obtained from the Copyright Office for Volume 1.07 of the 1993 Annual Book of ASTM Standards that identifies ASTM as the owner of the copyright. | FRE 402 Relevance and FRE 701 Improper Opinion Testimony.  To the extent that the Plaintiffs rely upon the copyright registration certificates to suggest their ownership of copyrights, FRE 701 Improper legal opinion: This states an improper legal conclusion of ownership, which is especially troublesome in this case where the Plaintiffs' evidence showed an lack of ownership, which caused Plaintiffs to abandon their first two theories of copyright ownership (works made for hire, then ownership by assignment) in favor of a third theory of ownership, namely joint authorship of joint works, where the copyright registrations contradict the theory of ownership.. |
| 135. Attached as **Exhibit 134** is a true and correct copy of the registration certificate numbered TX 2-606-739 obtained from the Copyright Office for Volume 1.02 of the 1989 Annual Book of ASTM Standards that identifies ASTM as the owner of the copyright. | FRE 402 Relevance and FRE 701 Improper Opinion Testimony.  To the extent that the Plaintiffs rely upon the copyright registration certificates to suggest their ownership of copyrights, FRE 701 Improper legal opinion: This states an improper legal conclusion of ownership, which is especially |

| Declaration of Jane W. Wise In Support of Plaintiffs' Second Motion for Summary Judgment And A Permanent Injunction | Defendant-Counterclaimant Public Resource's Objections |
|---|---|
|  | troublesome in this case where the Plaintiffs' evidence showed an lack of ownership, which caused Plaintiffs to abandon their first two theories of copyright ownership (works made for hire, then ownership by assignment) in favor of a third theory of ownership, namely joint authorship of joint works, where the copyright registrations contradict the theory of ownership.. |
| 136. Attached as **Exhibit 135** is a true and correct copy of the registration certificate numbered TX 4-862-629 obtained from the Copyright Office for Volume 1.07 of the 1999 Annual Book of ASTM Standards that identifies ASTM as the owner of the copyright. | FRE 402 Relevance and FRE 701 Improper Opinion Testimony.  To the extent that the Plaintiffs rely upon the copyright registration certificates to suggest their ownership of copyrights, FRE 701 Improper legal opinion: This states an improper legal conclusion of ownership, which is especially troublesome in this case where the Plaintiffs' evidence showed an lack of ownership, which caused Plaintiffs to abandon their first two theories of copyright ownership (works made for hire, then ownership by assignment) in favor of a third theory of ownership, namely joint authorship of joint works, where the copyright registrations contradict the theory of ownership.. |
| 137. Attached as **Exhibit 136** is a true and correct copy of the registration certificate numbered TX 4-216-101 obtained from the Copyright Office for Volume 1.07 of the 1996 Annual Book of ASTM Standards that identifies ASTM as the owner of the copyright. | FRE 402 Relevance and FRE 701 Improper Opinion Testimony.  To the extent that the Plaintiffs rely upon the copyright registration certificates to suggest their ownership of copyrights, FRE 701 Improper legal opinion: This states an improper legal conclusion of ownership, which is especially troublesome in this case where the Plaintiffs' evidence showed an lack of ownership, which caused Plaintiffs to abandon their first two theories of |

