# EXHIBIT 19

JOSEPH I. LIEBERMAN, CONNECTICUT, CHAIRMAN

CARL LEVIN, MICHIGAN
DANIEL K. AKAKA, HAWAII
THOMAS R. CARPER, DELAWARE
MARK L. PRYOR, ARKANSAS
MARY L. LANDRIEU, LOUISIANA
BARACK OBAMA, ILLINOIS
CLAIRE McCASKILL, MISSOURI
JON TESTER, MONTANA

SUSAN M. COLLINS, MAINE
TED STEVENS, ALASKA
GEORGE V. VOINOVICH, OHIO
NORM COLEMAN, MINNESOTA
TOM COBURN, OKLAHOMA
PETE V. DOMENICI, NEW MEXICO
JOHN WARNER, VIRGINIA
JOHN E. SUNUNU, NEW HAMPSHIRE

MICHAEL L. ALEXANDER, STAFF DIRECTOR
BRANDON L. MILHORN, MINORITY STAFF DIRECTOR AND CHIEF COUNSEL

United States Senate

COMMITTEE ON
HOMELAND SECURITY AND GOVERNMENTAL AFFAIRS

WASHINGTON, DC 20510–6250

February 27, 2009

The Honorable Lee H. Rosenthal
Chair, Committee on Rules of Practice and Procedure
Judicial Conference of the United States
Washington, D.C. 20544

Dear Judge Rosenthal:

    I am writing to inquire if the Court is complying with two key provisions of the E-Government Act of 2002 (P.L. 107-347) which were designed to increase public access to court records and protect the privacy of individuals' personal information contained in those records.

    As you know, court documents are electronically released through the Public Access to Court Electronic Records (PACER) system, which currently charges $.08 a page for access. While charging for access was previously required, Section 205(e) of the E-Government Act changed a provision of the Judicial Appropriation Act of 2002 (28 U.S.C. 1913 note) so that courts "may, to the extent necessary" instead of "shall" charge fees "for access to information available through automatic data processing equipment."

    The goal of this provision, as was clearly stated in the Committee report that accompanied the Senate version of the E-Government Act, was to increase free public access to these records. As the report stated: "[t]he Committee intends to encourage the Judicial Conference to move from a fee structure in which electronic docketing systems are supported primarily by user fees to a fee structure in which this information is freely available to the greatest extent possible. ... Pursuant to existing law, users of PACER are charged fees that are higher than the marginal cost of disseminating the information."

    Seven years after the passage of the E-Government Act, it appears that little has been done to make these records freely available – with PACER charging a higher rate than 2002. Furthermore, the funds generated by these fees are still well higher than the cost of dissemination, as the Judiciary Information Technology Fund had a surplus of approximately $150 million in FY2006.[1] Please explain whether the Judicial Conference is complying with Section 205(e) of the E-Government Act, how PACER fees are determined, and whether the Judicial Conference is only charging "to the extent necessary" for records using the PACER system.

    In addition I have concerns that not enough has been done to protect personal information contained in publicly available court filings, potentially violating another provision of the

---

[1] Judiciary Information Technology Fund Annual Report for Fiscal Year 2006

PAGE 2

E-Government Act.[2] A recent investigation by Carl Malamud of the non-profit Public.Resource.org found numerous examples of personal data not being redacted in these records. Given the sensitivity of this information and the potential for indentify theft or worse, I would like the court to review the steps they take to ensure this information is protected and report to the Committee on how this provision has been implemented as we work to increase public access to court records.

    I thank you in advance for your time and I look forward to your response.

Sincerely,

Joseph I. Lieberman
Chairman

---

[2] Section 205(c)(3) requires that rules be developed to "protect privacy and security concerns relating to electronic filing of documents and the public availability under this subsection of documents filed electronically."