# EXHIBIT 51

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICAN SOCIETY FOR TESTING AND MATERIALS d/b/a/ ASTM INTERNATIONAL; <br><br>NATIONAL FIRE PROTECTION ASSOCIATION, INC.; and <br><br>AMERICAN SOCIETY OF HEATING, REFRIGERATING, AND AIR-CONDITIONING ENGINEERS, INC. <br><br>                       Plaintiffs, <br><br>v. <br><br>PUBLIC.RESOURCE.ORG, INC., <br><br>                       Defendant. | Case No. 1:13-cv-01215-TSC-DAR <br><br>**PLAINTIFF-COUNTERDEFENDANT THE AMERICAN SOCIETY OF HEATING, REFRIGERATING, AND AIR- CONDITIONING ENGINEERS, INC.'S ANSWERS AND OBJECTIONS TO DEFENDANT-COUNTERCLAIMANT PUBLIC.RESOURCE.ORG, INC.'S THIRD SET OF INTERROGATORIES (Nos. 14-23)** <br><br>Filed:   August 6, 2013 |
| PUBLIC.RESOURCE.ORG, INC., <br><br>                       Counterclaimant, <br><br>v. <br><br>AMERICAN SOCIETY FOR TESTING AND MATERIALS d/b/a/ ASTM INTERNATIONAL; <br><br>NATIONAL FIRE PROTECTION ASSOCIATION, INC.; and <br><br>AMERICAN SOCIETY OF HEATING, REFRIGERATING, AND AIR-CONDITIONING ENGINEERS, INC. <br><br>                       Counterdefendants. | |

1

**RESPONDING PARTY**:		Plaintiff-Counterdefendant American Society of Heating, Refrigerating, and Air-Conditioning Engineers, Inc.

**PROPOUNDING PARTY**:		Defendant-Counterclaimant Public.Resource.Org, Inc.

**SET NUMBER**:		Three (Nos. 14-23)

Plaintiff-Counterdefendant American Society of Heating, Refrigerating, and Air-Conditioning Engineers, Inc. ("ASHRAE") responds to Defendant-Counterclaimant Public.Resource.Org, Inc.'s Third Set of Interrogatories as follows:

### PRELIMINARY STATEMENT AND GENERAL OBJECTIONS

ASHRAE responds generally that discovery is not complete and that its investigation of facts relevant to this litigation is ongoing.  The following responses are made to the best of ASHRAE's present knowledge, information, and belief.  ASHRAE reserves the right to supplement, amend, or correct these responses.

1.	ASHRAE objects to the Interrogatories to the extent they seek to impose obligations that exceed the scope of permissible discovery under the Federal Rules of Civil Procedure, the Local Rules, and/or any applicable case law, court orders, or decrees governing the proper scope, timing, and extent of discovery in this proceeding.  ASHRAE will respond to each Request as required under Rule 33 of the Federal Rules of Civil Procedure.

2.	ASHRAE objects to the Interrogatories to the extent they seek information, protected from discovery by the attorney-client privilege, the work-product doctrine, the common-interest privilege, court order, and/or any other applicable privilege, immunity, or protection.

3.	ASHRAE objects to the Interrogatories to the extent they purport to require ASHRAE to compile information in a manner that is not maintained in the ordinary course of business, or to create documents, including but not limited to charts, tables, reviews, proposals,

methodologies, and/or breakdowns, etc., that do not already exist. ASHRAE will construe the Interrogatories to exclude any such documents.

4. ASHRAE objects to the defined terms "work-at-issue" and "works-at-issue," and to each and every Request containing those terms, on the ground that they are overly broad, unduly burdensome, and not proportional to the needs of this case to the extent they include standards that are not at issue in this litigation. ASHRAE will construe "work-at-issue" and "works-at-issue" to include only those ASHRAE standards identified in the Complaint.

Subject to, and without waiving the above stated objections, ASHRAE responds as follows:

## ANSWERS TO INTERROGATORIES

**INTERROGATORY_14:**

For each standard-at-issue, identify each federal, state, or local law, statute, regulation, or ordinance into which you are aware or believe that such standard-at-issue has been incorporated, in whole or in part.

**RESPONSE TO INTERROGATORY_14:**

ASHRAE objects to this Interrogatory as overly broad, unduly burdensome, and not proportional to the needs of this case because the interrogatory is wholly duplicative of Public Resource's Interrogatory No. 2, the requested information is not within the scope of Defendant's proposal to the Court for reopened discovery, the Interrogatory seeks data pertaining to ASHRAE works not at issue in this litigation, and the Interrogatory purports to request data pertaining to laws, statutes, regulations, or ordinances for jurisdictions outside the United States. ASHRAE further objects to this Interrogatory on the ground that it seeks information that is in the public domain, is more readily available or equally available to Public Resource as it is to ASHRAE.

