# EXHIBIT 52

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| AMERICAN SOCIETY FOR TESTING AND MATERIALS d/b/a/ ASTM INTERNATIONAL;<br><br>NATIONAL FIRE PROTECTION ASSOCIATION, INC; and<br><br>AMERICAN SOCIETY OF HEATING, REFRIGERATING, AND AIR CONDITIONING ENGINEERS,<br><br>Plaintiffs and Counterclaim Defendants,<br><br> v.<br><br>PUBLIC.RESOURCE.ORG, INC., Defendant and Counterclaimant. | Case No. 1:13-cv-01215-TSC<br><br>**PLAINTIFF NATIONAL FIRE PROTECTION ASSOCIATION, INC.'S RESPONSES AND OBJECTIONS TO DEFENDANT-COUNTERCLAIMANT PUBLIC.RESOURCE.ORG, INC.'S INTERROGATORIES (SET THREE, NOS. 14 – 23)**<br><br>Filed:  August 6, 2013 |

PROPOUNDING PARTY:   PUBLIC.RESOURCE.ORG, INC.

RESPONDING PARTY:    NATIONAL FIRE PROTECTION ASSOCIATION, INC.

SET NUMBER:          THREE (Nos. NFPA14 through NFPA23)

Pursuant to Federal Rules of Civil Procedure 26 and 33, Plaintiff and Counterclaim Defendant National Fire Protection Association, Inc. ("NFPA") responds as follows to the third set of Interrogatories propounded by Defendant and Counterclaimant Public.Resource.Org, Inc. ("Public Resource").

## GENERAL OBJECTIONS

The following General Objections apply to and are incorporated in each and every response to each and every specific Interrogatory, whether or not such General Objections are expressly incorporated by reference in such response.

1.      NFPA objects to each and every Interrogatory, definition, and instruction, to the

extent that it attempts to impose any burdens inconsistent with or in addition to the obligations imposed by the Federal Rules of Civil Procedure, the Local Civil Rules of the United States District Court for the District of Columbia, or any other applicable law or rule.

2.      NFPA objects to each and every Interrogatory, definition, and instruction as overly broad, unduly burdensome, and not proportional to the needs of this case to the extent that it is not reasonably limited in scope, or seeks information neither relevant to any issue in this case nor reasonably calculated to lead to the discovery of admissible evidence, particularly to the extent that compliance would force NFPA to incur a substantial expense that outweighs any likely benefit of the discovery.

3.      NFPA objects to each and every Interrogatory, definition, and instruction to the extent that it lacks any reasonable time limitation.

4.      NFPA objects to each and every Interrogatory, definition, and instruction to the extent that it seeks information or documents protected by the attorney-client privilege, work product doctrine, or any other applicable law, privilege, immunity, protection, or doctrine. NFPA claims such privileges and protections to the extent implicated by each Interrogatory, and excludes privileged and protected information from its responses.  The production of any privileged information or document by NFPA is unintentional, and any such inadvertent production shall not be construed as a waiver of any applicable objection or privilege.

5.      NFPA objects to each and every Interrogatory, definition, and instruction to the extent that it calls for a legal conclusion.  Any response by NFPA shall not be construed as providing a legal conclusion regarding the meaning or application of any terms or phrases used in Public Resource's requests for admission, definitions, or instructions.

6.      NFPA objects to each and every Interrogatory, definition, and instruction to the

extent that it seeks information or documents already in the possession of or more readily available to Public Resource, in the public domain, that are equally available to Public Resource as they are to NFPA, or that could be derived or ascertained by Public Resource with substantially the same effort that would be required of NFPA.

7.      NFPA objects to each and every Interrogatory, definition, and instruction to the extent that it seeks information or documents not within NFPA's possession, custody, or control.

8.      NFPA objects to each and every Interrogatory, definition, and instruction to the extent that it is unreasonably cumulative or duplicative.

9.      NFPA objects to each and every Interrogatory, definition, and instruction to the extent that it seeks any confidential, proprietary, or trade secret information, or any other information or documents that NFPA is not permitted to disclose pursuant to confidentiality or other legal obligations to third parties.

10.      NFPA objects to each and every Interrogatory, definition, and instruction to the extent that it contains subparts or a compound, conjunctive, or disjunctive request.

11.      NFPA objects to each and every Interrogatory, definition, and instruction to the extent that it calls for NFPA to form and then render an expert opinion.

12.      NFPA objects to each and every Interrogatory, definition, and instruction to the extent that it is argumentative.

