# EXHIBIT 53

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICAN SOCIETY FOR TESTING AND MATERIALS d/b/a/ ASTM INTERNATIONAL; <br><br> NATIONAL FIRE PROTECTION ASSOCIATION, INC.; and <br><br> AMERICAN SOCIETY OF HEATING, REFRIGERATING, AND AIR CONDITIONING ENGINEERS, <br><br>          Plaintiffs/ <br>          Counter-Defendants, <br> v. <br><br> PUBLIC.RESOURCE.ORG, INC., <br><br>          Defendant/ <br>          Counter-Plaintiff. | Case No. 1:13-cv-01215-TSC |

**PLAINTIFF AMERICAN SOCIETY FOR TESTING AND MATERIALS' SECOND SUPPLEMENTAL OBJECTIONS AND RESPONSES TO THIRD SET OF INTERROGATORIES**

Plaintiff/Counter-Defendant American Society for Testing and Materials ("ASTM") hereby objects, hereby supplements its answers and otherwise responds to the Third Set of Interrogatories (the "Interrogatories") of Defendant/Counter-Plaintiff Public.Resource.Org, Inc. ("Public Resource") as follows:

**PRELIMINARY STATEMENT**

1.     ASTM has reviewed the documents and information reasonably available to it. Discovery in this action is continuing and ASTM may learn of additional facts pertaining to the Interrogatories. Therefore, ASTM reserves the right to change, amend, or supplement its objections and responses at a later date. If further evidence is obtained which is not protected from discovery, ASTM reserves the right to present such evidence at the time of trial.

1

2.      ASTM's responses are made solely for purposes of this action, and not for purposes of any other action.  These responses are subject to all objections as to competence, relevance, materiality, propriety, admissibility, and any and all other objections and grounds that would require the exclusion of evidence disclosed herein if the evidence were produced and sought to be introduced into evidence in Court; all of which objections and grounds are specifically reserved, and may be interposed at the time of trial or other attempt to use one or more of these responses.

3.      ASTM's responses are made without in any way waiving or intending to waive, but on the contrary, preserving and intending to preserve, the following:

        a.      All questions of authenticity, relevance, materiality, privilege and admissibility as evidence for any purpose of the information provided which may arise in any subsequent proceeding in, or the trial of, this or any other action;

        b.      The right to object to the use of said information at any subsequent proceeding in, or the trial of, this or any other action, or any other grounds;

        c.      The right to object on any other ground at any time to other interrogatories or other disclosure involving said information or subject matter thereof; and

        d.      The right to make additions and/or amendments to these responses if further disclosure or investigation yields information called for in disclosure.

## GENERAL OBJECTIONS

The following General Objections apply to each and every separately-numbered Interrogatory and are incorporated by reference into each and every specific response as if set forth in full in each response.  From time to time, a specific response may repeat a General Objection for emphasis or some other reason.  The failure to repeat any General Objection in any

specific response shall not be interpreted as a waiver of any General Objection to that response.

1.      ASTM objects to each Interrogatory to the extent that the Interrogatory attempts or purports to call for the production of any information or documentation that is privileged, that was prepared in anticipation of litigation or for trial, that reveals communications between ASTM and its co-Plaintiffs and their legal counsel, that otherwise constitutes attorney work product, privileged attorney-client communication, or that is otherwise privileged or immune from discovery ("Privileged Materials").  No Privileged Materials will be produced, and pursuant to Federal Rule of Evidence 502(d), inadvertent production of privileged information by ASTM shall not constitute a waiver of any privilege.  Nor shall such inadvertent production or disclosure of Privileged Materials waive the right of ASTM to object to the use of any such information during this action or in any other subsequent proceeding.

2.      ASTM objects to these Interrogatories to the extent they purport to require ASTM to provide more information than the rules and laws of the court require in claiming attorney-client privilege, work product protection, or other privileges or protections.  ASTM will not produce or log privileged communications made between ASTM and its co-Plaintiffs or between ASTM and its outside counsel, or any documents protected by the work product or common interest doctrines after commencement of the Litigation.  All such communications or documents were intended to be confidential and privileged and they have been treated as such.  In light of the voluminous nature of such communications, including them in ASTM's privilege log would be unduly burdensome and disproportionate to the needs of the case.

3.      ASTM objects to Public Resource's definitions and instructions to the extent they are beyond the scope of the Federal Rules, the Local Rules, and the Orders of this Court.

