# EXHIBIT 54

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| AMERICAN SOCIETY FOR TESTING AND MATERIALS d/b/a/ ASTM INTERNATIONAL;<br><br>NATIONAL FIRE PROTECTION ASSOCIATION, INC.; and<br><br>AMERICAN SOCIETY OF HEATING, REFRIGERATING, AND AIR CONDITIONING ENGINEERS,<br><br>Plaintiffs/ Counter-Defendants,<br><br>v.<br><br>PUBLIC.RESOURCE.ORG, INC.,<br><br>Defendant/ Counter-Plaintiff. | Case No. 1:13-cv-01215-EGS |

**PLAINTIFF AMERICAN SOCIETY FOR TESTING AND MATERIALS' OBJECTIONS AND RESPONSES TO FIRST SET OF INTERROGATORIES**

Plaintiff/Counter-Defendant American Society for Testing and Materials ("ASTM") hereby objects, answers and otherwise responses to the First Set of Interrogatories (the "Interrogatories") of Defendant/Counter-Plaintiff Public.Resource.Org, Inc. ("Public Resource) as follows:

**PRELIMINARY STATEMENT**

1. This litigation is in its early stages. As such, in preparing these responses, ASTM has reviewed the documents and information reasonably available to it. Discovery in this action is continuing and ASTM may learn of additional facts pertaining to the Interrogatories. Therefore, ASTM reserves the right to change, amend, or supplement its objections and responses at a later date. If further evidence is obtained which is not protected from discovery, ASTM reserves the right to present such evidence at the time of trial.

2.      ASTM's responses are made solely for purposes of this action, and not for purposes of any other action.  These responses are subject to all objections as to competence, relevance, materiality, propriety, admissibility, and any and all other objections and grounds that would require the exclusion of evidence disclosed herein if the evidence were produced and sought to be introduced into evidence in Court; all of which objections and grounds are specifically reserved, and may be interposed at the time of trial or other attempt to use one or more of these responses.

3.      ASTM's responses are made without in any way waiving or intending to waive, but on the contrary, preserving and intending to preserve, the following:

a.      All questions of authenticity, relevance, materiality, privilege and admissibility as evidence for any purpose of the information provided which may arise in any subsequent proceeding in, or the trial of, this or any other action;

b.      The right to object to the use of said information at any subsequent proceeding in, or the trial of, this or any other action, or any other grounds;

c.      The right to object on any other ground at any time to other interrogatories or other disclosure involving said information or subject matter thereof; and

d.      The right to make additions and/or amendments to these responses if further disclosure or investigation yields information called for in disclosure.

## GENERAL OBJECTIONS

The following General Objections apply to each and every separately-numbered Interrogatory and are incorporated by reference into each and every specific response as if set forth in full in each response.  From time to time, a specific response may repeat a General Objection for emphasis or some other reason.  The failure to repeat any General Objection in any specific response shall not be interpreted as a waiver of any General Objection to that response.

1. ASTM objects to each Interrogatory to the extent that the Interrogatory attempts or purports to call for the production of any information or documentation that is privileged, that was prepared in anticipation of litigation or for trial, that reveals communications between ASTM and its co-Plaintiffs and their legal counsel, that otherwise constitutes attorney work product, privileged attorney-client communication, or that is otherwise privileged or immune from discovery. Inadvertent disclosure of any such information or documentation is not intended to and shall not constitute a waiver of any privilege or any other ground for objecting to discovery with respect to such information, or with respect to the subject matter thereof. Nor shall such inadvertent production or disclosure waive the right of ASTM to object to the use of any such information during this action or in any other subsequent proceeding.

2. ASTM objects to these Interrogatories, definitions, and instructions to the extent that they seek information or documents that include confidential, business proprietary information, trade secrets or other confidential research, development, financial or commercial information of ASTM. No such confidential or proprietary information will be produced until an appropriate protective order is in place.

3. ASTM objects to Public Resource's definitions and instructions to the extent they are beyond the scope of the Federal Rules, the Local Rules, and the Orders of this Court.

4. ASTM objects to Public Resource's Interrogatories to the extent they are overly broad, unduly burdensome, or not relevant or likely to lead to any relevant evidence as to any party's claims, counterclaims, or defenses or the subject matter involved in the action.

5. ASTM objects to the Interrogatories to the extent they seek documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

6. ASTM objects to the Interrogatories to the extent that they seek to impose obligations on ASTM that are unduly burdensome, especially to the extent they request information

that is already in the possession of Public Resource or is publicly available such that it could be derived or ascertained by Public Resource with substantially the same effort that would be required of ASTM.

7.     ASTM objects to the Interrogatories to the extent that they seek information that is not limited to a relevant and reasonable period of time.

8.     ASTM objects to Public Resource's Interrogatories to the extent that they seek to require ASTM to provide documentation other than that which may be obtained through a reasonably diligent search of ASTM's corporate records.

9.     ASTM objects to each of the Interrogatories to the extent it does not describe the information sought with sufficient particularity and/or is vague, ambiguous, or unlimited in scope.

10.     ASTM objects to each and every Interrogatory, definition, and instruction to the extent that it calls for a legal conclusion.  Any response by ASTM shall not be construed as providing a legal conclusion regarding the meaning or application of any terms or phrases used in Public Resource's Interrogatories, definitions, or instructions.

11.     ASTM objects to each and every Interrogatory, definition, and instruction to the extent that it contains subparts or a compound, conjunctive, or disjunctive request.

12.     ASTM objects to each and every Interrogatory, definition, and instruction to the extent that it is speculative, lacks foundation, or improperly assumes the existence of hypothetical facts that are incorrect or unknown to ASTM.

13.     ASTM objects to each and every Interrogatory to the extent that it requests ASTM to identify "all" facts, or "every" fact, responsive to the particular Interrogatory.  Discovery is ongoing, and the facts identified in ASTM's responses are exemplary, not exhaustive.

14.     ASTM objects to the definition of "You," "Your" or "ASTM" on the grounds that it is vague, ambiguous, overbroad, and unduly burdensome to the extent these terms include any entity other than ASTM.

15.     ASTM objects to the definition of "Standard" as overbroad and unduly burdensome to the extent it includes standards that were not developed by ASTM and about which ASTM has not asserted a claim of infringement.

16.     ASTM objects to the definition of "Incorporated Standard" as overbroad and unduly burdensome to the extent it includes standards that have been incorporated into law by any jurisdiction outside the United States.  ASTM will construe "Incorporated Standard" as referring to any standard that a jurisdiction within the United States has incorporated into law, including through incorporation by reference.

17.     ASTM objects to the definition of "Promoted" as vague and ambiguous and overbroad and unduly burdensome to the extent it exceeds the commonly understood definition of the term.  ASTM will respond to Interrogatories with the term "Promoted" based on the ordinary meaning of the term.

18.     ASTM objects to the definition of "Publication" as vague and ambiguous and overbroad and unduly burdensome to the extent it exceeds the commonly understood definition of the term.  ASTM will respond to Interrogatories with the term "Publication" based on the ordinary meaning of the term.

19.     ASTM objects to the definition of "Access" as vague and ambiguous and overbroad and unduly burdensome to the extent it exceeds the commonly understood definition of the term.  ASTM will respond to Interrogatories with the term "Access" based on the ordinary meaning of the term.

20.     ASTM objects to the definition of "Legal Authority" as vague and ambiguous and overbroad and unduly burdensome.  ASTM will define "Legal Authority" to mean statutes, regulations or ordinances of government entities within the United States of America.

