# EXHIBIT 93

Defendant's Name: Max Cardin Harris
PFN: DSM428
CEN: 7819388
CEPD REPORT #16FRE0833

## DECLARATION IN SUPPORT OF PROBABLE CAUSE

THE UNDERSIGNED HEREBY DECLARES:

1. That she is an INSPECTOR with the Alameda County District Attorney's Office, Oakland, California.

2. That the contents of this declaration, provides probable cause to believe the above-named defendant committed the following offenses:

    b.) PC 192(b)

3. I declare under information and belief that the following is true and correct:

On December 2nd 2016, a fire took place at a warehouse commonly known as the Ghost Ship, located at 1309 31st Avenue. The warehouse was the venue for a music event that night and approximately 100 people were in attendance. The fire started on the first floor in the northwest corner of the warehouse at approximately 11:20 PM. As a result of the fire, thirty-six (36) individuals died from smoke inhalation. Because the building was largely consumed in the fire, the exact cause is classified as undetermined.

Derick Ion Almena was the lease holder for the entire property at 1309 31st Avenue. Almena took possession in November 2013. The term of the lease was from November 11, 2013 until November 30, 2018. The area where the warehouse was located was zoned for light industrial and its permitted use was as a warehouse, according to City of Oakland planning building and fire codes. Neither the terms of the lease nor the local statutes permitted the warehouse to be used as a residence. After taking possession, Almena and his family moved into the warehouse in violation of the lease, the Oakland Municipal code and the California Fire Safety code. Almena began to sublet space inside the warehouse, allowing individuals to live inside the warehouse. Residents reported paying Almena anywhere from 350 to 1400 dollars a month for living space inside the warehouse.

Almena allowed and encouraged tenants to use non-conventional building materials that he collected to create their living spaces. These non-conventional building materials included recycled dry wood, such as fence boards, shingles, window frames, wooden sculptures, tapestries, pianos, organs, wooden furniture, RV trailers, rugs, and other ramshackle pieces. Residents reported that if they put anything in their individual living spaces that did not conform to Almena's idea as to how the warehouse should look, he would order it to be removed. The manner in which these non-conventional building materials were used was a violation of the Oakland Municipal Code and California Fire Safety code.

Almena substantially increased the risk to those living, working or visiting the building by storing enormous amounts of flammable material inside the warehouse. Witnesses describe wood and other flammable objects being stored from floor to ceiling on the first level. Storing that amount of flammable material in the manner described by witnesses and shown in photographs, created an extremely dangerous fire load and was a violation of the Oakland Municipal code and the California Fire Safety code.

In 2014, Almena allowed Max Harris to live in the warehouse and made him the "Creative Director." Harris collected rent, mediated disputes between residents and acted as an intermediary between Almena and the owners of the warehouse. Between 2014 through December 2016, Almena and Harris allowed up to 25 people at one time to live and work in the warehouse. During this time, neither Almena nor Harris sought a variance in the zoning regulations or a permit to change the use of the building from light industrial to live work, in violation of the Oakland Municipal code and the California Fire Safety code.

From November 2013 until December 2016, Almena advertised the upstairs space inside the warehouse as a venue for music events and social gatherings, knowing it was a violation of the City of Oakland Municipal code. Often times Almena allowed as many as 100 people to gather inside this unsafe and unpermitted warehouse. He advertised the venue for rent on social media and by word of a mouth.

During the course of Almena and Harris' tenancy, law enforcement officials responded to the warehouse for multiple calls for service. In many of these cases, officers were met outside the warehouse by the complaining party. When asked by law enforcement if people lived in the space, Almena and Harris lied to law enforcement officers by insisting that no one lived in the warehouse. Almena and Harris' actions of allowing people to live in the building effectively changed the occupancy of the building and triggered the need for additional fire safety requirements, as outlined by the Oakland Municipal code and the California State Fire code.

Once Almena changed the occupancy of the building it became his responsibility under the California Fire Code to install fire suppression systems such as automatic fire sprinklers, smoke alarms, exit signs, marked locations for fire extinguishers, and create an evacuation plan. Witnesses state they warned Almena numerous times about the obvious fire hazard inside the warehouse. Almena's failure to act is a violation of the Oakland Municipal code and the California Fire Safety code.

During the course of the tenancy, Almena, with the help of Harris, altered the interior of the warehouse by building a makeshift bathroom, cutting a doorway into a wall, cutting a hole into the roof and opening a previously sealed window in a wall of the adjacent building. These alterations were all done without the permit and inspection process that is designed to insure the safety of people occupying the building and are violations of the Oakland Municipal code and California State Fire code.

Almena was responsible for the construction of an unsafe staircase from the first floor to the second floor. At the top of the stairs was, what witnesses described as, a ramp or "gang plank" connecting the stairs to the second floor. Witnesses describe these wooden stairs as dangerous and narrow, only allowing a group of people to travel up or down the stairs in a single file. The construction of these stairs was uneven in width and height according to witnesses who travelled them. The construction and the manner in which the stairs were constructed was a violation of the Oakland Municipal code and the California Fire code.

On the night of the fire, Harris rented the upstairs space to a promoter to host an electronic dance music event. According to a witness and Harris himself, he was responsible for allowing the event to take place at the warehouse on December 2, 2016. Harris prepared the warehouse for the event that day. In the course of his preparation, Harris blocked off an area of the second floor that included a second stairwell, which effectively reduced the upstairs guests to a single point of escape. Because of the fire, the power to the building went out and the guests that could escape, were forced down the narrow makeshift stairs in complete darkness. Harris' actions on the night of the fire were in violation of the Oakland Municipal code and the California Fire Safety code.

During the course of their possession of the building, Almena and Harris acted knowingly and with disregard for the risk when they:
- Allowed individuals to live in the warehouse and deceived the police, fire department and owners about that fact;
- Allowed large groups to assemble in the warehouse for musical events in the space and on December 2nd, 2016 they actually blocked one of two points of egress;
- Conducted unpermitted and uninspected construction, including electrical work;
- Allowed the floor to ceiling storage of large quantities of highly flammable materials that created a deadly and dangerous space;

Almena's and Harris' actions were reckless, creating a high risk of death. A reasonable person would have known that acting in that way would create such risk. Their actions were so different from the way an ordinarily careful person would act in the same situation that their actions amounted to a disregard for human life. Their reckless actions were the proximate cause of the death of the 36 individuals trapped inside the warehouse when the fire started.

I declare under penalty of perjury under the laws of the State of California that the foregoing is correct.

Dated: **June 5, 2017** at Oakland, California

*[signature]*
Inspector Cristina Harbison, #286

**CERTIFICATE OF PROBABLE CAUSE**

The Court, upon the review of this declaration, hereby

_____ Finds          _____ Does not Find

good cause to detain the above-named individual.

Date: _____

Time: _____
                                            _____
                                            Magistrate of the Superior Court