# Exhibit 175

# NFPA Response to PRO's Ex. 91

| Standard | Authorities Identified by PRO | PRO's Citation of "Text of Incorporation" | NFPA Response |
|---|---|---|---|
| NFPA 1 (2003): Uniform Fire Code | **C.F.R Reference** <br> • None <br> **State Law** <br> • Fla Admin Code R 69A-3 012 | 69A-J O 12 Standard, of the National Fire Protection Association and Other Standard, Adopted <br><br> 1) Except as specifically modified by statute or by the State Fire Marshal's rules, the Florida specific edition of NFPA 101, the Life Safety Code®, 2003 edition and the Florida specific edition of NFPA 1, the Uniform Fire Code 2003 edition, as adopted within Rule Chapter 69A-60, FA C, the 2004 edition of the Florida Fire Prevention Code are hereby adopted and incorporated by reference as a part of the uniform fire safety standards adopted by rule by the State Fire Marshal and are applicable to those buildings and structures specified in paragraphs (a) and (b) of subsection (1) of Section 633 022, F S In addition, the following standards, except as specifically modified in the rule chapters in Rule Title 69A, are hereby adopted and incorporated by reference and shall take effect on the effective date of this rule, as a part of the uniform fire safety standards adopted by rule by the State Fire Marshal and are applicable to those buildings and structures specified m paragraphs (a) and (b) of subsection (1) of Section 633 022, F S <br><br> (4) The codes and standards published by the National Fire Protection Association of NFPA 1 and NFPA 101 as adopted in Rule Chapter 69A-60, F A C may be obtained by writing to BNi, 1612 S Clementine Street, Anaheim, CA 92802  ANSI standards may be obtained from the American National Standards Institute, 1430 Broadway, New York, N Y  10018  ANSI/ASME standards may be obtained from the American Society of Mechanical Engineers, 345 East 47th Street, New York, N Y  10017  ASTM standards may be obtained from the American Society for Testing and Materials, 1916 Race Street, Philadelphia, PA 19103  UL standards may be obtained from Underwriters Laboratories, Inc., 333 Pfingston Road, Northbrook, IL 60062  All standards incorporated by reference in this rule are also available for public inspection during regular business hours at the Division currently located on third floor (Room 326), of the Atrium Building, 325 John Knox Road, Tallahassee, Florida | PRO relies upon only a state law adoption.  PRO's claim that "[t]he federal government has incorporated into law every entire standard at issue," Opp. at 8 (Dkt. No. 202-1), is false. <br><br> PRO does not do any analysis of the cited state regulation that would illuminate which, if any, portions of the standard it would consider "essential to comply[] with [a] legal duty." *Am. Soc'y for Testing & Materials, v. Public.Resource.Org, Inc.*, 896 F.3d 437, 450 (D.C. Cir. 2018) ("*ASTM II*"). <br><br> PRO further fails to rebut the evidence in Plaintiffs' Second Supplemental Statement of Material Facts, Dkt. No. 201 ("2d Supp. SMF") identifying a non-exhaustive list of the portions of NFPA standards at issue that are optional or permissive and do not set forth any binding obligation including information regarding the history and development of the standard, informational notes and informational annexes.  2d Supp. SMF at ¶¶ 57-69. |
| NFPA 1 (2006): Uniform Fire Code | **C.F.R Reference** <br> • None <br> **State Law** <br> • Fla Admin Code R 69A-60 003 | 69A-60 003 Standards of the National Fire Protection Association, NFPA 1, the Uniform Fire Code, Florida 2006 Edition, Adopted <br><br> (1) NFPA 1, the Uniform Fire Code, Florida 2006 edition, is hereby adopted and incorporated herein by reference and shall take effect on the effective date of this rule as a part of the Florida Fire Prevention Code <br> (2)(a) NFPA 1, Florida 2006 edition may be purchased by writing to the NFPA at 1 Batterymarch Park, Quincy, Massachusetts 02269-9101 <br> (b) All codes, standards, publications, and authorities adopted and incorporated by reference in this rule chapter are also available for public inspection during regular business hours at the Bureau of Fire Prevention, Division of State Fire Marshal, Department of Financial Services, 325 John Knox Road, The Atrium, Third Floor, Tallahassee, Florida 32303 and may be accessed in a read-only, non-printable, non-downloadable format at the Division of State Fire Marshal website whose address is http://www flsfs com/SFM/ <br> (c) NFPA 1, Florida 2006 edition, may also be purchased at the Bureau of Fire Standards and Training, Division of State Fire Marshal, 11655 Northwest Gainesville Road, Ocala, Florida 34482 | PRO relies upon only a state law adoption.  PRO's claim that "[t]he federal government has incorporated into law every entire standard at issue," Opp. at 8, is false. <br><br> PRO does not do any analysis of the cited state regulation that would illuminate which, if any, portions of the standard it would consider "essential to comply[] with [a] legal duty." *ASTM II*, 896 F.3d at 450. <br><br> PRO further fails to rebut the evidence in Plaintiffs' Second Supplemental Statement of Material Facts identifying a non-exhaustive list of the portions of NFPA standards at issue that are optional or permissive and do not set forth any binding obligation including information regarding the history and development of the standard, informational notes and informational annexes. 2d Supp. SMF at ¶¶ 57-69. |

# NFPA Response to PRO's Ex. 91

| Standard | Authorities Identified by PRO | PRO's Citation of "Text of Incorporation" | NFPA Response |
|---|---|---|---|
| NFPA 11 (2005): Standard for Low Medium and High Expansion Foam | **C.F.R. Reference**<br>• 29 C.F.R. § 1915.5 (2015)<br>**State Law**<br>• None | 29 CFR § 1915.5, "Incorporation by reference" (2015):<br><br>(b)(1) The standards listed in paragraph (d) of this section are incorporated by reference in the corresponding sections noted as the sections exist on the date of the approval, and a notice of any change in these standards will be published in the Federal Register The Director of the Federal Register approved these Incorporations by reference in accordance with 5 U.S.C 552(a) and 1 CFR part 51 <<br><br>(2) Any changes in the standards incorporated by reference in this part and an official historic file of such changes are available for inspection in the Docket Office at the national office of the Occupational Safety and Health Administration, US Department of Labor, Washington, DC 20910; telephone: 202-693-2350 (TTY number: 877-889-5627)<br><br>c) Copies of standards listed in this section and issued by private standards organizations are available for purchase from the issuing organizations at the addresses or through the other contact information listed below for these private standards organizations In addition, these standards are available for inspection at the National Archives and Records Administration (NARA) For information on availability of these standards at NARA, telephone : 202-741-6030, or go to http://www archives gov/federal_register/code_of_federal_regulations/ibr_locations html Also, the standards are available for inspection at any Regional Office of the Occupational Safety and Health Administration (OSHA), or at the OSHA Docket Office, US Department of Labor, 200 Constitution Avenue, NW, Room N-2625, Washington, DC 20210; telephone: 202-693-2350 (TTY number: 877-889-5627)<br><br>(d)(4) The following material is available for purchase from the National Fire Protection Association, 1 Batterymarch Park, PO Box 9101, Quincy, MA 02269-9101:<br><br>(xiii) NFPA 11-2005 Standard for Low-, Medium-, and High-Expansion Foam, IBR approved for§ 1915 507(d)(3) | PRO does not do any analysis of the cited federal regulation that would illuminate which, if any, portions of the standard it would consider "essential to comply[] with [a] legal duty." ASTM II, 896 F.3d at 450.<br><br>Indeed, it seems unlikely that PRO could meet its burden to justify its wholesale copying and distribution. For example, at a minimum, the regulation does not require compliance with provisions of the standard related to semifixed and portable extinguishing systems:<br><br>• The cited federal regulation incorporates the standard for 29 C.F.R. § 1915.507(d)(3). See 29 C.F.R. § 1915.5(d)(4)(xiii) (2015).<br><br>• That section provides "The employer must select, install, maintain, inspect, and test . . . [f]ixed extinguishing systems that use water or foam as the extinguishing agent according to . . . NFPA 11–2005." 29 C.F.R. § 1915.507(d) (2015) (emphasis added).<br><br>• That section accordingly has no relevance to, inter alia, the use of semifixed and portable extinguishing systems—topics covered in the standard, Supplemental Declaration of James Pauley ("Supp. Pauley Decl." (Dkt. No. 198-50), Ex. D (Dkt. No. 199-15, sealed) at 11-5 (NFPA-PR0014147) ("This standard is intended for the use and guidance of . . . fixed, semifixed, or portable . . . systems"); see, e.g., id. at Art. 6.15 at 11-29 (NFPA-PR0014171) (providing guidance specific to "Portable Foam-Generating Devices").<br><br>• Those portions of NFPA 11 (2005) are, accordingly, not essential to comply with 29 C.F.R. § 1915.5 (2015).<br><br>PRO further fails to rebut the evidence in Plaintiffs' Second Supplemental Statement of Material Facts identifying a non-exhaustive list of the portions of NFPA standards at issue that are optional or permissive and do not set forth any binding obligation including information regarding the history and development of the standard, informational notes and informational annexes. 2d Supp. SMF ¶¶ 57-69. |

