**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| AMERICAN SOCIETY FOR TESTING AND MATERIALS d/b/a ASTM INTERNATIONAL;<br><br>NATIONAL FIRE PROTECTION ASSOCIATION, INC.; and<br><br>AMERICAN SOCIETY OF HEATING, REFRIGERATING, AND AIR CONDITIONING ENGINEERS,<br><br>Plaintiffs/<br>Counter-Defendants,<br>v.<br>PUBLIC.RESOURCE.ORG, INC.,<br><br>Defendant/<br>Counter-Plaintiff. | Case No. 1:13-cv-01215-TSC |

**PLAINTIFFS' RESPONSE TO DEFENDANT'S STATEMENT OF DISPUTED FACTS**

**[REDACTED]**

Plaintiffs submit, in support of their Second Motion for Summary Judgment and Permanent Injunction, these responses to Defendant's Statement of Disputed Facts, Dkt. 204.

PRO must establish that there are genuine disputes as to material facts through citations to evidence that reveal a genuine dispute or by showing that there is no admissible evidence regarding a material fact. Fed. R. Civ. P. 56(c)(1)(A)-(B); *see also Hedgeye Risk Mgmt., LLC v. Heldman*, No. CV 16-935 (RDM), 2019 WL 4750243, at *4 (D.D.C. Sept. 29, 2019) ("The non-movant's opposition, however, must consist of more than mere denials and must be supported by affidavits, declarations, or other competent evidence, setting forth specific facts showing that there is a genuine issue for trial." (citing Fed. R. Civ. P. 56(c) and *Laningham v. U.S. Navy*, 813

F.2d 1236, 1241 (D.C. Cir. 1987))). On those issues where PRO "will bear the burden of proof at trial on a dispositive issue"—here PRO's affirmative defenses—it must "go beyond the pleadings and . . . designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986) (citations omitted).

PRO does not carry its burden. Each of PRO's purported disputes can be explained as (1) PRO's characterization of a dispute of the application of law to undisputed facts as a disputed fact (*McDermott Int'l, Inc. v. Wilander*, 498 U.S. 337, 356 (1991) ("summary judgment . . . is mandated where the facts and the law will reasonably support only one conclusion.")); or (2) PRO's failure to create a genuine dispute of fact material to Plaintiffs' Second Motion for Summary Judgment (*Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp*. 475 U.S. 574, 586-87 (1986) (party opposing summary judgment must do more than simply show that there is some metaphysical doubt as to the material facts)). Neither of these is a reason to deny Summary Judgment in favor of Plaintiffs.

Notably, the vast majority of PRO's purported disputes go to a single issue: PRO has presented a theory of incorporation by reference under which any time a federal agency states that it is incorporating a standard, without specifying a particular portion of the standard, the entire standard becomes binding law. For the reasons explained in Plaintiffs' briefing, PRO has not presented factual support to show that agencies actually operate in this way. Plaintiffs' Combined Memorandum of Law in Opposition to PRO's Second Motion for Summary Judgment and Reply in Support of Plaintiffs' Second Motion for Summary Judgment and for a Permanent Injunction, filed concurrently ("Reply") at Part I.A.1.a. And, as Plaintiffs' briefing explains, as a legal matter, this theory of incorporation is irreconcilable with the D.C. Circuit's decision. *Id.*

| Plaintiffs' Statement of Material Facts | Defendant Public Resource's Response | Plaintiffs' Response |
|---|---|---|
| **I. PLAINTIFFS' OWN COPYRIGHTS IN THE 217 STANDARDS AT ISSUE IN THIS MOTION** | Disputed. Plaintiffs do not own copyrights in the 217 standards at issue in Plaintiffs' motion. Plaintiffs did not draft the standards—volunteers did. SSSMF ¶ 184. The standards are not works made for hire, refuting the basis for ownership asserted in Plaintiffs' copyright registrations. Plaintiffs did not obtain valid copyright assignments for the standards. And although Plaintiffs now attempt to assert that the standards are joint works and that they are joint owners of the copyrights, federal government employees drafted the standards in the scope of their duties, and so no copyright ownership can exist in the standards due to 17 U.S.C. 105. Moreover, the standards at issue are not subject to copyright. SSSMF ¶ 196-224. | There is no factual dispute and the legal question is law of the case. As the District Court previously explained, merely citing to the participation of volunteers or federal government employees in the drafting process does not raise a genuine issue of material fact for trial. *Am. Soc'y for Testing & Materials v. Public.Resource.org, Inc.*, No. 13-CV-1215 (TSC), 2017 WL 473822, at *7 (D.D.C. Feb. 2, 2017) ("*ASTM I*"), *rev'd in part, vacated in part*, 896 F.3d 437 (D.C. Cir. 2018) ("Defendant has not identified any evidence that either the ASTM Plaintiffs or AERA Plaintiffs do not own the copyrights of the standards, in whole or in part. The court therefore concludes that the ASTM Plaintiffs and AERA Plaintiffs are the owners of the copyrights at issue and have standing to bring their claims."). PRO further failed to "adduce any additional evidence disproving Plaintiffs' authorship. . . . Because Plaintiffs may have standing to bring this infringement suit even as part owners of the copyrights, it is not clear why Defendant asserts that Plaintiffs must prove outright ownership of their copyrights." *Id.*<br><br>PRO has submitted no evidence that any specific language in any of the Works was prepared by an officer or employee of the United States government as part of that person's official duties. PRO continues to raise a legal issue whether the involvement of persons from interested constituencies has any effect on Plaintiffs' ownership of the copyrights. For the reasons explained in Plaintiffs' briefing, it does not. ECF No. 200 ("Pls. Mem.") 10-12; Reply at Part I.B.<br><br>Furthermore, each Plaintiff submitted undisputed evidence that its own employees drafted language for the Works. ECF No. 118-2 ("SMF") ¶ 35 (citing O'Brien Decl. ¶¶ 15-39 and Exs. 5-9) (ASTM); *id.* ¶ 117 (citing Pauley Decl. ¶¶ 38-40 and |

| Plaintiffs' Statement of Material Facts | Defendant Public Resource's Response | Plaintiffs' Response |
|---|---|---|
| | | Dubay Dep. 54:19-56:12; 66:20-67:12; 69:2-18) (NFPA); and *id.* ¶¶ 138-41 (citing Reiniche Decl. ¶¶ 10-11 and Reiniche Dep. 35:23-38:2; 97:13-98:19) (ASHRAE). It is also undisputed that Plaintiffs oversee, coordinate, and manage the standards development process in accordance with Plaintiffs' policies, and that the persons from various interested constituencies who contribute to the standard-development process do so for Plaintiffs and within Plaintiffs' standards-development procedures. SMF ¶¶ 28-37, 39, 109-19, 135-41. Not one of those persons or anyone they work for or with whom they are affiliated contends that they, rather than Plaintiffs, owns all or any part of one of the Works at issue. *E.g.*, Declaration of Thomas O'Brien dated Dec. 20, 2019 ("O'Brien Decl. III") ¶¶ 6-7; Pauley Decl. ¶ 28; Reiniche Decl. ¶ 12.<br><br>PRO's statement "the standards at issue are not subject to copyright" is a legal argument and the citations to SSSMF ¶¶ 196-224 does not support that argument. |
| 1. Plaintiffs Own Copyrights In The 217 Standards At Issue In This Motion.[2] ASTM has obtained copyright registration certificates that cover its 191 standards at issue in this motion. Declaration of Jane W. Wise, filed concurrently herewith, ("Wise Decl.") ¶¶ 2, 31-149, Exs. 30-148; Declaration of Thomas O'Brien, previously filed at Dkt. 118-7, ("O'Brien Decl.") ¶¶ 5-12, Exs. 1-4. | Disputed. Plaintiffs do not own copyrights in the 217 standards at issue in Plaintiffs' motion. Plaintiffs did not draft the standards—volunteers did. SSSMF ¶ 184. The standards are not works made for hire, refuting the basis for ownership asserted in Plaintiffs' copyright registrations. Plaintiffs did not | There is no factual dispute and the legal question is law of the case. As the District Court previously explained, merely citing to the participation of volunteers or federal government employees in the drafting process does not raise a genuine issue of material fact for trial. *ASTM I* at *7 ("Defendant has not identified any evidence that either the ASTM Plaintiffs or AERA Plaintiffs do not own the copyrights of the standards, in whole or in part. The court therefore concludes that the ASTM Plaintiffs and AERA Plaintiffs are the owners of the copyrights at issue and have standing to bring their claims."). PRO further failed to "adduce any additional evidence |

[2] The 217 standards at issue in Plaintiffs' motion for summary judgment are collectively referred to herein as the "Works" or "Plaintiffs' Works."

| Plaintiffs' Statement of Material Facts | Defendant Public Resource's Response | Plaintiffs' Response |
|---|---|---|
| | obtain valid copyright assignments for the standards. And although Plaintiffs now attempt to assert that the standards are joint works and that they are joint owners of the copyrights, federal government employees drafted the standards in the scope of their duties, and so no copyright ownership can exist in the standards due to 17 U.S.C. 105. Moreover, the standards at issue are not subject to copyright. SSSMF ¶ 196-224. | disproving Plaintiffs' authorship. . . . Because Plaintiffs may have standing to bring this infringement suit even as part owners of the copyrights, it is not clear why Defendant asserts that Plaintiffs must prove outright ownership of their copyrights." *Id.*<br><br>PRO has submitted no evidence that any specific language in any of the Works was prepared by an officer or employee of the United States government as part of that person's official duties. PRO continues to raise a legal issue whether the involvement of persons from interested constituencies has any effect on Plaintiffs' ownership of the copyrights. For the reasons explained in Plaintiffs' briefing, it does not. Pls. Mem. 10-12; Reply at Part I.B.<br><br>Furthermore, each Plaintiff submitted undisputed evidence that its own employees drafted language for the Works. SMF ¶ 35 (citing O'Brien Decl. ¶¶ 15-39 and Exs. 5-9) (ASTM); *id.* ¶ 117 (citing Pauley Decl. ¶¶ 38-40 and Dubay Dep. 54:19-56:12; 66:20-67:12; 69:2-18) (NFPA); and *id.* ¶¶ 138-41 (citing Reiniche Decl. ¶¶ 10-11 and Reiniche Dep. 35:23-38:2; 97:13-98:19) (ASHRAE). It is also undisputed that Plaintiffs oversee, coordinate, and manage the standards development process in accordance with Plaintiffs' policies, and that the persons from various interested constituencies who contribute to the standard-development process do so for Plaintiffs and within Plaintiffs' standards-development procedures. SMF ¶¶ 28-37, 39, 109-19, 135-41. Not one of those persons or anyone they work for or with whom they are affiliated contends that they, rather than Plaintiffs, owns all or any part of one of the Works at issue. *E.g.*, O'Brien Decl. III ¶¶ 6-7; Pauley Decl. ¶ 28; Reiniche Decl. ¶ 12. |

| Plaintiffs' Statement of Material Facts | Defendant Public Resource's Response | Plaintiffs' Response |
|---|---|---|
| | | PRO's statement "the standards at issue are not subject to copyright" is a legal argument and the citations to SSSMF ¶¶ 196-224 does not support that argument.<br><br>Defendant does not dispute that the copyright registrations for the standards appearing in bold in Annex A were effective within 5 years of the date of first publication and thus, under 17 U.S.C. 410(c), constitute prima facie evidence of the valid copyright in ASTM's standards and its work for hire authorship and ownership of the Standards at Issue. ECF No. 201 ("Pls. 2d. Supp. SMF") ¶ 7. The record also reflects that ASTM employees are involved in drafting certain components of "every ASTM standard," Declaration of Thomas O'Brien, previously filed at Dkt. 118-7, ("O'Brien Decl.") ¶¶ 15-39, Exs. 5-9, and that ASTM members assign and have retroactively assigned their copyrights in the standards to ASTM and ASTM is not aware of any third party that claims copyright in any of the Standards at Issue, O'Brien Decl. ¶¶ 12, 40-49, Exs. 10-13.<br><br>PRO's cited evidence relies on ASTM standards that Plaintiffs did not move on, including D323-58, which are irrelevant to the motion. *Compare* Appendix A *with* ECF No. 203-2 (Def.'s SSSMF) ¶¶ 197, 205. |
| 2. Specifically, ASTM is the claimant for the works appearing in Annex A (collectively, the "ASTM Standards"). Wise Decl. ¶¶ 2, 31-150, Exs. 30-149; O'Brien Decl. ¶¶ 5- 12, Exs. 1-4. | | Undisputed. |

| Plaintiffs' Statement of Material Facts | Defendant Public Resource's Response | Plaintiffs' Response |
|---|---|---|
| 3. Each and every standard, edition, title, year of the Annual ASTM Book of Standards ("BOS"), and copyright registration number appearing in Annex A is true and correct as shown in the corresponding exhibits. Wise Decl. ¶¶ 2-150, Exs.1-149; O'Brien Decl. ¶¶ 5-12, Exs. 1-4. | Disputed to the extent that ASTM's copyright registrations falsely state that it owns the copyright to anything other than a thin compilation of the standards, and disputed to the extent that ASTM's copyright registrations otherwise falsely assert that the standards are works made for hire. SSSMF ¶ 196-224. | PRO's reliance on non-responsive and irrelevant evidence fails to establish a genuine dispute as to a material fact. PRO's legal argument regarding the *import and content of* ASTM's copyright registrations does not identify any error in any standard, edition, title, year of the Annual ASTM Book of Standards (BOS), or copyright registration number listed by ASTM in Annex A.<br><br>Four of the ASTM Works are registered as individual standards that are also works made for hire. ECF No. 198-7, Wise Decl. ¶ 34, Ex. 33 (A106/A106M-04b); ECF No. 198-8, Wise Decl. ¶ 58, Ex. 57 (C150-99a); ECF No. 118-7, O'Brien Decl. ¶ 5, Ex.1 (D87-07); ECF No. 118-7, O'Brien Decl. ¶ 6, Ex. 2 (D975-07).<br><br>For the reasons addressed in response to Paragraph 1, PRO's response fails to raise a genuine issue of material fact. |
| 4. The specified edition of each ASTM Standard identified in Annex A was originally published in the BOS (identified by year) in the corresponding row of Annex A. Wise Decl. ¶¶ 2- 33, 35-57, 59-137, 139-150, Exs. 1-32, 34-56, 58-136, 138-149; O'Brien Decl. ¶¶ 7-12, Exs. 3-4. | | Undisputed. |
| 5. Each BOS identified in Annex A is the subject of the copyright registration identified in the corresponding row of Annex A. Wise Decl. ¶¶ 2-33, 35-57, 59-137, 139-150, Exs. 1-32, 34-56, 58-136, 138-149; O'Brien Decl. ¶¶ 7-12, Exs. 3-4. | | Undisputed. |

| Plaintiffs' Statement of Material Facts | Defendant Public Resource's Response | Plaintiffs' Response |
|---|---|---|
| 6. For each ASTM Standard where no BOS is identified, the standard is the subject of the copyright registration identified in the corresponding row of Annex A. Wise Decl. ¶¶ 34, 58, 138, Exs. 33, 57, 137; O'Brien Decl. ¶¶ 5-6, Exs. 1-2. | Disputed to the extent that ASTM's copyright registrations falsely assert that the standards are works made for hire or that ASTM owns any copyright in the standards at issue. SSSMF ¶ 196-224. | PRO's reliance on non-responsive and irrelevant evidence fails to establish a genuine dispute as to a material fact. PRO's legal argument regarding the *import and content of* ASTM's copyright registrations does not identify any error in any copyright registration listed in Annex A for any ASTM standard where no BOS is identified.<br><br>For the reasons addressed in response to Paragraph 1, PRO's response fails to raise a genuine issue of material fact. |
| 7. The registrations whose numbers appear in bold Annex A were effective within 5 years of the date of first publication identified in the registration certificate. Wise Decl. ¶¶ 2-33, 35-57, 59-65, 67-149, Exs. 1-32, 34-56, 58-148; O'Brien ¶¶ 7-11, Exs. 3-4. | | Undisputed. |
| 8. The published version of each ASTM Standard includes a copyright notice alerting the public to the fact that the copyright is owned by ASTM. O'Brien Decl. ¶ 11. | Disputed. The majority of standards that ASTM published do not bear copyright notices on each standard. See, e.g., ASTM A36-1977ae; ASTM D396-1998 (Exhibit 8 to the O'Brien Declaration, ECF No. 118-7); ASTM D4329-1999. The exhibits attached to the O'Brien declaration appear to be more recent printings of previous ASTM standards that have subsequently had an ASTM | PRO cites to non-responsive and irrelevant evidence, which is insufficient to create a genuine issue of material fact. Dating back to at least 1967 ASTM Book of Standards bore a copyright notice in favor of ASTM. *See* ECF No. 198-6, Wise Decl. ¶ 2, Ex. 1 at 3 (shown below).<br><br>© By American Society for Testing and Materials 1967<br>Library of Congress Catalog Card Number: 40-10712<br><br>ASTM's BOS from 1990—after the Copyright Notice requirement was elimintated as a condition of registration—bears a copyright notice in favor of ASTM. *See* Wise Decl. ¶ 19, Ex. 18 at 3 (shown below). |

| Plaintiffs' Statement of Material Facts | Defendant Public Resource's Response | Plaintiffs' Response |
|---|---|---|
| | copyright notice affixed, when no such copyright notice appeared on earlier publications of the standard. Compare O'Brien Exhibit 9 (ASTM D1217-1993(1998)) with the version of ASTM D1217-1993(1998) that Public Resource purchased, scanned, and produced in discovery. M. Becker Decl. ¶ 149 Ex. 151. Only in recent years has ASTM affixed a copyright notice to each ASTM standard. This copyright notice does not alert the public (or individuals who participated in the creation of the standards) what material ASTM claims copyright over, such as the entire standard, versus component parts of the standard, or simply the formatting used for the final print version. Moreover, this is not a fact, it is an opinion. Mr. O'Brien lacks personal knowledge of what information the public derives from the existence of copyright notices on ASTM standards, and he is not qualified as an expert. | Copyright © by AMERICAN SOCIETY FOR TESTING AND MATERIALS 1990<br>That such a copyright notice does not appear at the bottom page of each standard included within a particular book is irrelevant. Plaintiffs object to ECF No. 122-9, Becker Decl. ¶ 149, Exhibit 151 as incomplete to the extent relies on pages from an ASTM Book of Standards (pages 441-445) to assert that the Book of Standards did not contain a copyright notice.<br><br>Moreover, PRO incorrectly states that ASTM D4329-99 and ASTM A36-1977ae do not bear a copyright notice. *See* Wise Decl. ¶ 150, Ex. 149 (D4329-99 at ASTM001066) (shown below).<br>Copyright © ASTM International.<br><br>*See also* Wise Decl. II ¶ 7, Ex. 179 (showing Copyright Notice from the 1978 Annual Book of ASTM Standards in which ASTM A36-1977ae appears) (shown below).<br>© BY AMERICAN SOCIETY FOR TESTING AND MATERIALS 1978<br>Library of Congress Catalog Card Number: 40-10712<br><br>Regardless, PRO fails to cite specific facts showing that there is a genuine issue for trial because does not dispute that the copyright registrations for the standards appearing in bold in Annex A were effective within 5 years of the date of first publication and thus, under 17 U.S.C. 410(c), constitute *prima facie* evidence of the valid copyright in ASTM's standards and its work for hire authorship and ownership of the ASTM Works. The only copyright registrations without a *prima facie* presumption of validity under 17 U.S.C. § 410(c) pertain to standards first published after March 1, 1989, for which the presence or absence of a copyright notice has no bearing on |

| Plaintiffs' Statement of Material Facts | Defendant Public Resource's Response | Plaintiffs' Response |
| --- | --- | --- |
| | | whether the standard is protected by copyright. *See* Annex A; *see also* 17 U.S.C. § 405.<br><br>Defendant has no basis for opining on what percentage of ASTM standards overall bear copyright notices or when ASTM began placing copyright notices on its standards. Moreover, Defendant mischaracterizes discrete examples (from years after the United States eliminated a notice requirement) to draw an overly broad—and inaccurate statement—that "[o]nly in recent years has ASTM affixed a copyright notice to each ASTM standard."<br><br>Defendant mischaracterizes the statement in Tom O'Brien's declaration that "each of ASTM's standards includes a copyright notice alerting the public . . . to the fact that the copyright is owned by ASTM" as "an opinion." O'Brien Decl. ¶ 11. The witness is knowledgeable about the copyright practices of ASTM because of his position as General Counsel for over 10 years. ASTM incorporates its response to PRO's Objections to Plaintiff's Evidence in Support of Plaintiffs' Motion for Summary Judgment and Permanent Injunction. Previously filed at ECF No. 155-4 ¶ 11. |
| NFPA's Copyrighted Works | Disputed. The NFPA standards at issue are not subject to copyright. | There is no factual dispute. PRO has raised a legal challenge to Plaintiffs' ownership of the copyrights. For the reasons explained in Plaintiffs' briefing, that challenge is meritless. Pls. Mem. 10-12; Reply at Part I.B. |
| 9. NFPA has obtained copyright registration certificates for its 23 standards at issue in this motion, each within five years of publication. Declaration of Dennis | Disputed to the extent that NFPA's copyright registrations falsely state that the standards are works made for hire or that | There is no factual dispute. It is undisputed that Plaintiffs oversee, coordinate, and manage the standards development process in accordance with Plaintiffs' policies, and that the persons from various interested constituencies who contribute |

| Plaintiffs' Statement of Material Facts | Defendant Public Resource's Response | Plaintiffs' Response |
|---|---|---|
| J. Berry, previously filed at Dkt. 118-3, ("Berry Decl.") ¶¶ 2-3, Exs. A-B; Supplemental Declaration of James Pauley Declaration, filed concurrently herewith, ("Supp. Pauley Decl.") ¶¶ 6-24, Exs. W-OO (certificates of registration). | NFPA owns any copyright in the standards at issue. SSSMF ¶ 196-224. | to the standard-development process do so for Plaintiffs and within Plaintiffs' standards-development procedures.  SMF ¶¶ 28-37, 39, 109-119, 135-141.  Not one of those persons or anyone they work for or with whom they are affiliated contends that they, rather than the Plaintiff in issue, owns all or any part of one of the Works at issue.  *E.g.*, O'Brien Decl. III ¶¶ 6-7; Pauley Decl. ¶ 28; Reiniche Decl. ¶ 12.<br><br>For the reasons addressed in response to Paragraph 1, PRO's response fails to raise a genuine issue of material fact. |
| ASHRAE's Copyrighted Works | Disputed. The ASTM standards at issue are not subject to copyright. | There is no factual dispute.  PRO has raised a legal challenge to Plaintiffs' ownership of the copyrights.  For the reasons explained in Plaintiffs' briefing, that challenge is meritless.  Pls. Mem. 10-12; Reply at Part I.B. |
| 10.  ASHRAE has obtained copyright registration certificates for its 3 standards at issue in this motion, each within five years of publication. Declaration of Stephanie Reiniche, previously filed at Dkt. 118-10, ("Reiniche Decl.") ¶ 15, Exs. 3-5. | Disputed to the extent that ASHRAE's copyright registrations falsely state that the standards are works made for hire or that ASHRAE properly owns any copyright in the standards at issue. SSSMF ¶ 196-224. | There is no factual dispute.  It is undisputed that Plaintiffs oversee, coordinate, and manage the standards development process in accordance with Plaintiffs' policies, and that the persons from various interested constituencies who contribute to the standard-development process do so for Plaintiffs and within Plaintiffs' standards-development procedures.  SMF ¶¶ 28-37, 39, 109-119, 135-141.  Not one of those persons or anyone they work for or with whom they are affiliated contends that they, rather than the Plaintiff in issue, owns all or any part of one of the Works at issue.  *E.g.*, O'Brien Decl. III ¶¶ 6-7; Pauley Decl. ¶ 28; Reiniche Decl. ¶ 12.<br><br>For the reasons addressed in response to Paragraph 1, PRO's response fails to raise a genuine issue of material fact. |
| **II.   PRO's Ongoing Infringement of Plaintiffs' Works** | Disputed.  Public Resource has not infringed any works owned | There is no factual dispute.  PRO has raised a legal challenge to Plaintiffs' ownership and a legal defense of fair use.  For the |

| Plaintiffs' Statement of Material Facts | Defendant Public Resource's Response | Plaintiffs' Response |
|---|---|---|
| PRO's Postings To Internet Archive After Remand From the D.C. Circuit | by Plaintiffs. | reasons explained in Plaintiffs' briefing, those legal arguments are meritless. Pls. Mem. 10-37; Reply at Parts I to II. |
| 11. Following the D.C. Circuit remand in July 2018, Defendant Public.Resource.Org ("PRO") "reposted the standards at issue . . . to the Internet Archive" website. Wise Decl. ¶ 165, Ex. 164 at Interrog. 22. | | Undisputed. |
| 12. PRO had previously, at the Court's suggestion (and prior to the injunction), removed Plaintiffs' standards from its website and the Internet Archive website in November 2015. SMF ¶ 186. | Disputed but not material. Public Resource removed the standards at issue because if it did not, the Court would have instituted a summary judgment filing schedule in both this litigation and the sister AERA et al. litigation that would have made it impossible for Public Resource to defend itself, relying on pro bono counsel while the plaintiffs in both cases were represented by five law firms. | There is no factual dispute. PRO has not disputed the accuracy of the statement. |
| A. PRO Did Not Fix The Errors In Its Versions of Plaintiffs' Standards | Disputed for the reasons addressed below. | PRO fails to establish a genuine dispute as to a material fact for the reasons addressed below. |
| 13. During his deposition, Mr. Malamud claimed that if he were notified of any mistakes, he would do a rigorous quality assurance check and correct any mistakes. SMF ¶ 217 (citing Declaration of Jordana Rubel, previously filed at Dkt. 118-12, | | Undisputed. |

| Plaintiffs' Statement of Material Facts | Defendant Public Resource's Response | Plaintiffs' Response |
|---|---|---|
| ("Rubel Decl."). ¶ 6, Ex. 3 (C. Malamud Dep. at 140:19-25). | | |
| 14. Well over three years have passed since Plaintiffs notified Mr. Malamud of errors in his postings. Nonetheless, PRO never corrected most of these mistakes, instead reposting versions of standards which he previously admitted were not acceptable. SMF ¶ 216 (citing Rubel Decl. ¶ 6, Ex. 3 (C. Malamud Dep. at 140:19-141:6)). | Disputed. Mr. Malamud corrected each of the errors identified at his deposition and at the deposition of Public Resource. SSSMF ¶ 178. | PRO fails to establish a genuine dispute as to a material fact. Plaintiffs have attached an exhibit that shows that most of the same errors that were identified at Mr. Malamud's deposition would still be seen by a sighted person who viewed the standard that is currently posted. Wise Decl. ¶ 166, Ex. 165. PRO's reliance on Mr. Malamud's statement that "Errors can also be introduced in the process of transformation to HTML," ECF No. 121-5 ¶ 33, does not support the statement that PRO "corrected each of the errors identified at his deposition." |
| 15. For example, during Mr. Malamud's deposition, Plaintiffs notified him that the HTML version of ASTM D86-07 he had posted contained a number of errors, including text and numbers that differ from the information in the authentic versions of Plaintiffs' standards. SMF ¶ 215 (citing Rubel Decl. ¶ 6, Ex. 3 (C. Malamud Dep. at 127:4-139:8)). | Disputed to the extent that these are not errors in the image that a person reads. These are instances where the optical character recognition software that scanned the text failed to recognize certain characters correctly. When a sighted person pulls up the page, he or she will see the correct text, but a computer may not read it correctly. | PRO fails to establish a genuine dispute as to a material fact. Plaintiffs have attached as an exhibit what a sighted person would see if she viewed the version of the standard that PRO posted. Wise Decl. ¶ 166, Ex. 165. That exhibit shows that most of the same errors that were identified at Mr. Malamud's deposition would still be seen by a sighted person who viewed the standard that is currently posted. |
| 16. PRO has not fixed those errors to its HTML version of ASTM D86-07. Wise Decl. ¶ 166, Ex. 165. | Disputed to the extent that these are not errors in the image that a person reads. These are instances where the optical character recognition software that scanned the text failed to recognize certain characters correctly. When a | PRO fails to establish a genuine dispute as to a material fact. Plaintiffs have attached as an exhibit what a sighted person would see if she viewed the version of the standard that PRO posted. Wise Decl. ¶ 166, Ex. 165. That exhibit shows that most of the same errors that were identified at Mr. Malamud's deposition would still be seen by a sighted person who viewed the standard that is currently posted. |

| Plaintiffs' Statement of Material Facts | Defendant Public Resource's Response | Plaintiffs' Response |
|---|---|---|
| | sighted person pulls up the page, he or she will see the correct text, but a computer may not read it correctly. | |
| 17. Plaintiffs also alerted PRO to a number of errors in the HTML posting of the 2011 edition of the National Electrical Code ("NEC") that distort the meaning of substantive provisions of the standard that were written to protect human safety and prevent property damage, including but not limited to erroneously using the letter "M" (an abbreviation for meters) rather than the letters "I" and "N" (an abbreviation for inches). SMF ¶ 219 (citing Declaration of James Pauley filed at Dkt. 118-8, ("Pauley Decl.") ¶ 54). | Disputed to the extent that these are not errors in the image that a person reads. These are instances where the optical character recognition software that scanned the text failed to recognize certain characters correctly. When a sighted person pulls up the page, he or she will see the correct text, but a computer may not read it correctly. | PRO fails to establish a genuine dispute as to a material fact. Plaintiffs have attached as an exhibit what a sighted person would see if she viewed the version of the standard that PRO posted. Wise Decl. ¶ 167, Ex. 166. That exhibit shows that the same errors Plaintiffs previously identified in PRO's HTML posting of the 2011 NEC would still be seen by a sighted person who viewed the Full Text posting of the 2011 NEC that is currently posted. |
| 18. PRO has not reposted its version of the 2011 NEC in HTML form, but almost all of those precise errors remain in its Full Text posting of the 2011 NEC. Supp. Pauley Decl. ¶ 39; Wise Decl. ¶ 167, Ex. 166. | Disputed to the extent that these are not errors in the image that a person reads. These are instances where the optical character recognition software that scanned the text failed to recognize certain characters correctly. When a sighted person pulls up the page, he or she will see the correct text, but a computer may not read it correctly. | PRO fails to establish a genuine dispute as to a material fact. Plaintiffs have attached as an exhibit what a sighted person would see if she viewed the version of the standard that PRO posted. Wise Decl. ¶ 167, Ex. 166. That exhibit shows that the same errors Plaintiffs previously identified in PRO's HTML posting of the 2011 NEC would still be seen by a sighted person who viewed the Full Text posting of the 2011 NEC that is currently posted. |

| Plaintiffs' Statement of Material Facts | Defendant Public Resource's Response | Plaintiffs' Response |
|---|---|---|
| 19. PRO has not made meaningful changes to the process it previously used to rekey text, convert graphics, reset mathematical formulas or otherwise make change its quality control measures. Wise Decl. ¶ 165, Ex. 164 at Interrog. 22. | Disputed. Public Resource provided a five-page response to Plaintiffs' interrogatory no. 22, detailing all of the changes that Public Resource has made to its process and the documents that it posts online, and linking to three documents that Public Resource produced that discuss the process it now uses for documents it posts online. Dkt. 198-48 at p. 27-32. Among several issues, Public Resource described its use of cryptographic signatures for verification, and its use of errata for correcting errors that were in the versions of standards as published by NFPA. *Id.* | PRO fails to establish a genuine dispute as to a material fact. The bulk of PRO's interrogatory response was directed to issues unrelated to its process of rekeying text, converting graphics, resetting mathematical formulas, or other quality control measures. *E.g.*, Wise Decl. ¶ 165, Ex. 164 at Interrog. 22, pp. 26-28 (objecting to interrogatory); *id.* at pp. 28-29 (describing disclaimers).<br><br>PRO points to three comments it submitted in connection with administrative rulemakings, but these were all submitted in 2015, *id.* at p. 30—*i.e.*, they do not describe "changes" PRO has made since the Court's previous summary judgment order.<br><br>PRO also identifies Internet Archive's use of cryptographic digital signatures, but this is a measure that Internet Archive offers to "allow a user to verify that the document has not been altered since Public Resource posted it." *Id.* at p. 30. These signatures are not part of PRO's process of converting standards, nor a mechanism PRO uses to ensure the standards it posts do not contain errors.<br><br>PRO also notes that it posts copies of errata that Plaintiffs issue to amend their standards. *Id.* at 31. This is not part of PRO's process of converting standards, nor a mechanism PRO uses to ensure the standards it posts do not contain errors. |
| 20. PRO acknowledges that Plaintiffs (or governmental authorities), not PRO, are the definitive source for accurate copies of the Plaintiffs' standards by directing readers "to check with the standards organizations or governmental authorities for further information and access to definitive | Disputed: Public Resource acknowledges that Plaintiffs are the definitive source of the standards, but to the extent the standards have been corrected or amended without the corrections or amendments being | There is no factual dispute. PRO has not disputed the accuracy of the statement. |

| Plaintiffs' Statement of Material Facts | Defendant Public Resource's Response | Plaintiffs' Response |
|---|---|---|
| versions of these important laws." *See, e.g.*, Wise Decl. ¶ 168, Ex. 167. | incorporated by reference into law they are not definitive versions of the laws. | |
| **A. PRO Continues To Use Plaintiffs' Marks** | Disputed to the extent that Plaintiffs refer to any use other than nominative fair use. | There is no factual dispute. PRO has raised a legal defense of nominative fair use. For the reasons explained in Plaintiffs' briefing, that legal argument is meritless. Pls. Mem. 31-37; Reply at Part II. |
| 21. PRO stated that it removed all of Plaintiffs' logos from PRO's copies of Plaintiffs' Works. Wise Decl. ¶ 165, Ex. 164 at Interrog. 22. | | Undisputed. |
| 22. As depicted below, PRO has in some instances "blacked out" Plaintiffs' logos, but has typed Plaintiffs' word marks, combined with the phrase "Logo Removed," over the redacted area.<br>ASTM Logo Removed<br>Wise Decl. Wise Decl. 153, Ex. 152 at 180. | Disputed to the extent that Plaintiffs suggest that this constitutes a "logo," or that Public Resource has engaged in anything other than nominative fair use by referring to the fact that it redacted the ASTM logo. | There is no factual dispute. PRO does not dispute that it uses Plaintiffs' word marks typed over the redacted logo.<br><br>Defendant's response is vague and ambiguous and appears to misunderstand the evidence (Plaintiffs are not arguing that PRO's "blacking out" of the logo is itself a logo). Defendant points to no evidence that contradicts the evidence cited in Wise Decl. ¶ 153, Ex. 152 at 180.<br><br>To the extent Defendant's argument is that it what it removed does not constitute a "logo," that is contradicted by the language that it typed over the redacted material, i.e., "ASTM *Logo* Removed" (emphasis added).<br><br>For example, Wise Decl. ¶ 153, Ex. 152 shows the version of A502-76 that PRO modified, reproduced and displayed.<br><br>ASTM's A502-76 bears the ASTM logo in the upper left corner of the first page. Wise Decl. ¶ 150, Ex. 149 at |

| Plaintiffs' Statement of Material Facts | Defendant Public Resource's Response | Plaintiffs' Response |
| --- | --- | --- |
| | | ASTM000304 (shown below). PRO fails to explain why this does not constitute a logo.<br><br>PRO has raised a legal defense of whether its redactions constitute nominative fair use. For the reasons explained in Plaintiffs' briefing, that legal argument is meritless. Pls. Mem. 31-37; Reply at Part II. |
| 23. However, Internet Archive postings show that not all of Plaintiffs' logos have been removed, and PRO has not removed Plaintiffs' word marks. For example, PRO has not removed the NEC logo for at least the 2011 and 2014 editions of the NEC or any of the word marks: | Disputed to the extent that the NEC logo is not a logo of Plaintiffs' name, and the instances Plaintiffs complain of are instances where the logo is used in decorative fashion, not as a source identifier. | There is no factual dispute. PRO does not dispute that its postings include the NEC logo, which is trademarked intellectual property of NFPA. *See* Berry Decl. ¶ 9, Ex. I (attaching trademark registration). PRO's "decorative fashion" explanation is not supported by any facts. |

| Plaintiffs' Statement of Material Facts | Defendant Public Resource's Response | Plaintiffs' Response |
|---|---|---|
| Wise Decl. ¶ 169, Ex. 168; Supp. Pauley Decl. ¶ 32. | | |
| 24. Similarly, PRO's Internet Archive postings continue in some instances to display the ASTM Logo, as depicted below.<br>An American National Standard<br>Designation: D 86 – 07<br>**Standard Test Method for Distillation of Petroleum Products at Atmospheric Pressure[1]**<br>This standard is issued under the fixed designation D 86; the number immediately following the designation indicates the year of original adoption or, in the case of revision, the year of last revision. A number in parentheses indicates the year of last reapproval A superscript epsilon (ϵ) indicates an editorial change since the last revision or reapproval.<br>*This standard has been approved for use by agencies of the Department of Defense.*<br>Wise Decl. ¶ 166, Ex. 165 | Disputed to the extent that Plaintiffs have only identified a single incident where Public Resource overlooked an ASTM logo. | PRO fails to establish a genuine dispute as to a material fact. Plaintiffs identified one of PRO's postings that continues to display the ASTM logo as an example, and PRO has not disputed that this posting continues to display the posting. Defendant points to no evidence that contradicts the evidence showing PRO's wholesale reproduction of ASTM's logo as cited in Wise Decl. ¶ 166, Ex. 165. PRO misleadingly suggests that because ASTM only included one example that there was only a "single incident." This is not the case. 3d Supp. SMF ¶ 8, Ex. 177 (showing ASTM's logo on the HTML version of ten other ASTM Works). Additionally, PRO has not taken down HTML versions bearing the ASTM Logo since ASTM filed its brief in October. 3d Supp. *Id.* (showing the ASTM logo still unredacted and displayed in connection with ASTM D86-07 on December 11, 2019). |
| 25. And even where PRO has redacted the ASTM logo, PRO has not in any instance redacted the ASTM word mark. Wise Decl. ¶ 153, Ex. 152. | Disputed to the extent that Plaintiffs incorrectly imply that Public Resource had said it had redacted ASTM's name from the incorporated documents. | There is no factual dispute. PRO has not disputed the accuracy of the statement. Defendant points to no evidence that contradicts the evidence cited in Wise Decl. ¶ 153, Ex. 152. |
| **B. PRO Changes To Its "Disclaimers" Are Insufficient** | Disputed for the reasons addressed below; moreover, this is argument and not a statement of fact. | PRO fails to establish a genuine dispute as to a material fact for the reasons addressed below. |

| Plaintiffs' Statement of Material Facts | Defendant Public Resource's Response | Plaintiffs' Response |
| --- | --- | --- |
| 26. PRO's "disclaimers" take three forms. The first appears on the cover page of PDF copies of Plaintiffs' Works posted by PRO, as depicted below. | | Undisputed |

| Plaintiffs' Statement of Material Facts | Defendant Public Resource's Response | Plaintiffs' Response |
|---|---|---|
| Wise Decl. Wise Decl. ¶ 153, Ex. 152 at 180; Wise Decl. ¶ 168, Ex. 167 at 6. | | |
| 27. The second disclaimer appears "below the fold" of the Internet Archive webpage; a reader must scroll past the PDF copy of the standard to see the disclaimer at all. Wise Decl. ¶ 168, Ex. 167 at 6. | Disputed to the extent that the portion of the second disclaimer that is visible as soon as the page is loaded depends on the size of the viewer's computer screen and the dimensions of the browser window. | PRO fails to establish a genuine dispute as to a material fact. Defendants offers unsupported testimony about the page load size. Defendant points to no evidence that contradicts the evidence cited in Wise Decl. ¶ 168, Ex. 167 at 6. |
| 28. Finally, PRO's HTML-format copies of Plaintiffs' standards—which are available for download on the Internet Archive Website—contain the following "disclaimer," in the form of a "PREAMBLE (NOT PART OF THE STANDARD)":<br><br>Wise Decl. ¶ 166, Ex. 165. | | Undisputed. |
| 29. This "disclaimer" appears in approximately the same typeface and size as the rest of the document. *Id.* | | Undisputed. |
| **III. PRO'S FAILURE TO FOLLOW THE D.C. CIRCUIT'S DECISION**<br>PRO's Essentially Did Nothing In Response To The D.C. Circuit Decision | Disputed. Plaintiffs' statement is argumentative and dismisses the work that Public Resource performed after the Court of Appeals' decision. | PRO fails to establish a genuine factual dispute for the reasons addressed below. |

| Plaintiffs' Statement of Material Facts | Defendant Public Resource's Response | Plaintiffs' Response |
| --- | --- | --- |
| 30. Plaintiffs' interrogatories asked PRO to identify the authority and portions of standards that it contended impose binding legal obligations; but PRO did not do any analysis to determine "with specificity each portion(s) of the Standard at Issue that PRO asserts imposes a legal obligation on an individual or entity." *See generally* Wise Decl. ¶ 165, Ex. 164 at Interrogs. 17-21. | Disputed. Public Resource identified where in federal or state regulations each standard at issue had been incorporated into law in their entirety (as opposed to incorporations of parts of those documents), and the complete document is therefore binding law. Plaintiffs' interrogatory requests called for legal conclusions, and although Plaintiffs may disagree with Public Resource on the scope and effect of the law, that does not mean that Public Resource "did not do any analysis." | PRO fails to establish a genuine dispute as to a material fact. PRO has presented a theory of incorporation by reference under which any time a federal agency IBR's a standard, without specifying a particular portion of the standard, each and every word of that standard is binding and necessary to comply with the law. As explained in Plaintiffs' briefing, PRO has not presented factual support to show that agencies actually operate in this way or that the regulations have that legal effect (they do not). Reply at Part I.A.1.a. And, as Plaintiffs' briefing explains, as a legal matter, this theory of incorporation is irreconcilable with the D.C. Circuit's decision. Reply at Part I.A.1.a.<br><br>PRO has not presented a similar theory—or factual or legal support for one—with respect to state incorporation by reference.<br><br>PRO does not dispute that Plaintiffs' interrogatories asked it to identify "with specificity each portion" of the Standards at Issue that it contended impose binding legal obligations. PRO disputes only the assertion that it "did not do any analysis" to determine which portions of the Standards at Issue impose a legal obligation, but, at a minimum, PRO's interrogatory responses did not disclose any such analysis. Moreover, as explained in further detail below, PRO's position that each Standard at Issue has been "incorporated into law in [its] entirety," is contrary to the undisputed record evidence.<br><br>Whether PRO has done some analysis is not material because the analysis PRO asserts it has completed does not address the legal test mandated by the D.C. Circuit. |

| Plaintiffs' Statement of Material Facts | Defendant Public Resource's Response | Plaintiffs' Response |
| --- | --- | --- |
| 31. PRO disavowed any obligation to do any analysis of the standards to support its fair use defense: "The entirety of each standard listed [at issue in this litigation] is incorporated by reference into the law. Public Resource is not an attorney and does not provide legal advice, and cannot provide advice regarding what legal obligations an individual or entity may face as a result of hundreds of different federal, state, and local laws." Wise Decl. ¶ 165, Ex. 164 at Interrog. 19. | Disputed. Public Resource performed an analysis and determined that where the entire standard document had been made law through incorporation, unlike instances where just a portion of a standard document is made law, then providing the entirety of the law is warranted. | PRO fails to establish a genuine dispute as to a material fact. PRO has presented a theory of incorporation by reference under which any time a federal agency IBR's a standard, without specifying a particular portion of the standard, each and every word of that standard is binding and necessary to comply with the law. As explained in Plaintiffs' briefing, PRO has not presented factual support to show that agencies actually operate in this way or that the regulations have that legal effect (they do not). Reply at Part I.A.1.a. And, as Plaintiffs' briefing explains, as a legal matter, this theory of incorporation is irreconcilable with the D.C. Circuit's decision. Reply at Part I.A.1.a.<br><br>PRO has not presented a similar theory—or factual or legal support for one—with respect to state incorporation by reference.<br><br>Defendant does not dispute that its response to Plaintiffs' interrogatories requesting it to identify "with specificity each portion(s) of the Standard at Issue that PRO asserts imposes a legal obligation" was to assert that it "does not provide legal advice" and could not "provide advice regarding what legal obligations an individual or entity may face." PRO disputes only whether it "performed an analysis," but it indisputably did not disclose any such analysis in its interrogatory responses. Moreover, as explained in further detail below, PRO's contention that "the entire standard document" for each Standard at Issue was made law is contrary to the undisputed record evidence.<br><br>Whether PRO has done some analysis is not material because the analysis PRO asserts it has completed does not address the legal test mandated by the D.C. Circuit. |

| Plaintiffs' Statement of Material Facts | Defendant Public Resource's Response | Plaintiffs' Response |
|---|---|---|
| 32. In response to Plaintiffs' interrogatories regarding PRO's basis for copying and distributing every portion of Plaintiffs' standards "verbatim," PRO explained that "[t]he entirety of each standard [at issue in this litigation] is incorporated by reference into the law, and it is therefore necessary to reproduce the entire standard verbatim in order to accurately state what the law is." Wise Decl. ¶ 165, Ex. 164 at Interrog. 21.[3] | Disputed to the extent that Plaintiffs footnote no. 3 raises an issue that is not before this Court. Plaintiffs never asked Public Resource whether it would post a standard that is referenced within a standard that is made law through incorporation, and Public Resource has never posted a standard on this basis or asserted that it would. | There is no factual dispute. PRO has not disputed the accuracy of the statement. |
| **A. PRO Has Failed to Identify Correct Citations That Incorporate The Works By Reference**<br>Incorrect Citations re: ASTM's Standards | Disputed. Plaintiffs' statement is argumentative and dismisses the work that Public Resource performed to identify the incorporations. | There is no factual dispute. PRO has not disputed the accuracy of the statement. |
| 33. ASTM standards are reviewed on a 5 year schedule. Declaration of James Thomas, previously filed at Dkt. 118-11, ("James Thomas Decl.") ¶ 33. ASTM publishes an Annual Book of ASTM Standards that is composed of a number of volumes and includes the then-current version of each of its standards. O'Brien Decl. ¶ 7. | | Undisputed. |

[3] Standards often incorporate other standards by reference. *See infra* ¶ 69. PRO's answer does not explain how it would distinguish between standards that are incorporated by reference directly by a regulation and the numerous additional standards that are incorporated by reference within the standards of other related standards.

| **Plaintiffs' Statement of Material Facts** | **Defendant Public Resource's Response** | **Plaintiffs' Response** |
| --- | --- | --- |
| 34. Each ASTM standard has a unique designation comprised of a capital letter classification A-G which designates the general classification of the standard (*e.g.*, standards beginning with "A" address ferrous metals). O'Brien Decl. Ex. 3 at 1349. | | Undisputed. |
| 35. In each serial designation, the number following the dash indicates the year of original adoption as a standard, or the year of the standard's last revision. *Id*. Standards that have been reapproved without change are indicated by the year of last reapproval in parentheses as part of the designation number (*e.g.*, C5-79 (1997) indicates that C5 was reapproved in 1997). *Id*. A letter following this number indicates more than one revision during that year (*e.g.*, A106-04b indicates the second revision in 2004 to A106). *Id*. A superscript epsilon indicates an editorial change since the last revision or reapproval (*e.g.*, A36-97a$^{e1}$ indicates the first editorial revision of the 1997 version of A36). *Id*. If a standard is written in acceptable metric units, the metric version is indicated by the letter M (*e.g.*, A369M-92 indicates that this version of A389 contains metric units). *Id*. When ASTM publishes standards in metric and inch-pound units it identifies the standard with a dual designation (*e.g.*, ASTM A369/A369M-92 | | Undisputed. |

| Plaintiffs' Statement of Material Facts | Defendant Public Resource's Response | Plaintiffs' Response |
|---|---|---|
| identifies a dual standard). *Id.* Regulations like the Code of Federal Regulations typically identify ASTM standards according to this specific designation number. For example, 40 C.F.R. § 114.600 specifies the edition of the ASTM standards incorporated by reference in 46 C.F.R. § 119.440, including B122/B122M- 95 and B96-93. *See* 40 C.F.R. § 114.600. | | |
| 36. As discussed in detail below, PRO has reproduced and displayed at least 92 standards that have not been incorporated by the regulation(s) it identifies in its cover sheets: | Disputed. For 75 of the 92 ASTM standards identified below, Plaintiffs previously admitted in their response to Public Resource's Interrogatory No. 1 that these editions of these standards were incorporated by reference into law. Plaintiffs cannot now deny their prior sworn statement. Incorporations for the standards at issue can be found at the IBR Reference Tables at Becker Decl. ¶¶ 56-58, Exs. 89-91.<br><br>Plaintiffs appear to be using a sleight of hand. Because the standards at issue were posted years ago, before this lawsuit began in 2013, the citations Public Resource listed on its cover sheets at the time that it posted the standards were to | PRO fails to establish a genuine dispute as to a material fact. It is undisputed that PRO has reproduced and displayed at least 92 standards that are not incorporated by the regulations(s) it identified in its cover sheets. PRO's reference to its IBR Reference Tables does not dispute the accuracy of Plaintiffs' statement.<br><br>PRO mischaracterizes ASTM's response to PRO's Interrogatory No. 1 to assert that ASTM admitted that certain standards were incorporated by reference into law. However, ASTM stated that it had "reason to believe" certain ASTM standards identified in a chart attached as Exhibit A to ASTM's response to Interrogatory No. 1 were "incorporated by reference by a Legal Authority." ECF No. 204-60 at 7-8 (Response to Interrog. 1). ASTM did not admit that the standards referenced in the chart were in fact incorporated by reference into law nor did it concede that the standards were incorporated by the regulation(s) PRO identified in its cover sheets.<br><br>Furthermore, Defendant's assertion that the citations it identified as the incorporated by reference regulations are to |

| Plaintiffs' Statement of Material Facts | Defendant Public Resource's Response | Plaintiffs' Response |
| --- | --- | --- |
| | earlier versions of the Code of Federal Regulations. Although those citations may no longer reflect the current C.F.R., this does not change the fact that the standards were incorporated by reference into law. However, Plaintiffs' phrasing ("have not been incorporated") falsely suggests that these standards were not incorporated into law, or that they are not currently incorporated into law elsewhere. | an earlier version of the C.F.R. neglects that 56 of these had been amended or superceded *before* PRO posted the standards, undermining its fair use argument under the D.C. Circuit's guidance to look to the "direct legal effect on any private party's conduct." *ASTM II*, 896 F.3d at 443. Moreover, numerous regulations PRO identified do not identify the edition of the ASTM Work that PRO reproduced and displayed. As addressed in Paragraph 36.a., PRO's assertion that its inability to identify the correct version of the standard incorporated by reference in the C.F.R. is immaterial ignores the D.C. Circuit's opintion, *ASTM II*, 896 F.3d at 450, and PRO's burden to prove each standard has been IBR'd.<br><br>PRO's statement that the standards were incorporated into law at the time PRO posted them in 2012 is also unsupported by the record evidence. *See* Becker Decl. Ex. 90 (showing more than 20% of the citations to the C.F.R. that PRO identifies as the incorporating reference were not promulgated until after the lawsuit; *see also* Wise Decl. II ¶ 4, Ex. 176 (showing that 56 of the cited regulations were amended prior to PRO's postings). |
| a. **ASTM A36 (1977a$^{e}$)**: PRO identifies 24 C.F.R. § 200 as the incorporating by reference regulation. Wise Decl. ¶ 153, Ex. 152 at 1. However, 24 C.F.R. § 200 does not reference this standard. | Disputed. In Exhibit A to their response to Public Resource's Interrogatory No. 1 on March 24, 2014, Plaintiffs identified this edition of this standard as having been incorporated by reference into law. Plaintiffs now deny it without explanation. Immaterial: whether Public Resource has accurately identified the incorporating provision does not affect whether it engages in fair | PRO fails to establish a genuine dispute as to a material fact. PRO does not dispute that it identified 24 C.F.R. § 200 as the incorporating by reference regulation or that 24 C.F.R. § 200 does not reference ASTM 36 (1977a$^{e}$). Defendant's sole "dispute" is to mischaracterize ASTM's response to PRO's Interrogatory No. 1 to assert that ASTM admitted a fact that (1) it did not admit, and (2) is unsupported by the record evidence.<br><br>PRO's assertion that its inability to identify the correct version of the standard incorporated by reference in the C.F.R. is |

| Plaintiffs' Statement of Material Facts | Defendant Public Resource's Response | Plaintiffs' Response |
| --- | --- | --- |
| | use. | immaterial ignores the D.C. Circuit's statement that: "Homing in on this inquiry may also illuminate *which particular version of a standard may fairly be reproduced*. Recall that a qualifying power source for tank barges must meet "[National Electrical Code], Articles 406.9 and 501-145." This incorporation might justify reproducing that portion of the 2011 National Electrical Code, the one incorporated in the power source regulation . . . but not the 2014 edition, also at issue in this appeal but not so incorporated." *Am. Soc'y for Testing & Materials, v. Public.Resource.Org, Inc.*, 896 F.3d 437, 450 (D.C. Cir. 2018) ("*ASTM II*") (internal citations omitted) (emphasis added).<br><br>The suggestion that such an error is immaterial further ignores the fact that PRO's claims that it "aims to do one simple, important thing: to provide a complete database of laws and regulations." ECF No. 202-2 ("Opp.") 1. When faced with the undisputed and material fact that it failed to cite any law that referenced many ASTM standards at issue in this case, PRO's response is that its error is "very close" or almost "relevant law," Opp. 6 n.3. PRO's assertion that almost relevant law justifies wholesale copying of the Works is likewise unacceptable and insufficient to meet PRO's burden that the ASTM Works have been incorporated by reference. |
| b. **ASTM A36/A36M (1997a$^{e1}$)**: PRO identifies 46 C.F.R. § 160.035-3(b)(2) as the incorporating by reference regulations. Wise Decl. ¶ 153, Ex. 152 at However, 46 C.F.R.§ 160.035 was removed and reserved. *See* 76 FR 62962, 62975, Oct. 11, 2011. | Disputed. In Exhibit A to their response to Public Resource's Interrogatory No. 1 on March 24, 2014, Plaintiffs identified this edition of this standard as having been incorporated by reference into law. Plaintiffs now deny it without explanation. Immaterial: | PRO fails to establish a genuine dispute as to a material fact. PRO does not dispute that it identified 46 C.F.R. § 160.035-3(b)(2) as the incorporating by reference regulation or that 46 C.F.R. § 160.035-3(b)(2) was removed and reserved, such that it cannot serve as the incorporating by reference regulation for ASTM A36/A36M (1997a$^{e1}$). Defendant's sole "dispute" is to mischaracterize ASTM's response to PRO's Interrogatory No. 1 to assert that ASTM admitted a fact that (1) it did not admit, |

| Plaintiffs' Statement of Material Facts | Defendant Public Resource's Response | Plaintiffs' Response |
| --- | --- | --- |
| | whether Public Resource has accurately identified the incorporating provision does not affect whether it engages in fair use. | and (2) is unsupported by the record evidence.<br><br>For the same reasons explained in Paragraph 36.a., PRO's assertion that its inability to identify the correct version of the standard incorporated by reference in the C.F.R. is immaterial ignores the D.C. Circuit's opintion, *ASTM II*, 896 F.3d at 450 and PRO's burden to prove each standard has been IBR'd. |
| c. **ASTM A82 (1979):** PRO identifies 24 C.F.R. § 200, Subpart S as the incorporating by reference regulation. Wise Decl. ¶ 151, Ex. 150 at PRO_ 00092094; Wise Decl. ¶ 165, Ex. 164 at Interrog. 19; Wise Decl. ¶ 153, Ex. 152 at 12. However, 24 C.F.R. § 200, Subpart S does not reference this standard. | Disputed. In Exhibit A to their response to Public Resource's Interrogatory No. 1 on March 24, 2014, Plaintiffs identified this edition of this standard as having been incorporated by reference into law. Plaintiffs now deny it without explanation. Immaterial: whether Public Resource has accurately identified the incorporating provision does not affect whether it engages in fair use. | PRO fails to establish a genuine dispute as to a material fact. PRO does not dispute that it identified 24 C.F.R. § 200, Subpart S as the incorporating by reference regulation or that 24 C.F.R. § 200, Subpart S does not reference ASTM A82 (1979). Defendant's sole "dispute" is to mischaracterize ASTM's response to PRO's Interrogatory No. 1 to assert that ASTM admitted a fact that (1) it did not admit, and (2) is unsupported by the record evidence.<br><br>For the same reasons explained in Paragraph 36.a., PRO's assertion that its inability to identify the correct version of the standard incorporated by reference in the C.F.R. is immaterial ignores the D.C. Circuit's opintion, *ASTM II*, 896 F.3d at 450 and PRO's burden to prove each standard has been IBR'd. |
| d. **ASTM A106/A106 M (2004b):** PRO identifies 49 C.F.R §. 192.113 as the incorporating by reference regulation. Wise Decl. ¶ 151, Ex. 150 at PRO_ 00079099; Wise Decl. ¶ 165, Ex. 164 at Interrog. 19. However, 49 C.F.R. § 192.113 references ASTM A106, not ASTM A106/A106 M (2004b). And 49 C.F.R. § 192.7, which identifies standards incorpotaed by reference, references the 2010 version of | Disputed. ASTM A106/A106 M (2004b) is incorporated by reference at 49 C.F.R. § 192.7 (2010). Immaterial: whether Public Resource has accurately identified the incorporating provision does not affect whether it engages in fair use. | PRO fails to establish a genuine dispute as to a material fact. PRO does not dispute that it identified 49 C.F.R §. 192.113 as the incorporating by reference regulation, that 49 C.F.R §. 192.113 does not reference ASTM A106/A106 M (2004b), or that 49 C.F.R. § 192.7 references the 2010 version, not the 2004b version.<br><br>For the same reasons explained in Paragraph 36.a., PRO's assertion that its inability to identify the correct version of the standard incorporated by reference in the C.F.R. is immaterial |

| Plaintiffs' Statement of Material Facts | Defendant Public Resource's Response | Plaintiffs' Response |
|---|---|---|
| ASTM A106/A106 M, not the 2004b version. | | ignores the D.C. Circuit's opintion, *ASTM II*, 896 F.3d at 450 and PRO's burden to prove each standard has been IBR'd. |
| e. **ASTM A184 (1979):** PRO identifies 24 C.F.R. § 200, Subpart S as the incorporating by reference regulation. ¶ 153, Ex. 152 at 18. However, 24 C.F.R. § 200, Subpart S does not reference this standard. | Disputed. In Exhibit A to their response to Public Resource's Interrogatory No. 1 on March 24, 2014, Plaintiffs identified this edition of this standard as having been incorporated by reference into law. Plaintiffs now deny it without explanation. Immaterial: whether Public Resource has accurately identified the incorporating provision does not affect whether it engages in fair use. | PRO fails to establish a genuine dispute as to a material fact. PRO does not dispute that it identified 24 C.F.R. § 200, Subpart S as the incorporating by reference regulation or that 24 C.F.R. § 200, Subpart S does not reference ASTM A184 (1979). Defendant's sole "dispute" is to mischaracterize ASTM's response to PRO's Interrogatory No. 1 to assert that ASTM admitted a fact that (1) it did not admit, and (2) is unsupported by the record evidence.<br><br>For the same reasons explained in Paragraph 36.a., PRO's assertion that its inability to identify the correct version of the standard incorporated by reference in the C.F.R. is immaterial ignores the D.C. Circuit's opintion, *ASTM II*, 896 F.3d at 450 and PRO's burden to prove each standard has been IBR'd. |
| f. **ASTM A185 (1979):** PRO identifies 24 C.F.R. § 200, Subpart S as the incorporating by reference regulation. Wise Decl. ¶ 151, Ex. 150 at PRO_ 00080317; Wise Decl. ¶ 165, Ex. 164 at Interrog. 19; Wise Decl. ¶ 153, Ex. 152 at 23. However, 24 C.F.R. § 200, Subpart S does not reference this standard. | Disputed. In Exhibit A to their response to Public Resource's Interrogatory No. 1 on March 24, 2014, Plaintiffs identified this edition of this standard as having been incorporated by reference into law. Plaintiffs now deny it without explanation. Immaterial: whether Public Resource has accurately identified the incorporating provision does not affect whether it engages in fair use. | PRO fails to establish a genuine dispute as to a material fact. PRO does not dispute that it identified 24 C.F.R. § 200, Subpart S as the incorporating by reference regulation or that 24 C.F.R. § 200, Subpart S does not reference ASTM A185 (1979). Defendant's sole "dispute" is to mischaracterize ASTM's response to PRO's Interrogatory No. 1 to assert that ASTM admitted a fact that (1) it did not admit, and (2) is unsupported by the record evidence.<br><br>For the same reasons explained in Paragraph 36.a., PRO's assertion that its inability to identify the correct version of the standard incorporated by reference in the C.F.R. is immaterial ignores the D.C. Circuit's opintion, *ASTM II*, 896 F.3d at 450 and PRO's burden to prove each standard has been IBR'd. |

| Plaintiffs' Statement of Material Facts | Defendant Public Resource's Response | Plaintiffs' Response |
| --- | --- | --- |
| g. **ASTM A203/A203 M (1997):** PRO identifies 46 C.F.R. § 54.05-20(b) as the incorporating by reference regulation. ¶ 153, Ex. 152 at 31. However, 46 C.F.R. § 54.05-20(b) references ASTM A 203/A 203M-97(Reapproved 2007)[e1], not ASTM A203/A203 M (1997). | Disputed. In Exhibit A to their response to Public Resource's Interrogatory No. 1 on March 24, 2014, Plaintiffs identified this edition of this standard as having been incorporated by reference into law. Plaintiffs now deny it without explanation. Immaterial: whether Public Resource has accurately identified the incorporating provision does not affect whether it engages in fair use. | PRO fails to establish a genuine dispute as to a material fact. PRO does not dispute that it identified 46 C.F.R. § 54.05-20(b) as the incorporating by reference regulation or that 46 C.F.R. § 54.05-20(b) references ASTM A 203/A 203M-97 (Reapproved 2007)e1, not ASTM A203/A203 M (1997). Defendant's sole "dispute" is to mischaracterize ASTM's response to PRO's Interrogatory No. 1 to assert that ASTM admitted a fact that (1) it did not admit, and (2) is unsupported by the record evidence.<br><br>For the same reasons explained in Paragraph 36.a., PRO's assertion that its inability to identify the correct version of the standard incorporated by reference in the C.F.R. is immaterial ignores the D.C. Circuit's opintion, *ASTM II*, 896 F.3d at 450 and PRO's burden to prove each standard has been IBR'd. |
| h. **ASTM A242 (1979)**: PRO identifies 24 C.F.R. § 200, Subpart S as the incorporating by reference regulation. Wise Decl. ¶ 151, Ex. 150 at PRO_ 00082342; Wise Decl. ¶ 165, Ex. 164 at Interrog. 19; Wise Decl. ¶ 153, Ex. 152 at 36. However, 24 C.F.R. § 200, Subpart S does not reference this standard. | Disputed. In Exhibit A to their response to Public Resource's Interrogatory No. 1 on March 24, 2014, Plaintiffs identified this edition of this standard as having been incorporated by reference into law. Plaintiffs now deny it without explanation. Immaterial: whether Public Resource has accurately identified the incorporating provision does not affect whether it engages in fair use. | PRO fails to establish a genuine dispute as to a material fact. PRO does not dispute that it identified 24 C.F.R. § 200, Subpart S as the incorporating by reference regulation or that 24 C.F.R. § 200, Subpart S does not reference ASTM A242 (1979). Defendant's sole "dispute" is to mischaracterize ASTM's response to PRO's Interrogatory No. 1 to assert that ASTM admitted a fact that (1) it did not admit, and (2) is unsupported by the record evidence.<br><br>For the same reasons explained in Paragraph 36.a., PRO's assertion that its inability to identify the correct version of the standard incorporated by reference in the C.F.R. is immaterial ignores the D.C. Circuit's opintion, *ASTM II*, 896 F.3d at 450 and PRO's burden to prove each standard has been IBR'd. |

| Plaintiffs' Statement of Material Facts | Defendant Public Resource's Response | Plaintiffs' Response |
| --- | --- | --- |
| i. **ASTM A285 (1978):** PRO identifies 10 C.F.R. § 440 Appendix A and 24 C.F.R. § 200 Appendix A as the incorporating by reference regulations. Wise Decl. ¶ 153, Ex. 152 at 40. However, 10 C.F.R. § 440 Appendix A and 24 C.F.R. 200 Appendix A do not reference this standard. | Disputed. In Exhibit A to their response to Public Resource's Interrogatory No. 1 on March 24, 2014, Plaintiffs identified this edition of this standard as having been incorporated by reference into law. Plaintiffs now deny it without explanation. Immaterial: whether Public Resource has accurately identified the incorporating provision does not affect whether it engages in fair use. | PRO fails to establish a genuine dispute as to a material fact. PRO does not dispute that it identified 10 C.F.R. § 440 Appendix A and 24 C.F.R. § 200 Appendix A as the incorporating by reference regulations or that 10 C.F.R. § 440 Appendix A and 24 C.F.R. § 200 Appendix A do not reference ASTM A285 (1978). Defendant's sole "dispute" is to mischaracterize ASTM's response to PRO's Interrogatory No. 1 to assert that ASTM admitted a fact that (1) it did not admit, and (2) is unsupported by the record evidence.<br><br>For the same reasons explained in Paragraph 36.a., PRO's assertion that its inability to identify the correct version of the standard incorporated by reference in the C.F.R. is immaterial ignores the D.C. Circuit's opintion, *ASTM II*, 896 F.3d at 450 and PRO's burden to prove each standard has been IBR'd. |
| j. **ASTM A307 (1978e):** PRO identifies 24 C.F.R. § 200, Subpart S and 46 C.F.R. 56.25-20(b) as the incorporating by reference regulation. Wise Decl. ¶ 151, Ex. 150 at PRO_ 00082371; Wise Decl. ¶ 165, Ex. 164 at Interrog. 19; Wise Decl. ¶ 153, Ex. 152 at 45. However, 24 C.F.R. § 200, Subpart S does not reference this standard, and 46 C.F.R. § 56.25-20(b) references the 1997 version of ASTM A307, not the 1978$^{e}$ version. | Disputed. ASTM A307 1978 is incorporated by reference at 24 C.F.R. (Parts 200 to 499) (2005). ASTM has stated that an " e " designation after the year means a minor, non-substantive revision. Immaterial. Whether Public Resource has accurately identified the incorporating provision does not affect whether it engages in fair use. | Objection. PRO misstates without support that the use of a "e" indicates a "minor non-substantive revision. As stated in paragraph 35 above, a superscript epsilon "indicates an editorial change since the last revision or reapproval." O'Brien Decl. ¶ 9, Ex. 3 at 1349.<br><br>PRO does not dispute that it identified 24 C.F.R. § 200, Subpart S and 46 C.F.R. 56.25-20(b) as the incorporating by reference regulations, that 24 C.F.R. § 200, Subpart S does not reference ASTM A307 (1978e), or that 46 C.F.R. 56.25-20(b) references the 1997 version, not the 1978e version. Moreover, Defendant refers to 24 C.F.R. (Parts 200 to 499) (2005), but the "Material Approved for Incorporation" section, has not been included in 24 C.F.R. (Parts 200 to 499) since 2008, and ASTM A307-78 did not appear in 24 C.F.R. § 200, Subpart S in 2005. |

| Plaintiffs' Statement of Material Facts | Defendant Public Resource's Response | Plaintiffs' Response |
|---|---|---|
| | | For the same reasons explained in Paragraph 36.a., PRO's assertion that its inability to identify the correct version of the standard incorporated by reference in the C.F.R. is immaterial ignores the D.C. Circuit's opintion, *ASTM II*, 896 F.3d at 450 and PRO's burden to prove each standard has been IBR'd. |
| k. **ASTM A325 (1979):** PRO identifies 24 C.F.R. § 200, Subpart S as the incorporating by reference regulation. Wise Decl. ¶ 151, Ex. 150 at PRO_ 00082401; Wise Decl. ¶ 165, Ex. 164 at Interrog. 19; Wise Decl. ¶ 153, Ex. 152 at 51. However, 24 C.F.R.§ 200, Subpart S does not reference this standard. | Disputed. In Exhibit A to their response to Public Resource's Interrogatory No. 1 on March 24, 2014, Plaintiffs identified this edition of this standard as having been incorporated by reference into law. Plaintiffs now deny it without explanation. Immaterial: whether Public Resource has accurately identified the incorporating provision does not affect whether it engages in fair use. | PRO fails to establish a genuine dispute as to a material fact. PRO does not dispute that it identified 24 C.F.R. § 200, Subpart S as the incorporating by reference regulation or that 24 C.F.R. § 200, Subpart S does not reference ASTM A325 (1979). Defendant's sole "dispute" is to mischaracterize ASTM's response to PRO's Interrogatory No. 1 to assert that ASTM admitted a fact that (1) it did not admit, and (2) is unsupported by the record evidence.<br><br>For the same reasons explained in Paragraph 36.a., PRO's assertion that its inability to identify the correct version of the standard incorporated by reference in the C.F.R. is immaterial ignores the D.C. Circuit's opintion, *ASTM II*, 896 F.3d at 450 and PRO's burden to prove each standard has been IBR'd. |
| l. **ASTM A370-77$^{e2}$:** PRO identifies 49 C.F.R. § 179.102-1(a)(1) as the incorporating by reference regulation. Wise Decl. ¶ 153, Ex. 152 at 62. However, 49 C.F.R. § 179.102-1(a)(1) incorporates ASTM A370-94 not ASTM A370-77$^{e2}$. 49 C.F.R. § 179.102-1(a)(1). | Disputed. ASTM A370-1977 is incorporated by reference at 46 C.F.R. § 56.01-1 (1997). ASTM has stated that an "$^{e}$" designation after the year means a minor, non-substantive revision. Immaterial: whether Public Resource has accurately identified the incorporating provision does not affect whether it engages in fair use. | Objection. PRO misstates without support that the use of a "$^{e}$" indicates a "minor non-substantive revision. As stated in paragraph 35 above, a superscript epsilon "indicates an editorial change since the last revision or reapproval." O'Brien Decl. ¶ 9, Ex. 3 at 1349.<br><br>PRO does not dispute that it identified 49 C.F.R. § 179.102-1(a)(1) as the incorporating by reference regulation or that 49 C.F.R. § 179.102-1(a)(1) references the 1994 version, not ASTM A370-77e2. Instead, Defendant points to an entirely different C.F.R. provision, 46 C.F.R. § 56.01-1 (1997), that |

| Plaintiffs' Statement of Material Facts | Defendant Public Resource's Response | Plaintiffs' Response |
|---|---|---|
| | | **also** does not incorporate A370-77e2, and argues that the differences between the incorporated by reference version and ASTM A370-77e2 are "non-substantive. But absent reference to contrary materials in the record, Defendant has not created a genuine dispute of material fact.<br><br>For the same reasons explained in Paragraph 36.a., PRO's assertion that its inability to identify the correct version of the standard incorporated by reference in the C.F.R. is immaterial ignores the D.C. Circuit's opintion, *ASTM II*, 896 F.3d at 450 and PRO's burden to prove each standard has been IBR'd. |
| m. **ASTM A441-79:** PRO identifies 24 C.F.R. § 200, Subpart S as the incorporating by reference regulation. Wise Decl. ¶ 153, Ex. 152 at 120. However, 24 C.F.R. § 200, Subpart S does not reference ASTM A441- 79. | Disputed. In Exhibit A to their response to Public Resource's Interrogatory No. 1 on March 24, 2014, Plaintiffs identified this edition of this standard as having been incorporated by reference into law. Plaintiffs now deny it without explanation. Immaterial: whether Public Resource has accurately identified the incorporating provision does not affect whether it engages in fair use. | PRO fails to establish a genuine dispute as to a material fact. PRO does not dispute that it identified 24 C.F.R. § 200, Subpart S as the incorporating by reference regulation or that 24 C.F.R. § 200, Subpart S does not reference ASTM A441-79. Defendant's sole "dispute" is to mischaracterize ASTM's response to PRO's Interrogatory No. 1 to assert that ASTM admitted a fact that (1) it did not admit, and (2) is unsupported by the record evidence.<br><br>For the same reasons explained in Paragraph 36.a., PRO's assertion that its inability to identify the correct version of the standard incorporated by reference in the C.F.R. is immaterial ignores the D.C. Circuit's opintion, *ASTM II*, 896 F.3d at 450 and PRO's burden to prove each standard has been IBR'd. |
| n. **ASTM A449-78a:** PRO identifies 24 C.F.R. § 200, Subpart S as the incorporating by reference regulation. Wise Decl. ¶ 153, Ex. 152 at 124. However, 24 | Disputed. In Exhibit A to their response to Public Resource's Interrogatory No. 1 on March 24, 2014, Plaintiffs identified this edition of this standard as having been incorporated by reference | PRO fails to establish a genuine dispute as to a material fact. PRO does not dispute that it identified 24 C.F.R. § 200, Subpart S as the incorporating by reference regulation or that 24 C.F.R. § 200, Subpart S does not reference ASTM A449-78a. Defendant's sole "dispute" is to mischaracterize ASTM's response to PRO's Interrogatory No. 1 to assert that ASTM |

| Plaintiffs' Statement of Material Facts | Defendant Public Resource's Response | Plaintiffs' Response |
|---|---|---|
| C.F.R. § 200, Subpart S does not reference ASTM A449- 78a. | into law. Plaintiffs now deny it without explanation. Immaterial: whether Public Resource has accurately identified the incorporating provision does not affect whether it engages in fair use. | admitted a fact that (1) it did not admit, and (2) is unsupported by the record evidence.<br><br>For the same reasons explained in Paragraph 36.a., PRO's assertion that its inability to identify the correct version of the standard incorporated by reference in the C.F.R. is immaterial ignores the D.C. Circuit's opintion, *ASTM II*, 896 F.3d at 450 and PRO's burden to prove each standard has been IBR'd. |
| o. **ASTMA475-78(1984)e1:** PRO identifies 7 C.F.R. § 1755.370(b) as the incorporating by reference regulation. Wise Decl. ¶ 153, Ex. 152 at 131. However, 7 C.F.R. § 1755.370(b) incorporates ASTM A476-78, not ASTM A475-78(1984)e1. | Disputed. In Exhibit A to their response to Public Resource's Interrogatory No. 1 on March 24, 2014, Plaintiffs identified this edition of this standard as having been incorporated by reference into law. Plaintiffs now deny it without explanation. Immaterial: whether Public Resource has accurately identified the incorporating provision does not affect whether it engages in fair use. | PRO fails to establish a genuine dispute as to a material fact. PRO does not dispute that it identified 7 C.F.R. § 1755.370(b) as the incorporating by reference regulation or that 7 C.F.R. § 1755.370(b) references ASTM A476-78, not ASTM A475-78(1984)e1. Defendant's sole "dispute" is to mischaracterize ASTM's response to PRO's Interrogatory No. 1 to assert that ASTM admitted a fact that (1) it did not admit, and (2) is unsupported by the record evidence.<br><br>For the same reasons explained in Paragraph 36.a., PRO's assertion that its inability to identify the correct version of the standard incorporated by reference in the C.F.R. is immaterial ignores the D.C. Circuit's opintion, *ASTM II*, 896 F.3d at 450 and PRO's burden to prove each standard has been IBR'd. |
| p. **ASTM A490-79:** PRO identifies 24 C.F.R. § 200, Subpart S as the incorporating by reference regulation. Wise Decl. ¶ 151, Ex. 150 at PRO_00088099; Wise Decl. ¶ 165, Ex. 164 at Interrog. 19; Wise Decl. 153, Ex. 152 at 138. However, 24 C.F.R. § 200, Subpart S does not reference ASTM A490-79. | Disputed. In Exhibit A to their response to Public Resource's Interrogatory No. 1 on March 24, 2014, Plaintiffs identified this edition of this standard as having been incorporated by reference into law. Plaintiffs now deny it without explanation. Immaterial: whether Public Resource has | PRO fails to establish a genuine dispute as to a material fact. PRO does not dispute that it identified 24 C.F.R. § 200, Subpart S as the incorporating by reference regulation or that 24 C.F.R. § 200, Subpart S does not reference ASTM A490-79. Defendant's sole "dispute" is to mischaracterize ASTM's response to PRO's Interrogatory No. 1 to assert that ASTM admitted a fact that (1) it did not admit, and (2) is unsupported by the record evidence. |

| Plaintiffs' Statement of Material Facts | Defendant Public Resource's Response | Plaintiffs' Response |
| --- | --- | --- |
| | accurately identified the incorporating provision does not affect whether it engages in fair use. | For the same reasons explained in Paragraph 36.a., PRO's assertion that its inability to identify the correct version of the standard incorporated by reference in the C.F.R. is immaterial ignores the D.C. Circuit's opintion, *ASTM II*, 896 F.3d at 450 and PRO's burden to prove each standard has been IBR'd. |
| q. **ASTM A496-78:** PRO identifies 24 C.F.R. § 200, Subpart S as the incorporating by reference regulation. Wise Decl. ¶ 165, Ex. 164 at Interrog. 19; Wise Decl. ¶ 153, Ex. 152 at 148. However, 24 C.F.R. § 200, Subpart S does not reference ASTM A496-78. | Disputed. In Exhibit A to their response to Public Resource's Interrogatory No. 1 on March 24, 2014, Plaintiffs identified this edition of this standard as having been incorporated by reference into law. Plaintiffs now deny it without explanation. Immaterial: whether Public Resource has accurately identified the incorporating provision does not affect whether it engages in fair use. | PRO fails to establish a genuine dispute as to a material fact. PRO does not dispute that it identified 24 C.F.R. § 200, Subpart S as the incorporating by reference regulation or that 24 C.F.R. § 200, Subpart S does not reference ASTM A496-78. Defendant's sole "dispute" is to mischaracterize ASTM's response to PRO's Interrogatory No. 1 to assert that ASTM admitted a fact that (1) it did not admit, and (2) is unsupported by the record evidence.<br><br>For the same reasons explained in Paragraph 36.a., PRO's assertion that its inability to identify the correct version of the standard incorporated by reference in the C.F.R. is immaterial ignores the D.C. Circuit's opintion, *ASTM II*, 896 F.3d at 450 and PRO's burden to prove each standard has been IBR'd. |
| r. **ASTM A497-79:** PRO identifies 24 C.F.R. § 200, Subpart S as the incorporating by reference regulation. Wise Decl. ¶ 165, Ex. 164 at Interrog. 19; Wise Decl. ¶ 153, Ex. 152 at 155. However, 24 C.F.R. § 200, Subpart S does not reference ASTM A497-79. | Disputed. In Exhibit A to their response to Public Resource's Interrogatory No. 1 on March 24, 2014, Plaintiffs identified this edition of this standard as having been incorporated by reference into law. Plaintiffs now deny it without explanation. Immaterial: whether Public Resource has accurately identified the incorporating provision does not affect whether it engages in fair | PRO fails to establish a genuine dispute as to a material fact. PRO does not dispute that it identified 24 C.F.R. § 200, Subpart S as the incorporating by reference regulation or that 24 C.F.R. § 200, Subpart S does not reference ASTM A497-79. Defendant's sole "dispute" is to mischaracterize ASTM's response to PRO's Interrogatory No. 1 to assert that ASTM admitted a fact that (1) it did not admit, and (2) is unsupported by the record evidence.<br><br>For the same reasons explained in Paragraph 36.a., PRO's assertion that its inability to identify the correct version of the standard incorporated by reference in the C.F.R. is immaterial |

| Plaintiffs' Statement of Material Facts | Defendant Public Resource's Response | Plaintiffs' Response |
|---|---|---|
| | use. | ignores the D.C. Circuit's opintion, *ASTM II*, 896 F.3d at 450 and PRO's burden to prove each standard has been IBR'd. |
| s. **ASTM A500-78:** PRO identifies 24 C.F.R. § 200, Subpart S as the incorporating by reference regulation. Wise Decl. ¶ 165, Ex. 164 at Interrog. 19; Wise Decl. ¶ 153, Ex. 152 at 163. However, 24 C.F.R. § 200, Subpart S does not reference ASTM A500-78. | Disputed. In Exhibit A to their response to Public Resource's Interrogatory No. 1 on March 24, 2014, Plaintiffs identified this edition of this standard as having been incorporated by reference into law. Plaintiffs now deny it without explanation. Immaterial: whether Public Resource has accurately identified the incorporating provision does not affect whether it engages in fair use. | PRO fails to establish a genuine dispute as to a material fact. PRO does not dispute that it identified 24 C.F.R. § 200, Subpart S as the incorporating by reference regulation or that 24 C.F.R. § 200, Subpart S does not reference ASTM A500-78. Defendant's sole "dispute" is to mischaracterize ASTM's response to PRO's Interrogatory No. 1 to assert that ASTM admitted a fact that (1) it did not admit, and (2) is unsupported by the record evidence.<br><br>For the same reasons explained in Paragraph 36.a., PRO's assertion that its inability to identify the correct version of the standard incorporated by reference in the C.F.R. is immaterial ignores the D.C. Circuit's opintion, *ASTM II*, 896 F.3d at 450 and PRO's burden to prove each standard has been IBR'd. |
| t. **ASTM A501-76:** PRO identifies 24 C.F.R. § 200, Subpart S as the incorporating by reference regulation. Wise Decl. ¶ 151, Ex. 150 at PRO_00089127; Wise Decl. ¶ 165, Ex. 164 at Interrog. 19; Wise Decl. ¶ 153, Ex. 152 at 171. However, 24 C.F.R. § 200, Subpart S does not reference ASTM A501-76. | Disputed. In Exhibit A to their response to Public Resource's Interrogatory No. 1 on March 24, 2014, Plaintiffs identified this edition of this standard as having been incorporated by reference into law. Plaintiffs now deny it without explanation. Immaterial: whether Public Resource has accurately identified the incorporating provision does not affect whether it engages in fair use. | PRO fails to establish a genuine dispute as to a material fact. PRO does not dispute that it identified 24 C.F.R. § 200, Subpart S as the incorporating by reference regulation or that 24 C.F.R. § 200, Subpart S does not reference ASTM A501-76. Defendant's sole "dispute" is to mischaracterize ASTM's response to PRO's Interrogatory No. 1 to assert that ASTM admitted a fact that (1) it did not admit, and (2) is unsupported by the record evidence.<br><br>For the same reasons explained in Paragraph 36.a., PRO's assertion that its inability to identify the correct version of the standard incorporated by reference in the C.F.R. is immaterial ignores the D.C. Circuit's opintion, *ASTM II*, 896 F.3d at 450 and PRO's burden to prove each standard has been IBR'd. |

| Plaintiffs' Statement of Material Facts | Defendant Public Resource's Response | Plaintiffs' Response |
|---|---|---|
| u. **ASTM A502-76:** PRO identifies 24 C.F.R. § 200, Subpart S as the incorporating by reference regulation. Wise Decl. ¶ 151, Ex. 150 at PRO_00090524; Wise Decl. ¶ 165, Ex. 164 at Interrog. 19; Wise Decl. ¶ 153, Ex. 152 at 180. However, 24 C.F.R. § 200, Subpart S does not reference ASTM A502-76. | Disputed. In Exhibit A to their response to Public Resource's Interrogatory No. 1 on March 24, 2014, Plaintiffs identified this edition of this standard as having been incorporated by reference into law. Plaintiffs now deny it without explanation. Immaterial: whether Public Resource has accurately identified the incorporating provision does not affect whether it engages in fair use. | PRO fails to establish a genuine dispute as to a material fact. PRO does not dispute that it identified 24 C.F.R. § 200, Subpart S as the incorporating by reference regulation or that 24 C.F.R. § 200, Subpart S does not reference ASTM A502-76. Defendant's sole "dispute" is to mischaracterize ASTM's response to PRO's Interrogatory No. 1 to assert that ASTM admitted a fact that (1) it did not admit, and (2) is unsupported by the record evidence.<br><br>For the same reasons explained in Paragraph 36.a., PRO's assertion that its inability to identify the correct version of the standard incorporated by reference in the C.F.R. is immaterial ignores the D.C. Circuit's opintion, *ASTM II*, 896 F.3d at 450 and PRO's burden to prove each standard has been IBR'd. |
| v. **ASTM A514-77:** PRO identifies 24 C.F.R. § 200, Subpart S as the incorporating by reference regulation. Wise Decl. ¶ 153, Ex. 152 at 186. However, 24 C.F.R. § 200, Subpart S does not reference ASTM A514- 77. | Disputed. In Exhibit A to their response to Public Resource's Interrogatory No. 1 on March 24, 2014, Plaintiffs identified this edition of this standard as having been incorporated by reference into law. Plaintiffs now deny it without explanation. Immaterial: whether Public Resource has accurately identified the incorporating provision does not affect whether it engages in fair use. | PRO fails to establish a genuine dispute as to a material fact. PRO does not dispute that it identified 24 C.F.R. § 200, Subpart S as the incorporating by reference regulation or that 24 C.F.R. § 200, Subpart S does not reference ASTM A514-77. Defendant's sole "dispute" is to mischaracterize ASTM's response to PRO's Interrogatory No. 1 to assert that ASTM admitted a fact that (1) it did not admit, and (2) is unsupported by the record evidence.<br><br>For the same reasons explained in Paragraph 36.a., PRO's assertion that its inability to identify the correct version of the standard incorporated by reference in the C.F.R. is immaterial ignores the D.C. Circuit's opintion, *ASTM II*, 896 F.3d at 450 and PRO's burden to prove each standard has been IBR'd. |
| w. **ASTM A539-90a:** PRO identifies 24 C.F.R. § 3280.705(b)(4) as the incorporating by reference regulation. Wise | Disputed. ASTM A539-1990a is incorporated by reference at 24 C.F.R. § 3280.4 (2004). | PRO fails to establish a genuine dispute as to a material fact. PRO does not dispute that it identified 24 C.F.R. § 3280.705(b)(4) as the incorporating by reference regulation or |

| Plaintiffs' Statement of Material Facts | Defendant Public Resource's Response | Plaintiffs' Response |
|---|---|---|
| Decl. ¶ 151, Ex. 150 at PRO_00091622; Wise Decl. ¶ 165, Ex. 164 at Interrog. 19. However, 24 C.F.R. § 3280.705(b)(4) incorporates ASTM C539-99 not ASTM C539- 90a. 24 C.F.R. § 3280.705(b)(4). | Immaterial. Whether Public Resource has accurately identified the incorporating provision does not affect whether it engages in fair use. | that 24 C.F.R. § 3280.705(b)(4) references ASTM C539-99, not ASTM C539-90a. Instead, Defendant points to an entirely different, outdated C.F.R. provision, 24 C.F.R. § 3280.4 (2004) as incorporating ASTM A539-90a. However, the version of 24 C.F.R. § 3280.4 effective in 2004, also did not incorporate ASTM A539-90a. Moreover, 24 C.F.R. § 3280.703 (2004) did not reference ASTM A539-90a when PRO posted the standard, and is not effective at this time.<br><br>For the same reasons explained in Paragraph 36.a., PRO's assertion that its inability to identify the correct version of the standard incorporated by reference in the C.F.R. is immaterial ignores the D.C. Circuit's opintion, *ASTM II*, 896 F.3d at 450 and PRO's burden to prove each standard has been IBR'd. |
| x. **ASTM A570-79:** PRO identifies 24 C.F.R. § 200, Subpart S as the incorporating by reference regulation. Wise Decl. ¶ 151, Ex. 150 at PRO_00091642; Wise Decl. ¶ 165, Ex. 164 at Interrog. 19; Wise Decl. ¶ 153, Ex. 152 at 197. However, 24 C.F.R. § 200, Subpart S does not reference ASTM A570-79. | Disputed. In Exhibit A to their response to Public Resource's Interrogatory No. 1 on March 24, 2014, Plaintiffs identified this edition of this standard as having been incorporated by reference into law. Plaintiffs now deny it without explanation. Immaterial: whether Public Resource has accurately identified the incorporating provision does not affect whether it engages in fair use. | PRO fails to establish a genuine dispute as to a material fact. PRO does not dispute that it identified 24 C.F.R. § 200, Subpart S as the incorporating by reference regulation or that 24 C.F.R. § 200, Subpart S does not reference ASTM A514-77. Defendant's sole "dispute" is to mischaracterize ASTM's response to PRO's Interrogatory No. 1 to assert that ASTM admitted a fact that (1) it did not admit, and (2) is unsupported by the record evidence.<br><br>For the same reasons explained in Paragraph 36.a., PRO's assertion that its inability to identify the correct version of the standard incorporated by reference in the C.F.R. is immaterial ignores the D.C. Circuit's opintion, *ASTM II*, 896 F.3d at 450 and PRO's burden to prove each standard has been IBR'd. |
| y. **ASTM A572-79:** PRO identifies 24 C.F.R. § 200, Subpart S as the incorporating by reference regulation. Decl. | Disputed. In Exhibit A to their response to Public Resource's Interrogatory No. 1 on March 24, | RO fails to establish a genuine dispute as to a material fact. PRO does not dispute that it identified 24 C.F.R. § 200, Subpart S as the incorporating by reference regulation or that |

| Plaintiffs' Statement of Material Facts | Defendant Public Resource's Response | Plaintiffs' Response |
|---|---|---|
| ¶ 153, Ex. 152 at 202. However, 24 C.F.R. § 200, Subpart S does not reference ASTM A572- 79. | 2014, Plaintiffs identified this edition of this standard as having been incorporated by reference into law. Plaintiffs now deny it without explanation. Immaterial: whether Public Resource has accurately identified the incorporating provision does not affect whether it engages in fair use. | 24 C.F.R. § 200, Subpart S does not reference ASTM A572-79. Defendant's sole "dispute" is to mischaracterize ASTM's response to PRO's Interrogatory No. 1 to assert that ASTM admitted a fact that (1) it did not admit, and (2) is unsupported by the record evidence.<br><br>For the same reasons explained in Paragraph 36.a., PRO's assertion that its inability to identify the correct version of the standard incorporated by reference in the C.F.R. is immaterial ignores the D.C. Circuit's opintion, *ASTM II*, 896 F.3d at 450 and PRO's burden to prove each standard has been IBR'd. |
| z. **ASTM A588-79a:** PRO identifies 24 C.F.R. § 200, Subpart S as the incorporating by reference regulation. Wise Decl. ¶ 153, Ex. 152 at 207. However, 24 C.F.R. § 200, Subpart S does not reference ASTM A588- 79a. | Disputed. In Exhibit A to their response to Public Resource's Interrogatory No. 1 on March 24, 2014, Plaintiffs identified this edition of this standard as having been incorporated by reference into law. Plaintiffs now deny it without explanation. Immaterial: whether Public Resource has accurately identified the incorporating provision does not affect whether it engages in fair use. | PRO fails to establish a genuine dispute as to a material fact. PRO does not dispute that it identified 24 C.F.R. § 200, Subpart S as the incorporating by reference regulation or that 24 C.F.R. § 200, Subpart S does not reference ASTM A588-79a. Defendant's sole "dispute" is to mischaracterize ASTM's response to PRO's Interrogatory No. 1 to assert that ASTM admitted a fact that (1) it did not admit, and (2) is unsupported by the record evidence.<br><br>For the same reasons explained in Paragraph 36.a., PRO's assertion that its inability to identify the correct version of the standard incorporated by reference in the C.F.R. is immaterial ignores the D.C. Circuit's opintion, *ASTM II*, 896 F.3d at 450 and PRO's burden to prove each standard has been IBR'd. |
| aa. **ASTM A611-72(1979):** PRO identifies 24 C.F.R. § 200, Subpart S as the incorporating by reference regulation. Wise Decl. ¶ 153, Ex. 152 at 211. However, 24 | Disputed. In Exhibit A to their response to Public Resource's Interrogatory No. 1 on March 24, 2014, Plaintiffs identified this | PRO fails to establish a genuine dispute as to a material fact. PRO does not dispute that it identified 24 C.F.R. § 200, Subpart S as the incorporating by reference regulation or that 24 C.F.R. § 200, Subpart S does not reference ASTM A611-72(1979). Defendant's sole "dispute" is to mischaracterize |

| Plaintiffs' Statement of Material Facts | Defendant Public Resource's Response | Plaintiffs' Response |
|---|---|---|
| C.F.R. § 200, Subpart S does not reference ASTM A611- 72(1979). | edition of this standard as having been incorporated by reference into law. Plaintiffs now deny it without explanation. Immaterial: whether Public Resource has accurately identified the incorporating provision does not affect whether it engages in fair use. | ASTM's response to PRO's Interrogatory No. 1 to assert that ASTM admitted a fact that (1) it did not admit, and (2) is unsupported by the record evidence.<br><br>For the same reasons explained in Paragraph 36.a., PRO's assertion that its inability to identify the correct version of the standard incorporated by reference in the C.F.R. is immaterial ignores the D.C. Circuit's opintion, *ASTM II*, 896 F.3d at 450 and PRO's burden to prove each standard has been IBR'd. |
| bb. **ASTM A615-79:** PRO identifies 24 C.F.R. § 200, Subpart S as the incorporating by reference regulation. Wise Decl. ¶ 151, Ex. 150 at PRO_00091848; Wise Decl. ¶ 165, Ex. 164 at Interrog. 19; Wise Decl. ¶ 153, Ex. 152 at 216. However, 24 C.F.R. § 200, Subpart S does not reference ASTM A615-79. | Disputed. In Exhibit A to their response to Public Resource's Interrogatory No. 1 on March 24, 2014, Plaintiffs identified this edition of this standard as having been incorporated by reference into law. Plaintiffs now deny it without explanation. Immaterial: whether Public Resource has accurately identified the incorporating provision does not affect whether it engages in fair use. | PRO fails to establish a genuine dispute as to a material fact. PRO does not dispute that it identified 24 C.F.R. § 200, Subpart S as the incorporating by reference regulation or that 24 C.F.R. § 200, Subpart S does not reference ASTM A615-79. Defendant's sole "dispute" is to mischaracterize ASTM's response to PRO's Interrogatory No. 1 to assert that ASTM admitted a fact that (1) it did not admit, and (2) is unsupported by the record evidence.<br><br>For the same reasons explained in Paragraph 36.a., PRO's assertion that its inability to identify the correct version of the standard incorporated by reference in the C.F.R. is immaterial ignores the D.C. Circuit's opintion, *ASTM II*, 896 F.3d at 450 and PRO's burden to prove each standard has been IBR'd. |
| cc. **ASTM A616-79:** PRO identifies 24 C.F.R. § 200, Subpart S as the incorporating by reference regulation. Wise Decl. ¶ 153, Ex. 152 at 224. However, 24 C.F.R. § 200, Subpart S does not reference ASTM A616- 79. | Disputed. In Exhibit A to their response to Public Resource's Interrogatory No. 1 on March 24, 2014, Plaintiffs identified this edition of this standard as having been incorporated by reference into law. Plaintiffs now deny it without explanation. Immaterial: | PRO fails to establish a genuine dispute as to a material fact. PRO does not dispute that it identified 24 C.F.R. § 200, Subpart S as the incorporating by reference regulation or that 24 C.F.R. § 200, Subpart S does not reference ASTM A615-79. Defendant's sole "dispute" is to mischaracterize ASTM's response to PRO's Interrogatory No. 1 to assert that ASTM admitted a fact that (1) it did not admit, and (2) is unsupported by the record evidence. |

| Plaintiffs' Statement of Material Facts | Defendant Public Resource's Response | Plaintiffs' Response |
|---|---|---|
| | whether Public Resource has accurately identified the incorporating provision does not affect whether it engages in fair use. | For the same reasons explained in Paragraph 36.a., PRO's assertion that its inability to identify the correct version of the standard incorporated by reference in the C.F.R. is immaterial ignores the D.C. Circuit's opintion, *ASTM II*, 896 F.3d at 450 and PRO's burden to prove each standard has been IBR'd. |
| dd. **ASTM A617-79:** PRO identifies 24 C.F.R. § 200, Subpart S as the incorporating by reference regulation. Wise Decl. ¶ 153, Ex. 152 at 232. However, 24 C.F.R. § 200, Subpart S does not reference ASTM A617- 79. | Disputed. In Exhibit A to their response to Public Resource's Interrogatory No. 1 on March 24, 2014, Plaintiffs identified this edition of this standard as having been incorporated by reference into law. Plaintiffs now deny it without explanation. Immaterial: whether Public Resource has accurately identified the incorporating provision does not affect whether it engages in fair use. | PRO fails to establish a genuine dispute as to a material fact. PRO does not dispute that it identified 24 C.F.R. § 200, Subpart S as the incorporating by reference regulation or that 24 C.F.R. § 200, Subpart S does not reference ASTM A617-79. Defendant's sole "dispute" is to mischaracterize ASTM's response to PRO's Interrogatory No. 1 to assert that ASTM admitted a fact that (1) it did not admit, and (2) is unsupported by the record evidence.<br><br>For the same reasons explained in Paragraph 36.a., PRO's assertion that its inability to identify the correct version of the standard incorporated by reference in the C.F.R. is immaterial ignores the D.C. Circuit's opintion, *ASTM II*, 896 F.3d at 450 and PRO's burden to prove each standard has been IBR'd. insufficient to meet PRO's burden that the ASTM Works have been IBR'd. |
| ee. **ASTM B21-83b:** PRO identifies 46 C.F.R. § 56.60-2 as the incorporating by reference regulation. Wise Decl. ¶ 153, Ex. 152 at 246. However, 46 C.F.R. § 56.60-2 incorporates B21-96. Additionally, 46 C.F.R. § 56.60-2 only incorporates this standard with respect to certain copper alloys addressed in B21. | Disputed. ASTM B21-1983b is incorporated by reference at 46 C.F.R. § 56.01-2 (1996-2008). Immaterial. Whether Public Resource has accurately identified the incorporating provision does not affect whether it engages in fair use. | PRO fails to establish a genuine dispute as to a material fact. PRO does not dispute that it identified 46 C.F.R. § 56.60-2 as the incorporating by reference regulation or that 46 C.F.R. § 56.60-2 references ASTM B21-96, not ASTM B21-83b. Rather, Defendant asserts that 46 C.F.R. § 56.60-2, effective 1996 through 2008, incorporates ASTM B21-83b, but the outdated version of the regulation likewise references ASTM B21-96, not ASTM B21-83b. |

| Plaintiffs' Statement of Material Facts | Defendant Public Resource's Response | Plaintiffs' Response |
|---|---|---|
| | | For the same reasons explained in Paragraph 36.a., PRO's assertion that its inability to identify the correct version of the standard incorporated by reference in the C.F.R. is immaterial ignores the D.C. Circuit's opintion, *ASTM II*, 896 F.3d at 450 and PRO's burden to prove each standard has been IBR'd. |
| ff. **ASTM B85-84:** PRO identifies 46 C.F.R. § 56.60-2 as the incorporating by reference regulation. Wise Decl. ¶ 153, Ex. 152 at 252. However, 46 C.F.R. § 56.60-2 incorporates B85-96. 46 C.F.R. § 56.60-2. Additionally, 46 C.F.R. § 56.60-2 only incorporates one table within ASTM B85-96— table X-2—and states that "[t]ension tests shall be performed to determine tensile strength, yield strength, and elongation" in accordance with the minimum value in X-2. *Id*. The remainder of the standard is unnecessary to determine the minimum value in X-2. *Id*. Table X-2 also contains values for sheer strength and fatigue strength that are unnecessary to understand the minimum value for the required tension tests. *Id*. | Disputed. ASTM B85-84 is incorporated by reference at 46 C.F.R. § 56.01-2 (1997). Immaterial. Whether Public Resource has accurately identified the incorporating provision does not affect whether it engages in fair use. | PRO fails to establish a genuine dispute as to a material fact. PRO does not dispute that it identified 46 C.F.R. § 56.60-2 as the incorporating by reference regulation or that 46 C.F.R. § 56.60-2 references ASTM B85-96, not ASTM B85-84. Rather, Defendant asserts that 46 C.F.R. § 56.60-2, effective in 1997, incorporated ASTM B85-84, but the outdated version likewise references ASTM B85-96, not ASTM B85-84.<br><br>For the same reasons explained in Paragraph 36.a., PRO's assertion that its inability to identify the correct version of the standard incorporated by reference in the C.F.R. is immaterial ignores the D.C. Circuit's opintion, *ASTM II*, 896 F.3d at 450 and PRO's burden to prove each standard has been IBR'd. |
| gg. **ASTM B580-79:** PRO identifies 49 C.F.R. § 171.7 as the incorporating by reference regulation. Wise Decl. ¶ 151, Ex. 150 at PRO_00093063; Wise Decl. ¶ 165, Ex. 164 at Interrog. 19; Wise Decl. ¶ 153, Ex. 152 at 318. However, 49 C.F.R. § 171.7 incorporates ASTM B580-79 reapproved in | Disputed. In Exhibit A to their response to Public Resource's Interrogatory No. 1 on March 24, 2014, Plaintiffs identified this edition of this standard as having been incorporated by reference into law. Plaintiffs now deny it | PRO fails to establish a genuine dispute as to a material fact. PRO does not dispute that it identified 49 C.F.R. § 171.7 as the incorporating by reference regulation or that 49 C.F.R. § 171.7 references ASTM B580-79 reapproved in 2000, not ASTM B580-79. Defendant's sole "dispute" is to mischaracterize ASTM's response to PRO's Interrogatory No. 1 to assert that ASTM admitted a fact that (1) it did not admit, and (2) is unsupported by the record evidence. |

| Plaintiffs' Statement of Material Facts | Defendant Public Resource's Response | Plaintiffs' Response |
|---|---|---|
| 2000, not ASTM B580-79. 49 C.F.R. § 171.7. | without explanation. Immaterial: whether Public Resource has accurately identified the incorporating provision does not affect whether it engages in fair use. | For the same reasons explained in Paragraph 36.a., PRO's assertion that its inability to identify the correct version of the standard incorporated by reference in the C.F.R. is immaterial ignores the D.C. Circuit's opintion, *ASTM II*, 896 F.3d at 450 and PRO's burden to prove each standard has been IBR'd. |
| hh. **ASTM C5-79(1997):** PRO identifies 24 C.F.R. § 200, Subpart S as the incorporating by reference regulation. Wise Decl. ¶ 151, Ex. 150 at PRO_00093990; Wise Decl. ¶ 165, Ex. 164 at Interrog. 19; Wise Decl. ¶ 153, Ex. 152 at 330. However, 24 C.F.R. § 200, Subpart S does not reference ASTM C5-79. | Disputed. In Exhibit A to their response to Public Resource's Interrogatory No. 1 on March 24, 2014, Plaintiffs identified this edition of this standard as having been incorporated by reference into law. Plaintiffs now deny it without explanation. Immaterial: whether Public Resource has accurately identified the incorporating provision does not affect whether it engages in fair use. | PRO fails to establish a genuine dispute as to a material fact. PRO does not dispute that it identified 24 C.F.R. § 200, Subpart S as the incorporating by reference regulation or that 24 C.F.R. § 200, Subpart S does not reference ASTM C5-79 (1997). Defendant's sole "dispute" is to mischaracterize ASTM's response to PRO's Interrogatory No. 1 to assert that ASTM admitted a fact that (1) it did not admit, and (2) is unsupported by the record evidence.<br><br>For the same reasons explained in Paragraph 36.a., PRO's assertion that its inability to identify the correct version of the standard incorporated by reference in the C.F.R. is immaterial ignores the D.C. Circuit's opintion, *ASTM II*, 896 F.3d at 450 and PRO's burden to prove each standard has been IBR'd. |
| ii. **ASTM C150-99a:** PRO identifies 30 C.F.R. § 250.198 as the incorporating by reference regulation. Wise Decl. ¶ 153, Ex. 152 at 334. However, 30 C.F.R. § 250.198 incorporates ASTM C150-07, not ASTM C150-99a. 30 C.F.R. § 250.198. | Disputed. In Exhibit A to their response to Public Resource's Interrogatory No. 1 on March 24, 2014, Plaintiffs identified this edition of this standard as having been incorporated by reference into law. Plaintiffs now deny it without explanation. Immaterial: whether Public Resource has accurately identified the | PRO fails to establish a genuine dispute as to a material fact. PRO does not dispute that it identified 30 C.F.R. § 250.198 as the incorporating by reference regulation or that 30 C.F.R. § 250.198 references ASTM C150-07, not ASTM C150-99a. Defendant's sole "dispute" is to mischaracterize ASTM's response to PRO's Interrogatory No. 1 to assert that ASTM admitted a fact that (1) it did not admit, and (2) is unsupported by the record evidence. |

| Plaintiffs' Statement of Material Facts | Defendant Public Resource's Response | Plaintiffs' Response |
|---|---|---|
| | incorporating provision does not affect whether it engages in fair use. | For the same reasons explained in Paragraph 36.a., PRO's assertion that its inability to identify the correct version of the standard incorporated by reference in the C.F.R. is immaterial ignores the D.C. Circuit's opintion, *ASTM II*, 896 F.3d at 450 and PRO's burden to prove each standard has been IBR'd. |
| jj. **ASTM C330-99:** PRO identifies 30 C.F.R. § 250.901(a)(18) as the incorporating by reference regulation. Wise Decl. ¶ 151, Ex. 150 at PRO_00093937; Wise Decl. ¶ 165, Ex. 164 at Interrog. 19; Wise Decl. ¶ 153, Ex. 152 at 378. However, 30 C.F.R. § 250.901(a)(18) incorporates ASTM C330-05, not ASTM C330-99. 30 C.F.R. § 250.901(a)(18). | Disputed. ASTM C330-1999 is incorporated by reference at 30 C.F.R. § 250.198 (2007). Immaterial. Whether Public Resource has accurately identified the incorporating provision does not affect whether it engages in fair use. | PRO fails to establish a genuine dispute as to a material fact. PRO does not dispute that it identified 30 C.F.R. § 250.901(a)(18) as the incorporating by reference regulation or that 30 C.F.R. § 250.901(a)(18) references ASTM C330-05, not ASTM C330-99. Instead, Defendant points to an entirely different, outdated C.F.R. provision, 30 C.F.R. § 250.198 (2007), as incorporating ASTM C330-99. But 30 C.F.R. § 250.198 (2007) was not effective when PRO posted the standard, and is not effective at this time.<br><br>For the same reasons explained in Paragraph 36.a., PRO's assertion that its inability to identify the correct version of the standard incorporated by reference in the C.F.R. is immaterial ignores the D.C. Circuit's opintion, *ASTM II*, 896 F.3d at 450 and PRO's burden to prove each standard has been IBR'd. |
| kk. **ASTM C509-84:** PRO identifies 24 C.F.R. § 200, Subpart S as the incorporating by reference regulation. Wise Decl. ¶ 153, Ex. 152 at 384. However, 24 C.F.R. § 200, Subpart S does not reference ASTM C509-84. | Disputed. In Exhibit A to their response to Public Resource's Interrogatory No. 1 on March 24, 2014, Plaintiffs identified this edition of this standard as having been incorporated by reference into law. Plaintiffs now deny it without explanation. Immaterial: whether Public Resource has accurately identified the | PRO fails to establish a genuine dispute as to a material fact. PRO does not dispute that it identified 24 C.F.R. § 200, Subpart S as the incorporating by reference regulation or that 24 C.F.R. § 200, Subpart S does not reference ASTM C509-84. Defendant's sole "dispute" is to mischaracterize ASTM's response to PRO's Interrogatory No. 1 to assert that ASTM admitted a fact that (1) it did not admit, and (2) is unsupported by the record evidence. |

| Plaintiffs' Statement of Material Facts | Defendant Public Resource's Response | Plaintiffs' Response |
| --- | --- | --- |
| | incorporating provision does not affect whether it engages in fair use. | For the same reasons explained in Paragraph 36.a., PRO's assertion that its inability to identify the correct version of the standard incorporated by reference in the C.F.R. is immaterial ignores the D.C. Circuit's opintion, *ASTM II*, 896 F.3d at 450 and PRO's burden to prove each standard has been IBR'd. . |
| ll. **ASTM C516-80(1996)$^{e1}$:** PRO identifies 24 C.F.R. § 200, Subpart S as the incorporating by reference regulation. Wise Decl. ¶ 151, Ex. 150 at PRO_00094023; Wise Decl. ¶ 165, Ex. 164 at Interrog. 19; Wise Decl. ¶ 153, Ex. 152 at 392. However, 24 C.F.R. § 200, Subpart S does not reference ASTM C516-80(1996)$^{e1}$. | Disputed. In Exhibit A to their response to Public Resource's Interrogatory No. 1 on March 24, 2014, Plaintiffs identified this edition of this standard as having been incorporated by reference into law. Plaintiffs now deny it without explanation. Immaterial: whether Public Resource has accurately identified the incorporating provision does not affect whether it engages in fair use. | PRO fails to establish a genuine dispute as to a material fact. PRO does not dispute that it identified 24 C.F.R. § 200, Subpart S as the incorporating by reference regulation or that 24 C.F.R. § 200, Subpart S does not reference ASTM C516-80(1996)$^{e1}$. Defendant's sole "dispute" is to mischaracterize ASTM's response to PRO's Interrogatory No. 1 to assert that ASTM admitted a fact that (1) it did not admit, and (2) is unsupported by the record evidence.<br><br>For the same reasons explained in Paragraph 36.a., PRO's assertion that its inability to identify the correct version of the standard incorporated by reference in the C.F.R. is immaterial ignores the D.C. Circuit's opintion, *ASTM II*, 896 F.3d at 450 and PRO's burden to prove each standard has been IBR'd. |
| mm. **ASTM C549-81(1995)$^{e1}$:** PRO identifies 10 C.F.R. § 440, Appendix A as the incorporating by reference regulation. Wise Decl. ¶ 151, Ex. 150 at PRO_00094157; Wise Decl. ¶ 165, Ex. 164 at Interrog. 19; Wise Decl. ¶ 153, Ex. 152 at 411. However, 10 C.F.R. § 440, Appendix A incorporates ASTM C549-81 reapproved in 1986, not ASTM C549-81(1995)$^{e1}$. 10 C.F.R. § 440, Appendix A. | Disputed. In Exhibit A to their response to Public Resource's Interrogatory No. 1 on March 24, 2014, Plaintiffs identified this edition of this standard as having been incorporated by reference into law. Plaintiffs now deny it without explanation. Immaterial: whether Public Resource has accurately identified the incorporating provision does not | PRO fails to establish a genuine dispute as to a material fact. PRO does not dispute that it identified 10 C.F.R. § 440, Appendix A as the incorporating by reference regulation or that 10 C.F.R. § 440, Appendix A incorporates ASTM C549-81 reapproved in 1986, not ASTM C549-81(1995)e1. Defendant's sole "dispute" is to mischaracterize ASTM's response to PRO's Interrogatory No. 1 to assert that ASTM admitted a fact that (1) it did not admit, and (2) is unsupported by the record evidence.<br><br>For the same reasons explained in Paragraph 36.a., PRO's |

| Plaintiffs' Statement of Material Facts | Defendant Public Resource's Response | Plaintiffs' Response |
|---|---|---|
| | affect whether it engages in fair use. | assertion that its inability to identify the correct version of the standard incorporated by reference in the C.F.R. is immaterial ignores the D.C. Circuit's opintion, *ASTM II*, 896 F.3d at 450 and PRO's burden to prove each standard has been IBR'd. |
| nn. **ASTM C564-70(1982):** PRO identifies 24 C.F.R. § 3280.611(d) (5)(iv) as the incorporating by reference regulation. Wise Decl. ¶ 153, Ex. 152 at 417. However, 24 C.F.R. § 3280.611(d)(5)(iv) incorporates ASTM C564-88 not ASTM C564-70(1982). 24 C.F.R. § 3280.611(d)(5)(iv). | Disputed. ASTM C564-1970(1976) is incorporated by reference at 24 C.F.R. (Parts 200 to 499) (2005). The (1982) reissue of that standard is identical to the 1976 version except for the number "1982" in the title. Immaterial. Whether Public Resource has accurately identified the incorporating provision does not affect whether it engages in fair use. | PRO fails to establish a genuine dispute as to a material fact. PRO does not dispute that it identified 24 C.F.R. § 3280.611(d)(5)(iv) as the incorporating by reference regulation or that 24 C.F.R. § 3280.611(d)(5)(iv) incorporates ASTM C564-88 not ASTM C564-70(1982). Rather, Defendant asserts without support that yet another version of ASTM C564, ASTM C564-1970(1976), is incorporated by reference in yet another provision of the C.F.R., 24 C.F.R. (Parts 200 to 499) (2005), and that ASTM C564-70 (1982) is "identical to the 1976 version except for the number '1982' in the title."<br><br>For the same reasons explained in Paragraph 36.a., PRO's assertion that its inability to identify the correct version of the standard incorporated by reference in the C.F.R. is immaterial ignores the D.C. Circuit's opintion, *ASTM II*, 896 F.3d at 450 and PRO's burden to prove each standard has been IBR'd. |
| oo. **ASTM D86-07:** PRO identifies 40 C.F.R. § 1065.710 as the incorporating by reference regulation. Wise Decl. ¶ 151, Ex. 150 at PRO_00106152; Wise Decl. ¶ 165, Ex. 164 at Interrog. 19; Wise Decl. ¶ 153, Ex. 152 at 423. However, 40 C.F.R. § 1065.710 incorporates ASTM D86-12, not ASTM D86-07. 40 C.F.R. § 1065.710. | Disputed. ASTM D86-07 is incorporated by reference at 40 C.F.R. § 80.47(r) (2017). Immaterial. Whether Public Resource has accurately identified the incorporating provision does not affect whether it engages in fair use. | PRO fails to establish a genuine dispute as to a material fact. PRO does not dispute that it identified 40 C.F.R. § 1065.710 as the incorporating by reference regulation or that 40 C.F.R. § 1065.710 incorporates ASTM D86-12, not ASTM D86-07. Instead, Defendant points to an entirely different C.F.R. provision, 40 C.F.R. § 80.47(r) (2017), as the incorporating by reference regulation. Even if portions of ASTM D86-07 are incorporated by 40 C.F.R. § 80.47(r) (2017), that regulation did not come into effect until many years after PRO posted the entire contents of ASTM's D86-07. |

| Plaintiffs' Statement of Material Facts | Defendant Public Resource's Response | Plaintiffs' Response |
|---|---|---|
| | | For the same reasons explained in Paragraph 36.a., PRO's assertion that its inability to identify the correct version of the standard incorporated by reference in the C.F.R. is immaterial ignores the D.C. Circuit's opintion, *ASTM II*, 896 F.3d at 450 and PRO's burden to prove each standard has been IBR'd. that the ASTM Works have been incorporated by reference. |
| pp. **ASTM D512-89(1999):** PRO identifies 40 C.F.R. § 136.3(a) as the incorporating by reference regulation. Wise Decl. ¶ 151, Ex. 150 at PRO_00104757; Wise Decl. ¶ 165, Ex. 164 at Interrog. 19; Wise Decl. ¶ 153, Ex. 152 at 466. However, 40 C.F.R. § 136.3(a) incorporates ASTM D512a-04, D512b-04, and D512c-04 not ASTM D512-89(1999). 40 C.F.R. § 136.3(a). | Disputed. In Exhibit A to their response to Public Resource's Interrogatory No. 1 on March 24, 2014, Plaintiffs identified this edition of this standard as having been incorporated by reference into law. Plaintiffs now deny it without explanation. Immaterial: whether Public Resource has accurately identified the incorporating provision does not affect whether it engages in fair use. | PRO fails to establish a genuine dispute as to a material fact. PRO does not dispute that it identified 40 C.F.R. § 136.3(a) as the incorporating by reference regulation or that 40 C.F.R. § 136.3(a) incorporates ASTM D512a-04, D512b-04, and D512c-04 not ASTM D512-89(1999). Defendant's sole "dispute" is to mischaracterize ASTM's response to PRO's Interrogatory No. 1 to assert that ASTM admitted a fact that (1) it did not admit, and (2) is unsupported by the record evidence.<br><br>For the same reasons explained in Paragraph 36.a., PRO's assertion that its inability to identify the correct version of the standard incorporated by reference in the C.F.R. is immaterial ignores the D.C. Circuit's opintion, *ASTM II*, 896 F.3d at 450 and PRO's burden to prove each standard has been IBR'd. |
| qq. **ASTM D814-95:** PRO identifies 40 C.F.R. § 1051.245(e)(1) as the incorporating by reference regulation. Wise Decl. ¶ 151, Ex. 150 at PRO_00105881; Wise Decl. ¶ 165, Ex. 164 at Interrog. 19; Wise Decl. ¶ 153, Ex. 152 at 493. However, 40 C.F.R. § 1051.245(e)(1) does not incorporate ASTM D814-95. 40 C.F.R. § 1051.245(e)(1). | Disputed. In Exhibit A to their response to Public Resource's Interrogatory No. 1 on March 24, 2014, Plaintiffs identified this edition of this standard as having been incorporated by reference into law. Plaintiffs now deny it without explanation. Immaterial: whether Public Resource has accurately identified the | PRO fails to establish a genuine dispute as to a material fact. PRO does not dispute that it identified 40 C.F.R. § 1051.245(e)(1) as the incorporating by reference regulation or that 40 C.F.R. § 1051.245(e)(1) does not incorporate ASTM D814-95. Defendant's sole "dispute" is to mischaracterize ASTM's response to PRO's Interrogatory No. 1 to assert that ASTM admitted a fact that (1) it did not admit, and (2) is unsupported by the record evidence.<br><br>For the same reasons explained in Paragraph 36.a., PRO's |

| Plaintiffs' Statement of Material Facts | Defendant Public Resource's Response | Plaintiffs' Response |
|---|---|---|
| | incorporating provision does not affect whether it engages in fair use. | assertion that its inability to identify the correct version of the standard incorporated by reference in the C.F.R. is immaterial ignores the D.C. Circuit's opintion, *ASTM II*, 896 F.3d at 450 and PRO's burden to prove each standard has been IBR'd. |
| rr. **ASTM D975-07:** PRO identifies 40 C.F.R. § 1065.710 as the incorporating by reference regulation. Wise Decl. ¶ 153, Ex. 152 at 517. However, 40 C.F.R. § 1065.710 incorporates ASTM D975-13a, not ASTM D975-07. 40 C.F.R. § 1065.710. | Disputed. ASTM D975b-2007 is incorporated by reference at 40 C.F.R. § 1065.1010 (2011). Immaterial. Whether Public Resource has accurately identified the incorporating provision does not affect whether it engages in fair use. | PRO fails to establish a genuine dispute as to a material fact. PRO does not dispute that it identified 40 C.F.R. § 1065.710 as the incorporating by reference regulation or that 40 C.F.R. § 1065.710 incorporates ASTM D975-13a, not ASTM D975-07. Instead, Defendant points to an entirely different, outdated C.F.R. provision, 40 C.F.R. § 1065.1010 (2011), that also does not incorporate the correct version of ASTM D975-07. 40 C.F.R. § 1065.1010 (2011) incorporates ASTM D975-07b, not ASTM D975-07.<br><br>For the same reasons explained in Paragraph 36.a., PRO's assertion that its inability to identify the correct version of the standard incorporated by reference in the C.F.R. is immaterial ignores the D.C. Circuit's opintion, *ASTM II*, 896 F.3d at 450 and PRO's burden to prove each standard has been IBR'd. |
| ss. **ASTM D1246-95(1999):** PRO identifies 40 C.F.R. § 136.3(a), Table IB as the incorporating by reference regulation. Wise Decl. ¶ 153, Ex. 152 at 546. However, 40 C.F.R. § 136.3(a), Table IB incorporates ASTM D1246-05, not ASTM D1246-95(1999). 40 C.F.R. § 136.3(a), Table IB. | Immaterial. Whether Public Resource has accurately identified the incorporating provision does not affect whether it engages in fair use. | The fact is conceded to be undisputed. PRO cites no authority that incorporates D1246-95(1999) by reference.<br><br>For the same reasons explained in Paragraph 36.a., PRO's assertion that its inability to identify the correct version of the standard incorporated by reference in the C.F.R. is immaterial ignores the D.C. Circuit's opintion, *ASTM II*, 896 F.3d at 450 and PRO's burden to prove each standard has been IBR'd. |
| tt. **ASTM D1481-93(1997):** PRO identifies 40 C.F.R. § 136.3(a), Table IC as the incorporating by reference regulation. | Disputed. In Exhibit A to their response to Public Resource's Interrogatory No. 1 on March 24, | PRO fails to establish a genuine dispute as to a material fact. PRO does not dispute that it identified 40 C.F.R. § 136.3(a), Table IC as the incorporating by reference regulation or that |

| Plaintiffs' Statement of Material Facts | Defendant Public Resource's Response | Plaintiffs' Response |
|---|---|---|
| Wise Decl. ¶ 153, Ex. 152 at 599. However, 40 C.F.R. § 136.3(a), Table IC does not incorporate ASTM D1481-93(1997). 40 C.F.R. § 136.3(a), Table IC. | 2014, Plaintiffs identified this edition of this standard as having been incorporated by reference into law. Plaintiffs now deny it without explanation. Immaterial: whether Public Resource has accurately identified the incorporating provision does not affect whether it engages in fair use. | 40 C.F.R. § 136.3(a), Table IC does not incorporate ASTM D1481-93(1997). Defendant's sole "dispute" is to mischaracterize ASTM's response to PRO's Interrogatory No. 1 to assert that ASTM admitted a fact that (1) it did not admit, and (2) is unsupported by the record evidence.<br><br>For the same reasons explained in Paragraph 36.a., PRO's assertion that its inability to identify the correct version of the standard incorporated by reference in the C.F.R. is immaterial ignores the D.C. Circuit's opintion, *ASTM II*, 896 F.3d at 450 and PRO's burden to prove each standard has been IBR'd. |
| uu. **ASTM D1518-85 (1998)e1:** PRO identifies 46 C.F.R. § 160.174-17(f) as the incorporating by reference regulation. Wise Decl. ¶ 151, Ex. 150 at PRO_00095007; Wise Decl. ¶ 165, Ex. 164 at Interrog. 19; Wise Decl. ¶ 153, Ex. 152 at 606. However, 46 C.F.R. § 160.174-17(f) incorporates ASTM D1518-85 reapproved in 1990, not ASTM D1518-85 (1998)e1. 46 C.F.R. § 160.174-17(f). | Disputed. In Exhibit A to their response to Public Resource's Interrogatory No. 1 on March 24, 2014, Plaintiffs identified this edition of this standard as having been incorporated by reference into law. Plaintiffs now deny it without explanation. Immaterial: whether Public Resource has accurately identified the incorporating provision does not affect whether it engages in fair use. | PRO fails to establish a genuine dispute as to a material fact. PRO does not dispute that it identified 46 C.F.R. § 160.174-17(f) as the incorporating by reference regulation or that 46 C.F.R. § 160.174-17(f) incorporates ASTM D1518-85 reapproved in 1990, not ASTM D1518-85 (1998)e1. Defendant's sole "dispute" is to mischaracterize ASTM's response to PRO's Interrogatory No. 1 to assert that ASTM admitted a fact that (1) it did not admit, and (2) is unsupported by the record evidence.<br><br>For the same reasons explained in Paragraph 36.a., PRO's assertion that its inability to identify the correct version of the standard incorporated by reference in the C.F.R. is immaterial ignores the D.C. Circuit's opintion, *ASTM II*, 896 F.3d at 450 and PRO's burden to prove each standard has been IBR'd. |
| vv. **ASTM D1785-86:** PRO identifies 46 C.F.R. § 56.01-2 as the incorporating by reference regulation. Wise Decl. ¶ 153, Ex. 152 at 661. However, 46 | Immaterial. Whether Public Resource has accurately identified the incorporating provision does not affect whether | The fact is conceded to be undisputed. PRO cites no authority that incorporates D1785-86 by reference. |

| Plaintiffs' Statement of Material Facts | Defendant Public Resource's Response | Plaintiffs' Response |
| --- | --- | --- |
| C.F.R. § 56.01-2 does not reference ASTM D1785-86. 46 C.F.R. § 56.01- 2. | it engages in fair use. | For the same reasons explained in Paragraph 36.a., PRO's assertion that its inability to identify the correct version of the standard incorporated by reference in the C.F.R. is immaterial ignores the D.C. Circuit's opintion, *ASTM II*, 896 F.3d at 450 and PRO's burden to prove each standard has been IBR'd. |
| ww. **ASTM D1890-96:** PRO identifies 40 C.F.R. § 136.3(a) as the incorporating by reference regulation. Wise Decl. ¶ 153, Ex. 152 at 678. However, 40 C.F.R. § 136.3(a) does not reference ASTM D1890-96. 40 C.F.R. § 136.3(a). | Disputed. In Exhibit A to their response to Public Resource's Interrogatory No. 1 on March 24, 2014, Plaintiffs identified this edition of this standard as having been incorporated by reference into law. Plaintiffs now deny it without explanation. Immaterial: whether Public Resource has accurately identified the incorporating provision does not affect whether it engages in fair use. | PRO does not dispute that it identified 40 C.F.R. § 136.3(a) as the incorporating by reference regulation or that 40 C.F.R. § 136.3(a) does not incorporate ASTM D1890-96. Defendant's sole "dispute" is to mischaracterize ASTM's response to PRO's Interrogatory No. 1 to assert that ASTM admitted a fact that (1) it did not admit, and (2) is unsupported by the record evidence.<br><br>For the same reasons explained in Paragraph 36.a., PRO's assertion that its inability to identify the correct version of the standard incorporated by reference in the C.F.R. is immaterial ignores the D.C. Circuit's opintion, *ASTM II*, 896 F.3d at 450 and PRO's burden to prove each standard has been IBR'd. |
| xx. **ASTM D2036-98:** PRO identifies 40 C.F.R. § 136.3(a), Table 1B as the incorporating by reference regulation. Wise Decl. ¶ 153, Ex. 152 at 742. However, 40 C.F.R. § 136.3(a), Table 1B incorporates a different version of ASTM D2036. 40 C.F.R. § 136.3(a), Table 1B incorporates ASTM D2036-09(A) and (B), not ASTM D2036-98. 40 C.F.R. § 136.3(a), Table 1B. | Disputed. In Exhibit A to their response to Public Resource's Interrogatory No. 1 on March 24, 2014, Plaintiffs identified this edition of this standard as having been incorporated by reference into law. Plaintiffs now deny it without explanation. Immaterial: whether Public Resource has accurately identified the incorporating provision does not affect whether it engages in fair | PRO fails to establish a genuine dispute as to a material fact. PRO does not dispute that it identified 40 C.F.R. § 136.3(a), Table 1B as the incorporating by reference regulation or that 40 C.F.R. § 136.3(a), Table 1B incorporates ASTM D2036-09(A) and (B), not ASTM D2036-98. Defendant's sole "dispute" is to mischaracterize ASTM's response to PRO's Interrogatory No. 1 to assert that ASTM admitted a fact that (1) it did not admit, and (2) is unsupported by the record evidence.<br><br>For the same reasons explained in Paragraph 36.a., PRO's |

| Plaintiffs' Statement of Material Facts | Defendant Public Resource's Response | Plaintiffs' Response |
|---|---|---|
| | use. | assertion that its inability to identify the correct version of the standard incorporated by reference in the C.F.R. is immaterial ignores the D.C. Circuit's opintion, *ASTM II*, 896 F.3d at 450 and PRO's burden to prove each standard has been IBR'd. |
| yy. **ASTM D2163-91 (1996):** PRO identifies 40 C.F.R. § 86.1313-94(f)(3) as the incorporating by reference regulation. Wise Decl. ¶ 153, Ex. 152 at 763. However, 40 C.F.R. § 86.1313-94 is reserved by 79 FR 23704 and does not reference ASTM D2163-91 (1996). 40 C.F.R. § 86.1313-94. | Disputed. In Exhibit A to their response to Public Resource's Interrogatory No. 1 on March 24, 2014, Plaintiffs identified this edition of this standard as having been incorporated by reference into law. Plaintiffs now deny it without explanation. Immaterial: whether Public Resource has accurately identified the incorporating provision does not affect whether it engages in fair use. | PRO fails to establish a genuine dispute as to a material fact. PRO does not dispute that it identified 40 C.F.R. § 86.1313-94(f)(3) as the incorporating by reference regulation or that 40 C.F.R. § 86.1313-94(f)(3) is reserved by 79 FR 23704, such that it does not reference ASTM D2163-91 (1996). Defendant's sole "dispute" is to mischaracterize ASTM's response to PRO's Interrogatory No. 1 to assert that ASTM admitted a fact that (1) it did not admit, and (2) is unsupported by the record evidence.<br><br>For the same reasons explained in Paragraph 36.a., PRO's assertion that its inability to identify the correct version of the standard incorporated by reference in the C.F.R. is immaterial ignores the D.C. Circuit's opintion, *ASTM II*, 896 F.3d at 450 and PRO's burden to prove each standard has been IBR'd. |
| zz. **ASTM D2986-95a (1999):** PRO identifies 40 C.F.R. § 86.1310 2007(b)(7)(i)(A) as the incorporating by reference regulation. Wise Decl. ¶ 153, Ex. 152 at 861. However, 40 C.F.R. § 86.1310-2007 is reserved by 79 FR 23704 and does not reference ASTM D2986-95a (1999). 40 C.F.R. § 86.1310-2007. | Disputed. In Exhibit A to their response to Public Resource's Interrogatory No. 1 on March 24, 2014, Plaintiffs identified this edition of this standard as having been incorporated by reference into law. Plaintiffs now deny it without explanation. Immaterial: whether Public Resource has accurately identified the incorporating provision does not | PRO fails to establish a genuine dispute as to a material fact. PRO does not dispute that it identified 40 C.F.R. § 86.1310 2007(b)(7)(i)(A) as the incorporating by reference regulation or that 40 C.F.R. § 86.1310 2007(b)(7)(i)(A) is reserved by 79 FR 23704, such that it does not reference ASTM D2986-95a (1999). Defendant's sole "dispute" is to mischaracterize ASTM's response to PRO's Interrogatory No. 1 to assert that ASTM admitted a fact that (1) it did not admit, and (2) is unsupported by the record evidence.<br><br>For the same reasons explained in Paragraph 36.a., PRO's |

| Plaintiffs' Statement of Material Facts | Defendant Public Resource's Response | Plaintiffs' Response |
| --- | --- | --- |
| | affect whether it engages in fair use. | assertion that its inability to identify the correct version of the standard incorporated by reference in the C.F.R. is immaterial ignores the D.C. Circuit's opintion, *ASTM II*, 896 F.3d at 450 and PRO's burden to prove each standard has been IBR'd. |
| aaa. **ASTM D3120-96:** PRO identifies 40 C.F.R. § 80.46(a)(3)(iii) as the incorporating by reference regulation. Wise Decl. ¶ 151, Ex. 150 at PRO_00103410; Wise Decl. ¶ 165, Ex. 164 at Interrog. 19; Wise Decl. ¶ 153, Ex. 152 at 868. However, 40 C.F.R. § 80.46 incorporates a different version of ASTM D3120. 40 C.F.R. § 80.46 incorporates ASTM D3120- 08, not ASTM D3120-96. 40 C.F.R. § 80.46. | Disputed. ASTM D3120-1996 is incorporated by reference at 40 C.F.R. § 80.580(b) (2001-2003). Immaterial. Whether Public Resource has accurately identified the incorporating provision does not affect whether it engages in fair use. | PRO fails to establish a genuine dispute as to a material fact. PRO does not dispute that it identified 40 C.F.R. § 80.46(a)(3)(iii) as the incorporating by reference regulation or that 40 C.F.R. § 80.46(a)(3)(iii) incorporates ASTM D3120-08, not ASTM D3120-96. Instead, Defendant points to an entirely different, outdated C.F.R. provision, 40 C.F.R. § 80.580(b) (2001-2003), that also does not incorporate the correct version of ASTM D3120-96 and was not in effect when PRO posted this standard and is not effective at this time.<br><br>For the same reasons explained in Paragraph 36.a., PRO's assertion that its inability to identify the correct version of the standard incorporated by reference in the C.F.R. is immaterial ignores the D.C. Circuit's opintion, *ASTM II*, 896 F.3d at 450 and PRO's burden to prove each standard has been IBR'd. |
| bbb. **ASTM D5257-97:** PRO identifies 40 C.F.R. § 136.3(a) as the incorporating by reference regulation. Wise Decl. ¶ 151, Ex. 150 at PRO_00104786; Wise Decl. ¶ 165, Ex. 164 at Interrog. 19; Wise Decl. ¶ 153, Ex. 152 at 1017. However, 40 C.F.R. § 136.3(a) incorporates ASTM D5257-11, not ASTM D5257-97. 40 C.F.R. § 136.3(a). | Disputed. In Exhibit A to their response to Public Resource's Interrogatory No. 1 on March 24, 2014, Plaintiffs identified this edition of this standard as having been incorporated by reference into law. Plaintiffs now deny it without explanation. Immaterial: whether Public Resource has accurately identified the | PRO fails to establish a genuine dispute as to a material fact. PRO does not dispute that it identified 40 C.F.R. § 136.3(a) as the incorporating by reference regulation or that 40 C.F.R. § 136.3(a) incorporates ASTM D5257-11, not ASTM D5257-97. Defendant's sole "dispute" is to mischaracterize ASTM's response to PRO's Interrogatory No. 1 to assert that ASTM admitted a fact that (1) it did not admit, and (2) is unsupported by the record evidence.<br><br>For the same reasons explained in Paragraph 36.a., PRO's |

| Plaintiffs' Statement of Material Facts | Defendant Public Resource's Response | Plaintiffs' Response |
|---|---|---|
| | incorporating provision does not affect whether it engages in fair use. | assertion that its inability to identify the correct version of the standard incorporated by reference in the C.F.R. is immaterial ignores the D.C. Circuit's opintion, *ASTM II*, 896 F.3d at 450 and PRO's burden to prove each standard has been IBR'd. |
| ccc. **ASTM D5373-93 (1997):** PRO identifies 40 C.F.R. § 75, Appendix G as the incorporating by reference regulation. Wise Decl. ¶ 151, Ex. 150 at PRO_00104803; Wise Decl. ¶ 165, Ex. 164 at Interrog. 19; Wise Decl. ¶ 153, Ex. 152 at 1025. However, 40 C.F.R. § 75, Appendix G incorporates a different version of ASTM D5373. 40 C.F.R. § 75, Appendix G incorporates ASTM D5373-02 (2007), not ASTM D5373-93 (1997). 40 C.F.R. § 75, Appendix G. | Disputed. ASTM D5373-1993 is incorporated by reference at 40 C.F.R. § 75.6 (2004). The (1997) reissue that Public Resource posted is identical except for the date (1997) in the title.<br>Immaterial. Whether Public Resource has accurately identified the incorporating provision does not affect whether it engages in fair use. | PRO fails to establish a genuine dispute as to a material fact. PRO does not dispute that it identified 40 C.F.R. § 75, Appendix G as the incorporating by reference regulation or that 40 C.F.R. § 75, Appendix G incorporates ASTM D5373-02 (2007), not ASTM D5373-93 (1997). Instead, Defendant points to a different, outdated C.F.R. provision, 40 C.F.R. § 75.6 (2004), that (1) is not effective at this time, (2) was not in effect when PRO posted the standard (40 C.F.R. § 75.6 (2008) incorporates the D5373-02 (2007) by reference), and (3) does not incorporate the correct version of ASTM D5373. The version of 40 C.F.R. § 75.6 that was in effect in 2004 incorporates ASTM D5373-93, not ASTM D5373-93 (1997).<br><br>For the same reasons explained in Paragraph 36.a., PRO's assertion that its inability to identify the correct version of the standard incorporated by reference in the C.F.R. is immaterial ignores the D.C. Circuit's opintion, *ASTM II*, 896 F.3d at 450 and PRO's burden to prove each standard has been IBR'd. |
| ddd. **ASTM D5489-96a:** PRO identifies 16 C.F.R. § 423.8(g) as the incorporating by reference regulation. Wise Decl. ¶ 153, Ex. 152 at 1031. However, 16 C.F.R. § 423.8(g) incorporates ASTM D5489-96c, not ASTM D5489-96a. 16 C.F.R. § 423.8(g). | Disputed. In Exhibit A to their response to Public Resource's Interrogatory No. 1 on March 24, 2014, Plaintiffs identified this edition of this standard as having been incorporated by reference into law. Plaintiffs now deny it without explanation. Immaterial: | PRO fails to establish a genuine dispute as to a material fact. PRO does not dispute that it identified 16 C.F.R. § 423.8(g) as the incorporating by reference regulation or that 16 C.F.R. § 423.8(g) incorporates ASTM D5489-96c, not ASTM D5489-96a. Defendant's sole "dispute" is to mischaracterize ASTM's response to PRO's Interrogatory No. 1 to assert that ASTM admitted a fact that (1) it did not admit, and (2) is unsupported by the record evidence. |

| Plaintiffs' Statement of Material Facts | Defendant Public Resource's Response | Plaintiffs' Response |
|---|---|---|
| | whether Public Resource has accurately identified the incorporating provision does not affect whether it engages in fair use. | For the same reasons explained in Paragraph 36.a., PRO's assertion that its inability to identify the correct version of the standard incorporated by reference in the C.F.R. is immaterial ignores the D.C. Circuit's opintion, *ASTM II*, 896 F.3d at 450 and PRO's burden to prove each standard has been IBR'd. |
| eee. **ASTM E23-82:** PRO identifies 46 C.F.R. § 56.50-105(a)(1)(ii) as the incorporating by reference regulation. Wise Decl. ¶ 151, Ex. 150 at PRO_00106690; Wise Decl. ¶ 165, Ex. 164 at Interrog. 19; Wise Decl. ¶ 153, Ex. 152 at 1122. However, 46 C.F.R. § 56.50-105(a)(1)(ii) incorporates a different version of ASTM E23. 46 C.F.R. § 56.50- 105(a)(1)(ii) incorporates ASTM E23-96, not ASTM E23-82. 46 C.F.R. §§ 56.50-105(a)(1)(ii); 56.01-2(e)(68). | Disputed. ASTM E23-1982 is incorporated by reference at 46 C.F.R. § 56.01-2 (1997). Immaterial. Whether Public Resource has accurately identified the incorporating provision does not affect whether it engages in fair use. | PRO fails to establish a genuine dispute as to a material fact. PRO does not dispute that it identified 46 C.F.R. § 56.50-105(a)(1)(ii) as the incorporating by reference regulation or that 46 C.F.R. § 56.50-105(a)(1)(ii) incorporates ASTM E23-96, not ASTM E23-82. Instead, Defendant points to a different, outdated C.F.R. provision, 46 C.F.R. § 56.01-2 (1997), as incorporating ASTM E23-82. But 46 C.F.R. § 56.01-2 did not incorporate E23-82 when PRO posted the standard, and 46 C.F.R. § 56.01-2 (1997) is not effective at this time.<br><br>For the same reasons explained in Paragraph 36.a., PRO's assertion that its inability to identify the correct version of the standard incorporated by reference in the C.F.R. is immaterial ignores the D.C. Circuit's opintion, *ASTM II*, 896 F.3d at 450 and PRO's burden to prove each standard has been IBR'd. |
| fff. **ASTM E145-94$^{e1}$:** PRO identifies 40 C.F.R. § 63.14 as the incorporating by reference regulation. Wise Decl. ¶ 151, Ex. 150 at PRO_00106516; Wise Decl. ¶ 165, Ex. 164 at Interrog. 19; Wise Decl. ¶ 153, Ex. 152 at 1182. However, 40 C.F.R. § 63.14(h)(103) incorporates ASTM E145-94 (2001), not | Disputed. In Exhibit A to their response to Public Resource's Interrogatory No. 1 on March 24, 2014, Plaintiffs identified this edition of this standard as having been incorporated by reference into law. Plaintiffs now deny it without explanation. Immaterial: | PRO fails to establish a genuine dispute as to a material fact. PRO does not dispute that it identified 40 C.F.R. § 63.14 as the incorporating by reference regulation or that 40 C.F.R. § 63.14 incorporates ASTM E145-94 (2001), not ASTM E145-94$^{e1}$. Defendant's sole "dispute" is to mischaracterize ASTM's response to PRO's Interrogatory No. 1 to assert that ASTM admitted a fact that (1) it did not admit, and (2) is unsupported by the record evidence. |



| Plaintiffs' Statement of Material Facts | Defendant Public Resource's Response | Plaintiffs' Response |
| --- | --- | --- |
| ASTM E145-94$^{e1}$. 40 C.F.R. § 63.14(h)(103). | whether Public Resource has accurately identified the incorporating provision does not affect whether it engages in fair use. | For the same reasons explained in Paragraph 36.a., PRO's assertion that its inability to identify the correct version of the standard incorporated by reference in the C.F.R. is immaterial ignores the D.C. Circuit's opintion, *ASTM II*, 896 F.3d at 450 and PRO's burden to prove each standard has been IBR'd. |
| ggg. **ASTM E283-91 (1999):** PRO identifies 10 C.F.R. § 434.402.2 and 24 C.F.R. § 200, Appendix A as the incorporating by reference regulations. Wise Decl. ¶ 151, Ex. 150 at PRO_00106751; Wise Decl. ¶ 165, Ex. 164 at Interrog. 19; Wise Decl. ¶ 153, Ex. 152 at 1223. However, 10 C.F.R. § 434.402.2 does not reference ASTM E 283, and 24 C.F.R. § 200, Appendix A incorporates ASTM E283-91, not ASTM E283-91 (1999). | Disputed. In Exhibit A to their response to Public Resource's Interrogatory No. 1 on March 24, 2014, Plaintiffs identified this edition of this standard as having been incorporated by reference into law. Plaintiffs now deny it without explanation. Immaterial: whether Public Resource has accurately identified the incorporating provision does not affect whether it engages in fair use. | PRO fails to establish a genuine dispute as to a material fact. PRO does not dispute that it identified 10 C.F.R. § 434.402.2 and 24 C.F.R. § 200, Appendix A as the incorporating by reference regulations or that 10 C.F.R. § 434.402.2 and 24 C.F.R. § 200, Appendix A incorporate ASTM E283-91, not ASTM E283-91 (1999). Defendant's sole "dispute" is to mischaracterize ASTM's response to PRO's Interrogatory No. 1 to assert that ASTM admitted a fact that (1) it did not admit, and (2) is unsupported by the record evidence.<br><br>For the same reasons explained in Paragraph 36.a., PRO's assertion that its inability to identify the correct version of the standard incorporated by reference in the C.F.R. is immaterial ignores the D.C. Circuit's opintion, *ASTM II*, 896 F.3d at 450 and PRO's burden to prove each standard has been IBR'd. |
| hhh. **ASTM E408-71:** PRO identifies 16 C.F.R. § 460.5(b) as the incorporating by reference regulation. Wise Decl. ¶ 151, Ex. 150 at PRO_00106805; Wise Decl. ¶ 165, Ex. 164 at Interrog. 19; Wise Decl. ¶ 153, Ex. 152 at 1230. However, 16 C.F.R. § 460.5(b) incorporates ASTM E408-71, | Disputed. In Exhibit A to their response to Public Resource's Interrogatory No. 1 on March 24, 2014, Plaintiffs identified this edition of this standard as having been incorporated by reference into law. Plaintiffs now deny it without explanation. Immaterial: whether Public Resource has | PRO fails to establish a genuine dispute as to a material fact. PRO does not dispute that it identified 16 C.F.R. § 460.5(b) as the incorporating by reference regulation or that 16 C.F.R. § 460.5(b) incorporates ASTM E408-71, reapproved in 2002, not ASTM E408-71. Defendant's sole "dispute" is to mischaracterize ASTM's response to PRO's Interrogatory No. 1 to assert that ASTM admitted a fact that (1) it did not admit, and (2) is unsupported by the record evidence. |

| Plaintiffs' Statement of Material Facts | Defendant Public Resource's Response | Plaintiffs' Response |
|---|---|---|
| reapproved in 2002, not ASTM E408-71. 16 C.F.R. § 460.5(b). | accurately identified the incorporating provision does not affect whether it engages in fair use. | For the same reasons explained in Paragraph 36.a., PRO's assertion that its inability to identify the correct version of the standard incorporated by reference in the C.F.R. is immaterial ignores the D.C. Circuit's opintion, *ASTM II*, 896 F.3d at 450 and PRO's burden to prove each standard has been IBR'd. |
| iii. **ASTM E424-71:** PRO identifies 24 C.F.R. § 200, Subpart S as the incorporating by reference regulation. Wise Decl. ¶ 151, Ex. 150 at PRO_00106810; Wise Decl. ¶ 165, Ex. 164 at Interrog. 19; Wise Decl. ¶ 153, Ex. 152 at 1235. However, 24 C.F.R. § 200, Subpart S does not reference ASTM E424-71. 24 C.F.R. § 200, Subpart S. | Disputed. In Exhibit A to their response to Public Resource's Interrogatory No. 1 on March 24, 2014, Plaintiffs identified this edition of this standard as having been incorporated by reference into law. Plaintiffs now deny it without explanation. Immaterial: whether Public Resource has accurately identified the incorporating provision does not affect whether it engages in fair use. | PRO fails to establish a genuine dispute as to a material fact. PRO does not dispute that it identified 24 C.F.R. § 200, Subpart S as the incorporating by reference regulation or that 24 C.F.R. § 200, Subpart S does not reference ASTM E424-71. Defendant's sole "dispute" is to mischaracterize ASTM's response to PRO's Interrogatory No. 1 to assert that ASTM admitted a fact that (1) it did not admit, and (2) is unsupported by the record evidence.<br><br>For the same reasons explained in Paragraph 36.a., PRO's assertion that its inability to identify the correct version of the standard incorporated by reference in the C.F.R. is immaterial ignores the D.C. Circuit's opintion, *ASTM II*, 896 F.3d at 450 and PRO's burden to prove each standard has been IBR'd. |
| jjj. **ASTM E606-80:** PRO identifies 24 C.F.R. § 200.946 as the incorporating by reference regulation. Wise Decl. ¶ 151, Ex. 150 at PRO_00106820; Wise Decl. ¶ 165, Ex. 164 at Interrog. 19; Wise Decl. ¶ 153, Ex. 152 at 1244. However, 24 C.F.R. § 200.946 does not reference ASTM E606-80. 24 C.F.R. § 200.946. | Disputed. In Exhibit A to their response to Public Resource's Interrogatory No. 1 on March 24, 2014, Plaintiffs identified this edition of this standard as having been incorporated by reference into law. Plaintiffs now deny it without explanation. Immaterial: whether Public Resource has accurately identified the incorporating provision does not | PRO fails to establish a genuine dispute as to a material fact. PRO does not dispute that it identified 24 C.F.R. § 200.946 as the incorporating by reference regulation or that 24 C.F.R. § 200.946 does not reference ASTM E606-80. Defendant's sole "dispute" is to mischaracterize ASTM's response to PRO's Interrogatory No. 1 to assert that ASTM admitted a fact that (1) it did not admit, and (2) is unsupported by the record evidence.<br><br>For the same reasons explained in Paragraph 36.a., PRO's assertion that its inability to identify the correct version of the |

| Plaintiffs' Statement of Material Facts | Defendant Public Resource's Response | Plaintiffs' Response |
|---|---|---|
| | affect whether it engages in fair use. | standard incorporated by reference in the C.F.R. is immaterial ignores the D.C. Circuit's opintion, *ASTM II*, 896 F.3d at 450 and PRO's burden to prove each standard has been IBR'd. |
| kkk. **ASTM E695-79 (1997)$^{e1}$:** PRO identifies 24 C.F.R. § 200.946(a)(1)(viii) as the incorporating by reference regulation. Wise Decl. ¶ 151, Ex. 150 at PRO_00106851; Wise Decl. ¶ 165, Ex. 164 at Interrog. 19; Wise Decl. ¶ 153, Ex. 152 at 1273. However, 24 C.F.R. § 200.946(a)(1)(viii) incorporates ASTM E 695-79, reapproved in 1991, not ASTM E695-79 (1997)$^{e1}$. 24 C.F.R. § 200.946(a)(1)(viii). | Disputed. In Exhibit A to their response to Public Resource's Interrogatory No. 1 on March 24, 2014, Plaintiffs identified this edition of this standard as having been incorporated by reference into law. Plaintiffs now deny it without explanation. Immaterial: whether Public Resource has accurately identified the incorporating provision does not affect whether it engages in fair use. | PRO fails to establish a genuine dispute as to a material fact. PRO does not dispute that it identified 24 C.F.R. § 200.946(a)(1)(viii) as the incorporating by reference regulation or that 24 C.F.R. § 200.946(a)(1)(viii) incorporates ASTM E695-79, reapproved in 1991, not ASTM E695-79 (1997)e1. Defendant's sole "dispute" is to mischaracterize ASTM's response to PRO's Interrogatory No. 1 to assert that ASTM admitted a fact that (1) it did not admit, and (2) is unsupported by the record evidence.<br><br>For the same reasons explained in Paragraph 36.a., PRO's assertion that its inability to identify the correct version of the standard incorporated by reference in the C.F.R. is immaterial ignores the D.C. Circuit's opintion, *ASTM II*, 896 F.3d at 450 and PRO's burden to prove each standard has been IBR'd. |
| lll. **ASTM E711-87 (1992):** PRO identifies 40 C.F.R. § 63, Subpart DDDDD, Table 6 as the incorporating by reference regulation. Wise Decl. ¶ 151, Ex. 150 at PRO_00106859; Wise Decl. ¶ 165, Ex. 164 at Interrog. 19; Wise Decl. ¶ 153, Ex. 152 at 1279. However, 40 C.F.R. § 63, Subpart DDDDD cites ASTM E711-87, reapproved in 2004, not ASTM E711-87 (1992). 40 C.F.R. §§ 63, Subpart DDDDD; 63.14(h)(108). | Disputed. In Exhibit A to their response to Public Resource's Interrogatory No. 1 on March 24, 2014, Plaintiffs identified this edition of this standard as having been incorporated by reference into law. Plaintiffs now deny it without explanation. Immaterial: whether Public Resource has accurately identified the incorporating provision does not affect whether it engages in fair | PRO fails to establish a genuine dispute as to a material fact. PRO does not dispute that it identified 40 C.F.R. § 63, Subpart DDDDD, Table 6 as the incorporating by reference regulation or that 40 C.F.R. § 63, Subpart DDDDD, Table 6 incorporates ASTM E711-87, reapproved in 2004, not ASTM E711-87 (1992). Defendant's sole "dispute" is to mischaracterize ASTM's response to PRO's Interrogatory No. 1 to assert that ASTM admitted a fact that (1) it did not admit, and (2) is unsupported by the record evidence.<br><br>For the same reasons explained in Paragraph 36.a., PRO's assertion that its inability to identify the correct version of the |

| Plaintiffs' Statement of Material Facts | Defendant Public Resource's Response | Plaintiffs' Response |
|---|---|---|
| | use. | standard incorporated by reference in the C.F.R. is immaterial ignores the D.C. Circuit's opintion, *ASTM II*, 896 F.3d at 450 and PRO's burden to prove each standard has been IBR'd. |
| mmm. **ASTM E776-87 (1992):** PRO identifies 40 C.F.R. § 63, Subpart DDDDD, Table 6 as the incorporating by reference regulation. Wise Decl. ¶ 151, Ex. 150 at PRO_00106908; Wise Decl. ¶ 165, Ex. 164 at Interrog. 19; Wise Decl. ¶ 153, Ex. 152 at 1300. However, 40 C.F.R. § 63, Subpart DDDDD, Table 6 incorporates ASTM E776-87, reapproved in 2009, not ASTM E776-87 (1992). 40 C.F.R. §§ 63, Subpart DDDDD; 63.14(h)(109). | Disputed. In Exhibit A to their response to Public Resource's Interrogatory No. 1 on March 24, 2014, Plaintiffs identified this edition of this standard as having been incorporated by reference into law. Plaintiffs now deny it without explanation. Immaterial: whether Public Resource has accurately identified the incorporating provision does not affect whether it engages in fair use. | PRO fails to establish a genuine dispute as to a material fact. PRO does not dispute that it identified 40 C.F.R. § 63, Subpart DDDDD, Table 6 as the incorporating by reference regulation or that 40 C.F.R. § 63, Subpart DDDDD, Table 6 incorporates ASTM E776-87, reapproved in 2009, not ASTM E776-87 (1992). Defendant's sole "dispute" is to mischaracterize ASTM's response to PRO's Interrogatory No. 1 to assert that ASTM admitted a fact that (1) it did not admit, and (2) is unsupported by the record evidence.<br><br>For the same reasons explained in Paragraph 36.a., PRO's assertion that its inability to identify the correct version of the standard incorporated by reference in the C.F.R. is immaterial ignores the D.C. Circuit's opintion, *ASTM II*, 896 F.3d at 450 and PRO's burden to prove each standard has been IBR'd. |
| nnn. **ASTM E885-88:** PRO identifies 40 C.F.R. § 63, Subpart DDDDD, Table 6 as the incorporating by reference regulation. Wise Decl. ¶ 153, Ex. 152 at 1308. However, 40 C.F.R. § 63, Subpart DDDDD, Table 6 does not reference ASTM E885-88. 40 C.F.R. § 63, Subpart DDDDD, Table 6. | Disputed. In Exhibit A to their response to Public Resource's Interrogatory No. 1 on March 24, 2014, Plaintiffs identified this edition of this standard as having been incorporated by reference into law. Plaintiffs now deny it without explanation. Immaterial: whether Public Resource has accurately identified the incorporating provision does not affect whether it engages in fair | PRO fails to establish a genuine dispute as to a material fact. PRO does not dispute that it identified 40 C.F.R. § 63, Subpart DDDDD, Table 6 as the incorporating by reference regulation or that 40 C.F.R. § 63, Subpart DDDDD, Table 6 does not incorporate ASTM E885-88. Defendant's sole "dispute" is to mischaracterize ASTM's response to PRO's Interrogatory No. 1 to assert that ASTM admitted a fact that (1) it did not admit, and (2) is unsupported by the record evidence.<br><br>For the same reasons explained in Paragraph 36.a., PRO's assertion that its inability to identify the correct version of the |

| Plaintiffs' Statement of Material Facts | Defendant Public Resource's Response | Plaintiffs' Response |
|---|---|---|
| | use. | standard incorporated by reference in the C.F.R. is immaterial ignores the D.C. Circuit's opintion, *ASTM II*, 896 F.3d at 450 and PRO's burden to prove each standard has been IBR'd. |
| ooo. **ASTM E1337-90 (1996)**: PRO identifies 49 C.F.R. §§ 571.105, S6.9.2(a) as the incorporating by reference regulations. Wise Decl. ¶ 153, Ex. 152 at 1336. However, 49 C.F.R. §§ 571.105 and 571.5 incorporate ASTM E1337-90, reapproved in 2008, not ASTM E1337-90 (1996). 49 C.F.R. §§ 571.105(a), (b); 571.5(d)(39). | Disputed. In Exhibit A to their response to Public Resource's Interrogatory No. 1 on March 24, 2014, Plaintiffs identified this edition of this standard as having been incorporated by reference into law. Plaintiffs now deny it without explanation. Immaterial: whether Public Resource has accurately identified the incorporating provision does not affect whether it engages in fair use. | PRO fails to establish a genuine dispute as to a material fact. PRO does not dispute that it identified 49 C.F.R. §§ 571.105, S6.9.2(a) as the incorporating by reference regulation or that 49 C.F.R. §§ 571.105, S6.9.2(a) incorporates ASTM E1337-90, reapproved in 2008, not ASTM E1337-90 (1996). Defendant's sole "dispute" is to mischaracterize ASTM's response to PRO's Interrogatory No. 1 to assert that ASTM admitted a fact that (1) it did not admit, and (2) is unsupported by the record evidence.<br><br>For the same reasons explained in Paragraph 36.a., PRO's assertion that its inability to identify the correct version of the standard incorporated by reference in the C.F.R. is immaterial ignores the D.C. Circuit's opintion, *ASTM II*, 896 F.3d at 450 and PRO's burden to prove each standard has been IBR'd. |
| ppp. **ASTM F462-79 (1999):** PRO identifies 24 C.F.R. § 200, Subpart S as the incorporating by reference regulation. Wise Decl. ¶ 151, Ex. 150 at PRO_00107383; Wise Decl. ¶ 165, Ex. 164 at Interrog. 19. However, 24 C.F.R. § 200, Subpart S does not reference ASTM F462-79 (1999). 24 C.F.R. § 200, Subpart S. | Disputed. In Exhibit A to their response to Public Resource's Interrogatory No. 1 on March 24, 2014, Plaintiffs identified this edition of this standard as having been incorporated by reference into law. Plaintiffs now deny it without explanation. Immaterial: whether Public Resource has accurately identified the incorporating provision does not affect whether it engages in fair | PRO fails to establish a genuine dispute as to a material fact. PRO does not dispute that it identified 24 C.F.R. § 200, Subpart S as the incorporating by reference regulation or that 24 C.F.R. § 200, Subpart S does not reference ASTM F462-79 (1999). Defendant's sole "dispute" is to mischaracterize ASTM's response to PRO's Interrogatory No. 1 to assert that ASTM admitted a fact that (1) it did not admit, and (2) is unsupported by the record evidence.<br><br>For the same reasons explained in Paragraph 36.a., PRO's assertion that its inability to identify the correct version of the standard incorporated by reference in the C.F.R. is immaterial |

| Plaintiffs' Statement of Material Facts | Defendant Public Resource's Response | Plaintiffs' Response |
|---|---|---|
| | use. | ignores the D.C. Circuit's opintion, *ASTM II*, 896 F.3d at 450 and PRO's burden to prove each standard has been IBR'd. insufficient to meet PRO's burden that the ASTM Works have been incorporated by reference. |
| qqq. **ASTM F478-92 (1999):** PRO identifies 29 C.F.R. § 1910.137(b)(2)(ix) as the incorporating by reference regulation. Wise Decl. ¶ 151, Ex. 150 at PRO_00107415; Wise Decl. ¶ 165, Ex. 164 at Interrog. 19; Wise Decl. ¶ 153, Ex. 152 at 1343. However, 29 C.F.R. § 1910.137(b)(2)(ix) incorporates a different version of ASTM F478. 29 C.F.R. § 1910.137(b)(2)(ix) incorporates ASTM F478-09, not ASTM F478-92 (1999). | Disputed. In Exhibit A to their response to Public Resource's Interrogatory No. 1 on March 24, 2014, Plaintiffs identified this edition of this standard as having been incorporated by reference into law. Plaintiffs now deny it without explanation. Immaterial: whether Public Resource has accurately identified the incorporating provision does not affect whether it engages in fair use. | PRO fails to establish a genuine dispute as to a material fact. PRO does not dispute that it identified 29 C.F.R. § 1910.137(b)(2)(ix) as the incorporating by reference regulation or that 29 C.F.R. § 1910.137(b)(2)(ix) incorporates ASTM F478-09, not ASTM F478-92 (1999). Defendant's sole "dispute" is to mischaracterize ASTM's response to PRO's Interrogatory No. 1 to assert that ASTM admitted a fact that (1) it did not admit, and (2) is unsupported by the record evidence.<br><br>For the same reasons explained in Paragraph 36.a., PRO's assertion that its inability to identify the correct version of the standard incorporated by reference in the C.F.R. is immaterial ignores the D.C. Circuit's opintion, *ASTM II*, 896 F.3d at 450 and PRO's burden to prove each standard has been IBR'd. |
| rrr. **ASTM F631-80 (1985):** PRO identifies 33 C.F.R. § 156.40 as the incorporating by reference regulation. Wise Decl. ¶ 153, Ex. 152 at 1349. However, 33 C.F.R. § 156.40 does not exist; 33 C.F.R. § 156.400 does not reference any ASTM standard, and 33 C.F.R. § 156.106(e)(1) incorporates a different version of ASTM F631. 33 C.F.R. § 156.106(e)(1) incorporates ASTM F631-93, not ASTM F631-80 (1985). | Disputed. In Exhibit A to their response to Public Resource's Interrogatory No. 1 on March 24, 2014, Plaintiffs identified this edition of this standard as having been incorporated by reference into law. Plaintiffs now deny it without explanation. Immaterial: whether Public Resource has accurately identified the incorporating provision does not | PRO fails to establish a genuine dispute as to a material fact. PRO does not dispute that it identified 33 C.F.R. § 156.40 as the incorporating by reference regulation or that: 33 C.F.R. § 156.40 does not exist; 33 C.F.R. § 156.400 does not reference any ASTM standard; and 33 C.F.R. § 156.106(e)(1) incorporates ASTM F631-93, not ASTM F631-80 (1985). Defendant's sole "dispute" is to mischaracterize ASTM's response to PRO's Interrogatory No. 1 to assert that ASTM admitted a fact that (1) it did not admit, and (2) is unsupported by the record evidence. |

| Plaintiffs' Statement of Material Facts | Defendant Public Resource's Response | Plaintiffs' Response |
|---|---|---|
| | affect whether it engages in fair use. | For the same reasons explained in Paragraph 36.a., PRO's assertion that its inability to identify the correct version of the standard incorporated by reference in the C.F.R. is immaterial ignores the D.C. Circuit's opintion, *ASTM II*, 896 F.3d at 450 and PRO's burden to prove each standard has been IBR'd. |
| sss. **ASTM F682-82a (1988):** PRO identifies 46 C.F.R. § 56.01-2 as the incorporating by reference regulation. Wise Decl. ¶ 153, Ex. 152 at 1361. However, 46 C.F.R. § 56.01-2 incorporates ASTM F682-82a, reapproved in 2008, not ASTM F682-82a (1988). 46 C.F.R. § 56.01-2(e)(69). | Disputed. In Exhibit A to their response to Public Resource's Interrogatory No. 1 on March 24, 2014, Plaintiffs identified this edition of this standard as having been incorporated by reference into law. Plaintiffs now deny it without explanation. Immaterial: whether Public Resource has accurately identified the incorporating provision does not affect whether it engages in fair use. | PRO fails to establish a genuine dispute as to a material fact. PRO does not dispute that it identified 46 C.F.R. § 56.01-2 as the incorporating by reference regulation or that 46 C.F.R. § 56.01-2 incorporates ASTM F682-82a, reapproved in 2008, not ASTM F682-82a (1988). Defendant's sole "dispute" is to mischaracterize ASTM's response to PRO's Interrogatory No. 1 to assert that ASTM admitted a fact that (1) it did not admit, and (2) is unsupported by the record evidence.<br><br>For the same reasons explained in Paragraph 36.a., PRO's assertion that its inability to identify the correct version of the standard incorporated by reference in the C.F.R. is immaterial ignores the D.C. Circuit's opintion, *ASTM II*, 896 F.3d at 450 and PRO's burden to prove each standard has been IBR'd. |
| ttt. **ASTM F715-81 (1986):** PRO identifies 33 C.F.R. § 154.106 as the incorporating by reference regulations. Wise Decl. ¶ 153, Ex. 152 at 1368. However, both 33 C.F.R. §§ 155, Appendix B and 154.106 incorporate a different version of ASTM F715. 33 C.F.R. §§ 155, Appendix B and 154.106 incorporate ASTM F715-95, not ASTM F715-81 | Disputed. ASTM F715-1981 (1986) is incorporated by reference at 33 C.F.R. § 154.106 (1997-2008). Immaterial. Whether Public Resource has accurately identified the incorporating provision does not affect whether it engages in fair use. | PRO fails to establish a genuine dispute as to a material fact. PRO does not dispute that it identified 33 C.F.R. § 154.106 as the incorporating by reference regulation or that 33 C.F.R. § 154.106 incorporates ASTM F715-95, not ASTM F715-81 (1986). Instead, Defendant points to 33 C.F.R. § 154.106 in effect from 1997 to 2008 as the incorporating by reference regulation. But that version of 33 C.F.R. § 154.106 was not in effect when PRO posted this standard and is not in effect at this time. |

| Plaintiffs' Statement of Material Facts | Defendant Public Resource's Response | Plaintiffs' Response |
|---|---|---|
| (1986). 33 C.F.R. §§ 155.140(c)(2); 155, Appendix B; 154.106(e)(2). | | For the same reasons explained in Paragraph 36.a., PRO's assertion that its inability to identify the correct version of the standard incorporated by reference in the C.F.R. is immaterial ignores the D.C. Circuit's opintion, *ASTM II*, 896 F.3d at 450 and PRO's burden to prove each standard has been IBR'd. |
| uuu. **ASTM F722-82 (1988):** PRO identifies 33 C.F.R. §§ 155.140 as the incorporating by reference regulations. Wise Decl. ¶ 151, Ex. 150 at PRO_00107471; Wise Decl. ¶ 165, Ex. 164 at Interrog. 19; Wise Decl. ¶ 153, Ex. 152 at 1377. However, 33 C.F.R. §§ 155.140 does not reference ASTM F722, and 33 C.F.R. § 154, Appendixes A and B incorporate ASTM F722-82, reapproved in 2008, not ASTM F722-82 (1988). 33 C.F.R. § 154, Appendix A, B; 154.106(e)(3). | Disputed. In Exhibit A to their response to Public Resource's Interrogatory No. 1 on March 24, 2014, Plaintiffs identified this edition of this standard as having been incorporated by reference into law. Plaintiffs now deny it without explanation. Immaterial: whether Public Resource has accurately identified the incorporating provision does not affect whether it engages in fair use. | PRO fails to establish a genuine dispute as to a material fact. PRO does not dispute that it identified 33 C.F.R. § 155.140 as the incorporating by reference regulation or that 33 C.F.R. § 155.140 does not reference ASTM F722. Defendant's sole "dispute" is to mischaracterize ASTM's response to PRO's Interrogatory No. 1 to assert that ASTM admitted a fact that (1) it did not admit, and (2) is unsupported by the record evidence.<br><br>For the same reasons explained in Paragraph 36.a., PRO's assertion that its inability to identify the correct version of the standard incorporated by reference in the C.F.R. is immaterial ignores the D.C. Circuit's opintion, *ASTM II*, 896 F.3d at 450 and PRO's burden to prove each standard has been IBR'd. |
| vvv. **ASTM F808-83 (1988)e1:** PRO identifies 33 C.F.R. § 154, Appendix C, 6.3.1 as the incorporating by reference regulation. Wise Decl. ¶ 151, Ex. 150 at PRO_00107483; Wise Decl. ¶ 165, Ex. 164 at Interrog. 19; Wise Decl. ¶ 153, Ex. 152 at 1389. However, 33 C.F.R. § 154, Appendix C cites, but does not incorporate by reference, "Item 26 in ASTM F 808." 33 C.F.R. § 154, Appendix C. ASTM F808-83 is also not included amongst the ASTM | Disputed. In Exhibit A to their response to Public Resource's Interrogatory No. 1 on March 24, 2014, Plaintiffs identified this edition of this standard as having been incorporated by reference into law. Plaintiffs now deny it without explanation. Immaterial: whether Public Resource has accurately identified the incorporating provision does not | PRO fails to establish a genuine dispute as to a material fact. PRO does not dispute that it identified 33 C.F.R. § 154, Appendix C, 6.3.1 as the incorporating by reference regulation. PRO also does not dispute that that 33 C.F.R. § 154, Appendix C cites, but does not incorporate, "Item 26 in ASTM F 808" or that ASTM F808-83 is not incorporated by reference in 33 C.F.R. § 154.106. Defendant's sole "dispute" is to mischaracterize ASTM's response to PRO's Interrogatory No. 1 to assert that ASTM admitted a fact that (1) it did not admit, and (2) is unsupported by the record evidence. |

| Plaintiffs' Statement of Material Facts | Defendant Public Resource's Response | Plaintiffs' Response |
| --- | --- | --- |
| standards incorporated by reference in 33 C.F.R. § 154.106. | affect whether it engages in fair use. | For the same reasons explained in Paragraph 36.a., PRO's assertion that its inability to identify the correct version of the standard incorporated by reference in the C.F.R. is immaterial ignores the D.C. Circuit's opintion, *ASTM II*, 896 F.3d at 450 and PRO's burden to prove each standard has been IBR'd. |
| www. **ASTM F1006-86 (1997):** PRO identifies 46 C.F.R. § 56.60-1(b) as the incorporating by reference regulation. Wise Decl. ¶ 151, Ex. 150 at PRO_00107009; Wise Decl. ¶ 165, Ex. 164 at Interrog. 19; Wise Decl. ¶ 153, Ex. 152 at 1403. However, 46 C.F.R. § 56.60-1(b) incorporates ASTM F1006-86, reapproved in 2008, not ASTM F1006-86 (1997). 46 C.F.R. §§ 56.60-1(b), 56.60-2(e)(70). | Disputed. In Exhibit A to their response to Public Resource's Interrogatory No. 1 on March 24, 2014, Plaintiffs identified this edition of this standard as having been incorporated by reference into law. Plaintiffs now deny it without explanation. Immaterial: whether Public Resource has accurately identified the incorporating provision does not affect whether it engages in fair use. | PRO fails to establish a genuine dispute as to a material fact. PRO does not dispute that it identified 46 C.F.R. § 56.60-1(b) as the incorporating by reference regulation or that 46 C.F.R. § 56.60-1(b) incorporates ASTM F1006-86, reapproved in 2008, not ASTM F1006-86 (1997). Defendant's sole "dispute" is to mischaracterize ASTM's response to PRO's Interrogatory No. 1 to assert that ASTM admitted a fact that (1) it did not admit, and (2) is unsupported by the record evidence.<br><br>For the same reasons explained in Paragraph 36.a., PRO's assertion that its inability to identify the correct version of the standard incorporated by reference in the C.F.R. is immaterial ignores the D.C. Circuit's opintion, *ASTM II*, 896 F.3d at 450 and PRO's burden to prove each standard has been IBR'd. |
| xxx. **ASTM F1007-86 (1996)$^{e1}$:** PRO identifies 46 C.F.R. § 56.60-1(b) as the incorporating by reference regulation. Wise Decl. ¶ 153, Ex. 152 at 1408. However, 46 C.F.R. § 56.60-1(b) incorporates ASTM F1007-86, reapproved in 2007, not ASTM F1007-86 (1996)$^{e1}$. 46 C.F.R. §§ 56.60- 1(b), 56.60-2(e)(70). | Disputed. In Exhibit A to their response to Public Resource's Interrogatory No. 1 on March 24, 2014, Plaintiffs identified this edition of this standard as having been incorporated by reference into law. Plaintiffs now deny it without explanation. Immaterial: whether Public Resource has | PRO fails to establish a genuine dispute as to a material fact. PRO does not dispute that it identified 46 C.F.R. § 56.60-1(b) as the incorporating by reference regulation or that 46 C.F.R. § 56.60-1(b) incorporates ASTM F1007-86, reapproved in 2007, not ASTM F1007-86 (1996)$^{e1}$. Defendant's sole "dispute" is to mischaracterize ASTM's response to PRO's Interrogatory No. 1 to assert that ASTM admitted a fact that (1) it did not admit, and (2) is unsupported by the record evidence. |

| Plaintiffs' Statement of Material Facts | Defendant Public Resource's Response | Plaintiffs' Response |
|---|---|---|
| | accurately identified the incorporating provision does not affect whether it engages in fair use. | For the same reasons explained in Paragraph 36.a., PRO's assertion that its inability to identify the correct version of the standard incorporated by reference in the C.F.R. is immaterial ignores the D.C. Circuit's opintion, *ASTM II*, 896 F.3d at 450 and PRO's burden to prove each standard has been IBR'd. |
| yyy. **ASTM F1020-86 (1996)e1:** PRO identifies 46 C.F.R. § 56.60-1(b) as the incorporating by reference regulation. Wise Decl. ¶ 153, Ex. 152 at 1420. However, 46 C.F.R. § 56.60-1(b) incorporates ASTM F1020-86, reapproved in 2011, not ASTM F1020-86 (1996)e1. 46 C.F.R. §§ 56.60- 1(b), 56.01-2(e)(72). | Disputed. In Exhibit A to their response to Public Resource's Interrogatory No. 1 on March 24, 2014, Plaintiffs identified this edition of this standard as having been incorporated by reference into law. Plaintiffs now deny it without explanation. Immaterial: whether Public Resource has accurately identified the incorporating provision does not affect whether it engages in fair use. | PRO fails to establish a genuine dispute as to a material fact. PRO does not dispute that it identified 46 C.F.R. § 56.60-1(b) as the incorporating by reference regulation or that 46 C.F.R. § 56.60-1(b) incorporates ASTM F1020-86, reapproved in 2011, not ASTM F1020-86 (1996)e1. Defendant's sole "dispute" is to mischaracterize ASTM's response to PRO's Interrogatory No. 1 to assert that ASTM admitted a fact that (1) it did not admit, and (2) is unsupported by the record evidence.<br><br>For the same reasons explained in Paragraph 36.a., PRO's assertion that its inability to identify the correct version of the standard incorporated by reference in the C.F.R. is immaterial ignores the D.C. Circuit's opintion, *ASTM II*, 896 F.3d at 450 and PRO's burden to prove each standard has been IBR'd. |
| zzz. **ASTM F1120-87 (1998):** PRO identifies 46 C.F.R. § 56.60-1(b) as the incorporating by reference regulation. Wise Decl. ¶ 153, Ex. 152 at 1424. However, 46 C.F.R. § 56.60-1(b) incorporates ASTM F1120-87, reapproved in 2010, not ASTM F1120-87 (1998). 46 C.F.R. §§ 56.60-1(b), 56.01-2(e)(73). | Disputed. In Exhibit A to their response to Public Resource's Interrogatory No. 1 on March 24, 2014, Plaintiffs identified this edition of this standard as having been incorporated by reference into law. Plaintiffs now deny it without explanation. Immaterial: | PRO fails to establish a genuine dispute as to a material fact. PRO does not dispute that it identified 46 C.F.R. § 56.60-1(b) as the incorporating by reference regulation or that 46 C.F.R. § 56.60-1(b) incorporates ASTM F1120-87, reapproved in 2010, not ASTM F1120-87 (1998). Defendant's sole "dispute" is to mischaracterize ASTM's response to PRO's Interrogatory No. 1 to assert that ASTM admitted a fact that (1) it did not admit, and (2) is unsupported by the record evidence. |

| Plaintiffs' Statement of Material Facts | Defendant Public Resource's Response | Plaintiffs' Response |
|---|---|---|
| | whether Public Resource has accurately identified the incorporating provision does not affect whether it engages in fair use. | For the same reasons explained in Paragraph 36.a., PRO's assertion that its inability to identify the correct version of the standard incorporated by reference in the C.F.R. is immaterial ignores the D.C. Circuit's opintion, *ASTM II*, 896 F.3d at 450 and PRO's burden to prove each standard has been IBR'd. |
| aaaa. **ASTM F1121-87 (1998):** PRO identifies 33 C.F.R. § 126.15(a)(5) as the incorporating by reference regulation. Wise Decl. ¶ 151, Ex. 150 at PRO_00107047; Wise Decl. ¶ 165, Ex. 164 at Interrog. 19; Wise Decl. ¶ 153, Ex. 152 at 1433. However, 33 C.F.R. § 126.15(a)(5) incorporates ASTM F1121-87, reapproved in 2010, not ASTM F1121-87 (1998). 33 C.F.R. §§ 126.15(a)(5), 126.5(b). | Disputed. In Exhibit A to their response to Public Resource's Interrogatory No. 1 on March 24, 2014, Plaintiffs identified this edition of this standard as having been incorporated by reference into law. Plaintiffs now deny it without explanation. Immaterial: whether Public Resource has accurately identified the incorporating provision does not affect whether it engages in fair use. | PRO fails to establish a genuine dispute as to a material fact. PRO does not dispute that it identified 33 C.F.R. § 126.15(a)(5) as the incorporating by reference regulation or that 33 C.F.R. § 126.15(a)(5) incorporates ASTM F1121-87, reapproved in 2010, not ASTM F1121-87 (1998). Defendant's sole "dispute" is to mischaracterize ASTM's response to PRO's Interrogatory No. 1 to assert that ASTM admitted a fact that (1) it did not admit, and (2) is unsupported by the record evidence.<br><br>For the same reasons explained in Paragraph 36.a., PRO's assertion that its inability to identify the correct version of the standard incorporated by reference in the C.F.R. is immaterial ignores the D.C. Circuit's opintion, *ASTM II*, 896 F.3d at 450 and PRO's burden to prove each standard has been IBR'd. |
| bbbb. **ASTM F1122-87 (1998):** PRO identifies 33 C.F.R. § 154.500(d)(3) as the incorporating by reference regulation. Wise Decl. ¶ 151, Ex. 150 at PRO_00107055; Wise Decl. ¶ 165, Ex. 164 at Interrog. 19; Wise Decl. ¶ 153, Ex. 152 at 1437. However, 33 C.F.R. § 154.500(d)(3) | Disputed. In Exhibit A to their response to Public Resource's Interrogatory No. 1 on March 24, 2014, Plaintiffs identified this edition of this standard as having been incorporated by reference into law. Plaintiffs now deny it | PRO fails to establish a genuine dispute as to a material fact. PRO does not dispute that it identified 33 C.F.R. § 154.500(d)(3) as the incorporating by reference regulation or that 33 C.F.R. § 154.500(d)(3) incorporates ASTM F1122-87, reapproved in 1992, not ASTM F1122-87 (1998). Defendant's sole "dispute" is to mischaracterize ASTM's response to PRO's Interrogatory No. 1 to assert that ASTM admitted a fact |

| Plaintiffs' Statement of Material Facts | Defendant Public Resource's Response | Plaintiffs' Response |
|---|---|---|
| incorporates ASTM F1122-87, reapproved in 1992, not ASTM F1122-87 (1998). 33 C.F.R. §§ 154.500(d)(3), 154.106(e)(4). | without explanation. Immaterial: whether Public Resource has accurately identified the incorporating provision does not affect whether it engages in fair use. | that (1) it did not admit, and (2) is unsupported by the record evidence.<br><br>For the same reasons explained in Paragraph 36.a., PRO's assertion that its inability to identify the correct version of the standard incorporated by reference in the C.F.R. is immaterial ignores the D.C. Circuit's opintion, *ASTM II*, 896 F.3d at 450 and PRO's burden to prove each standard has been IBR'd. |
| cccc. **ASTM F1123-87 (1998):** PRO identifies 46 C.F.R. § 56.60-1(b) as the incorporating by reference regulation. Wise Decl. ¶ 153, Ex. 152 at 1451. However, 46 C.F.R. § 56.60-1(b) incorporates ASTM F1123-87, reapproved in 2010, not ASTM F1123-87 (1998). 46 C.F.R. §§ 56.60-1(b), 56.01-2(e)(74). | Disputed. In Exhibit A to their response to Public Resource's Interrogatory No. 1 on March 24, 2014, Plaintiffs identified this edition of this standard as having been incorporated by reference into law. Plaintiffs now deny it without explanation. Immaterial: whether Public Resource has accurately identified the incorporating provision does not affect whether it engages in fair use. | PRO fails to establish a genuine dispute as to a material fact. PRO does not dispute that it identified 46 C.F.R. § 56.60-1(b) as the incorporating by reference regulation or that 46 C.F.R. § 56.60-1(b) incorporates ASTM F1123-87, reapproved in 2010, not ASTM F1123-87 (1998). Defendant's sole "dispute" is to mischaracterize ASTM's response to PRO's Interrogatory No. 1 to assert that ASTM admitted a fact that (1) it did not admit, and (2) is unsupported by the record evidence.<br><br>For the same reasons explained in Paragraph 36.a., PRO's assertion that its inability to identify the correct version of the standard incorporated by reference in the C.F.R. is immaterial ignores the D.C. Circuit's opintion, *ASTM II*, 896 F.3d at 450 and PRO's burden to prove each standard has been IBR'd. |
| dddd. **ASTM F1139-88 (1998):** PRO identifies 46 C.F.R. § 56.60-1(b) as the incorporating by reference regulation. Wise Decl. ¶ 151, Ex. 150 at PRO_00107074; Wise Decl. ¶ 165, Ex. 164 at Interrog. 19. | Disputed. In Exhibit A to their response to Public Resource's Interrogatory No. 1 on March 24, 2014, Plaintiffs identified this edition of this standard as having | PRO fails to establish a genuine dispute as to a material fact. PRO does not dispute that it identified 46 C.F.R. § 56.60-1(b) as the incorporating by reference regulation or that 46 C.F.R. § 56.60-1(b) incorporates ASTM F1139-88, reapproved in 2010, not ASTM F1139-88 (1998). Defendant's sole "dispute" is to |

| Plaintiffs' Statement of Material Facts | Defendant Public Resource's Response | Plaintiffs' Response |
|---|---|---|
| However, 46 C.F.R. § 56.60-1(b) incorporates ASTM F1139-88, reapproved in 2010, not ASTM F1139-88 (1998). 46 C.F.R. §§ 56.60-1(b), 56.01-2(e)(75). | been incorporated by reference into law. Plaintiffs now deny it without explanation. Immaterial: whether Public Resource has accurately identified the incorporating provision does not affect whether it engages in fair use. | mischaracterize ASTM's response to PRO's Interrogatory No. 1 to assert that ASTM admitted a fact that (1) it did not admit, and (2) is unsupported by the record evidence.<br><br>For the same reasons explained in Paragraph 36.a., PRO's assertion that its inability to identify the correct version of the standard incorporated by reference in the C.F.R. is immaterial ignores the D.C. Circuit's opintion, *ASTM II*, 896 F.3d at 450 and PRO's burden to prove each standard has been IBR'd. |
| eeee. **ASTM F1172-88 (1998):** PRO identifies 46 C.F.R. § 56.60-1(b) as the incorporating by reference regulation. Wise Decl. ¶ 153, Ex. 152 at 1481. However, 46 C.F.R. § 56.60-1(b) incorporates ASTM F1172-88, reapproved in 2010, not ASTM F1172-88 (1998). 46 C.F.R. §§ 56.60-1(b), 56.01-2(e)(76). | Disputed. In Exhibit A to their response to Public Resource's Interrogatory No. 1 on March 24, 2014, Plaintiffs identified this edition of this standard as having been incorporated by reference into law. Plaintiffs now deny it without explanation. Immaterial: whether Public Resource has accurately identified the incorporating provision does not affect whether it engages in fair use. | PRO fails to establish a genuine dispute as to a material fact. PRO does not dispute that it identified 46 C.F.R. § 56.60-1(b) as the incorporating by reference regulation or that 46 C.F.R. § 56.60-1(b) incorporates ASTM F1172-88, reapproved in 2010, not ASTM F1172-88 (1998). Defendant's sole "dispute" is to mischaracterize ASTM's response to PRO's Interrogatory No. 1 to assert that ASTM admitted a fact that (1) it did not admit, and (2) is unsupported by the record evidence.<br><br>For the same reasons explained in Paragraph 36.a., PRO's assertion that its inability to identify the correct version of the standard incorporated by reference in the C.F.R. is immaterial ignores the D.C. Circuit's opintion, *ASTM II*, 896 F.3d at 450 and PRO's burden to prove each standard has been IBR'd. |
| ffff. **ASTM F1199-88 (1998):** PRO identifies 46 C.F.R. § 56.60-1(b) as the incorporating by reference regulation. Wise Decl. ¶ 153, Ex. 152 at 1523. However, 46 | Disputed. In Exhibit A to their response to Public Resource's Interrogatory No. 1 on March 24, 2014, Plaintiffs identified this | PRO fails to establish a genuine dispute as to a material fact. PRO does not dispute that it identified 46 C.F.R. § 56.60-1(b) as the incorporating by reference regulation or that 46 C.F.R. § 56.60-1(b) incorporates ASTM F1199-88, reapproved in 2010, |

| Plaintiffs' Statement of Material Facts | Defendant Public Resource's Response | Plaintiffs' Response |
|---|---|---|
| C.F.R. § 56.60-1(b) incorporates ASTM F1199-88, reapproved in 2010, not ASTM F1199-88 (1998). 46 C.F.R. §§ 56.60-1(b), 56.01-2(e)(78). | edition of this standard as having been incorporated by reference into law. Plaintiffs now deny it without explanation. Immaterial: whether Public Resource has accurately identified the incorporating provision does not affect whether it engages in fair use. | not ASTM F1199-88 (1998). Defendant's sole "dispute" is to mischaracterize ASTM's response to PRO's Interrogatory No. 1 to assert that ASTM admitted a fact that (1) it did not admit, and (2) is unsupported by the record evidence.<br><br>For the same reasons explained in Paragraph 36.a., PRO's assertion that its inability to identify the correct version of the standard incorporated by reference in the C.F.R. is immaterial ignores the D.C. Circuit's opintion, *ASTM II*, 896 F.3d at 450 and PRO's burden to prove each standard has been IBR'd. |
| gggg. **ASTM F1200-88 (1998):** PRO identifies 46 C.F.R. § 56.60-1(b) as the incorporating by reference regulation. Wise Decl. ¶ 151, Ex. 150 at PRO_00107162; Wise Decl. ¶ 165, Ex. 164 at Interrog. 19. However, 46 C.F.R. § 56.60-1(b) incorporates ASTM F1200-88, reapproved in 2010, not ASTM F1200-88 (1998). 46 C.F.R. §§ 56.60-1(b), 56.01-2(e)(79). | Disputed. In Exhibit A to their response to Public Resource's Interrogatory No. 1 on March 24, 2014, Plaintiffs identified this edition of this standard as having been incorporated by reference into law. Plaintiffs now deny it without explanation. Immaterial: whether Public Resource has accurately identified the incorporating provision does not affect whether it engages in fair use. | PRO fails to establish a genuine dispute as to a material fact. PRO does not dispute that it identified 46 C.F.R. § 56.60-1(b) as the incorporating by reference regulation or that 46 C.F.R. § 56.60-1(b) incorporates ASTM F1200-88, reapproved in 2010, not ASTM F1200-88 (1998). Defendant's sole "dispute" is to mischaracterize ASTM's response to PRO's Interrogatory No. 1 to assert that ASTM admitted a fact that (1) it did not admit, and (2) is unsupported by the record evidence.<br><br>For the same reasons explained in Paragraph 36.a., PRO's assertion that its inability to identify the correct version of the standard incorporated by reference in the C.F.R. is immaterial ignores the D.C. Circuit's opintion, *ASTM II*, 896 F.3d at 450 and PRO's burden to prove each standard has been IBR'd. |
| hhhh. **ASTM F1201-88 (1998):** PRO identifies 46 C.F.R. § 56.60-1(b) as the incorporating by reference regulation. Wise | Disputed. In Exhibit A to their response to Public Resource's Interrogatory No. 1 on March 24, | PRO fails to establish a genuine dispute as to a material fact. PRO does not dispute that it identified 46 C.F.R. § 56.60-1(b) as the incorporating by reference regulation or that 46 C.F.R. § |

| Plaintiffs' Statement of Material Facts | Defendant Public Resource's Response | Plaintiffs' Response |
|---|---|---|
| Decl. ¶ 153, Ex. 152 at 1528. However, 46 C.F.R. § 56.60-1(b) incorporates ASTM F1201-88, reapproved in 2010, not ASTM F1201-88 (1998). 46 C.F.R. §§ 56.60-1(b), 56.01-2(e)(80). | 2014, Plaintiffs identified this edition of this standard as having been incorporated by reference into law. Plaintiffs now deny it without explanation. Immaterial: whether Public Resource has accurately identified the incorporating provision does not affect whether it engages in fair use. | 56.60-1(b) incorporates ASTM F1201-88, reapproved in 2010, not ASTM F1201-88 (1998). Defendant's sole "dispute" is to mischaracterize ASTM's response to PRO's Interrogatory No. 1 to assert that ASTM admitted a fact that (1) it did not admit, and (2) is unsupported by the record evidence.<br><br>For the same reasons explained in Paragraph 36.a., PRO's assertion that its inability to identify the correct version of the standard incorporated by reference in the C.F.R. is immaterial ignores the D.C. Circuit's opintion, *ASTM II*, 896 F.3d at 450 and PRO's burden to prove each standard has been IBR'd. |
| iiii. **ASTM F1271-90 (1995)e1:** PRO identifies 46 C.F.R. § 39.20-9(c)(1) as the incorporating by reference regulation. Wise Decl. ¶ 151, Ex. 150 at PRO_00241177; Wise Decl. ¶ 165, Ex. 164 at Interrog. 19; Wise Decl. ¶ 153, Ex. 152 at 1534. However, 46 C.F.R. § 39.20-9(c)(1) does not exist, and 46 C.F.R. § 39.2009(a)(3) incorporates a different version of ASTM F1271. 46 C.F.R. § 39.2009(a)(3) incorporates a different version of ASTM F1271. 46 C.F.R. § 39.2009(a)(3) incorporates ASTM F1271-89, not ASTM F1271-90 (1995)e1. 46 C.F.R. §§ 39.2009(a)(3), 39.1005(d)(2). | Disputed. In Exhibit A to their response to Public Resource's Interrogatory No. 1 on March 24, 2014, Plaintiffs identified this edition of this standard as having been incorporated by reference into law. Plaintiffs now deny it without explanation. Immaterial: whether Public Resource has accurately identified the incorporating provision does not affect whether it engages in fair use. | PRO fails to establish a genuine dispute as to a material fact. PRO does not dispute that it identified 46 C.F.R. § 39.20-9(c)(1) as the incorporating by reference regulation or that 46 C.F.R. § 39.20-9(c)(1) does not exist, and 46 C.F.R. § 39.2009(a)(3) incorporates ASTM F1271-89, not ASTM F1271-90 (1995)e1. Defendant's sole "dispute" is to mischaracterize ASTM's response to PRO's Interrogatory No. 1 to assert that ASTM admitted a fact that (1) it did not admit, and (2) is unsupported by the record evidence.<br><br>For the same reasons explained in Paragraph 36.a., PRO's assertion that its inability to identify the correct version of the standard incorporated by reference in the C.F.R. is immaterial ignores the D.C. Circuit's opintion, *ASTM II*, 896 F.3d at 450 and PRO's burden to prove each standard has been IBR'd. |
| jjjj. **ASTM F1273-91 (1996)e1:** PRO identifies 46 C.F.R. § 32.20-10 as the | Disputed. In Exhibit A to their response to Public Resource's | PRO fails to establish a genuine dispute as to a material fact. PRO does not dispute that it identified 46 C.F.R. § 32.20-10 as |

| Plaintiffs’ Statement of Material Facts | Defendant Public Resource’s Response | Plaintiffs’ Response |
|---|---|---|
| incorporating by reference regulation. Wise Decl. ¶ 151, Ex. 150 at PRO_00107183; Wise Decl. ¶ 165, Ex. 164 at Interrog. 19; Wise Decl. ¶ 153, Ex. 152 at 1540. However, 46 C.F.R. § 32.20-10 incorporates ASTM F1273-91, reapproved in 2007, not ASTM F1273-91 (1996)$^{e1}$. 46 C.F.R. §§ 32.20-10, 32.01-1(c)(2). | Interrogatory No. 1 on March 24, 2014, Plaintiffs identified this edition of this standard as having been incorporated by reference into law. Plaintiffs now deny it without explanation. Immaterial: whether Public Resource has accurately identified the incorporating provision does not affect whether it engages in fair use. | the incorporating by reference regulation or that 46 C.F.R. § 32.20-10 incorporates ASTM F1273-91, reapproved in 2007, not ASTM F1273-91 (1996)$^{e1}$. Defendant’s sole “dispute” is to mischaracterize ASTM’s response to PRO’s Interrogatory No. 1 to assert that ASTM admitted a fact that (1) it did not admit, and (2) is unsupported by the record evidence.<br><br>For the same reasons explained in Paragraph 36.a., PRO’s assertion that its inability to identify the correct version of the standard incorporated by reference in the C.F.R. is immaterial ignores the D.C. Circuit’s opintion, *ASTM II*, 896 F.3d at 450 and PRO’s burden to prove each standard has been IBR’d. |
| kkkk. **ASTM F1323-98:** PRO identifies 46 C.F.R. § 63.25-9 as the incorporating by reference regulation. Wise Decl. ¶ 151, Ex. 150 at PRO_00107247; Wise Decl. ¶ 165, Ex. 164 at Interrog. 19; Wise Decl. ¶ 153, Ex. 152 at 1576. However, 46 C.F.R. § 63.25-9(a) incorporates a different version of ASTM F1323. 46 C.F.R. § 63.25-9(a) incorporates ASTM F1323-2001, not ASTM F1323-98. 46 C.F.R. §§ 63.25-9(a), 63.05-1(d)(1). | Disputed. ASTM F1323-1998 is incorporated by reference at 46 C.F.R. § 63.05-1 (2005). Immaterial. Whether Public Resource has accurately identified the incorporating provision does not affect whether it engages in fair use. | PRO fails to establish a genuine dispute as to a material fact. PRO does not dispute that it identified 46 C.F.R. § 63.25-9 as the incorporating by reference regulation or that 46 C.F.R. § 63.25-9 incorporates ASTM F1323-2001, not ASTM F1323-98. Instead, Defendant points to a different, outdated C.F.R. provision, 46 C.F.R. § 63.05-1 (2005), as incorporating ASTM F1323-98. But 46 C.F.R. § 63.05-1 (2005) was not in effect when PRO posted this standard and is not in effect at this time.<br><br>For the same reasons explained in Paragraph 36.a., PRO’s assertion that its inability to identify the correct version of the standard incorporated by reference in the C.F.R. is immaterial ignores the D.C. Circuit’s opintion, *ASTM II*, 896 F.3d at 450 and PRO’s burden to prove each standard has been IBR’d. |
| llll. **ASTM F1471-93:** PRO identifies 40 C.F.R. § 86.1310-2007(b)(1)(iv)(B) as the incorporating by | Disputed. In Exhibit A to their response to Public Resource’s Interrogatory No. 1 on March 24, | PRO fails to establish a genuine dispute as to a material fact. PRO does not dispute that it identified 40 C.F.R. § 86.1310-2007(b)(1)(iv)(B) as the incorporating by reference regulation |

| Plaintiffs' Statement of Material Facts | Defendant Public Resource's Response | Plaintiffs' Response |
|---|---|---|
| reference regulation. Wise Decl. ¶ 153, Ex. 152 at 1585. However, 40 C.F.R. § 86.1310-2007 is reserved by 79 FR 23704 and does not reference ASTM F1471. 40 C.F.R. § 86.1310-2007. | 2014, Plaintiffs identified this edition of this standard as having been incorporated by reference into law. Plaintiffs now deny it without explanation. Immaterial: whether Public Resource has accurately identified the incorporating provision does not affect whether it engages in fair use. | or that 40 C.F.R. § 86.1310-2007(b)(1)(iv)(B) is reserved by 79 FR 23704 and does not reference ASTM F1471-93. Defendant's sole "dispute" is to mischaracterize ASTM's response to PRO's Interrogatory No. 1 to assert that ASTM admitted a fact that (1) it did not admit, and (2) is unsupported by the record evidence.<br><br>For the same reasons explained in Paragraph 36.a., PRO's assertion that its inability to identify the correct version of the standard incorporated by reference in the C.F.R. is immaterial ignores the D.C. Circuit's opintion, *ASTM II*, 896 F.3d at 450 and PRO's burden to prove each standard has been IBR'd. |
| mmmm. **ASTM F1546/F1546M-96:** PRO identifies 46 C.F.R. § 162.027-3(a) as the incorporating by reference regulation. Wise Decl. ¶ 153, Ex. 152 at 1599. However, 46 C.F.R. § 162.027-3(a) incorporates ASTM F1546/F1546 M-96, reapproved in 2012, not ASTM F1546/F1546M-96. 46 C.F.R. §§ 162.027-3(a); 162.027-2(b)(1). | Disputed. In Exhibit A to their response to Public Resource's Interrogatory No. 1 on March 24, 2014, Plaintiffs identified this edition of this standard as having been incorporated by reference into law. Plaintiffs now deny it without explanation. Immaterial: whether Public Resource has accurately identified the incorporating provision does not affect whether it engages in fair use. | PRO fails to establish a genuine dispute as to a material fact. PRO does not dispute that it identified 46 C.F.R. § 162.027-3(a) as the incorporating by reference regulation or that 46 C.F.R. § 162.027-3(a) incorporates ASTM F1546/F1546 M-96, reapproved in 2012, not ASTM F1546/F1546M-96. Defendant's sole "dispute" is to mischaracterize ASTM's response to PRO's Interrogatory No. 1 to assert that ASTM admitted a fact that (1) it did not admit, and (2) is unsupported by the record evidence.<br><br>For the same reasons explained in Paragraph 36.a., PRO's assertion that its inability to identify the correct version of the standard incorporated by reference in the C.F.R. is immaterial ignores the D.C. Circuit's opintion, *ASTM II*, 896 F.3d at 450 and PRO's burden to prove each standard has been IBR'd. |

| Plaintiffs' Statement of Material Facts | Defendant Public Resource's Response | Plaintiffs' Response |
|---|---|---|
| nnnn. **ASTM G154-00a:** PRO identifies 49 C.F.R. § 571.106, S12.7(b) as the incorporating by reference regulation. Wise Decl. ¶ 153, Ex. 152 at 1631. However, 49 C.F.R. § 571.106 incorporates ASTM G154-00, not ASTM G154-00a. 49 C.F.R. §§ 571.106, 571.5(d)(38). | Disputed. In Exhibit A to their response to Public Resource's Interrogatory No. 1 on March 24, 2014, Plaintiffs identified this edition of this standard as having been incorporated by reference into law. Plaintiffs now deny it without explanation. Immaterial: whether Public Resource has accurately identified the incorporating provision does not affect whether it engages in fair use. | PRO fails to establish a genuine dispute as to a material fact. PRO does not dispute that it identified 49 C.F.R. § 571.106, S12.7(b) as the incorporating by reference regulation or that 49 C.F.R. §§ 571.105, S6.9.2(a) incorporates ASTM G154-00, not ASTM G154-00a. Defendant's sole "dispute" is to mischaracterize ASTM's response to PRO's Interrogatory No. 1 to assert that ASTM admitted a fact that (1) it did not admit, and (2) is unsupported by the record evidence.<br><br>For the same reasons explained in Paragraph 36.a., PRO's assertion that its inability to identify the correct version of the standard incorporated by reference in the C.F.R. is immaterial ignores the D.C. Circuit's opintion, *ASTM II*, 896 F.3d at 450 and PRO's burden to prove each standard has been IBR'd. |
| Incorrect Citations re: NFPA's Standards | Disputed for the reasons addressed below. | PRO fails to establish a genuine dispute as to a material fact for the reasons addressed below. |
| 37. Additionally, PRO's posting of the 2000 edition of NFPA 101 states that it is posted "*By Authority of the Code of Federal Regulations*: 59 C.F.R. 130." Wise Decl. ¶ 168, Ex. 167 at 1. The Code of Federal Regulations, however, currently spans only Titles 1 to 50; there is no Title 59 *See* Codeof Federal Regulations (Annual Edition), *available at* https://www.govinfo.gov/app/collection/C.F.R. | Disputed to the extent that, although Public Resource did make an error in its citation, NFPA 101 2000 is incorporated by reference in several locations, including 42 C.F.R. § 460.72 (2010), 42 C.F.R. § 483.70 (2011), and 42 C.F.R. § 416.44 (2012). Immaterial. Whether Public Resource has accurately identified the incorporating provision does not affect whether it engages in fair use. | There is no factual dispute. PRO has not disputed the accuracy of the statement.<br><br>The fact is material to Plaintiffs' argument that the inaccurate and incomplete information PRO provides regarding the way in which standards have been incorporated undermines its asserted "transformative" purpose of providing the public with information regarding the law. Pls. Mem. 15-16; Reply at Part I.A.1.b. |

| Plaintiffs' Statement of Material Facts | Defendant Public Resource's Response | Plaintiffs' Response |
|---|---|---|
| 38. Similarly, PRO's postings on the Internet Archive often point to outdated regulations, with no information that the regulation has been superseded. For example, PRO's posting of the 2005 edition of NFPA 70 says it is posted "*By Authority of the Code of Federal Regulations*: 49 C.F.R. 192.189(c)." Wise Decl. ¶ 168, Ex. 167 at 2. That section provides that "[e]lectrical equipment in vaults must conform to the applicable requirements of Class 1, Group D, of the National Electrical Code, NFPA-70 (incorporated by reference, see § 192.7)." Section 192.7(h), however, incorporates the 2011, not the 2005, edition of NFPA 70. 49 C.F.R. § 192.7(h)(4). | Disputed to the extent that Plaintiffs imply that laws and regulations that applied in recent years are no longer relevant, and disputed to the extent that NFPA 70 2005 is incorporated by reference at 49 C.F.R. § 192.7 (2009). Immaterial. Whether Public Resource has accurately identified the incorporating provision does not affect whether it engages in fair use. | There is no factual dispute. PRO has not disputed the accuracy of the statement.<br><br>The fact is material to Plaintiffs' argument that the inaccurate and incomplete information PRO provides regarding the way in which standards have been incorporated undermines its asserted "transformative" purpose of providing the public with information regarding the law. Pls. Mem. 15-16; Reply at Part I.A.1.b. |
| 39. Likewise, PRO's copy of the 2003 NFPA 30 states that it is posted "*By Authority of the Code of Federal Regulations*: 49 C.F.R. 192." Wise Decl. ¶ 168, Ex. 167 at 3. Section 192.7 of Title 49 incorporates the 2012 edition of NFPA 30, but not the 2003 edition. 49 C.F.R. § 192.(h)(1). | Disputed to the extent that NFPA 30 2003 is incorporated by reference at 49 C.F.R. § 192.7 (2009). Immaterial. Whether Public Resource has accurately identified the incorporating provision does not affect whether it engages in fair use. | There is no factual dispute. PRO has not disputed the accuracy of the statement.<br><br>The fact is material to Plaintiffs' argument that the inaccurate and incomplete information PRO provides regarding the way in which standards have been incorporated undermines its asserted "transformative" purpose of providing the public with information regarding the law. Pls. Mem. 15-16; Reply at Part I.A.1.b. |
| 40. PRO's posting of the 2005 NFPA 99 contains the same error, telling readers it is posted "*By Authority of the Code of Federal Regulations*: 38 C.F.R. 51.200(b)(4)," Wise Decl. ¶ 168, Ex. 167 at | Disputed to the extent that Plaintiffs imply that the citation is in error. NFPA 99 2005 is incorporated by reference at 46 C.F.R. § 110.10-1 (2009). | There is no factual dispute. PRO has not disputed the accuracy of the statement.<br><br>The fact is material to Plaintiffs' argument that the inaccurate and incomplete information PRO provides regarding the way in which standards have been incorporated undermines its |

| Plaintiffs' Statement of Material Facts | Defendant Public Resource's Response | Plaintiffs' Response |
|---|---|---|
| 4, even though that section references the 2012 edition of NFPA 99. 38 C.F.R. § 51.200(i)(2)(ii). | Immaterial. Whether Public Resource has accurately identified the incorporating provision does not affect whether it engages in fair use. | asserted "transformative" purpose of providing the public with information regarding the law. Pls. Mem. 15-16; Reply at Part I.A.1.b. |
| Incorrect Citations re: ASHRAE's Standards | Disputed for the reasons addressed below. Immaterial. Whether Public Resource has accurately identified the incorporating provision does not affect whether it engages in fair use. | PRO fails to establish a genuine dispute as to a material fact for the reasons addressed below. |
| 41. In addition, PRO's posting of ASHRAE Standard 90.1-2004 on the Internet Archive states that is has been incorporated by reference in Minnesota, Maine and Nevada, Wise Decl. ¶ 170, Ex. 169 at 1, but those states' codes are actually based on a different standard, the International Energy Conservation Code ("IECC"), for which compliance with ASHRAE 90.1 is just an alternative compliance option, Wise Decl. ¶ 171, Ex. 170. | Disputed to the extent that Plaintiffs ignore that ASHRAE 90.1-2004 is incorporated by reference at 10 C.F.R. § 433.3 (2013). Immaterial. Whether Public Resource has accurately identified the incorporating provision does not affect whether it engages in fair use. | PRO fails to establish a genuine dispute as to a material fact. PRO does not dispute that the states it referenced on the Internet Archive as having incorporated by reference ASHRAE 90.1-2004 have in fact actually based their codes on a different standard published by the IECC.<br><br>PRO's assertion that its inability to identify the correct instances in which the standard at issue was incorporated by reference is immaterial ignores the D.C. Circuit's guidance that the circumstances in which a standard is incorporated by reference are material to understanding the fair use defense. *ASTM II*, 896 F.3d at 453.<br><br>The suggestion that such an error is immaterial further ignores the fact that PRO's claims that it "aims to do one simple, important thing: to provide a complete database of laws and regulations." Opp. 1. When faced with the undisputed and material fact that it failed to cite correct laws that referenced |

| Plaintiffs' Statement of Material Facts | Defendant Public Resource's Response | Plaintiffs' Response |
|---|---|---|
| | | ASHRAE standards at issue in this case, PRO's response is that its error is "very close" or almost "relevant law," Opp. 6 n.3. As PRO explained "very close" language is unacceptable; PRO's assertion that almost relevant law justifies wholesale copying of the Works is likewise unacceptable and insufficient to meet PRO's burden that the ASHRAE Works have been incorporated by reference. |
| 42. The same is true with PRO's posting of ASHRAE Standard 90.1-2007, which asserts that the standard has been incorporated in Illinois and California, ¶ 170, Ex. 169 at 2, which both have adopted the IECC rather than 90.1 or created their own codes that are more stringent than even later versions of 90.1 (that postdate what PRO has posted), Wise Decl. ¶ 171, Ex. 170. | Disputed to the extent that Plaintiffs ignore that ASHRAE 90.1-2007 is incorporated by reference at 10 C.F.R. § 433.3 (2013). Immaterial. Whether Public Resource has accurately identified the incorporating provision does not affect whether it engages in fair use. | PRO fails to establish a genuine dispute as to a material fact. PRO does not dispute that the states it referenced on the Internet Archive as having incorporated by reference ASHRAE 90.1-2007 have in fact actually based their codes on a different standard published by the IECC.<br><br>PRO's assertion that its inability to identify the correct instances in which the standard at issue was incorporated by reference is immaterial ignores the D.C. Circuit's guidance that the circumstances in which a standard is incorporated by reference are material to understanding the fair use defense. *ASTM II*, 896 F.3d at 453.<br><br>The suggestion that such an error is immaterial further ignores the fact that PRO's claims that it "aims to do one simple, important thing: to provide a complete database of laws and regulations." Opp. 1. When faced with the undisputed and material fact that it failed to cite correct laws that referenced ASHRAE standards at issue in this case, PRO's response is that its error is "very close" or almost "relevant law," Opp. 6 n.3. As PRO explained "very close" language is unacceptable; PRO's assertion that almost relevant law justifies wholesale copying of the Works is likewise unacceptable and insufficient to meet PRO's burden that the ASHRAE Works have been incorporated by reference. |

| Plaintiffs’ Statement of Material Facts | Defendant Public Resource’s Response | Plaintiffs’ Response |
|---|---|---|
| 43. PRO’s postings on Internet Archive also point to instances where the statute or regulation incorporating the standard triggers an obligation for a government actor but not for individuals. For instance, PRO’s postings of ASHRAE 90.1-2004 and ASHRAE 90.1-2007 both reference 10 C.F.R. § 433.4, which states “[a]ll Federal agencies shall design new Federal buildings” that meet the ASHRAE standards, but does not impose a similar requirement on private actors. *See* Wise Decl. ¶ 170, Ex. 169. | Immaterial. Laws that regulate government actors are equally as relevant as laws that regulate private persons. The First Amendment is an example of a “law” that regulates only government actors. | PRO fails to establish a genuine dispute as to a material fact. PRO does not dispute the fact stated but instead seeks to argue the legal implications of that fact.<br><br>Additionally, PRO is wrong that this is immaterial. PRO’s entire fair use defense is premised on the need of individuals to access the law, and PRO goes so far as to raise a due process argument that rests on the possibility that individuals may be deprived of the ability to access laws they are accused of violating. |
| **B. PRO Copies and Distributes Plaintiffs’ Works, Regardless Of Whether They Are Essential To Comply With Any Legal Duty**<br>ASTM Standards (And Portions Thereof) That Do Not Impose Legal Duties | Disputed. Each standard that Public Resource posts is incorporated into law in its entirety. The Office of the Federal Register instructs that material should only be incorporated by reference into law “[i]f the material is necessary to understand or comply with the regulation.” Becker Decl., ¶ 25, Ex. 58 (IBR Handbook) at p. 2 (citing 5 U.S.C. § 552(a)). The decision as to what material to incorporate by reference, including the decision as to whether to incorporate an entire document or just part of a document, is a decision made by | Objection. Plaintiffs object to PRO’s reliance on Becker Decl., ¶ 25, Ex. 58 (IBR Handbook). The quoted language does not appear in the exhibit.<br><br>PRO fails to establish a genuine dispute as to a material fact. PRO has presented a theory of incorporation by reference under which any time a federal agency states that it is incorporating a standard, without specifying a particular portion of the standard, the entire standard becomes binding law. For the reasons explained in Plaintiffs’ briefing, PRO has not presented factual support to show that agencies actually operate in this way (let alone that they did so at the time of IBR before the handbook was published). Reply at Part I.A.1.a. And, as Plaintiffs’ briefing explains, as a legal matter, this theory of incorporation is irreconcilable with the D.C. Circuit’s decision. *ASTM II*, 896 F.3d at 450 (“[W]here knowing the content of an incorporated standard might help inform one’s understanding of the law but is not essential to complying with any legal duty, the nature of PRO’s use might |

| Plaintiffs' Statement of Material Facts | Defendant Public Resource's Response | Plaintiffs' Response |
| --- | --- | --- |
| | the regulatory agency. The Director of the Federal Register then reviews the proposed incorporation, and either approves or denies the incorporation. Public Resource therefore only posted material that federal agencies had determined was "necessary to understand or comply with [federal regulations]." *Id.* | be less transformative and its wholesale copying, in turn, less justified. For instance, ASHRAE Standard 90.1 provides important context for assessing provisions of state commercial building codes regarding energy efficiency. At the same time, unless a particular provision of Standard 90.1 has been incorporated into state building codes, PRO's claim that a paraphrase or summary would always be inadequate to serve its purposes seems less persuasive." (internal citations omitted)); *see also* Reply at Part I.A.1.a.<br><br>ASTM's discussion of non-mandatory sections addresses portions of ASTM's standards that are by definition non-mandatory aids. PRO cites no contrary evidence.<br><br>Further, PRO's assertion that "Each standard that Public Resource posts is incorporated into law in its entirety" is unsupported by the record evidence and PRO's own admission that "when attempting to post the relevant law, Public Resource accidentally posted an edition of an ASTM standard that was not the precise edition listed in the C.F.R. incorporating language." Opp. 6 n.3. Additionally, as explained below, portions of the standards are non-binding by the terms of the applicable standard and other portions of the standard are not binding because no provision of the law requires a party to comply with certain portions of the standards or merely references the standard but has no direct legal effect on any private party's conduct. |
| 44. Apart from the instances where PRO has redacted the ASTM logo discussed above, PRO reproduced and displayed the full text of each of the ASTM Standards. Wise Decl. ¶¶ 151, 153, Exs. 150, 152; | | Undisputed. |

| Plaintiffs’ Statement of Material Facts | Defendant Public Resource’s Response | Plaintiffs’ Response |
|---|---|---|
| Rubel Decl. ¶ 5, Ex. 2 (Rule 30(b)(6) Dep. of Public Resource at 158:22- 159:6). | | |
| 45. PRO posted in their entirety numerous standards that are incorporated by regulations in such a manner as to be optional or references. For example, 40 C.F.R. § 86.113- 04(a)(1) incorporates ASTM D86-07, the “Standard Test Method for Distillation of Petroleum Products and Liquid Fuels at Atmospheric Pressure.” But the regulation expressly provides that ASTM D86 is a mere “reference procedure,” and that a regulated entity can comply with the codified requirements by meeting “substantially equivalent specifications approved by the EPA Administrator.” *See* 40 C.F.R. § 86.113-04(a)(1). | Disputed. Each standard that Public Resource posts is incorporated into law in its entirety. The Office of the Federal Register instructs that material should only be incorporated by reference into law “[i]f the material is necessary to understand or comply with the regulation.” Becker Decl., ¶ 25, Ex. 58 (IBR Handbook) at p. 2 (citing 5 U.S.C. § 552(a)). The decision as to what material to incorporate by reference, including the decision as to whether to incorporate an entire document or just part of a document, is a decision made by the regulatory agency. That regulatory agency’s decision must be given deference over any possible quibble Plaintiffs might have as to whether a portion of an incorporated document is absolutely necessary to understand or comply with the regulation. After the regulatory agency determines what material to propose for incorporation into law, the Director of the Federal | Objection. Plaintiffs object to PRO’s reliance on Becker Decl., ¶ 25, Ex. 58 (IBR Handbook). The quoted language does not appear in the exhibit.<br><br>PRO fails to establish a genuine dispute as to a material fact. PRO has presented a theory of incorporation by reference under which any time a federal agency states that it is incorporating a standard, without specifying a particular portion of the standard, the entire standard becomes binding law. For the reasons explained in Plaintiffs’ briefing, PRO has not presented factual support to show that agencies actually operate in this way (let alone that they did so at the time of IBR before the handbook was published). Reply at Part I.A.1.a. And, as Plaintiffs’ briefing explains, as a legal matter, this theory of incorporation is irreconcilable with the D.C. Circuit’s decision. *ASTM II*, 896 F.3d at 450 (“[W]here knowing the content of an incorporated standard might help inform one’s understanding of the law but is not essential to complying with any legal duty, the nature of PRO’s use might be less transformative and its wholesale copying, in turn, less justified. For instance, ASHRAE Standard 90.1 provides important context for assessing provisions of state commercial building codes regarding energy efficiency. At the same time, unless a particular provision of Standard 90.1 has been incorporated into state building codes, PRO’s claim that a paraphrase or summary would always be inadequate to serve its purposes seems less persuasive.” (internal citations omitted)); *see also* Reply at Part I.A.1.a.<br><br>PRO’s dispute that 40 C.F.R. § 86.113- 04(a)(1) is merely a |

| Plaintiffs' Statement of Material Facts | Defendant Public Resource's Response | Plaintiffs' Response |
| --- | --- | --- |
| | Register then reviews the proposed incorporation, and either approves or denies the incorporation. Public Resource therefore only posted material that federal agencies had determined was "necessary to understand or comply with [federal regulations]." *Id*.<br><br>Additionally, D86-07 is mandated by law and is neither optional nor is it simply a "reference procedure." 40 C.F.R. § 80.46(d) states: "Through December 31, 2015, distillation parameters ***must*** be determined using ASTM D86. Beginning January 1, 2016, the distillation parameters must be determined by a test method approved under § 80.47." (emphasis added). Additionally, § 80.47 specifically states that the reproducibility (R) factor equals a specific value which can only be found in Table 10 of ASTM D86-07 and the Sc value (average slope or rate of change) must be calculated according to section 13.2 of ASTM D86-07. ASTM D86-07 is incorporated by reference on page 81, Section | reference, directly ignores the D.C. Circuit's opinion, which states:<br>"At the other end of the spectrum lie standards that serve as mere references but have no direct legal effect on any private party's conduct. One example is the incorporation of ASTM D86-07, the "Standard Test Method for Distillation of Petroleum Products and Liquid Fuels at Atmospheric Pressure," which a federal regulation describes as a "[r]eference procedure" used by the Environmental Protection Agency and regulated motor-vehicle manufacturers to determine whether the boiling point for certain gasoline used for "exhaust and evaporative emission testing" falls within a permissible range. 40 C.F.R. § 86.113-04(a)(1). The regulation creates only one relevant legal obligation: the regulated entity, in testing vehicular emissions, must use gasoline that meets specifications expressly laid out within the regulation itself. The incorporation of an external standard merely tells the regulated entity how it can ensure that the gasoline it uses in fact satisfies the codified requirements."<br>*ASTM II*, 896 F.3d at 443.<br><br>PRO cites no record evidence to support the false assertion that each standard it posts "is incorporated into law in its entirety" or in some cases at all.<br><br>Defendant's assertion that D86-07 is mandatory because 40 |

| Plaintiffs' Statement of Material Facts | Defendant Public Resource's Response | Plaintiffs' Response |
| --- | --- | --- |
|  | 80.47. Elsewhere, § 80.128 requires ASTM D86 or equivalent.<br><br>Section 13.2 of ASTM D86-07 concerns Precision and Bias. Section 13.2 cannot be read or understood in isolation from the preceding sections of ASTM D86-07, including section 3 (terminology), section 5 (significance and use of this test), section 6 (apparatus), section 7 (sampling, storage, and sample conditioning), section 8 (preparation of the apparatus), section 9 (calibration and standardization), section 10 (procedure), section 11 (calculation), section 12 (reports). | C.F.R. § 80.46(d) (2017[4]) is irrelevant for multiple reasons: (1) PRO misleadingly implies that this section incorporated by reference D86-07, when 40 C.F.R. § 80.46(h)(1)(i) defines "ASTM D86" as D86-12, (2) even if the regulation incorporated the correct version of this standard, the regulation did not become effective until years after PRO posted the standard and is not effective at this time.<br><br>Additionally, 40 CFR § 80.47 (2017) incorporates only certain portions of ASTM D86-07, not the standard in its entirety. *See* Wise Decl. II ¶ 13, Ex. 185. 40 CFR § 80.47 (2017) references two discrete sections of ASTM D86-07:<br><br>"Beginning January 1, 2016, for motor vehicle gasoline, gasoline blendstock, and gasoline fuel additives subject to the gasoline standards of this part, the maximum allowable standard deviation computed from the results of a minimum of 20 tests made over 20 days (tests may be arranged into no fewer than five batches of four or fewer tests each, with only one such batch allowed per day over the minimum of 20 days) on samples using good laboratory practices taken from a single homogeneous commercially available gasoline must be less than or equal to 0.3 times the reproducibility (R), where "R" ***equals the ASTM reproducibility in Table 10, Groups 2, 3 and 4 (Automated) of ASTM D86–07*** for the initial boiling point, E10, E50, E90 and final boiling point. (Example: A gasoline having an initial boiling point of 26 °C and a final boiling point of 215 °C: |

[4] PRO fails to identify a year. We based this analysis on 40 C.F.R. § 80.46(d) (2017) because PRO identified 40 C.F.R. § 80.47(r)(2017) in Becker Ex. 58.

| Plaintiffs' Statement of Material Facts | Defendant Public Resource's Response | Plaintiffs' Response |
|---|---|---|
| | | Maximum allowable standard deviation of 20 tests for initial boiling point ≤0.3*(8.5 °C) = 2.55 °C, maximum allowable standard deviation of 20 tests for E10 ≤0.3*(3.0+2.64*Sc)°C, maximum allowable standard deviation of 20 tests for E50 ≤0.3*(2.9+3.97*Sc)°C, maximum allowable standard deviation of 20 tests for E90 ≤0.3*(2.0+2.53*Sc) °C, and maximum allowable standard deviation of 20 tests for final boiling point ≤0.3*(10.5 °C) = 3.15 °C), where Sc is the average slope (or rate of change) of ***the gasoline distillation curve as calculated in accordance with section 13.2 of ASTM D86–07.*** The 20 results must be a series of tests with a sequential record of analysis and no omissions. ***Note that the precision criteria described in this paragraph (h)(1) differ from what is specified in ASTM D86–12.***"<br><br>As shown above, the tests described refer to only two sections of D86-07. PRO fails to provide evidentiary support for the assertion that other portions of the standard not incorporated by law are necessary.<br><br>Plaintiffs object to PRO's reliance on 40 C.F.R. § 80.128 (2017), as that section does not reference ASTM D86-07. Accoridngly PRO's assertion that compliance with "§ 80.128 requires ASTM D86 or equivalent" is wholly unsupported. Nevertheless, to the extent PRO identifies a regulation that requires compliance with "ASTM D86 *or equivalent*" any such regulation would indicate that use of D86 is not mandatory.<br><br>Regarding PRO's assertion that Section 13.2 "cannot be read or understood in isolation" PRO has no basis for these |

| Plaintiffs' Statement of Material Facts | Defendant Public Resource's Response | Plaintiffs' Response |
|---|---|---|
| | | unfounded assertions. D86-07 contains non-mandatory appendicies including "examples illustrating calculations for reporting of data," Wise Decl. ¶ 150, Ex. 149 at ASTM001208, among other non-mandatory sections which are—by definition—not mandatory to understand the other sections. However, at a minimium, PRO's argument concedes that Sections 1, 2, 4, 14, the Annexes and Appendices are not necessary to understand the requirements of Section 13.2.<br><br>Further, PRO's assertion that "Each standard that Public Resource posts is incorporated into law in its entirety" is unsupported by the record evidence and PRO's own admission that "when attempting to post the relevant law, Public Resource accidentally posted an edition of an ASTM standard that was not the precise edition listed in the C.F.R. incorporating language." Opp. 6 n.3. Notably, here, the regulation itself expressly contradicts PRO's assertion that using a different version of ASTM D86 would "very close." Opp. 6 n.3. |
| 46. Similarly, PRO identifies 40 C.F.R. Appendix D to Part 75, the "Optional S02 Emmissional Data Protocol for Gas-Fired and Oil-Fired Units" as the regulation incorporating ASTM standard D1217-93, the "Standard Test Method for Density and Relative Density (Specific Gravity) of Liquids by Bingham Pycnometer." This regulation incorporates the standard to be optional; Subsection 2.2.4.3(d) expressly provides an alternative procedure for | Disputed. Eeach standard that Public Resource posts is incorporated into law in its entirety. The Office of the Federal Register instructs that material should only be incorporated by reference into law "[i]f the material is necessary to understand or comply with the regulation." Becker Decl., ¶ 25, Ex. 58 (IBR Handbook) at p. 2 | Objection. Plaintiffs object to PRO's reliance on Becker Decl., ¶ 25, Ex. 58 (IBR Handbook). The quoted language does not appear in the exhibit.<br><br>PRO fails to establish a genuine dispute as to a material fact. PRO has presented a theory of incorporation by reference under which any time a federal agency states that it is incorporating a standard, without specifying a particular portion of the standard, the entire standard becomes binding law. For the reasons explained in Plaintiffs' briefing, PRO has not presented factual support to show that agencies actually operate in this way (let alone that they did so at the time of |

| Plaintiffs' Statement of Material Facts | Defendant Public Resource's Response | Plaintiffs' Response |
| --- | --- | --- |
| sampling oil from shipment tanks or containers and testing samples for density, of which D1217-93 is just one. *See* 40 C.F.R. Appendix D to Part 75. | (citing 5 U.S.C. § 552(a)). The decision as to what material to incorporate by reference, including the decision as to whether to incorporate an entire document or just part of a document, is a decision made by the regulatory agency. That regulatory agency's decision must be given deference over any possible quibble Plaintiffs might have as to whether a portion of an incorporated document is absolutely necessary to understand or comply with the regulation. After the regulatory agency determines what material to propose for incorporation into law, the Director of the Federal Register then reviews the proposed incorporation, and either approves or denies the incorporation. Public Resource therefore only posted material that federal agencies had determined was "necessary to understand or comply with [federal regulations]." | IBR before the handbook was published). Reply at Part I.A.1.a. And, as Plaintiffs' briefing explains, as a legal matter, this theory of incorporation is irreconcilable with the D.C. Circuit's decision. *ASTM II,* 896 F.3d at 450 ("[W]here knowing the content of an incorporated standard might help inform one's understanding of the law but is not essential to complying with any legal duty, the nature of PRO's use might be less transformative and its wholesale copying, in turn, less justified. For instance, ASHRAE Standard 90.1 provides important context for assessing provisions of state commercial building codes regarding energy efficiency. At the same time, unless a particular provision of Standard 90.1 has been incorporated into state building codes, PRO's claim that a paraphrase or summary would always be inadequate to serve its purposes seems less persuasive.") (internal citations omitted); *see also* Reply at Part I.A.1.a.<br><br>PRO fails to establish a genuine dispute as to a material fact. PRO does not dispute that it identified 40 C.F.R. Appendix D to Part 75, the "Optional S02 Emmissional Data Protocol for Gas-Fired and Oil-Fired Units" as the regulation incorporating ASTM standard D1217-93, or that this regulation incorporates the standard to be optional.<br><br>Further, PRO's assertion that "Each standard that Public Resource posts is incorporated into law in its entirety" is unsupported by the record evidence and PRO's own admission that "when attempting to post the relevant law, Public Resource accidentally posted an edition of an ASTM standard that was not the precise edition listed in the C.F.R. incorporating language." Opp. 6 n.3. |

| Plaintiffs' Statement of Material Facts | Defendant Public Resource's Response | Plaintiffs' Response |
|---|---|---|
| 47. This is true for other ASTM Works as well. For instance: | Disputed for the reasons addressed below. | For the reasons stated below, PRO fails to establish a genuine dispute as to a material fact for the reasons addressed below. |
| a. **ASTM F715-95:** PRO identifies 33 C.F.R. § 155, Appendix B, 2.4 as the regulation that incorporates ASTM F715-95, the "Standard Test Methods for Coated Fabrics Used for Oil Spill Control and Storage." Wise Decl. ¶ 153, Ex. 152 at 1368. This regulation expressly states that testing must be in accordance with either ASTM F715 "or other tests approved by the Coast Guard." | Disputed. Each standard that Public Resource posts is incorporated into law in its entirety. The Office of the Federal Register instructs that material should only be incorporated by reference into law "[i]f the material is necessary to understand or comply with the regulation." Becker Decl., ¶ 25, Ex. 58 (IBR Handbook) at p. 2 (citing 5 U.S.C. § 552(a)). The decision as to what material to incorporate by reference, including the decision as to whether to incorporate an entire document or just part of a document, is a decision made by the regulatory agency. That regulatory agency's decision must be given deference over any possible quibble Plaintiffs might have as to whether a portion of an incorporated document is absolutely necessary to understand or comply with the regulation. After the regulatory agency determines what material to propose for incorporation into | Objection. Plaintiffs object to PRO's reliance on Becker Decl., ¶ 25, Ex. 58 (IBR Handbook). The quoted language does not appear in the exhibit.<br><br>PRO fails to establish a genuine dispute as to a material fact. PRO has presented a theory of incorporation by reference under which any time a federal agency states that it is incorporating a standard, without specifying a particular portion of the standard, the entire standard becomes binding law. For the reasons explained in Plaintiffs' briefing, PRO has not presented factual support to show that agencies actually operate in this way (let alone that they did so at the time of IBR before the handbook was published). Reply at Part I.A.1.a. And, as Plaintiffs' briefing explains, as a legal matter, this theory of incorporation is irreconcilable with the D.C. Circuit's decision. *ASTM II,* 896 F.3d at 450; *see also* Reply at Part I.A.1.a.<br><br>PRO fails to establish a genuine dispute as to a material fact. PRO does not dispute that it identified 33 C.F.R. § 155, Appendix B, 2.4 as the regulation that incorporates ASTM F715-95, or that this regulation expressly states that testing must be in accordance with either ASTM F715 "or other tests approved by the Coast Guard.".<br><br>Further, PRO's assertion that "Each standard that Public Resource posts is incorporated into law in its entirety" is unsupported by the record evidence and PRO's own admission |

| Plaintiffs' Statement of Material Facts | Defendant Public Resource's Response | Plaintiffs' Response |
|---|---|---|
| | law, the Director of the Federal Register then reviews the proposed incorporation, and either approves or denies the incorporation. Public Resource therefore only posted material that federal agencies had determined was "necessary to understand or comply with [federal regulations]." IBR Handbook at p. 2 (citing 5 U.S.C. § 552(a)). Immaterial. How and whether Public Resource has identified an incorporating provision has no bearing on its fair use. | that "when attempting to post the relevant law, Public Resource accidentally posted an edition of an ASTM standard that was not the precise edition listed in the C.F.R. incorporating language." Opp. 6 n.3. The IBR Handbook cited by PRO emphasizes that "the agency determines which version of the standard it will incorporate," which further underscores the importance of citing to the correct version. *Id.* at 7.<br><br>For the same reasons explained in Paragraph 36.a., PRO's assertion that its inability to identify the correct version of the standard incorporated by reference in the C.F.R. is immaterial ignores the D.C. Circuit's opintion, *ASTM II*, 896 F.3d at 450 and PRO's burden to prove each standard has been IBR'd. |
| b. **ASTM F1321-92:** PRO identifies 46 C.F.R. § 28.535(d) as the regulation that incorporates ASTM F1321, the "Standard Guide for Conducting a Stability Test (Lightweight Survey and Inclining Experiment) to Determine Light Ship Displacement and Centers of Gravity of a Vessel." Wise Decl. ¶ 153, Ex. 152 at 1546. This regulation expressly states that ASTM F1321 "*may* be used *as guidance* for any inclining test or deadweight survey conducted under this section." | Disputed. Each standard that Public Resource posts is incorporated into law in its entirety. The Office of the Federal Register instructs that material should only be incorporated by reference into law "[i]f the material is necessary to understand or comply with the regulation." IBR Handbook at p. 2 (citing 5 U.S.C. § 552(a)). The decision as to what material to incorporate by reference, including the decision as to whether to incorporate an entire document or just part of a | Objection. Plaintiffs object to PRO's reliance on Becker Decl., ¶ 25, Ex. 58 (IBR Handbook). The quoted language does not appear in the exhibit.<br><br>PRO fails to establish a genuine dispute as to a material fact. PRO has presented a theory of incorporation by reference under which any time a federal agency states that it is incorporating a standard, without specifying a particular portion of the standard, the entire standard becomes binding law. For the reasons explained in Plaintiffs' briefing, PRO has not presented factual support to show that agencies actually operate in this way (let alone that they did so at the time of IBR before the handbook was published). Reply at Part I.A.1.a. And, as Plaintiffs' briefing explains, as a legal matter, this theory of incorporation is irreconcilable with the D.C. Circuit's decision. *ASTM II,* 896 F.3d at 450; *see also* Reply |

| Plaintiffs' Statement of Material Facts | Defendant Public Resource's Response | Plaintiffs' Response |
|---|---|---|
| | document, is a decision made by the regulatory agency. That regulatory agency's decision must be given deference over any possible quibble Plaintiffs might have as to whether a portion of an incorporated document is absolutely necessary to understand or comply with the regulation. After the regulatory agency determines what material to propose for incorporation into law, the Director of the Federal Register then reviews the proposed incorporation, and either approves or denies the incorporation. Public Resource therefore only posted material that federal agencies had determined was "necessary to understand or comply with [federal regulations]." IBR Handbook at p. 2 (citing 5 U.S.C. § 552(a)). Immaterial. How and whether Public Resource has identified an incorporating provision has no bearing on its fair use. | at Part I.A.1.a.<br><br>PRO's reliance on non-responsive and irrelevant evidence fails to establish a genuine dispute as to a material fact. PRO does not dispute that it identified 46 C.F.R. § 28.535(d) as the regulation that incorporates ASTM F1321-92 or that this regulation expressly states that ASTM F1321 "may be used as guidance for any inclining test or deadweight survey conducted under this section."<br><br>Further, PRO's assertion that "Each standard that Public Resource posts is incorporated into law in its entirety" is unsupported by the record evidence and PRO's own admission that "when attempting to post the relevant law, Public Resource accidentally posted an edition of an ASTM standard that was not the precise edition listed in the C.F.R. incorporating language." Opp. 6 n.3.<br><br>For the same reasons explained in Paragraph 36.a., PRO's assertion that its inability to identify the correct version of the standard incorporated by reference in the C.F.R. is immaterial ignores the D.C. Circuit's opintion, *ASTM II*, 896 F.3d at 450 and PRO's burden to prove each standard has been IBR'd. |
| c. **ASTM A369-A369M-92, B42-96, B68-95, B75-97, B88-96, B111-95, B315-93, and F1006:** PRO identifies 46 C.F.R. § 56.60-1(b), as the incorporating by | Disputed. Each standard that Public Resource posts is incorporated into law in its entirety. The Office of the | Objection. Plaintiffs object to PRO's reliance on Becker Decl., ¶ 25, Ex. 58 (IBR Handbook). The quoted language does not appear in the exhibit. |

| Plaintiffs' Statement of Material Facts | Defendant Public Resource's Response | Plaintiffs' Response |
| --- | --- | --- |
| reference regulation. Wise Decl. ¶ 151, Ex. 150 at PRO_00085147, PRO_00092176, PRO_00092980, PRO_00093012, PRO_00093103, PRO_00093196, PRO_00093301, and PRO_00107009; Wise Decl. ¶ 165, Ex. 164 at Interrog. 19; Wise Decl. ¶ 153, Ex. 152 at 1403. The regulation contains a table of acceptable commercial standards from American National Standards Institute, ASTM, American Society for Mechanical Engineers, and several other SDOs that are each considered to comply with the regulation. 46 C.F.R. § 56.60- 1(b). The regulation also contains a note indicating that: "The Coast Guard will consider use of alternative pipes, tubing, and fittings when it receives certification of their mechanical properties." 46 C.F.R. § 56.60-1(b). | Federal Register instructs that material should only be incorporated by reference into law "[i]f the material is necessary to understand or comply with the regulation." IBR Handbook at p. 2 (citing 5 U.S.C. § 552(a)). The decision as to what material to incorporate by reference, including the decision as to whether to incorporate an entire document or just part of a document, is a decision made by the regulatory agency. That regulatory agency's decision must be given deference over any possible quibble Plaintiffs might have as to whether a portion of an incorporated document is absolutely necessary to understand or comply with the regulation. After the regulatory agency determines what material to propose for incorporation into law, the Director of the Federal Register then reviews the proposed incorporation, and either approves or denies the incorporation. Public Resource therefore only posted material that federal agencies had determined was "necessary to understand or comply with | PRO fails to establish a genuine dispute as to a material fact. PRO has presented a theory of incorporation by reference under which any time a federal agency states that it is incorporating a standard, without specifying a particular portion of the standard, the entire standard becomes binding law. For the reasons explained in Plaintiffs' briefing, PRO has not presented factual support to show that agencies actually operate in this way (let alone that they did so at the time of IBR before the handbook was published). Reply at Part I.A.1.a. And, as Plaintiffs' briefing explains, as a legal matter, this theory of incorporation is irreconcilable with the D.C. Circuit's decision. *ASTM II,* 896 F.3d at 450; *see also* Reply at Part I.A.1.a.<br><br>PRO fails to establish a genuine dispute as to a material fact. PRO does not dispute that it identified 46 C.F.R. § 56.60-1(b) as the incorporating by reference regulation for ASTM A369, A369M-92, B42-96, B68-95, B75-97, B88-96, B111-95, B315-93, and F1006. PRO also does not dispute that the regulation contains a table of acceptable commercial standards from American National Standards Institute, ASTM, American Society for Mechanical Engineers, and several other SDOs that are each considered to comply with the regulation, such that no single standard is mandatory.<br><br>Further, PRO's assertion that "Each standard that Public Resource posts is incorporated into law in its entirety" is unsupported by the record evidence and PRO's own admission that "when attempting to post the relevant law, Public Resource accidentally posted an edition of an ASTM standard that was not the precise edition listed in the C.F.R. incorporating language." Opp. 6 n.3. |

| Plaintiffs' Statement of Material Facts | Defendant Public Resource's Response | Plaintiffs' Response |
|---|---|---|
| | [federal regulations]." (IBR Handbook) at p. 2 (citing 5 U.S.C. § 552(a)). Immaterial. How and whether Public Resource has identified an incorporating provision has no bearing on its fair use. | For the same reasons explained in Paragraph 36.a., PRO's assertion that its inability to identify the correct version of the standard incorporated by reference in the C.F.R. is immaterial ignores the D.C. Circuit's opintion, *ASTM II*, 896 F.3d at 450 and PRO's burden to prove each standard has been IBR'd. |
| 48. On numerous occasions, PRO posted entire ASTM Standards, when only a portion of those standards is actually incorporated by reference into law. For instance: | Disputed for the reasons addressed below. | For the reasons stated below, PRO fails to establish a genuine dispute as to a material fact for the reasons addressed below. |
| a. **ASTM B122/B122M:** PRO identifies 46 C.F.R. § 119.440 as the incorporating by reference regulation, Wise Decl. ¶ 151, Ex. 150 at PRO_00092264, but that regulation only incorporates B122/B122M with respect to copper alloy C71500, one of eleven copper alloys addressed in the standard. 46 C.F.R. § 119.440. The portions of the standard related to the other ten copper alloys are unnecessary to understand the minimum thickness for copper alloy C71500. *See* Wise Decl. ¶ 151, Ex. 150 at PRO_00092264. | Disputed. The entire ASTM B122/B122M-1995 is incorporated by reference at 46 C.F.R. § 58.03-1 (2011):<br><br>46 C.F.R. § 58.03-1, "Incorporation by Reference" (2011):<br><br>(a) Certain material is incorporated by reference into this part with the approval of the Director of the Federal Register under 5 U.S.C. 552(a) and 1 CFR part 51. To enforce any edition other than that specified in | PRO fails to establish a genuine dispute as to a material fact. PRO does not dispute that it identified 46 C.F.R. § 119.440 as the incorporating by reference regulation for ASTM B122/B122M, nor does PRO dispute the fact that 46 C.F.R. § 119.440 incorporates B122/B122M with respect to only "UNS alloy C71500." 46 C.F.R. § 119.440.<br><br>Instead, PRO points to 46 C.F.R. § 58.03-1 (2011) as incorporating ASTM B122/B122M in its entirety. This section does not incorporate any standards by reference. Instead, it notes that other portions of this part of the C.F.R. incorporated works by reference in accordance with federal law and notes where the incororpated works are available. PRO has not identified any place in this section or elsewhere in the CFR where the other ten copper alloys addressed in ASTM B122/B122M are incorporated by reference.<br><br>PRO does not didpute that it did not identify 46 C.F.R. § 58.03 |

| Plaintiffs' Statement of Material Facts | Defendant Public Resource's Response | Plaintiffs' Response |
| --- | --- | --- |
| | this section, the Coast Guard must publish notice<br>of change in the FEDERAL REGISTER and the material must be available to the public. All approved material is available for inspection at the National Archives and Records Administration (NARA). For information on the availability of this material at NARA, call 202–741–6030 or go to http://www.archives.gov/federallregister/codeloflfederallregulations/ibrllocations.html. This material is also<br>available for inspection at the U.S. Coast Guard, Office of Design and Engineering Standards (CG–521), 2100 2nd St. SW., Stop 7126, Washington, DC 20593-7126, and is available from the sources listed below.<br>...<br>(g) ASTM International (formerly American Society for Testing and Materials) (ASTM), 100 Barr Harbor Drive, West Conshohocken, PA 19428–2959 | in response to Plaintiffs' interrogatories. PRO's identification of the incorporated by reference regulation is material and relevant to its fair use defense, as PRO is bound by its response to Plaintiffs' interrogatories where it failed to correct or supplement interrogatories it now claims are inaccurate or incomplete. *See* Fed. R. Civ. P. 37(c)(1), 26(e)(1)(A).<br><br>For the same reasons explained in Paragraph 36.a., PRO's assertion that its inability to identify the correct version of the standard incorporated by reference in the C.F.R. is immaterial ignores the D.C. Circuit's opintion, *ASTM II*, 896 F.3d at 450 and PRO's burden to prove each standard has been IBR'd.<br><br>The fact is material to Plaintiffs' argument that the inaccurate and incomplete information PRO provides regarding the way in which standards have been incorporated undermines its asserted "transformative" purpose of providing the public with information regarding the law. Pls. Mem. 15-16; Reply at Part I.A.1.b. |

| Plaintiffs' Statement of Material Facts | Defendant Public Resource's Response | Plaintiffs' Response |
|---|---|---|
| | ... (3) ASTM B 122/B 122M–95, Standard Specification for Copper-Nickel-Tin Alloy, Copper-Nickel-Zinc Alloy (Nickel Silver), and Copper-Nickel Alloy Plate, Sheet, Strip, and Rolled Bar (''ASTM B 122''), 58.50–5.<br><br>Immaterial. How and whether Public Resource has identified an incorporating provision has no bearing on its fair use. | |
| b. **ASTM B85-96:** PRO identifies 46 C.F.R. § 56.60-2 as the incorporating by reference regulation, Wise Decl. ¶ 153, Ex. 152 at 252, but that regulation only incorporates one table within ASTM B85-96—table X-2— and states that "[t]ension tests shall be performed to determine tensile strength, yield strength, and elongation" in accordance with the minimum value in X-2. 46 C.F.R. § 56.60-2. The remainder of the standard is unnecessary to determine the minimum value in X-2. *See* Wise Decl. ¶ 153, Ex. 152 at 252. Table X-2 also contains values for sheer strength and fatigue strength that are unnecessary to understand | Disputed. Each standard that Public Resource posts is incorporated into law in its entirety. The Office of the Federal Register instructs that material should only be incorporated by reference into law "[i]f the material is necessary to understand or comply with the regulation." IBR Handbook at p. 2 (citing 5 U.S.C. § 552(a)). The decision as to what material to incorporate by reference, including the decision as to whether to incorporate an entire document or just part of a | Objection. Plaintiffs object to PRO's reliance on Becker Decl., ¶ 25, Ex. 58 (IBR Handbook). The quoted language does not appear in the exhibit.<br><br>PRO fails to establish a genuine dispute as to a material fact. PRO has presented a theory of incorporation by reference under which any time a federal agency states that it is incorporating a standard, without specifying a particular portion of the standard, the entire standard becomes binding law. For the reasons explained in Plaintiffs' briefing, PRO has not presented factual support to show that agencies actually operate in this way (let alone that they did so at the time of IBR before the handbook was published). Reply at Part I.A.1.a. And, as Plaintiffs' briefing explains, as a legal matter, this theory of incorporation is irreconcilable with the D.C. Circuit's decision. *ASTM II,* 896 F.3d at 450; *see also* Reply |

| Plaintiffs' Statement of Material Facts | Defendant Public Resource's Response | Plaintiffs' Response |
|---|---|---|
| the minimum value for the required tension tests. *Id.* | document, is a decision made by the regulatory agency. That regulatory agency's decision must be given deference over any possible quibble Plaintiffs might have as to whether a portion of an incorporated document is absolutely necessary to understand or comply with the regulation. After the regulatory agency determines what material to propose for incorporation into law, the Director of the Federal Register then reviews the proposed incorporation, and either approves or denies the incorporation. Public Resource therefore only posted material that federal agencies had determined was "necessary to understand or comply with [federal regulations]." IBR Handbook at p. 2 (citing 5 U.S.C. § 552(a)).<br><br>Immaterial. How and whether Public Resource has identified an incorporating provision has no bearing on its fair use. | at Part I.A.1.a.<br><br>PRO fails to establish a genuine dispute as to a material fact. PRO does not dispute that it identified 46 C.F.R. § 56.60-2 as the incorporating by reference regulation for ASTM B85-96. PRO also does not dispute that 46 C.F.R. § 56.60-2 only incorporates one table within ASTM B85-96 or the fact that the remainder of the standard is unnecessary for purposes of compliance with the regulation.<br><br>For the same reasons explained in Paragraph 36.a., PRO's assertion that its inability to identify the correct version of the standard incorporated by reference in the C.F.R. is immaterial ignores the D.C. Circuit's opintion, *ASTM II*, 896 F.3d at 450 and PRO's burden to prove each standard has been IBR'd.<br><br>The fact is material to Plaintiffs' argument that the inaccurate and incomplete information PRO provides regarding the way in which standards have been incorporated undermines its asserted "transformative" purpose of providing the public with information regarding the law. Pls. Mem. 15-16; Reply at Part I.A.1.b. |
| c. **ASTM B283-96:** PRO identifies 46 C.F.R. § 56.60-2 as the incorporating by reference regulation, Wise Decl. ¶ 151, Ex. | Disputed. Each standard that Public Resource posts is incorporated into law in its | Objection. Plaintiffs object to PRO's reliance on Becker Decl., ¶ 25, Ex. 58 (IBR Handbook). The quoted language does not appear in the exhibit. |

| Plaintiffs' Statement of Material Facts | Defendant Public Resource's Response | Plaintiffs' Response |
|---|---|---|
| 150 at PRO_00092925, but that regulation only requires that tension tests shall be performed to determine tensile strength, yield strength, and elongation with the minimum values listed in Table 3 of ASTM B283-96. 46 C.F.R. § 56.60-2. All portions of the standard other than Table 3 are unnecessary to comply with the regulation. Additionally, Table 3 provides Rockwell hardness measurements, which are also unnecessary to understand the minimum value required for other three measurements. *See* Wise Decl. ¶ 151, Ex. 150 at PRO_00092925. | entirety. The Office of the Federal Register instructs that material should only be incorporated by reference into law "[i]f the material is necessary to understand or comply with the regulation." Becker Decl., ¶ 25, Ex. 58 (IBR Handbook) at p. 2 (citing 5 U.S.C. § 552(a)). The decision as to what material to incorporate by reference, including the decision as to whether to incorporate an entire document or just part of a document, is a decision made by the regulatory agency. That regulatory agency's decision must be given deference over any possible quibble Plaintiffs might have as to whether a portion of an incorporated document is absolutely necessary to understand or comply with the regulation. After the regulatory agency determines what material to propose for incorporation into law, the Director of the Federal Register then reviews the proposed incorporation, and either approves or denies the incorporation. Public Resource therefore only posted material that federal agencies had | PRO fails to establish a genuine dispute as to a material fact. PRO has presented a theory of incorporation by reference under which any time a federal agency states that it is incorporating a standard, without specifying a particular portion of the standard, the entire standard becomes binding law. For the reasons explained in Plaintiffs' briefing, PRO has not presented factual support to show that agencies actually operate in this way (let alone that they did so at the time of IBR before the handbook was published). Reply at Part I.A.1.a. And, as Plaintiffs' briefing explains, as a legal matter, this theory of incorporation is irreconcilable with the D.C. Circuit's decision. *ASTM II,* 896 F.3d at 450; *see also* Reply at Part I.A.1.a.<br><br>PRO fails to establish a genuine dispute as to a material fact. PRO does not dispute that it identified 46 C.F.R. § 56.60-2 as the incorporating by reference regulation for ASTM B283-96, nor does PRO dispute that all portions of the standard other than Table 3 are unnecessary to comply with the regulation.<br><br>For the same reasons explained in Paragraph 36.a., PRO's assertion that its inability to identify the correct version of the standard incorporated by reference in the C.F.R. is immaterial ignores the D.C. Circuit's opintion, *ASTM II*, 896 F.3d at 450 and PRO's burden to prove each standard has been IBR'd.<br><br>The fact is material to Plaintiffs' argument that the inaccurate and incomplete information PRO provides regarding the way in which standards have been incorporated undermines its asserted "transformative" purpose of providing the public with information regarding the law. Pls. Mem. 15-16; Reply at Part I.A.1.b. |

| Plaintiffs' Statement of Material Facts | Defendant Public Resource's Response | Plaintiffs' Response |
|---|---|---|
| | determined was "necessary to understand or comply with [federal regulations]." IBR Handbook at p. 2 (citing 5 U.S.C. § 552(a)).<br>Immaterial. How and whether Public Resource has identified an incorporating provision has no bearing on its fair use. | |
| d. **ASTM E23:** PRO identifies 46 C.F.R. § 56.50-105(a)(1)(ii) as the incorporating by reference regulation, Wise Decl. ¶ 151, Ex. 150 at PRO_00106690, but that regulation requires testing for low temperature toughness using the Charpy V-notch specimen as shown in ASTM E23, Figure 4. 46 C.F.R. 56.50-105(a)(1)(ii). Only Figure 4—no other part of the standard—is necessary to determine the low temperature toughness. *Id.* | Disputed. Each standard that Public Resource posts is incorporated into law in its entirety. The Office of the Federal Register instructs that material should only be incorporated by reference into law "[i]f the material is necessary to understand or comply with the regulation." Becker Decl., ¶ 25, Ex. 58 (IBR Handbook) at p. 2 (citing 5 U.S.C. § 552(a)). The decision as to what material to incorporate by reference, including the decision as to whether to incorporate an entire document or just part of a document, is a decision made by the regulatory agency. That regulatory agency's decision must be given deference over any possible quibble Plaintiffs might | Objection. Plaintiffs object to PRO's reliance on Becker Decl., ¶ 25, Ex. 58 (IBR Handbook). The quoted language does not appear in the exhibit.<br><br>PRO fails to establish a genuine dispute as to a material fact. PRO has presented a theory of incorporation by reference under which any time a federal agency states that it is incorporating a standard, without specifying a particular portion of the standard, the entire standard becomes binding law. For the reasons explained in Plaintiffs' briefing, PRO has not presented factual support to show that agencies actually operate in this way (let alone that they did so at the time of IBR before the handbook was published). Reply at Part I.A.1.a. And, as Plaintiffs' briefing explains, as a legal matter, this theory of incorporation is irreconcilable with the D.C. Circuit's decision. *ASTM II,* 896 F.3d at 450; *see also* Reply at Part I.A.1.a.<br><br>PRO fails to establish a genuine dispute as to a material fact. PRO does not dispute that it identified 46 C.F.R. § 56.50-105(a)(1)(ii) as the incorporating by reference regulation for ASTM E23. PRO also does not dispute that 46 C.F.R. § 56.50-105(a)(1)(ii) requires testing for low temperature |

| Plaintiffs' Statement of Material Facts | Defendant Public Resource's Response | Plaintiffs' Response |
|---|---|---|
| | have as to whether a portion of an incorporated document is absolutely necessary to understand or comply with the regulation. After the regulatory agency determines what material to propose for incorporation into law, the Director of the Federal Register then reviews the proposed incorporation, and either approves or denies the incorporation. Public Resource therefore only posted material that federal agencies had determined was "necessary to understand or comply with [federal regulations]." (IBR Handbook) at p. 2 (citing 5 U.S.C. § 552(a)).<br><br>Immaterial. How and whether Public Resource has identified an incorporating provision has no bearing on its fair use. | toughness using the Charpy V-notch specimen as shown in ASTM E23, Figure 4 and that no other part of the standard is necessary to determine the low temperature toughness.<br><br>For the same reasons explained in Paragraph 36.a., PRO's assertion that its inability to identify the correct version of the standard incorporated by reference in the C.F.R. is immaterial ignores the D.C. Circuit's opintion, *ASTM II*, 896 F.3d at 450 and PRO's burden to prove each standard has been IBR'd.<br><br>The fact is material to Plaintiffs' argument that the inaccurate and incomplete information PRO provides regarding the way in which standards have been incorporated undermines its asserted "transformative" purpose of providing the public with information regarding the law. Pls. Mem. 15-16; Reply at Part I.A.1.b. |
| e. **ASTM E145-94 (2001):** PRO identifies 40 C.F.R. § 63.14 as the incorporating by reference regulation, Wise Decl. ¶ 151, Ex. 150 at PRO_00106516, but Appendix A to Subpart PPPP of 40 C.F.R. § 63.14 references only forced draft oven types IIA or IIB. 40 C.F.R. § 63.14. The ASTM E145-94 (2001) standard addresses | Disputed. Each standard that Public Resource posts is incorporated into law in its entirety. The Office of the Federal Register instructs that material should only be incorporated by reference into law "[i]f the material is necessary | Objection. Plaintiffs object to PRO's reliance on Becker Decl., ¶ 25, Ex. 58 (IBR Handbook). The quoted language does not appear in the exhibit.<br><br>PRO fails to establish a genuine dispute as to a material fact. PRO has presented a theory of incorporation by reference under which any time a federal agency states that it is incorporating a standard, without specifying a particular portion of the standard, the entire standard becomes binding |

| Plaintiffs' Statement of Material Facts | Defendant Public Resource's Response | Plaintiffs' Response |
|---|---|---|
| other types of forced draft ovens. *See* Wise Decl. ¶ 151, Ex. 150 at PRO_001065. | to understand or comply with the regulation." Becker Decl., ¶ 25, Ex. 58 (IBR Handbook) at p. 2 (citing 5 U.S.C. § 552(a)). The decision as to what material to incorporate by reference, including the decision as to whether to incorporate an entire document or just part of a document, is a decision made by the regulatory agency. That regulatory agency's decision must be given deference over any possible quibble Plaintiffs might have as to whether a portion of an incorporated document is absolutely necessary to understand or comply with the regulation. After the regulatory agency determines what material to propose for incorporation into law, the Director of the Federal Register then reviews the proposed incorporation, and either approves or denies the incorporation. Public Resource therefore only posted material that federal agencies had determined was "necessary to understand or comply with [federal regulations]." (IBR Handbook) at p. 2 (citing 5 U.S.C. § 552(a)). | law. For the reasons explained in Plaintiffs' briefing, PRO has not presented factual support to show that agencies actually operate in this way (let alone that they did so at the time of IBR before the handbook was published). Reply at Part I.A.1.a. And, as Plaintiffs' briefing explains, as a legal matter, this theory of incorporation is irreconcilable with the D.C. Circuit's decision. *ASTM II,* 896 F.3d at 450; *see also* Reply at Part I.A.1.a.<br><br>PRO fails to establish a genuine dispute as to a material fact. PRO does not dispute that it identified 40 C.F.R. § 63.14 as the incorporating by reference regulation for ASTM E145-94 (2001), or that 40 C.F.R. § 63.14 references only forced draft oven types IIA or IIB and none of the other types of forced draft ovens addressed by the standard.<br><br>For the same reasons explained in Paragraph 36.a., PRO's assertion that its inability to identify the correct version of the standard incorporated by reference in the C.F.R. is immaterial ignores the D.C. Circuit's opintion, *ASTM II*, 896 F.3d at 450 and PRO's burden to prove each standard has been IBR'd.<br><br>The fact is material to Plaintiffs' argument that the inaccurate and incomplete information PRO provides regarding the way in which standards have been incorporated undermines its asserted "transformative" purpose of providing the public with information regarding the law. Pls. Mem. 15-16; Reply at Part I.A.1.b. |

| Plaintiffs' Statement of Material Facts | Defendant Public Resource's Response | Plaintiffs' Response |
|---|---|---|
| | Immaterial. How and whether Public Resource has identified an incorporating provision has no bearing on its fair use. | |
| 49. In addition, PRO posts certain ASTM Standards in their entirety, despite the fact that the incorporation by reference has no direct legal effect on any private party's conduct. As just one example, ASTM A307 is incorporated by reference in 46 C.F.R. § 56.25-20(b), which governs the design, construction, and installation of piping systems in marine vessels. The regulation provides that, with respect to bolts used in ships' and barges' piping systems, "[w]hen class 250 cast iron flanges are used or when class 125 cast iron flanges are used with ring gaskets, the bolting material must be carbon steel conforming to ASTM A307 (incorporated by reference, see 46 C.F.R. § 56.01-2), Grade B." 46 C.F.R. § 56.25-20(b). The persons governed by the regulation at issue—those who design, construct and install piping systems in marine vessels—do not need access to ASTM A307 to comply with this regulation. They simply have to purchase bolts that are designated as A307, Grade B bolts; they do not need to know how to manufacture such bolts. | Disputed. The complete ASTM A307 document is incorporated into law at 46 C.F.R. 56.01-2. Plaintiffs argue that 46 C.F.R. § 56.25-20(b) does not require those who design, construct, and install piping systems in marine vessels to actually read ASTM A307, because Plaintiffs assert that the regulated individual can simply outsource this responsibility to a third party that manufactures bolts. However, legal responsibility for compliance still rests on the regulated piping installers, and even if they choose to trust a third party to manufacture bolts for their purposes, they still would require access to ASTM A307 to ensure for themselves that the bolts they purchase are in compliance with the regulations.<br><br>Immaterial. A law need not have a direct legal effect on any private party's conduct. The law providing for appointment of | PRO does not dispute that it posts certain ASTM Standards in their entirety, despite the fact that the incorporation by reference has no direct legal effect on any private party's conduct. PRO disputes that ASTM A307 has no direct legal effect on any private party's conduct.<br><br>46 C.F.R. § 56.01-2 is a reference section of the C.F.R. identifying the relevant version of the ASTM standard that has been incorporated by 46 C.F.R. § 56.25-20(b). 46 C.F.R. § 56.01-2 does not impose any obligations at all, much less binding legal obligations.<br><br>PRO's assertion that whether a law has a "direct legal effect" is irrelevant to PRO's fair use defense ignores the D.C. Circuit's statement that: "where knowing the content of an incorporated standard might help inform one's understanding of the law but is not essential to complying with any legal duty, the nature of PRO's use might be less transformative and its wholesale copying, in turn, less justified." *ASTM II*, 896 F.3d at 450. |

| Plaintiffs' Statement of Material Facts | Defendant Public Resource's Response | Plaintiffs' Response |
|---|---|---|
| | members of the Federal Election Commission is a law, regardless of whether it has a direct legal affect on any private party's conduct. | |
| 50. ASTM's standards also contain numerous non-mandatory portions that are aids or supplements to the standard. For example, ASTM's Manual of Style contains certain sections that must be included in each ASTM standard, such as the title of the standard. O'Brien Decl. Ex. 5 at A-2. Other sections, are only included when the subject matter is pertinent to the document. *Id.* | Disputed to the extent that Plaintiffs imply any portion of the standards at issue are "non-mandatory" as law. Each standard that Public Resource posts is incorporated into law in its entirety. The Office of the Federal Register instructs that material should only be incorporated by reference into law "[i]f the material is necessary to understand or comply with the regulation." IBR Handbook at p. 2 (citing 5 U.S.C. § 552(a)). The decision as to what material to incorporate by reference, including the decision as to whether to incorporate an entire document or just part of a document, is a decision made by the regulatory agency. That regulatory agency's decision must be given deference over any possible quibble Plaintiffs might have as to whether a portion of an incorporated document is absolutely necessary to | Objection. Plaintiffs object to PRO's reliance on Becker Decl., ¶ 25, Ex. 58 (IBR Handbook). The quoted language does not appear in the exhibit.<br><br>PRO fails to establish a genuine dispute as to a material fact. PRO has presented a theory of incorporation by reference under which any time a federal agency states that it is incorporating a standard, without specifying a particular portion of the standard, the entire standard becomes binding law. For the reasons explained in Plaintiffs' briefing, PRO has not presented factual support to show that agencies actually operate in this way (let alone that they did so at the time of IBR before the handbook was published). Reply at Part I.A.1.a. And, as Plaintiffs' briefing explains, as a legal matter, this theory of incorporation is irreconcilable with the D.C. Circuit's decision. *ASTM II,* 896 F.3d at 450; *see also* Reply at Part I.A.1.a.<br><br>Defendant has failed to create a genuine dispute of material fact. PRO points to no record evidence to support its assertion that all portions of every Standard at Issue is both mandatory and incorporated in its entirety notwithstanding the expres terms of the Standards at Issue and ASTM's Manual of Style. |

| Plaintiffs' Statement of Material Facts | Defendant Public Resource's Response | Plaintiffs' Response |
|---|---|---|
| | understand or comply with the regulation. After the regulatory agency determines what material to propose for incorporation into law, the Director of the Federal Register then reviews the proposed incorporation, and either approves or denies the incorporation. Public Resource therefore only posted material that federal agencies had determined was "necessary to understand or comply with [federal regulations]." IBR Handbook at p. 2 (citing 5 U.S.C. § 552(a)). | |
| 51. ASTM standards may include the following non-mandatory sections: | Disputed. Each standard that Public Resource posts is incorporated into law in its entirety. The Office of the Federal Register instructs that material should only be incorporated by reference into law "[i]f the material is necessary to understand or comply with the regulation." Becker Decl., ¶ 25, Ex. 58 (IBR Handbook) at p. 2 (citing 5 U.S.C. § 552(a)). The decision as to what material to incorporate by reference, including the decision as to whether to incorporate an entire | Objection. Plaintiffs object to PRO's reliance on Becker Decl., ¶ 25, Ex. 58 (IBR Handbook). The quoted language does not appear in the exhibit.<br><br>PRO fails to establish a genuine dispute as to a material fact. PRO has presented a theory of incorporation by reference under which any time a federal agency states that it is incorporating a standard, without specifying a particular portion of the standard, the entire standard becomes binding law. For the reasons explained in Plaintiffs' briefing, PRO has not presented factual support to show that agencies actually operate in this way (let alone that they did so at the time of IBR before the handbook was published). Reply at Part I.A.1.a. And, as Plaintiffs' briefing explains, as a legal matter, this theory of incorporation is irreconcilable with the D.C. |

| Plaintiffs' Statement of Material Facts | Defendant Public Resource's Response | Plaintiffs' Response |
| --- | --- | --- |
| | document or just part of a document, is a decision made by the regulatory agency. That regulatory agency's decision must be given deference over any possible quibble Plaintiffs might have as to whether a portion of an incorporated document is absolutely necessary to understand or comply with the regulation. After the regulatory agency determines what material to propose for incorporation into law, the Director of the Federal Register then reviews the proposed incorporation, and either approves or denies the incorporation. Public Resource therefore only posted material that federal agencies had determined was "necessary to understand or comply with [federal regulations]." IBR Handbook at p. 2 (citing 5 U.S.C. § 552(a)). | Circuit's decision. *ASTM II,* 896 F.3d at 450; *see also* Reply at Part I.A.1.a.<br><br>PRO fails to establish a genuine dispute as to a material fact. PRO points to no record evidence to support its assertion that all portions of every Standard at Issue is both mandatory and incorporated in its entirety notwithstanding the expres terms of the Standards at Issue and ASTM's Manual of Style. |
| a. **Appendixes:** "Additional information may be included in one or more annexes or appendixes . . . . There are times when it is desirable to include in a specification additional information for general use and guidance but which does not | Disputed for the reasons addressed above at paragraph 51. The respective federal agency determined that the entire standard was "necessary to understand or comply with [the applicable federal regulation]," | Objection. Plaintiffs object to PRO's reliance on Becker Decl., ¶ 25, Ex. 58 (IBR Handbook). The quoted language does not appear in the exhibit.<br><br>PRO fails to establish a genuine dispute as to a material fact. PRO has presented a theory of incorporation by reference under which any time a federal agency states that it is |

| Plaintiffs' Statement of Material Facts | Defendant Public Resource's Response | Plaintiffs' Response |
| --- | --- | --- |
| constitute a mandatory part of the [standard]. *Id.* at B-8. | and the Director of the Federal Register reviewed and approved the incorporation. Plaintiffs may in their opinion disagree with the assessment of the regulatory agency, but the agency's determination is due deference over ASTM's opinion. | incorporating a standard, without specifying a particular portion of the standard, the entire standard becomes binding law. For the reasons explained in Plaintiffs' briefing, PRO has not presented factual support to show that agencies actually operate in this way (let alone that they did so at the time of IBR before the handbook was published). Reply at Part I.A.1.a. And, as Plaintiffs' briefing explains, as a legal matter, this theory of incorporation is irreconcilable with the D.C. Circuit's decision. *ASTM II,* 896 F.3d at 450; *see also* Reply at Part I.A.1.a.<br><br>PRO fails to establish a genuine dispute as to a material fact. PRO points to no record evidence to support its assertion that the significance of the Appendixes of the Standards at Issue is different from how they are described in ASTM's Manual of Style. |
| b. **Summary of Changes:** Identifies the "location of selected changes to [the] standard since the last issue. . ." *Id.* at C-3. | Disputed for the reasons addressed above at paragraph 51. The respective federal agency determined that the entire standard was "necessary to understand or comply with [the applicable federal regulation]," and the Director of the Federal Register reviewed and approved the incorporation. Plaintiffs may in their opinion disagree with the assessment of the regulatory agency, but the agency's determination is due deference over ASTM's opinion. | Objection. Plaintiffs object to PRO's reliance on Becker Decl., ¶ 25, Ex. 58 (IBR Handbook). The quoted language does not appear in the exhibit.<br><br>PRO fails to establish a genuine dispute as to a material fact. PRO has presented a theory of incorporation by reference under which any time a federal agency states that it is incorporating a standard, without specifying a particular portion of the standard, the entire standard becomes binding law. For the reasons explained in Plaintiffs' briefing, PRO has not presented factual support to show that agencies actually operate in this way (let alone that they did so at the time of IBR before the handbook was published). Reply at Part I.A.1.a. And, as Plaintiffs' briefing explains, as a legal matter, this theory of incorporation is irreconcilable with the D.C. |

| Plaintiffs' Statement of Material Facts | Defendant Public Resource's Response | Plaintiffs' Response |
|---|---|---|
| | | Circuit's decision. *ASTM II,* 896 F.3d at 450; *see also* Reply at Part I.A.1.a.<br><br>PRO fails to establish a genuine dispute as to a material fact. PRO points to no record evidence to support its assertion that the significance of the Appendixes of the Standards at Issue is different from how they are described in ASTM's Manual of Style. |
| c. **Summary of Test Method:** "[a] brief outline of the test method, describing in the passive voice its essential features without the details that are a necessary part of the complete statement of procedure." *Id.* at A-5. | Disputed for the reasons addressed above at paragraph 51. The respective federal agency determined that the entire standard was "necessary to understand or comply with [the applicable federal regulation]," and the Director of the Federal Register reviewed and approved the incorporation. Plaintiffs may in their opinion disagree with the assessment of the regulatory agency, but the agency's determination is due deference over ASTM's opinion. | Objection. Plaintiffs object to PRO's reliance on Becker Decl., ¶ 25, Ex. 58 (IBR Handbook). The quoted language does not appear in the exhibit.<br>PRO fails to establish a genuine dispute as to a material fact. PRO has presented a theory of incorporation by reference under which any time a federal agency states that it is incorporating a standard, without specifying a particular portion of the standard, the entire standard becomes binding law. For the reasons explained in Plaintiffs' briefing, PRO has not presented factual support to show that agencies actually operate in this way (let alone that they did so at the time of IBR before the handbook was published). Reply at Part I.A.1.a. And, as Plaintiffs' briefing explains, as a legal matter, this theory of incorporation is irreconcilable with the D.C. Circuit's decision. *ASTM II,* 896 F.3d at 450; *see also* Reply at Part I.A.1.a.<br><br>PRO fails to establish a genuine dispute as to a material fact. PRO points to no record evidence to support its assertion that the significance of the Appendixes of the Standards at Issue is different from how they are described in ASTM's Manual of Style. |

| Plaintiffs' Statement of Material Facts | Defendant Public Resource's Response | Plaintiffs' Response |
|---|---|---|
| d. **Significance and Use:** "[i]nclude in this section information that explains the relevance and meaning of the test. State the practical uses for the test and how it is typically employed." *Id.* | Disputed for the reasons addressed above at paragraph 51. The respective federal agency determined that the entire standard was "necessary to understand or comply with [the applicable federal regulation]," and the Director of the Federal Register reviewed and approved the incorporation. Plaintiffs may in their opinion disagree with the assessment of the regulatory agency, but the agency's determination is due deference over ASTM's opinion. | Objection. Plaintiffs object to PRO's reliance on Becker Decl., ¶ 25, Ex. 58 (IBR Handbook). The quoted language does not appear in the exhibit.<br><br>PRO fails to establish a genuine dispute as to a material fact. PRO has presented a theory of incorporation by reference under which any time a federal agency states that it is incorporating a standard, without specifying a particular portion of the standard, the entire standard becomes binding law. For the reasons explained in Plaintiffs' briefing, PRO has not presented factual support to show that agencies actually operate in this way (let alone that they did so at the time of IBR before the handbook was published). Reply at Part I.A.1.a. And, as Plaintiffs' briefing explains, as a legal matter, this theory of incorporation is irreconcilable with the D.C. Circuit's decision. *ASTM II,* 896 F.3d at 450; *see also* Reply at Part I.A.1.a.<br><br>PRO fails to establish a genuine dispute as to a material fact. PRO points to no record evidence to support its assertion that the significance of the Appendixes of the Standards at Issue is different from how they are described in ASTM's Manual of Style. |
| e. **Supplementary requirements:** "These should not include statements that would allow the lowering of minimum requirements of the standard . . . . Usually these only apply when specified by the purchaser in the purchase order or contract." *Id.* at B-7. | Disputed for the reasons addressed above at paragraph 51. The respective federal agency determined that the entire standard was "necessary to understand or comply with [the applicable federal regulation]," and the Director of the Federal | Objection. Plaintiffs object to PRO's reliance on Becker Decl., ¶ 25, Ex. 58 (IBR Handbook). The quoted language does not appear in the exhibit.<br><br>PRO fails to establish a genuine dispute as to a material fact. PRO has presented a theory of incorporation by reference under which any time a federal agency states that it is |

| Plaintiffs' Statement of Material Facts | Defendant Public Resource's Response | Plaintiffs' Response |
| --- | --- | --- |
| | Register reviewed and approved the incorporation. Plaintiffs may in their opinion disagree with the assessment of the regulatory agency, but the agency's determination is due deference over ASTM's opinion. | incorporating a standard, without specifying a particular portion of the standard, the entire standard becomes binding law. For the reasons explained in Plaintiffs' briefing, PRO has not presented factual support to show that agencies actually operate in this way (let alone that they did so at the time of IBR before the handbook was published). Reply at Part I.A.1.a. And, as Plaintiffs' briefing explains, as a legal matter, this theory of incorporation is irreconcilable with the D.C. Circuit's decision. *ASTM II,* 896 F.3d at 450; *see also* Reply at Part I.A.1.a.<br><br>PRO fails to establish a genuine dispute as to a material fact. PRO points to no record evidence to support its assertion that the significance of the Appendixes of the Standards at Issue is different from how they are described in ASTM's Manual of Style. |
| 52. There are 61 ASTM standards at issue in this motion that contain appendixes. Wise Decl. at ¶ 148, Ex. 149. | | Undisputed. |

| Plaintiffs' Statement of Material Facts | Defendant Public Resource's Response | Plaintiffs' Response |
|---|---|---|

| Standard | Edition | Pin Cite |
|---|---|---|
| A106/A106 M | 1994 | ASTM000200-01. |
| B21 | 1979a | ASTM000363. |
| B68 | 1996 | ASTM000469. |
| B75 | 1997 | ASTM000498-99. |
| B124 | 1984 | ASTM000505-07. |
| B209 | 1995 | ASTM000375. |
| B283 | 1995 | ASTM000380-81. |
| D86 | 1996 | ASTM000385. |
| D512 | 1980e 1 | ASTM000436-39. |
| D975 | 1996 | ASTM000452-54 |
| D2216 | 1993 | ASTM000463. |
| D4329 | 1979 | ASTM001693. |
| D4986 | 1986 | ASTM000491-92. |
| A106/A106 M | 1979(1997) | ASTM000523. |
| B21 | 1989(1993)$^{e1}$ | ASTM000564. |
| B68 | 1984 | ASTM000570-71. |
| B75 | 1970(1982) | ASTM000597. |
| B124 | 2007 | ASTM001208-14. |
| B209 | 1998 | ASTM000998-1000. |
| B283 | 1989(1999) | ASTM001095. |
| D86 | 2007 | ASTM001220-34. |
| D512 | 1998b | ASTM001238-53. |
| D975 | 1990(1994)$^{e1}$ | ASTM001698. |
| D2216 | 1995(1999) | ASTM000608-609. |
| D4329 | 1986(1996) | ASTM000613. |
| D4986 | 1993(1997) | ASTM000641-42. |
| A106/A106 M | 1995 | ASTM000712. |

| Standard | Edition | Pin Cite |
|---|---|---|
| B21 | 1986 | ASTM000722-25. |
| B68 | 1997 | ASTM000727-29. |
| B75 | 1996 | ASTM000752-56. |
| B124 | 1996 | ASTM000781-82. |
| B209 | 1998 | ASTM000796-800. |
| B283 | 1991(1996) | ASTM000806-807. |
| D86 | 1998 | ASTM000896-901. |
| D512 | 1996 | ASTM000918-19. |
| D975 | 1996 | ASTM000956-57. |
| D2216 | 1996 | ASTM000965-66. |
| D4329 | 1998 | ASTM000984-86. |
| D4986 | 1995 | ASTM001042-44. |
| A106/A106 M | 1998 | ASTM001088-89. |
| B21 | 1996 | ASTM001113. |
| B68 | 1998a | ASTM001122-23. |
| B75 | 1998 | ASTM001147-60. |
| B124 | 1982 | ASTM001342-44. |
| B209 | 1980 | ASTM001405-406. |
| B283 | 1995 | ASTM001446-48. |
| D86 | 1971 | ASTM001736-37. |
| D512 | 1980 | ASTM001376-79. |
| D975 | 1985 | ASTM001744. |
| D2216 | 1987(1992) | ASTM001388-90. |
| D4329 | 1997 | ASTM001414. |
| D4986 | 1980(1985) | Page 829. |
| A106/A106 M | 1993 | ASTM001632. |
| B21 | 1982a(1988) | ASTM001636-37. |
| B75 | 1992 | ASTM001561-74. |
| B124 | 1998 | ASTM001580-81. |
| B209 | 1993 | ASTM001588-93. |
| B283 | 1999 | ASTM001609-11. |
| D86 | 1990 | ASTM001681-82. |
| D512 | 1997 | ASTM001668-69. |
| D975 | 2000a | ASTM001674-78. |

<table>
<tr><th>Plaintiffs’ Statement of Material Facts</th><th>Defendant Public Resource’s Response</th><th>Plaintiffs’ Response</th></tr>
<tr><td>53. There are 13 ASTM standards at issue in this motion that contain a summary of changes. Wise Decl. ¶ 148, Ex. 149.
<table>
<tr><th>Standard</th><th>Edition</th><th>Pin Cite</th></tr>
<tr><td>B21</td><td>1986</td><td>ASTM000722-25.</td></tr>
<tr><td>B68</td><td>1997</td><td>ASTM000727-29.</td></tr>
<tr><td>B75</td><td>1996</td><td>ASTM000752-56.</td></tr>
<tr><td>B124</td><td>1996</td><td>ASTM000781-82.</td></tr>
<tr><td>B209</td><td>1998</td><td>ASTM000796-800.</td></tr>
<tr><td>B283</td><td>1991(1996)</td><td>ASTM000806-807.</td></tr>
<tr><td>D86</td><td>1998</td><td>ASTM000896-901.</td></tr>
<tr><td>D512</td><td>1996</td><td>ASTM000918-19.</td></tr>
<tr><td>D975</td><td>1996</td><td>ASTM000956-57.</td></tr>
<tr><td>D2216</td><td>1996</td><td>ASTM000965-66.</td></tr>
<tr><td>D4329</td><td>1998</td><td>ASTM000984-86.</td></tr>
<tr><td>D4986</td><td>1995</td><td>ASTM001042-44.</td></tr>
</table></td><td></td><td>Undisputed.</td></tr>
<tr><td>54. There are 65 ASTM standards at issue in this motion that contain a summary of test method section. Wise Decl. ¶ 148, Ex. 149.</td><td></td><td>Undisputed.</td></tr>
</table>

| Plaintiffs' Statement of Material Facts | Defendant Public Resource's Response | Plaintiffs' Response |
|---|---|---|
| (see table below) | | |

| Standard | Edition | Pin Cite |
|---|---|---|
| C177 | 1997 | ASTM000534-35. |
| C236 | 1989(1993)$^{\epsilon1}$ | ASTM000555. |
| C518 | 1991 | ASTM000578. |
| D86 | 2007 | ASTM001190. |
| D129 | 1995 | ASTM000631. |
| D512 | 1989(1999) | ASTM001091-93. |
| D611 | 1982(1998) | ASTM001124. |
| D665 | 1998e 1 | ASTM001181. |
| D1217 | 1993(1998) | ASTM000601. |
| D1246 | 1995(1999) | ASTM000606. |
| D1253 | 1986(1996) | ASTM000610. |
| D1266 | 1998 | ASTM000614-15. |
| D1298 | 1999 | ASTM000626. |
| D1335 | 1967(1972) | ASTM000636. |
| D1480 | 1993(1997) | ASTM000647. |
| D1481 | 1993(1997) | ASTM000653. |
| D1552 | 1995 | ASTM000693 |
| D1688 | 1995 | ASTM000707-08; ASTM000710. |
| D1890 | 1996 | ASTM000731. |
| D1943 | 1996 | ASTM000736. |
| D1945 | 1996 | ASTM000741. |
| D2013 | 1986(1994) | ASTM000763. |
| D2015 | 1996 | ASTM000774-75. |
| D2036 | 1998 | ASTM000783-84. |
| D2163 | 1991(1996) | ASTM000802. |
| D2216 | 1998 | ASTM000809. |
| D2460 | 1997 | ASTM000830. |
| D2502 | 1992(1996) | ASTM000835. |
| D2503 | 1992(1997) | ASTM000839. |
| D2597 | 1994(1999) | ASTM000865-66. |
| D2622 | 1998 | ASTM000875. |
| D2724 | 1987(1995) | Page 2. |
| D2879 | 1997 | ASTM000903-04. |

<table>
<tr><th>Plaintiffs' Statement of Material Facts</th><th>Defendant Public Resource's Response</th><th>Plaintiffs' Response</th></tr>
<tr><td>
<table>
<tr><td>D3120</td><td>1996</td><td>ASTM000914.</td></tr>
<tr><td>D3173</td><td>1987(1996)</td><td>ASTM000920.</td></tr>
<tr><td>D3178</td><td>1989(1997)</td><td>ASTM000929.</td></tr>
<tr><td>D3236</td><td>1988(1999)</td><td>ASTM000943.</td></tr>
<tr><td>D3246</td><td>1996</td><td>ASTM000951.</td></tr>
<tr><td>D3286</td><td>1996</td><td>ASTM000958-59.</td></tr>
<tr><td>D3454</td><td>1997</td><td>ASTM000971.</td></tr>
<tr><td>D3697</td><td>1992(1996)</td><td>ASTM000987.</td></tr>
<tr><td>D4239</td><td>1997$^{\epsilon1}$</td><td>ASTM001045-46.</td></tr>
<tr><td>D4294</td><td>1998</td><td>ASTM001061.</td></tr>
<tr><td>D4809</td><td>1995</td><td>ASTM001072.</td></tr>
<tr><td>D4891</td><td>1989(1994)$^{\epsilon1}$</td><td>ASTM001080.</td></tr>
<tr><td>D4986</td><td>1998</td><td>ASTM001084.</td></tr>
<tr><td>D5257</td><td>1997</td><td>ASTM001097-98.</td></tr>
<tr><td>D5373</td><td>1993(1997)</td><td>ASTM001103-04.</td></tr>
<tr><td>D5673</td><td>1996</td><td>ASTM001108.</td></tr>
<tr><td>D5865</td><td>1998a</td><td>ASTM001114-15.</td></tr>
<tr><td>D6228</td><td>1998</td><td>ASTM001161-62.</td></tr>
<tr><td>D6420</td><td>1999</td><td>ASTM001168.</td></tr>
<tr><td>D6503</td><td>1999</td><td>ASTM001174.</td></tr>
<tr><td>E23</td><td>1982</td><td>ASTM001321.</td></tr>
<tr><td>E96</td><td>1995</td><td>ASTM001441-42.</td></tr>
<tr><td>E283</td><td>1991(1999)</td><td>ASTM001258.</td></tr>
<tr><td>E408</td><td>1971</td><td>ASTM001730-31.</td></tr>
<tr><td>E424</td><td>1971</td><td>ASTM001733.</td></tr>
<tr><td>E681</td><td>1985</td><td>ASTM001738.</td></tr>
<tr><td>E695</td><td>1979(1997)$^{\epsilon1}$</td><td>ASTM001380.</td></tr>
<tr><td>E711</td><td>1987(1992)</td><td>ASTM001384.</td></tr>
<tr><td>E776</td><td>1987(1992)</td><td>ASTM001749.</td></tr>
<tr><td>E885</td><td>1988</td><td>ASTM001416-17.</td></tr>
<tr><td>E1337</td><td>1990(1996)</td><td>ASTM001268.</td></tr>
<tr><td>F1471</td><td>1993</td><td>ASTM001582-83.</td></tr>
</table>
</td><td></td><td></td></tr>
<tr><td>55. There are 95 ASTM standards at issue in this motion that contain a significance and use section. Wise Decl. at Ex ¶ 148, Ex. 149.
<table>
<tr><th>Standard</th><th>Edition</th><th>Pin Cite</th></tr>
<tr><td>B557</td><td>1984</td><td>ASTM000470.</td></tr>
<tr><td>C177</td><td>1997</td><td>ASTM000535-36.</td></tr>
<tr><td>C236</td><td>1989(1993)$^{\epsilon1}$</td><td>ASTM000555-56.</td></tr>
<tr><td>C509</td><td>1984</td><td>ASTM000566-67.</td></tr>
<tr><td>C518</td><td>1991</td><td>ASTM000578-79.</td></tr>
<tr><td>D86</td><td>2007</td><td>ASTM001190.</td></tr>
</table>
</td><td></td><td>Undisputed.</td></tr>
<tr><td>56. There are 23 ASTM standards at issue in this motion that contain a supplementary</td><td></td><td>Undisputed.</td></tr>
</table>

<table>
<tr><th>Plaintiffs' Statement of Material Facts</th><th>Defendant Public Resource's Response</th><th>Plaintiffs' Response</th></tr>
<tr><td>requirements section. Wise Decl. ¶ 148, Ex. 149.<br><table><tr><th>Standard</th><th>Edition</th><th>Pin Cite</th></tr><tr><td>A36</td><td>1977a$^{\epsilon}$</td><td>Pages (136-38).</td></tr><tr><td>A36/A36M</td><td>1997a$^{\epsilon 1}$</td><td>ASTM003436.</td></tr><tr><td>A106/A106 M</td><td>2004b</td><td>Pages 7-8.</td></tr><tr><td>A203/A203 M</td><td>1997</td><td>ASTM000171.</td></tr><tr><td>A242</td><td>1979</td><td>ASTM000182.</td></tr><tr><td>A285</td><td>1978</td><td>ASTM000184-85.</td></tr><tr><td>A333/A 333M</td><td>1994</td><td>ASTM000200.</td></tr><tr><td>A369/A 369M</td><td>1992</td><td>ASTM000205.</td></tr><tr><td>A441</td><td>1979</td><td>ASTM000262-63.</td></tr><tr><td>A514</td><td>1977</td><td>ASTM000309-11.</td></tr><tr><td>A522/A 522M</td><td>1995b</td><td>ASTM000321.</td></tr><tr><td>A572</td><td>1979</td><td>ASTM000330-31.</td></tr><tr><td>A588</td><td>1979a</td><td>ASTM000332-33.</td></tr><tr><td>A615</td><td>1979</td><td>ASTM000342.</td></tr><tr><td>A633</td><td>1979a</td><td>ASTM000361-62.</td></tr><tr><td>B16</td><td>1992</td><td>ASTM000392.</td></tr><tr><td>B42</td><td>1996</td><td>ASTM000468.</td></tr></table></td><td></td><td></td></tr>
<tr><td>NFPA Standards (and Portions Thereof) That Do Not Impose Legal Duties</td><td>Disputed for the reasons addressed in paragraph 57 below.</td><td>PRO fails to establish a genuine dispute as to a material fact for the reasons addressed below.</td></tr>
<tr><td>57. Each of NFPA's 23 standards at issue in this case include sections that are optional, or permissive, designated by the language "shall be permitted" or "shall not be required." As explained in the 2014 NEC: "Permissive rules of this Code are those that identify actions that are allowed but not required, are normally used to describe options or alternative methods, and are characterized by the use of the terms shall be permitted or shall not be required." Supp. Pauley Decl. ¶ 27, Ex. P (NFPA 70, 2014 ed.) at art. 90.5(B) (NFPA-PR0098088) (emphasis added). An</td><td>Disputed. Each standard that Public Resource posts is incorporated into law in its entirety. The Office of the Federal Register instructs that material should only be incorporated by reference into law "[i]f the material is necessary to understand or comply with the regulation." IBR Handbook at p. 2 (citing 5 U.S.C. § 552(a)). The decision as to what material to incorporate by reference, including the decision as to</td><td>Objection. Plaintiffs object to PRO's reliance on Becker Decl., ¶ 25, Ex. 58 (IBR Handbook). The quoted language does not appear in the exhibit.<br><br>PRO fails to establish a genuine dispute as to a material fact. PRO has presented a theory of incorporation by reference under which any time a federal agency states that it is incorporating a standard, without specifying a particular portion of the standard, the entire standard becomes binding law. For the reasons explained in Plaintiffs' briefing, PRO has not presented factual support to show that agencies actually operate in this way (let alone that they did so at the time of IBR before the handbook was published). Reply at Part I.A.1.a. And, as Plaintiffs' briefing explains, as a legal matter,</td></tr>
</table>


| Plaintiffs' Statement of Material Facts | Defendant Public Resource's Response | Plaintiffs' Response |
|---|---|---|
| example of such an optional rule is article 324.56(A) of the 2014 NEC regarding FCC Systems Alterations, which states "Alterations to FCC systems shall be permitted." *Id.* Ex. P at art. 324.56(A) (NFPA-PR0098260). | whether to incorporate an entire document or just part of a document, is a decision made by the regulatory agency. That regulatory agency's decision must be given deference over any possible quibble Plaintiffs might have as to whether a portion of an incorporated document is absolutely necessary to understand or comply with the regulation. After the regulatory agency determines what material to propose for incorporation into law, the Director of the Federal Register then reviews the proposed incorporation, and either approves or denies the incorporation. Public Resource therefore only posted material that federal agencies had determined was "necessary to understand or comply with [federal regulations]." IBR Handbook at p. 2 (citing 5 U.S.C. § 552(a)). | this theory of incorporation is irreconcilable with the D.C. Circuit's decision. Reply at Part I.A.1.a.<br><br>PRO has not disputed that the 2014 NEC contains the identified provisions. |
| 58.  Similar optional provisions appear throughout the standards. *See* Supp. Pauley Decl. Ex. A (NFPA 1, 2003 ed.) at ch. 10.13.3.10 at 1-49 (NFPA-PR0013107); Ex. B (NFPA 1, 2006 ed.) at ch. 20.5.2.3.2 at 1-139 (NFPA-PR0013654); Ex. C | Disputed for the reasons addressed above at paragraph 57. The respective federal agency determined that the entire standard was "necessary to understand or comply with [the | Objection.  Plaintiffs object to PRO's reliance on Becker Decl., ¶ 25, Ex. 58 (IBR Handbook).  The quoted language does not appear in the exhibit.<br><br>PRO fails to establish a genuine dispute as to a material fact. PRO has presented a theory of incorporation by reference |

| Plaintiffs' Statement of Material Facts | Defendant Public Resource's Response | Plaintiffs' Response |
|---|---|---|
| (NFPA 10, 2002 ed.) at ch. 6.1.6 at 10-12 (NFPA-PR0014084); Ex. D (NFPA 11, 2005 ed.) at ch. 6.10.2.3 at 11-25 (NFPA-PR0014167); Ex. E (NFPA 12, 2005 ed.) at ch. 4.3.3.1.2 at 12-8 (NFPA-PR0014251); Ex. F (NFPA 13, 2002 ed.) at ch. 9.2.4.2 at 13-85 (NFPA-PR0014394); Ex. G (NFPA 25, 2002 ed.) at ch. 13.2.3.3 at 25-40 (NFPA-PR0020279); Ex. H (NFPA 30, 2003 ed.) at ch. 7.3.7.7 at 30-64 (NFPA-PR0014720); Ex. I (NFPA 54 (2006 ed.) at ch. 5.3.2.2 at 54-17 (NFPA-PR0014807); Ex. J (NFPA 58, 2001 ed.) at ch. 8.2.2.6 at 58-60 (NFPA-PR0015018); Ex. K (NFPA 58, 2004 ed.) at ch. 5.7.1.4(C) at 58-15 (NFPA-PR0015096); Ex. L (NFPA 59, 2004 ed.) at ch. 5.5.2.6 at 59-13 (NFPA-PR0015228); Ex. M (NFPA 70, 1999 ed.) at ch. 240-23 at 70-76 (NFPA-PR0015342); Ex. N (NFPA 70, 2005 ed.) at ch. 504.70 at 70-369 (NFPA-PR0016284); Ex. O (NFPA 70, 2008 ed.) at ch. 517.77 at 70-441 (NFPA-PR0017137); Ex. P (NFPA 70, 2014 ed.) at ch. 324.56(A) at 70- 197 (NFPA-PR0098260); Ex. Q (NFPA 72, 2002 ed.) at ch. 11.3.7 at 72-105 (NFPA-PR0018525); Ex. R (NFPA 99, 2005 ed.) at ch. 11.7.2.4 at 99-104 (NFPA-PR0018791); Ex. S (NFPA 101, 2000 ed.) at ch. 13.7.4.4.3 at 101-123 (NFPA-PR0019081); Ex. T (NFPA 101, 2003 ed.) at ch. 7.5.4.1.3 at 101-65 (NFPA-PR0019422); Ex. U (NFPA 101, 2006 ed.) at ch. 36.4.4.3.1 at | applicable federal regulation]," and the Director of the Federal Register reviewed and approved the incorporation.  Plaintiffs may in their opinion disagree with the assessment of the regulatory agency, but the agency's determination is due deference over NFPA's opinion. | under which any time a federal agency states that it is incorporating a standard, without specifying a particular portion of the standard, the entire standard becomes binding law.  For the reasons explained in Plaintiffs' briefing, PRO has not presented factual support to show that agencies actually operate in this way (let alone that they did so at the time of IBR before the handbook was published).  Reply at Part I.A.1.a.  And, as Plaintiffs' briefing explains, as a legal matter, this theory of incorporation is irreconcilable with the D.C. Circuit's decision.  Reply at Part I.A.1.a.<br><br>PRO has not disputed that the standards contain the identified provisions. |

| Plaintiffs' Statement of Material Facts | Defendant Public Resource's Response | Plaintiffs' Response |
|---|---|---|
| 101-268 (NFPA- PR0020039); Ex. V (NFPA 704, 2007 ed.) at ch. 4.1.5 at 704-5 (NFPA-PR0020217); Dubay Decl. Ex. A (NFPA 70, 2011 ed.) at ch. 610.43(B) at 70-531 (NFPA-PR0018069). | | |
| 59. Each of NFPA's 23 standards at issue, provide that the specific provisions of the NFPA standard are not the *only* way to comply with the law, using language that expressly allows for other materials and methods for compliance that would be acceptable to the authority having jurisdiction. *See, e.g.*, Supp. Pauley Decl. Ex. I (NFPA 54, 2006 ed.) at ch. 1.4 at 54-8 (NFPA- PR0014798) ("The provisions of this code are not intended to prevent the use of any material, method of construction, or installation procedure not specifically prescribed by this code, provided any such alternative is acceptable to the authority having jurisdiction."). | Disputed for the reasons addressed above at paragraph 57. The respective federal agency determined that the entire standard was "necessary to understand or comply with [the applicable federal regulation]," and the Director of the Federal Register reviewed and approved the incorporation. Plaintiffs may in their opinion disagree with the assessment of the regulatory agency, but the agency's determination is due deference over NFPA's opinion. | Objection. Plaintiffs object to PRO's reliance on Becker Decl., ¶ 25, Ex. 58 (IBR Handbook). The quoted language does not appear in the exhibit.<br><br>PRO fails to establish a genuine dispute as to a material fact. PRO has presented a theory of incorporation by reference under which any time a federal agency states that it is incorporating a standard, without specifying a particular portion of the standard, the entire standard becomes binding law. For the reasons explained in Plaintiffs' briefing, PRO has not presented factual support to show that agencies actually operate in this way (let alone that they did so at the time of IBR before the handbook was published). Reply at Part I.A.1.a. And, as Plaintiffs' briefing explains, as a legal matter, this theory of incorporation is irreconcilable with the D.C. Circuit's decision. Reply at Part I.A.1.a.<br><br>PRO has not disputed that the standards contain the identified provisions. |
| 60. Similar optional provisions appear throughout the standards. *See* Supp. Pauley Decl. ¶ 26; Ex. A (NFPA 1, 2003 ed.) at ch. 1.4 (NFPA-PR0013044); Ex. B (NFPA 1, 2006 ed.) at ch. 1.4 (NFPA-PR0013527); Ex. C (NFPA 10, 2002 ed.) at ch. 1.2.1 (NFPA-PR0014076); Ex. D (NFPA 11, | | Undisputed. |

| Plaintiffs' Statement of Material Facts | Defendant Public Resource's Response | Plaintiffs' Response |
|---|---|---|
| 2005 ed.) at ch. 1.5 (NFPA-PR0014147); Ex. E (NFPA 12, 2005 ed.) at ch. 1.2.2 (NFPA-PR0014247); Ex. F (NFPA 13, 2002 ed.) at ch. 1.5 (NFPA-PR0014320); Ex. G (NFPA 25, 2002 ed.) at ch. 1.3 (NFPA-PR0020244); Ex. H (NFPA 30, 2003 ed.) at ch. 1.5 (NFPA- PR0014664); Ex. I (NFPA 54, 2006 ed.) at ch. 1.4 (NFPA-PR0014798); Ex. J (NFPA 58, 2001 ed.) at ch. 1.1.3 (NFPA-PR0014963); Ex. K (NFPA 58, 2004 ed.) at ch. 1.5 (NFPA-PR0015087); Ex. L (NFPA 59, 2004 ed.) at ch. 1.4 (NFPA-PR0015220); Ex. M (NFPA 70, 1999 ed.) at art. 90- 4 (NFPA-PR0015285); Ex. N (NFPA 70, 2005 ed.) at art. 90-4 (NFPA-PR0015939); Ex. O (NFPA 70, 2008 ed.) at art. 90-4 (NFPA-PR0016718); Ex. P (NFPA 70, 2014 ed.) at art. 90-4 (NFPA-PR0098088); Ex. Q (NFPA 72, 2002 ed.) at ch. 1.5 (NFPA-PR0018433); Ex. R (NFPA 99, 2005 ed.) at ch. 1.4 (NFPA-PR0018700); Ex. S (NFPA 101, 2000 ed.) at § 1.5 (NFPA-PR0018981); Ex. T (NFPA 101, 2003 ed.) at ch. 1.4 (NFPA-PR0019378); Ex. U (NFPA 101, 2006 ed.) at ch. 1.4 (NFPA-PR0019793); Ex. V (NFPA 704, 2007 ed.) at ch. 1.5 (NFPA-PR0020216); Dubay Decl. Ex. A (NFPA 70, 2011 ed.) at art. 90.4 (NFPA-PR0017560). | | |
| 61. All 23 of NFPA's standards include specific portions of text that do not | Disputed for the reasons addressed above at paragraph 57. | Objection. Plaintiffs object to PRO's reliance on Becker Decl., ¶ 25, Ex. 58 (IBR Handbook). The quoted language |

| Plaintiffs' Statement of Material Facts | Defendant Public Resource's Response | Plaintiffs' Response |
|---|---|---|
| necessarily set forth any binding legal obligation. *See* Supp. Pauley Decl. ¶¶ 25-29. More specifically, these portions include the following: | The respective federal agency determined that the entire standard was "necessary to understand or comply with [the applicable federal regulation]," and the Director of the Federal Register reviewed and approved the incorporation. Plaintiffs may in their opinion disagree with the assessment of the regulatory agency, but the agency's determination is due deference over NFPA's opinion.<br><br>Additionally, it is unclear from Plaintiffs' statement "portions of text that do not ***necessarily*** set forth any binding legal obligations," whether Plaintiffs actually contend that these portions of the standards are or are not binding. If Plaintiffs themselves cannot make up their minds on this point, it is unlikely that a lay citizen could reasonably determine that he or she was not obligated to comply with or understand these provisions. | does not appear in the exhibit.<br><br>PRO fails to establish a genuine dispute as to a material fact. PRO has presented a theory of incorporation by reference under which any time a federal agency states that it is incorporating a standard, without specifying a particular portion of the standard, the entire standard becomes binding law. For the reasons explained in Plaintiffs' briefing, PRO has not presented factual support to show that agencies actually operate in this way (let alone that they did so at the time of IBR before the handbook was published). Reply at Part I.A.1.a. And, as Plaintiffs' briefing explains, as a legal matter, this theory of incorporation is irreconcilable with the D.C. Circuit's decision. Reply at Part I.A.1.a.<br><br>By the very terms of the text, these portions do not impose binding legal obligations and are not necessary to comply with any law. PRO mischaracterizes Plaintiffs' Statement of Material Facts. |
| 62. **Prefatory Notices:** All 23 of the NFPA standards include prefatory notices, disclaimers and copyright information, such | Disputed for the reasons addressed above at paragraph 57. The respective federal agency | Objection. Plaintiffs object to PRO's reliance on Becker Decl., ¶ 25, Ex. 58 (IBR Handbook). The quoted language does not appear in the exhibit. |

| Plaintiffs' Statement of Material Facts | Defendant Public Resource's Response | Plaintiffs' Response |
|---|---|---|
| as a "Notice and Disclaimer of Liability Concerning the Use of NFPA Documents." Supp. Pauley Decl. ¶ 28(a), Ex. A (NFPA 1, 2003 ed.) at NFPA- PR0013033-34; Ex. B (NFPA 1, 2006 ed.) at NFPA-PR0013514-15; Ex. C (NFPA 10, 2002 ed.) at NFPA-PR0014071-72; Ex. D (NFPA 11, 2005 ed.) at NFPA-PR0014141-42; Ex. E (NFPA 12, 2005 ed.) at NFPA-PR0014242-43; Ex. F (NFPA 13, 2002 ed.) at NFPA-PR0014308-09; Ex. G (NFPA 25, 2002 ed.) at NFPA-PR0020238-39; Ex. H (NFPA 30, 2003 ed.) at NFPA-PR0014655- 56; Ex. I (NFPA 54, 2006 ed.) at NFPA-PR0014789-90; Ex. J (NFPA 58, 2001 ed.) at NFPA-PR0014957-58; Ex. K (NFPA 58, 2004 ed.) at NFPA-PR0015080-81; Ex. L (NFPA 59, 2004 ed.) at NFPA-PR0015214-15; Ex. M (NFPA 70, 1999 ed.) at NFPA-PR0015266-67; Ex. N (NFPA 70, 2005 ed.) at NFPA-PR0015914-15; Ex. O (NFPA 70, 2008 ed.) at NFPA-PR0016695-96; Ex. P (NFPA 70, 2014 ed.) at NFPA-PR0098062-63; Ex. Q (NFPA 72, 2002 ed.) at NFPA-PR0018419-20; Ex. R (NFPA 99, 2005 ed.) at NFPA-PR0018686-67; Ex. S (NFPA 101, 2000 ed.) at NFPA- PR0018957-58; Ex. T (NFPA 101, 2003 ed.) at NFPA-PR0019356-57; Ex. U (NFPA 101, 2006 ed.) at NFPA-PR0019770-71; Ex. V (NFPA 704, 2007 ed.) at NFPA-PR0020211-12; Dubay Decl. Ex. A (NFPA 70, 2011 ed.) at NFPA-PR0017536-37. | determined that the entire standard was "necessary to understand or comply with [the applicable federal regulation]," and the Director of the Federal Register reviewed and approved the incorporation. Plaintiffs may in their opinion disagree with the assessment of the regulatory agency, but the agency's determination is due deference over NFPA's opinion. | PRO fails to establish a genuine dispute as to a material fact. PRO has presented a theory of incorporation by reference under which any time a federal agency states that it is incorporating a standard, without specifying a particular portion of the standard, the entire standard becomes binding law. For the reasons explained in Plaintiffs' briefing, PRO has not presented factual support to show that agencies actually operate in this way (let alone that they did so at the time of IBR before the handbook was published). Reply at Part I.A.1.a. And, as Plaintiffs' briefing explains, as a legal matter, this theory of incorporation is irreconcilable with the D.C. Circuit's decision. Reply at Part I.A.1.a.<br><br>PRO has not disputed that the standards contain the identified provisions. |

| Plaintiffs' Statement of Material Facts | Defendant Public Resource's Response | Plaintiffs' Response |
|---|---|---|
| 63. **History, Development, and Edition Information:** All 23 of the NFPA standards include a section describing the history and development of the standard. Supp. Pauley Decl. ¶ 28(b), Ex. A (NFPA 1, 2003 ed.) at 1-1 (NFPA-PR0013035); Ex. B (NFPA 1, 2006 ed.) at 1-1 (NFPA-PR0013516-17); Ex. C (NFPA 10, 2002 ed.) at 10-1 (NFPA-PR0014073); Ex. D (NFPA 11, 2005 ed.) at 11-1 (NFPA-PR0014143); Ex. E (NFPA 12, 2005 ed.) at 12-1 (NFPA-PR0014244; Ex. F (NFPA 13, 2002 ed.) at 13-1 to 13-2 (NFPA-PR0014310-11); Ex. G (NFPA 25, 2002 ed.) at 25-1 (NFPA-PR0020240); Ex. H (NFPA 30, 2003 ed.) at 30-1 to 30-2 (NFPA-PR0014657-58); Ex. I (NFPA 54, 2006 ed.) at 54-1 to 54-2 (NFPA-PR0014791-92); Ex. J (NFPA 58, 2001 ed.) at 58-1 (NFPA-PR0014959); Ex. K (NFPA 58, 2004 ed.) at 58-1 (NFPA-PR0015082); Ex. L (NFPA 59, 2004 ed.) at 59-1 (NFPA-PR0015216); Ex. M (NFPA 70, 1999 ed.) at 70-1 (NFPA-PR0015268; Ex. N (NFPA 70, 2005 ed.) at 70-1 (NFPA-PR0015916); Ex. O (NFPA 70, 2008 ed.) at 70-1 (NFPA-PR0016697); Ex. P (NFPA 70, 2014 ed.) at NFPA-PR0098064; Ex. Q (NFPA 72, 2002 ed.) at 72-1 (NFPA-PR0018421); Ex. R (NFPA 99, 2005 ed.) at 99-1 (NFPA-PR0018688); Ex. S (NFPA 101, 2000 ed.) at 101-1 (NFPA-PR0018959); Ex. T (NFPA 101, 2003 ed.) | Disputed for the reasons addressed above at paragraph 57. The respective federal agency determined that the entire standard was "necessary to understand or comply with [the applicable federal regulation]," and the Director of the Federal Register reviewed and approved the incorporation. Plaintiffs may in their opinion disagree with the assessment of the regulatory agency, but the agency's determination is due deference over NFPA's opinion. | Objection. Plaintiffs object to PRO's reliance on Becker Decl., ¶ 25, Ex. 58 (IBR Handbook). The quoted language does not appear in the exhibit.<br><br>PRO fails to establish a genuine dispute as to a material fact. PRO has presented a theory of incorporation by reference under which any time a federal agency states that it is incorporating a standard, without specifying a particular portion of the standard, the entire standard becomes binding law. For the reasons explained in Plaintiffs' briefing, PRO has not presented factual support to show that agencies actually operate in this way (let alone that they did so at the time of IBR before the handbook was published). Reply at Part I.A.1.a. And, as Plaintiffs' briefing explains, as a legal matter, this theory of incorporation is irreconcilable with the D.C. Circuit's decision. Reply at Part I.A.1.a.<br><br>PRO has not disputed that the standards contain the identified provisions. |

| Plaintiffs' Statement of Material Facts | Defendant Public Resource's Response | Plaintiffs' Response |
|---|---|---|
| at 101-1 (NFPA-PR0019358); Ex. U (NFPA 101, 2006 ed.) at 101-1 (NFPA-PR0019772); Ex. V (NFPA 704, 2007 ed.) at 704-1 (NFPA-PR0020213); Dubay Decl. Ex. A (NFPA 70, 2011 ed.) at NFPA-PR0017538. | | |
| 64. **Reference and Informational Notes:** Of the 23 NFPA standards, 19 also include informational notes throughout the text that provide context, background, cross-references, and other explanatory material, but they do not set forth any binding legal obligations. Many of these expressly state that the notes "are informational only and are not enforceable as requirements." *E.g.*, Dubay Decl. Ex. A (NFPA 70, 2011 ed.) at art. 90.5(C) at 70-23 (NFPA-PR0017561). For example, NFPA 70 (2011 ed.) provides the following helpful information: "Some cleaning and lubricating compounds can cause severe deterioration of many plastic materials used for insulating and structural applications in equipment." *Id.* at art. 110.11 (Note 2) at 70-35 (NFPA-PR0017572). Informational notes appear throughout the main text of the standards (*i.e.*, not including the annexes). *See, e.g.*, Supp. Pauley Decl. ¶ 28(c), Ex. A (NFPA 1, 2003 ed.) at Table 60.2.2.1.(b) (Note 1) at 1-203 (NFPA-PR0013237); Ex. B (NFPA 1, 2006 ed.) at Table 60.2.6.5 (Note 1) at 1- 238 (NFPA-PR0013753); Ex. C (NFPA 10, | Disputed for the reasons addressed above at paragraph 57. The respective federal agency determined that the entire standard was "necessary to understand or comply with [the applicable federal regulation]," and the Director of the Federal Register reviewed and approved the incorporation. Plaintiffs may in their opinion disagree with the assessment of the regulatory agency, but the agency's determination is due deference over NFPA's opinion. | Objection. Plaintiffs object to PRO's reliance on Becker Decl., ¶ 25, Ex. 58 (IBR Handbook). The quoted language does not appear in the exhibit.<br><br>PRO fails to establish a genuine dispute as to a material fact. PRO has presented a theory of incorporation by reference under which any time a federal agency states that it is incorporating a standard, without specifying a particular portion of the standard, the entire standard becomes binding law. For the reasons explained in Plaintiffs' briefing, PRO has not presented factual support to show that agencies actually operate in this way (let alone that they did so at the time of IBR before the handbook was published). Reply at Part I.A.1.a. And, as Plaintiffs' briefing explains, as a legal matter, this theory of incorporation is irreconcilable with the D.C. Circuit's decision. Reply at Part I.A.1.a.<br><br>PRO has not disputed that the standards contain the identified provisions. |

| Plaintiffs' Statement of Material Facts | Defendant Public Resource's Response | Plaintiffs' Response |
|---|---|---|
| 2002 ed.) at Table 5.3.1 (Notes 1-3) at 10-11 (NFPA- PR0014083); Ex. D (NFPA 11, 2005 ed.) at Table 5.2.5.3.4 (Note) at 11-14 (NFPA-PR0014156); Ex. E (NFPA 12, 2005 ed.) at Table 5.3.2.2 (Note) at 12-17 (NFPA-PR0014260); Ex. F (NFPA 13, 2002 ed.) at Table 10.8.3.1.2.2 (Note) at 13-95 (NFPA-PR0014404); Ex. G (NFPA 25, 2002 ed.) at Table 11.1 (Note) at 25-31 (NFPA-PR0020270); Ex. I (NFPA 54, 2006 ed.) at Table 6.2(f) (Note) at 54-28 (NFPA-PR0014818); Ex. J (NFPA 58, 2001 ed.) at Table 2.2.2.2 (Notes 1-3) at 58-10 (NFPA-PR0014968); Ex. K (NFPA 58, 2004 ed.) at Table 5.2.4.2 (Notes) at 58-13 (NFPA-PR0015094); Ex. M (NFPA 70, 1999 ed.) at art. 90-2(a)(1) at 70-17 (NFPA-PR0015284); Ex. N (NFPA 70, 2005 ed.) at art. 230.95(C) (FPN Nos. 1-4) at 70-80 (NFPA-PR0015995); Ex. O (NFPA 70, 2008 ed.) at art. 430.26 (FPN) at 70-306 (NFPA-PR0017002); Ex. P (NFPA 70, 2014 ed.) at art. 300.20(B) (Informational Note) at 70-151 (NFPA-PR0098214); Ex. Q (NFPA 72, 2002 ed.) at Table 10.4.2.2 (Note 3) at 72-97 (NFPA-PR0018517); Ex. T (NFPA 101, 2003 ed.) at Table 8.3.4.2 (footnote 2) at 101-72 (NFPA-PR0019429); Ex. U (NFPA 101, 2006 ed.) at Table 8.3.4.2 (footnote†) at 101-77 (NFPA-PR0019848); Ex. V (NFPA 704, 2007 ed.) at Table 5.2 (footnote *) at 704-7 (NFPA-PR0020219); Dubay Decl. Ex. A (NFPA 70, 2011 ed.) at | | |

| Plaintiffs' Statement of Material Facts | Defendant Public Resource's Response | Plaintiffs' Response |
| --- | --- | --- |
| art. 505.8 (Informational Note) at 70-402 (NFPA-PR0017939). | | |
| 65. **Diagrams, Figures, and Illustrations:** Of the 23 NFPA standards, 14 also include figures that illustrate concepts in the text, but that do not dictate any legal obligations. These include, for example, Figure 220.1 of the 2011 edition of NFPA 70, which provides a graphical overview of the organization of Article 220. *See* Dubay Decl. Ex. A (NFPA 70, 2011 ed.) at Figure 220.1 at 70-61 (NFPA-PR0017598). Similar figures and illustrations appear throughout the text. *See, e.g.*, Supp. Pauley Decl. ¶ 28(d), Ex. A (NFPA 1, 2003 ed.) at Figure 31.3.7.3.3(C) (NFPA- PR0013184); Ex. B (NFPA 1, 2006 ed.) at Figure 43.1.4.5.3 at 1-200 (NFPA-PR0013715); Ex. D (NFPA 11, 2005 ed.) at Figure 5.3.5.3.1 at 11-18 (NFPA-PR0014160); Ex. F (NFPA 13, 2002 ed.) at Figures 7.7.4.2.1(a), (b) at 13-36 (NFPA-PR0014345); Ex. I (NFPA 54, 2006 ed.) at Figure 12.6.2.1 at 54-85 (NFPA-PR0014875); Ex. J (NFPA 58, 2001 ed.) at Figure 8.2.10 at 58-63 (NFPA-PR0015021); Ex. M (NFPA 70, 1999 ed.) at Figure 250-2 at 70-81 (NFPA-PR0015347); Ex. N (NFPA 70, 2005 ed.) at Figure 250-126 at 70-113 (NFPA-PR0016028); Ex. O (NFPA 70, 2008 ed.) at FPN Figures 517.30 Nos. 1 & 2 at 70-431 (NFPA-PR0017127); | Disputed for the reasons addressed above at paragraph 57. The respective federal agency determined that the entire standard was "necessary to understand or comply with [the applicable federal regulation]," and the Director of the Federal Register reviewed and approved the incorporation. Plaintiffs may in their opinion disagree with the assessment of the regulatory agency, but the agency's determination is due deference over NFPA's opinion. | Objection. Plaintiffs object to PRO's reliance on Becker Decl., ¶ 25, Ex. 58 (IBR Handbook). The quoted language does not appear in the exhibit.<br><br>PRO fails to establish a genuine dispute as to a material fact. PRO has presented a theory of incorporation by reference under which any time a federal agency states that it is incorporating a standard, without specifying a particular portion of the standard, the entire standard becomes binding law. For the reasons explained in Plaintiffs' briefing, PRO has not presented factual support to show that agencies actually operate in this way (let alone that they did so at the time of IBR before the handbook was published). Reply at Part I.A.1.a. And, as Plaintiffs' briefing explains, as a legal matter, this theory of incorporation is irreconcilable with the D.C. Circuit's decision. Reply at Part I.A.1.a.<br><br>PRO has not disputed that the standards contain the identified provisions. |

| Plaintiffs' Statement of Material Facts | Defendant Public Resource's Response | Plaintiffs' Response |
|---|---|---|
| Ex. P (NFPA 70, 2014 ed.) at Figure 516.4(C)(1) at 70-459 (NFPA-PR0098522); Ex. S (NFPA 101, 2000 ed.) at Figure 7.10.6.2 at 101-67 (NFPA-PR0019025); Ex. T (NFPA 101, 2003 ed.) at Figure 7.10.6.2.1 at 101-69 (NFPA-PR0019426); Ex. U (NFPA 101, 2006 ed.) at Figure 7.10.6.2.1 at 101-73 (NFPA-PR0019844); Dubay Decl. Ex. A (NFPA 70, 2011 ed.) at Informational Note Figure 505.9(C)(2) at 70-404 (NFPA-PR0017941). | | |
| 66. **Examples:** Of the 23 NFPA standards, 18 include lists of examples or illustrative examples that do not dictate any legal obligations, *e.g.*, a list of examples of mobile homes not intended as a dwelling unit. *See* Dubay Decl. Ex. A (NFPA 70, 2011 ed.) at art. 550.4(A) at 70- 482 (NFPA-PR0018019). These examples appear throughout the text. *See, e.g.*, Supp. Pauley Decl. ¶ 28(e), Ex. A (NFPA 1, 2003 ed.) at ch. 3.3.61.6 at 1-28 (NFPA-PR0013062); Ex. B (NFPA 1, 2006 ed.) at ch. 3.3.163 at 1-37 (NFPA-PR0013552); Ex. D (NFPA 11, 2005 ed.) at ch. 3.3.4 at 11-7 (NFPA-PR0014149); Ex. F (NFPA 13, 2002 ed.) at ch. 8.16.2.4.7.1 at 13-79 (NFPA- PR0014388); Ex. G (NFPA 25, 2002 ed.) at ch. 5.3.3.1 at 25-13 (NFPA-PR0020252; Ex. J (NFPA 58, 2001 ed.) at ch. 2.2.6.3(1) at 58-12 (NFPA-PR0014970); Ex. K (NFPA 58, 2004 ed.) at | Disputed for the reasons addressed above at paragraph 57. The respective federal agency determined that the entire standard was "necessary to understand or comply with [the applicable federal regulation]," and the Director of the Federal Register reviewed and approved the incorporation. Plaintiffs may in their opinion disagree with the assessment of the regulatory agency, but the agency's determination is due deference over NFPA's opinion. | Objection. Plaintiffs object to PRO's reliance on Becker Decl., ¶ 25, Ex. 58 (IBR Handbook). The quoted language does not appear in the exhibit. .<br><br>PRO fails to establish a genuine dispute as to a material fact. PRO has presented a theory of incorporation by reference under which any time a federal agency states that it is incorporating a standard, without specifying a particular portion of the standard, the entire standard becomes binding law. For the reasons explained in Plaintiffs' briefing, PRO has not presented factual support to show that agencies actually operate in this way (let alone that they did so at the time of IBR before the handbook was published). Reply at Part I.A.1.a. And, as Plaintiffs' briefing explains, as a legal matter, this theory of incorporation is irreconcilable with the D.C. Circuit's decision. Reply at Part I.A.1.a.<br><br>PRO has not disputed that the standards contain the identified provisions. |

| Plaintiffs' Statement of Material Facts | Defendant Public Resource's Response | Plaintiffs' Response |
|---|---|---|
| ch. 5.2.8.2(C)(1) at 58-15 (NFPA-PR0015096); Ex. M (NFPA 70, 1999 ed.) at art. 551-73(c) at 70- 419 (NFPA-PR0015685); Ex. N (NFPA 70, 2005 ed.) at art. 352.26 at 70-191 (NFPA- PR0016106); Ex. O (NFPA 70, 2008 ed.) at art. 518.2(A) at 70-443 (NFPA-PR0017139); Ex. P (NFPA 70, 2014 ed.) at art. 551.73(C) at 70-525 (NFPA-PR0098588); Ex. Q (NFPA 72, 2002 ed.) at ch. 3.3.43.19 at 72-17 (NFPA-PR0018437); Ex. R (NFPA 99, 2005 ed.) at ch. 4.3.3.1.2 at 99- 25 (NFPA-PR0018712); Ex. S (NFPA 101, 2000 ed.) at Table 22.3.8 (footnote ‡) at 101-183 (NFPA-PR0019141); Ex. T (NFPA 101, 2003 ed.) at Table 22.3.8 (footnote ‡) at 101-194 (NFPA- PR0019551); Ex. U (NFPA 101, 2006 ed.) at Table 22.4.4.11 (footnote †) at 101-207 (NFPA- PR0019978); Ex. V (NFPA 704, 2007 ed.) at Table 6.2 at 704-8 to 704-9 (NFPA-PR0020220-21); Dubay Decl. Ex. A (NFPA 70, 2011 ed.) at art. 552.47 at 70-508 (NFPA-PR0018045). | | |
| 67. **Informational Annexes:** All 23 of the NFPA standards include informational annexes that come in a variety of forms. Many are purely explanatory, *e.g.*, Annex A "Explanatory Material," which states "Annex A is not a part of the requirements of this NFPA document but is included for informational purposes only. This annex contains explanatory material numbered to | Disputed for the reasons addressed above at paragraph 57. The respective federal agency determined that the entire standard was "necessary to understand or comply with [the applicable federal regulation]," and the Director of the Federal Register reviewed and approved | Objection. Plaintiffs object to PRO's reliance on Becker Decl., ¶ 25, Ex. 58 (IBR Handbook). The quoted language does not appear in the exhibit.<br><br>PRO fails to establish a genuine dispute as to a material fact. PRO has presented a theory of incorporation by reference under which any time a federal agency states that it is incorporating a standard, without specifying a particular portion of the standard, the entire standard becomes binding |

| Plaintiffs' Statement of Material Facts | Defendant Public Resource's Response | Plaintiffs' Response |
|---|---|---|
| correspond with the applicable text paragraphs." Supp. Pauley Decl. Ex. F at Annex A (NFPA 13 (2002 ed.)). Some of these are only binding if *specifically* incorporated by reference, *e.g.*, Annex H "Administration and Enforcement," which states that it is "not a part of the requirements of this NFPA document and is included for informational purposes only . . . unless specifically adopted by the local jurisdiction adopting the National Electric Code®." *Id.* Ex. P at Annex H (NFPA 70 (2014 ed.)). These examples are not unique, all of the standards include informational annexes. Supp. Pauley Decl. ¶ 28(f), Ex. A (NFPA 1, 2003 ed.) at Annexes A-K at 1-320 to 1-449 (NFPA- PR0013354-483); Ex. B (NFPA 1, 2006 ed.) at Annexes A-P at 1-357 to 1-523 (NFPA- PR0013872-4038); Ex. C (NFPA 10, 2002 ed.) at Annexes A-J at 10-17 to 10-53 (NFPA- PR0014089-125); Ex. D (NFPA 11, 2005 ed.) at Annexes A-I at 11-36 to 11-80 (NFPA-PR0014178-222); Ex. E (NFPA 12, 2005 ed.) at Annexes A-H at 12-25 to 12-52 (NFPA- PR0014268-95); Ex. F (NFPA 13, 2002 ed.) at Annexes A-E at 13-198 to 13-315 (NFPA- PR0014507-624); Ex. G (NFPA 25, 2002 ed.) at Annexes A-E at 25-41 to 25-109 (NFPA- PR0020280-348); Ex. H (NFPA 30, 2003 ed.) at Annexes A-H at 30-75 to 30-111 (NFPA- PR0014731-67); Ex. I (NFPA 54, 2006 ed.) at Annexes A-L | the incorporation. Plaintiffs may in their opinion disagree with the assessment of the regulatory agency, but the agency's determination is due deference over NFPA's opinion.<br><br>Disputed to the extent that Plaintiffs assert that certain portions are not binding unless specifically incorporated by reference, when in fact the regulatory agency has specifically said that the entire document (which includes annexes) is incorporated by reference. | law. For the reasons explained in Plaintiffs' briefing, PRO has not presented factual support to show that agencies actually operate in this way (let alone that they did so at the time of IBR before the handbook was published). Reply at Part I.A.1.a. And, as Plaintiffs' briefing explains, as a legal matter, this theory of incorporation is irreconcilable with the D.C. Circuit's decision. Reply at Part I.A.1.a.<br><br>PRO has not disputed that the standards contain the identified provisions.<br><br>PRO offers no support for its claim that regulatory agencies "specifically sa[y] that the entire document (which includes annexes) is incorporated by reference." PRO has not identified any regulation that explicitly states it is incorporating the entire standard (much less that specifically identifies non-binding annexes as incorporated). The regulations it has identified, instead, simply contain an ambiguous reference to a standard, which PRO then uses to draw unsubstantiated inferences about what an agency intends by that reference. |

| Plaintiffs' Statement of Material Facts | Defendant Public Resource's Response | Plaintiffs' Response |
|---|---|---|
| at 54-111 to 54-151 (NFPA- PR0014901-41); Ex. J (NFPA 58, 2001 ed.) at Annexes A-J at 58-78 to 58-97 (NFPA-PR0015036-15055); Ex. K (NFPA 58, 2004 ed.) at Annexes A-K at 58-84 to 58-104 (NFPA-PR0015165-85); Ex. L (NFPA 59, 2004 ed.) at Annexes A-F at 59-31 to 59-40 (NFPA-PR0015246-55); Ex. M (NFPA 70, 1999 ed.) at Appendices A-E at 70-571 to 70-619 (NFPA-PR0015835-881); Ex. N (NFPA 70, 2005 ed.) at Annexes A-G at 70-640 to 70-737 (NFPA-PR0016555-652); Ex. O (NFPA 70, 2008 ed.) at Annexes A-H at 70-686 to 70-784 (NFPA-PR0017382-480); Ex. P (NFPA 70, 2014 ed.) at Annexes A-J at 70-772 to 70-867 (NFPA-PR0098835-930); Ex. Q (NFPA 72, 2002 ed.) at Annexes A-F at 72-111 to 72-227 (NFPA-PR0018531-647); Ex. R (NFPA 99, 2005 ed.) at Annexes A-G at 99-124 to 99-238 (NFPA-PR0018811-925); Ex. S (NFPA 101, 2000 ed.) at Annexes A-B at 101-264 to 101-348 (NFPA-PR0019222-306); Ex. T (NFPA 101, 2003 ed.) at Annexes A-B at 101-276 to 101-359 (NFPA-PR0019633-716); Ex. U (NFPA 101, 2006 ed.) at Annexes A-B at 101-301 to 101-389 (NFPA-PR0020072-160); Ex. V (NFPA 704, 2007 ed.) at Annexes A-G at 704-12 to 704-20 (NFPA-PR0020224-32); Dubay Decl. Ex. A (NFPA 70, 2011 ed.) at Informational Annexes A-I at 70-727 to 70-829 (NFPA-PR0018264-366). | | |

| Plaintiffs’ Statement of Material Facts | Defendant Public Resource’s Response | Plaintiffs’ Response |
| --- | --- | --- |
| 68. **Proposal Forms:** NFPA’s standards also generally include information regarding the proposal and committee process for NFPA standards, as well as proposal forms so the reader can submit suggestions for future editions. This information and forms do not set forth any binding legal obligations. Supp. Pauley Decl. ¶ 28(g). *See, e.g.*, *id.* Ex. A (NFPA 1, 2003 ed.) at NFPA- PR0013508-10; Ex. B (NFPA 1, 2006 ed.) at NFPA-PR0014067-69; Ex. D (NFPA 11, 2005 ed.) at NFPA-PR0014238-40; Ex. E (NFPA 12, 2005 ed.) at NFPA-PR0014304-06; Ex. H (NFPA 30, 2003 ed.) at NFPA-PR0014785-87; Ex. I (NFPA 54, 2006 ed.) at NFPA-PR0014953-55; Ex. K (NFPA 58, 2004 ed.) at NFPA-PR0015210-12; Ex. L (NFPA 59, 2004 ed.) at NFPA-PR0015262- 64; Ex. N (NFPA 70, 2005 ed.) at NFPA-PR0016691-93; Ex. O (NFPA 70, 2008 ed.) at NFPA-PR0017523-34 (and membership information); Ex. P (NFPA 70, 2014 ed.) at NFPA-PR0098986- 89; Ex. R (NFPA 99, 2005 ed.) at NFPA-PR0018953; Ex. T (NFPA 101, 2003 ed.) at NFPA-PR0019766-68; Ex. U (NFPA 101, 2006 ed.) at NFPA-PR0020207-09; Ex. V (NFPA 704, 2007 ed.) at NFPA-PR0020234-36; Dubay Decl. Ex. A (NFPA 70, 2011 ed.) at NFPA-PR0018414-17. PRO has posted | Disputed for the reasons addressed above at paragraph 57. The respective federal agency determined that the entire standard was “necessary to understand or comply with [the applicable federal regulation],” and the Director of the Federal Register reviewed and approved the incorporation. Plaintiffs may in their opinion disagree with the assessment of the regulatory agency, but the agency’s determination is due deference over NFPA’s opinion. | Objection. Plaintiffs object to PRO’s reliance on Becker Decl., ¶ 25, Ex. 58 (IBR Handbook). The quoted language does not appear in the exhibit.<br><br>PRO fails to establish a genuine dispute as to a material fact. PRO has presented a theory of incorporation by reference under which any time a federal agency states that it is incorporating a standard, without specifying a particular portion of the standard, the entire standard becomes binding law. For the reasons explained in Plaintiffs’ briefing, PRO has not presented factual support to show that agencies actually operate in this way (let alone that they did so at the time of IBR before the handbook was published). Reply at Part I.A.1.a. And, as Plaintiffs’ briefing explains, as a legal matter, this theory of incorporation is irreconcilable with the D.C. Circuit’s decision. Reply at Part I.A.1.a.<br><br>PRO has not disputed that the standards contain the identified provisions. |

| Plaintiffs' Statement of Material Facts | Defendant Public Resource's Response | Plaintiffs' Response |
|---|---|---|
| these forms as well. *See* Wise Decl. ¶ 173, Ex. 172. | | |
| 69. Many standards incorporate other standards by reference, which may in turn reference other standards. Supp. Pauley Decl. Ex. B (NFPA 1, 2006 ed.) at ch. 5.3.4 at 1-49 (NFPA-PR0013562) (providing that certain structures must comply with provisions in NFPA 101); Ex. U (NFPA 101, 2006 ed.) at ch. 9.1.2 at 101-84 (NFPA-PRO0019855) (dictating that "[e]lectrical wiring and equipment shall [generally] be in accordance with NFPA 70, *National Electrical Code*"). | Not material. The incorporation of one standard by another standard is not before this Court. | There is no factual dispute. PRO has not disputed the accuracy of the statement. |
| ASHRAE Standards (and Portions Thereof) That Do Not Impose Legal Duties | Disputed for the reasons addressed below in paragraph 70. | For the reasons stated below, PRO fails to establish a genuine dispute as to a material fact |
| 70. All 3 of ASHRAE's standards at issue, which are three different versions of ASHRAE Standard 90.1, include large portions of the text that are not necessary for compliance with the standard and therefore do not set forth any binding legal obligation in instances where the standard is incorporated by reference. These portions include the following: | Disputed. Each standard that Public Resource posts is incorporated into law in its entirety. The Office of the Federal Register instructs that material should only be incorporated by reference into law "[i]f the material is necessary to understand or comply with the regulation." IBR Handbook at p. 2 (citing 5 U.S.C. § 552(a)). The decision as to what material to incorporate by reference, | PRO fails to establish a genuine dispute as to a material fact. PRO has not disputed that the standards contain the identified provisions.<br><br>PRO has presented a theory of incorporation by reference under which any time a federal agency states that it is incorporating a standard, without specifying a particular portion of the standard, the entire standard becomes binding law. For the reasons explained in Plaintiffs' briefing, PRO has not presented factual support to show that agencies actually operate in this way. Reply at Part I.A.1.a. And, as Plaintiffs' briefing explains, as a legal matter, this theory of incorporation is irreconcilable with the D.C. Circuit's decision. *ASTM II*, |

| Plaintiffs' Statement of Material Facts | Defendant Public Resource's Response | Plaintiffs' Response |
|---|---|---|
| | including the decision as to whether to incorporate an entire document or just part of a document, is a decision made by the regulatory agency. That regulatory agency's decision must be given deference over any possible quibble Plaintiffs might have as to whether a portion of an incorporated document is absolutely necessary to understand or comply with the regulation. After the regulatory agency determines what material to propose for incorporation into law, the Director of the Federal Register then reviews the proposed incorporation, and either approves or denies the incorporation. Public Resource therefore only posted material that federal agencies had determined was "necessary to understand or comply with [federal regulations]." (IBR Handbook) at p. 2 (citing 5 U.S.C. § 552(a)). | 896 F.3d at 450 ("[W]here knowing the content of an incorporated standard might help inform one's understanding of the law but is not essential to complying with any legal duty, the nature of PRO's use might be less transformative and its wholesale copying, in turn, less justified. For instance, ASHRAE Standard 90.1 provides important context for assessing provisions of state commercial building codes regarding energy efficiency. At the same time, unless a particular provision of Standard 90.1 has been incorporated into state building codes, PRO's claim that a paraphrase or summary would always be inadequate to serve its purposes seems less persuasive." (internal citations omitted)); *see also* Reply at Part I.A.1.a.<br><br>Objection. Plaintiffs object to PRO's reliance on Becker Decl., ¶ 25, Ex. 58 (IBR Handbook). The quoted language does not appear in the exhibit. |
| 71. **Foreword:** All 3 of the ASHRAE standards include a foreword, which does not set forth any binding legal obligations. In fact, the forewords open by stating "[t]his foreword is not part of this standard. It is | Disputed for the reasons addressed above at paragraph 70. The respective federal agency determined that the entire standard was "necessary to | PRO fails to establish a genuine dispute as to a material fact. PRO has not disputed that the standards contain the identified provisions.<br><br>PRO has presented a theory of incorporation by reference |

| Plaintiffs' Statement of Material Facts | Defendant Public Resource's Response | Plaintiffs' Response |
|---|---|---|
| merely informative and does not contain requirements necessary for conformance to the standard." The forewords go on to provide, *inter alia*, historical information about the development of the Standard over time. Declaration of Steve Comstock, previously filed at Dkt. 155-5, ("Comstock Decl.") ¶ 7, Ex. 1 (ASHRAE 90.1-2004) at 4; Supplemental Declaration of Stephanie Reiniche ("Supp. Reiniche Decl.") ¶ 2, Ex. 1 (ASHRAE 90.1-2007) at 6, and Ex. 2 (ASHRAE 90.1-2010) at 6. | understand or comply with [the applicable federal regulation]," and the Director of the Federal Register reviewed and approved the incorporation. Plaintiffs may in their opinion disagree with the assessment of the regulatory agency, but the agency's determination is due deference over ASHRAE's opinion. | under which any time a federal agency states that it is incorporating a standard, without specifying a particular portion of the standard, the entire standard becomes binding law. For the reasons explained in Plaintiffs' briefing, PRO has not presented factual support to show that agencies actually operate in this way. Reply at Part I.A.1.a. And, as Plaintiffs' briefing explains, as a legal matter, this theory of incorporation is irreconcilable with the D.C. Circuit's decision. *ASTM II*, 896 F.3d at 450 ("[W]here knowing the content of an incorporated standard might help inform one's understanding of the law but is not essential to complying with any legal duty, the nature of PRO's use might be less transformative and its wholesale copying, in turn, less justified. For instance, ASHRAE Standard 90.1 provides important context for assessing provisions of state commercial building codes regarding energy efficiency. At the same time, unless a particular provision of Standard 90.1 has been incorporated into state building codes, PRO's claim that a paraphrase or summary would always be inadequate to serve its purposes seems less persuasive." (internal citations omitted)); *see also* Reply at Part I.A.1.a.<br><br>Objection. Plaintiffs object to PRO's reliance on Becker Decl., ¶ 25, Ex. 58 (IBR Handbook). The quoted language does not appear in the exhibit. |
| 72. **"Informative Appendix E":** All 3 of the ASHRAE standards include what the standards refer to as "Informative Appendix E." The appendix opens with a disclaimer stating: "This appendix is not part of this | Disputed for the reasons addressed above at paragraph 70. The respective federal agency determined that the entire standard was "necessary to | PRO fails to establish a genuine dispute as to a material fact. PRO has not disputed that the standards contain the identified provisions.<br><br>PRO has presented a theory of incorporation by reference |

| Plaintiffs' Statement of Material Facts | Defendant Public Resource's Response | Plaintiffs' Response |
|---|---|---|
| standard. It is merely informative and does not contain requirements necessary for conformance to the standard." The appendix contains a variety of general information, including contact information for certain trade associations that operate in industries related to the standard. Comstock Decl. ¶ 7, Ex. 1 (ASHRAE 90.1-2004 at 165-66); Supp. Reiniche Decl. ¶ 2, Ex. 1 (ASHRAE 90.1-2007) at 170-71, and Ex. 2 (ASHRAE 90.1-2010) at 201-02. | understand or comply with [the applicable federal regulation]," and the Director of the Federal Register reviewed and approved the incorporation. Plaintiffs may in their opinion disagree with the assessment of the regulatory agency, but the agency's determination is due deference over ASHRAE's opinion. | under which any time a federal agency states that it is incorporating a standard, without specifying a particular portion of the standard, the entire standard becomes binding law. For the reasons explained in Plaintiffs' briefing, PRO has not presented factual support to show that agencies actually operate in this way. Reply at Part I.A.1.a. And, as Plaintiffs' briefing explains, as a legal matter, this theory of incorporation is irreconcilable with the D.C. Circuit's decision. *ASTM II*, 896 F.3d at 450 ("[W]here knowing the content of an incorporated standard might help inform one's understanding of the law but is not essential to complying with any legal duty, the nature of PRO's use might be less transformative and its wholesale copying, in turn, less justified. For instance, ASHRAE Standard 90.1 provides important context for assessing provisions of state commercial building codes regarding energy efficiency. At the same time, unless a particular provision of Standard 90.1 has been incorporated into state building codes, PRO's claim that a paraphrase or summary would always be inadequate to serve its purposes seems less persuasive." (internal citations omitted)); *see also* Reply at Part I.A.1.a.<br><br>Objection. Plaintiffs object to PRO's reliance on Becker Decl., ¶ 25, Ex. 58 (IBR Handbook). The quoted language does not appear in the exhibit. |
| 73. **"Informative Appendix F":** All 3 of the ASHRAE standards include what the standards refer to as "Informative Appendix F." The appendix opens with a disclaimer stating: "This appendix is not part of this | Disputed for the reasons addressed above at paragraph 70. The respective federal agency determined that the entire standard was "necessary to | PRO fails to establish a genuine dispute as to a material fact. PRO has not disputed that the standards contain the identified provisions.<br><br>PRO has presented a theory of incorporation by reference |

| Plaintiffs' Statement of Material Facts | Defendant Public Resource's Response | Plaintiffs' Response |
|---|---|---|
| standard. It is merely informative and does not contain requirements necessary for conformance to the standard." The appendix contains a log tracking changes to the standard over time. Comstock Decl. ¶ 7, Ex. 1 (ASHRAE 90.1-2004) at 167-69; Supp. Reiniche Decl. ¶ 2, Ex. 1 (ASHRAE 90.1-2007) at 172-75, and Ex. 2 (ASHRAE 90.1-2010) at 203-10. | understand or comply with [the applicable federal regulation]," and the Director of the Federal Register reviewed and approved the incorporation. Plaintiffs may in their opinion disagree with the assessment of the regulatory agency, but the agency's determination is due deference over ASHRAE's opinion. | under which any time a federal agency states that it is incorporating a standard, without specifying a particular portion of the standard, the entire standard becomes binding law. For the reasons explained in Plaintiffs' briefing, PRO has not presented factual support to show that agencies actually operate in this way. Reply at Part I.A.1.a. And, as Plaintiffs' briefing explains, as a legal matter, this theory of incorporation is irreconcilable with the D.C. Circuit's decision. *ASTM II*, 896 F.3d at 450 ("[W]here knowing the content of an incorporated standard might help inform one's understanding of the law but is not essential to complying with any legal duty, the nature of PRO's use might be less transformative and its wholesale copying, in turn, less justified. For instance, ASHRAE Standard 90.1 provides important context for assessing provisions of state commercial building codes regarding energy efficiency. At the same time, unless a particular provision of Standard 90.1 has been incorporated into state building codes, PRO's claim that a paraphrase or summary would always be inadequate to serve its purposes seems less persuasive." (internal citations omitted)); *see also* Reply at Part I.A.1.a.<br><br>Objection. Plaintiffs object to PRO's reliance on Becker Decl., ¶ 25, Ex. 58 (IBR Handbook). The quoted language does not appear in the exhibit. |
| 74. **"Informative Appendix G":** Two of the ASHRAE standards include what the standards refer to as "Informative Appendix G." The appendix opens with a disclaimer stating: "This appendix is not part of this | Disputed for the reasons addressed above at paragraph 70. The respective federal agency determined that the entire standard was "necessary to | PRO fails to establish a genuine dispute as to a material fact. PRO has not disputed that the standards contain the identified provisions.<br><br>PRO has presented a theory of incorporation by reference |

| Plaintiffs' Statement of Material Facts | Defendant Public Resource's Response | Plaintiffs' Response |
|---|---|---|
| standard. It is merely informative and does not contain requirements necessary for conformance to the standard." The appendix contains general information on multiple different ways to track energy efficiency with regard to different aspects of building construction. Comstock Decl. ¶ 7, Ex. 1 (ASHRAE 90.1-2004) at 168-80; Supp. Reiniche Decl. ¶ 2, Ex. 1 (ASHRAE 90.1-2007) at 175-185. | understand or comply with [the applicable federal regulation]," and the Director of the Federal Register reviewed and approved the incorporation. Plaintiffs may in their opinion disagree with the assessment of the regulatory agency, but the agency's determination is due deference over ASHRAE's opinion. | under which any time a federal agency states that it is incorporating a standard, without specifying a particular portion of the standard, the entire standard becomes binding law. For the reasons explained in Plaintiffs' briefing, PRO has not presented factual support to show that agencies actually operate in this way. Reply at Part I.A.1.a. And, as Plaintiffs' briefing explains, as a legal matter, this theory of incorporation is irreconcilable with the D.C. Circuit's decision. *ASTM II*, 896 F.3d at 450 ("[W]here knowing the content of an incorporated standard might help inform one's understanding of the law but is not essential to complying with any legal duty, the nature of PRO's use might be less transformative and its wholesale copying, in turn, less justified. For instance, ASHRAE Standard 90.1 provides important context for assessing provisions of state commercial building codes regarding energy efficiency. At the same time, unless a particular provision of Standard 90.1 has been incorporated into state building codes, PRO's claim that a paraphrase or summary would always be inadequate to serve its purposes seems less persuasive." (internal citations omitted)); *see also* Reply at Part I.A.1.a.<br><br>Objection. Plaintiffs object to PRO's reliance on Becker Decl., ¶ 25, Ex. 58 (IBR Handbook). The quoted language does not appear in the exhibit. |
| 75. **Appendix B and D—Non-U.S. Data in Accompanying Tables:** All 3 of the ASHRAE standards include an Appendix B and an Appendix D. The appendices include tables on general climate data for the United | Disputed for the reasons addressed above at paragraph 70. The respective federal agency determined that the entire standard was "necessary to | PRO fails to establish a genuine dispute as to a material fact. PRO has not disputed that the standards contain the identified provisions.<br><br>PRO has presented a theory of incorporation by reference |

| Plaintiffs' Statement of Material Facts | Defendant Public Resource's Response | Plaintiffs' Response |
| --- | --- | --- |
| States, Canada, and various foreign countries. Comstock Decl. ¶ 7, Ex. 1 (ASHRAE 90.1-2004) at 110-21, 131-64; Supp. Reiniche Decl. ¶ 2, Ex. 1 (ASHRAE 90.1-2007) at 114-16 and 148-69, and Ex. 2 (ASHRAE 90.1-2010) at 144-46 and 179- While data about the United States climate may be helpful to a reader for purposes of understanding and applying the standards, the data on foreign climates would not be necessary for compliance with the standard within the United States. | understand or comply with [the applicable federal regulation]," and the Director of the Federal Register reviewed and approved the incorporation. Plaintiffs may in their opinion disagree with the assessment of the regulatory agency, but the agency's determination is due deference over ASHRAE's opinion. | under which any time a federal agency states that it is incorporating a standard, without specifying a particular portion of the standard, the entire standard becomes binding law. For the reasons explained in Plaintiffs' briefing, PRO has not presented factual support to show that agencies actually operate in this way. Reply at Part I.A.1.a. And, as Plaintiffs' briefing explains, as a legal matter, this theory of incorporation is irreconcilable with the D.C. Circuit's decision. *ASTM II*, 896 F.3d at 450 ("[W]here knowing the content of an incorporated standard might help inform one's understanding of the law but is not essential to complying with any legal duty, the nature of PRO's use might be less transformative and its wholesale copying, in turn, less justified. For instance, ASHRAE Standard 90.1 provides important context for assessing provisions of state commercial building codes regarding energy efficiency. At the same time, unless a particular provision of Standard 90.1 has been incorporated into state building codes, PRO's claim that a paraphrase or summary would always be inadequate to serve its purposes seems less persuasive." (internal citations omitted)); *see also* Reply at Part I.A.1.a.<br><br>Objection. Plaintiffs object to PRO's reliance on Becker Decl., ¶ 25, Ex. 58 (IBR Handbook). The quoted language does not appear in the exhibit. |
| 76. **Informational Notes and Policy Statements:** All 3 ASHRAE standards also include informational notes that have nothing to do with requirements to comply with the standards. These include | Disputed for the reasons addressed above at paragraph 70. The respective federal agency determined that the entire standard was "necessary to | PRO fails to establish a genuine dispute as to a material fact. PRO has not disputed that the standards contain the identified provisions.<br><br>PRO has presented a theory of incorporation by reference |

| Plaintiffs' Statement of Material Facts | Defendant Public Resource's Response | Plaintiffs' Response |
|---|---|---|
| "Instructions For Submitting a Proposed Change to the Standard," a form for submitting proposed changes, instructions for electronic submission of comments, a brief description of the ASHRAE organization, and a "Policy Statement" laying out ASHRAE's general position and goals concerning the environmental impact of its activities. Comstock Decl. ¶ 7, Ex. 1 (ASHRAE 90.1-2004) at 181-89; Supp. Reiniche Decl. ¶ 2, Ex. 1 (ASHRAE 90.1-2007) at 189- 92, and Ex. 2 (ASHRAE 90.1-2010) at 225-28. | understand or comply with [the applicable federal regulation]," and the Director of the Federal Register reviewed and approved the incorporation. Plaintiffs may in their opinion disagree with the assessment of the regulatory agency, but the agency's determination is due deference over ASHRAE's opinion. | under which any time a federal agency states that it is incorporating a standard, without specifying a particular portion of the standard, the entire standard becomes binding law. For the reasons explained in Plaintiffs' briefing, PRO has not presented factual support to show that agencies actually operate in this way. Reply at Part I.A.1.a. And, as Plaintiffs' briefing explains, as a legal matter, this theory of incorporation is irreconcilable with the D.C. Circuit's decision. *ASTM II*, 896 F.3d at 450 ("[W]here knowing the content of an incorporated standard might help inform one's understanding of the law but is not essential to complying with any legal duty, the nature of PRO's use might be less transformative and its wholesale copying, in turn, less justified. For instance, ASHRAE Standard 90.1 provides important context for assessing provisions of state commercial building codes regarding energy efficiency. At the same time, unless a particular provision of Standard 90.1 has been incorporated into state building codes, PRO's claim that a paraphrase or summary would always be inadequate to serve its purposes seems less persuasive." (internal citations omitted)); *see also* Reply at Part I.A.1.a. |
| **IV. PRO's Conduct Harms Plaintiffs' Actual And Potential Markets; And An Injunction Is Necessary**<br>**A. Plaintiffs Distribute Their Standards, Provide Free Read-Only Access, And Other Informational Resources** | Disputed for the reasons addressed below. | PRO fails to establish a genuine dispute as to a material fact for the reasons addressed below. |

| Plaintiffs' Statement of Material Facts | Defendant Public Resource's Response | Plaintiffs' Response |
| --- | --- | --- |
| Plaintiffs' Sales, Licensing, and Derivative Works | | |
| 77. Plaintiffs sell their standards, including the Works, in a variety of formats and for a reasonable cost to industry professionals and tradespeople (and the companies and organizations for which they work) who then use these standards in the course of their business. Supp. Pauley Decl. ¶¶ 34, 43; Reiniche Decl., ¶¶ 17-18; James Thomas Decl. ¶¶ 45-48; *see also* Pauley Decl. ¶ 13; Declaration of James Golinveaux, filed at Dkt. 118-5 ("Golinveaux Decl.") ¶ 10. | Disputed to the extent that Plaintiffs imply they have copyright ownership of the standards at issue that have been made law, and disputed to the extent that Plaintiffs imply that there is any reasonable price for access to the law. | There is no factual dispute. PRO has raised a legal challenge to Plaintiffs' ownership of the copyrights. For the reasons explained in Plaintiffs' briefing, that challenge is meritless. Pls. Mem. 10-12; Reply at Part I.B. For the reasons explained in Plaintiffs' briefing, Plaintiffs standards are not "the law." Pls. Mem. 16-24; Reply at Part I.A.1.a. |
| 78. Plaintiffs' sell their standards individually for prices that range from $25 to $200, or as a part of a membership or subscription. Rubel Decl. ¶ 4, Ex. 1 (Jarosz Rep. ¶¶ 84 (ASTM), 92 (NFPA), 99 (ASHRAE). | | Undisputed. |
| 79. Plaintiffs depend on the sale of standards to fuel their overall mission-driving work. The vast majority of that revenue is from the sale of codes and standards, including those that have been incorporated by reference and posted by PRO. Supp. Pauley Decl. ¶ 33; Supp. Reiniche Decl. ¶ 4; James Thomas Decl. ¶¶ | Disputed and immaterial. The vast majority of standards that Plaintiffs publish are not incorporated into law and are not at issue. Plaintiffs do not identify how much of their revenue comes from outdated or withdrawn standards, such as every standard at issue in this litigation. The | There is no factual dispute. PRO has not disputed the accuracy of the statement.<br><br>PRO has not offered any support for its assertions that the "vast majority" of Plaintiffs' standards have not been incorporated; that the majority of revenue generated from a standard comes from its first year or two on the market; or that ASHRAE gets "very little" revenue from the sale of standards. |

| Plaintiffs' Statement of Material Facts | Defendant Public Resource's Response | Plaintiffs' Response |
| --- | --- | --- |
| 37-38; Rubel Decl. ¶ 4, Ex. 1 (Jarosz Rep. ¶¶ 107-08). | majority of Plaintiffs' revenue from standards comes from the first year or two that a standard is on the market, meaning standards that are incorporated into the law do not produce much revenue for Plaintiffs because they are typically outdated. ASHRAE gets very little of its revenue from the sale of standards compared to other sources of revenue. | The fact is material to Plaintiffs' argument that "unrestricted and widespread conduct of the sort engaged in by [PRO] . . . would result in a substantially adverse impact on the potential market" for Plaintiffs' standards and derivative works. Pls. Mem. 25-26 (citation omitted). As Plaintiffs' briefing explains, even if PRO limited its activities to posting out-of-date standards, the undisputed evidence shows that those activities would harm the market for the current versions of the same standards. Pls. Mem. 29-30; Reply at Part I.A.4. |
| 80. ASTM sells its standards in books and as individual standards. Wise Decl. ¶¶ 158-161, Exs. 157-160. ASTM derives revenue from not only the initial publication of a given standard but also from revised, reapproved, and reissued versions of standards. *Id.* | Disputed and Immaterial to the extent that ASTM implies it obtains much revenue from reapproved or reissued versions of standards, compared to the first two years after the initial publication of standards and revised standards. Disputed also to the extent that Plaintiffs' general statement concerns the majority of standards that are not incorporated by reference into law and therefore not at issue in this litigation. | PRO fails to establish a genuine dispute as to a material fact. PRO cites to no record evidence in support of its assertion. *Hedgeye Risk Mgmt.*, 2019 WL 4750243, at *4. PRO has not disputed the accuracy of the statement.<br><br>PRO's purported dispute is one of relevance. Plaintiffs' statement applies with equal force to the standards at issue. PRO has not offered any support for its assertion that the majority of Plaintiffs' standards have not been incorporated. |
| 81. For example, B580 issued in 1979 has been reapproved and reissued in its original form every five years since 1979. Wise Decl. ¶ 160, Ex. 159. This standard originally appeared in ASTM's Annual | | Undisputed. |

| Plaintiffs' Statement of Material Facts | Defendant Public Resource's Response | Plaintiffs' Response |
| --- | --- | --- |
| Book of ASTM Standards in 1980. Wise Decl. ¶ 9, Ex. 8. The latest version of this standard still appears in ASTM's 2019 Annual Book of ASTM Standards. Wise Decl. ¶ 156, Ex. 155; Wise Decl. ¶ 161, Ex. 160, at ASTM103529, Section 02 Volume 05; Wise Decl. ¶ 159, Ex. 158 at ASTM103291, Section 02 Volume 05. | | |
| 82. NFPA also earns significant revenue from licensing its standards to other companies and organizations to use in their products and services, for example, derivative works like checklists based on the standards. Supp. Pauley Decl. ¶ 36. | Disputed and Immaterial to the extent that Plaintiffs' general statement concerns the majority of standards that are not incorporated by reference into law and therefore not at issue in this litigation. | There is no factual dispute. PRO has not disputed the accuracy of the statement.<br><br>PRO's purported dispute is one of relevance. Plaintiffs' statement applies with equal force to the standards at issue. PRO has not offered any support for its assertion that the majority of Plaintiffs' standards have not been incorporated. |
| 83. Plaintiffs' revenue from complementary and downstream products and services like e-learning and in person training courses and other derivative works is also dependent on their copyrights in their standards because they market these products as including copies of the published material. James S. Thomas Decl. ¶¶ 4, 5-9; Rubel Decl. ¶ 4, Ex. 1 (Jarosz Rep. ¶¶ 109- 11, 145). | Disputed and Immaterial to the extent that Plaintiffs' general statement concerns the majority of standards that are not incorporated by reference into law and therefore not at issue in this litigation. Also Disputed to the extent that Public Resource does not challenge Plaintiffs' ability to include copies of standards along other products and services, and Plaintiffs have no evidence that they would not be able to sell products and services like these if Public | PRO fails to establish a genuine dispute as to a material fact. PRO cites to no record evidence in support of its assertion. *Hedgeye Risk Mgmt.*, 2019 WL 4750243, at *4.<br><br>PRO's purported dispute regarding this statement being "general" is one of relevance. Plaintiffs' statement applies with equal force to the standards at issue. PRO has not offered any support for its assertion that the majority of Plaintiffs' standards have not been incorporated.<br><br>Mr. Jarosz's unrebutted expert opinion is that Plaintiffs have a competitive advantage with regard to ancillary products and services because of their ability to provide copies of copyrighted materials in connection with such products and services, that this ability is "a significant driver" of their sales |

| Plaintiffs' Statement of Material Facts | Defendant Public Resource's Response | Plaintiffs' Response |
|---|---|---|
| | Resource's activities are deemed a fair use. | of such products and services, and that Plaintiffs would lose this competitive advantage without copyright in the standards. Rubel Decl. ¶ 4, Ex. 1 (Jarosz Rep. ¶¶ 109, 146)). PRO's conjecture as to a source of Plaintiffs' competitive advantage is neither in conflict with Mr. Jarosz's expert opinion nor supported by any evidence. |
| 84. As the copyright owners, Plaintiffs' ability to include its standards as reference material for these training courses gives them a competitive advantage over competitors, such as third-party training programs. James S. Thomas Decl. ¶ 10. This advantage is "a significant driver" of these sources of revenue "is the provision of the protected publications in, for example, trainings and seminars." Rubel Decl. ¶ 4, Ex. 1 (Jarosz Rep. ¶ 146)). | Disputed and Immaterial. Plaintiffs have a competitive advantage over other companies and organizations because they are the official publishers of the standards at issue, and industry members look to them as authorities. | PRO fails to establish a genuine dispute as to a material fact. PRO cites to no record evidence in support of its assertion. *Hedgeye Risk Mgmt.*, 2019 WL 4750243, at *4.<br><br>Mr. Jarosz's unrebutted expert opinion is that Plaintiffs have a competitive advantage with regard to ancillary products and services because of their ability to provide copies of copyrighted materials in connection with such products and services, that this ability is "a significant driver" of their sales of such products and services, and that Plaintiffs would lose this competitive advantage without copyright in the standards. Rubel Decl. ¶ 4, Ex. 1 (Jarosz Rep. ¶¶ 109, 146)). PRO's conjecture as to a source of Plaintiffs' competitive advantage is neither in conflict with Mr. Jarosz's expert opinion nor supported by any evidence. |
| 85. Plaintiffs also provide read-only access to the Works—excluding certain of the Works that are simply not incorporated by reference as claimed by PRO—on their websites, and sometimes linked through other websites, such as local and state government websites. This is provided at no cost to the user. Supp. Pauley Decl. ¶¶ 40-41, 44; Reiniche Decl., ¶ 19; O'Brien Decl. ¶ 60; Wise Decl. ¶ 157, Ex. 156. | Disputed to the extent that Plaintiffs do not offer read-only access to all standards that Plaintiffs publish that are incorporated into law. Also disputed that the read-only access is provided at no cost to the user. Although a user does not have an immediate monetary cost, the user must register, provide | PRO fails to establish a genuine dispute as to a material fact. PRO cites to no record evidence in support of its assertion. *Hedgeye Risk Mgmt.*, 2019 WL 4750243, at *4.<br><br>PRO has not disputed the accuracy of the statement, nor has PRO identified any Work that has been incorporated by reference that is not available in Plaintiffs' reading rooms.<br><br>PRO's dispute as to whether Plaintiffs' registration processes impose certain restrictions is not material. |

| Plaintiffs' Statement of Material Facts | Defendant Public Resource's Response | Plaintiffs' Response |
|---|---|---|
| | personal details and contact information that is then used for marketing solicitations, and agree to adhesive contract terms that include forum selection and waiver of rights, simply so the user can read the law (but not copy and speak the law, which is still prohibited). | |
| 86. Plaintiffs' provision of free read-only access to and other resources for researching their standards serves Plaintiffs' overall missions by providing a resource for individuals to educate themselves as to the contents of standards, including standards that have been incorporated by reference. Supp. Pauley Decl. ¶ 43, 45; Supp. Reiniche Decl. ¶ 3; Declaration of James S. Thomas, dated October 4, 2019, filed concurrently herewith, ("James S. Thomas Decl.") ¶ 12. | | Undisputed. |
| 87. Plaintiffs' provision of free read-only access and research tools also benefits the public, because they can be sure of the authenticity and accuracy of the copy of the standard they are reading. Supp. Reiniche Decl. ¶ 3; O'Brien Decl. ¶¶ 52-53; Supp. Pauley Decl. ¶39. | Disputed to the extent that Plaintiffs' purpose in setting up the read-only environments was to create an argumentative tool for influencing policymakers and the Court, not to provide the public with a readily usable, easy to navigate means of reading the law. SSSMF ¶ 39. | There is no factual dispute. PRO has not disputed the accuracy of the statement.<br><br>Plaintiffs have presented evidence that they provide read-only access in furtherance of their educational missions and to ensure public access to standards. Supp. Pauley Decl. ¶ 43, 45; Supp. Reiniche Decl. ¶ 3; James S. Thomas Decl. ¶ 12. PRO's assertions about Plaintiffs' purpose in setting up their reading rooms has no support. Plaintiffs incorporate their response to Paragraph 39 of Plaintiffs' Disputed Facts Response as if set |

| Plaintiffs' Statement of Material Facts | Defendant Public Resource's Response | Plaintiffs' Response |
|---|---|---|
| | | forth in full. |
| 88. Although industry professionals and tradespeople who purchase Plaintiffs' standards to use in the course of their work might reference Plaintiffs' free access websites, the carefully controlled read-only environment do not provide a substitute for purchasing a copy of the Works. James S. Thomas Decl. ¶ 14; Supp. Pauley Decl. ¶ 45. Rather, Plaintiffs' online copies serve those "parties that are interested in or affected by [Plaintiffs' standards], but who do not necessarily need a digital or hardcopy of the standards." Rubel Decl. ¶ 4, Ex. 1 (Jarosz Rep. ¶ 86). | Disputed. Plaintiffs' read-only environments do not fully serve the needs of people who are interested in and affected by the standards, including those who are subject to the standards as laws and who are interested in better understanding and engaging in the laws by which their government and other entities operate. Plaintiffs' reading rooms are user-unfriendly and deliberately subject users to a user interface that is unwieldy, particularly for lengthy documents such as 800-plus page standards. Plaintiffs' purpose in setting up the read-only environments was to create an argumentative tool for influencing policymakers and the Court, not to actually provide the public with a readily usable, easy to navigate means of reading the law. SSSMF ¶ 39. | There is no factual dispute. It is undisputed that people who are interested in and affected by the standards can read any of the Works on Plaintiffs' free access websites without any monetary cost. PRO has presented no evidence that any individual seeking to access the Works has had difficulty using Plaintiffs' reading rooms. PRO raises a legal argument that members of the public must be able to access and interact with the standards in different ways than Plaintiffs offer them—*e.g.*, that members of the public must be able to copy and paste the standards or view them without registering for Plaintiffs' reading rooms. For the reasons explained in Plaintiffs' briefing, that argument is meritless. Reply at Part I.A.1.b.<br><br>Plaintiffs have presented evidence that they provide read-only access in furtherance of their educational missions and to ensure public access to standards. Supp. Pauley Decl. ¶ 43, 45; Supp. Reiniche Decl. ¶ 3; James S. Thomas Decl. ¶ 12. PRO's assertions about Plaintiffs' purpose in setting up their reading rooms has no support. Plaintiffs incorporate their response to Paragraph 39 of Plaintiffs' Disputed Facts Response as if set forth in full. |
| 89. Plaintiffs are not harmed by the provision of these free access websites because the users who visit them engage | Disputed. Only NFPA has provided an analysis of the effect of the reading room on its sales, | PRO fails to establish a genuine dispute as to a material fact. PRO does not dispute that reading room users engage with other products and services or that read-only format prevents unauthorized distribution. PRO has not offered any support |

| Plaintiffs' Statement of Material Facts | Defendant Public Resource's Response | Plaintiffs' Response |
|---|---|---|
| with their other products and services in furtherance of Plaintiffs' overall missions and because the read-only format prevents unauthorized distribution. Supp. Pauley Decl. ¶ 45; Supp. Reiniche Decl. ¶ 4; James S. Thomas Decl. ¶ 15. | and that analysis is outdated. If Plaintiffs' sales are not cannibalized by their reading rooms, it is because the reading rooms are user-unfriendly and hardly usable due to the deliberately poor user-interface design, and restrictions on users' ability to interact with the law that is posted there. Additionally, Plaintiffs' statement that users "engage with [Plaintiffs'] other product and services" corresponds to the fact that Plaintiffs use the personal information of users obtained through their registration for the reading room, in order to send marketing communications to them without their consent. SSSMF ¶ 39. | for its assertion that the reading rooms do not cannibalize sales because of their user-interface and design. Plaintiffs incorporate their response to Paragraph 39 of Plaintiffs' Disputed Facts Response as if set forth in full. |
| 90. NFPA has also developed additional resources for researching that consolidate information regarding the jurisdictions that have incorporated NFPA's standards by reference into local, state, or federal laws or regulations. These resources include the NEC Adoptions Map and CodeFinder™, which serves the "purpose of creating general public awareness of some of the jurisdictions where [AHJs] may require the | Disputed. The evidence does not establish the fact, and a review of the sites to which NFPA refers provide only a marketing benefit to NFPA without any substantial public benefit. | PRO fails to establish a genuine dispute as to a material fact. This statement is supported by the declaration of James T. Pauley, President and Chief Executive Officer of NFPA. Mr. Pauley explained that the NFPA has "devoted resources to researching and consolidating information" regarding jurisdictions that have incorporated NFPA standards, and that the NEC Adoptions Map and CodeFinder™ are two websites that offer this information. Supp. Pauley Decl. ¶¶ 46-47. PRO points to no evidence that contradicts the statement of Mr. Pauley. |

| Plaintiffs' Statement of Material Facts | Defendant Public Resource's Response | Plaintiffs' Response |
|---|---|---|
| use of NFPA codes and/or standards." Supp. Pauley Decl. ¶¶ 46-47. | | |
| **B. PRO's Posting Of Its Versions Of Plaintiffs' Works Online Is Substitutional And Harmful**<br>PRO's Conduct Threatens Plaintiffs' Actual and Derivative Markets | Disputed. Plaintiff have no evidence of harm, and their claim that Public Resource's activities "threaten" the market for their works and derivative works lacks credibility considering that Plaintiffs have not adduced evidence of harm eleven years after Public Resource first posted one of the standards at issue. SSSMF ¶ 133-165. | PRO fails to establish a genuine dispute as to a material fact. Plaintiffs submitted an expert report detailing how PRO's activities threaten the market for Plaintiffs' standards and derivative works. Rubel Decl. ¶ 4, Ex. 1 (Jarosz Rep.). PRO has not offered any expert opinion of its own, nor has it provided anything other than unsupported speculation to contradict the analysis in that report or Mr. Jarosz's bottom-line opinion. The fact that it is challenging to pinpoint precise market effects from PRO's activities does not go to show that PRO's activities are not having these market effects, nor does it go to show—as is the legally relevant question—that "unrestricted and widespread conduct of the sort engaged in by [PRO]" would not have these effects. Pls. Mem. 25-26. |
| 91. The expert report of John Jarosz concluded that PRO's activities would threaten the market both for Plaintiffs' standards and for derivative works, including future standards, trainings and seminars. Rubel Decl. ¶ 4, Ex. 1 (Jarosz Rep. ¶¶ 85, 92, 100, 130-49). | Disputed to the extent that Plaintiffs' expert John Jarosz predicted that Plaintiffs would be harmed, yet over four years later Plaintiffs still have no evidence of harm. Also disputed to the extent that Mr. Jarosz' claims were not based on credible evidence, but were instead merely parroted the self-serving claims of Plaintiffs' executives in a manner that attempted to dress up Plaintiffs' executives' testimony in the cloth of an expert report. SSSMF ¶ 142-149. | There is no factual dispute. PRO has not disputed the accuracy of the statement. PRO has not offered any expert opinion of its own, nor has it provided anything other than unsupported speculation to contradict the analysis in that report or Mr. Jarosz's bottom-line opinion. |

| Plaintiffs' Statement of Material Facts | Defendant Public Resource's Response | Plaintiffs' Response |
|---|---|---|
| 92. Anyone visiting PRO's postings of the Works on the Internet Archive website can download, copy, print, and redistribute the entirety of Plaintiffs' Works, which are available without restriction in multiple formats, such as Full Text and PDF. Declaration of Christopher Butler, of Internet Archive ("Butler Decl.") ¶ 9; Supp. Pauley Decl. ¶ 31; Wise Decl. ¶ 168, Ex. 167. | Disputed to the extent that Public Resource has posted only standards that have become laws by incorporation, not any of Plaintiffs' standards that are not law. | There is no factual dispute.  PRO has not disputed the accuracy of the statement.<br><br>PRO's assertion that "Public Resource has posted only standards that have become laws by incorporation" is unsupported by the record evidence and PRO's own admission that "when attempting to post the relevant law, Public Resource accidentally posted an edition of an ASTM standard that was not the precise edition listed in the C.F.R. incorporating language."  Opp. 6 n.3. |
| 93. The individuals and entities who use PRO's unrestricted versions of the Plaintiffs' standards include the same sorts of industry professionals and tradespeople, such as engineers, as would otherwise typically obtain copies of Plaintiffs' standards directly from Plaintiffs. Wise Decl. ¶ 174, Ex. 173 at PRO_00267293 (engineer asking after remand from the D.C. Circuit, "Does Friday's decision mean you can update the site?"), PRO_00267241 (engineering firm saying it heard about PRO from a "colleague" and asking "How might we access the documents you offer?"); Wise Decl. ¶ 165, Ex. 164 at Interrog. 22. | Disputed.  The citations do not establish the fact claimed.  Plaintiffs have no evidence that a single person who used the documents posted by Public Resource is "the same sorts of industry professionals and tradespeople, such as engineers, as would otherwise typically obtain copies of Plaintiffs' standards directly from Plaintiffs."  Nor do Plaintiffs have any evidence that a single person who accessed a document that Public Resource posted would have purchased the document from Plaintiffs, but for Public Resource's posting.  Exhibit 173 consists of two emails.  One is an email where an individual from Wichita State | PRO fails to establish a genuine dispute as to a material fact.  PRO cites to no record evidence in support of its assertion. *Hedgeye Risk Mgmt.*, 2019 WL 4750243, at *4.<br><br>Plaintiffs identified an email from an engineering product designer in which he asks whether the D.C. Circuit decision will allow PRO to update his site.  Wise Decl. ¶ 174, Ex. 173 at PRO_00267293.  Plaintiffs also identified emails from a mechanical engineer affiliated with a for-profit engineering firm asking on multiple occasions how he could "access the documents"—that is, privately developed codes, including NFPA standards—"[PRO] offer[s]."  Wise Decl. ¶ 174, Ex. 173 at PRO_00267241-00267242.  Both emails demonstrate that engineers—*i.e.*, professionals who would typically need to use Plaintiffs' standards in their day-to-day work and are therefore generally likely to purchase copies of standards—sought to access information from PRO, including copies of Plaintiffs' standards.<br><br>PRO does not limit its posting in any way.  The opposite—it has made efforts to expand its access and make its postings |

| Plaintiffs' Statement of Material Facts | Defendant Public Resource's Response | Plaintiffs' Response |
| --- | --- | --- |
| | University asked Mr. Malamud about the legal effect of the Court of Appeals' decision—it is not a statement that the person accessed a standard at issue through Public Resource's postings, or that the person would have purchased a document from Plaintiffs but for Public Resource's activities. The other email is the owner of a small business who states that he is obligated to follow California as well as other state law, but "[t]he challenge we have is ensuring access to relevant, current codes (whole codes – not just errata) for the states and municipalities in which we provide our engineering services." He then asks Mr. Malamud to first tell him how Public Resource does not violate copyright law, and then to tell him how to access the laws that Public Resource posts. Public Resource declined to provide this individual with legal advice, and as with the other email, there is no statement that the person accessed a standard at issue through Public Resource's postings, or that the person would have purchased a document from | "more attractive" and "more usable" substituting further for Plaintiffs. Wise Decl. ¶ 165, Ex. 164 at Interrog. 22 ("Public Resource has continued its efforts to make new standards it posts more accessible, more usable, more attractive, and usable across different platforms.") |

| Plaintiffs' Statement of Material Facts | Defendant Public Resource's Response | Plaintiffs' Response |
| --- | --- | --- |
| | Plaintiffs but for Public Resource's activities. Plaintiffs' final citation to Wise Decl. ¶ 165, Ex. 164 at Interrog. 22 appears to be in error and does not provide any evidence supporting Plaintiffs' assertions. | |
| 94. PRO's versions of Plaintiffs' standards compete directly with Plaintiffs' standards in the market because if the professionals and tradespeople are able to access and download nearly identical standards without cost through PRO's postings to the Internet Archive, they will not buy Plaintiffs' publications or use their free access websites. PRO's postings to the Internet Archive therefore substitute for both sales of Plaintiffs' Works and use of Plaintiffs' free access websites. Supp. Pauley Decl. ¶ 35; Supp. Reiniche Decl. ¶ 5; James S. Thomas Decl. ¶ 16; Rubel Decl. ¶ 4, Ex. 1 (Jarosz Rep. ¶¶ 109-111, 149). | Disputed. The citations do not establish the fact claimed. Plaintiffs' publications and website have the authority that comes with being the official publisher of the standards incorporated into law, and therefore individuals and businesses that want the official versions will turn to Plaintiffs, not Public Resource or any other source. Moreover, Public Resource does not compete directly with Plaintiffs because Public Resource provides access only to law, not to standards that are not the law, and the standards at issue are outdated as industry standards but still relevant as law. Additionally, Plaintiffs cannot claim harm to viewership of standards on their reading rooms, when Plaintiffs' purpose in setting up the reading rooms was principally to use them as | PRO fails to establish a genuine dispute as to a material fact. PRO cites to no record evidence in support of its assertion. *Hedgeye Risk Mgmt.*, 2019 WL 4750243, at *4.<br><br>Plaintiffs' statement is supported by the declarations of James S. Thomas, ASTM's Vice President, Sales & Marketing; James T. Pauley, NFPA's President and Chief Executive Officer; Stephanie Reiniche, ASHRAE's Director of Technology. Each declaration explained that PRO's provision of standards competes directly with the respective Plaintiff's sales. Supp. Pauley Decl. ¶ 35; Supp. Reiniche Decl. ¶ 5; James S. Thomas Decl. ¶ 16. Plaintiffs' statement is also supported by the expert report of John Jarosz, who detailed the significance of copyright to Plaintiffs' business models. Rubel Decl. ¶ 4, Ex. 1 (Jarosz Rep. ¶¶ 109-111, 149). PRO has offered no evidence that contradicts these declarations or expert opinion.<br><br>Plaintiffs have presented evidence that they provide read-only access in furtherance of their educational missions and to ensure public access to standards. Supp. Pauley Decl. ¶ 43, 45; Supp. Reiniche Decl. ¶ 3; James S. Thomas Decl. ¶ 12. PRO's assertions about Plaintiffs' purpose in setting up their reading rooms has no support. Plaintiffs incorporate their response to Paragraph 39 of Plaintiffs' Disputed Facts Response as if set |

| Plaintiffs' Statement of Material Facts | Defendant Public Resource's Response | Plaintiffs' Response |
| --- | --- | --- |
| | argumentative tools for influencing policymakers to refrain from mandating disclosure of the standards incorporated into law. Public Resource's use does not affect that purpose. | forth in full.<br><br>PRO's assertion that "Public Resource provides access only to law, not to standards that are not the law" is unsupported by the record evidence and PRO's own admission that "when attempting to post the relevant law, Public Resource accidentally posted an edition of an ASTM standard that was not the precise edition listed in the C.F.R. incorporating language." Opp. 6 n.3. |
| 95. PRO's provision of unrestricted, downloadable PDF and HTML copies of Plaintiffs' works competes directly with not only sale of the Works but also ancillary products such as training courses that include copies of the Works. James S. Thomas Decl. ¶ 16; Rubel Decl. ¶ 4, Ex. 1 (Jarosz Rep. ¶¶ 131-41, 145-49). | Disputed for the reasons addressed in paragraph 94. Also disputed because Plaintiffs, as the official publishers of the standards, have authority within the relevant industries that drives sales of ancillary products and services. Additionally, Plaintiffs can continue to provide copies of the standards at issue. Also disputed to the extent that Plaintiffs imply, without evidence, that they continue to sell products and services for outdated standards, such as the standards at issue, rather than for the most up-to-date standards. | PRO fails to establish a genuine dispute as to a material fact for the reasons addressed above in response to ¶ 94.<br><br>PRO has offered no support for its assertion that Plaintiffs' role as the official publishers of the standards drive their sales of ancillary products and services. Mr. Jarosz's unrebutted expert opinion is that Plaintiffs have a competitive advantage with regard to ancillary products and services because of their ability to provide copies of copyrighted materials in connection with such products and services, that this ability is "a significant driver" of their sales of such products and services, and that Plaintiffs would lose this competitive advantage without copyright in the standards. Rubel Decl. ¶ 4, Ex. 1 (Jarosz Rep. ¶¶ 109, 146)). PRO's conjecture as to a source of Plaintiffs' competitive advantage is neither in conflict with Mr. Jarosz's expert opinion nor supported by any evidence.<br><br>With respect to PRO's dispute that Plaintiffs may not offer products and services for superseded standards, Plaintiffs do continue to sell standards that have been superseded and to sell products and services for such standards. *See, e.g.*, Wise Decl. |

| Plaintiffs' Statement of Material Facts | Defendant Public Resource's Response | Plaintiffs' Response |
|---|---|---|
| | | Ex. 159; O'Brien Decl. III ¶ 10; James S. Thomas Decl. ¶¶ 10, 16-17 (explaining that unrestricted, downloadable PDF and HTML copies of the Works compete directly with ASTM's sales of its standards and other educational resources such as its training courses).<br><br>Immaterial: as Plaintiffs' briefing explains, even if PRO limited its activities to posting out-of-date standards, the undisputed evidence shows that those activities would cause market harm. *E.g.*, Pls. Mem. 29-30. |
| 96. The harm resulting from PRO's posting and dissemination of unrestricted copies of ASTM's standards for free extends beyond PRO's impact on the sale of the same version of the ASTM work PRO copied. Prior versions of ASTM's standards can serve as a substitute for new ones because significant portions—and in some instances the entire standard—may remain unchanged from edition to edition. As a result, for many users, prior versions of ASTM's works may be a perfect or near perfect substitute that interferes with the market for the current version of ASTM's standards. James S. Thomas Decl. ¶ 17. | Disputed. The citations do not establish the fact claimed. It is not reasonable for Plaintiffs to assert, without evidence, that trained industry members who purchase standards that Plaintiffs publish would settle for outdated standards on the hope that some of the provisions therein might remain unchanged in the latest versions. Plaintiffs' sales documents and Plaintiffs' admissions indicate that sales of standards are highest in the one or two years immediately after the new version is released, and that industry members therefore do not wait years until the standard is finally incorporated into law. | PRO fails to establish a genuine dispute as to a material fact. PRO cites to no record evidence in support of its assertion. *Hedgeye Risk Mgmt.*, 2019 WL 4750243, at *4.<br><br>Plaintiffs' statement is supported by the declaration of James S. Thomas, ASTM's Vice President, Sales & Marketing, who explained that prior versions of ASTM's works may be perfect or near perfect substitutes and that PRO's dissemination of such postings interferes with the market for the current version of ASTM's standards. James S. Thomas Decl. ¶ 17. PRO has offered no evidence that contradicts that declaration.<br><br>PRO offers no support for its assertion that industry members do not wait to purchase a standard until after it is incorporated. Even if PRO could show that industry members currently operating in a given field generally purchase standards when they were issued, that assertion would not address the loss of sales from new entrants to a given field—for example, new businesses or individuals beginning their careers—who could use PRO's postings rather than purchasing copies of Plaintiffs' standards. |

| Plaintiffs' Statement of Material Facts | Defendant Public Resource's Response | Plaintiffs' Response |
| --- | --- | --- |
| 97. A simple comparison between views of ASTM Standards in the ASTM reading room and data regarding downloads and access to the ASTM Standards on the PRO website and the Internet Archive website shows the damaging impact on the marketplace for ASTM's works. From 2013-2018, [redacted]. Wise Decl. ¶ 158, Ex. 157 at ASTM103291.<br><br>ASTM Reading Room Results<br>2013 2014 2015 2016 2017 2018<br>Standards Viewed: [redacted] | Disputed. The citations do not establish the fact claimed. ASTM's low viewership for its reading room does not show that Public Resource is having a damaging impact; it instead proves that ASTM has succeeded in making its reading room "user-unfriendly" and as a result citizens cannot rely on it. This is evidenced by the fact that even during late 2015 through mid-2018 when Public Resource was subject to the injunction, the viewership rates were still paltry. Instead, ASTM's viewership figures show that Public Resource has not had an effect on usage of the ASTM reading room, and it disproves any possible argument that people would have used ASTM's reading room, but for the availability of standards through Public Resource. Additionally, Plaintiffs cannot claim harm to viewership of standards on their reading rooms, when Plaintiffs' purpose in setting up the reading rooms was principally to use them as argumentative tools for influencing policymakers to refrain from mandating disclosure | PRO fails to establish a genuine dispute as to a material fact. PRO cites to no record evidence in support of its assertion. *Hedgeye Risk Mgmt.*, 2019 WL 4750243, at *4.<br>PRO fails to refute that ASTM's reading room views increased year over year while PRO's infringing versions were not posted or that ASTM's reading room views decreased in 2018 when PRO reposted its versions of ASTM's standards. Wise Decl. ¶ 158, Ex. 157 at ASTM103291. Instead, PRO merely states without support that ASTM's reading rooms are unfriendly. PRO's statement ignores the fact that standards are only eligible to be incorporated by reference if they are reasonably available. 1 C.F.R. § 51.7.<br><br>Plaintiffs incorporate their response to Paragraph 39 of Plaintiffs' Disputed Facts Response as if set forth in full. |

| Plaintiffs' Statement of Material Facts | Defendant Public Resource's Response | Plaintiffs' Response |
|---|---|---|
| | of the standards incorporated into law. Public Resource's use does not affect that purpose. | |
| 98. PRO's reproduction and display of ASTM's Works dwarfs ASTM's Reading Room impressions. PRO's download data and access data was only available up to 2014. Wise Decl. ¶ 163, Ex. 162 at PRO_00245530; Wise Decl. ¶ 164, Ex. 163 at PRO_00232651; Wise Decl.¶ 152, Ex. 151. | Disputed to the extent that the asserted "download" and "access" figures do not distinguish actual human downloads or accesses, as opposed to automated processes such as web crawlers and bots. Because Public Resource does not require citizens to provide their personal information, set up an account, agree to adhesive terms, or otherwise wall off the laws that it posts, any automated process that scans the web, such as search engines, the Internet Archive, and other indexing tools, will all cause these figures to increment every time they check back on a document that Public Resource has posted. Further disputed to the extent that Plaintiffs use the term "impact" where they should instead state "total." | PRO fails to establish a genuine dispute as to a material fact. PRO cites to no record evidence in support of its assertion. *Hedgeye Risk Mgmt.*, 2019 WL 4750243, at *4. |

| Standard | Edition | PRO Website Views | Downloads from PRO Website | Internet Archive Views | Impact |
|---|---|---|---|---|---|
| Total of Standards | | 48,985 | 15,451 | 108,992 | 173,428 |
| A36 | 1977a$^{\epsilon}$ | 334 | 187 | 1,304 | 1,825 |
| A36/A36M | 1997a$^{\epsilon 1}$ | 321 | 120 | 615 | 1,056 |
| A82 | 1979 | 308 | 83 | 884 | 1,275 |
| A106/A106 M | 2004b | 326 | 0 | 0 | 326 |
| A184 | 1979 | 264 | 25 | 163 | 452 |
| A185 | 1979 | 290 | 179 | 2,616 | 3,085 |
| A203/A203 M | 1997 | 253 | 40 | 149 | 442 |
| A242 | 1979 | 293 | 65 | 367 | 725 |
| A285 | 1978 | 295 | 47 | 175 | 517 |
| A307 | 1978$^{\epsilon}$ | 349 | 87 | 417 | 853 |
| A325 | 1979 | 333 | 97 | 479 | 909 |
| A333/A 333M | 1994 | 492 | 0 | 0 | 492 |
| A369/A 369M | 1992 | 245 | 0 | 0 | 245 |
| A370 | 1977$^{\epsilon 2}$ | 392 | 869 | 10,391 | 11,652 |
| A441 | 1979 | 272 | 49 | 368 | 689 |
| A449 | 1978a | 290 | 50 | 257 | 597 |
| A475 | 1978(1984)$^{\epsilon 1}$ | 279 | 91 | 508 | 878 |
| A490 | 1979 | 290 | 87 | 357 | 734 |
| A496 | 1978 | 285 | 49 | 390 | 724 |
| A497 | 1979 | 284 | 130 | 973 | 1,387 |

| Plaintiffs' Statement of Material Facts | Defendant Public Resource's Response | Plaintiffs' Response |
|---|---|---|
| (table below) | | |

| Standard | Edition | PRO Website Views | Downloads from PRO Website | Internet Archive Views | Impact |
|---|---|---|---|---|---|
| A500 | 1978 | 293 | 82 | 325 | 700 |
| A501 | 1976 | 267 | 64 | 295 | 626 |
| A502 | 1976 | 281 | 133 | 781 | 1,195 |
| A514 | 1977 | 272 | 62 | 315 | 649 |
| A522/A 522M | 1995b | 277 | 0 | 0 | 277 |
| A539 | 1990a | 237 | 0 | 0 | 237 |
| A570 | 1979 | 293 | 75 | 364 | 732 |
| A572 | 1979 | 295 | 50 | 222 | 567 |
| A588 | 1979a | 292 | 36 | 202 | 530 |
| A611 | 1972(1979) | 266 | 84 | 638 | 988 |
| A615 | 1979 | 369 | 102 | 497 | 968 |
| A616 | 1979 | 243 | 32 | 288 | 563 |
| A617 | 1979 | 246 | 51 | 293 | 590 |
| A633 | 1979a | 288 | 59 | 396 | 743 |
| B16 | 1992 | 229 | 66 | 0 | 295 |
| B21 | 1983b | 248 | 71 | 460 | 779 |
| B21 | 1996 | 259 | 0 | 0 | 259 |
| B42 | 1996 | 277 | 0 | 0 | 277 |
| B68 | 1995 | 288 | 0 | 0 | 288 |
| B75 | 1997 | 311 | 0 | 0 | 311 |
| B85 | 1984 | 299 | 120 | 1,164 | 1,583 |
| B88 | 1996 | 270 | 0 | 0 | 270 |
| B96 | 1993 | 238 | 0 | 0 | 238 |
| B111 | 1995 | 281 | 0 | 0 | 281 |
| B122/B 122M | 1995 | 238 | 0 | 0 | 238 |
| B124 | 1996 | 280 | 0 | 0 | 280 |
| B209 | 1996 | 321 | 197 | 1,638 | 2,156 |
| B224 | 1980[ε1] | 259 | 57 | 274 | 590 |
| B283 | 1996 | 254 | 0 | 0 | 254 |
| B315 | 1993 | 209 | 0 | 0 | 209 |
| B557 | 1984 | 343 | 85 | 961 | 1,389 |
| B580 | 1979 | 257 | 138 | 1,131 | 1,526 |
| B694 | 1986 | 219 | 54 | 247 | 520 |
| C5 | 1979(1997) | 231 | 45 | 237 | 513 |
| C150 | 1999a | 206 | 101 | 561 | 868 |
| C177 | 1997 | 330 | 43 | 340 | 713 |
| C236 | 1989(1993)[ε1] | 252 | 74 | 354 | 680 |
| C330 | 1999 | 330 | 157 | 1,212 | 1,699 |
| C509 | 1984 | 240 | 53 | 721 | 1,014 |
| C518 | 1991 | 282 | 74 | 318 | 674 |
| C516 | 1980(1996)[ε1] | 219 | 68 | 278 | 565 |
| C549 | 1981(1995)[ε1] | 227 | 83 | 507 | 817 |
| C564 | 1970(1982) | 262 | 42 | 663 | 967 |
| D86 | 2007 | 466 | 75 | 393 | 934 |
| D129 | 1995 | 241 | 28 | 118 | 387 |
| D396 | 1998 | 277 | 47 | 419 | 743 |
| D512 | 1989(1999) | 299 | 87 | 580 | 966 |

| Plaintiffs' Statement of Material Facts | Defendant Public Resource's Response | Plaintiffs' Response |
|---|---|---|
| (table below) | | |

| Standard | Edition | PRO Website Views | Downloads from PRO Website | Internet Archive Views | Impact |
|---|---|---|---|---|---|
| D611 | 1982(1998) | 297 | 35 | 355 | 687 |
| D665 | 1998[ε1] | 253 | 76 | 359 | 688 |
| D814 | 1995 | 211 | 41 | 147 | 399 |
| D975 | 2007 | 426 | 159 | 861 | 1,446 |
| D975 | 1998b | 232 | 89 | 923 | 1,244 |
| D1217 | 1993(1998) | 245 | 31 | 252 | 528 |
| D1246 | 1995(1999) | 250 | 27 | 149 | 426 |
| D1253 | 1986(1996) | 258 | 64 | 396 | 718 |
| D1266 | 1998 | 281 | 34 | 381 | 696 |
| D1298 | 1999 | 347 | 168 | 786 | 1,301 |
| D1335 | 1967(1972) | 233 | 159 | 1,084 | 1,476 |
| D1412 | 1993(1997) | 253 | 83 | 495 | 831 |
| D1480 | 1993(1997) | 220 | 30 | 281 | 531 |
| D1481 | 1993(1997) | 252 | 35 | 286 | 573 |
| D1518 | 1985(1998)[ε1] | 255 | 143 | 1,009 | 1,407 |
| D1535 | 1989 | 218 | 100 | 454 | 772 |
| D1552 | 1995 | 268 | 41 | 637 | 946 |
| D1688 | 1995 | 233 | 41 | 299 | 573 |
| D1785 | 1986 | 315 | 199 | 1,294 | 1,808 |
| D1835 | 1997 | 295 | 74 | 814 | 1,183 |
| D1890 | 1996 | 206 | 26 | 164 | 396 |
| D1943 | 1996 | 213 | 17 | 184 | 414 |
| D1945 | 1996 | 218 | 104 | 1,653 | 1,975 |
| D1946 | 1990(1994)[ε1] | 261 | 34 | 786 | 1,081 |
| D2013 | 1986(1994) | 333 | 134 | 1,071 | 1,538 |
| D2015 | 1996 | 351 | 131 | 2,409 | 2,891 |
| D2036 | 1998 | 245 | 32 | 404 | 681 |
| D2163 | 1991(1996) | 313 | 58 | 841 | 1,212 |
| D2216 | 1998 | 305 | 189 | 1,952 | 2,446 |
| D2234 | 1998 | 253 | 63 | 835 | 1,151 |
| D2460 | 1997 | 194 | 35 | 134 | 363 |
| D2502 | 1992(1996) | 227 | 24 | 350 | 601 |
| D2503 | 1992(1997) | 226 | 52 | 294 | 572 |
| D2597 | 1994(1999) | 232 | 36 | 160 | 428 |
| D2622 | 1998 | 265 | 45 | 278 | 588 |
| D2724 | 1987(1995) | 256 | 155 | 1,183 | 1,594 |
| D2777 | 1998 | 217 | 26 | 150 | 393 |
| D2879 | 1997 | 243 | 31 | 391 | 665 |
| D2986 | 1995a(1999) | 230 | 43 | 399 | 672 |
| D3120 | 1996 | 226 | 22 | 205 | 453 |
| D3173 | 1987(1996) | 285 | 79 | 924 | 1,288 |
| D3178 | 1989(1997) | 231 | 33 | 313 | 577 |
| D3236 | 1988(1999) | 259 | 101 | 729 | 1,089 |
| D3246 | 1996 | 233 | 60 | 556 | 849 |
| D3286 | 1996 | 227 | 138 | 582 | 947 |
| D3371 | 1995 | 183 | 20 | 142 | 345 |
| D3454 | 1997 | 198 | 45 | 147 | 390 |

| Plaintiffs' Statement of Material Facts | Defendant Public Resource's Response | Plaintiffs' Response |
|---|---|---|
| (table below) | | |

| Standard | Edition | PRO Website Views | Downloads from PRO Website | Internet Archive Views | Impact |
|---|---|---|---|---|---|
| D3588 | 1998 | 330 | 143 | 964 | 1,437 |
| D3697 | 1992(1996) | 230 | 32 | 138 | 400 |
| D4177 | 1995 | 287 | 104 | 603 | 994 |
| D4239 | 1997ε1 | 279 | 88 | 834 | 1,201 |
| D4268 | 1993 | 256 | 96 | 572 | 924 |
| D4294 | 1998 | 289 | 116 | 654 | 1,059 |
| D4329 | 1999 | 280 | 0 | 0 | 280 |
| D4809 | 1995 | 258 | 74 | 707 | 1,039 |
| D4891 | 1989(1994)ε1 | 326 | 19 | 102 | 447 |
| D4986 | 1998 | 245 | 0 | 0 | 245 |
| D5257 | 1997 | 214 | 28 | 228 | 470 |
| D5373 | 1993(1997) | 274 | 208 | 1,064 | 1,546 |
| D5489 | 1996a | 265 | 148 | 537 | 950 |
| D5673 | 1996 | 253 | 25 | 153 | 431 |
| D5865 | 1998a | 290 | 303 | 2,161 | 2,754 |
| D6216 | 1998 | 202 | 42 | 410 | 654 |
| D6228 | 1998 | 261 | 56 | 560 | 877 |
| D6420 | 1999 | 199 | 44 | 188 | 431 |
| D6503 | 1999 | 222 | 61 | 428 | 711 |
| E11 | 1995 | 268 | 82 | 273 | 623 |
| E23 | 1982 | 237 | 411 | 3,059 | 3,707 |
| E72 | 1980 | 195 | 141 | 1,111 | 1,447 |
| E96 | 1995 | 239 | 168 | 1,225 | 1,632 |
| E145 | 1994ε1 | 211 | 188 | 1,160 | 1,559 |
| E169 | 1987 | 156 | 61 | 394 | 611 |
| E185 | 1982 | 161 | 74 | 231 | 466 |
| E260 | 1996 | 201 | 47 | 355 | 603 |
| E283 | 1991(1999) | 219 | 141 | 882 | 1,242 |
| E408 | 1971 | 183 | 118 | 558 | 859 |
| E424 | 1971 | 174 | 93 | 583 | 850 |
| E606 | 1980 | 220 | 369 | 1,220 | 1,809 |
| E681 | 1985 | 163 | 99 | 982 | 1,244 |
| E695 | 1979(1997)ε1 | 148 | 39 | 346 | 533 |
| E711 | 1987(1992) | 190 | 139 | 699 | 1,028 |
| E773 | 1997 | 153 | 43 | 245 | 441 |
| E774 | 1997 | 185 | 92 | 1,030 | 1,307 |
| E776 | 1987(1992) | 157 | 57 | 415 | 629 |
| E885 | 1988 | 142 | 62 | 260 | 464 |
| E1337 | 1990(1996) | 155 | 60 | 582 | 797 |
| F462 | 1979(1999) | 200 | 0 | 0 | 200 |
| F478 | 1992(1999) | 148 | 53 | 275 | 476 |
| F631 | 1980(1985) | 135 | 36 | 214 | 385 |
| F631 | 1993 | 126 | 60 | 218 | 404 |
| F682 | 1982a(1988) | 202 | 43 | 180 | 425 |
| F715 | 1981(1986) | 140 | 54 | 204 | 398 |
| F715 | 1995 | 132 | 47 | 173 | 352 |
| F722 | 1982(1988) | 223 | 54 | 230 | 507 |

| Plaintiffs' Statement of Material Facts | Defendant Public Resource's Response | Plaintiffs' Response |
|---|---|---|

| Standard | Edition | PRO Website Views | Downloads from PRO Website | Internet Archive Views | Impact |
|---|---|---|---|---|---|
| F808 | 1983(1988)[ε1] | 139 | 33 | 85 | 257 |
| F1003 | 1986(1992) | 154 | 36 | 139 | 329 |
| F1006 | 1986(1997) | 159 | 31 | 126 | 316 |
| F1007 | 1986(1996)[ε1] | 179 | 41 | 153 | 373 |
| F1014 | 1992 | 164 | 37 | 170 | 371 |
| F1020 | 1986(1996)[ε1] | 160 | 40 | 159 | 359 |
| F1120 | 1987(1998) | 223 | 36 | 284 | 543 |
| F1121 | 1987(1998) | 231 | 43 | 325 | 599 |
| F1122 | 1987(1998) | 167 | 48 | 284 | 499 |
| F1123 | 1987(1998) | 213 | 78 | 268 | 559 |
| F1139 | 1988(1998) | 203 | 57 | 218 | 478 |
| F1155 | 1998 | 215 | 225 | 702 | 1,142 |
| F1172 | 1988(1998) | 161 | 38 | 190 | 389 |
| F1173 | 1995 | 204 | 56 | 235 | 495 |
| F1199 | 1988(1998) | 185 | 41 | 271 | 497 |
| F1200 | 1988(1998) | 187 | 49 | 0 | 236 |
| F1201 | 1988(1998) | 154 | 48 | 157 | 359 |
| F1271 | 1990(1995)[ε1] | 145 | 52 | 137 | 334 |
| F1273 | 1991(1996)[ε1] | 197 | 38 | 229 | 464 |
| F1321 | 1992 | 233 | 73 | 642 | 948 |
| F1323 | 1998 | 179 | 29 | 114 | 322 |
| F1471 | 1993 | 158 | 40 | 323 | 521 |
| F1546/F 1546M | 1996 | 164 | 28 | 215 | 407 |
| F1548 | 1994 | 173 | 45 | 165 | 383 |
| F1951 | 1999 | 218 | 0 | 0 | 218 |
| G21 | 1990 | 225 | 161 | 1,441 | 1,827 |
| G151 | 1997 | 225 | 229 | 1,000 | 1,454 |
| G154 | 2000a | 234 | 583 | 3,065 | 3,882 |

| Plaintiffs' Statement of Material Facts | Defendant Public Resource's Response | Plaintiffs' Response |
|---|---|---|
| 99. The cumulative impact of PRO's reproduction and display of ASTM's standards on its own website and on Internet Archive represents [redacted] ASTM's total views across all six years combined. *Compare* Wise Decl. ¶ 158, Ex. 157 at ASTM103291, *with* Wise Decl. ¶ 163, Ex. 162 at PRO_00245530 *and* Wise Decl. ¶ 164, Ex. 163 at PRO_00232651. | Disputed. The citations do not establish the facts claimed. Plaintiffs have no evidence of any "impact" on their sales or viewership, as evidenced by the consistently low viewership figures for the ASTM reading room. ASTM's low viewership for its reading room proves ASTM has succeeded in making its reading room "user-unfriendly" and as a result citizens cannot rely on it. This is evidenced by the fact that even during late 2015 through mid-2018 when Public Resource was subject to the injunction, the viewership rates were still paltry. | PRO fails to establish a genuine dispute as to a material fact. PRO cites to no record evidence in support of its assertion. *Hedgeye Risk Mgmt.*, 2019 WL 4750243, at *4.<br><br>PRO fails to refute that ASTM's reading room views increased year over year while PRO's infringing versions were not posted or that ASTM's reading room views decreased in 2018 when PRO reposted its versions of ASTM's standards. Wise Decl. ¶ 158, Ex. 157 at ASTM103291. Instead, PRO merely states without support that ASTM's reading rooms are unfriendly. PRO's statement ignores the fact that standards are only eligible to be incorporated by reference if they are reasonably available. 1 C.F.R. § 51.7.<br><br>Plaintiffs incorporate their response to Paragraph 39 of Plaintiffs' Disputed Facts Response as if set forth in full. |

| Plaintiffs' Statement of Material Facts | Defendant Public Resource's Response | Plaintiffs' Response |
|---|---|---|
| | Instead, ASTM's viewership figures show that Public Resource has not had an effect on usage of the ASTM reading room, and it disproves any possible argument that people would have used ASTM's reading room, but for the availability of standards through Public Resource. Additionally, Plaintiffs cannot claim harm to viewership of standards on their reading rooms, when Plaintiffs' purpose in setting up the reading rooms was principally to use them as argumentative tools for influencing policymakers to refrain from mandating disclosure of the standards incorporated into law. Public Resource's use does not affect that purpose. | |
| 100. With respect to NFPA, revenue is somewhat cyclical with publications, but in recent years, NFPA's revenue from the sale of standards has been declining. NFPA attributes this decline, at least in part, to PRO's making copies of NFPA's standards widely available, including for use by those same industry professionals who would otherwise purchase copies or digital | Disputed to the extent that NFPA attributes any decline in its sales to Public Resource's activities. NFPA's sales figures show that its sales have been in steady decline for years before Public Resource first posted an NFPA standard.  Becker Decl. Ex. 77. Other than NFPA's CEO's unsupported assertion, NFPA has no evidence that Public | There is no factual dispute.  PRO has not disputed the accuracy of the statement. |

| Plaintiffs' Statement of Material Facts | Defendant Public Resource's Response | Plaintiffs' Response |
|---|---|---|
| subscription access. Supp. Pauley Decl. ¶ 38. | Resource's activities have cost it any sales—even though Public Resource posted its first NFPA standard in 2008, eleven years ago. Moreover, NFPA is correct that its sales data shows its sales are cyclical: sales are highest in the first and second year of publication, and then decline steadily. In contrast, the standards at issue are outdated. | |
| 101. NFPA's licenses likely would lose significant value if the licensees or their customers could obtain the same material from PRO in digital format, without cost, and without restrictions on further dissemination. Supp. Pauley Decl. ¶ 36. | Disputed. NFPA's claim that its licenses "likely would" lose value is disproven by the fact that there is no evidence they have lost value during the first six years that Public Resource was posting the standards at issue online "in digital format, without cost, and without restrictions on further dissemination." Nor is there evidence that the value of those license increased when Public Resource was enjoined from posting, or that the value again dropped after the Court of Appeals vacated the injunction and indicated that posting the law is likely to be a fair use.  In fact, NFPA states that it does not have a number on any balance sheet that corresponds to the value of | PRO fails to establish a genuine dispute as to a material fact. Plaintiffs' statement is supported by the declaration of James T. Pauley, NFPA's President and Chief Executive Officer. The fact that it is challenging to pinpoint precise market effects from PRO's activities does not go to show that PRO's activities are not having these market effects, nor does it go to show—as is the legally relevant question—that "unrestricted and widespread conduct of the sort engaged in by [PRO]" would not have these effects.  Pls. Mem. 25-26. |

| Plaintiffs' Statement of Material Facts | Defendant Public Resource's Response | Plaintiffs' Response |
|---|---|---|
| | the copyrights it holds because NFPA does not "attempt to place any value on any intangible asset." M. Becker Decl. ¶ 9, Ex. 11 (Mullen Dep. 140:11–18). | |
| 102. A review of the Internet Archive websites to which PRO posted its versions of Plaintiffs' Works reveals that the 2011 National Electrical Code has been "View[ed]," which includes being accessed or downloaded, 40,151 times since originally uploaded. Supp. Pauley Decl. ¶ 31; Wise Decl. ¶ 168, Ex. 167 at 5. This is an increase of nearly 10,000 in the 13 months since PRO has reposted this standard. SMF ¶ 242 (NFPA's 2011 NEC was downloaded 30,350 times from the Internet Archive website) (citing Rubel Decl. ¶ 5, Ex. 2 (Rule 30(b)(6) Dep. of Public Resource at 254:14-256:16)); Rubel Decl. ¶ 43, Ex. 39 (Ex. 51 to Rule 30(b)(6) Dep. of Public Resource). | Disputed to the extent that the asserted "View[ed]", "downloaded", and "accessed" figures do not distinguish actual human downloads or accesses, as opposed to automated processes such as web crawlers and bots. | There is no factual dispute. PRO has not disputed the accuracy of the statement. PRO cites to no record evidence in support of its assertion. *Hedgeye Risk Mgmt.*, 2019 WL 4750243, at *4. |
| PRO's Conduct Threatens Further Harm from Widespread Anonymous Dissemination | Disputed for the reasons addressed below. | PRO fails to establish a genuine dispute as to a material fact for the reasons addressed below. |
| 103. The Internet Archive website is among the top 300 most-visited websites in the world by alexa.com rankings and millions | | |

| Plaintiffs' Statement of Material Facts | Defendant Public Resource's Response | Plaintiffs' Response |
|---|---|---|
| of people visit the Internet Archive every day. *See* Butler Decl. ¶ 4. | | |
| 104. Neither PRO nor the Internet Archive keeps information regarding the individuals and entities that download and use PRO's versions of Plaintiffs' Works or the reasons that they do so. PRO has "adopted a policy of not talking to its users and not answering any questions or asking questions" of those users regarding Plaintiffs' Works. Wise Decl. ¶ 165, Ex. 164 at Interrog. 23. Likewise, the Internet Archive does not keep records identifying information regarding the individuals who use or download PRO's versions of Plaintiffs' Standards. Butler Decl. ¶¶ 4, 9 ("as a general matter we avoid keeping the IP (Internet Protocol) addresses of our readers" and "[aside from counting the number of users] Internet Archive does not otherwise monitor how users view, access, download, or otherwise use the content posted on the websites"). | Immaterial, but disputed to the extent that Plaintiffs imply that Public Resource's and the Internet Archive's practice of not unnecessarily collecting and storing user information is anything other than a best practice for treating user information on the Internet. | There is no factual dispute. PRO has not disputed the accuracy of the statement.<br><br>This fact is material to Plaintiffs' argument that PRO's provision of Plaintiffs' standards will enable down-the-line infringers who, by virtue of the anonymity PRO and the Internet Archive, offer and profit from reselling PRO's copies. Pls. Mem. 27. The fact is also material to Plaintiffs' argument that monetary damages cannot be quantified. Pls. Mem. 42. |
| 105. Accordingly, PRO's download information is under-inclusive because it fails to account for versions of its standards re-posted by PRO's users. For example, Scribd.com is a subscription service in which users must sign up for premium | | Undisputed. |

| Plaintiffs' Statement of Material Facts | Defendant Public Resource's Response | Plaintiffs' Response |
|---|---|---|
| access to view beyond the PRO cover page. Wise Decl. ¶ 155, Ex. 154. | | |
| 106. The open publishing forum at Scribd.com contains dozens of ASTM works bearing the PRO cover sheet. Wise Decl. ¶ 154, Ex. 153. | | Undisputed. |
| 107. PRO's postings threaten Plaintiffs' ability to control the further dissemination and use of its standards. Because PRO offers unrestricted and anonymous access to standards in multiple formats, Plaintiffs cannot easily track down those individuals who use PRO's versions of NFPA's standards for their commercial businesses, or for sale to other individuals and entities. Supp. Pauley Decl. ¶ 37. | Disputed to the extent that Plaintiffs assert they should have the "ability to control the further dissemination and use" of the law. Disputed to the extent that Plaintiffs assert that they "cannot easily track down those individuals who use PRO's versions of NFPA's standards for their commercial businesses," when Plaintiffs have not shown an attempt to identify a single such individual or business, which presumably they would be in a strong position to investigate by asking their many thousands of members. Disputed to the | PRO fails to establish a genuine dispute as to a material fact. PRO cites to no record evidence in support of its assertion. *Hedgeye Risk Mgmt.*, 2019 WL 4750243, at *4.<br><br>Plaintiffs' statement is supported by the declaration of James T. Pauley, NFPA's President and Chief Executive Officer, who explained that "NFPA has absolutely no means of tracking down those individuals who use Public.Resource.Org's versions of NFPA's standards for their commercial businesses, or for sale to other individuals and entities." Supp. Pauley Decl. ¶ 37. PRO provides no support for its speculation that Plaintiffs could effectively track down such users by asking their members or by searching for text in PRO's disclaimers. The latter assertion is particularly untenable, given that would-be-infringers could easily remove the cover sheets containing PRO's infringers. |

| Plaintiffs' Statement of Material Facts | Defendant Public Resource's Response | Plaintiffs' Response |
|---|---|---|
| | extent that Plaintiffs assert they cannot track individuals who allegedly sell standards acquired from the Public Resource website, when they should be able to do so via a simple Internet search (for instance, by searching for Plaintiffs' names and text found in Public Resource's disclaimers). | PRO's assertion that Plaintiffs' standards are "the law" is unsupported by the record evidence and PRO's own admission that "when attempting to post the relevant law, Public Resource accidentally posted an edition of an ASTM standard that was not the precise edition listed in the C.F.R. incorporating language." Opp. 6 n.3. |
| **C. PRO Does Not Make Use of Internet Archive's Features That Would Protect Plaintiffs' Standards** | | Undisputed. |
| 108. Although Internet Archive has the functionality to provide access to books through "borrowing," which allows registered users to "borrow books for two weeks, after which the loaned item expires and is removed from the user's device," PRO does not use this function. Butler Decl. ¶ 5. | | Undisputed. |
| 109. Although Internet Archive has the functionality to offer access to the blind and print disabled in Digital Accessible Information System (DAISY) format protected by encryption and accessible through a key provided by the Library of Congress National Library Service to | | Undisputed. |

| Plaintiffs' Statement of Material Facts | Defendant Public Resource's Response | Plaintiffs' Response |
|---|---|---|
| residents of the United States and American citizens abroad, PRO offers DAISY format *without* any encryption. Butler Decl. ¶ 6. | | |
| **D. Injunctive Relief Is Necessary** | Disputed. Plaintiffs have adduced no evidence of irreparable harm sufficient to justify an injunction. | PRO fails to establish a genuine dispute as to a material fact. As explained in Plaintiffs' briefing, there is significant evidence of irreparable harm. Pls. Mem. 38-41; Reply at Part III.B.1. |
| 110. PRO has and will continue to post versions of additional standards owned by Plaintiffs if not enjoined. For example, PRO posted the 2017 edition of the NEC in January 2019. Supp. Pauley Decl. ¶ 30; Wise Decl. ¶ 168, Ex. 167 at 6. | Disputed to the extent that Public Resource has said only that it will post documents that have been made law. The 2017 edition of the NEC is now the law of numerous states, as NFPA's own materials show. | There is no factual dispute. PRO has not disputed the accuracy of the statement. |
| 111. PRO has limited financial resources available to pay any damages award because it is dependent on fundraising for it activities. PRO Answer, Dkt. 21 at ¶¶ 46-47 ("[nearly] all of PRO's funding comes from charitable donations"). PRO describes itself as a "charity." Wise Decl. ¶ 165, Ex. 164 at Interrog. 22. | Disputed to the extent that Plaintiffs have failed to enumerate their damages in a way that shows that Public Resource's funds are not sufficient to cover the damages actually attributable to Public Resource's activities. Plaintiffs' statement assumes large but vague damages of an amount that somehow outstrips what is possible to raise through nonprofit fundraising, without foundation or justification for that assumption. | PRO fails to establish a genuine dispute as to a material fact. Plaintiffs have moved for summary judgment on 217 distinct copyrighted works, and statutory damages can range up to $150,000 per work. 17 U.S.C. § 504(c). PRO has not disputed that it is dependent on fundraising activities or that it considers itself a charity. Mr. Jarosz's expert opinion is that PRO has "at best . . . extremely limited financial resources available to pay any potential damages award." Rubel Decl. ¶ 4, Ex. 1 (Jarosz Rep. ¶¶ 155)). PRO previously conceded this fact. PRO Statement of Disputed Facts, Dkt. 121-3, ¶ 272. |

| Plaintiffs' Statement of Material Facts | Defendant Public Resource's Response | Plaintiffs' Response |
|---|---|---|
| 112. At the initial summary judgment hearing, when asked what would be an appropriate remedy, counsel for PRO responded "I am not able to say." Transcript of Hearing on Motion for Summary Judgment, Dkt. 173 at 133:16 (Sept. 12, 2016). | Immaterial and Incomplete. Counsel for PRO also responded: "Let me be clear. Public.Resource would take direction from this Court. Logos: yes or no? It doesn't care. It simply tried to replicate the law which consists of these documents incorporated by reference." Dkt. 173 at 116:22-25. | There is no factual dispute. PRO has not disputed the accuracy of the statement. PRO's contention that Plaintiffs' statement was incomplete is meritless; the subsequent discussion did not constitute an explanation from PRO of what an appropriate remedy would be or otherwise clarify the statement that Plaintiffs' cited. |

Dated: December 23, 2019 Respectfully submitted,

*/s/ J. Kevin Fee*

J. Kevin Fee (D.C. Bar: 494016)
Jane W. Wise (D.C. Bar: 1027769)
Morgan, Lewis & Bockius LLP
1111 Pennsylvania Ave., N.W.
Washington, D.C. 20004
Tel: 202.739.5353
Email: kevin.fee@morganlewis.com
jane.wise@morganlewis.com

*Counsel for American Society For Testing And Materials d/b/a ASTM International*

*/s/ Kelly M. Klaus*

Kelly M. Klaus (*pro hac vice*)
MUNGER, TOLLES & OLSON LLP
560 Mission St., 27th Floor
San Francisco, CA 94105
Tel: 415.512.4000
Email: Kelly.Klaus@mto.com

Rose L. Ehler (*pro hac vice*)
MUNGER, TOLLES & OLSON LLP
350 South Grand Ave., 50th Floor
Los Angeles, CA 90071
Tel: 213.683.9100
Email: Rose.Ehler@mto.com

Rachel G. Miller-Ziegler
MUNGER, TOLLES & OLSON LLP
1155 F St. NW, 7th Floor
Washington, DC 20004
Tel: 202.220.1100
Email: Rachel.Miller-Ziegler@mto.com

*Counsel for National Fire Protection Association, Inc.*

*/s/ J. Blake Cunningham*

Jeffrey S. Bucholtz (D.C. Bar: 452385)
David Mattern
King & Spalding LLP
1700 Pennsylvania Avenue, NW, Ste. 200
Washington, DC 20006-4707
Tel: 202.737.0500
Email: jbucholtz@kslaw.com

J. Blake Cunningham
King & Spalding LLP
101 Second Street, Ste. 2300
San Francisco, CA 94105
Tel: 415.318.1211
Email: bcunningham@kslaw.com

*Counsel for American Society of Heating, Refrigerating, and Air Conditioning Engineers*