UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICAN SOCIETY FOR TESTING AND MATERIALS d/b/a ASTM INTERNATIONAL; <br><br>NATIONAL FIRE PROTECTION ASSOCIATION, INC.; and <br><br>AMERICAN SOCIETY OF HEATING, REFRIGERATING, AND AIR CONDITIONING ENGINEERS, <br><br>    Plaintiffs/ <br>    Counter-Defendants, <br>v. <br>PUBLIC.RESOURCE.ORG, INC., <br><br>    Defendant/ <br>    Counter-Plaintiff. | Case No. 1:13-cv-01215-TSC |

**PLAINTIFFS' OPPOSITION TO PUBLIC.RESOURCE.ORG'S
REQUEST FOR JUDICIAL NOTICE (ECF No. 204-3)**

Public.Resource.Org's ("PRO") request for judicial notice should be denied. The 2002 National Electrical Safety Code cited in *Bellwether* is not at issue in this litigation, nor is it relevant to any issue in this case. *See* Mot. 1 (citing *Bellwether Properties, LLC v. Duke Energy Indiana, Inc.*, 87 N.E.3d 462, 469 (Ind. 2017)). And PRO seeks not just judicial notice, but admission of facts from *Bellwether* for their truth, including the availability of the standard, whether PRO posted it to the Internet Archive, and whether the standard is still in effect. This court should reject PRO's efforts to short circuit the rules against hearsay.

While a district court may take judicial notice in ruling on a motion for summary judgment, "the matters to be noticed must be relevant." *Whiting v. AARP*, 637 F.3d 355, 364 (D.C. Cir. 2011). The standard at issue in *Bellwether* is not. *Bellwether* considered issues involving "the 2002 edition of the National Electrical Safety Code," which the Indiana Utility Regulatory

1

Commission adopted that same year. *Bellwether*, 87 N.E.3d at 465. That standard "is published by the Institute of Electrical and Electronic Engineers, Inc." *Id.*

Neither that professional organization nor that specific standard is relevant to this suit. This suit concerns standards promulgated by the American Society for Testing and Materials, the National Fire Protection Association, and the American Society of Heating, Refrigerating, and Air Conditioning Engineers — not the Institute of Electrical and Electronic Engineers. The availability of the Institute of Electric and Electronic Engineers' 2002 edition of the National Electrical Safety Code is irrelevant because each standards body has its own policies for making standards available to the public, which means the analysis is unique to each standards organization. And, as the D.C. Circuit emphasized when remanding this case, the individual ways in which each standard is incorporated into law matter and vary widely. Thus, taking notice of the issue in *Bellwether* would tell us nothing of the facts at issue in this suit and would not have "any tendency to make a fact more or less probable than it would be without the evidence." Fed. R. Evid. 401.

Because the standard at issue in *Bellwether* is not relevant to this case, this court should not take notice of whether the Indiana Supreme Court cited the Internet Archive, nor whether the Institute of Electrical and Electronics Engineers describes the standard as "[s]uperseded." *Whiting*, 637 F.3d at 364; *see also Larson v. Dep't of State*, 565 F.3d 857, 870 (D.C. Cir. 2009) (denying a request for judicial notice when the requested notice was "irrelevant to our inquiry; taking notice of them would not affect our opinion").

Even if the standard had some potential relevance to this case, the request for judicial should still be denied because taking notice is prohibited by the rules against hearsay. PRO seeks to take notice of *Bellwether* not to show that the opinion exists, but to admit facts discussed in the

opinion for their truth: the availability of the standard, whether Public Resource posted it to the Internet Archive, and whether the standard is still in effect.  But court records are admissible as evidence when offered to prove the truth of facts stated only if subject to some hearsay exception, and PRO does not argue that a hearsay exception applies here.  *See* 21B Fed. Prac. & Proc. Evid. § 5106.4 (2d ed.).  Nor should this court consider any belated hearsay arguments raised on reply, as "arguments raised for the first time in reply briefs are forfeited."  *Coal River Energy, LLC v. Jewell*, 751 F.3d 659, 663 n.3 (D.C. 2014).  The request for judicial notice should be denied.

Dated: December 23, 2019     Respectfully submitted,

/s/ J. Kevin Fee

J. Kevin Fee (D.C. Bar: 494016)
Jane W. Wise (D.C. Bar: 1027769)
Morgan, Lewis & Bockius LLP
1111 Pennsylvania Ave., N.W.
Washington, D.C. 20004
Tel: 202.739.5353
Email: kevin.fee@morganlewis.com
       jane.wise@morganlewis.com

*Counsel for American Society For Testing And Materials d/b/a ASTM International*

/s/ Kelly M. Klaus

Kelly M. Klaus (*pro hac vice*)
MUNGER, TOLLES & OLSON LLP
560 Mission St., 27th Floor
San Francisco, CA 94105
Tel: 415.512.4000
Email: Kelly.Klaus@mto.com

Rose L. Ehler (*pro hac vice*)
MUNGER, TOLLES & OLSON LLP
350 South Grand Ave., 50th Floor
Los Angeles, CA 90071
Tel: 213.683.9100
Email: Rose.Ehler@mto.com

Rachel G. Miller-Ziegler
MUNGER, TOLLES & OLSON LLP
1155 F St. NW, 7th Floor
Washington, DC 20004
Tel: 202.220.1100
Email: Rachel.Miller-Ziegler@mto.com

*Counsel for National Fire Protection Association, Inc.*

<u>*/s/ J. Blake Cunningham*</u>

Jeffrey S. Bucholtz (D.C. Bar: 452385)
David Mattern
King & Spalding LLP
1700 Pennsylvania Avenue, NW, Ste. 200
Washington, DC 20006-4707
Tel: 202.737.0500
Email: jbucholtz@kslaw.com

J. Blake Cunningham
King & Spalding LLP
101 Second Street, Ste. 2300
San Francisco, CA 94105
Tel: 415.318.1211
Email: bcunningham@kslaw.com

*Counsel for American Society of Heating, Refrigerating, and Air Conditioning Engineers*