# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

AMERICAN SOCIETY FOR TESTING AND
MATERIALS d/b/a ASTM INTERNATIONAL;

NATIONAL FIRE PROTECTION
ASSOCIATION, INC.; and

AMERICAN SOCIETY OF HEATING,
REFRIGERATING, AND AIR CONDITIONING
ENGINEERS,

                Plaintiffs/Counter-defendants,

      v.

PUBLIC.RESOURCE.ORG, INC.,

                Defendant/Counterclaimant.

Case No. 1:13-cv-01215-TSC

**PUBLIC RESOURCE'S EVIDENTIARY OBJECTIONS IN REPLY TO PLAINTIFFS'
OPPOSITION TO PUBLIC RESOURCE'S SECOND MOTION FOR SUMMARY
JUDGMENT AND REPLY IN SUPPORT OF PLAINTIFFS' SECOND MOTION FOR
SUMMARY JUDGMENT AND FOR A PERMANENT INJUNCTION [DKT. 213]**

Defendant-Counterclaimant Public.Resource.Org, Inc. ("Public Resource") hereby submits the following objections to evidence on which Plaintiffs rely in their combined memorandum of law in opposition to Public Resource's second motion for summary judgment and reply in support of Plaintiffs' second motion for summary judgment and for a permanent injunction, Dkt. 213.

Public Resource incorporates by reference here its earlier objections (Dkt. 121-4) to the evidence that Plaintiffs submitted on their first motion for summary judgment and its objections (Dkt. 204-2) in opposition to Plaintiffs' second motion for summary judgment and for a permanent injunction.

## I.      OBJECTIONS TO THE DECLARATION OF THOMAS B. O'BRIEN, JR.

| Declaration of Thomas B. O'Brien, Jr. | Defendant-Counterclaimant Public Resource's Objections |
|---|---|
| 5. As part of my role as General Counsel, I would expect to be made aware of any challenge to ASTM's copyright ownership in the standards it develops and publishes. | FRE 403 Prejudice. The question of ASTM's copyright ownership over the standards is at issue in this case, and testimony that this witness would hypothetically be "made aware of any challenge to ASTM's copyright ownership in the standards it develops and publishes" is improper argument; moreover, the failure of the witness to distinguish between the ASTM standards at issue in this case and the larger number of ASTM standards that are not at issue is confusing and prejudicial.<br><br>FRE 602 Lack of Personal Knowledge. The witness has not established any personal knowledge about this subject, including any personal knowledge of whether ASTM actually "develops" standards itself.<br><br>FRE 701 Improper legal opinion: This states an improper legal conclusion of ownership, which is especially troublesome in this case where the Plaintiffs' evidence showed a lack |

| Declaration of Thomas B. O'Brien, Jr. | Defendant-Counterclaimant Public Resource's Objections |
|---|---|
|  | of ownership, which caused Plaintiffs to abandon their first two theories of copyright ownership (works made for hire, then ownership by assignment) in favor of a third theory of ownership, namely joint authorship of joint works, where the copyright registrations contradict the theory of ownership.<br><br>FRE 1002 Secondary Evidence. The witness has not provided the original copyright registrations.  Public Resource also objects under FRE 1006 because this assertion is an improper summary. |
| 6. I am not aware of any individual or other person who claims to own any copyright interest in any ASTM standard. | FRE 403 Prejudice. The question of ASTM's copyright ownership over the standards is at issue in this case, and testimony that this witness would hypothetically be "aware of any individual or other person who claims to own any copyright interest in any ASTM standard" is improper argument; moreover, the failure of the witness to distinguish between the ASTM standards at issue in this case and the larger number of ASTM standards that are not at issue is confusing and prejudicial.<br><br>FRE 701 Improper legal opinion: This states an improper legal conclusion of ownership, which is especially troublesome in this case where the Plaintiffs' evidence showed a lack of ownership, which caused Plaintiffs to abandon their first two theories of copyright ownership (works made for hire, then ownership by assignment) in favor of a third theory of ownership, namely joint authorship of joint works, where the copyright registrations contradict the theory of ownership.<br><br>FRE 1002 Secondary Evidence. The witness has not provided the original copyright |

