IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICAN SOCIETY FOR TESTING AND MATERIALS d/b/a ASTM INTERNATIONAL; <br><br> NATIONAL FIRE PROTECTION ASSOCIATION, INC.; and <br><br> AMERICAN SOCIETY OF HEATING, REFRIGERATING, AND AIR CONDITIONING ENGINEERS, <br><br>   Plaintiffs/Counter-defendants, <br><br>   v. <br><br> PUBLIC.RESOURCE.ORG, INC., <br><br>   Defendant/Counterclaimant. | Case No. 1:13-cv-01215-TSC |

**PUBLIC RESOURCE'S
STATEMENT OF DISPUTED FACTS IN OPPOSITION TO [213-1] PLAINTIFFS'
THIRD SUPPLEMENTAL STATEMENT OF MATERIAL FACTS IN SUPPORT OF
THEIR SECOND MOTION FOR SUMMARY JUDGMENT AND A PERMANENT
INJUNCTION**

Pursuant to Local Civil Rule 7(h), Public.Resource.Org, Inc. ("Public Resource") submits in support of its second motion for summary judgment and opposition to Plaintiffs' second motion for summary judgment and permanent injunction a statement of disputed facts to be tried:

| Plaintiffs' 3rd Supplemental Statement of Material Facts | Defendant Public Resource's Response |
|---|---|
| 1. PRO stated that Exhibits 89 to 91 to the Supplemental Declaration of Matthew Becker "show[] the citation and text of at least one federal incorporation into the C.F.R. of each complete standard." Opp. 8; *see also* Supplemental Declaration of Matthew Becker, previously filed at Dkt. 204-5 ("Supp. Becker Decl."). As explained below, this is not accurate: | Not material.  For some standards state law incorporations are identified instead of federal incorporations, but under either state or federal law individuals are required to comply with the incorporated documents. |
| 2. Exhibit 89 to the Supplemental Becker Declaration is titled "ASHRAE Editions Incorporated by Reference" and includes a chart listing each of the ASHRAE standards at issue, with a column for, *inter alia*, "C.F.R. Reference. Supp. Becker Decl. ¶ 57, Ex. 89. Though PRO posted ASHRAE's standards in 2012, for three of the four identified works on Exhibit 89, PRO lists a C.F.R. reference from 2013 or later. *See id.* | Not material.  The examples on Public Resource's Exhibit 89 are some, but not all, of the incorporations of the relevant standards into federal or state law.  Where appropriate, Public Resource listed a more recent incorporation instead of an earlier, outdated incorporation, and the citation to a particular edition of the C.F.R. does not mean that the same incorporation is not found in earlier or later editions.  These citations are sufficient to show that each of the ASHRAE standards at issue were incorporated by reference into law in their entirety. |
| 3. Additionally, PRO's chart does not actually demonstrate that the cited C.F.R. reference has any relation to large parts of the referenced works. Plaintiffs have prepared a chart that demonstrates this. *See* Wise Decl. II ¶ 14, Ex. 186. In short, the C.F.R. references that PRO provides in its chart relate to use of government funds to build new structures within the United States, yet the ASHRAE standards contain numerous non-prescriptive elements, including entire appendices of information related to how best to comply with the standards in foreign | Disputed.  This is a legal argument, not a factual argument, concerning the scope of incorporation by reference.  Public Resource has provided several sources that each state that the incorporating language serves as a precise identification of what has been incorporated into law.  These sources include:<br>• 5 U.S.C. § 552(a);<br>• 1 C.F.R. § 51 *et seq.*;<br>• *Appalachian Power Co. v. Train*, 566 |

