IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICAN SOCIETY FOR TESTING AND MATERIALS d/b/a ASTM INTERNATIONAL;<br><br>NATIONAL FIRE PROTECTION ASSOCIATION, INC.; and<br><br>AMERICAN SOCIETY OF HEATING, REFRIGERATING, AND AIR CONDITIONING ENGINEERS,<br><br>           Plaintiffs/Counter-defendants,<br><br>     v.<br><br>PUBLIC.RESOURCE.ORG, INC.,<br><br>           Defendant/Counterclaimant. | Case No. 1:13-cv-01215-TSC |

**PUBLIC RESOURCE'S REPLY IN SUPPORT OF ITS
REQUEST FOR JUDICIAL NOTICE (DKT. NO. 204-3)**

Plaintiffs appear to misunderstand the purpose and practice of judicial notice. In federal courts, judicial notice is governed by Fed.R.Evid. 201, which states in pertinent part that "[t]he court may judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."

Despite having the opportunity to do so, Plaintiffs do not contest the accuracy of the facts that Public Resource requested to be judicially noticed. Indeed, those facts are routine and their sources unimpeachable. Public Resource requested judicial notice for the following: (1) that the Indiana Supreme Court's citation to the 2002 National Electrical Safety Code (NESC) in

*Bellwether Properties, LLC v. Duke Energy Indiana, Inc.*, 87 N.E.3d 462, 469 (Ind. 2017) directs to the Internet Archive website, archive.org, which is evident from examining the URL cited by the *Bellwether* court;[1] (2) that the metadata page for this document indicates that it was "Uploaded by Public.Resource.Org;"[2] and (3) that the Institute of Electrical and Electronics Engineer (IEEE), which published the 2002 edition of the NESC, describes this version as "[s]uperseded," even though it is still Indiana law.[3]

Public Resource's President, Carl Malamud, has already testified to the fact that "[he is] the person who posted that 2002 version of the NESC to that location on the Internet Archive, in the course of [his] efforts to make the law freely available," and further testified that the metadata page for that document indicates that it was "[u]ploaded by Public.Resource.Org." Declaration of Carl Malamud (Dkt. 204-4) ¶ 42. Therefore, in compliance with Fed.R.Evid. 201(b), these facts are "not subject to reasonable dispute." Moreover, the purpose of judicial notice to these points is mundane: Public Resource simply asks for judicial notice of a state supreme court's observations of that court's own actions.

Plaintiffs do not cite any case law for their argument that the scope of this request for judicial notice is prohibited as hearsay. Nor do Plaintiffs address any of the cases cited by Public Resource where adjudicative facts like these have been noticed by District of Columbia courts. *See Bebchick v. Washington Metro. Area Transit Comm'n*, 485 F.2d 858, 880 n. 176 (D.C. Cir. 1973) ("[M]atters of public record . . . [are] well within the range of judicial notice."); *Pharm.*

---

[1] The URL listed in the opinion is:
https://ia600704.us.archive.org/16/items/gov.law.ieee.c2.2002/ieee.c2.2002.pdf.

[2] *See* https://archive.org/details/gov.law.ieee.c2.2002 and
https://ia600704.us.archive.org/16/items/gov.law.ieee.c2.2002/ieee.c2.2002.pdf_meta.txt

[3] *See* http://ieeexplore.ieee.org/document/6516109/

*Research & Manufacturers of Am. v. United States Dep't of Health & Human Servs.*, 43 F. Supp. 3d 28, 33 (D.D.C. 2014) (noting that this Court has "frequently taken judicial notice of information posted on official public websites of government agencies") (citing *Cannon v. District of Columbia*, 717 F.3d 200, 205 n. 2 (D.C. Cir. 2013)). The treatise that Plaintiffs cite states that there is wide disagreement regarding the proper scope of judicial notice, but acknowledges that it is proper for a court to use judicial notice to recognize facts from court records "whose accuracy cannot reasonably be disputed," including judicial actions. 21B Fed. Prac. & Proc. Evid. § 5106.4 (internal quotations omitted). The treatise contrasts this with requesting judicial notice of something like pleadings or testimony to be used for the truth of the matter asserted, which it argues would be improper because those facts could be (and likely were) readily contested. *Id*.

