UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICAN SOCIETY FOR TESTING AND MATERIALS d/b/a/ ASTM INTERNATIONAL; <br><br> NATIONAL FIRE PROTECTION ASSOCIATION, INC.; and <br><br> AMERICAN SOCIETY OF HEATING, REFRIGERATING, AND AIR CONDITIONING ENGINEERS, <br><br>     Plaintiffs/ <br>    Counter-Defendants, <br><br> v. <br><br> PUBLIC.RESOURCE.ORG, INC., <br><br>     Defendant/ <br>    Counter-Plaintiff. | Case No. 1:13-cv-01215-TSC |

**PLAINTIFFS' OPPOSITION TO PUBLIC RESOURCE'S MOTION TO STRIKE PLAINTIFFS' RESPONSE TO PUBLIC RESOURCE'S STATEMENT OF DISPUTED FACTS (ECF No. 215-12)**

  The Court should deny PRO's Motion to Strike Plaintiffs' Response to Public Resource's Statement of Disputed Facts.[1]  Put simply, the local rules do not bar a response to disputed facts, and Plaintiffs' filing was proper.  Additionally, local rule LCvR 7(m) requires meeting and conferring prior to the filing of a motion to strike, which PRO failed to do in this instance.[2]

---

[1] It is not clear what document PRO seeks to strike.  It cites ECF No. 213-21, however, that document is Plaintiffs' Response to Defendant's Evidentiary Objections.

[2] Failure to comply with LCvR 7(m) alone justifies denial of PRO's motion.  *12 Percent Logistics, Inc. v. Unified Carrier Registration Plan Bd.*, 316 F. Supp. 3d 22, 24 (D.D.C. 2018); *Ellipso, Inc. v. Mann*, 460 F. Supp. 2d 99, 102 (D.D.C. 2006).

Contrary to PRO's claims, the rules are silent on the necessity and propriety of filing a response to a statement of disputed facts.  Where, as here, Plaintiffs' response to PRO's disputed facts aids the Court's resolution of the case, Plaintiffs submit that it should be permitted.

Plaintiffs believe that their submission helps the Court.  To resolve the motions for summary judgment, the Court needs to determine which disputes of fact are genuine and material (not merely which a party contends are genuine and material).  Plaintiffs' response to PRO's statement of disputed facts helps to illuminate these issues for resolution.  For example, PRO attempts to use its statement of disputed facts to make legal arguments regarding Plaintiffs' ownership of their copyrighted works, *see, e.g.*, Dkt. 204-1, ¶¶ 1-10; Plaintiffs' response explains why this is not a genuine issue of material fact (and is law of the case), *see, e.g.*, Dkt. 213-19, ¶¶ 1-10.  Likewise, PRO attempts to manufacture factual disputes that, as Plaintiffs' response demonstrates, are not genuine.  *See, e.g.*, Dkt 204-1 ¶¶ 14-18 (attempting to "dispute" that errors in its versions of the standards were never corrected); Dkt. 213-19 ¶¶ 14-18 (explaining that undisputed evidence is to the contrary).

Indeed, PRO *has* responded to Plaintiffs' statement of disputed facts through its reply and accompanying filings.  For example, responding to Plaintiffs' "dispute" that no evidence supported PRO's assertion that "Federal government employees authored parts of the standards at issue," PRO pointed to 20 hyperlinked websites and submitted a compilation of these websites as Exhibit 103 to the Supplemental Reply Declaration of Matthew Becker.[3]  *See* Dkt. 215-1

---

[3] Notably, even these documents do not support PRO's assertions.  To begin, it is not at all clear what relevance some of the documents have.  *See, e.g.*, Dkt. 215-9 at 19-21 (letters between counsel to Gimbel Brothers, Inc. and general counsel of Consumer Products Safety Commission regarding requirements of Federal Hazardous Substances Act); *id.* at 58 (Log of Meeting).  Other documents consist of a collection of proposals and comments that individuals working at the U.S. Consumer Product Safety Commission submitted to NFPA, but even these include

¶ 191.  PRO cannot complain that Plaintiffs have also responded to PRO's statement of disputed facts, nor should PRO be given an additional opportunity to offer its own responses to Plaintiffs' disputed facts.

## **CONCLUSION**

For the foregoing reasons, Plaintiffs respectfully request that this Court deny PRO's motion to strike.

---

documents that reflect an individual's position regarding a particular proposal, but do not themselves propose specific text, *see, e.g.*, *id.* at 2-3 (urging NFPA to accept Proposal no. 20-52), or offer text, but PRO does not show that the proposed text became part of the standard—likely because it cannot make that showing, *see, e.g.*, *id.* at 6 (proposing addition to Art. 210-8(a)(3) of NFPA 70 (1999)); Supplemental Declaration of James Pauley (Dkt No. 198-50), Ex. M (Dkt. No. 199-24, sealed) at 70-39 to 70-40 (NFPA-PR0015305-06) (not including proposed addition).  In any event, as before, PRO has not shown "that specific language in any of the works was 'prepared by an officer or employee of the United States Government as part of that person's official duties.'" *Am. Soc'y for Testing & Materials v. Public.Resource.Org, Inc.*, 896 F.3d 437, 446 (D.C. Cir. 2018) (citing 17 U.S.C. § 101).  Even if PRO could demonstrate that any text in any standard was initially proposed by a government employee in the course of that employee's official duties, it offers no support for its theories that these facts would somehow render the entire standard a "government work," that the omission of the employee from the copyright registration would affect ownership, or that the remainder of the standard would somehow become uncopyrightable.

3

Dated: January 31, 2020                    Respectfully submitted,

/s/ J. Kevin Fee
J. Kevin Fee (D.C. Bar: 494016)
Jane W. Wise (D.C. Bar: 1027769)
Morgan, Lewis & Bockius LLP
1111 Pennsylvania Ave., N.W.
Washington, D.C. 20004
Telephone: 202.739.5353
Email: kevin.fee@morganlewis.com
            jane.wise@morganlewis.com

*Counsel for American Society For Testing And Materials d/b/a/ ASTM International*

/s/ Kelly M. Klaus
Kelly M. Klaus
Rose L. Ehler
Munger, Tolles & Olson LLP
560 Mission St., 27th Floor
San Francisco, CA 94105
Tel: 415.512.4000
Email: Kelly.Klaus@mto.com
            Rose.Ehler@mto.com

Rachel G. Miller-Ziegler
Munger, Tolles & Olson LLP
1155 F St. NW, 7th Floor
Washington, DC 20004
Tel: 202.220.1100
Email: Rachel.Miller-Ziegler@mto.com

*Counsel for National Fire Protection Association, Inc.*

/s/ J. Blake Cunningham
Jeffrey S. Bucholtz (D.C. Bar: 452385)
David Mattern
King & Spalding LLP
1700 Pennsylvania Avenue, NW, Ste. 200
Washington, DC 20006-4707
Tel: 202.737.0500
Email: jbucholtz@kslaw.com

J. Blake Cunningham
King & Spalding LLP
101 Second Street, Ste. 2300
San Francisco, CA 94105
Tel: 415.318.1211
Email: bcunningham@kslaw.com

*Counsel for American Society of Heating, Refrigerating, and Air Conditioning Engineers*
