# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICAN SOCIETY FOR TESTING AND MATERIALS d/b/a ASTM INTERNATIONAL; <br><br> NATIONAL FIRE PROTECTION ASSOCIATION, INC.; and <br><br> AMERICAN SOCIETY OF HEATING, REFRIGERATING, AND AIR CONDITIONING ENGINEERS, <br><br>               Plaintiffs/ <br>               Counter-Defendants, <br><br>     v. <br><br> PUBLIC.RESOURCE.ORG, INC., <br><br>               Defendant/ <br>               Counter-Plaintiff. | Case No. 1:13-cv-01215-TSC |

**PLAINTIFFS' OBJECTIONS TO CERTAIN EVIDENCE IN PUBLIC RESOURCE'S REPLY TO ITS SECOND MOTION FOR SUMMARY JUDGMENT**

Pursuant to Local Civil Rule 7(h), Plaintiffs submit the following Objections to Certain Evidence in further opposition to PRO's Second Motion for Summary Judgment and in support of Plaintiffs' Motion for Summary Judgment and Permanent Injunction.

| SUPPLEMENTAL REPLY DECLARATION OF MATTHEW BECKER | PLAINTIFFS' RESPONSE |
|---|---|
| 2. Attached as Exhibit 98 is a true and correct copy of the Office of the Federal Register, Document Drafting Handbook, Aug. 2018 ed. (Rev. 1.1, dated Aug. 9, 2019), obtained from https://www.archives.gov/files/federal-register/write/handbook/ddh.pdf. Further information on the Document Drafting Handbook and the IBR Handbook is available from the Office of the Federal Register at *OFR Handbooks Frequently Asked Questions*, https://www.archives.gov/federal-register/write/handbook/faqs.html. | Objection. Exhibit 98 is inadmissible hearsay to the extent it is offered to prove the truth of the matter asserted. Additionally, the 2018 Document Drafting Handbook is irrelevant, especially with respect to any regulation for which IBR approval was sought prior to August 9, 2019 (the revision date of the Document Drafting Handbook), or that was promulgated before that date.<br><br>Plaintiffs object to PRO's reliance on the *OFR Handbooks Frequently Asked Questions* document that was referenced but not included as part of the exhibit. That evidence is irrelevant hearsay. Plaintiffs also object to the link on the basis that it has not been authenticated. Plaintiffs reserve their right to object to this document if/when PRO seeks to rely upon it. |
| 3. Attached as Exhibit 99 is a true and correct copy of the 1972 announcement in the Federal Register by the Office of the Federal Register of the incorporation by reference regulations, along with the text of that regulation: Incorporation by Reference, 37 Fed. Reg. 23602 (Nov. 4, 1972) (to be codified at 1 C.F.R. 51). | |
| 4. Attached as Exhibit 100 is a true and correct copy of the Office of the Federal Register's announcement, "OFR Director Charley Barth Stepping Down for New Opportunity," accessed Jan. 16, 2020, at https://www.federalregister.gov/reader-aids/office-of-the-federal-register-blog/2014/10/ofr-director-charley-barth-stepping-down. | Objection. Exhibit 100 is inadmissible hearsay to the extent it is offered to prove the truth of the matter asserted. It is also irrelevant.<br><br>Additionally, Plaintiffs object to PRO's reliance on Exhibit 100 to the extent it is intended to show: (1) that Ms. Amy Bunk was the acting Director of the OFR at the |

