# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICAN SOCIETY FOR TESTING AND MATERIALS d/b/a ASTM INTERNATIONAL; <br><br> NATIONAL FIRE PROTECTION ASSOCIATION, INC.; and <br><br> AMERICAN SOCIETY OF HEATING, REFRIGERATING, AND AIR CONDITIONING ENGINEERS, <br><br>       Plaintiffs/Counter-defendants, <br><br>   v. <br><br> PUBLIC.RESOURCE.ORG, INC., <br><br>       Defendant/Counterclaimant. | Case No. 1:13-cv-01215-TSC |

**PUBLIC RESOURCE'S RESPONSE TO PLAINTIFFS' OBJECTIONS TO CERTAIN EVIDENCE IN PUBLIC RESOURCE'S REPLY TO ITS SECOND MOTION FOR SUMMARY JUDGMENT**

Public Resource submits the following response to Plaintiffs' objections to evidence in Public Resource's Reply in support of its Second Motion for Summary Judgment (ECF No. 217).

| SUPPLEMENTAL REPLY DECLARATION OF MATTHEW BECKER | PLAINTIFFS' RESPONSE | PUBLIC RESOURCE'S RESPONSE |
|---|---|---|
| 2. Attached as Exhibit 98 is a true and correct copy of the Office of the Federal Register, Document Drafting Handbook, Aug. 2018 ed. (Rev. 1.1, dated Aug. 9, 2019), obtained from https://www.archives.gov/files/federal- register/write/handbook/ddh.pdf. Further information on the Document Drafting Handbook and the IBR Handbook is available from the Office of the Federal Register at *OFR Handbooks Frequently Asked Questions*, https://www.archives.gov/federal-register/write/handbook /faqs.html. | Objection. Exhibit 98 is inadmissible hearsay to the extent it is offered to prove the truth of the matter asserted. Additionally, the 2018 Document Drafting Handbook is irrelevant, especially with respect to any regulation for which IBR approval was sought prior to August 9, 2019 (the revision date of the Document Drafting Handbook), or that was promulgated before that date.<br><br>Plaintiffs object to PRO's reliance on the *OFR Handbooks Frequently Asked Questions* document that was referenced but not included as part of the exhibit. That evidence is irrelevant hearsay. Plaintiffs also object to the link on the basis that it has not been authenticated. Plaintiffs reserve their right to object to this document if/when PRO seeks to rely upon it. | This evidence is admissible as a record of the Office of the Federal Register made in the ordinary course of business.  It is also a record or statement of a public office that sets out the office's activities.  Fed. R. Evid. 803(8).<br><br>This also qualifies for the residual exception under Fed. R. Evid. 807, because the statements in the documents are supported by sufficient guarantees of trustworthiness (these are official OFR documents that are stating OFR policy), and because these are official OFR documents setting out OFR's policy, they are more probative of OFR policy than any other evidence that could be obtained through reasonable means.<br><br>Additionally, the quotations are offered for the fact that the OFR represents to the public and to federal agencies that if material is necessary to understand or comply with the regulation, the agency must incorporate that material by reference and seek IBR approval from the Director of the Federal Register.  This document shows a consistent continuation of this policy from the inception of the formal incorporation by reference procedure to today. |

| SUPPLEMENTAL REPLY DECLARATION OF MATTHEW BECKER | PLAINTIFFS' RESPONSE | PUBLIC RESOURCE'S RESPONSE |
|---|---|---|
| | | This evidence is relevant to evaluating the nature and character of Public Resource's use of standards incorporated by reference into law, which bears directly on fair use and related questions. |
| 3. Attached as Exhibit 99 is a true and correct copy of the 1972 announcement in the Federal Register by the Office of the Federal Register of the incorporation by reference regulations, along with the text of that regulation:Incorporation by Reference, 37 Fed. Reg. 23602 (Nov. 4, 1972) (to be codified at 1 C.F.R. 51). | | |
| 4. Attached as Exhibit 100 is a true and correct copy of the Office of the Federal Register's announcement, "OFR Director Charley Barth Stepping Down for New Opportunity," accessed Jan. 16, 2020, at https://www.federal register.gov/reader-aids/office-of-the-federal-register- blog/2014/10/ofr-director-charley-barth-stepping-down. | Objection. Exhibit 100 is inadmissible hearsay to the extent it is offered to prove the truth of the matter asserted. It is also irrelevant.<br><br>Additionally, Plaintiffs object to PRO's reliance on Exhibit 100 to the extent it is intended to show: (1) that Ms. Amy Bunk was the acting Director of the OFR at the time of PRO's Exhibit 34 (ECF No. 204-40, an undated email from Ms. Bunk in response to an email dated February 29, 2016), or (2) that her job responsibilities included interpreting or applying IBR policies. *See* ECF No. 215 at 5 n.2. PRO does not support either proposition, and the | This evidence is admissible as a record of the Office of the Federal Register made in the ordinary course of business.  It is also a record or statement of a public office that sets out the office's activities.  Fed. R. Evid. 803(8).<br><br>This also qualifies for the residual exception under Fed. R. Evid. 807, because the statement in the document is supported by sufficient guarantees of trustworthiness (this is an OFR statement that identifies who the acting Director of the OFR is), and because this is an OFR statement identifying OFR's own acting Director, it is more probative of the identity of OFR's acting Director as of publication than any other evidence that could be obtained through reasonable |

