IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICAN SOCIETY FOR TESTING AND MATERIALS d/b/a ASTM INTERNATIONAL;<br><br>NATIONAL FIRE PROTECTION ASSOCIATION, INC.; and<br><br>AMERICAN SOCIETY OF HEATING, REFRIGERATING, AND AIR CONDITIONING ENGINEERS,<br><br>        Plaintiffs/Counter-defendants,<br><br>    v.<br><br>PUBLIC.RESOURCE.ORG, INC.,<br><br>        Defendant/Counterclaimant. | Case No. 1:13-cv-01215-TSC |

**PUBLIC RESOURCE'S REPLY IN SUPPORT OF ITS MOTION TO STRIKE PLAINTIFFS' RESPONSE TO PUBLIC RESOURCE'S STATEMENT OF DISPUTED FACTS**

      Public Resource both moved to strike and objected to Plaintiffs' submission of a response to Public Resource's statement of disputed facts (sealed Dkt. 212-2), because Local Civil Rule 7(h) does not permit such a response and it is therefore an unwarranted supplemental filing. Plaintiffs' opposition to Public Resource's motion to strike does not cite any basis for their supplemental filing, and Plaintiffs did not ask for permission to file prior to doing so. Instead, Plaintiffs simply assert that their filing "aids the Court's resolution of the case [and therefore] should be permitted." Dkt. 216 at 2. But this reasoning would support endless supplemental submissions by both parties.

1

Plaintiffs argue that Public Resource failed to meet and confer regarding this motion to strike before filing it, which admittedly is true. However, in a technical sense, Public Resource's motion is more correctly considered an objection aimed at bringing to the Court's attention the impropriety of Plaintiffs' unwarranted supplemental filing, and therefore even if it is not treated as a non-dispositive motion the Court may still strike or disregard Plaintiffs' supplemental filing.

Finally, Plaintiffs argue that Public Resource is no better than Plaintiffs because it "has responded to Plaintiffs' [own] statement of disputed facts through its reply and accompanied filings." Dkt. 216 at 2. First, Plaintiffs are wrong: the only item they claim Public Resource responded to was a dispute that was raised on page 25 of their combined opposition and reply memorandum. And second, Plaintiffs' argument misses the key issue: any contentions that Public Resource raised were in the limited space of its 25-page reply to its motion of points and authorities, not in an extraneous supplemental filing that is unrestricted in length. (In fact, Plaintiffs' unwarranted supplemental filing was 160 pages long).[1]

For the foregoing reasons, Plaintiffs' unwarranted response to Public Resource's statement of disputed facts should be struck or otherwise disregarded. In the alternative, if the Court decides to consider Plaintiffs' supplemental filing, Public Resource should be given the opportunity to submit its own response to Plaintiffs' statement of disputed facts.

---

[1] Moreover, Plaintiffs already had an advantage in the number of pages allotted to their briefing: because Plaintiffs were afforded an opening brief (45 pages) and a combined opposition and reply (45 pages), while Public Resource was afforded a joint opening and opposition brief (45 pages) and solely a reply brief (25 pages under LCvR 7(e)), Plaintiffs submitted a total of 90 pages of briefing, whereas Public Resource was restricted to 70 pages.

Dated: February 7, 2020

Respectfully submitted,

*/s/   Matthew B. Becker*
Andrew P. Bridges (USDC-DC AR0002)
abridges@fenwick.com
Matthew B. Becker (admitted *pro hac vice*)
mbecker@fenwick.com
FENWICK & WEST LLP
801 California Street
Mountain View, CA 94041
Telephone:   (650) 988-8500

Corynne McSherry (admitted *pro hac vice*)
corynne@eff.org
Mitchell L. Stoltz (D.C. Bar No. 978149)
mitch@eff.org
ELECTRONIC FRONTIER FOUNDATION
815 Eddy Street
San Francisco, CA 94109
Telephone:   (415) 436-9333

David Halperin (D.C. Bar No. 426078)
davidhalperindc@gmail.com
1530 P Street NW 2nd Floor
Washington, DC 20005
Telephone: (202) 905-3434

*Attorneys for Defendant-Counterclaimant*
Public.Resource.Org, Inc.