## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICAN SOCIETY FOR TESTING AND MATERIALS d/b/a ASTM INTERNATIONAL;<br><br>NATIONAL FIRE PROTECTION ASSOCIATION, INC.; and<br><br>AMERICAN SOCIETY OF HEATING, REFRIGERATING, AND AIR CONDITIONING ENGINEERS,<br><br>Plaintiffs/<br>Counter-Defendants,<br><br>v.<br><br>PUBLIC.RESOURCE.ORG, INC.,<br><br>Defendant/<br>Counter-Plaintiff. | Case No. 1:13-cv-01215-TSC |

## PLAINTIFFS' REQUEST FOR A TELEPHONIC STATUS CONFERENCE

Plaintiffs American Society for Testing and Materials d/b/a ASTM International ("ASTM"), National Fire Protection Association, Inc. ("NFPA"), and American Society of Heating, Refrigerating, and Air Conditioning Engineers ("ASHRAE") (collectively, "Plaintiffs") respectfully request a telephonic status conference to resolve scheduling issues going forward. In particular, the parties have a dispute whether it is authorized or appropriate for Defendant Public.Resource.Org ("PRO") to file a new summary judgment motion—before the Court resolves the pending summary judgment motions, and outside the deadlines set by this Court and the scope of remand from the D.C. Circuit.

## BACKGROUND

The parties have fully briefed cross-motions for summary judgment on the question that the D.C. Circuit remanded for this Court to decide:  whether the fair use defense excuses PRO's

1

wholesale copying of the entirety of Plaintiffs' published standards, including extensive sections of the same that, even following a governmental body's incorporation by reference, do not impose any legal obligations.  *See* Dkt. 198 (Plaintiffs' motion for summary judgment); Dkt. 202 (PRO motion for summary judgment).

On April 27, 2020, the Supreme Court issued its decision in *Georgia v. Public.Resource.Org, Inc.*, 140 S. Ct. 1498 (2020), holding that under the "government edicts doctrine," the State of Georgia could not obtain copyright protection for annotations to its official code created by a state legislative body.  The Court explained that the government edicts doctrine is "a straightforward rule based on the identity of the author," *id*. at 1506, in that case, the State.  The Court made it clear that the doctrine does not apply to "works created by . . . private parties[] who lack the authority to make or interpret the law." *Id*. at 1507.

Later that same day, April 27, Plaintiffs proposed to PRO that the parties stipulate to file supplemental briefs regarding the impact, if any, of *Georgia v. PRO* on the parties' pending summary judgment motions.

On May 6, PRO responded that, while it agreed the parties should file supplemental briefs regarding the impact of *Georgia v. PRO* on the pending motions, PRO also plans to rely on that case to file a new and separate summary judgment motion, asking the Court to revisit the question whether Plaintiffs' works lose their copyright protection upon incorporation by reference (the "Proposed Motion").

Plaintiffs believe that it is not appropriate for PRO to file the Proposed Motion.  Plaintiffs told PRO that the parties should include in their supplemental briefs their respective positions on whether PRO should be allowed to file the Proposed Motion, before the Court resolves the pending fair use motions.  PRO responded that it intended to move forward with the Proposed

Motion, *i.e.*, that it would not have the parties' supplemental briefs on *Georgia v. PRO* address

the question whether it is proper for PRO to proceed with the Proposed Motion.

## REQUESTED RELIEF

While both parties agree it is appropriate to file supplemental briefs regarding the

relevance of *Georgia v. PRO* to the pending motions, the parties are at an impasse whether it is

appropriate for PRO to file its Proposed Motion, before the Court resolves the pending motions.

Plaintiffs believe that the Proposed Motion would be untimely and unauthorized.  On

May 17, 2019, the Court ordered PRO to file its summary judgment motion by no later than

November 8, 2019.  *See* May 17, 2019 Minute Order.  Given that the Court set a deadline for

filing summary judgment motions, PRO should have to obtain leave of Court before putting

another summary judgment motion on file.  *See Shekoyan v. Sibley Int'l*, 409 F.3d 414, 424–25

(D.C. Cir. 2005) (affirming denial of motion to allow plaintiff to file a motion for summary

judgment months after the deadline for filing dispositive motions).  Moreover, the Proposed

Motion is outside the scope of the D.C. Circuit's remand, which was to consider the fair use

defense.  Dkt. 195 at 3; *accord* Dkt. 202-2 at 17 (PRO arguing that "The Court of Appeals . . .

