# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICAN SOCIETY FOR TESTING AND MATERIALS d/b/a ASTM INTERNATIONAL;<br><br>NATIONAL FIRE PROTECTION ASSOCIATION, INC.; and<br><br>AMERICAN SOCIETY OF HEATING, REFRIGERATING, AND AIR CONDITIONING ENGINEERS,<br><br>        Plaintiffs/Counter-defendants,<br><br>   v.<br><br>PUBLIC.RESOURCE.ORG, INC.,<br><br>        Defendant/Counterclaimant. | Case No. 1:13-cv-01215-TSC |

**PUBLIC.RESOURCE.ORG'S RESPONSE TO PLAINTIFFS'
REQUEST FOR A TELEPHONIC STATUS CONFERENCE;**

**CITATION OF SUPPLEMENTAL AUTHORITIES ON PENDING MOTIONS**

# INTRODUCTION

Public Resource does not oppose the plaintiffs' request for a status conference. It did not join the request because it believed that there was no need to burden the Court with a status conference, for two reasons. First, both sides agree it would be appropriate to supplement the pending motions to address the effect of *Georgia v. Public.Resource.Org, Inc.,* 590 U.S. \_\_\_\_ (2020), *available at* https://www.supremecourt.gov/opinions/19pdf/18-1150_new_d18e.pdf on the motions. Second, if Plaintiffs disagree with Public Resource's intent to file a new summary judgment motion on copyrightability and enforceability after clear guidance from the Supreme Court, they can make that argument in opposition to that motion but should not be allowed to prevent Public Resource from presenting the motion at all.

If the Court conducts a telephonic status conference, Public Resource suggests that it should do so for both related cases, including *American Educational Research Association et al. v. Public.Resource.Org, Inc.,* case no. 1:14-cv-00857-TSC.

In addition to the status conference issue, Public Resource notes below several supplemental authorities that are relevant as the Court considers next steps in the case.

**I.  THE COURT SHOULD NOT BLOCK PUBLIC RESOURCE FROM FILING AN ADDITIONAL MOTION FOR SUMMARY JUDGMENT, WHICH WILL PROVIDE A COMPLETE RECORD FOR APPEAL.**

Plaintiffs seek a status conference apparently to obtain an informal order preventing Public Resource from bringing an additional summary judgment motion on issues the Supreme Court has now clarified. In other words, they urge the Court to proceed as if the Supreme Court had not offered clear guidance on core copyrightability and enforceability questions in this case. As Public Resource also explains below, another district court has shown how the Supreme Court's decision provides guidance in another case involving codes. The guidance did not exist before. It if it had

1

existed, it would have influenced the decisions of both this Court and the Court of Appeals. But the guidance now exists, and it makes little sense for the Court and the parties to ignore it.

Plaintiffs' effort to prevent a further motion by Public Resource to apply the Supreme Court decision to the copyrightability and enforceability issues here rests on a specious "gotcha" argument, namely that Public Resource had opposed a stay pending the outcome of *Georgia v. Public.Resource.Org.* But in its opposition to the plaintiffs' motion for stay, Public Resource simply made the obvious point that "[n]o party to this case can predict with any certainty whether the Supreme Court's consideration of *Georgia et al. v. Public.Resource.Org*, No. 18-1150, will influence the outcome of this case." As Public Resource explained, fair use was not before the Supreme Court in *Georgia v. Public.Resource.Org. Id.* at 3.

Public Resource did not anticipate that, in tension with the D.C. Circuit's decision in this case, the Supreme Court would stress the importance of a bright-line rule on copyright enforceability, in contrast to the uncertainty of the fair use doctrine and the chilling effect of that uncertainty on lawful uses of legal materials. The Court stated: "Some affected parties might be willing to roll the dice with a potential fair use defense. But that defense, designed to accommodate First Amendment concerns, is notoriously fact sensitive and often cannot be resolved without a trial. *Cf. Harper & Row, Publishers, Inc. v. Nation Enterprises*, 471 U. S. 539, 552, 560–561 (1985). The less bold among us would have to think twice before using official legal works that illuminate the law we are all presumed to know and understand. Thankfully, there is a clear path forward that avoids these concerns—the one we are already on." *Georgia v. Public.Resource.Org,* slip op. at 18.

This Court should similarly pursue a possible clear path to resolution of these two lawsuits, and the Supreme Court's guidance justifies a departure from the direction by the Court of Appeals to focus on fair use first.

