UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICAN SOCIETY FOR TESTING AND MATERIALS d/b/a ASTM INTERNATIONAL;<br><br>NATIONAL FIRE PROTECTION ASSOCIATION, INC.; and<br><br>AMERICAN SOCIETY OF HEATING, REFRIGERATING, AND AIR CONDITIONING ENGINEERS,<br><br>           Plaintiffs/<br>           Counter-Defendants,<br><br>v.<br><br>PUBLIC.RESOURCE.ORG, INC.,<br><br>           Defendant/<br>           Counter-Plaintiff. | Case No. 1:13-cv-01215-TSC |

**PLAINTIFFS' REPLY IN SUPPORT OF THEIR REQUEST FOR A TELEPHONIC STATUS CONFERENCE**

PRO's brief confirms that this case is in need of a status conference, which PRO "does not oppose." Dkt. 222 at 1. PRO now says that it wants more motion practice not only on its contention that *Georgia v. Public.Resource.Org, Inc.*, 140 S. Ct. 1498 (2020) requires this Court to hold that Plaintiffs' standards lost their copyrights any time a governmental body incorporated them by reference (the case holds no such thing). PRO *also* wants to relitigate the copyrightability question based on a non-binding decision by a different district court. For good measure, PRO also wants this Court to revisit its prior ruling (which the D.C. Circuit did not disturb) on copyright ownership and refer the entire case to the Copyright Office, based on a decision by another Circuit.

1

This case has been pending for nearly seven years.  PRO spent much of that time taking burdensome discovery and filing hundreds of pages of motion documents on copyrightability and ownership.  The D.C. Circuit remanded this case on the limited question whether PRO's wholesale copying of Plaintiffs' standards qualifies for the fair use defense.  PRO can supplement the pending motions with its arguments about *Georgia* and Plaintiffs can file theirs.  There is no justification, however, for reopening issues that have been settled in this Court or for still more rounds of summary judgment motions.

Plaintiffs do not wish to burden this Court with still more paper, and they would be pleased to discuss any or all of the issues that PRO has raised in its brief at a status conference.  Nevertheless, so there is a written record of Plaintiffs' response to the multiple inaccurate claims in PRO's brief, we set those out below.

### 1. The Court's Scheduling Order Prohibits Further Motions for Summary Judgment.

PRO is wrong that the Court's Scheduling Order only set a deadline for a particular motion.  Dkt. No. 222 at 3.  The Order set the schedule for the procedures on the remand proceeding.  It states: "the parties *shall adhere to the following deadlines*," with a November 8, 2019 deadline for PRO's summary judgment motion.  May 17, 2019 Minute Order, amended on May 21, 2019 (emphasis added).

Absent a showing of good cause, the Scheduling Order sets "the unalterable road map" for the balance of a case.  *Olgyay v. Soc'y for Envtl. Graphic Design, Inc.*, 169 F.R.D. 219, 220 (D.D.C. 1996) (internal citations omitted); *see also* Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent.").

The *Georgia* decision does not establish good cause for a new summary judgment motion.  The case does not say that *privately* created standards lose their copyright whenever

they are incorporated by reference. The case was entirely about documents created by the State's own legislative body, *i.e.*, *government* edicts. PRO tries to spin *Georgia* as undermining the D.C. Circuit's remand and requiring that this Court reverse its prior rejection of PRO's arguments on incorporation by reference. It points to the Supreme Court's statement that a defendant thinking about copying a government-authored work "would have to think twice'" before "rolling the dice with a potential fair use defense." Dkt. 222 at 2 (quoting *Georgia*, 140 S. Ct. at 1513). But PRO ignores the next two sentences in the Court's opinion: "Thankfully, there is a clear path forward that avoids these concerns—the one we are already on. Instead of examining whether given material carries 'the force of law,' *we ask only whether the author of the work is a judge or a legislator*." *Georgia*, 140 S. Ct. at 1513 (emphasis added). Here, the Plaintiffs, not a judge or a legislator, authored the works in suit. *Georgia* does not create a basis for reopening the copyrightability issues already decided in this Court.

