UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICAN SOCIETY FOR TESTING AND MATERIALS d/b/a ASTM INTERNATIONAL; <br><br> NATIONAL FIRE PROTECTION ASSOCIATION, INC.; and <br><br> AMERICAN SOCIETY OF HEATING, REFRIGERATING, AND AIR CONDITIONING ENGINEERS, <br><br>     Plaintiffs/ <br>     Counter-Defendants, <br><br> v. <br><br> PUBLIC.RESOURCE.ORG, INC., <br><br>     Defendant/ <br>     Counter-Plaintiff. | Case No. 1:13-cv-01215-TSC |

**PLAINTIFFS' RESPONSE TO PRO'S SUPPLEMENTAL BRIEF REGARDING**
***GOOGLE LLC v. ORACLE AMERICA, INC.***

  PRO's brief is improper. The Court's July 9, 2020 Minute Order could not have been clearer: the parties "may seek leave to file more briefing *only after* a ruling on the current motions and [the specifically authorized] supplemental briefs" addressing *Georgia v. Public.Resource.Org, Inc.*, 140 S. Ct. 1498 (2020). *See* Docket Entry (July 9, 2020) (emphasis added). "Should the court seek additional briefing before then, it will so order." *Id.* Yet PRO has filed a five-page supplemental brief (Dkt. 237 ("PRO Supp. Br.")) offering its self-serving take on the relevance of *Google LLC v. Oracle Am., Inc.*, 141 S. Ct. 1183 (2021), to the pending motions. PRO did not even bother to ask for leave. PRO should not be rewarded for its irreverence and the Court would be justified in striking PRO's filing for failing to comply with the Court's order.

The *Google* decision does not create a need for further briefing because that case breaks no new ground on any issue of fair use that is relevant here and instead deals with the entirely inapposite context of computer software and the technicalities of Application Programming Interfaces ("APIs").  PRO's wholesale, indiscriminate copying of Plaintiffs' standards is not akin to Google's copying of 37 packages of computer code ("declaring code") to supplement "millions of lines of new," Google-written code "to create Google's Android platform software." *Google*, 141 S. Ct. at 1191, 1193.

Key to the Supreme Court's analysis were (1) the distinctive nature of the copied declaring code as an already entrenched interface for computer programmers and (2) the highly transformative nature of Google's own Android platform on which those programmers could build brand new original works.  The Court stressed that it was not "modify[ing] [its] earlier cases involving fair use" or "chang[ing] the nature of [the relevant] concepts."  *Id.* at 1208.  Instead, it applied those existing concepts to the specific facts at hand, which involved a "different kind of copyrighted work."  *Id.* at 1209.  In particular, "Google reimplemented a user interface, taking only what was needed to allow users to put their accrued talents to work in a new and transformative program."  *Id*.  Here, in contrast, Plaintiffs have shown that PRO took far more than "what was needed," even according to PRO's stated mission.  And in all events, PRO's mission, unlike Google's mission as the Court described it, does not further the core copyright objective of incentivizing new works of creative expression.  *Id.* at 1203.  The two cases are apples and oranges, and PRO's reliance on the Supreme Court's fact-specific analysis of the settled fair use factors is misplaced.

PRO strains to make the Supreme Court's analysis "relevant" to this case's very different facts.  PRO Supp. Br. at 2.  As a threshold matter, and contrary to PRO's suggestions, no one

here denies that fair use can be resolved as a matter of law where no material facts are in dispute, or that where the elements of fair use are satisfied, the defense may serve as a "context-based check" on the exclusive rights the Copyright Act grants.  *Id.* at 2 (quoting *Google* Slip op. at 17).  The parties here *do* dispute the proper application of the four fair use factors to the record evidence before the Court, but PRO's discussion on that score is incomplete and misleading.

As for the "nature of the copyrighted work," the Supreme Court stressed that the copied declaring code was "inherently bound" to "new creative expression (Android's implementing code)."  *Google*, 141 S. Ct. at 1202.  In contrast, PRO's copying is not tethered in any way to new creative expression of PRO's making or any new creative expression at all; PRO merely reproduced Plaintiffs' works.  Moreover, while PRO continues to assert that "the standards at issue have value in large part *because they are laws*," PRO Supp. Br. at 3, PRO continues to ignore that it has refused even to attempt to carry its burden of showing that each portion of each standard it copied actually creates a binding legal obligation when a governmental body engages in incorporation by reference.  *See Am. Soc'y for Testing & Materials v. Public.Resource.Org, Inc.*, 896 F.3d 437, 442-43 (D.C. Cir. 2018) ("*ASTM*"); *see also* Pls.' Mot. at 24 (Dkt. 200); Pls.' Opp. & Reply at 19 (Dkt. 213).  PRO has not introduced any evidence that any standards' value is derived in large part from the incorporation by reference.  To the contrary, the unrebutted evidence demonstrates both that there is a market for unadopted standards and that market does not change if the standards are incorporated by reference.  *See, e.g.,* Dkt. 118-12, Rubel Decl. ¶ 4, Ex. 1, Jarosz Rpt. at ¶¶ 87-88, 93, 101 (confirming that pricing is not impacted by whether works are incorporated into law).