| Declaration of Jane W. Wise In Support of Plaintiffs' Second Motion for Summary Judgment And A Permanent Injunction | Defendant-Counterclaimant Public Resource's Objections |
|---|---|
| | copyright ownership (works made for hire, then ownership by assignment) in favor of a third theory of ownership, namely joint authorship of joint works, where the copyright registrations contradict the theory of ownership.. |
| 138. Attached as **Exhibit 137** is a true and correct copy of the registration certificate numbered TX 7-763-690 for ASTM F1193 obtained from the Copyright Office that identifies ASTM as the owner of the copyright. | FRE 402 Relevance and FRE 701 Improper Opinion Testimony.  To the extent that the Plaintiffs rely upon the copyright registration certificates to suggest their ownership of copyrights, FRE 701 Improper legal opinion: This states an improper legal conclusion of ownership, which is especially troublesome in this case where the Plaintiffs' evidence showed an lack of ownership, which caused Plaintiffs to abandon their first two theories of copyright ownership (works made for hire, then ownership by assignment) in favor of a third theory of ownership, namely joint authorship of joint works, where the copyright registrations contradict the theory of ownership.. |
| 139. Attached as **Exhibit 138** is a true and correct copy of the registration certificate numbered TX 2-864-187 obtained from the Copyright Office for Volume 1.07 of the 1990 Annual Book of ASTM Standards that identifies ASTM as the owner of the copyright. | FRE 402 Relevance and FRE 701 Improper Opinion Testimony.  To the extent that the Plaintiffs rely upon the copyright registration certificates to suggest their ownership of copyrights, FRE 701 Improper legal opinion: This states an improper legal conclusion of ownership, which is especially troublesome in this case where the Plaintiffs' evidence showed an lack of ownership, which caused Plaintiffs to abandon their first two theories of copyright ownership (works made for hire, then ownership by assignment) in favor of a third theory of ownership, namely joint authorship of joint works, |

| Declaration of Jane W. Wise In Support of Plaintiffs' Second Motion for Summary Judgment And A Permanent Injunction | Defendant-Counterclaimant Public Resource's Objections |
|---|---|
| | where the copyright registrations contradict the theory of ownership.. |
| 140. Attached as **Exhibit 139** is a true and correct copy of the registration certificate numbered TX 3-035-186 obtained from the Copyright Office for Volume 1.07 of the 1991 Annual Book of ASTM Standards that identifies ASTM as the owner of the copyright. | FRE 402 Relevance and FRE 701 Improper Opinion Testimony.  To the extent that the Plaintiffs rely upon the copyright registration certificates to suggest their ownership of copyrights, FRE 701 Improper legal opinion: This states an improper legal conclusion of ownership, which is especially troublesome in this case where the Plaintiffs' evidence showed an lack of ownership, which caused Plaintiffs to abandon their first two theories of copyright ownership (works made for hire, then ownership by assignment) in favor of a third theory of ownership, namely joint authorship of joint works, where the copyright registrations contradict the theory of ownership.. |
| 141. Attached as **Exhibit 140** is a true and correct copy of the registration certificate numbered TX 3-278-410 obtained from the Copyright Office for Volume 1.07 of the 1992 Annual Book of ASTM Standards that identifies ASTM as the owner of the copyright. | FRE 402 Relevance and FRE 701 Improper Opinion Testimony.  To the extent that the Plaintiffs rely upon the copyright registration certificates to suggest their ownership of copyrights, FRE 701 Improper legal opinion: This states an improper legal conclusion of ownership, which is especially troublesome in this case where the Plaintiffs' evidence showed an lack of ownership, which caused Plaintiffs to abandon their first two theories of copyright ownership (works made for hire, then ownership by assignment) in favor of a third theory of ownership, namely joint authorship of joint works, where the copyright registrations contradict the theory of ownership.. |

| Declaration of Jane W. Wise In Support of Plaintiffs' Second Motion for Summary Judgment And A Permanent Injunction | Defendant-Counterclaimant Public Resource's Objections |
|---|---|
| 142. Attached as **Exhibit 141** is a true and correct copy of the registration certificate numbered TX 3-614-184 obtained from the Copyright Office for Volume 14.02 of the 1993 Annual Book of ASTM Standards that identifies ASTM as the owner of the copyright. | FRE 402 Relevance and FRE 701 Improper Opinion Testimony.  To the extent that the Plaintiffs rely upon the copyright registration certificates to suggest their ownership of copyrights, FRE 701 Improper legal opinion: This states an improper legal conclusion of ownership, which is especially troublesome in this case where the Plaintiffs' evidence showed an lack of ownership, which caused Plaintiffs to abandon their first two theories of copyright ownership (works made for hire, then ownership by assignment) in favor of a third theory of ownership, namely joint authorship of joint works, where the copyright registrations contradict the theory of ownership.. |
| 143. Attached as **Exhibit 142** is a true and correct copy of the registration certificate numbered TX 4-654-755 obtained from the Copyright Office for Volume 1.07 of the 1998 Annual Book of ASTM Standards that identifies ASTM as the owner of the copyright. | FRE 402 Relevance and FRE 701 Improper Opinion Testimony.  To the extent that the Plaintiffs rely upon the copyright registration certificates to suggest their ownership of copyrights, FRE 701 Improper legal opinion: This states an improper legal conclusion of ownership, which is especially troublesome in this case where the Plaintiffs' evidence showed an lack of ownership, which caused Plaintiffs to abandon their first two theories of copyright ownership (works made for hire, then ownership by assignment) in favor of a third theory of ownership, namely joint authorship of joint works, where the copyright registrations contradict the theory of ownership.. |
| 144. Attached as **Exhibit 143** is a true and correct copy of the registration certificate numbered TX 4-029-465 obtained from the Copyright Office for Volume 1.07 of the 1995 | FRE 402 Relevance and FRE 701 Improper Opinion Testimony.  To the extent that the Plaintiffs rely upon the copyright registration certificates to |