Subject to and without waiving the foregoing objections, ASHRAE responds as follows: ASHRAE does not maintain an exhaustive catalog of every statute and regulation into which its

3

standards are incorporated by reference. However, ASHRAE does note that several public sources track incorporation by reference, and ASHRAE consults such sources. These sources are the National Institute of Standards and Technology's Standards Incorporated by Reference Database, which is located at https://www.nist.gov/standardsgov/what-we-do/federal-policy-standards/sibr, and the Building Codes Assistance Project's series of maps that provide a national snapshot of building energy code adoption and implementation status, which is located at http://bcapcodes.org/code-status/.

**INTERROGATORY 15:**

For each ASHRAE standard-at-issue, identify on an annual basis from 2006 to the present the sales (in units and in dollars) of that standard for each year, listing the sales corresponding to each standard separately.

**RESPONSE TO INTERROGATORY 15:**

ASHRAE objects to this Interrogatory as overly broad, unduly burdensome, and not proportional to the needs of this case, including because the requested information is not within the scope of Defendant's proposal to the Court for reopened discovery as that proposal contemplated providing only "data updated to the present day" and because the request seeks data for a time period beyond the period relevant to the present litigation. ASHRAE further objects to this Interrogatory on the ground that it is overly broad, unduly burdensome, and not proportional to the needs of this case to the extent that the undefined term "standard-at-issue" includes standards that are not at issue in this litigation; ASHRAE will construe "standard-at-issue" to include only those ASHRAE standards that are identified in the Complaint.

Subject to and without waiving the foregoing objections, and pursuant to Federal Rule of Civil Procedure 33(d), ASHRAE directs Defendant to the following documents: ASHRAE0022828; ASHRAE0023010; ASHRAE0034369-34374; the Expert Report of John C.

4

Jarosz (at Tab 5).

**INTERROGATORY 16:**

For each ASHRAE standard-at-issue, identify on an annual basis from 2006 to the present the number of individuals licensed to access each standard, listing the number of licensed individuals corresponding to each standard separately, but excluding ASHRAE read-only portal licenses.

**RESPONSE TO INTERROGATORY 26:**

ASHRAE objects to this Interrogatory as overly broad, unduly burdensome, and not proportional to the needs of this case, including because the requested information is not within the scope of Defendant's proposal to the Court for reopened discovery as that proposal contemplated providing only "data updated to the present day" and because the request seeks data for a time period beyond the period relevant to the present litigation.  ASHRAE further objects to this Interrogatory on the ground that it is overly broad, unduly burdensome, and not proportional to the needs of this case to the extent that the undefined term "standard-at-issue" includes standards that are not at issue in this litigation; ASHRAE will construe "standard-at-issue" to include only those ASHRAE standards that are identified in the Complaint.

Subject to and without waiving the foregoing objections, ASHRAE responds as follows: Pursuant to Rule of Civil Procedure, ASHRAE directs Public Resource to data produced showing ASHRAE sales through third-party licensees, which can be found at ASHRAE0022828.  ASHRAE further responds that the principal way individuals obtain licenses to access ASHRAE standards is through purchase of an ASHRAE membership. Information concerning ASHRAE membership sales may be found at ASHRAE0034535 - ASHRAE0034795.

**INTERROGATORY 17:**

For each ASHRAE standard-at-issue, identify on an annual basis from 2006 to the present

5

the number of times that standard was viewed or accessed on the ASHRAE read-only portal, listing the views or accesses corresponding to each standard separately.

**RESPONSE TO INTERROGATORY 17:**

ASHRAE objects to this Interrogatory as overly broad, unduly burdensome, and not proportional to the needs of this case, including because the requested information is not within the scope of Defendant's proposal to the Court for reopened discovery as that proposal contemplated providing only "data updated to the present day" and because the request seeks data for a time period beyond the period relevant to the present litigation. ASHRAE further objects to this Interrogatory on the ground that it is overly broad, unduly burdensome, and not proportional to the needs of this case to the extent that the undefined term "standard-at-issue" includes standards that are not at issue in this litigation; ASHRAE will construe "standard-at-issue" to include only those ASHRAE standards that are identified in the Complaint. ASHRAE further objects to this request to the extent that it calls for production of data or records in a form not maintained by ASHRAE or that are from a time period for which ASHRAE does not have records of use.