13.      NFPA objects to each and every Interrogatory, definition, and instruction to the extent that it is speculative, lacks foundation, or improperly assumes the existence of hypothetical facts that are incorrect or unknown to NFPA.

14.      NFPA objects to each and every Interrogatory, definition, and instruction to the extent that it purports to require NFPA to compile information in a manner that is not maintained

in the ordinary course of business, or to create documents, including but not limited to charts, tables, reviews, proposals, methodologies, and/or breakdowns, that do not already exist.

15.     NFPA objects to each and every Interrogatory as overly broad, unduly burdensome, and not proportional to the needs of this case to the extent that it requests NFPA to identify "all" facts, or "each" fact, responsive to the particular Interrogatory.  Furthermore, discovery is ongoing, and the facts identified in NFPA's responses are exemplary, not exhaustive.

16.     NFPA objects to the defined terms "you," "your," and "NFPA," and to each and every Interrogatory containing those terms, as vague, ambiguous, overly broad, and unduly burdensome to the extent that any of these terms include any entity other than NFPA, and particularly to the extent that they include any predecessors, affiliates, officers, employees, agents, or attorneys when such persons are acting outside of a capacity representing NFPA.

17.     NFPA objects to the defined terms "work-at-issue" and "works-at-issue," and to each and every Request containing those terms, on the ground that they are overly broad, unduly burdensome, and not proportional to the needs of this case to the extent they include standards that are not at issue in this litigation.  NFPA will construe "work-at-issue" and "works-at-issue" to include only those standards that are identified in Amended Exhibit B to the Complaint.  (ECF No. 74-1.)

18.     NFPA objects to the defined term "standard" and to each and every Request containing that term, on the ground that it is overly broad, unduly burdensome, and not proportional to the needs of this case to the extent it includes standards that are not at issue in this litigation.  NFPA will construe "standard" to include only those standards that are identified in Amended Exhibit B to the Complaint.  (ECF No. 74-1.)

19.     NFPA objects to the defined term "enforcement" as vague, ambiguous and overbroad and as it potentially incorporates a legal conclusion to adduce its meaning.

20.     NFPA objects to the defined terms "document" and "writings" as overly broad, unduly burdensome, and not proportional to the needs of this case to the extent that they require NFPA to search for and provide electronic documents or information that is not reasonably accessible.

21.     NFPA objects to the defined term "concerning" as overly broad, unduly burdensome and not proportional to the needs of the case to the extent it include information with little or no relevance.  To the extent that NFPA produces information in response to such requests, they will be limited to information sufficient to show matters that are appropriately discoverable.

22.     NFPA objects to the undefined term "identify," and to each and every Interrogatory containing that term, as overly broad, unduly burdensome, and not proportional to the needs of this case, including insofar as it might purport to require NFPA: to state both the home and business address of natural persons; to state, for business organizations, the identity of all persons affiliated with the organization who have knowledge of the matter with respect to which it is named in an interrogatory answer; to state the documentary or testimonial evidence with regard to any fact or circumstance and the Persons with knowledge of the fact or circumstance; and, when referring to advertising or promotion to provide dates; medium; product, service, or feature being advertised or promoted; location (physical address; social media or World Wide Web site; print periodical page number; or analogous identifier); number of impressions, and cost.  NFPA will respond to interrogatories containing the term "identify" based on the ordinary meaning of the term.

23.     NFPA objects to PRO's instruction that the use of a verb in one tense includes the use of the verb in all other tenses.  NFPA will construe each verb to include only the tense used.

24.     NFPA objects to Instruction 1 as overly broad and unduly burdensome to the extent that it purports to require NFPA to produce information that is not in the custody or control of NFPA.  NFPA further objects to Instruction 1 to the extent that it seeks information or documents protected by the attorney-client privilege, work product doctrine, or any other applicable law, privilege, immunity, protection or doctrine.

25.     NFPA objects to Instruction 4 to the extent that it attempts to impose any burdens inconsistent with or in addition to the obligations imposed by the Federal Rules of Civil Procedure, the Local Civil Rules of the United States District Court for the District of Columbia, or any other applicable law or rule.

26.     NFPA objects to Instruction 5 to the extent that it attempts to impose any burdens inconsistent with or in addition to the obligations imposed by the Federal Rules of Civil Procedure, the Local Civil Rules of the United States District Court for the District of Columbia, or any other applicable law or rule.  In the event that NFPA withholds information based on a claim of privilege or protection, NFPA will comply with the requirements of Federal Rule of Civil Procedure 26(b)(5), and any other applicable law or rule.