4.      ASTM objects to Public Resource's Interrogatories to the extent they are overly

broad, unduly burdensome, or not relevant or not relevant to any party's claims, counterclaims, or defenses or the subject matter involved in the action.

5.     ASTM objects to the Interrogatories to the extent they seek documents or information that are not relevant or are disproportionate to the needs of the case.

6.     ASTM objects to the Interrogatories to the extent that they seek to impose obligations on ASTM that are unduly burdensome, especially to the extent they request documents or information that are already in the possession of Public Resource or are publicly available such that it could be derived or ascertained by Public Resource with substantially the same effort that would be required of ASTM.

7.     ASTM objects to the Interrogatories to the extent that they seek documents or information that are not limited to a relevant and reasonable period of time.

8.     ASTM objects to Public Resource's Interrogatories to the extent that they seek to require ASTM to provide information other than that which may be obtained through a reasonably diligent search of ASTM's corporate records.

9.     ASTM objects to each of the Interrogatories to the extent it does not describe the information sought with sufficient particularity and/or is vague, ambiguous, or unlimited in scope.

10.     ASTM objects to each and every Interrogatory, definition, and instruction to the extent that it calls for a legal conclusion.  Any response by ASTM shall not be construed as providing a legal conclusion regarding the meaning or application of any terms or phrases used in Public Resource's Interrogatories, definitions, or instructions.

11.     ASTM objects to each and every Interrogatory, definition, and instruction to the extent that it contains subparts or a compound, conjunctive, or disjunctive request.

12.     ASTM objects to each and every Interrogatory, definition, and instruction to the extent that it is speculative, lacks foundation, or improperly assumes the existence of hypothetical facts that are incorrect or unknown to ASTM.

13.     ASTM objects to the definition of "You," "Your" or "ASTM" on the grounds that it is vague, ambiguous, overbroad, and unduly burdensome to the extent these terms include any entity other than ASTM.

14.     ASTM objects to the definitions of "Work-At-Issue" "Works-at-Issue" and "ASTM Standards" on the grounds that they are overly broad and unduly burdensome to the extent they include standards about which ASTM has not asserted claims of infringement. ASTM will construe "Work-At-Issue" "Works-at-Issue" and "ASTM Standards" to include only those ASTM standards that are identified in Exhibit A to the Complaint.

15.     ASTM will make reasonable efforts to gather information and/or documents responsive to Public Resource's Interrogatories as they understand and interpret each Interrogatory, subject to and limited by the objections they may have to each Interrogatory, within their possession, custody or control, including those contained in these General Objections and all other objections made herein, as well as any limitations agreed to by the parties.  If Public Resource asserts an interpretation of any aspect of its Interrogatories different from that made by ASTM, ASTM reserves the right to supplement its objections and/or responses if such interpretations made by Public Resource are held to be the applicable interpretation.

16.     No express, incidental or implied admissions are intended by ASTM's responses and objections. The fact that ASTM agree to provide information and/or documents in response to a particular Interrogatory is not intended and shall not be construed as an admission that ASTM accepts or admits the existence of any such information and/or document set forth in or

assumed by such Interrogatory, or that any such information and/or document constitutes

admissible evidence. The fact that ASTM agrees to provide information and/or documents in

response to a particular Interrogatory is not intended and shall not be construed as a waiver by

ASTM of any part of any objection to such Interrogatory or any part of any general objection

made herein.

**OBJECTIONS AND RESPONSES TO INTERROGATORIES**

**INTERROGATORY NO. 14:**

For each standard-at-issue, identify each federal, state, or local law, statute, regulation, or

ordinance into which you are aware or believe that such standard-at-issue has been incorporated,

in whole or in part.

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 14:**

ASTM incorporates its General Objections as if fully set forth herein.  ASTM further

objects to this Interrogatory as cumulative and duplicative of Public Resource's previous

Interrogatory Nos. 1 and 2.  ASTM expressly incorporates its objections and responses to those

Interrogatories as if fully set forth herein.  ASTM further objects to this Interrogatory as overly

broad, unduly burdensome, and not proportional to the needs of this case as the requested

information is not within the scope of Public Resource's proposal to the Court for reopened

discovery and to the extent that this Interrogatory extends to laws, statutes, regulations, or

ordinances of jurisdictions outside the United States.  ASTM further objects to the vague,

undefined term "standards-at-issue."  ASTM will construe this term to include only those ASTM

standards that are identified in Exhibit A to the Complaint.  ASTM further objects to this

Interrogatory to the extent that it seeks information that is in the public domain, is more readily

available or equally available to Public Resource as it is to ASTM, or that could be derived or

6

ascertained by Public Resource with substantially the same effort that would be required of ASTM.