21.     ASTM objects to the definition of "Standards Process" as vague and ambiguous and overbroad and unduly burdensome.  ASTM will respond to Interrogatories with the phrase "Standards Process" by defining the term to mean the developing, creating, drafting, revising and editing of a Standard.

22.     ASTM objects to the definition of "Contribution" as vague and ambiguous and overbroad and unduly burdensome.  ASTM will respond to Interrogatories with the term "Contribution" by defining the term to mean the provision of assistance, advice, or labor.

23.     ASTM objects to the definitions of the terms "Identify" and "Identity" as overbroad and unduly burdensome to the extent they require ASTM to provide (a)  the home address and all former titles and the period of time the person held each title for any natural person; (b) to state, for business organizations, "the identity of all persons affiliated with the organization who have knowledge of the matter with respect to which it is named in an interrogatory answer;" (c) insofar as it purports to require ASTM to state "the documentary or testimonial evidence" with regard to any fact or circumstance and "the Persons with knowledge of the fact or circumstance," and (d) insofar as it purports to require ASTM, "when referring to advertising or promotion . . . to provide dates; medium; product, service, or feature being advertised or promoted; location (physical address; social media or World Wide Web site; print periodical page number; or analogous identifier); number of impressions, and cost."

24.     ASTM will make reasonable efforts to gather information responsive to Public Resource's Interrogatories as they understand and interpret each Interrogatory, subject to and limited by the objections they may have to each Interrogatory, within their possession, custody or

control, including those contained in these General Objections and all other objections made herein, as well as any limitations agreed to by the parties. If Public Resource asserts an interpretation of any aspect of its Interrogatories different from that made by ASTM, ASTM reserves the right to supplement its objections and/or responses if such interpretations made by Public Resource are held to be the applicable interpretation.

25. No express, incidental or implied admissions are intended by ASTM's responses and objections. The fact that ASTM agree to provide information and/or documents in response to a particular Interrogatory is not intended and shall not be construed as an admission that ASTM accepts or admits the existence of any such information and/or document set forth in or assumed by such Interrogatory, or that any such information and/or document constitutes admissible evidence. The fact that ASTM agrees to provide information and/or documents in response to a particular Interrogatory is not intended and shall not be construed as a waiver by ASTM of any part of any objection to such Interrogatory or any part of any general objection made herein.

**INTERROGATORIES**

**INTERROGATORY 1:**

Identify all Standards that you know or believe to have been incorporated, in whole or in part, either expressly or by reference, in any Legal Authority.

**RESPONSE TO INTERROGATORY NO. 1:**

ASTM incorporates the General Objections as if fully set forth herein. ASTM objects to this Interrogatory on the ground that it is overly broad and unduly burdensome, insofar as it seeks information concerning "all Standards," without regard to whether the Standard was developed by ASTM and without regard to whether ASTM has asserted a claim of infringement in connection with the Standard. ASTM further objects to this Interrogatory on the ground that "Legal Authority" is vague and ambiguous and overly broad and unduly burdensome. In responding to

this Interrogatory, ASTM will construe "Legal Authority" to refer to statutes, regulations, and ordinances of government entities within the United States of America. ASTM further objects to this Interrogatory on the ground that the term "Identify" is overly broad and unduly burdensome. ASTM also objects to this Interrogatory on the ground that it seeks information that is in the public domain, is equally available to Public Resource as it is to ASTM, or that could be derived or ascertained by Public Resource with substantially the same effort that would be required for ASTM.

Subject to and without waiving the foregoing objections, attached as Exhibit A is a list of the ASTM standards in connection with which ASTM asserted claims for infringement that ASTM has reason to believe are incorporated by reference by a Legal Authority.

**INTERROGATORY 2:**

Identify every Legal Authority that you know or believe to have incorporated, in whole or in part, either expressly or by reference, any part of any Standard in which you claim rights.

**RESPONSE TO INTERROGATORY NO. 2:**

ASTM incorporates the General Objections as if fully set forth herein. ASTM objects to this Interrogatory on the ground that it is overly broad and unduly burdensome, insofar as it seeks information concerning any Standard in which ASTM claims rights without regard to whether ASTM has asserted a claim of infringement in connection with the Standard. ASTM further objects to this Interrogatory on the ground that "Legal Authority" is vague and ambiguous and overly broad and unduly burdensome. In responding to this Interrogatory, ASTM will construe "Legal Authority" to refer to statutes, regulations, and ordinances of government entities within the United States of America. ASTM further objects to this Interrogatory on the ground that the term "Identify" is overly broad and unduly burdensome. ASTM also objects to this Interrogatory on the ground that it seeks information that is generally available to the public, is equally available

to Public Resource as it is to ASTM, or that could be derived or ascertained by Public Resource with substantially the same effort that would be required for ASTM. ASTM further objects to this Interrogatory on the ground that it calls for legal conclusions.

Subject to and without waiving the foregoing objections, ASTM responds that ASTM does not keep track of all the Legal Authorities that have incorporated by reference ASTM's standards. The National Institute of Standards and Technology purports to maintain a database of all standards that are referenced in the Code of Federal Regulations, which is available to the public at https://standards.gov/sibr/query/index.cfm?fuseaction=home.main.

**INTERROGATORY 3:**

Identify all Persons who participated in the Standards Process of any Standard in which you claim rights.

**RESPONSE TO INTERROGATORY NO. 3:**

ASTM incorporates the General Objections as if fully set forth herein. ASTM objects to this Interrogatory on the ground that it is overly broad and unduly burdensome, insofar as it seeks information concerning any Standard in which ASTM claims rights, without regard to whether ASTM has asserted a claim of infringement in connection with the Standard and would require ASTM to identify every person who played any role in the development, creation, drafting, revision, editing, transmission, publication, distribution, display, or dissemination of hundreds of different standards over the course of many decades. ASTM further objects to this Interrogatory as vague and ambiguous with respect to the meaning of the term "participated." ASTM further objects to this Interrogatory on the ground that the term "Identify" is overly broad and unduly burdensome. ASTM further objects that identification of the thousands of individuals who fall within the scope of this Interrogatory is not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the foregoing objections, ASTM responds that ASTM's standard development process potentially includes individuals from the following categories: ASTM subcommittee and technical committee members, other ASTM members, members of the ASTM Committee on Standards, members of the ASTM Committee on Technical Committee Operations, the ASTM Board of Directors, ASTM staff, and the general public.  ASTM members include individuals from a variety of trades, disciplines, and industries, including manufacturers, retailers, consumers, representatives from government agencies, academics, and researchers.  The voting membership of each ASTM Technical Committee is constituted to include a balance of relevant interests.  For example, producers or sellers of materials, products, systems or services covered within the scope of a given committee or subcommittee cannot exceed more than 50 percent of the voting membership of that committee or subcommittee.  ASTM staff also participates in the process of editing and publishing ASTM standards.

Pursuant to Fed. R. Civ. P. 33(d), ASTM will produce documents from which the identities of individuals who were involved in the development and creation of certain ASTM standards that ASTM alleges were infringed may be derived or ascertained.

**INTERROGATORY 4:**

Identify all communications in which You, or anyone acting on Your behalf, Promoted the incorporation of any of Standard, in whole or in part, either expressly or by reference, in any Legal Authority.