# NFPA Response to PRO's Ex. 91

| Standard | Authorities Identified by PRO | PRO's Citation of "Text of Incorporation" | NFPA Response |
|---|---|---|---|
| NFPA 12 (2005): Standard on Carbon Dioxide Extinguishing Systems | **C.F.R. Reference** <br> • 301 [sic: should be 29] C.F.R. § 1915.5 (2015) <br> **State Law** <br> • None | 29 C.F.R § 1915.5, "Incorporation by reference" (2015): <br><br> (b)(1) The standards listed in paragraph (d) of this section are incorporated by reference in the corresponding sections noted as the sections exist on the date of the approval, and a notice of any change in these standards will be published in the Federal Register. The Director of the Federal Register approved these Incorporations by reference in accordance with 5 U.S.C 552(a) and 1 CFR part 51 < <br><br> (2) Any changes in the standards incorporated by reference in this part and an official historic file of such changes are available for inspection in the Docket Office at the national office of the Occupational Safety and Health Administration, US Department of Labor, Washington, DC 20910; telephone: 202-693-2350 (TTY number: 877-889-5627) <br><br> c) Copies of standards listed in this section and issued by private standards organizations are available for purchase from the issuing organizations at the addresses or through the other contact information listed below for these private standards organizations In addition, these standards are available for inspection at the National Archives and Records Administration (NARA) For information on availability of these standards at NARA, telephone : 202-741-6030, or go to http://www archives gov/federal_register/code_of_federal_regulations/ibr_locations html Also, the standards are available for inspection at any Regional Office of the Occupational Safety and Health Administration (OSHA), or at the OSHA Docket Office, U S Department of Labor, 200 Constitution Avenue, NW, Room N-2625, Washington, DC 20210; telephone: 202-693-2350 (TTY number: 877-889-5627) <br><br> (d)(4) The following material is available for purchase from the National Fire Protection Association, 1 Batterymarch Park, PO Box 9101, Quincy, MA 02269-9101: <br><br> (xiii) NFPA 11-2005 Standard for Low-, Medium-, and High-Expansion Foam, IBR approved for§ 1915 507(d)(3) | PRO does not do any analysis of the cited federal regulation that would illuminate which, if any, portions of the standard it would consider "essential to comply[] with [a] legal duty." *ASTM II*, 896 F.3d at 450. <br><br> Indeed, it seems unlikely that PRO could meet its burden to justify its wholesale copying and distribution. For example, at a minimum, the regulation does not require compliance with the standard's provisions related to marine systems: <br><br> • The cited federal regulation incorporates the standard for 29 C.F.R. § 1915.507(d)(5). *See* 29 C.F.R. § 1915.5(d)(4)(xv) (2015). <br><br> • That section provides "The employer must select, install, maintain, inspect, and test . . . [fixed extinguishing systems using gas as the extinguishing agent according to NFPA 12–2005." 29 C.F.R. § 1915.507(d) (2015). Section 1915.507 is titled "*Land-side* fire protection systems" (emphasis added). <br><br> • That section accordingly has no relevance to, *inter alia*, the selection and installation of fixed extinguishing systems in "ships, barges, off-shore platforms, motorboats, and pleasure craft"—topics covered in the standard, *see* Supp. Pauley Decl. Ex. E (Dkt. No. 199-16, sealed) at Art. 3.4.1 at 12-5 (NFPA-PRO014248); *see, e.g., id.* at Art. 4.1.3 at 12-6 (NFPA-PRO014249). <br><br> • Those portions of NFPA 12 (2005) are, accordingly, not essential to comply with 29 C.F.R. § 1915.5 (2015). <br><br> PRO further fails to rebut the evidence in Plaintiffs' Second Supplemental Statement of Material Facts identifying a non-exhaustive list of the portions of NFPA standards at issue that are optional or permissive and do not set forth any binding obligation including information regarding the history and development of the standard, informational notes and informational annexes. 2d Supp. SMF at ¶¶ 57-69. |

# NFPA Response to PRO's Ex. 91

| Standard | Authorities Identified by PRO | PRO's Citation of "Text of Incorporation" | NFPA Response |
|---|---|---|---|
| NFPA 10 (2002): Standard for Portable Fire Extinguishers (Title of work on certificate of registration is "National Fire Codes Vol 1-12 and Master Index") | **C.F.R. Reference**<br>• 31 [sic: should be 29] C.F.R § 1915.5 (2015)<br>**State Law**<br>• None | 29 C.F.R § 1915.5, "Incorporation by reference" (2015):<br><br>(b)(1) The standards listed in paragraph (d) of this section are incorporated by reference in the corresponding sections noted as the sections exist on the date of the approval, and a notice of any change in these standards will be published in the Federal Register. The Director of the Federal Register approved these incorporations by reference in accordance with 5 U.S.C  552(a) and 1 CFR part 51<br><br>(2) Any changes in the standards incorporated by reference in this part and an official historic title of such changes are available for inspection in the Docket Office at the national office of the Occupational Safety and Health Administration, U S Department of Labor, Washington, DC 20910; telephone: 202-693-2350 (TTY number: 877-889-5627)<br><br>( c) Copies of standards listed in this section and issued by private standards organizations are available for purchase from the issuing organizations at the addresses or through the other contact information listed below for these private standards organizations  In addition, these standards are available for inspection at the National Archives and Records Administration (NARA)  For information on the availability of these standards at NARA, telephone: 202-741-6030, or go to http://www archives gov/federal_register/code_of_federal_regulations/ibr_locations html  Also, the standards are available for inspection at any Regional Office of the Occupational Safety and Health Administration (OSHA), or at the OSHA Docket Office, U S Department of Labor, 200 Constitution Avenue, NW , Room N-2625, Washington, DC 20210; telephone: 202-693-2350 (TTY number: 877-889-5627)<br><br>(d)(4) The following material is available for purchase from the National Fire Protection Association, 1 Batterymarch Park, PO Box 9101, Quincy, MA 02269-9101:<br><br>(vi) NFPA 10-2002 Standard for Portable Fire Extinguishers, IBR approved for §§ 1915 507(b)(1) and (b)(2) | PRO does not do any analysis of the cited federal regulation that would illuminate which, if any, portions of the standard it would consider "essential to comply[] with [a] legal duty." *ASTM II*, 896 F.3d at 450.<br><br>Indeed, it seems unlikely that PRO could meet its burden to justify its wholesale copying and distribution.  For example, at a minimum, the regulation does not require compliance with the standard's provisions related to fire extinguishing equipment in homes:<br><br>• The cited federal regulation incorporates the standard for 29 C.F.R. §§ 1915.507(b)(1) and (b)(2). *See* 29 C.F.R. § 1915.5(d)(4)(vi) (2015).<br><br>• Those sections provide that "[t]he employer must select, install, inspect, maintain, and test all portable fire extinguishers" and may use certain hose systems "in accordance with NFPA 10–2002."  29 C.F.R. §§ 1915.507(b)(1)-(b)(2) (2015).  Section 1915.507 is titled "Land-side fire protection systems" and appears in a subpart of OSHA regulations covering "Fire Protection in Shipyard Employment."<br><br>• These sections accordingly have no relevance to, *inter alia*, the use of portable fire extinguishing systems in "one- and two-family dwellings and living units within multifamily structures"—topics covered in the standard, *see* Supp. Pauley Decl. Ex. C (Dkt. No. 199-14, sealed) at Annex F at 10-42 to 10-44 (NFPA-PR00014114-116).<br><br>• Those portions of NFPA 10 (2002) are, accordingly, not essential to comply with 29 C.F.R. § 1915.5 (2015).<br><br>PRO further fails to rebut the evidence in Plaintiffs' Second Supplemental Statement of Material Facts identifying a non-exhaustive list of the portions of NFPA standards at issue that are optional or permissive and do not set forth any binding obligation including information regarding the history and development of the standard, informational notes and informational annexes. 2d Supp. SMF at ¶¶ 57-69. |

# NFPA Response to PRO's Ex. 91

| Standard | Authorities Identified by PRO | PRO's Citation of "Text of Incorporation" | NFPA Response |
|---|---|---|---|
| NFPA 13 (2002): Installation of Sprinkler Systems (Title of work on certificate of registration is "National Fire Codes Vol 1-12 and Master Index") | **C.F.R. Reference** <br> • 32 [sic: should be 29] C F R § 1915.5 (2015) <br> **State Law** <br> • None | 29 C F R § 1915.5, "Incorporation by reference' (2015): <br><br> (b)(1) The standards listed in paragraph (d) of this section are incorporated by reference in the corresponding sections noted as the sections exist on the date of the approval, and a notice of any change in these standards will be published in the Federal Register The Director of the Federal Register approved these incorporations by reference in accordance with 5 U S C  552(a) and 1 CFR part 51 <br><br> (2) Any changes in the standards incorporated by reference in this part and an official historic tile of such changes are available for inspection in the Docket Office at the national office of the Occupational Safety and Health Administration, U S Department of Labor, Washington, DC 20910; telephone: 202-693-2350 (TTY number: 877-889-5627) <br><br> ( c) Copies of standards listed in this section and issued by private standards organizations are available for purchase from the issuing organizations at the addresses or through the other contact information listed below for these private standards organizations  In addition, these standards are available for inspection at the National Archives and Records Administration (NARA)  For information on the availability of these standards at NARA, telephone: 202-741-6030, or go to http://www archives gov/federal_register/code_of_federal_regulations/ibr_locations html  Also, the standards are available for inspection at any Regional Office of the Occupational Safety and Health Administration (OSHA), or at the OSHA Docket Office, U S Department of Labor, 200 Constitution Avenue, NW, Room N-2625, Washington, DC 20210; telephone: 202-693-2350 (TTY number: 877-889-5627) <br><br> (d)(4) The following material is available for purchase from the National Fire Protection Association, 1 Batterymarch Park, PO Box 9101, Quincy, MA 02269-9101: <br><br> (ix) NFPA 13-2002 Standard for the Installation of Sprinkler Systems, IBR approved for § 1915 507(d)(2) | PRO does not do any analysis of the cited federal regulation that would illuminate which, if any, portions of the standard it would consider "essential to comply[] with [a] legal duty." *ASTM II*, 896 F.3d at 450. <br><br> Indeed, it seems unlikely that PRO could meet its burden to justify its wholesale copying and distribution.  For example, at a minimum, the regulation does not require compliance with the standard's provisions related to sprinkler systems in living units: <br><br> • The cited federal regulation incorporates the standard for 29 C.F.R. § 1915.507(d)(2). *See* 29 C.F.R. § 1915.5(d)(4)(ix) (2015). <br><br> • That section provides "[t]he employer must select, install, inspect, maintain, and test all fixed systems required by OSHA as follows:. . . Automatic sprinkler systems according to NFPA 25-2002 . . . and either (i) NFPA 13-2002" or "NFPA 750-2003." 29 C.F.R. § 1915.507(d)(2) (2015). Section 1915.507 is titled "Land-side fire protection systems" and appears in a subpart of OSHA regulations covering "Fire Protection in Shipyard Employment." <br><br> • This section accordingly has no relevance to, *inter alia*, the use of automatic sprinkler systems in "hotel rooms, dormitory rooms, apartments, condominiums, sleeping rooms in nursing homes, and similar living units" —a topic covered in the standard, *see* Supp. Pauley Decl. Ex. F (Dkt. No. 199-17, sealed) at Art. 3.3.8 at 13-14 (NFPA-PR0014323). <br><br> • Those portions of NFPA 13 (2002) are, accordingly, not essential to comply with 29 C.F.R. § 1915.5 (2015). <br><br> PRO further fails to rebut the evidence in Plaintiffs' Second Supplemental Statement of Material Facts identifying a non-exhaustive list of the portions of NFPA standards at issue that are optional or permissive and do not set forth any binding obligation including information regarding the history and development of the standard, informational notes and informational annexes. 2d Supp. SMF at ¶¶ 57-69. |