| Declaration of Thomas B. O'Brien, Jr. | Defendant-Counterclaimant Public Resource's Objections |
|---|---|
| | registrations.  Public Resource also objects under FRE 1006 because this assertion is an improper summary. |
| 7. Since ASTM filed this lawsuit in 2013, I am not aware of any participant or volunteer in ASTM's standards development committees for any of the standards at issue in this lawsuit who has contacted ASTM to assert copyright ownership or otherwise challenge ASTM's copyright interest. | FRE 403 Prejudice. The question of ASTM's copyright ownership over the standards is at issue in this case, and testimony that this witness would hypothetically be "aware of any participant or volunteer in ASTM's standards development committees" "who has contacted ASTM to assert copyright ownership or otherwise challenge ASTM's copyright interest" is improper argument.<br><br>FRE 701 Improper legal opinion: This states an improper legal conclusion of ownership, which is especially troublesome in this case where the Plaintiffs' evidence showed a lack of ownership, which caused Plaintiffs to abandon their first two theories of copyright ownership (works made for hire, then ownership by assignment) in favor of a third theory of ownership, namely joint authorship of joint works, where the copyright registrations contradict the theory of ownership.<br><br>FRE 1002 Secondary Evidence. The witness has not provided the original copyright registrations.  Public Resource also objects under FRE 1006 because this assertion is an improper summary. |
| 9. ASTM makes its standards available through third-party subscription services such as Techstreet and IHS Engineering. These services include full-text searching and navigation of ASTM's standards. | FRE 602 Lack of Personal Knowledge. The witness has not established any personal knowledge about this subject.<br><br>FRE 701/2 Improper Opinion and Unqualified Expert Opinion. The witness has not been qualified as an expert and therefore cannot testify as to facts beyond the witness's personal knowledge. |

| Declaration of Thomas B. O'Brien, Jr. | Defendant-Counterclaimant Public Resource's Objections |
|---|---|
| | This assertion constitutes an improper lay opinion. FRE 1002 Secondary Evidence. The witness has not provided original documents showing which ASTM standards are available through third party subscription services, or documentary evidence of the capabilities of these third party services. |
| 10. Additionally, ASTM's own subscription service, ASTM Compass, allows users to access any of ASTM's library of 12,000+ standards. Standards available through ASTM Compass are full-text searchable. | FRE 602 Lack of Personal Knowledge. The witness has not established any personal knowledge about this subject. FRE 701/2 Improper Opinion and Unqualified Expert Opinion. The witness has not been qualified as an expert and therefore cannot testify as to facts beyond the witness's personal knowledge. This assertion constitutes an improper lay opinion. FRE 1002 Secondary Evidence. The witness has not provided original documents showing which ASTM standards are available its subscription service, or documentary evidence of the capabilities of that subscriptions service. |

## II.    OBJECTIONS TO THE DECLARATION OF JANE W. WISE

| Declaration of Jane W. Wise | Defendant-Counterclaimant Public Resource's Objections |
|---|---|
| 2. Attached as **Exhibit 174** are true and correct copies of excerpts from Defendants' responses to interrogatories served by ASTM. Defendant did not serve supplemented responses to these interrogatories | |

| Declaration of Jane W. Wise | Defendant-Counterclaimant Public Resource's Objections |
|---|---|
| 3.  Attached as **Exhibit 175** is a table of the NFPA standards at issue in this case. The table includes a column listing the regulations or laws that PRO's Exhibit 91 identified as incorporating each standard, as well as Exhibit 91's "text of incorporation" column. In the column labeled "NFPA's response," Plaintiffs have analyzed the federal regulation (if any) that PRO's Exhibit 91 identifies. | |
| 4. Attached as Exhibit 176 is a table of the ASTM standards at issue in this case with the quoted text from PRO's Exhibit 90 where PRO identified the text of the C.F.R. it asserts incorporate a particular ASTM standard by reference. Where applicable, the attached table includes the year that the identified C.F.R. provision was amended, repealed, and/or revised. | FRE 1006 improper summary.  Plaintiffs state that this is a "table of the ASTM standards at issue in this case," but this exhibit lists only 192 of the 232 ASTM standards at issue in this case.  Plaintiffs do not explain why they have omitted 40 of the standards at issue. |
| 5. Attached as **Exhibit 177** is a true and correct copy of a collection of printouts of the Internet Archive HTML versions of ASTM standards at issue, printed on December 6, 2019, that continue to display the ASTM logo, from the following websites: https://ia600607.us.archive.org/2/items/gov.law. astm.a572.1979/astm.a572.1979.html; https://ia800905.us.archive.org/4/items/gov.law. astm.c518.1991/astm.c518.1991.html; https://ia800700.us.archive.org/20/items/gov.law .astm.d86.2007/astm.d86.2007.html; https://ia801309.us.archive.org/27/items/gov.law .astm.d129.1995/astm.d129.1995.html; https://ia601606.us.archive.org/22/items/gov.law .astm.d975.2007/astm.d975.2007.html; https://ia800306.us.archive.org/10/items/gov.law .astm.d1688.1995/astm.d1688.1995.html; https://ia801307.us.archive.org/30/items/gov.law .astm.d2015.1996/astm.d2015.1996.html; https://ia802706.us.archive.org/10/items/gov.law .astm.d2597.1994/astm.d2597.1994.html; https://ia600608.us.archive.org/10/items/gov.law | |