| **Plaintiffs' 3rd Supplemental Statement of Material Facts** | **Defendant Public Resource's Response** |
|---|---|
| territories. *Id*. Plainly, those appendices (and other non-prescriptive elements in the ASHRAE standards) do not relate to the C.F.R. sections cited by PRO. Additionally, one of the ASHRAE works in question is a handbook that contains guidance related to compliance with ASHRAE standards, which was IBR'd to aid in compliance with other ASHRAE standards referenced in the same portions of the C.F.R. That handbook contains text pertaining to multiple ASHRAE standards, including those not IBR'd in that portion of the C.F.R., thus large portions of the handbook do not relate to the cited C.F.R. cite PRO provides. *Id.* | F.2d 451, 457 (4th Cir. 1977);<br>• The Office of the Federal Register's IBR Handbook (Dkt. 204-64);<br>• The Office of the Federal Register's Document Drafting Handbook (Ex. 98 to Becker Supplemental Reply Decl.);<br>• Statement of Amy Bunk, former Director of the Office of the Federal Register, and current Director of Legal Affairs and Policy at the Office of the Federal Register (Dkt. 204-40);<br>• Testimony and statements of Mary Saunders, former Director of the Standards Coordination Office at the National Institute of Standards and Technology, and current Vice President of Government Relations and Public Policy at the American National Standards Institute (Dkt. 204-43 at 191:03-203:12 and 303:03-304:07; Dkt. 204-66; and Dkt. 203-21 at 4 (sealed Ex. 71)).<br><br>Additionally, the chart that Plaintiffs provide at Wise Ex. 186 (Dkt. 213-18) misidentifies the CFR citation for ASHRAE 90.1 (2010). |
| 4. Exhibit 90 to the Supplemental Becker Declaration is titled "ASTM Editions Incorporated by Reference" and includes a chart listing each of the ASTM standards at issue, with columns for, *inter alia*, "C.F.R. Reference." Supp. Becker Decl. ¶ 57, Ex. 90. For more than 20% of the ASTM Works (41 standards), Exhibit 90 identifies a citation to a provision of the C.F.R. that was not promulgated until after PRO posted the standards in 2012. Wise Decl. II ¶ 4, Ex. 176. | Disputed but not material. The examples on Public Resource's Exhibit 90 are some, but not all, of the incorporations of the relevant standards into federal or state law. Where appropriate, Public Resource listed a more recent incorporation instead of an earlier, outdated incorporation, and the citation to a particular edition of the C.F.R. does not mean that the same incorporation is not found in earlier or later editions.<br><br>The chart that Plaintiffs provide at Wise Ex. 176 (Dkt. 213-6) inexplicably omits approximately 40 ASTM standards at issue, stating erroneously in footnote 1: "ASTM has |

3

| Plaintiffs' 3rd Supplemental Statement of Material Facts | Defendant Public Resource's Response |
|---|---|
| | only included Works listed in Appendix A that are the subject of the Parties' motions. ECF No. 198-2, ECF No. 202." Public Resource moved on every standard. Although Plaintiffs moved on only 192 of the 232 ASTM standards at issue, Plaintiffs have not explained to the Court or to Public Resource why they did not express confidence in moving on the remaining 40 ASTM standards. |
| 5. For approximately 30% of the ASTM Works (56 standards), Exhibit 90 identifies a citation to a provision of the C.F.R. that had been amended to eliminate reference to the ASTM Work at issue or to incorporate a different ASTM standard prior to the time PRO posted ASTM's Works in 2012. *Id.* | Not material. Documents that have been incorporated into law are still relevant to the individuals or entities who were governed by that law, even if that law has subsequently changed. |
| 6. Exhibit 91 to the Supplemental Becker Declaration is titled "NFPA Editions Incorporated by Reference" and includes a chart listing each of the NFPA standards at issue, with columns for, *inter alia*, "C.F.R. Reference." Supp. Becker Decl. ¶ 58, Ex. 91. Plaintiffs have provided a chart that responds to each of the C.F.R. references that PRO identifies. *See* Wise Decl. II ¶ 3, Ex. 175. | |
| 7. As shown in Plaintiffs' chart, Exhibit 91 does not contain any citation to a federal regulation that incorporates by reference four of the NFPA standards at issue. *See id.* (NFPA 1 (2003), NFPA 1 (2006), NFPA 54 (2006), NFPA 70 (2008)). | Not material. The examples on Public Resource's Exhibit 91 are some, but not all, of the incorporations of the relevant standards into federal or state law. Where appropriate, Public Resource listed a more recent incorporation instead of an earlier, outdated incorporation, and the citation to a particular edition of the C.F.R. does not mean that the same incorporation is not found in earlier or later editions. |
| 8. For the remaining 19 NFPA standards at issue, the federal regulations PRO | Disputed. This is a legal argument, not a factual argument, concerning the scope of incorporation by reference. Public Resource |