In any event, the subjects of this request for judicial notice fit within the exceptions to hearsay, because they are public records and records of a regularly conducted activity. Fed.R.Evid. 803. If necessary, this matter should also fall under the residual exception of Fed.R.Evid. 807, because "the statement[s] [are] supported by sufficient guarantees of trustworthiness—after considering the totality of circumstances under which it was made and evidence, if any, corroborating the statement," and it would be unreasonable to require Public Resource to subpoena the justices of the Indiana Supreme Court or the Institute of Electrical and Electronics Engineer (IEEE) for straightforward statements that Plaintiffs do not and could not factually contest.[4]

Plaintiffs also argue that the request for judicial notice should be denied because the matter is not relevant. Of course, if Plaintiffs truly believed the matter was irrelevant, they probably

---

[4] Plaintiffs cannot claim to be without notice, as Public Resource previously raised the issue of judicial notice of these facts before the Court of Appeals (USCA Case No. 17-7035, Document No. 1718060, p. 4 n.5), yet Plaintiffs did not object then. The Court of Appeals did not address this issue in its opinion.

would not have spent the time researching and opposing this request for judicial notice. In fact, the *Bellweather* opinion cuts down one of Plaintiffs' primary arguments throughout this litigation: the allegation that citizens do not actually use the standards Public Resource posts as law, and the further implication that citizens could somehow find these documents elsewhere. Moreover, it also rebuts Plaintiffs' argument that the public interest favors an injunction, and that "PRO cannot identify any adverse public impact that would arise if an injunction were granted." Plaintiffs' Mem. of Law in Support of Their Second Mot. for Summary Judgment and Permanent Injunction, p. 45. If Public Resource had been enjoined from carrying out its mission, the Indiana Supreme Court would not have been able to obtain a copy of the law.

Moreover, the case law that Plaintiffs cite is inapposite. *Whiting v. AARP* concerned a motion to dismiss, for which *any* request for judicial notice would be irrelevant because the only thing a court considers at that stage is what is pleaded in the complaint itself (which is taken as true, so no external verification is needed). 637 F.3d 335, 364 (D.C. Cir. 2011). *Larson v. Dep't of State* has no explanation of its decision—the request for judicial notice is not mentioned until the very last sentence of the opinion, which simply says: "We deny the plaintiffs' request for judicial notice of articles relating to Guatemala and government secrecy because those articles are irrelevant to our inquiry; taking notice of them would not affect our opinion." 565 F.3d 857, 870 (D.C. Cir. 2009). Here, the matter Public Resource has requested judicial notice of is directly relevant to Plaintiffs' burden concerning their request for a permanent injunction.

For the foregoing reasons, Public Resource requests that the Court take judicial notice of the facts described above.

Dated:  January 16, 2020

Respectfully submitted,

*/s/   Andrew P. Bridges*
Andrew P. Bridges (USDC-DC AR0002)
abridges@fenwick.com
Matthew B. Becker (admitted *pro hac vice*)
mbecker@fenwick.com
FENWICK & WEST LLP
801 California Street
Mountain View, CA 94041
Telephone:    (650) 988-8500
Facsimile:    (650) 938-5200

Corynne McSherry (admitted *pro hac vice*)
corynne@eff.org
Mitchell L. Stoltz (D.C. Bar No. 978149)
mitch@eff.org
ELECTRONIC FRONTIER FOUNDATION
815 Eddy Street
San Francisco, CA 94109
Telephone:    (415) 436-9333
Facsimile:    (415) 436-9993

David Halperin (D.C. Bar No. 426078)
davidhalperindc@gmail.com
1530 P Street NW
CSRL 2nd Floor
Washington, DC 20005
Telephone: (202) 905-3434

Attorneys for Defendant-Counterclaimant
Public.Resource.Org, Inc.