| **SUPPLEMENTAL REPLY DECLARATION OF MATTHEW BECKER** | **PLAINTIFFS' RESPONSE** |
|---|---|
| | time of PRO's Exhibit 34 (ECF No. 204-40, an undated email from Ms. Bunk in response to an email dated February 29, 2016), or (2) that her job responsibilities included interpreting or applying IBR policies. *See* ECF No. 215 at 5 n.2. PRO does not support either proposition, and the former appears demonstrably false. In PRO's Exhibit 34, Ms. Bunk's email signature identifies that she is "Director of Legal Affairs and Policy" for the Office of the Federal Register—not the acting director. And, while Exhibit 100 identifies October 31, 2014 as OFR Director Charley Barth's last day, the same website on which PRO relies in Exhibit 100 indicates that Oliver Potts was selected as the 9th Director of the OFR, effective August 9, 2015. *See* Addendum A, available at https://www.federalregister.gov/reader-aids/office-of-the-federal-register-blog/2015/08/oliver-potts-selected-as-9th-director-of-the-federal-register. Ms. Bunk was not the acting Director of the OFR at time the emails in Exhibit 34 were written.<br><br>PRO relies on Exhibit 100 as evidence that Ms. Bunk's statement in Exhibit 34 "qualifies as an exception to the hearsay rules under F.R.E. 803(8), and also qualifies for the residual exception under F.R.E. 807." ECF No. 215 at 5, n.2. However, neither PRO's Exhibit 100 nor Exhibit 34 identify the OFR's activities, any legal duty to report, or factual findings from a legally authorized investigation as required to qualify as an exception to the hearsay rule under F.R.E. 803(8). Nor has PRO offered the required foundation to demonstrate that the email qualifies under the residual exception to the rule against hearsay. |
| 5. Attached as Exhibit 101 is a true and correct copy of ASHRAE's "Read-Only | Objection. Exhibit 101 is irrelevant as 1993 ASHRAE Handbook is not a work at issue in |

| **SUPPLEMENTAL REPLY DECLARATION OF MATTHEW BECKER** | **PLAINTIFFS' RESPONSE** |
|---|---|
| Versions of ASHRAE Standards" webpage (accessed Jan. 16, 2020), at https://www.ashrae.org/technical-resources/standards-and-guidelines/read-only-versions-ofashrae-standards. This page shows that the 1993 ASHRAE Handbook is not among the standards that it makes available for read-only access, even though that standard is incorporated by reference into law at 10 C.F.R. § 434.701 (2011). | this motion. *See* ECF 198-2, Pls' Appendix A; ECF No. 202 Def.'s Mot. (moving for summary judgment on the "works listed in Appendix A to Plaintiffs' motion (Dkt. 198-2)"). |
| 6. Attached for the Court's convenience as Exhibit 102 is a true and correct copy of an email from NFPA, previously submitted at Dkt. 124-5, in which NFPA advertises: "Be confident your electrical work complies with California law. . . . California has adopted the 2011 NEC. Order the NEC Handbook today and receive FREE tabs!" | Objection. PRO mischaracterizes the document. Plaintiffs object to Exhibit 102 to the extent PRO relies on the document to imply that Plaintiffs "profit" from incorporation by reference. ECF No. 215 at 22-23. This information does not show that NFPA "profits" from incorporation by reference. The email was sent on June 16, 2015, at a time when the 2014 NEC and 2014 NEC Handbook had already been published. The email served the purpose of informing individuals who work in California of the standard that had been incorporated at the time. In any event, NFPA is a non-profit whose mission is driven by enhancing fire safety. PRO does not cite any evidence related to ASTM or ASHRAE to support this statement. |
| 7. Attached for the Court's convenience as Exhibit 103 is a true and correct compilation of the statements and contributions from the Consumer Product Safety Commission that were located at table 6 of "Comment on Safety Standard for Automatic Residential Garage Door Operators", Public.Resource.Org, Nov. 16, 2015, at https://law.resource.org/pub/us/cfr/regulations.gov.docket.15/cpsc.gov.20151116.html#t6 (cataloguing nineteen textual contributions to the National Electrical Code from Consumer Product Safety Commission staff), but which are presently unavailable due to maintenance on the Consumer Product Safety | Objection. Exhibit 103 is irrelevant. PRO has failed to offer any evidence that any proposed text was prepared by a government employee in the scope of that official's duties and became part of a standard at issue. Even if it could, such evidence would still not be relevant because PRO has offered no support for its theories that such text would somehow render the entire standard a "government work," that the omission of the employee from the copyright registration would affect ownership, or that the remainder of the standard would somehow become uncopyrightable. |