| SUPPLEMENTAL REPLY DECLARATION OF MATTHEW BECKER | PLAINTIFFS' RESPONSE | PUBLIC RESOURCE'S RESPONSE |
|---|---|---|
| | former appears demonstrably false. In PRO's Exhibit 34, Ms. Bunk's email signature identifies that she is "Director of Legal Affairs and Policy" for the Office of the Federal Register—not the acting director. And, while Exhibit 100 identifies October 31, 2014 as OFR Director Charley Barth's last day, the same website on which PRO relies in Exhibit 100 indicates that Oliver Potts was selected as the 9th Director of the OFR, effective August 9, 2015. *See* Addendum A, available at https://www.federalregister.gov/reader-aids/office-of-the-federal-register-blog/2015/08/oliver-potts-selected-as-9th-director-of-the-federal-register. Ms. Bunk was not the acting Director of the OFR at time the emails in Exhibit 34 were written.<br><br>PRO relies on Exhibit 100 as evidence that Ms. Bunk's statement in Exhibit 34 "qualifies as an exception to the hearsay rules under F.R.E. 803(8), and also qualifies for the residual exception under F.R.E. 807." ECF No. 215 at 5, n.2. However, neither PRO's Exhibit 100 nor Exhibit 34 identify the OFR's activities, any legal duty to report, or | means.<br><br>Plaintiffs' additional objections are misplaced. Public Resource did not state that Ms. Amy Bunk was the acting Director of the OFR at the time that she wrote Exhibit 34. Instead, Ms. Bunk had recently concluded her role as acting Director of the OFR at the time she wrote that document, and was drawing from her experience and authority as someone who had served in that capacity.<br><br>Likewise, Public Resource did not assert that Exhibit 100 stated that Ms. Bunk's job responsibilities included interpreting or applying IBR policies. Instead, it stated that Ms. Bunk was the acting Director of the OFR. The fact that Ms. Bunk, as acting Director of the OFR, was in charge of interpreting and applying IBR policies is evident from the plain text of *both* 1 C.F.R. §51.1 and 5 U.S.C. 552(a), which state that the Director of the OFR is responsible for the administration of the incorporation by reference procedure and must "interpret and apply" its language.<br><br>Plaintiffs' objection that Public Resource has not "identif[ied] the OFR's activities, any legal duty to report, or factual findings from a legally authorized investigation" is simply incorrect. This is a statement from the OFR about its appointment of Ms. Bunk as acting Director, and such |

3

| SUPPLEMENTAL REPLY DECLARATION OF MATTHEW BECKER | PLAINTIFFS' RESPONSE | PUBLIC RESOURCE'S RESPONSE |
|---|---|---|
| | factual findings from a legally authorized investigation as required to qualify as an exception to the hearsay rule under F.R.E. 803(8). Nor has PRO offered the required foundation to demonstrate that the email qualifies under the residual exception to the rule against hearsay. | appointment is an activity of the OFR. |
| 5. Attached as Exhibit 101 is a true and correct copy of ASHRAE's "Read-Only Versions of ASHRAE Standards" webpage (accessed Jan. 16, 2020), at https://www.ashrae.org/ technical-resources/standards-and-guidelines/read-only- versions-ofashrae-standards. This page shows that the 1993 ASHRAE Handbook is not among the standards that it makes available for read- only access, even though that standard is incorporated by reference into law at 10 C.F.R. § 434.701 (2011). | Objection. Exhibit 101 is irrelevant as 1993 ASHRAE Handbook is not a work at issue in this motion. *See* ECF 198-2, Pls' Appendix A; ECF No. 202 Def.'s Mot. (moving for summary judgment on the "works listed in Appendix A to Plaintiffs' motion (Dkt. 198-2)"). | Plaintiffs' relevance objection is bizarre, considering that the 1993 ASHRAE Handbook is one of the standards that Plaintiffs have sued Public Resource over in this litigation, and Public Resource's Second Motion for Summary Judgment asserts a fair use defense to every standard Plaintiffs have asserted in their amended complaint.<br><br>Although Plaintiffs may have chosen not to move on this and numerous other standards in order to avoid the embarrassment that this standard is not available on Plaintiffs' reading room and also has not been available for purchase from Plaintiffs for many years, the standard is still relevant because Public Resource has moved on it as part of its fair use defense. |
| 6. Attached for the Court's convenience as Exhibit 102 is a true and correct copy of an email from NFPA, previously submitted at Dkt. 124-5, in which NFPA advertises: | Objection. PRO mischaracterizes the document. Plaintiffs object to Exhibit 102 to the extent PRO relies on the document to | Plaintiffs' assert a distinction without a difference. The NFPA email advertises its products based on California's adoption of the NEC, and encourages people |