Reserved the Question of Enforceability of Copyright in the Law, and Remanded for a Fuller

Fair Use Analysis").

PRO's position that its Proposed Motion should displace the pending fair use motions is

particularly ironic, because PRO *opposed* Plaintiffs' request, made after the Supreme Court

granted cert in *Georgia v. PRO*, to stay the fair use briefing.  Plaintiffs requested the stay

precisely to avoid a situation in which PRO would argue that the Supreme Court's ultimate

decision would "require yet another round of briefing."  Dkt. 194 at 3.  PRO objected to a stay,

arguing that the Court should decide the question of fair use *first*.  Dkt. 195 at 4 ("If the fair use

or ownership grounds do not conclude this case in Public Resource's favor, this Court will be able to apply the decision in the *Georgia* case to revisit the more fundamental issues of copyrightability of the standards as laws."). This Court denied Plaintiffs' motion for a stay. Sept. 23, 2019 Minute Order. Having successfully opposed a stay based on the argument that the Court should exhaust fair use before turning to issues of copyrightability (which, as noted below, are not on remand and remain fully briefed before the D.C. Circuit), PRO should not now be allowed to reverse course.

PRO requested that Plaintiffs include their meet-and-confer position, which is attached to this filing as Exhibit A. Respectfully, PRO's suggestion that the parties continue to meet-and-confer makes no sense. Plaintiffs believe it is improper for PRO to file the Proposed Motion before the Court resolves the pending motions. PRO disagrees, and has made clear it is going to go forward preparing and filing the Proposed Motion. Having the parties continue to meet-and-confer guarantees that PRO will file the Proposed Motion, at which point the parties will be right back before the Court addressing whether Plaintiffs will be forced to the time and expense of responding to a new summary judgment motion before the current motions are resolved.

For these reasons, Plaintiffs respectfully request that the Court either (1) hold a status conference (by telephone) to set a schedule for next steps, or (2) order the parties to file supplemental briefs addressing *Georgia v. PRO*'s impact on the pending motions and whether it is appropriate for PRO to file the Proposed Motion.

Dated: June 1, 2020                    Respectfully submitted,


                                       */s/ J. Kevin Fee*

                                       J. Kevin Fee (D.C. Bar: 494016)
                                       Jane W. Wise (D.C. Bar: 1027769)
                                       Morgan, Lewis & Bockius LLP

1111 Pennsylvania Ave., N.W.
Washington, D.C. 20004
Tel: 202.739.5353
Email: kevin.fee@morganlewis.com
      jane.wise@morganlewis.com

*Counsel for American Society for Testing and Materials
d/b/a ASTM International*


*/s/ Kelly M. Klaus*

Kelly M. Klaus (*pro hac vice*)
MUNGER, TOLLES & OLSON LLP
560 Mission St., 27th Floor
San Francisco, CA 94105
Tel: 415.512.4000
Email: Kelly.Klaus@mto.com

Rose L. Ehler (*pro hac vice*)
MUNGER, TOLLES & OLSON LLP
350 South Grand Ave., 50th Floor
Los Angeles, CA 90071
Tel: 213.683.9100
Email: Rose.Ehler@mto.com

Rachel G. Miller-Ziegler
MUNGER, TOLLES & OLSON LLP
1155 F St. NW, 7th Floor
Washington, DC 20004
Tel: 202.220.1100
Email: Rachel.Miller-Ziegler@mto.com

*Counsel for National Fire Protection Association, Inc.*

5

*/s/ J. Blake Cunningham*

Jeffrey S. Bucholtz (D.C. Bar: 452385)
David Mattern
King & Spalding LLP
1700 Pennsylvania Avenue, NW, Ste. 200
Washington, DC 20006-4707
Tel: 202.737.0500
Email: jbucholtz@kslaw.com

J. Blake Cunningham
King & Spalding LLP
101 Second Street, Ste. 2300
San Francisco, CA 94105
Tel: 415.318.1211
Email: bcunningham@kslaw.com

*Counsel for American Society of Heating, Refrigerating, and Air Conditioning Engineers*

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on June 1, 2020 a true and correct copy of the foregoing document was served via CM/ECF upon all counsel of record.

*/s/ Jane W. Wise*__
Jane W. Wise