The plaintiffs also invoke a May 17, 2019, scheduling order (which the Court amended on May 21, 2019), which set out a schedule for briefing the cross-motions that the parties brought. But the Court's previous order simply set a schedule for the motions the parties envisioned, and which the parties filed according to that schedule. The order regulated a single set of cross-motions and did not set a deadline for *all* summary judgment motions. Instead, LcvR 7(*l*) governs the timing of dispositive motions, including summary judgment motions. It states: "A dispositive motion in a civil action shall be filed sufficiently in advance of the pretrial conference that it may be fully briefed and ruled on before the conference." There is no indication that a pretrial conference will occur soon, and Public Resource's motion will not put pressure on the schedule.

Public Resource has always made clear it reserves its right to assert the broader challenges to the plaintiffs' case, including copyrightability or enforceability of copyrights under the government edicts doctrine and merger doctrine, in addition to the fair use and ownership defect issues that it raised in its pending motion and opposition to the plaintiffs' pending motion. *See* Dkt. 202-2 at 19 n.6. The D.C. Circuit did not reach those broader issues. Nor did it retain jurisdiction over those issues while this Court focuses on fair use. The D.C. Circuit simply vacated this Court's injunction and reversed this Court's grant of partial summary judgment against Public Resource. All issues remain alive.

Public Resource believes that, with the Supreme Court's important guidance on a bright-line test here as avoiding the uncertainty of fair use and its chilling effect, this Court should address

*all* the major issues in the case, avoiding a possible pinball effect of the case being appealed and then remanded again. Accordingly, Public Resource proposes the following:

  a. Both sides file supplements to the existing motions, in no more than ten pages each, within 14 days of the Court's order.

  b. The Court sets a briefing for Public Resource's new motion for summary judgment as follows: opening brief within 30 days of the Court's order, the plaintiffs file their opposition within 30 days after Public Resource files its opening brief, and Public Resource files its reply brief within 15 days after the plaintiffs file their opposition.

## II. CITATION OF SUPPLEMENTAL AUTHORITIES ON PENDING MOTIONS

Public Resource formally furnishes the Court the following supplemental authorities:

1. ***Georgia v. Public.Resource.Org, Inc.****, 590* U.S. \_\_\_\_ (Apr. 27, 2020), *available at* https://www.supremecourt.gov/opinions/19pdf/18-1150_new_d18e.pdf. The parties all agree this deserves supplemental briefing.

2. ***International Code Council, Inc. v. Upcodes, Inc****.,* No. 17 Civ 6261 VM (S.D.N.Y. May 27, 2020) (Exhibit A to this response). That decision last week by the Southern District of New York ruled that (a) a standards development organization's codes as adopted by governments are in the public domain under the government edicts doctrine; (b) the merger doctrine applies also to circumstances after an initial creation of a work, and a court should consider whether previously copyrighted language has become essential to the expression of, or integrated with, a legal conception; and (c) fair use applies to the posting of codes as adopted by government. That decision also noted that the D.C. Circuit's discussion of fair use in this case bore upon consideration of the public domain analysis in that case.

That decision relates to all the questions in this case other than ownership. It pertains to the fair use issues throughout the pending summary judgment motion (*see* Dkt. 202-2) and the copyrightability/enforceability issues that Public Resource preserved in Dkt 202-2 at 19 n. 6.

3. ***Unicolors, Inc. v. H&M Hennes & Mauritz, L.P.,*** No. 18-56253 (9th Cir. May 27, 2020) (Exhibit B to this response). In this case, the Ninth Circuit ruled that section 411(b)(2) of the Copyright Act *requires* a court to refer questions about proper registration to the Copyright Office where an application contained incorrect information:

> [O]nce a defendant alleges that (1) a plaintiff's certificate of registration contains inaccurate information; (2) 'the inaccurate information was included on the application for copyright registration'; and (3) the inaccurate information was included on the application 'with knowledge that it was inaccurate,' a district court is then *required* to submit a request to the Register of Copyrights 'to advise the court whether the inaccurate information, if known, would have caused [it] to refuse registration.' Id. § 411(b)(1)–(2). In other words, courts may not consider in the first instance whether the Register of Copyrights would have refused registration due to the inclusion of known inaccuracies in a registration application.

Slip op. at 2-3 (emphasis added).