PRO's "conclusion" that *International Code Council, Inc. v. Upcodes, Inc.*, No. 1:17-cv-6261-VM, 2020 WL 2750636 (S.D.N.Y. May 27, 2020), "ruled that . . . a standards development organization's codes as adopted by governments are in the public domain under the government edicts doctrine," Dkt. 222 at 4, 7, is another non sequitur. The court in *UpCodes* held that "[b]ecause [plaintiff] is a private party that lacks the authority to make or interpret the law, the Government Edicts doctrine *is clearly not dispositive of this case*." *UpCodes*, 2020 WL 2750636, at *8 (emphasis added). And, in all events, *UpCodes* is not binding on this Court and does not constitute an intervening change in law that establishes good cause for amending the Scheduling Order or relitigating issues that have been settled in this Court.

### 2. The D.C. Circuit Limited the Scope of its Remand and Reserved Other Issues Until This Court First Addresses Fair Use.

The D.C. Circuit held that "it is best at this juncture to address only the statutory fair use issue" and "leave for another day the question of whether the Constitution permits copyright to persist in works incorporated by reference into law.'" *Am. Soc'y for Testing & Materials v. Public.Resource.Org, Inc.* ("*ASTM II*"), 896 F.3d 437, 447 (D.C. Cir. 2018) (citation and quotations omitted). The D.C. Circuit did so in part to avoid "the economic consequences that might result from the SDOs losing copyright" and to avoid "creating a number of *sui generis* caveats to copyright law for incorporated standards." *Id.* Accordingly, the D.C. Circuit concluded that "the better course is to remand the case to the district court to further develop the factual record and weigh the [fair use] factors as applied to PRO's use of each standard." *Id.* at 448-49.

The D.C. Circuit's decision sets the scope of remand proceedings in this case. Contrary to PRO's suggestion, addressing fair use now, as required by the remand, will not result in a "pinball effect" of appeals and remands. Dkt. 222 at 4. This Court's prior ruling addressing the government edicts doctrine and merger, are reserved for appeal after this Court resolves the question for remand.

### 3. PRO Should Not Be Permitted to Relitigate the Settled Question of Copyright Ownership.

This Court already decided that Defendants failed to rebut Plaintiffs' presumption of ownership in the Works: "Defendant has not identified any evidence that . . . the ASTM Plaintiffs . . . do not own the copyrights of the standards, in whole or in part. . . . [T]herefore . . . ASTM Plaintiffs . . . are the owners of the copyrights at issue.". *Am. Soc'y for Testing & Materials v. Public.Resource.org, Inc.*, No. 13-CV-1215 (TSC) ("*ASTM I*"). On appeal, the D.C. Circuit rejected PRO's unsupported argument that government employees could have

4

contributed to the Works rendering them uncopyrightable, concluding the argument was either "forfeited" or "meritless." *ASTM II*, 896 F.3d at 446. This Court's prior ownership rulings are therefore law of the case for the nine Works on which Plaintiffs previously moved, *Trout v. Garrett*, 780 F. Supp. 1396, 1425 & n.71 (D.D.C. 1991), and apply with equal force to other 208 standards in the parties' pending motions. *ASTM I*, 2017 WL 473822, at *7.

Now, however, PRO claims it is entitled to file a motion to refer this case to the Copyright Office pursuant to 17 U.S.C. § 411(b), based on an argument that the Plaintiffs' copyright registrations contain knowing inaccuracies. Dkt. 222 at 6. That is wrong. PRO never moved for this relief when this case was first before this Court. PRO asserts that a recent out-of-Circuit decision, *Unicolors, Inc. v. H&M Hennes & Mauritz, L.P.*, No. 18-56253, 2020 WL 2781317, at *3 (9th Cir. May 29, 2020), justifies a new motion. *Unicolors* is not binding in this Circuit, and thus is not an intervening change in controlling law. Moreover, the Ninth Circuit did not hold that a district court *must* refer a case to the Copyright Office whenever a defendant alleges inaccuracies in copyright registrations. Instead, the Ninth Circuit held that the district court "erred in concluding that Unicolors's application for copyright registration did not contain inaccuracies." *Id*. at 4.