As for "the purpose and character of the use," the Supreme Court stressed that "Google's use of the Sun Java API seeks to create new products" and "expand the use and usefulness of

Android-based smartphones." 141 S. Ct. at 1203. PRO does not create new products, does not empower third parties to create new products, and does not even ensure that the copyrighted works it copies and distributes actually have been incorporated in a manner that creates any binding legal obligation. PRO simply copied everything, cover-to-cover, in any standard that was the subject of incorporation. And, by no measure is PRO's website a "platform" in the way that Google's Android software is. PRO does little more than provide access to this copyrighted material for free on the internet, and Plaintiffs already perform the same function, but better. Pls.' Mot. at 13-24; Pls.' Opp. & Reply at 7-19.

As for "the amount and substantiality of the portion used," PRO gets things backwards. Unlike Google, PRO copies far more than is necessary for PRO's stated purpose. Again, PRO has failed to prove that it "limit[ed] its copying to only what is required to fairly describe the standard's legal import." *ASTM*, 896 F.3d at 452.

And as for market effects, PRO again turns *Google* on its head. The Supreme Court stressed the abundant evidence before the jury that Google's copying "did not harm the actual or potential markets for Java SE." *Id.* at 1206. As Plaintiffs have already detailed, the evidence here demonstrates the opposite. Pls.' Mot. at 25-31; Pls.' Opp. & Reply at 20-24; *see also ASTM*, 896 F.3d at 453 (D.C. Circuit confirming that "the SDOs are right to suggest that there may be some adverse impact on the market for the copyrighted works PRO reproduced on its website"). PRO has not introduced any evidence that the value of Plaintiffs' standards derive principally from third parties' investments in those standards. *See* PRO Supp. Br. 4-5. The value of Plaintiffs' standards is the result of *Plaintiffs' investments* in them, including significant investments in revising and updating the standards over time. On this point too, *Google* is inapposite.

For these reasons and all those Plaintiffs have previously advanced, Plaintiffs respectfully request that the Court grant their motion for summary judgment and deny PRO's motion.

Dated: May 10, 2021               Respectfully submitted,

/s/ J. Kevin Fee

J. Kevin Fee (D.C. Bar: 494016)
Jane W. Wise (D.C. Bar: 1027769)
Morgan, Lewis & Bockius LLP
1111 Pennsylvania Ave., N.W.
Washington, D.C. 20004
Tel: 202.739.5353
Email: kevin.fee@morganlewis.com
           jane.wise@morganlewis.com

*Counsel for American Society for Testing and Materials d/b/a ASTM International*

/s/ Kelly M. Klaus

Kelly M. Klaus (*pro hac vice*)
MUNGER, TOLLES & OLSON LLP
560 Mission St., 27th Floor
San Francisco, CA 94105
Tel: 415.512.4000
Email: Kelly.Klaus@mto.com

Rose L. Ehler (*pro hac vice*)
MUNGER, TOLLES & OLSON LLP
350 South Grand Ave., 50th Floor
Los Angeles, CA 90071
Tel: 213.683.9100
Email: Rose.Ehler@mto.com

Rachel G. Miller-Ziegler
MUNGER, TOLLES & OLSON LLP
1155 F St. NW, 7th Floor
Washington, DC 20004
Tel: 202.220.1100
Email: Rachel.Miller-Ziegler@mto.com

*Counsel for National Fire Protection Association, Inc.*

5

<u>/s/ J. Blake Cunningham</u>

Jeffrey S. Bucholtz (D.C. Bar: 452385)
David Mattern
King & Spalding LLP
1700 Pennsylvania Avenue, NW, Ste. 200
Washington, DC 20006-4707
Tel: 202.737.0500
Email: jbucholtz@kslaw.com

J. Blake Cunningham
King & Spalding LLP
500 W. 2nd Street, Ste. 1800
Austin, TX 78701
Tel: 512.457.2023
Email: bcunningham@kslaw.com

*Counsel for American Society of Heating, Refrigerating, and Air Conditioning Engineers*

## CERTIFICATE OF SERVICE

I hereby certify that on May 10, 2021 a true and correct copy of the foregoing document was served via CM/ECF upon all counsel of record.

                                              */s/ Cynthia S. Soden*
                                              Cynthia S. Soden