| Declaration of Jane W. Wise In Support of Plaintiffs' Second Motion for Summary Judgment And A Permanent Injunction | Defendant-Counterclaimant Public Resource's Objections |
|---|---|
| Annual Book of ASTM Standards that identifies ASTM as the owner of the copyright. | suggest their ownership of copyrights, FRE 701 Improper legal opinion: This states an improper legal conclusion of ownership, which is especially troublesome in this case where the Plaintiffs' evidence showed an lack of ownership, which caused Plaintiffs to abandon their first two theories of copyright ownership (works made for hire, then ownership by assignment) in favor of a third theory of ownership, namely joint authorship of joint works, where the copyright registrations contradict the theory of ownership.. |
| 145. Attached as **Exhibit 144** is a true and correct copy of the registration certificate numbered TX 5-058-024 obtained from the Copyright Office for Volume 15.07 of the 1999 Annual Book of ASTM Standards that identifies ASTM as the owner of the copyright. | FRE 402 Relevance and FRE 701 Improper Opinion Testimony.  To the extent that the Plaintiffs rely upon the copyright registration certificates to suggest their ownership of copyrights, FRE 701 Improper legal opinion: This states an improper legal conclusion of ownership, which is especially troublesome in this case where the Plaintiffs' evidence showed an lack of ownership, which caused Plaintiffs to abandon their first two theories of copyright ownership (works made for hire, then ownership by assignment) in favor of a third theory of ownership, namely joint authorship of joint works, where the copyright registrations contradict the theory of ownership.. |
| 146. Attached as **Exhibit 145** is a true and correct copy of the registration certificate numbered TX 3-114-937 obtained from the Copyright Office for Volume 8.03 of the 1991 Annual Book of ASTM Standards that identifies ASTM as the owner of the copyright. | FRE 402 Relevance and FRE 701 Improper Opinion Testimony.  To the extent that the Plaintiffs rely upon the copyright registration certificates to suggest their ownership of copyrights, FRE 701 Improper legal opinion: This states an improper legal conclusion of ownership, which is especially |

| Declaration of Jane W. Wise In Support of Plaintiffs' Second Motion for Summary Judgment And A Permanent Injunction | Defendant-Counterclaimant Public Resource's Objections |
|---|---|
| | troublesome in this case where the Plaintiffs' evidence showed an lack of ownership, which caused Plaintiffs to abandon their first two theories of copyright ownership (works made for hire, then ownership by assignment) in favor of a third theory of ownership, namely joint authorship of joint works, where the copyright registrations contradict the theory of ownership.. |
| 147. Attached as **Exhibit 146** is a true and correct copy of the registration certificate numbered TX 4-755-309 obtained from the Copyright Office for Volume 14.02 of the 1998 Annual Book of ASTM Standards that identifies ASTM as the owner of the copyright. | FRE 402 Relevance and FRE 701 Improper Opinion Testimony.  To the extent that the Plaintiffs rely upon the copyright registration certificates to suggest their ownership of copyrights, FRE 701 Improper legal opinion: This states an improper legal conclusion of ownership, which is especially troublesome in this case where the Plaintiffs' evidence showed an lack of ownership, which caused Plaintiffs to abandon their first two theories of copyright ownership (works made for hire, then ownership by assignment) in favor of a third theory of ownership, namely joint authorship of joint works, where the copyright registrations contradict the theory of ownership.. |
| 148. Attached as **Exhibit 147** is a true and correct copy of the registration certificate numbered TX 5-410-705 obtained from the Copyright Office for Volume 14.04 of the 2001 Annual Book of ASTM Standards that identifies ASTM as the owner of the copyright. | FRE 402 Relevance and FRE 701 Improper Opinion Testimony.  To the extent that the Plaintiffs rely upon the copyright registration certificates to suggest their ownership of copyrights, FRE 701 Improper legal opinion: This states an improper legal conclusion of ownership, which is especially troublesome in this case where the Plaintiffs' evidence showed an lack of ownership, which caused Plaintiffs to abandon their first two theories of |