Subject to and without waiving the foregoing objections, and pursuant to Federal Rule of Civil Procedure 33(d), ASHRAE directs Defendant to the following document: ASHRAE0034365.

**INTERROGATORY 18:**

Identify with specificity all instances where you are aware of an individual, entity, business, or organization using a standard obtained from the Public.Resource.Org website or Internet Archive website.

**RESPONSE TO INTERROGATORY 18:**

ASHRAE objects to this Interrogatory as overly broad, unduly burdensome, and not proportional to the needs of this case as the requested information not within the scope of Defendant's proposal to the Court for reopened discovery. ASHRAE further objects to this

Interrogatory on the ground that it seeks information that is in the public domain, more readily available or equally available to Public Resource as it is to ASHRAE, or that could be derived or ascertained by Public Resource with substantially the same effort that would be required of ASHRAE.  ASHRAE further objects to this Interrogatory on the ground that it is overly broad, unduly burdensome, and not proportional to the needs of this case to the extent that "standard" includes standards that are not at issue in this litigation; ASHRAE will construe "standard" to include only those ASHRAE standards identified in the Complaint.  ASHRAE further objects that this Interrogatory is duplicative of Public Resource's Request for Production No. 46, and on the grounds that the information sought may be more efficiently obtained from other sources, including documents produced in response to Request 46.

Subject to and without waiving the foregoing objections, and pursuant to Federal Rule of Civil Procedure 33(d), ASHRAE directs Defendant to documents produced in response to Request for Production No. 46.

Additionally, ASHRAE notes that, per Public Resource's production of data and testimony in this litigation, ASHRAE is aware that its standards have been accessed or downloaded from Public.Resource.org or the Internet Archive tens of thousands of times.  However, due to a failure on the part of Defendant to identify its own users, the identities of individuals downloading or accessing the standards is largely unknown.

**INTERROGATORY 19:**

Identify each joint author of each of the ASHRAE standards-at-issue, listing each standard separately along with its corresponding authors.

**RESPONSE TO INTERROGATORY 19:**

ASHRAE objects to this Interrogatory to the extent that it requires a legal conclusion. ASHRAE further objects to this Interrogatory on the ground that it is overly broad, unduly

burdensome, and not proportional to the needs of this case to the extent that the undefined term "standards-at-issue" includes standards that are not at issue in this litigation; ASHRAE will construe "standards-at-issue" to include only those ASHRAE standards that are identified in the Complaint.

Subject to and without waiving the foregoing objections, ASHRAE responds as follows: ASHRAE authored and wholly owns the copyrights to each of the ASHRAE standards at issue.

**INTERROGATORY 20**:

For each portion of each standard-at-issue that you assert is not necessary to reproduce verbatim in order to describe fairly the standard's legal import or instructions, describe with specificity the bases for such assertion and all supporting evidence.

**RESPONSE TO INTERROGATORY 20**:

ASHRAE objects to this Interrogatory because it calls for a legal conclusion. ASHRAE further objects to this Interrogatory on the ground that it is overly broad, unduly burdensome, and not proportional to the needs of this case to the extent that the undefined term "standard-at-issue" includes standards that are not at issue in this litigation; ASHRAE will construe "standard-at-issue" to include only those ASHRAE standards that are identified in the Complaint. ASHRAE further objects that this Interrogatory is overly broad, unduly burdensome, and not proportional to the needs of this case in that it asks ASHRAE to disprove something that Public Resource bears the burden of proving in this litigation. ASHRAE further objects to this Interrogatory on the ground that it seeks information that is in the public domain, is more readily available or equally available to Public Resource as it is to ASHRAE.

Based on ASHRAE's objections, ASHRAE will not undertake to catalogue every aspect of the ASHRAE standards-at-issue necessary to be reproduced verbatim in order to describe fairly the standard's legal import or instructions in each of the various instances where said standards are

8

incorporated by reference. That said, and subject to and without waiving its objections, ASHRAE responds that there are ways to paraphrase or summarize elements of each of the ASHRAE standards-at-issue, and none of the standards-at-issue need to be reproduced in full, verbatim. For instance, each of the ASHRAE standards-at-issue contains examples, illustrations, lists of committee members, general information about ASHRAE, and other information that need not be reproduced to express any legal requirement when such standard is incorporated by reference. Additionally, the ASHRAE standards-at-issue each reflect specific sentence structure, organization, and wording choices that need not be reproduced to express any legal requirement when such standard is incorporated by reference.