27.     NFPA objects to Instruction 8 as unduly burdensome to the extent that it calls for NFPA to prepare Public Resource's case by analyzing or coding documents that have already been produced in this litigation.

28.     NFPA further objects to the extent that the interrogatories are overbroad and that their number exceeds the number that the Federal Rules of Civil Procedure authorize.

29.     No incidental or implied admissions are intended by the responses herein.  The

fact that NFPA has answered or objected to any Interrogatory should not be taken as a representation by NFPA to the existence or non-existence of the information requested by Public Resource.

30.     By responding to Public Resource's Third Set of Interrogatories, NFPA does not waive any privilege or objection that may be applicable to: (a) the use, for any purpose, by Public Resource of any information or documents sought by Public Resource or provided in response to an Interrogatory; (b) the admissibility, relevance, or materiality of any of the information or documents to any issue in this case; or (c) any demand for further responses involving or relating to the subject matter of any of the Interrogatories.

31.     NFPA's responses, regardless of whether they include a specific objection, do not constitute an adoption or acceptance of the definitions and instructions that Public Resource seeks to impose.

32.     NFPA's responses are based on information reasonably available to NFPA as of the date of these responses.  The following responses are made to the best of NFPA's present knowledge, information, and belief.  NFPA's investigation is continuing and ongoing.  Subject to and without waiving any of its objections set forth herein, NFPA may supplement any of its responses herein as necessary or appropriate if any additional information becomes available to NFPA.

33.     Each and every General Objection shall be deemed to be incorporated in full into each of the individual responses set forth below.  From time to time a specific response may repeat a General Objection for emphasis or other reason.  The omission of any General Objection in any specific response to any request is not intended to be and should not be construed as a waiver or limitation of any General Objection to any Interrogatory.  Likewise, the inclusion of

any specific objection in any specific response to any Interrogatory is not intended to be and should not be construed as a waiver or limitation of any General Objection or specific objection made herein or that may be asserted at another date.

## RESPONSES TO INTERROGATORIES

**INTERROGATORY NO. 14:**

For each standard-at-issue, identify each federal, state, or local law, statute, regulation, or ordinance into which you are aware or believe that such standard-at-issue has been incorporated, in whole or in part.

**RESPONSE TO INTERROGATORY NO. 14:**

NFPA incorporates the General Objections as if fully set forth herein.  NFPA further objects to this Interrogatory as unreasonably cumulative and duplicative as PRO's previous Interrogatory Nos. 1 and 2 overlap with this Interrogatory and NFPA previously provided responses to those Interrogatories, the objections and responses to which are incorporated as if fully set forth herein.  NFPA further objects to this Interrogatory as overly broad, unduly burdensome, and not proportional to the needs of this case as the requested information is not within the scope of Defendant's proposal to the Court for reopened discovery; and to the extent that the Interrogatory extends to laws, statutes, regulations, or ordinances of jurisdictions outside the United States.  NFPA further objects to this Interrogatory as overly broad, unduly burdensome, and not proportional to the needs of this case to the extent that the undefined term "standards-at-issue" includes standards that are not at issue in this litigation; NFPA will construe "standards-at-issue" to include only those standards that are identified in Amended Exhibit B to the Complaint.  (ECF No. 74-1.)  NFPA further objects to this Interrogatory on the ground that it seeks information that is in the public domain, is more readily available or equally available to

Public Resource as it is to NFPA, or that could be derived or ascertained by Public Resource with substantially the same effort that would be required of NFPA.  NFPA further objects to this Interrogatory as overly broad, unduly burdensome, and not proportional to the needs of this case to the extent "identify" is undefined; NFPA will construe "identify" based on its ordinary meaning.

Subject to and without waiving the foregoing objections, NFPA responds as follows: NFPA does not regularly maintain information responsive to this Interrogatory in a reasonably accessible form.  To the best of NFPA's knowledge and information following a search of reasonable diligence, information responsive to this Interrogatory may be found in the National Institute of Standards and Technology Standards Incorporated by Reference (SIBR) Database, available at https://www.nist.gov/standardsgov/what-we-do/federal-policy-standards/sibr, and on the NFPA CodeFinder™, available at https://codefinder.nfpa.org/.  NFPA will supplement its response to this Interrogatory if and when it becomes aware of additional responsive information.

**INTERROGATORY NO. 15:**

For each NFPA standard-at-issue, identify on an annual basis from 2006 to the present the sales (in units and in dollars) of that standard for each year, listing the sales corresponding to each standard separately.