Subject to and without waiving the foregoing objections, ASTM states that the standards on which ASTM bases its current claims in this action are identified in Exhibit A to the Complaint. Regulations incorporating these standards by reference (in whole or in part) include, without limitation, those listed in the National Institute of Standards and Technology Standards Incorporated by Reference (SIBR) Database, available at www.nist.gov/standardsgov/what-we-do/federal-policy-standards/sibr.

**INTERROGATORY NO. 15:**

For each ASTM standard-at-issue, identify on an annual basis from 2006 to the present the sales (in units and in dollars) of that standard for each year, listing the sales corresponding to each standard separately.

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 15:**

ASTM incorporates its General Objections as if fully set forth herein. ASTM further objects to this Interrogatory as overly broad, unduly burdensome, and not proportional to the needs of this case to the extent that the requested documents are not within the scope of Public Resource's proposal to the Court for reopened discovery, including because that proposal contemplated providing only "data updated to the present day." ASTM will not produce pre-2014 sales data. ASTM further objects to the vague, undefined term "ASTM standard-at-issue." ASTM will construe this term to include only those ASTM standards that are identified in Exhibit A to the Complaint.

Subject to and without waiving the foregoing objections, ASTM refers Public Resource to ASTM003523–ASTM003630. ASTM further states that pursuant to Fed. R. Civ. P. 33(d), on

or before July 19, 2019, ASTM will produce a document containing summary information reflecting sales of the ASTM standards identified in Exhibit A to the Complaint from March 26, 2014 through present.

---

**FIRST SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 15**:

Subject to and without waiving the foregoing objections, ASTM directs Public Resource to ASTM103529.

---

**INTERROGATORY NO. 16:**

For each ASTM standard-at-issue, identify on an annual basis from 2006 to the present the number of individuals licensed to access each standard, listing the number of licensed individuals corresponding to each standard separately, but excluding ASTM Reading Room licenses.

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 16:**

ASTM incorporates its General Objections as if fully set forth herein. ASTM further objects to this Interrogatory as overly broad, unduly burdensome, not proportional to the needs of this case, and not relevant to any party's claims or defenses as the requested information does not bear on either issue—fair use and ownership—on which the Court reopened discovery, nor is it within the scope of Public Resource's proposal to the Court for reopened discovery. ASTM further objects to this Interrogatory as overly broad, unduly burdensome, and not proportional to the needs of this case to the extent that it seeks information prior to the filing of the Complaint on August 6, 2013. ASTM further objects to the vague, undefined term "ASTM standard-at-issue." ASTM will construe this term to include only those ASTM standards that are identified in Exhibit A to the Complaint. ASTM also objects to this Interrogatory as cumulative and duplicative of Interrogatory No. 15 above.

Subject to and without waiving the foregoing objections, ASTM refers Public Resource to ASTM003523–ASTM003630.  ASTM further states that pursuant to Fed. R. Civ. P. 33(d), on or before July 19, 2019, ASTM will produce (1) a document containing summary information reflecting sales of the ASTM standards identified in Exhibit A to the Complaint from March 26, 2014 through present; and (2) a document containing summary information regarding enterprise licenses to the ASTM standards identified in Exhibit A to the Complaint.

**FIRST SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 16**:

Subject to and without waiving the foregoing objections, ASTM directs Public Resource to ASTM103529 and ASTM103368 through ASTM103526.

**INTERROGATORY NO. 17:**

For each ASTM standard-at-issue, identify on an annual basis from 2006 to the present the number of times that standard was viewed or accessed on the ASTM Reading Room, listing the views or accesses corresponding to each standard separately.

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 17:**

ASTM incorporates its General Objections as if fully set forth herein.  ASTM also objects to this Interrogatory as cumulative and duplicative of Public Resource's Interrogatory No. 11.  ASTM expressly incorporates its objections and responses to that Interrogatory as if fully set forth herein.  ASTM further objects to this Interrogatory as overly broad, unduly burdensome, and not proportional to the needs of this case to the extent that the requested documents are not within the scope of Public Resource's proposal to the Court for reopened discovery as that proposal contemplated providing only "data updated to the present day." ASTM further objects to this Interrogatory on the ground that the undefined terms "viewed" and "accessed" are overly broad, unduly burdensome, and not proportional to the needs of this case.