**RESPONSE TO INTERROGATORY NO. 4:**

ASTM incorporates the General Objections as if fully set forth herein.  ASTM objects to this Interrogatory on the ground that it is overly broad and unduly burdensome to the extent that it asks for ASTM to identify communications made by any person or entity other than ASTM.  ASTM further objects to this Interrogatory as unintelligible with respect to the phrase "the incorporation of

any of Standard", and will construe that phrase as "the incorporation of any Standard."  ASTM

further objects to this Interrogatory as overly broad and unduly burdensome insofar as it seeks

information concerning any Standard, without regard to whether the Standard was developed by

ASTM and without regard to whether ASTM has asserted a claim of infringement in connection

with the Standard.  ASTM further objects to this Interrogatory on the ground that the terms "Legal

Authority," "Promoted," and "Identify" are overly broad and unduly burdensome.  In responding to

this Interrogatory, ASTM will construe "Legal Authority" to refer to statutes, regulations, and

ordinances of government entities within the United States of America.  In responding to this

Interrogatory, ASTM will define "Promoted" based on the ordinary meaning of the term.  ASTM

further objects to the undefined term "communications" as vague and ambiguous.

Subject to and without waiving the foregoing objections, ASTM responds that ASTM does

not actively promote the incorporation of its standards in laws by any U.S. government entity.

Indeed, ASTM is aware of the incorporation by reference of less than 10 percent of ASTM's

standards by the federal government.  While it does not actively promote incorporation by

reference, ASTM notifies its members and members of the public, which includes members of U.S.

government entities, about its standards in several different ways.  ASTM issues press releases

regarding some of its newly published standards.  ASTM also has a Standard Tracker program that

allows members of the public to request to receive a notification when a new standard has been

published by a specific committee or subcommittee.  Consistent with the National Technology

Transfer and Advancement Act's requirement that the federal government use privately developed

or adopted technical standards where possible, representatives of the federal government sometimes

contact ASTM or members of ASTM committees to ask if ASTM has developed standards related

to specific topics, in which case ASTM will respond to such requests.  At the request of a

government employee or ASTM member, ASTM employees may inform representatives of a

federal agency that ASTM has developed a particular standard that relates to a topic that may be of interest to that agency. Additionally, if a federal agency has indicated an intention to incorporate by reference an outdated ASTM standard, a member of the relevant ASTM technical committee may also submit a comment to the proposed rulemaking to notify the agency that the committee has approved a more recent version of the standard.

**INTERROGATORY 5:**

Identify all Contributions that any Persons made to the Standards Process of Your Standards.

**RESPONSE TO INTERROGATORY NO. 5:**

ASTM incorporates the General Objections as if fully set forth herein. ASTM objects to this Interrogatory as overly broad and unduly burdensome insofar as it seeks information concerning all ASTM Standards, without regard to whether ASTM asserted a claim of infringement in connection with the Standard. ASTM further objects to this Interrogatory as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence on the ground that the terms "Contributions" and "Standards Process", as defined by Public Resource and used in this Interrogatory, would require ASTM to identify every instance where any person offered any assistance, advice, financial support, labor, effort, or expenditure of time in connection with the development, creation, drafting, revision, editing, transmission, publication, distribution, display, or dissemination of hundreds of different ASTM standards over the course of many decades. ASTM will construe "Standards Process" to mean the developing, creating, drafting, revision and editing of a Standard. ASTM will construe "Contribution" to mean the provision of assistance, advice, or labor. ASTM further objects to this Interrogatory on the ground that the term "Identify" is overly broad and unduly burdensome.

Subject to and without waiving the foregoing objections, ASTM responds that ASTM publishes regulations, rules, and bylaws describing the actors who are involved in ASTM's standards development process. *See, e.g.,* http://www.astm.org/COMMIT/newcommit.html (collecting bylaws and regulations). Those documents are publicly available and speak for themselves. As described in those documents, there are several stages to the ASTM standards development process.

The process of developing each ASTM standard begins when an individual submits a work item request, which either requests the development of a new standard or a revision or amendment of an existing ASTM standard. The chair or sub-chair of the relevant ASTM committee may approve or deny the work item request or the subcommittee may be asked to approve the work item at a meeting or via letter ballot. If approved, the person who submitted the work item request normally becomes the task group chairperson. Other volunteers join with the task group chairperson to formulate the initial draft of the ASTM standard or revision.

Once the ASTM task group has drafted the work item and it has been reviewed and edited by ASTM staff, the ASTM task group requests a ballot, and circulates a draft document to all members of the relevant subcommittee for voting. Members of the ASTM subcommittee have an opportunity to provide input on the draft standard, including through submitting negative votes which must be resolved individually. If approved by the ASTM subcommittee, the draft standard is sent to the main ASTM committee, where all main members have an opportunity to vote on the item and submit negative votes (which must be resolved individually). While on main committee ballot, the draft item is concurrently open for peer review of the Society, where all ASTM members have an opportunity to submit negative votes (which must be resolved individually). All standards actions, including new standards as well as revisions, withdrawals and reapprovals of existing standards, must be approved by at least 66.7 percent of the voting subcommittee members

and 90% of the voting main committee members (excluding abstentions), with not less than 60 percent of the voting members returning ballots. Members of the public also have the opportunity to submit comments at any point in the process. Finally, the Committee on Standards, which is made up of nine ASTM members who are appointed by the Board of Directors, ensures that all ASTM processes and procedures were followed, in which case it approves the standard or revision for publication.

To the extent that ASTM has retained them, pursuant to Fed. R. Civ. P. 33(d), ASTM will produce documents from which it will be possible to derive or ascertain the involvement of individuals in the development and creation of the ASTM standards at issue in this litigation.

**INTERROGATORY 6:**

Identify all means by which the general public may Access Incorporated Standards in which you claim rights.

**RESPONSE TO INTERROGATORY NO. 6:**

ASTM incorporates the General Objections as if fully set forth herein. ASTM objects to this Interrogatory as overly broad and unduly burdensome insofar as it seeks information concerning all ASTM Standards, without regard to whether ASTM asserted a claim of infringement in connection with the Standard. ASTM further objects to this Interrogatory on the ground that the term "general public" is vague and ambiguous. ASTM further objects to this Interrogatory as overly broad and unduly burdensome insofar as it includes Standards that have been incorporated by reference by jurisdictions outside of the United States, and insofar as it extends to "Access" by individuals outside the United States. ASTM will define "Access" based on the ordinary meaning of the term. ASTM further objects to this Interrogatory on the ground that the term "Identify" is overly broad and unduly burdensome.

Subject to and without waiving the foregoing objections, ASTM responds that there are many ways in which interested members of the public may access ASTM standards. These include, but are not limited to, the following: First, the standards may be purchased from ASTM or one of its authorized resellers. ASTM publishes its standards in a variety of hard copy and digital formats. For example, members of the public may purchase printed copies of a standard in book form or they may purchase an electronic ".pdf" file of the standard. The cost of purchasing ASTM standards is reasonable. The cost of purchasing most ASTM standards is between $25 and $35 and the most expensive ASTM standard costs $71. Upon request, ASTM has made copies of some of its standards available at reduced rates or even at no cost to individuals or groups who have demonstrated that they have a need to use the standard and cannot afford the normal fee.