## NFPA Response to PRO's Ex. 91

| Standard | Authorities Identified by PRO | PRO's Citation of "Text of Incorporation" | NFPA Response |
|---|---|---|---|
| NFPA 25 (2002): Inspection, Testing and Maintenance of Water-Based Fire Protection Systems (Title of work on certificate of registration is "National Fire Codes Vol 1-12 and Master Index") | **C.F.R. Reference**<br>• 331 [sic: should be 29] C F R § 1915 5 (2015)<br>**State Law**<br>• None | 29 C F R § 1915 5, "Incorporation by reference" (2015):<br><br>(b)(1) The standards listed in paragraph (d) of this section are incorporated by reference in the corresponding sections noted as the sections exist on the date of the approval, and a notice of any change in these standards will be published in the Federal Register The Director of the Federal Register approved these incorporations by reference in accordance with 5 U S C 552(a) and 1 CFR part 51<br><br>(2) Any changes in the standards incorporated by reference in this part and an official historic file of such changes are available for inspection in the Docket Office at the national office of the Occupational Safety and Health Administration, U S Department of Labor, Washington, DC 20910; telephone: 202-693-2350 (TTY number: 877-889-5627)<br><br>(c) Copies of standards listed in this section and issued by private standards organizations are available for purchase from the issuing organizations at the addresses or through the other contact information listed below for these private standards organizations  In addition, these standards are available for inspection at the National Archives and Records Administration (NARA)  For information on the availability of these standards at NARA, telephone: 202-741-6030, or go to http://www archives gov/federal_register/code_of_federal_regulations/ibr_locations html  Also, the standards are available for inspection at any Regional Office of the Occupational Safety and Health Administration (OSHA), or at the OSHA Docket Office, U S Department of Labor, 200 Constitution Avenue, NW , Room N-2625, Washington, DC 20210; telephone: 202-693-2350 (TTY number: 877-889-5627)<br><br>(d)(4) The following material is available for purchase from the National Fire Protection Association, 1 Batterymarch Park, PO Box 9101, Quincy, MA 02269-9101<br><br>(xi) NFPA 25-2002, Inspection, Testing, and Maintenance of Water-Based Fire Protection Systems, IBR approved for § 1915 507(d)(2) | PRO does not do any analysis of the cited federal regulation that would illuminate which, if any, portions of the standard it would consider "essential to comply[] with [a] legal duty." *ASTM II*, 896 F.3d at 450.<br><br>Indeed, it seems unlikely that PRO could meet its burden to justify its wholesale copying and distribution.  For example, at a minimum, the regulation does not require compliance with the standard's provisions related to water-based fire protection systems other than sprinkler systems:<br><br>  • The cited federal regulation incorporates the standard for 29 C.F.R. § 1915.507(d)(2).  *See* 29 C.F.R. § 1915.5(d)(4)(xi) (2015).<br><br>  • That section provides "[t]he employer must select, install, inspect, maintain, and test all . . . [a]utomatic sprinkler systems according to [*inter alia*] NFPA 25-2002." 29 C.F.R. § 1915.507(d)(2).<br><br>  • This section accordingly has no relevance to, *inter alia*, the use of other types of water-based fire protection systems, such as stand-pipe and hose—topics covered in the standard, Supp, Pauley Decl. Ex. G (Dkt. No. 199-18, sealed) at Art. 1.1 at 25-5 (NFPA-PR002044); *see also id.* at Table of Contents at 25-3 (NFPA-PR002042) (Chapter 5 covers Sprinkler Systems and a separate Chapter 6 covers Standpipe and Hose Systems).<br><br>  • Those portions of NFPA 25 (2002) are, accordingly, not essential to comply with 29 C.F.R. § 1915.5 (2015).<br><br>PRO further fails to rebut the evidence in Plaintiffs' Second Supplemental Statement of Material Facts identifying a non-exhaustive list of the portions of NFPA standards at issue that are optional or permissive and do not set forth any binding obligation including information regarding the history and development of the standard, informational notes and informational annexes. 2d Supp. SMF at ¶¶ 57-69. |

# NFPA Response to PRO's Ex. 91

| Standard | Authorities Identified by PRO | PRO's Citation of "Text of Incorporation" | NFPA Response |
|---|---|---|---|
| NFPA 30 (2003): Flammable and Combustible Liquids Code | **C.F.R. Reference** <br> • 49 C.F.R. § 192.7 (2009) <br> **State Law** <br> • Fla. Admin Code R 69A-60.005 | 49 C.F.R. § 192.7, "What documents are incorporated by reference partly or wholly in this part?" (2009)" <br><br> (a) Any documents or portions thereof incorporated by reference in this part are included in this part as though set out in full When only a portion of a document is referenced, the remainder is not incorporated in this part <br><br> (b) All incorporated materials are available for inspection in the Office of Pipeline Safety, Pipeline and Hazardous Materials Safety Administration, 1200 New Jersey Avenue, SE , Washington, DC, 20590-0001, or at the National Archives and Records Administration (NARA)  For information on the availability of this material at NARA, call 202-741-6030 or go to: http://www archives gov/federal_register/code_of_federal_regulations/ibr_locations html  These materials have been approved for incorporation by reference by the Director of the Federal Register in accordance with 5 U S C 552(a) and 1CFR part 51  In addition, the incorporated materials are available from the respective organizations listed in paragraph (c) (1) of this section <br><br> (c) The full titles of documents incorporated by reference, in whole or in part, are provided herein  The numbers in parentheses indicate applicable editions  For each incorporated document, citations of all affected sections are provided  Earlier editions of currently listed documents or editions of documents listed in previous editions of 49 CFR part 192 may be used for materials and components designed, manufactured, or installed in accordance with these earlier documents at the time they were listed  The user must refer to the appropriate previous edition of 49 CFR part 192 for a listing of the earlier listed editions or documents <br><br> (1) Incorporated by reference (IBR) List of Organizations and Addresses: <br><br> F  National Fire Protection Association (NFPA), 1 Batterymarch Park, P O  Box 9101, Quincy, MA 02269-9101 <br><br> (2) Documents incorporated by reference <br><br> F National Fire Protection Association (NFPA): <br><br> (1) NFPA 30 (2003) "Flammable and Combustible Liquids Code" § 192 735(b) | PRO does not do any analysis of the cited federal regulation that would illuminate which, if any, portions of the standard it would consider "essential to comply[] with [a] legal duty." *ASTM II,* 896 F.3d at 450. <br><br> Indeed, it seems unlikely that PRO could meet its burden to justify its wholesale copying and distribution.  For example, at a minimum, the regulation does not require compliance with the standard's provisions related to underground storage tanks: <br><br> • The cited federal regulation incorporates the standard for 49 C.F.R. § 192.735(b).  *See* 49 C.F.R. § 192.7(c)(2)(F)(1) (2009). <br><br> • That section provides "[a]*boveground* oil or gasoline storage tanks must be protected in accordance with" NFPA-30.  49 C.F.R. § 192.735(b) (2009). <br><br> • This section accordingly has no relevance to, *inter alia,* underground storage tanks—a topic covered in the standard, *e.g.,* Supp. Pauley Decl. Ex. H (Dkt. No. 199-19, sealed) at Art. 4.2.5.3 at 30-17 (NFPA-PR0014673). <br><br> • Those portions of NFPA 30 (2003) are, accordingly, not essential to comply with 49 C.F.R. § 192.7 (2009). <br><br> PRO further fails to rebut the evidence in Plaintiffs' Second Supplemental Statement of Material Facts identifying a non-exhaustive list of the portions of NFPA standards at issue that are optional or permissive and do not set forth any binding obligation including information regarding the history and development of the standard, informational notes and informational annexes. 2d Supp. SMF at ¶¶ 57-69. |
| NFPA 54 (2006): National Fuel Gas Code | **C.F.R. Reference** <br> • None <br> **State Law** <br> • Fla  Admin Code R 5F-11 002 <br> • *See also* Va Admin Code 20VAC5-305, Utah R 710-6, Texas Admin Code R  § 9 301, 41 Ill Admin Code 200 | 5F-11 002 Standards of National Fire Protection Association Adopted <br><br> (1) The standards of the National Fire Protection Association for the storage and handling of liquefied petroleum gases as published in NFPA 58, Liquefied Petroleum Gas Code, 2011 edition, and for gas appliances and gas piping as published in NFPA 54, National Fuel Gas Code, 2006 edition, shall be the accepted standards for this state and are hereby adopted and incorporated by reference, subject to such additions and exceptions as are set forth in this rule  The LP Gas Code Handbook, NFPA 58, 2011 Edition, and the National Fuel Gas Code Handbook, NFPA 54, 2006 Edition, are hereby adopted and incorporated by reference and shall be utilized by the Department as a guide in interpreting the provisions of Chapter 527, F S  Reference to NFPA 58 and NFPA 54 in these rules shall be to the most recent edition as adopted herein  The section 6 6 7 of NFPA 58, 2011 edition, titled "Installation of Containers on Roofs of Buildings," is hereby excluded from adoption  The section 7 1 6 2 of NFPA 54, 2006 edition, titled "Conduit with Both Ends Terminating Indoors" is hereby excluded from adoption <br><br> (2) "NFPA" is the recognized abbreviation for the National Fire Protection Association, Inc. and generally the abbreviation is used in these rules in identifying the publications of the association  The public may obtain a copy of any NFPA publication by writing the association, whose address is: National Fire Protection Association, Inc , Batterymarch Park, Quincy, Massachusetts 02269, or at http://www nfpa org | PRO relies upon only a state law adoption.  PRO's claim that it has identified a regulation showing that that "[t]he federal government has incorporated into law every entire standard at issue," Opp. at 8, is false. <br><br> PRO does not do any analysis of the cited state regulation that would illuminate which, if any, portions of the standard it would consider "essential to comply[] with [a] legal duty." *ASTM II,* 896 F.3d at 450. <br><br> PRO further fails to rebut the evidence in Plaintiffs' Second Supplemental Statement of Material Facts identifying a non-exhaustive list of the portions of NFPA standards at issue that are optional or permissive and do not set forth any binding obligation including information regarding the history and development of the standard, informational notes and informational annexes. 2d Supp. SMF at ¶¶ 57-69. |