| Declaration of Jane W. Wise | Defendant-Counterclaimant Public Resource's Objections |
|---|---|
| .astm.d3120.1996/astm.d3120.1996.html; https://ia802705.us.archive.org/11/items/gov.law .astm.d4891.1989/astm.d4891.1989.html; and https://ia600602.us.archive.org/22/items/gov.law .astm.d5257.1997/astm.d5257.1997.html. | |
| 6.  Attached as **Exhibit 178** is a true and correct copy of 46 C.F.R. § 56.01-1 (1997). | |
| 7.  Attached as **Exhibit 179** is a true and correct copy of excerpts from the 1978 Annual Book of ASTM Standards Part 4. | FRE 402 Relevance and FRE 701 Improper Opinion Testimony.  To the extent that the Plaintiffs rely upon the 1978 Annual Book of ASTM Standards Part 4 to suggest their ownership of copyright, this states an improper legal conclusion of ownership, particularly here where Public Resource has contested that most of ASTM's copyright registrations were for mere compilations, not registrations over the standards themselves.  Notably, Plaintiffs abandoned their first two theories of copyright ownership (works made for hire, then ownership by assignment) in favor of a third theory of ownership, namely joint authorship of joint works, where the copyright registrations contradict the theory of ownership. |
| 8.  Attached as **Exhibit 180** is a true and correct copy of a screenshot taken on December 20, 2019 from the website: https://catalog.nfpa.org/NFPA-30-Flammable-andCombustible-Liquids-Code-P1164.aspx?order_src=D747&gclid=Cj0KCQiA _rfvBRCP ARIsANlV66OZ-JtB8z9nAk1tGfWSauF2F0D1jinoH2nqQ58ZXi 1YjKOIDOLbs jkaAqZFEALw_wcB. | |
| 9.  Attached as Attached as **Exhibit 181** is a true and correct copy of an email sent by Kelly Klaus, counsel for NFPA, to Corynne McSherry and Andrew Bridges, dated August 3, 2018 | FRE 104(b), 401, 402.  The purported relevance of this document depends on facts that ASTM has failed to establish in this declaration. |

| Declaration of Jane W. Wise | Defendant-Counterclaimant Public Resource's Objections |
|---|---|
| | FRE 602 Lack of Personal Knowledge. The witness has not established any personal knowledge about this subject.<br><br>FRE 802 Hearsay. ASTM has failed to disclose the identity of any custodian of records who would be able to satisfy the requirements of the business records exception to hearsay for this document.<br><br>FRE 901 Lack of Authentication. ASTM has failed to disclose the identity of any custodian of records who would be able to authenticate this document. |
| 10.  Attached as **Exhibit 182** is a true and correct copy of a screenshot taken on December 19, 2019 from the website: https://law.resource.org/pub/us/cfr/manifest.us.html. | |
| 11.  Attached as **Exhibit 183** is a true and correct copy of Exhibit 3 to the deposition of Mia Marvelli. | |
| 12.  Attached as **Exhibit 184** is a true and correct copy of Exhibit 7 to the deposition of Mia Marvelli. | |
| 13.  Attached as **Exhibit 185** is a true and correct copy of 40 C.F.R. § 80.47 (2017). | |
| 14.  Attached as **Exhibit 186** is a table of the ASHRAE standards at issue in this case with the quoted text from PRO's Exhibit 89 where PRO identified the text of the C.F.R. it asserts incorporate a particular ASHRAE standard by reference. In the column labeled "ASHRAE's response," Plaintiffs have analyzed the federal regulation (if any) that PRO's Exhibit 89 identifies. | FRE 1006 improper summary.  Plaintiffs list an incorrect C.F.R. citation for ASHRAE 90.1 (2010). |

Dated:   January 16, 2020                              Respectfully submitted,

                                                       */s/   Andrew P. Bridges*
                                                       Andrew P. Bridges (admitted)
                                                       abridges@fenwick.com
                                                       Matthew B. Becker (admitted *pro hac vice*)
                                                       mbecker@fenwick.com
                                                       FENWICK & WEST LLP
                                                       801 California Street
                                                       Mountain View, CA 94041
                                                       Telephone:   (650) 988-8500
                                                       Facsimile:    (650) 938-5200

                                                       Corynne McSherry (admitted *pro hac vice*)
                                                       corynne@eff.org
                                                       Mitchell L. Stoltz (D.C. Bar No. 978149)
                                                       mitch@eff.org
                                                       ELECTRONIC FRONTIER FOUNDATION
                                                       815 Eddy Street
                                                       San Francisco, CA 94109
                                                       Telephone:   (415) 436-9333
                                                       Facsimile:    (415) 436-9993

                                                       David Halperin (D.C. Bar No. 426078)
                                                       davidhalperindc@gmail.com
                                                       1530 P Street NW
                                                       CSRL 2nd Floor
                                                       Washington, DC 20005
                                                       Telephone: (202) 905-3434

                                                       *Attorneys for Defendant-Counterclaimant*
                                                       Public.Resource.Org, Inc.