| **Plaintiffs' 3rd Supplemental Statement of Material Facts** | **Defendant Public Resource's Response** |
|---|---|
| identifies have no relevance to many portions of the standards. *See id.* For example, PRO's Exhibit 91 identifies a regulation providing that "fixed extinguishing systems" must comply with NFPA 11 (2005), but that standard includes provisions related to fixed, semifixed, and portable systems—the standard's provisions related to semifixed and portable systems are not necessary to complying with the regulation PRO identifies. *Id.* at 2; *see also generally* Supplemental Declaration of James Pauley, previously filed at Dkt. 198-50, ("Supp. Pauley Decl.") Ex. D (Dkt. 199, sealed). Similarly, Exhibit 91 identifies a regulation that requires veterans' cemeteries to meet the architectural and structural requirements of NFPA 101 (2003); that regulation does not require compliance with the standard's provisions related to one- and two-family dwellings, not to mention day-care occupancies, educational occupancies, industrial occupancies (or numerous others). Wise Decl. II ¶ 3, Ex. 175 at 19; *see also generally* Supp. Pauley Decl. Ex. T (Dkt. 199, sealed). | has provided several sources that each state that the incorporating language serves as a precise identification of what has been incorporated into law. These sources include:<br>• 5 U.S.C. § 552(a);<br>• 1 C.F.R. § 51 *et seq.*;<br>• *Appalachian Power Co. v. Train*, 566 F.2d 451, 457 (4th Cir. 1977);<br>• The Office of the Federal Register's IBR Handbook (Dkt. 204-64);<br>• The Office of the Federal Register's Document Drafting Handbook (Ex. 98 to Becker Supplemental Reply Decl.);<br>• Statement of Amy Bunk, former Director of the Office of the Federal Register, and current Director of Legal Affairs and Policy at the Office of the Federal Register (Dkt. 204-40);<br>• Testimony and statements of Mary Saunders, former Director of the Standards Coordination Office at the National Institute of Standards and Technology, and current Vice President of Government Relations and Public Policy at the American National Standards Institute (Dkt. 204-43 at 191:03-203:12 and 303:03-304:07; Dkt. 204-66; and Dkt. 203-21 at 4 (sealed Ex. 71)). |
| 9. 164 of the 191 ASTM standards at issue are available for free read-only access on ASTM's website; with respect to the remaining 27 ASTM standards at issue, ASTM is not aware of any regulation that has incorporated those standards by reference and PRO has not identified any. Declaration of Thomas O'Brien, previously filed at Dkt. 118-7, ¶ 60; Declaration of Jane Wise, previously filed at Dkt. 198-5, ¶ 157, Ex. 156. Each of the 23 NFPA standards at issue in this litigation is available for free read- | Disputed. There are 232 ASTM standards at issue. The chart that Plaintiffs provide at Wise Ex. 176 (Dkt. 213-6) inexplicably omits approximately 40 ASTM standards at issue, stating erroneously in footnote 1: "ASTM has only included Works listed in Appendix A that are the subject of the Parties' motions. ECF No. 198-2, ECF No. 202." Public Resource moved on every standard. Although Plaintiffs moved on only 192 of the 232 ASTM |

5

| **Plaintiffs' 3rd Supplemental Statement of Material Facts** | **Defendant Public Resource's Response** |
|---|---|
| only access on NFPA's website. Supp. Pauley Decl. ¶¶ 40-41. Each of the 3 ASHRAE standards at issue in this litigation is available for free read-only access on ASHRAE's website. Declaration of Stephanie Reiniche, previously filed at Dkt. 118-10, ¶ 19. | standards at issue, Plaintiffs have not explained to the Court or to Public Resource why they did not express confidence in moving on the remaining 40 ASTM standards. <br><br> Plaintiffs have not provided documentary evidence of the availability of each of the standards at issue on their respective read-only websites, and by imposing a license agreement in order to access the ASTM and NFPPA read-only portals, requiring a user to agree that the Plaintiffs respectively own copyrights over the standards at issue, Plaintiffs have created a barrier to prevent Public Resource or other individuals from confirming what standards are listed on the ASTM and NFPA read-only portals. <br><br> Additionally, ASHRAE does not make the 1993 ASHRAE Handbook available in read-only format, even though it is one of the standards at issue in this litigation and has not been available for sale for many years.  This means Public Resource is likely the only means for most people to access this incorporated standard.  See Becker Reply Decl. Ex. 101 (https://www.ashrae.org/technical-resources/standards-and-guidelines/read-only-versions-of-ashrae-standards). |
| 10. In at least eleven instances, PRO's Internet Archive postings continue to display the ASTM Logo. Wise Decl. II ¶ 5, Ex. 177. | |

Dated:     January 16, 2020                         Respectfully submitted,

/s/   Andrew P. Bridges
Andrew P. Bridges (USDC-DC AR0002)
abridges@fenwick.com
Matthew B. Becker (admitted *pro hac vice*)
mbecker@fenwick.com
FENWICK & WEST LLP
801 California Street
Mountain View, CA 94041
Telephone:   (650) 988-8500
Facsimile:    (650) 938-5200

Corynne McSherry (admitted *pro hac vice*)
corynne@eff.org
Mitchell L. Stoltz (D.C. Bar No. 978149)
mitch@eff.org
ELECTRONIC FRONTIER FOUNDATION
815 Eddy Street
San Francisco, CA 94109
Telephone:   (415) 436-9333
Facsimile:    (415) 436-9993

David Halperin (D.C. Bar No. 426078)
davidhalperindc@gmail.com
1530 P Street NW
CSRL 2nd Floor
Washington, DC 20005
Telephone: (202) 905-3434

*Attorneys for Defendant-Counterclaimant*
Public.Resource.Org, Inc.

B9620/00403/FW/11235507.2