3

| SUPPLEMENTAL REPLY DECLARATION OF MATTHEW BECKER | PLAINTIFFS' RESPONSE |
|---|---|
| Commission website. Automatically archived versions of these documents are available on the Internet Archive at the following locations:<br><br>https://web.archive.org/web/20170207161319/ https://www.cpsc.gov/PageFiles/117366/comment422f.pdf<br>https://web.archive.org/web/20170223204422/ https://www.cpsc.gov/PageFiles/117373/comment210-12.pdf<br>https://web.archive.org/web/20170222233233/ https://www.cpsc.gov/PageFiles/117338/210-8a3.pdf<br>https://web.archive.org/web/20170125025404/ https://www.cpsc.gov/PageFiles/117351/210-12c.pdf<br>https://web.archive.org/web/20170207071338/ https://www.cpsc.gov/PageFiles/117355/230-xx.pdf<br>https://web.archive.org/web/20170212055701/ https://www.cpsc.gov/PageFiles/108276/210.12n.pdf<br>https://web.archive.org/web/20170207065403/ https://www.cpsc.gov/PageFiles/109754/210.8A.pdf<br>https://web.archive.org/web/20170211071503/ https://www.cpsc.gov/PageFiles/108291/100.pdf<br>https://web.archive.org/web/20170224211212/ https://www.cpsc.gov/PageFiles/108285/230.xx.pdf<br>https://web.archive.org/web/20170209202716/ https://www.cpsc.gov/PageFiles/109760/210.8B.pdf<br>https://web.archive.org/web/20170210000456/ https://www.cpsc.gov/PageFiles/108298/210.12r.pdf<br>https://web.archive.org/web/20170131113344/ https://www.cpsc.gov/PageFiles/117282/afci.pdf | |

| **SUPPLEMENTAL REPLY DECLARATION OF MATTHEW BECKER** | **PLAINTIFFS' RESPONSE** |
|---|---|
| https://web.archive.org/web/20170212083913/ https://www.cpsc.gov/PageFiles/117286/bedrooms.pdf https://web.archive.org/web/20170223052803/ https://www.cpsc.gov/PageFiles/117292/editorial.pdf https://web.archive.org/web/20170201050551/ https://www.cpsc.gov/PageFiles/117296/smokealarm.pdf https://web.archive.org/web/20170212112237/ https://www.cpsc.gov/PageFiles/117301/boathoists.pdf https://web.archive.org/web/20170201050551/ https://www.cpsc.gov/PageFiles/117296/smokealarm.pdf https://web.archive.org/web/20170131074532/ https://www.cpsc.gov/PageFiles/117275/NFPA70_550_13b.pdf https://web.archive.org/web/20170212163343/ https://www.cpsc.gov/PageFiles/107512/NFPA70_550_25.pdf https://web.archive.org/web/20170131074532/ https://www.cpsc.gov/PageFiles/117275/NFPA70_550_13b.pdf | |

Dated: January 31, 2020

Respectfully submitted,

*/s/ J. Kevin Fee*

J. Kevin Fee (D.C. Bar: 494016)
Jane W. Wise (D.C. Bar: 1027769)
Morgan, Lewis & Bockius LLP
1111 Pennsylvania Ave., N.W.
Washington, D.C. 20004
Tel: 202.739.5353
Email: kevin.fee@morganlewis.com
          jane.wise@morganlewis.com

*Counsel For American Society For Testing And Materials d/b/a ASTM International*

*/s/ Kelly M. Klaus*

Kelly M. Klaus (*pro hac vice*)
MUNGER, TOLLES & OLSON LLP
560 Mission St., 27th Floor
San Francisco, CA 94105
Tel: 415.512.4000
Email: Kelly.Klaus@mto.com

Rose L. Ehler (*pro hac vice*)
MUNGER, TOLLES & OLSON LLP
350 South Grand Ave., 50th Floor
Los Angeles, CA 90071
Tel: 213.683.9100
Email: Rose.Ehler@mto.com

Rachel G. Miller-Ziegler
MUNGER, TOLLES & OLSON LLP
1155 F St. NW, 7th Floor
Washington, DC 20004
Tel: 202.220.1100
Email: Rachel.Miller-Ziegler@mto.com

*Counsel for National Fire Protection Association, Inc.*


*/s/ J. Blake Cunningham*

Jeffrey S. Bucholtz (D.C. Bar: 452385)
David Mattern
King & Spalding LLP
1700 Pennsylvania Avenue, NW, Ste. 200
Washington, DC 20006-4707
Tel: 202.737.0500
Email: jbucholtz@kslaw.com