4

| SUPPLEMENTAL REPLY DECLARATION OF MATTHEW BECKER | PLAINTIFFS' RESPONSE | PUBLIC RESOURCE'S RESPONSE |
|---|---|---|
| "Be confident your electrical work complies with California law. . . . California has adopted the 2011 NEC. Order the NEC Handbook today and receive FREE tabs!" | imply that Plaintiffs "profit" from incorporation by reference. ECF No. 215 at 22-23. This information does not show that NFPA "profits" from incorporation by reference. The email was sent on June 16, 2015, at a time when the 2014 NEC and 2014 NEC Handbook had already been published. The email served the purpose of informing individuals who work in California of the standard that had been incorporated at the time. In any event, NFPA is a non-profit whose mission is driven by enhancing fire safety. PRO does not cite any evidence related to ASTM or ASHRAE to support this statement. | to purchase the NEC Handbook in order to be confident their electrical work complies with California law. |
| 7. Attached for the Court's convenience as Exhibit 103 is a true and correct compilation of the statements and contributions from the Consumer Product Safety Commission that were located at table 6 of "Comment on Safety Standard for Automatic Residential Garage Door Operators", Public.Resource.Org, Nov. 16, 2015, at https://law.resource.org/pub/us/cfr/regulations.gov.docket.15/cpsc.gov.20151116. html#t6 (cataloguing nineteen textual contributions to the National Electrical Code from Consumer Product Safety Commission staff), but which are presently unavailable due to maintenance on the Consumer | Objection. Exhibit 103 is irrelevant. PRO has failed to offer any evidence that any proposed text was prepared by a government employee in the scope of that official's duties and became part of a standard at issue. Even if it could, such evidence would still not be relevant because PRO has offered no support for its theories that such text would somehow render the entire standard a "government work," that the omission of the employee from the copyright registration would affect ownership, or that the remainder of the standard would somehow become | Exhibit 103 is relevant because it shows over a dozen contributions by federal government employees, acting in their official capacities, providing revisions to the National Electrical Code, NFPA 70.

For example, U.S. Consumer Product Safety Commission employee Doug Lee submitted a proposal on October 26, 2005 to amend Section 210.12(a) of NFPA 70, the National Electrical Code. See Dkt. 215-9 (Ex. 103) pp. 30-31. In that proposal, he crossed out the NFPA's language asking for a grant of |

5

| SUPPLEMENTAL REPLY DECLARATION OF MATTHEW BECKER | PLAINTIFFS' RESPONSE | PUBLIC RESOURCE'S RESPONSE |
|---|---|---|
| Product Safety Commission website. Automatically archived versions of these documents are available on the Internet Archive at the following locations:<br><br>https://web.archive.org/web/20170207161319/<br>https://www.cpsc.gov/PageFiles/117366/comm ent422f.pdf<br>https://web.archive.org/web/20170223204422/<br>https://www.cpsc.gov/PageFiles/117373/comm ent210-12.pdf<br>https://web.archive.org/web/20170222233233/<br>https://www.cpsc.gov/PageFiles/117338/210- 8a3.pdf<br>https://web.archive.org/web/20170125025404/<br>https://www.cpsc.gov/PageFiles/117351/210- 12c.pdf<br>https://web.archive.org/web/20170207071338/<br>https://www.cpsc.gov/PageFiles/117355/230- xx.pdf<br>https://web.archive.org/web/20170212055701/<br>https://www.cpsc.gov/PageFiles/108276/210.1 2n.pdf<br>https://web.archive.org/web/20170207065403/<br>https://www.cpsc.gov/PageFiles/109754/210.8 A.pdf<br>https://web.archive.org/web/20170211071503/<br>https://www.cpsc.gov/PageFiles/108291/100.p df<br>https://web.archive.org/web/20170224211212/<br>https://www.cpsc.gov/PageFiles/108285/230.x x.pdf<br>https://web.archive.org/web/201702 | uncopyrightable. | copyright, and instead explicitly stated that "Pursuant to 17 U.S.C. Sec. 105, I cannot transfer copyright rights to work of the U.S. Government." Mr. Lee's proposed addition of text was included in the next edition of the National Electrical Code, 2008 NFPA 70, at Section 210.12(a).<br><br>Similarly, on October 29, 2008 Mr. Lee provided a proposal to amend Section 550.13(B) of the National Electrical Code to add the language "Exceptions listed in 210.8 shall be permitted." See Dkt. 215-9 (Ex. 103) p. 62. He likewise crossed out NFPA's copyright agreement language and stated that he is CPSC staff and cannot transfer copyright rights to NFPA. This language was adopted nearly verbatim in the following edition of the National Electrical Code, 2011, in Section 550.13(B), reading: "The exceptions in 210.8(A) shall be permitted."<br><br>Likewise, also on October 29, 2008 Mr. Lee provided a proposal to amend Section 550.25(B) of the National Electrical Code to read: "Bedrooms of Mobile Homes and Manufactured Homes. All 120-volt branch circuits that supply 15- and 20- ampere outlets installed in family rooms, dining rooms, living |