As the Court is aware, Public Resource has challenged the plaintiffs' ownership of the copyrights and proper registrations, and the record contains supporting evidence. (Dkt. 202-2 at 44-45). The plaintiffs initially claimed that they had registered their works as "works made for hire," and they claimed their own "authorship" of the works on that basis, which requires that they had employed the creators or had valid "work made for hire" agreements with them. *See* 17 U.S.C. § 101 (definition of "work made for hire"). But the persons who created the works—committees of thousands of volunteers—were not employees of the plaintiffs, and they did not provide written work-made-for-hire agreements, conveying "authorship" status on the plaintiffs.[1]  When the

---

[1] Public Resource recognizes that the plaintiffs have claimed, by hearsay testimony and without documentation, that someone at the Copyright Office advised one of the organizations to identify

5

plaintiffs realized that the works were not "works made for hire," they initially asserted that their ownership was based on assignments from the volunteers, and they later claimed also to be joint authors of joint works. Under either of the plaintiffs' fallback theories of ownership, their registrations were incorrect. The registration applications did not disclose assignments or disclose co-authors. As the Copyright Office states, "If the work qualifies as a joint work, the applicant should identify each author who contributed copyrightable authorship to that work." Copyright Office of the United States, Compendium of U.S. Copyright Office Practices section 503.2 (2017). The plaintiffs' failure to disclose all assignors and joint authors means that the registrations' records of authorship are empty. Moreover, without full information in the applications, the Copyright Office could not examine the interplay between joint authorship and U.S. Government authorship under Section 105 of the Copyright Act, 17 U.S.C. § 105, which may establish the works as uncopyrightable *joint U.S. Government works*, an issue of first impression.

  Plaintiffs' copyright claims depend on ownership of properly registered copyrights. Public Resource has offered credible evidence—including Plaintiffs' own statements—that those registrations were inaccurate. Section 411(b)(2) of the Copyright Act and the recent *Unicolors* decision establish conclusively that the Court cannot grant summary judgment to Plaintiffs without referring these thorny "proper registration" questions to the Copyright Office.

---

the works as "works made for hire." Whether that unsupported claim would affect the Copyright Office's analysis is solely for the Copyright Office to determine. *See Palmer/Kane LLC v. Rosen Book Works LLC,* 188 F. Supp. 3d 347, 351-52 (S.D.N.Y. 2016) (rejecting plaintiff's excuse that the Copyright Office had advised her to complete an application as she did, noting that she had no documentary evidence of that fact and that, in any event the statutory factors required referral to the Copyright Office).

## CONCLUSION

Public Resource deserves summary judgment for at least three different reasons, and possibly four:

1. The standards at issue have become government edicts by government incorporation into law, and therefore the plaintiffs cannot enforce copyright in them against Public Resource, as *Georgia v. Public.Resource.Org* and *International Code Council v. Upcodes* illuminate.

2. The standards and the law have merged in such a way that one cannot express the law without using the words of the standards, and the merger doctrine thus precludes the plaintiffs from enforcing their claimed copyrights against Public Resource, as *International Code Counsel v. Upcodes* illuminates.

3. Public Resource's use of the standards is fair use, outside the scope of any copyright rights that the plaintiffs claim, as *Georgia v. Public.Resource.Org* and *International Code Council v. Upcodes* illuminate.

4. The plaintiffs' copyright registrations were not proper because the applications failed to include information that would have caused the Copyright Office to deny registration. (Public Resource recognizes that the Copyright Office, and not the Court, needs to address this issue before the Court can determine the plaintiffs' motion for summary judgment under Section 411(b)(2) and *Unicolors v. H&M Hennes & Mauritz*.)

Because it is likely that one side or the other will appeal any forthcoming decisions by the Court, it will serve judicial economy and the interest of justice for the Court to address all these issues before such appeal. Accordingly, the Court should permit the parties to supplement the pending motions and decline to block Public Resource from filing an additional summary judgment motion on copyrightability/enforceability and the merger doctrine. For the reasons just

discussed, Public Resource also believes that this Court should refer the question of whether the plaintiffs' copyright registrations were proper to the Copyright Office as section 411(b)(2) requires.

Dated:  June 5, 2020                                              Respectfully submitted,

*/s/   Andrew P. Bridges*
Andrew P. Bridges (USDC-DC AR0002)
abridges@fenwick.com
Matthew B. Becker (admitted *pro hac vice*)
mbecker@fenwick.com
FENWICK & WEST LLP
801 California Street
Mountain View, CA 94041
Telephone:   (650) 988-8500

Corynne McSherry (admitted *pro hac vice*)
corynne@eff.org
Mitchell L. Stoltz (D.C. Bar No. 978149)
mitch@eff.org
ELECTRONIC FRONTIER FOUNDATION
815 Eddy Street
San Francisco, CA 94109
Telephone:   (415) 436-9333

David Halperin (D.C. Bar No. 426078)
davidhalperindc@gmail.com
1530 P Street NW 2nd Floor
Washington, DC 20005
Telephone: (202) 905-3434

*Attorneys for Defendant-Counterclaimant*
Public.Resource.Org, Inc.

8