PRO has never shown that Plaintiffs' registrations contained inaccuracies, nor has it provided anything beyond pure speculation to support its baseless claims that that any purported inaccuracies were knowingly made. *See DeliverMed Holdings, LLC v. Schaltenbrand*, 734 F.3d 616, 625 (7th Cir. 2013) ("[C]ourts can demand that the party seeking invalidation first establish that the other preconditions to invalidity are satisfied before obtaining the Register's advice. . . . [The challenging party] should demonstrate that (1) the registration application included inaccurate information; and (2) the registrant knowingly included the inaccuracy in his

submission to the Copyright Office."); *see also id.* ("[B]efore asking the Register whether she would have refused to register a copyright . . . a court should feel free to determine whether there is in fact a misstatement of fact.") (quoting Response of the Register of Copyrights to Request Pursuant to 17 U.S.C. § 411(b)(2) in *Olem Shoe Corp. v. Wash. Shoe Co.*, No. 09–cv–23494, 2010 WL 3505100 (S.D. Fla. Sep. 3, 2010)); *Energy Intelligence Grp., Inc. v. Kayne Anderson Capital Advisors, L.P.*, 948 F.3d 261, 277 (5th Cir. 2020) (holding that "§ 411(b) does not require immediate referral to the Copyright Office to determine the materiality of alleged inaccuracies" and affirming district court's refusal to refer the matter to the Copyright Office where there was no evidence that plaintiff knowingly included inaccuracies in its copyright registration).

Second, Plaintiffs *do* own the Works pursuant to the work-for-hire doctrine.[1]  Plaintiffs also argue that, at a minimum, they are also joint authors, Dkt. 118-1 at 16-17, who own all or substantially all of the copyright in each of the respective works.  And, as PRO knows, Plaintiffs have produced thousands of copyright assignments for the volunteers that participate in their standards development process, *id.* at 15.  None of these facts are new, and none disprove Plaintiffs' ownership in the Works.  *ASTM I*, 2017 WL 473822, at *7.

Finally, even assuming Plaintiffs erred in claiming that the Works were "works made for hire" or omitted a purported joint author from their copyright applications, neither mistake is a basis for invalidating a copyright registration.  *See* Copyright Office of the United States,

---

[1]  PRO's suggestion that Plaintiffs changed their ownership story when they "realized that the works were not 'works made for hire,'" Dkt. 222 at 5, is baseless.  Each Plaintiff submitted evidence that its own employees drafted language for the works.  *See* Dkt. 118-2 ¶ 35 (citing O'Brien Decl. ¶¶ 15-39 and Exs. 5-9) (ASTM); *id.* ¶ 117 (citing Pauley Decl. ¶¶ 38-40 and Dubay Dep. 54:19-56:12; 66:20-67:12; 69:2-18) (NFPA); *id.* ¶¶ 138-41 (citing Reiniche Decl. ¶¶ 10-11 and Reiniche Dep. 35:23-38:2; 97:13-98:19) (ASHRAE).

Compendium of U.S. Copyright Office Practices Section 1802.6(D) (2017) ("If two or more authors created the work and some of the authors were not named in the basic registration, the names of the missing authors may be added to the registration record with a supplementary registration"); *see also id.* at 1802.6(E) ("[I]f the basic registration erroneously states that the work is (or is not) a work made for hire, the correct information may be added to the registration record with a supplementary registration."). Thus, referring this matter to the Copyright Office pursuant to Section 411(b) is not only inappropriate, but it would not result in invalidation of Plaintiffs' registrations.