| Declaration of Jane W. Wise In Support of Plaintiffs' Second Motion for Summary Judgment And A Permanent Injunction | Defendant-Counterclaimant Public Resource's Objections |
|---|---|
| | copyright ownership (works made for hire, then ownership by assignment) in favor of a third theory of ownership, namely joint authorship of joint works, where the copyright registrations contradict the theory of ownership.. |
| 149. Attached as **Exhibit 148** is a true and correct copy of the registration certificate numbered TX 2-567-321 obtained from the Copyright Office for Volume 5.02 of the 1989 Annual Book of ASTM Standards that identifies ASTM as the owner of the copyright. | FRE 402 Relevance and FRE 701 Improper Opinion Testimony.  To the extent that the Plaintiffs rely upon the copyright registration certificates to suggest their ownership of copyrights, FRE 701 Improper legal opinion: This states an improper legal conclusion of ownership, which is especially troublesome in this case where the Plaintiffs' evidence showed an lack of ownership, which caused Plaintiffs to abandon their first two theories of copyright ownership (works made for hire, then ownership by assignment) in favor of a third theory of ownership, namely joint authorship of joint works, where the copyright registrations contradict the theory of ownership.. |
| 150. Attached as **Exhibit 149** is a compilation of true and correct copies of the 191 ASTM standards shown in Annex A to Plaintiffs' Motion for Summary Judgment. | FRE 402 Relevance and FRE 701 Improper Opinion Testimony.  To the extent that the Plaintiffs rely upon the copyright registration certificates to suggest their ownership of copyrights, FRE 701 Improper legal opinion: This states an improper legal conclusion of ownership, which is especially troublesome in this case where the Plaintiffs' evidence showed an lack of ownership, which caused Plaintiffs to abandon their first two theories of copyright ownership (works made for hire, then ownership by assignment) in favor of a third theory of ownership, namely joint authorship of joint works, |

| Declaration of Jane W. Wise In Support of Plaintiffs' Second Motion for Summary Judgment And A Permanent Injunction | Defendant-Counterclaimant Public Resource's Objections |
|---|---|
| | where the copyright registrations contradict the theory of ownership.. |
| 151. Attached as **Exhibit 150** is a compilation of true and correct copies of the PRO infringing standards, which are the subject of this motion, as produced by PRO in this matter, including: | FRE 403 Prejudice. Assumes that Public Resource has infringed something.  FRE 602 Lack of Personal Knowledge. The witness has not established any personal knowledge about this subject.  FRE 701/2 Improper Opinion and Unqualified Expert Opinion. The witness has not been qualified as an expert and therefore cannot testify as to facts beyond the witness's personal knowledge. |
| 158. Attached hereto as **Exhibit 157** is a true and correct copy of a document *Bates* labeled ASTM103291, which was produced by ASTM in this matter. | FRE 802 Hearsay. ASTM has failed to disclose the identity of any custodian of records who would be able to satisfy the requirements of the business records exception to hearsay for this document.  FRE 901 Lack of Authentication. ASTM has failed to disclose the identity of any custodian of records who would be able to authenticate this document. |
| 159. Attached hereto as **Exhibit 158** are true and correct copies of a document *Bates* labeled ASTM103527, which was produced by ASTM in this matter. | FRE 104(b), 401, 402.  The purported relevance of this document depends on facts that ASTM has failed to establish in this declaration.  FRE 802 Hearsay. ASTM has failed to disclose the identity of any custodian of records who would be able to satisfy the requirements of the business records exception to hearsay for this document. |