**INTERROGATORY 21:**

Identify with specificity all evidence that Public Resource's actions have harmed the potential market for or value of your standards.

**RESPONSE TO INTERROGATORY 21:**

ASHRAE objects to this Interrogatory as overly broad, unduly burdensome, and not proportional to the needs of this case as the requested information not within the scope of Defendant's proposal to the Court for reopened discovery. ASHRAE further objects to this Interrogatory on the ground that it calls for an expert opinion. ASHRAE further objects to this Interrogatory on the ground that it is overly broad, unduly burdensome, and not proportional to the needs of this case to the extent that "standards" includes standards that are not at issue in this litigation; ASHRAE will construe "standards" to include only those ASHRAE standards that are identified in the Complaint.

Subject to and without waiving the foregoing objections, ASHRAE responds as follows: Evidence of economic harms from Public Resource's actions is described in the Expert Report of John C. Jarosz submitted in this action. Further information about the extent of harm caused by

Public Resource may be reflected in data that has been requested, but not yet produced, from Public Resource, including full information on the number of copies or downloads of ASHRAE's standards disseminated by Defendant.

**INTERROGATORY 22:**

Identify with specificity all errors or omissions that you are aware of in the versions of your standards that Public Resource has posted on its website or on the Internet Archive website.

**RESPONSE TO INTERROGATORY NO. 22:**

ASHRAE objects to this Interrogatory as overly broad, unduly burdensome, and not proportional to the needs of this case as the requested documents do not bear on either issue—fair use and ownership—on which the Court reopened discovery, nor are they within the scope of Defendant's proposal to the Court for reopened discovery. NFPA further objects to this Interrogatory on the ground that it is overly broad, unduly burdensome, and not proportional to the needs of this case to the extent that "standards" includes standards that are not at issue in this litigation; ASHRAE will construe "standards" to include only those ASHRAE standards that are identified in the Complaint. ASHRAE further objects to this Interrogatory on the ground that it seeks information that is in the public domain, is more readily available or equally available to Public Resource as it is to ASHRAE.

Subject to and without waiving the foregoing objections, ASHRAE responds as follows: Errors that have appeared in the standards-at-issue of which ASHRAE is aware include those discussed in the following: C. Malamud Dep. (Feb. 27, 2015) at 127:4-139:8, 147:19-148:1; Exs. 63 & 64 to C. Malamud Dep. Additionally, evidence of the high likelihood of errors given PRO's methods includes the discussion in the following: HTC Dep. at 36:12-37:19, 105:16-106:11; Fruchterman Dep. at 184:21-185:11. ASHRAE has not endeavored to do a detailed comparison of its standards at issue and the Public Resource reproductions of said standards, but such a

comparison could be performed just as easily by Public Resource since both sets of documents are publicly available.

**INTERROGATORY 23:**

Identify all evidence of members of the public, including consumers of your standards, being confused by Public Resource's reproduction or posting of your standards.

**RESPONSE TO INTERROGATORY 23:**

ASHRAE objects to this Interrogatory as overly broad, unduly burdensome, and not proportional to the needs of this case as the requested documents do not bear on either issue—fair use and ownership—on which the Court reopened discovery, nor are they within the scope of Defendant's proposal to the Court for reopened discovery.  ASHRAE further objects to this Interrogatory on the ground that it seeks information that is in the public domain, is more readily available or equally available to Public Resource as it is to ASHRAE, or that could be derived or ascertained by Public Resource with substantially the same effort that would be required of ASHRAE.  ASHRAE further objects to this Interrogatory to the extent that it requires a legal conclusion.  ASHRAE further objects to this Interrogatory on the ground that it is overly broad, unduly burdensome, and not proportional to the needs of this case to the extent that "standards" includes standards that are not at issue in this litigation; ASHRAE will construe "standards" to include only those ASHRAE standards that are identified in the Complaint.  ASHRAE further objects that this Interrogatory is duplicative of Public Resource's Request for Production No. 47, and on the grounds that the information sought may be more efficiently obtained from other sources, including documents produced in response to Request 47.

Subject to and without waiving the foregoing objections, ASHRAE responds as follows: ASHRAE identifies the documents produced in response to RFP No. 47.

Dated:  June 26, 2019	Respectfully submitted,

*/s/ J. Blake Cunningham*
Kenneth L. Steinthal (admitted *pro hac vice*)
J. Blake Cunningham (admitted *pro hac vice*)
KING & SPALDING, LLP
101 2nd Street, Suite 2300
San Francisco, CA 94105
(415) 318-1200
ksteinthal@kslaw.com
bcunningham@kslaw.com

Jeffrey S. Bucholtz (D.C. Bar: 452385)
KING & SPALDING, LLP
1700 Pennsylvania Avenue, NW, Suite 200
Washington, DC 20006
(202) 737-0500
jbucholtz@kslaw.com

# PROOF OF SERVICE

I am a citizen of the United States and employed in the Austin, Texas. I am over the age of eighteen years and not a party to this action.