**RESPONSE TO INTERROGATORY NO. 15:**

NFPA incorporates the General Objections as if fully set forth herein.  NFPA further objects to this Interrogatory as overly broad, unduly burdensome, and not proportional to the needs of this case to the extent that it seeks information for 2013 or earlier, including because the requested information is not within the scope of Defendant's proposal to the Court for reopened discovery as that proposal contemplated providing only "data updated to the present day" and

NFPA has already provided financial information from 2013 and earlier.  NFPA further objects to this Interrogatory as overly broad, unduly burdensome, and not proportional to the needs of this case to the extent "identify" is undefined; NFPA will construe "identify" based on its ordinary meaning.  NFPA further objects to this Interrogatory on the ground that it is overly broad, unduly burdensome, and not proportional to the needs of this case to the extent that the undefined term "standard-at-issue" includes standards that are not at issue in this litigation; NFPA will construe "standard-at-issue" to include only those standards that are identified in Amended Exhibit B to the Complaint.  (ECF No. 74-1.)

Subject to and without waiving the foregoing objections, NFPA responds as follows: NFPA identifies the following document that it has produced in this action: NFPA-PR0098029.

**INTERROGATORY NO. 16:**

For each NFPA standard-at-issue, identify on an annual basis from 2006 to the present the number of individuals licensed to access each standard, listing the number of licensed individuals corresponding to each standard separately, but excluding NFPA Free Access licenses.

**RESPONSE TO INTERROGATORY NO. 16:**

NFPA incorporates the General Objections as if fully set forth herein.  NFPA further objects to this Interrogatory as overly broad, unduly burdensome, not proportional to the needs of this case, and not relevant to any party's claims or defenses as the requested information does not bear on either issue—fair use and ownership—on which the Court reopened discovery, nor is it within the scope of Defendant's proposal to the Court for reopened discovery.  NFPA further objects to this Interrogatory as overly broad, unduly burdensome, and not proportional to the needs of this case to the extent that it seeks information prior to the filing of the Complaint on

August 6, 2013.  NFPA further objects to this Interrogatory as overly broad, unduly burdensome, and not proportional to the needs of this case to the extent "identify" is undefined; NFPA will construe "identify" based on its ordinary meaning.  NFPA further objects to this Interrogatory on the ground that it is overly broad, unduly burdensome, and not proportional to the needs of this case to the extent that the undefined term "standard-at-issue" includes standards that are not at issue in this litigation; NFPA will construe "standard-at-issue" to include only those standards that are identified in Amended Exhibit B to the Complaint.  (ECF No. 74-1.)

Subject to and without waiving the foregoing objections, NFPA responds as follows: NFPA offers authorized access to standards, both through physical copies and licenses to access digital and other formats, both to entities and individuals.  NFPA also licenses certain third parties to provide access to its standards.  NFPA does not regularly maintain information responsive to this Interrogatory in a reasonably accessible form.  To the best of NFPA's knowledge and information following a search of reasonable diligence, information responsive to this Interrogatory may be found in documents showing the number of sales and the number of visitations to NFPA Free Access (NFPA-PR0098028-PR0098029, NFPA-PR0098019-PR0098021), both of which provide information regarding the number of individuals licensed to use NFPA standards.  NFPA will supplement its response to this Interrogatory if and when it becomes aware of additional responsive information.

**INTERROGATORY NO. 17:**

For each NFPA standard-at-issue, identify on an annual basis from 2006 to the present the number of times that standard was viewed or accessed on NFPA Free Access, listing the views or accesses corresponding to each standard separately.

**RESPONSE TO INTERROGATORY NO. 17:**

NFPA incorporates the General Objections as if fully set forth herein.  NFPA further objects to this Interrogatory as overly broad, unduly burdensome, and not proportional to the needs of this case to the extent that it seeks information prior to the filing of the Complaint on August 6, 2013.  NFPA further objects to this Interrogatory as overly broad, unduly burdensome, and not proportional to the needs of this case to the extent "identify" is undefined; NFPA will construe "identify" based on its ordinary meaning.  NFPA further objects to this Interrogatory on the ground that the undefined terms "viewed" and "accessed" are overly broad, unduly burdensome, and not proportional to the needs of this case.  NFPA further objects to this Interrogatory on the ground that it is overly broad, unduly burdensome, and not proportional to the needs of this case to the extent that the undefined term "standard-at-issue" includes standards that are not at issue in this litigation; NFPA will construe "standard-at-issue" to include only those standards that are identified in Amended Exhibit B to the Complaint.  (ECF No. 74-1.)