ASTM further objects to the vague, undefined term "ASTM standard-at-issue."  ASTM will construe this term to include only those ASTM standards that are identified in Exhibit A to the Complaint.

Subject to and without waiving the foregoing objections, ASTM states that ASTM opened its reading room in 2012.  Pursuant to Fed. R. Civ. P. 33(d), on or before July 19, 2019, ASTM will produce a document containing summary information identifying the number of times the ASTM standards identified in Exhibit A to the Complaint have been accessed via ASTM's reading room since 2012.

**FIRST SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 17**:

   Subject to and without waiving the foregoing objections, ASTM directs Public Resource to ASTM103528.

**INTERROGATORY NO. 18:**

Identify with specificity all instances where you are aware of an individual, entity, business, or organization using a standard obtained from the Public.Resource.Org website or Internet Archive website.

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 18:**

ASTM incorporates its General Objections as if fully set forth herein.  ASTM further objects to this Interrogatory as overly broad, unduly burdensome, and not proportional to the needs of this case as the requested information is not within the scope of Public Resource's proposal to the Court for reopened discovery.  ASTM further objects to this Interrogatory on the ground that it seeks information that is in the public domain, is more readily available or equally available to Public Resource as it is to ASTM, or that could be derived or ascertained by Public Resource with substantially the same effort that would be required of ASTM.  ASTM further

objects to the vague, undefined term "standard."  ASTM will construe this term to include only those ASTM standards that are identified in Exhibit A to the Complaint.

Subject to and without waiving the foregoing objections, ASTM directs Public Resource to documents produced in response to RFP No. 46 as well as to PRO's own document productions, including PRO_00232651.

**FIRST SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 18**:

Subject to and without waiving the foregoing objections, ASTM directs Public Resource to PRO's own document productions, including PRO_00232651.

**SECOND SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 18**:

Subject to and without waiving the foregoing objections, ASTM directs Public Resource to PRO_00232651.  ASTM further directs Public Resource to the website scribd.com—which is equally available to Public Resource and ASTM.  A search for the term "ASTM" on scribed.com reveals multiple ASTM standards that were originally posted to the Internet by Public Resource, including without limitation the documents located at www.scribd.com/document/201446858/astm-f1155-1998, www.scribd.com/document/322545138/astm-d4268-1993, www.scribd.com/document/118896344/astm-a381, and www.scribd.com/document/284559768/astm-d86-2007.

ASTM further states that the evidence indicates that thousands of people accessed ASTM standards on the Public Resource website and on Internet Archive.  However, ASTM cannot identify those individuals with specificity, as Public Resource and Internet Archive did not produce information specifically identifying those individuals despite ASTM's discovery

requests seeking that information.

**INTERROGATORY NO. 19:**

Identify each joint author of each of the ASTM standards-at-issue, listing each standard separately along with its corresponding authors.

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 19:**

ASTM incorporates its General Objections as if fully set forth herein.  ASTM further objects to this Interrogatory to the extent that it calls for a legal conclusion.  ASTM further objects to the vague, undefined term "ASTM standards-at-issue." ASTM will construe this term to include only those ASTM standards that are identified in Exhibit A to the Complaint.

Subject to and without waiving the foregoing objections, ASTM states that ASTM authored and owns the copyrights to each of the ASTM standards that are identified in Exhibit A to the Complaint.  There are no joint authors of the ASTM standards that are identified in Exhibit A to the Complaint.

**INTERROGATORY NO. 20:**

For each portion of each standard-at-issue that you assert is not necessary to reproduce verbatim in order to describe fairly the standard's legal import or instructions, describe with specificity the bases for such assertion and all supporting evidence.

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 20:**

ASTM incorporates its General Objections as if fully set forth herein.  ASTM further objects to this Interrogatory to the extent that it requires a legal conclusion.  ASTM further objects to the vague, undefined term "standard-at-issue." ASTM will construe "standard-at-issue" to include only those ASTM standards that are identified in Exhibit A to the Complaint. ASTM further objects to this Interrogatory as overly broad, unduly burdensome, and not

proportional to the needs of this case to the extent it asks ASTM to catalog every aspect of every standard that need not be produced verbatim—i.e., to the extent it asks ASTM to disprove what Public Resource bears the burden of proving; fair use is an affirmative defense, and ASTM should not be required to—and cannot—identify which portions of the law must be reproduced verbatim until Public Resource identifies the laws that it alleges make reproduction necessary.