Second, jurisdictions that have incorporated ASTM standards by reference frequently make copies of those standards available for access by the public at no cost. For example, the Code of Federal Regulations states that any materials incorporated by reference at the federal level must be "reasonably available to and usable by the class of persons affected by the publication." 1 C.F.R. § 51.7(a)(4). In particular, the Office of the Federal Register and the relevant agency each must maintain a hard copy of any material incorporated by reference that is available for public inspection. *See* 1 C.F.R. §§ 5.2, 51.9(b)(4). State and local jurisdictions frequently have similar requirements that copies of standards incorporated by reference must be made available for inspection in government offices or designated depository libraries.

Third, members of the public may obtain copies of ASTM standards in a variety of other ways, including, but not limited to, through their employers, trade associations, contractors, local governments, or libraries.

Additionally, ASTM offers read-only access to standards that it is aware have been incorporated by reference into federal regulations on the reading room on the ASTM website.

This access allows any member of the public to view the standards without cost.  Similarly, when a federal agency proposes to incorporate by reference an ASTM standard in rulemaking, ASTM works with the relevant agency to provide the public with read-only access to the standard at no cost during the public comment period.

**INTERROGATORY 7:**

Identify all communications by You to the general public to identify or explain the means by which the general public may Access Incorporated Standards in which You claim rights.

**RESPONSE TO INTERROGATORY NO. 7:**

ASTM incorporates the General Objections as if fully set forth herein.  ASTM further objects to this Interrogatory on the ground that it is overly broad and unduly burdensome to the extent that it asks for ASTM to identify communications made by any person or entity other than ASTM.  ASTM further objects to this Interrogatory as overly broad and unduly burdensome insofar as it seeks information concerning all ASTM Standards, without regard to whether ASTM asserted a claim of infringement in connection with the Standard.  ASTM further objects to this Interrogatory on the ground that the undefined term "general public" is vague and ambiguous. ASTM further objects to this Interrogatory as overly broad and unduly burdensome insofar as it includes Standards that have been incorporated by reference by jurisdictions outside of the United States, and insofar as it extend to "Access" by individuals outside the United States.  ASTM will define "Access" based on the ordinary meaning of the term.  ASTM further objects to the undefined term "communications" as vague and ambiguous.  ASTM further objects to this Interrogatory on the ground that the term "Identify" is overly broad and unduly burdensome.

Subject to and without waiving the foregoing objections, ASTM responds that it has a marketing department that advertises and promotes all ASTM publications and products, including through brochures and mailings sent to past purchasers of particular standards.  ASTM also has

several resellers who advertise and promote the sale of ASTM's standards. Further, ASTM maintains a website through which members of the public can purchase ASTM standards and view copies of the ASTM standards posted in the reading room at no cost.

Dated: March 24, 2014

**FOR THE OBJECTIONS**

Respectfully submitted:

/s/ Michael Clayton

Michael F. Clayton (D.C. Bar: 335307)
J. Kevin Fee (D.C. Bar: 494016)
Jordana S. Rubel (D.C. Bar: 988423)
Morgan, Lewis & Bockius LLP
1111 Pennsylvania Ave., N.W.
Washington, D.C. 20004
Telephone: 202.739.5215
Email: mclayton@morganlewis.com
jkfee@morganlewis.com
jrubel@morganlewis.com

*Counsel For American Society For Testing And Materials d/b/a/ ASTM International*

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing ASTM's Objections and Responses to Public Resource's First Set of Interrogatories was served this 24 day of March, 2014 via email upon the following:

*Counsel for National Fire Protection Association, Inc.*

Anjan Choudhury (Anjan.Choudhury@mto.com)
Kelly M. Klaus (Kelly.Klaus@mto.com)
Jonathan H. Blavin (Jonathan.Blavin@mto.com)
Michael J. Mongan (Michael.Mongan@mto.com)

*Counsel for American Society of Heating, Refrigerating, and Air Conditioning Engineers*

Jeffrey S. Buckholtz (jbuckholtz@kslaw.com)
Kenneth L. Steinthal (ksteinthal@kslaw.com)
Joseph R. Wetzel (jwetzel@kslaw.com)
Andrew Zee (azee@kslaw.com)

*Counsel for Public.Resource.Org, Inc.*

Andrew Bridges (abridges@fenwick.com)
Kathleen Lu (klu@fenwick.com)
David Halperin (davidhalperindc@gmail.com)
Mitchell L. Stoltz (mitch@eff.org)
Corynne McSherry (corynne@eff.org)
Joseph Gratz (jgratz@durietangri.com)
Mark Lemley (mlemley@durietangri.com)

/s/ Jordana Rubel
Jordana Rubel

# EXHIBIT A

| Designation | Edition | Title | Copyright Registration Number |
|---|---|---|---|
| ASTM A36 | 1977ae | Standard Specification for Structural Steel | TX 464-573 |
| ASTM A36/A36M | 1997ae1 | Standard Specification for Carbon Structural Steel | TX 4-873-764 |
| ASTM A82 | 1979 | Standard Specification for Cold-Drawn Steel Wire for Concrete Reinforcement | TX 464-573 |
| ASTM A184 | 1979 | Standard Specification for Fabricated Deformed Steel Bar Mats for Concrete Reinforcement | TX 464-573 |
| ASTM A185 | 1979 | Standard Specification for Welded Steel Wire Fabric for Concrete Reinforcement | TX 464-573 |
| ASTM A203/A 203M | 1997 | Standard Specification for Pressure Vessel Plates, Alloy Steel, Nickel | TX 4-654-921 |
| ASTM A242 | 1979 | Standard Specification for High-Strength Low-Alloy Structural Steel | TX 464-573 |
| ASTM A285 | 1978 | Standard Specification for Pressure Vessel Plates, Carbon Steel, Low- and Intermediate-Tensile Strength | TX 464-573 |
| ASTM A325 | 1979 | Standard Specification for High-Strength Bolts for Structural Steel Joints | TX 464-573 |
| ASTM A333/A 333M | 1994 | Standard Specification for Seamless and Welded Steel Pipe for Low-Temperature Service | TX 4-083-251 |
| ASTM A369/A 369M | 1992 | Standard Specification for Carbon and Ferritic Alloy Steel Forged and Bored Pipe for High-Temperature Service | TX 4-083-251 |
| ASTM A441 | 1979 | Standard Specification for High-Strength Low-Alloy Structural Manganese Vanadium Steel | TX 464-573 |
| ASTM A449 | 1978a | Standard Specification for Quenched and Tempered Steel Bolts and Studs | TX 464-573 |
| ASTM A475 | 1978(1984)e 1 | Standard Specification for Zinc-Coated Steel Wire Strand | TX 464-574 |
| ASTM A490 | 1979 | Standard Specification for Quenched and Tempered Alloy Steel Bolts for Structural Steel Joints | TX 464-573 |
| ASTM A496 | 1978 | Standard Specification for Deformed Steel Wire for Concrete Reinforcement | TX 464-573 |
| ASTM A497 | 1979 | Standard Specification for Welded Deformed Steel Wire Fabric for Concrete Reinforcement | TX 464-573 |
| ASTM A500 | 1978 | Standard Specification for Cold-Formed Welded and Seamless Carbon Steel Structural Tubing in Rounds and Shapes | TX 464-573 |
| ASTM A501 | 1976 | Standard Specification for Hot-Formed Welded and Seamless Carbon Steel Structural Tubing | TX 464-573 |
| ASTM A502 | 1976 | Standard Specification for Steel Structural Rivets | TX 464-573 |
| ASTM A514 | 1977 | Standard Specification for High-Yield Strength, Quenched and Tempered Alloy Steel Plate, Suitable for Welding | TX 464-573 |