# NFPA Response to PRO's Ex. 91

| Standard | Authorities Identified by PRO | PRO's Citation of "Text of Incorporation" | NFPA Response |
|---|---|---|---|
| NFPA 58 (2001): Liquefied Petroleum Gas Code (Title of work on certificate of registration is "National Fire Codes Vol 3") | **C.F.R. Reference**<br>• 49 C.F.R. § 171.7 (2011)<br>**State Law**<br>• None | 49 C.F.R. § 171.7, "Reference material" (2011):<br><br>(a) Matter incorporated by reference.—(1) General  There is incorporated, by reference in parts 170-189 of this subchapter, matter referred to that is not specifically set forth  This matter is hereby made a part of the regulations in parts 170-189 of this subchapter  The matter subject to change is incorporated only as it is in effect on the date of issuance of the regulation referring to that matter  The material listed in paragraph (a)(3) has been approved for incorporation by reference by the Director of the Federal Register in accordance with 5 U.S.C 552(a) and 1 CFR part 51  Material is incorporated as it exists on the date of the approval and a notice of any change in the material will be published in the Federal Register  Matters referenced by footnote are included as part of the regulations of this subchapter<br><br>(2) Accessibility of materials  All incorporated matter is available for inspection at:<br>(i) The Office of Hazardous Materials Safety, Office of Hazardous Materials Standards, East Building, PHH-10, 1200 New Jersey Avenue, SE., Washington, DC 20590-0001  For information on the availability of this material at PHH-10, call 1-800-467-4922, or go to: http://www.phmsa.dot.gov; and<br>(ii) The National Archives and Records Administration (NARA)  For information on the availability of this material at NARA, call 202-741-6030, or go to: http://www.archives.gov/federal_register/code_of_federal_regulations/ibr_locations.html<br>(3) Table of material incorporated by reference  The following table sets forth material incorporated by reference  The first column lists the name and address of the organization from which the material is available and the name of the material  The second column lists the section(s) of this subchapter, other than § 171.7, in which the material is referenced  The second column is presented for information only and may not be all inclusive<br><br>National Fire Protection Association, 1 Batterymarch Park, Quincy, MA, 02169-7471 1-617-770-3000., http://www.nfpa.org:<br>NFPA 58-Liquefied Petroleum Gas Code, 2001 Edition  173.5, 173.315 | PRO does not do any analysis of the cited federal regulation that would illuminate which, if any, portions of the standard it would consider "essential to comply[] with [a] legal duty." *ASTM II*, 896 F.3d at 450.<br><br>Indeed, it seems unlikely that PRO could meet its burden to justify its wholesale copying and distribution.  For example, at a minimum, the regulation does not require compliance with the standard's provisions related to storage of liquefied petroleum gas in permanent locations:<br><br>• The cited federal regulation incorporates the standard for 49 C.F.R. §§ 173.5 and 173.315.  *See* 49 C.F.R. § 171.7(a)(3) (2011).<br>• Both sections appear in Part 173 of Department of Transportation regulations titled "Shippers-General Requirements for Shipments and Packaging."  Section 173.5 provides: "[a] non-DOT specification cargo tank motor vehicle may be used to transport Liquefied petroleum gas" if, *inter alia*, "[t]he cargo tank . . . conforms to applicable requirements in National Fire Protection Association (NFPA) 58."  49 C.F.R. § 173.5(d)(4) (2011). Section 173.315 is titled "[c]ompressed gases in cargo tanks and portable tanks," and provides guidance regarding "[l]iquefied compressed gases that are transported in UN portable tanks."  49 C.F.R. § 173.315(a) (2011).<br>• These sections accordingly have no relevance to, *inter alia*, the storage of liquefied petroleum in permanent locations, such as roofs or exterior balconies—a topic covered in the standard, *e.g.*, Supp. Pauley Decl. Ex. J (Dkt. No. 199-21, sealed) at Art. 3.4.9 at 58-37 (NFPA-PRO014995-96).<br>• That portion of NFPA 58 (2001) is accordingly not essential to comply with 49 C.F.R. § 171.7 (2011).<br><br>PRO further fails to rebut the evidence in Plaintiffs' Second Supplemental Statement of Material Facts identifying a non-exhaustive list of the portions of NFPA standards at issue that are optional or permissive and do not set forth any binding obligation including information regarding the history and development of the standard, informational notes and informational annexes. 2d Supp. SMF at ¶¶ 57-69. |

# NFPA Response to PRO's Ex. 91

| Standard | Authorities Identified by PRO | PRO's Citation of "Text of Incorporation" | NFPA Response |
|---|---|---|---|
| NFPA 58 (2004): Liquefied Petroleum Gas Code | **C.F.R. Reference**<br>• 49 C.F.R. § 192.7 (2009)<br>**State Law**<br>• None | 49 C.F.R. § 192.7, "What documents are incorporated by reference partly or wholly in this part?" (2009):<br><br>(a)    Any documents or portions thereof incorporated by reference in this part are included in this part as though set out in full When only a portion of a document is referenced, the remainder is not incorporated in this part<br><br>(b)    All incorporated materials are available for inspection in the Office of Pipeline Safety, Pipeline and Hazardous Materials Safety Administration, 1200 New Jersey Avenue, SE , Washington, DC, 20590-0001, or at the National Archives and Records Administration (NARA) For information on the availability of this material at NARA, call 202-741-6030 or go to: http://www archives gov/federal_register/code_of_federal_regulations/ibr_locations html These materials have been approved for incorporation by reference by the Director of the Federal Register in accordance with 5 U S C 552(a) and 1 CFR part 51 In addition, the incorporated materials are available from the respective organizations listed in paragraph (c) (1) of this section<br><br>(c)    The full titles of documents incorporated by reference, in whole or in part, are provided herein The numbers in parentheses indicate applicable editions For each incorporated document, citations of all affected sections are provided Earlier editions of currently listed documents or editions of documents listed in previous editions of 49 CFR part 192 may be used for materials and components designed, manufactured, or installed in accordance with these earlier documents at the time they were listed The user must refer to the appropriate previous edition of 49 CFR part 192 for a listing of the earlier listed editions or documents<br><br>(1)    Incorporated by reference (IBR) List of Organizations and Addresses:<br><br>F National Fire Protection Association (NFPA), 1 Batterymarch Park, P O  Box 9101, Quincy, MA 02269-9101<br><br>(2) Documents incorporated by reference<br><br>F National Fire Protection Association (NFPA):<br><br>(2) NFPA 58 (2004) "Liquefied Petroleum Gas Code (LP-Gas Code) " § 192 11(a); 192 11(b); 192 11(c) | PRO does not do any analysis of the cited federal regulation that would illuminate which, if any, portions of the standard it would consider "essential to comply[] with [a] legal duty." *ASTM II*, 896 F.3d at 450.<br><br>Indeed, it seems unlikely that PRO could meet its burden to justify its wholesale copying and distribution.  For example, at a minimum, the regulation does not require compliance with the standard's provisions related to storage of liquefied petroleum gas in classrooms:<br><br>• The cited federal regulation incorporates the standard for 49 C.F.R. §§ 192.11(a), 192.11(b), 192.11(c).  *See* 49 C.F.R. § 192.7(c)(2)(F)(2) (2009).<br><br>• Those sections provide that "plant[s] that suppl[y] petroleum gas by pipeline to a natural gas distribution system" and certain "pipeline system[s] . . . that transport[] only petroleum gas or petroleum gas/air mixtures" must meet the requirements of, *inter alia,* NFPA 58.  49 C.F.R. § 192.11.  Those sections appear in a subpart titled "Transportation of Natural and Other Gas by Pipeline."<br><br>• These sections accordingly have no relevance to, *inter alia,* the storage of liquefied petroleum in classrooms—a topic covered in the standard, *e.g.,* Supp. Pauley Decl. Ex. K (Dkt. No. 199-22, sealed) at Art. 6.17.7 at 58-42 (NFPA-PR001S123).<br><br>• That portion of NFPA 58 (2004) is accordingly not essential to comply with 49 C.F.R. § 192.7 (2009).<br><br>PRO further fails to rebut the evidence in Plaintiffs' Second Supplemental Statement of Material Facts identifying a non-exhaustive list of the portions of NFPA standards at issue that are optional or permissive and do not set forth any binding obligation including information regarding the history and development of the standard, informational notes and informational annexes. 2d Supp. SMF at ¶¶ 57-69. |