J. Blake Cunningham
King & Spalding LLP
101 Second Street, Ste. 2300
San Francisco, CA 94105
Tel: 415.318.1211
Email: bcunningham@kslaw.com

*Counsel for American Society of Heating, Refrigerating, and Air Conditioning Engineers*

# Addendum A

**LEGAL STATUS**

This site displays a prototype of a "Web 2.0" version of the daily Federal Register. It is not an official legal edition of the Federal Register, and does not replace the official print version or the official electronic version on GPO's govinfo.gov.

The documents posted on this site are XML renditions of published Federal Register documents. Each document posted on the site includes a link to the corresponding official PDF file on govinfo.gov. This prototype edition of the daily Federal Register on FederalRegister.gov will remain an unofficial informational resource until the Administrative Committee of the Federal Register (ACFR) issues a regulation granting it official legal status. For complete information about, and access to, our official publications and services, go to About the Federal Register on NARA's archives.gov.

The OFR/GPO partnership is committed to presenting accurate and reliable regulatory information on FederalRegister.gov with the objective of establishing the XML-based Federal Register as an ACFR-sanctioned publication in the future. While every effort has been made to ensure that the material on FederalRegister.gov is accurately displayed, consistent with the official SGML-based PDF version on govinfo.gov, those relying on it for legal research should verify their results against an official edition of the Federal Register. Until the ACFR grants it official status, the XML rendition of the daily Federal Register on FederalRegister.gov does not provide legal notice to the public or judicial notice to the courts.

**LEGAL STATUS**

**READER AIDS**

# Oliver Potts Selected as 9th Director of the Federal Register

[Cross-posted from National Archives internal blog, *Declarations*]

The National Archives and Records Administration and the Office of the Federal Register are pleased to announce the selection of Oliver Potts as the 9th Director of the Federal Register, effective August 9, 2015.

As Director, Potts will lead the Office of the Federal Register, which publishes the official text of Federal laws, Presidential documents, and administrative regulations and notices. The Office of the Federal Register also prepares descriptions of Federal organizations, programs and activities, coordinates the functions of the Electoral College, and administers the constitutional amendment process. As Director, Potts will lead continued change, including greater integration with NARA's other open government, research, and information sharing programs and information systems.

Potts has served in the Federal government for more than 15 years, most recently as Deputy Executive Secretary at the Department of Health and Human Services (HHS), where he was responsible for oversight and coordination of HHS's regulatory agenda. He also managed the Secretary's regulatory policy review system and correspondence and records management operations.

Prior to his current position, Potts served as Director of the Civil Remedies Division, an administrative law tribunal at HHS. There he oversaw development of processes for publishing administrative law decisions on the internet, as well as the process for publishing procedural documents and standard litigation forms for customers. Potts also led the development and implementation of an internal tracking and reporting system and an electronic filing system to make filing appeals paperless.

Originally from New York City, Potts received a BA in Government and Politics from George Mason University and a JD from the University of Connecticut School of Law. He lives in Arlington, VA with his wife and their three children.

**READER AID NAVIGATION**

All Reader Aids Content (/reader-aids)

- **Office of the Federal Register Blog (/reader-aids/office-of-the-federal-register-blog)**
- Using FederalRegister.Gov (/reader-aids/using-federalregister-gov)
- Understanding the Federal Register (/reader-aids/understanding-the-federal-register)
- Recent Site Updates (/reader-aids/recent-updates)
- Videos & Tutorials (/reader-aids/videos-tutorials)
- Developer Resources (/reader-aids/developer-resources)
- Government Policy and OFR Procedures (/reader-aids/government-policy-and-ofr-procedures)
- Congressional Review (/reader-aids/congressional-review)

**READER AID NAVIGATION**

Comments for this thread are now closed ✕

0 Comments  FederalRegister.gov  🔴 1  Login

♡ Recommend 2    Tweet    f Share    Sort by Newest

This discussion has been closed.

✉ Subscribe  ᴅ Add Disqus to your siteAdd DisqusAdd

READER AIDS