6

| SUPPLEMENTAL REPLY DECLARATION OF MATTHEW BECKER | PLAINTIFFS' RESPONSE | PUBLIC RESOURCE'S RESPONSE |
|---|---|---|
| 09202716/<br>https://www.cpsc.gov/PageFiles/109760/210.8 B.pdf<br>https://web.archive.org/web/20170210000456/<br>https://www.cpsc.gov/PageFiles/108298/210.1 2r.pdf<br>https://web.archive.org/web/20170131113344/<br>https://www.cpsc.gov/PageFiles/117282/afci.pdf<br>https://web.archive.org/web/20170212083913/<br>https://www.cpsc.gov/PageFiles/117286/bedro oms.pdf<br>https://web.archive.org/web/20170223052803/<br>https://www.cpsc.gov/PageFiles/117292/editor ial.pdf<br>https://web.archive.org/web/20170201050551/<br>https://www.cpsc.gov/PageFiles/117296/smok ealarm.pdf<br>https://web.archive.org/web/20170212112237/<br>https://www.cpsc.gov/PageFiles/117301/boath oists.pdf<br>https://web.archive.org/web/20170201050551/<br>https://www.cpsc.gov/PageFiles/117296/smok ealarm.pdf<br>https://web.archive.org/web/20170131074532/<br>https://www.cpsc.gov/PageFiles/117275/NFP A70_550_13b.pdf<br>https://web.archive.org/web/20170212163343/<br>https://www.cpsc.gov/PageFiles/107512/NFP A70_550_25.pdf<br>https://web.archive.org/web/20170131074532/<br>https://www.cpsc.gov/PageFiles/11 | | rooms, parlors, libraries, dens, bedrooms, sunrooms, recreation rooms, closets, hallways, or similar rooms or areas of mobile homes and manufactured homes shall comply with 210.12(B)." See Dkt. 215-9 (Ex. 103) p. 63.  He likewise crossed out NFPA's copyright agreement language and stated that he is CPSC staff and cannot transfer copyright rights to NFPA. This language was adopted nearly verbatim in the following edition of the National Electrical Code, 2011, in Section 550.25(B), with the only difference being that the last word is "210.12" rather than "210.12(B)."<br><br>The remainder of Plaintiffs' objection appears to be legal argument disputing the notion that a work jointly authored with a federal government employee could become a federal government work, but Plaintiffs offer no legal citations to support their disagreement. |

7

| SUPPLEMENTAL REPLY DECLARATION OF MATTHEW BECKER | PLAINTIFFS' RESPONSE | PUBLIC RESOURCE'S RESPONSE |
|---|---|---|
| 7275/NFP A70_550_13b.pdf | | |

Dated: February 7, 2020

Respectfully submitted,

/s/   Matthew B. Becker
Andrew P. Bridges (USDC-DC AR0002)
abridges@fenwick.com
Matthew B. Becker (admitted *pro hac vice*)
mbecker@fenwick.com
FENWICK & WEST LLP
801 California Street
Mountain View, CA 94041
Telephone:   (650) 988-8500

Corynne McSherry (admitted *pro hac vice*)
corynne@eff.org
Mitchell L. Stoltz (D.C. Bar No. 978149)
mitch@eff.org
ELECTRONIC FRONTIER FOUNDATION
815 Eddy Street
San Francisco, CA 94109
Telephone:   (415) 436-9333

David Halperin (D.C. Bar No. 426078)
davidhalperindc@gmail.com
1530 P Street NW 2nd Floor
Washington, DC 20005
Telephone: (202) 905-3434

*Attorneys for Defendant-Counterclaimant*
Public.Resource.Org, Inc.