### 4. The Merger Doctrine Is Assessed at the Time of a Work's Creation.

PRO's argument that the merger doctrine precludes Plaintiffs from enforcing their copyright misstates the law. An author gains exclusive rights in a work "instant[ly] and automatic[ally]" upon the work's fixation in a tangible medium. *Georgia*, 140 S. Ct. at 1513. Although courts have debated whether the merger doctrine is an issue of copyrightability or an affirmative defense, this Court decided this issue against PRO, holding "[a]t the time [Plaintiffs' Works] were authored, there were certainly myriad ways to write and organize the text of the standards. . . [t]herefore, the merger doctrine neither precludes a finding of copyrightability nor serves as a defense for Defendant." *ASTM I* at *14.

There has been no intervening change in law compelling a different result. In fact, the Solicitor General recently confirmed the propriety of this Court's merger analysis in an amicus brief to the Supreme Court, explaining that it is "well-established that copyrightability" issues including merger should be "evaluated at the time of creation," U.S. Br. 14, *Google LLC v. Oracle, America, Inc.*, No. 18-956 (Sept. 27, 2019). In rejecting the petitioner's argument that merger should be assessed based on the choices available to the petitioner at the time of infringement, the Solicitor General explained that the petitioner's "view is at odds with the

7

Copyright Act's basic design, under which copyright protection subsists from the creation of a work." *Id.* at 14. The district court's merger analysis in *UpCodes*, is fundamentally flawed for the same reason. 2020 WL 2750636, at *21 (erroneously finding "circumstances intervening between a work's initial fixation and the alleged copying are relevant to merger analysis").

*   *   *

In sum, the issues PRO seeks to rebrief have been decided and are beyond the scope of the D.C. Circuit's remand. PRO is not entitled to endless attempts to relitigate this case until it achieves a result it likes. Plaintiffs respectfully request that the Court decline PRO's request that it entertain additional summary judgment motions, and that it order the parties to file supplemental briefing limited to the impact of the *Georgia* decision on the parties' pending summary judgment motions.

Dated: June 12, 2020	Respectfully submitted,

/s/ J. Kevin Fee

J. Kevin Fee (D.C. Bar: 494016)
Jane W. Wise (D.C. Bar: 1027769)
Morgan, Lewis & Bockius LLP
1111 Pennsylvania Ave., N.W.
Washington, D.C. 20004
Tel: 202.739.5353
Email: kevin.fee@morganlewis.com
         jane.wise@morganlewis.com

*Counsel for American Society for Testing and Materials d/b/a ASTM International*

/s/ Kelly M. Klaus

Kelly M. Klaus (*pro hac vice*)
MUNGER, TOLLES & OLSON LLP
560 Mission St., 27th Floor
San Francisco, CA 94105

Tel: 415.512.4000
Email: Kelly.Klaus@mto.com

Rose L. Ehler (*pro hac vice*)
MUNGER, TOLLES & OLSON LLP
350 South Grand Ave., 50th Floor
Los Angeles, CA 90071
Tel: 213.683.9100
Email: Rose.Ehler@mto.com

Rachel G. Miller-Ziegler
MUNGER, TOLLES & OLSON LLP
1155 F St. NW, 7th Floor
Washington, DC 20004
Tel: 202.220.1100
Email: Rachel.Miller-Ziegler@mto.com

*Counsel for National Fire Protection Association, Inc.*

/s/ J. Blake Cunningham

Jeffrey S. Bucholtz (D.C. Bar: 452385)
David Mattern
King & Spalding LLP
1700 Pennsylvania Avenue, NW, Ste. 200
Washington, DC 20006-4707
Tel: 202.737.0500
Email: jbucholtz@kslaw.com

J. Blake Cunningham
King & Spalding LLP
101 Second Street, Ste. 2300
San Francisco, CA 94105
Tel: 415.318.1211
Email: bcunningham@kslaw.com

*Counsel for American Society of Heating, Refrigerating, and Air Conditioning Engineers*

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 12, 2020 a true and correct copy of the foregoing document was served via CM/ECF upon all counsel of record.


                                    */s/ Jane W. Wise*
                                     Jane W. Wise