94

| Declaration of Jane W. Wise In Support of Plaintiffs' Second Motion for Summary Judgment And A Permanent Injunction | Defendant-Counterclaimant Public Resource's Objections |
| --- | --- |
| | FRE 901 Lack of Authentication. ASTM has failed to disclose the identity of any custodian of records who would be able to authenticate this document. |
| 160. Attached hereto as **Exhibit 159** are true and correct copies of a document *Bates* labeled ASTM103529, which was produced by ASTM in this matter. | FRE 104(b), 401, 402.  The purported relevance of this document depends on facts that ASTM has failed to establish in this declaration. FRE 802 Hearsay. ASTM has failed to disclose the identity of any custodian of records who would be able to satisfy the requirements of the business records exception to hearsay for this document. FRE 901 Lack of Authentication. ASTM has failed to disclose the identity of any custodian of records who would be able to authenticate this document. |
| 161. Attached hereto as **Exhibit 160** are true and correct copies of *Bates* a document Bates labeled ASTM003523, which was produced by ASTM in this matter. | FRE 104(b), 401, 402.  The purported relevance of this document depends on facts that ASTM has failed to establish in this declaration. FRE 802 Hearsay. ASTM has failed to disclose the identity of any custodian of records who would be able to satisfy the requirements of the business records exception to hearsay for this document. FRE 901 Lack of Authentication. ASTM has failed to disclose the identity of any custodian of records who would be able to authenticate this document. |
| 162. Attached hereto as **Exhibit 161** are true and correct copies of a document *Bates* labeled ASTM003631, which was produced by ASTM in this matter. | FRE 104(b), 401, 402.  The purported relevance of this document depends on facts that ASTM has failed to establish in this declaration. |

| Declaration of Jane W. Wise In Support of Plaintiffs' Second Motion for Summary Judgment And A Permanent Injunction | Defendant-Counterclaimant Public Resource's Objections |
|---|---|
| | FRE 802 Hearsay. ASTM has failed to disclose the identity of any custodian of records who would be able to satisfy the requirements of the business records exception to hearsay for this document.<br><br>FRE 901 Lack of Authentication. ASTM has failed to disclose the identity of any custodian of records who would be able to authenticate this document. |

Dated:   November 12, 2019                    Respectfully submitted,

                                              /s/   Andrew P. Bridges
                                              Andrew P. Bridges (admitted)
                                              abridges@fenwick.com
                                              Matthew B. Becker (admitted *pro hac vice*)
                                              mbecker@fenwick.com
                                              Armen N. Nercessian (pending *pro hac vice*)
                                              anercessian@fenwick.com
                                              Shannon E. Turner (pending *pro hac vice*)
                                              sturner@fenwick.com
                                              FENWICK & WEST LLP
                                              801 California Street
                                              Mountain View, CA 94041
                                              Telephone:   (650) 988-8500
                                              Facsimile:   (650) 938-5200

                                              Corynne McSherry (admitted *pro hac vice*)
                                              corynne@eff.org
                                              Mitchell L. Stoltz (D.C. Bar No. 978149)
                                              mitch@eff.org
                                              ELECTRONIC FRONTIER FOUNDATION
                                              815 Eddy Street
                                              San Francisco, CA 94109
                                              Telephone:   (415) 436-9333
                                              Facsimile:   (415) 436-9993

                                              David Halperin (D.C. Bar No. 426078)
                                              davidhalperindc@gmail.com
                                              1530 P Street NW
                                              CSRL 2nd Floor
                                              Washington, DC 20005
                                              Telephone: (202) 905-3434

                                              *Attorneys for Defendant-Counterclaimant*
                                              Public.Resource.Org, Inc.