On June 26, 2019, I served the following documents in the manner described below:

**PLAINTIFF-COUNTERDEFENDANT THE AMERICAN SOCIETY OF HEATING, REFRIGERATING, AND AIR- CONDITIONING ENGINEERS, INC.'S ANSWERS AND OBJECTIONS TO DEFENDANT-COUNTERCLAIMANT PUBLIC.RESOURCE.ORG, INC.'S THRID SET OF INTERROGATORIES (Nos. ASHRAE14 - ASHRAE23)**

☐ BY U.S. MAIL: I am personally and readily familiar with the business practice of King & Spalding for collection and processing of correspondence for mailing with the United States Parcel Service, and I caused such envelope(s) with postage thereon fully prepaid to be placed in the United States Postal Service at San Francisco, California.

☐ BY MESSENGER SERVICE: by consigning the document(s) to an authorized courier and/or process server for hand delivery on this date.

☐ BY FACSIMILE: I am personally and readily familiar with the business practice of King & Spalding for collection and processing of document(s) to be transmitted by facsimile and I caused such document(s) on this date to be transmitted by facsimile to the offices of addressee(s) at the numbers listed below.

☐ BY OVERNIGHT MAIL: I am personally and readily familiar with the business practice of King & Spalding for collection and processing of correspondence for overnight delivery, and I caused such document(s) described herein to be deposited for delivery to a facility regularly maintained by Federal Express for overnight delivery.

☑ BY ELECTRONIC SERVICE: By electronically mailing a true and correct copy through King & Spalding's electronic mail system from bcunningham@kslaw.com to the email addresses set forth below.

☐ BY PERSONAL DELIVERY: I caused such envelope to be delivered by hand to the offices of each addressee below.

On the following part(ies) in this action:

| | |
|---|---|
| Michael F. Clayton (D.C. Bar No. 335307) mclayton@morganlewis.com J. Kevin Fee (D.C. Bar: 494016) jkfee@morganlewis.com Jordana S. Rubel (D.C. Bar No. 988423) jrubel@morganlewis.com Morgan, Lewis & Bockius LLP 1111 Pennsylvania Ave., N.W. Washington, D.C. 20004 Telephone: 202.739.5215 | *Counsel For American Society For Testing And Materials d/b/a/ ASTM International* |

13

| | |
|---|---|
| Anjan Choudhury (D.C. Bar No. 497271)<br>Anjan.Choudhury@mto.com<br>Munger, Tolles & Olson LLP<br>355 South Grand Avenue, 35th Floor<br>Los Angeles, CA 90071<br>Tel: 213.683.9100<br><br>Kelly M. Klaus<br>Kelly.Klaus@mto.com<br>Nathan M. Rehn<br>Thane.Rehn@mto.com<br>Jonathan H. Blavin<br>Jonathan.Blavin@mto.com<br>Munger, Tolles & Olson LLP<br>560 Mission St., 27th Floor<br>San Francisco, CA 94105<br>Tel: 415.512.4000 | *Counsel For National Fire Protection Association, Inc.* |
| Andrew P. Bridges<br>abridges@fenwick.com<br>Kathleen Lu<br>klu@fenwick.com<br>Matthew B. Becker<br>mbecker@fenwick.com<br>FENWICK & WEST LLP<br>555 California Street, 12th Floor<br>San Francisco, CA 94104<br>Telephone: (415) 875-2300<br><br>Mitchell L. Stoltz (D.C. Bar No. 978149)<br>mitch@eff.org<br>Corynne McSherry<br>corynne@eff.org<br>ELECTRONIC FRONTIER FOUNDATION<br>815 Eddy Street<br>San Francisco, CA 94109<br>Telephone: (415) 436-9333<br>Facsimile: (415) 436-9993<br><br>David Halperin<br>davidhalperindc@gmail.com<br>1530 P Street NW<br>Washington, DC 20005 | *Counsel for Defendant Public.Resource.Org, Inc.* |

I declare under penalty of perjury under the laws of the State of Texas that the foregoing is true and correct. Executed on June 26, 2019, at Austin, Texas.

                                                          /s/ *J. Blake Cunningham*
                                                            J. Blake Cunningham