Subject to and without waiving the foregoing objections, NFPA responds as follows: NFPA identifies the following documents that it has produced in this action: NFPA-PR0098019-PR0098021.

**INTERROGATORY NO. 18:**

Identify with specificity all instances where you are aware of an individual, entity, business, or organization using a standard obtained from the Public.Resource.Org website or Internet Archive website.

**RESPONSE TO INTERROGATORY NO. 18:**

NFPA incorporates the General Objections as if fully set forth herein.  NFPA further objects to this Interrogatory as overly broad, unduly burdensome, and not proportional to the

needs of this case as the requested information is not within the scope of Defendant's proposal to the Court for reopened discovery.  NFPA further objects to this Interrogatory on the ground that it seeks information that is in the public domain, is more readily available or equally available to Public Resource as it is to NFPA, or that could be derived or ascertained by Public Resource with substantially the same effort that would be required of NFPA.  NFPA further objects to this Interrogatory as overly broad, unduly burdensome, and not proportional to the needs of this case to the extent "identify" is undefined; NFPA will construe "identify" based on its ordinary meaning.  NFPA further objects to this Interrogatory on the ground that it is overly broad, unduly burdensome, and not proportional to the needs of this case to the extent that "standard" includes standards that are not at issue in this litigation; NFPA will construe "standard" to include only those standards that are identified in Amended Exhibit B to the Complaint.  (ECF No. 74-1.)

Subject to and without waiving the foregoing objections, NFPA responds as follows: Per PRO's production of data and testimony in this litigation, NFPA is aware that its standards have been accessed or downloaded from Public.Resource.org or the Internet Archive tens of thousands of times.  Additionally, to the best of NFPA's knowledge and information following a search of reasonable diligence, NFPA identifies the following document that it has produced in this action: NFPA-PR0098030-PR0098031.  NFPA will supplement its response to this Interrogatory if and when it becomes aware of additional responsive information.

**INTERROGATORY NO. 19:**

Identify each joint author of each of the NFPA standards-at-issue, listing each standard separately along with its corresponding authors.

**RESPONSE TO INTERROGATORY NO. 19:**

NFPA incorporates the General Objections as if fully set forth herein. NFPA further objects to this Interrogatory as overly broad, unduly burdensome, not proportional to the needs of this case, and not relevant to any party's claims or defenses. NFPA further objects to this Interrogatory to the extent that it requires a legal conclusion. NFPA further objects to this Interrogatory as overly broad, unduly burdensome, and not proportional to the needs of this case to the extent "identify" is undefined; NFPA will construe "identify" based on its ordinary meaning. NFPA further objects to this Interrogatory on the ground that it is overly broad, unduly burdensome, and not proportional to the needs of this case to the extent that the undefined term "standards-at-issue" includes standards that are not at issue in this litigation; NFPA will construe "standards-at-issue" to include only those standards that are identified in Amended Exhibit B to the Complaint. (ECF No. 74-1.)

Subject to and without waiving the foregoing objections, NFPA responds as follows: NFPA authored and owns the copyrights to each of the standards at issue. NFPA has not identified any joint authors of the standards at issue.

**INTERROGATORY NO. 20:**

For each portion of each standard-at-issue that you assert is not necessary to reproduce verbatim in order to describe fairly the standard's legal import or instructions, describe with specificity the bases for such assertion and all supporting evidence.

**RESPONSE TO INTERROGATORY NO. 20:**

NFPA incorporates the General Objections as if fully set forth herein. NFPA further objects to this Interrogatory to the extent that it requires a legal conclusion. NFPA further objects to this Interrogatory on the ground that it is overly broad, unduly burdensome, and not

proportional to the needs of this case to the extent that the undefined term "standard-at-issue" includes standards that are not at issue in this litigation; NFPA will construe "standard-at-issue" to include only those standards that are identified in Amended Exhibit B to the Complaint.  (ECF No. 74-1.)  This Interrogatory is overly broad, unduly burdensome, and not proportional to the needs of this case to the extent it asks NFPA to catalog every aspect of every standard that need not be produced verbatim—*i.e.*, to the extent it asks NFPA to disprove what PRO bears the burden of proving.

Subject to and without waiving the foregoing objections, NFPA responds as follows: There are ways to paraphrase or summarize elements of each of the standards-at-issue, and none of the standards-at-issue need to be reproduced in full, verbatim.