Subject to and without waiving the foregoing objections, ASTM states that there is no need for Defendant to reproduce verbatim any portion of any of the ASTM standards identified in Exhibit A to the Complaint to fairly describe the standards' legal import or instructions because each of the standards at issue is available in its entirety for free through ASTM's reading room and otherwise reasonably available to the public.  In addition, ASTM states that there are many ways to paraphrase or summarize elements of the ASTM standards identified in Exhibit A to the Complaint, and none of the ASTM standards identified in Exhibit A to the Complaint need to be reproduced in full, verbatim.

For example, ASTM D86-07 (Standard Test Method for Distillation of Petroleum Products at Atmospheric Pressure) could be paraphrased, rather than reproduced verbatim.  By way of illustration only (and not intended to be exhaustive):

- The "Scope" section of ASTM D86-07 does not need to be reproduced verbatim (or at all) because the relevant regulation (C.F.R. 1065.710) already provides the parameters for using ASTM D86-07.

- The "Referenced Documents" section ASTM D86-07 does not need to be reproduced verbatim (or at all) because it merely serves as an index of all standards referenced in the body of ASTM D86-07 and therefore has no bearing on a regulated entity's comprehension of any legal obligation imposed by ASTM D86-07.

- The "Summary of Test Method" section of ASTM D86-07 does not need to be reproduced verbatim (or at all) because it is "a brief outline of the test method . . . without the details that are a necessary part of the complete statement of procedure" and therefore cannot be required for any regulated entity to understand or satisfy its legal obligations.

- The "Significance and Use" section of ASTM D86-07 does not need to be reproduced verbatim (or at all) because the incorporating authority already frames the significance and use of the test.  This section also discusses the history of the relevant test method; a regulated entity need not be aware of the history behind the subject test in order to abide by its prescribed procedures.

- The "Apparatus" section of ASTM D86-07 contains figures that serve only to clarify or supplement the text of this section and thus do not need to be reproduced in their entirety (or at all). In particular, Figures 1, 2, and 5 merely provide examples of acceptable apparatuses; they do not show the required apparatus.

- The "Procedure" section of ASTM D86-07 also includes two figures that serve only explanatory functions (Fig. 5 and 6).  Therefore, these figures do not need to be copied in their entirety (or at all).

- The "Report" section of ASTM D86-07 does not need to be reproduced verbatim (or at all); access to this section is irrelevant to the regulated entities, unless they have a legal obligation to report their findings rather than to merely ensure their findings fall within certain value ranges.

- The "Keywords" section of ASTM D86-07 does not need to be reproduced verbatim (or at all); these keywords are only used for preparing the ASTM Subject Index and have no bearing on a regulated entity's ability to understand any legal obligations set forth in

14

ASTM D86-07.

- The body of ASTM D86-07 contains 23 notes and 8 footnotes.  Notes and footnotes contain explanatory material not required for understanding or implementing the subject test method and thus do not need to be reproduced verbatim (or at all).

- ASTM D86-07 also includes a five-section Appendix containing explanatory information not mandatory to the subject test-method.  As such, access to the Appendix is not required for a regulated entity to understand or meet its legal obligations.

**INTERROGATORY NO. 21:**

Identify with specificity all evidence that Public Resource's actions have harmed the potential market for or value of your standards.

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 21:**

ASTM incorporates its General Objections as if fully set forth herein.  ASTM further objects to this Interrogatory as overly broad, unduly burdensome, and not proportional to the needs of this case as the requested information is not within the scope of Public Resource's proposal to the Court for reopened discovery.  ASTM further objects to this Interrogatory on the ground that it calls for an expert opinion.  ASTM further objects to the vague, undefined term "standards."  ASTM will construe this term to include only those ASTM standards that are identified in Exhibit A to the Complaint.

Subject to and without waiving the foregoing objections, ASTM states that evidence of economic harm from Public Resource's actions includes, without limitation, publicly available information regarding Public Resource's activities and posting and information described in the Expert Report of John C. Jarosz dated June 5, 2015.

**INTERROGATORY NO. 22:**

15

Identify with specificity all errors or omissions that you are aware of in the versions of your standards that Public Resource has posted on its website or on the Internet Archive website.