| ASTM A516/A 516M | 1990(1996)e1 | Standard Specification for Pressure Vessel Plates, Carbon Steel, for Moderate and Lower-Temperature Service | TX 4-654-921 |
|---|---|---|---|
| ASTM A522/A 522M | 1995b | Standard Specification for Forged or Rolled 8 and 9 % Nickel Alloy Steel Flanges, Fittings, Valves, and Parts for Low-Temperature Service | TX 4-179-992 |
| ASTM A520 | 1972(1985) | Standard Specification for Supplementary Requirements for Seamless and Electric-Resistance-Welded Carbon Steel Tubular Products for High-Temperature Service Conforming to ISO Recommendations For Boiler Construction | TX 1-798-078 |
| ASTM A529 | 1975 | Standard Specification for Structural Steel with 42,000PSI (290 Mpa) Minimum Yield Point (1/2 in. (12.7 mm) Maximum Thickness | TX 464-573 |
| ASTM A570 | 1979 | Standard Specification for Hot-Rolled Carbon Steel Sheet and Strip, Structural Quality | TX 464-573 |
| ASTM A572 | 1979 | Standard Specification for High-Strength Low-Alloy Columbium-Vanadium Steels of Structural Quality | TX 464-573 |
| ASTM A588 | 1979a | Standard Specification for High-Strength Low-Alloy Structural Steel with 50, 000 psi Minimum Yield Point to 4 in. Thick | TX 464-573 |
| ASTM A611 | 1972(1979) | Standard Specification for Steel, Cold-rolled Sheet, Carbon, Structural | TX 464-573 |
| ASTM A615 | 1979 | Standard Specification for Deformed and Plain Billet-Steel Bars for Concrete Reinforcement | TX 464-573 |
| ASTM A616 | 1979 | Standard Specification for Rail-Steel Deformed and Plain Bars for Concrete Reinforcement | TX 464-573 |
| ASTM A617 | 1979 | Standard Specification for Axle-Steel Deformed and Plain Bars for Concrete Reinforcement | TX 464-573 |
| ASTM A618 | 1974 | Standard Specification for Hot-Formed Welded and Seamless High-Strength Low-Alloy Structural Tubing | TX 464-573 |
| ASTM A633 | 1979a | Standard Specification for Normalized High-Strength Low Alloy Structural Steel | TX 464-573 |
| ASTM B16 | 1992 | Standard Specification for Free-Cutting Brass Rod, Bar and Shapes for Use in Screw Machines | TX 3-614-178 |
| ASTM B21 | 1996 | Standard Specification for Naval Brass Rod, Bar, and Shapes | TX 4-497-885 |
| ASTM B42 | 1996 | Standard Specification for Seamless Copper Pipe, Standard Sizes | TX 4-497-885 |
| ASTM B68 | 1995 | Standard Specification for Seamless Copper Tube, Bright Annealed | TX 4-243-005 |

| | | | |
|---|---|---|---|
| ASTM B75 | 1997 | Standard Specification for Seamless Copper Tube | TX 4-737-834 |
| ASTM B88 | 1996 | Standard Specification for Seamless Copper Water Tube | TX 4-497-885 |
| ASTM B96 | 1993 | Standard Specification for Copper-Silicon Alloy Plate, Sheet, Strip, and Rolled Bar for General Purposes and Pressure Vessels | TX 3-883-920 |
| ASTM B111 | 1995 | Standard Specification for Copper and Copper-Alloy Seamless Condenser Tubes and Ferrule Stock | TX 4-243-005 |
| ASTM B122/B 122M | 1995 | Standard Specification for Copper-Nickel-Tin Alloy, Copper-Nickel-Zinc Alloy (Nickel Silver), and Copper-Nickel Alloy Plate, Sheet, Strip and Rolled Bar | TX 4-243-005 |
| ASTM B124 | 1996 | Standard Specification for Copper and Copper-Alloy Forging Rod, Bar, and Shapes | TX 4-497-885 |
| ASTM B152 | 1997a | Standard Specification for Copper Sheet, Strip, Plate, and Rolled Bar | TX 4-737-834 |
| ASTM B193 | 1987 | Standard Test Method for Resistivity of Electrical Conductor Materials | TX 2-348-166 |
| ASTM B209 | 1996 | Standard Specification for Aluminum and Aluminum Alloy Sheet and Plate | TX 4-475-108 |
| ASTM B224 | 1980e 1 | Standard Classification of Coppers | TX 1-228-879 |
| ASTM B280 | 1997 | Standard Specification for Seamless Copper Tube for Air Conditioning and Refrigeration Field Service | TX 4-497-885 |
| ASTM B283 | 1996 | Standard Specification for Copper and Copper-Alloy Die Forgings (Hot-Pressed) | TX 4-497-885 |
| ASTM B315 | 1993 | Standard Specification for Seamless Copper Alloy Pipe and Tube | TX 4-243-005 |
| ASTM B557 | 1984 | Standard Methods of Tension Testing Wrought and Cast Aluminum and Magnesium-Alloy Products | TX 1-689-871 |
| ASTM B580 | 1979 | Standard Specification for Anodized Oxide Coatings on Aluminum | TX 534-160 |
| ASTM B694 | 1986 | Standard Specification for Copper, Copper Alloy, and Copper-Clad Stainless Steel Sheet and Strip for Electrical Cable Shielding | TX 2-110-040 |
| ASTM B858 | 1995 | Standard Test Method for Determination of Susceptibility to Stress Corrosion Cracking in Copper Alloys Using an Ammonia Vapor Test | TX 4-243-005 |
| ASTM C5 | 1979(1997) | Standard Specification for Quicklime for Structural Purposes | TX 4-787-636 |
| ASTM C150 | 1999a | Standard Specification for Portland Cement | TX 7-685-927 |

| | | | |
|---|---|---|---|
| ASTM C177 | 1997 | Standard Test Method for Steady-State Heat Flux Measurements and Thermal Transmission Properties by Means of the Guarded Hot-Plate Apparatus | TX 4-811-646 |
| ASTM C236 | 1989(1993)e 1 | Standard Test Method for Steady-State Thermal Performance of Building Assemblies by Means of a Guarded Hot Box | TX 3-972-350 |
| ASTM C509 | 1984 | Standard Specification for Cellular Elastomeric Preformed Gasket and Sealing Material | TX 2-210-202 |
| ASTM C516 | 1980(1996)e 1 | Standard Specification for Vermiculite Loose Fill Thermal Insulation | TX 4-571-119 |
| ASTM C518 | 1991 | Standard Test Method for Steady-State Heat Flux Measurements and Thermal Transmission Properties by Means of the Heat Flow Meter Apparatus | TX 3-278-409 |
| ASTM C549 | 1981(1995)e 1 | Standard Specification for Perlite Loose Fill Insulation | TX 4-584-449 |
| ASTM C720 | 1989(1994)e 1 | Standard Specification for Spray Applied Fibrous Insulation for Elevated Temperature | TX 4-391-188 |
| ASTM D86 | 2007(a) | Standard Test Method for Distillation of Petroleum Products at Atmospheric Pressure | TX 7-685-941 |
| ASTM D129 | 1995 | Standard Test Method for Sulfur in Petroleum Products (General Bomb Method) | TX 4-862-934 |
| ASTM D257 | 1991 | Standard Test Method for DC Resistance of Conductance of Insulating Materials | TX 3-506-922 |
| ASTM D287 | 1992(1995) | Standard Test Method for API Gravity of Crude Petroleum and Petroleum Products (Hydrometer Method) | TX 4-623-459 |
| ASTM D323 | 1958(1968) | Standard Test Method for Vapor Pressure of Petroleum Products (Reid Method) | |
| ASTM D388 | 1998a | Standard Classification of Coals by Rank | TX 4-951-524 |
| ASTM D396 | 1998 | Standard Specification for Fuel Oils | TX 4-862-934 |
| ASTM D413 | 1982(1993)e 1 | Standard Test Method for Rubber Property--Adhesion to Flexible Substrate | TX 4-320-184 |
| ASTM D512 | 1989(1999) | Standard Test Methods for Chloride Ion In Water | TX 5-785-473 |
| ASTM D611 | 1982(1998) | Standard Test Methods for Aniline Point and Mixed Aniline Point of Petroleum Products and Hydrocarbon Solvents | TX 4-862-934 |
| ASTM D665 | 1998e 1 | Standard Test Method for Rust-Preventing Characteristics of Inhibited Mineral Oil in the Presence of Water | TX 4-862-934 |
| ASTM D814 | 1995 | Standard Test Method for Rubber Property--Vapor Transmission of Volatile Liquids | TX 4-320-184 |
| ASTM D975 | 1998b | Standard Specification for Diesel Fuel Oils | TX 4-862-934 |
| ASTM D975 | 2007(b) | Standard Specification for Diesel Fuel Oils | TX 7-685-915 |