**NFPA Response to PRO's Ex. 91**

| Standard | Authorities Identified by PRO | PRO's Citation of "Text of Incorporation" | NFPA Response |
|---|---|---|---|
| NFPA 59 (2004): Utility LP Gas Plant Code | **C.F.R. Reference**<br>• 49 C.F.R. § 192 7 (2009)<br>**State Law**<br>• None | 49 C.F.R. § 192 7, "What documents are incorporated by reference partly or wholly in this part?" (2009):<br><br>(a) Any documents or portions thereof incorporated by reference in this part are included in this part as though set out in full When only a portion of a document is referenced, the remainder is not incorporated in this part<br><br>(b) All incorporated materials are available for inspection in the Office of Pipeline Safety, Pipeline and Hazardous Materials Safety Administration, 1200 New Jersey Avenue, SE , Washington, DC, 20590-0001, or at the National Archives and Records Administration (NARA) For information on the availability of this material at NARA, call 202-741-6030 or go to: http://www archives gov/federal_register/code_of_federal_regulations/ibr_locations html These materials have been approved for incorporation by reference by the Director of the Federal Register in accordance with 5 U S C 552(a) and 1 CFR part 51 In addition, the incorporated materials are available from the respective organizations listed in paragraph (c) (1) of this section (c) The full titles of documents incorporated by reference, in whole or in part, are provided herein The numbers in parentheses indicate applicable editions For each incorporated document, citations of all affected sections are provided Earlier editions of currently listed documents or editions of documents listed in previous editions of 49 CFR part 192 may be used for materials and components designed, manufactured, or installed in accordance with these earlier documents at the time they were listed The user must refer to the appropriate previous edition of 49 CFR part 192 for a listing of the earlier listed editions or documents<br><br>(1) Incorporated by reference (IBR) List of Organizations and Addresses:<br><br>F National Fire Protection Association (NFPA), 1 Batterymarch Park, P O Box 9101, Quincy, MA 02269-9101<br><br>(2) Documents incorporated by reference<br><br>F National Fire Protection Association (NFPA):<br><br>(3) NFPA 59 (2004) "Utility LP-Gas Plant Code " §§ 192 11(a); 192 11(b); 192 11(c) | PRO does not do any analysis of the cited federal regulation that would illuminate which, if any, portions of the standard it would consider "essential to comply[] with [a] legal duty." *ASTM II*, 896 F.3d at 450.<br><br>Indeed, it seems unlikely that PRO could meet its burden to justify its wholesale copying and distribution. For example, at a minimum, the regulation does not require compliance with the standard's provisions related to liquefied petroleum plants not within the Department of Transportation's jurisdiction:<br><br>• The cited federal regulation incorporates the standard for 49 C.F.R. §§ 192.11(a), 192.11(b), 192.11(c). *See* 49 C.F.R. § 192.7(c)(2)(F)(2) (2009).<br><br>• Those sections provide that "plant[s] that suppl[y] petroleum gas by pipeline to a natural gas distribution system" and certain "pipeline system[s] . . . that transport[] only petroleum gas or petroleum gas/air mixtures" must meet the requirements of, *inter alia*, NFPA 59, 49 C.F.R. § 192.11 (2009). Those sections appear in Department of Transportation regulations that cover "minimum safety requirements for pipeline facilities and the transportation of gas" within certain areas of U.S. jurisdiction. 49 C.F.R. § 192.1(a); *see also* 43 U.S.C. § 1331(a).<br><br>• These sections accordingly have no relevance to, *inter alia*, rules governing liquefied petroleum gas plants outside of the United States and outside of DOT regulations—a topic covered in the standard, *e.g.*, Supp. Pauley Decl. Ex. L (Dkt. No. 199-23, sealed) at A 11.2.3.2 at 59-34 (NFPA-PR0015249); *id.* tbl D.1 59-38 (NFPA-PR0015253).<br><br>• Those portions of NFPA 59 (2004) are accordingly not essential to comply with 49 C.F.R. § 192.7 (2009).<br><br>PRO further fails to rebut the evidence in Plaintiffs' Second Supplemental Statement of Material Facts identifying a non-exhaustive list of the portions of NFPA standards at issue that are optional or permissive and do not set forth any binding obligation including information regarding the history and development of the standard, informational notes and informational annexes. 2d Supp. SMF at ¶¶ 57-69. |

**NFPA Response to PRO's Ex. 91**

| Standard | Authorities Identified by PRO | PRO's Citation of "Text of Incorporation" | NFPA Response |
|---|---|---|---|
| NFPA 70 (1999): National Electrical Code | **C.F.R Reference**<br>• 7 C.F.R § 1755.509 (2010)<br>• *See also* 7 C.F.R § 1755.504 (2011)<br><br>**State Law**<br>• None | 7 C.F.R § 1755.509, "Mobile homes" (2010):<br><br>(b) The method of customer access location installation prescribed by the ANSI/NFPA 70-1999, NEC® for a mobile home depends on how the electric power is installed at the mobile home and it can involve considerable judgment on the part of the telecommunications installer. The National Electrical Code® and NEC® are registered trademarks of the National Fire Protection Association, Inc., Quincy, MA 02269. The ANSI/NFPA 70-1999, NEC®, is incorporated by reference in accordance with 5 U.S.C. 552(a) and 1 CFR part 51. Copies are available from NFPA, 1 Batterymarch Park P.O. Box 9101, Quincy, Massachusetts (02269-9101, telephone number 1 (800) 344-3555. Copies of ANSI/NFPA 70-1999, NEC®, are available for inspection during normal business hours at RUS, room 2905, U.S. Department of Agriculture, 1400 Independence Avenue, SW, STOP 1598, Washington, DC 20250-1598, or at the National Archives and Records Administration (NARA). For information on the availability of this material at NARA, call 202-741-6030, or go to: http://www.archives.gov/federal_register/code_of_federal_regulations/ibr_locations.html. The ANSI/NFPA 70-1999, NEC®, requires primary station protectors to be located where specific acceptable grounding electrodes exist. The ANSI/NFPA 70-1999, NEC®, allows station protector installations to be at the location of the power meter or the electric disconnecting means apparatus serving the mobile home providing these electric facilities are installed in the manner specifically defined by the ANSI/NFPA 70-1999, NEC®. The ANSI/NFPA 70-1999, NEC®, requires the station protectors to be installed at the nearest of a number of other meticulously defined ANSI/NFPA 70-1999, NEC®, acceptable electrodes where the protector cannot be installed at the power meter or the electric disconnecting means apparatus serving the mobile home. The provisions can be confusing. | PRO does not do any analysis of the cited federal regulation that would illuminate which, if any, portions of the standard it would consider "essential to comply[] with [a] legal duty." *ASTM II*, 896 F.3d at 450.<br><br>Indeed, it seems unlikely that PRO could meet its burden to justify its wholesale copying and distribution. For example, at a minimum, the regulation does not require compliance with provisions of the standard related to household cooking appliances and surgical facilities:<br><br>  • The cited federal regulations "cover approved methods of making service installations at customer access locations in telecommunications systems of [rural utility services] borrowers." 7 C.F.R. § 1755.502 (dictating scope of §§ 1755.503 to 1755.510).<br>  • The regulations accordingly have no relevance to, *inter alia*, household cooking appliances or surgical facilities—topics covered in the standard, *e.g.*, Supp. Pauley Decl. Ex. M (Dkt. No. 199-24, sealed) at 210-19(c) at 70-41 (NFPA-PR0015307); *id.* at 517-3 at 70-559 (NFPA-PR0015625).<br>  • Those portions of NFPA 70 (1999) are, accordingly, not essential to comply with 7 C.F.R. § 1755.509 (2010) or 7 C.F.R. § 1755.504 (2011).<br><br>PRO further fails to rebut the evidence in Plaintiffs' Second Supplemental Statement of Material Facts identifying a non-exhaustive list of the portions of NFPA standards at issue that are optional or permissive and do not set forth any binding obligation including information regarding the history and development of the standard, informational notes and informational annexes. 2d Supp. SMF at ¶¶ 57-69. |

# NFPA Response to PRO's Ex. 91

| Standard | Authorities Identified by PRO | PRO's Citation of "Text of Incorporation" | NFPA Response |
|---|---|---|---|
| NFPA 70 (2005): National Electrical Code | **C.F.R. Reference**<br>• 49 C.F.R. § 192.7 (2009)<br>**State Law**<br>• None | 49 C.F.R. § 192.7, "What documents are incorporated by reference partly or wholly in this part?" (2009):<br><br>(a) Any documents or portions thereof incorporated by reference in this part are included in this part as though set out in full. When only a portion of a document is referenced, the remainder is not incorporated in this part.<br><br>(b) All incorporated materials are available for inspection in the Office of Pipeline Safety, Pipeline and Hazardous Materials Safety Administration, 1200 New Jersey Avenue, SE., Washington, DC, 20590-0001, or at the National Archives and Records Administration (NARA). For information on the availability of this material at NARA, call 202-741-6030 or go to: http://www.archives.gov/federal_register/code_of_federal_regulations/ibr_locations.html. These materials have been approved for incorporation by reference by the Director of the Federal Register in accordance with 5 U.S.C. 552(a) and 1 CFR part 51. In addition, the incorporated materials are available from the respective organizations listed in paragraph (c) (1) of this section.<br><br>(c) The full titles of documents incorporated by reference, in whole or in part, are provided herein. The numbers in parentheses indicate applicable editions. For each incorporated document, citations of all affected sections are provided. Earlier editions of currently listed documents or editions of documents listed in previous editions of 49 CFR part 192 may be used for materials and components designed, manufactured, or installed in accordance with these earlier documents at the time they were listed. The user must refer to the appropriate previous edition of 49 CFR part 192 for a listing of the earlier listed editions or documents.<br><br>(1) Incorporated by reference (IBR)<br>List of Organizations and Addresses:<br><br>F  National Fire Protection Association (NFPA), 1 Batterymarch Park P.O. Box 9101, Quincy, MA 02269-9101<br><br>(2) Documents incorporated by reference<br><br>F  National Fire Protection Association (NFPA):<br><br>(4) NFPA 70 (2005) "National Electrical Code" §§ 192.163(e); 192.189(c) | PRO does not do any analysis of the cited federal regulation that would illuminate which, if any, portions of the standard it would consider "essential to comply[] with [a] legal duty." *ASTM II*, 896 F.3d at 450.<br><br>Indeed, it seems unlikely that PRO could meet its burden to justify its wholesale copying and distribution. For example, at a minimum, the regulation does not require compliance with provisions of the standard that do not relate to electrical equipment used in connection with transporting natural gas:<br><br>• The cited federal regulation incorporates the standard for 49 C.F.R. § 192.163(e) and § 192.189(c). *See* 49 C.F.R. § 192.7(c)(2)(F)(4) (2009).<br><br>• Section 192.163(e) provides that "[e]lectrical equipment and wiring installed in compressor stations must conform to [NFPA 70], so far as that code is applicable." 49 C.F.R. § 192.163(e) (2009). Section 192.189 provides "[e]lectrical equipment in vaults must conform to the applicable requirements of Class I, Group D, of the [NFPA 70]." 49 C.F.R. § 192.189. Both sections appear in Part 192 of Department of Transportation Regulations titled "Transportation of Natural and Other Gas by Pipeline: Minimum Federal Safety Standards."<br><br>• These sections accordingly have no relevance to, *inter alia*, theaters and television studios—topics covered in the standard, *see* Supp. Pauley Decl. Ex. N (Dkt. No. 199-25, sealed) at Article 520 at 70-427 to 70-435 (NFPA-PR00016342-50) (including provisions for, *e.g.*, special effects and dressing rooms).<br><br>• Those portions of NFPA 70 (2005) are, accordingly, not essential to comply with 49 C.F.R. § 192.7 (2009).<br><br>PRO further fails to rebut the evidence in Plaintiffs' Second Supplemental Statement of Material Facts identifying a non-exhaustive list of the portions of NFPA standards at issue that are optional or permissive and do not set forth any binding obligation including information regarding the history and development of the standard, informational notes and informational annexes. 2d Supp. SMF at ¶¶ 57-69. |