For example, the vast majority of the 2014 version of the National Electrical Code, NFPA 70 ("2014 NEC"), could be paraphrased, rather than reproduced verbatim.  Indeed, others *have* produced documents that fairly describe the 2014 NEC by paraphrasing the document, rather than reproducing it verbatim.  *See, e.g.*, McGraw-Hill's National Electrical Code 2014 Handbook (Frederic P. Hartwell et al. eds., 28th ed. 2014).  By way of illustrative example only, and not intended to be exhaustive, portions of the 2014 NEC that need not be reproduced verbatim include:

The 2014 NEC's introduction, Article 90, provides background information about, for example, its purpose, relation to other international standards, and general structure.  This is not necessary to an individual's compliance with any applicable law or regulation that has incorporated all or part of the 2014 NEC by reference.  *See* 2014 NEC at 70-23 to 70-26.  The informational annexes at the end of the NEC (and included in Public Resource's posting) are expressly "for informational purposes only," and do not dictate any "requirements" of the NEC.

*E.g.*, *id.* at 70-772.  The introductory pages include, *inter alia*, a "Notice and Disclaimer of Liability Concerning the Use of NFPA Documents," a "History and Development of the *National Electrical Code*®," information regarding potential amendments or errata to the standard, an index, and lists of NEC committee and panel membership.  None of this is necessary to an individual's compliance with any applicable law or regulation that has incorporated all or part of the 2014 NEC by reference.

Additionally, the 2014 NEC contains numerous "example" sections.  For instance, § 550.4(A) provides a list of examples of mobile homes that do not serve as a dwelling unit—"those equipped for sleeping purposes only, contractor's on-site offices, construction job dormitories, mobile studio dressing rooms, banks, clinics, mobile stores, or intended for the display or demonstration of merchandise or machinery."  None of these "examples" are necessary to an individual's compliance with any applicable law or regulation that has incorporated all or part of the 2014 NEC by reference.

Further, many portions of the 2014 NEC are informative, but do not dictate any requirements.  For example, there are hundreds of "Informational Notes" throughout the document that provide context, background, cross-references, and other explanatory material—but "are not enforceable as requirements" of the NEC.  *Id.* § 90.5(C).  Just in the first two pages of Article 110, there are seven informational notes.  *Id.* at 70-36-70-36.  Four of these provide cross-references to other parts of the Code, and a fifth directs readers to an outside standard that details accepted industry standards.  The remaining two provide guidance about potential ways to determine whether equipment is suitable for installation and a cautionary note that certain "compounds can cause severe deterioration of many plastic materials."  *Id.* § 110.11.   None of

these "examples" are necessary to an individual's compliance with any applicable law or regulation that has incorporated all or part of the 2014 NEC by reference.

Further, there is no need to reproduce verbatim the text within the NFPA's works to fairly convey their meaning.  The particular wording and sentence structure, as well as the organization and presentation of the material, in the 2014 NEC and the other works in issue reflect creative choices by NFPA and need not be reproduced verbatim to accurately and completely convey the meaning of any standard.  For example, § 110.3(A)'s direction that "In judging equipment, considerations such as the following shall be evaluated" could easily be paraphrased to "Individuals who are examining electrical equipment must consider factors like."  Similarly, there is no need to replicate verbatim NFPA's organization of material to describe the NEC's requirements.  For example, while NFPA does not present the NEC in this way, one could group all requirements regarding residential construction or applicable to mobile homes in one place. The same is true for the other NFPA works in issue.

Finally, the figures in the 2014 NEC illustrate *a* way—but not the only way—of the matters described in the text.  For example, Figure 220.1 of the 2014 NEC provides a graphical overview of the organization of Article 220, and  Figure 516.3(D)(2) depicts one way of showing the different clearance zones described in the text.  *Id.* at 70-66, 70-455.  These Figures illustrate concepts conveyed in the text, but do not dictate any independent requirements.

**INTERROGATORY NO. 21:**

Identify with specificity all evidence that Public Resource's actions have harmed the potential market for or value of your standards.

**RESPONSE TO INTERROGATORY NO. 21:**

NFPA incorporates the General Objections as if fully set forth herein.  NFPA further objects to this Interrogatory as overly broad, unduly burdensome, and not proportional to the needs of this case as the requested information is not within the scope of Defendant's proposal to the Court for reopened discovery.  NFPA further objects to this Interrogatory on the ground that it calls for an expert opinion.  NFPA further objects to this Interrogatory as overly broad, unduly burdensome, and not proportional to the needs of this case to the extent "identify" is undefined; NFPA will construe "identify" based on its ordinary meaning.  NFPA further objects to this Interrogatory on the ground that it is overly broad, unduly burdensome, and not proportional to the needs of this case to the extent that "standards" includes standards that are not at issue in this litigation; NFPA will construe "standards" to include only those standards that are identified in Amended Exhibit B to the Complaint.  (ECF No. 74-1.)