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 22:**

ASTM incorporates the General Objections as if fully set forth herein.  ASTM further objects to this Interrogatory as overly broad, unduly burdensome, and not proportional to the needs of this case as the requested documents do not bear on either issue—fair use and ownership—on which the Court reopened discovery, nor are they within the scope of Public Resource's proposal to the Court for reopened discovery.  ASTM further objects to the vague, undefined term "standards."  ASTM will construe this term to include only those ASTM standards that are identified in Exhibit A to the Complaint.

Subject to and without waiving the foregoing objections, ASTM states that errors that have appeared in the standards-at-issue of which ASTM is aware include those discussed in the following:  C. Malamud Dep. (Feb. 27, 2015) at 127:4-139:8, 147:19-148:1; Exhibits 63 and 64 to C. Malamud Dep.  Additionally, evidence of the high likelihood of errors given PRO's methods includes the discussion in the following:  HTC Dep. at 36:12-37:19, 105:16-106:11; Fruchterman Dep. at 184:21-185:11.  In light of the foregoing, there are almost certainly additional errors in the ASTM standards posted by Public Resource, and Public Resource is equally capable of identifying those errors.

**INTERROGATORY NO. 23:**

Identify all evidence of members of the public, including consumers of your standards, being confused by Public Resource's reproduction or posting of your standards.

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 23:**

ASTM incorporates its General Objections as if fully set forth herein.  ASTM further

objects to this Interrogatory as overly broad, unduly burdensome, and not proportional to the needs of this case as the requested documents do not bear on either issue—fair use and ownership—on which the Court reopened discovery, nor are they within the scope of Public Resource's proposal to the Court for reopened discovery.  ASTM further objects to this Interrogatory to the extent that it seeks information that is in the public domain, is more readily available or equally available to Public Resource as it is to ASTM, or that could be derived or ascertained by Public Resource with substantially the same effort that would be required of ASTM.  ASTM further objects to this Interrogatory to the extent that it requires a legal conclusion.  ASTM further objects to the vague, undefined term "standards."  ASTM will construe "standards" to include only those ASTM standards that are identified in Exhibit A to the Complaint.

Subject to and without waiving the foregoing objections, ASTM directs Public Resource to documents produced in response to RFP No. 47.

**FIRST SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 23**:

Subject to and without waiving the foregoing objections, ASTM states that it is not aware of members of the public who were confused by Public Resource's reproduction or posting of the ASTM standards that are identified in Exhibit A to the Complaint, which is unsurprising given that evidence of actual confusion is notoriously difficult to obtain in trademark cases (and, for this reason, evidence of actual confusion is not a prerequisite to a finding of likelihood of confusion).

Dated: September 9, 2019        **FOR THE OBJECTIONS**

*/s/ J. Kevin Fee*
J. Kevin Fee (D.C. Bar: 494016)
Jane Wise (D.C. Bar: 1027769)
Morgan, Lewis & Bockius LLP
1111 Pennsylvania Ave., N.W.
Washington, D.C. 20004
Telephone: 202.739.5353
Email: kevin.fee@morganlewis.com
       jane.wise@morganlewis.com

*Counsel for American Society For Testing And Materials*
*d/b/a/ ASTM International*

18

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing Plaintiff American Society for Testing and Materials' Second Supplemental Objections and Responses to Third Set of Interrogatories was served this 24th day of September, 2019 via email upon the following:

*Counsel for National Fire Protection Association, Inc.*

Rose L. Ehler (Rose.Ehler@mto.com)
Kelly M. Klaus (Kelly.Klaus@mto.com)
Rachel G. Miller-Ziegler (Rachel.Miller-Ziegler@mto.com)

*Counsel for American Society of Heating, Refrigerating, and Air Conditioning Engineers*

Jeffrey S. Bucholtz (jbucholtz@kslaw.com)
J. Blake Cunningham (bcunningham@kslaw.com)
Kenneth L. Steinthal (ksteinthal@kslaw.com)

*Counsel for Public.Resource.Org, Inc.*

Matthew B. Becker (mbecker@fenwick.com)
Andrew P. Bridges (abridges@fenwick.com)
David Halperin (davidhalperindc@gmail.com)
Corynne McSherry (corynne@eff.org)
Mitchell Stoltz (mitch@eff.org)

*/s/ Kathryn A. Feiereisel*
                Kathryn A. Feiereisel