| | | | |
|---|---|---|---|
| ASTM D976 | 1991(1995)e 1 | Standard Test Methods for Calculated Cetane Index of Distillate Fuels | TX 4-623-459 |
| ASTM D1072 | 1990(1994)e 1 | Standard Test Method for Total Sulfur in Fuel Gases | TX 4-768-933 |
| ASTM D1193 | 1977(1983) | Standard Specification for Reagent Water | TX 1-374-250 |
| ASTM D1217 | 1993(1998) | Standard Test Method for Density and Relative Density (Specific Gravity) of Liquids by Bingham Pycnometer | TX 4-862-934 |
| ASTM D1253 | 1986(1996) | Standard Test Method for Residual Chlorine in Water | TX 5-345-022 |
| ASTM D1266 | 1998 | Standard Test Method for Sulfur in Petroleum Products (Lamp Method) | TX 4-862-934 |
| ASTM D1298 | 1999 | Standard Test Method for Density, Relative Density (Specific Gravity), or API Gravity of Crude Petroleum and Liquid Petroleum Products by Hydrometer Method | TX 5-071-596 |
| ASTM D1335 | 1967(1972) | Standard Method of Test for Tuft Bind of Pile Floor Coverings | TX 626-132 |
| ASTM D1412 | 1993(1997) | Standard Test Method for Equilibrium Moisture of Coal at 96 to 97 Percent Relative Humidity and 30 Degrees Celsius | TX 4-768-933 |
| ASTM D1415 | 1988(1994) | Standard Practice for Rubber Property- International Hardness | TX 4-320-184 |
| ASTM D1480 | 1993(1997) | Standard Test Method for Density and Relative Density (Specific Gravity) of Viscous Materials by Bingham Pycnometer | TX 4-623-459 |
| ASTM D1481 | 1993(1997) | Standard Test Method for Density and Relative Density (Specific Gravity) of Viscous Materials by Lipkin Bicapillary Pycnometer | TX 4-623-459 |
| ASTM D1518 | 1985(1998)e1 | Standard Test Method for Thermal Transmittance of Textile Materials | TX 2-469-775 |
| ASTM D1535 | 1989 | Standard Test Method for Specifying Color by the Munsell System | TX 4-898-491 |
| ASTM D1552 | 1995 | Standard Test Method for Sulfur in Petroleum Products (High-Temperature Method) | TX 4-623-459 |
| ASTM D1687 | 1992(1996) | Standard Test Methods for Chromium in Water | TX 5-345-022 |
| ASTM D1688 | 1995 | Standard Test Methods for Copper in Water | TX 5-345-022 |
| ASTM D1835 | 1997 | Standard Specification for Liquefied Petroleum (LP) Gases | TX 4-623-459 |
| ASTM D1890 | 1996 | Standard Test Method for Beta Particle Radioactivity of Water | TX 5-369-432 |
| ASTM D1943 | 1996 | Standard Test Method for Alpha Particle Radioactivity of Water | TX 5-369-432 |
| ASTM D1945 | 1996 | Standard Test Method for Analysis of Natural Gas By Gas Chromatography | TX 4-768-933 |

| | | | |
|---|---|---|---|
| ASTM D1946 | 1990(1994)e 1 | Standard Practice for Analysis of Reformed Gas by Gas Chromatography | TX 4-768-933 |
| ASTM D2013 | 1986(1994) | Standard Method of Preparing Coal Samples for Analysis | TX 4-768-933 |
| ASTM D2015 | 1996 | Standard Test Method for Gross Calorific Value of Coal and Coke by the Adiabatic Bomb Calorimeter | TX 4-768-933 |
| ASTM D2036 | 1998 | Standard Test Method for Cyanides in Water | TX 5-369-432 |
| ASTM D2163 | 1991(1996) | Standard Test Method for Analysis of Liquefied Petroleum (LP) Gases and Propane Concentrates by Gas Chromatography | TX 4-623-459 |
| ASTM D2216 | 1998 | Standard Test Method for Laboratory Determination of Water (Moisture) Content of Soil and Rock by Mass | TX 5-929-602 |
| ASTM D2234 | 1998 | Standard Practice for Collection of a Gross Sample of Coal | TX 4-951-524 |
| ASTM D2247 | 1968(1973) | Standard Method for Testing Coated Metal Specimans at 100 Percent Relative Humidity | TX 648-346 |
| ASTM D2460 | 1997 | Standard Test Method for Alpha-Particle-Emitting Isotopes of Radium in Water | TX 5-369-432 |
| ASTM D2502 | 1992(1996) | Standard Test Method for Estimation of Molecular Weight (Relative Molecular Mass) of Petroleum Oils from Viscosity Measurements | TX 4-623-459 |
| ASTM D2503 | 1992(1997) | Standard Test Method for Relative Molecular Mass (Molecular Weight) of Hydrocarbons by Thermoelectric Measurement of Vapor Pressure | TX 4-623-459 |
| ASTM D2505 | 1988(1998) | Standard Test Method for Ethylene, Other Hydrocarbons, and Carbon Dioxide in High-Purity Ethylene by Gas Chromatography | TX 4-862-934 |
| ASTM D2597 | 1994(1999) | Standard Test Method for Analysis of Demethanized Hydrocarbon Liquid Mixtures Containing Nitrogen and Carbon Dioxide by Gas Chromatography | TX 5-071-596 |
| ASTM D2724 | 1987(1995) | Standard Test Methods for Bonded, Fused, and Laminated Apparel Fabrics | TX 5-435-937 |
| ASTM D2777 | 1998 | Standard Practice for Determination of Precision and Bias of Applicable Test Methods of Committee D-19 on Water | TX 5-345-022 |
| ASTM D2879 | 1997 | Standard Test Method for Vapor Pressure-Temperature Relationship and Initial Decomposition Temperature of Liquids by Isoteniscope | TX 5-345-022 |
| ASTM D2908 | 1974 | Standard Recommended Practice for Measuring Volatile Organic Matter in Water by Aqueous-Injection Gas Chromatography | TX 534-158 |