**NFPA Response to PRO's Ex. 91**

| Standard | Authorities Identified by PRO | PRO's Citation of "Text of Incorporation" | NFPA Response |
|---|---|---|---|
| NFPA 70 (2008): National Electrical Code | **C.F.R. Reference**<br>• 24 C.F.R. § 3285.4 (2013)<br><br>**State Law**<br>• Regulation SBC-5-2008 (Rhode Island State Building Code) | 24 C.F.R. § 3285.4 "Incorporation by reference (IBR)." (2013)<br><br>(a) The materials listed in this section are incorporated by reference in the corresponding sections noted These incorporations by reference were approved by the Director of the Federal Register, in accordance with 5 U.S.C. 552(a) and 1 CFR part 51 The materials are available for purchase at the corresponding addresses noted below, and all are available for inspection at the Office of Manufactured Housing Programs, U S Department of Housing and Urban Development, 451 Seventh Street, SW., Room 9164, Washington, DC 20410; or the National Archives and Records Administration (NARA) For information on the availability of this material at NARA, call (202) 741-6030, or go to: http://www archives gov/federal-register/cfr/ibr- locations html<br><br>(b) The materials listed below are available for purchase from the National Fire Protection Association (NFPA), 1 Batterymarch Park, Quincy, Massachusetts 02169-7471<br><br>(2) NFPA 70, National Electrical Code, 2005 edition, IBR approved for §§ 3285 702(e)(1) and 3285 906 | 24 C.F.R. § 3285.4 (2013) incorporates the 2005 edition of NFPA 70—not the 2008 edition. PRO has, accordingly, relied upon only a state law adoption. PRO's claim that it has identified a regulation showing that that "[t]he federal government has incorporated into law every entire standard at issue," Opp. at 8, is false.<br><br>PRO does not do any analysis of the cited state regulation that would illuminate which, if any, portions of the standard it would consider "essential to comply[] with [a] legal duty." *ASTM II*, 896 F.3d at 450.<br><br>PRO further fails to rebut the evidence in Plaintiffs' Second Supplemental Statement of Material Facts identifying a non-exhaustive list of the portions of NFPA standards at issue that are optional or permissive and do not set forth any binding obligation including information regarding the history and development of the standard, informational notes and informational annexes. 2d Supp. SMF at ¶¶ 57-69. |

NFPA Response to PRO's Ex. 91

| Standard | Authorities Identified by PRO | PRO's Citation of "Text of Incorporation" | NFPA Response |
|---|---|---|---|
| NFPA 70 (2011): National Electrical Code | **C.F.R. Reference**<br>• 49 C.F.R. § 192.7 (2015)<br>**State Law**<br>• None | 49 C.F.R. § 192.7 "What documents are incorporated by reference partly or wholly in this part?" (2015)<br><br>(a)   This part prescribes standards, or portions thereof, incorporated by reference into this part with the approval of the Director of the Federal Register in 5 U.S.C. 552(a) and 1 CFR part 51 The materials listed in this section have the full force of law To enforce any edition other than that specified in this section, PHMSA must publish a notice of change in the FEDERAL REGISTER<br>(1)   Availability of standards incorporated by reference All of the materials incorporated by reference are available for inspection from several sources, including the following:<br>(i)   The Office of Pipeline Safety, Pipeline and Hazardous Materials Safety Administration, 1200 New Jersey Avenue SE , Washington, DC 20590 For more information contact 202-366-4046 or go to the PHMSA Web site at: http://www phmsa dot gov/pipeline/regs<br>(ii)   The National Archives and Records Administration (NARA) For information on the availability of this material at NARA, call 202-741-6030 or go to the NARA Web site at: http://www archives gov/federalregister/codeoffederalregulations/ibrlocations html<br>(iii)   Copies of standards incorporated by reference in this part can also be purchased or are otherwise made available from the respective standards-developing organization at the addresses provided in the centralized IBR section below<br><br>(b) National Fire Protection Association (NFPA), 1 Batterymarch Park, Quincy, Massachusetts 02169, phone: 1 617 984-7275, Web site: http://www nfpa org/<br><br>(4) NFPA-70 (2011), "'National Electrical Code,''' 2011 edition, issued August 5, 2010, (NFPA-70), IBR approved for §§ 192 163(e); and 192 189(c) | PRO does not do any analysis of the cited federal regulation that would illuminate which, if any, portions of the standard it would consider "essential to comply[] with [a] legal duty." *ASTM II*, 896 F.3d at 450.<br><br>Indeed, it seems unlikely that PRO could meet its burden to justify its wholesale copying and distribution.  For example, at a minimum, the regulation does not require compliance with the standard's provisions related to theaters and television studios:<br><br>• The cited federal regulation incorporates the standard for 49 C.F.R. § 192.163(e) and § 192.189(c). *See* 49 C.F.R. § 192.7(c)(2)(F)(4) (2015).<br>• Section 192.163(e) provides that "[e]lectrical equipment and wiring installed in compressor stations must conform to the NFPA-70, so far as that code is applicable." 49 C.F.R. § 192.163(e) (2015). Section 192.189 provides "[e]lectrical equipment in vaults must conform to the applicable requirements of Class 1, Group D, of the [NFPA 70]." 49 C.F.R. § 192.189(c) (2015).  Both sections appear in Part 192 of Department of Transportation Regulations titled "Transportation of Natural and Other Gas by Pipeline: Minimum Federal Safety Standards."<br>• These sections accordingly have no relevance to, *inter alia*, theaters and television studios—topics covered in the standard, *see* Declaration of Christian Dubay, Dkt. No. 155-6 Ex. A (sealed) at Article 520 at 70-459 to 70-468 (NFPA-PR0017996-18005) (including provisions for, *e.g.*, special effects and dressing rooms).<br>• Those portions of NFPA 70 (2011) are, accordingly, not essential to comply with 49 C.F.R. § 192.7 (2015).<br><br>PRO further fails to rebut the evidence in Plaintiffs' Second Supplemental Statement of Material Facts identifying a non-exhaustive list of the portions of NFPA standards at issue that are optional or permissive and do not set forth any binding obligation including information regarding the history and development of the standard, informational notes and informational annexes. 2d Supp. SMF at ¶¶ 57-69. |

# NFPA Response to PRO's Ex. 91

| Standard | Authorities Identified by PRO | PRO's Citation of "Text of Incorporation" | NFPA Response |
|---|---|---|---|
| NFPA 70 (2014): National Electrical Code | **C.F.R. Reference**<br>• 16 C.F.R. § 1211 40(c)(1) (2019)[sic]<br>**State Law**<br>• ARM 24 301 401 (Administrative Rules of Montana) | 16 C.F.R. § 1211 40 "Incorporation by reference." (2019)[sic]<br><br>(a) Certain material is incorporated by reference into this part with the approval of the Director of the Federal Register under 5 U.S.C 552(a) and 1 CFR part 51 All approved material is available for inspection at Consumer Product Safety Commission, Office of the Secretary, 4330 East-West Highway, Bethesda, MD 20814, telephone 302-504-7923 and is available from the sources listed below It is also available for inspection at the National Archives and Records Administration (NARA) For information on the availability of this material at NARA, call 202- 741-6030 or go to http//www archives gov/federal register/code of federal regulations/ibr locations html<br><br>(c)   National Fire Prevention Association (NFPA), 1 Batterymarch Park, Quincy, MA 02269-9101, Telephone: (800) 344-3555, http://www.nfpa org/<br>(1)   NFPA 70, National Electrical Code, 2014 edition, effective August 21, 2013, into §1211 2(c) | PRO does not do any analysis of the cited federal regulation that would illuminate which, if any, portions of the standard it would consider "essential to comply[] with [a] legal duty." *ASTM II*, 896 F.3d at 450.<br><br>Indeed, it seems unlikely that PRO could meet its burden to justify its wholesale copying and distribution. For example, at a minimum, the regulation does not require compliance with the standard's provisions related to carnivals and circuses:<br><br>• The cited federal regulation incorporates the standard for 16 C.F.R. § 1211.2(c). *See* 16 C.F.R. § 1211.40(c)(1) (2016).<br>• That section defines "[r]esidential garage door operator" as "a vehicular door operator which," *inter alia*, "[s]erves a residential building of one to four single family units" and "[i]s intended to be employed in ordinary locations in accordance with NFPA 70." 16 C.F.R. § 1211.2 (2016).<br>• That section accordingly has no relevance to, *inter alia*, carnivals, circuses, fairs, and similar events—topics covered in the standard, *see* Supp. Pauley Decl. Ex. P (Dkt. No. 199-27, sealed) at Article 525 at 70-493 to 70-495 (NFPA-PR0098556-58).<br>• Those portions of NFPA 70 (2014) are, accordingly, not essential to comply with 16 C.F.R. § 1211.40(c)(1) (2016).<br><br>PRO further fails to rebut the evidence in Plaintiffs' Second Supplemental Statement of Material Facts identifying a non-exhaustive list of the portions of NFPA standards at issue that are optional or permissive and do not set forth any binding obligation including information regarding the history and development of the standard, informational notes and informational annexes. 2d Supp. SMF at ¶¶ 57-69. |