Subject to and without waiving the foregoing objections, NFPA responds as follows: Evidence of economic harms from Public Resource's actions includes, but is not limited to, publicly available information regarding Public Resource's activities and posting and information described in the Expert Report of John C. Jarosz dated June 5, 2015.

**INTERROGATORY NO. 22:**

Identify with specificity all errors or omissions that you are aware of in the versions of your standards that Public Resource has posted on its website or on the Internet Archive website.

**RESPONSE TO INTERROGATORY NO. 22:**

NFPA incorporates the General Objections as if fully set forth herein.  NFPA further objects to this Interrogatory as overly broad, unduly burdensome, and not proportional to the needs of this case as the requested information does not bear on either issue—fair use and

ownership—on which the Court reopened discovery, nor is it within the scope of Defendant's proposal to the Court for reopened discovery.  NFPA further objects to this Interrogatory as overly broad, unduly burdensome, and not proportional to the needs of this case to the extent "identify" is undefined; NFPA will construe "identify" based on its ordinary meaning.  NFPA further objects to this Interrogatory on the ground that it is overly broad, unduly burdensome, and not proportional to the needs of this case to the extent that "standards" includes standards that are not at issue in this litigation; NFPA will construe "standards" to include only those standards that are identified in Amended Exhibit B to the Complaint.  (ECF No. 74-1.)

Subject to and without waiving the foregoing objections, NFPA responds as follows: NFPA does not regularly maintain information responsive to this Interrogatory in a reasonably accessible form.  To the best of NFPA's knowledge and information following a search of reasonable diligence, errors that have appeared in the standards-at-issue of which NFPA is aware are those discussed in the following: Pauley Decl. ¶ 54; Mullen Dep. at 134:11-23, 147:14-149:7; C. Malamud Dep. (Feb. 27, 2015) at 127:4-139:8, 147:19-148:1; Exs. 63 & 64 to C. Malamud Dep.  Additionally, evidence of the high likelihood of errors given PRO's methods appears in the discussion in the following: HTC Dep. at 36:12-37:19, 105:16-106:11; Fruchterman Dep. at 184:21-185:11.  NFPA will supplement its response to this Interrogatory if and when it becomes aware of additional responsive information.

**INTERROGATORY NO. 23:**

Identify all evidence of members of the public, including consumers of your standards, being confused by Public Resource's reproduction or posting of your standards.

**RESPONSE TO INTERROGATORY NO. 23:**

NFPA incorporates the General Objections as if fully set forth herein.  NFPA further objects to this Interrogatory as overly broad, unduly burdensome, and not proportional to the needs of this case as the requested information does not bear on either issue—fair use and ownership—on which the Court reopened discovery, nor is it within the scope of Defendant's proposal to the Court for reopened discovery.  NFPA further objects to this Interrogatory on the ground that it seeks information that is in the public domain, is more readily available or equally available to Public Resource as it is to NFPA, or that could be derived or ascertained by Public Resource with substantially the same effort that would be required of NFPA.  NFPA further objects to this Interrogatory to the extent that it requires a legal conclusion.  NFPA further objects to this Interrogatory as overly broad, unduly burdensome, and not proportional to the needs of this case to the extent "identify" is undefined; NFPA will construe "identify" based on its ordinary meaning.  NFPA further objects to this Interrogatory on the ground that it is overly broad, unduly burdensome, and not proportional to the needs of this case to the extent that "standards" includes standards that are not at issue in this litigation; NFPA will construe "standards" to include only those standards that are identified in Amended Exhibit B to the Complaint.  (ECF No. 74-1.)

Subject to and without waiving the foregoing objections, NFPA responds as follows: NFPA does not regularly maintain information responsive to this Interrogatory in a reasonably accessible form.  To the best of NFPA's knowledge and information following a search of reasonable diligence, information responsive to this Interrogatory may be found in the following document that it has produced in this action: NFPA-PR0038552-PR0038554.  NFPA will

supplement its response to this Interrogatory if and when it becomes aware of additional

responsive information.