| ASTM D2986 | 1995a(1999) | Standard Practice for Evaluation of Air, Assay Media by the Monodisperse DOP (Dioctyl Phthalate) Smoke Test | TX 5-202-199 |
|---|---|---|---|
| ASTM D3173 | 1987(1996) | Standard Test Method for Moisture in the Analysis Sample of Coal and Coke | TX 4-951-524 |
| ASTM D3176 | 1989(1997) | Standard Practice for Ultimate Analysis of Coal and Coke | TX 4-951-524 |
| ASTM D3177 | 1989(1997) | Standard Test Methods for Total Sulfur in the Analysis Sample of Coal and Coke | TX 4-951-524 |
| ASTM D3178 | 1989(1997) | Standard Test Methods for Carbon and Hydrogen in the Analysis Sample of Coal and Coke | TX 4-951-524 |
| ASTM D3236 | 1988(1999) | Standard Test Method for Apparent Viscosity of Hot Metal Adhesives and Coating Materials | TX 5-071-596 |
| ASTM D3246 | 1996 | Standard Test Method for Sulfur in Petroleum Gas by Oxidative Microcoulometry | TX 5-071-596 |
| ASTM D3286 | 1996 | Standard Test Method for Gross Calorific Value of Coal and Coke by the Isoperibol Bomb Calorimeter | TX 4-951-524 |
| ASTM D3371 | 1995 | Standard Test Method for Nitriles in Aqueous Solution by Gas-Liquid Chromatography | TX 4-257-410 |
| ASTM D3454 | 1997 | Standard Test Method for Radium-226 in Water | TX 5-369-432 |
| ASTM D3588 | 1998 | Standard Practice for Calculating Heat Value, Compressibility Factor, and Relative Density of Gaseous Fuels | TX 4-951-524 |
| ASTM D3697 | 1992(1996) | Standard Test Method for Antimony in Water | TX 4-257-533 |
| ASTM D4057 | 1995e 1 | Standard Practice for Manual Sampling of Petroleum and Petroleum Products | TX 4-622-434 |
| ASTM D4084 | 1994 | Standard Test Method for Analysis of Hydrogen Sulfide in Gaseous Fuels (Lead Acetate Reaction Rate Method) | TX 4-768-933 |
| ASTM D4177 | 1995 | Standard Practice for Automatic Sampling of Petroleum and Petroleum Products | TX 4-622-434 |
| ASTM D4239 | 1997e 1 | Standard Test Methods for Sulfur in the Analysis Sample of Coal and Coke Using High Temperature Tube Furnace Combustion Methods | TX 4-951-524 |
| ASTM D4268 | 1993 | Standard Test Method for Testing Fiber Ropes | TX 5-435-937 |
| ASTM D4294 | 1998 | Standard Test Method for Sulfur in Petroleum and Petroleum Products by Energy-Dispersive X-Ray Fluorescence Spectrometry | TX 4-898-490 |
| ASTM D4329 | 1999 | Standard Practice for Fluorescent UV Exposure of Plastics | TX 5-996-821 |
| ASTM D4420 | 1994 | Standard Test Method for Determination of Aromatics in Finished Gasoline by Gas Chromatography | TX 4-622-434 |

| | | | |
|---|---|---|---|
| ASTM D4809 | 1995 | Standard Test Method for Heat of Combustion of Liquid Hydrocarbon Fuels by Bomb Calorimeter (Precision Method) | TX 4-622-434 |
| ASTM D4891 | 1989(1994)E 1 | Standard Test Method for Heating Value of Gases in Natural Gas Range by Stoichiometric Combustion | TX 4-951-524 |
| ASTM D4986 | 1998 | Standard Test Method for Horizontal Burning Characteristics of Cellular Polymeric Materials | TX 5-570-786 |
| ASTM D5257 | 1997 | Standard Test Method for Dissolved Hexavalent Chromium in Water by Ion Chromatography | TX 5-345-022 |
| ASTM D5489 | 1996a | Standard Guide for Care Symbols for Care Instructions Textile Products | TX 4-394-571 |
| ASTM D5673 | 1996 | Standard Test Method for Elements in Water by Inductively Coupled Plasma- Mass Spectrometry | TX 5-369-432 |
| ASTM D5865 | 1998a | Standard Test Method for Gross Calorific Value of Coal and Coke | TX 4-951-524 |
| ASTM D6216 | 1998 | Standard Practice for Opacity Monitor Manufacturers to Certify Conformance with Design and Performance Specifications | TX 5-202-199 |
| ASTM D6228 | 1998 | Standard Test Method for Determination of Sulfur Compounds in Natural Gas and Gaseous Fuels by Gas Chromatography and Flame Photometric Detection | TX 4-951-524 |
| ASTM D6420 | 1999 | Standard Test Method for Determination of Gaseous Organic Compounds by Direct Interface Gas Chromatography-Mass Spectrometry | TX 5-202-199 |
| ASTM D6503 | 1999 | Standard Test Method for Enterococci in Water Using Enterolert | TX 5-369-432 |
| ASTM E11 | 1995 | Standard Specification for Wire Cloth and Sieves for Testing Purposes | TX 5-135-299 |
| ASTM E29 | 1993a | Standard Practice for Using Significant Digits in Test Data to Determine Conformance with Specifications | TX 4-143-803 |
| ASTM E29 | 1990 | Standard Practice for Using Significant Digits in Test Data to Determine Conformance with Specifications | TX 3-460-670 |
| ASTM E72 | 1980 | Standard Methods of Conducting Strength Tests of Panels for Building Construction | TX 3-972-350 |
| ASTM E96 | 1995 | Standard Test Methods for Water Vapor Transmission of Materials | TX 4-391-188 |
| ASTM E145 | 1994e 1 | Standard Specification for Gravity-Convection and Forced- Ventilation Ovens | TX 4-952-491 |
| ASTM E154 | 1968(1979)e 1 | Standard Methods of Testing Materials for Use as Vapor Barriers Under Concrete Slabs and as Ground Cover in Crawl Spaces | TX 2-210-197 |