## NFPA Response to PRO's Ex. 91

| Standard | Authorities Identified by PRO | PRO's Citation of "Text of Incorporation" | NFPA Response |
|---|---|---|---|
| NFPA 72 (2002): National Fire Alarm Code | **C.F.R. Reference**<br>• 29 C.F.R. § 1915.5 (2015)<br>**State Law**<br>• None | 29 C.F.R. § 1915.5, "Incorporation by reference" (2015):<br><br>(a) Specifications, standards, and codes of agencies of the U.S. Government, to the extent specified in the text, form a part of the regulations of this part. In addition, under the authority vested in the Secretary under the Act, the specifications, standards, and codes of organizations which are not agencies of the U.S. Government, in effect on the date of the promulgation of the regulations of this part as listed below, to the extent specified in the text, form a part of the regulations of this part.<br>(b)(1) The standards listed in paragraph (d) of this section are incorporated by reference in the corresponding sections noted as the sections exist on the date of the approval, and a notice of any change in these standards will be published in the Federal Register. The Director of the Federal Register approved these incorporations by reference in accordance with 5 U.S.C 552(a) and 1 CFR part 51<br>(c) Copies of standards listed in this section and issued by private standards organizations are available for purchase from the issuing organizations at the addresses or through the other contact information listed below for these private standards organizations In addition, these standards are available for inspection at the National Archives and Records Administration (NARA) For information on the availability of these standards at NARA, telephone: 202-741-6030, or go to http://www.archives.gov/federal_register/code_of_federal_regulations/ibr_locations.html Also, the standards are available for inspection at any Regional Office of the Occupational Safety and Health Administration (OSHA), or at the OSHA Docket Office, U.S. Department of Labor, 200 Constitution Avenue, NW., Room N-2625, Washington, DC 20210; telephone: 202-693-2350 (TTY number: 877-889-5627)<br><br>(4) The following material is available for purchase from the National Fire Protection Association, 1 Batterymarch Park, PO Box 9101, Quincy, MA 02269-9101:<br><br>(viii) NFPA 72-2002 National Fire Alarm Code. IBR approved for §1915.507(c)(6) | PRO does not do any analysis of the cited federal regulation that would illuminate which, if any, portions of the standard it would consider "essential to comply[] with [a] legal duty." *ASTM II*, 896 F.3d at 450.<br><br>Indeed, it seems unlikely that PRO could meet its burden to justify its wholesale copying and distribution. For example, at a minimum, the regulation does not require compliance with provisions of Chapter 11 of the standard:<br><br>• The cited federal regulation incorporates the standard for 29 C.F.R. § 1915.507(c)(6). *See* 29 C.F.R. § 1915.5(d)(4)(viii) (2015).<br>• That section provides that "The employer must . . . [s]elect, install, inspect, maintain, and test all automatic fire detection systems and emergency alarms according to NFPA 72–2002 National Fire Alarm Code (incorporated by reference. see § 1915.5)." 29 C.F.R. § 1915.507(c)(6). Section 1915.507 is titled "Land-side fire protection systems" and appears in a subpart of OSHA regulations covering "Fire Protection in Shipyard Employment."<br>• That section accordingly has no relevance to, *inter alia*, the selection and installation of fire alarm systems in single family dwellings, apartment buildings, and hotels—copies covered in the standard, *see* Supp. Pauley Decl. Ex. Q (Dkt. No. 199-28, sealed) at Chapter 11 at 72-105 to 72-111 (NFPA-PRO0018525-31).<br>• Those portions of NFPA 72 (2002) are, accordingly, not essential to comply with 29 C.F.R. § 1915.5 (2015).<br><br>PRO further fails to rebut the evidence in Plaintiffs' Second Supplemental Statement of Material Facts identifying a non-exhaustive list of the portions of NFPA standards at issue that are optional or permissive and do not set forth any binding obligation including information regarding the history and development of the standard, informational notes and informational annexes. 2d Supp. SMF at ¶¶ 57-69. |

# NFPA Response to PRO's Ex. 91

| Standard | Authorities Identified by PRO | PRO's Citation of "Text of Incorporation" | NFPA Response |
|---|---|---|---|
| NFPA 99 (2005): Health Care Facilities Code | **C.F.R. Reference** <br>• 46 C.F.R. § 110.10-1 (2009) <br>**State Law** <br>• None | 46 C.F.R. § 110.10-1, "Incorporation by reference" (2009): <br><br>(a) Certain material is incorporated by reference into this subchapter with the approval of the Director of the Federal Register under 5 U.S.C 552(a) and 1 CFR part 51 To enforce any edition other than that specified in this section, the Coast Guard must publish notice of change in the Federal Register and the material must be available to the public The word "should," when used in material incorporated by reference, is to be construed the same as the words "must" or "shall" for the purposes of this subchapter All approved material is available for inspection at the National Archives and Records Administration (NARA) For information on the availability of this material at NARA, call 202-741-6030 or go to http://www.archives.gov/federal_register/code_of_federal_regulations/ibr_locations.html The material is also available for inspection at the U S Coast Guard, Office of Design and Engineering Standards (CG-521), 2100 2nd St SW , Stop 7126, Washington, DC 20593-7126, and is available from the sources listed below <br><br>(1) National Fire Protection Association (NFPA), 1 Batterymarch Park, Quincy, MA 02169: <br><br>(3) NFPA 99-H20, Standard for Health Care Facilities (2005) (""NFPA 99""), 111 105-37; | PRO does not do any analysis of the cited federal regulation that would illuminate which, if any, portions of the standard it would consider "essential to comply[] with [a] legal duty." *ASTM II*, 896 F.3d at 450. <br><br>Indeed, it seems unlikely that PRO could meet its burden to justify its wholesale copying and distribution. For example, at a minimum, the regulation does not require compliance with provisions of the standard specific to locations that use nonflammable anesthetic: <br><br>• The cited federal regulation incorporates the standard for 46 C.F.R. § 111.105-37. 46 C.F.R. § 110.10-1(i)(3) (2009). <br><br>• That section provides that "[e]ach electric installation where a flammable anesthetic is used or stored must meet NFPA 99." 46 C.F.R. § 111.105-37 (2009). <br><br>• That section accordingly has no relevance to, *inter alia*, requirements for locations that use nonflammable anesthetic—a topic covered in the standard. *e.g.*, Supp. Pauley Decl. Ex. R (Dkt. No. 199-29, sealed) at C.13.1.4.1.1 at 99-197 (NFPA-PR0018884). <br><br>• Those portions of NFPA 99 (2005) are, accordingly, not essential to comply with 46 C.F.R. § 110.10-1 (2009). <br><br>PRO further fails to rebut the evidence in Plaintiffs' Second Supplemental Statement of Material Facts identifying a non-exhaustive list of the portions of NFPA standards at issue that are optional or permissive and do not set forth any binding obligation including information regarding the history and development of the standard, informational notes and informational annexes. 2d Supp. SMF at ¶¶ 57-69. |

# NFPA Response to PRO's Ex. 91

| Standard | Authorities Identified by PRO | PRO's Citation of "Text of Incorporation" | NFPA Response |
|---|---|---|---|
| NFPA 101 (2000): Life Safety Code | **C.F.R. Reference**<br>• 42 C.F.R. § 460.72 (2010)<br>• *See also* 42 C.F.R. § 483.70 (2011), 42 C.F.R. § 416.44 (2012)<br>**State Law**<br>• None | 42 C.F.R. § 460.72, "Physical environment" (2010):<br><br>(b)(i) A PACE center must meet the applicable provisions of the 2000 edition of the Life Safety Code (LSC) of the National Fire Protection Association that apply to the type of setting in which the center is located The Director of the Office of the Federal Register has approved the NFPA 101 © 2000 edition of the Life Safety Code, issued January 14, 2000, for incorporation by reference in accordance with 5 U S C 552(a) and 1 CFR part 51 A copy of the Code is available for inspection at the CMS Information Resource Center, 7500 Security Boulevard, Baltimore, MD or at the National Archives and Records Administration (NARA) For information on the availability of this material at NARA, call 202-741-6030, or go to: http://www archives gov/federal_register/code_of_federal_regulations/ibr_locations html Copies may be obtained from the National Fire Protection Association, 1 Batterymarch Park, Quincy, MA 02269 If any changes in this edition of the Code are incorporated by reference, CMS will publish notice in the Federal Register to announce the changes | PRO does not do any analysis of the cited federal regulation that would illuminate which, if any, portions of the standard it would consider "essential to comply[] with [a] legal duty." *ASTM II*, 896 F.3d at 450.<br><br>Indeed, it seems unlikely that PRO could meet its burden to justify its wholesale copying and distribution.<br><br>For example, at a minimum, the regulations do not require compliance with provisions of Chapters 14 to 17 of the standard:<br><br>• By the very terms of the text of 42 C.F.R. § 460.72 (2010), it incorporates only "the applicable provisions . . . that apply to the type of setting in which [a PACE] center is located" and *not* the entire NFPA 101 (2000). PACE stands for "Programs of All-inclusive Care for the Elderly," *i.e.*, nursing homes.<br>• Likewise, 42 C.F.R. § 483.70 (2011) applies to "Long Term Care Facilities" and provides that the "facility must meet the applicable provisions" and *not* the entire NFPA 101 (2000).<br>• And 42 C.F.R. § 416.44 (2012) applies to certain ambulatory service centers and provides that the facilities "must meet the provisions applicable to Ambulatory Health Care Centers of the 2000 edition of [NFPA 101]," *not* the entire NFPA 101 (2000).<br>• Those regulations accordingly have no relevance to, *inter alia*, day-care occupancies or educational occupancies—topics covered in the standard, *e.g.*, Supp. Pauley Decl. Ex. S (Dkt. No. 199-30, sealed) at Chs. 14-17 (NFPA-PR0019083-104).<br>• Those portions of NFPA 101 (2000) are, accordingly, not essential to comply with 42 C.F.R. § 460.72 (2010), 42 C.F.R. § 483.70 (2011), or 42 C.F.R. § 416.44 (2012).<br><br>PRO further fails to rebut the evidence in Plaintiffs' Second Supplemental Statement of Material Facts identifying a non-exhaustive list of the portions of NFPA standards at issue that are optional or permissive and do not set forth any binding obligation including information regarding the history and development of the standard, informational notes and informational annexes. 2d Supp. SMF at ¶¶ 57-69. |