Dated:  July 1, 2019                                       Respectfully submitted,


                                                            _/s/ Kelly M. Klaus_____


                                                           Kelly M. Klaus (*pro hac vice*)
                                                           MUNGER, TOLLES & OLSON LLP
                                                           560 Mission St., 27th Floor
                                                           San Francisco, CA 94105
                                                           Tel:  415.512.4000
                                                           Email: Kelly.Klaus@mto.com


                                                           Rose L. Ehler (*pro hac vice*)
                                                           MUNGER, TOLLES & OLSON LLP
                                                           350 South Grand Ave., 50th Floor
                                                           Los Angeles, CA 90071
                                                           Tel:  213.683.9100
                                                           Email: Rose.Ehler@mto.com


                                                           Rachel G. Miller-Ziegler
                                                           MUNGER, TOLLES & OLSON LLP
                                                           1155 F St. NW, 7th Floor
                                                           Washington, DC 20004
                                                           Tel:  202.220.1100
                                                           Email: Rachel.Miller-Ziegler@mto.com

**PROOF OF SERVICE**

*American Society for Testing and Materials, et al. v. Public.Resource.Org., Inc.*
U.S. District Court, District of Columbia Case No. 1:13-cv-01215-TSC

I am a citizen of the United States and employed in the City of Washington, District of

Columbia.  I am over the age of 18 years and not a party to the within-entitled action.  My

business address is 1155 F Street NW, 7th Floor, Washington, DC 20004.

On July 1, 2019, I served a true and correct copy of the document(s) described as:

**PLAINTIFF NATIONAL FIRE PROTECTION ASSOCIATION, INC.'S RESPONSES
AND OBJECTIONS TO DEFENDANT-COUNTERCLAIMANT
PUBLIC.RESOURCE.ORG, INC.'S INTERROGATORIES (SET THREE, NOS. 14 – 23)**

on the interested parties in this action **BY ELECTRONIC MAIL** as indicated on the attached

Service List.

I declare under penalty of perjury under the laws of the District of Columbia that the

foregoing is true and correct.

Executed at Washington, District of Columbia on July 1, 2019.

*/s/ Rachel G. Miller-Ziegler*
Rachel G. Miller-Ziegler

-22-

## SERVICE LIST

| | |
|---|---|
| J. Kevin Fee<br>Jane Wise<br>MORGAN, LEWIS & BOCKIUS LLP<br>1111 Pennsylvania Avenue, NW<br>Washington, DC  20004<br>*kevin.fee@morganlewis.com*<br>*jane.wise@morganlewis.com* | **PLAINTIFF**<br>*AMERICAN SOCIETY FOR TESTING AND*<br>*MATERIALS*<br><br>Tel:    (202) 739-5353<br>Fax:    (202) 239-3001 |
| Jeffrey S. Bucholtz<br>KING & SPALDING, LLP<br>1700 Pennsylvania Ave., NW<br>Washington, DC  20006<br>*jbucholtz@kslaw.com* | **PLAINTIFF**<br>*AMERICAN SOCIETY OF HEATING,*<br>*REFRIGERATING, AND AIR-CONDITIONING*<br>*ENGINEERS, INC.*<br><br>Tel: (202) 626-2907 |
| Kenneth L. Steinthal<br>J. Blake Cunningham<br>KING & SPALDING, LLP<br>101 2nd St., Suite 2300<br>San Francisco, CA  94105<br>*ksteinthal@kslaw.com*<br>*bcunningham@kslaw.com* | **PLAINTIFF**<br>*AMERICAN SOCIETY OF HEATING,*<br>*REFRIGERATING, AND AIR-CONDITIONING*<br>*ENGINEERS, INC.*<br><br>Tel:  (415) 318-1200<br>Fax:  (415) 318-1300 |
| Andrew Phillip Bridges<br>Matthew B. Becker<br>FENWICK & WEST<br>555 California St., 12th Floor<br>San Francisco, CA  94104<br>*abridges@fenwick.com*<br>*mbecker@fenwick.com* | **DEFENDANT**<br>*PUBLIC.RESOURCE.ORG., INC.*<br><br>Tel:  (415) 875-2300<br>Fax:  (415) 281-1350 |
| Mitchell L. Stoltz<br>Corynne McSherry<br>ELECTRONIC FRONTIER FOUNDATION<br>815 Eddy Street<br>San Francisco, CA  94109<br>*mitch@eff.org*<br>*corynne@eff.org* | **DEFENDANT**<br>*PUBLIC.RESOURCE.ORG., INC.*<br><br>Tel: (415) 436-9333<br>Fax: (415) 436-9993 |
| David Elliot Halperin<br>1530 P Street, NW<br>Washington DC  20005<br>*davidhalperindc@gmail.com* | **DEFENDANT**<br>*PUBLIC.RESOURCE.ORG., INC*<br><br>Tel:  (202) 905-3434 |