| | | | |
|---|---|---|---|
| ASTM E168 | 1988 | Standard Practices for General Techniques of Infrared Quantitative Analysis | TX 3-211-547 |
| ASTM E169 | 1987 | Standard Practices for General Techniques of Ultraviolet-Visible Quantitative Analysis | TX 3-211-547 |
| ASTM E185 | 1982 | Standard Practice for Conducting Surveillance Tests for Light-Water Cooled Nuclear Power Reactor Vessels | TX 1-210-036 |
| ASTM E260 | 1996 | Standard Practice for Packed Column Gas Chromatography | TX 5-202-197 |
| ASTM E283 | 1991(1999) | Standard Test Method for Determining Rate of Air Leakage Through Exterior Windows, Curtain Walls, and Doors Under Specified Pressure Differences Across the Specimen | TX 5-202-198 |
| ASTM E408 | 1971 | Standard Methods of Test for Total Normal Emittance of Surfaces Using Inspection-Meter Techniques | TX 565-130 |
| ASTM E424 | 1971 | Standard Methods of Test for Solar Energy Transmittance and Reflectance (Terrestrial) of Sheet Materials | TX 565-130 |
| ASTM E606 | 1980 | Standard Recommended Practice for Constant-Amplitude Low-Cycle Fatigue Testing | TX 1-187-015 |
| ASTM E681 | 1985 | Standard Test Method for Concentration Limits of Flammability of Chemicals | TX 2-794-050 |
| ASTM E695 | 1979(1997)e 1 | Standard Method of Measuring Relative Resistance of Wall, Floor, and Roof Construction to Impact Loading | TX 5-641-809 |
| ASTM E711 | 1987(1992) | Standard Test Method for Gross Calorific Value of Refuse-Derived Fuel by the Bomb Calorimeter | TX 3-689-742 |
| ASTM E773 | 1997 | Standard Test Method for Accelerated Weathering of Sealed Insulating Glass Units | TX 5-202-198 |
| ASTM E774 | 1997 | Standard Specifications for the Classification of the Durability of Sealed Insulating Glass Units | TX 5-202-198 |
| ASTM E775 | 1987(1992) | Standard Test Methods for Total Sulfur in the Analysis Sample of Refuse-Derived Fuel | TX 3-689-742 |
| ASTM E776 | 1987(1992) | Standard Test Method for Forms of Chlorine in Refuse-Derived Fuel | TX 3-689-742 |
| ASTM E885 | 1988 | Standard Test Methods for Analyses of Metals in Refuse-Derived Fuel by Atomic Absorption Spectroscopy | TX 3-689-742 |
| ASTM E1337 | 1990(1996) | Standard Test Method for Determining Longitudinal Peak Braking Coefficient of Paved Surfaces Using a Standard Reference Test Tire | TX 5-369-425 |
| ASTM E1625 | 1994 | Standard Test Method for Determining Biodegradability of Organic Chemicals in Semi-Continuous Activated Sludge (SCAS) | TX 4-780-430 |

| | | | |
|---|---|---|---|
| ASTM E1719 | 1997 | Standard Test Method for Vapor Pressure of Liquids by Ebulliometry | TX 4-755-309 |
| ASTM F462 | 1979(1999) | Standard Consumer Safety Specification for Slip-Resistant Bathing Facilities | TX 5-641-808 |
| ASTM F478 | 1992(1999) | Standard Specification for In-Service Care of Insulating Line Hose and Covers | TX 5-139-661 |
| ASTM F631 | 1980(1985) | Standard Method for Testing Full Scale Advancing Spill Removal Devices | TX 4-780-430 |
| ASTM F631 | 1993 | Standard Guide for Collecting Skimmer Performance Data in Controlled Environments | TX 4-780-430 |
| ASTM F682 | 1982a(1988) | Standard Specification for Wrought Carbon Steel Sleeve-Type Pipe Couplings | TX 3-278-410 |
| ASTM F715 | 1995 | Standard Test Methods for Coated Fabrics Used for Oil Spill Control and Storage | TX 4-780-430 |
| ASTM F722 | 1982(1988) | Standard Specification for Welded Joints for Shipboard Piping Systems | TX 3-278-410 |
| ASTM F808 | 1983(1988)e 1 | Standard Guide for Collecting Skimmer Performance Data in Uncontrolled Environments | TX 3-689-742 |
| ASTM F1003 | 1986(1992) | Standard Specification for Searchlights on Motor Lifeboats | TX 4-862-629 |
| ASTM F1006 | 1986(1997) | Standard Specification for Entrainment Separators for Use in Marine Piping Applications | TX 4-862-629 |
| ASTM F1007 | 1986(1996)e 1 | Standard Specification for Pipe-Line Expansion Joints of the Packed Slip Type for Marine Application | TX 4-862-629 |
| ASTM F1014 | 1992 | Standard Specification for Flashlights on Vessels | TX 4-862-629 |
| ASTM F1020 | 1986(1996)e 1 | Standard Specification for Line-Blind Valves for Marine Applications | TX 4-862-629 |
| ASTM F1120 | 1987(1998) | Standard Specification for Circular Metallic Bellows Type Expansion Joints for Piping Applications | TX 4-862-629 |
| ASTM F1121 | 1987(1998) | Standard Specification for International Shore Connections for Marine Fire Applications | TX 4-862-629 |
| ASTM F1122 | 1987(1998) | Standard Specification for Quick Disconnect Couplings | TX 4-862-629 |
| ASTM F1123 | 1987(1998) | Standard Specification for Non-Metallic Expansion Joints | TX 4-862-629 |
| ASTM F1139 | 1988(1998) | Standard Specification for Steam Traps and Drains | TX 4-862-629 |
| ASTM F1155 | 1998 | Standard Practice for Selection and Application of Piping System Materials | TX 4-862-629 |
| ASTM F1172 | 1988(1998) | Standard Specification for Fuel Oil Meters of the Volumetric Positive Displacement Type | TX 4-862-629 |
| ASTM F1173 | 1995 | Standard Specification for Thermosetting Resin Fiberglass Pipe and Fittings to be Used for Marine Applications | TX 4-862-629 |

| ASTM F1199 | 1988(1998) | Standard Specification for Cast (All Temperatures and Pressures) and Welded Pipe Line Strainers (150 psig and 150 Degrees F Maximum) | TX 4-862-629 |
|---|---|---|---|
| ASTM F1200 | 1988(1998) | Standard Specification for Fabricated (Welded) Pipe Line Strainers (Above 150 psig and 150°F) | TX 4-862-629 |
| ASTM F1201 | 1988(1998) | Standard Specification for Fluid Conditioner Fittings in Piping Applications Above Zero Degrees F | TX 4-862-629 |
| ASTM F1271 | 1990(1995)e 1 | Standard Specification for Impact Attenuation of Surfacing Materials Within the Use Zone of Playground Equipment | TX 4-862-629 |
| ASTM F1273 | 1991(1996)e 1 | Standard Specification for Tank Vent Flame Arresters | TX 4-862-629 |
| ASTM F1321 | 1992 | Standard Guide for Conducting a Stability Test (Lightweight Survey and Inclining Experiment) to Determine Light Ship Displacement and Centers of Gravity of a Vessel | TX 4-862-629 |
| ASTM F1471 | 1993 | Standard Test Method for Air Cleaning Performance of a High-Efficiency Particulate Air-Filter System | TX 3-936-504 |
| ASTM F1546/F 1546M | 1996 | Standard Specification for Fire Hose Nozzles | TX 4-862-629 |
| ASTM F1548 | 1994 | Standard Specification for the Performance of Fittings for Use with Gasketed Mechanical Couplings Used in Piping Applications | TX 4-862-629 |
| ASTM F1951 | 1999 | Standard Specification for Determination of Accessibility of Surface Systems Under and Around Playground Equipment | TX 5-641-808 |
| ASTM G21 | 1990 | Standard Practice for Determining Resistance of Synthetic Polymeric Materials to Fungi | TX 4-143-803 |
| ASTM G151 | 1997 | Standard Practice for Exposing Nonmetallic Materials in Accelerated Test Devices that Use Laboratory Light Sources | TX 4-755-309 |
| ASTM G154 | 2000a | Standard Practice for Operating Fluorescent Light Apparatus for UV Exposure of Nonmetallic Materials | TX 4-952-491 |
| ASTM F747 | 1997 | Standard Terminology Relating to Amusement Rides and Devices | TX 5-641-808 |
| ASTM F1193 | 2006 | Standard Practice for Quality, Manufacture, and Construction of Amusement Rides and Devices | TX 7-685-943 |
| ASTM F1950 | 1999 | Standard Specification for Physical Information to be Transferred With Used Amusement Rides and Devices | TX 5-641-808 |
| ASTM F1957 | 1999 | Standard Test Method for Composite Foam Hardness Durometer Hardness | TX 5-641-808 |