**NFPA Response to PRO's Ex. 91**

| Standard | Authorities Identified by PRO | PRO's Citation of "Text of Incorporation" | NFPA Response |
|---|---|---|---|
| NFPA 101 (2003): Life Safety Code | **C.F.R. Reference**<br>• 38 C.F.R § 39.63 (2011)<br>**State Law**<br>• None | 38 C.F.R § 39.63, "Architectural design standards" (2011):<br><br>The publications listed in this section are incorporated by reference The Director of the Federal Register approves this incorporation by reference in accordance with 5 U.S.C 552(a) and 1 CFR part 51 Copies of these publications may be inspected at the office of the State Cemetery Grants Service, National Cemetery Administration, Department of Veterans Affairs, 810 Vermont Avenue, NW, Washington, DC 20420 or at the National Archives and Records Administration (NARA) For information on the availability of this material at NARA, call 202-741-6030 or go to http://www archives gov/federal_register/code_of_federal_regulations/ibr_locations html Copies of the 2003 edition of the National Fire Protection Association Life Safety Code and Errata (NFPA 101), the 2003 edition of the NFPA 5000, Building Construction and Safety Code, and the 2002 edition of the National Electrical Code, NFPA 70, may be obtained from the National Fire Protection Association, Inc (NFPA), 1 Batterymarch Park, P O Box 9101, Quincy, MA 02269-9101, 800-844-6058 (toll free) Copies of the 2003 edition of the Uniform Mechanical Code and the 2003 edition of the Uniform Plumbing Code may be obtained from the International Association of Plumbing and Mechanical Officials, 5001 E Philadelphia Street, Ontario, CA 91761-2816 909-472-4100 (this is not a toll-free number) The 2002 and 2003 NFPA and IAPMO code publications can be inspected at VA by calling 202-461-4902 for an appointment | PRO does not do any analysis of the cited federal regulation that would illuminate which, if any, portions of the standard it would consider "essential to comply[] with [a] legal duty." *ASTM II*, 896 F.3d at 450.<br><br>Indeed, it seems unlikely that PRO could meet its burden to justify its wholesale copying and distribution. For example, at a minimum, the regulation does not require compliance with provisions of Chapter 24 of the standard:<br><br>• The cited federal regulation provides that veterans cemeteries must comply with the "[a]rchitectural and structural requirements" of NFPA 101 (2003). 38 C.F.R § 39.63 (2011).<br>• That section accordingly has no relevance to, *inter alia*, fire safety in one- and two-family dwellings—a topic covered in the standard, *e.g.*, Supp. Pauley Decl. Ex. T (Dkt. No. 199-31, sealed) at Ch. 24 (NFPA-PRO019564-66).<br>• Those portions of NFPA 101 (2003) are, accordingly, not essential to comply with 38 C.F.R. § 39.63 (2011).<br><br>PRO further fails to rebut the evidence in Plaintiffs' Second Supplemental Statement of Material Facts identifying a non-exhaustive list of the portions of NFPA standards at issue that are optional or permissive and do not set forth any binding obligation including information regarding the history and development of the standard, informational notes and informational annexes. 2d Supp. SMF at ¶¶ 57-69. |

# NFPA Response to PRO's Ex. 91

| Standard | Authorities Identified by PRO | PRO's Citation of "Text of Incorporation" | NFPA Response |
|---|---|---|---|
| NFPA 101 (2006): Life Safety Code | **C.F.R. Reference**<br>• 38 C.F.R § 51.200 "Physical environment" (2010)<br>**State Law**<br>• Fla Admin Code R 69A-43.018 | 38 C.F.R § 51.200 "Physical environment" (2010)<br><br>The facility management must be designed, constructed, equipped, and maintained to protect the health and safety of residents, personnel and the public<br>(a) Life safety from fire The facility must meet the applicable provisions of the National Fire Protection Association's NFPA 101, Life Safety Code (2006 edition), except that the requirement in paragraph 19.3.5.1 for all buildings containing nursing homes to have an automatic sprinkler system is not applicable until August 13, 2013, unless an automatic sprinkler system was previously required by the Life Safety Code and the NFPA 99, Standard for Health Care Facilities (2005 edition) Incorporation by reference of these materials was approved by the Director of the Federal Register in accordance with 5 U S C 552(a) and 1 CFR part 51 These materials incorporated by reference are available for inspection at the Department of Veterans Affairs, Office of Regulation Policy and Management (02REG), 810 Vermont Avenue, NW, Washington, DC 20420, call 202-461-4902, or at the National Archives and Records Administration (NARA) For information on the availability of this material at NARA, call 202-741-6030, or go to: http://www archives gov/federalregister/code/offederalregulations/ibrllocations html Copies may be obtained from the National Fire Protection Association, 1 Batterymarch Park, P O Box 9101, Quincy, MA 02269-9101 (For ordering information, call tollfree 1-800-344-3555 )<br>(b) Emergency power (1) An emergency electrical power system must be provided to supply power adequate for illumination of all exit signs and lighting for the means of egress, fire alarm and medical gas alarms, emergency communication systems, and generator task illumination<br>(2) The system must be the appropriate type essential electrical system in accordance with the applicable provisions of the National Fire Protection Association's NFPA 101, Life Safety Code (2006 edition) and the NFPA 99, Standard for Health Care Facilities (2005 edition) Incorporation by reference of these materials was approved by the Director of the Federal Register in accordance with 5 U S C 552(a) and 1 CFR part 51 The availability of these materials is described in paragraph (a) of this section<br>(3) When electrical life support devices are used, an emergency electrical power system must also be provided for devices in accordance with NFPA 99, Standard for Health Care Facilities (2005 edition)<br>(4) The source of power must be an on-site emergency standby generator of sufficient size to serve the connected load or other approved sources in accordance with the National Fire Protection Association's NFPA 101, Life Safety Code (2006 edition) and the NFPA 99, Standard for Health Care Facilities (2005 edition) Incorporation by reference of these materials was approved by the Director of the Federal Register in accordance with 5 U S C 552(a) and 1 CFR part 51 The availability of these materials is described in paragraph (a) of this section | PRO does not do any analysis of the cited federal regulation that would illuminate which, if any, portions of the standard it would consider "essential to comply[] with [a] legal duty." *ASTM II*, 896 F.3d at 450.<br><br>Indeed, it seems unlikely that PRO could meet its burden to justify its wholesale copying and distribution. For example, at a minimum, the regulation does not require compliance with the standard's provisions regarding industrial occupancies, detention and correctional occupancies, and educational occupancies.<br>• The cited federal regulation appears in a part of Department of Veterans Affairs regulations titled "Per Diem for Nursing Home Care of Veterans in State Homes." The regulation relates to the "Physical environment" of the nursing home care facility. 38 C.F.R § 51.200 (2010). By the very terms of the text of the cited regulation, it incorporates only "the applicable provisions" and *not* the entire NFPA 101 (2006). *Id.*<br>• This section accordingly has no relevance to, *inter alia*, industrial occupancies, detention and correctional occupancies, and educational occupancies—topics covered in the standard, *e.g.,* Supp. Pauley Decl. Ex. U (Dkt. No. 199-32, sealed) at Chs. 14-15, 22-23, 40 (NFPA-PR0019910-19, NFPA-PR0019969-90, NFPA-PR0020055-59).<br>• Those portions of NFPA 101 (2006) are, accordingly, not essential to comply with 38 C.F.R. § 51.200 (2010).<br><br>PRO further fails to rebut the evidence in Plaintiffs' Second Supplemental Statement of Material Facts identifying a non-exhaustive list of the portions of NFPA standards at issue that are optional or permissive and do not set forth any binding obligation including information regarding the history and development of the standard, informational notes and informational annexes. 2d Supp. SMF ¶¶ 57-69. |

# NFPA Response to PRO's Ex. 91

| Standard | Authorities Identified by PRO | PRO's Citation of "Text of Incorporation" | NFPA Response |
|---|---|---|---|
| NFPA 704 (2007): Standard System for the Identification of the Hazards of Materials for Emergency Response | **C.F.R Reference**<br>• 6 C.F.R § 27.204 (2012)[sic]<br>**State Law**<br>• None | 6 C.F.R. § 27.204, "Minimum concentration by security issue":<br>(2) Release-Flammable Chemicals If a release-flammable chemical of interest is present in a mixture in a concentration equal to or greater than one percent (1%) by weight of the mixture, and the mixture has a National Fire Protection Association (NFPA) flammability hazard rating of 4, the facility shall count the entire amount of the mixture toward the STQ Except as provided in §27.203(b)(1)(v) for fuels that are stored in aboveground tank farms (including farms that are part of pipeline systems), if a release-flammable chemical of interest is present in a mixture in a concentration equal to or greater than one percent (1%) by weight of the mixture, and the mixture has a National Fire Protection Association (NFPA) flammability hazard rating of 1, 2, or 3, the facility need not count the mixture toward the STQ The flammability hazard ratings are defined in NFPA 704: Standard System for the Identification of the Hazards of Materials for Emergency Response [2007 ed.] The Director of the Federal Register approves the incorporation by reference of this standard in accordance with 5 U.S.C. 552(a) and 1 CFR part 51 You may obtain a copy of the incorporated standard from the National Fire Protection Association at 1 Batterymarch Park, Quincy, MA 02169-7471 or http://www.nfpa.org You may inspect a copy of the incorporated standard at the Department of Homeland Security, 1621 Kent Street, 9th Floor, Rosslyn VA (please call 703-235-0709) to make an appointment or at the or at the National Archives and Records Administration (NARA) For information on the availability of material at NARA, call 202-741-6030, or go to http://www.archives.gov/federal_register/code_of_federal_regulations/ibr_locations.html If a release-flammable chemical of interest is present in a mixture, and the concentration of the chemical is less than one percent (1%) by weight, the facility need not count the mixture in determining whether the facility possesses the STQ | PRO does not do any analysis of the cited federal regulation that would illuminate which, if any, portions of the standard it would consider "essential to comply[] with [a] legal duty." *ASTM II*, 896 F.3d at 450.<br><br>Indeed, it seems unlikely that PRO could meet its burden to justify its wholesale copying and distribution. For example, at a minimum, the regulation does not require compliance with the standard's provisions related to hazards other than "flammability hazards," as clear from the text of the regulation.<br><br>• 6 C.F.R. § 27.204 (2007) "Minimum concentration by security issue" regulates only "mixture in a concentration equal to or greater than one percent (1%) by weight of the mixture, and the mixture has a National Fire Protection Association (NFPA) flammability hazard rating of 1, 2, or 3."<br><br>• This section accordingly has no relevance to, *inter alia*, health hazards, instability hazards, or special hazards—topics covered in the standard, *e.g.*, Supp. Pauley Decl. Ex. V (Dkt. No. 199-33, sealed) at Chs. 5, 7, 8 (NFPA-PRO020218-19, NFPA-PRO02021-24).<br><br>• Those portions of NFPA 704 (2007) are, accordingly, not essential to comply with 6 C.F.R. § 27.204 (2007).<br><br>PRO further fails to rebut the evidence in Plaintiffs' Second Supplemental Statement of Material Facts identifying a non-exhaustive list of the portions of NFPA standards at issue that are optional or permissive and do not set forth any binding obligation including information regarding the history and development of the standard, informational notes and informational annexes. 2d Supp. SMF at ¶¶ 57-69. |