**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| **AMERICAN SOCIETY FOR TESTING AND MATERIALS**, *et al.*, | ) ) ) | |
| Plaintiffs, | ) ) ) | |
| **v.** | ) ) ) | Case No. 13-cv-1215 (TSC) |
| **PUBLIC.RESOURCE.ORG, INC.,** | ) ) ) | |
| Defendant. | ) ) | |

## APPENDIX

### I. GROUP 1: STANDARDS THAT HAVE BEEN INCORPORATED BY REFERENCE INTO LAW.

**1. ASTM D2036 (1998):**

- o Defendant identifies 40 C.F.R. § 136.3(a), Table IB (2003) as the incorporating by reference regulation. *See* Becker Decl. ¶ 57, Ex. 90 at 50. Section 136.3(a) states that the "full text of the referenced test procedures are incorporated by reference" into Table IB. 40 C.F.R. § 136.3(a). Table IB references ASTM D2036 (1998) (A) and (B), an apparent reference to Test Methods A and B, set forth in the standard. *See* ECF No. 199-4, Exhibit 149 Part 2 to Declaration of Jane W. Wise at 250-68. Table IB does not reference portions of the standard describing Test Methods C or D. Accordingly, the standard's text pertaining to Test Methods C and D have not been incorporated by reference into law. Moreover, it does not appear that the text of those portions—Test Methods C and D—are relevant for regulatory compliance. The standard also includes background sections defining the standard's scope, referenced documents, terminology, significance and use, purity of reagents, and sampling, as well as an appendix, none of which are explicitly incorporated into law. *See id.*

- o <u>First Factor</u>: There is no indication that Defendant stands to profit from republishing this standard; Defendant's apparent purpose is to inform the public about the law and facilitate public debate. *See ASTM*, 896 F.3d at 449; Def's 2d Mot. at 16. Defendant's "attempt to freely distribute standards incorporated by reference into law qualifie[s] a use that further[s] the purposes of the fair use defense." *ASTM*, 896 F.3d at 449. Further, the incorporated standard provides information essential for a private entity to comprehend its legal duties regarding Test Methods A and B, which weighs heavily in favor of permitting Defendant's reproduction. *See ASTM*, 896 F.3d at 450.

- o <u>Second Factor</u>: The "express text of the law falls plainly outside the realm of copyright protection." *ASTM*, 896 F.3d at 451. Here, the standard is incorporated into law only

With regard to the text of Test Methods A and B, and not With regard to Test Methods C and D, or the standard's general provisions pertaining to the standard's scope, referenced documents, terminology, significance and use, purity of reagents, and sampling, as well as an appendix.   Because only portions of the standard are incorporated into law, Defendant's wholesale reproduction is "harder to justify."  *Id.*

o   <u>Third Factor</u>:  The incorporating regulation specifies that only specific portions of the standard are incorporated by reference into law.  While that incorporation justifies posting the specific text of those provisions—the text of Test Methods A and B—it does not justify posting the entire standard.  *Id.*

o   <u>Fourth Factor</u>:  Defendant's reproductions have not had a "substantially adverse impact on the potential market for the originals," nor have Plaintiffs shown by a preponderance of the evidence that there is a meaningful likelihood of future harm."  Memo Op. at 30–36 (internal quotation and citation marks omitted).

o   <u>Conclusion</u>:  Defendant may fairly reproduce the text of Test Methods A and B, but may not fairly reproduce the standard's remaining portions absent some change in the incorporating language.

## 2.   **ASHRAE 90.1 (2004):**

o   Defendant identifies 10 C.F.R. § 433.3 (2013) as the incorporating by reference regulation, *see* Becker Decl. ¶ 57, Ex. 89, which incorporates the standard into §§ 433.2, 433.4, 433.5.  Section 433.4 requires that all federal agencies shall design new Federal buildings that are commercial and multi-family high-rise residential buildings, for which design for construction began on or after January 3, 2007, but before August 10, 2012, to . . . "[m]eet ASHRAE 90.1–2004."  10 C.F.R. § 433.4(a)(1)(i).  Section 433.5 requires federal agencies in certain circumstances "to determine energy consumption levels for both the ASHRAE Baseline Building 2004 and proposed building by using the Performance Rating Method found in appendix G of ASHRAE 90.1–2004."  *Id.* § 433.5(a)(1).  An "ASHRAE Baseline Building 2004" is defined as "a building that is otherwise identical to the proposed building but is designed to meet, but not exceed, the energy efficiency specifications in" ASHRAE 90.1–2004.  *Id.* § 433.2.

o   <u>First Factor</u>:  There is no indication that Defendant stands to profit from republishing this standard; Defendant's apparent purpose is to inform the public about the law and facilitate public debate.  *See ASTM*, 896 F.3d at 449; Def's 2d Mot. at 16.  Defendant's "attempt to freely distribute standards incorporated by reference into law qualifie[s] as a use that further[s] the purposes of the fair use defense."  *ASTM*, 896 F.3d at 449.  With regard to transformative use, the regulation does not incorporate the standard in a manner that requires a private entity to comprehend the standard to comply with its legal duties.  Rather, the applicable regulation pertains only to federal agencies.  Allowing public access to ASHRAE 90.1 (2010) facilitates public debate on certain energy efficiency requirements imposed on federal buildings.  *See id.* at 451.

o   <u>Second Factor</u>:  The "express text of the law falls plainly outside the realm of copyright protection."  *ASTM*, 896 F.3d at 451.  Here, the standard is incorporated into law without limitation such that "the consequence of the incorporation by reference is

virtually indistinguishable from a situation in which the standard had been expressly copied into law." *Id.* at 452. Accordingly, "this factor weighs heavily in favor of fair use." *Id.*

o  <u>Third Factor</u>: The incorporating regulation does not specify that only certain provisions of this standard are incorporated by reference into law, nor does it indicate which specific provisions of the standard are relevant for regulatory compliance, suggesting that "a greater amount of the standard's text might be fairly reproduced." *Id.*

o  <u>Fourth Factor</u>: Defendant's reproductions have not had a "substantially adverse impact on the potential market for the originals," nor have Plaintiffs shown by a preponderance of the evidence that there is a meaningful likelihood of future harm." Memo Op. at 30–36 (internal quotation and citation marks omitted).

o  <u>Conclusion</u>: Defendant may fairly reproduce this incorporated standard in its entirety.

3.  **ASHRAE 90.1 (2007):**

o  Defendant identifies 10 C.F.R. § 433.3 (2013) as the incorporating by reference regulation, *see* Becker Decl. ¶ 57, Ex. 89, which incorporates the standard into §§ 433.2, 433.4, 433.5. Section 433.4 requires that all federal agencies shall design new Federal buildings that are commercial and multi-family high-rise residential buildings, for which design for construction began on or after January 3, 2007, but before August 10, 2012, to . . . "[m]eet ASHRAE 90.1–2004." 10 C.F.R. § 433.4(a)(1)(ii). Section 433.5 requires federal agencies in certain circumstances "to determine energy consumption levels for both the ASHRAE Baseline Building 2007 and proposed building by using the Performance Rating Method found in appendix G of ASHRAE 90.1–2007." *Id.* § 433.5(a)(2). An "ASHRAE Baseline Building 2007" is defined as "a building that is otherwise identical to the proposed building but is designed to meet, but not exceed, the energy efficiency specifications in" ASHRAE 90.1–2007. *Id.* § 433.2.

o  <u>First Factor</u>: There is no indication that Defendant stands to profit from republishing this standard; Defendant's apparent purpose is to inform the public about the law and facilitate public debate. *See ASTM*, 896 F.3d at 449; Def's 2d Mot. at 16. Defendant's "attempt to freely distribute standards incorporated by reference into law qualifie[s] as a use that further[s] the purposes of the fair use defense." *ASTM*, 896 F.3d at 449. With regard to transformative use, the regulation does not incorporate the standard in a manner that requires a private entity to comprehend the standard to comply with its legal duties. Rather, the applicable regulation pertains only to federal agencies. Allowing public access to ASHRAE 90.1 (2010) facilitates public debate on the virtues of certain energy efficiency requirements imposed on federal buildings. *See id.* at 451.

o  <u>Second Factor</u>: The "express text of the law falls plainly outside the realm of copyright protection." *ASTM*, 896 F.3d at 451. Here, the standard is incorporated into law without limitation such that "the consequence of the incorporation by reference is virtually indistinguishable from a situation in which the standard had been expressly copied into law." *Id.* at 452. Accordingly, "this factor weighs heavily in favor of fair use." *Id.*

o  <u>Third Factor</u>: The incorporating regulation does not specify that only certain provisions

of this standard are incorporated by reference into law, nor does it indicate which specific provisions of the standard are relevant for regulatory compliance, suggesting that "a greater amount of the standard's text might be fairly reproduced." *Id.*

o <u>Fourth Factor</u>:  Defendant's reproductions have not had a "substantially adverse impact on the potential market for the originals," nor have Plaintiffs shown by a preponderance of the evidence that there is a meaningful likelihood of future harm." Memo Op. at 30–36 (internal quotation and citation marks omitted).

o <u>Conclusion</u>:  Defendant may fairly reproduce this incorporated standard in its entirety.

**4.  ASHRAE 90.1 (2010):**

o Defendant identifies 24 C.F.R. § 905.110 (2015) as the incorporating by reference regulation, *see* Becker Decl. ¶ 57, Ex. 89, which incorporates the standard into §§ 905.200(b) and 905.312(b). Section 905.200 provides that "[a]ctivities that are eligible to be funded with Capital Funds as identified in this section include . . . [b]uilding code compliance," which "includes design and physical improvement costs associated with . . . [a] national building code, such as those developed by the International Code Council or the National Fire Protection Association; and the IECC or ASHRAE 90.1–2010." 24 C.F.R. § 905.200(a), (a)(6)(ii). Section 905.312 requires that a Public Housing Agency "shall meet the following design and construction standards, as applicable, for all development and modernization," including, that [a]ll development projects shall be designed and constructed in compliance with . . . [a] national building code, such as those developed by the International Code Council or the National Fire Protection Association; and the IECC or ASHRAE 90.1–2010." 24 C.F.R. § 905.312(b)-(b)(1). Public Housing Agency is defined as any "state, county, municipality, or other governmental entity or public body or agency or instrumentality of these entities that is authorized to engage or assist in the development or operation of public housing under this part." *Id.* § 905.108. The regulation does not specify that only certain provisions of ASHRAE 90.1 (2010) are incorporated by reference into law, nor does it indicate which specific provisions of ASHRAE 90.1 (2010) are relevant for regulatory compliance with the regulation.

o <u>First Factor</u>:  There is no indication that Defendant stands to profit from republishing this standard; Defendant's apparent purpose is to inform the public about the law and facilitate public debate. *See ASTM*, 896 F.3d at 449; Def's 2d Mot. at 16. Defendant's "attempt to freely distribute standards incorporated by reference into law qualifie[s] as a use that further[s] the purposes of the fair use defense." *ASTM*, 896 F.3d at 449. With regard to transformative use, the regulation does not incorporate the standard in a manner that requires a private entity to comprehend the standard to comply with its legal duties. Specifically, section 905.200 incorporates the standard as a reference procedure for Public Housing Agencies and resident management corporations to understand their eligibility for certain federal financial assistance. And section 905.108 incorporates the standard such that the standard provides information essential for a public, not private entity to comprehend its legal duties. Accordingly, "while knowing the content of this incorporated standard might help inform one's understanding of the law," it "is not essential to [any private entity] complying with any legal duty," and thus, Defendant's use is less transformative and "its wholesale copying, in turn, less

justified." *ASTM*, 896 F.3d at 450.  Allowing public access to ASHRAE 90.1 (2010) facilitates public debate on the virtues of the requirements imposed on Public Housing Agencies and resident management corporations to receive federal funding for building public housing.  *See id.* at 451.

o   Second Factor:  The "express text of the law falls plainly outside the realm of copyright protection."  *ASTM*, 896 F.3d at 451.  Here, the standard is incorporated into law without limitation such that "the consequence of the incorporation by reference is virtually indistinguishable from a situation in which the standard had been expressly copied into law." *Id.* at 452.  Accordingly, "this factor weighs heavily in favor of fair use." *Id.*

o   Third Factor:  The incorporating regulation does not specify that only certain provisions of this standard are incorporated by reference into law, nor does it indicate which specific provisions of the standard are relevant for regulatory compliance, suggesting that "a greater amount of the standard's text might be fairly reproduced."  *Id.*

o   Fourth Factor:  Defendant's reproductions have not had a "substantially adverse impact on the potential market for the originals," nor have Plaintiffs shown by a preponderance of the evidence that there is a meaningful likelihood of future harm."  Memo Op. at 30–36 (internal quotation and citation marks omitted).

o   Conclusion:  Defendant may fairly reproduce this incorporated standard in its entirety.

5. **NFPA 1 (2003): Uniform Fire Code**:

o   The parties identify Florida Administrative Code Register 69A-3.012 (2005) as the incorporating by reference regulation, *see* Becker Decl. ¶ 57, Ex. 91; Wise Decl., Ex. 175,  which states that "the Florida specific edition" of NFPA 1 (2003): Uniform Fire Code . . . is applicable to those buildings and structures specified in paragraphs (a) and (b) of subsection (1) of Section 633.022, F.S."  Fla. Admin. Code R. 69A-3.012.  The regulation does not specify that only certain provisions of NFPA 1 (2003) are incorporated by reference into law, nor does it indicate which specific provisions of NFPA 1 (2003) are relevant for compliance with the regulation.

o   First Factor:  There is no indication that Defendant stands to profit from republishing this standard; Defendant's apparent purpose is to inform the public about the law and facilitate public debate.  *See ASTM*, 896 F.3d at 449; Def's 2d Mot. at 16.  Defendant's "attempt to freely distribute standards incorporated by reference into law qualifie[s] a use that further[s] the purposes of the fair use defense."  *ASTM*, 896 F.3d at 449.  However, the court finds that the incorporated standard does not provide information essential for a private entity to comprehend its legal duties, but rather is incorporated as a reference procedure.  Accordingly, "while knowing the content of this incorporated standard might help inform one's understanding of the law," it "is not essential to complying with any legal duty," and thus, Defendant's use is less transformative and "its wholesale copying, in turn, less justified." *ASTM*, 896 F.3d at 450.

o   Second Factor:  The "express text of the law falls plainly outside the realm of copyright protection."  *ASTM*, 896 F.3d at 451.  Here, the standard is incorporated into law without limitation such that "the consequence of the incorporation by reference is virtually indistinguishable from a situation in which the standard had been expressly

copied into law." *Id.* at 452.  Accordingly, "this factor weighs heavily in favor of fair use." *Id.*

o **Third Factor**:  The incorporating regulation does not specify that only certain provisions of this standard are incorporated by reference into law, nor does it indicate which specific provisions of the standard are relevant for regulatory compliance, suggesting that "a greater amount of the standard's text might be fairly reproduced." *Id.*

o **Fourth Factor**:  Defendant's reproductions have not had a "substantially adverse impact on the potential market for the originals," nor have Plaintiffs shown by a preponderance of the evidence that there is a meaningful likelihood of future harm."  Memo Op. at 30–36 (internal quotation and citation marks omitted).

o **Conclusion**:  Defendant may fairly reproduce this incorporated standard in its entirety.

6. **NFPA 1 (2006): Uniform Fire Code**:

o The parties identify Florida Administrative Code Register 69A-60.003 as the incorporating by reference regulation, *see* Becker Decl. ¶ 57, Ex. 91, Wise Decl., Ex. 175, which states that "NFPA 1, the Uniform Fire Code, Florida 2006 edition, is hereby adopted and incorporated herein by reference and shall take effect on the effective date of this rule as a part of the Florida Fire Prevention Code."  The regulation does not specify that only certain provisions of NFPA 1 (2006) are incorporated by reference into law, nor does it indicate which specific provisions of NFPA 1 (2006) are relevant for compliance with the regulation.

o **First Factor**:  There is no indication that Defendant stands to profit from republishing this standard; Defendant's apparent purpose is to inform the public about the law and facilitate public debate.  *See ASTM*, 896 F.3d at 449; Def's 2d Mot. at 16.  Defendant's "attempt to freely distribute standards incorporated by reference into law qualifie[s] as a use that further[s] the purposes of the fair use defense."  *ASTM*, 896 F.3d at 449. However, the court finds that the incorporated standard does not provide information essential for a private entity to comprehend its legal duties, but rather is incorporated as a reference procedure.  Accordingly, "while knowing the content of this incorporated standard might help inform one's understanding of the law," it "is not essential to complying with any legal duty," and thus, Defendant's use is less transformative and "its wholesale copying, in turn, less justified." *ASTM*, 896 F.3d at 450.

o **Second Factor**:  The "express text of the law falls plainly outside the realm of copyright protection."  *ASTM*, 896 F.3d at 451.  Here, the standard is incorporated into law without limitation such that "the consequence of the incorporation by reference is virtually indistinguishable from a situation in which the standard had been expressly copied into law." *Id.* at 452.  Accordingly, "this factor weighs heavily in favor of fair use." *Id.*

o **Third Factor**:  The incorporating regulation does not specify that only certain provisions of this standard are incorporated by reference into law, nor does it indicate which specific provisions of the standard are relevant for regulatory compliance, suggesting that "a greater amount of the standard's text might be fairly reproduced." *Id.*

o **Fourth Factor**:  Defendant's reproductions have not had a "substantially adverse impact on the potential market for the originals," nor have Plaintiffs shown by a preponderance

of the evidence that there is a meaningful likelihood of future harm." Memo Op. at 30–36 (internal quotation and citation marks omitted).

o <u>Conclusion</u>: Defendant may fairly reproduce this incorporated standard in its entirety.

**7. NFPA 54 (2006): National Fuel Gas Code:**

o The parties identify Florida Administrative Code Register 5F-11.002 as the incorporating by reference regulation, *see* Becker Decl. ¶ 57, Ex. 91; Wise Decl., Ex. 175, which states that "for gas appliances and gas piping as published in NFPA 54, National Fuel Gas Code, 2006 edition, shall be the accepted standard[ ] for this state and [is] hereby adopted and incorporated by reference" and that the standard "shall be utilized by the Department as a guide in interpreting the provisions of Chapter 527, F.S." Fla. Admin. Code R. 5F-11.002(1). The regulation does not specify that only certain provisions of NFPA 54 (2006) are incorporated by reference into law, nor does it indicate which specific provisions of NFPA 54 (2006) are relevant for compliance with the regulation.

o <u>First Factor</u>: There is no indication that Defendant stands to profit from republishing this standard; Defendant's apparent purpose is to inform the public about the law and facilitate public debate. *See ASTM*, 896 F.3d at 449; Def's 2d Mot. at 16. Defendant's "attempt to freely distribute standards incorporated by reference into law qualifie[s] as a use that further[s] the purposes of the fair use defense." *ASTM*, 896 F.3d at 449. However, the court finds that the incorporated standard does not provide information essential for a private entity to comprehend its legal duties, but rather is incorporated as a reference procedure for a public Department. Accordingly, "while knowing the content of this incorporated standard might help inform one's understanding of the law," it "is not essential to complying with any legal duty," and thus, Defendant's use is less transformative and "its wholesale copying, in turn, less justified." *ASTM*, 896 F.3d at 450.

o <u>Second Factor</u>: The "express text of the law falls plainly outside the realm of copyright protection." *ASTM*, 896 F.3d at 451. Here, the standard is incorporated into law without limitation such that "the consequence of the incorporation by reference is virtually indistinguishable from a situation in which the standard had been expressly copied into law." *Id.* at 452. Accordingly, "this factor weighs heavily in favor of fair use." *Id.*

o <u>Third Factor</u>: The incorporating regulation does not specify that only certain provisions of this standard are incorporated by reference into law, nor does it indicate which specific provisions of the standard are relevant for regulatory compliance, suggesting that "a greater amount of the standard's text might be fairly reproduced." *Id.*

o <u>Fourth Factor</u>: Defendant's reproductions have not had a "substantially adverse impact on the potential market for the originals," nor have Plaintiffs shown by a preponderance of the evidence that there is a meaningful likelihood of future harm." Memo Op. at 30–36 (internal quotation and citation marks omitted).

o <u>Conclusion</u>: Defendant may fairly reproduce this incorporated standard in its entirety.

**8. NFPA 11 (2005): Standard for Low Medium and High Expansion Foam:**

o The parties identify 29 C.F.R. § 1915.5 (2015) as the incorporating by reference regulation, *see* Becker Decl. ¶ 57, Ex. 91; Wise Decl., Ex. 175, which states that the incorporation by reference is "approved for § 1915.507(d)(3)." *See* § 1915.5(d)(4)(xiii). Section 1915.507(d), in turn, requires that when dealing with "Fixed extinguishing systems," an employer must "select, install, maintain, inspect, and test all fixed systems required by OSHA," including "[f]ixed extinguishing systems that use water or foam as the extinguishing agent according to . . . NFPA 11-2005 Standard for Low-, Medium-, and High-Expansion Foam (incorporated by reference, see § 1915.5)." The regulation does not specify that only certain provisions of NFPA 11 (2005) are incorporated by reference into law, nor does it indicate which specific provisions of NFPA 11 (2005) are relevant for compliance with the regulation.

o <u>First Factor</u>: There is no indication that Defendant stands to profit from republishing this standard; Defendant's apparent purpose is to inform the public about the law and facilitate public debate. *See ASTM*, 896 F.3d at 449; Def's 2d Mot. at 16. Defendant's "attempt to freely distribute standards incorporated by reference into law qualifie[s] as a use that further[s] the purposes of the fair use defense." *ASTM*, 896 F.3d at 449. Further, the incorporated standard provides information essential for a private entity to comprehend its legal duties, which weighs heavily in favor of permitting Defendant's reproduction. *See ASTM*, 896 F.3d at 450.

o <u>Second Factor</u>: The "express text of the law falls plainly outside the realm of copyright protection." *ASTM*, 896 F.3d at 451. Here, the standard is incorporated into law without limitation such that "the consequence of the incorporation by reference is virtually indistinguishable from a situation in which the standard had been expressly copied into law." *Id.* at 452. Accordingly, "this factor weighs heavily in favor of fair use." *Id.*

o <u>Third Factor</u>: The incorporating regulation does not specify that only certain provisions of this standard are incorporated by reference into law, nor does it indicate which specific provisions of the standard are relevant for regulatory compliance, suggesting that "a greater amount of the standard's text might be fairly reproduced." *Id.*

o <u>Fourth Factor</u>: Defendant's reproductions have not had a "substantially adverse impact on the potential market for the originals," nor have Plaintiffs shown by a preponderance of the evidence that there is a meaningful likelihood of future harm." Memo Op. at 30–36 (internal quotation and citation marks omitted).

o <u>Conclusion</u>: Defendant may fairly reproduce this incorporated standard in its entirety.

**9. NFPA 12 (2005): Standard on Carbon Dioxide Extinguishing Systems:**

o The parties identify 29 C.F.R. § 1915.5 (2015) as the incorporating by reference regulation, *see* Becker Decl. ¶ 57, Ex. 91; Wise Decl., Ex. 175, which states that the incorporation by reference is "approved for § 1915.507(d)(5)." *See* § 1915.5(i)(15). Section 1915.507(d), in turn, requires that when dealing with "Fixed extinguishing systems," an employer must "select, install, maintain, inspect, and test all fixed systems required by OSHA," including "[f]ixed extinguishing systems using gas as the extinguishing agent according to NFPA 12-2005 Standard on Carbon Dioxide Extinguishing Systems (incorporated by reference, see § 1915.5)." The regulation does

not specify that only certain provisions of NFPA 12 (2005) are incorporated by reference into law, nor does it indicate which specific provisions of NFPA 12 (2005) are relevant for compliance with the regulation.

o First Factor:  There is no indication that Defendant stands to profit from republishing this standard; Defendant's apparent purpose is to inform the public about the law and facilitate public debate.  *See ASTM*, 896 F.3d at 449; Def's 2d Mot. at 16.  Defendant's "attempt to freely distribute standards incorporated by reference into law qualifie[s] as a use that further[s] the purposes of the fair use defense."  *ASTM*, 896 F.3d at 449.  Further, the incorporated standard provides information essential for a private entity to comprehend its legal duties, which weighs heavily in favor of permitting Defendant's reproduction.  *See ASTM*, 896 F.3d at 450.

o Second Factor:  The "express text of the law falls plainly outside the realm of copyright protection."  *ASTM*, 896 F.3d at 451.  Here, the standard is incorporated into law without limitation such that "the consequence of the incorporation by reference is virtually indistinguishable from a situation in which the standard had been expressly copied into law."  *Id.* at 452.  Accordingly, "this factor weighs heavily in favor of fair use."  *Id.*

o Third Factor:  The incorporating regulation does not specify that only certain provisions of this standard are incorporated by reference into law, nor does it indicate which specific provisions of the standard are relevant for regulatory compliance, suggesting that "a greater amount of the standard's text might be fairly reproduced."  *Id.*

o Fourth Factor:  Defendant's reproductions have not had a "substantially adverse impact on the potential market for the originals," nor have Plaintiffs shown by a preponderance of the evidence that there is a meaningful likelihood of future harm."  Memo Op. at 30–36 (internal quotation and citation marks omitted).

o Conclusion:  Defendant may fairly reproduce this incorporated standard in its entirety.

**10. NFPA 10 (2002): Standard for Portable Fire Extinguishers (Title of work on certificate of registration is "National Fire Codes Vol 1-12 and Master Index"):**

o The parties identify 29 C.F.R. § 1915.5 (2015) as the incorporating by reference regulation, *see* Becker Decl. ¶ 57, Ex. 91; Wise Decl., Ex. 175, which states that the incorporation by reference is "approved for §§ 1915.507(b)(1) and (b)(2)."  *See* § 1915.5(i)(6).  Section 1915.507(b), in turn, requires the following:

1915.507(b)(1)

The employer must select, install, inspect, maintain, and test all portable fire extinguishers according to NFPA 10-2002 Standard for Portable Fire Extinguishers (incorporated by reference, see § 1915.5).

1915.507(b)(2)

The employer is permitted to use Class II or Class III hose systems, in accordance with NFPA 10-2002 (incorporated by reference, see § 1915.5), as portable fire extinguishers if the employer selects, installs, inspects, maintains, and tests those systems according to the specific

recommendations in NFPA 14-2003 Standard for the Installation of Standpipe and Hose Systems (incorporated by reference, see § 1915.5).

Neither regulation specifies that only certain provisions of NFPA 10 (2002) are incorporated by reference into law, nor do they indicate which specific provisions of NFPA 10 (2002) are relevant for compliance with the regulations.

o  First Factor:  There is no indication that Defendant stands to profit from republishing this standard; Defendant's apparent purpose is to inform the public about the law and facilitate public debate.  *See ASTM*, 896 F.3d at 449; Def's 2d Mot. at 16.  Defendant's "attempt to freely distribute standards incorporated by reference into law qualifie[s] as a use that further[s] the purposes of the fair use defense."  *ASTM*, 896 F.3d at 449.  And while the standard is incorporated into Section 1915.507(b)(2) as a discretionary procedure, the court finds that the incorporated standard provides information essential for a private entity to comprehend its legal duties to comply with section 1915.507(b)(1), which weighs heavily in favor of permitting Defendant's reproduction.  *See ASTM*, 896 F.3d at 450.

o  Second Factor:  The "express text of the law falls plainly outside the realm of copyright protection."  *ASTM*, 896 F.3d at 451.  Here, the standard is incorporated into law without limitation such that "the consequence of the incorporation by reference is virtually indistinguishable from a situation in which the standard had been expressly copied into law."  *Id.* at 452.  Accordingly, "this factor weighs heavily in favor of fair use."  *Id.*

o  Third Factor:  The incorporating regulation does not specify that only certain provisions of this standard are incorporated by reference into law, nor does it indicate which specific provisions of the standard are relevant for regulatory compliance, suggesting that "a greater amount of the standard's text might be fairly reproduced."  *Id.*

o  Fourth Factor:  Defendant's reproductions have not had a "substantially adverse impact on the potential market for the originals," nor have Plaintiffs shown by a preponderance of the evidence that there is a meaningful likelihood of future harm."  Memo Op. at 30–36 (internal quotation and citation marks omitted).

o  Conclusion:  Defendant may fairly reproduce this incorporated standard in its entirety.

**11. NFPA 13 (2002): Installation of Sprinkler Systems (Title of work on certificate of registration is "National Fire Codes Vol 1- 12 and Master Index"):**

o  The parties identify 29 C.F.R. § 1915.5 (2015) as the incorporating by reference regulation, *see* Becker Decl. ¶ 57, Ex. 91; Wise Decl., Ex. 175,  which states that the incorporation by reference is "approved for § 1915.507(d)."  *See* § 1915.5(i)(9). Section 1915.507(d), in turn, requires that when dealing with "Fixed extinguishing systems," an employer must "select, install, maintain, inspect, and test all fixed systems required by OSHA," including [a]utomatic sprinkler systems according to NFPA 25-2002 . . . , and either (i) NFPA 13-2002" or  "(ii) NFPA 750-2003."  29 C.F.R. § 1915.507(d).  The regulation does not specify that only certain provisions of NFPA 13 (2002) are incorporated by reference into law, nor does it indicate which specific provisions of NFPA 13 (2002) are relevant for compliance with the regulation.

o  First Factor:  There is no indication that Defendant stands to profit from republishing

this standard; Defendant's apparent purpose is to inform the public about the law and facilitate public debate. *See ASTM*, 896 F.3d at 449; Def's 2d Mot. at 16. Defendant's "attempt to freely distribute standards incorporated by reference into law qualifie[s] as a use that further[s] the purposes of the fair use defense." *ASTM*, 896 F.3d at 449. However, the court finds that the incorporated standard does not provide information essential for a private entity to comprehend its legal duties, because the entity could rely on the procedures set forth in NFPA 750-2003 to comply with the regulation. Accordingly, "while knowing the content of this incorporated standard might help inform one's understanding of the law," it "is not essential to complying with any legal duty," and thus, Defendant's use is less transformative and "its wholesale copying, in turn, less justified." *ASTM*, 896 F.3d at 450.

o  Second Factor:  The "express text of the law falls plainly outside the realm of copyright protection." *ASTM*, 896 F.3d at 451. Here, the standard is incorporated into law without limitation such that "the consequence of the incorporation by reference is virtually indistinguishable from a situation in which the standard had been expressly copied into law." *Id.* at 452. Accordingly, "this factor weighs heavily in favor of fair use." *Id.*

o  Third Factor:  The incorporating regulation does not specify that only certain provisions of this standard are incorporated by reference into law, nor does it indicate which specific provisions of the standard are relevant for regulatory compliance, suggesting that "a greater amount of the standard's text might be fairly reproduced." *Id.*

o  Fourth Factor:  Defendant's reproductions have not had a "substantially adverse impact on the potential market for the originals," nor have Plaintiffs shown by a preponderance of the evidence that there is a meaningful likelihood of future harm." Memo Op. at 30–36 (internal quotation and citation marks omitted).

o  Conclusion:  Defendant may fairly reproduce this incorporated standard in its entirety.

**12. NFPA 25 (2002): Inspection, Testing and Maintenance of WaterBased Fire Protection Systems (Title of work on certificate of registration is "National Fire Codes Vol 1- 12 and Master Index"):**

o  The parties identify 29 C.F.R. § 1915.5 (2015) as the incorporating by reference regulation, *see* Becker Decl. ¶ 57, Ex. 91; Wise Decl., Ex. 175, which states that the incorporation by reference is "approved for § 1915.507(d)." *See* § 1915.5(i)(11). Section 1915.507(d), in turn, requires that when dealing with "Fixed extinguishing systems," an employer must "select, install, maintain, inspect, and test all fixed systems required by OSHA," including [a]utomatic sprinkler systems according to NFPA 25-2002 . . . , and either (i) NFPA 13-2002" or "(ii) NFPA 750-2003." 29 C.F.R. § 1915.507(d). The regulation does not specify that only certain provisions of NFPA 25 (2002) are incorporated by reference into law, nor does it indicate which specific provisions of NFPA 25 (2002) are relevant for compliance with the regulation.

o  First Factor:  There is no indication that Defendant stands to profit from republishing this standard; Defendant's apparent purpose is to inform the public about the law and facilitate public debate. *See ASTM*, 896 F.3d at 449; Def's 2d Mot. at 16. Defendant's "attempt to freely distribute standards incorporated by reference into law qualifie[s] as

a use that further[s] the purposes of the fair use defense." *ASTM*, 896 F.3d at 449. Further, the incorporated standard provides information essential for a private entity to comprehend its legal duties, which weighs heavily in favor of permitting Defendant's reproduction. *See ASTM*, 896 F.3d at 450.

o Second Factor:  The "express text of the law falls plainly outside the realm of copyright protection." *ASTM*, 896 F.3d at 451.  Here, the standard is incorporated into law without limitation such that "the consequence of the incorporation by reference is virtually indistinguishable from a situation in which the standard had been expressly copied into law." *Id.* at 452.  Accordingly, "this factor weighs heavily in favor of fair use." *Id.*

o Third Factor:  The incorporating regulation does not specify that only certain provisions of this standard are incorporated by reference into law, nor does it indicate which specific provisions of the standard are relevant for regulatory compliance, suggesting that "a greater amount of the standard's text might be fairly reproduced." *Id.*

o Fourth Factor:  Defendant's reproductions have not had a "substantially adverse impact on the potential market for the originals," nor have Plaintiffs shown by a preponderance of the evidence that there is a meaningful likelihood of future harm." Memo Op. at 30–36 (internal quotation and citation marks omitted).

o Conclusion:  Defendant may fairly reproduce this incorporated standard in its entirety.

### 13. NFPA 30 (2003): Flammable and Combustible Liquids Code:

o The parties identify 49 C.F.R. § 192.7 (2009) as the incorporating by reference regulation, *see* Becker Decl. ¶ 57, Ex. 91; Wise Decl., Ex. 175, which recognizes the applicable regulation at 49 C.F.R. § 192.735(b).  Section 192.735(b), in turn, requires that "[a]boveground oil or gasoline storage tanks must be protected in accordance with NFPA-30 (incorporated by reference, *see* § 192.7)."  The regulation does not specify that only certain provisions of NFPA 30 (2003) are incorporated by reference into law, nor does it indicate which specific provisions of NFPA 30 (2003) are relevant for compliance with the regulation.

o First Factor:  There is no indication that Defendant stands to profit from republishing this standard; Defendant's apparent purpose is to inform the public about the law and facilitate public debate.  *See ASTM*, 896 F.3d at 449; Def's 2d Mot. at 16.  Defendant's "attempt to freely distribute standards incorporated by reference into law qualifie[s] a use that further[s] the purposes of the fair use defense." *ASTM*, 896 F.3d at 449. Further, the incorporated standard provides information essential for a private entity to comprehend its legal duties, which weighs heavily in favor of permitting Defendant's reproduction.  *See ASTM*, 896 F.3d at 450.

o Second Factor:  The "express text of the law falls plainly outside the realm of copyright protection." *ASTM*, 896 F.3d at 451.  Here, the standard is incorporated into law without limitation such that "the consequence of the incorporation by reference is virtually indistinguishable from a situation in which the standard had been expressly copied into law." *Id.* at 452.  Accordingly, "this factor weighs heavily in favor of fair use." *Id.*

o Third Factor:  The incorporating regulation does not specify that only certain provisions

of this standard are incorporated by reference into law, nor does it indicate which specific provisions of the standard are relevant for regulatory compliance, suggesting that "a greater amount of the standard's text might be fairly reproduced." *Id.*

o Fourth Factor: Defendant's reproductions have not had a "substantially adverse impact on the potential market for the originals," nor have Plaintiffs shown by a preponderance of the evidence that there is a meaningful likelihood of future harm." Memo Op. at 30–36 (internal quotation and citation marks omitted).

o Conclusion: Defendant may fairly reproduce this incorporated standard in its entirety.

## 14. NFPA 58 (2001): Liquefied Petroleum Gas Code (Title of work on certificate of registration is "National Fire Codes Vol 3"):

o The parties identify 49 C.F.R. § 171.7 (2011) as the incorporating by reference regulation, *see* Becker Decl. ¶ 57, Ex. 91; Wise Decl., Ex. 175, which recognizes the applicable regulation at 49 C.F.R. §§ 173.5 and 173.315. *See* 49 C.F.R. § 171.7(a)(3) (2011). Sections 173.5 and 173.315 both appear in Part 173 of Department of Transportation regulations titled "Shippers-General Requirements for Shipments and Packaging." Section 173.5 provides "[a] non-DOT specification cargo tank motor vehicle may be used to transport Liquefied petroleum gas" if, *inter alia*, "[t]he cargo tank . . . conforms to applicable requirements in National Fire Protection Association (NFPA) 58." *Id.* § 173.5(d)(4). Section 173.315 requires that "[l]iquefied compressed gases that are transported in UN portable tanks, DOT specification portable tanks, or cargo tanks must be prepared in accordance with this section." *Id.* § 173.315(a). Among the section's requirements is that "[s]torage containers for liquefied petroleum gas or propane charged to five percent of their capacity or less and intended for permanent installation on consumer premises may be shipped by private motor carrier under" certain conditions, including that "[e]ach container must be equipped with safety devices in compliance with the requirements for safety devices on containers as specified in NFPA 58, Liquefied Petroleum Gas Code (IBR, see §171.7 of this subchapter). *Id.* § 173.5(j), (j)(2). Neither regulation specifies that only certain provisions of NFPA 58 (2001) are incorporated by reference into law, nor do they indicate which specific provisions of NFPA 58 (2001) are relevant for compliance with the regulations.

o First Factor: There is no indication that Defendant stands to profit from republishing this standard; Defendant's apparent purpose is to inform the public about the law and facilitate public debate. *See ASTM*, 896 F.3d at 449; Def's 2d Mot. at 16. Defendant's "attempt to freely distribute standards incorporated by reference into law qualifie[s] as a use that further[s] the purposes of the fair use defense." *ASTM*, 896 F.3d at 449. Further, the incorporated standard provides information essential for a private entity to comprehend its legal duties, which weighs heavily in favor of permitting Defendant's reproduction. *See ASTM*, 896 F.3d at 450.

o Second Factor: The "express text of the law falls plainly outside the realm of copyright protection." *ASTM*, 896 F.3d at 451. Here, the standard is incorporated into law without limitation such that "the consequence of the incorporation by reference is virtually indistinguishable from a situation in which the standard had been expressly copied into law." *Id.* at 452. Accordingly, "this factor weighs heavily in favor of fair

use." *Id.*

- o <u>Third Factor</u>: The incorporating regulation does not specify that only certain provisions of this standard are incorporated by reference into law, nor does it indicate which specific provisions of the standard are relevant for regulatory compliance, suggesting that "a greater amount of the standard's text might be fairly reproduced." *Id.*

- o <u>Fourth Factor</u>: Defendant's reproductions have not had a "substantially adverse impact on the potential market for the originals," nor have Plaintiffs shown by a preponderance of the evidence that there is a meaningful likelihood of future harm." Memo Op. at 30–36 (internal quotation and citation marks omitted).

- o <u>Conclusion</u>: Defendant may fairly reproduce this incorporated standard in its entirety.

### 15. NFPA 58 (2004): Liquefied Petroleum Gas Code:

- o The parties identify 49 C.F.R. § 192.7 (2009) as the incorporating by reference regulation, *see* Becker Decl. ¶ 57, Ex. 91; Wise Decl., Ex. 175, which identifies the applicable regulations at 49 C.F.R. §§ 192.11(a), 192.11(b), 192.11(c). *See* 49 C.F.R. § 192.7(c)(2)(F)(2) (2009). Section 192.11(a) requires that "[e]ach plant that supplies petroleum gas by pipeline to a natural gas distribution system must meet the requirements of this part and ANSI/ NFPA 58 and 59; section 192(b) requires that "[e]ach pipeline system subject to this part that transports only petroleum gas or petroleum gas/air mixtures must meet the requirements of this part and of ANSI/NFPA 58 and 59," and section 192(c) provides that "[i]n the event of a conflict between this part and ANSI/NFPA 58 and 59, ANSI/NFPA 58 and 59 prevail. The regulation does not specify that only certain provisions of NFPA 58 (2004) are incorporated by reference into law, nor does it indicate which specific provisions of NFPA 58 (2004) are relevant for compliance with the regulation.

- o <u>First Factor</u>: There is no indication that Defendant stands to profit from republishing this standard; Defendant's apparent purpose is to inform the public about the law and facilitate public debate. *See ASTM*, 896 F.3d at 449; Def's 2d Mot. at 16. Defendant's "attempt to freely distribute standards incorporated by reference into law qualifie[s] as a use that further[s] the purposes of the fair use defense." *ASTM*, 896 F.3d at 449. Further, the incorporated standard provides information essential for a private entity to comprehend its legal duties, which weighs heavily in favor of permitting Defendant's reproduction. *See ASTM*, 896 F.3d at 450.

- o <u>Second Factor</u>: The "express text of the law falls plainly outside the realm of copyright protection." *ASTM*, 896 F.3d at 451. Here, the standard is incorporated into law without limitation such that "the consequence of the incorporation by reference is virtually indistinguishable from a situation in which the standard had been expressly copied into law." *Id.* at 452. Accordingly, "this factor weighs heavily in favor of fair use." *Id.*

- o <u>Third Factor</u>: The incorporating regulation does not specify that only certain provisions of this standard are incorporated by reference into law, nor does it indicate which specific provisions of the standard are relevant for regulatory compliance, suggesting that "a greater amount of the standard's text might be fairly reproduced." *Id.*

- o <u>Fourth Factor</u>: Defendant's reproductions have not had a "substantially adverse impact

on the potential market for the originals," nor have Plaintiffs shown by a preponderance of the evidence that there is a meaningful likelihood of future harm." Memo Op. at 30–36 (internal quotation and citation marks omitted).

- o <u>Conclusion</u>: Defendant may fairly reproduce this incorporated standard in its entirety.

**16. NFPA 59 (2004): Utility LP Gas Plant Code:**

- o The parties identify 49 C.F.R. § 192.7 (2009) as the incorporating by reference regulation, *see* Becker Decl. ¶ 57, Ex. 91; Wise Decl., Ex. 175, which identifies the applicable regulations at 49 C.F.R. §§ 192.11(a), 192.11(b), 192.11(c). *See* 49 C.F.R. § 192.7(c)(2)(F)(2) (2009). Section 192.11(a) requires that "[e]ach plant that supplies petroleum gas by pipeline to a natural gas distribution system must meet the requirements of this part and ANSI/ NFPA 58 and 59; section 192(b) requires that "[e]ach pipeline system subject to this part that transports only petroleum gas or petroleum gas/air mixtures must meet the requirements of this part and of ANSI/NFPA 58 and 59," and section 192(c) provides that "[i]n the event of a conflict between this part and ANSI/NFPA 58 and 59, ANSI/NFPA 58 and 59 prevail. The regulation does not specify that only certain provisions of NFPA 59 (2004) are incorporated by reference into law, nor does it indicate which specific provisions of NFPA 59 (2004) are relevant for compliance with the regulation.

- o <u>First Factor</u>: There is no indication that Defendant stands to profit from republishing this standard; Defendant's apparent purpose is to inform the public about the law and facilitate public debate. *See ASTM*, 896 F.3d at 449; Def's 2d Mot. at 16. Defendant's "attempt to freely distribute standards incorporated by reference into law qualifie[s] as a use that further[s] the purposes of the fair use defense." *ASTM*, 896 F.3d at 449. Further, the incorporated standard provides information essential for a private entity to comprehend its legal duties, which weighs heavily in favor of permitting Defendant's reproduction. *See ASTM*, 896 F.3d at 450.

- o <u>Second Factor</u>: The "express text of the law falls plainly outside the realm of copyright protection." *ASTM*, 896 F.3d at 451. Here, the standard is incorporated into law without limitation such that "the consequence of the incorporation by reference is virtually indistinguishable from a situation in which the standard had been expressly copied into law." *Id.* at 452. Accordingly, "this factor weighs heavily in favor of fair use." *Id.*

- o <u>Third Factor</u>: The incorporating regulation does not specify that only certain provisions of this standard are incorporated by reference into law, nor does it indicate which specific provisions of the standard are relevant for regulatory compliance, suggesting that "a greater amount of the standard's text might be fairly reproduced." *Id.*

- o <u>Fourth Factor</u>: Defendant's reproductions have not had a "substantially adverse impact on the potential market for the originals," nor have Plaintiffs shown by a preponderance of the evidence that there is a meaningful likelihood of future harm." Memo Op. at 30–36 (internal quotation and citation marks omitted).

- o <u>Conclusion</u>: Defendant may fairly reproduce this incorporated standard in its entirety.

**17. NFPA 70 (1999): National Electric Code:**

o  The parties identify 7 C.F.R. § 1755.509 (2010) as the incorporating by reference regulation, *see* Becker Decl. ¶ 57, Ex. 91; Wise Decl., Ex. 175, which does so in relation to "methods of making service installations at customer access locations in telecommunications systems of [rural utility services] borrowers." *See* 7 C.F.R. § 1755.502 (dictating scope of §§ 1755.503 to 1755.510). Part 1755 contains numerous provisions requiring compliance with NFPA 70 (1999) generally, *see, e.g.*, *id.* § 1755.503(j) (requiring "NIDs, BETs, and fused primary station protectors shall be installed and grounded to meet the requirements of the ANSI/NFPA 70–1999, NEC ®, or local laws or ordinances, whichever are more stringent"); *id.* § 1755.503(d) (requiring that "[a]erial service wires shall be run in accordance with the construction drawings contained in §1755.510 and shall conform to all clearance requirements of the ANSI/NFPA 70–1999"), portions requiring compliance with specific provisions of NFPA 70 (1999), *see, e.g.*, *id.* § 1755.505(f)(13) (requiring that "[t]he installation shall comply with all the requirements of section 800–12(c) of ANSI/NFPA 70–1999"), as well as provisions incorporating NFPA 70 (1999) as a reference procedure, *see, e.g.*, *id.* § 1755.501 (adopting and providing various definitions set forth in NFPA 70 (1999)); *id.* § 1755.503(c) (explaining that the "requirements provided in this section and §§1755.504 through 1755.510 have been designed to coordinate with the provisions of the ANSI/NFPA 70– 1999").

o  <u>First Factor</u>:  There is no indication that Defendant stands to profit from republishing this standard; Defendant's apparent purpose is to inform the public about the law and facilitate public debate. *See ASTM*, 896 F.3d at 449; Def's 2d Mot. at 16. Defendant's "attempt to freely distribute standards incorporated by reference into law qualifie[s] as a use that further[s] the purposes of the fair use defense." *ASTM*, 896 F.3d at 449. Further, the incorporated standard provides information essential for a private entity to comprehend its legal duties, which weighs heavily in favor of permitting Defendant's reproduction. *See ASTM*, 896 F.3d at 450.

o  <u>Second Factor</u>:  The "express text of the law falls plainly outside the realm of copyright protection." *ASTM*, 896 F.3d at 451.  Here, the standard is incorporated into law without limitation such that "the consequence of the incorporation by reference is virtually indistinguishable from a situation in which the standard had been expressly copied into law." *Id.* at 452.  Accordingly, "this factor weighs heavily in favor of fair use." *Id.*

o  <u>Third Factor</u>:   In some provisions, the incorporating regulation identifies specific portions of the standard that are relevant to regulatory compliance. *See, e.g.*, 7 C.F.R. § 1755.505(f)(13) (requiring that "[t]he installation shall comply with all the requirements of section 800–12(c) of ANSI/NFPA 70–1999").  Other provisions, though, do not specify which specific provisions of the standard are relevant for regulatory compliance. *See, e.g.*, *id.* § 1755.503(j) (requiring "NIDs, BETs, and fused primary station protectors shall be installed and grounded to meet the requirements of the ANSI/NFPA 70–1999, NEC ®, or local laws or ordinances, whichever are more stringent"); *id.* § 1755.503(d) (requiring that "[a]erial service wires shall be run in accordance with the construction drawings contained in §1755.510 and shall conform to all clearance requirements of the ANSI/NFPA 70–1999").  This suggests that "a greater amount of the standard's text might be fairly reproduced."  *Id.*

o   Underline Fourth Factor: Defendant's reproductions have not had a "substantially adverse impact on the potential market for the originals," nor have Plaintiffs shown by a preponderance of the evidence that there is a meaningful likelihood of future harm." Memo Op. at 30–36 (internal quotation and citation marks omitted).

o   Conclusion: Defendant may fairly reproduce this incorporated standard in its entirety.

## 18. NFPA 70 (2005): National Electric Code:

o   The parties identify 49 C.F.R. § 192.7 as the incorporating by reference regulation, *see* Becker Decl. ¶ 57, Ex. 91; Wise Decl., Ex. 175, which incorporates the standard into 49 C.F.R. § 192.163(e) and § 192.189(c). *See* 49 C.F.R. § 192.7(c)(2)(F)(4) (2009). Section 192.163(e) provides that "[e]lectrical equipment and wiring installed in compressor stations must conform to [NFPA 70], so far as that code is applicable." 49 C.F.R. § 192.163(e) (2009). Section 192.189 provides "[e]lectrical equipment in vaults must conform to the applicable requirements of Class 1, Group D, of the [NFPA 70]." 49 C.F.R. § 192.189. Neither regulation specifies that only certain provisions of NFPA 70 (2005) are incorporated by reference into law, nor do they indicate which specific provisions of NFPA 70 (2005) are relevant for compliance with the regulations.

o   First Factor: There is no indication that Defendant stands to profit from republishing this standard; Defendant's apparent purpose is to inform the public about the law and facilitate public debate. *See ASTM*, 896 F.3d at 449; Def's 2d Mot. at 16. Defendant's "attempt to freely distribute standards incorporated by reference into law qualifie[s] as a use that further[s] the purposes of the fair use defense." *ASTM*, 896 F.3d at 449. Further, the incorporated standard provides information essential for a private entity to comprehend its legal duties, which weighs heavily in favor of permitting Defendant's reproduction. *See ASTM*, 896 F.3d at 450.

o   Second Factor: The "express text of the law falls plainly outside the realm of copyright protection." *ASTM*, 896 F.3d at 451. Here, the standard is incorporated into law without limitation such that "the consequence of the incorporation by reference is virtually indistinguishable from a situation in which the standard had been expressly copied into law." *Id.* at 452. Accordingly, "this factor weighs heavily in favor of fair use." *Id.*

o   Third Factor: The incorporating regulation does not specify that only certain provisions of this standard are incorporated by reference into law, nor does it indicate which specific provisions of the standard are relevant for regulatory compliance, suggesting that "a greater amount of the standard's text might be fairly reproduced." *Id.*

o   Fourth Factor: Defendant's reproductions have not had a "substantially adverse impact on the potential market for the originals," nor have Plaintiffs shown by a preponderance of the evidence that there is a meaningful likelihood of future harm." Memo Op. at 30–36 (internal quotation and citation marks omitted).

o   Conclusion: Defendant may fairly reproduce this incorporated standard in its entirety.

## 19. NFPA 70 (2008): National Electric Code:

o   Defendant identifies 24 C.F.R. § 3285.4 (2013) as an incorporating by reference regulation, *see* Becker Decl. ¶ 57, Ex. 91, but that regulation incorporates the 2005

edition of NFPA 70—not the 2008 edition.  Defendant also identifies Rhode Island State Regulation SBC-5-2008 (Rhode Island State Building Code) as an incorporating by reference regulation, which incorporates NFPA 70 (2008) in full as the Rhode Island State Electrical Code, together with the amendments set by the Rhode Island State Regulation.  *See* SBC-5-2008.  While SBC-5-2008 provides text of the amended provisions of NFPA 70 (2008), it does not reproduce most of its provisions.

o  <u>First Factor</u>:  There is no indication that Defendant stands to profit from republishing this standard; Defendant's apparent purpose is to inform the public about the law and facilitate public debate.  *See ASTM*, 896 F.3d at 449; Def's 2d Mot. at 16.  Defendant's "attempt to freely distribute standards incorporated by reference into law qualifie[s] as a use that further[s] the purposes of the fair use defense."  *ASTM*, 896 F.3d at 449.  Further, the incorporated standard provides information essential for a private entity to comprehend its legal duties, which weighs heavily in favor of permitting Defendant's reproduction.  *See ASTM*, 896 F.3d at 450.

o  <u>Second Factor</u>:  The "express text of the law falls plainly outside the realm of copyright protection."  *ASTM*, 896 F.3d at 451.  Here, the standard is incorporated into law without limitation such that "the consequence of the incorporation by reference is virtually indistinguishable from a situation in which the standard had been expressly copied into law."  *Id.* at 452.  Accordingly, "this factor weighs heavily in favor of fair use."  *Id.*

o  <u>Third Factor</u>:  The incorporating regulation does not specify that only certain provisions of this standard are incorporated by reference into law, nor does it indicate which specific provisions of the standard are relevant for regulatory compliance, suggesting that "a greater amount of the standard's text might be fairly reproduced."  *Id.*

o  <u>Fourth Factor</u>:  Defendant's reproductions have not had a "substantially adverse impact on the potential market for the originals," nor have Plaintiffs shown by a preponderance of the evidence that there is a meaningful likelihood of future harm."  Memo Op. at 30–36 (internal quotation and citation marks omitted).

o  <u>Conclusion</u>:  Defendant may fairly reproduce this incorporated standard in its entirety.

**20. NFPA 70 (2011): National Electric Code:**

o  The parties identify 49 C.F.R. § 192.7 (2015) as the incorporating by reference regulation, *see* Becker Decl. ¶ 57, Ex. 91; Wise Decl., Ex. 175, which incorporates the standard into 49 C.F.R. § 192.163(e) and § 192.189(c).  *See* 49 C.F.R. § 192.7(c)(2)(F)(4) (2015). Section 192.163(e) provides that "[e]lectrical equipment and wiring installed in compressor stations must conform to the NFPA-70, so far as that code is applicable." 49 C.F.R. § 192.163(e) (2015). Section 192.189 provides "[e]lectrical equipment in vaults must conform to the applicable requirements of Class 1, Group D, of the [NFPA 70]." 49 C.F.R. § 192.189(c) (2015).  Neither regulation specifies that only certain provisions of NFPA 70 (2011) are incorporated by reference into law, nor do they indicate which specific provisions of NFPA 70 (2011) are relevant for compliance with the regulations.

o  <u>First Factor</u>:  There is no indication that Defendant stands to profit from republishing this standard; Defendant's apparent purpose is to inform the public about the law and

facilitate public debate. *See ASTM*, 896 F.3d at 449; Def's 2d Mot. at 16. Defendant's "attempt to freely distribute standards incorporated by reference into law qualifie[s] as a use that further[s] the purposes of the fair use defense." *ASTM*, 896 F.3d at 449. Further, the incorporated standard provides information essential for a private entity to comprehend its legal duties, which weighs heavily in favor of permitting Defendant's reproduction. *See ASTM*, 896 F.3d at 450.

o   Second Factor: The "express text of the law falls plainly outside the realm of copyright protection." *ASTM*, 896 F.3d at 451. Here, the standard is incorporated into law without limitation such that "the consequence of the incorporation by reference is virtually indistinguishable from a situation in which the standard had been expressly copied into law." *Id.* at 452. Accordingly, "this factor weighs heavily in favor of fair use." *Id.*

o   Third Factor: While section 192.189(c) references specific provisions of NFPA 70 that are relevant for regulatory compliance, section 192.163(e) does not indicate which specific provisions of the standard are relevant for regulatory compliance, suggesting that "a greater amount of the standard's text might be fairly reproduced." *Id.*

o   Fourth Factor: Defendant's reproductions have not had a "substantially adverse impact on the potential market for the originals," nor have Plaintiffs shown by a preponderance of the evidence that there is a meaningful likelihood of future harm." Memo Op. at 30–36 (internal quotation and citation marks omitted).

o   Conclusion: Defendant may fairly reproduce this incorporated standard in its entirety.

**21. NFPA 70 (2014): National Electric Code:**

o   Defendant identifies 16 C.F.R. § 1211.40(c)(1) (2019) as the incorporating by reference regulation, *see* Becker Decl. ¶ 5 7, Ex. 91, which does not exist. However, 16 C.F.R. § 1211.40(c)(1) (2016) incorporates the standard into § 1211.40.2(c). Section 1211.40.2 defines "[r]esidential garage door operator" as "a vehicular door operator which," *inter alia*, "[s]erves a residential building of one to four single family units" and "[i]s intended to be employed in ordinary locations in accordance with NFPA 70." 16 C.F.R. § 1211.2 (2016). It does not specify that only certain provisions of NFPA 70 (2014) are incorporated by reference into law, nor does it indicate which specific provisions of NFPA 70 (2014) are relevant for compliance with the regulation.

o   First Factor: There is no indication that Defendant stands to profit from republishing this standard; Defendant's apparent purpose is to inform the public about the law and facilitate public debate. *See ASTM*, 896 F.3d at 449; Def's 2d Mot. at 16. Defendant's "attempt to freely distribute standards incorporated by reference into law qualifie[s] as a use that further[s] the purposes of the fair use defense." *ASTM*, 896 F.3d at 449. However, the court finds that the incorporated standard does not provide information essential for a private entity to comprehend its legal duties, but rather is incorporated as a reference procedure. Accordingly, "while knowing the content of this incorporated standard might help inform one's understanding of the law," it "is not essential to complying with any legal duty," and thus, Defendant's use is less transformative and "its wholesale copying, in turn, less justified." *ASTM*, 896 F.3d at 450.

o   Second Factor: The "express text of the law falls plainly outside the realm of copyright

protection." *ASTM*, 896 F.3d at 451.  Here, the standard is incorporated into law without limitation such that "the consequence of the incorporation by reference is virtually indistinguishable from a situation in which the standard had been expressly copied into law." *Id.* at 452.  Accordingly, "this factor weighs heavily in favor of fair use." *Id.*

o  <u>Third Factor</u>:  The incorporating regulation does not specify that only certain provisions of this standard are incorporated by reference into law, nor does it indicate which specific provisions of the standard are relevant for regulatory compliance, suggesting that "a greater amount of the standard's text might be fairly reproduced." *Id.*

o  <u>Fourth Factor</u>:  Defendant's reproductions have not had a "substantially adverse impact on the potential market for the originals," nor have Plaintiffs shown by a preponderance of the evidence that there is a meaningful likelihood of future harm." Memo Op. at 30–36 (internal quotation and citation marks omitted).

o  <u>Conclusion</u>:  Defendant may fairly reproduce this incorporated standard in its entirety.

## 22. NFPA 72 (2002): National Fire Alarm Code:

o  The parties identify 29 C.F.R. § 1915.5 (2015) as the incorporating by reference regulation, *see* Becker Decl. ¶ 57, Ex. 91; Wise Decl., Ex. 175, which incorporates the standard into §1915.507(c)(6).  *See* 29 C.F.R. § 1915.5(d)(4)(viii) (2015). That section provides that "[t]he employer must . . . [s]elect, install, inspect, maintain, and test all automatic fire detection systems and emergency alarms according to NFPA 72–2002 National Fire Alarm Code (incorporated by reference, see § 1915.5)." 29 C.F.R. § 1915.507(c)(6).  It does not specify that only certain provisions of NFPA 72 (2002) are incorporated by reference into law, nor does it indicate which specific provisions of NFPA 72 (2002) are relevant for compliance with the regulation.

o  <u>First Factor</u>:  There is no indication that Defendant stands to profit from republishing this standard; Defendant's apparent purpose is to inform the public about the law and facilitate public debate.  *See ASTM*, 896 F.3d at 449; Def's 2d Mot. at 16.  Defendant's "attempt to freely distribute standards incorporated by reference into law qualifie[s] as a use that further[s] the purposes of the fair use defense." *ASTM*, 896 F.3d at 449. Further, the incorporated standard provides information essential for a private entity to comprehend its legal duties, which weighs heavily in favor of permitting Defendant's reproduction.  *See ASTM*, 896 F.3d at 450.

o  <u>Second Factor</u>:  The "express text of the law falls plainly outside the realm of copyright protection." *ASTM*, 896 F.3d at 451.  Here, the standard is incorporated into law without limitation such that "the consequence of the incorporation by reference is virtually indistinguishable from a situation in which the standard had been expressly copied into law." *Id.* at 452.  Accordingly, "this factor weighs heavily in favor of fair use." *Id.*

o  <u>Third Factor</u>:  The incorporating regulation does not specify that only certain provisions of this standard are incorporated by reference into law, nor does it indicate which specific provisions of the standard are relevant for regulatory compliance, suggesting that "a greater amount of the standard's text might be fairly reproduced." *Id.*

o  <u>Fourth Factor</u>:  Defendant's reproductions have not had a "substantially adverse impact

on the potential market for the originals," nor have Plaintiffs shown by a preponderance of the evidence that there is a meaningful likelihood of future harm." Memo Op. at 30–36 (internal quotation and citation marks omitted).

o <u>Conclusion</u>: Defendant may fairly reproduce this incorporated standard in its entirety.

**23. NFPA 99 (2005): Health Care Facilities Code:**

o The parties identify 46 C.F.R. § 110.10-1 (2009) as the incorporating by reference regulation, *see* Becker Decl. ¶ 57, Ex. 91; Wise Decl., Ex. 175, which incorporates the standard into 46 C.F.R. § 111.105-37. *See* 46 C.F.R. § 110.10-1(l)(3) (2009). That section provides that "[e]ach electric installation where a flammable anesthetic is used or stored must meet NFPA 99." 46 C.F.R. § 111.105-37 (2009). It does not specify that only certain provisions of NFPA 99 (2005) are incorporated by reference into law, nor does it indicate which specific provisions of NFPA 99 (2005) are relevant for compliance with the regulation.

o <u>First Factor</u>: There is no indication that Defendant stands to profit from republishing this standard; Defendant's apparent purpose is to inform the public about the law and facilitate public debate. *See ASTM*, 896 F.3d at 449; Def's 2d Mot. at 16. Defendant's "attempt to freely distribute standards incorporated by reference into law qualifie[s] as a use that further[s] the purposes of the fair use defense." *ASTM*, 896 F.3d at 449. Further, the incorporated standard provides information essential for a private entity to comprehend its legal duties, which weighs heavily in favor of permitting Defendant's reproduction. *See ASTM*, 896 F.3d at 450.

o <u>Second Factor</u>: The "express text of the law falls plainly outside the realm of copyright protection." *ASTM*, 896 F.3d at 451. Here, the standard is incorporated into law without limitation such that "the consequence of the incorporation by reference is virtually indistinguishable from a situation in which the standard had been expressly copied into law." *Id.* at 452. Accordingly, "this factor weighs heavily in favor of fair use." *Id.*

o <u>Third Factor</u>: The incorporating regulation does not specify that only certain provisions of this standard are incorporated by reference into law, nor does it indicate which specific provisions of the standard are relevant for regulatory compliance, suggesting that "a greater amount of the standard's text might be fairly reproduced." *Id.*

o <u>Fourth Factor</u>: Defendant's reproductions have not had a "substantially adverse impact on the potential market for the originals," nor have Plaintiffs shown by a preponderance of the evidence that there is a meaningful likelihood of future harm." Memo Op. at 30–36 (internal quotation and citation marks omitted).

o <u>Conclusion</u>: Defendant may fairly reproduce this incorporated standard in its entirety.

**24. NFPA 101 (2000): Life Safety Code:**

o The parties identify 42 C.F.R. § 460.72 (2010) as the incorporating by reference regulation, *see* Becker Decl. ¶ 57, Ex. 91; Wise Decl., Ex. 175, which requires that a "PACE center must meet the applicable provisions of the" standard. 42 C.F.R. § 460.72(b)(1) (2010). The regulation does not specify that only certain provisions of NFPA 101 (2000) are incorporated by reference into law, nor does it indicate which

specific provisions of NFPA 101 (2000) are "applicable" for compliance with the regulation.

o   <u>First Factor</u>:  There is no indication that Defendant stands to profit from republishing this standard; Defendant's apparent purpose is to inform the public about the law and facilitate public debate. *See ASTM*, 896 F.3d at 449; Def's 2d Mot. at 16. Defendant's "attempt to freely distribute standards incorporated by reference into law qualifie[s] as a use that further[s] the purposes of the fair use defense." *ASTM*, 896 F.3d at 449. Further, the incorporated standard provides information essential for a private entity to comprehend its legal duties, which weighs heavily in favor of permitting Defendant's reproduction. *See ASTM*, 896 F.3d at 450.

o   <u>Second Factor</u>:  The "express text of the law falls plainly outside the realm of copyright protection." *ASTM*, 896 F.3d at 451. Here, the standard is incorporated into law without limitation such that "the consequence of the incorporation by reference is virtually indistinguishable from a situation in which the standard had been expressly copied into law." *Id.* at 452. Accordingly, "this factor weighs heavily in favor of fair use." *Id.*

o   <u>Third Factor</u>:  The incorporating regulation does not specify that only certain provisions of this standard are incorporated by reference into law, nor does it indicate which specific provisions of the standard are relevant for regulatory compliance, suggesting that "a greater amount of the standard's text might be fairly reproduced." *Id.*

o   <u>Fourth Factor</u>:  Defendant's reproductions have not had a "substantially adverse impact on the potential market for the originals," nor have Plaintiffs shown by a preponderance of the evidence that there is a meaningful likelihood of future harm." Memo Op. at 30–36 (internal quotation and citation marks omitted).

o   <u>Conclusion</u>:  Defendant may fairly reproduce this incorporated standard in its entirety.

## 25. NFPA 101 (2003): Life Safety Code:

o   The parties identify 38 C.F.R. § 39.63 (2011) as the incorporating by reference regulation, *see* Becker Decl. ¶ 57, Ex. 91; Wise Decl., Ex. 175, which provides that veterans cemeteries must comply with the "[a]rchitectural and structural requirements" of NFPA 101 (2003). 38 C.F.R § 39.63 (2011). The regulation does not specify that only certain provisions of NFPA 101 (2003) are incorporated by reference into law, nor does it indicate which specific provisions of NFPA 101 (2003) are relevant for compliance with the regulation.

o   <u>First Factor</u>:  There is no indication that Defendant stands to profit from republishing this standard; Defendant's apparent purpose is to inform the public about the law and facilitate public debate. *See ASTM*, 896 F.3d at 449; Def's 2d Mot. at 16. Defendant's "attempt to freely distribute standards incorporated by reference into law qualifie[s] as a use that further[s] the purposes of the fair use defense." *ASTM*, 896 F.3d at 449. Further, the incorporated standard provides information essential for a private entity to comprehend its legal duties, which weighs heavily in favor of permitting Defendant's reproduction. *See ASTM*, 896 F.3d at 450.

o   <u>Second Factor</u>:  The "express text of the law falls plainly outside the realm of copyright protection." *ASTM*, 896 F.3d at 451. Here, the standard is incorporated into law

without limitation such that "the consequence of the incorporation by reference is virtually indistinguishable from a situation in which the standard had been expressly copied into law." *Id.* at 452. Accordingly, "this factor weighs heavily in favor of fair use." *Id.*

o   Third Factor:  The incorporating regulation does not specify that only certain provisions of this standard are incorporated by reference into law, nor does it indicate which specific provisions of the standard are relevant for regulatory compliance, suggesting that "a greater amount of the standard's text might be fairly reproduced." *Id.*

o   Fourth Factor:  Defendant's reproductions have not had a "substantially adverse impact on the potential market for the originals," nor have Plaintiffs shown by a preponderance of the evidence that there is a meaningful likelihood of future harm." Memo Op. at 30–36 (internal quotation and citation marks omitted).

o   Conclusion:  Defendant may fairly reproduce this incorporated standard in its entirety.

## 26. NFPA 101 (2006): Life Safety Code:

o   The parties identify 38 C.F.R. § 51.200 (2010) as the incorporating by reference regulation, *see* Becker Decl. ¶ 57, Ex. 91; Wise Decl., Ex. 175, which relates to the "Physical environment" of a nursing home care facility and requires that the facility "must meet the applicable provisions of the National Fire Protection Association's NFPA 101, Life Safety Code (2006 edition), except that the requirement in paragraph 19.3.5.1 for all buildings containing nursing homes to have an automatic sprinkler system is not applicable until August 13, 2013, unless an automatic sprinkler system was previously required by the Life Safety Code and the NFPA 99, Standard for Health Care Facilities (2005 edition)." 38 C.F.R. § 51.200(a) (2010). The regulation also requires that an emergency power system "must be the appropriate type essential electrical system in accordance with the applicable provisions of the National Fire Protection Association's NFPA 101, Life Safety Code (2006 edition) and the NFPA 99, Standard for Health Care Facilities (2005 edition)." While the regulation specifies that one provision of NFPA 101 (2006) does not have legal import until a certain date, it does not specify that only that provision, or others, are incorporated by reference into law, nor does it indicate which specific provisions of NFPA 101 (2006) are relevant for compliance with the regulation.

o   First Factor:  There is no indication that Defendant stands to profit from republishing this standard; Defendant's apparent purpose is to inform the public about the law and facilitate public debate. *See ASTM*, 896 F.3d at 449; Def's 2d Mot. at 16. Defendant's "attempt to freely distribute standards incorporated by reference into law qualifie[s] as a use that further[s] the purposes of the fair use defense." *ASTM*, 896 F.3d at 449. Further, the incorporated standard provides information essential for a private entity to comprehend its legal duties, which weighs heavily in favor of permitting Defendant's reproduction. *See ASTM*, 896 F.3d at 450.

o   Second Factor:  The "express text of the law falls plainly outside the realm of copyright protection." *ASTM*, 896 F.3d at 451. Here, the standard is incorporated into law without limitation such that "the consequence of the incorporation by reference is virtually indistinguishable from a situation in which the standard had been expressly

copied into law." *Id.* at 452.   Accordingly, "this factor weighs heavily in favor of fair use." *Id.*

o   <u>Third Factor</u>:  The incorporating regulation does not specify that only certain provisions of this standard are incorporated by reference into law, nor does it indicate which specific provisions of the standard are relevant for regulatory compliance, suggesting that "a greater amount of the standard's text might be fairly reproduced." *Id.*

o   <u>Fourth Factor</u>:  Defendant's reproductions have not had a "substantially adverse impact on the potential market for the originals," nor have Plaintiffs shown by a preponderance of the evidence that there is a meaningful likelihood of future harm."  Memo Op. at 30–36 (internal quotation and citation marks omitted).

o   <u>Conclusion</u>:  Defendant may fairly reproduce this incorporated standard in its entirety.

**27. NFPA 704 (2007): Standard System for the Identification of the Hazards of Materials for Emergency Response:**

o   Defendant identifies 6 C.F.R. § 27.204 (2012) as the incorporating by reference regulation, *see* Becker Decl. ¶ 57, Ex. 91, which does not exist.  Presumably Defendant intended to identify either 6 C.F.R. § 27.203 (2012) or 6 C.F.R. § 27.204 (2007).  The first section, 27.203 (2012), provides that "in calculating whether a facility possesses an amount that meets the STQ for release chemicals of interest, the facility shall only include release chemicals of interest . . . "[i]n "gasoline, diesel, kerosene or jet fuel (including fuels that have flammability hazard ratings of 1, 2, 3, or 4, as determined by using National Fire Protection Association (NFPA) 704: Standard System for the Identification of the Hazards of Materials for Emergency Response [2007 ed.], which is incorporated by reference at 27.204(a)(2)) stored in aboveground tank farms, including tank farms that are part of pipeline systems."  6 C.F.R. § 27.203(b), (b)(v).  The second section, 6 C.F.R. § 27.204 (2007), requires that "if a release-flammable chemical of interest is present in a mixture in a concentration equal to or greater than one percent (1%) by weight of the mixture, and the mixture has a NFPA flammability hazard rating of 1, 2, or 3, the facility need not count the mixture toward the STQ.  The flammability hazard ratings are defined in NFPA 704: Standard System for the Identification of the Hazards of Materials for Emergency Response [2007 ed.]."  6 C.F.R. § 27.204 (2007).  Neither of these regulations specifies that only certain provisions of NFPA 704 (2007) are incorporated by reference into law, nor do they indicate which specific provisions of NFPA 704 (2007) are relevant for compliance with the regulations.

o   <u>First Factor</u>:  There is no indication that Defendant stands to profit from republishing this standard; Defendant's apparent purpose is to inform the public about the law and facilitate public debate.  *See ASTM*, 896 F.3d at 449; Def's 2d Mot. at 16.  Defendant's "attempt to freely distribute standards incorporated by reference into law qualifie[s] as a use that further[s] the purposes of the fair use defense."  *ASTM*, 896 F.3d at 449. Further, the incorporated standard provides information essential for a private entity to comprehend its legal duties, which weighs heavily in favor of permitting Defendant's reproduction.  *See ASTM*, 896 F.3d at 450.

o   <u>Second Factor</u>:  The "express text of the law falls plainly outside the realm of copyright

protection." *ASTM*, 896 F.3d at 451.  Here, the standard is incorporated into law without limitation such that "the consequence of the incorporation by reference is virtually indistinguishable from a situation in which the standard had been expressly copied into law." *Id.* at 452.  Accordingly, "this factor weighs heavily in favor of fair use." *Id.*

o   Third Factor:  The incorporating regulation does not specify that only certain provisions of this standard are incorporated by reference into law, nor does it indicate which specific provisions of the standard are relevant for regulatory compliance, suggesting that "a greater amount of the standard's text might be fairly reproduced." *Id.*

o   Fourth Factor:  Defendant's reproductions have not had a "substantially adverse impact on the potential market for the originals," nor have Plaintiffs shown by a preponderance of the evidence that there is a meaningful likelihood of future harm." Memo Op. at 30–36 (internal quotation and citation marks omitted).

o   Conclusion:  Defendant may fairly reproduce this incorporated standard in its entirety.

**28. ASTM A106/A106M (2004b):**

o   Defendant identifies 49 C.F.R. § 192.7 (2010) as the incorporating by reference regulation, *see* Becker Decl. ¶ 57, Ex. 90.   The incorporating language in that regulation, however, references only ASTM A106/A106M-08, and not the 2004b version that Defendant published.   Nonetheless, ASTM A106/A106M (2004b) was incorporated by reference into law by 49 C.F.R. § 192.7 (2006), which provides that "[a]ny documents or portions thereof incorporated by reference in this part are included in this part as though set out in full. When only a portion of a document is referenced, the remainder is not incorporated in this part." 49 C.F.R. § 192.7(a).  The regulation goes on to incorporate ASTM A106/A106M (2004b) for 49 C.F.R. § 192.113, which lists the standard as the reference procedure for determining the longitudinal joint factor for "seamless" pipe class. *See* 49 C.F.R. § 192.113.   That regulation does not specify that only certain provisions of A106/A106M (2004b) are incorporated by reference into law, nor does it indicate which specific provisions of A106/A106M (2004b) are relevant for compliance with the regulation.

o   First Factor:  There is no indication that Defendant stands to profit from republishing this standard; Defendant's apparent purpose is to inform the public about the law and facilitate public debate. *See ASTM*, 896 F.3d at 449; Def's 2d Mot. at 16.  Defendant's "attempt to freely distribute standards incorporated by reference into law qualifie[s] as a use that further[s] the purposes of the fair use defense." *ASTM*, 896 F.3d at 449. However, the court finds that the incorporated standard does not provide information essential for a private entity to comprehend its legal duties, but rather is incorporated as a reference procedure.  Accordingly, "while knowing the content of this incorporated standard might help inform one's understanding of the law," it "is not essential to complying with any legal duty," and thus, Defendant's use is less transformative and "its wholesale copying, in turn, less justified." *ASTM*, 896 F.3d at 450.

o   Second Factor:  The "express text of the law falls plainly outside the realm of copyright protection."   *ASTM*, 896 F.3d at 451.  Here, the standard is incorporated into law without limitation such that "the consequence of the incorporation by reference is

virtually indistinguishable from a situation in which the standard had been expressly copied into law." *Id.* at 452. Accordingly, "this factor weighs heavily in favor of fair use." *Id.*

o Third Factor: The incorporating regulation does not specify that only certain provisions of this standard are incorporated by reference into law, nor does it indicate which specific provisions of the standard are relevant for regulatory compliance, suggesting that "a greater amount of the standard's text might be fairly reproduced." *Id.*

o Fourth Factor: Defendant's reproductions have not had a "substantially adverse impact on the potential market for the originals," nor have Plaintiffs shown by a preponderance of the evidence that there is a meaningful likelihood of future harm." Memo Op. at 30–36 (internal quotation and citation marks omitted).

o Conclusion: Defendant may fairly reproduce this incorporated standard in its entirety.

### 29. ASTM A184 (1979):

o The parties identify 24 C.F.R. § (Parts 200 to 499) (2005) as the incorporating by reference regulation, *see* Becker Decl. ¶ 57, Ex. 90; Wise Decl., Ex. 176, which incorporates ASTM A184 (1979) for 24 C.F.R. § Part 200, Subpart S. *See* 24 C.F.R. § (Parts 200 to 499). The regulation does not specify that only certain provisions of ASTM A184 (1979) are incorporated by reference into law, nor does it indicate which specific provisions of ASTM A184 (1979) are relevant for compliance with the regulation.

o First Factor: There is no indication that Defendant stands to profit from republishing this standard; Defendant's apparent purpose is to inform the public about the law and facilitate public debate. *See ASTM*, 896 F.3d at 449; Def's 2d Mot. at 16. Defendant's "attempt to freely distribute standards incorporated by reference into law qualifie[s] as a use that further[s] the purposes of the fair use defense." *ASTM*, 896 F.3d at 449. However, the court finds that the incorporated standard does not provide information essential for a private entity to comprehend its legal duties, but rather is incorporated as a reference procedure. Accordingly, "while knowing the content of this incorporated standard might help inform one's understanding of the law," it "is not essential to complying with any legal duty," and thus, Defendant's use is less transformative and "its wholesale copying, in turn, less justified." *ASTM*, 896 F.3d at 450.

o Second Factor: The "express text of the law falls plainly outside the realm of copyright protection." *ASTM*, 896 F.3d at 451. Here, the standard is incorporated into law without limitation such that "the consequence of the incorporation by reference is virtually indistinguishable from a situation in which the standard had been expressly copied into law." *Id.* at 452. Accordingly, "this factor weighs heavily in favor of fair use." *Id.*

o Third Factor: The incorporating regulation does not specify that only certain provisions of this standard are incorporated by reference into law, nor does it indicate which specific provisions of the standard are relevant for regulatory compliance, suggesting that "a greater amount of the standard's text might be fairly reproduced." *Id.*

o Fourth Factor: Defendant's reproductions have not had a "substantially adverse impact on the potential market for the originals," nor have Plaintiffs shown by a preponderance

of the evidence that there is a meaningful likelihood of future harm." Memo Op. at 30–36 (internal quotation and citation marks omitted).

- o <u>Conclusion</u>: Defendant may fairly reproduce this incorporated standard in its entirety.

**30. ASTM A185 (1979):**

- o The parties identify 24 C.F.R. § (Parts 200 to 499) (2005) as the incorporating by reference regulation, *see* Becker Decl. ¶ 57, Ex. 90; Wise Decl., Ex. 176, which incorporates ASTM A185 (1979) for 24 C.F.R. § Part 200, Subpart S. *See* 24 C.F.R. § (Parts 200 to 499). That regulation does not specify that only certain provisions of ASTM A185 (1979) are incorporated by reference into law, nor does it indicate which specific provisions of ASTM A185 (1979) are relevant for compliance with the regulation.

- o <u>First Factor</u>: There is no indication that Defendant stands to profit from republishing this standard; Defendant's apparent purpose is to inform the public about the law and facilitate public debate. *See ASTM*, 896 F.3d at 449; Def's 2d Mot. at 16. Defendant's "attempt to freely distribute standards incorporated by reference into law qualifie[s] as a use that further[s] the purposes of the fair use defense." *ASTM*, 896 F.3d at 449. However, the court finds that the incorporated standard does not provide information essential for a private entity to comprehend its legal duties, but rather is incorporated as a reference procedure. Accordingly, "while knowing the content of this incorporated standard might help inform one's understanding of the law," it "is not essential to complying with any legal duty," and thus, Defendant's use is less transformative and "its wholesale copying, in turn, less justified." *ASTM*, 896 F.3d at 450.

- o <u>Second Factor</u>: The "express text of the law falls plainly outside the realm of copyright protection." *ASTM*, 896 F.3d at 451. Here, the standard is incorporated into law without limitation such that "the consequence of the incorporation by reference is virtually indistinguishable from a situation in which the standard had been expressly copied into law." *Id.* at 452. Accordingly, "this factor weighs heavily in favor of fair use." *Id.*

- o <u>Third Factor</u>: The incorporating regulation does not specify that only certain provisions of this standard are incorporated by reference into law, nor does it indicate which specific provisions of the standard are relevant for regulatory compliance, suggesting that "a greater amount of the standard's text might be fairly reproduced." *Id.*

- o <u>Fourth Factor</u>: Defendant's reproductions have not had a "substantially adverse impact on the potential market for the originals," nor have Plaintiffs shown by a preponderance of the evidence that there is a meaningful likelihood of future harm." Memo Op. at 30–36 (internal quotation and citation marks omitted).

- o <u>Conclusion</u>: Defendant may fairly reproduce this incorporated standard in its entirety.

**31. ASTM A203/A203M (1997):**

- o The parties identify 46 C.F.R. § 54.01-1 (2010) as the incorporating by reference regulation, *see* Becker Decl. ¶ 57, Ex. 90; Wise Decl., Ex. 176, which incorporates the standard into 46 C.F.R. § 54.05-20. That regulation, in turn, provides in relevant part: "Transversely oriented Charpy V-notch impact specimens of ASTM A 203

(incorporated by reference, see §54.01–1) nickel steels must exhibit energies not less than the values shown in §54.05–20 (a)." 46 C.F.R. § 54.05-20(b). The regulation does not specify that only certain provisions of A203/A203M (1997) are incorporated by reference into law, nor does it indicate which specific provisions of ASTM A203/A203M (1997) are relevant for compliance with the regulation.

o <u>First Factor</u>: There is no indication that Defendant stands to profit from republishing this standard; Defendant's apparent purpose is to inform the public about the law and facilitate public debate. *See ASTM*, 896 F.3d at 449; Def's 2d Mot. at 16. Defendant's "attempt to freely distribute standards incorporated by reference into law qualifie[s] as a use that further[s] the purposes of the fair use defense." *ASTM*, 896 F.3d at 449. Further, the incorporated standard provides information essential for a private entity to comprehend its legal duties, which weighs heavily in favor of permitting Defendant's reproduction. *See ASTM*, 896 F.3d at 450.

o <u>Second Factor</u>: The "express text of the law falls plainly outside the realm of copyright protection." *ASTM*, 896 F.3d at 451. Here, the standard is incorporated into law without limitation such that "the consequence of the incorporation by reference is virtually indistinguishable from a situation in which the standard had been expressly copied into law." *Id.* at 452. Accordingly, "this factor weighs heavily in favor of fair use." *Id.*

o <u>Third Factor</u>: The incorporating regulation does not specify that only certain provisions of this standard are incorporated by reference into law, nor does it indicate which specific provisions of the standard are relevant for regulatory compliance, suggesting that "a greater amount of the standard's text might be fairly reproduced." *Id.*

o <u>Fourth Factor</u>: Defendant's reproductions have not had a "substantially adverse impact on the potential market for the originals," nor have Plaintiffs shown by a preponderance of the evidence that there is a meaningful likelihood of future harm." Memo Op. at 30–36 (internal quotation and citation marks omitted).

o <u>Conclusion</u>: Defendant may fairly reproduce this incorporated standard in its entirety.

**32. ASTM A242 (1979):**

o The parties identify 24 C.F.R. § (Parts 200 to 499) (2005) as the incorporating by reference regulation, *see* Becker Decl. ¶ 57, Ex. 90; Wise Decl., Ex. 176, which incorporates ASTM A242 (1979) for 24 C.F.R. § Part 200, Subpart S. *See* 24 C.F.R. § (Parts 200 to 499). That regulation does not specify that only certain provisions of ASTM A242 (1979) are incorporated by reference into law, nor does it indicate which specific provisions of ASTM A242 (1979) are relevant for compliance with the regulation.

o <u>First Factor</u>: There is no indication that Defendant stands to profit from republishing this standard; Defendant's apparent purpose is to inform the public about the law and facilitate public debate. *See ASTM*, 896 F.3d at 449; Def's 2d Mot. at 16. Defendant's "attempt to freely distribute standards incorporated by reference into law qualifie[s] as a use that further[s] the purposes of the fair use defense." *ASTM*, 896 F.3d at 449. However, the court finds that the incorporated standard does not provide information essential for a private entity to comprehend its legal duties, but rather is incorporated

as a reference procedure.  Accordingly, "while knowing the content of this incorporated standard might help inform one's understanding of the law," it "is not essential to complying with any legal duty," and thus, Defendant's use is less transformative and "its wholesale copying, in turn, less justified." *ASTM*, 896 F.3d at 450.

o   Second Factor:  The "express text of the law falls plainly outside the realm of copyright protection."   *ASTM*, 896 F.3d at 451.   Here, the standard is incorporated into law without limitation such that "the consequence of the incorporation by reference is virtually indistinguishable from a situation in which the standard had been expressly copied into law." *Id.* at 452.  Accordingly, "this factor weighs heavily in favor of fair use." *Id.*

o   Third Factor:  The incorporating regulation does not specify that only certain provisions of this standard are incorporated by reference into law, nor does it indicate which specific provisions of the standard are relevant for regulatory compliance, suggesting that "a greater amount of the standard's text might be fairly reproduced."  *Id.*

o   Fourth Factor:  Defendant's reproductions have not had a "substantially adverse impact on the potential market for the originals," nor have Plaintiffs shown by a preponderance of the evidence that there is a meaningful likelihood of future harm."  Memo Op. at 30–36 (internal quotation and citation marks omitted).

o   Conclusion:  Defendant may fairly reproduce this incorporated standard in its entirety.

**33. ASTM A285 (1978):**

o   The parties identify 49 C.F.R. § 171.7 (2009) as the incorporating by reference regulation, *see* Becker Decl. ¶ 57, Ex. 90; Wise Decl., Ex. 176, which incorporates the standard into 49 C.F.R. § 179.300-7.  That regulation, in turn, states that "the maximum allowable carbon content for carbon steel must not exceed 0.31 percent," but that "the individual ASTM specification may allow for a greater amount of carbon." *See* 49 C.F.R. § 179.300-7 (a).  The regulation does not specify which provisions of ASTM A285 (1978) are relevant for determining whether it allows for a greater amount of carbon or under what circumstances. *See id.*

o   First Factor:  There is no indication that Defendant stands to profit from republishing this standard; Defendant's apparent purpose is to inform the public about the law and facilitate public debate.  *See ASTM*, 896 F.3d at 449; Def's 2d Mot. at 16.  Defendant's "attempt to freely distribute standards incorporated by reference into law qualifie[s] a use that further[s] the purposes of the fair use defense."  *ASTM*, 896 F.3d at 449.  However, the court finds that the incorporated standard does not provide information essential for a private entity to comprehend its legal duties, but rather is incorporated as a discretionary procedure.  Accordingly, "while knowing the content of this incorporated standard might help inform one's understanding of the law," it "is not essential to complying with any legal duty," and thus, Defendant's use is less transformative and "its wholesale copying, in turn, less justified." *ASTM*, 896 F.3d at 450.

o   Second Factor:  The "express text of the law falls plainly outside the realm of copyright protection."   *ASTM*, 896 F.3d at 451.  Here, the standard is incorporated into law without limitation such that "the consequence of the incorporation by reference is

virtually indistinguishable from a situation in which the standard had been expressly copied into law." *Id.* at 452. Accordingly, "this factor weighs heavily in favor of fair use." *Id.*

o <u>Third Factor</u>: The incorporating regulation does not specify that only certain provisions of this standard are incorporated by reference into law, nor does it indicate which specific provisions of the standard are relevant for regulatory compliance, suggesting that "a greater amount of the standard's text might be fairly reproduced." *Id.*

o <u>Fourth Factor</u>: Defendant's reproductions have not had a "substantially adverse impact on the potential market for the originals," nor have Plaintiffs shown by a preponderance of the evidence that there is a meaningful likelihood of future harm." Memo Op. at 30–36 (internal quotation and citation marks omitted).

o <u>Conclusion</u>: Defendant may fairly reproduce this incorporated standard in its entirety.

**34. ASTM A325 (1979):**

o The parties identify 24 C.F.R. § (Parts 200 to 499) (2005) as the incorporating by reference regulation, *see* Becker Decl. ¶ 57, Ex. 90; Wise Decl., Ex. 176, which incorporates ASTM A325 (1979) for 24 C.F.R. § Part 200, Subpart S. *See* 24 C.F.R. § (Parts 200 to 499). That regulation does not specify that only certain provisions of ASTM A325 (1979) are incorporated by reference into law, nor does it indicate which specific provisions of ASTM A325 (1979) are relevant for compliance with the regulation.

o <u>First Factor</u>: There is no indication that Defendant stands to profit from republishing this standard; Defendant's apparent purpose is to inform the public about the law and facilitate public debate. *See ASTM*, 896 F.3d at 449; Def's 2d Mot. at 16. Defendant's "attempt to freely distribute standards incorporated by reference into law qualifie[s] as a use that further[s] the purposes of the fair use defense." *ASTM*, 896 F.3d at 449. However, the court finds that the incorporated standard does not provide information essential for a private entity to comprehend its legal duties, but rather is incorporated as a reference procedure. Accordingly, "while knowing the content of this incorporated standard might help inform one's understanding of the law," it "is not essential to complying with any legal duty," and thus, Defendant's use is less transformative and "its wholesale copying, in turn, less justified." *ASTM*, 896 F.3d at 450.

o <u>Second Factor</u>: The "express text of the law falls plainly outside the realm of copyright protection." *ASTM*, 896 F.3d at 451. Here, the standard is incorporated into law without limitation such that "the consequence of the incorporation by reference is virtually indistinguishable from a situation in which the standard had been expressly copied into law." *Id.* at 452. Accordingly, "this factor weighs heavily in favor of fair use." *Id.*

o <u>Third Factor</u>: The incorporating regulation does not specify that only certain provisions of this standard are incorporated by reference into law, nor does it indicate which specific provisions of the standard are relevant for regulatory compliance, suggesting that "a greater amount of the standard's text might be fairly reproduced." *Id.*

o <u>Fourth Factor</u>: Defendant's reproductions have not had a "substantially adverse impact on the potential market for the originals," nor have Plaintiffs shown by a preponderance

of the evidence that there is a meaningful likelihood of future harm." Memo Op. at 30–36 (internal quotation and citation marks omitted).

o <u>Conclusion</u>: Defendant may fairly reproduce this incorporated standard in its entirety.

**35. ASTM A333/A333M (1994):**

o The parties identify 46 C.F.R. § 56.01 (2011) as the incorporating by reference regulation, *see* Becker Decl. ¶ 57, Ex. 90; Wise Decl., Ex. 176, which incorporates the standard into 46 C.F.R. §§ 56.50-105; 56.60-1. Section 56.50-105 lists ASTM A333 as the controlling standard setting toughness test criteria for carbon and low alloy steels. 46 C.F.R. § 56.50-105 (Table). It further states that "[s]teels equivalent to those listed in Table 56.50-105 of this part, but not produced according to a particular ASTM specification [including specifications in ASTM A333], may be used only with the prior consent of the Marine Safety Center." *Id.* § 56.50-105 (a)(1)(iii). Section 56.60-1 lists ASTM A333 as the controlling standard for piping systems made with low temperature steel pipe. Neither regulation specifies that only certain provisions of ASTM A333/A333M (1994) are incorporated by reference into law, nor does it indicate which specific provisions of ASTM A333/A333M (1994) are relevant for compliance with the regulation.

o <u>First Factor</u>: There is no indication that Defendant stands to profit from republishing this standard; Defendant's apparent purpose is to inform the public about the law and facilitate public debate. *See ASTM*, 896 F.3d at 449; Def's 2d Mot. at 16. Defendant's "attempt to freely distribute standards incorporated by reference into law qualifie[s] as a use that further[s] the purposes of the fair use defense." *ASTM*, 896 F.3d at 449. Further, the incorporated standard provides information essential for a private entity to comprehend its legal duties, which weighs heavily in favor of permitting Defendant's reproduction. *See ASTM*, 896 F.3d at 450.

o <u>Second Factor</u>: The "express text of the law falls plainly outside the realm of copyright protection." *ASTM*, 896 F.3d at 451. Here, the standard is incorporated into law without limitation such that "the consequence of the incorporation by reference is virtually indistinguishable from a situation in which the standard had been expressly copied into law." *Id.* at 452. Accordingly, "this factor weighs heavily in favor of fair use." *Id.*

o <u>Third Factor</u>: The incorporating regulation does not specify that only certain provisions of this standard are incorporated by reference into law, nor does it indicate which specific provisions of the standard are relevant for regulatory compliance, suggesting that "a greater amount of the standard's text might be fairly reproduced." *Id.*

o <u>Fourth Factor</u>: Defendant's reproductions have not had a "substantially adverse impact on the potential market for the originals," nor have Plaintiffs shown by a preponderance of the evidence that there is a meaningful likelihood of future harm." Memo Op. at 30–36 (internal quotation and citation marks omitted).

o <u>Conclusion</u>: Defendant may fairly reproduce this incorporated standard in its entirety.

**36. ASTM A369/A369M (1992):**

o The parties identify 46 C.F.R. § 56.01-2 (2011) as the incorporating by reference

regulation, *see* Becker Decl. ¶ 57, Ex. 90; Wise Decl., Ex. 176, which incorporates the standard into 46 C.F.R. § 56.60-1.  Section 56.60-1 lists ASTM A369 as the controlling standard for piping systems made with pipe, forged, and bored.  The regulation does not specify that only certain provisions of A369/A369M (1992) are incorporated by reference into law, nor does it indicate which specific provisions of A369/A369M (1992) are relevant for compliance with the regulation.

o <u>First Factor</u>:  There is no indication that Defendant stands to profit from republishing this standard; Defendant's apparent purpose is to inform the public about the law and facilitate public debate.  *See ASTM*, 896 F.3d at 449; Def's 2d Mot. at 16.  Defendant's "attempt to freely distribute standards incorporated by reference into law qualifie[s] as a use that further[s] the purposes of the fair use defense."  *ASTM*, 896 F.3d at 449.  Further, the incorporated standard provides information essential for a private entity to comprehend its legal duties, which weighs heavily in favor of permitting Defendant's reproduction.  *See ASTM*, 896 F.3d at 450.

o <u>Second Factor</u>:  The "express text of the law falls plainly outside the realm of copyright protection."  *ASTM*, 896 F.3d at 451.  Here, the standard is incorporated into law without limitation such that "the consequence of the incorporation by reference is virtually indistinguishable from a situation in which the standard had been expressly copied into law."  *Id.* at 452.  Accordingly, "this factor weighs heavily in favor of fair use."  *Id.*

o <u>Third Factor</u>:  The incorporating regulation does not specify that only certain provisions of this standard are incorporated by reference into law, nor does it indicate which specific provisions of the standard are relevant for regulatory compliance, suggesting that "a greater amount of the standard's text might be fairly reproduced."  *Id.*

o <u>Fourth Factor</u>:  Defendant's reproductions have not had a "substantially adverse impact on the potential market for the originals," nor have Plaintiffs shown by a preponderance of the evidence that there is a meaningful likelihood of future harm."  Memo Op. at 30–36 (internal quotation and citation marks omitted).

o <u>Conclusion</u>:  Defendant may fairly reproduce this incorporated standard in its entirety.

**37. ASTM A441 (1979):**

o The parties identify 24 C.F.R. § (Parts 200 to 499) (2005) as the incorporating by reference regulation, *see* Becker Decl. ¶ 57, Ex. 90; Wise Decl., Ex. 176, which incorporates ASTM A441 (1979) for 24 C.F.R. § Part 200, Subpart S.  *See* 24 C.F.R. § (Parts 200 to 499).  That regulation does not specify that only certain provisions of ASTM A441 (1979) are incorporated by reference into law, nor does it indicate which specific provisions of ASTM A441 (1979) are relevant for compliance with the regulation.

o <u>First Factor</u>:  There is no indication that Defendant stands to profit from republishing this standard; Defendant's apparent purpose is to inform the public about the law and facilitate public debate.  *See ASTM*, 896 F.3d at 449; Def's 2d Mot. at 16.  Defendant's "attempt to freely distribute standards incorporated by reference into law qualifie[s] as a use that further[s] the purposes of the fair use defense."  *ASTM*, 896 F.3d at 449.  However, the court finds that the incorporated standard does not provide information

essential for a private entity to comprehend its legal duties, but rather is incorporated as a reference procedure. Accordingly, "while knowing the content of this incorporated standard might help inform one's understanding of the law," it "is not essential to complying with any legal duty," and thus, Defendant's use is less transformative and "its wholesale copying, in turn, less justified." *ASTM*, 896 F.3d at 450.

o  Second Factor: The "express text of the law falls plainly outside the realm of copyright protection." *ASTM*, 896 F.3d at 451. Here, the standard is incorporated into law without limitation such that "the consequence of the incorporation by reference is virtually indistinguishable from a situation in which the standard had been expressly copied into law." *Id.* at 452. Accordingly, "this factor weighs heavily in favor of fair use." *Id.*

o  Third Factor: The incorporating regulation does not specify that only certain provisions of this standard are incorporated by reference into law, nor does it indicate which specific provisions of the standard are relevant for regulatory compliance, suggesting that "a greater amount of the standard's text might be fairly reproduced." *Id.*

o  Fourth Factor: Defendant's reproductions have not had a "substantially adverse impact on the potential market for the originals," nor have Plaintiffs shown by a preponderance of the evidence that there is a meaningful likelihood of future harm." Memo Op. at 30–36 (internal quotation and citation marks omitted).

o  Conclusion: Defendant may fairly reproduce this incorporated standard in its entirety.

## 38. ASTM A449 (1978a):

o  The parties identify 24 C.F.R. § (Parts 200 to 499) (2005) as the incorporating by reference regulation, *see* Becker Decl. ¶ 57, Ex. 90; Wise Decl., Ex. 176, which incorporates ASTM A449 (1978a) for 24 C.F.R. § Part 200, Subpart S. *See* 24 C.F.R. § (Parts 200 to 499). That regulation does not specify that only certain provisions of ASTM A449 (1978a) are incorporated by reference into law, nor does it indicate which specific provisions of ASTM A449 (1978a) are relevant for compliance with the regulation.

o  First Factor: There is no indication that Defendant stands to profit from republishing this standard; Defendant's apparent purpose is to inform the public about the law and facilitate public debate. *See ASTM*, 896 F.3d at 449; Def's 2d Mot. at 16. Defendant's "attempt to freely distribute standards incorporated by reference into law qualifie[s] a use that further[s] the purposes of the fair use defense." *ASTM*, 896 F.3d at 449. However, the court finds that the incorporated standard does not provide information essential for a private entity to comprehend its legal duties, but rather is incorporated as a reference procedure. Accordingly, "while knowing the content of this incorporated standard might help inform one's understanding of the law," it "is not essential to complying with any legal duty," and thus, Defendant's use is less transformative and "its wholesale copying, in turn, less justified." *ASTM*, 896 F.3d at 450.

o  Second Factor: The "express text of the law falls plainly outside the realm of copyright protection." *ASTM*, 896 F.3d at 451. Here, the standard is incorporated into law without limitation such that "the consequence of the incorporation by reference is virtually indistinguishable from a situation in which the standard had been expressly

copied into law." *Id.* at 452.  Accordingly, "this factor weighs heavily in favor of fair use." *Id.*

o   <u>Third Factor</u>:  The incorporating regulation does not specify that only certain provisions of this standard are incorporated by reference into law, nor does it indicate which specific provisions of the standard are relevant for regulatory compliance, suggesting that "a greater amount of the standard's text might be fairly reproduced." *Id.*

o   <u>Fourth Factor</u>:  Defendant's reproductions have not had a "substantially adverse impact on the potential market for the originals," nor have Plaintiffs shown by a preponderance of the evidence that there is a meaningful likelihood of future harm." Memo Op. at 30–36 (internal quotation and citation marks omitted).

o   <u>Conclusion</u>:  Defendant may fairly reproduce this incorporated standard in its entirety.

**39. ASTM A490 (1979):**

o   The parties identify 24 C.F.R. § (Parts 200 to 499) (2005) as the incorporating by reference regulation, *see* Becker Decl. ¶ 57, Ex. 90; Wise Decl., Ex. 176, which incorporates ASTM A490 (1979) for 24 C.F.R. § Part 200, Subpart S. *See* 24 C.F.R. § (Parts 200 to 499).  That regulation does not specify that only certain provisions of ASTM A490 (1979) are incorporated by reference into law, nor does it indicate which specific provisions of ASTM A490 (1979) are relevant for compliance with the regulation.

o   <u>First Factor</u>:  There is no indication that Defendant stands to profit from republishing this standard; Defendant's apparent purpose is to inform the public about the law and facilitate public debate. *See ASTM*, 896 F.3d at 449; Def's 2d Mot. at 16. Defendant's "attempt to freely distribute standards incorporated by reference into law qualifie[s] as a use that further[s] the purposes of the fair use defense." *ASTM*, 896 F.3d at 449. However, the court finds that the incorporated standard does not provide information essential for a private entity to comprehend its legal duties, but rather is incorporated as a reference procedure. Accordingly, "while knowing the content of this incorporated standard might help inform one's understanding of the law," it "is not essential to complying with any legal duty," and thus, Defendant's use is less transformative and "its wholesale copying, in turn, less justified." *ASTM*, 896 F.3d at 450.

o   <u>Second Factor</u>:  The "express text of the law falls plainly outside the realm of copyright protection." *ASTM*, 896 F.3d at 451. Here, the standard is incorporated into law without limitation such that "the consequence of the incorporation by reference is virtually indistinguishable from a situation in which the standard had been expressly copied into law." *Id.* at 452. Accordingly, "this factor weighs heavily in favor of fair use." *Id.*

o   <u>Third Factor</u>:  The incorporating regulation does not specify that only certain provisions of this standard are incorporated by reference into law, nor does it indicate which specific provisions of the standard are relevant for regulatory compliance, suggesting that "a greater amount of the standard's text might be fairly reproduced." *Id.*

o   <u>Fourth Factor</u>:  Defendant's reproductions have not had a "substantially adverse impact on the potential market for the originals," nor have Plaintiffs shown by a preponderance of the evidence that there is a meaningful likelihood of future harm." Memo Op. at 30–

36 (internal quotation and citation marks omitted).

- ○ <u>Conclusion</u>: Defendant may fairly reproduce this incorporated standard in its entirety.

### 40. ASTM A496 (1978):

- ○ The parties identify 24 C.F.R. § (Parts 200 to 499) (2005) as the incorporating by reference regulation, *see* Becker Decl. ¶ 57, Ex. 90; Wise Decl., Ex. 176, which incorporates ASTM A496 (1978) for 24 C.F.R. § Part 200, Subpart S. *See* 24 C.F.R. § (Parts 200 to 499). That regulation does not specify that only certain provisions of ASTM A496 (1978) are incorporated by reference into law, nor does it indicate which specific provisions of ASTM A496 (1978) are relevant for compliance with the regulation.

- ○ <u>First Factor</u>: There is no indication that Defendant stands to profit from republishing this standard; Defendant's apparent purpose is to inform the public about the law and facilitate public debate. *See ASTM*, 896 F.3d at 449; Def's 2d Mot. at 16. Defendant's "attempt to freely distribute standards incorporated by reference into law qualifie[s] as a use that further[s] the purposes of the fair use defense." *ASTM*, 896 F.3d at 449. However, the court finds that the incorporated standard does not provide information essential for a private entity to comprehend its legal duties, but rather is incorporated as a reference procedure. Accordingly, "while knowing the content of this incorporated standard might help inform one's understanding of the law," it "is not essential to complying with any legal duty," and thus, Defendant's use is less transformative and "its wholesale copying, in turn, less justified." *ASTM*, 896 F.3d at 450.

- ○ <u>Second Factor</u>: The "express text of the law falls plainly outside the realm of copyright protection." *ASTM*, 896 F.3d at 451. Here, the standard is incorporated into law without limitation such that "the consequence of the incorporation by reference is virtually indistinguishable from a situation in which the standard had been expressly copied into law." *Id.* at 452. Accordingly, "this factor weighs heavily in favor of fair use." *Id.*

- ○ <u>Third Factor</u>: The incorporating regulation does not specify that only certain provisions of this standard are incorporated by reference into law, nor does it indicate which specific provisions of the standard are relevant for regulatory compliance, suggesting that "a greater amount of the standard's text might be fairly reproduced." *Id.*

- ○ <u>Fourth Factor</u>: Defendant's reproductions have not had a "substantially adverse impact on the potential market for the originals," nor have Plaintiffs shown by a preponderance of the evidence that there is a meaningful likelihood of future harm." Memo Op. at 30–36 (internal quotation and citation marks omitted).

- ○ <u>Conclusion</u>: Defendant may fairly reproduce this incorporated standard in its entirety.

### 41. ASTM A497 (1979):

- ○ The parties identify 24 C.F.R. § (Parts 200 to 499) (2005) as the incorporating by reference regulation, *see* Becker Decl. ¶ 57, Ex. 90; Wise Decl., Ex. 176, which incorporates ASTM A497 (1979) for 24 C.F.R. § Part 200, Subpart S. *See* 24 C.F.R. § (Parts 200 to 499). That regulation does not specify that only certain provisions of ASTM A497 (1979) are incorporated by reference into law, nor does it indicate which

specific provisions of ASTM A497 (1979) are relevant for compliance with the regulation.

o   <u>First Factor</u>:  There is no indication that Defendant stands to profit from republishing this standard; Defendant's apparent purpose is to inform the public about the law and facilitate public debate.  *See ASTM*, 896 F.3d at 449; Def's 2d Mot. at 16.  Defendant's "attempt to freely distribute standards incorporated by reference into law qualifie[s] as a use that further[s] the purposes of the fair use defense."  *ASTM*, 896 F.3d at 449. However, the court finds that the incorporated standard does not provide information essential for a private entity to comprehend its legal duties, but rather is incorporated as a reference procedure.  Accordingly, "while knowing the content of this incorporated standard might help inform one's understanding of the law," it "is not essential to complying with any legal duty," and thus, Defendant's use is less transformative and "its wholesale copying, in turn, less justified." *ASTM*, 896 F.3d at 450.

o   <u>Second Factor</u>:  The "express text of the law falls plainly outside the realm of copyright protection."  *ASTM*, 896 F.3d at 451.  Here, the standard is incorporated into law without limitation such that "the consequence of the incorporation by reference is virtually indistinguishable from a situation in which the standard had been expressly copied into law." *Id.* at 452.  Accordingly, "this factor weighs heavily in favor of fair use." *Id.*

o   <u>Third Factor</u>:  The incorporating regulation does not specify that only certain provisions of this standard are incorporated by reference into law, nor does it indicate which specific provisions of the standard are relevant for regulatory compliance, suggesting that "a greater amount of the standard's text might be fairly reproduced." *Id.*

o   <u>Fourth Factor</u>:  Defendant's reproductions have not had a "substantially adverse impact on the potential market for the originals," nor have Plaintiffs shown by a preponderance of the evidence that there is a meaningful likelihood of future harm." Memo Op. at 30– 36 (internal quotation and citation marks omitted).

o   <u>Conclusion</u>:  Defendant may fairly reproduce this incorporated standard in its entirety.

**42. ASTM A500 (1978):**

o   The parties identify 24 C.F.R. § (Parts 200 to 499) (2005) as the incorporating by reference regulation, *see* Becker Decl. ¶ 57, Ex. 90; Wise Decl., Ex. 176, which incorporates ASTM A500 (1978) for 24 C.F.R. § Part 200, Subpart S. *See* 24 C.F.R. § (Parts 200 to 499).  That regulation does not specify that only certain provisions of ASTM A500 (1978) are incorporated by reference into law, nor does it indicate which specific provisions of ASTM A500 (1978) are relevant for compliance with the regulation.

o   <u>First Factor</u>:  There is no indication that Defendant stands to profit from republishing this standard; Defendant's apparent purpose is to inform the public about the law and facilitate public debate.  *See ASTM*, 896 F.3d at 449; Def's 2d Mot. at 16.  Defendant's "attempt to freely distribute standards incorporated by reference into law qualifie[s] as a use that further[s] the purposes of the fair use defense."  *ASTM*, 896 F.3d at 449. However, the court finds that the incorporated standard does not provide information essential for a private entity to comprehend its legal duties, but rather is incorporated

as a reference procedure.  Accordingly, "while knowing the content of this incorporated standard might help inform one's understanding of the law," it "is not essential to complying with any legal duty," and thus, Defendant's use is less transformative and "its wholesale copying, in turn, less justified." *ASTM*, 896 F.3d at 450.

o  Second Factor:  The "express text of the law falls plainly outside the realm of copyright protection."  *ASTM*, 896 F.3d at 451.  Here, the standard is incorporated into law without limitation such that "the consequence of the incorporation by reference is virtually indistinguishable from a situation in which the standard had been expressly copied into law." *Id.* at 452.  Accordingly, "this factor weighs heavily in favor of fair use." *Id.*

o  Third Factor:  The incorporating regulation does not specify that only certain provisions of this standard are incorporated by reference into law, nor does it indicate which specific provisions of the standard are relevant for regulatory compliance, suggesting that "a greater amount of the standard's text might be fairly reproduced."  *Id.*

o  Fourth Factor:  Defendant's reproductions have not had a "substantially adverse impact on the potential market for the originals," nor have Plaintiffs shown by a preponderance of the evidence that there is a meaningful likelihood of future harm."  Memo Op. at 30–36 (internal quotation and citation marks omitted).

o  Conclusion:  Defendant may fairly reproduce this incorporated standard in its entirety.

### 43. ASTM A501 (1976):

o  The parties identify 24 C.F.R. § (Parts 200 to 499) (2005) as the incorporating by reference regulation, *see* Becker Decl. ¶ 57, Ex. 90; Wise Decl., Ex. 176, which incorporates ASTM A501 (1976) for 24 C.F.R. § Part 200, Subpart S. *See* 24 C.F.R. § (Parts 200 to 499).  That regulation does not specify that only certain provisions of ASTM A501 (1976) are incorporated by reference into law, nor does it indicate which specific provisions of ASTM A501 (1976) are relevant for compliance with the regulation.

o  First Factor:  There is no indication that Defendant stands to profit from republishing this standard; Defendant's apparent purpose is to inform the public about the law and facilitate public debate.  *See ASTM*, 896 F.3d at 449; Def's 2d Mot. at 16.  Defendant's "attempt to freely distribute standards incorporated by reference into law qualifie[s] as a use that further[s] the purposes of the fair use defense."  *ASTM*, 896 F.3d at 449. However, the court finds that the incorporated standard does not provide information essential for a private entity to comprehend its legal duties, but rather is incorporated as a reference procedure.  Accordingly, "while knowing the content of this incorporated standard might help inform one's understanding of the law," it "is not essential to complying with any legal duty," and thus, Defendant's use is less transformative and "its wholesale copying, in turn, less justified." *ASTM*, 896 F.3d at 450.

o  Second Factor:  The "express text of the law falls plainly outside the realm of copyright protection."  *ASTM*, 896 F.3d at 451.  Here, the standard is incorporated into law without limitation such that "the consequence of the incorporation by reference is virtually indistinguishable from a situation in which the standard had been expressly copied into law." *Id.* at 452.  Accordingly, "this factor weighs heavily in favor of fair

use." *Id.*

o <u>Third Factor</u>: The incorporating regulation does not specify that only certain provisions of this standard are incorporated by reference into law, nor does it indicate which specific provisions of the standard are relevant for regulatory compliance, suggesting that "a greater amount of the standard's text might be fairly reproduced." *Id.*

o <u>Fourth Factor</u>: Defendant's reproductions have not had a "substantially adverse impact on the potential market for the originals," nor have Plaintiffs shown by a preponderance of the evidence that there is a meaningful likelihood of future harm." Memo Op. at 30–36 (internal quotation and citation marks omitted).

o <u>Conclusion</u>: Defendant may fairly reproduce this incorporated standard in its entirety.

**44. ASTM A502 (1976):**

o The parties identify 24 C.F.R. § (Parts 200 to 499) (2005) as the incorporating by reference regulation, *see* Becker Decl. ¶ 57, Ex. 90; Wise Decl., Ex. 176, which incorporates ASTM A502 (1976) for 24 C.F.R. § Part 200, Subpart S. *See* 24 C.F.R. § (Parts 200 to 499). That regulation does not specify that only certain provisions of ASTM A502 (1976) are incorporated by reference into law, nor does it indicate which specific provisions of ASTM A502 (1976) are relevant for compliance with the regulation.

o <u>First Factor</u>: There is no indication that Defendant stands to profit from republishing this standard; Defendant's apparent purpose is to inform the public about the law and facilitate public debate. *See ASTM*, 896 F.3d at 449; Def's 2d Mot. at 16. Defendant's "attempt to freely distribute standards incorporated by reference into law qualifie[s] a use that further[s] the purposes of the fair use defense." *ASTM*, 896 F.3d at 449. However, the court finds that the incorporated standard does not provide information essential for a private entity to comprehend its legal duties, but rather is incorporated as a reference procedure. Accordingly, "while knowing the content of this incorporated standard might help inform one's understanding of the law," it "is not essential to complying with any legal duty," and thus, Defendant's use is less transformative and "its wholesale copying, in turn, less justified." *ASTM*, 896 F.3d at 450.

o <u>Second Factor</u>: The "express text of the law falls plainly outside the realm of copyright protection." *ASTM*, 896 F.3d at 451. Here, the standard is incorporated into law without limitation such that "the consequence of the incorporation by reference is virtually indistinguishable from a situation in which the standard had been expressly copied into law." *Id.* at 452. Accordingly, "this factor weighs heavily in favor of fair use." *Id.*

o <u>Third Factor</u>: The incorporating regulation does not specify that only certain provisions of this standard are incorporated by reference into law, nor does it indicate which specific provisions of the standard are relevant for regulatory compliance, suggesting that "a greater amount of the standard's text might be fairly reproduced." *Id.*

o <u>Fourth Factor</u>: Defendant's reproductions have not had a "substantially adverse impact on the potential market for the originals," nor have Plaintiffs shown by a preponderance of the evidence that there is a meaningful likelihood of future harm." Memo Op. at 30–36 (internal quotation and citation marks omitted).

○ Conclusion: Defendant may fairly reproduce this incorporated standard in its entirety.

### 45. ASTM A514 (1977):

○ The parties identify 24 C.F.R. § (Parts 200 to 499) (2005) as the incorporating by reference regulation, *see* Becker Decl. ¶ 57, Ex. 90; Wise Decl., Ex. 176, which incorporates ASTM A514 (1977) for 24 C.F.R. § Part 200, Subpart S. *See* 24 C.F.R. § (Parts 200 to 499). That regulation does not specify that only certain provisions of ASTM A514 (1977) are incorporated by reference into law, nor does it indicate which specific provisions of ASTM A514 (1977) are relevant for compliance with the regulation.

○ First Factor: There is no indication that Defendant stands to profit from republishing this standard; Defendant's apparent purpose is to inform the public about the law and facilitate public debate. *See ASTM*, 896 F.3d at 449; Def's 2d Mot. at 16. Defendant's "attempt to freely distribute standards incorporated by reference into law qualifie[s] as a use that further[s] the purposes of the fair use defense." *ASTM*, 896 F.3d at 449. However, the court finds that the incorporated standard does not provide information essential for a private entity to comprehend its legal duties, but rather is incorporated as a reference procedure. Accordingly, "while knowing the content of this incorporated standard might help inform one's understanding of the law," it "is not essential to complying with any legal duty," and thus, Defendant's use is less transformative and "its wholesale copying, in turn, less justified." *ASTM*, 896 F.3d at 450.

○ Second Factor: The "express text of the law falls plainly outside the realm of copyright protection." *ASTM*, 896 F.3d at 451. Here, the standard is incorporated into law without limitation such that "the consequence of the incorporation by reference is virtually indistinguishable from a situation in which the standard had been expressly copied into law." *Id.* at 452. Accordingly, "this factor weighs heavily in favor of fair use." *Id.*

○ Third Factor: The incorporating regulation does not specify that only certain provisions of this standard are incorporated by reference into law, nor does it indicate which specific provisions of the standard are relevant for regulatory compliance, suggesting that "a greater amount of the standard's text might be fairly reproduced." *Id.*

○ Fourth Factor: Defendant's reproductions have not had a "substantially adverse impact on the potential market for the originals," nor have Plaintiffs shown by a preponderance of the evidence that there is a meaningful likelihood of future harm." Memo Op. at 30–36 (internal quotation and citation marks omitted).

○ Conclusion: Defendant may fairly reproduce this incorporated standard in its entirety.

### 46. ASTM A522/A522M (1995b):

○ The parties identify 46 C.F.R. § 56.01-2 (2011) as the incorporating by reference regulation, *see* Becker Decl. ¶ 57, Ex. 90; Wise Decl., Ex. 176, which incorporates the standard into 46 C.F.R. § 56.50-105. Section 56.50-105 lists ASTM A522 as the controlling standard setting toughness test criteria for forged flanges, fittings, and valves. *See* § 56.50-105 (Table). It further states that "[s]teels equivalent to those listed in Table 56.50-105 of this part, but not produced according to a particular ASTM specification [including specifications in ASTM A522], may be used only with the

prior consent of the Marine Safety Center." *Id.* § 56.50-105 (a)(1)(iii). The regulation does not specify that only certain provisions of ASTM A522/A522M (1995b) are incorporated by reference into law, nor does it indicate which specific provisions of ASTM A522/A522M (1995b) are relevant for compliance with the regulation.

o   <u>First Factor</u>:  There is no indication that Defendant stands to profit from republishing this standard; Defendant's apparent purpose is to inform the public about the law and facilitate public debate.  *See ASTM*, 896 F.3d at 449; Def's 2d Mot. at 16.  Defendant's "attempt to freely distribute standards incorporated by reference into law qualifie[s] as a use that further[s] the purposes of the fair use defense."  *ASTM*, 896 F.3d at 449. Further, the incorporated standard provides information essential for a private entity to comprehend its legal duties, which weighs heavily in favor of permitting Defendant's reproduction.  *See ASTM*, 896 F.3d at 450.

o   <u>Second Factor</u>:  The "express text of the law falls plainly outside the realm of copyright protection."  *ASTM*, 896 F.3d at 451.  Here, the standard is incorporated into law without limitation such that "the consequence of the incorporation by reference is virtually indistinguishable from a situation in which the standard had been expressly copied into law."  *Id.* at 452.  Accordingly, "this factor weighs heavily in favor of fair use."  *Id.*

o   <u>Third Factor</u>:  The incorporating regulation does not specify that only certain provisions of this standard are incorporated by reference into law, nor does it indicate which specific provisions of the standard are relevant for regulatory compliance, suggesting that "a greater amount of the standard's text might be fairly reproduced."  *Id.*

o   <u>Fourth Factor</u>:  Defendant's reproductions have not had a "substantially adverse impact on the potential market for the originals," nor have Plaintiffs shown by a preponderance of the evidence that there is a meaningful likelihood of future harm."  Memo Op. at 30–36 (internal quotation and citation marks omitted).

o   <u>Conclusion</u>:  Defendant may fairly reproduce this incorporated standard in its entirety.

**47. ASTM A539 (1990a):**

o   The parties identify 24 C.F.R. § 3280.4 (2004) as the incorporating by reference regulation, *see* Becker Decl. ¶ 57, Ex. 90; Wise Decl., Ex. 176, which incorporates the standard, "as though set forth in full." 24 C.F.R. § 3280.4(a). Section 3280.703, in turn, requires that "[h]eating, cooling and fuel burning appliances and systems in manufactured homes shall be free of defects, and shall conform to applicable standards," including ASTM A539 (1990a).  Moreover, section 3280.705(b)(4) requires that "[s]teel tubing shall be constructed in accordance with ASTM Standard Specification for Electric-Resistance-Welded Coiled Steel Tubing for Gas and Fuel Oil Lines, ASTM A 539–83, and shall be externally corrosion protected."  The regulation does not specify that only certain provisions of ASTM A539 (1990a) are incorporated by reference into law, nor does it indicate which specific provisions of A539 (1990a) are relevant for compliance with the regulation.

o   <u>First Factor</u>:  There is no indication that Defendant stands to profit from republishing this standard; Defendant's apparent purpose is to inform the public about the law and facilitate public debate.  *See ASTM*, 896 F.3d at 449; Def's 2d Mot. at 16.  Defendant's

"attempt to freely distribute standards incorporated by reference into law qualifie[s] as a use that further[s] the purposes of the fair use defense." *ASTM*, 896 F.3d at 449. Further, the incorporated standard provides information essential for a private entity to comprehend its legal duties, which weighs heavily in favor of permitting Defendant's reproduction. *See ASTM*, 896 F.3d at 450.

o  Second Factor:  The "express text of the law falls plainly outside the realm of copyright protection."  *ASTM*, 896 F.3d at 451.  Here, the standard is incorporated into law without limitation such that "the consequence of the incorporation by reference is virtually indistinguishable from a situation in which the standard had been expressly copied into law." *Id.* at 452.  Accordingly, "this factor weighs heavily in favor of fair use." *Id.*

o  Third Factor:  The incorporating regulation does not specify that only certain provisions of this standard are incorporated by reference into law, nor does it indicate which specific provisions of the standard are relevant for regulatory compliance, suggesting that "a greater amount of the standard's text might be fairly reproduced." *Id.*

o  Fourth Factor:  Defendant's reproductions have not had a "substantially adverse impact on the potential market for the originals," nor have Plaintiffs shown by a preponderance of the evidence that there is a meaningful likelihood of future harm." Memo Op. at 30–36 (internal quotation and citation marks omitted).

o  Conclusion:  Defendant may fairly reproduce this incorporated standard in its entirety.

## 48. ASTM A570 (1979):

o  The parties identify 24 C.F.R. § (Parts 200 to 499) (2005) as the incorporating by reference regulation, *see* Becker Decl. ¶ 57, Ex. 90; Wise Decl., Ex. 176, which incorporates ASTM A570 (1979) for 24 C.F.R. § Part 200, Subpart S.  *See* 24 C.F.R. § (Parts 200 to 499).  That regulation does not specify that only certain provisions of ASTM A570 (1979) are incorporated by reference into law, nor does it indicate which specific provisions of ASTM A570 (1979) are relevant for compliance with the regulation.

o  First Factor:  There is no indication that Defendant stands to profit from republishing this standard; Defendant's apparent purpose is to inform the public about the law and facilitate public debate.  *See ASTM*, 896 F.3d at 449; Def's 2d Mot. at 16.  Defendant's "attempt to freely distribute standards incorporated by reference into law qualifie[s] as a use that further[s] the purposes of the fair use defense."  *ASTM*, 896 F.3d at 449. However, the court finds that the incorporated standard does not provide information essential for a private entity to comprehend its legal duties, but rather is incorporated as a reference procedure.  Accordingly, "while knowing the content of this incorporated standard might help inform one's understanding of the law," it "is not essential to complying with any legal duty," and thus, Defendant's use is less transformative and "its wholesale copying, in turn, less justified." *ASTM*, 896 F.3d at 450.

o  Second Factor:  The "express text of the law falls plainly outside the realm of copyright protection."  *ASTM*, 896 F.3d at 451.  Here, the standard is incorporated into law without limitation such that "the consequence of the incorporation by reference is virtually indistinguishable from a situation in which the standard had been expressly

copied into law." *Id.* at 452. Accordingly, "this factor weighs heavily in favor of fair use." *Id.*

o   Third Factor: The incorporating regulation does not specify that only certain provisions of this standard are incorporated by reference into law, nor does it indicate which specific provisions of the standard are relevant for regulatory compliance, suggesting that "a greater amount of the standard's text might be fairly reproduced." *Id.*

o   Fourth Factor: Defendant's reproductions have not had a "substantially adverse impact on the potential market for the originals," nor have Plaintiffs shown by a preponderance of the evidence that there is a meaningful likelihood of future harm." Memo Op. at 30–36 (internal quotation and citation marks omitted).

o   Conclusion: Defendant may fairly reproduce this incorporated standard in its entirety.

### 49. ASTM A572 (1979):

o   The parties identify 24 C.F.R. § (Parts 200 to 499) (2005) as the incorporating by reference regulation, *see* Becker Decl. ¶ 57, Ex. 90; Wise Decl., Ex. 176, which incorporates ASTM A572 (1979) for 24 C.F.R. § Part 200, Subpart S. *See* 24 C.F.R. § (Parts 200 to 499). That regulation does not specify that only certain provisions of ASTM A572 (1979) are incorporated by reference into law, nor does it indicate which specific provisions of ASTM A572 (1979) are relevant for compliance with the regulation.

o   First Factor: There is no indication that Defendant stands to profit from republishing this standard; Defendant's apparent purpose is to inform the public about the law and facilitate public debate. *See ASTM*, 896 F.3d at 449; Def's 2d Mot. at 16. Defendant's "attempt to freely distribute standards incorporated by reference into law qualifie[s] as a use that further[s] the purposes of the fair use defense." *ASTM*, 896 F.3d at 449. However, the court finds that the incorporated standard does not provide information essential for a private entity to comprehend its legal duties, but rather is incorporated as a reference procedure. Accordingly, "while knowing the content of this incorporated standard might help inform one's understanding of the law," it "is not essential to complying with any legal duty," and thus, Defendant's use is less transformative and "its wholesale copying, in turn, less justified." *ASTM*, 896 F.3d at 450.

o   Second Factor: The "express text of the law falls plainly outside the realm of copyright protection." *ASTM*, 896 F.3d at 451. Here, the standard is incorporated into law without limitation such that "the consequence of the incorporation by reference is virtually indistinguishable from a situation in which the standard had been expressly copied into law." *Id.* at 452. Accordingly, "this factor weighs heavily in favor of fair use." *Id.*

o   Third Factor: The incorporating regulation does not specify that only certain provisions of this standard are incorporated by reference into law, nor does it indicate which specific provisions of the standard are relevant for regulatory compliance, suggesting that "a greater amount of the standard's text might be fairly reproduced." *Id.*

o   Fourth Factor: Defendant's reproductions have not had a "substantially adverse impact on the potential market for the originals," nor have Plaintiffs shown by a preponderance of the evidence that there is a meaningful likelihood of future harm." Memo Op. at 30–

36 (internal quotation and citation marks omitted).

- o <u>Conclusion</u>: Defendant may fairly reproduce this incorporated standard in its entirety.

**50. ASTM A588 (1979a):**

- o The parties identify 24 C.F.R. § (Parts 200 to 499) (2005) as the incorporating by reference regulation, *see* Becker Decl. ¶ 57, Ex. 90; Wise Decl., Ex. 176, which incorporates ASTM A588 (1979a) for 24 C.F.R. § Part 200, Subpart S. *See* 24 C.F.R. § (Parts 200 to 499). That regulation does not specify that only certain provisions of ASTM A588 (1979a) are incorporated by reference into law, nor does it indicate which specific provisions of ASTM A588 (1979a) are relevant for compliance with the regulation.

- o <u>First Factor</u>: There is no indication that Defendant stands to profit from republishing this standard; Defendant's apparent purpose is to inform the public about the law and facilitate public debate. *See ASTM*, 896 F.3d at 449; Def's 2d Mot. at 16. Defendant's "attempt to freely distribute standards incorporated by reference into law qualifie[s] as a use that further[s] the purposes of the fair use defense." *ASTM*, 896 F.3d at 449. However, the court finds that the incorporated standard does not provide information essential for a private entity to comprehend its legal duties, but rather is incorporated as a reference procedure. Accordingly, "while knowing the content of this incorporated standard might help inform one's understanding of the law," it "is not essential to complying with any legal duty," and thus, Defendant's use is less transformative and "its wholesale copying, in turn, less justified." *ASTM*, 896 F.3d at 450.

- o <u>Second Factor</u>: The "express text of the law falls plainly outside the realm of copyright protection." *ASTM*, 896 F.3d at 451. Here, the standard is incorporated into law without limitation such that "the consequence of the incorporation by reference is virtually indistinguishable from a situation in which the standard had been expressly copied into law." *Id.* at 452. Accordingly, "this factor weighs heavily in favor of fair use." *Id.*

- o <u>Third Factor</u>: The incorporating regulation does not specify that only certain provisions of this standard are incorporated by reference into law, nor does it indicate which specific provisions of the standard are relevant for regulatory compliance, suggesting that "a greater amount of the standard's text might be fairly reproduced." *Id.*

- o <u>Fourth Factor</u>: Defendant's reproductions have not had a "substantially adverse impact on the potential market for the originals," nor have Plaintiffs shown by a preponderance of the evidence that there is a meaningful likelihood of future harm." Memo Op. at 30–36 (internal quotation and citation marks omitted).

- o <u>Conclusion</u>: Defendant may fairly reproduce this incorporated standard in its entirety.

**51. ASTM A615 (1979):**

- o The parties identify 24 C.F.R. § (Parts 200 to 499) (2005) as the incorporating by reference regulation, *see* Becker Decl. ¶ 57, Ex. 90; Wise Decl., Ex. 176, which incorporates ASTM A615 (1979) for 24 C.F.R. § Part 200, Subpart S. *See* 24 C.F.R. § (Parts 200 to 499). That regulation does not specify that only certain provisions of ASTM A615 (1979) are incorporated by reference into law, nor does it indicate which

specific provisions of ASTM A615 (1979) are relevant for compliance with the regulation.

o   First Factor:  There is no indication that Defendant stands to profit from republishing this standard; Defendant's apparent purpose is to inform the public about the law and facilitate public debate.  *See ASTM*, 896 F.3d at 449; Def's 2d Mot. at 16.  Defendant's "attempt to freely distribute standards incorporated by reference into law qualifie[s] as a use that further[s] the purposes of the fair use defense."  *ASTM*, 896 F.3d at 449. However, the court finds that the incorporated standard does not provide information essential for a private entity to comprehend its legal duties, but rather is incorporated as a reference procedure.  Accordingly, "while knowing the content of this incorporated standard might help inform one's understanding of the law," it "is not essential to complying with any legal duty," and thus, Defendant's use is less transformative and "its wholesale copying, in turn, less justified." *ASTM*, 896 F.3d at 450.

o   Second Factor:  The "express text of the law falls plainly outside the realm of copyright protection."   *ASTM*, 896 F.3d at 451.   Here, the standard is incorporated into law without limitation such that "the consequence of the incorporation by reference is virtually indistinguishable from a situation in which the standard had been expressly copied into law."  *Id.* at 452.  Accordingly, "this factor weighs heavily in favor of fair use." *Id.*

o   Third Factor:  The incorporating regulation does not specify that only certain provisions of this standard are incorporated by reference into law, nor does it indicate which specific provisions of the standard are relevant for regulatory compliance, suggesting that "a greater amount of the standard's text might be fairly reproduced."   *Id.*

o   Fourth Factor:  Defendant's reproductions have not had a "substantially adverse impact on the potential market for the originals," nor have Plaintiffs shown by a preponderance of the evidence that there is a meaningful likelihood of future harm."  Memo Op. at 30–36 (internal quotation and citation marks omitted).

o   Conclusion:  Defendant may fairly reproduce this incorporated standard in its entirety.

**52. ASTM A616 (1979):**

o   The parties identify 24 C.F.R. § (Parts 200 to 499) (2005) as the incorporating by reference regulation, *see* Becker Decl. ¶ 57, Ex. 90; Wise Decl., Ex. 176, which incorporates ASTM A616 (1979) for 24 C.F.R. § Part 200, Subpart S.  *See* 24 C.F.R. § (Parts 200 to 499).  That regulation does not specify that only certain provisions of ASTM A616 (1979) are incorporated by reference into law, nor does it indicate which specific provisions of ASTM A616 (1979) are relevant for compliance with the regulation.

o   First Factor:  There is no indication that Defendant stands to profit from republishing this standard; Defendant's apparent purpose is to inform the public about the law and facilitate public debate.  *See ASTM*, 896 F.3d at 449; Def's 2d Mot. at 16.  Defendant's "attempt to freely distribute standards incorporated by reference into law qualifie[s] as a use that further[s] the purposes of the fair use defense."  *ASTM*, 896 F.3d at 449. However, the court finds that the incorporated standard does not provide information essential for a private entity to comprehend its legal duties, but rather is incorporated

as a reference procedure. Accordingly, "while knowing the content of this incorporated standard might help inform one's understanding of the law," it "is not essential to complying with any legal duty," and thus, Defendant's use is less transformative and "its wholesale copying, in turn, less justified." *ASTM*, 896 F.3d at 450.

o **Second Factor**: The "express text of the law falls plainly outside the realm of copyright protection." *ASTM*, 896 F.3d at 451. Here, the standard is incorporated into law without limitation such that "the consequence of the incorporation by reference is virtually indistinguishable from a situation in which the standard had been expressly copied into law." *Id.* at 452. Accordingly, "this factor weighs heavily in favor of fair use." *Id.*

o **Third Factor**: The incorporating regulation does not specify that only certain provisions of this standard are incorporated by reference into law, nor does it indicate which specific provisions of the standard are relevant for regulatory compliance, suggesting that "a greater amount of the standard's text might be fairly reproduced." *Id.*

o **Fourth Factor**: Defendant's reproductions have not had a "substantially adverse impact on the potential market for the originals," nor have Plaintiffs shown by a preponderance of the evidence that there is a meaningful likelihood of future harm." Memo Op. at 30–36 (internal quotation and citation marks omitted).

o **Conclusion**: Defendant may fairly reproduce this incorporated standard in its entirety.

## 53. ASTM A617 (1979):

o The parties identify 24 C.F.R. § (Parts 200 to 499) (2005) as the incorporating by reference regulation, *see* Becker Decl. ¶ 57, Ex. 90; Wise Decl., Ex. 176, which incorporates ASTM A617 (1979) for 24 C.F.R. § Part 200, Subpart S. *See* 24 C.F.R. § (Parts 200 to 499). That regulation does not specify that only certain provisions of ASTM A617 (1979) are incorporated by reference into law, nor does it indicate which specific provisions of ASTM A617 (1979) are relevant for compliance with the regulation.

o **First Factor**: There is no indication that Defendant stands to profit from republishing this standard; Defendant's apparent purpose is to inform the public about the law and facilitate public debate. *See ASTM*, 896 F.3d at 449; Def's 2d Mot. at 16. Defendant's "attempt to freely distribute standards incorporated by reference into law qualifie[s] as a use that further[s] the purposes of the fair use defense." *ASTM*, 896 F.3d at 449. However, the court finds that the incorporated standard does not provide information essential for a private entity to comprehend its legal duties, but rather is incorporated as a reference procedure. Accordingly, "while knowing the content of this incorporated standard might help inform one's understanding of the law," it "is not essential to complying with any legal duty," and thus, Defendant's use is less transformative and "its wholesale copying, in turn, less justified." *ASTM*, 896 F.3d at 450.

o **Second Factor**: The "express text of the law falls plainly outside the realm of copyright protection." *ASTM*, 896 F.3d at 451. Here, the standard is incorporated into law without limitation such that "the consequence of the incorporation by reference is virtually indistinguishable from a situation in which the standard had been expressly copied into law." *Id.* at 452. Accordingly, "this factor weighs heavily in favor of fair

use." *Id.*

- o **Third Factor**: The incorporating regulation does not specify that only certain provisions of this standard are incorporated by reference into law, nor does it indicate which specific provisions of the standard are relevant for regulatory compliance, suggesting that "a greater amount of the standard's text might be fairly reproduced." *Id.*

- o **Fourth Factor**: Defendant's reproductions have not had a "substantially adverse impact on the potential market for the originals," nor have Plaintiffs shown by a preponderance of the evidence that there is a meaningful likelihood of future harm." Memo Op. at 30–36 (internal quotation and citation marks omitted).

- o **Conclusion**: Defendant may fairly reproduce this incorporated standard in its entirety.

**54. ASTM A633 (1979a):**

- o The parties identify 49 C.F.R. § 171.7 (2009) as the incorporating by reference regulation, *see* Becker Decl. ¶ 57, Ex. 90; Wise Decl., Ex. 176, which incorporates the standard into 49 C.F.R. § 178.338-2. Section 178.338-2 states that "material used for evacuated jacket pressure parts must conform to the chemistry and steelmaking practices of one of the material specifications of Section II of the ASME Code or" one of several different ASTM standards, including ASTM A633. The regulation does not specify that only certain provisions of ASTM A633 (1979a) are incorporated by reference into law, nor does it indicate which specific provisions of ASTM A633 (1979a) are relevant for compliance with the regulation.

- o **First Factor**: There is no indication that Defendant stands to profit from republishing this standard; Defendant's apparent purpose is to inform the public about the law and facilitate public debate. *See ASTM*, 896 F.3d at 449; Def's 2d Mot. at 16. Defendant's "attempt to freely distribute standards incorporated by reference into law qualifie[s] as a use that further[s] the purposes of the fair use defense." *ASTM*, 896 F.3d at 449. Further, the incorporated standard provides information essential for a private entity to comprehend its legal duties, which weighs heavily in favor of permitting Defendant's reproduction. *See ASTM*, 896 F.3d at 450.

- o **Second Factor**: The "express text of the law falls plainly outside the realm of copyright protection." *ASTM*, 896 F.3d at 451. Here, the standard is incorporated into law without limitation such that "the consequence of the incorporation by reference is virtually indistinguishable from a situation in which the standard had been expressly copied into law." *Id.* at 452. Accordingly, "this factor weighs heavily in favor of fair use." *Id.*

- o **Third Factor**: The incorporating regulation does not specify that only certain provisions of this standard are incorporated by reference into law, nor does it indicate which specific provisions of the standard are relevant for regulatory compliance, suggesting that "a greater amount of the standard's text might be fairly reproduced." *Id.*

- o **Fourth Factor**: Defendant's reproductions have not had a "substantially adverse impact on the potential market for the originals," nor have Plaintiffs shown by a preponderance of the evidence that there is a meaningful likelihood of future harm." Memo Op. at 30–36 (internal quotation and citation marks omitted).

- o <u>Conclusion</u>: Defendant may fairly reproduce this incorporated standard in its entirety.

**55. ASTM A82 (1979):**

- o The parties identify 24 C.F.R. § (Parts 200 to 499) (2005) as the incorporating by reference regulation, *see* Becker Decl. ¶ 57, Ex. 90; Wise Decl., Ex. 176, which incorporates ASTM A82 (1979) for 24 C.F.R. § Part 200, Subpart S. *See* 24 C.F.R. § (Parts 200 to 499). That regulation does not specify that only certain provisions of ASTM A82 (1979) are incorporated by reference into law, nor does it indicate which specific provisions of ASTM A82 (1979) are relevant for compliance with the regulation.

- o <u>First Factor</u>: There is no indication that Defendant stands to profit from republishing this standard; Defendant's apparent purpose is to inform the public about the law and facilitate public debate. *See ASTM*, 896 F.3d at 449; Def's 2d Mot. at 16. Defendant's "attempt to freely distribute standards incorporated by reference into law qualifie[s] as a use that further[s] the purposes of the fair use defense." *ASTM*, 896 F.3d at 449. However, the court finds that the incorporated standard does not provide information essential for a private entity to comprehend its legal duties, but rather is incorporated as a reference procedure. Accordingly, "while knowing the content of this incorporated standard might help inform one's understanding of the law," it "is not essential to complying with any legal duty," and thus, Defendant's use is less transformative and "its wholesale copying, in turn, less justified." *ASTM*, 896 F.3d at 450.

- o <u>Second Factor</u>: The "express text of the law falls plainly outside the realm of copyright protection." *ASTM*, 896 F.3d at 451. Here, the standard is incorporated into law without limitation such that "the consequence of the incorporation by reference is virtually indistinguishable from a situation in which the standard had been expressly copied into law." *Id.* at 452. Accordingly, "this factor weighs heavily in favor of fair use." *Id.*

- o <u>Third Factor</u>: The incorporating regulation does not specify that only certain provisions of this standard are incorporated by reference into law, nor does it indicate which specific provisions of the standard are relevant for regulatory compliance, suggesting that "a greater amount of the standard's text might be fairly reproduced." *Id.*

- o <u>Fourth Factor</u>: Defendant's reproductions have not had a "substantially adverse impact on the potential market for the originals," nor have Plaintiffs shown by a preponderance of the evidence that there is a meaningful likelihood of future harm." Memo Op. at 30–36 (internal quotation and citation marks omitted).

- o <u>Conclusion</u>: Defendant may fairly reproduce this incorporated standard in its entirety.

**56. ASTM B111 (1995):**

- o The parties identify 46 C.F.R. § 56.01-2 (2011) as the incorporating by reference regulation, *see* Becker Decl. ¶ 57, Ex. 90; Wise Decl., Ex. 176, which incorporates the standard into 46 C.F.R. § 56.60-1. Section 56.60-1 lists ASTM B111 as the controlling standard for seamless tube piping systems made with copper and copper alloy. The regulation does not specify that only certain provisions of ASTM B11 (1995) are incorporated by reference into law, nor does it indicate which specific provisions of ASTM B11 (1995) are relevant for compliance with the regulation.

- o <u>First Factor</u>:  There is no indication that Defendant stands to profit from republishing this standard; Defendant's apparent purpose is to inform the public about the law and facilitate public debate.  *See ASTM*, 896 F.3d at 449; Def's 2d Mot. at 16.  Defendant's "attempt to freely distribute standards incorporated by reference into law qualifie[s] as a use that further[s] the purposes of the fair use defense."  *ASTM*, 896 F.3d at 449.  Further, the incorporated standard provides information essential for a private entity to comprehend its legal duties, which weighs heavily in favor of permitting Defendant's reproduction.  *See ASTM*, 896 F.3d at 450.

- o <u>Second Factor</u>:  The "express text of the law falls plainly outside the realm of copyright protection."  *ASTM*, 896 F.3d at 451.  Here, the standard is incorporated into law without limitation such that "the consequence of the incorporation by reference is virtually indistinguishable from a situation in which the standard had been expressly copied into law." *Id.* at 452.  Accordingly, "this factor weighs heavily in favor of fair use." *Id.*

- o <u>Third Factor</u>:  The incorporating regulation does not specify that only certain provisions of this standard are incorporated by reference into law, nor does it indicate which specific provisions of the standard are relevant for regulatory compliance, suggesting that "a greater amount of the standard's text might be fairly reproduced."  *Id.*

- o <u>Fourth Factor</u>:  Defendant's reproductions have not had a "substantially adverse impact on the potential market for the originals," nor have Plaintiffs shown by a preponderance of the evidence that there is a meaningful likelihood of future harm."  Memo Op. at 30–36 (internal quotation and citation marks omitted).

- o <u>Conclusion</u>:  Defendant may fairly reproduce this incorporated standard in its entirety.

### 57. ASTM B122/B122M (1995):

- o The parties identify 46 C.F.R. § 58.03-1 (2011) as the incorporating by reference regulation, *see* Becker Decl. ¶ 57, Ex. 90; Wise Decl., Ex. 176, which incorporates the standard into 46 C.F.R. § 58.50-5.  Section 58.50-5 requires that copper-nickel gasoline fuel tanks be constructed in accordance with the minimum thickness requirements set forth in ASTM B122 (1995).  Section 58.50-5 also provides the applicable thickness requirements.  *See* 46 C.F.R. § 58.50-5(a)(2), Table 1.

- o <u>First Factor</u>:  There is no indication that Defendant stands to profit from republishing this standard; Defendant's apparent purpose is to inform the public about the law and facilitate public debate.  *See ASTM*, 896 F.3d at 449; Def's 2d Mot. at 16.  Defendant's "attempt to freely distribute standards incorporated by reference into law qualifie[s] as a use that further[s] the purposes of the fair use defense."  *ASTM*, 896 F.3d at 449.  However, the court finds that the incorporated standard does not provide information essential for a private entity to comprehend its legal duties, but rather is incorporated as a reference procedure, given that the regulation provides the applicable thickness requirements.  Accordingly, "while knowing the content of this incorporated standard might help inform one's understanding of the law," it "is not essential to complying with any legal duty," and thus, Defendant's use is less transformative and "its wholesale copying, in turn, less justified." *ASTM*, 896 F.3d at 450.

- o <u>Second Factor</u>:  The "express text of the law falls plainly outside the realm of copyright

protection." *ASTM*, 896 F.3d at 451.  Here, the standard is incorporated into law without limitation such that "the consequence of the incorporation by reference is virtually indistinguishable from a situation in which the standard had been expressly copied into law." *Id.* at 452.  Accordingly, "this factor weighs heavily in favor of fair use." *Id.*

o   <u>Third Factor</u>:  The incorporating regulation does not specify that only certain provisions of this standard are incorporated by reference into law, nor does it indicate which specific provisions of the standard are relevant for regulatory compliance, suggesting that "a greater amount of the standard's text might be fairly reproduced." *Id.*

o   <u>Fourth Factor</u>:  Defendant's reproductions have not had a "substantially adverse impact on the potential market for the originals," nor have Plaintiffs shown by a preponderance of the evidence that there is a meaningful likelihood of future harm."  Memo Op. at 30–36 (internal quotation and citation marks omitted).

o   <u>Conclusion</u>:  Defendant may fairly reproduce this incorporated standard in its entirety.

## 58. ASTM B124 (1996):

o   The parties identify 46 C.F.R. § 56.01-2 (2011) as the incorporating by reference regulation, *see* Becker Decl. ¶ 57, Ex. 90; Wise Decl., Ex. 176, which incorporates the standard into 46 C.F.R. § 56.60-2.  Section 56.60-2 references ASTM B124 as providing the adopted bar stock and nonferrous forging and casting specifications for six different types of alloy.  46 C.F.R. § 56.60-2, Table 2(a).  The regulation does not specify that only certain provisions of ASTM B124 (1996) are incorporated by reference into law, nor does it indicate which specific provisions of ASTM B124 (1996) are relevant for compliance with the regulation.

o   <u>First Factor</u>:  There is no indication that Defendant stands to profit from republishing this standard; Defendant's apparent purpose is to inform the public about the law and facilitate public debate.  *See ASTM*, 896 F.3d at 449; Def's 2d Mot. at 16.  Defendant's "attempt to freely distribute standards incorporated by reference into law qualifie[s] as a use that further[s] the purposes of the fair use defense." *ASTM*, 896 F.3d at 449.  Further, the incorporated standard provides information essential for a private entity to comprehend its legal duties, which weighs heavily in favor of permitting Defendant's reproduction.  *See ASTM*, 896 F.3d at 450.

o   <u>Second Factor</u>:  The "express text of the law falls plainly outside the realm of copyright protection." *ASTM*, 896 F.3d at 451.  Here, the standard is incorporated into law without limitation such that "the consequence of the incorporation by reference is virtually indistinguishable from a situation in which the standard had been expressly copied into law." *Id.* at 452.  Accordingly, "this factor weighs heavily in favor of fair use." *Id.*

o   <u>Third Factor</u>:  The incorporating regulation does not specify that only certain provisions of this standard are incorporated by reference into law, nor does it indicate which specific provisions of the standard are relevant for regulatory compliance, suggesting that "a greater amount of the standard's text might be fairly reproduced." *Id.*

o   <u>Fourth Factor</u>:  Defendant's reproductions have not had a "substantially adverse impact on the potential market for the originals," nor have Plaintiffs shown by a preponderance

of the evidence that there is a meaningful likelihood of future harm." Memo Op. at 30–36 (internal quotation and citation marks omitted).

o   <u>Conclusion</u>:  Defendant may fairly reproduce this incorporated standard in its entirety.

## 59. ASTM B209 (1996):

o   The parties identify 46 C.F.R. § 58.03-1 (2011) as the incorporating by reference regulation, *see* Becker Decl. ¶ 57, Ex. 90; Wise Decl., Ex. 176, which incorporates the standard into 46 C.F.R. §§ 58.50-5; 58.50-10.  Section 58.50-5 requires that aluminum gasoline fuel tanks be constructed in accordance with the minimum thickness requirements set forth in ASTM B209 (1996).  Section 58.50-5 also provides the applicable thickness requirements. *See* 46 C.F.R. § 58.50-5(a)(2), Table 1.  Section 58.50-10 requires that diesel fuel tanks assembled with aluminum be constructed in accordance with the minimum thickness allowed in ASTM B209, and it provides the applicable thickness and gauge requirements.

o   <u>First Factor</u>:  There is no indication that Defendant stands to profit from republishing this standard; Defendant's apparent purpose is to inform the public about the law and facilitate public debate.  *See ASTM*, 896 F.3d at 449; Def's 2d Mot. at 16.  Defendant's "attempt to freely distribute standards incorporated by reference into law qualifie[s] as a use that further[s] the purposes of the fair use defense."  *ASTM*, 896 F.3d at 449.  However, the court finds that the incorporated standard does not provide information essential for a private entity to comprehend its legal duties, but rather is incorporated as a reference procedure, given that the regulation provides the applicable thickness requirements.  Accordingly, "while knowing the content of this incorporated standard might help inform one's understanding of the law," it "is not essential to complying with any legal duty," and thus, Defendant's use is less transformative and "its wholesale copying, in turn, less justified." *ASTM*, 896 F.3d at 450.

o   <u>Second Factor</u>:  The "express text of the law falls plainly outside the realm of copyright protection."  *ASTM*, 896 F.3d at 451.  Here, the standard is incorporated into law without limitation such that "the consequence of the incorporation by reference is virtually indistinguishable from a situation in which the standard had been expressly copied into law." *Id.* at 452.  Accordingly, "this factor weighs heavily in favor of fair use." *Id.*

o   <u>Third Factor</u>:  The incorporating regulation does not specify that only certain provisions of this standard are incorporated by reference into law, nor does it indicate which specific provisions of the standard are relevant for regulatory compliance, suggesting that "a greater amount of the standard's text might be fairly reproduced." *Id.*

o   <u>Fourth Factor</u>:  Defendant's reproductions have not had a "substantially adverse impact on the potential market for the originals," nor have Plaintiffs shown by a preponderance of the evidence that there is a meaningful likelihood of future harm." Memo Op. at 30–36 (internal quotation and citation marks omitted).

o   <u>Conclusion</u>:  Defendant may fairly reproduce this incorporated standard in its entirety.

## 60. ASTM B16 (1992):

o   The parties identify 46 C.F.R. § 56.01-2 (2011) as the incorporating by reference

regulation, *see* Becker Decl. ¶ 5 7, Ex. 90; Wise Decl., Ex. 176, which incorporates the standard into 46 C.F.R. § 56.60-2. Section 56.60-2 states that ASTM B16 provides the adopted bar stock and nonferrous forging and casting specifications for soft and half hard tempers. 46 C.F.R. § 56.60-2, Table 2(a). The regulation does not specify that only certain provisions of ASTM B16 (1992) are incorporated by reference into law, nor does it indicate which specific provisions of ASTM B16 (1992) are relevant for compliance with the regulation.

o   <u>First Factor</u>:  There is no indication that Defendant stands to profit from republishing this standard; Defendant's apparent purpose is to inform the public about the law and facilitate public debate. *See ASTM*, 896 F.3d at 449; Def's 2d Mot. at 16. Defendant's "attempt to freely distribute standards incorporated by reference into law qualifie[s] as a use that further[s] the purposes of the fair use defense." *ASTM*, 896 F.3d at 449. Further, the incorporated standard provides information essential for a private entity to comprehend its legal duties, which weighs heavily in favor of permitting Defendant's reproduction. *See ASTM*, 896 F.3d at 450.

o   <u>Second Factor</u>:  The "express text of the law falls plainly outside the realm of copyright protection." *ASTM*, 896 F.3d at 451. Here, the standard is incorporated into law without limitation such that "the consequence of the incorporation by reference is virtually indistinguishable from a situation in which the standard had been expressly copied into law." *Id.* at 452. Accordingly, "this factor weighs heavily in favor of fair use." *Id.*

o   <u>Third Factor</u>:  The incorporating regulation does not specify that only certain provisions of this standard are incorporated by reference into law, nor does it indicate which specific provisions of the standard are relevant for regulatory compliance, suggesting that "a greater amount of the standard's text might be fairly reproduced." *Id.*

o   <u>Fourth Factor</u>:  Defendant's reproductions have not had a "substantially adverse impact on the potential market for the originals," nor have Plaintiffs shown by a preponderance of the evidence that there is a meaningful likelihood of future harm." Memo Op. at 30–36 (internal quotation and citation marks omitted).

o   <u>Conclusion</u>:  Defendant may fairly reproduce this incorporated standard in its entirety.

### 61. ASTM B21 (1996):

o   The parties identify 46 C.F.R. § 56.01-2 (2011) as the incorporating by reference regulation, *see* Becker Decl. ¶ 5 7, Ex. 90; Wise Decl., Ex. 176, w h i c h incorporates the standard into 46 C.F.R. § 56.60-2. Section 56.60-2 establishes bar stock and nonferrous forging and casting specifications, supplementary testing requirements, and service limitations for welded pipe and tubing, and identifies ASTM B21 as providing specifications for three types of alloy. 46 C.F.R. § 56.60-2(a) (Table). It also requires that "[a]llowable stresses shall be the same as those listed in UNF23 of section VIII of ASME Boiler and Pressure Vessel Code for SB-171, naval brass." *Id.* § 56.60-2(a) n.8. The regulation does not specify that only certain provisions of ASTM B21 (1996) are incorporated by reference into law, nor does it indicate which specific provisions of ASTM B21 (1996) are relevant for compliance with the regulation.

o   <u>First Factor</u>:  There is no indication that Defendant stands to profit from republishing

this standard; Defendant's apparent purpose is to inform the public about the law and facilitate public debate. *See ASTM*, 896 F.3d at 449; Def's 2d Mot. at 16. Defendant's "attempt to freely distribute standards incorporated by reference into law qualifie[s] as a use that further[s] the purposes of the fair use defense." *ASTM*, 896 F.3d at 449. Further, the incorporated standard provides information essential for a private entity to comprehend its legal duties, which weighs heavily in favor of permitting Defendant's reproduction. *See ASTM*, 896 F.3d at 450.

o  Second Factor: The "express text of the law falls plainly outside the realm of copyright protection." *ASTM*, 896 F.3d at 451. Here, the standard is incorporated into law without limitation such that "the consequence of the incorporation by reference is virtually indistinguishable from a situation in which the standard had been expressly copied into law." *Id.* at 452. Accordingly, "this factor weighs heavily in favor of fair use." *Id.*

o  Third Factor: The incorporating regulation does not specify that only certain provisions of this standard are incorporated by reference into law, nor does it indicate which specific provisions of the standard are relevant for regulatory compliance, suggesting that "a greater amount of the standard's text might be fairly reproduced." *Id.*

o  Fourth Factor: Defendant's reproductions have not had a "substantially adverse impact on the potential market for the originals," nor have Plaintiffs shown by a preponderance of the evidence that there is a meaningful likelihood of future harm." Memo Op. at 30–36 (internal quotation and citation marks omitted).

o  Conclusion: Defendant may fairly reproduce this incorporated standard in its entirety.

## 62. ASTM B21 (1983b):

o  The parties identify 46 C.F.R. § 56.01-2 (1999) as the incorporating by reference regulation, *see* Becker Decl. ¶ 57, Ex. 90; Wise Decl., Ex. 176, which incorporates the standard into 46 C.F.R. § 56.60-2. Section 56.60-2 identifies ASTM B21 as providing the adopted bar stock and nonferrous forging and casting specifications for certain alloys. *See* 46 C.F.R. § 56.60-2, Table 2(a). It also requires that "[p]hysical testing, including mercurous nitrate test, shall be performed as for material manufactured to ASTM B21." *Id.* § 56.60-2(a) n.10. The regulation does not specify that only certain provisions of ASTM B21 (1983b) are incorporated by reference into law, nor does it indicate which specific provisions of ASTM B21 (1983b) are relevant for compliance with the regulation.

o  First Factor: There is no indication that Defendant stands to profit from republishing this standard; Defendant's apparent purpose is to inform the public about the law and facilitate public debate. *See ASTM*, 896 F.3d at 449; Def's 2d Mot. at 16. Defendant's "attempt to freely distribute standards incorporated by reference into law qualifie[s] as a use that further[s] the purposes of the fair use defense." *ASTM*, 896 F.3d at 449. Further, the incorporated standard provides information essential for a private entity to comprehend its legal duties, which weighs heavily in favor of permitting Defendant's reproduction. *See ASTM*, 896 F.3d at 450.

o  Second Factor: The "express text of the law falls plainly outside the realm of copyright protection." *ASTM*, 896 F.3d at 451. Here, the standard is incorporated into law

without limitation such that "the consequence of the incorporation by reference is virtually indistinguishable from a situation in which the standard had been expressly copied into law." *Id.* at 452. Accordingly, "this factor weighs heavily in favor of fair use." *Id.*

o <u>Third Factor</u>: The incorporating regulation does not specify that only certain provisions of this standard are incorporated by reference into law, nor does it indicate which specific provisions of the standard are relevant for regulatory compliance, suggesting that "a greater amount of the standard's text might be fairly reproduced." *Id.*

o <u>Fourth Factor</u>: Defendant's reproductions have not had a "substantially adverse impact on the potential market for the originals," nor have Plaintiffs shown by a preponderance of the evidence that there is a meaningful likelihood of future harm." Memo Op. at 30–36 (internal quotation and citation marks omitted).

o <u>Conclusion</u>: Defendant may fairly reproduce this incorporated standard in its entirety.

### 63. ASTM B283 (1996):

o The parties identify 46 C.F.R. § 56.01-2 (2011) as the incorporating by reference regulation, *see* Becker Decl. ¶ 57, Ex. 90; Wise Decl., Ex. 176, which incorporates the standard into 46 C.F.R. § 56.60-2. Section 56.60-2 identifies ASTM B283 as providing the adopted bar stock and nonferrous forging and casting specifications for forging brass. *See* 46 C.F.R. § 56.60-2, Table 2(a). The regulation does not specify that only certain provisions of ASTM B283 (1996) are incorporated by reference into law, nor does it indicate which specific provisions of ASTM B283 (1996) are relevant for compliance with the regulation.

o <u>First Factor</u>: There is no indication that Defendant stands to profit from republishing this standard; Defendant's apparent purpose is to inform the public about the law and facilitate public debate. *See ASTM*, 896 F.3d at 449; Def's 2d Mot. at 16. Defendant's "attempt to freely distribute standards incorporated by reference into law qualifie[s] as a use that further[s] the purposes of the fair use defense." *ASTM*, 896 F.3d at 449. Further, the incorporated standard provides information essential for a private entity to comprehend its legal duties, which weighs heavily in favor of permitting Defendant's reproduction. *See ASTM*, 896 F.3d at 450.

o <u>Second Factor</u>: The "express text of the law falls plainly outside the realm of copyright protection." *ASTM*, 896 F.3d at 451. Here, the standard is incorporated into law without limitation such that "the consequence of the incorporation by reference is virtually indistinguishable from a situation in which the standard had been expressly copied into law." *Id.* at 452. Accordingly, "this factor weighs heavily in favor of fair use." *Id.*

o <u>Third Factor</u>: The incorporating regulation does not specify that only certain provisions of this standard are incorporated by reference into law, nor does it indicate which specific provisions of the standard are relevant for regulatory compliance, suggesting that "a greater amount of the standard's text might be fairly reproduced." *Id.*

o <u>Fourth Factor</u>: Defendant's reproductions have not had a "substantially adverse impact on the potential market for the originals," nor have Plaintiffs shown by a preponderance of the evidence that there is a meaningful likelihood of future harm." Memo Op. at 30–

36 (internal quotation and citation marks omitted).

o <u>Conclusion</u>:  Defendant may fairly reproduce this incorporated standard in its entirety.

**64. ASTM 315 (1993):**

o The parties identify 46 C.F.R. § 56.01-2 (2011) as the incorporating by reference regulation, *see* Becker Decl. ¶ 57, Ex. 90; Wise Decl., Ex. 176, which incorporates the standard into 46 C.F.R. § 56.60-1.  Section 56.60-1 identifies ASTM A315 as the controlling standard for seamless tube piping systems made with copper-silicon.  The regulation does not specify that only certain provisions of ASTM A315 (1993) are incorporated by reference into law, nor does it indicate which specific provisions of ASTM A315 (1993) are relevant for compliance with the regulation.

o <u>First Factor</u>:  There is no indication that Defendant stands to profit from republishing this standard; Defendant's apparent purpose is to inform the public about the law and facilitate public debate.  *See ASTM*, 896 F.3d at 449; Def's 2d Mot. at 16.  Defendant's "attempt to freely distribute standards incorporated by reference into law qualifie[s] as a use that further[s] the purposes of the fair use defense."  *ASTM*, 896 F.3d at 449.  Further, the incorporated standard provides information essential for a private entity to comprehend its legal duties, which weighs heavily in favor of permitting Defendant's reproduction.  *See ASTM*, 896 F.3d at 450.

o <u>Second Factor</u>:  The "express text of the law falls plainly outside the realm of copyright protection."  *ASTM*, 896 F.3d at 451.  Here, the standard is incorporated into law without limitation such that "the consequence of the incorporation by reference is virtually indistinguishable from a situation in which the standard had been expressly copied into law."  *Id.* at 452.  Accordingly, "this factor weighs heavily in favor of fair use."  *Id.*

o <u>Third Factor</u>:  The incorporating regulation does not specify that only certain provisions of this standard are incorporated by reference into law, nor does it indicate which specific provisions of the standard are relevant for regulatory compliance, suggesting that "a greater amount of the standard's text might be fairly reproduced."  *Id.*

o <u>Fourth Factor</u>:  Defendant's reproductions have not had a "substantially adverse impact on the potential market for the originals," nor have Plaintiffs shown by a preponderance of the evidence that there is a meaningful likelihood of future harm."  Memo Op. at 30–36 (internal quotation and citation marks omitted).

o <u>Conclusion</u>:  Defendant may fairly reproduce this incorporated standard in its entirety.

**65. ASTM B42 (1996):**

o The parties identify 46 C.F.R. § 56.01-2 (2011) as the incorporating by reference regulation, *see* Becker Decl. ¶ 57, Ex. 90; Wise Decl., Ex. 176, which incorporates the standard into 46 C.F.R. § 56.60-1.  Section 56.60-1 identifies ASTM B42 as the controlling standard for seamless piping systems made with copper.  The regulation does not specify that only certain provisions of ASTM B42 (1996) are incorporated by reference into law, nor does it indicate which specific provisions of ASTM B42 (1996) are relevant for compliance with the regulation.

o <u>First Factor</u>:  There is no indication that Defendant stands to profit from republishing

this standard; Defendant's apparent purpose is to inform the public about the law and facilitate public debate. *See ASTM*, 896 F.3d at 449; Def's 2d Mot. at 16. Defendant's "attempt to freely distribute standards incorporated by reference into law qualifie[s] as a use that further[s] the purposes of the fair use defense." *ASTM*, 896 F.3d at 449. Further, the incorporated standard provides information essential for a private entity to comprehend its legal duties, which weighs heavily in favor of permitting Defendant's reproduction. *See ASTM*, 896 F.3d at 450.

o **Second Factor**: The "express text of the law falls plainly outside the realm of copyright protection." *ASTM*, 896 F.3d at 451. Here, the standard is incorporated into law without limitation such that "the consequence of the incorporation by reference is virtually indistinguishable from a situation in which the standard had been expressly copied into law." *Id.* at 452. Accordingly, "this factor weighs heavily in favor of fair use." *Id.*

o **Third Factor**: The incorporating regulation does not specify that only certain provisions of this standard are incorporated by reference into law, nor does it indicate which specific provisions of the standard are relevant for regulatory compliance, suggesting that "a greater amount of the standard's text might be fairly reproduced." *Id.*

o **Fourth Factor**: Defendant's reproductions have not had a "substantially adverse impact on the potential market for the originals," nor have Plaintiffs shown by a preponderance of the evidence that there is a meaningful likelihood of future harm." Memo Op. at 30–36 (internal quotation and citation marks omitted).

o **Conclusion**: Defendant may fairly reproduce this incorporated standard in its entirety.

**66. ASTM B557 (1984):**

o The parties identify 49 C.F.R. § 171.7 (2009) as the incorporating by reference regulation, *see* Becker Decl. ¶ 57, Ex. 90; Wise Decl., Ex. 176, which incorporates the standard into 49 C.F.R. § 178.46 (2009). Section 178.46 states that in the context of seamless aluminum cylinders, the "yield strength must be determined by either the 'offset' method or the 'extension under load' method as prescribed in ASTM B 557." 49 C.F.R. § 178.46(i)(3)(i). The regulation does not specify that only certain provisions of ASTM B557 (1984) are incorporated by reference into law, nor does it indicate which specific provisions of ASTM B557 (1984) are relevant for compliance with the regulation.

o **First Factor**: There is no indication that Defendant stands to profit from republishing this standard; Defendant's apparent purpose is to inform the public about the law and facilitate public debate. *See ASTM*, 896 F.3d at 449; Def's 2d Mot. at 16. Defendant's "attempt to freely distribute standards incorporated by reference into law qualifie[s] a use that further[s] the purposes of the fair use defense." *ASTM*, 896 F.3d at 449. Further, the incorporated standard provides information essential for a private entity to comprehend its legal duties, which weighs heavily in favor of permitting Defendant's reproduction. *See ASTM*, 896 F.3d at 450.

o **Second Factor**: The "express text of the law falls plainly outside the realm of copyright protection." *ASTM*, 896 F.3d at 451. Here, the standard is incorporated into law without limitation such that "the consequence of the incorporation by reference is

virtually indistinguishable from a situation in which the standard had been expressly copied into law." *Id.* at 452. Accordingly, "this factor weighs heavily in favor of fair use." *Id.*

o   Third Factor: The incorporating regulation does not specify that only certain provisions of this standard are incorporated by reference into law, nor does it indicate which specific provisions of the standard are relevant for regulatory compliance, suggesting that "a greater amount of the standard's text might be fairly reproduced." *Id.*

o   Fourth Factor: Defendant's reproductions have not had a "substantially adverse impact on the potential market for the originals," nor have Plaintiffs shown by a preponderance of the evidence that there is a meaningful likelihood of future harm." Memo Op. at 30–36 (internal quotation and citation marks omitted).

o   Conclusion: Defendant may fairly reproduce this incorporated standard in its entirety.

## 67. ASTM B580 (1979):

o   The parties identify 49 C.F.R. § 171.7 (2009) as the incorporating by reference regulation, *see* Becker Decl. ¶ 57, Ex. 90; Wise Decl., Ex. 176, which incorporates the standard into 49 C.F.R. §§ 173.316, 173.318, 178.338-17. Section 173.316 requires that for cryogenic liquids in cylinders, a "valve or fitting made of aluminum with internal rubbing or abrading aluminum parts that may come in contact with oxygen in the cryogenic liquid form may not be installed on any cylinder used to transport oxygen, cryogenic liquid unless the parts are anodized in accordance with ASTM Standard B 580." *See* 49 C.F.R. §§ 173.316(a)(4). Section 173.318 requires for cryogenic liquids in tanks that a "valve or fitting made of aluminum with internal rubbing or abrading aluminum parts that may come in contact with oxygen in the cryogenic liquid form may not be installed on any cargo tank used to transport oxygen, cryogenic liquid unless the parts are anodized in accordance with ASTM Standard B 580." *Id.* § 173.318(a)(4). Section 178.338-17 requires for pumps and compressors that "valve or fitting made of aluminum with internal rubbing or abrading aluminum parts that may come in contact with oxygen (cryogenic liquid) may not be installed on any cargo tank used to transport oxygen (cryogenic liquid) unless the parts are anodized in accordance with ASTM B 580." *Id.* § 178.338-17. These regulations do not specify that only certain provisions of ASTM B580 (1979) are incorporated by reference into law, nor do they indicate which specific provisions of ASTM B580 (1979) are relevant for compliance with the regulation.

o   First Factor: There is no indication that Defendant stands to profit from republishing this standard; Defendant's apparent purpose is to inform the public about the law and facilitate public debate. *See ASTM*, 896 F.3d at 449; Def's 2d Mot. at 16. Defendant's "attempt to freely distribute standards incorporated by reference into law qualifie[s] as a use that further[s] the purposes of the fair use defense." *ASTM*, 896 F.3d at 449. Further, the incorporated standard provides information essential for a private entity to comprehend its legal duties, which weighs heavily in favor of permitting Defendant's reproduction. *See ASTM*, 896 F.3d at 450.

o   Second Factor: The "express text of the law falls plainly outside the realm of copyright protection." *ASTM*, 896 F.3d at 451. Here, the standard is incorporated into law

without limitation such that "the consequence of the incorporation by reference is virtually indistinguishable from a situation in which the standard had been expressly copied into law." *Id.* at 452. Accordingly, "this factor weighs heavily in favor of fair use." *Id.*

o   <u>Third Factor</u>: The incorporating regulation does not specify that only certain provisions of this standard are incorporated by reference into law, nor does it indicate which specific provisions of the standard are relevant for regulatory compliance, suggesting that "a greater amount of the standard's text might be fairly reproduced." *Id.*

o   <u>Fourth Factor</u>: Defendant's reproductions have not had a "substantially adverse impact on the potential market for the originals," nor have Plaintiffs shown by a preponderance of the evidence that there is a meaningful likelihood of future harm." Memo Op. at 30–36 (internal quotation and citation marks omitted).

o   <u>Conclusion</u>: Defendant may fairly reproduce this incorporated standard in its entirety.

**68. ASTM B68 (1995):**

o   The parties identify 46 C.F.R. § 56.01-2 (2011) as the incorporating by reference regulation, *see* Becker Decl. ¶ 57, Ex. 90; Wise Decl., Ex. 176, which incorporates the standard into 46 C.F.R. § 56.60-1. Section 56.60-1 identifies ASTM B68 as one of the controlling standard for "Tube, seamless" piping systems made with copper. The regulation does not specify that only certain provisions of ASTM B68 (1995) are incorporated by reference into law, nor does it indicate which specific provisions of ASTM B68 (1995) are relevant for compliance with the regulation.

o   <u>First Factor</u>: There is no indication that Defendant stands to profit from republishing this standard; Defendant's apparent purpose is to inform the public about the law and facilitate public debate. *See ASTM*, 896 F.3d at 449; Def's 2d Mot. at 16. Defendant's "attempt to freely distribute standards incorporated by reference into law qualifie[s] as a use that further[s] the purposes of the fair use defense." *ASTM*, 896 F.3d at 449. Further, the incorporated standard provides information essential for a private entity to comprehend its legal duties, which weighs heavily in favor of permitting Defendant's reproduction. *See ASTM*, 896 F.3d at 450.

o   <u>Second Factor</u>: The "express text of the law falls plainly outside the realm of copyright protection." *ASTM*, 896 F.3d at 451. Here, the standard is incorporated into law without limitation such that "the consequence of the incorporation by reference is virtually indistinguishable from a situation in which the standard had been expressly copied into law." *Id.* at 452. Accordingly, "this factor weighs heavily in favor of fair use." *Id.*

o   <u>Third Factor</u>: The incorporating regulation does not specify that only certain provisions of this standard are incorporated by reference into law, nor does it indicate which specific provisions of the standard are relevant for regulatory compliance, suggesting that "a greater amount of the standard's text might be fairly reproduced." *Id.*

o   <u>Fourth Factor</u>: Defendant's reproductions have not had a "substantially adverse impact on the potential market for the originals," nor have Plaintiffs shown by a preponderance of the evidence that there is a meaningful likelihood of future harm." Memo Op. at 30–36 (internal quotation and citation marks omitted).

- o <u>Conclusion</u>: Defendant may fairly reproduce this incorporated standard in its entirety.

## 69. ASTM B694 (1986):

- o The parties identify 7 C.F.R. § 1755.390 (2010) as the incorporating by reference regulation, *see* Becker Decl. ¶ 57, Ex. 90; Wise Decl., Ex. 176, which does not incorporate the standard for any specific sections of the Code of Federal Register. *See* 7 C.F.R. § 1755.390(a)(v)(7). Other sections of 7 C.F.R. § 1755 identifying requirements of ASTM B694 (1986) do not specify that only certain provisions of ASTM B694 (1986) are incorporated by reference into law, nor do they indicate which specific provisions of ASTM B694 (1986) are relevant for compliance with the regulation. *See* 7 C.F.R. § 1755.390(h)(5)(v) ("The 5-mil copper clad stainless steel tape must be in the fully annealed condition and must conform to the requirements of American Society for Testing and Materials (ASTM) B 694–86, with a cladding ratio of 16/68/16."); *id.* § 1755.860(i)(4)(ii) ("Copper alloy 220. The shielding material, prior to application to the wire, must be in the fully annealed condition and shall conform to the requirements of ASTM B 694–86 for C22000 commercial bronze."); *id.* § 1755.860(i)(4)(iii) ("Copper-clad stainless steel. In addition to meeting the requirements of paragraph (i)(4)(i) of this section, the shielding material, prior to application to the wire, must be in the fully annealed condition and must conform to the requirements of ASTM B 694–86, with a cladding ratio of 16/68/16 and must have a minimum electrical conductivity of 28 percent IACS when measured in accordance with ASTM B 193–87."); *id.* § 1755.860(i) (4)(iv) ("Copper alloy 664. In addition to meeting the requirements of paragraph (i)(4)(i) of this section, the shielding material, prior to application to the wire, must be annealed temper and must conform to the requirements of ASTM B 694–86 and must have a minimum electrical conductivity of 28 percent IACS when measured in accordance with ASTM B 193–87."); *id.* § 1755.890(h)(5)(v) (The 5-mil copper clad stainless steel tape must be in the fully annealed condition and must conform to the requirements of American Society for Testing and Materials (ASTM) B 694–86, with a cladding ratio of 16/68/16.").

- o <u>First Factor</u>: There is no indication that Defendant stands to profit from republishing this standard; Defendant's apparent purpose is to inform the public about the law and facilitate public debate. *See ASTM*, 896 F.3d at 449; Def's 2d Mot. at 16. Defendant's "attempt to freely distribute standards incorporated by reference into law qualifie[s] as a use that further[s] the purposes of the fair use defense." *ASTM*, 896 F.3d at 449. Further, the incorporated standard provides information essential for a private entity to comprehend its legal duties, which weighs heavily in favor of permitting Defendant's reproduction. *See ASTM*, 896 F.3d at 450.

- o <u>Second Factor</u>: The "express text of the law falls plainly outside the realm of copyright protection." *ASTM*, 896 F.3d at 451. Here, the standard is incorporated into law without limitation such that "the consequence of the incorporation by reference is virtually indistinguishable from a situation in which the standard had been expressly copied into law." *Id.* at 452. Accordingly, "this factor weighs heavily in favor of fair use." *Id.*

- o <u>Third Factor</u>: The incorporating regulation does not specify that only certain provisions of this standard are incorporated by reference into law, nor does it indicate which

specific provisions of the standard are relevant for regulatory compliance, suggesting that "a greater amount of the standard's text might be fairly reproduced." *Id.*

o   <u>Fourth Factor</u>:  Defendant's reproductions have not had a "substantially adverse impact on the potential market for the originals," nor have Plaintiffs shown by a preponderance of the evidence that there is a meaningful likelihood of future harm." Memo Op. at 30–36 (internal quotation and citation marks omitted).

o   <u>Conclusion</u>:  Defendant may fairly reproduce this incorporated standard in its entirety.

### 70. ASTM B75 (1997):

o   The parties identify 46 C.F.R. § 56.01-2 (2011) as the incorporating by reference regulation, *see* Becker Decl. ¶ 57, Ex. 90; Wise Decl., Ex. 176, which incorporates the standard into 46 C.F.R. § 56.60-1.  Section 56.60-1 identifies ASTM B75 as one of the controlling standard for "Tube, seamless" piping systems made with copper. The regulation does not specify that only certain provisions of ASTM B75 (1997) are incorporated by reference into law, nor does it indicate which specific provisions of ASTM B75 (1997) are relevant for compliance with the regulation.

o   <u>First Factor</u>:  There is no indication that Defendant stands to profit from republishing this standard; Defendant's apparent purpose is to inform the public about the law and facilitate public debate.  *See ASTM*, 896 F.3d at 449; Def's 2d Mot. at 16.  Defendant's "attempt to freely distribute standards incorporated by reference into law qualifie[s] as a use that further[s] the purposes of the fair use defense."  *ASTM*, 896 F.3d at 449. Further, the incorporated standard provides information essential for a private entity to comprehend its legal duties, which weighs heavily in favor of permitting Defendant's reproduction.  *See ASTM*, 896 F.3d at 450.

o   <u>Second Factor</u>:  The "express text of the law falls plainly outside the realm of copyright protection."  *ASTM*, 896 F.3d at 451.  Here, the standard is incorporated into law without limitation such that "the consequence of the incorporation by reference is virtually indistinguishable from a situation in which the standard had been expressly copied into law."  *Id.* at 452.  Accordingly, "this factor weighs heavily in favor of fair use."  *Id.*

o   <u>Third Factor</u>:  The incorporating regulation does not specify that only certain provisions of this standard are incorporated by reference into law, nor does it indicate which specific provisions of the standard are relevant for regulatory compliance, suggesting that "a greater amount of the standard's text might be fairly reproduced."  *Id.*

o   <u>Fourth Factor</u>:  Defendant's reproductions have not had a "substantially adverse impact on the potential market for the originals," nor have Plaintiffs shown by a preponderance of the evidence that there is a meaningful likelihood of future harm." Memo Op. at 30–36 (internal quotation and citation marks omitted).

o   <u>Conclusion</u>:  Defendant may fairly reproduce this incorporated standard in its entirety.

### 71. ASTM B85 (1984):

o   The parties identify 46 C.F.R. § 56.01-2 (1997) as the incorporating by reference regulation, *see* Becker Decl. ¶ 57, Ex. 90; Wise Decl., Ex. 176, which incorporates the standard into 46 C.F.R. § 56.60-2.  Section 56.60-2 requires that compliance with

ASTM B85 specifications for welding pipe and tubing materials. The regulation does not specify that only certain provisions of ASTM B85 (1984) are incorporated by reference into law, nor does it indicate which specific provisions of ASTM B8575 (1984) are relevant for compliance with the regulation

o Underline: First Factor: There is no indication that Defendant stands to profit from republishing this standard; Defendant's apparent purpose is to inform the public about the law and facilitate public debate. *See ASTM*, 896 F.3d at 449; Def's 2d Mot. at 16. Defendant's "attempt to freely distribute standards incorporated by reference into law qualifie[s] as a use that further[s] the purposes of the fair use defense." *ASTM*, 896 F.3d at 449. Further, the incorporated standard provides information essential for a private entity to comprehend its legal duties, which weighs heavily in favor of permitting Defendant's reproduction. *See ASTM*, 896 F.3d at 450.

o Second Factor: The "express text of the law falls plainly outside the realm of copyright protection." *ASTM*, 896 F.3d at 451. Here, the standard is incorporated into law without limitation such that "the consequence of the incorporation by reference is virtually indistinguishable from a situation in which the standard had been expressly copied into law." *Id.* at 452. Accordingly, "this factor weighs heavily in favor of fair use." *Id.*

o Third Factor: The incorporating regulation does not specify that only certain provisions of this standard are incorporated by reference into law, nor does it indicate which specific provisions of the standard are relevant for regulatory compliance, suggesting that "a greater amount of the standard's text might be fairly reproduced." *Id.*

o Fourth Factor: Defendant's reproductions have not had a "substantially adverse impact on the potential market for the originals," nor have Plaintiffs shown by a preponderance of the evidence that there is a meaningful likelihood of future harm." Memo Op. at 30–36 (internal quotation and citation marks omitted).

o Conclusion: Defendant may fairly reproduce this incorporated standard in its entirety.

**72. ASTM B88 (1996):**

o The parties identify 46 C.F.R. § 56.01-2 (2011) as the incorporating by reference regulation, *see* Becker Decl. ¶ 57, Ex. 90; Wise Decl., Ex. 176, which incorporates the standard into 46 C.F.R. § 56.60-1. Section 56.60-1 identifies ASTM B88 as one of the controlling standard for "Tube, seamless" piping systems made with copper. The regulation does not specify that only certain provisions of ASTM B88 (1996) are incorporated by reference into law, nor does it indicate which specific provisions of ASTM B88 (1996) are relevant for compliance with the regulation

o First Factor: There is no indication that Defendant stands to profit from republishing this standard; Defendant's apparent purpose is to inform the public about the law and facilitate public debate. *See ASTM*, 896 F.3d at 449; Def's 2d Mot. at 16. Defendant's "attempt to freely distribute standards incorporated by reference into law qualifie[s] as a use that further[s] the purposes of the fair use defense." *ASTM*, 896 F.3d at 449. Further, the incorporated standard provides information essential for a private entity to comprehend its legal duties, which weighs heavily in favor of permitting Defendant's reproduction. *See ASTM*, 896 F.3d at 450.

o <u>Second Factor</u>: The "express text of the law falls plainly outside the realm of copyright protection." *ASTM*, 896 F.3d at 451. Here, the standard is incorporated into law without limitation such that "the consequence of the incorporation by reference is virtually indistinguishable from a situation in which the standard had been expressly copied into law." *Id.* at 452. Accordingly, "this factor weighs heavily in favor of fair use." *Id.*

o <u>Third Factor</u>: The incorporating regulation does not specify that only certain provisions of this standard are incorporated by reference into law, nor does it indicate which specific provisions of the standard are relevant for regulatory compliance, suggesting that "a greater amount of the standard's text might be fairly reproduced." *Id.*

o <u>Fourth Factor</u>: Defendant's reproductions have not had a "substantially adverse impact on the potential market for the originals," nor have Plaintiffs shown by a preponderance of the evidence that there is a meaningful likelihood of future harm." Memo Op. at 30–36 (internal quotation and citation marks omitted).

o <u>Conclusion</u>: Defendant may fairly reproduce this incorporated standard in its entirety.

**73. ASTM B96 (1993):**

o The parties identify 46 C.F.R. § 56.01-2 (2011) as the incorporating by reference regulation, *see* Becker Decl. ¶ 57, Ex. 90; Wise Decl., Ex. 176, which incorporates the standard into 46 C.F.R. § 56.60-2. Section 56.60-2 requires that "Physical testing shall be performed as for material manufactured to ASTM B 96." The regulation does not specify that only certain provisions of ASTM B96 (1993) are incorporated by reference into law, nor does it indicate which specific provisions of ASTM B96 (1993) are relevant for compliance with the regulation

o <u>First Factor</u>: There is no indication that Defendant stands to profit from republishing this standard; Defendant's apparent purpose is to inform the public about the law and facilitate public debate. *See ASTM*, 896 F.3d at 449; Def's 2d Mot. at 16. Defendant's "attempt to freely distribute standards incorporated by reference into law qualifie[s] as a use that further[s] the purposes of the fair use defense." *ASTM*, 896 F.3d at 449. Further, the incorporated standard provides information essential for a private entity to comprehend its legal duties, which weighs heavily in favor of permitting Defendant's reproduction. *See ASTM*, 896 F.3d at 450.

o <u>Second Factor</u>: The "express text of the law falls plainly outside the realm of copyright protection." *ASTM*, 896 F.3d at 451. Here, the standard is incorporated into law without limitation such that "the consequence of the incorporation by reference is virtually indistinguishable from a situation in which the standard had been expressly copied into law." *Id.* at 452. Accordingly, "this factor weighs heavily in favor of fair use." *Id.*

o <u>Third Factor</u>: The incorporating regulation does not specify that only certain provisions of this standard are incorporated by reference into law, nor does it indicate which specific provisions of the standard are relevant for regulatory compliance, suggesting that "a greater amount of the standard's text might be fairly reproduced." *Id.*

o <u>Fourth Factor</u>: Defendant's reproductions have not had a "substantially adverse impact on the potential market for the originals," nor have Plaintiffs shown by a preponderance

of the evidence that there is a meaningful likelihood of future harm." Memo Op. at 30–36 (internal quotation and citation marks omitted).

- o <u>Conclusion</u>: Defendant may fairly reproduce this incorporated standard in its entirety.

## 74. ASTM C330 (1999):

- o The parties identify 30 C.F.R. § 250.198 (2007) as the incorporating by reference regulation, *see* Becker Decl. ¶ 57, Ex. 90; Wise Decl., Ex. 176, which incorporates the standard into 30 C.F.R. § 250.901(a)(14). Section 250.901(a), (a)(14) requires that all "plans for platform design, analysis, fabrication, installation, use, maintenance, inspection and assessment must, as appropriate, conform to" a number of industry standards, including ASTM C330-99. The regulation does not specify that only certain provisions of ASTM C330 (1999) are incorporated by reference into law, nor does it indicate which specific provisions of ASTM C330 (1999) are relevant for compliance with the regulation.

- o <u>First Factor</u>: There is no indication that Defendant stands to profit from republishing this standard; Defendant's apparent purpose is to inform the public about the law and facilitate public debate. *See ASTM*, 896 F.3d at 449; Def's 2d Mot. at 16. Defendant's "attempt to freely distribute standards incorporated by reference into law qualifie[s] as a use that further[s] the purposes of the fair use defense." *ASTM*, 896 F.3d at 449. Further, the incorporated standard provides information essential for a private entity to comprehend its legal duties, which weighs heavily in favor of permitting Defendant's reproduction. *See ASTM*, 896 F.3d at 450.

- o <u>Second Factor</u>: The "express text of the law falls plainly outside the realm of copyright protection." *ASTM*, 896 F.3d at 451. Here, the standard is incorporated into law without limitation such that "the consequence of the incorporation by reference is virtually indistinguishable from a situation in which the standard had been expressly copied into law." *Id.* at 452. Accordingly, "this factor weighs heavily in favor of fair use." *Id.*

- o <u>Third Factor</u>: The incorporating regulation does not specify that only certain provisions of this standard are incorporated by reference into law, nor does it indicate which specific provisions of the standard are relevant for regulatory compliance, suggesting that "a greater amount of the standard's text might be fairly reproduced." *Id.*

- o <u>Fourth Factor</u>: Defendant's reproductions have not had a "substantially adverse impact on the potential market for the originals," nor have Plaintiffs shown by a preponderance of the evidence that there is a meaningful likelihood of future harm." Memo Op. at 30–36 (internal quotation and citation marks omitted).

- o <u>Conclusion</u>: Defendant may fairly reproduce this incorporated standard in its entirety.

## 75. ASTM C509 (1984):

- o The parties identify 10 C.F.R. § 440, Appendix A (1984) as the incorporating by reference regulation, *see* Becker Decl. ¶ 57, Ex. 90; Wise Decl., Ex. 176, which incorporates the standard into part 440. Part 440, Appendix A requires compliance with ASTM C509 for the use of certain gaskets and sealants in insulating materials for fire safety. The regulation does not specify that only certain provisions of ASTM C509

(1984) are incorporated by reference into law, nor does it indicate which specific provisions of ASTM C509 (1984) are relevant for compliance with the regulation.

o <u>First Factor</u>: There is no indication that Defendant stands to profit from republishing this standard; Defendant's apparent purpose is to inform the public about the law and facilitate public debate. *See ASTM*, 896 F.3d at 449; Def's 2d Mot. at 16. Defendant's "attempt to freely distribute standards incorporated by reference into law qualifie[s] as a use that further[s] the purposes of the fair use defense." *ASTM*, 896 F.3d at 449. Further, the incorporated standard provides information essential for a private entity to comprehend its legal duties, which weighs heavily in favor of permitting Defendant's reproduction. *See ASTM*, 896 F.3d at 450.

o <u>Second Factor</u>: The "express text of the law falls plainly outside the realm of copyright protection." *ASTM*, 896 F.3d at 451. Here, the standard is incorporated into law without limitation such that "the consequence of the incorporation by reference is virtually indistinguishable from a situation in which the standard had been expressly copied into law." *Id.* at 452. Accordingly, "this factor weighs heavily in favor of fair use." *Id.*

o <u>Third Factor</u>: The incorporating regulation does not specify that only certain provisions of this standard are incorporated by reference into law, nor does it indicate which specific provisions of the standard are relevant for regulatory compliance, suggesting that "a greater amount of the standard's text might be fairly reproduced." *Id.*

o <u>Fourth Factor</u>: Defendant's reproductions have not had a "substantially adverse impact on the potential market for the originals," nor have Plaintiffs shown by a preponderance of the evidence that there is a meaningful likelihood of future harm." Memo Op. at 30–36 (internal quotation and citation marks omitted).

o <u>Conclusion</u>: Defendant may fairly reproduce this incorporated standard in its entirety.

**76. ASTM D1217 1993 (1998):**

o Defendant identifies 40 C.F.R. § 75.6 (2010) as the incorporating by reference regulation. Becker Decl. ¶ 57, Ex. 90 at 38. Plaintiffs argue that Section 75.6 does not actually incorporate ASTM D1217 1993 (1998) because the regulation states that it incorporates "ASTM D1217–993 (Reapproved 1998)." *See* Wise Decl., Ex. 176 at n.2 ("Where the ASTM standard referenced in the quoted C.F.R. language differs from the version of the ASTM standard that PRO reproduced and displayed, ASTM has highlighted and bolded that language."); *id.* at 44 (highlighting and bolding text of ASTM D1217–993). The court agrees with Defendant that 40 C.F.R. § 75.6 incorporates ASTM D1217 1993 (1998) by reference into 40 C.F.R. § 75, appendix D. Appendix D requires that where "the flowmeter records volumetric flow rate rather than mass flow rate, analyze oil samples to determine the density or specific gravity of the oil. Determine the density or specific gravity of the oil sample in accordance with" several ASTM standards, including "D1217–93 (Reapproved 1998)." 40 C.F.R. § 75.6, App. D, 2.2.6. The regulation does not specify that only certain provisions of ASTM D1217 1993 (1998) are incorporated by reference into law, nor does it indicate which specific provisions of ASTM D1217 1993 (1998) are relevant for compliance with the regulation.

- o <u>First Factor</u>:  There is no indication that Defendant stands to profit from republishing this standard; Defendant's apparent purpose is to inform the public about the law and facilitate public debate.  *See ASTM*, 896 F.3d at 449; Def's 2d Mot. at 16.  Defendant's "attempt to freely distribute standards incorporated by reference into law qualifie[s] as a use that further[s] the purposes of the fair use defense."  *ASTM*, 896 F.3d at 449.  Further, the incorporated standard provides information essential for a private entity to comprehend its legal duties, which weighs heavily in favor of permitting Defendant's reproduction.  *See ASTM*, 896 F.3d at 450.

- o <u>Second Factor</u>:  The "express text of the law falls plainly outside the realm of copyright protection."  *ASTM*, 896 F.3d at 451.  Here, the standard is incorporated into law without limitation such that "the consequence of the incorporation by reference is virtually indistinguishable from a situation in which the standard had been expressly copied into law." *Id.* at 452.  Accordingly, "this factor weighs heavily in favor of fair use." *Id.*

- o <u>Third Factor</u>:  The incorporating regulation does not specify that only certain provisions of this standard are incorporated by reference into law, nor does it indicate which specific provisions of the standard are relevant for regulatory compliance, suggesting that "a greater amount of the standard's text might be fairly reproduced." *Id.*

- o <u>Fourth Factor</u>:  Defendant's reproductions have not had a "substantially adverse impact on the potential market for the originals," nor have Plaintiffs shown by a preponderance of the evidence that there is a meaningful likelihood of future harm." Memo Op. at 30–36 (internal quotation and citation marks omitted).

- o <u>Conclusion</u>:  Defendant may fairly reproduce this incorporated standard in its entirety.

## 77. ASTM D1253 1986 (1996):

- o The parties identify 40 C.F.R. § 141.131(a)(2) (2008) as the incorporating by reference regulation, *see* Becker Decl. ¶ 57, Ex. 90; Wise Decl., Ex. 176, which provides that "ASTM Methods D 1253-86 and D 1253-86 (Reapproved 1996) shall be followed in accordance with the Annual Book of ASTM Standards, Volume 11.01, American Society for Testing and Materials International, 1996 or any ASTM edition containing the IBR-approved version of the method may be used." The regulation does not specify that only certain provisions of ASTM D1253 1986 (1996) are incorporated by reference into law, nor does it indicate which specific provisions of ASTM D1253 1986 (1996) are relevant for compliance with the regulation.

- o <u>First Factor</u>:  There is no indication that Defendant stands to profit from republishing this standard; Defendant's apparent purpose is to inform the public about the law and facilitate public debate.  *See ASTM*, 896 F.3d at 449; Def's 2d Mot. at 16.  Defendant's "attempt to freely distribute standards incorporated by reference into law qualifie[s] as a use that further[s] the purposes of the fair use defense."  *ASTM*, 896 F.3d at 449.  Further, the incorporated standard provides information essential for a private entity to comprehend its legal duties, which weighs heavily in favor of permitting Defendant's reproduction.  *See ASTM*, 896 F.3d at 450.

- o <u>Second Factor</u>:  The "express text of the law falls plainly outside the realm of copyright protection."  *ASTM*, 896 F.3d at 451.  Here, the standard is incorporated into law

without limitation such that "the consequence of the incorporation by reference is virtually indistinguishable from a situation in which the standard had been expressly copied into law." *Id.* at 452. Accordingly, "this factor weighs heavily in favor of fair use." *Id.*

o   <u>Third Factor</u>: The incorporating regulation does not specify that only certain provisions of this standard are incorporated by reference into law, nor does it indicate which specific provisions of the standard are relevant for regulatory compliance, suggesting that "a greater amount of the standard's text might be fairly reproduced." *Id.*

o   <u>Fourth Factor</u>: Defendant's reproductions have not had a "substantially adverse impact on the potential market for the originals," nor have Plaintiffs shown by a preponderance of the evidence that there is a meaningful likelihood of future harm." Memo Op. at 30–36 (internal quotation and citation marks omitted).

o   <u>Conclusion</u>: Defendant may fairly reproduce this incorporated standard in its entirety.

## 78. ASTM D1266 (1998):

o   The parties identify 40 C.F.R. § 1065.1010 (2005) as the incorporating by reference regulation, *see* Becker Decl. ¶ 57, Ex. 90; Wise Decl., Ex. 176, which incorporates the standard into 40 C.F.R. § 1065.210. Section 40 C.F.R. § 1065.210 requires that "[u]nless the standard-setting part requires testing with fuel appropriate for low temperatures, use gasoline test fuels meeting" certain specifications, including ASTM D 1266-96, which establish the specifications for sulfur weight percentage. 40 C.F.R. § 1065.210 (a), Table 1; *see also id.* § 1065.215, Table 2 (same as to low temperature test fuel). The regulations do not specify that only certain provisions of ASTM D1266 (1998) are incorporated by reference into law, nor do they indicate which specific provisions of ASTM D1266 (1998) are relevant for compliance with the regulation.

o   <u>First Factor</u>: There is no indication that Defendant stands to profit from republishing this standard; Defendant's apparent purpose is to inform the public about the law and facilitate public debate. *See ASTM*, 896 F.3d at 449; Def's 2d Mot. at 16. Defendant's "attempt to freely distribute standards incorporated by reference into law qualifie[s] as a use that further[s] the purposes of the fair use defense." *ASTM*, 896 F.3d at 449. Further, the incorporated standard provides information essential for a private entity to comprehend its legal duties, which weighs heavily in favor of permitting Defendant's reproduction. *See ASTM*, 896 F.3d at 450.

o   <u>Second Factor</u>: The "express text of the law falls plainly outside the realm of copyright protection." *ASTM*, 896 F.3d at 451. Here, the standard is incorporated into law without limitation such that "the consequence of the incorporation by reference is virtually indistinguishable from a situation in which the standard had been expressly copied into law." *Id.* at 452. Accordingly, "this factor weighs heavily in favor of fair use." *Id.*

o   <u>Third Factor</u>: The incorporating regulation does not specify that only certain provisions of this standard are incorporated by reference into law, nor does it indicate which specific provisions of the standard are relevant for regulatory compliance, suggesting that "a greater amount of the standard's text might be fairly reproduced." *Id.*

o   <u>Fourth Factor</u>: Defendant's reproductions have not had a "substantially adverse impact

on the potential market for the originals," nor have Plaintiffs shown by a preponderance of the evidence that there is a meaningful likelihood of future harm." Memo Op. at 30–36 (internal quotation and citation marks omitted).

- o  Conclusion:  Defendant may fairly reproduce this incorporated standard in its entirety.

**79. ASTM D129 (1995):**

- o  The parties identify 40 C.F.R. § 60.17 (2011) as the incorporating by reference regulation, *see* Becker Decl. ¶ 57, Ex. 90; Wise Decl., Ex. 176, which incorporates the standard into 40 C.F.R. §§ 60.106(j)(2), 60.335(b)(10)(i), and appendix A: Method 19, 12.5.2.2.3.  Section 60.106(j)(2) requires the use of ASTM D129-95, or one of eleven other standards, for separately analyzing "[f]resh feed samples."  *See* 42 C.F.R. §§ 60.106(j)(2).  Section 60.335(b)(10)(i) only references ASTM D129 (2000), and not the 1995 version that Defendant published.  *See id.* § 60.335(b)(10)(i).  Section appendix A, Method 19 requires the use of ASTM D129, or one of four other standards, "to determine the sulfur content (%S)" for a particular sample and analysis.  *See id.* § appendix A, Method 19 at 12.5.2.2.3.  In addition, Section 60.4415 requires the use of ASTM D129 for analyzing samples of total sulfur content using liquid fuels.  *See id.* § 60.4415(a)(i).  These regulations do not specify that only certain provisions of ASTM D129 (1995) are incorporated by reference into law, nor do they indicate which specific provisions of ASTM D129 (1995) are relevant for compliance with the regulation.

- o  First Factor:  There is no indication that Defendant stands to profit from republishing this standard; Defendant's apparent purpose is to inform the public about the law and facilitate public debate.  *See ASTM*, 896 F.3d at 449; Def's 2d Mot. at 16.  Defendant's "attempt to freely distribute standards incorporated by reference into law qualifie[s] as a use that further[s] the purposes of the fair use defense."  *ASTM*, 896 F.3d at 449.  Further, the incorporated standard provides information essential for a private entity to comprehend its legal duties, which weighs heavily in favor of permitting Defendant's reproduction.  *See ASTM*, 896 F.3d at 450.

- o  Second Factor:  The "express text of the law falls plainly outside the realm of copyright protection."  *ASTM*, 896 F.3d at 451.  Here, the standard is incorporated into law without limitation such that "the consequence of the incorporation by reference is virtually indistinguishable from a situation in which the standard had been expressly copied into law."  *Id.* at 452.  Accordingly, "this factor weighs heavily in favor of fair use."  *Id.*

- o  Third Factor:  The incorporating regulation does not specify that only certain provisions of this standard are incorporated by reference into law, nor does it indicate which specific provisions of the standard are relevant for regulatory compliance, suggesting that "a greater amount of the standard's text might be fairly reproduced."  *Id.*

- o  Fourth Factor:  Defendant's reproductions have not had a "substantially adverse impact on the potential market for the originals," nor have Plaintiffs shown by a preponderance of the evidence that there is a meaningful likelihood of future harm." Memo Op. at 30–36 (internal quotation and citation marks omitted).

- o  Conclusion:  Defendant may fairly reproduce this incorporated standard in its entirety.

**80. ASTM D1335 1967 (1972):**

o  The parties identify 24 C.F.R. § 200.94 (2015) as the incorporating by reference regulation, *see* Becker Decl. ¶ 57, Ex. 90; Wise Decl., Ex. 176, which incorporates the standard but not for any specific regulation. Section 200.945 requires that all carpet "shall be designed, manufactured, and tested in compliance with," among other standards, ASTM D1336. The regulation does not specify that only certain provisions of ASTM D1335 1967 (1972) are incorporated by reference into law, nor does it indicate which specific provisions of ASTM D1335 1967 (1972) are relevant for compliance with the regulation.

o  First Factor:  There is no indication that Defendant stands to profit from republishing this standard; Defendant's apparent purpose is to inform the public about the law and facilitate public debate. *See ASTM*, 896 F.3d at 449; Def's 2d Mot. at 16. Defendant's "attempt to freely distribute standards incorporated by reference into law qualifie[s] as a use that further[s] the purposes of the fair use defense." *ASTM*, 896 F.3d at 449. Further, the incorporated standard provides information essential for a private entity to comprehend its legal duties, which weighs heavily in favor of permitting Defendant's reproduction. *See ASTM*, 896 F.3d at 450.

o  Second Factor:  The "express text of the law falls plainly outside the realm of copyright protection." *ASTM*, 896 F.3d at 451. Here, the standard is incorporated into law without limitation such that "the consequence of the incorporation by reference is virtually indistinguishable from a situation in which the standard had been expressly copied into law." *Id.* at 452. Accordingly, "this factor weighs heavily in favor of fair use." *Id.*

o  Third Factor:  The incorporating regulation does not specify that only certain provisions of this standard are incorporated by reference into law, nor does it indicate which specific provisions of the standard are relevant for regulatory compliance, suggesting that "a greater amount of the standard's text might be fairly reproduced." *Id.*

o  Fourth Factor:  Defendant's reproductions have not had a "substantially adverse impact on the potential market for the originals," nor have Plaintiffs shown by a preponderance of the evidence that there is a meaningful likelihood of future harm." Memo Op. at 30–36 (internal quotation and citation marks omitted).

o  Conclusion:  Defendant may fairly reproduce this incorporated standard in its entirety.

**81. ASTM D1480 1993 (1997):**

o  The parties identify 40 C.F.R. § 75.6 (2010) as the incorporating by reference regulation, *see* Becker Decl. ¶ 57, Ex. 90; Wise Decl., Ex. 176, which incorporates the standard into appendix D. That section, in turn, requires that where "the flowmeter records volumetric flow rate rather than mass flow rate, analyze oil samples to determine the density or specific gravity of the oil. Determine the density or specific gravity of the oil sample in accordance with," several standards, including ASTM D1480. The regulation does not specify that only certain provisions of ASTM D1480 1993 (1997) are incorporated by reference into law, nor does it indicate which specific provisions of ASTM D1480 1993 (1997) are relevant for compliance with the regulation.

o <u>First Factor</u>: There is no indication that Defendant stands to profit from republishing this standard; Defendant's apparent purpose is to inform the public about the law and facilitate public debate. *See ASTM*, 896 F.3d at 449; Def's 2d Mot. at 16. Defendant's "attempt to freely distribute standards incorporated by reference into law qualifie[s] as a use that further[s] the purposes of the fair use defense." *ASTM*, 896 F.3d at 449. Further, the incorporated standard provides information essential for a private entity to comprehend its legal duties, which weighs heavily in favor of permitting Defendant's reproduction. *See ASTM*, 896 F.3d at 450.

o <u>Second Factor</u>: The "express text of the law falls plainly outside the realm of copyright protection." *ASTM*, 896 F.3d at 451. Here, the standard is incorporated into law without limitation such that "the consequence of the incorporation by reference is virtually indistinguishable from a situation in which the standard had been expressly copied into law." *Id.* at 452. Accordingly, "this factor weighs heavily in favor of fair use." *Id.*

o <u>Third Factor</u>: The incorporating regulation does not specify that only certain provisions of this standard are incorporated by reference into law, nor does it indicate which specific provisions of the standard are relevant for regulatory compliance, suggesting that "a greater amount of the standard's text might be fairly reproduced." *Id.*

o <u>Fourth Factor</u>: Defendant's reproductions have not had a "substantially adverse impact on the potential market for the originals," nor have Plaintiffs shown by a preponderance of the evidence that there is a meaningful likelihood of future harm." Memo Op. at 30–36 (internal quotation and citation marks omitted).

o <u>Conclusion</u>: Defendant may fairly reproduce this incorporated standard in its entirety.

## 82. ASTM D1481 1993 (1997):

o The parties identify 40 C.F.R. § 75.6 (2010) as the incorporating by reference regulation, *see* Becker Decl. ¶ 57, Ex. 90; Wise Decl., Ex. 176, which incorporates the standard into appendix D. That section, in turn, requires that where "the flowmeter records volumetric flow rate rather than mass flow rate, analyze oil samples to determine the density or specific gravity of the oil. Determine the density or specific gravity of the oil sample in accordance with," several standards, including ASTM D1481. The regulation does not specify that only certain provisions of ASTM D1481 1993 (1997) are incorporated by reference into law, nor does it indicate which specific provisions of ASTM D1481 1993 (1997) are relevant for compliance with the regulation.

o <u>First Factor</u>: There is no indication that Defendant stands to profit from republishing this standard; Defendant's apparent purpose is to inform the public about the law and facilitate public debate. *See ASTM*, 896 F.3d at 449; Def's 2d Mot. at 16. Defendant's "attempt to freely distribute standards incorporated by reference into law qualifie[s] as a use that further[s] the purposes of the fair use defense." *ASTM*, 896 F.3d at 449. Further, the incorporated standard provides information essential for a private entity to comprehend its legal duties, which weighs heavily in favor of permitting Defendant's reproduction. *See ASTM*, 896 F.3d at 450.

o <u>Second Factor</u>: The "express text of the law falls plainly outside the realm of copyright

protection." *ASTM*, 896 F.3d at 451.  Here, the standard is incorporated into law without limitation such that "the consequence of the incorporation by reference is virtually indistinguishable from a situation in which the standard had been expressly copied into law." *Id.* at 452.  Accordingly, "this factor weighs heavily in favor of fair use." *Id.*

o   <u>Third Factor</u>:  The incorporating regulation does not specify that only certain provisions of this standard are incorporated by reference into law, nor does it indicate which specific provisions of the standard are relevant for regulatory compliance, suggesting that "a greater amount of the standard's text might be fairly reproduced." *Id.*

o   <u>Fourth Factor</u>:  Defendant's reproductions have not had a "substantially adverse impact on the potential market for the originals," nor have Plaintiffs shown by a preponderance of the evidence that there is a meaningful likelihood of future harm."  Memo Op. at 30–36 (internal quotation and citation marks omitted).

o   <u>Conclusion</u>:  Defendant may fairly reproduce this incorporated standard in its entirety.

**83. ASTM D1535 (1989):**

o   The parties identify 7 C.F.R. § 1755.910 (2014) as the incorporating by reference regulation, *see* Becker Decl. ¶ 57, Ex. 90; Wise Decl., Ex. 176, which incorporates the standard, but not for any specific regulation.  See also 7 C.F.R. § 1755.860 (same).  Several portions of Section 1755 require compliance with ASTM D1535-89, though none of those regulations specify that only certain provisions of ASTM D1535 (1989) are incorporated by reference into law, nor do they indicate which specific provisions of ASTM D1535 (1989) are relevant for regulatory compliance.  *See* 7 C.F.R. § 1755.870 ("The color of the jacket shall be either black or dark grey in conformance with the Munsell Color System specified in ASTM D 1535–89."); *id.* § 1755.910 (instructing manufacturers to "carefully review all the test requirements in order to develop a testing schedule that is comprehensive, efficient in terms of the number of test specimens required and can be accomplished in an orderly and logical sequence," including those in ASTM D1535 (1989)); *id.* § 1755.910 ("The color of the housing finish should be compared against the Munsell system of color notation, as described in ASTM D 1535–89 to determine color consistency with that desired.").

o   <u>First Factor</u>:  There is no indication that Defendant stands to profit from republishing this standard; Defendant's apparent purpose is to inform the public about the law and facilitate public debate.  *See ASTM*, 896 F.3d at 449; Def's 2d Mot. at 16.  Defendant's "attempt to freely distribute standards incorporated by reference into law qualifie[s] as a use that further[s] the purposes of the fair use defense." *ASTM*, 896 F.3d at 449.  Further, the incorporated standard provides information essential for a private entity to comprehend its legal duties, which weighs heavily in favor of permitting Defendant's reproduction.  *See ASTM*, 896 F.3d at 450.

o   <u>Second Factor</u>:  The "express text of the law falls plainly outside the realm of copyright protection." *ASTM*, 896 F.3d at 451.  Here, the standard is incorporated into law without limitation such that "the consequence of the incorporation by reference is virtually indistinguishable from a situation in which the standard had been expressly copied into law." *Id.* at 452.  Accordingly, "this factor weighs heavily in favor of fair

use." *Id.*

o <u>Third Factor</u>:  The incorporating regulation does not specify that only certain provisions of this standard are incorporated by reference into law, nor does it indicate which specific provisions of the standard are relevant for regulatory compliance, suggesting that "a greater amount of the standard's text might be fairly reproduced." *Id.*

o <u>Fourth Factor</u>:  Defendant's reproductions have not had a "substantially adverse impact on the potential market for the originals," nor have Plaintiffs shown by a preponderance of the evidence that there is a meaningful likelihood of future harm." Memo Op. at 30–36 (internal quotation and citation marks omitted).

o <u>Conclusion</u>:  Defendant may fairly reproduce this incorporated standard in its entirety.

## 84. ASTM D1552 (1995):

o The parties identify 40 C.F.R. § 60.17 (2011) as the incorporating by reference regulation, *see* Becker Decl. ¶ 5 7, Ex. 90; Wise Decl., Ex. 176, which incorporates the standard into 40 C.F.R. §§ 60.106(j)(2), 60.335(b)(10)(i), and appendix A: Method 19, 12.5.2.2.3.  Section 60.106(j)(2) requires the use of ASTM D1552-95, or one of eleven other standards, for separately analyzing "[f]resh feed samples." *See* 42 C.F.R. §§ 60.106(j)(2).  In addition, Section 60.4415 requires the use of ASTM D1552-95 for analyzing samples of total sulfur content using liquid fuels. *See id.* § 60.4415(a)(i).  These regulations do not specify that only certain provisions of ASTM D1552 (1995) are incorporated by reference into law, nor do they indicate which specific provisions of ASTM D1552 (1995) are relevant for compliance with the regulation.

o <u>First Factor</u>:  There is no indication that Defendant stands to profit from republishing this standard; Defendant's apparent purpose is to inform the public about the law and facilitate public debate. *See ASTM*, 896 F.3d at 449; Def's 2d Mot. at 16.  Defendant's "attempt to freely distribute standards incorporated by reference into law qualifie[s] as a use that further[s] the purposes of the fair use defense." *ASTM*, 896 F.3d at 449.  Further, the incorporated standard provides information essential for a private entity to comprehend its legal duties, which weighs heavily in favor of permitting Defendant's reproduction. *See ASTM*, 896 F.3d at 450.

o <u>Second Factor</u>:  The "express text of the law falls plainly outside the realm of copyright protection." *ASTM*, 896 F.3d at 451.  Here, the standard is incorporated into law without limitation such that "the consequence of the incorporation by reference is virtually indistinguishable from a situation in which the standard had been expressly copied into law." *Id.* at 452.  Accordingly, "this factor weighs heavily in favor of fair use." *Id.*

o <u>Third Factor</u>:  The incorporating regulation does not specify that only certain provisions of this standard are incorporated by reference into law, nor does it indicate which specific provisions of the standard are relevant for regulatory compliance, suggesting that "a greater amount of the standard's text might be fairly reproduced." *Id.*

o <u>Fourth Factor</u>:  Defendant's reproductions have not had a "substantially adverse impact on the potential market for the originals," nor have Plaintiffs shown by a preponderance of the evidence that there is a meaningful likelihood of future harm." Memo Op. at 30–36 (internal quotation and citation marks omitted).

○ Conclusion: Defendant may fairly reproduce this incorporated standard in its entirety.

**85. ASTM D1688 (1995):**

○ Defendant identifies 40 C.F.R. § 136.3(a) Table 1B (2003) as the incorporating by reference regulation. Becker Decl. ¶ 57, Ex. 90 at 46. Plaintiffs argue that Section 136.3 does not actually incorporate this standard because the regulation states that it incorporates ASTM D1688-95 (A or B)." *See* Wise Decl., Ex. 176 at n.2 ("Where the ASTM standard referenced in the quoted C.F.R. language differs from the version of the ASTM standard that PRO reproduced and displayed, ASTM has highlighted and bolded that language."); *id.* at 54 (highlighting and bolding text of "D1688-95(A or B)"). Section 136.3(a) states that the "full text of the referenced test procedures are incorporated by reference into Tables IA, IB, IC, ID, IE, and IF." 40 C.F.R. § 136.3(a). Table IB, in turn, references ASTM D1688-95 Test Procedures A, B, and C. ASTM D1688 (1995) provides three test methods for determining copper in water: Test Methods A, B, and C. *See* ECF No. 199-4, Exhibit 149 Part 2 to Declaration of Jane W. Wise at 165-71. Accordingly, the regulation incorporates all three of the standard's test procedures. However, the standard also includes background sections defining the standard's scope, referenced documents, terminology, significance and use, purity of reagents, and sampling, as well as an appendix.

○ First Factor: There is no indication that Defendant stands to profit from republishing this standard; Defendant's apparent purpose is to inform the public about the law and facilitate public debate. *See ASTM*, 896 F.3d at 449; Def's 2d Mot. at 16. Defendant's "attempt to freely distribute standards incorporated by reference into law qualifie[s] as a use that further[s] the purposes of the fair use defense." *ASTM*, 896 F.3d at 449. Further, the incorporated standard provides information essential for a private entity to comprehend its legal duties, which weighs heavily in favor of permitting Defendant's reproduction. *See ASTM*, 896 F.3d at 450.

○ Second Factor: The "express text of the law falls plainly outside the realm of copyright protection." *ASTM*, 896 F.3d at 451. Here, the standard is incorporated into law without limitation such that "the consequence of the incorporation by reference is virtually indistinguishable from a situation in which the standard had been expressly copied into law." *Id.* at 452. Accordingly, "this factor weighs heavily in favor of fair use." *Id.*

○ Third Factor: The incorporating regulation specifies that only specific portions of the standard are incorporated by reference into law, specifically, Test Procedures A, B, and C, which justifies posting the specific text of those provisions. *Id.* Those test procedures, however, constitute a substantial portion of the standard republished by Defendant. Moreover, copying and republishing the standard's background sections and appendix "are reasonable in relation to the purpose of the copying," *Campbell*, 510 U.S. at 586–87, given that they relate to the standard's full text and assist readers with understanding the standard's legal import.

○ Fourth Factor: Defendant's reproductions have not had a "substantially adverse impact on the potential market for the originals," nor have Plaintiffs shown by a preponderance of the evidence that there is a meaningful likelihood of future harm." Memo Op. at 30–36 (internal quotation and citation marks omitted).

- o <u>Conclusion</u>: Defendant may fairly reproduce this incorporated standard in its entirety.

### 86. ASTM D1835 (1997):

- o The parties identify 41 C.F.R. § 60.17 (2011) as the incorporating by reference regulation, *see* Becker Decl. ¶ 57, Ex. 90; Wise Decl., Ex. 176, which incorporates the standard into three subparts. *See* 41 C.F.R. §§60.41Da (defining "Liquid petroleum gas," as that which is "defined by the American Society of Testing and Materials in ASTM D1835"); *id.* § 60.41b (same); *id.* § 60.41c (same). These regulations do not specify that only certain provisions of ASTM D1835 (1997) are incorporated by reference into law, nor do they indicate which specific provisions of ASTM D1835 (1997) are relevant for compliance with the regulation.

- o <u>First Factor</u>: There is no indication that Defendant stands to profit from republishing this standard; Defendant's apparent purpose is to inform the public about the law and facilitate public debate. *See ASTM*, 896 F.3d at 449; Def's 2d Mot. at 16. Defendant's "attempt to freely distribute standards incorporated by reference into law qualifie[s] as a use that further[s] the purposes of the fair use defense." *ASTM*, 896 F.3d at 449. However, the court finds that the incorporated standard does not provide information essential for a private entity to comprehend its legal duties, but rather is incorporated as a reference procedure. Accordingly, "while knowing the content of this incorporated standard might help inform one's understanding of the law," it "is not essential to complying with any legal duty," and thus, Defendant's use is less transformative and "its wholesale copying, in turn, less justified." *ASTM*, 896 F.3d at 450.

- o <u>Second Factor</u>: The "express text of the law falls plainly outside the realm of copyright protection." *ASTM*, 896 F.3d at 451. Here, the standard is incorporated into law without limitation such that "the consequence of the incorporation by reference is virtually indistinguishable from a situation in which the standard had been expressly copied into law." *Id.* at 452. Accordingly, "this factor weighs heavily in favor of fair use." *Id.*

- o <u>Third Factor</u>: The incorporating regulation does not specify that only certain provisions of this standard are incorporated by reference into law, nor does it indicate which specific provisions of the standard are relevant for regulatory compliance, suggesting that "a greater amount of the standard's text might be fairly reproduced." *Id.*

- o <u>Fourth Factor</u>: Defendant's reproductions have not had a "substantially adverse impact on the potential market for the originals," nor have Plaintiffs shown by a preponderance of the evidence that there is a meaningful likelihood of future harm." Memo Op. at 30–36 (internal quotation and citation marks omitted).

- o <u>Conclusion</u>: Defendant may fairly reproduce this incorporated standard in its entirety.

### 87. ASTM D1890 (1996):

- o The parties identify 40 C.F.R. § 136.3 (2003) as the incorporating by reference regulation, *see* Becker Decl. ¶ 57, Ex. 90; Wise Decl., Ex. 176, which incorporates the standard into 40 C.F.R. § 136.3, Table IE. That Table, in turn, identifies D1890-90 as having approved radiologic test procedures in certain circumstances. The regulation does not specify that only certain provisions of ASTM D1890 (1996) are incorporated by reference into law, nor does it indicate which specific provisions of ASTM D1890

(1996) are relevant for compliance with the regulation.

o   <u>First Factor</u>:  There is no indication that Defendant stands to profit from republishing this standard; Defendant's apparent purpose is to inform the public about the law and facilitate public debate.  *See ASTM*, 896 F.3d at 449; Def's 2d Mot. at 16.  Defendant's "attempt to freely distribute standards incorporated by reference into law qualifie[s] as a use that further[s] the purposes of the fair use defense."  *ASTM*, 896 F.3d at 449.  Further, the incorporated standard provides information essential for a private entity to comprehend its legal duties, which weighs heavily in favor of permitting Defendant's reproduction.  *See ASTM*, 896 F.3d at 450.

o   <u>Second Factor</u>:  The "express text of the law falls plainly outside the realm of copyright protection."  *ASTM*, 896 F.3d at 451.  Here, the standard is incorporated into law without limitation such that "the consequence of the incorporation by reference is virtually indistinguishable from a situation in which the standard had been expressly copied into law."  *Id.* at 452.  Accordingly, "this factor weighs heavily in favor of fair use."  *Id.*

o   <u>Third Factor</u>:  The incorporating regulation does not specify that only certain provisions of this standard are incorporated by reference into law, nor does it indicate which specific provisions of the standard are relevant for regulatory compliance, suggesting that "a greater amount of the standard's text might be fairly reproduced."  *Id.*

o   <u>Fourth Factor</u>:  Defendant's reproductions have not had a "substantially adverse impact on the potential market for the originals," nor have Plaintiffs shown by a preponderance of the evidence that there is a meaningful likelihood of future harm."  Memo Op. at 30–36 (internal quotation and citation marks omitted).

o   <u>Conclusion</u>:  Defendant may fairly reproduce this incorporated standard in its entirety.

## 88. ASTM D1943 (1996):

o   The parties identify 40 C.F.R. § 136.3 (2010) as the incorporating by reference regulation, *see* Becker Decl. ¶ 57, Ex. 90; Wise Decl., Ex. 176, which incorporates the standard into 40 C.F.R. § 136.3, Table IE.  That Table, in turn, identifies D1890-90 as having approved radiologic test procedures in certain circumstances.  The regulation does not specify that only certain provisions of 78.  ASTM D1943 (1996) are incorporated by reference into law, nor does it indicate which specific provisions of ASTM D1943 (1996) are relevant for compliance with the regulation.

o   <u>First Factor</u>:  There is no indication that Defendant stands to profit from republishing this standard; Defendant's apparent purpose is to inform the public about the law and facilitate public debate.  *See ASTM*, 896 F.3d at 449; Def's 2d Mot. at 16.  Defendant's "attempt to freely distribute standards incorporated by reference into law qualifie[s] as a use that further[s] the purposes of the fair use defense."  *ASTM*, 896 F.3d at 449.  Further, the incorporated standard provides information essential for a private entity to comprehend its legal duties, which weighs heavily in favor of permitting Defendant's reproduction.  *See ASTM*, 896 F.3d at 450.

o   <u>Second Factor</u>:  The "express text of the law falls plainly outside the realm of copyright protection."  *ASTM*, 896 F.3d at 451.  Here, the standard is incorporated into law without limitation such that "the consequence of the incorporation by reference is

virtually indistinguishable from a situation in which the standard had been expressly copied into law." *Id.* at 452. Accordingly, "this factor weighs heavily in favor of fair use." *Id.*

o <u>Third Factor</u>: The incorporating regulation does not specify that only certain provisions of this standard are incorporated by reference into law, nor does it indicate which specific provisions of the standard are relevant for regulatory compliance, suggesting that "a greater amount of the standard's text might be fairly reproduced." *Id.*

o <u>Fourth Factor</u>: Defendant's reproductions have not had a "substantially adverse impact on the potential market for the originals," nor have Plaintiffs shown by a preponderance of the evidence that there is a meaningful likelihood of future harm." Memo Op. at 30–36 (internal quotation and citation marks omitted).

o <u>Conclusion</u>: Defendant may fairly reproduce this incorporated standard in its entirety.

**89. ASTM D1945 (1996):**

o The parties identify 40 C.F.R. § 60.17 (2019) as the incorporating by reference regulation, *see* Becker Decl. ¶ 57, Ex. 90; Wise Decl., Ex. 176, which incorporates the standard into 40 C.F.R. § 60.45(f). Section 60.45(f)(5)(i) requires the use of ASTM D1945, or one of five other standards, "as applicable." The regulation does not specify that only certain provisions of ASTM D1945 (1996) are incorporated by reference into law, nor does it indicate which specific provisions of ASTM D1945 (1996) are relevant for compliance with the regulation.

o <u>First Factor</u>: There is no indication that Defendant stands to profit from republishing this standard; Defendant's apparent purpose is to inform the public about the law and facilitate public debate. *See ASTM*, 896 F.3d at 449; Def's 2d Mot. at 16. Defendant's "attempt to freely distribute standards incorporated by reference into law qualifie[s] as a use that further[s] the purposes of the fair use defense." *ASTM*, 896 F.3d at 449. Further, the incorporated standard provides information essential for a private entity to comprehend its legal duties, which weighs heavily in favor of permitting Defendant's reproduction. *See ASTM*, 896 F.3d at 450.

o <u>Second Factor</u>: The "express text of the law falls plainly outside the realm of copyright protection." *ASTM*, 896 F.3d at 451. Here, the standard is incorporated into law without limitation such that "the consequence of the incorporation by reference is virtually indistinguishable from a situation in which the standard had been expressly copied into law." *Id.* at 452. Accordingly, "this factor weighs heavily in favor of fair use." *Id.*

o <u>Third Factor</u>: The incorporating regulation does not specify that only certain provisions of this standard are incorporated by reference into law, nor does it indicate which specific provisions of the standard are relevant for regulatory compliance, suggesting that "a greater amount of the standard's text might be fairly reproduced." *Id.*

o <u>Fourth Factor</u>: Defendant's reproductions have not had a "substantially adverse impact on the potential market for the originals," nor have Plaintiffs shown by a preponderance of the evidence that there is a meaningful likelihood of future harm." Memo Op. at 30–36 (internal quotation and citation marks omitted).

- o <u>Conclusion</u>: Defendant may fairly reproduce this incorporated standard in its entirety.

**90. ASTM D2015 (1996):**

- o The parties identify 40 C.F.R. § 60.17 (2015) as the incorporating by reference regulation, *see* Becker Decl. ¶ 57, Ex. 90; Wise Decl., Ex. 176, which incorporates the standard into Section 12.5.2.1.3. Section 12.5.2.1.3 requires using ASTM D2015, or other enumerated standards, "to determine gross calorific value." The regulation does not specify that only certain provisions of ASTM D2015 (1996) are incorporated by reference into law, nor does it indicate which specific provisions of ASTM D2015 (1996) are relevant for compliance with the regulation.

- o <u>First Factor</u>: There is no indication that Defendant stands to profit from republishing this standard; Defendant's apparent purpose is to inform the public about the law and facilitate public debate. *See ASTM*, 896 F.3d at 449; Def's 2d Mot. at 16. Defendant's "attempt to freely distribute standards incorporated by reference into law qualifie[s] as a use that further[s] the purposes of the fair use defense." *ASTM*, 896 F.3d at 449. Further, the incorporated standard provides information essential for a private entity to comprehend its legal duties, which weighs heavily in favor of permitting Defendant's reproduction. *See ASTM*, 896 F.3d at 450.

- o <u>Second Factor</u>: The "express text of the law falls plainly outside the realm of copyright protection." *ASTM*, 896 F.3d at 451. Here, the standard is incorporated into law without limitation such that "the consequence of the incorporation by reference is virtually indistinguishable from a situation in which the standard had been expressly copied into law." *Id.* at 452. Accordingly, "this factor weighs heavily in favor of fair use." *Id.*

- o <u>Third Factor</u>: The incorporating regulation does not specify that only certain provisions of this standard are incorporated by reference into law, nor does it indicate which specific provisions of the standard are relevant for regulatory compliance, suggesting that "a greater amount of the standard's text might be fairly reproduced." *Id.*

- o <u>Fourth Factor</u>: Defendant's reproductions have not had a "substantially adverse impact on the potential market for the originals," nor have Plaintiffs shown by a preponderance of the evidence that there is a meaningful likelihood of future harm." Memo Op. at 30–36 (internal quotation and citation marks omitted).

- o <u>Conclusion</u>: Defendant may fairly reproduce this incorporated standard in its entirety.

**91. ASTM D2163 1991 (1996):**

- o The parties identify 40 C.F.R. § 1065.1010 (2008) as the incorporating by reference regulation, *see* Becker Decl. ¶ 57, Ex. 90; Wise Decl., Ex. 176, which incorporates the standard into 40 C.F.R. § 1065.720. Section 40 C.F.R. § 106.720 requires that "[l]iquified petroleum gas for testing must meet the specifications" in ASTM D2163. The regulation does not specify that only certain provisions of ASTM D2163 1991 (1996) are incorporated by reference into law, nor does it indicate which specific provisions of ASTM D2163 1991 (1996) are relevant for compliance with the regulation.

- o <u>First Factor</u>: There is no indication that Defendant stands to profit from republishing

this standard; Defendant's apparent purpose is to inform the public about the law and facilitate public debate. *See ASTM*, 896 F.3d at 449; Def's 2d Mot. at 16. Defendant's "attempt to freely distribute standards incorporated by reference into law qualifie[s] as a use that further[s] the purposes of the fair use defense." *ASTM*, 896 F.3d at 449. Further, the incorporated standard provides information essential for a private entity to comprehend its legal duties, which weighs heavily in favor of permitting Defendant's reproduction. *See ASTM*, 896 F.3d at 450.

o   Second Factor:  The "express text of the law falls plainly outside the realm of copyright protection." *ASTM*, 896 F.3d at 451.  Here, the standard is incorporated into law without limitation such that "the consequence of the incorporation by reference is virtually indistinguishable from a situation in which the standard had been expressly copied into law." *Id.* at 452.  Accordingly, "this factor weighs heavily in favor of fair use." *Id.*

o   Third Factor:  The incorporating regulation does not specify that only certain provisions of this standard are incorporated by reference into law, nor does it indicate which specific provisions of the standard are relevant for regulatory compliance, suggesting that "a greater amount of the standard's text might be fairly reproduced." *Id.*

o   Fourth Factor:  Defendant's reproductions have not had a "substantially adverse impact on the potential market for the originals," nor have Plaintiffs shown by a preponderance of the evidence that there is a meaningful likelihood of future harm." Memo Op. at 30–36 (internal quotation and citation marks omitted).

o   Conclusion:  Defendant may fairly reproduce this incorporated standard in its entirety.

**92. ASTM D2216 (1998):**

o   The parties identify 40 C.F.R. § 258.41 (2014) as the incorporating by reference regulation, *see* Becker Decl. ¶ 57, Ex. 90; Wise Decl., Ex. 176, which incorporates the standard and requires that for "Project XL Bioreactor Landfill Projects," a geosynthetic clay liner "shall be formulated and manufactured from polypropylene geotextiles and high swelling containment resistant sodium bentonite" and that the "high swelling sodium montmorillonite clay shall be at 12% moisture content as determined by the Standard Test Method for Laboratory Determination of Water (Moisture) Content of Soil and Rock by Mass, ASTM D2216–98." 40 C.F.R. § 258.41(a)(4)(iii)(A).  The regulation does not specify that only certain provisions of ASTM D2216 (1998) are incorporated by reference into law, nor does it indicate which specific provisions of ASTM D2216 (1998) are relevant for compliance with the regulation.

o   First Factor:  There is no indication that Defendant stands to profit from republishing this standard; Defendant's apparent purpose is to inform the public about the law and facilitate public debate. *See ASTM*, 896 F.3d at 449; Def's 2d Mot. at 16. Defendant's "attempt to freely distribute standards incorporated by reference into law qualifie[s] as a use that further[s] the purposes of the fair use defense." *ASTM*, 896 F.3d at 449. Further, the incorporated standard provides information essential for a private entity to comprehend its legal duties, which weighs heavily in favor of permitting Defendant's reproduction. *See ASTM*, 896 F.3d at 450.

- o <u>Second Factor</u>:  The "express text of the law falls plainly outside the realm of copyright protection."  *ASTM*, 896 F.3d at 451.  Here, the standard is incorporated into law without limitation such that "the consequence of the incorporation by reference is virtually indistinguishable from a situation in which the standard had been expressly copied into law."  *Id.* at 452.  Accordingly, "this factor weighs heavily in favor of fair use."  *Id.*

- o <u>Third Factor</u>:  The incorporating regulation does not specify that only certain provisions of this standard are incorporated by reference into law, nor does it indicate which specific provisions of the standard are relevant for regulatory compliance, suggesting that "a greater amount of the standard's text might be fairly reproduced."  *Id.*

- o <u>Fourth Factor</u>:  Defendant's reproductions have not had a "substantially adverse impact on the potential market for the originals," nor have Plaintiffs shown by a preponderance of the evidence that there is a meaningful likelihood of future harm."  Memo Op. at 30–36 (internal quotation and citation marks omitted).

- o <u>Conclusion</u>:  Defendant may fairly reproduce this incorporated standard in its entirety.

### 93. ASTM D2234 (1998):

- o The parties identify 41 C.F.R. § 60.17 (2011) as the incorporating by reference regulation, *see* Becker Decl. ¶ 57, Ex. 90; Wise Decl., Ex. 176, which incorporates the standard into appendix A: Method 19, Section 12.5.2.1.1.  That section, in turn, requires the use of ASTM D2234-98, or one of three other standards, for sample increment collection and systemic spacing. It also requires that "[a]s a minimum, determine the number and weight of increments required per gross sample representing each coal lot according to Table 2 or Paragraph 7.1.5.2 of ASTM D 2234. Collect one gross sample for each lot of raw coal and one gross sample for each lot of product coal." The regulation does not specify that only certain provisions of ASTM D2234 (1998) are incorporated by reference into law, and while the latter requirement identifies the specific provision of ASTM D2234 (1998) that is relevant for compliance with the regulation, the former does not.

- o <u>First Factor</u>:  There is no indication that Defendant stands to profit from republishing this standard; Defendant's apparent purpose is to inform the public about the law and facilitate public debate.  *See ASTM*, 896 F.3d at 449; Def's 2d Mot. at 16.  Defendant's "attempt to freely distribute standards incorporated by reference into law qualifie[s] as a use that further[s] the purposes of the fair use defense."  *ASTM*, 896 F.3d at 449.  Further, the incorporated standard provides information essential for a private entity to comprehend its legal duties, which weighs heavily in favor of permitting Defendant's reproduction.  *See ASTM*, 896 F.3d at 450.

- o <u>Second Factor</u>:  The "express text of the law falls plainly outside the realm of copyright protection."  *ASTM*, 896 F.3d at 451.  Here, the standard is incorporated into law without limitation such that "the consequence of the incorporation by reference is virtually indistinguishable from a situation in which the standard had been expressly copied into law."  *Id.* at 452.  Accordingly, "this factor weighs heavily in favor of fair use."  *Id.*

- o <u>Third Factor</u>:  The incorporating regulation does not specify that only certain provisions

of this standard are incorporated by reference into law, nor does it indicate which specific provisions of the standard are relevant for regulatory compliance, suggesting that "a greater amount of the standard's text might be fairly reproduced." *Id.*

o <u>Fourth Factor</u>: Defendant's reproductions have not had a "substantially adverse impact on the potential market for the originals," nor have Plaintiffs shown by a preponderance of the evidence that there is a meaningful likelihood of future harm." Memo Op. at 30–36 (internal quotation and citation marks omitted).

o <u>Conclusion</u>: Defendant may fairly reproduce this incorporated standard in its entirety.

## 94. ASTM D2460 (1997):

o The parties identify 40 C.F.R. § 136.3 (2010) as the incorporating by reference regulation, *see* Becker Decl. ¶ 57, Ex. 90; Wise Decl., Ex. 176, which incorporates the standard as providing the approved radiologic test procedures in certain circumstances. The regulation does not specify that only certain provisions of ASTM D2460 (1997) are incorporated by reference into law, nor does it indicate which specific provisions of ASTM D2460 (1997) are relevant for compliance with the regulation.

o <u>First Factor</u>: There is no indication that Defendant stands to profit from republishing this standard; Defendant's apparent purpose is to inform the public about the law and facilitate public debate. *See ASTM*, 896 F.3d at 449; Def's 2d Mot. at 16. Defendant's "attempt to freely distribute standards incorporated by reference into law qualifie[s] as a use that further[s] the purposes of the fair use defense." *ASTM*, 896 F.3d at 449. Further, the incorporated standard provides information essential for a private entity to comprehend its legal duties, which weighs heavily in favor of permitting Defendant's reproduction. *See ASTM*, 896 F.3d at 450.

o <u>Second Factor</u>: The "express text of the law falls plainly outside the realm of copyright protection." *ASTM*, 896 F.3d at 451. Here, the standard is incorporated into law without limitation such that "the consequence of the incorporation by reference is virtually indistinguishable from a situation in which the standard had been expressly copied into law." *Id.* at 452. Accordingly, "this factor weighs heavily in favor of fair use." *Id.*

o <u>Third Factor</u>: The incorporating regulation does not specify that only certain provisions of this standard are incorporated by reference into law, nor does it indicate which specific provisions of the standard are relevant for regulatory compliance, suggesting that "a greater amount of the standard's text might be fairly reproduced." *Id.*

o <u>Fourth Factor</u>: Defendant's reproductions have not had a "substantially adverse impact on the potential market for the originals," nor have Plaintiffs shown by a preponderance of the evidence that there is a meaningful likelihood of future harm." Memo Op. at 30–36 (internal quotation and citation marks omitted).

o <u>Conclusion</u>: Defendant may fairly reproduce this incorporated standard in its entirety.

## 95. ASTM D2502 1992 (1996):

o The parties identify 40 C.F.R. § 75.6 (2010) as the incorporating by reference regulation, *see* Becker Decl. ¶ 57, Ex. 90; Wise Decl., Ex. 176, which incorporates

the standard into appendix G.  Section 75.10(a)(3)(i)-(iii) requires that the owner or operator of an affected unit shall use one of three approved methods for monitoring CO2 emissions, one of which is outlined in appendix G. And "[i]f the owner or operator chooses to use the appendix G method," for determining CO2 emissions, "then the owner or operator shall follow the procedures in appendix G to this part for estimating daily CO2 mass emissions based on the measured carbon content of the fuel and the amount of fuel combusted." 40 C.F.R. § 75.13(b).  Appendix G identifies ASTM D2502-92 (1996) as one of two permissible standards for complying with the portion of appendix G that pertains to determinations of the carbon content of oil (the other being ASTM D2503 1992 1997), which Defendant has also published). *See id.* § 75, App. G.  The regulation does not specify that only certain provisions of ASTM D2502 1992 (1996) are incorporated by reference into law, nor does it indicate which specific provisions of ASTM D2502 1992 (1996) are relevant for compliance with the regulation.

o   <u>First Factor</u>:  There is no indication that Defendant stands to profit from republishing this standard; Defendant's apparent purpose is to inform the public about the law and facilitate public debate.  *See ASTM*, 896 F.3d at 449; Def's 2d Mot. at 16.  Defendant's "attempt to freely distribute standards incorporated by reference into law qualifie[s] as a use that further[s] the purposes of the fair use defense."  *ASTM*, 896 F.3d at 449.  Further, the incorporated standard provides information essential for a private entity to comprehend its legal duties, which weighs heavily in favor of permitting Defendant's reproduction.  *See ASTM*, 896 F.3d at 450.

o   <u>Second Factor</u>:  The "express text of the law falls plainly outside the realm of copyright protection."  *ASTM*, 896 F.3d at 451.  Here, the standard is incorporated into law without limitation such that "the consequence of the incorporation by reference is virtually indistinguishable from a situation in which the standard had been expressly copied into law."  *Id.* at 452.  Accordingly, "this factor weighs heavily in favor of fair use."  *Id.*

o   <u>Third Factor</u>:  The incorporating regulation does not specify that only certain provisions of this standard are incorporated by reference into law, nor does it indicate which specific provisions of the standard are relevant for regulatory compliance, suggesting that "a greater amount of the standard's text might be fairly reproduced."  *Id.*

o   <u>Fourth Factor</u>:  Defendant's reproductions have not had a "substantially adverse impact on the potential market for the originals," nor have Plaintiffs shown by a preponderance of the evidence that there is a meaningful likelihood of future harm."  Memo Op. at 30–36 (internal quotation and citation marks omitted).

o   <u>Conclusion</u>:  Defendant may fairly reproduce this incorporated standard in its entirety.

**96. ASTM D2503 1992 (1997):**

- o The parties identify 40 C.F.R. § 75.6 (2010) as the incorporating by reference regulation, *see* Becker Decl. ¶ 57, Ex. 90; Wise Decl., Ex. 176, which incorporates the standard into appendix G. Section 75.10(a)(3)(i)-(iii) requires that the owner or operator of an affected unit shall use one of three approved methods for monitoring CO2 emissions, one of which is outlined in appendix G. And "[i]f the owner or operator chooses to use the appendix G method," for determining CO2 emissions, "then the owner or operator shall follow the procedures in appendix G to this part for estimating daily CO2 mass emissions based on the measured carbon content of the fuel and the amount of fuel combusted." 40 C.F.R. § 75.13(b). Appendix G identifies ASTM D2503-92 (1997) as one of two permissible standards for complying with the portion of appendix G that pertains to determinations of the carbon content of oil (the other being ASTM D2502 1992 1996), which Defendant has also published). *See id.* § 75, App. G. The regulation does not specify that only certain provisions of ASTM D2503 1992 (1997) are incorporated by reference into law, nor does it indicate which specific provisions of ASTM D2503 1992 (1997) are relevant for compliance with the regulation.

- o First Factor: There is no indication that Defendant stands to profit from republishing this standard; Defendant's apparent purpose is to inform the public about the law and facilitate public debate. *See ASTM*, 896 F.3d at 449; Def's 2d Mot. at 16. Defendant's "attempt to freely distribute standards incorporated by reference into law qualifie[s] as a use that further[s] the purposes of the fair use defense." *ASTM*, 896 F.3d at 449. Further, the incorporated standard provides information essential for a private entity to comprehend its legal duties, which weighs heavily in favor of permitting Defendant's reproduction. *See ASTM*, 896 F.3d at 450.

- o Second Factor: The "express text of the law falls plainly outside the realm of copyright protection." *ASTM*, 896 F.3d at 451. Here, the standard is incorporated into law without limitation such that "the consequence of the incorporation by reference is virtually indistinguishable from a situation in which the standard had been expressly copied into law." *Id.* at 452. Accordingly, "this factor weighs heavily in favor of fair use." *Id.*

- o Third Factor: The incorporating regulation does not specify that only certain provisions of this standard are incorporated by reference into law, nor does it indicate which specific provisions of the standard are relevant for regulatory compliance, suggesting that "a greater amount of the standard's text might be fairly reproduced." *Id.*

- o Fourth Factor: Defendant's reproductions have not had a "substantially adverse impact on the potential market for the originals," nor have Plaintiffs shown by a preponderance of the evidence that there is a meaningful likelihood of future harm." Memo Op. at 30–36 (internal quotation and citation marks omitted).

- o Conclusion: Defendant may fairly reproduce this incorporated standard in its entirety.

**97. ASTM D2597 1994 (1999):**

o The parties identify 40 C.F.R. § 60.17 (2011) as the incorporating by reference regulation, *see* Becker Decl. ¶ 57, Ex. 90; Wise Decl., Ex. 176, which incorporates the standard into 40 C.F.R. § 60.335(b)(9)(i). Section 60.335 requires that an owner or operator shall "determine the fuel bound nitrogen content of [liquid] fuel being fired (if an emission allowance is claimed for fuel bound nitrogen)," using ASTM D2597-94. The regulation does not specify that only certain provisions of ASTM D2597 1994 (1999) are incorporated by reference into law, nor does it indicate which specific provisions of ASTM D2597 1994 (1999) are relevant for compliance with the regulation.

o <u>First Factor</u>: There is no indication that Defendant stands to profit from republishing this standard; Defendant's apparent purpose is to inform the public about the law and facilitate public debate. *See ASTM*, 896 F.3d at 449; Def's 2d Mot. at 16. Defendant's "attempt to freely distribute standards incorporated by reference into law qualifie[s] as a use that further[s] the purposes of the fair use defense." *ASTM*, 896 F.3d at 449. Further, the incorporated standard provides information essential for a private entity to comprehend its legal duties, which weighs heavily in favor of permitting Defendant's reproduction. *See ASTM*, 896 F.3d at 450.

o <u>Second Factor</u>: The "express text of the law falls plainly outside the realm of copyright protection." *ASTM*, 896 F.3d at 451. Here, the standard is incorporated into law without limitation such that "the consequence of the incorporation by reference is virtually indistinguishable from a situation in which the standard had been expressly copied into law." *Id.* at 452. Accordingly, "this factor weighs heavily in favor of fair use." *Id.*

o <u>Third Factor</u>: The incorporating regulation does not specify that only certain provisions of this standard are incorporated by reference into law, nor does it indicate which specific provisions of the standard are relevant for regulatory compliance, suggesting that "a greater amount of the standard's text might be fairly reproduced." *Id.*

o <u>Fourth Factor</u>: Defendant's reproductions have not had a "substantially adverse impact on the potential market for the originals," nor have Plaintiffs shown by a preponderance of the evidence that there is a meaningful likelihood of future harm." Memo Op. at 30–36 (internal quotation and citation marks omitted).

o <u>Conclusion</u>: Defendant may fairly reproduce this incorporated standard in its entirety.

**98. ASTM D2622 (1998):**

o The parties identify 40 C.F.R. § 60.17 (2011) as the incorporating by reference regulation, *see* Becker Decl. ¶ 57, Ex. 90; Wise Decl., Ex. 176, which incorporates the standard into 40 C.F.R. §§ 60.106(j)(2) and 60.335(b)(10)(i). Section 60.106(j)(2) requires that "[f]resh feed samples shall be analyzed separately by using" the "applicable analytical test" in ASTM D2622 or one of several other standards. 40 C.F.R. § 60.106(j)(2). The regulation goes on to say that "applicable range of some of these ASTM methods is not adequate to measure the levels of sulfur in some fresh feed samples. Dilution of samples prior to analysis with verification of the dilution ratio is acceptable upon prior approval of the Administrator." *Id.* Section 60.335(b)(10)(i)

requires the use of ASTM D2622-98 for determine the sulfur content of liquid fuel combusted in a turbine. *Id.* § 60. 335(b)(10)(i). These regulations do not specify that only certain provisions of ASTM D2622 (1998) are incorporated by reference into law, nor do they indicate which specific provisions of ASTM D2622 (1998) are relevant for compliance with the regulation.

o   <u>First Factor</u>: There is no indication that Defendant stands to profit from republishing this standard; Defendant's apparent purpose is to inform the public about the law and facilitate public debate. *See ASTM*, 896 F.3d at 449; Def's 2d Mot. at 16. Defendant's "attempt to freely distribute standards incorporated by reference into law qualifie[s] as a use that further[s] the purposes of the fair use defense." *ASTM*, 896 F.3d at 449. Further, the incorporated standard provides information essential for a private entity to comprehend its legal duties, which weighs heavily in favor of permitting Defendant's reproduction. *See ASTM*, 896 F.3d at 450.

o   <u>Second Factor</u>: The "express text of the law falls plainly outside the realm of copyright protection." *ASTM*, 896 F.3d at 451. Here, the standard is incorporated into law without limitation such that "the consequence of the incorporation by reference is virtually indistinguishable from a situation in which the standard had been expressly copied into law." *Id.* at 452. Accordingly, "this factor weighs heavily in favor of fair use." *Id.*

o   <u>Third Factor</u>: The incorporating regulation does not specify that only certain provisions of this standard are incorporated by reference into law, nor does it indicate which specific provisions of the standard are relevant for regulatory compliance, suggesting that "a greater amount of the standard's text might be fairly reproduced." *Id.*

o   <u>Fourth Factor</u>: Defendant's reproductions have not had a "substantially adverse impact on the potential market for the originals," nor have Plaintiffs shown by a preponderance of the evidence that there is a meaningful likelihood of future harm." Memo Op. at 30–36 (internal quotation and citation marks omitted).

o   <u>Conclusion</u>: Defendant may fairly reproduce this incorporated standard in its entirety.

**99. ASTM D2777 (1998):**

o   The parties identify 46 C.F.R. § 162.050-4 (2011) as the incorporating by reference regulation, *see* Becker Decl. ¶ 57, Ex. 90; Wise Decl., Ex. 176, which incorporates the standard into 46 C.F.R. § 162.050-15. Section 162.050-15 requires that "the absolute value of Tn for each measurement" be determined by ASTM D2777. The regulation does not specify that only certain provisions of ASTM D2777 (1998) are incorporated by reference into law, nor does it indicate which specific provisions of ASTM D2777 (1998) are relevant for compliance with the regulation.

o   <u>First Factor</u>: There is no indication that Defendant stands to profit from republishing this standard; Defendant's apparent purpose is to inform the public about the law and facilitate public debate. *See ASTM*, 896 F.3d at 449; Def's 2d Mot. at 16. Defendant's "attempt to freely distribute standards incorporated by reference into law qualifie[s] as a use that further[s] the purposes of the fair use defense." *ASTM*, 896 F.3d at 449. Further, the incorporated standard provides information essential for a private entity to comprehend its legal duties, which weighs heavily in favor of permitting Defendant's

reproduction.  *See ASTM*, 896 F.3d at 450.

o <u>Second Factor</u>: The "express text of the law falls plainly outside the realm of copyright protection."  *ASTM*, 896 F.3d at 451.  Here, the standard is incorporated into law without limitation such that "the consequence of the incorporation by reference is virtually indistinguishable from a situation in which the standard had been expressly copied into law." *Id.* at 452.  Accordingly, "this factor weighs heavily in favor of fair use." *Id.*

o <u>Third Factor</u>: The incorporating regulation does not specify that only certain provisions of this standard are incorporated by reference into law, nor does it indicate which specific provisions of the standard are relevant for regulatory compliance, suggesting that "a greater amount of the standard's text might be fairly reproduced." *Id.*

o <u>Fourth Factor</u>: Defendant's reproductions have not had a "substantially adverse impact on the potential market for the originals," nor have Plaintiffs shown by a preponderance of the evidence that there is a meaningful likelihood of future harm."  Memo Op. at 30–36 (internal quotation and citation marks omitted).

o <u>Conclusion</u>:  Defendant may fairly reproduce this incorporated standard in its entirety.

**100.     ASTM D2879 (1997):**

o The parties identify 40 C.F.R. § 60.17 (2011) as the incorporating by reference regulation, *see* Becker Decl. ¶ 57, Ex. 90; Wise Decl., Ex. 176, which incorporates the standard into 40 C.F.R. §§ 60.111b(f)(3), 60.116b(e)(3)(ii), 60.116b(f)(2)(i), 60.485(e)(1), and 60.485a(e)(1).  Those sections require compliance with ASTM D2879 in a variety of contexts, including mandatory vapor tests for "vessels in which the vapor pressure of the anticipated liquid composition is above the cutoff for monitoring but below the cutoff for controls," 40 C.F.R. § 60.116b(f)(2)(i), and determining vapor pressures to "demonstrate that a piece of equipment is in light liquid service," *id.* § 60.485(e)(1).  These regulations do not specify that only certain provisions of ASTM D2879 (1997) are incorporated by reference into law, nor do they indicate which specific provisions of ASTM D2879 (1997) are relevant for compliance with the regulations.

o <u>First Factor</u>: There is no indication that Defendant stands to profit from republishing this standard; Defendant's apparent purpose is to inform the public about the law and facilitate public debate. *See ASTM*, 896 F.3d at 449; Def's 2d Mot. at 16.  Defendant's "attempt to freely distribute standards incorporated by reference into law qualifie[s] as a use that further[s] the purposes of the fair use defense." *ASTM*, 896 F.3d at 449.  Further, the incorporated standard provides information essential for a private entity to comprehend its legal duties, which weighs heavily in favor of permitting Defendant's reproduction. *See ASTM*, 896 F.3d at 450.

o <u>Second Factor</u>: The "express text of the law falls plainly outside the realm of copyright protection."  *ASTM*, 896 F.3d at 451.  Here, the standard is incorporated into law without limitation such that "the consequence of the incorporation by reference is virtually indistinguishable from a situation in which the standard had been expressly copied into law." *Id.* at 452.  Accordingly, "this factor weighs heavily in favor of fair use." *Id.*

o  <u>Third Factor</u>:  The incorporating regulation does not specify that only certain provisions of this standard are incorporated by reference into law, nor does it indicate which specific provisions of the standard are relevant for regulatory compliance, suggesting that "a greater amount of the standard's text might be fairly reproduced."  *Id.*

o  <u>Fourth Factor</u>:  Defendant's reproductions have not had a "substantially adverse impact on the potential market for the originals," nor have Plaintiffs shown by a preponderance of the evidence that there is a meaningful likelihood of future harm."  Memo Op. at 30–36 (internal quotation and citation marks omitted).

o  <u>Conclusion</u>:  Defendant may fairly reproduce this incorporated standard in its entirety.

**101.     ASTM D2986 1995a (1999):**

o  The parties identify 40 C.F.R. § 86.1 (2008) as the incorporating by reference regulation, *see* Becker Decl. ¶ 57, Ex. 90; Wise Decl., Ex. 176, which incorporates the standard into 40 C.F.R. § 86.1310-2007.  Section 86.1310-2007 requires that "[f]ilters shall have a minimum clean filter efficiency of 99% as measured by the ASTM D2986–95a DOP test."  The regulation does not specify that only certain provisions of ASTM D2986 1995a (1999) are incorporated by reference into law, nor does it indicate which specific provisions of ASTM D2986 1995a (1999) are relevant for compliance with the regulation.

o  <u>First Factor</u>:  There is no indication that Defendant stands to profit from republishing this standard; Defendant's apparent purpose is to inform the public about the law and facilitate public debate.  *See ASTM*, 896 F.3d at 449; Def's 2d Mot. at 16.  Defendant's "attempt to freely distribute standards incorporated by reference into law qualifie[s] as a use that further[s] the purposes of the fair use defense."  *ASTM*, 896 F.3d at 449.  Further, the incorporated standard provides information essential for a private entity to comprehend its legal duties, which weighs heavily in favor of permitting Defendant's reproduction.  *See ASTM*, 896 F.3d at 450.

o  <u>Second Factor</u>:  The "express text of the law falls plainly outside the realm of copyright protection."  *ASTM*, 896 F.3d at 451.  Here, the standard is incorporated into law without limitation such that "the consequence of the incorporation by reference is virtually indistinguishable from a situation in which the standard had been expressly copied into law."  *Id.* at 452.  Accordingly, "this factor weighs heavily in favor of fair use."  *Id.*

o  <u>Third Factor</u>:  The incorporating regulation does not specify that only certain provisions of this standard are incorporated by reference into law, nor does it indicate which specific provisions of the standard are relevant for regulatory compliance, suggesting that "a greater amount of the standard's text might be fairly reproduced."  *Id.*

o  <u>Fourth Factor</u>:  Defendant's reproductions have not had a "substantially adverse impact on the potential market for the originals," nor have Plaintiffs shown by a preponderance of the evidence that there is a meaningful likelihood of future harm."  Memo Op. at 30–36 (internal quotation and citation marks omitted).

o  <u>Conclusion</u>:  Defendant may fairly reproduce this incorporated standard in its entirety.

**102.**      **ASTM D3120 (1996):**

- o  The parties identify 40 C.F.R. § 80.580(b) (2003) as the incorporating by reference regulation, *see* Becker Decl. ¶ 57, Ex. 90; Wise Decl., Ex. 176, which incorporates the standard into 40 C.F.R. § 80.580(a)(3). Section 80.580(a)(3) requires certain sampling and testing methods for sulfur and identifies ASTM D3120-96 as providing one of three test methods for "diesel fuel and diesel fuel additives subject to the 15 ppm standard of §80.520(a)(1)." 40 C.F.R. § 80.580(a)(3). The regulation does not specify that only certain provisions of ASTM D3120 (1996) are incorporated by reference into law, nor does it indicate which specific provisions of ASTM D3120 (1996) are relevant for compliance with the regulation.

- o  <u>First Factor</u>: There is no indication that Defendant stands to profit from republishing this standard; Defendant's apparent purpose is to inform the public about the law and facilitate public debate. *See ASTM*, 896 F.3d at 449; Def's 2d Mot. at 16. Defendant's "attempt to freely distribute standards incorporated by reference into law qualifie[s] as a use that further[s] the purposes of the fair use defense." *ASTM*, 896 F.3d at 449. Further, the incorporated standard provides information essential for a private entity to comprehend its legal duties, which weighs heavily in favor of permitting Defendant's reproduction. *See ASTM*, 896 F.3d at 450.

- o  <u>Second Factor</u>: The "express text of the law falls plainly outside the realm of copyright protection." *ASTM*, 896 F.3d at 451. Here, the standard is incorporated into law without limitation such that "the consequence of the incorporation by reference is virtually indistinguishable from a situation in which the standard had been expressly copied into law." *Id.* at 452. Accordingly, "this factor weighs heavily in favor of fair use." *Id.*

- o  <u>Third Factor</u>: The incorporating regulation does not specify that only certain provisions of this standard are incorporated by reference into law, nor does it indicate which specific provisions of the standard are relevant for regulatory compliance, suggesting that "a greater amount of the standard's text might be fairly reproduced." *Id.*

- o  <u>Fourth Factor</u>: Defendant's reproductions have not had a "substantially adverse impact on the potential market for the originals," nor have Plaintiffs shown by a preponderance of the evidence that there is a meaningful likelihood of future harm." Memo Op. at 30–36 (internal quotation and citation marks omitted).

- o  <u>Conclusion</u>: Defendant may fairly reproduce this incorporated standard in its entirety.

**103.**      **ASTM D3246 (1996):**

- o  The parties identify 40 C.F.R. § 60.17 (2011) as the incorporating by reference regulation, *see* Becker Decl. ¶ 57, Ex. 90; Wise Decl., Ex. 176, which incorporates the standard into § 60.335(b)(10)(ii). Section 60.335(b)(10)(ii) requires the use of ASTM D3246-98 to determine the sulfur content of gaseous fuel combusted in a turbine. *Id.* § 60. 335(b)(10)(ii). The regulation does not specify that only certain provisions of ASTM D3246 (1996) are incorporated by reference into law, nor does it indicate which specific provisions of ASTM D3246 (1996) are relevant for compliance with the regulation.

- o  <u>First Factor</u>: There is no indication that Defendant stands to profit from republishing

this standard; Defendant's apparent purpose is to inform the public about the law and facilitate public debate. *See ASTM*, 896 F.3d at 449; Def's 2d Mot. at 16. Defendant's "attempt to freely distribute standards incorporated by reference into law qualifie[s] as a use that further[s] the purposes of the fair use defense." *ASTM*, 896 F.3d at 449. Further, the incorporated standard provides information essential for a private entity to comprehend its legal duties, which weighs heavily in favor of permitting Defendant's reproduction. *See ASTM*, 896 F.3d at 450.

o   Second Factor: The "express text of the law falls plainly outside the realm of copyright protection." *ASTM*, 896 F.3d at 451. Here, the standard is incorporated into law without limitation such that "the consequence of the incorporation by reference is virtually indistinguishable from a situation in which the standard had been expressly copied into law." *Id.* at 452. Accordingly, "this factor weighs heavily in favor of fair use." *Id.*

o   Third Factor: The incorporating regulation does not specify that only certain provisions of this standard are incorporated by reference into law, nor does it indicate which specific provisions of the standard are relevant for regulatory compliance, suggesting that "a greater amount of the standard's text might be fairly reproduced." *Id.*

o   Fourth Factor: Defendant's reproductions have not had a "substantially adverse impact on the potential market for the originals," nor have Plaintiffs shown by a preponderance of the evidence that there is a meaningful likelihood of future harm." Memo Op. at 30–36 (internal quotation and citation marks omitted).

o   Conclusion: Defendant may fairly reproduce this incorporated standard in its entirety.

**104.     ASTM D3286 (1996):**

o   The parties identify 40 C.F.R. § 60.17 (2011) as the incorporating by reference regulation, *see* Becker Decl. ¶ 57, Ex. 90; Wise Decl., Ex. 176, which incorporates the standard into appendix A: Method 19, Section 12.5.2.1.3. Appendix A requires the use of ASTM D3286, or one of four other standards, to "determine gross calorific value." The regulation does not specify that only certain provisions of ASTM D3286 (1996) are incorporated by reference into law, nor does it indicate which specific provisions of ASTM D3286 (1996) are relevant for compliance with the regulation.

o   First Factor: There is no indication that Defendant stands to profit from republishing this standard; Defendant's apparent purpose is to inform the public about the law and facilitate public debate. *See ASTM*, 896 F.3d at 449; Def's 2d Mot. at 16. Defendant's "attempt to freely distribute standards incorporated by reference into law qualifie[s] as a use that further[s] the purposes of the fair use defense." *ASTM*, 896 F.3d at 449. Further, the incorporated standard provides information essential for a private entity to comprehend its legal duties, which weighs heavily in favor of permitting Defendant's reproduction. *See ASTM*, 896 F.3d at 450.

o   Second Factor: The "express text of the law falls plainly outside the realm of copyright protection." *ASTM*, 896 F.3d at 451. Here, the standard is incorporated into law without limitation such that "the consequence of the incorporation by reference is virtually indistinguishable from a situation in which the standard had been expressly copied into law." *Id.* at 452. Accordingly, "this factor weighs heavily in favor of fair

use." *Id.*

o <u>Third Factor</u>:  The incorporating regulation does not specify that only certain provisions of this standard are incorporated by reference into law, nor does it indicate which specific provisions of the standard are relevant for regulatory compliance, suggesting that "a greater amount of the standard's text might be fairly reproduced." *Id.*

o <u>Fourth Factor</u>:  Defendant's reproductions have not had a "substantially adverse impact on the potential market for the originals," nor have Plaintiffs shown by a preponderance of the evidence that there is a meaningful likelihood of future harm." Memo Op. at 30–36 (internal quotation and citation marks omitted).

o <u>Conclusion</u>:  Defendant may fairly reproduce this incorporated standard in its entirety.

**105.    ASTM D3371 (1995):**

o The parties identify 40 C.F.R. § 136.3 (2014) as the incorporating by reference regulation, *see* Becker Decl. ¶ 57, Ex. 90; Wise Decl., Ex. 176, which incorporates the "full text of the referenced test procedures" into Table IF. 40 C.F.R. § 136.3(a). Section 136 requires that the "procedures prescribed herein shall," with some limited exceptions, "be used to preform the measurements indicated whenever the waste constituent specified is required to be measured for" an application for a permit under section 402 or 405(f) of the Clean Water Act." *Id.* § 136.1(a), (b). Table IF identifies ASTM D3371 as containing one of four approved text procedures for the pharmaceutical pollutant acetonitrile. The regulation does not specify that only certain provisions of ASTM D3371 (1995) are incorporated by reference into law, nor does it indicate which specific provisions of ASTM D3371 (1995) are relevant for compliance with the regulation.

o <u>First Factor</u>:  There is no indication that Defendant stands to profit from republishing this standard; Defendant's apparent purpose is to inform the public about the law and facilitate public debate. *See ASTM*, 896 F.3d at 449; Def's 2d Mot. at 16. Defendant's "attempt to freely distribute standards incorporated by reference into law qualifie[s] as a use that further[s] the purposes of the fair use defense." *ASTM*, 896 F.3d at 449. Further, the incorporated standard provides information essential for a private entity to comprehend its legal duties, which weighs heavily in favor of permitting Defendant's reproduction. *See ASTM*, 896 F.3d at 450.

o <u>Second Factor</u>:  The "express text of the law falls plainly outside the realm of copyright protection." *ASTM*, 896 F.3d at 451. Here, the standard is only partially incorporated into law in that the regulation specifically incorporates the "full text of the referenced test procedures," and not the entire standard. Defendant's wholesale reproduction is thus "harder to justify." *Id.* However, the regulation does not identify which portions of the standard are relevant to that referenced test procedure.

o <u>Third Factor</u>:  The incorporating regulation does not indicate which specific provisions of the standard are relevant for regulatory compliance, suggesting that "a greater amount of the standard's text might be fairly reproduced." *Id.*

o <u>Fourth Factor</u>:  Defendant's reproductions have not had a "substantially adverse impact on the potential market for the originals," nor have Plaintiffs shown by a preponderance of the evidence that there is a meaningful likelihood of future harm." Memo Op. at 30–

36 (internal quotation and citation marks omitted).

o <u>Conclusion</u>:  Defendant may fairly reproduce this incorporated standard in its entirety.

**106.**     **ASTM D3454 (1997):**

o The parties identify 40 C.F.R. § 136.3(a) (2010) as the incorporating by reference regulation, *see* Becker Decl. ¶ 57, Ex. 90; Wise Decl., Ex. 176, which incorporates the "full text of the referenced test procedures" of the standard into Table IE.  Table IE requires the use of ASTM D3454 as an approved method for a radiologic test procedure in particular circumstances.  The regulation does not specify that only certain provisions of ASTM D3454 (1997) are incorporated by reference into law, nor does it indicate which specific provisions of ASTM D3454 (1997) are relevant for compliance with the regulation.

o <u>First Factor</u>:  There is no indication that Defendant stands to profit from republishing this standard; Defendant's apparent purpose is to inform the public about the law and facilitate public debate.  *See ASTM*, 896 F.3d at 449; Def's 2d Mot. at 16.  Defendant's "attempt to freely distribute standards incorporated by reference into law qualifie[s] a use as a use that further[s] the purposes of the fair use defense."  *ASTM*, 896 F.3d at 449.  Further, the incorporated standard provides information essential for a private entity to comprehend its legal duties, which weighs heavily in favor of permitting Defendant's reproduction.  *See ASTM*, 896 F.3d at 450.

o <u>Second Factor</u>:  The "express text of the law falls plainly outside the realm of copyright protection."  *ASTM*, 896 F.3d at 451.  Here, the standard is only partially incorporated into law in that the regulation specifically incorporates the "full text of the referenced test procedures," and not the entire standard.  Defendant's wholesale reproduction is thus "harder to justify."  *Id.*  However, the regulation does not identify which portions of the standard are relevant to that referenced test procedure.

o <u>Third Factor</u>:  The incorporating regulation does not indicate which specific provisions of the standard are relevant for regulatory compliance, suggesting that "a greater amount of the standard's text might be fairly reproduced."  *Id.*

o <u>Fourth Factor</u>:  Defendant's reproductions have not had a "substantially adverse impact on the potential market for the originals," nor have Plaintiffs shown by a preponderance of the evidence that there is a meaningful likelihood of future harm."  Memo Op. at 30–36 (internal quotation and citation marks omitted).

o <u>Conclusion</u>:  Defendant may fairly reproduce this incorporated standard in its entirety.

**107.**     **ASTM D3588 (1998):**

o The parties identify 40 C.F.R. § 75.6 (2010) as the incorporating by reference regulation, *see* Becker Decl. ¶ 57, Ex. 90; Wise Decl., Ex. 176, which incorporates the standard into appendices D and F.  Those appendices require the determination of "[gross caloric value] of each gaseous fuel at the frequency specified in this section" using either ASTM D3588 or another standard incorporated therein.  40 C.F.R. § 75, App. D, 2.3.4; *accord* § 75, App. F.  These regulations do not specify that only certain provisions of ASTM D3588 (1998) are incorporated by reference into law, nor do they indicate which specific provisions of ASTM 3588 (1998) are relevant for compliance

with the regulation.

o <u>First Factor</u>: There is no indication that Defendant stands to profit from republishing this standard; Defendant's apparent purpose is to inform the public about the law and facilitate public debate. *See ASTM*, 896 F.3d at 449; Def's 2d Mot. at 16. Defendant's "attempt to freely distribute standards incorporated by reference into law qualifie[s] as a use that further[s] the purposes of the fair use defense." *ASTM*, 896 F.3d at 449. Further, the incorporated standard provides information essential for a private entity to comprehend its legal duties, which weighs heavily in favor of permitting Defendant's reproduction. *See ASTM*, 896 F.3d at 450.

o <u>Second Factor</u>: The "express text of the law falls plainly outside the realm of copyright protection." *ASTM*, 896 F.3d at 451. Here, the standard is incorporated into law without limitation such that "the consequence of the incorporation by reference is virtually indistinguishable from a situation in which the standard had been expressly copied into law." *Id.* at 452. Accordingly, "this factor weighs heavily in favor of fair use." *Id.*

o <u>Third Factor</u>: The incorporating regulation does not specify that only certain provisions of this standard are incorporated by reference into law, nor does it indicate which specific provisions of the standard are relevant for regulatory compliance, suggesting that "a greater amount of the standard's text might be fairly reproduced." *Id.*

o <u>Fourth Factor</u>: Defendant's reproductions have not had a "substantially adverse impact on the potential market for the originals," nor have Plaintiffs shown by a preponderance of the evidence that there is a meaningful likelihood of future harm." Memo Op. at 30–36 (internal quotation and citation marks omitted).

o <u>Conclusion</u>: Defendant may fairly reproduce this incorporated standard in its entirety.

**108.    ASTM D396 (1998):**

o The parties identify 40 C.F.R. § 60.17 (2011) as the incorporating by reference regulation, *see* Becker Decl. ¶ 57, Ex. 90; Wise Decl., Ex. 176, which incorporates the standard into §§ 60.41b of subpart Db, 60.41c of subpart Dc, 60.111(b) of subpart K, and 60.111a(b) of subpart Ka. Those sections require compliance with ASTM D396 in a variety of contexts, and they do not specify that only certain provisions of ASTM D396 (1998) are incorporated by reference into law, nor do they indicate which specific provisions of ASTM D396 (1998) are relevant for compliance with the regulation.

o <u>First Factor</u>: There is no indication that Defendant stands to profit from republishing this standard; Defendant's apparent purpose is to inform the public about the law and facilitate public debate. *See ASTM*, 896 F.3d at 449; Def's 2d Mot. at 16. Defendant's "attempt to freely distribute standards incorporated by reference into law qualifie[s] as a use that further[s] the purposes of the fair use defense." *ASTM*, 896 F.3d at 449. Further, the incorporated standard provides information essential for a private entity to comprehend its legal duties, which weighs heavily in favor of permitting Defendant's reproduction. *See ASTM*, 896 F.3d at 450.

o <u>Second Factor</u>: The "express text of the law falls plainly outside the realm of copyright protection." *ASTM*, 896 F.3d at 451. Here, the standard is incorporated into law without limitation such that "the consequence of the incorporation by reference is

virtually indistinguishable from a situation in which the standard had been expressly copied into law." *Id.* at 452. Accordingly, "this factor weighs heavily in favor of fair use." *Id.*

o  <u>Third Factor</u>:  The incorporating regulation does not specify that only certain provisions of this standard are incorporated by reference into law, nor does it indicate which specific provisions of the standard are relevant for regulatory compliance, suggesting that "a greater amount of the standard's text might be fairly reproduced." *Id.*

o  <u>Fourth Factor</u>:  Defendant's reproductions have not had a "substantially adverse impact on the potential market for the originals," nor have Plaintiffs shown by a preponderance of the evidence that there is a meaningful likelihood of future harm." Memo Op. at 30–36 (internal quotation and citation marks omitted).

o  <u>Conclusion</u>:  Defendant may fairly reproduce this incorporated standard in its entirety.

**109.  ASTM D4177 (1995):**

o  The parties identify 40 C.F.R. § 60.17 (2011) as the incorporating by reference regulation, *see* Becker Decl. ¶ 57, Ex. 90; Wise Decl., Ex. 176, which incorporates the standard into 40 C.F.R. § 60, appendix A: Method 19, Section 12.5.2.2.1. Method 19 provides data reduction procedures relating to various pollutants and requires that entities "[f]ollow the procedures for continuous sampling in ASTM D 270 or D4177-95) . . . for each gross sample from each fuel lot." *Id.* The regulation does not specify that only certain provisions of ASTM D4177 (1995) are incorporated by reference into law, nor does it indicate which specific provisions of ASTM D4177 (1995) are relevant for compliance with the regulation.

o  <u>First Factor</u>:  There is no indication that Defendant stands to profit from republishing this standard; Defendant's apparent purpose is to inform the public about the law and facilitate public debate. *See ASTM*, 896 F.3d at 449; Def's 2d Mot. at 16. Defendant's "attempt to freely distribute standards incorporated by reference into law qualifie[s] as a use that further[s] the purposes of the fair use defense." *ASTM*, 896 F.3d at 449. Further, the incorporated standard provides information essential for a private entity to comprehend its legal duties, which weighs heavily in favor of permitting Defendant's reproduction. *See ASTM*, 896 F.3d at 450.

o  <u>Second Factor</u>:  The "express text of the law falls plainly outside the realm of copyright protection." *ASTM*, 896 F.3d at 451. Here, the standard is incorporated into law without limitation such that "the consequence of the incorporation by reference is virtually indistinguishable from a situation in which the standard had been expressly copied into law." *Id.* at 452. Accordingly, "this factor weighs heavily in favor of fair use." *Id.*

o  <u>Third Factor</u>:  The incorporating regulation does not specify that only certain provisions of this standard are incorporated by reference into law, nor does it indicate which specific provisions of the standard are relevant for regulatory compliance, suggesting that "a greater amount of the standard's text might be fairly reproduced." *Id.*

o  <u>Fourth Factor</u>:  Defendant's reproductions have not had a "substantially adverse impact on the potential market for the originals," nor have Plaintiffs shown by a preponderance of the evidence that there is a meaningful likelihood of future harm." Memo Op. at 30–

36 (internal quotation and citation marks omitted).

o <u>Conclusion</u>: Defendant may fairly reproduce this incorporated standard in its entirety.

**110.     ASTM D4268 (1993):**

o The parties identify 33 C.F.R. § 164.03 (2014) as the incorporating by reference regulation, *see* Becker Decl. ¶ 57, Ex. 90; Wise Decl., Ex. 176, which incorporates the standard for 33 C.F.R. § 164.74. Section 164.74 requires that the "condition of each towline must be monitored" in part by "[k]eeping on board the towing vessel or in company files of a record of the towline's initial minimum breaking strength as determined by the manufacturer, by a classification ("class") society authorized in §157.04 of this chapter, or by a tensile test that meets" either ASTM D4268 or another enumerated standard. 33 C.F.R. § 164.74(a)(3)(i). The regulation does not specify that only certain provisions of ASTM D4268 (1993) are incorporated by reference into law, nor does it indicate which specific provisions of ASTM D4268 (1993) are relevant for compliance with the regulation.

o <u>First Factor</u>: There is no indication that Defendant stands to profit from republishing this standard; Defendant's apparent purpose is to inform the public about the law and facilitate public debate. *See ASTM*, 896 F.3d at 449; Def's 2d Mot. at 16. Defendant's "attempt to freely distribute standards incorporated by reference into law qualifie[s] as a use that further[s] the purposes of the fair use defense." *ASTM*, 896 F.3d at 449. Further, the incorporated standard provides information essential for a private entity to comprehend its legal duties, which weighs heavily in favor of permitting Defendant's reproduction. *See ASTM*, 896 F.3d at 450.

o <u>Second Factor</u>: The "express text of the law falls plainly outside the realm of copyright protection." *ASTM*, 896 F.3d at 451. Here, the standard is incorporated into law without limitation such that "the consequence of the incorporation by reference is virtually indistinguishable from a situation in which the standard had been expressly copied into law." *Id.* at 452. Accordingly, "this factor weighs heavily in favor of fair use." *Id.*

o <u>Third Factor</u>: The incorporating regulation does not specify that only certain provisions of this standard are incorporated by reference into law, nor does it indicate which specific provisions of the standard are relevant for regulatory compliance, suggesting that "a greater amount of the standard's text might be fairly reproduced." *Id.*

o <u>Fourth Factor</u>: Defendant's reproductions have not had a "substantially adverse impact on the potential market for the originals," nor have Plaintiffs shown by a preponderance of the evidence that there is a meaningful likelihood of future harm." Memo Op. at 30–36 (internal quotation and citation marks omitted).

o <u>Conclusion</u>: Defendant may fairly reproduce this incorporated standard in its entirety.

**111.     ASTM D4294 (1998):**

o The parties identify 40 C.F.R. § 75.6 (2010) as the incorporating by reference regulation, *see* Becker Decl. ¶ 57, Ex. 90; Wise Decl., Ex. 176, which incorporates the standard into appendices A and D. Those appendices require performing fuel sampling to determine the "MTC" using several standards, including ASTM D4294-

98, *see* 40 C.F.R. § 75, App. A, 2.1.1.2(c), and analyzing "oil samples for percent sulfur content by weight in accordance with" a number of standards, including ASTM D4294-98, *see id.* § 75, App. A, 2.1.5. The regulations do not specify that only certain provisions of ASTM D4294 (1998) are incorporated by reference into law, nor does it indicate which specific provisions of ASTM D4294 (1998) are relevant for compliance with the regulation.

o First Factor: There is no indication that Defendant stands to profit from republishing this standard; Defendant's apparent purpose is to inform the public about the law and facilitate public debate. *See ASTM*, 896 F.3d at 449; Def's 2d Mot. at 16. Defendant's "attempt to freely distribute standards incorporated by reference into law qualifie[s] as a use that further[s] the purposes of the fair use defense." *ASTM*, 896 F.3d at 449. Further, the incorporated standard provides information essential for a private entity to comprehend its legal duties, which weighs heavily in favor of permitting Defendant's reproduction. *See ASTM*, 896 F.3d at 450.

o Second Factor: The "express text of the law falls plainly outside the realm of copyright protection." *ASTM*, 896 F.3d at 451. Here, the standard is incorporated into law without limitation such that "the consequence of the incorporation by reference is virtually indistinguishable from a situation in which the standard had been expressly copied into law." *Id.* at 452. Accordingly, "this factor weighs heavily in favor of fair use." *Id.*

o Third Factor: The incorporating regulation does not specify that only certain provisions of this standard are incorporated by reference into law, nor does it indicate which specific provisions of the standard are relevant for regulatory compliance, suggesting that "a greater amount of the standard's text might be fairly reproduced." *Id.*

o Fourth Factor: Defendant's reproductions have not had a "substantially adverse impact on the potential market for the originals," nor have Plaintiffs shown by a preponderance of the evidence that there is a meaningful likelihood of future harm." Memo Op. at 30–36 (internal quotation and citation marks omitted).

o Conclusion: Defendant may fairly reproduce this incorporated standard in its entirety.

**112.     ASTM D4329 (1999):**

o The parties identify 49 C.F.R. § 571.5 (2014) as the incorporating by reference regulation, *see* Becker Decl. ¶ 57, Ex. 90; Wise Decl., Ex. 176, which incorporates the standard into 49 C.F.R. § 571.106. Section 571.106 requires that certain test standards be in accordance with three standards, including ASTM D4329-99, and that "[i]f multiple plastic brake tubing assemblies are tested, then their position in the machine should be rotated according to ASTM D4329–99." 49 C.F.R. § 571.106, S12.7(b)-(c)(2). The regulation does not specify that only certain provisions of ASTM D4329 (1999) are incorporated by reference into law, nor does it indicate which specific provisions of ASTM D4329 (1999) are relevant for compliance with the regulation.

o First Factor: There is no indication that Defendant stands to profit from republishing this standard; Defendant's apparent purpose is to inform the public about the law and facilitate public debate. *See ASTM*, 896 F.3d at 449; Def's 2d Mot. at 16. Defendant's

"attempt to freely distribute standards incorporated by reference into law qualifie[s] as a use that further[s] the purposes of the fair use defense." *ASTM*, 896 F.3d at 449. Further, the incorporated standard provides information essential for a private entity to comprehend its legal duties, which weighs heavily in favor of permitting Defendant's reproduction. *See ASTM*, 896 F.3d at 450.

o <u>Second Factor</u>:  The "express text of the law falls plainly outside the realm of copyright protection." *ASTM*, 896 F.3d at 451.  Here, the standard is incorporated into law without limitation such that "the consequence of the incorporation by reference is virtually indistinguishable from a situation in which the standard had been expressly copied into law." *Id.* at 452.  Accordingly, "this factor weighs heavily in favor of fair use." *Id.*

o <u>Third Factor</u>:  The incorporating regulation does not specify that only certain provisions of this standard are incorporated by reference into law, nor does it indicate which specific provisions of the standard are relevant for regulatory compliance, suggesting that "a greater amount of the standard's text might be fairly reproduced." *Id.*

o <u>Fourth Factor</u>:  Defendant's reproductions have not had a "substantially adverse impact on the potential market for the originals," nor have Plaintiffs shown by a preponderance of the evidence that there is a meaningful likelihood of future harm." Memo Op. at 30–36 (internal quotation and citation marks omitted).

o <u>Conclusion</u>:  Defendant may fairly reproduce this incorporated standard in its entirety.

113.    **ASTM D4809 (1995):**

o The parties identify 40 C.F.R. § 61.18 (2014) as the incorporating by reference regulation, *see* Becker Decl. ¶ 57, Ex. 90; Wise Decl., Ex. 176,  which incorporates the standard into 40 C.F.R. § 61.245(e)(3).  Section 61.245(e)(3) requires that the "net heating value of the gas being combusted in a flare shall be calculated using" a specified equation, one factor of which is determined using ASTM D4809 "if published values are not available or cannot be calculated."  The regulation does not specify that only certain provisions of ASTM D4809 (1995) are incorporated by reference into law, nor does it indicate which specific provisions of ASTM D4809 (1995) are relevant for compliance with the regulation.

o <u>First Factor</u>:  There is no indication that Defendant stands to profit from republishing this standard; Defendant's apparent purpose is to inform the public about the law and facilitate public debate. *See ASTM*, 896 F.3d at 449; Def's 2d Mot. at 16.  Defendant's "attempt to freely distribute standards incorporated by reference into law qualifie[s] as a use that further[s] the purposes of the fair use defense." *ASTM*, 896 F.3d at 449. Further, the incorporated standard provides information essential for a private entity to comprehend its legal duties, which weighs heavily in favor of permitting Defendant's reproduction. *See ASTM*, 896 F.3d at 450.

o <u>Second Factor</u>:  The "express text of the law falls plainly outside the realm of copyright protection." *ASTM*, 896 F.3d at 451.  Here, the standard is incorporated into law without limitation such that "the consequence of the incorporation by reference is virtually indistinguishable from a situation in which the standard had been expressly copied into law." *Id.* at 452.  Accordingly, "this factor weighs heavily in favor of fair

use." *Id.*

o <u>Third Factor</u>:  The incorporating regulation does not specify that only certain provisions of this standard are incorporated by reference into law, nor does it indicate which specific provisions of the standard are relevant for regulatory compliance, suggesting that "a greater amount of the standard's text might be fairly reproduced."  *Id.*

o <u>Fourth Factor</u>:  Defendant's reproductions have not had a "substantially adverse impact on the potential market for the originals," nor have Plaintiffs shown by a preponderance of the evidence that there is a meaningful likelihood of future harm."  Memo Op. at 30–36 (internal quotation and citation marks omitted).

o <u>Conclusion</u>:  Defendant may fairly reproduce this incorporated standard in its entirety.

114.       **ASTM D4986 (1998):**

o The parties identify 46 C.F.R. § 32.01-1 (2014) as the incorporating by reference regulation, *see* Becker Decl. ¶ 57, Ex. 90; Wise Decl., Ex. 176, which incorporates the standard into 46 C.F.R. § 32.57-10.  Section 32.57-10 requires that "[e]xcept as provided in paragraph (d)(7–a) of this section, ceilings, linings, and insulation, including pipe and duct laggings, must be made of approved incombustible material," and that "[c]ombustible insulations and vapor barriers that have a maximum extent of burning of 122 millimeters (5 inches) or less when tested in accordance with ASTM D 4986."  46 C.F.R. § 32.57-10(d)(7)-(7-a).  The regulation does not specify that only certain provisions of ASTM D4986 (1998) are incorporated by reference into law, nor does it indicate which specific provisions of ASTM D4986 (1998) are relevant for compliance with the regulation.

o <u>First Factor</u>:  There is no indication that Defendant stands to profit from republishing this standard; Defendant's apparent purpose is to inform the public about the law and facilitate public debate.  *See ASTM*, 896 F.3d at 449; Def's 2d Mot. at 16.  Defendant's "attempt to freely distribute standards incorporated by reference into law qualifie[s] a use that further[s] the purposes of the fair use defense."  *ASTM*, 896 F.3d at 449.  Further, the incorporated standard provides information essential for a private entity to comprehend its legal duties, which weighs heavily in favor of permitting Defendant's reproduction.  *See ASTM*, 896 F.3d at 450.

o <u>Second Factor</u>:  The "express text of the law falls plainly outside the realm of copyright protection."  *ASTM*, 896 F.3d at 451.  Here, the standard is incorporated into law without limitation such that "the consequence of the incorporation by reference is virtually indistinguishable from a situation in which the standard had been expressly copied into law."  *Id.* at 452.  Accordingly, "this factor weighs heavily in favor of fair use."  *Id.*

o <u>Third Factor</u>:  The incorporating regulation does not specify that only certain provisions of this standard are incorporated by reference into law, nor does it indicate which specific provisions of the standard are relevant for regulatory compliance, suggesting that "a greater amount of the standard's text might be fairly reproduced."  *Id.*

o <u>Fourth Factor</u>:  Defendant's reproductions have not had a "substantially adverse impact on the potential market for the originals," nor have Plaintiffs shown by a preponderance of the evidence that there is a meaningful likelihood of future harm."  Memo Op. at 30–

36 (internal quotation and citation marks omitted).

o <u>Conclusion</u>:  Defendant may fairly reproduce this incorporated standard in its entirety.

**115.   ASTM D5257 (1997):**

o The parties identify 40 C.F.R. § 136.3 (2010) as the incorporating by reference regulation, *see* Becker Decl. ¶ 57, Ex. 90; Wise Decl., Ex. 176, which incorporates the "full text" of the standard's "referenced test procedures" into 40 § 136.3(a), Table IB, *see* 40 C.F.R. § 136.3(a), and requires that those procedures "shall, except as noted in § 136.5, be used to perform the measurements indicated whenever the waste constituent specified is required to be measured" for specified application, reports, and certifications, *see id.* § 163.1(a).  Table IB lists ASTM D5257 as the approved inorganic test procedure required under certain circumstances.  The regulation does not specify that only certain provisions of ASTM D5257 (1997) are incorporated by reference into law, nor does it indicate which specific provisions of ASTM D5257 (1997) are relevant for compliance with the regulation.

o <u>First Factor</u>:  There is no indication that Defendant stands to profit from republishing this standard; Defendant's apparent purpose is to inform the public about the law and facilitate public debate.  *See ASTM*, 896 F.3d at 449; Def's 2d Mot. at 16.  Defendant's "attempt to freely distribute standards incorporated by reference into law qualifie[s] as a use that further[s] the purposes of the fair use defense."  *ASTM*, 896 F.3d at 449.  Further, the incorporated standard provides information essential for a private entity to comprehend its legal duties, which weighs heavily in favor of permitting Defendant's reproduction.  *See ASTM*, 896 F.3d at 450.

o <u>Second Factor</u>:  The "express text of the law falls plainly outside the realm of copyright protection."  *ASTM*, 896 F.3d at 451.  Here, the standard is incorporated into law without limitation such that "the consequence of the incorporation by reference is virtually indistinguishable from a situation in which the standard had been expressly copied into law."  *Id.* at 452.  Accordingly, "this factor weighs heavily in favor of fair use."  *Id.*

o <u>Third Factor</u>:  The incorporating regulation does not specify that only certain provisions of this standard are incorporated by reference into law, nor does it indicate which specific provisions of the standard are relevant for regulatory compliance, suggesting that "a greater amount of the standard's text might be fairly reproduced."  *Id.*

o <u>Fourth Factor</u>:  Defendant's reproductions have not had a "substantially adverse impact on the potential market for the originals," nor have Plaintiffs shown by a preponderance of the evidence that there is a meaningful likelihood of future harm."  Memo Op. at 30–36 (internal quotation and citation marks omitted).

o <u>Conclusion</u>:  Defendant may fairly reproduce this incorporated standard in its entirety.

**116.   ASTM D5673 (1996):**

o The parties identify 40 C.F.R. § 444.12 (2004) as the incorporating by reference regulation, *see* Becker Decl. ¶ 57, Ex. 90; Wise Decl., Ex. 176, which incorporates the "full text of" the standard's "methods" into 40 C.F.R. § 444.12(b)(1).  Section 444.12 also states that "[c]ompliance with the [regulation's] monitoring requirements

may be accomplished using approved test procedures listed" in the table of "List of Approved Inorganic Test Procedures."  40 C.F.R. § 444.12(b)(1).  That table lists ASTM D5673 as the approved inorganic test procedure required in seven specific circumstances.  The regulation does not specify that only certain provisions of ASTM D5673 (1996) are incorporated by reference into law, nor does it indicate which specific provisions of ASTM D5673 (1996) are relevant for compliance with the regulation.

o  First Factor:  There is no indication that Defendant stands to profit from republishing this standard; Defendant's apparent purpose is to inform the public about the law and facilitate public debate.  *See ASTM*, 896 F.3d at 449; Def's 2d Mot. at 16.  Defendant's "attempt to freely distribute standards incorporated by reference into law qualifie[s] a use that further[s] the purposes of the fair use defense."  *ASTM*, 896 F.3d at 449.  Further, the incorporated standard provides information essential for a private entity to comprehend its legal duties, which weighs heavily in favor of permitting Defendant's reproduction.  *See ASTM*, 896 F.3d at 450.

o  Second Factor:  The "express text of the law falls plainly outside the realm of copyright protection."  *ASTM*, 896 F.3d at 451.  Here, the standard is incorporated into law without limitation such that "the consequence of the incorporation by reference is virtually indistinguishable from a situation in which the standard had been expressly copied into law."  *Id.* at 452.  Accordingly, "this factor weighs heavily in favor of fair use."  *Id.*

o  Third Factor:  The incorporating regulation does not specify that only certain provisions of this standard are incorporated by reference into law, nor does it indicate which specific provisions of the standard are relevant for regulatory compliance, suggesting that "a greater amount of the standard's text might be fairly reproduced."  *Id.*

o  Fourth Factor:  Defendant's reproductions have not had a "substantially adverse impact on the potential market for the originals," nor have Plaintiffs shown by a preponderance of the evidence that there is a meaningful likelihood of future harm."  Memo Op. at 30–36 (internal quotation and citation marks omitted).

o  Conclusion:  Defendant may fairly reproduce this incorporated standard in its entirety.

**117.  ASTM D6216 (1998):**

o  The parties identify 40 C.F.R. § 60.17 (2011) as the incorporating by reference regulation, *see* Becker Decl. ¶ 57, Ex. 90; Wise Decl., Ex. 176, which incorporates the standard for 40 C.F.R. § 60, appendix B, Performance Specification 1.  Appendix B provides that "ASTM D 6216–98 is the reference for design specifications, manufacturer's performance specifications, and test procedures. The opacity monitor manufacturer must periodically select and test an opacity monitor, that is representative of a group of monitors produced during a specified period or lot, for conformance with the design specifications in ASTM D 6216–98. The opacity monitor manufacturer must test each opacity monitor for conformance with the manufacturer's performance specifications in ASTM D 6216–98."  40 C.F.R. § 60, appendix B, Performance Specifications, 2.1.  Appendix B also provides several other requirements necessitating knowledge of ASTM D6216, including that "You, as owner or operator, are responsible

for purchasing an opacity monitor that meets the specifications of ASTM D 6216–98," *id.* at 6.1, and that an owner or operator "must purchase an opacity monitor that complies with ASTM D 6216–98, *id.* at 8.1(1). These regulations do not specify that only certain provisions of ASTM D6216 (1998) are incorporated by reference into law, nor does it indicate which specific provisions of ASTM D6216 (1998) are relevant for compliance with the regulation.

o First Factor: There is no indication that Defendant stands to profit from republishing this standard; Defendant's apparent purpose is to inform the public about the law and facilitate public debate. *See ASTM*, 896 F.3d at 449; Def's 2d Mot. at 16. Defendant's "attempt to freely distribute standards incorporated by reference into law qualifie[s] as a use that further[s] the purposes of the fair use defense." *ASTM*, 896 F.3d at 449. Further, the incorporated standard provides information essential for a private entity to comprehend its legal duties, which weighs heavily in favor of permitting Defendant's reproduction. *See ASTM*, 896 F.3d at 450.

o Second Factor: The "express text of the law falls plainly outside the realm of copyright protection." *ASTM*, 896 F.3d at 451. Here, the standard is incorporated into law without limitation such that "the consequence of the incorporation by reference is virtually indistinguishable from a situation in which the standard had been expressly copied into law." *Id.* at 452. Accordingly, "this factor weighs heavily in favor of fair use." *Id.*

o Third Factor: The incorporating regulation does not specify that only certain provisions of this standard are incorporated by reference into law, nor does it indicate which specific provisions of the standard are relevant for regulatory compliance, suggesting that "a greater amount of the standard's text might be fairly reproduced." *Id.*

o Fourth Factor: Defendant's reproductions have not had a "substantially adverse impact on the potential market for the originals," nor have Plaintiffs shown by a preponderance of the evidence that there is a meaningful likelihood of future harm." Memo Op. at 30–36 (internal quotation and citation marks omitted).

o Conclusion: Defendant may fairly reproduce this incorporated standard in its entirety.

**118.    ASTM D6228 (1998):**

o The parties identify 40 C.F.R. § 60.17 (2011) as the incorporating by reference regulation, *see* Becker Decl. ¶ 57, Ex. 90; Wise Decl., Ex. 176, which incorporates the standard for §§ 60.4360 and 60.4415. Section 60.4360 requires that "[y]ou must monitor the total sulfur content of the fuel being fired in the turbine," and when "the total sulfur content of the gaseous fuel during the most recent performance test was less than half the applicable limit," then it is appropriate to use ASTM D6228 to measure the major sulfur compounds. 40 C.F.R. § 60.4360. Section 60.4415 provides requirements for conducting initial and subsequent performance tests for sulfur and requires the analysis of samples for total sulfur content of gaseous fuels using ASTM D6228 or one of seven other enumerated standards. *See id.* § 60.4415(a)(1)(ii). These regulations do not specify that only certain provisions of ASTM D6228 (1998) are incorporated by reference into law, nor do they indicate which specific provisions of ASTM D6228 (1998) are relevant for compliance with the regulations.

o <u>First Factor</u>:  There is no indication that Defendant stands to profit from republishing this standard; Defendant's apparent purpose is to inform the public about the law and facilitate public debate.  *See ASTM*, 896 F.3d at 449; Def's 2d Mot. at 16.  Defendant's "attempt to freely distribute standards incorporated by reference into law qualifie[s] as a use that further[s] the purposes of the fair use defense."  *ASTM*, 896 F.3d at 449.  Further, the incorporated standard provides information essential for a private entity to comprehend its legal duties, which weighs heavily in favor of permitting Defendant's reproduction.  *See ASTM*, 896 F.3d at 450.

o <u>Second Factor</u>:  The "express text of the law falls plainly outside the realm of copyright protection."  *ASTM*, 896 F.3d at 451.  Here, the standard is incorporated into law without limitation such that "the consequence of the incorporation by reference is virtually indistinguishable from a situation in which the standard had been expressly copied into law."  *Id.* at 452.  Accordingly, "this factor weighs heavily in favor of fair use."  *Id.*

o <u>Third Factor</u>:  The incorporating regulation does not specify that only certain provisions of this standard are incorporated by reference into law, nor does it indicate which specific provisions of the standard are relevant for regulatory compliance, suggesting that "a greater amount of the standard's text might be fairly reproduced."  *Id.*

o <u>Fourth Factor</u>:  Defendant's reproductions have not had a "substantially adverse impact on the potential market for the originals," nor have Plaintiffs shown by a preponderance of the evidence that there is a meaningful likelihood of future harm."  Memo Op. at 30–36 (internal quotation and citation marks omitted).

o <u>Conclusion</u>:  Defendant may fairly reproduce this incorporated standard in its entirety.

**119.      ASTM D6420 (1999):**

o The parties identify 40 C.F.R. § 63.14 (2019) as the incorporating by reference regulation, *see* Becker Decl. ¶ 57, Ex. 90; Wise Decl., Ex. 176, which incorporates the standard for §§63.5799, 63.5850, and Table 4 of Subpart UUUU.  Some of those sections incorporate ASTM D6420 as a discretionary or reference procedure.  For example, section 63.2354 provides that "[y]ou *may* use ASTM D6420–99 . . . as an alternative to EPA Method 18 if the target concentration is between 150 parts per billion by volume and 100 ppmv and either of the conditions specified in paragraph (b)(2)(ii)(A) or (B) of this section exists."  40 C.F.R. § 63.2354(b)(3)(ii).  Other provisions, however, incorporate the standard in a manner that imposes a legal obligation to adhere to the standard.  *See id.* § 63, Subpart UUUU, Table 4 (requiring that "you must" use either EPA Method 18 or ASTM D6420 when measuring toluene emissions at each existing or new cellophane operation); *see also id.* § 63.5850(e)(4)(ii) ("If the target compound(s) is not listed in Section 1.1 of ASTM D6420–99, but is potentially detected by mass spectrometry, an additional system continuing calibration check after each run, as detailed in Section 10.5.3 of ASTM D6420–99, must be followed, met, documented, and submitted with the performance test report even if you do not use a moisture condenser or the compound is not considered soluble.").  The regulation does not specify that only certain provisions of ASTM D6420 (1999) are incorporated by reference into law, nor do they indicate all specific provisions of ASTM D6420 (1999) that are relevant for compliance with the regulation.

- o <u>First Factor</u>:  There is no indication that Defendant stands to profit from republishing this standard; Defendant's apparent purpose is to inform the public about the law and facilitate public debate.  *See ASTM*, 896 F.3d at 449; Def's 2d Mot. at 16.  Defendant's "attempt to freely distribute standards incorporated by reference into law qualifie[s] as a use that further[s] the purposes of the fair use defense."  *ASTM*, 896 F.3d at 449.  Further, the incorporated standard provides information essential for a private entity to comprehend its legal duties, which weighs heavily in favor of permitting Defendant's reproduction.  *See ASTM*, 896 F.3d at 450.

- o <u>Second Factor</u>:  The "express text of the law falls plainly outside the realm of copyright protection."  *ASTM*, 896 F.3d at 451.  Here, the standard is incorporated into law without limitation such that "the consequence of the incorporation by reference is virtually indistinguishable from a situation in which the standard had been expressly copied into law." *Id.* at 452.  Accordingly, "this factor weighs heavily in favor of fair use." *Id.*

- o <u>Third Factor</u>:  The incorporating regulation does not specify that only certain provisions of this standard are incorporated by reference into law, nor does it indicate which specific provisions of the standard are relevant for regulatory compliance, suggesting that "a greater amount of the standard's text might be fairly reproduced." *Id.*

- o <u>Fourth Factor</u>:  Defendant's reproductions have not had a "substantially adverse impact on the potential market for the originals," nor have Plaintiffs shown by a preponderance of the evidence that there is a meaningful likelihood of future harm."  Memo Op. at 30– 36 (internal quotation and citation marks omitted).

- o <u>Conclusion</u>:  Defendant may fairly reproduce this incorporated standard in its entirety.

**120.      ASTM D6503 (1999):**

- o The parties identify 40 C.F.R. § 163 (2010) as the incorporating by reference regulation, *see* Becker Decl. ¶ 57, Ex. 90; Wise Decl., Ex. 176, which incorporates the "full text" of the standard's "referenced test procedures" into section 163(a), *see* 40 C.F.R. § 136.3(a), and requires that those procedures "shall, except as noted in § 136.5, be used to perform the measurements indicated whenever the waste constituent specified is required to be measured" for specified application, reports, and certifications, *see id.* § 163.1(a).  Table IA identifies ASTM D6503 as containing the approved biological method for wastewater and sewar sludge under certain conditions.  The regulation does not specify that only certain provisions of ASTM D6503 (1999) are incorporated by reference into law, nor does it indicate which specific provisions of ASTM D6503 (1999) are relevant for compliance with the regulation.

- o <u>First Factor</u>:  There is no indication that Defendant stands to profit from republishing this standard; Defendant's apparent purpose is to inform the public about the law and facilitate public debate.  *See ASTM*, 896 F.3d at 449; Def's 2d Mot. at 16.  Defendant's "attempt to freely distribute standards incorporated by reference into law qualifie[s] as a use that further[s] the purposes of the fair use defense."  *ASTM*, 896 F.3d at 449.  Further, the incorporated standard provides information essential for a private entity to comprehend its legal duties, which weighs heavily in favor of permitting Defendant's reproduction.  *See ASTM*, 896 F.3d at 450.

- o  Second Factor:  The "express text of the law falls plainly outside the realm of copyright protection."  *ASTM*, 896 F.3d at 451.  Here, the standard is incorporated into law without limitation such that "the consequence of the incorporation by reference is virtually indistinguishable from a situation in which the standard had been expressly copied into law."  *Id.* at 452.  Accordingly, "this factor weighs heavily in favor of fair use."  *Id.*

- o  Third Factor:  The incorporating regulation does not specify that only certain provisions of this standard are incorporated by reference into law, nor does it indicate which specific provisions of the standard are relevant for regulatory compliance, suggesting that "a greater amount of the standard's text might be fairly reproduced."  *Id.*

- o  Fourth Factor:  Defendant's reproductions have not had a "substantially adverse impact on the potential market for the originals," nor have Plaintiffs shown by a preponderance of the evidence that there is a meaningful likelihood of future harm."  Memo Op. at 30–36 (internal quotation and citation marks omitted).

- o  Conclusion:  Defendant may fairly reproduce this incorporated standard in its entirety.

**121.**      **ASTM D86 (2007):**

- o  The parties identify 40 C.F.R. § 80.47 (2017) as the incorporating by reference regulation, *see* Becker Decl. ¶ 57, Ex. 90; Wise Decl., Ex. 176, which incorporates the standard without limit or reference to any specific provision of the regulation, *see* 40 C.F.R. § 80.47(r)(1).  Section 80.46 requires that "[s]ulfur content of gasoline and butane must be determined" using specific methods, including that "[t]hrough December 31, 2015, distillation parameters must be determined using ASTM D86."  40 C.F.R. § 80.47(a), (d).  The regulation does not specify that only certain provisions of ASTM D86 (2007) are incorporated by reference into law, nor does it indicate which specific provisions of ASTM D86 (2007) are relevant for compliance with the regulation.

- o  First Factor:  There is no indication that Defendant stands to profit from republishing this standard; Defendant's apparent purpose is to inform the public about the law and facilitate public debate.  *See ASTM*, 896 F.3d at 449; Def's 2d Mot. at 16.  Defendant's "attempt to freely distribute standards incorporated by reference into law qualifie[s] as a use that further[s] the purposes of the fair use defense."  *ASTM*, 896 F.3d at 449.  Further, the incorporated standard provides information essential for a private entity to comprehend its legal duties, which weighs heavily in favor of permitting Defendant's reproduction.  *See ASTM*, 896 F.3d at 450.

- o  Second Factor:  The "express text of the law falls plainly outside the realm of copyright protection."  *ASTM*, 896 F.3d at 451.  Here, the standard is incorporated into law without limitation such that "the consequence of the incorporation by reference is virtually indistinguishable from a situation in which the standard had been expressly copied into law."  *Id.* at 452.  Accordingly, "this factor weighs heavily in favor of fair use."  *Id.*

- o  Third Factor:  The incorporating regulation does not specify that only certain provisions of this standard are incorporated by reference into law, nor does it indicate which specific provisions of the standard are relevant for regulatory compliance, suggesting

that "a greater amount of the standard's text might be fairly reproduced." *Id.*

o <u>Fourth Factor</u>:  Defendant's reproductions have not had a "substantially adverse impact on the potential market for the originals," nor have Plaintiffs shown by a preponderance of the evidence that there is a meaningful likelihood of future harm."  Memo Op. at 30–36 (internal quotation and citation marks omitted).

o <u>Conclusion</u>:  Defendant may fairly reproduce this incorporated standard in its entirety.

**122.    ASTM D512 1989 (1999):**

o Defendant identifies 40 C.F.R. § 136.3(a), Table IB (2010) as the incorporating by reference regulation.  Becker Decl. ¶ 57, Ex. 90 at 73.  Section 136.3(a) states that the "full text of the referenced test procedures are incorporated by reference" into Table IB.  40 C.F.R. § 136.3(a).  Table IB references ASTM D512-89 (1999) (A), (B), and (C), apparent references to Test Methods A, B, and C, set forth in the standard. *See* ECF No. 199-3, Exhibit 149 Part 1 to Declaration of Jane W. Wise at 534-40. Accordingly, the regulation incorporates all three of the standard's test procedures.  The standard also includes background sections defining the standard's scope, referenced documents, terminology, significance and use, purity of reagents, and sampling, as well as an appendix, none of which are explicitly incorporated into law. *See id.*

o <u>First Factor</u>:  There is no indication that Defendant stands to profit from republishing this standard; Defendant's apparent purpose is to inform the public about the law and facilitate public debate. *See ASTM*, 896 F.3d at 449; Def's 2d Mot. at 16.  Defendant's "attempt to freely distribute standards incorporated by reference into law qualifie[s] a use that further[s] the purposes of the fair use defense." *ASTM*, 896 F.3d at 449. Further, the incorporated standard provides information essential for a private entity to comprehend its legal duties, which weighs heavily in favor of permitting Defendant's reproduction. *See ASTM*, 896 F.3d at 450.

o <u>Second Factor</u>:  The "express text of the law falls plainly outside the realm of copyright protection." *ASTM*, 896 F.3d at 451.  Here, the standard is only partially incorporated into law, such that Defendant's wholesale reproduction is "harder to justify." *Id.*

o <u>Third Factor</u>:  The incorporating regulation specifies that only specific portions of the standard are incorporated by reference into law, specifically, Test Procedures A, B, and C, which justifies posting the specific text of those provisions. *Id.*  Those test procedures, however, constitute a substantial portion of the standard republished by Defendant.  Moreover, copying and republishing the standard's background sections and appendix "are reasonable in relation to the purpose of the copying." *Campbell*, 510 U.S. at 586–87.

o <u>Fourth Factor</u>:  Defendant's reproductions have not had a "substantially adverse impact on the potential market for the originals," nor have Plaintiffs shown by a preponderance of the evidence that there is a meaningful likelihood of future harm."  Memo Op. at 30–36 (internal quotation and citation marks omitted).

o <u>Conclusion</u>:  Defendant may fairly reproduce this incorporated standard in its entirety.

**123.    ASTM E11 (1995):**

o The parties identify 33 C.F.R. § 159.4 (2014) as the incorporating by reference

regulation, *see* Becker Decl. ¶ 57, Ex. 90; Wise Decl., Ex. 176, which incorporates the standard into § 159.125.   Section 159.125 requires that "[d]uring the sewage processing test (§159.121) 40 effluent samples of approximately 1 liter each shall be taken from a Type I device at the same time as samples taken in §159.123 and passed expeditiously through a U.S. Sieve No. 12 as specified in ASTM E 11." 33 C.F.R. § 159.125.  The regulation does not specify that only certain provisions of ASTM E11 (1995) are incorporated by reference into law, nor does it indicate which specific provisions of ASTM E11 (1995) are relevant for compliance with the regulation.

o   First Factor:  There is no indication that Defendant stands to profit from republishing this standard; Defendant's apparent purpose is to inform the public about the law and facilitate public debate.  *See ASTM*, 896 F.3d at 449; Def's 2d Mot. at 16.  Defendant's "attempt to freely distribute standards incorporated by reference into law qualifie[s] as a use that further[s] the purposes of the fair use defense."  *ASTM*, 896 F.3d at 449. Further, the incorporated standard provides information essential for a private entity to comprehend its legal duties, which weighs heavily in favor of permitting Defendant's reproduction.  *See ASTM*, 896 F.3d at 450.

o   Second Factor:  The "express text of the law falls plainly outside the realm of copyright protection."  *ASTM*, 896 F.3d at 451.  Here, the standard is incorporated into law without limitation such that "the consequence of the incorporation by reference is virtually indistinguishable from a situation in which the standard had been expressly copied into law."  *Id.* at 452.  Accordingly, "this factor weighs heavily in favor of fair use."  *Id.*

o   Third Factor:  The incorporating regulation does not specify that only certain provisions of this standard are incorporated by reference into law, nor does it indicate which specific provisions of the standard are relevant for regulatory compliance, suggesting that "a greater amount of the standard's text might be fairly reproduced."  *Id.*

o   Fourth Factor:  Defendant's reproductions have not had a "substantially adverse impact on the potential market for the originals," nor have Plaintiffs shown by a preponderance of the evidence that there is a meaningful likelihood of future harm."  Memo Op. at 30–36 (internal quotation and citation marks omitted).

o   Conclusion:  Defendant may fairly reproduce this incorporated standard in its entirety.

**124.      ASTM E1337 1990 (1996):**

o   The parties identify 49 C.F.R. § 571.126 (2008) as the incorporating by reference regulation, *see* Becker Decl. ¶ 57, Ex. 90; Wise Decl., Ex. 176, which incorporates the standard in S6.2.2.  That section requires that "[t]he road test surface must produce a peak friction coefficient (PFC) of 0.9 when measured using an American Society for Testing and Materials (ASTM) E1136–93 (1993) standard reference test tire, in accordance with ASTM Method E 1337–90 (Reapproved 1996), at a speed of 64.4 km/h (40 mph), without water delivery." 49 C.F.R. § 571.126, S6.2.2.  The regulation does not specify that only certain provisions of ASTM E1337 1990 (1996) are incorporated by reference into law, nor does it indicate which specific provisions of ASTM E1337 1990 (1996) are relevant for compliance with the regulation.

o   First Factor:  There is no indication that Defendant stands to profit from republishing

this standard; Defendant's apparent purpose is to inform the public about the law and facilitate public debate. *See ASTM*, 896 F.3d at 449; Def's 2d Mot. at 16. Defendant's "attempt to freely distribute standards incorporated by reference into law qualifie[s] as a use that further[s] the purposes of the fair use defense." *ASTM*, 896 F.3d at 449. Further, the incorporated standard provides information essential for a private entity to comprehend its legal duties, which weighs heavily in favor of permitting Defendant's reproduction. *See ASTM*, 896 F.3d at 450.

o **Second Factor**: The "express text of the law falls plainly outside the realm of copyright protection." *ASTM*, 896 F.3d at 451. Here, the standard is incorporated into law without limitation such that "the consequence of the incorporation by reference is virtually indistinguishable from a situation in which the standard had been expressly copied into law." *Id.* at 452. Accordingly, "this factor weighs heavily in favor of fair use." *Id.*

o **Third Factor**: The incorporating regulation does not specify that only certain provisions of this standard are incorporated by reference into law, nor does it indicate which specific provisions of the standard are relevant for regulatory compliance, suggesting that "a greater amount of the standard's text might be fairly reproduced." *Id.*

o **Fourth Factor**: Defendant's reproductions have not had a "substantially adverse impact on the potential market for the originals," nor have Plaintiffs shown by a preponderance of the evidence that there is a meaningful likelihood of future harm." Memo Op. at 30–36 (internal quotation and citation marks omitted).

o **Conclusion**: Defendant may fairly reproduce this incorporated standard in its entirety.

125.    **ASTM E169 (1987):**

o The parties identify 40 C.F.R. § 260.11 (2011) as the incorporating by reference regulation, *see* Becker Decl. ¶ 57, Ex. 90; Wise Decl., Ex. 176, which incorporates the standard into § 264.1063. Section 264.1063 requires that "an owner or operator of a facility must determine, for each piece of equipment, whether the equipment contains or contacts a hazardous waste with organic concentration that equals or exceeds 10 percent by weight using . . . methods described in" ASTM E169-87. 40 C.F.R. § 264.1063(d)-(1). The regulation does not specify that only certain provisions of ASTM E169 (1987) are incorporated by reference into law, nor does it indicate which specific provisions of ASTM E169 (1987) are relevant for compliance with the regulation.

o **First Factor**: There is no indication that Defendant stands to profit from republishing this standard; Defendant's apparent purpose is to inform the public about the law and facilitate public debate. *See ASTM*, 896 F.3d at 449; Def's 2d Mot. at 16. Defendant's "attempt to freely distribute standards incorporated by reference into law qualifie[s] a use that further[s] the purposes of the fair use defense." *ASTM*, 896 F.3d at 449. Further, the incorporated standard provides information essential for a private entity to comprehend its legal duties, which weighs heavily in favor of permitting Defendant's reproduction. *See ASTM*, 896 F.3d at 450.

o **Second Factor**: The "express text of the law falls plainly outside the realm of copyright protection." *ASTM*, 896 F.3d at 451. Here, the standard is incorporated into law without limitation such that "the consequence of the incorporation by reference is

virtually indistinguishable from a situation in which the standard had been expressly copied into law." *Id.* at 452.  Accordingly, "this factor weighs heavily in favor of fair use." *Id.*

o  <u>Third Factor</u>:  The incorporating regulation does not specify that only certain provisions of this standard are incorporated by reference into law, nor does it indicate which specific provisions of the standard are relevant for regulatory compliance, suggesting that "a greater amount of the standard's text might be fairly reproduced." *Id.*

o  <u>Fourth Factor</u>:  Defendant's reproductions have not had a "substantially adverse impact on the potential market for the originals," nor have Plaintiffs shown by a preponderance of the evidence that there is a meaningful likelihood of future harm." Memo Op. at 30–36 (internal quotation and citation marks omitted).

o  <u>Conclusion</u>:  Defendant may fairly reproduce this incorporated standard in its entirety.

126.      **ASTM E185 (1982):**

o  The parties identify 10 C.F.R. § 50, Appendix H (2014) as the incorporating by reference regulation, *see* Becker Decl. ¶ 57, Ex. 90; Wise Decl., Ex. 176, which incorporates the standard into Appendix H and G.  Section 50, Appendix H requires that for "each capsule withdrawal, the test procedures and reporting requirements must meet the requirements of ASTM E 185–82 to the extent practicable for the configuration of the specimens in the capsule."  10 C.F.R. § 50, App. H, III, A, 1.  Section 50, Appendix G provides that "[r]eactor vessel beltline materials must have Charpy upper-shelf energy" as "[d]efined in ASTM[]E 185-79 and -82." *Id.* § 50, Appendix G, IV, I (a), n.1. These regulations do not specify that only certain provisions of ASTM E185 (1982) are incorporated by reference into law, nor do they indicate which specific provisions of ASTM E185 (1982) are relevant for compliance with the regulations.

o  <u>First Factor</u>:  There is no indication that Defendant stands to profit from republishing this standard; Defendant's apparent purpose is to inform the public about the law and facilitate public debate.  *See ASTM*, 896 F.3d at 449; Def's 2d Mot. at 16.  Defendant's "attempt to freely distribute standards incorporated by reference into law qualifie[s] as a use that further[s] the purposes of the fair use defense."  *ASTM*, 896 F.3d at 449.  Further, the incorporated standard provides information essential for a private entity to comprehend its legal duties, which weighs heavily in favor of permitting Defendant's reproduction.  *See ASTM*, 896 F.3d at 450.

o  <u>Second Factor</u>:  The "express text of the law falls plainly outside the realm of copyright protection."  *ASTM*, 896 F.3d at 451.  Here, the standard is incorporated into law without limitation such that "the consequence of the incorporation by reference is virtually indistinguishable from a situation in which the standard had been expressly copied into law." *Id.* at 452.  Accordingly, "this factor weighs heavily in favor of fair use." *Id.*

o  <u>Third Factor</u>:  The incorporating regulation does not specify that only certain provisions of this standard are incorporated by reference into law, nor does it indicate which specific provisions of the standard are relevant for regulatory compliance, suggesting that "a greater amount of the standard's text might be fairly reproduced."  *Id.*

o  Fourth Factor: Defendant's reproductions have not had a "substantially adverse impact on the potential market for the originals," nor have Plaintiffs shown by a preponderance of the evidence that there is a meaningful likelihood of future harm." Memo Op. at 30–36 (internal quotation and citation marks omitted).

o  Conclusion: Defendant may fairly reproduce this incorporated standard in its entirety.

127.    **ASTM E23 (1982):**

o  The parties identify 46 C.F.R. § 56.012 (2000) as the incorporating by reference regulation, *see* Becker Decl. ¶ 57, Ex. 90; Wise Decl., Ex. 176, which incorporates the standard into § 56.50-105. Section 56.50-105 requires that "[a]ll materials used in low temperature piping systems shall . . . be tested for low temperature toughness using the Charpy V-notch specimen of ASTM E 23." 46 C.F.R. § 56.50-105 (a)(1)(ii). The regulation does not specify that only certain provisions of ASTM E23 (1982) are incorporated by reference into law, nor does it indicate which specific provisions of ASTM E23 (1982) are relevant for compliance with the regulation.

o  First Factor: There is no indication that Defendant stands to profit from republishing this standard; Defendant's apparent purpose is to inform the public about the law and facilitate public debate. *See ASTM*, 896 F.3d at 449; Def's 2d Mot. at 16. Defendant's "attempt to freely distribute standards incorporated by reference into law qualifie[s] as a use that further[s] the purposes of the fair use defense." *ASTM*, 896 F.3d at 449. Further, the incorporated standard provides information essential for a private entity to comprehend its legal duties, which weighs heavily in favor of permitting Defendant's reproduction. *See ASTM*, 896 F.3d at 450.

o  Second Factor: The "express text of the law falls plainly outside the realm of copyright protection." *ASTM*, 896 F.3d at 451. Here, the standard is incorporated into law without limitation such that "the consequence of the incorporation by reference is virtually indistinguishable from a situation in which the standard had been expressly copied into law." *Id.* at 452. Accordingly, "this factor weighs heavily in favor of fair use." *Id.*

o  Third Factor: The incorporating regulation does not specify that only certain provisions of this standard are incorporated by reference into law, nor does it indicate which specific provisions of the standard are relevant for regulatory compliance, suggesting that "a greater amount of the standard's text might be fairly reproduced." *Id.*

o  Fourth Factor: Defendant's reproductions have not had a "substantially adverse impact on the potential market for the originals," nor have Plaintiffs shown by a preponderance of the evidence that there is a meaningful likelihood of future harm." Memo Op. at 30–36 (internal quotation and citation marks omitted).

o  Conclusion: Defendant may fairly reproduce this incorporated standard in its entirety.

128.    **ASTM E260 (1996):**

o  The parties identify 40 C.F.R. § 63.14 (2011) as the incorporating by reference regulation, *see* Becker Decl. ¶ 57, Ex. 90; Wise Decl., Ex. 176, which incorporates the standard into 40 C.F.R. §§ 63.750(b)(2) and 63.786(b)(5). Section 63.750 requires that "the composite vapor pressure of a blended hand-wipe solvent shall be determined

by quantifying the amount of each organic compound in the blend using manufacturer's supplied data or a gas chromatographic analysis in accordance with ASTM E 260–91 or 96." 40 C.F.R. § 63.750(b)(2). Section 63.786(b)(5) requires that "[m]ultiple and different analytical techniques must be used for positive identification if the components in a mixture under analysis are not known. In such cases a single column gas chromatograph (GC) may not be adequate. A combination of equipment may be needed such as a GC/mass spectrometer or GC/infrared system. (If a GC method is used, the operator must use practices in ASTM Method E260–91 or 96." *Id.* § 63.786(b)(5). These regulations do not specify that only certain provisions of ASTM E260 (1996) are incorporated by reference into law, nor does it indicate which specific provisions of ASTM E260 (1996) are relevant for compliance with the regulation.

o   First Factor: There is no indication that Defendant stands to profit from republishing this standard; Defendant's apparent purpose is to inform the public about the law and facilitate public debate. *See ASTM*, 896 F.3d at 449; Def's 2d Mot. at 16. Defendant's "attempt to freely distribute standards incorporated by reference into law qualifie[s] as a use that further[s] the purposes of the fair use defense." *ASTM*, 896 F.3d at 449. Further, the incorporated standard provides information essential for a private entity to comprehend its legal duties, which weighs heavily in favor of permitting Defendant's reproduction. *See ASTM*, 896 F.3d at 450.

o   Second Factor: The "express text of the law falls plainly outside the realm of copyright protection." *ASTM*, 896 F.3d at 451. Here, the standard is incorporated into law without limitation such that "the consequence of the incorporation by reference is virtually indistinguishable from a situation in which the standard had been expressly copied into law." *Id.* at 452. Accordingly, "this factor weighs heavily in favor of fair use." *Id.*

o   Third Factor: The incorporating regulation does not specify that only certain provisions of this standard are incorporated by reference into law, nor does it indicate which specific provisions of the standard are relevant for regulatory compliance, suggesting that "a greater amount of the standard's text might be fairly reproduced." *Id.*

o   Fourth Factor: Defendant's reproductions have not had a "substantially adverse impact on the potential market for the originals," nor have Plaintiffs shown by a preponderance of the evidence that there is a meaningful likelihood of future harm." Memo Op. at 30–36 (internal quotation and citation marks omitted).

o   Conclusion: Defendant may fairly reproduce this incorporated standard in its entirety.

## 129.   ASTM E29 (1990):

o   The parties identify 40 C.F.R. § 86.1 (2008) as the incorporating by reference regulation, *see* Becker Decl. ¶ 57, Ex. 90; Wise Decl., Ex. 176, which incorporates the standard for §§ 86.609-84; 86.609-96; 86.609-97; 86.609-98; 86.1009-84; 86.1009-96; 86.1442; 86.1708-99; 86.1709-99; 86.1710- 99; 86.1728-99. Several of those regulations require manufacturers to round test result numbers using the procedures provided by ASTM E29-90. *See, e.g.*, 40 C.F.R. § 86.609-98 ("Rounding is done in accordance with the RoundingOff Method specified in ASTM E29–90, Standard Practice for Using Significant Digits in Test Data to Determine Conformance with

Specifications. This procedure has been incorporated by reference (see §86.1).”); *id.* § 86. 1708-99 (“Both the projected emissions and the Highway Fuel Economy Test standard shall be rounded to the nearest 0.1 g/mi in accordance with the Rounding-Off Method specified in ASTM E29–90, Standard Practice for Using Significant Digits in Test Data to Determine Conformance with Specifications, before being compared. These procedures are incorporated by reference (see §86.1).”). These regulations do not specify that only certain provisions of ASTM E29 (1990) are incorporated by reference into law, nor do they indicate which specific provisions of ASTM E29 (1990) are relevant for compliance with the regulation.

o  <u>First Factor</u>:  There is no indication that Defendant stands to profit from republishing this standard; Defendant’s apparent purpose is to inform the public about the law and facilitate public debate.  *See ASTM*, 896 F.3d at 449; Def’s 2d Mot. at 16.  Defendant’s “attempt to freely distribute standards incorporated by reference into law qualifie[s] as a use that further[s] the purposes of the fair use defense.”  *ASTM*, 896 F.3d at 449. Further, the incorporated standard provides information essential for a private entity to comprehend its legal duties, which weighs heavily in favor of permitting Defendant’s reproduction.  *See ASTM*, 896 F.3d at 450.

o  <u>Second Factor</u>:  The “express text of the law falls plainly outside the realm of copyright protection.”  *ASTM*, 896 F.3d at 451.  Here, the standard is incorporated into law without limitation such that “the consequence of the incorporation by reference is virtually indistinguishable from a situation in which the standard had been expressly copied into law.”  *Id.* at 452.  Accordingly, “this factor weighs heavily in favor of fair use.”  *Id.*

o  <u>Third Factor</u>:  The incorporating regulation does not specify that only certain provisions of this standard are incorporated by reference into law, nor does it indicate which specific provisions of the standard are relevant for regulatory compliance, suggesting that “a greater amount of the standard’s text might be fairly reproduced.”  *Id.*

o  <u>Fourth Factor</u>:  Defendant’s reproductions have not had a “substantially adverse impact on the potential market for the originals,” nor have Plaintiffs shown by a preponderance of the evidence that there is a meaningful likelihood of future harm.”  Memo Op. at 30–36 (internal quotation and citation marks omitted).

o  <u>Conclusion</u>:  Defendant may fairly reproduce this incorporated standard in its entirety.

**130.**      **ASTM E424 (1971):**

o  The parties identify 24 C.F.R. § (Parts 200 to 499) (2005) as the incorporating by reference regulation, *see* Becker Decl. ¶ 57, Ex. 90; Wise Decl., Ex. 176, which incorporates ASTM E424 (1971) into 24 C.F.R. § Part 200, Subpart S.  *See* 24 C.F.R. § (Parts 200 to 499).  That regulation does not specify that only certain provisions of ASTM E424 (1971) are incorporated by reference into law, nor does it indicate which specific provisions of ASTM E424 (1971) are relevant for compliance with the regulation.

o  <u>First Factor</u>:  There is no indication that Defendant stands to profit from republishing this standard; Defendant’s apparent purpose is to inform the public about the law and facilitate public debate.  *See ASTM*, 896 F.3d at 449; Def’s 2d Mot. at 16.  Defendant’s

"attempt to freely distribute standards incorporated by reference into law qualifie[s] as a use that further[s] the purposes of the fair use defense." *ASTM*, 896 F.3d at 449. However, the court finds that the incorporated standard does not provide information essential for a private entity to comprehend its legal duties, but rather is incorporated as a reference procedure. Accordingly, "while knowing the content of this incorporated standard might help inform one's understanding of the law," it "is not essential to complying with any legal duty," and thus, Defendant's use is less transformative and "its wholesale copying, in turn, less justified." *ASTM*, 896 F.3d at 450.

o   Second Factor: The "express text of the law falls plainly outside the realm of copyright protection." *ASTM*, 896 F.3d at 451. Here, the standard is incorporated into law without limitation such that "the consequence of the incorporation by reference is virtually indistinguishable from a situation in which the standard had been expressly copied into law." *Id.* at 452. Accordingly, "this factor weighs heavily in favor of fair use." *Id.*

o   Third Factor: The incorporating regulation does not specify that only certain provisions of this standard are incorporated by reference into law, nor does it indicate which specific provisions of the standard are relevant for regulatory compliance, suggesting that "a greater amount of the standard's text might be fairly reproduced." *Id.*

o   Fourth Factor: Defendant's reproductions have not had a "substantially adverse impact on the potential market for the originals," nor have Plaintiffs shown by a preponderance of the evidence that there is a meaningful likelihood of future harm." Memo Op. at 30–36 (internal quotation and citation marks omitted).

o   Conclusion: Defendant may fairly reproduce this incorporated standard in its entirety.

**131.     ASTM E606 (1980):**

o   The parties identify 24 C.F.R. § (Parts 200 to 499) (2005) as the incorporating by reference regulation, *see* Becker Decl. ¶ 57, Ex. 90; Wise Decl., Ex. 176, which incorporates ASTM E606 (1980) into 24 C.F.R. § Part 200, Subpart S. *See* 24 C.F.R. § (Parts 200 to 499). That regulation does not specify that only certain provisions of ASTM E606 (1980) are incorporated by reference into law, nor does it indicate which specific provisions of ASTM E606 (1980) are relevant for compliance with the regulation.

o   First Factor: There is no indication that Defendant stands to profit from republishing this standard; Defendant's apparent purpose is to inform the public about the law and facilitate public debate. *See ASTM*, 896 F.3d at 449; Def's 2d Mot. at 16. Defendant's "attempt to freely distribute standards incorporated by reference into law qualifie[s] as a use that further[s] the purposes of the fair use defense." *ASTM*, 896 F.3d at 449. However, the court finds that the incorporated standard does not provide information essential for a private entity to comprehend its legal duties, but rather is incorporated as a reference procedure. Accordingly, "while knowing the content of this incorporated standard might help inform one's understanding of the law," it "is not essential to complying with any legal duty," and thus, Defendant's use is less transformative and "its wholesale copying, in turn, less justified." *ASTM*, 896 F.3d at 450.

o   Second Factor: The "express text of the law falls plainly outside the realm of copyright

protection." *ASTM*, 896 F.3d at 451. Here, the standard is incorporated into law without limitation such that "the consequence of the incorporation by reference is virtually indistinguishable from a situation in which the standard had been expressly copied into law." *Id.* at 452. Accordingly, "this factor weighs heavily in favor of fair use." *Id.*

o <u>Third Factor</u>: The incorporating regulation does not specify that only certain provisions of this standard are incorporated by reference into law, nor does it indicate which specific provisions of the standard are relevant for regulatory compliance, suggesting that "a greater amount of the standard's text might be fairly reproduced." *Id.*

o <u>Fourth Factor</u>: Defendant's reproductions have not had a "substantially adverse impact on the potential market for the originals," nor have Plaintiffs shown by a preponderance of the evidence that there is a meaningful likelihood of future harm." Memo Op. at 30–36 (internal quotation and citation marks omitted).

o <u>Conclusion</u>: Defendant may fairly reproduce this incorporated standard in its entirety.

**132.    ASTM E681 (1985):**

o The parties identify 49 C.F.R. § 171.7 (2004) as the incorporating by reference regulation, *see* Becker Decl. ¶ 5 7, Ex. 90; Wise Decl., Ex. 176, which incorporates the standard into 49 C.F.R. § 173.115. Section 173.115 requires that certain expressed temperature limits "shall be determined at 101.3 kPa (14.7 psi) of pressure and a temperature of 20 °C (68 °F) in accordance with ASTM E681–85." The regulation does not specify that only certain provisions of ASTM E681 (1985) are incorporated by reference into law, nor does it indicate which specific provisions of ASTM E681 (1985) are relevant for compliance with the regulation.

o <u>First Factor</u>: There is no indication that Defendant stands to profit from republishing this standard; Defendant's apparent purpose is to inform the public about the law and facilitate public debate. *See ASTM*, 896 F.3d at 449; Def's 2d Mot. at 16. Defendant's "attempt to freely distribute standards incorporated by reference into law qualifie[s] as a use that further[s] the purposes of the fair use defense." *ASTM*, 896 F.3d at 449. Further, the incorporated standard provides information essential for a private entity to comprehend its legal duties, which weighs heavily in favor of permitting Defendant's reproduction. *See ASTM*, 896 F.3d at 450.

o <u>Second Factor</u>: The "express text of the law falls plainly outside the realm of copyright protection." *ASTM*, 896 F.3d at 451. Here, the standard is incorporated into law without limitation such that "the consequence of the incorporation by reference is virtually indistinguishable from a situation in which the standard had been expressly copied into law." *Id.* at 452. Accordingly, "this factor weighs heavily in favor of fair use." *Id.*

o <u>Third Factor</u>: The incorporating regulation does not specify that only certain provisions of this standard are incorporated by reference into law, nor does it indicate which specific provisions of the standard are relevant for regulatory compliance, suggesting that "a greater amount of the standard's text might be fairly reproduced." *Id.*

o <u>Fourth Factor</u>: Defendant's reproductions have not had a "substantially adverse impact on the potential market for the originals," nor have Plaintiffs shown by a preponderance

of the evidence that there is a meaningful likelihood of future harm." Memo Op. at 30–36 (internal quotation and citation marks omitted).

o <u>Conclusion</u>: Defendant may fairly reproduce this incorporated standard in its entirety.

**133.    ASTM E72 (1980):**

o The parties identify 30 C.F.R. § 75.333 (2014) as the incorporating by reference regulation, *see* Becker Decl. ¶ 5 7, Ex. 90; Wise Decl., Ex. 176, which incorporates the standard.   Section 75.333(e)(1)(i) requires that ventilation controls "shall be constructed in a traditionally accepted method and of materials that have been demonstrated to perform adequately or in a method and of materials that have been tested and shown to have a minimum strength equal to or greater than the traditionally accepted in-mine controls," and that related tests may be performed under ASTM E72-80 or "comparative in-mine tests." 30 C.F.R. § 75.333(e)(1)(i). The regulation does not specify that only certain provisions of ASTM E72 (1980) are incorporated by reference into law, nor does it indicate which specific provisions of ASTM E72 (1980) are relevant for compliance with the regulation.

o <u>First Factor</u>:  There is no indication that Defendant stands to profit from republishing this standard; Defendant's apparent purpose is to inform the public about the law and facilitate public debate. *See ASTM*, 896 F.3d at 449; Def's 2d Mot. at 16. Defendant's "attempt to freely distribute standards incorporated by reference into law qualifie[s] a use as a that further[s] the purposes of the fair use defense." *ASTM*, 896 F.3d at 449. Further, while entities may rely on either ASTM E72-80 or "comparative in-mine tests," entities must understand the test procedures set forth in ASTM E72 (1980) to know which in-mine tests are "comparative."   Thus, the court finds that the incorporated standard provides information essential for a private entity to comprehend its legal duties.  which weighs heavily in favor of permitting Defendant's reproduction. *See ASTM*, 896 F.3d at 450.

o <u>Second Factor</u>:  The "express text of the law falls plainly outside the realm of copyright protection." *ASTM*, 896 F.3d at 451.  Here, the standard is incorporated into law without limitation such that "the consequence of the incorporation by reference is virtually indistinguishable from a situation in which the standard had been expressly copied into law." *Id.* at 452.  Accordingly, "this factor weighs heavily in favor of fair use." *Id.*

o <u>Third Factor</u>:  The incorporating regulation does not specify that only certain provisions of this standard are incorporated by reference into law, nor does it indicate which specific provisions of the standard are relevant for regulatory compliance, suggesting that "a greater amount of the standard's text might be fairly reproduced." *Id.*

o <u>Fourth Factor</u>:  Defendant's reproductions have not had a "substantially adverse impact on the potential market for the originals," nor have Plaintiffs shown by a preponderance of the evidence that there is a meaningful likelihood of future harm." Memo Op. at 30–36 (internal quotation and citation marks omitted).

o <u>Conclusion</u>: Defendant may fairly reproduce this incorporated standard in its entirety.

134.    **ASTM E773 (1997):**

o   The parties identify 24 C.F.R. § 3280.4 (2014) as the incorporating by reference regulation, *see* Becker Decl. ¶ 5 7, Ex. 90; Wise Decl., Ex. 176, which incorporates the standard for § 3280.403(d). Section 3280.403 requires that certain sealing systems "must be qualified in accordance with ASTM E 773–97." 24 C.F.R. § 3280.4(d)(2). The regulation does not specify that only certain provisions of ASTM E773 (1997) are incorporated by reference into law, nor does it indicate which specific provisions of ASTM E773 (1997) are relevant for compliance with the regulation.

o   <u>First Factor</u>:  There is no indication that Defendant stands to profit from republishing this standard; Defendant's apparent purpose is to inform the public about the law and facilitate public debate. *See ASTM*, 896 F.3d at 449; Def's 2d Mot. at 16.  Defendant's "attempt to freely distribute standards incorporated by reference into law qualifie[s] a use that further[s] the purposes of the fair use defense." *ASTM*, 896 F.3d at 449. Further, the incorporated standard provides information essential for a private entity to comprehend its legal duties, which weighs heavily in favor of permitting Defendant's reproduction. *See ASTM*, 896 F.3d at 450.

o   <u>Second Factor</u>:  The "express text of the law falls plainly outside the realm of copyright protection." *ASTM*, 896 F.3d at 451.  Here, the standard is incorporated into law without limitation such that "the consequence of the incorporation by reference is virtually indistinguishable from a situation in which the standard had been expressly copied into law." *Id.* at 452.  Accordingly, "this factor weighs heavily in favor of fair use." *Id.*

o   <u>Third Factor</u>:  The incorporating regulation does not specify that only certain provisions of this standard are incorporated by reference into law, nor does it indicate which specific provisions of the standard are relevant for regulatory compliance, suggesting that "a greater amount of the standard's text might be fairly reproduced." *Id.*

o   <u>Fourth Factor</u>:  Defendant's reproductions have not had a "substantially adverse impact on the potential market for the originals," nor have Plaintiffs shown by a preponderance of the evidence that there is a meaningful likelihood of future harm." Memo Op. at 30–36 (internal quotation and citation marks omitted).

o   <u>Conclusion</u>:  Defendant may fairly reproduce this incorporated standard in its entirety.

135.    **ASTM E774 (1997):**

o   The parties identify 24 C.F.R. § 3280.4 (2014) as the incorporating by reference regulation, *see* Becker Decl. ¶ 5 7, Ex. 90; Wise Decl., Ex. 176, which incorporates the standard for § 3280.403(d).  Section 3280.403 requires that "[s]ealed insulating glass, where used, must meet all performance requirements for Class C in accordance with ASTM E 774–97."  The regulation does not specify that only certain provisions of ASTM E774 (1997) are incorporated by reference into law, nor does it indicate which specific provisions of ASTM E774 (1997) are relevant for compliance with the regulation.

o   <u>First Factor</u>:  There is no indication that Defendant stands to profit from republishing this standard; Defendant's apparent purpose is to inform the public about the law and facilitate public debate. *See ASTM*, 896 F.3d at 449; Def's 2d Mot. at 16.  Defendant's

"attempt to freely distribute standards incorporated by reference into law qualifie[s] as a use that further[s] the purposes of the fair use defense." *ASTM*, 896 F.3d at 449. Further, the incorporated standard provides information essential for a private entity to comprehend its legal duties, which weighs heavily in favor of permitting Defendant's reproduction. *See ASTM*, 896 F.3d at 450.

o <u>Second Factor</u>: The "express text of the law falls plainly outside the realm of copyright protection." *ASTM*, 896 F.3d at 451. Here, the standard is incorporated into law without limitation such that "the consequence of the incorporation by reference is virtually indistinguishable from a situation in which the standard had been expressly copied into law." *Id.* at 452. Accordingly, "this factor weighs heavily in favor of fair use." *Id.*

o <u>Third Factor</u>: The incorporating regulation does not specify that only certain provisions of this standard are incorporated by reference into law, nor does it indicate which specific provisions of the standard are relevant for regulatory compliance, suggesting that "a greater amount of the standard's text might be fairly reproduced." *Id.*

o <u>Fourth Factor</u>: Defendant's reproductions have not had a "substantially adverse impact on the potential market for the originals," nor have Plaintiffs shown by a preponderance of the evidence that there is a meaningful likelihood of future harm." Memo Op. at 30–36 (internal quotation and citation marks omitted).

o <u>Conclusion</u>: Defendant may fairly reproduce this incorporated standard in its entirety.

**136.    ASTM E96 (1995):**

o The parties identify 24 C.F.R. § 3280.4 (2014) as the incorporating by reference regulation, *see* Becker Decl. ¶ 57, Ex. 90; Wise Decl., Ex. 176, which incorporates the standard for § 3280.504(a). Section 3280.504(a) requires that in express conditions, "ceilings must have a vapor retarder with a permeance of not greater than 1 perm (as measured by ASTM E 96–95." 24 C.F.R. § 3280. 3280.504(a)(1). The regulation does not specify that only certain provisions of ASTM E96 (1995) are incorporated by reference into law, nor does it indicate which specific provisions of ASTM E96 (1995) are relevant for compliance with the regulation.

o <u>First Factor</u>: There is no indication that Defendant stands to profit from republishing this standard; Defendant's apparent purpose is to inform the public about the law and facilitate public debate. *See ASTM*, 896 F.3d at 449; Def's 2d Mot. at 16. Defendant's "attempt to freely distribute standards incorporated by reference into law qualifie[s] as a use that further[s] the purposes of the fair use defense." *ASTM*, 896 F.3d at 449. Further, the incorporated standard provides information essential for a private entity to comprehend its legal duties, which weighs heavily in favor of permitting Defendant's reproduction. *See ASTM*, 896 F.3d at 450.

o <u>Second Factor</u>: The "express text of the law falls plainly outside the realm of copyright protection." *ASTM*, 896 F.3d at 451. Here, the standard is incorporated into law without limitation such that "the consequence of the incorporation by reference is virtually indistinguishable from a situation in which the standard had been expressly copied into law." *Id.* at 452. Accordingly, "this factor weighs heavily in favor of fair use." *Id.*

o <u>Third Factor</u>:  The incorporating regulation does not specify that only certain provisions of this standard are incorporated by reference into law, nor does it indicate which specific provisions of the standard are relevant for regulatory compliance, suggesting that "a greater amount of the standard's text might be fairly reproduced."  *Id.*

o <u>Fourth Factor</u>:  Defendant's reproductions have not had a "substantially adverse impact on the potential market for the originals," nor have Plaintiffs shown by a preponderance of the evidence that there is a meaningful likelihood of future harm."  Memo Op. at 30–36 (internal quotation and citation marks omitted).

o <u>Conclusion</u>:  Defendant may fairly reproduce this incorporated standard in its entirety.

137.      **ASTM F1003 1986 (1992):**

o The parties identify 46 C.F.R. § 199.05 (2014) as the incorporating by reference regulation, *see* Becker Decl. ¶ 57, Ex. 90; Wise Decl., Ex. 176, which incorporates the standard for 46 C.F.R. § 199.175.  Section 199.175 pertains to searchlights on survival craft and boat equipment and requires that a searchlight "must be of the type originally provided with the approved lifeboat or rescue boat, or must be certified by the searchlight manufacturer to meet ASTM F 1003." 46 C.F.R. § 199.175(a)(28).  The regulation does not specify that only certain provisions of ASTM F1003 1986 (1992) are incorporated by reference into law, nor does it indicate which specific provisions of ASTM F1003 1986 (1992) are relevant for compliance with the regulation.

o <u>First Factor</u>:  There is no indication that Defendant stands to profit from republishing this standard; Defendant's apparent purpose is to inform the public about the law and facilitate public debate.  *See ASTM*, 896 F.3d at 449; Def's 2d Mot. at 16.  Defendant's "attempt to freely distribute standards incorporated by reference into law qualifie[s] as a use that further[s] the purposes of the fair use defense."  *ASTM*, 896 F.3d at 449.  Further, the incorporated standard provides information essential for a private entity to comprehend its legal duties, which weighs heavily in favor of permitting Defendant's reproduction.  *See ASTM*, 896 F.3d at 450.

o <u>Second Factor</u>:  The "express text of the law falls plainly outside the realm of copyright protection."  *ASTM*, 896 F.3d at 451.  Here, the standard is incorporated into law without limitation such that "the consequence of the incorporation by reference is virtually indistinguishable from a situation in which the standard had been expressly copied into law."  *Id.* at 452.  Accordingly, "this factor weighs heavily in favor of fair use."  *Id.*

o <u>Third Factor</u>:  The incorporating regulation does not specify that only certain provisions of this standard are incorporated by reference into law, nor does it indicate which specific provisions of the standard are relevant for regulatory compliance, suggesting that "a greater amount of the standard's text might be fairly reproduced."  *Id.*

o <u>Fourth Factor</u>:  Defendant's reproductions have not had a "substantially adverse impact on the potential market for the originals," nor have Plaintiffs shown by a preponderance of the evidence that there is a meaningful likelihood of future harm."  Memo Op. at 30–36 (internal quotation and citation marks omitted).

o <u>Conclusion</u>:  Defendant may fairly reproduce this incorporated standard in its entirety.

138.      **ASTM F1014 (1992):**

o   The parties identify 46 C.F.R. § 199.05 (2014) as the incorporating by reference regulation, *see* Becker Decl. ¶ 57, Ex. 90; Wise Decl., Ex. 176, which incorporates the standard for §§ 199.175 and 195.35-5. Section 199.175 requires flashlights on survival craft and rescue boat equipment "must be a type I or type III that is constructed and marked in accordance with the American Society of Testing and Materials (ASTM) F 1014." 46 C.F.R. § 199.175(a)(12). Section 195.35-5 requires that fireman flashlights "shall be Type II or Type III, constructed and marked in accordance with ASTM F 1014." *Id.* § 195.35-5(c). These regulations do not specify that only certain provisions of ASTM F1014 (1992) are incorporated by reference into law, nor does it indicate which specific provisions of ASTM F1014 (1992) are relevant for compliance with the regulation.

o   First Factor:  There is no indication that Defendant stands to profit from republishing this standard; Defendant's apparent purpose is to inform the public about the law and facilitate public debate. *See ASTM*, 896 F.3d at 449; Def's 2d Mot. at 16. Defendant's "attempt to freely distribute standards incorporated by reference into law qualifie[s] as a use that further[s] the purposes of the fair use defense." *ASTM*, 896 F.3d at 449. Further, the incorporated standard provides information essential for a private entity to comprehend its legal duties, which weighs heavily in favor of permitting Defendant's reproduction. *See ASTM*, 896 F.3d at 450.

o   Second Factor:  The "express text of the law falls plainly outside the realm of copyright protection." *ASTM*, 896 F.3d at 451. Here, the standard is incorporated into law without limitation such that "the consequence of the incorporation by reference is virtually indistinguishable from a situation in which the standard had been expressly copied into law." *Id.* at 452. Accordingly, "this factor weighs heavily in favor of fair use." *Id.*

o   Third Factor:  The incorporating regulation does not specify that only certain provisions of this standard are incorporated by reference into law, nor does it indicate which specific provisions of the standard are relevant for regulatory compliance, suggesting that "a greater amount of the standard's text might be fairly reproduced." *Id.*

o   Fourth Factor:  Defendant's reproductions have not had a "substantially adverse impact on the potential market for the originals," nor have Plaintiffs shown by a preponderance of the evidence that there is a meaningful likelihood of future harm." Memo Op. at 30–36 (internal quotation and citation marks omitted).

o   Conclusion:  Defendant may fairly reproduce this incorporated standard in its entirety.

139.      **ASTM F1120 1987 (1998):**

o   The parties identify 46 C.F.R. § 56.01-2 (2004) as the incorporating by reference regulation, *see* Becker Decl. ¶ 57, Ex. 90; Wise Decl., Ex. 176, which incorporates the standard for 46 C.F.R. § 56.60-1. Section 56.60-1 provides that "[c]omponents made in accordance with," ASTM F1120, "and made of materials complying with paragraph (a) this section may be used in piping systems within the limitations of the standards and within any further limitations specified in this subchapter." 46 C.F.R. § 56.60-1(b), Table 56.60-1(B). The regulation does not specify that only certain

provisions of ASTM F1120 1987 (1998) are incorporated by reference into law, nor does it indicate which specific provisions of ASTM F1120 1987 (1998) are relevant for compliance with the regulation.

o   First Factor:  There is no indication that Defendant stands to profit from republishing this standard; Defendant's apparent purpose is to inform the public about the law and facilitate public debate.  *See ASTM*, 896 F.3d at 449; Def's 2d Mot. at 16.  Defendant's "attempt to freely distribute standards incorporated by reference into law qualifie[s] as a use that further[s] the purposes of the fair use defense."  *ASTM*, 896 F.3d at 449.  Further, the incorporated standard provides information essential for a private entity to comprehend its legal duties, which weighs heavily in favor of permitting Defendant's reproduction.  *See ASTM*, 896 F.3d at 450.

o   Second Factor:  The "express text of the law falls plainly outside the realm of copyright protection."  *ASTM*, 896 F.3d at 451.  Here, the standard is incorporated into law without limitation such that "the consequence of the incorporation by reference is virtually indistinguishable from a situation in which the standard had been expressly copied into law."  *Id.* at 452.  Accordingly, "this factor weighs heavily in favor of fair use."  *Id.*

o   Third Factor:  The incorporating regulation does not specify that only certain provisions of this standard are incorporated by reference into law, nor does it indicate which specific provisions of the standard are relevant for regulatory compliance, suggesting that "a greater amount of the standard's text might be fairly reproduced."  *Id.*

o   Fourth Factor:  Defendant's reproductions have not had a "substantially adverse impact on the potential market for the originals," nor have Plaintiffs shown by a preponderance of the evidence that there is a meaningful likelihood of future harm."  Memo Op. at 30–36 (internal quotation and citation marks omitted).

o   Conclusion:  Defendant may fairly reproduce this incorporated standard in its entirety.

**140.    ASTM F1155 (1998):**

o   The parties identify 33 C.F.R. § 154.106 (2014) as the incorporating by reference regulation, *see* Becker Decl. ¶ 57, Ex. 90; Wise Decl., Ex. 176, which incorporates the standard into 33 C.F.R. § 154, Appendix A, 7.1, 8.4.  That section requires that the "detonation flame arrester housing, and other parts or bolting used for pressure retention, shall be constructed of materials listed in ASTM F 1155."  The regulation does not specify that only certain provisions of ASTM F1155 (1998) are incorporated by reference into law, nor does it indicate which specific provisions of ASTM F1155 (1998) are relevant for compliance with the regulation.

o   First Factor:  There is no indication that Defendant stands to profit from republishing this standard; Defendant's apparent purpose is to inform the public about the law and facilitate public debate.  *See ASTM*, 896 F.3d at 449; Def's 2d Mot. at 16.  Defendant's "attempt to freely distribute standards incorporated by reference into law qualifie[s] as a use that further[s] the purposes of the fair use defense."  *ASTM*, 896 F.3d at 449.  Further, the incorporated standard provides information essential for a private entity to comprehend its legal duties, which weighs heavily in favor of permitting Defendant's reproduction.  *See ASTM*, 896 F.3d at 450.

- o Second Factor: The "express text of the law falls plainly outside the realm of copyright protection." *ASTM*, 896 F.3d at 451. Here, the standard is incorporated into law without limitation such that "the consequence of the incorporation by reference is virtually indistinguishable from a situation in which the standard had been expressly copied into law." *Id.* at 452. Accordingly, "this factor weighs heavily in favor of fair use." *Id.*

- o Third Factor: The incorporating regulation does not specify that only certain provisions of this standard are incorporated by reference into law, nor does it indicate which specific provisions of the standard are relevant for regulatory compliance, suggesting that "a greater amount of the standard's text might be fairly reproduced." *Id.*

- o Fourth Factor: Defendant's reproductions have not had a "substantially adverse impact on the potential market for the originals," nor have Plaintiffs shown by a preponderance of the evidence that there is a meaningful likelihood of future harm." Memo Op. at 30–36 (internal quotation and citation marks omitted).

- o Conclusion: Defendant may fairly reproduce this incorporated standard in its entirety.

**141.**    **ASTM F1173 (1995):**

- o The parties identify 46 C.F.R. § 56.01-2 (1997) as the incorporating by reference regulation, *see* Becker Decl. ¶ 57, Ex. 90; Wise Decl., Ex. 176, which incorporates the standard into 46 C.F.R. §§ 56.60-1; 56.60-25. Section 56.60-1 provides that "[c]omponents made in accordance with," ASTM F1173, "and made of materials complying with paragraph (a) this section may be used in piping systems within the limitations of the standards and within any further limitations specified in this subchapter." 46 C.F.R. § 56.60-1(b), Table 56.60-1(B). Section 56.60-25 provides that "[m]aterials, such as glass reinforced resins not meeting ASTM F1173 or other plastics, may be authorized by the Commandant (G–MSE) if full mechanical and physical properties and chemical description are furnished." *Id.* § 56.60-25(a)(10). These regulations do not specify that only certain provisions of ASTM F1173 (1995) are incorporated by reference into law, nor does it indicate which specific provisions of ASTM F1173 (1995) are relevant for compliance with the regulation.

- o First Factor: There is no indication that Defendant stands to profit from republishing this standard; Defendant's apparent purpose is to inform the public about the law and facilitate public debate. *See ASTM*, 896 F.3d at 449; Def's 2d Mot. at 16. Defendant's "attempt to freely distribute standards incorporated by reference into law qualifie[s] as a use that further[s] the purposes of the fair use defense." *ASTM*, 896 F.3d at 449. Further, the incorporated standard provides information essential for a private entity to comprehend its legal duties, which weighs heavily in favor of permitting Defendant's reproduction. *See ASTM*, 896 F.3d at 450.

- o Second Factor: The "express text of the law falls plainly outside the realm of copyright protection." *ASTM*, 896 F.3d at 451. Here, the standard is incorporated into law without limitation such that "the consequence of the incorporation by reference is virtually indistinguishable from a situation in which the standard had been expressly copied into law." *Id.* at 452. Accordingly, "this factor weighs heavily in favor of fair use." *Id.*

o  <u>Third Factor</u>:  The incorporating regulation does not specify that only certain provisions of this standard are incorporated by reference into law, nor does it indicate which specific provisions of the standard are relevant for regulatory compliance, suggesting that "a greater amount of the standard's text might be fairly reproduced."  *Id.*

o  <u>Fourth Factor</u>:  Defendant's reproductions have not had a "substantially adverse impact on the potential market for the originals," nor have Plaintiffs shown by a preponderance of the evidence that there is a meaningful likelihood of future harm."  Memo Op. at 30–36 (internal quotation and citation marks omitted).

o  <u>Conclusion</u>:  Defendant may fairly reproduce this incorporated standard in its entirety.

**142.     ASTM F1321 (1992):**

o  The parties identify 46 C.F.R. § 28.40 (2011) as the incorporating by reference regulation, *see* Becker Decl. ¶ 57, Ex. 90; Wise Decl., Ex. 176, which incorporates the standard into 46 C.F.R. § 28.535.  Section 28.535 requires the performance of an "inclining test" for each vessel for which the lightweight displacement and centers of gravity must be determined in order to do the calculations."  46 C.F.R. § 28.535 (a).  It provides that, with two exceptions, ASTM F 1321 may be used as guidance for any inclining test or deadweight survey.  *Id.* § 28.535 (d).  The regulation does not specify that only certain provisions of ASTM F1321 (1992) are incorporated by reference into law, nor does it indicate which specific provisions of ASTM F1321 (1992) are relevant for compliance with the regulation.

o  <u>First Factor</u>:  There is no indication that Defendant stands to profit from republishing this standard; Defendant's apparent purpose is to inform the public about the law and facilitate public debate.  *See ASTM*, 896 F.3d at 449; Def's 2d Mot. at 16.  Defendant's "attempt to freely distribute standards incorporated by reference into law qualifie[s] as a use that further[s] the purposes of the fair use defense."  *ASTM*, 896 F.3d at 449.  However, the court finds that the incorporated standard does not provide information essential for a private entity to comprehend its legal duties, but rather is incorporated as a discretionary procedure.  Accordingly, "while knowing the content of this incorporated standard might help inform one's understanding of the law," it "is not essential to complying with any legal duty," and thus, Defendant's use is less transformative and "its wholesale copying, in turn, less justified." *ASTM*, 896 F.3d at 450.

o  <u>Second Factor</u>:  The "express text of the law falls plainly outside the realm of copyright protection."  *ASTM*, 896 F.3d at 451.  Here, the standard is incorporated into law without limitation such that "the consequence of the incorporation by reference is virtually indistinguishable from a situation in which the standard had been expressly copied into law."  *Id.* at 452.  Accordingly, "this factor weighs heavily in favor of fair use."  *Id.*

o  <u>Third Factor</u>:  The incorporating regulation does not specify that only certain provisions of this standard are incorporated by reference into law, nor does it indicate which specific provisions of the standard are relevant for regulatory compliance, suggesting that "a greater amount of the standard's text might be fairly reproduced."  *Id.*

o  <u>Fourth Factor</u>:  Defendant's reproductions have not had a "substantially adverse impact

on the potential market for the originals," nor have Plaintiffs shown by a preponderance of the evidence that there is a meaningful likelihood of future harm." Memo Op. at 30–36 (internal quotation and citation marks omitted).

o  <u>Conclusion</u>:  Defendant may fairly reproduce this incorporated standard in its entirety.

**143.      ASTM F1323 (1998):**

o  The parties identify 46 C.F.R. § 63.05-1 (2005) as the incorporating by reference regulation, *see* Becker Decl. ¶ 57, Ex. 90; Wise Decl., Ex. 176, which incorporates the standard into 46 C.F.R. § 63.25-9.  Section 63.25-9 requires that "[i]ncinerators installed on or after March 26, 1998 must meet the requirements of IMO resolution MEPC.59(33)," and that incinerators "in compliance with both ASTM F 1323 . . . and Annexes A1–A3 of IMO resolution MEPC.59(33) are considered to meet the requirements of IMO resolution MEPC.59(33)."  46 C.F.R. § 63.25-9.  The regulation does not specify that only certain provisions of ASTM F1323 (1998) are incorporated by reference into law, nor does it indicate which specific provisions of ASTM F1323 (1998) are relevant for compliance with the regulation.

o  <u>First Factor</u>:  There is no indication that Defendant stands to profit from republishing this standard; Defendant's apparent purpose is to inform the public about the law and facilitate public debate.  *See ASTM*, 896 F.3d at 449; Def's 2d Mot. at 16.  Defendant's "attempt to freely distribute standards incorporated by reference into law qualifie[s] a use that further[s] the purposes of the fair use defense."  *ASTM*, 896 F.3d at 449.  Further, the incorporated standard provides information essential for a private entity to comprehend its legal duties, which weighs heavily in favor of permitting Defendant's reproduction.  *See ASTM*, 896 F.3d at 450.

o  <u>Second Factor</u>:  The "express text of the law falls plainly outside the realm of copyright protection."  *ASTM*, 896 F.3d at 451.  Here, the standard is incorporated into law without limitation such that "the consequence of the incorporation by reference is virtually indistinguishable from a situation in which the standard had been expressly copied into law."  *Id.* at 452.  Accordingly, "this factor weighs heavily in favor of fair use."  *Id.*

o  <u>Third Factor</u>:  The incorporating regulation does not specify that only certain provisions of this standard are incorporated by reference into law, nor does it indicate which specific provisions of the standard are relevant for regulatory compliance, suggesting that "a greater amount of the standard's text might be fairly reproduced."  *Id.*

o  <u>Fourth Factor</u>:  Defendant's reproductions have not had a "substantially adverse impact on the potential market for the originals," nor have Plaintiffs shown by a preponderance of the evidence that there is a meaningful likelihood of future harm."  Memo Op. at 30–36 (internal quotation and citation marks omitted).

o  <u>Conclusion</u>:  Defendant may fairly reproduce this incorporated standard in its entirety.

144.      **ASTM F1471 (1993):**

o  The parties identify 40 C.F.R. § 86.1 (2008) as the incorporating by reference regulation, *see* Becker Decl. ¶ 57, Ex. 90; Wise Decl., Ex. 176, which incorporates the standard into 40 C.F.R. § 86.1310-2007.  Section 86.1310-2007 requires that "[p]rimary dilution air shall be filtered at the dilution air inlet. The manufacturer of the primary dilution air filter shall state that the filter design has successfully achieved a minimum particle removal efficiency of 98% (less than 0.02 penetration) as determined using ASTM test method F 1471–93." 40 C.F.R. § 86.1310-2007(b)(1)(iii)(B).  The regulation does not specify that only certain provisions of ASTM F1471 (1993) are incorporated by reference into law, nor does it indicate which specific provisions of ASTM F1471 (1993) are relevant for compliance with the regulation.

o  First Factor:  There is no indication that Defendant stands to profit from republishing this standard; Defendant's apparent purpose is to inform the public about the law and facilitate public debate.  *See ASTM*, 896 F.3d at 449; Def's 2d Mot. at 16.  Defendant's "attempt to freely distribute standards incorporated by reference into law qualifie[s] as a use that further[s] the purposes of the fair use defense." *ASTM*, 896 F.3d at 449.  Further, the incorporated standard provides information essential for a private entity to comprehend its legal duties, which weighs heavily in favor of permitting Defendant's reproduction.  *See ASTM*, 896 F.3d at 450.

o  Second Factor:  The "express text of the law falls plainly outside the realm of copyright protection."  *ASTM*, 896 F.3d at 451.  Here, the standard is incorporated into law without limitation such that "the consequence of the incorporation by reference is virtually indistinguishable from a situation in which the standard had been expressly copied into law." *Id.* at 452.  Accordingly, "this factor weighs heavily in favor of fair use." *Id.*

o  Third Factor:  The incorporating regulation does not specify that only certain provisions of this standard are incorporated by reference into law, nor does it indicate which specific provisions of the standard are relevant for regulatory compliance, suggesting that "a greater amount of the standard's text might be fairly reproduced." *Id.*

o  Fourth Factor:  Defendant's reproductions have not had a "substantially adverse impact on the potential market for the originals," nor have Plaintiffs shown by a preponderance of the evidence that there is a meaningful likelihood of future harm." Memo Op. at 30–36 (internal quotation and citation marks omitted).

o  Conclusion:  Defendant may fairly reproduce this incorporated standard in its entirety.

145.      **ASTM F1546 / F1546M (1996):**

o  Defendant identifies 46 C.F.R. § 162.027-1 (2004) as the incorporating by reference regulation.  Becker Decl. ¶ 57, Ex. 90 at 107.  Plaintiffs argue that Section 162.027 does not actually incorporate this standard because the regulation states that it incorporates "ASTM F 1546 [or] F 1546 M-96."  *See* Wise Decl., Ex. 176 at n.2 ("Where the ASTM standard referenced in the quoted C.F.R. language differs from the version of the ASTM standard that PRO reproduced and displayed, ASTM has highlighted and bolded that language."); *id.* at 131 (highlighting and bolding text of ASTM F 1546 [or] F 1546 M-96).  The court agrees with Defendant that 46 C.F.R. §

162.027-1 (2004) incorporates by reference ASTM F1546 / F1546M (1996) into 46 C.F.R. §§ 162.027–2; 162.027–3. Section 162.027–2 requires that "[e]ach combination solid stream and water spray firehose nozzle required to be approved under the provisions of this subpart must be designed, constructed, tested, and marked in accordance with the requirements of ASTM F 1546 (incorporated by reference, see §162.027–1)," that "[a]ll inspections and tests required by ASTM F 1546 (incorporated by reference, see §162.027–1) must be performed by an independent laboratory accepted by the Coast Guard under subpart 159.010 of this chapter," and that the "independent laboratory shall prepare a report on the results of the testing and shall furnish the manufacturer with a copy of the test report upon completion of the testing required by ASTM F 1546." 46 C.F.R. § 162.027–2(a)-(c). Section 162.027–3 states that "[f]irehose nozzles designed, constructed, tested, and marked in accordance with ASTM F 1546 (incorporated by reference, *see* § 162.027–1) are considered to be approved under the provisions of this chapter." *Id.* § 162.027–3(a). These regulations do not specify that only certain provisions of ASTM F1546 / F1546M (1996) are incorporated by reference into law, nor do they indicate which specific provisions of ASTM F1546 / F1546M (1996) are relevant for compliance with the regulation.

o   First Factor:  There is no indication that Defendant stands to profit from republishing this standard; Defendant's apparent purpose is to inform the public about the law and facilitate public debate. *See ASTM*, 896 F.3d at 449; Def's 2d Mot. at 16.  Defendant's "attempt to freely distribute standards incorporated by reference into law qualifie[s] as a use that further[s] the purposes of the fair use defense." *ASTM*, 896 F.3d at 449. Further, the incorporated standard provides information essential for a private entity to comprehend its legal duties, which weighs heavily in favor of permitting Defendant's reproduction. *See ASTM*, 896 F.3d at 450.

o   Second Factor:  The "express text of the law falls plainly outside the realm of copyright protection." *ASTM*, 896 F.3d at 451.  Here, the standard is incorporated into law without limitation such that "the consequence of the incorporation by reference is virtually indistinguishable from a situation in which the standard had been expressly copied into law." *Id.* at 452.  Accordingly, "this factor weighs heavily in favor of fair use." *Id.*

o   Third Factor:  The incorporating regulation does not specify that only certain provisions of this standard are incorporated by reference into law, nor does it indicate which specific provisions of the standard are relevant for regulatory compliance, suggesting that "a greater amount of the standard's text might be fairly reproduced." *Id.*

o   Fourth Factor:  Defendant's reproductions have not had a "substantially adverse impact on the potential market for the originals," nor have Plaintiffs shown by a preponderance of the evidence that there is a meaningful likelihood of future harm." Memo Op. at 30–36 (internal quotation and citation marks omitted).

o   Conclusion:  Defendant may fairly reproduce this incorporated standard in its entirety.

146.      **ASTM F1548 (1994):**

o   The parties identify 46 C.F.R. § 56.012 (1997) as the incorporating by reference regulation, *see* Becker Decl. ¶ 57, Ex. 90; Wise Decl., Ex. 176, which incorporates

the standard into 46 C.F.R. § 56.30-35.  Section 56.30-35 requires that "[f]ittings to which this section applies must be designed, constructed, tested, and marked in accordance with ASTM F 1476–93 and ASTM F 1548–94." 46 C.F.R. § 56.30-35(a). The regulation does not specify that only certain provisions of ASTM F1548 (1994) are incorporated by reference into law, nor does it indicate which specific provisions of ASTM F1548 (1994) are relevant for compliance with the regulation.

o   First Factor:  There is no indication that Defendant stands to profit from republishing this standard; Defendant's apparent purpose is to inform the public about the law and facilitate public debate.  *See ASTM*, 896 F.3d at 449; Def's 2d Mot. at 16.  Defendant's "attempt to freely distribute standards incorporated by reference into law qualifie[s] as a use that further[s] the purposes of the fair use defense."  *ASTM*, 896 F.3d at 449. Further, the incorporated standard provides information essential for a private entity to comprehend its legal duties, which weighs heavily in favor of permitting Defendant's reproduction.  *See ASTM*, 896 F.3d at 450.

o   Second Factor:  The "express text of the law falls plainly outside the realm of copyright protection."  *ASTM*, 896 F.3d at 451.  Here, the standard is incorporated into law without limitation such that "the consequence of the incorporation by reference is virtually indistinguishable from a situation in which the standard had been expressly copied into law." *Id.* at 452.  Accordingly, "this factor weighs heavily in favor of fair use." *Id.*

o   Third Factor:  The incorporating regulation does not specify that only certain provisions of this standard are incorporated by reference into law, nor does it indicate which specific provisions of the standard are relevant for regulatory compliance, suggesting that "a greater amount of the standard's text might be fairly reproduced."  *Id.*

o   Fourth Factor:  Defendant's reproductions have not had a "substantially adverse impact on the potential market for the originals," nor have Plaintiffs shown by a preponderance of the evidence that there is a meaningful likelihood of future harm."  Memo Op. at 30–36 (internal quotation and citation marks omitted).

o   Conclusion:  Defendant may fairly reproduce this incorporated standard in its entirety.

**147.**      **ASTM F1951 (1999):**

o   The parties identify 36 C.F.R. § 1191, App. B (2014) as the incorporating by reference regulation, *see* Becker Decl. ¶ 57, Ex. 90; Wise Decl., Ex. 176, which incorporates the standard into 36 C.F.R. § 1008.2.6.1.  Section 1008.2.6.1 requires that "[g]round surfaces shall comply with ASTM F1951," and "shall be inspected and maintained regularly and frequently to ensure continued compliance with ASTM F1951."  36 C.F.R. § 1008.2.6.1.  The regulation does not specify that only certain provisions of ASTM F1951 (1999) are incorporated by reference into law, nor does it indicate which specific provisions of ASTM F1951 (1999) are relevant for compliance with the regulation.

o   First Factor:  There is no indication that Defendant stands to profit from republishing this standard; Defendant's apparent purpose is to inform the public about the law and facilitate public debate.  *See ASTM*, 896 F.3d at 449; Def's 2d Mot. at 16.  Defendant's "attempt to freely distribute standards incorporated by reference into law qualifie[s] as

a use that further[s] the purposes of the fair use defense." *ASTM*, 896 F.3d at 449. Further, the incorporated standard provides information essential for a private entity to comprehend its legal duties, which weighs heavily in favor of permitting Defendant's reproduction. *See ASTM*, 896 F.3d at 450.

o **Second Factor**: The "express text of the law falls plainly outside the realm of copyright protection." *ASTM*, 896 F.3d at 451. Here, the standard is incorporated into law without limitation such that "the consequence of the incorporation by reference is virtually indistinguishable from a situation in which the standard had been expressly copied into law." *Id.* at 452. Accordingly, "this factor weighs heavily in favor of fair use." *Id.*

o **Third Factor**: The incorporating regulation does not specify that only certain provisions of this standard are incorporated by reference into law, nor does it indicate which specific provisions of the standard are relevant for regulatory compliance, suggesting that "a greater amount of the standard's text might be fairly reproduced." *Id.*

o **Fourth Factor**: Defendant's reproductions have not had a "substantially adverse impact on the potential market for the originals," nor have Plaintiffs shown by a preponderance of the evidence that there is a meaningful likelihood of future harm." Memo Op. at 30–36 (internal quotation and citation marks omitted).

o **Conclusion**: Defendant may fairly reproduce this incorporated standard in its entirety.

148.    **ASTM F631 (1993):**

o The parties identify 33 C.F.R. § 154.106 (2014) as the incorporating by reference regulation, *see* Becker Decl. ¶ 57, Ex. 90; Wise Decl., Ex. 176, which incorporates the standard into Appendix C, 6.3 to part 154. Appendix C, in part, requires that a facility owner or operator determine the effective daily recovery capacity of oil recovery devices. *See* 33 C.F.R. § App. C, 6.2. To satisfy this requirement, owners and operators may "submit adequate evidence that a different effective daily recovery capacity should be applied for a specific oil recovery device. Adequate evidence is actual verified performance data in spill conditions or tests using ASTM F 631 (incorporated by reference, see §154.106), or an equivalent test approved by the Coast Guard." *Id.* § App. C, 6.3. The regulation does not specify that only certain provisions of ASTM F631 (1993) are incorporated by reference into law, nor does it indicate which specific provisions of ASTM F631 (1993) are relevant for compliance with the regulation.

o **First Factor**: There is no indication that Defendant stands to profit from republishing this standard; Defendant's apparent purpose is to inform the public about the law and facilitate public debate. *See ASTM*, 896 F.3d at 449; Def's 2d Mot. at 16. Defendant's "attempt to freely distribute standards incorporated by reference into law qualifie[s] as a use that further[s] the purposes of the fair use defense." *ASTM*, 896 F.3d at 449. Further, the incorporated standard provides information essential for a private entity to comprehend its legal duties, which weighs heavily in favor of permitting Defendant's reproduction. *See ASTM*, 896 F.3d at 450.

o **Second Factor**: The "express text of the law falls plainly outside the realm of copyright protection." *ASTM*, 896 F.3d at 451. Here, the standard is incorporated into law

without limitation such that "the consequence of the incorporation by reference is virtually indistinguishable from a situation in which the standard had been expressly copied into law." *Id.* at 452. Accordingly, "this factor weighs heavily in favor of fair use." *Id.*

o **Third Factor**: The incorporating regulation does not specify that only certain provisions of this standard are incorporated by reference into law, nor does it indicate which specific provisions of the standard are relevant for regulatory compliance, suggesting that "a greater amount of the standard's text might be fairly reproduced." *Id.*

o **Fourth Factor**: Defendant's reproductions have not had a "substantially adverse impact on the potential market for the originals," nor have Plaintiffs shown by a preponderance of the evidence that there is a meaningful likelihood of future harm." Memo Op. at 30–36 (internal quotation and citation marks omitted).

o **Conclusion**: Defendant may fairly reproduce this incorporated standard in its entirety.

**149.     ASTM F631 1980 (1985):**

o The parties identify 33 C.F.R. § 154.106 (1999) as the incorporating by reference regulation, *see* Becker Decl. ¶ 57, Ex. 90; Wise Decl., Ex. 176, which incorporates the standard into 33 C.F.R. § Appendix C. Appendix C, in part, requires that a facility owner or operator determine the effective daily recovery capacity of oil recovery devices. *See* 33 C.F.R. § App. C, 6.2. To satisfy this requirement, owners and operators may "submit adequate evidence that a different effective daily recovery capacity should be applied for a specific oil recovery device. Adequate evidence is actual verified performance data in spill conditions or tests using ASTM F 631, ASTM F 808, or an equivalent test approved by the Coast Guard." *Id.* § App. C, 6.3. The regulation does not specify that only certain provisions of ASTM F631 1980 (1985) are incorporated by reference into law, nor does it indicate which specific provisions of ASTM F631 1980 (1985) are relevant for compliance with the regulation.

o **First Factor**: There is no indication that Defendant stands to profit from republishing this standard; Defendant's apparent purpose is to inform the public about the law and facilitate public debate. *See ASTM*, 896 F.3d at 449; Def's 2d Mot. at 16. Defendant's "attempt to freely distribute standards incorporated by reference into law qualifie[s] as a use that further[s] the purposes of the fair use defense." *ASTM*, 896 F.3d at 449. Further, the incorporated standard provides information essential for a private entity to comprehend its legal duties, which weighs heavily in favor of permitting Defendant's reproduction. *See ASTM*, 896 F.3d at 450.

o **Second Factor**: The "express text of the law falls plainly outside the realm of copyright protection." *ASTM*, 896 F.3d at 451. Here, the standard is incorporated into law without limitation such that "the consequence of the incorporation by reference is virtually indistinguishable from a situation in which the standard had been expressly copied into law." *Id.* at 452. Accordingly, "this factor weighs heavily in favor of fair use." *Id.*

o **Third Factor**: The incorporating regulation does not specify that only certain provisions of this standard are incorporated by reference into law, nor does it indicate which specific provisions of the standard are relevant for regulatory compliance, suggesting

that "a greater amount of the standard's text might be fairly reproduced."   *Id.*

o   <u>Fourth Factor</u>:  Defendant's reproductions have not had a "substantially adverse impact on the potential market for the originals," nor have Plaintiffs shown by a preponderance of the evidence that there is a meaningful likelihood of future harm."  Memo Op. at 30–36 (internal quotation and citation marks omitted).

o   <u>Conclusion</u>:  Defendant may fairly reproduce this incorporated standard in its entirety.

**150.      ASTM F715 (1995):**

o   The parties identify 33 C.F.R. § 154.106 (2014) as the incorporating by reference regulation, *see* Becker Decl. ¶ 57, Ex. 90; Wise Decl., Ex. 176, which incorporates the standard into 33 C.F.R. § Appendix C, 2.3.1.  Appendix C provides that the "Coast Guard may require documentation that the boom identified in a response plan meets the criteria in Table 1.  Absent acceptable documentation, the Coast Guard may require that the boom be tested to demonstrate that it meets the criteria in Table 1."  33 C.F.R. § App. C, 2.3.1.  Further, it requires that such "[t]esting must be in accordance with ASTM F 715 (incorporated by reference, see §154.106), or other tests approved by the Coast Guard."  *Id.*  The regulation does not specify that only certain provisions of ASTM F715 (1995) are incorporated by reference into law, nor does it indicate which specific provisions of ASTM F715 (1995) are relevant for compliance with the regulation.

o   <u>First Factor</u>:  There is no indication that Defendant stands to profit from republishing this standard; Defendant's apparent purpose is to inform the public about the law and facilitate public debate.  *See ASTM*, 896 F.3d at 449; Def's 2d Mot. at 16.  Defendant's "attempt to freely distribute standards incorporated by reference into law qualifie[s] as a use that further[s] the purposes of the fair use defense."  *ASTM*, 896 F.3d at 449.  However, the court finds that the incorporated standard does not provide information essential for a private entity to comprehend its legal duties, but rather is incorporated as a discretionary procedure because entities may comply with the regulation by relying on "other test approved by the Coast Guard."  33 C.F.R. § App. C, 2.3.1.  Accordingly, "while knowing the content of this incorporated standard might help inform one's understanding of the law," it "is not essential to complying with any legal duty," and thus, Defendant's use is less transformative and "its wholesale copying, in turn, less justified."  *ASTM*, 896 F.3d at 450.

o   <u>Second Factor</u>:  The "express text of the law falls plainly outside the realm of copyright protection."  *ASTM*, 896 F.3d at 451.  Here, the standard is incorporated into law without limitation such that "the consequence of the incorporation by reference is virtually indistinguishable from a situation in which the standard had been expressly copied into law."  *Id.* at 452.  Accordingly, "this factor weighs heavily in favor of fair use."  *Id.*

o   <u>Third Factor</u>:  The incorporating regulation does not specify that only certain provisions of this standard are incorporated by reference into law, nor does it indicate which specific provisions of the standard are relevant for regulatory compliance, suggesting that "a greater amount of the standard's text might be fairly reproduced."  *Id.*

o   <u>Fourth Factor</u>:  Defendant's reproductions have not had a "substantially adverse impact

on the potential market for the originals," nor have Plaintiffs shown by a preponderance of the evidence that there is a meaningful likelihood of future harm." Memo Op. at 30–36 (internal quotation and citation marks omitted).

- o <u>Conclusion</u>:  Defendant may fairly reproduce this incorporated standard in its entirety.

**151.    ASTM F715 1981 (1986):**

- o The parties identify 33 C.F.R. § 154.106 (1999) as the incorporating by reference regulation, *see* Becker Decl. ¶ 57, Ex. 90; Wise Decl., Ex. 176, which incorporates the standard into 33 C.F.R. § Appendix C.  Appendix C, in part, requires that "[f]acilities handling, storing, or transporting oil in more than one operating environment as indicated in Table 1 of this appendix must identify equipment capable of successfully functioning in each operating environment." 33 C.F.R. § Appendix C, 2.2.  It further provides that the "[a]bsent acceptable documentation [that the boom identified in a response plan meets applicable criteria], the Coast Guard may require that the boom be tested to demonstrate that it meets the criteria in Table 1. Testing must be in accordance with ASTM F 715, ASTM F 989, or other tests approved by the Coast Guard." *See* 33 C.F.R. § App. C, 2.3.1.  The regulation does not specify that only certain provisions of ASTM F715 1981 (1986) are incorporated by reference into law, nor does it indicate which specific provisions of ASTM F715 1981 (1986) are relevant for compliance with the regulation.

- o <u>First Factor</u>:  There is no indication that Defendant stands to profit from republishing this standard; Defendant's apparent purpose is to inform the public about the law and facilitate public debate. *See ASTM*, 896 F.3d at 449; Def's 2d Mot. at 16. Defendant's "attempt to freely distribute standards incorporated by reference into law qualifie[s] as a use that further[s] the purposes of the fair use defense." *ASTM*, 896 F.3d at 449. However, the court finds that the incorporated standard does not provide information essential for a private entity to comprehend its legal duties, but rather is incorporated as a discretionary procedure because entities may comply with the regulation by relying on "other test approved by the Coast Guard." 33 C.F.R. § App. C, 2.3.1. Accordingly, "while knowing the content of this incorporated standard might help inform one's understanding of the law," it "is not essential to complying with any legal duty," and thus, Defendant's use is less transformative and "its wholesale copying, in turn, less justified." *ASTM*, 896 F.3d at 450.

- o <u>Second Factor</u>:  The "express text of the law falls plainly outside the realm of copyright protection." *ASTM*, 896 F.3d at 451. Here, the standard is incorporated into law without limitation such that "the consequence of the incorporation by reference is virtually indistinguishable from a situation in which the standard had been expressly copied into law." *Id.* at 452. Accordingly, "this factor weighs heavily in favor of fair use." *Id.*

- o <u>Third Factor</u>:  The incorporating regulation does not specify that only certain provisions of this standard are incorporated by reference into law, nor does it indicate which specific provisions of the standard are relevant for regulatory compliance, suggesting that "a greater amount of the standard's text might be fairly reproduced." *Id.*

- o <u>Fourth Factor</u>:  Defendant's reproductions have not had a "substantially adverse impact

on the potential market for the originals," nor have Plaintiffs shown by a preponderance of the evidence that there is a meaningful likelihood of future harm." Memo Op. at 30–36 (internal quotation and citation marks omitted).

o   <u>Conclusion</u>:  Defendant may fairly reproduce this incorporated standard in its entirety.

**152.**    **ASTM G151 (1997):**

o   The parties identify 49 C.F.R. § 571.5 (2014) as the incorporating by reference regulation, *see* Becker Decl. ¶ 57, Ex. 90; Wise Decl., Ex. 176, which incorporates the standard into 49 C.F.R. § 571.106.  Section 571.106 requires that ultraviolet light resistance testing using an accelerated weathering test machine be in accordance with ASTM G151-97 and two other standards.  49 C.F.R. § 571.106, S12.7(a)-(b).  The regulation does not specify that only certain provisions of ASTM G151 (1997) are incorporated by reference into law, nor does it indicate which specific provisions of ASTM G151 (1997) are relevant for compliance with the regulation.

o   <u>First Factor</u>:  There is no indication that Defendant stands to profit from republishing this standard; Defendant's apparent purpose is to inform the public about the law and facilitate public debate.  *See ASTM*, 896 F.3d at 449; Def's 2d Mot. at 16.  Defendant's "attempt to freely distribute standards incorporated by reference into law qualifie[s] as a use that further[s] the purposes of the fair use defense."  *ASTM*, 896 F.3d at 449.  Further, the incorporated standard provides information essential for a private entity to comprehend its legal duties, which weighs heavily in favor of permitting Defendant's reproduction.  *See ASTM*, 896 F.3d at 450.

o   <u>Second Factor</u>:  The "express text of the law falls plainly outside the realm of copyright protection."  *ASTM*, 896 F.3d at 451.  Here, the standard is incorporated into law without limitation such that "the consequence of the incorporation by reference is virtually indistinguishable from a situation in which the standard had been expressly copied into law."  *Id.* at 452.  Accordingly, "this factor weighs heavily in favor of fair use."  *Id.*

o   <u>Third Factor</u>:  The incorporating regulation does not specify that only certain provisions of this standard are incorporated by reference into law, nor does it indicate which specific provisions of the standard are relevant for regulatory compliance, suggesting that "a greater amount of the standard's text might be fairly reproduced."  *Id.*

o   <u>Fourth Factor</u>:  Defendant's reproductions have not had a "substantially adverse impact on the potential market for the originals," nor have Plaintiffs shown by a preponderance of the evidence that there is a meaningful likelihood of future harm."  Memo Op. at 30–36 (internal quotation and citation marks omitted).

o   <u>Conclusion</u>:  Defendant may fairly reproduce this incorporated standard in its entirety.

**153.**    **ASTM G21 (1990):**

o   The parties identify 7 C.F.R. § 1755.910 (2014) as the incorporating by reference regulation, *see* Becker Decl. ¶ 57, Ex. 90; Wise Decl., Ex. 176, which incorporates the standard.  *See* 7 C.F.R. § 1755.910(a)(7).  Section 1755.910 requires that "[n]onmetallic housing materials shall have a fungus growth rating no greater than one according to ASTM G 21–90," and that "[f]ungi resistance of nonmetallic housing

materials shall be tested according to the procedures of ASTM G 21–90." *Id.* § 1755.910(d)(5)(iv), (e)(1)(vii). The regulation does not specify that only certain provisions of ASTM G21 (1990) are incorporated by reference into law, nor does it indicate which specific provisions of ASTM G21 (1990) are relevant for compliance with the regulation.

o <u>First Factor</u>:  There is no indication that Defendant stands to profit from republishing this standard; Defendant's apparent purpose is to inform the public about the law and facilitate public debate. *See ASTM*, 896 F.3d at 449; Def's 2d Mot. at 16.  Defendant's "attempt to freely distribute standards incorporated by reference into law qualifie[s] as a use that further[s] the purposes of the fair use defense." *ASTM*, 896 F.3d at 449. Further, the incorporated standard provides information essential for a private entity to comprehend its legal duties, which weighs heavily in favor of permitting Defendant's reproduction. *See ASTM*, 896 F.3d at 450.

o <u>Second Factor</u>:  The "express text of the law falls plainly outside the realm of copyright protection." *ASTM*, 896 F.3d at 451.  Here, the standard is incorporated into law without limitation such that "the consequence of the incorporation by reference is virtually indistinguishable from a situation in which the standard had been expressly copied into law." *Id.* at 452.  Accordingly, "this factor weighs heavily in favor of fair use." *Id.*

o <u>Third Factor</u>:  The incorporating regulation does not specify that only certain provisions of this standard are incorporated by reference into law, nor does it indicate which specific provisions of the standard are relevant for regulatory compliance, suggesting that "a greater amount of the standard's text might be fairly reproduced." *Id.*

o <u>Fourth Factor</u>:  Defendant's reproductions have not had a "substantially adverse impact on the potential market for the originals," nor have Plaintiffs shown by a preponderance of the evidence that there is a meaningful likelihood of future harm." Memo Op. at 30–36 (internal quotation and citation marks omitted).

o <u>Conclusion</u>:  Defendant may fairly reproduce this incorporated standard in its entirety.

## II.  GROUP 2:  STANDARDS WHICH ARE IDENTICAL IN TEXT TO STANDARDS INCORPORATED BY REFERENCE INTO LAW

**154.**          **ASTM A611-72 (1979)**

o Defendant identifies 24 C.F.R. § (Parts 200 to 499) (2005) as the incorporating by reference regulation, *see* Becker Decl. ¶ 57, Ex. 90 at 18, which incorporates ASTM A611-72 for 24 C.F.R. § Part 200, Subpart S.  *See* 24 C.F.R. § (Parts 200 to 499). While the regulation incorporates ASTM A611-72, not the 1979 version that Defendant published, the text of the two standards is identical. *See* Pls. 2d SMF ¶ 35 ("Standards that have been reapproved without change are indicated by the year of last reapproval in parentheses as part of the designation number (e.g., C5-79 (1997) indicates that C5 was reapproved in 1997.") (citing O'Brien Decl. Ex. 3 at 1349); ECF No. 203-3, Def. Statement of Disputed Facts at ¶ 35 (no objection); Def. Mot. at 10 (contending that the "only difference between what was posted and the document cited

in the C.F.R. is that the title adds a second, reissue, date in parentheses.  All other text is identical") (citing Def. 2d SMF ¶ 84).  The regulation does not specify that only certain provisions of ASTM A611-72 are incorporated by reference into law, nor does it indicate which specific provisions of A611-72 are relevant for compliance with the regulation.

o   <u>First Factor</u>:  There is no indication that Defendant stands to profit from republishing this standard; Defendant's apparent purpose is to inform the public about the law and facilitate public debate.  *See ASTM*, 896 F.3d at 449; Def's 2d Mot. at 16.  Defendant's "attempt to freely distribute" this standard, the text of which has been incorporated by reference into law, "qualifie[s] as a use that further[s] the purposes of the fair use defense."  *ASTM*, 896 F.3d at 449.  However, the court finds that the incorporated standard does not provide information essential for a private entity to comprehend its legal duties, but rather is incorporated as a reference procedure.  Accordingly, "while knowing the content of this incorporated standard might help inform one's understanding of the law," it "is not essential to complying with any legal duty," and thus, Defendant's use is less transformative and "its wholesale copying, in turn, less justified." *ASTM*, 896 F.3d at 450.

o   <u>Second Factor</u>:  The "express text of the law falls plainly outside the realm of copyright protection."  *ASTM*, 896 F.3d at 451.  Here, the text published by Defendant is identical to text that was incorporated into law without limitation, such that "the consequence of the incorporation by reference is virtually indistinguishable from a situation in which the standard had been expressly copied into law." *Id.* at 452.  Accordingly, "this factor weighs heavily in favor of fair use." *Id.*

o   <u>Third Factor</u>:  The incorporating regulation does not specify that only certain provisions of the text in ASTM A611-72 are incorporated by reference into law, nor does it indicate which specific provisions of the standard are relevant for regulatory compliance, suggesting that "a greater amount of the standard's text might be fairly reproduced." *Id.*

o   <u>Fourth Factor</u>:  Defendant's reproductions have not had a "substantially adverse impact on the potential market for the originals," nor have Plaintiffs shown by a preponderance of the evidence that there is a meaningful likelihood of future harm."  Memo Op. at 30–36 (internal quotation and citation marks omitted).

o   <u>Conclusion</u>:  Defendant may fairly reproduce the text of ASTM A611-72 (1979) in its entirety.

**155.**          **ASTM C5 1979 (1997):**

o   Defendant identifies 24 C.F.R. § (Parts 200 to 499) (2005) as the incorporating by reference regulation, *see* Becker Decl. ¶ 57, Ex. 90 at 18, which incorporates ASTM C5-79 for 24 C.F.R. § Part 200, Subpart S.  *See* 24 C.F.R. § (Parts 200 to 499).  While the regulation incorporates ASTM C5-79, not the 1997 version that Defendant published, the text of the two standards is identical.  *See* Pls. 2d SMF ¶ 35; Def. Statement of Disputed Facts at ¶ 35 (no objection); Def. Mot. at 10 (citing Def. 2d SMF ¶ 84).  The regulation does not specify that only certain provisions of ASTM C5-79 are

incorporated by reference into law, nor does it indicate which specific provisions of ASTM C5-79 are relevant for compliance with the regulation.

o  <u>First Factor</u>:  There is no indication that Defendant stands to profit from republishing this standard; Defendant's apparent purpose is to inform the public about the law and facilitate public debate.  *See ASTM*, 896 F.3d at 449; Def's 2d Mot. at 16.  Defendant's "attempt to freely distribute" this standard, the text of which has been incorporated by reference into law, "qualifie[s] as a use that further[s] the purposes of the fair use defense."  *ASTM*, 896 F.3d at 449.  However, the court finds that the incorporated standard does not provide information essential for a private entity to comprehend its legal duties, but rather is incorporated as a reference procedure.  Accordingly, "while knowing the content of this incorporated standard might help inform one's understanding of the law," it "is not essential to complying with any legal duty," and thus, Defendant's use is less transformative and "its wholesale copying, in turn, less justified."  *ASTM*, 896 F.3d at 450.

o  <u>Second Factor</u>:  The "express text of the law falls plainly outside the realm of copyright protection."  *ASTM*, 896 F.3d at 451.  Here, the text published by Defendant is identical to text that was incorporated into law without limitation, such that "the consequence of the incorporation by reference is virtually indistinguishable from a situation in which the standard had been expressly copied into law."  *Id.* at 452.  Accordingly, "this factor weighs heavily in favor of fair use."  *Id.*

o  <u>Third Factor</u>:  The incorporating regulation does not specify that only certain provisions of the text in ASTM C5-79 are incorporated by reference into law, nor does it indicate which specific provisions of the standard are relevant for regulatory compliance, suggesting that "a greater amount of the standard's text might be fairly reproduced."  *Id.*

o  <u>Fourth Factor</u>:  Defendant's reproductions have not had a "substantially adverse impact on the potential market for the originals," nor have Plaintiffs shown by a preponderance of the evidence that there is a meaningful likelihood of future harm."  Memo Op. at 30–36 (internal quotation and citation marks omitted).

o  <u>Conclusion</u>:  Defendant may fairly reproduce the text of ASTM C5-79 (1997) in its entirety.

**156.**          **ASTM C564 1970 (1982):**

o  Defendant identifies 24 C.F.R. § (Parts 200 to 499) (2005) as the incorporating by reference regulation, *see* Becker Decl. ¶ 57, Ex. 90 at 18, which incorporates ASTM C564-70 for 24 C.F.R. § Part 200, Subpart S.  *See* 24 C.F.R. § (Parts 200 to 499).  While the regulation incorporates ASTM C564-70, not the 1982 version that Defendant published, the text of the two standards is identical.  *See* Pls. 2d SMF ¶ 35; Def. Statement of Disputed Facts at ¶ 35 (no objection); Def. Mot. at 10 (citing Def. 2d SMF ¶ 84).  The regulation does not specify that only certain provisions of ASTM C564-70 are incorporated by reference into law, nor does it indicate which specific provisions of ASTM C564-70 are relevant for compliance with the regulation.

o  <u>First Factor</u>:  There is no indication that Defendant stands to profit from republishing this standard; Defendant's apparent purpose is to inform the public about the law and

facilitate public debate. *See ASTM*, 896 F.3d at 449; Def's 2d Mot. at 16. Defendant's "attempt to freely distribute" this standard, the text of which has been incorporated by reference into law, "qualifie[s] as a use that further[s] the purposes of the fair use defense." *ASTM*, 896 F.3d at 449. However, the court finds that the incorporated standard does not provide information essential for a private entity to comprehend its legal duties, but rather is incorporated as a reference procedure. Accordingly, "while knowing the content of this incorporated standard might help inform one's understanding of the law," it "is not essential to complying with any legal duty," and thus, Defendant's use is less transformative and "its wholesale copying, in turn, less justified." *ASTM*, 896 F.3d at 450.

o  Second Factor:  The "express text of the law falls plainly outside the realm of copyright protection." *ASTM*, 896 F.3d at 451. Here, the text published by Defendant is identical to text that was incorporated into law without limitation, such that "the consequence of the incorporation by reference is virtually indistinguishable from a situation in which the standard had been expressly copied into law." *Id.* at 452. Accordingly, "this factor weighs heavily in favor of fair use." *Id.*

o  Third Factor:  The incorporating regulation does not specify that only certain provisions of the text in ASTM C564-70 are incorporated by reference into law, nor does it indicate which specific provisions of the standard are relevant for regulatory compliance, suggesting that "a greater amount of the standard's text might be fairly reproduced." *Id.*

o  Fourth Factor:  Defendant's reproductions have not had a "substantially adverse impact on the potential market for the originals," nor have Plaintiffs shown by a preponderance of the evidence that there is a meaningful likelihood of future harm." Memo Op. at 30–36 (internal quotation and citation marks omitted).

o  Conclusion:  Defendant may fairly reproduce the text of ASTM C564-70 (1982) in its entirety.

**157.**          **ASTM D1298 (1999):**

o  Defendant identifies 40 C.F.R. § 600.011 (2013) as the incorporating by reference regulation, *see* Becker Decl. ¶ 57, Ex. 90 at 18, which incorporates ASTM D 1298-99 (2005) for §§ 600.113–08(f) and (g), 600.113–12(f) and (g), 600.510 – 08(g), and 600.510–12(g). While the regulation incorporates ASTM D 1298-99 (2005), not the 1999 version that Defendant published, the text of the two standards is identical. *See* Pls. 2d SMF ¶ 35; Def. Statement of Disputed Facts at ¶ 35 (no objection); Def. Mot. at 10 (citing Def. 2d SMF ¶ 84).

Section 600.113–08(f) requires that fuels samples and methanol test fuel "shall be analyzed to determine . . . Specific gravity per ASTM D 1298. 40 C.F.R. §§ 600.011(f)(1)(i) – (2)(ii). *See also id.* § 600.113-12(f)(2) (requiring same with respect to gasoline test fuel properties); *id.* § 600.113-12(f)(4) (requiring same with respect to ethanol test fuel). Section 600.510 requires that the "density for alcohol fuels shall be determined per ASTM D 1298." *Id.* § 600.510-12(g)(1)(ii)(B). The regulation does not specify that only certain provisions of ASTM D 1298-99 (2005) are incorporated by reference into law, nor does it indicate which specific provisions of ASTM D 1298-

99 (2005) are relevant for compliance with the regulation.

o First Factor: There is no indication that Defendant stands to profit from republishing this standard; Defendant's apparent purpose is to inform the public about the law and facilitate public debate. *See ASTM*, 896 F.3d at 449; Def's 2d Mot. at 16. Defendant's "attempt to freely distribute standards incorporated by reference into law qualifie[s] as a use that further[s] the purposes of the fair use defense." *ASTM*, 896 F.3d at 449. *See also id.* at 451 ("Faithfully reproducing the *relevant text* of a technical standard incorporated by reference for purposes of informing the public about the law obviously has great value.") (emphasis added). Further, the incorporated standard provides information essential for a private entity to comprehend its legal duties, which weighs heavily in favor of permitting Defendant's reproduction. *See id.* at 450.

o Second Factor: The "express text of the law falls plainly outside the realm of copyright protection." *ASTM*, 896 F.3d at 451. Here, the text published by Defendant is identical to text that was incorporated into law without limitation, such that "the consequence of the incorporation by reference is virtually indistinguishable from a situation in which the standard had been expressly copied into law." *Id.* at 452. Accordingly, "this factor weighs heavily in favor of fair use." *Id.*

o Third Factor: The incorporating regulation does not specify that only certain provisions of the text in ASTM D 1298-99 (2005) are incorporated by reference into law, nor does it indicate which specific provisions of the standard are relevant for regulatory compliance, suggesting that "a greater amount of the standard's text might be fairly reproduced." *Id.*

o Fourth Factor: Defendant's reproductions have not had a "substantially adverse impact on the potential market for the originals," nor have Plaintiffs shown by a preponderance of the evidence that there is a meaningful likelihood of future harm." Memo Op. at 30–36 (internal quotation and citation marks omitted).

o Conclusion: Defendant may fairly reproduce the text of ASTM D 1298-99 in its entirety.

**158.          ASTM D1412 1993 (1997):**

o Defendant identifies 30 C.F.R. § 870.18 (1999) as the incorporating by reference regulation, *see* Becker Decl. ¶ 57, Ex. 90 at 18, which incorporates ASTM D1412-93 for §§ 870.19 and 870.20. While the regulation incorporates ASTM D1412-93, not the 1997 version that Defendant published, the text of the two standards is identical. *See* Pls. 2d SMF ¶ 35; Def. Statement of Disputed Facts at ¶ 35 (no objection); Def. Mot. at 10 (citing Def. 2d SMF ¶ 84).

Section 870.19 requires an operator who mined coal after June 1988 to deduct the weight of excess moisture in the coal to determine reclamation fees owed under 30 CFR § 870.12(b)(3)(i). Relevant to that calculation is a determination of "equilibrium moisture" which "means the moisture in the coal as determined through ASTM standard D1412-93." 30 CFR § 870.18(c)(7). The regulation does not specify that only certain provisions of ASTM D1412-93 are incorporated by reference into law, nor does it indicate which specific provisions of ASTM D1412-93 are relevant for compliance with the regulation.

o  <u>First Factor</u>:  There is no indication that Defendant stands to profit from republishing this standard; Defendant's apparent purpose is to inform the public about the law and facilitate public debate.  *See ASTM*, 896 F.3d at 449; Def's 2d Mot. at 16.  Defendant's "attempt to freely distribute standards incorporated by reference into law qualifie[s] as a use that further[s] the purposes of the fair use defense."  *ASTM*, 896 F.3d at 449.  *See also id.* at 451 ("Faithfully reproducing the *relevant text* of a technical standard incorporated by reference for purposes of informing the public about the law obviously has great value.") (emphasis added).  Further, the incorporated standard provides information essential for a private entity to comprehend its legal duties, which weighs heavily in favor of permitting Defendant's reproduction.  *See id.* at 450.

o  <u>Second Factor</u>:  The "express text of the law falls plainly outside the realm of copyright protection."  *ASTM*, 896 F.3d at 451.  Here, the text published by Defendant is identical to text that was incorporated into law without limitation, such that "the consequence of the incorporation by reference is virtually indistinguishable from a situation in which the standard had been expressly copied into law."  *Id.* at 452.  Accordingly, "this factor weighs heavily in favor of fair use."  *Id.*

o  <u>Third Factor</u>:  The incorporating regulation does not specify that only certain provisions of the text in ASTM D1412-93 are incorporated by reference into law, nor does it indicate which specific provisions of the standard are relevant for regulatory compliance, suggesting that "a greater amount of the standard's text might be fairly reproduced."  *Id.*

o  <u>Fourth Factor</u>:  Defendant's reproductions have not had a "substantially adverse impact on the potential market for the originals," nor have Plaintiffs shown by a preponderance of the evidence that there is a meaningful likelihood of future harm."  Memo Op. at 30–36 (internal quotation and citation marks omitted).

o  <u>Conclusion</u>:  Defendant may fairly reproduce the text of ASTM D1412-93 (1997) in its entirety.

**159.**          **ASTM D2013 1986 (1994):**

o  Defendant identifies 40 C.F.R. § 60.17 (2011) as the incorporating by reference regulation, *see* Becker Decl. ¶ 57, Ex. 90 at 18, which incorporates ASTM D2013-72, 86 for appendix A: Method 19, Section 12.5.2.1.3.  While the regulation incorporates ASTM D2013-72, 86, not the 1994 version that Defendant published, the text of the two standards is identical.  *See* Pls. 2d SMF ¶ 35; Def. Statement of Disputed Facts at ¶ 35 (no objection); Def. Mot. at 10 (citing Def. 2d SMF ¶ 84).

Appendix A: Method 19, Section 12.5.2.1.3 requires that when determining the overall reduction in potential sulfur dioxide emission, subject entities shall use ASTM D2013-72, 86 to prepare the sample.  The regulation does not specify that only certain provisions of ASTM D2013-72, 86 are incorporated by reference into law, nor does it indicate which specific provisions of ASTM D2013-72, 86 are relevant for compliance with the regulation.

o  <u>First Factor</u>:  There is no indication that Defendant stands to profit from republishing this standard; Defendant's apparent purpose is to inform the public about the law and facilitate public debate.  *See ASTM*, 896 F.3d at 449; Def's 2d Mot. at 16.  Defendant's

"attempt to freely distribute standards incorporated by reference into law qualifie[s] as a use that further[s] the purposes of the fair use defense." *ASTM*, 896 F.3d at 449. *See also id.* at 451 ("Faithfully reproducing the *relevant text* of a technical standard incorporated by reference for purposes of informing the public about the law obviously has great value.") (emphasis added).   Further, the incorporated standard provides information essential for a private entity to comprehend its legal duties, which weighs heavily in favor of permitting Defendant's reproduction. *See id.* at 450.

o   Second Factor:  The "express text of the law falls plainly outside the realm of copyright protection." *ASTM*, 896 F.3d at 451.  Here, the text published by Defendant is identical to text that was incorporated into law without limitation, such that "the consequence of the incorporation by reference is virtually indistinguishable from a situation in which the standard had been expressly copied into law." *Id.* at 452.  Accordingly, "this factor weighs heavily in favor of fair use." *Id.*

o   Third Factor:  The incorporating regulation does not specify that only certain provisions of the text in ASTM D2013-72, 86 are incorporated by reference into law, nor does it indicate which specific provisions of the standard are relevant for regulatory compliance, suggesting that "a greater amount of the standard's text might be fairly reproduced." *Id.*

o   Fourth Factor:  Defendant's reproductions have not had a "substantially adverse impact on the potential market for the originals," nor have Plaintiffs shown by a preponderance of the evidence that there is a meaningful likelihood of future harm."  Memo Op. at 30–36 (internal quotation and citation marks omitted).

o   Conclusion:  Defendant may fairly reproduce the text of ASTM D2013-86 (1994) in its entirety.

**160.          ASTM D2724 1987 (1995):**

o   Defendant identifies 49 C.F.R. § 238, Appendix B (2010) as the incorporating by reference regulation, *see* Becker Decl. ¶ 57, Ex. 90 at 18, which incorporates ASTM D 2724-87 into Appendix B.  While the regulation incorporates ASTM D 2724-87, not the 1995 version that Defendant published, the text of the two standards is identical. *See* Pls. 2d SMF ¶ 35; Def. Statement of Disputed Facts at ¶ 35 (no objection); Def. Mot. at 10 (citing Def. 2d SMF ¶ 84).

Appendix B requires that "surface flammability and smoke emission characteristics shall be demonstrated to be permanent by dry-cleaning, if appropriate, according to ASTM D 2724–87." 49 C.F.R. § 238, App. B n.7.  The regulation does not specify that only certain provisions of ASTM D 2724-87 are incorporated by reference into law, nor does it indicate which specific provisions of ASTM D 2724-87 are relevant for compliance with the regulation.

o   First Factor:  There is no indication that Defendant stands to profit from republishing this standard; Defendant's apparent purpose is to inform the public about the law and facilitate public debate. *See ASTM*, 896 F.3d at 449; Def's 2d Mot. at 16.  Defendant's "attempt to freely distribute standards incorporated by reference into law qualifie[s] as a use that further[s] the purposes of the fair use defense." *ASTM*, 896 F.3d at 449. *See also id.* at 451 ("Faithfully reproducing the *relevant text* of a technical standard

incorporated by reference for purposes of informing the public about the law obviously has great value.") (emphasis added). Further, the incorporated standard provides information essential for a private entity to comprehend its legal duties, which weighs heavily in favor of permitting Defendant's reproduction. *See id.* at 450.

o   Second Factor:  The "express text of the law falls plainly outside the realm of copyright protection." *ASTM*, 896 F.3d at 451.  Here, the text published by Defendant is identical to text that was incorporated into law without limitation, such that "the consequence of the incorporation by reference is virtually indistinguishable from a situation in which the standard had been expressly copied into law." *Id.* at 452.  Accordingly, "this factor weighs heavily in favor of fair use." *Id.*

o   Third Factor:  The incorporating regulation does not specify that only certain provisions of the text in ASTM D 2724-87 are incorporated by reference into law, nor does it indicate which specific provisions of the standard are relevant for regulatory compliance, suggesting that "a greater amount of the standard's text might be fairly reproduced." *Id.*

o   Fourth Factor:  Defendant's reproductions have not had a "substantially adverse impact on the potential market for the originals," nor have Plaintiffs shown by a preponderance of the evidence that there is a meaningful likelihood of future harm."  Memo Op. at 30–36 (internal quotation and citation marks omitted).

o   Conclusion:  Defendant may fairly reproduce the text of ASTM D 2724-87 (1995) in its entirety.

**161.       ASTM D3173 1987 (1996):**

o   Defendant identifies 40 C.F.R. § 60.17 (2011) as the incorporating by reference regulation, *see* Becker Decl. ¶ 57, Ex. 90 at 18, which incorporates ASTM D3173-73, 87 for appendix A: Method 19, Section 12.5.2.1.3.  While the regulation incorporates ASTM D3173-73, 87, not the 1996 version that Defendant published, the text of the two standards is identical. *See* Pls. 2d SMF ¶ 35; Def. Statement of Disputed Facts at ¶ 35 (no objection); Def. Mot. at 10 (citing Def. 2d SMF ¶ 84).

Appendix A: Method 19, Section 12.5.2.1.3 requires that when determining moisture content in the context of determining overall reduction in sulfur dioxide emissions, entities shall use ASTM D3173-73, 87.  The regulation does not specify that only certain provisions of ASTM D3173-73, 87 are incorporated by reference into law, nor does it indicate which specific provisions of ASTM D3173-73, 87 are relevant for compliance with the regulation.

o   First Factor:  There is no indication that Defendant stands to profit from republishing this standard; Defendant's apparent purpose is to inform the public about the law and facilitate public debate. *See ASTM*, 896 F.3d at 449; Def's 2d Mot. at 16.  Defendant's "attempt to freely distribute standards incorporated by reference into law qualifie[s] as a use that further[s] the purposes of the fair use defense." *ASTM*, 896 F.3d at 449. *See also id.* at 451 ("Faithfully reproducing the *relevant text* of a technical standard incorporated by reference for purposes of informing the public about the law obviously has great value.") (emphasis added).  Further, the incorporated standard provides information essential for a private entity to comprehend its legal duties, which weighs

heavily in favor of permitting Defendant's reproduction. *See id.* at 450.

o   Second Factor:  The "express text of the law falls plainly outside the realm of copyright protection." *ASTM*, 896 F.3d at 451.  Here, the text published by Defendant is identical to text that was incorporated into law without limitation, such that "the consequence of the incorporation by reference is virtually indistinguishable from a situation in which the standard had been expressly copied into law." *Id.* at 452.  Accordingly, "this factor weighs heavily in favor of fair use." *Id.*

o   Third Factor:  The incorporating regulation does not specify that only certain provisions of the text in ASTM D3173-73, 87 are incorporated by reference into law, nor does it indicate which specific provisions of the standard are relevant for regulatory compliance, suggesting that "a greater amount of the standard's text might be fairly reproduced." *Id.*

o   Fourth Factor:  Defendant's reproductions have not had a "substantially adverse impact on the potential market for the originals," nor have Plaintiffs shown by a preponderance of the evidence that there is a meaningful likelihood of future harm."  Memo Op. at 30–36 (internal quotation and citation marks omitted).

o   Conclusion:  Defendant may fairly reproduce the text of ASTM D3173-87 (1996) in its entirety.

**162.          ASTM D3178 1989 (1997):**

o   Defendant identifies 40 C.F.R. § 60.17 (2011) as the incorporating by reference regulation, *see* Becker Decl. ¶ 57, Ex. 90 at 18, which incorporates ASTM D3178-73, 79, 89 for § 60.45(f)(5)(i).  While the regulation incorporates ASTM D3178-73, 79, 89, not the 1997 version that Defendant published, the text of the two standards is identical.  *See* Pls. 2d SMF ¶ 35; Def. Statement of Disputed Facts at ¶ 35 (no objection); Def. Mot. at 10 (citing Def. 2d SMF ¶ 84).

Section 60.45(f)(5) provides that an owner or operator "may use" the specified equation "to determine an F factor . . . or Fc factor . . . in lieu of the F or Fc factors specific in paragraph (f)(4) of this section.  Section 60.45(f)(5)(i) pertains to the specified equation and provides that the weight of certain elements "as determined . . . using ASTM D3178."  The regulation does not specify that only certain provisions of ASTM D3178-73, 79, 89 are incorporated by reference into law, nor does it indicate which specific provisions of ASTM D3178-73, 79, 89 are relevant for compliance with the regulation.

o   First Factor:  There is no indication that Defendant stands to profit from republishing this standard; Defendant's apparent purpose is to inform the public about the law and facilitate public debate.  *See ASTM*, 896 F.3d at 449; Def's 2d Mot. at 16.  Defendant's "attempt to freely distribute standards incorporated by reference into law qualifie[s] as a use that further[s] the purposes of the fair use defense." *ASTM*, 896 F.3d at 449. *See also id.* at 451 ("Faithfully reproducing the *relevant text* of a technical standard incorporated by reference for purposes of informing the public about the law obviously has great value.") (emphasis added).  However, the court finds that the incorporated standard does not provide information essential for a private entity to comprehend its legal duties, but rather is incorporated as a reference procedure.  Accordingly, "while knowing the content of this incorporated standard might help inform one's

understanding of the law," it "is not essential to complying with any legal duty," and thus, Defendant's use is less transformative and "its wholesale copying, in turn, less justified." *ASTM*, 896 F.3d at 450.

o   Second Factor:  The "express text of the law falls plainly outside the realm of copyright protection." *ASTM*, 896 F.3d at 451.  Here, the text published by Defendant is identical to text that was incorporated into law without limitation, such that "the consequence of the incorporation by reference is virtually indistinguishable from a situation in which the standard had been expressly copied into law." *Id.* at 452.  Accordingly, "this factor weighs heavily in favor of fair use." *Id.*

o   Third Factor:  The incorporating regulation does not specify that only certain provisions of the text in ASTM D3178-73, 79, 89 are incorporated by reference into law, nor does it indicate which specific provisions of the standard are relevant for regulatory compliance, suggesting that "a greater amount of the standard's text might be fairly reproduced." *Id.*

o   Fourth Factor:  Defendant's reproductions have not had a "substantially adverse impact on the potential market for the originals," nor have Plaintiffs shown by a preponderance of the evidence that there is a meaningful likelihood of future harm." Memo Op. at 30–36 (internal quotation and citation marks omitted).

o   Conclusion:  Defendant may fairly reproduce the text of ASTM D3178-89 (1997) in its entirety.

**163.           ASTM D3236 1988 (1999):**

o   Defendant identifies 21 C.F.R. § 177.1520 (2013) as the incorporating by reference regulation, *see* Becker Decl. ¶ 57, Ex. 90 at 18, which incorporates ASTM D3236-88.  While the regulation incorporates ASTM D3236-88, not the 1999 version that Defendant published, the text of the two standards is identical.  *See* Pls. 2d SMF ¶ 35; Def. Statement of Disputed Facts at ¶ 35 (no objection); Def. Mot. at 10 (citing Def. 2d SMF ¶ 84).

Section 177.1520(b) states that "basic olefin polymers identified in paragraph (a) of this section may contain optional adjuvant substances required in the production of such basic olefin polymers" and that those "optional adjuvant substances" "may include substances permitted for such use by applicable regulations in parts 170 through 189 of this chapter, substances generally recognized as safe in food and food packaging, substances used in accordance with a prior sanction or approval, and" several other instances, including "Petroleum hydrocarbon resins (cyclopentadiene-type), hydrogenated (CAS Reg. No. 68132–00–3)" that has, among other qualities, "a minimum viscosity of 3,000 centipoise, measured at 160°C, as determined by ASTM Method D 3236–88."  The regulation does not specify that only certain provisions of ASTM D3236-88 are incorporated by reference into law, nor does it indicate which specific provisions of ASTM D3236-88 are relevant for compliance with the regulation.

o   First Factor:  There is no indication that Defendant stands to profit from republishing this standard; Defendant's apparent purpose is to inform the public about the law and facilitate public debate. *See ASTM*, 896 F.3d at 449; Def's 2d Mot. at 16.  Defendant's

"attempt to freely distribute standards incorporated by reference into law qualifie[s] as a use that further[s] the purposes of the fair use defense." *ASTM*, 896 F.3d at 449.  *See also id.* at 451 ("Faithfully reproducing the *relevant text* of a technical standard incorporated by reference for purposes of informing the public about the law obviously has great value.") (emphasis added).  However, the court finds that the incorporated standard does not provide information essential for a private entity to comprehend its legal duties, but rather is incorporated as a reference procedure.  Accordingly, "while knowing the content of this incorporated standard might help inform one's understanding of the law," it "is not essential to complying with any legal duty," and thus, Defendant's use is less transformative and "its wholesale copying, in turn, less justified." *ASTM*, 896 F.3d at 450.

o   Second Factor:  The "express text of the law falls plainly outside the realm of copyright protection." *ASTM*, 896 F.3d at 451.  Here, the text published by Defendant is identical to text that was incorporated into law without limitation, such that "the consequence of the incorporation by reference is virtually indistinguishable from a situation in which the standard had been expressly copied into law." *Id.* at 452.  Accordingly, "this factor weighs heavily in favor of fair use." *Id.*

o   Third Factor:  The incorporating regulation does not specify that only certain provisions of the text in ASTM D3236-88 are incorporated by reference into law, nor does it indicate which specific provisions of the standard are relevant for regulatory compliance, suggesting that "a greater amount of the standard's text might be fairly reproduced." *Id.*

o   Fourth Factor:  Defendant's reproductions have not had a "substantially adverse impact on the potential market for the originals," nor have Plaintiffs shown by a preponderance of the evidence that there is a meaningful likelihood of future harm." Memo Op. at 30–36 (internal quotation and citation marks omitted).

o   Conclusion:  Defendant may fairly reproduce the text of ASTM D3236-88 (1999) in its entirety.

**164.**          **ASTM D3697 1992 (1996):**

o   Defendant identifies 21 C.F.R. § 165.110 (2015) as the incorporating by reference regulation, *see* Becker Decl. ¶ 57, Ex. 90 at 18, which incorporates ASTM D3697-92.  While the regulation incorporates ASTM D3697-92, not the 1996 version that Defendant published, the text of the two standards is identical.  *See* Pls. 2d SMF ¶ 35; Def. Statement of Disputed Facts at ¶ 35 (no objection); Def. Mot. at 10 (citing Def. 2d SMF ¶ 84).

Section 165.110 requires that "Analyses to determine compliance with the requirements of paragraph (b)(4)(iii)(A) of this section shall be conducted in accordance with an applicable method and applicable revisions to the methods listed in paragraphs (b)(4)(iii)(E)(1)," which includes the requirement that "Antimony shall be measured using," in part, ASTM D3697-92. 21 C.F.R. § 165.110 (b)(4)(iii)(E) – (E)(1)(iv).  The regulation does not specify that only certain provisions of ASTM D3697-92 are incorporated by reference into law, nor does it indicate which specific provisions of ASTM D3697-92 are relevant for compliance with the regulation.

o <u>First Factor</u>:  There is no indication that Defendant stands to profit from republishing this standard; Defendant's apparent purpose is to inform the public about the law and facilitate public debate.  *See ASTM*, 896 F.3d at 449; Def's 2d Mot. at 16.  Defendant's "attempt to freely distribute standards incorporated by reference into law qualifie[s] as a use that further[s] the purposes of the fair use defense."  *ASTM*, 896 F.3d at 449.  *See also id.* at 451 ("Faithfully reproducing the *relevant text* of a technical standard incorporated by reference for purposes of informing the public about the law obviously has great value.") (emphasis added).  Further, the incorporated standard provides information essential for a private entity to comprehend its legal duties, which weighs heavily in favor of permitting Defendant's reproduction.  *See id.* at 450.

o <u>Second Factor</u>:  The "express text of the law falls plainly outside the realm of copyright protection."  *ASTM*, 896 F.3d at 451.  Here, the text published by Defendant is identical to text that was incorporated into law without limitation, such that "the consequence of the incorporation by reference is virtually indistinguishable from a situation in which the standard had been expressly copied into law."  *Id.* at 452.  Accordingly, "this factor weighs heavily in favor of fair use."  *Id.*

o <u>Third Factor</u>:  The incorporating regulation does not specify that only certain provisions of the text in ASTM D3697-92 are incorporated by reference into law, nor does it indicate which specific provisions of the standard are relevant for regulatory compliance, suggesting that "a greater amount of the standard's text might be fairly reproduced."  *Id.*

o <u>Fourth Factor</u>:  Defendant's reproductions have not had a "substantially adverse impact on the potential market for the originals," nor have Plaintiffs shown by a preponderance of the evidence that there is a meaningful likelihood of future harm."  Memo Op. at 30–36 (internal quotation and citation marks omitted).

o <u>Conclusion</u>:  Defendant may fairly reproduce the text of ASTM D3697-92 (1996) in its entirety.

**165.**          **ASTM D5373 1993 (1997):**

o Defendant identifies 40 C.F.R. § 75.6 (2004) as the incorporating by reference regulation, *see* Becker Decl. ¶ 57, Ex. 90 at 18, which incorporates ASTM D5373-93 for Appendix G of this part.  While the regulation incorporates ASTM D5373-93, not the 1997 version that Defendant published, the text of the two standards is identical.  *See* Pls. 2d SMF ¶ 35; Def. Statement of Disputed Facts at ¶ 35 (no objection); Def. Mot. at 10 (citing Def. 2d SMF ¶ 84).

Section 75.6, Appendix G provides procedures that "may be used" to estimate $CO_2$ emissions from combustion and specifies that the procedure for determining the carbon content of each fuel sample, which can be done using one of two different standards, one of which is ASTM D5373-93.  40 C.F.R. § 75.6, App. G, 2.1.2.  The regulation does not specify that only certain provisions of ASTM D5373-93 are incorporated by reference into law, nor does it indicate which specific provisions of ASTM D5373-93 are relevant for compliance with the regulation.

o <u>First Factor</u>:  There is no indication that Defendant stands to profit from republishing this standard; Defendant's apparent purpose is to inform the public about the law and

facilitate public debate. *See ASTM*, 896 F.3d at 449; Def's 2d Mot. at 16. Defendant's "attempt to freely distribute standards incorporated by reference into law qualifie[s] as a use that further[s] the purposes of the fair use defense." *ASTM*, 896 F.3d at 449. *See also id.* at 451 ("Faithfully reproducing the *relevant text* of a technical standard incorporated by reference for purposes of informing the public about the law obviously has great value.") (emphasis added). However, the court finds that the incorporated standard does not provide information essential for a private entity to comprehend its legal duties, but rather is incorporated as a reference procedure. Accordingly, "while knowing the content of this incorporated standard might help inform one's understanding of the law," it "is not essential to complying with any legal duty," and thus, Defendant's use is less transformative and "its wholesale copying, in turn, less justified." *ASTM*, 896 F.3d at 450.

o   <u>Second Factor</u>:  The "express text of the law falls plainly outside the realm of copyright protection." *ASTM*, 896 F.3d at 451. Here, the text published by Defendant is identical to text that was incorporated into law without limitation, such that "the consequence of the incorporation by reference is virtually indistinguishable from a situation in which the standard had been expressly copied into law." *Id.* at 452. Accordingly, "this factor weighs heavily in favor of fair use." *Id.*

o   <u>Third Factor</u>:  The incorporating regulation does not specify that only certain provisions of the text in ASTM D5373-93 are incorporated by reference into law, nor does it indicate which specific provisions of the standard are relevant for regulatory compliance, suggesting that "a greater amount of the standard's text might be fairly reproduced." *Id.*

o   <u>Fourth Factor</u>:  Defendant's reproductions have not had a "substantially adverse impact on the potential market for the originals," nor have Plaintiffs shown by a preponderance of the evidence that there is a meaningful likelihood of future harm." Memo Op. at 30–36 (internal quotation and citation marks omitted).

o   <u>Conclusion</u>:  Defendant may fairly reproduce the text of ASTM D5373-93 (1997) in its entirety.

166.            **ASTM D611 1982 (1998):**

o   Defendant identifies 21 C.F.R. § 176.170 (2014) as the incorporating by reference regulation, *see* Becker Decl. ¶ 57, Ex. 90 at 18, which incorporates ASTM D611 1982. While the regulation incorporates ASTM D611 1982, not the 1998 version that Defendant published, the text of the two standards is identical. *See* Pls. 2d SMF ¶ 35; Def. Statement of Disputed Facts at ¶ 35 (no objection); Def. Mot. at 10 (citing Def. 2d SMF ¶ 84).

Section 176.170 identifies substances that may be "safely used as components of the uncoated or coated food-contact surface of paper and paperboard intended for use in producing, manufacturing, packaging, processing, preparing, treating, packing, transporting, or holding aqueous and fatty foods, subject to the provisions of this section." Included among the permissible substances is "Aromatic petroleum hydrocarbon resin, hydrogenated (CAS Reg. No. 88526–47–0)," so long as it meets certain qualities, including that it has "aniline point 70°C (158°F) minimum, as

determined by ASTM Method D 611–82." The regulation does not specify that only certain provisions of ASTM D611 1982 are incorporated by reference into law, nor does it indicate which specific provisions of ASTM D611 1982 are relevant for compliance with the regulation.

o  First Factor:  There is no indication that Defendant stands to profit from republishing this standard; Defendant's apparent purpose is to inform the public about the law and facilitate public debate. *See ASTM*, 896 F.3d at 449; Def's 2d Mot. at 16. Defendant's "attempt to freely distribute standards incorporated by reference into law qualifie[s] as a use that further[s] the purposes of the fair use defense." *ASTM*, 896 F.3d at 449. *See also id.* at 451 ("Faithfully reproducing the *relevant text* of a technical standard incorporated by reference for purposes of informing the public about the law obviously has great value.") (emphasis added).  However, the court finds that the incorporated standard does not provide information essential for a private entity to comprehend its legal duties, but rather is incorporated as a reference procedure.  Accordingly, "while knowing the content of this incorporated standard might help inform one's understanding of the law," it "is not essential to complying with any legal duty," and thus, Defendant's use is less transformative and "its wholesale copying, in turn, less justified." *ASTM*, 896 F.3d at 450.

o  Second Factor:  The "express text of the law falls plainly outside the realm of copyright protection." *ASTM*, 896 F.3d at 451.  Here, the text published by Defendant is identical to text that was incorporated into law without limitation, such that "the consequence of the incorporation by reference is virtually indistinguishable from a situation in which the standard had been expressly copied into law." *Id.* at 452.  Accordingly, "this factor weighs heavily in favor of fair use." *Id.*

o  Third Factor:  The incorporating regulation does not specify that only certain provisions of the text in ASTM D611 1982 are incorporated by reference into law, nor does it indicate which specific provisions of the standard are relevant for regulatory compliance, suggesting that "a greater amount of the standard's text might be fairly reproduced." *Id.*

o  Fourth Factor:  Defendant's reproductions have not had a "substantially adverse impact on the potential market for the originals," nor have Plaintiffs shown by a preponderance of the evidence that there is a meaningful likelihood of future harm." Memo Op. at 30–36 (internal quotation and citation marks omitted).

o  Conclusion:  Defendant may fairly reproduce the text of ASTM D611 1982 (1998) in its entirety.

**167.**          **ASTM D814 (1995):**

o  Defendant identifies 40 C.F.R. § 1051.810 (2007) as the incorporating by reference regulation, *see* Becker Decl. ¶ 57, Ex. 90 at 18, which incorporates ASTM D814-95 (reapproved 2000) for section 1051.245.  While the regulation incorporates ASTM D814-95 (reapproved 2000), not the 1995 version that Defendant published, the text of the two standards is identical.  *See* Pls. 2d SMF ¶ 35; Def. Statement of Disputed Facts at ¶ 35 (no objection); Def. Mot. at 10 (citing Def. 2d SMF ¶ 84).

Section 1051.245(3) – (3)(1) states that "[y]ou may demonstrate for certification that

your engine family complies with the evaporative emission standards by demonstrating that you use" certain control standards, including that for a "metal fuel tank with no nonmetal gaskets or with gaskets made from a low-permeability material," you "may design-certify with a tank emission level of . . . 1.5/g/m2/day. A "low-permeability material" is defined as permeability of "10 g/m2/day or less according to ASTM D 814-95." 40 C.F.R. § 1051.245, Table 1, n.1. The regulation does not specify that only certain provisions of ASTM D814-95 (reapproved 2000) are incorporated by reference into law, nor does it indicate which specific provisions of ASTM D814-95 (reapproved 2000) are relevant for compliance with the regulation.

o  <u>First Factor</u>:  There is no indication that Defendant stands to profit from republishing this standard; Defendant's apparent purpose is to inform the public about the law and facilitate public debate.  *See ASTM*, 896 F.3d at 449; Def's 2d Mot. at 16.  Defendant's "attempt to freely distribute standards incorporated by reference into law qualifie[s] as a use that further[s] the purposes of the fair use defense."  *ASTM*, 896 F.3d at 449.  *See also id.* at 451 ("Faithfully reproducing the *relevant text* of a technical standard incorporated by reference for purposes of informing the public about the law obviously has great value.") (emphasis added).  However, the court finds that the incorporated standard does not provide information essential for a private entity to comprehend its legal duties, but rather is incorporated as a reference procedure.  Accordingly, "while knowing the content of this incorporated standard might help inform one's understanding of the law," it "is not essential to complying with any legal duty," and thus, Defendant's use is less transformative and "its wholesale copying, in turn, less justified."  *ASTM*, 896 F.3d at 450.

o  <u>Second Factor</u>:  The "express text of the law falls plainly outside the realm of copyright protection."  *ASTM*, 896 F.3d at 451.  Here, the text published by Defendant is identical to text that was incorporated into law without limitation, such that "the consequence of the incorporation by reference is virtually indistinguishable from a situation in which the standard had been expressly copied into law."  *Id.* at 452.  Accordingly, "this factor weighs heavily in favor of fair use."  *Id.*

o  <u>Third Factor</u>:  The incorporating regulation does not specify that only certain provisions of the text in ASTM D814-95 (reapproved 2000) are incorporated by reference into law, nor does it indicate which specific provisions of the standard are relevant for regulatory compliance, suggesting that "a greater amount of the standard's text might be fairly reproduced."  *Id.*

o  <u>Fourth Factor</u>:  Defendant's reproductions have not had a "substantially adverse impact on the potential market for the originals," nor have Plaintiffs shown by a preponderance of the evidence that there is a meaningful likelihood of future harm."  Memo Op. at 30–36 (internal quotation and citation marks omitted).

o  <u>Conclusion</u>:  Defendant may fairly reproduce the text of ASTM D814 (1995) in its entirety.

**168.**          **ASTM E283 1991 (1999):**

o  Defendant identifies 10 C.F.R. § 434.701 (2012) as the incorporating by reference regulation, *see* Becker Decl. ¶ 57, Ex. 90 at 18, which incorporates ASTM E283-91

for section 434.402.2.  While the regulation incorporates ASTM E283-91, not the 1999 version that Defendant published, the text of the two standards is identical.  *See* Pls. 2d SMF ¶ 35; Def. Statement of Disputed Facts at ¶ 35 (no objection); Def. Mot. at 10 (citing Def. 2d SMF ¶ 84).

Section 434.402.2, in conjunction with section 434.701, lists ASTM E283-91 as the reference procedure for certain specifications also provided by Table 434.402.2.1.  The regulation does not specify that only certain provisions of ASTM E283-91 are incorporated by reference into law, nor does it indicate which specific provisions of ASTM E283-91 are relevant for compliance with the regulation.

o First Factor:  There is no indication that Defendant stands to profit from republishing this standard; Defendant's apparent purpose is to inform the public about the law and facilitate public debate.  *See ASTM*, 896 F.3d at 449; Def's 2d Mot. at 16.  Defendant's "attempt to freely distribute standards incorporated by reference into law qualifie[s] as a use that further[s] the purposes of the fair use defense."  *ASTM*, 896 F.3d at 449.  *See also id.* at 451 ("Faithfully reproducing the *relevant text* of a technical standard incorporated by reference for purposes of informing the public about the law obviously has great value.") (emphasis added).  However, the court finds that the incorporated standard does not provide information essential for a private entity to comprehend its legal duties, but rather is incorporated as a reference procedure.  Accordingly, "while knowing the content of this incorporated standard might help inform one's understanding of the law," it "is not essential to complying with any legal duty," and thus, Defendant's use is less transformative and "its wholesale copying, in turn, less justified." *ASTM*, 896 F.3d at 450.

o Second Factor:  The "express text of the law falls plainly outside the realm of copyright protection."  *ASTM*, 896 F.3d at 451.  Here, the text published by Defendant is identical to text that was incorporated into law without limitation, such that "the consequence of the incorporation by reference is virtually indistinguishable from a situation in which the standard had been expressly copied into law."  *Id.* at 452.  Accordingly, "this factor weighs heavily in favor of fair use." *Id.*

o Third Factor:  The incorporating regulation does not specify that only certain provisions of the text in ASTM E283-91 are incorporated by reference into law, nor does it indicate which specific provisions of the standard are relevant for regulatory compliance, suggesting that "a greater amount of the standard's text might be fairly reproduced." *Id.*

o Fourth Factor:  Defendant's reproductions have not had a "substantially adverse impact on the potential market for the originals," nor have Plaintiffs shown by a preponderance of the evidence that there is a meaningful likelihood of future harm."  Memo Op. at 30–36 (internal quotation and citation marks omitted).

o Conclusion:  Defendant may fairly reproduce the text of ASTM E283-91 (1999) in its entirety.

**169.**            **ASTM E408 (1971):**

o Defendant identifies 16 C.F.R. § 460.5 (2014) as the incorporating by reference regulation, *see* Becker Decl. ¶ 57, Ex. 90 at 18, which incorporates ASTM E 408-71

(Reapproved 2002).  While the regulation incorporates ASTM E 408-71 (Reapproved 2002), not the 1971 version that Defendant published, the text of the two standards is identical.  *See* Pls. 2d SMF ¶ 35; Def. Statement of Disputed Facts at ¶ 35 (no objection); Def. Mot. at 10 (citing Def. 2d SMF ¶ 84).

Section 460.5(b) requires that "Single sheet systems of aluminum foil must be tested with ASTM E 408–71 (Reapproved 2002), ''Standard Test Methods for Total Normal Emittance of Surfaces Using Inspection-Meter Techniques,'' or ASTM C 1371–04a, 'Standard Test Method for Determination of Emittance of Materials Near Room Temperature Using Portable Emissometers.'"  The regulation does not specify that only certain provisions of ASTM E 408-71 (Reapproved 2002) are incorporated by reference into law, nor does it indicate which specific provisions of ASTM E 408-71 (Reapproved 2002) are relevant for compliance with the regulation.

o  First Factor:  There is no indication that Defendant stands to profit from republishing this standard; Defendant's apparent purpose is to inform the public about the law and facilitate public debate.  *See ASTM*, 896 F.3d at 449; Def's 2d Mot. at 16.  Defendant's "attempt to freely distribute standards incorporated by reference into law qualifie[s] as a use that further[s] the purposes of the fair use defense." *ASTM*, 896 F.3d at 449.  *See also id.* at 451 ("Faithfully reproducing the *relevant text* of a technical standard incorporated by reference for purposes of informing the public about the law obviously has great value.") (emphasis added).  Further, the incorporated standard provides information essential for a private entity to comprehend its legal duties, which weighs heavily in favor of permitting Defendant's reproduction. *See id.* at 450.

o  Second Factor:  The "express text of the law falls plainly outside the realm of copyright protection."  *ASTM*, 896 F.3d at 451.  Here, the text published by Defendant is identical to text that was incorporated into law without limitation, such that "the consequence of the incorporation by reference is virtually indistinguishable from a situation in which the standard had been expressly copied into law." *Id.* at 452.  Accordingly, "this factor weighs heavily in favor of fair use." *Id.*

o  Third Factor:  The incorporating regulation does not specify that only certain provisions of the text in ASTM E 408-71 (Reapproved 2002) are incorporated by reference into law, nor does it indicate which specific provisions of the standard are relevant for regulatory compliance, suggesting that "a greater amount of the standard's text might be fairly reproduced." *Id.*

o  Fourth Factor:  Defendant's reproductions have not had a "substantially adverse impact on the potential market for the originals," nor have Plaintiffs shown by a preponderance of the evidence that there is a meaningful likelihood of future harm."  Memo Op. at 30–36 (internal quotation and citation marks omitted).

o  Conclusion:  Defendant may fairly reproduce the text of ASTM E 408 (1971) in its entirety.

170.          **ASTM E711 1987 (1992):**

o  Defendant identifies 40 C.F.R. § 63.14 (2011) as the incorporating by reference regulation, *see* Becker Decl. ¶ 57, Ex. 90 at 18, which incorporates ASTM E711-87 (Reapproved 2004) for table 6 to subpart DDDDD of this part and table 5 to subpart

JJJJJJ of this part. While the regulation incorporates ASTM E711-87 (Reapproved 2004), not the 1992 version that Defendant published, the text of the two standards is identical. *See* Pls. 2d SMF ¶ 35; Def. Statement of Disputed Facts at ¶ 35 (no objection); Def. Mot. at 10 (citing Def. 2d SMF ¶ 84).

Table 6 to subpart DDDDD requires that "you must comply with the following requirements for fuel analysis testing for existing, new or reconstructed affected sources. However, equivalent methods may be used in lieu of the prescribed methods at the discretion of the source owner or operator." Table 6 goes on to require that you "must" determine the heat content of selected metals and hydrogen chloride using ASTM E711-87. Similarly, Table 5 to subpart JJJJJJ requires that "you must comply with the following requirements for fuel analysis testing for affected sources." Table 5 goes on to require that you "must" determine heat content of the fuel type when conducting a fuel analysis for mercury by using ASTM E711-87 for biomass. The regulation does not specify that only certain provisions of ASTM E711-87 (Reapproved 2004) are incorporated by reference into law, nor does it indicate which specific provisions of ASTM E711-87 (Reapproved 2004) are relevant for compliance with the regulation.

o  <u>First Factor</u>: There is no indication that Defendant stands to profit from republishing this standard; Defendant's apparent purpose is to inform the public about the law and facilitate public debate. *See ASTM*, 896 F.3d at 449; Def's 2d Mot. at 16. Defendant's "attempt to freely distribute standards incorporated by reference into law qualifie[s] as a use that further[s] the purposes of the fair use defense." *ASTM*, 896 F.3d at 449. *See also id.* at 451 ("Faithfully reproducing the *relevant text* of a technical standard incorporated by reference for purposes of informing the public about the law obviously has great value.") (emphasis added). Further, the incorporated standard provides information essential for a private entity to comprehend its legal duties, which weighs heavily in favor of permitting Defendant's reproduction. *See id.* at 450.

o  <u>Second Factor</u>: The "express text of the law falls plainly outside the realm of copyright protection." *ASTM*, 896 F.3d at 451. Here, the text published by Defendant is identical to text that was incorporated into law without limitation, such that "the consequence of the incorporation by reference is virtually indistinguishable from a situation in which the standard had been expressly copied into law." *Id.* at 452. Accordingly, "this factor weighs heavily in favor of fair use." *Id.*

o  <u>Third Factor</u>: The incorporating regulation does not specify that only certain provisions of the text in ASTM E711-87 (Reapproved 2004) are incorporated by reference into law, nor does it indicate which specific provisions of the standard are relevant for regulatory compliance, suggesting that "a greater amount of the standard's text might be fairly reproduced." *Id.*

o  <u>Fourth Factor</u>: Defendant's reproductions have not had a "substantially adverse impact on the potential market for the originals," nor have Plaintiffs shown by a preponderance of the evidence that there is a meaningful likelihood of future harm." Memo Op. at 30–36 (internal quotation and citation marks omitted).

o  <u>Conclusion</u>: Defendant may fairly reproduce the text of ASTM E711-87 (1992) in its entirety.

171.                    **ASTM E776 1987 (1992):**

o   Defendant identifies 40 C.F.R. § 63.14 (2011) as the incorporating by reference regulation, *see* Becker Decl. ¶ 57, Ex. 90 at 18, which incorporates ASTM E776-87 (Reapproved 2009) for table 6 to subpart DDDDD of this part.  While the regulation incorporates ASTM E776-87 (Reapproved 2009), not the 1992 version that Defendant published, the text of the two standards is identical.  *See* Pls. 2d SMF ¶ 35; Def. Statement of Disputed Facts at ¶ 35 (no objection); Def. Mot. at 10 (citing Def. 2d SMF ¶ 84).

Table 6 to subpart DDDDD requires that "you must comply with the following requirements for fuel analysis testing for existing, new or reconstructed affected sources.  However, equivalent methods may be used in lieu of the prescribed methods at the discretion of the source owner or operator."  Table 6 goes on to require that you "must" measure chlorine concentration in fuel samples when conducting a fuel analysis of hydrogen chloride using ASTM E776-87 (1996) for biomass.  The regulation does not specify that only certain provisions of ASTM E776-87 1996) are incorporated by reference into law, nor does it indicate which specific provisions of ASTM E776-87 (1996) are relevant for compliance with the regulation.

o   <u>First Factor</u>:  There is no indication that Defendant stands to profit from republishing this standard; Defendant's apparent purpose is to inform the public about the law and facilitate public debate.  *See ASTM*, 896 F.3d at 449; Def's 2d Mot. at 16.  Defendant's "attempt to freely distribute standards incorporated by reference into law qualifie[s] as a use that further[s] the purposes of the fair use defense."  *ASTM*, 896 F.3d at 449.  *See also id.* at 451 ("Faithfully reproducing the *relevant text* of a technical standard incorporated by reference for purposes of informing the public about the law obviously has great value.") (emphasis added).  Further, the incorporated standard provides information essential for a private entity to comprehend its legal duties, which weighs heavily in favor of permitting Defendant's reproduction.  *See id.* at 450.

o   <u>Second Factor</u>:  The "express text of the law falls plainly outside the realm of copyright protection."  *ASTM*, 896 F.3d at 451.  Here, the text published by Defendant is identical to text that was incorporated into law without limitation, such that "the consequence of the incorporation by reference is virtually indistinguishable from a situation in which the standard had been expressly copied into law."  *Id.* at 452.  Accordingly, "this factor weighs heavily in favor of fair use."  *Id.*

o   <u>Third Factor</u>:  The incorporating regulation does not specify that only certain provisions of the text in ASTM E776-87 (Reapproved 2009) are incorporated by reference into law, nor does it indicate which specific provisions of the standard are relevant for regulatory compliance, suggesting that "a greater amount of the standard's text might be fairly reproduced."  *Id.*

o   <u>Fourth Factor</u>:  Defendant's reproductions have not had a "substantially adverse impact on the potential market for the originals," nor have Plaintiffs shown by a preponderance of the evidence that there is a meaningful likelihood of future harm."  Memo Op. at 30–36 (internal quotation and citation marks omitted).

o   <u>Conclusion</u>:  Defendant may fairly reproduce the text of ASTM E776-87 (1992)

172.        **ASTM E885 (1988):**

o   Defendant identifies 40 C.F.R. § 63.14 (2011) as the incorporating by reference regulation, *see* Becker Decl. ¶ 57, Ex. 90 at 18, which incorporates ASTM E885-88 (Reapproved 1996) for table 6 to subpart DDDDD of this part 63.  While the regulation incorporates ASTM E885-88 (Reapproved 1996), not the 1998 version that Defendant published, the text of the two standards is identical.  *See* Pls. 2d SMF ¶ 35; Def. Statement of Disputed Facts at ¶ 35 (no objection); Def. Mot. at 10 (citing Def. 2d SMF ¶ 84).

    Table 6 to subpart DDDDD requires that "you must comply with the following requirements for fuel analysis testing for existing, new or reconstructed affected sources.  However, equivalent methods may be used in lieu of the prescribed methods at the discretion of the source owner or operator."  Table 6 goes on to require that you "must" measure total selected metals concentration in fuel samples when conducting a fuel analysis by using ASTM E885-88 (1996) for biomass.  The regulation does not specify that only certain provisions of ASTM E885-88 (Reapproved 1996) are incorporated by reference into law, nor does it indicate which specific provisions of ASTM E885-88 (Reapproved 1996) are relevant for compliance with the regulation.

o   <u>First Factor</u>:  There is no indication that Defendant stands to profit from republishing this standard; Defendant's apparent purpose is to inform the public about the law and facilitate public debate.  *See ASTM*, 896 F.3d at 449; Def's 2d Mot. at 16.  Defendant's "attempt to freely distribute standards incorporated by reference into law qualifie[s] as a use that further[s] the purposes of the fair use defense."  *ASTM*, 896 F.3d at 449.  *See also id.* at 451 ("Faithfully reproducing the *relevant text* of a technical standard incorporated by reference for purposes of informing the public about the law obviously has great value.") (emphasis added).  Further, the incorporated standard provides information essential for a private entity to comprehend its legal duties, which weighs heavily in favor of permitting Defendant's reproduction.  *See id.* at 450.

o   <u>Second Factor</u>:  The "express text of the law falls plainly outside the realm of copyright protection."  *ASTM*, 896 F.3d at 451.  Here, the text published by Defendant is identical to text that was incorporated into law without limitation, such that "the consequence of the incorporation by reference is virtually indistinguishable from a situation in which the standard had been expressly copied into law."  *Id.* at 452.  Accordingly, "this factor weighs heavily in favor of fair use."  *Id.*

o   <u>Third Factor</u>:  The incorporating regulation does not specify that only certain provisions of the text in ASTM E885-88 (Reapproved 1996) are incorporated by reference into law, nor does it indicate which specific provisions of the standard are relevant for regulatory compliance, suggesting that "a greater amount of the standard's text might be fairly reproduced."  *Id.*

o   <u>Fourth Factor</u>:  Defendant's reproductions have not had a "substantially adverse impact on the potential market for the originals," nor have Plaintiffs shown by a preponderance of the evidence that there is a meaningful likelihood of future harm."  Memo Op. at 30–36 (internal quotation and citation marks omitted).

o   <u>Conclusion</u>:  Defendant may fairly reproduce the text of ASTM E885 (1988) in its

entirety.

173.                **ASTM F1006 1986 (1997):**

o   Defendant identifies 46 C.F.R. § 56.01-1 (1997) as the incorporating by reference regulation, *see* Becker Decl. ¶ 57, Ex. 90 at 18, which incorporates ASTM F1006-86 for § 56.60-1.  While the regulation incorporates ASTM F1006-86, not the 1997 version that Defendant published, the text of the two standards is identical.  *See* Pls. 2d SMF ¶ 35; Def. Statement of Disputed Facts at ¶ 35 (no objection); Def. Mot. at 10 (citing Def. 2d SMF ¶ 84).

   Table 56.01-1(b) provides standards applicable to piping systems, including ASTM F1006 as providing applicable guidance on "Pipe Line Expansion Joints of the Packed Slip Type for Marine Applications."  Footnote 4 to that table further states that because ASTM F1006 "offers the option of several materials, some of which are not generally acceptable to the Coast Guard, compliance with the standard does not necessarily indicate compliance with these regulations. The marking on the component or the manufacturer or mill certificate must indicate the material specification and/or grade as necessary to fully identify the materials used. The material used must comply with the requirements in this subchapter relating to the particular application."  The regulation does not specify that only certain provisions of ASTM F1006-86 are incorporated by reference into law, nor does it indicate which specific provisions of ASTM F1006-86 are relevant for compliance with the regulation.

o   <u>First Factor</u>:  There is no indication that Defendant stands to profit from republishing this standard; Defendant's apparent purpose is to inform the public about the law and facilitate public debate.  *See ASTM*, 896 F.3d at 449; Def's 2d Mot. at 16.  Defendant's "attempt to freely distribute standards incorporated by reference into law qualifie[s] as a use that further[s] the purposes of the fair use defense." *ASTM*, 896 F.3d at 449.  *See also id.* at 451 ("Faithfully reproducing the *relevant text* of a technical standard incorporated by reference for purposes of informing the public about the law obviously has great value.") (emphasis added).  However, the court finds that the incorporated standard does not provide information essential for a private entity to comprehend its legal duties, but rather is incorporated as a reference procedure.  Accordingly, "while knowing the content of this incorporated standard might help inform one's understanding of the law," it "is not essential to complying with any legal duty," and thus, Defendant's use is less transformative and "its wholesale copying, in turn, less justified." *ASTM*, 896 F.3d at 450.

o   <u>Second Factor</u>:  The "express text of the law falls plainly outside the realm of copyright protection."  *ASTM*, 896 F.3d at 451.  Here, the text published by Defendant is identical to text that was incorporated into law without limitation, such that "the consequence of the incorporation by reference is virtually indistinguishable from a situation in which the standard had been expressly copied into law." *Id.* at 452.  Accordingly, "this factor weighs heavily in favor of fair use." *Id.*

o   <u>Third Factor</u>:  The incorporating regulation does not specify that only certain provisions of the text in ASTM F1006-86 are incorporated into law, nor does it indicate which specific provisions of the standard are relevant for regulatory compliance, suggesting that "a greater amount of the standard's text might be fairly

reproduced." *Id.*

o <u>Fourth Factor</u>: Defendant's reproductions have not had a "substantially adverse impact on the potential market for the originals," nor have Plaintiffs shown by a preponderance of the evidence that there is a meaningful likelihood of future harm." Memo Op. at 30–36 (internal quotation and citation marks omitted).

o <u>Conclusion</u>: Defendant may fairly reproduce the text of ASTM F1006-86 (1997) in its entirety.

**174.          ASTM F1121 1987 (1998):**

o Defendant identifies 46 C.F.R. § 193.01-3 (2014) as the incorporating by reference regulation, *see* Becker Decl. ¶ 57, Ex. 90 at 18, which incorporates ASTM F1121-87 (Reapproved 2010) for § 193.10–10.   While the regulation incorporates ASTM F1121-87 (Reapproved 2010), not the 1998 version that Defendant published, the text of the two standards is identical.   *See* Pls. 2d SMF ¶ 35; Def. Statement of Disputed Facts at ¶ 35 (no objection); Def. Mot. at 10 (citing Def. 2d SMF ¶ 84).

Section 193.10–10(c) requires that "Vessels of 500 gross tons and over on an international voyage, must be provided with at least one international shore connection complying with ASTM F 1121."   The regulation does not specify that only certain provisions of ASTM F1121-87 (Reapproved 2010) are incorporated by reference into law, nor does it indicate which specific provisions of ASTM F1121-87 (Reapproved 2010) are relevant for compliance with the regulation.

o <u>First Factor</u>: There is no indication that Defendant stands to profit from republishing this standard; Defendant's apparent purpose is to inform the public about the law and facilitate public debate. *See ASTM*, 896 F.3d at 449; Def's 2d Mot. at 16.  Defendant's "attempt to freely distribute standards incorporated by reference into law qualifie[s] as a use that further[s] the purposes of the fair use defense." *ASTM*, 896 F.3d at 449. *See also id.* at 451 ("Faithfully reproducing the *relevant text* of a technical standard incorporated by reference for purposes of informing the public about the law obviously has great value.") (emphasis added).   Further, the incorporated standard provides information essential for a private entity to comprehend its legal duties, which weighs heavily in favor of permitting Defendant's reproduction. *See id.* at 450.

o <u>Second Factor</u>: The "express text of the law falls plainly outside the realm of copyright protection." *ASTM*, 896 F.3d at 451.  Here, the text published by Defendant is identical to text that was incorporated into law without limitation, such that "the consequence of the incorporation by reference is virtually indistinguishable from a situation in which the standard had been expressly copied into law." *Id.* at 452.  Accordingly, "this factor weighs heavily in favor of fair use." *Id.*

o <u>Third Factor</u>: The incorporating regulation does not specify that only certain provisions of the text in ASTM F1121-87 (Reapproved 2010) are incorporated by reference into law, nor does it indicate which specific provisions of the standard are relevant for regulatory compliance, suggesting that "a greater amount of the standard's text might be fairly reproduced." *Id.*

o <u>Fourth Factor</u>: Defendant's reproductions have not had a "substantially adverse impact on the potential market for the originals," nor have Plaintiffs shown by a preponderance

of the evidence that there is a meaningful likelihood of future harm."  Memo Op. at 30–36 (internal quotation and citation marks omitted).

- o  <u>Conclusion</u>:  Defendant may fairly reproduce the text of ASTM F1121-87 (1998) in its entirety.

**175.**          **ASTM F1122 1987 (1998):**

- o  Defendant identifies 33 C.F.R. § 154.106 (2014) as the incorporating by reference regulation, *see* Becker Decl. ¶ 5 7, Ex. 90 at 18, which incorporates ASTM F1122-87 (Reapproved 1992) for § 154.500(d).  While the regulation incorporates ASTM F1122-87 (Reapproved 1992), not the 1998 version that Defendant published, the text of the two standards is identical.  *See* Pls. 2d SMF ¶ 35; Def. Statement of Disputed Facts at ¶ 35 (no objection); Def. Mot. at 10 (citing Def. 2d SMF ¶ 84).

  Section 154.500(d) requires that specified hose assemblies "must either have" full threaded connections, flanges that meet ANSI B16.5 or ANSI B16.24, or quick-disconnect couplings that meet ASTM F1122.  The regulation does not specify that only certain provisions of ASTM F1122-87 (Reapproved 1992) are incorporated by reference into law, nor does it indicate which specific provisions of ASTM F1122-87 (Reapproved 1992) are relevant for compliance with the regulation.

- o  <u>First Factor</u>:  There is no indication that Defendant stands to profit from republishing this standard; Defendant's apparent purpose is to inform the public about the law and facilitate public debate.  *See ASTM*, 896 F.3d at 449; Def's 2d Mot. at 16.  Defendant's "attempt to freely distribute standards incorporated by reference into law qualifie[s] as a use that further[s] the purposes of the fair use defense." *ASTM*, 896 F.3d at 449.  *See also id.* at 451 ("Faithfully reproducing the *relevant text* of a technical standard incorporated by reference for purposes of informing the public about the law obviously has great value.") (emphasis added).  However, the court finds that the incorporated standard does not provide information essential for a private entity to comprehend its legal duties, but rather is incorporated as a reference procedure.  Accordingly, "while knowing the content of this incorporated standard might help inform one's understanding of the law," it "is not essential to complying with any legal duty," and thus, Defendant's use is less transformative and "its wholesale copying, in turn, less justified." *ASTM*, 896 F.3d at 450.

- o  <u>Second Factor</u>:  The "express text of the law falls plainly outside the realm of copyright protection." *ASTM*, 896 F.3d at 451.  Here, the text published by Defendant is identical to text that was incorporated into law without limitation, such that "the consequence of the incorporation by reference is virtually indistinguishable from a situation in which the standard had been expressly copied into law." *Id.* at 452.  Accordingly, "this factor weighs heavily in favor of fair use." *Id.*

- o  <u>Third Factor</u>:  The incorporating regulation does not specify that only certain provisions of the text in ASTM F1122-87 (Reapproved 1992) are incorporated by reference into law, nor does it indicate which specific provisions of the standard are relevant for regulatory compliance, suggesting that "a greater amount of the standard's text might be fairly reproduced." *Id.*

- o  <u>Fourth Factor</u>:  Defendant's reproductions have not had a "substantially adverse impact

on the potential market for the originals," nor have Plaintiffs shown by a preponderance of the evidence that there is a meaningful likelihood of future harm."  Memo Op. at 30–36 (internal quotation and citation marks omitted).

o   <u>Conclusion</u>:  Defendant may fairly reproduce the text of ASTM F1122-87 (1998) in its entirety.

**176.**          **ASTM F1123 1987 (1998):**

o   Defendant identifies 46 C.F.R. § 56.01-2 (1997) as the incorporating by reference regulation, *see* Becker Decl. ¶ 57, Ex. 90 at 18, which incorporates ASTM F1123-87 for § 56.60-1.  While the regulation incorporates ASTM F1123-87, not the 1998 version that Defendant published, the text of the two standards is identical.  *See* Pls. 2d SMF ¶ 35; Def. Statement of Disputed Facts at ¶ 35 (no objection); Def. Mot. at 10 (citing Def. 2d SMF ¶ 84).

Table 56.60–1(a) identifies the acceptable pipe, tubing, and fitting specifications intended for piping system use.  Materials used in piping systems must be selected from the specifications which appear in Table 56.60–1(a) of this section or Table 56.60–2(a) of this part, or they may be selected from the material specifications of section I, III, or VIII of the ASME Code if not prohibited by a regulation of this subchapter dealing with the particular section of the ASME Code.  The regulation does not specify that only certain provisions of ASTM F1123-87 are incorporated by reference into law, nor does it indicate which specific provisions of ASTM F1123-87 are relevant for compliance with the regulation.

o   <u>First Factor</u>:  There is no indication that Defendant stands to profit from republishing this standard; Defendant's apparent purpose is to inform the public about the law and facilitate public debate.  *See ASTM*, 896 F.3d at 449; Def's 2d Mot. at 16.  Defendant's "attempt to freely distribute standards incorporated by reference into law qualifie[s] as a use that further[s] the purposes of the fair use defense."  *ASTM*, 896 F.3d at 449.  *See also id.* at 451 ("Faithfully reproducing the *relevant text* of a technical standard incorporated by reference for purposes of informing the public about the law obviously has great value.") (emphasis added).  Further, the incorporated standard provides information essential for a private entity to comprehend its legal duties, which weighs heavily in favor of permitting Defendant's reproduction.  *See id.* at 450.

o   <u>Second Factor</u>:  The "express text of the law falls plainly outside the realm of copyright protection."  *ASTM*, 896 F.3d at 451.  Here, the text published by Defendant is identical to text that was incorporated into law without limitation, such that "the consequence of the incorporation by reference is virtually indistinguishable from a situation in which the standard had been expressly copied into law."  *Id.* at 452.  Accordingly, "this factor weighs heavily in favor of fair use."  *Id.*

o   <u>Third Factor</u>:  The incorporating regulation does not specify that only certain provisions of the text in ASTM F1123-87 are incorporated by reference into law, nor does it indicate which specific provisions of the standard are relevant for regulatory compliance, suggesting that "a greater amount of the standard's text might be fairly reproduced."  *Id.*

o   <u>Fourth Factor</u>:  Defendant's reproductions have not had a "substantially adverse impact

on the potential market for the originals," nor have Plaintiffs shown by a preponderance of the evidence that there is a meaningful likelihood of future harm."  Memo Op. at 30–36 (internal quotation and citation marks omitted).

o   <u>Conclusion</u>:  Defendant may fairly reproduce the text of ASTM F1123-87 (1998) in its entirety.

**177.**          **ASTM F1139 1988 (1998):**

o   Defendant identifies 46 C.F.R. § 56.01-2 (1997) as the incorporating by reference regulation, *see* Becker Decl. ¶ 57, Ex. 90 at 18, which incorporates ASTM F1139-88 for § 56.60-1.  While the regulation incorporates ASTM F1139-88, not the 1998 version that Defendant published, the text of the two standards is identical.  *See* Pls. 2d SMF ¶ 35; Def. Statement of Disputed Facts at ¶ 35 (no objection); Def. Mot. at 10 (citing Def. 2d SMF ¶ 84).

Components made in accordance with the commercial standards listed in Table 56.60–1(b) and made of materials complying with paragraph (a) this section may be used in piping systems within the limitations of the standards and within any further limitations specified in this subchapter.  Among those standards listed is ASTM F1139-88 for Steam Traps and Drains.  The regulation does not specify that only certain provisions of ASTM F1139-88 are incorporated by reference into law, nor does it indicate which specific provisions of ASTM F1139-88 are relevant for compliance with the regulation.

o   <u>First Factor</u>:  There is no indication that Defendant stands to profit from republishing this standard; Defendant's apparent purpose is to inform the public about the law and facilitate public debate.  *See ASTM*, 896 F.3d at 449; Def's 2d Mot. at 16.  Defendant's "attempt to freely distribute standards incorporated by reference into law qualifie[s] as a use that further[s] the purposes of the fair use defense."  *ASTM*, 896 F.3d at 449.  *See also id.* at 451 ("Faithfully reproducing the *relevant text* of a technical standard incorporated by reference for purposes of informing the public about the law obviously has great value.") (emphasis added).  Further, the incorporated standard provides information essential for a private entity to comprehend its legal duties, which weighs heavily in favor of permitting Defendant's reproduction. *See id.* at 450.

o   <u>Second Factor</u>:  The "express text of the law falls plainly outside the realm of copyright protection."  *ASTM*, 896 F.3d at 451.  Here, the text published by Defendant is identical to text that was incorporated into law without limitation, such that "the consequence of the incorporation by reference is virtually indistinguishable from a situation in which the standard had been expressly copied into law."  *Id.* at 452.  Accordingly, "this factor weighs heavily in favor of fair use."  *Id.*

o   <u>Third Factor</u>:  The incorporating regulation does not specify that only certain provisions of the text in ASTM F1139-88 are incorporated by reference into law, nor does it indicate which specific provisions of the standard are relevant for regulatory compliance, suggesting that "a greater amount of the standard's text might be fairly reproduced."  *Id.*

o   <u>Fourth Factor</u>:  Defendant's reproductions have not had a "substantially adverse impact on the potential market for the originals," nor have Plaintiffs shown by a preponderance of the evidence that there is a meaningful likelihood of future harm."  Memo Op. at 30–

36 (internal quotation and citation marks omitted).

- o <u>Conclusion</u>: Defendant may fairly reproduce the text of ASTM F1139-88 (1998) in its entirety.

**178.        ASTM F1172 1988 (1998):**

- o Defendant identifies 46 C.F.R. § 56.01-2 (1997) as the incorporating by reference regulation, *see* Becker Decl. ¶ 57, Ex. 90 at 18, which incorporates ASTM F1172-88 for § 56.60-1. While the regulation incorporates ASTM F1172-88, not the 1998 version that Defendant published, the text of the two standards is identical. *See* Pls. 2d SMF ¶ 35; Def. Statement of Disputed Facts at ¶ 35 (no objection); Def. Mot. at 10 (citing Def. 2d SMF ¶ 84).

  Components made in accordance with the commercial standards listed in Table 56.60–1(b) and made of materials complying with paragraph (a) this section may be used in piping systems within the limitations of the standards and within any further limitations specified in this subchapter. Among those standards listed is ASTM F1172-88 for fuel oil meters of the volumetric positive displacement type. The regulation does not specify that only certain provisions of ASTM F1139-88 are incorporated by reference into law, nor does it indicate which specific provisions of ASTM F1139-88 are relevant for compliance with the regulation.

- o <u>First Factor</u>: There is no indication that Defendant stands to profit from republishing this standard; Defendant's apparent purpose is to inform the public about the law and facilitate public debate. *See ASTM*, 896 F.3d at 449; Def's 2d Mot. at 16. Defendant's "attempt to freely distribute standards incorporated by reference into law qualifie[s] as a use that further[s] the purposes of the fair use defense." *ASTM*, 896 F.3d at 449. *See also id.* at 451 ("Faithfully reproducing the *relevant text* of a technical standard incorporated by reference for purposes of informing the public about the law obviously has great value.") (emphasis added). Further, the incorporated standard provides information essential for a private entity to comprehend its legal duties, which weighs heavily in favor of permitting Defendant's reproduction. *See id.* at 450.

- o <u>Second Factor</u>: The "express text of the law falls plainly outside the realm of copyright protection." *ASTM*, 896 F.3d at 451. Here, the text published by Defendant is identical to text that was incorporated into law without limitation, such that "the consequence of the incorporation by reference is virtually indistinguishable from a situation in which the standard had been expressly copied into law." *Id.* at 452. Accordingly, "this factor weighs heavily in favor of fair use." *Id.*

- o <u>Third Factor</u>: The incorporating regulation does not specify that only certain provisions of the text in ASTM F1172-88 are incorporated by reference into law, nor does it indicate which specific provisions of the standard are relevant for regulatory compliance, suggesting that "a greater amount of the standard's text might be fairly reproduced." *Id.*

- o <u>Fourth Factor</u>: Defendant's reproductions have not had a "substantially adverse impact on the potential market for the originals," nor have Plaintiffs shown by a preponderance of the evidence that there is a meaningful likelihood of future harm." Memo Op. at 30–36 (internal quotation and citation marks omitted).

o <u>Conclusion</u>: Defendant may fairly reproduce the text of ASTM F1172-88 (1998) in its entirety.

**179.        ASTM F1199 1988 (1998):**

o Defendant identifies 46 C.F.R. § 56.01-2 (1997) as the incorporating by reference regulation, *see* Becker Decl. ¶ 57, Ex. 90 at 18, which incorporates ASTM F1199-88 for § 56.60-1.  While the regulation incorporates ASTM F1199-88, not the 1998 version that Defendant published, the text of the two standards is identical.  *See* Pls. 2d SMF ¶ 35; Def. Statement of Disputed Facts at ¶ 35 (no objection); Def. Mot. at 10 (citing Def. 2d SMF ¶ 84).

Components made in accordance with the commercial standards listed in Table 56.60–1(b) and made of materials complying with paragraph (a) this section may be used in piping systems within the limitations of the standards and within any further limitations specified in this subchapter.  Among those standards listed is ASTM F1199-88 for fuel oil meters of the volumetric positive displacement type.  The regulation does not specify that only certain provisions of ASTM F1199-88 are incorporated by reference into law, nor does it indicate which specific provisions of ASTM F1199-88 are relevant for compliance with the regulation.

o <u>First Factor</u>:  There is no indication that Defendant stands to profit from republishing this standard; Defendant's apparent purpose is to inform the public about the law and facilitate public debate.  *See ASTM*, 896 F.3d at 449; Def's 2d Mot. at 16.  Defendant's "attempt to freely distribute standards incorporated by reference into law qualifie[s] as a use that further[s] the purposes of the fair use defense."  *ASTM*, 896 F.3d at 449.  *See also id.* at 451 ("Faithfully reproducing the *relevant text* of a technical standard incorporated by reference for purposes of informing the public about the law obviously has great value.") (emphasis added).  Further, the incorporated standard provides information essential for a private entity to comprehend its legal duties, which weighs heavily in favor of permitting Defendant's reproduction.  *See id.* at 450.

o <u>Second Factor</u>:  The "express text of the law falls plainly outside the realm of copyright protection."  *ASTM*, 896 F.3d at 451.  Here, the text published by Defendant is identical to text that was incorporated into law without limitation, such that "the consequence of the incorporation by reference is virtually indistinguishable from a situation in which the standard had been expressly copied into law."  *Id.* at 452.  Accordingly, "this factor weighs heavily in favor of fair use."  *Id.*

o <u>Third Factor</u>:  The incorporating regulation does not specify that only certain provisions of the text in ASTM F1199-88 are incorporated by reference into law, nor does it indicate which specific provisions of the standard are relevant for regulatory compliance, suggesting that "a greater amount of the standard's text might be fairly reproduced."  *Id.*

o <u>Fourth Factor</u>:  Defendant's reproductions have not had a "substantially adverse impact on the potential market for the originals," nor have Plaintiffs shown by a preponderance of the evidence that there is a meaningful likelihood of future harm."  Memo Op. at 30–36 (internal quotation and citation marks omitted).

o <u>Conclusion</u>:  Defendant may fairly reproduce the text of ASTM F1199-88 (1998) in its

entirety.

180.        **ASTM F1200 1988 (1998):**

o   Defendant identifies 46 C.F.R. § 56.01-2 (1997) as the incorporating by reference regulation, *see* Becker Decl. ¶ 57, Ex. 90 at 18, which incorporates ASTM F1200-88 for § 56.60-1.  While the regulation incorporates ASTM F1200-88, not the 1998 version that Defendant published, the text of the two standards is identical.  *See* Pls. 2d SMF ¶ 35; Def. Statement of Disputed Facts at ¶ 35 (no objection); Def. Mot. at 10 (citing Def. 2d SMF ¶ 84).

Components made in accordance with the commercial standards listed in Table 56.60–1(b) and made of materials complying with paragraph (a) this section may be used in piping systems within the limitations of the standards and within any further limitations specified in this subchapter.  Among those standards listed is ASTM F1200-88 for fuel oil meters of the volumetric positive displacement type.  The regulation does not specify that only certain provisions of ASTM F1200-88 are incorporated by reference into law, nor does it indicate which specific provisions of ASTM F1200-88 are relevant for compliance with the regulation.

o   First Factor:  There is no indication that Defendant stands to profit from republishing this standard; Defendant's apparent purpose is to inform the public about the law and facilitate public debate.  *See ASTM*, 896 F.3d at 449; Def's 2d Mot. at 16.  Defendant's "attempt to freely distribute standards incorporated by reference into law qualifie[s] as a use that further[s] the purposes of the fair use defense."  *ASTM*, 896 F.3d at 449.  *See also id.* at 451 ("Faithfully reproducing the *relevant text* of a technical standard incorporated by reference for purposes of informing the public about the law obviously has great value.") (emphasis added).  Further, the incorporated standard provides information essential for a private entity to comprehend its legal duties, which weighs heavily in favor of permitting Defendant's reproduction.  *See id.* at 450.

o   Second Factor:  The "express text of the law falls plainly outside the realm of copyright protection."  *ASTM*, 896 F.3d at 451.  Here, the text published by Defendant is identical to text that was incorporated into law without limitation, such that "the consequence of the incorporation by reference is virtually indistinguishable from a situation in which the standard had been expressly copied into law."  *Id.* at 452.  Accordingly, "this factor weighs heavily in favor of fair use."  *Id.*

o   Third Factor:  The incorporating regulation does not specify that only certain provisions of the text in ASTM F1200-88 are incorporated by reference into law, nor does it indicate which specific provisions of the standard are relevant for regulatory compliance, suggesting that "a greater amount of the standard's text might be fairly reproduced."  *Id.*

o   Fourth Factor:  Defendant's reproductions have not had a "substantially adverse impact on the potential market for the originals," nor have Plaintiffs shown by a preponderance of the evidence that there is a meaningful likelihood of future harm."  Memo Op. at 30–36 (internal quotation and citation marks omitted).

o   Conclusion:  Defendant may fairly reproduce the text of ASTM F1200-88 (1998) in its entirety.

181.                    **ASTM F1201 1988 (1998):**

- o Defendant identifies 46 C.F.R. § 56.01-2 (1997) as the incorporating by reference regulation, *see* Becker Decl. ¶ 57, Ex. 90 at 18, which incorporates ASTM F1201-88 for § 56.60-1.  While the regulation incorporates ASTM F1201-88, not the 1998 version that Defendant published, the text of the two standards is identical.  *See* Pls. 2d SMF ¶ 35; Def. Statement of Disputed Facts at ¶ 35 (no objection); Def. Mot. at 10 (citing Def. 2d SMF ¶ 84).

  Components made in accordance with the commercial standards listed in Table 56.60–1(b) and made of materials complying with paragraph (a) this section may be used in piping systems within the limitations of the standards and within any further limitations specified in this subchapter.  Among those standards listed is ASTM F1201-88 for fuel oil meters of the volumetric positive displacement type.  The regulation does not specify that only certain provisions of ASTM F1201-88 are incorporated by reference into law, nor does it indicate which specific provisions of ASTM F1201-88 are relevant for compliance with the regulation.

- o <u>First Factor</u>:  There is no indication that Defendant stands to profit from republishing this standard; Defendant's apparent purpose is to inform the public about the law and facilitate public debate.  *See ASTM*, 896 F.3d at 449; Def's 2d Mot. at 16.  Defendant's "attempt to freely distribute standards incorporated by reference into law qualifie[s] as a use that further[s] the purposes of the fair use defense."  *ASTM*, 896 F.3d at 449.  *See also id.* at 451 ("Faithfully reproducing the *relevant text* of a technical standard incorporated by reference for purposes of informing the public about the law obviously has great value.") (emphasis added).  Further, the incorporated standard provides information essential for a private entity to comprehend its legal duties, which weighs heavily in favor of permitting Defendant's reproduction.  *See id.* at 450.

- o <u>Second Factor</u>:  The "express text of the law falls plainly outside the realm of copyright protection."  *ASTM*, 896 F.3d at 451.  Here, the text published by Defendant is identical to text that was incorporated into law without limitation, such that "the consequence of the incorporation by reference is virtually indistinguishable from a situation in which the standard had been expressly copied into law."  *Id.* at 452.  Accordingly, "this factor weighs heavily in favor of fair use."  *Id.*

- o <u>Third Factor</u>:  The incorporating regulation does not specify that only certain provisions of the text in ASTM F1201-88 are incorporated by reference into law, nor does it indicate which specific provisions of the standard are relevant for regulatory compliance, suggesting that "a greater amount of the standard's text might be fairly reproduced."  *Id.*

- o <u>Fourth Factor</u>:  Defendant's reproductions have not had a "substantially adverse impact on the potential market for the originals," nor have Plaintiffs shown by a preponderance of the evidence that there is a meaningful likelihood of future harm."  Memo Op. at 30–36 (internal quotation and citation marks omitted).

- o <u>Conclusion</u>:  Defendant may fairly reproduce the text of ASTM F1201-88 (1998) in its entirety.

**182.**             **ASTM F462 1979 (1999):**

o   Defendant identifies 24 C.F.R. § (Parts 200 to 499) (2005) as the incorporating by reference regulation, *see* Becker Decl. ¶ 5 7, Ex. 90 at 18, which incorporates ASTM F462-79 for 24 C.F.R. § Part 200, Subpart S. While the regulation incorporates ASTM F462-79, not the 1999 version that Defendant published, the text of the two standards is identical.  *See* Pls. 2d SMF ¶ 35; Def. Statement of Disputed Facts at ¶ 35 (no objection); Def. Mot. at 10 (citing Def. 2d SMF ¶ 84).  The regulation does not specify that only certain provisions of ASTM F462-79 are incorporated by reference into law, nor does it indicate which specific provisions of ASTM F462-79 are relevant for compliance with the regulation.

o   <u>First Factor</u>:  There is no indication that Defendant stands to profit from republishing this standard; Defendant's apparent purpose is to inform the public about the law and facilitate public debate.  *See ASTM*, 896 F.3d at 449; Def's 2d Mot. at 16.  Defendant's "attempt to freely distribute standards incorporated by reference into law qualifie[s] as a use that further[s] the purposes of the fair use defense."  *ASTM*, 896 F.3d at 449.  *See also id.* at 451 ("Faithfully reproducing the *relevant text* of a technical standard incorporated by reference for purposes of informing the public about the law obviously has great value.") (emphasis added).  However, the court finds that the incorporated standard does not provide information essential for a private entity to comprehend its legal duties, but rather is incorporated as a reference procedure.  Accordingly, "while knowing the content of this incorporated standard might help inform one's understanding of the law," it "is not essential to complying with any legal duty," and thus, Defendant's use is less transformative and "its wholesale copying, in turn, less justified." *ASTM*, 896 F.3d at 450.

o   <u>Second Factor</u>:  The "express text of the law falls plainly outside the realm of copyright protection."  *ASTM*, 896 F.3d at 451.  Here, the text published by Defendant is identical to text that was incorporated into law without limitation, such that "the consequence of the incorporation by reference is virtually indistinguishable from a situation in which the standard had been expressly copied into law." *Id.* at 452.  Accordingly, "this factor weighs heavily in favor of fair use." *Id.*

o   <u>Third Factor</u>:  The incorporating regulation does not specify that only certain provisions of the text in ASTM F462-79 are incorporated by reference into law, nor does it indicate which specific provisions of the standard are relevant for regulatory compliance, suggesting that "a greater amount of the standard's text might be fairly reproduced." *Id.*

o   <u>Fourth Factor</u>:  Defendant's reproductions have not had a "substantially adverse impact on the potential market for the originals," nor have Plaintiffs shown by a preponderance of the evidence that there is a meaningful likelihood of future harm."  Memo Op. at 30–36 (internal quotation and citation marks omitted).

o   <u>Conclusion</u>:  Defendant may fairly reproduce the text of ASTM F462-79 (1999) in its entirety.

**183.**             **ASTM F478 1992 (1999):**

o   Defendant identifies 29 C.F.R. § 1910.137 (2012) as the incorporating by reference

regulation, *see* Becker Decl. ¶ 57, Ex. 90 at 18, which incorporates ASTM F478-92. While the regulation incorporates ASTM F478-92, not the 1999 version that Defendant published, the text of the two standards is identical.  *See* Pls. 2d SMF ¶ 35; Def. Statement of Disputed Facts at ¶ 35 (no objection); Def. Mot. at 10 (citing Def. 2d SMF ¶ 84).  Section 1910.137 (2012) lists ASTM F478-92 as one of several industry standards containing a test method that meets the requirements of § 1910.137(b)(2)(viii) and (b)(2)(ix).  The regulation does not specify that only certain provisions of ASTM F478-92 are incorporated by reference into law, nor does it indicate which specific provisions of ASTM F478-92 are relevant for compliance with the regulation.

o   <u>First Factor</u>:  There is no indication that Defendant stands to profit from republishing this standard; Defendant's apparent purpose is to inform the public about the law and facilitate public debate.  *See ASTM*, 896 F.3d at 449; Def's 2d Mot. at 16.  Defendant's "attempt to freely distribute standards incorporated by reference into law qualifie[s] as a use that further[s] the purposes of the fair use defense."  *ASTM*, 896 F.3d at 449.  *See also id.* at 451 ("Faithfully reproducing the *relevant text* of a technical standard incorporated by reference for purposes of informing the public about the law obviously has great value.") (emphasis added).  However, the court finds that the incorporated standard does not provide information essential for a private entity to comprehend its legal duties, but rather is incorporated as a reference procedure.  Accordingly, "while knowing the content of this incorporated standard might help inform one's understanding of the law," it "is not essential to complying with any legal duty," and thus, Defendant's use is less transformative and "its wholesale copying, in turn, less justified." *ASTM*, 896 F.3d at 450.

o   <u>Second Factor</u>:  The "express text of the law falls plainly outside the realm of copyright protection." *ASTM*, 896 F.3d at 451.  Here, the text published by Defendant is identical to text that was incorporated into law without limitation, such that "the consequence of the incorporation by reference is virtually indistinguishable from a situation in which the standard had been expressly copied into law." *Id.* at 452.  Accordingly, "this factor weighs heavily in favor of fair use." *Id.*

o   <u>Third Factor</u>:  The incorporating regulation does not specify that only certain provisions of the text in ASTM F478-92 are incorporated by reference into law, nor does it indicate which specific provisions of the standard are relevant for regulatory compliance, suggesting that "a greater amount of the standard's text might be fairly reproduced." *Id.*

o   <u>Fourth Factor</u>:  Defendant's reproductions have not had a "substantially adverse impact on the potential market for the originals," nor have Plaintiffs shown by a preponderance of the evidence that there is a meaningful likelihood of future harm."  Memo Op. at 30–36 (internal quotation and citation marks omitted).

o   <u>Conclusion</u>:  Defendant may fairly reproduce the text of ASTM F478-92 (1999) in its entirety.

**184.**          **ASTM F682 1982a (1988):**

o   Defendant identifies 46 C.F.R. § 56.01-2 (1997) as the incorporating by reference

regulation, *see* Becker Decl. ¶ 57, Ex. 90 at 18, which incorporates ASTM 682-82a for § 56.60-1. While the regulation incorporates ASTM 682-82a, not the 1988 version that Defendant published, the text of the two standards is identical. *See* Pls. 2d SMF ¶ 35; Def. Statement of Disputed Facts at ¶ 35 (no objection); Def. Mot. at 10 (citing Def. 2d SMF ¶ 84).

Components made in accordance with the commercial standards listed in Table 56.60–1(b) and made of materials complying with paragraph (a) this section may be used in piping systems within the limitations of the standards and within any further limitations specified in this subchapter. Among those standards listed is ASTM 682-82a for fuel oil meters of the volumetric positive displacement type. The regulation does not specify that only certain provisions of ASTM 682-82a are incorporated by reference into law, nor does it indicate which specific provisions of ASTM 682-82a are relevant for compliance with the regulation.

o   1st Factor First Factor: There is no indication that Defendant stands to profit from republishing this standard; Defendant's apparent purpose is to inform the public about the law and facilitate public debate. *See ASTM*, 896 F.3d at 449; Def's 2d Mot. at 16. Defendant's "attempt to freely distribute standards incorporated by reference into law qualifie[s] as a use that further[s] the purposes of the fair use defense." *ASTM*, 896 F.3d at 449. *See also id.* at 451 ("Faithfully reproducing the *relevant text* of a technical standard incorporated by reference for purposes of informing the public about the law obviously has great value.") (emphasis added). Further, the incorporated standard provides information essential for a private entity to comprehend its legal duties, which weighs heavily in favor of permitting Defendant's reproduction. *See id.* at 450.

o   Second Factor: The "express text of the law falls plainly outside the realm of copyright protection." *ASTM*, 896 F.3d at 451. Here, the text published by Defendant is identical to text that was incorporated into law without limitation, such that "the consequence of the incorporation by reference is virtually indistinguishable from a situation in which the standard had been expressly copied into law." *Id.* at 452. Accordingly, "this factor weighs heavily in favor of fair use." *Id.*

o   Third Factor: The incorporating regulation does not specify that only certain provisions of the text in ASTM 682-82a are incorporated by reference into law, nor does it indicate which specific provisions of the standard are relevant for regulatory compliance, suggesting that "a greater amount of the standard's text might be fairly reproduced." *Id.*

o   Fourth Factor: Defendant's reproductions have not had a "substantially adverse impact on the potential market for the originals," nor have Plaintiffs shown by a preponderance of the evidence that there is a meaningful likelihood of future harm." Memo Op. at 30–36 (internal quotation and citation marks omitted).

o   Conclusion: Defendant may fairly reproduce the text of ASTM 682-82a (1988) in its entirety.

**185.         ASTM F722 1982 (1988):**

o   Defendant identifies 33 C.F.R. § 154.106 (2014) as the incorporating by reference regulation, *see* Becker Decl. ¶ 57, Ex. 90 at 18, which incorporates ASTM F722-82

(Reapproved 2008) for Appendix A, 8.4, 8.6 to part 154.  While the regulation incorporates ASTM F722-82 (Reapproved 2008), not the 1998 version that Defendant published, the text of the two standards is identical.  *See* Pls. 2d SMF ¶ 35; Def. Statement of Disputed Facts at ¶ 35 (no objection); Def. Mot. at 10 (citing Def. 2d SMF ¶ 84).

Section 8.4 requires that "Threaded or flanged pipe connections shall comply with the applicable B16 standards in ASTM F 1155 (incorporated by reference, see §154.106).  Welded joints shall comply with ASTM F 722."  Section 8.6 provides that where "welded construction is used for pressure retaining components, welded joint design details, welding and non-destructive testing shall be in accordance with Section VIII, Division 1, of the ASME Code and ASTM F 722.  The regulation does not specify that only certain provisions of ASTM F722-82 (Reapproved 2008) are incorporated by reference into law, nor does it indicate which specific provisions of ASTM F722-82 (Reapproved 2008) are relevant for compliance with the regulation.

o  <u>First Factor</u>:  There is no indication that Defendant stands to profit from republishing this standard; Defendant's apparent purpose is to inform the public about the law and facilitate public debate.  *See ASTM*, 896 F.3d at 449; Def's 2d Mot. at 16.  Defendant's "attempt to freely distribute standards incorporated by reference into law qualifie[s] as a use that further[s] the purposes of the fair use defense."  *ASTM*, 896 F.3d at 449.  *See also id.* at 451 ("Faithfully reproducing the *relevant text* of a technical standard incorporated by reference for purposes of informing the public about the law obviously has great value.") (emphasis added).  Further, the incorporated standard provides information essential for a private entity to comprehend its legal duties, which weighs heavily in favor of permitting Defendant's reproduction.  *See id.* at 450.

o  <u>Second Factor</u>:  The "express text of the law falls plainly outside the realm of copyright protection."  *ASTM*, 896 F.3d at 451.  Here, the text published by Defendant is identical to text that was incorporated into law without limitation, such that "the consequence of the incorporation by reference is virtually indistinguishable from a situation in which the standard had been expressly copied into law."  *Id.* at 452.  Accordingly, "this factor weighs heavily in favor of fair use."  *Id.*

o  <u>Third Factor</u>:  The incorporating regulation does not specify that only certain provisions of the text in ASTM F722-82 (Reapproved 2008) are incorporated by reference into law, nor does it indicate which specific provisions of the standard are relevant for regulatory compliance, suggesting that "a greater amount of the standard's text might be fairly reproduced."  *Id.*

o  <u>Fourth Factor</u>:  Defendant's reproductions have not had a "substantially adverse impact on the potential market for the originals," nor have Plaintiffs shown by a preponderance of the evidence that there is a meaningful likelihood of future harm."  Memo Op. at 30–36 (internal quotation and citation marks omitted).

o  <u>Conclusion</u>:  Defendant may fairly reproduce the text of ASTM F722-82 (1988) in its entirety.

### III.  GROUP 3: STANDARDS THAT DEFENDANT HAS NOT SHOWN TO BE INCORPORATED BY REFERENCE INTO LAW.

186.          **ASTM C518 (1991):**

o  The parties identify 10 C.F.R. § 443.105 (2010) as the incorporating by reference regulation, *see* Becker Decl. ¶ 57, Ex. 90; Wise Decl., Ex. 176.  That regulation, however, states explicitly that "procedures in this subpart," including ASTM C518, "are not incorporated by reference. These sources are given here for information and guidance."  10 C.F.R. § 431.105(d)(1), (d)(2)(i).  The regulation does not indicate that any provision of ASTM C518 (1991) are relevant for compliance with the law.  Defendant bears the burden of demonstrating its affirmative fair use defense, *see Campbell*, 510 U.S. at 590, and here, it has not shown that this standard has been incorporated by reference into law.

o  <u>First Factor</u>:  There is no indication that Defendant stands to profit from republishing this standard, but Defendant's stated purpose—to inform the public about the law and facilitate public debate—is not significantly furthered by publishing this standard rather than one that has been incorporated by reference into law.  *See ASTM*, 896 F.3d at 449. Further, because the standard has not been incorporated by reference into law, Defendant's use is less transformative.  *See ASTM*, 896 F.3d at 450.

o  <u>Second Factor</u>:  Standards incorporated by reference into law "are, at best, at the outer edge of "copyright's protective purposes."  *ASTM*, 896 F.3d at 451.  Standards not incorporated into law, though factual works, fall more squarely within the realm of copyright protection.  Here, Defendant has not shown that this standard has been incorporated into law and so this factor also counsels against Defendant's fair use.

o  <u>Third Factor</u>:  The Supreme Court has characterized the relevant inquiry as whether "'the amount and substantiality of the portion used['] . . . are reasonable in relation to the purpose of the copying."  *Campbell*, 510 U.S. at 586–87 (quoting 17 U.S.C. § 107(3)).  Incorporating one standard by reference does not justify posting provisions of a different version that has not been incorporated into law.   *See ASTM*, 896 F.3d at 452.  Instead, Defendant's purpose could be achieved with a paraphrase or summary.

o  <u>Fourth Factor</u>:  Defendant's reproductions have not had a "substantially adverse impact on the potential market for the originals," nor have Plaintiffs shown by a preponderance of the evidence that there is a meaningful likelihood of future harm."  Memo Op. at 30–36 (internal quotation and citation marks omitted).

o  <u>Conclusion</u>:  Under the presented facts, which are undisputed, Defendant may not fairly copy and republish this standard.

187.          **ASTM A36 (1977aᵉ):**

o  Defendant identifies 24 C.F.R. § 200 (2005) as the incorporating by reference regulation.  *See* Becker Decl. ¶ 57, Ex. 90 at 5.  The incorporating language in that regulation, however, references only ASTM A36 (1977a), and not the revised version ASTM A36 (1977aᵉ) that Defendant published.  Defendant concedes that it posted editions of standards that have not been incorporated into law, *see* Def. 2d Mot. at 9-10, and it does not respond to Plaintiffs' argument that Defendant has not shown this

specific standard has been incorporated into law. *See* Wise Decl., Ex. 176 at n.2 ("Where the ASTM standard referenced in the quoted C.F.R. language differs from the version of the ASTM standard that PRO reproduced and displayed, ASTM has highlighted and bolded that language."); *id.* (highlighting and bolding text of this standard). Defendant bears the burden of demonstrating its affirmative fair use defense, *see Campbell*, 510 U.S. at 590, and here, it has not shown that this standard has been incorporated by reference into law.

o  <u>First Factor</u>: There is no indication that Defendant stands to profit from republishing this standard, but Defendant's stated purpose—to inform the public about the law and facilitate public debate—is not significantly furthered by publishing this standard than one that has been incorporated by reference into law. *See ASTM*, 896 F.3d at 449. Further, because the standard has not been incorporated by reference into law, Defendant's use is less transformative. *See ASTM*, 896 F.3d at 450.

o  Second Factor: Standards incorporated by reference into law "are, at best, at the outer edge of "copyright's protective purposes." *ASTM*, 896 F.3d at 451. Standards not incorporated into law, though factual works, fall more squarely within the realm of copyright protection. Here, Defendant has not shown that this standard has been incorporated into law and so this factor also counsels against Defendant's fair use.

o  Third Factor: The Supreme Court has characterized the relevant inquiry as whether "'the amount and substantiality of the portion used['] . . . are reasonable in relation to the purpose of the copying." *Campbell*, 510 U.S. at 586–87 (quoting 17 U.S.C. § 107(3)). Incorporating one standard by reference does not justify posting provisions of a different version that has not been incorporated into law. *See ASTM*, 896 F.3d at 452. Instead, Defendant's purpose could be achieved with a paraphrase or summary.

o  Fourth Factor: Defendant's reproductions have not had a "substantially adverse impact on the potential market for the originals," nor have Plaintiffs shown by a preponderance of the evidence that there is a meaningful likelihood of future harm." Memo Op. at 30–36 (internal quotation and citation marks omitted).

o  Conclusion: Under the presented facts, which are undisputed, Defendant may not fairly copy and republish this standard.

**188.**　　　　　　**ASTM A36/A36M (1997a$^{e1}$):**

o  Defendant identifies 46 C.F.R. § 56.01-2 (2011) as the incorporating by reference regulation. Becker Decl. ¶ 57, Ex. 90 at 5. The incorporating language in that regulation, however, references only ASTM A36/A36M (1997a), and not the revised version ASTM A36/A36M (1997a$^{e1}$) that Defendant published. Defendant concedes that it posted editions of standards that have not been incorporated into law, *see Def. 2d Mot.* at 9-10, and it does not respond to Plaintiffs' argument that Defendant has not shown this specific standard has been incorporated into law. *See* Wise Decl., Ex. 176 at n.2 ("Where the ASTM standard referenced in the quoted C.F.R. language differs from the version of the ASTM standard that PRO reproduced and displayed, ASTM has highlighted and bolding that language."); *id.* (highlighting and bolding text of this standard). Defendant bears the burden of demonstrating its affirmative fair use defense, *see Campbell*, 510 U.S. at 590, and here, it has not shown that this standard has been

incorporated by reference into law.

o <u>First Factor</u>:  There is no indication that Defendant stands to profit from republishing this standard, but Defendant's stated purpose—to inform the public about the law and facilitate public debate—is not significantly furthered by publishing this standard rather than one that has been incorporated by reference into law.  *See ASTM*, 896 F.3d at 449.  Further, because the standard has not been incorporated by reference into law, Defendant's use is less transformative.  *See ASTM*, 896 F.3d at 450.

o <u>Second Factor</u>:  Standards incorporated by reference into law "are, at best, at the outer edge of "copyright's protective purposes."  *ASTM*, 896 F.3d at 451.  Standards not incorporated into law, though factual works, fall more squarely within the realm of copyright protection.  Here, Defendant has not shown that this standard has been incorporated into law and so this factor also counsels against Defendant's fair use.

o <u>Third Factor</u>:  The Supreme Court has characterized the relevant inquiry as whether "'the amount and substantiality of the portion used['] . . . are reasonable in relation to the purpose of the copying."  *Campbell*, 510 U.S. at 586–87 (quoting 17 U.S.C. § 107(3)).  Incorporating one standard by reference does not justify posting provisions of a different version that has not been incorporated into law.   *See ASTM*, 896 F.3d at 452.  Instead, Defendant's purpose could be achieved with a paraphrase or summary.

o <u>Fourth Factor</u>:  Defendant's reproductions have not had a "substantially adverse impact on the potential market for the originals," nor have Plaintiffs shown by a preponderance of the evidence that there is a meaningful likelihood of future harm."  Memo Op. at 30–36 (internal quotation and citation marks omitted).

o <u>Conclusion</u>:  Under the presented facts, which are undisputed, Defendant may not fairly copy and republish this standard.

**189.**          **ASTM A307 (1978ᵉ):**

o Defendant identifies 24 C.F.R. § 200 (Parts 200 to 499) (2005), as the incorporating by reference regulation.  Becker Decl. ¶ 5 7, Ex. 90 at 3.  The incorporating language in that regulation, however, references only ASTM A307 (1978), not the revised 1978ᵉ version that Defendant published.  Defendant concedes that it posted editions of standards that have not been incorporated into law, *see* Def. 2d Mot. at 9-10, and it does not respond to Plaintiffs' argument that Defendant has not shown this specific standard has been incorporated into law.  *See* Wise Decl., Ex. 176 at n.2 ("Where the ASTM standard referenced in the quoted C.F.R. language differs from the version of the ASTM standard that PRO reproduced and displayed, ASTM has highlighted and bolded that language."); *id.* (highlighting and bolding text of this standard).  Defendant bears the burden of demonstrating its affirmative fair use defense, *see Campbell*, 510 U.S. at 590, and here, it has not shown that this standard has been incorporated by reference into law.

o <u>First Factor</u>:  There is no indication that Defendant stands to profit from republishing this standard, but Defendant's stated purpose—to inform the public about the law and facilitate public debate—is not significantly furthered by publishing this standard rather than one that has been incorporated by reference into law.  *See ASTM*, 896 F.3d at 449.  Further, because the standard has not been incorporated by reference into law,

Defendant's use is less transformative.  *See ASTM*, 896 F.3d at 450.

o Second Factor:  Standards incorporated by reference into law "are, at best, at the outer edge of "copyright's protective purposes."  *ASTM*, 896 F.3d at 451.  Standards not incorporated into law, though factual works, fall more squarely within the realm of copyright protection.  Here, Defendant has not shown that this standard has been incorporated into law and so this factor also counsels against Defendant's fair use.

o Third Factor:  The Supreme Court has characterized the relevant inquiry as whether "'the amount and substantiality of the portion used['] . . . are reasonable in relation to the purpose of the copying."  *Campbell*, 510 U.S. at 586–87 (quoting 17 U.S.C. § 107(3)).  Incorporating one standard by reference does not justify posting provisions of a different version that has not been incorporated into law.   *See ASTM*, 896 F.3d at 452.  Instead, Defendant's purpose could be achieved with a paraphrase or summary.

o Fourth Factor:  Defendant's reproductions have not had a "substantially adverse impact on the potential market for the originals," nor have Plaintiffs shown by a preponderance of the evidence that there is a meaningful likelihood of future harm."  Memo Op. at 30–36 (internal quotation and citation marks omitted).

o Conclusion:  Under the presented facts, which are undisputed, Defendant may not fairly copy and republish this standard.

**190.**          **ASTM A370 (1997 [e2]):**

o Defendant identifies 56.01-1 (1997) as the incorporating by reference regulation.  Becker Decl. ¶ 57, Ex. 90 at 7.   The incorporating language in that regulation, however, references only ASTM A370 (1997), and not the revised version ASTM A370 (1997 [e2]) that Defendant published.  Defendant concedes that it posted editions of standards that have not been incorporated into law, *see* Def. 2d Mot. at 9-10, and it does not respond to Plaintiffs' argument that Defendant has not shown this specific standard has been incorporated into law.  *See* Wise Decl., Ex. 176 at n.2 ("Where the ASTM standard referenced in the quoted C.F.R. language differs from the version of the ASTM standard that PRO reproduced and displayed, ASTM has highlighted and bolded that language."); *id.* (highlighting and bolding text of this standard).  Defendant bears the burden of demonstrating its affirmative fair use defense, *see Campbell*, 510 U.S. at 590, and here, it has not shown that this standard has been incorporated by reference into law.

o First Factor:  There is no indication that Defendant stands to profit from republishing this standard, but Defendant's stated purpose—to inform the public about the law and facilitate public debate—is not significantly furthered by publishing this standard rather than one that has been incorporated by reference into law.  *See ASTM*, 896 F.3d at 449.  Further, because the standard has not been incorporated by reference into law, Defendant's use is less transformative.  *See ASTM*, 896 F.3d at 450.

o Second Factor:  Standards incorporated by reference into law "are, at best, at the outer edge of "copyright's protective purposes."  *ASTM*, 896 F.3d at 451.  Standards not incorporated into law, though factual works, fall more squarely within the realm of copyright protection.  Here, Defendant has not shown that this standard has been incorporated into law and so this factor also counsels against Defendant's fair use.

o <u>Third Factor</u>:  The Supreme Court has characterized the relevant inquiry as whether "'the amount and substantiality of the portion used['] . . . are reasonable in relation to the purpose of the copying." *Campbell*, 510 U.S. at 586–87 (quoting 17 U.S.C. § 107(3)).  Incorporating one standard by reference does not justify posting provisions of a different version that has not been incorporated into law.  *See ASTM*, 896 F.3d at 452.  Instead, Defendant's purpose could be achieved with a paraphrase or summary.

o <u>Fourth Factor</u>:  Defendant's reproductions have not had a "substantially adverse impact on the potential market for the originals," nor have Plaintiffs shown by a preponderance of the evidence that there is a meaningful likelihood of future harm."  Memo Op. at 30–36 (internal quotation and citation marks omitted).

o <u>Conclusion</u>:  Under the presented facts, which are undisputed, Defendant may not fairly copy and republish this standard.

**191.**          **ASTM A475-78 (1984<sup>e1</sup>):**

o Defendant identifies 7 C.F.R. § 1755.370(b) as the incorporating by reference regulation.  Becker Decl. ¶ 57, Ex. 90 at 10  The incorporating language in that regulation, however, references only ASTM A476-78, not the revised version ASTM A475-78 (1984<sup>e1</sup>) that Defendant published.  Defendant concedes that it posted editions of standards that have not been incorporated into law, *see* Def. 2d Mot. at 9-10, and it does not respond to Plaintiffs' argument that Defendant has not shown this specific standard has been incorporated into law.  *See* Wise Decl., Ex. 176 at n.2 ("Where the ASTM standard referenced in the quoted C.F.R. language differs from the version of the ASTM standard that PRO reproduced and displayed, ASTM has highlighted and bolded that language."); *id.* (highlighting and bolding text of this standard).  Defendant bears the burden of demonstrating its affirmative fair use defense, *see Campbell*, 510 U.S. at 590, and here, it has not shown that this standard has been incorporated by reference into law.

o <u>First Factor</u>:  There is no indication that Defendant stands to profit from republishing this standard, but Defendant's stated purpose—to inform the public about the law and facilitate public debate—is not significantly furthered by publishing this standard rather than one that has been incorporated by reference into law.  *See ASTM*, 896 F.3d at 449.  Further, because the standard has not been incorporated by reference into law, Defendant's use is less transformative.  *See ASTM*, 896 F.3d at 450.

o <u>Second Factor</u>:  Standards incorporated by reference into law "are, at best, at the outer edge of "copyright's protective purposes."  *ASTM*, 896 F.3d at 451.  Standards not incorporated into law, though factual works, fall more squarely within the realm of copyright protection.  Here, Defendant has not shown that this standard has been incorporated into law and so this factor also counsels against Defendant's fair use.

o <u>Third Factor</u>:  The Supreme Court has characterized the relevant inquiry as whether "'the amount and substantiality of the portion used['] . . . are reasonable in relation to the purpose of the copying." *Campbell*, 510 U.S. at 586–87 (quoting 17 U.S.C. § 107(3)).  Incorporating one standard by reference does not justify posting provisions of a different version that has not been incorporated into law.  *See ASTM*, 896 F.3d at 452.  Instead, Defendant's purpose could be achieved with a paraphrase or summary.

o  <u>Fourth Factor</u>: Defendant's reproductions have not had a "substantially adverse impact on the potential market for the originals," nor have Plaintiffs shown by a preponderance of the evidence that there is a meaningful likelihood of future harm." Memo Op. at 30–36 (internal quotation and citation marks omitted).

o  <u>Conclusion</u>: Under the presented facts, which are undisputed, Defendant may not fairly copy and republish this standard.

**192.**        **ASTM B224 (1980 [e1]):**

o  Defendant identifies 7 C.F.R. § 1755.370(b) as the incorporating by reference regulation. Becker Decl. ¶ 57, Ex. 90 at 24. The incorporating language in that regulation, however, references only ASTM B224 (1980), and not the revised version ASTM B224 (1980 [e1]) that Defendant published. Defendant concedes that it posted editions of standards that have not been incorporated into law, *see* Def. 2d Mot. at 9-10, and it does not respond to Plaintiffs' argument that Defendant has not shown this specific standard has been incorporated into law. *See* Wise Decl., Ex. 176 at n.2 ("Where the ASTM standard referenced in the quoted C.F.R. language differs from the version of the ASTM standard that PRO reproduced and displayed, ASTM has highlighted and bolded that language."); *id.* (highlighting and bolding text of this standard). Defendant bears the burden of demonstrating its affirmative fair use defense, *see Campbell*, 510 U.S. at 590, and here, it has not shown that this standard has been incorporated by reference into law.

o  <u>First Factor</u>: There is no indication that Defendant stands to profit from republishing this standard, but Defendant's stated purpose—to inform the public about the law and facilitate public debate—is not significantly furthered by publishing this standard rather than one that has been incorporated by reference into law. *See ASTM*, 896 F.3d at 449. Further, because the standard has not been incorporated by reference into law, Defendant's use is less transformative. *See ASTM*, 896 F.3d at 450.

o  <u>Second Factor</u>: Standards incorporated by reference into law "are, at best, at the outer edge of "copyright's protective purposes." *ASTM*, 896 F.3d at 451. Standards not incorporated into law, though factual works, fall more squarely within the realm of copyright protection. Here, Defendant has not shown that this standard has been incorporated into law and so this factor also counsels against Defendant's fair use.

o  <u>Third Factor</u>: The Supreme Court has characterized the relevant inquiry as whether "'the amount and substantiality of the portion used['] . . . are reasonable in relation to the purpose of the copying." *Campbell*, 510 U.S. at 586–87 (quoting 17 U.S.C. § 107(3)). Incorporating one standard by reference does not justify posting provisions of a different version that has not been incorporated into law. *See ASTM*, 896 F.3d at 452. Instead, Defendant's purpose could be achieved with a paraphrase or summary.

o  <u>Fourth Factor</u>: Defendant's reproductions have not had a "substantially adverse impact on the potential market for the originals," nor have Plaintiffs shown by a preponderance of the evidence that there is a meaningful likelihood of future harm." Memo Op. at 30–36 (internal quotation and citation marks omitted).

o  <u>Conclusion</u>: Under the presented facts, which are undisputed, Defendant may not fairly copy and republish this standard.

**193.**          **ASTM C150 (1999a):**

- o Defendant identifies 30 C.F.R. § 250.901 as the incorporating by reference regulation. Becker Decl. ¶ 5 7, Ex. 90 at 3 1. The incorporating language in that regulation, however, references only ASTM C150 (1999), and not the revised version ASTM C150 (1999a) that Defendant published. Defendant concedes that it posted editions of standards that have not been incorporated into law, *see* Def. 2d Mot. at 9-10, and it does not respond to Plaintiffs' argument that Defendant has not shown this specific standard has been incorporated into law. *See* Wise Decl., Ex. 176 at n.2 ("Where the ASTM standard referenced in the quoted C.F.R. language differs from the version of the ASTM standard that PRO reproduced and displayed, ASTM has highlighted and bolded that language."); *id.* (highlighting and bolding text of this standard). Defendant bears the burden of demonstrating its affirmative fair use defense, *see Campbell*, 510 U.S. at 590, and here, it has not shown that this standard has been incorporated by reference into law.

- o <u>First Factor</u>: There is no indication that Defendant stands to profit from republishing this standard, but Defendant's stated purpose—to inform the public about the law and facilitate public debate—is not significantly furthered by publishing this standard rather than one that has been incorporated by reference into law. *See ASTM*, 896 F.3d at 449. Further, because the standard has not been incorporated by reference into law, Defendant's use is less transformative. *See ASTM*, 896 F.3d at 450.

- o <u>Second Factor</u>: Standards incorporated by reference into law "are, at best, at the outer edge of "copyright's protective purposes." *ASTM*, 896 F.3d at 451. Standards not incorporated into law, though factual works, fall more squarely within the realm of copyright protection. Here, Defendant has not shown that this standard has been incorporated into law and so this factor also counsels against Defendant's fair use.

- o <u>Third Factor</u>: The Supreme Court has characterized the relevant inquiry as whether "'the amount and substantiality of the portion used['] . . . are reasonable in relation to the purpose of the copying." *Campbell*, 510 U.S. at 586–87 (quoting 17 U.S.C. § 107(3)). Incorporating one standard by reference does not justify posting provisions of a different version that has not been incorporated into law. *See ASTM*, 896 F.3d at 452. Instead, Defendant's purpose could be achieved with a paraphrase or summary.

- o <u>Fourth Factor</u>: Defendant's reproductions have not had a "substantially adverse impact on the potential market for the originals," nor have Plaintiffs shown by a preponderance of the evidence that there is a meaningful likelihood of future harm." Memo Op. at 30–36 (internal quotation and citation marks omitted).

- o <u>Conclusion</u>: Under the presented facts, which are undisputed, Defendant may not fairly copy and republish this standard.

**194.**          **ASTM C177 (1997):**

- o The parties identify 10 C.F.R. § 431.105 (2010) as the incorporating by reference regulation, *see* Becker Decl. ¶ 57, Ex. 90; Wise Decl., Ex. 176. That regulation, however, states explicitly that "procedures in this subpart," including ASTM C177, "are not incorporated by reference. These sources are given here for information and guidance." 10 C.F.R. § 431.105(d)(1), (d)(2)(ii). The regulation does not indicate that

any provision of ASTM C177 (1997) are relevant for compliance with the law. Defendant concedes that it posted editions of standards that have not been incorporated into law, *see* Def. 2d Mot. at 9-10, and it does not respond to Plaintiffs' argument that Defendant has not shown this specific standard has been incorporated into law. *See* Wise Decl., Ex. 176 at n.2 ("Where the ASTM standard referenced in the quoted C.F.R. language differs from the version of the ASTM standard that PRO reproduced and displayed, ASTM has highlighted and bolded that language."); *id.* (highlighting and bolding text of this standard). Defendant bears the burden of demonstrating its affirmative fair use defense, *see Campbell*, 510 U.S. at 590, and here, it has not shown that this standard has been incorporated by reference into law.

o  First Factor: There is no indication that Defendant stands to profit from republishing this standard, but Defendant's stated purpose—to inform the public about the law and facilitate public debate—is not significantly furthered by publishing this standard rather than one that has been incorporated by reference into law. *See ASTM*, 896 F.3d at 449. Further, because the standard has not been incorporated by reference into law, Defendant's use is less transformative. *See ASTM*, 896 F.3d at 450.

o  Second Factor: Standards incorporated into law "are, at best, at the outer edge of "copyright's protective purposes." *ASTM*, 896 F.3d at 451. Standards not incorporated into law, though factual works, fall more squarely within the realm of copyright protection. Here, Defendant has not shown that this standard has been incorporated into law and so this factor also counsels against Defendant's fair use.

o  Third Factor: The Supreme Court has characterized the relevant inquiry as whether "'the amount and substantiality of the portion used['] . . . are reasonable in relation to the purpose of the copying." *Campbell*, 510 U.S. at 586–87 (quoting 17 U.S.C. § 107(3)). Incorporating one standard by reference does not justify posting provisions of a different version that has not been incorporated into law. *See ASTM*, 896 F.3d at 452. Instead, Defendant's purpose could be achieved with a paraphrase or summary.

o  Fourth Factor: Defendant's reproductions have not had a "substantially adverse impact on the potential market for the originals," nor have Plaintiffs shown by a preponderance of the evidence that there is a meaningful likelihood of future harm." Memo Op. at 30–36 (internal quotation and citation marks omitted).

o  Conclusion: Under the presented facts, which are undisputed, Defendant may not fairly copy and republish this standard.

**195.**          **ASTM C236 1989 (1993)[e1]:**

o  Defendant identifies 10 C.F.R. § 434.701 (2012) as the incorporating by reference regulation. Becker Decl. ¶ 57, Ex. 90 at 32. The incorporating language in that regulation, however, references only ASTM c236-89 (Reapproved 1993), and not the revised (1993)[e1] version that Defendant published. Defendant concedes that it posted editions of standards that have not been incorporated into law, *see* Def. 2d Mot. at 9-10, and it does not respond to Plaintiffs' argument that Defendant has not shown this specific standard has been incorporated into law. *See* Wise Decl., Ex. 176 at n.2 ("Where the ASTM standard referenced in the quoted C.F.R. language differs from the version of the ASTM standard that PRO reproduced and displayed, ASTM has

highlighted and bolded that language."); *id.* (highlighting and bolding text of this standard). Defendant bears the burden of demonstrating its affirmative fair use defense, *see Campbell*, 510 U.S. at 590, and here, it has not shown that this standard has been incorporated by reference into law.

o Underline: First Factor: There is no indication that Defendant stands to profit from republishing this standard, but Defendant's stated purpose—to inform the public about the law and facilitate public debate—is not significantly furthered by publishing this standard rather than one that has been incorporated by reference into law. *See ASTM*, 896 F.3d at 449. Further, because the standard has not been incorporated by reference into law, Defendant's use is less transformative. *See ASTM*, 896 F.3d at 450.

o Second Factor: Standards incorporated by reference into law "are, at best, at the outer edge of "copyright's protective purposes." *ASTM*, 896 F.3d at 451. Standards not incorporated into law, though factual works, fall more squarely within the realm of copyright protection. Here, Defendant has not shown that this standard has been incorporated into law and so this factor also counsels against Defendant's fair use.

o Third Factor: The Supreme Court has characterized the relevant inquiry as whether "'the amount and substantiality of the portion used['] . . . are reasonable in relation to the purpose of the copying." *Campbell*, 510 U.S. at 586–87 (quoting 17 U.S.C. § 107(3)). Incorporating one standard by reference does not justify posting provisions of a different version that has not been incorporated into law. *See ASTM*, 896 F.3d at 452. Instead, Defendant's purpose could be achieved with a paraphrase or summary.

o Fourth Factor: Defendant's reproductions have not had a "substantially adverse impact on the potential market for the originals," nor have Plaintiffs shown by a preponderance of the evidence that there is a meaningful likelihood of future harm." Memo Op. at 30–36 (internal quotation and citation marks omitted).

o Conclusion: Under the presented facts, which are undisputed, Defendant may not fairly copy and republish this standard.

**196.        ASTM C516 1980 (1996)[e1]:**

o Defendant identifies 24 C.F.R. (Parts 200 to 499) (2005) as the incorporating by reference regulation. Becker Decl. ¶ 57, Ex. 90 at 34. The incorporating language in that regulation, however, references only ASTM C516-80, and not the revised (1996)[e1] version that Defendant published. Defendant concedes that it posted editions of standards that have not been incorporated into law, *see* Def. 2d Mot. at 9-10, and it does not respond to Plaintiffs' argument that Defendant has not shown this specific standard has been incorporated into law. *See* Wise Decl., Ex. 176 at n.2 ("Where the ASTM standard referenced in the quoted C.F.R. language differs from the version of the ASTM standard that PRO reproduced and displayed, ASTM has highlighted and bolded that language."); *id.* (highlighting and bolding text of this standard). Defendant bears the burden of demonstrating its affirmative fair use defense, *see Campbell*, 510 U.S. at 590, and here, it has not shown that this standard has been incorporated by reference into law.

o Underline: First Factor: There is no indication that Defendant stands to profit from republishing this standard, but Defendant's stated purpose—to inform the public about the law and

facilitate public debate—is not significantly furthered by publishing this standard rather than one that has been incorporated by reference into law. *See ASTM*, 896 F.3d at 449. Further, because the standard has not been incorporated by reference into law, Defendant's use is less transformative. *See ASTM*, 896 F.3d at 450.

o   Second Factor:  Standards incorporated by reference into law "are, at best, at the outer edge of "copyright's protective purposes." *ASTM*, 896 F.3d at 451.  Standards not incorporated into law, though factual works, fall more squarely within the realm of copyright protection.  Here, Defendant has not shown that this standard has been incorporated into law and so this factor also counsels against Defendant's fair use.

o   Third Factor:  The Supreme Court has characterized the relevant inquiry as whether "'the amount and substantiality of the portion used['] . . . are reasonable in relation to the purpose of the copying." *Campbell*, 510 U.S. at 586–87 (quoting 17 U.S.C. § 107(3)).  Incorporating one standard by reference does not justify posting provisions of a different version that has not been incorporated into law.  *See ASTM*, 896 F.3d at 452.  Instead, Defendant's purpose could be achieved with a paraphrase or summary.

o   Fourth Factor:  Defendant's reproductions have not had a "substantially adverse impact on the potential market for the originals," nor have Plaintiffs shown by a preponderance of the evidence that there is a meaningful likelihood of future harm." Memo Op. at 30–36 (internal quotation and citation marks omitted).

o   Conclusion:  Under the presented facts, which are undisputed, Defendant may not fairly copy and republish this standard.

197.          **ASTM C549 1981 (1995)[e1]:**

o   Defendant identifies 24 C.FR. § 200, Appendix A (2010) as the incorporating by reference regulation. Becker Decl. ¶ 57, Ex. 90 at 35.  The incorporating language in that regulation, however, references only ASTM C 549-81 Standard Specification for Perlite Loose Fill Insulation (Reapproved 1986), and not the revised (1995)[e1] version that Defendant published.  Defendant concedes that it posted editions of standards that have not been incorporated into law, *see* Def. 2d Mot. at 9-10, and it does not respond to Plaintiffs' argument that Defendant has not shown this specific standard has been incorporated into law.  *See* Wise Decl., Ex. 176 at n.2 ("Where the ASTM standard referenced in the quoted C.F.R. language differs from the version of the ASTM standard that PRO reproduced and displayed, ASTM has highlighted and bolded that language."); *id.* (highlighting and bolding text of this standard).  Defendant bears the burden of demonstrating its affirmative fair use defense, *see Campbell*, 510 U.S. at 590, and here, it has not shown that this standard has been incorporated by reference into law.

o   First Factor:  There is no indication that Defendant stands to profit from republishing this standard, but Defendant's stated purpose—to inform the public about the law and facilitate public debate—is not significantly furthered by publishing this standard rather than one that has been incorporated by reference into law.  *See ASTM*, 896 F.3d at 449. Further, because the standard has not been incorporated by reference into law, Defendant's use is less transformative.  *See ASTM*, 896 F.3d at 450.

o   Second Factor:  Standards incorporated by reference into law "are, at best, at the outer

edge of "copyright's protective purposes." *ASTM*, 896 F.3d at 451.  Standards not incorporated into law, though factual works, fall more squarely within the realm of copyright protection.  Here, Defendant has not shown that this standard has been incorporated into law and so this factor also counsels against Defendant's fair use.

o  Third Factor:  The Supreme Court has characterized the relevant inquiry as whether "'the amount and substantiality of the portion used['] . . . are reasonable in relation to the purpose of the copying." *Campbell*, 510 U.S. at 586–87 (quoting 17 U.S.C. § 107(3)).  Incorporating one standard by reference does not justify posting provisions of a different version that has not been incorporated into law.   *See ASTM*, 896 F.3d at 452.  Instead, Defendant's purpose could be achieved with a paraphrase or summary.

o  Fourth Factor:  Defendant's reproductions have not had a "substantially adverse impact on the potential market for the originals," nor have Plaintiffs shown by a preponderance of the evidence that there is a meaningful likelihood of future harm."  Memo Op. at 30–36 (internal quotation and citation marks omitted).

o  Conclusion:  Under the presented facts, which are undisputed, Defendant may not fairly copy and republish this standard.

**198.        ASTM D1246 1995 (1999):**

o  Defendant identifies 40 C.F.R. § 136.3(a) Table IB (2003) as the incorporating by reference regulation.  Becker Decl. ¶ 57, Ex. 90 at 38.  The incorporating language in that regulation, however, references only ASTM D1246-95(C), and not the revised (1999) version that Defendant published.  Defendant concedes that it posted editions of standards that have not been incorporated into law, *see* Def. 2d Mot. at 9-10, and it does not respond to Plaintiffs' argument that Defendant has not shown this specific standard has been incorporated into law.  *See* Wise Decl., Ex. 176 at n.2 ("Where the ASTM standard referenced in the quoted C.F.R. language differs from the version of the ASTM standard that PRO reproduced and displayed, ASTM has highlighted and bolded that language."); *id.*  (highlighting and bolding text of this standard).  Defendant bears the burden of demonstrating its affirmative fair use defense, *see Campbell*, 510 U.S. at 590, and here, it has not shown that this standard has been incorporated by reference into law.

o  First Factor:  There is no indication that Defendant stands to profit from republishing this standard, but Defendant's stated purpose—to inform the public about the law and facilitate public debate—is not significantly furthered by publishing this standard rather than one that has been incorporated by reference into law.  *See ASTM*, 896 F.3d at 449.  Further, because the standard has not been incorporated by reference into law, Defendant's use is less transformative.  *See ASTM*, 896 F.3d at 450.

o  Second Factor:  Standards incorporated by reference into law "are, at best, at the outer edge of "copyright's protective purposes." *ASTM*, 896 F.3d at 451.  Standards not incorporated into law, though factual works, fall more squarely within the realm of copyright protection.  Here, Defendant has not shown that this standard has been incorporated into law and so this factor also counsels against Defendant's fair use.

o  Third Factor:  The Supreme Court has characterized the relevant inquiry as whether "'the amount and substantiality of the portion used['] . . . are reasonable in relation to

the purpose of the copying." *Campbell*, 510 U.S. at 586–87 (quoting 17 U.S.C. § 107(3)). Incorporating one standard by reference does not justify posting provisions of a different version that has not been incorporated into law.   *See ASTM*, 896 F.3d at 452.  Instead, Defendant's purpose could be achieved with a paraphrase or summary.

o   <u>Fourth Factor</u>:  Defendant's reproductions have not had a "substantially adverse impact on the potential market for the originals," nor have Plaintiffs shown by a preponderance of the evidence that there is a meaningful likelihood of future harm."  Memo Op. at 30–36 (internal quotation and citation marks omitted).

o   <u>Conclusion</u>:  Under the presented facts, which are undisputed, Defendant may not fairly copy and republish this standard.

**199.**         **ASTM D1518 1985 (1998)[e1]:**

o   Defendant identifies 46 C.F.R. § 160.174-3 (2014) as the incorporating by reference regulation.  Becker Decl. ¶ 57, Ex. 90 at 43.  The incorporating language in that regulation, however, references only ASTM D 1518-85 (1990), and not the revised (1998)[e1] version that Defendant published.  Defendant concedes that it posted editions of standards that have not been incorporated into law, *see* Def. 2d Mot. at 9-10, and it does not respond to Plaintiffs' argument that Defendant has not shown this specific standard has been incorporated into law.  *See* Wise Decl., Ex. 176 at n.2 ("Where the ASTM standard referenced in the quoted C.F.R. language differs from the version of the ASTM standard that PRO reproduced and displayed, ASTM has highlighted and bolded that language."); *id.* (highlighting and bolding text of this standard).  Defendant bears the burden of demonstrating its affirmative fair use defense, *see Campbell*, 510 U.S. at 590, and here, it has not shown that this standard has been incorporated by reference into law.

o   <u>First Factor</u>:  There is no indication that Defendant stands to profit from republishing this standard, but Defendant's stated purpose—to inform the public about the law and facilitate public debate—is not significantly furthered by publishing this standard rather than one that has been incorporated by reference into law.  *See ASTM*, 896 F.3d at 449.  Further, because the standard has not been incorporated by reference into law, Defendant's use is less transformative.  *See ASTM*, 896 F.3d at 450.

o   <u>Second Factor</u>:  Standards incorporated by reference into law "are, at best, at the outer edge of "copyright's protective purposes."  *ASTM*, 896 F.3d at 451.  Standards not incorporated into law, though factual works, fall more squarely within the realm of copyright protection.  Here, Defendant has not shown that this standard has been incorporated into law and so this factor also counsels against Defendant's fair use.

o   <u>Third Factor</u>:  The Supreme Court has characterized the relevant inquiry as whether "'the amount and substantiality of the portion used['] . . . are reasonable in relation to the purpose of the copying."  *Campbell*, 510 U.S. at 586–87 (quoting 17 U.S.C. § 107(3)).  Incorporating one standard by reference does not justify posting provisions of a different version that has not been incorporated into law.   *See ASTM*, 896 F.3d at 452.  Instead, Defendant's purpose could be achieved with a paraphrase or summary.

o   <u>Fourth Factor</u>:  Defendant's reproductions have not had a "substantially adverse impact on the potential market for the originals," nor have Plaintiffs shown by a preponderance

of the evidence that there is a meaningful likelihood of future harm." Memo Op. at 30–36 (internal quotation and citation marks omitted).

○ <u>Conclusion</u>: Under the presented facts, which are undisputed, Defendant may not fairly copy and republish this standard.

**200.** **ASTM D1785 (1986):**

○ Defendant identifies 46 C.F.R. § 56.01-2 (1997) as the incorporating by reference regulation. Becker Decl. ¶ 57, Ex. 90 at 46. The incorporating language in that regulation, however, references only ASTM D 1785-83, and not the 1986 version that Defendant published. Defendant concedes that it posted editions of standards that have not been incorporated into law, *see* Def. 2d Mot. at 9-10, and it does not respond to Plaintiffs' argument that Defendant has not shown this specific standard has been incorporated into law. *See* Wise Decl., Ex. 176 at n.2 ("Where the ASTM standard referenced in the quoted C.F.R. language differs from the version of the ASTM standard that PRO reproduced and displayed, ASTM has highlighted and bolded that language."); *id.* (highlighting and bolding text of this standard). Defendant bears the burden of demonstrating its affirmative fair use defense, *see Campbell*, 510 U.S. at 590, and here, it has not shown that this standard has been incorporated by reference into law.

○ <u>First Factor</u>: There is no indication that Defendant stands to profit from republishing this standard, but Defendant's stated purpose—to inform the public about the law and facilitate public debate—is not significantly furthered by publishing this standard rather than one that has been incorporated by reference into law. *See ASTM*, 896 F.3d at 449. Further, because the standard has not been incorporated by reference into law, Defendant's use is less transformative. *See ASTM*, 896 F.3d at 450.

○ <u>Second Factor</u>: Standards incorporated by reference into law "are, at best, at the outer edge of "copyright's protective purposes." *ASTM*, 896 F.3d at 451. Standards not incorporated into law, though factual works, fall more squarely within the realm of copyright protection. Here, Defendant has not shown that this standard has been incorporated into law and so this factor also counsels against Defendant's fair use.

○ <u>Third Factor</u>: The Supreme Court has characterized the relevant inquiry as whether "'the amount and substantiality of the portion used['] . . . are reasonable in relation to the purpose of the copying." *Campbell*, 510 U.S. at 586–87 (quoting 17 U.S.C. § 107(3)). Incorporating one standard by reference does not justify posting provisions of a different version that has not been incorporated into law. *See ASTM*, 896 F.3d at 452. Instead, Defendant's purpose could be achieved with a paraphrase or summary.

○ <u>Fourth Factor</u>: Defendant's reproductions have not had a "substantially adverse impact on the potential market for the originals," nor have Plaintiffs shown by a preponderance of the evidence that there is a meaningful likelihood of future harm." Memo Op. at 30–36 (internal quotation and citation marks omitted).

○ <u>Conclusion</u>: Under the presented facts, which are undisputed, Defendant may not fairly copy and republish this standard.

201.              **ASTM D1946 1990 (1994)[e1]:**

- o  Defendant identifies 40 C.F.R. § 75.6 (2010) as the incorporating by reference regulation. Becker Decl. ¶ 57, Ex. 90 at 49. The incorporating language in that regulation, however, references only ASTM D1946-90 (Reapproved 2006), and not the 1994[e1] version that Defendant published. Defendant concedes that it posted editions of standards that have not been incorporated into law, *see* Def. 2d Mot. at 9-10, and it does not respond to Plaintiffs' argument that Defendant has not shown this specific standard has been incorporated into law. *See* Wise Decl., Ex. 176 at n.2 ("Where the ASTM standard referenced in the quoted C.F.R. language differs from the version of the ASTM standard that PRO reproduced and displayed, ASTM has highlighted and bolded that language."); *id.* (highlighting and bolding text of this standard). Defendant bears the burden of demonstrating its affirmative fair use defense, *see Campbell*, 510 U.S. at 590, and here, it has not shown that this standard has been incorporated by reference into law.

- o  First Factor: There is no indication that Defendant stands to profit from republishing this standard, but Defendant's stated purpose—to inform the public about the law and facilitate public debate—is not significantly furthered by publishing this standard rather than one that has been incorporated by reference into law. *See ASTM*, 896 F.3d at 449. Further, because the standard has not been incorporated by reference into law, Defendant's use is less transformative. *See ASTM*, 896 F.3d at 450.

- o  Second Factor: Standards incorporated by reference into law "are, at best, at the outer edge of "copyright's protective purposes." *ASTM*, 896 F.3d at 451. Standards not incorporated into law, though factual works, fall more squarely within the realm of copyright protection. Here, Defendant has not shown that this standard has been incorporated into law and so this factor also counsels against Defendant's fair use.

- o  Third Factor: The Supreme Court has characterized the relevant inquiry as whether "'the amount and substantiality of the portion used['] . . . are reasonable in relation to the purpose of the copying." *Campbell*, 510 U.S. at 586–87 (quoting 17 U.S.C. § 107(3)). Incorporating one standard by reference does not justify posting provisions of a different version that has not been incorporated into law. *See ASTM*, 896 F.3d at 452. Instead, Defendant's purpose could be achieved with a paraphrase or summary.

- o  Fourth Factor: Defendant's reproductions have not had a "substantially adverse impact on the potential market for the originals," nor have Plaintiffs shown by a preponderance of the evidence that there is a meaningful likelihood of future harm." Memo Op. at 30–36 (internal quotation and citation marks omitted).

- o  Conclusion: Under the presented facts, which are undisputed, Defendant may not fairly copy and republish this standard.

202.              **ASTM D4239 1997[e1]:**

- o  Defendant identifies 41 C.F.R. § 60.17 (2011) as the incorporating by reference regulation. Becker Decl. ¶ 57, Ex. 90 at 69. The incorporating language in that regulation, however, references only ASTM D4239-85, 94, 97, and not the revised 1997[e1] version that Defendant published. Defendant concedes that it posted editions of standards that have not been incorporated into law, *see* Def. 2d Mot. at 9-10, and it does

not respond to Plaintiffs' argument that Defendant has not shown this specific standard has been incorporated into law. *See* Wise Decl., Ex. 176 at n.2 ("Where the ASTM standard referenced in the quoted C.F.R. language differs from the version of the ASTM standard that PRO reproduced and displayed, ASTM has highlighted and bolded that language."); *id.* (highlighting and bolding text of this standard). Defendant bears the burden of demonstrating its affirmative fair use defense, *see Campbell*, 510 U.S. at 590, and here, it has not shown that this standard has been incorporated by reference into law.

o   First Factor:  There is no indication that Defendant stands to profit from republishing this standard, but Defendant's stated purpose—to inform the public about the law and facilitate public debate—is not significantly furthered by publishing this standard rather than one that has been incorporated by reference into law. *See ASTM*, 896 F.3d at 449. Further, because the standard has not been incorporated by reference into law, Defendant's use is less transformative. *See ASTM*, 896 F.3d at 450.

o   Second Factor:  Standards incorporated by reference into law "are, at best, at the outer edge of "copyright's protective purposes." *ASTM*, 896 F.3d at 451. Standards not incorporated into law, though factual works, fall more squarely within the realm of copyright protection. Here, Defendant has not shown that this standard has been incorporated into law and so this factor also counsels against Defendant's fair use.

o   Third Factor:  The Supreme Court has characterized the relevant inquiry as whether "'the amount and substantiality of the portion used['] . . . are reasonable in relation to the purpose of the copying." *Campbell*, 510 U.S. at 586–87 (quoting 17 U.S.C. § 107(3)). Incorporating one standard by reference does not justify posting provisions of a different version that has not been incorporated into law. *See ASTM*, 896 F.3d at 452. Instead, Defendant's purpose could be achieved with a paraphrase or summary.

o   Fourth Factor:  Defendant's reproductions have not had a "substantially adverse impact on the potential market for the originals," nor have Plaintiffs shown by a preponderance of the evidence that there is a meaningful likelihood of future harm." Memo Op. at 30–36 (internal quotation and citation marks omitted).

o   Conclusion:  Under the presented facts, which are undisputed, Defendant may not fairly copy and republish this standard.

**203.**          **ASTM D4891 1989 (1994)[e1]:**

o   Defendant identifies 40 C.F.R. § 75.6 (2010) as the incorporating by reference regulation. Becker Decl. ¶ 57, Ex. 90 at 72. The incorporating language in that regulation, however, references only ASTM D4891-89 (Reapproved 2006), and not the (1994)[e1] version that Defendant published. Defendant concedes that it posted editions of standards that have not been incorporated into law, *see* Def. 2d Mot. at 9-10, and it does not respond to Plaintiffs' argument that Defendant has not shown this specific standard has been incorporated into law. *See* Wise Decl., Ex. 176 at n.2 ("Where the ASTM standard referenced in the quoted C.F.R. language differs from the version of the ASTM standard that PRO reproduced and displayed, ASTM has highlighted and bolded that language."); *id.* (highlighting and bolding text of this standard). Defendant bears the burden of demonstrating its affirmative fair use defense, *see Campbell*, 510

U.S. at 590, and here, it has not shown that this standard has been incorporated by reference into law.

o  First Factor:  There is no indication that Defendant stands to profit from republishing this standard, but Defendant's stated purpose—to inform the public about the law and facilitate public debate—is not significantly furthered by publishing this standard rather than one that has been incorporated by reference into law.  *See ASTM*, 896 F.3d at 449. Further, because the standard has not been incorporated by reference into law, Defendant's use is less transformative.  *See ASTM*, 896 F.3d at 450.

o  Second Factor:  Standards incorporated by reference into law "are, at best, at the outer edge of "copyright's protective purposes."  *ASTM*, 896 F.3d at 451.  Standards not incorporated into law, though factual works, fall more squarely within the realm of copyright protection.  Here, Defendant has not shown that this standard has been incorporated into law and so this factor also counsels against Defendant's fair use.

o  Third Factor:  The Supreme Court has characterized the relevant inquiry as whether ""the amount and substantiality of the portion used['] . . . are reasonable in relation to the purpose of the copying."  *Campbell*, 510 U.S. at 586–87 (quoting 17 U.S.C. § 107(3)).  Incorporating one standard by reference does not justify posting provisions of a different version that has not been incorporated into law.   *See ASTM*, 896 F.3d at 452.  Instead, Defendant's purpose could be achieved with a paraphrase or summary.

o  Fourth Factor:  Defendant's reproductions have not had a "substantially adverse impact on the potential market for the originals," nor have Plaintiffs shown by a preponderance of the evidence that there is a meaningful likelihood of future harm."  Memo Op. at 30– 36 (internal quotation and citation marks omitted).

o  Conclusion:  Under the presented facts, which are undisputed, Defendant may not fairly copy and republish this standard.

**204.         ASTM D5489 (1996a):**

o  Defendant identifies 16 C.F.R. § 423.8 (2014) as the incorporating by reference regulation.  Becker Decl. ¶ 57, Ex. 90 at 74.  The incorporating language in that regulation, however, references only ASTM D5489-96c, and not the 1996a version that PRO published.  Defendant concedes that it posted editions of standards that have not been incorporated into law, *see* Def. 2d Mot. at 9-10, and it does not respond to Plaintiffs' argument that Defendant has not shown this specific standard has been incorporated into law.  *See* Wise Decl., Ex. 176 at n.2 ("Where the ASTM standard referenced in the quoted C.F.R. language differs from the version of the ASTM standard that PRO reproduced and displayed, ASTM has highlighted and bolded that language."); *id.* (highlighting and bolding text of this standard).  Defendant bears the burden of demonstrating its affirmative fair use defense, *see Campbell*, 510 U.S. at 590, and here, it has not shown that this standard has been incorporated by reference into law.

o  First Factor:  There is no indication that Defendant stands to profit from republishing this standard, but Defendant's stated purpose—to inform the public about the law and facilitate public debate—is not significantly furthered by publishing this standard rather than one that has been incorporated by reference into law.  *See ASTM*, 896 F.3d at 449.

Further, because the standard has not been incorporated by reference into law, Defendant's use is less transformative.  *See ASTM*, 896 F.3d at 450.

o  Second Factor:  Standards incorporated by reference into law "are, at best, at the outer edge of "copyright's protective purposes."  *ASTM*, 896 F.3d at 451.  Standards not incorporated into law, though factual works, fall more squarely within the realm of copyright protection.  Here, Defendant has not shown that this standard has been incorporated into law and so this factor also counsels against Defendant's fair use.

o  Third Factor:  The Supreme Court has characterized the relevant inquiry as whether "'the amount and substantiality of the portion used['] . . . are reasonable in relation to the purpose of the copying."  *Campbell*, 510 U.S. at 586–87 (quoting 17 U.S.C. § 107(3)).  Incorporating one standard by reference does not justify posting provisions of a different version that has not been incorporated into law.  *See ASTM*, 896 F.3d at 452.  Instead, Defendant's purpose could be achieved with a paraphrase or summary.

o  Fourth Factor:  Defendant's reproductions have not had a "substantially adverse impact on the potential market for the originals," nor have Plaintiffs shown by a preponderance of the evidence that there is a meaningful likelihood of future harm."  Memo Op. at 30–36 (internal quotation and citation marks omitted).

o  Conclusion:  Under the presented facts, which are undisputed, Defendant may not fairly copy and republish this standard.

205.        **ASTM D5865 (1998a):**

o  Defendant identifies 40 C.F.R. § 60.17 (2011) as the incorporating by reference regulation.  Becker Decl. ¶ 57, Ex. 90 at 75.  The incorporating language in that regulation, however, references only ASTM D5865-98, and not the 1998a version that Defendant published.  Defendant concedes that it posted editions of standards that have not been incorporated into law, *see* Def. 2d Mot. at 9-10, and it does not respond to Plaintiffs' argument that Defendant has not shown this specific standard has been incorporated into law.  *See* Wise Decl., Ex. 176 at n.2 ("Where the ASTM standard referenced in the quoted C.F.R. language differs from the version of the ASTM standard that PRO reproduced and displayed, ASTM has highlighted and bolded that language."); *id.* (highlighting and bolding text of this standard).  Defendant bears the burden of demonstrating its affirmative fair use defense, *see Campbell*, 510 U.S. at 590, and here, it has not shown that this standard has been incorporated by reference into law.

o  First Factor:  There is no indication that Defendant stands to profit from republishing this standard, but Defendant's stated purpose—to inform the public about the law and facilitate public debate—is not significantly furthered by publishing this standard rather than one that has been incorporated by reference into law.  *See ASTM*, 896 F.3d at 449.  Further, because the standard has not been incorporated by reference into law, Defendant's use is less transformative.  *See ASTM*, 896 F.3d at 450.

o  Second Factor:  Standards incorporated by reference into law "are, at best, at the outer edge of "copyright's protective purposes."  *ASTM*, 896 F.3d at 451.  Standards not incorporated into law, though factual works, fall more squarely within the realm of copyright protection.  Here, Defendant has not shown that this standard has been

incorporated into law and so this factor also counsels against Defendant's fair use.

o Third Factor:  The Supreme Court has characterized the relevant inquiry as whether "'the amount and substantiality of the portion used['] . . . are reasonable in relation to the purpose of the copying." *Campbell*, 510 U.S. at 586–87 (quoting 17 U.S.C. § 107(3)).  Incorporating one standard by reference does not justify posting provisions of a different version that has not been incorporated into law.   *See ASTM*, 896 F.3d at 452.  Instead, Defendant's purpose could be achieved with a paraphrase or summary.

o Fourth Factor:  Defendant's reproductions have not had a "substantially adverse impact on the potential market for the originals," nor have Plaintiffs shown by a preponderance of the evidence that there is a meaningful likelihood of future harm."  Memo Op. at 30–36 (internal quotation and citation marks omitted).

o Conclusion:  Under the presented facts, which are undisputed, Defendant may not fairly copy and republish this standard.

**206.**          **ASTM D665 (1998$^{e1}$):**

o Defendant identifies 46 C.F.R. § 61.03-1 (2014) as the incorporating by reference regulation.  Becker Decl. ¶ 57, Ex. 90 at 78.  The incorporating language in that regulation, however, references only ASTM D665-98, and not the revised 1998$^{e1}$ version that Defendant published.  Defendant concedes that it posted editions of standards that have not been incorporated into law, *see* Def. 2d Mot. at 9-10, and it does not respond to Plaintiffs' argument that Defendant has not shown this specific standard has been incorporated into law.  *See* Wise Decl., Ex. 176 at n.2 ("Where the ASTM standard referenced in the quoted C.F.R. language differs from the version of the ASTM standard that PRO reproduced and displayed, ASTM has highlighted and bolded that language."); *id.* (highlighting and bolding text of this standard).  Defendant bears the burden of demonstrating its affirmative fair use defense, *see Campbell*, 510 U.S. at 590, and here, it has not shown that this standard has been incorporated by reference into law.

o First Factor:  There is no indication that Defendant stands to profit from republishing this standard, but Defendant's stated purpose—to inform the public about the law and facilitate public debate—is not significantly furthered by publishing this standard rather than one that has been incorporated by reference into law.  *See ASTM*, 896 F.3d at 449.  Further, because the standard has not been incorporated by reference into law, Defendant's use is less transformative.  *See ASTM*, 896 F.3d at 450.

o Second Factor:  Standards incorporated by reference into law "are, at best, at the outer edge of "copyright's protective purposes."  *ASTM*, 896 F.3d at 451.  Standards not incorporated into law, though factual works, fall more squarely within the realm of copyright protection.  Here, Defendant has not shown that this standard has been incorporated into law and so this factor also counsels against Defendant's fair use.

o Third Factor:  The Supreme Court has characterized the relevant inquiry as whether "'the amount and substantiality of the portion used['] . . . are reasonable in relation to the purpose of the copying." *Campbell*, 510 U.S. at 586–87 (quoting 17 U.S.C. § 107(3)).  Incorporating one standard by reference does not justify posting provisions of a different version that has not been incorporated into law.   *See ASTM*, 896 F.3d at

452.  Instead, Defendant's purpose could be achieved with a paraphrase or summary.

o <u>Fourth Factor</u>:  Defendant's reproductions have not had a "substantially adverse impact on the potential market for the originals," nor have Plaintiffs shown by a preponderance of the evidence that there is a meaningful likelihood of future harm."  Memo Op. at 30–36 (internal quotation and citation marks omitted).

o <u>Conclusion</u>:  Under the presented facts, which are undisputed, Defendant may not fairly copy and republish this standard.

207.           **ASTM D975 1998b:**

o Defendant identifies 41 C.F.R. § 60.17 (2011) as the incorporating by reference regulation.  Becker Decl. ¶ 57, Ex. 90 at 80.  The incorporating language in that regulation, however, references only ASTM D975-78, 96, 98a, and not the 1998b version that Defendant published.  Defendant concedes that it posted editions of standards that have not been incorporated into law, *see* Def. 2d Mot. at 9-10, and it does not respond to Plaintiffs' argument that Defendant has not shown this specific standard has been incorporated into law.  *See* Wise Decl., Ex. 176 at n.2 ("Where the ASTM standard referenced in the quoted C.F.R. language differs from the version of the ASTM standard that PRO reproduced and displayed, ASTM has highlighted and bolded that language."); *id.* (highlighting and bolding text of this standard).  Defendant bears the burden of demonstrating its affirmative fair use defense, *see Campbell*, 510 U.S. at 590, and here, it has not shown that this standard has been incorporated by reference into law.

o <u>First Factor</u>:  There is no indication that Defendant stands to profit from republishing this standard, but Defendant's stated purpose—to inform the public about the law and facilitate public debate—is not significantly furthered by publishing this standard rather than one that has been incorporated by reference into law.  *See ASTM*, 896 F.3d at 449.  Further, because the standard has not been incorporated by reference into law, Defendant's use is less transformative.  *See ASTM*, 896 F.3d at 450.

o <u>Second Factor</u>:  Standards incorporated by reference into law "are, at best, at the outer edge of "copyright's protective purposes."  *ASTM*, 896 F.3d at 451.  Standards not incorporated into law, though factual works, fall more squarely within the realm of copyright protection.  Here, Defendant has not shown that this standard has been incorporated into law and so this factor also counsels against Defendant's fair use.

o <u>Third Factor</u>:  The Supreme Court has characterized the relevant inquiry as whether "'the amount and substantiality of the portion used['] . . . are reasonable in relation to the purpose of the copying."  *Campbell*, 510 U.S. at 586–87 (quoting 17 U.S.C. § 107(3)).  Incorporating one standard by reference does not justify posting provisions of a different version that has not been incorporated into law.  *See ASTM*, 896 F.3d at 452.  Instead, Defendant's purpose could be achieved with a paraphrase or summary.

o <u>Fourth Factor</u>:  Defendant's reproductions have not had a "substantially adverse impact on the potential market for the originals," nor have Plaintiffs shown by a preponderance of the evidence that there is a meaningful likelihood of future harm."  Memo Op. at 30–36 (internal quotation and citation marks omitted).

o <u>Conclusion</u>:  Under the presented facts, which are undisputed, Defendant may not fairly

copy and republish this standard.

**208.**                    **ASTM D975 2007:**

o  Defendant identifies 40 C.F.R. § 1065.1010 (2011) as the incorporating by reference regulation. Becker Decl. ¶ 57, Ex. 90 at 80. The incorporating language in that regulation, however, references only ASTM D975-07b, and not the 2007 version that Defendant published. Defendant concedes that it posted editions of standards that have not been incorporated into law, *see* Def. 2d Mot. at 9-10, and it does not respond to Plaintiffs' argument that Defendant has not shown this specific standard has been incorporated into law. *See* Wise Decl., Ex. 176 at n.2 ("Where the ASTM standard referenced in the quoted C.F.R. language differs from the version of the ASTM standard that PRO reproduced and displayed, ASTM has highlighted and bolded that language."); *id.* (highlighting and bolding text of this standard). Defendant bears the burden of demonstrating its affirmative fair use defense, *see Campbell*, 510 U.S. at 590, and here, it has not shown that this standard has been incorporated by reference into law.

o  <u>First Factor</u>: There is no indication that Defendant stands to profit from republishing this standard, but Defendant's stated purpose—to inform the public about the law and facilitate public debate—is not significantly furthered by publishing this standard rather than one that has been incorporated by reference into law. *See ASTM*, 896 F.3d at 449. Further, because the standard has not been incorporated by reference into law, Defendant's use is less transformative. *See ASTM*, 896 F.3d at 450.

o  <u>Second Factor</u>: Standards incorporated by reference into law "are, at best, at the outer edge of "copyright's protective purposes." *ASTM*, 896 F.3d at 451. Standards not incorporated into law, though factual works, fall more squarely within the realm of copyright protection. Here, Defendant has not shown that this standard has been incorporated into law and so this factor also counsels against Defendant's fair use.

o  <u>Third Factor</u>: The Supreme Court has characterized the relevant inquiry as whether "'the amount and substantiality of the portion used['] . . . are reasonable in relation to the purpose of the copying." *Campbell*, 510 U.S. at 586–87 (quoting 17 U.S.C. § 107(3)). Incorporating one standard by reference does not justify posting provisions of a different version that has not been incorporated into law. *See ASTM*, 896 F.3d at 452. Instead, Defendant's purpose could be achieved with a paraphrase or summary.

o  <u>Fourth Factor</u>: Defendant's reproductions have not had a "substantially adverse impact on the potential market for the originals," nor have Plaintiffs shown by a preponderance of the evidence that there is a meaningful likelihood of future harm." Memo Op. at 30–36 (internal quotation and citation marks omitted).

o  <u>Conclusion</u>: Under the presented facts, which are undisputed, Defendant may not fairly copy and republish this standard.

**209.**                    **ASTM E145 (1994)[e1]:**

o  Defendant identifies 40 C.F.R. § 63.14 (2011) as the incorporating by reference regulation. Becker Decl. ¶ 57, Ex. 90 at 82. The incorporating language in that regulation, however, references only ASTM E145-94 (Reapproved 2001), and not the (1994)[e1] version that Defendant published. Defendant concedes that it posted editions

of standards that have not been incorporated into law, *see* Def. 2d Mot. at 9-10, and it does not respond to Plaintiffs' argument that Defendant has not shown this specific standard has been incorporated into law. *See* Wise Decl., Ex. 176 at n.2 ("Where the ASTM standard referenced in the quoted C.F.R. language differs from the version of the ASTM standard that PRO reproduced and displayed, ASTM has highlighted and bolded that language."); *id.* (highlighting and bolding text of this standard). Defendant bears the burden of demonstrating its affirmative fair use defense, *see Campbell*, 510 U.S. at 590, and here, it has not shown that this standard has been incorporated by reference into law.

o   First Factor:  There is no indication that Defendant stands to profit from republishing this standard, but Defendant's stated purpose—to inform the public about the law and facilitate public debate—is not significantly furthered by publishing this standard rather than one that has been incorporated by reference into law. *See ASTM*, 896 F.3d at 449. Further, because the standard has not been incorporated by reference into law, Defendant's use is less transformative. *See ASTM*, 896 F.3d at 450.

o   Second Factor:  Standards incorporated by reference into law "are, at best, at the outer edge of "copyright's protective purposes." *ASTM*, 896 F.3d at 451.  Standards not incorporated into law, though factual works, fall more squarely within the realm of copyright protection.  Here, Defendant has not shown that this standard has been incorporated into law and so this factor also counsels against Defendant's fair use.

o   Third Factor:  The Supreme Court has characterized the relevant inquiry as whether "'the amount and substantiality of the portion used['] . . . are reasonable in relation to the purpose of the copying." *Campbell*, 510 U.S. at 586–87 (quoting 17 U.S.C. § 107(3)).  Incorporating one standard by reference does not justify posting provisions of a different version that has not been incorporated into law.  *See ASTM*, 896 F.3d at 452.  Instead, Defendant's purpose could be achieved with a paraphrase or summary.

o   Fourth Factor:  Defendant's reproductions have not had a "substantially adverse impact on the potential market for the originals," nor have Plaintiffs shown by a preponderance of the evidence that there is a meaningful likelihood of future harm." Memo Op. at 30–36 (internal quotation and citation marks omitted).

o   Conclusion:  Under the presented facts, which are undisputed, Defendant may not fairly copy and republish this standard.

**210.        ASTM E695 1979 (1997)[e1]:**

o   Defendant identifies 24 C.F.R. (Parts 200 to 499) (2005) as the incorporating by reference regulation. Becker Decl. ¶ 57, Ex. 90 at 90. The incorporating language in that regulation, however, references only ASTM E695-79 (Reapproved 1991), and not the 1997[e1] version that Defendant published.  Defendant concedes that it posted editions of standards that have not been incorporated into law, *see* Def. 2d Mot. at 9-10, and it does not respond to Plaintiffs' argument that Defendant has not shown this specific standard has been incorporated into law.  *See* Wise Decl., Ex. 176 at n.2 ("Where the ASTM standard referenced in the quoted C.F.R. language differs from the version of the ASTM standard that PRO reproduced and displayed, ASTM has highlighted and bolded that language."); *id.* (highlighting and bolding text of this

standard).  Defendant bears the burden of demonstrating its affirmative fair use defense, *see Campbell*, 510 U.S. at 590, and here, it has not shown that this standard has been incorporated by reference into law.

o   First Factor:  There is no indication that Defendant stands to profit from republishing this standard, but Defendant's stated purpose—to inform the public about the law and facilitate public debate—is not significantly furthered by publishing this standard rather than one that has been incorporated by reference into law.  *See ASTM*, 896 F.3d at 449. Further, because the standard has not been incorporated by reference into law, Defendant's use is less transformative.  *See ASTM*, 896 F.3d at 450.

o   Second Factor:  Standards incorporated by reference into law "are, at best, at the outer edge of "copyright's protective purposes."  *ASTM*, 896 F.3d at 451.  Standards not incorporated into law, though factual works, fall more squarely within the realm of copyright protection.  Here, Defendant has not shown that this standard has been incorporated into law and so this factor also counsels against Defendant's fair use.

o   Third Factor:  The Supreme Court has characterized the relevant inquiry as whether "'the amount and substantiality of the portion used['] . . . are reasonable in relation to the purpose of the copying."  *Campbell*, 510 U.S. at 586–87 (quoting 17 U.S.C. § 107(3)).  Incorporating one standard by reference does not justify posting provisions of a different version that has not been incorporated into law.  *See ASTM*, 896 F.3d at 452.  Instead, Defendant's purpose could be achieved with a paraphrase or summary.

o   Fourth Factor:  Defendant's reproductions have not had a "substantially adverse impact on the potential market for the originals," nor have Plaintiffs shown by a preponderance of the evidence that there is a meaningful likelihood of future harm."  Memo Op. at 30–36 (internal quotation and citation marks omitted).

o   Conclusion:  Under the presented facts, which are undisputed, Defendant may not fairly copy and republish this standard.

**211.        ASTM F1007 1986 (1996)[e1]:**

o   Defendant identifies 46 C.F.R. § 56.01-2 (2004) as the incorporating by reference regulation.  Becker Decl. ¶ 57, Ex. 90 at 96.  The incorporating language in that regulation, however, references only ASTM F1007-86 (1996), and not the 1996[e1] version that Defendant published.  Defendant concedes that it posted editions of standards that have not been incorporated into law, *see* Def. 2d Mot. at 9-10, and it does not respond to Plaintiffs' argument that Defendant has not shown this specific standard has been incorporated into law.  *See* Wise Decl., Ex. 176 at n.2 ("Where the ASTM standard referenced in the quoted C.F.R. language differs from the version of the ASTM standard that PRO reproduced and displayed, ASTM has highlighted and bolded that language."); *id.* (highlighting and bolding text of this standard).  Defendant bears the burden of demonstrating its affirmative fair use defense, *see Campbell*, 510 U.S. at 590, and here, it has not shown that this standard has been incorporated by reference into law.

o   First Factor:  There is no indication that Defendant stands to profit from republishing this standard, but Defendant's stated purpose—to inform the public about the law and facilitate public debate—is not significantly furthered by publishing this standard rather

than one that has been incorporated by reference into law. *See ASTM*, 896 F.3d at 449. Further, because the standard has not been incorporated by reference into law, Defendant's use is less transformative. *See ASTM*, 896 F.3d at 450.

o  Second Factor:  Standards incorporated by reference into law "are, at best, at the outer edge of "copyright's protective purposes." *ASTM*, 896 F.3d at 451. Standards not incorporated into law, though factual works, fall more squarely within the realm of copyright protection. Here, Defendant has not shown that this standard has been incorporated into law and so this factor also counsels against Defendant's fair use.

o  Third Factor:  The Supreme Court has characterized the relevant inquiry as whether "'the amount and substantiality of the portion used['] . . . are reasonable in relation to the purpose of the copying." *Campbell*, 510 U.S. at 586–87 (quoting 17 U.S.C. § 107(3)).  Incorporating one standard by reference does not justify posting provisions of a different version that has not been incorporated into law. *See ASTM*, 896 F.3d at 452.  Instead, Defendant's purpose could be achieved with a paraphrase or summary.

o  Fourth Factor:  Defendant's reproductions have not had a "substantially adverse impact on the potential market for the originals," nor have Plaintiffs shown by a preponderance of the evidence that there is a meaningful likelihood of future harm." Memo Op. at 30–36 (internal quotation and citation marks omitted).

o  Conclusion:  Under the presented facts, which are undisputed, Defendant may not fairly copy and republish this standard.

212.        **ASTM F1020 1986 (1996)[e1]:**

o  Defendant identifies 46 C.F.R. § 56.012 as the incorporating by reference regulation. Becker Decl. ¶ 57, Ex. 90 at 97.  The incorporating language in that regulation, however, references only ASTM F1020 1986 (1996), and not the 1996[e1] version that Defendant published.  Defendant concedes that it posted editions of standards that have not been incorporated into law, *see* Def. 2d Mot. at 9-10, and it does not respond to Plaintiffs' argument that Defendant has not shown this specific standard has been incorporated into law. *See* Wise Decl., Ex. 176 at n.2 ("Where the ASTM standard referenced in the quoted C.F.R. language differs from the version of the ASTM standard that PRO reproduced and displayed, ASTM has highlighted and bolded that language."); *id.* (highlighting and bolding text of this standard).  Defendant bears the burden of demonstrating its affirmative fair use defense, *see Campbell*, 510 U.S. at 590, and here, it has not shown that this standard has been incorporated by reference into law.

o  First Factor:  There is no indication that Defendant stands to profit from republishing this standard, but Defendant's stated purpose—to inform the public about the law and facilitate public debate—is not significantly furthered by publishing this standard rather than one that has been incorporated by reference into law. *See ASTM*, 896 F.3d at 449. Further, because the standard has not been incorporated by reference into law, Defendant's use is less transformative. *See ASTM*, 896 F.3d at 450.

o  Second Factor:  Standards incorporated by reference into law "are, at best, at the outer edge of "copyright's protective purposes." *ASTM*, 896 F.3d at 451. Standards not incorporated into law, though factual works, fall more squarely within the realm of

copyright protection. Here, Defendant has not shown that this standard has been incorporated into law and so this factor also counsels against Defendant's fair use.

o  <u>Third Factor</u>: The Supreme Court has characterized the relevant inquiry as whether "'the amount and substantiality of the portion used['] . . . are reasonable in relation to the purpose of the copying." *Campbell*, 510 U.S. at 586–87 (quoting 17 U.S.C. § 107(3)). Incorporating one standard by reference does not justify posting provisions of a different version that has not been incorporated into law. *See ASTM*, 896 F.3d at 452. Instead, Defendant's purpose could be achieved with a paraphrase or summary.

o  <u>Fourth Factor</u>: Defendant's reproductions have not had a "substantially adverse impact on the potential market for the originals," nor have Plaintiffs shown by a preponderance of the evidence that there is a meaningful likelihood of future harm." Memo Op. at 30–36 (internal quotation and citation marks omitted).

o  <u>Conclusion</u>: Under the presented facts, which are undisputed, Defendant may not fairly copy and republish this standard.

**213.**        **ASTM F1193 (2006):**

o  Defendant identifies 40 C.F.R. § 799.5087 (2014) as the incorporating by reference regulation. Becker Decl. ¶ 57, Ex. 90 at 101. The incorporating language in that regulation, however, references only ASTM E1193-97 (Reapproved 2004), and not the 2006 version that Defendant published. Defendant concedes that it posted editions of standards that have not been incorporated into law, *see* Def. 2d Mot. at 9-10, and it does not respond to Plaintiffs' argument that Defendant has not shown this specific standard has been incorporated into law. *See* Wise Decl., Ex. 176 at n.2 ("Where the ASTM standard referenced in the quoted C.F.R. language differs from the version of the ASTM standard that PRO reproduced and displayed, ASTM has highlighted and bolded that language."); *id.* (highlighting and bolding text of this standard). Defendant bears the burden of demonstrating its affirmative fair use defense, *see Campbell*, 510 U.S. at 590, and here, it has not shown that this standard has been incorporated by reference into law.

o  <u>First Factor</u>: There is no indication that Defendant stands to profit from republishing this standard, but Defendant's stated purpose—to inform the public about the law and facilitate public debate—is not significantly furthered by publishing this standard rather than one that has been incorporated by reference into law. *See ASTM*, 896 F.3d at 449. Further, because the standard has not been incorporated by reference into law, Defendant's use is less transformative. *See ASTM*, 896 F.3d at 450.

o  <u>Second Factor</u>: Standards incorporated by reference into law "are, at best, at the outer edge of "copyright's protective purposes." *ASTM*, 896 F.3d at 451. Standards not incorporated into law, though factual works, fall more squarely within the realm of copyright protection. Here, Defendant has not shown that this standard has been incorporated into law and so this factor also counsels against Defendant's fair use.

o  <u>Third Factor</u>: The Supreme Court has characterized the relevant inquiry as whether "'the amount and substantiality of the portion used['] . . . are reasonable in relation to the purpose of the copying." *Campbell*, 510 U.S. at 586–87 (quoting 17 U.S.C. § 107(3)). Incorporating one standard by reference does not justify posting provisions of

a different version that has not been incorporated into law.  *See ASTM*, 896 F.3d at 452.  Instead, Defendant's purpose could be achieved with a paraphrase or summary.

o  <u>Fourth Factor</u>:  Defendant's reproductions have not had a "substantially adverse impact on the potential market for the originals," nor have Plaintiffs shown by a preponderance of the evidence that there is a meaningful likelihood of future harm." Memo Op. at 30–36 (internal quotation and citation marks omitted).

o  <u>Conclusion</u>:  Under the presented facts, which are undisputed, Defendant may not fairly copy and republish this standard.

214.        **ASTM F1271 1990 (1995)<sup>e1</sup>:**

o  Defendant identifies 46 C.F.R. § 39.10-5 (2009) as the incorporating by reference regulation. Becker Decl. ¶ 57, Ex. 90 at 104. The incorporating language in that regulation, however, references only ASTM F1271-90 (1995), and not the 1995<sup>e1</sup> version that Defendant published.  Defendant concedes that it posted editions of standards that have not been incorporated into law, *see* Def. 2d Mot. at 9-10, and it does not respond to Plaintiffs' argument that Defendant has not shown this specific standard has been incorporated into law.  *See* Wise Decl., Ex. 176 at n.2 ("Where the ASTM standard referenced in the quoted C.F.R. language differs from the version of the ASTM standard that PRO reproduced and displayed, ASTM has highlighted and bolded that language."); *id.* (highlighting and bolding text of this standard).  Defendant bears the burden of demonstrating its affirmative fair use defense, *see Campbell*, 510 U.S. at 590, and here, it has not shown that this standard has been incorporated by reference into law.

o  <u>First Factor</u>:  There is no indication that Defendant stands to profit from republishing this standard, but Defendant's stated purpose—to inform the public about the law and facilitate public debate—is not significantly furthered by publishing this standard rather than one that has been incorporated by reference into law. *See ASTM*, 896 F.3d at 449. Further, because the standard has not been incorporated by reference into law, Defendant's use is less transformative.  *See ASTM*, 896 F.3d at 450.

o  <u>Second Factor</u>:  Standards incorporated by reference into law "are, at best, at the outer edge of "copyright's protective purposes."  *ASTM*, 896 F.3d at 451.  Standards not incorporated into law, though factual works, fall more squarely within the realm of copyright protection.  Here, Defendant has not shown that this standard has been incorporated into law and so this factor also counsels against Defendant's fair use.

o  <u>Third Factor</u>:  The Supreme Court has characterized the relevant inquiry as whether "'the amount and substantiality of the portion used['] . . . are reasonable in relation to the purpose of the copying."  *Campbell*, 510 U.S. at 586–87 (quoting 17 U.S.C. § 107(3)).  Incorporating one standard by reference does not justify posting provisions of a different version that has not been incorporated into law.  *See ASTM*, 896 F.3d at 452.  Instead, Defendant's purpose could be achieved with a paraphrase or summary.

o  <u>Fourth Factor</u>:  Defendant's reproductions have not had a "substantially adverse impact on the potential market for the originals," nor have Plaintiffs shown by a preponderance of the evidence that there is a meaningful likelihood of future harm." Memo Op. at 30–36 (internal quotation and citation marks omitted).

o <u>Conclusion</u>: Under the presented facts, which are undisputed, Defendant may not fairly copy and republish this standard.

**215.        ASTM F1273 1991 (1996)[e1]:**

o Defendant identifies 33 C.F.R. § 154.106 (2014) as the incorporating by reference regulation. Becker Decl. ¶ 57, Ex. 90 at 105. The incorporating language in that regulation, however, references only ASTM F1273-91 (Reapproved 2007), and not the 1996[e1] version that Defendant published. Defendant concedes that it posted editions of standards that have not been incorporated into law, Def. 2d Mot. at 9-10, and it does not respond to Plaintiffs' argument that Defendant has not shown this specific standard has been incorporated into law. Wise Decl., Ex. 176 at n.2 ("Where the ASTM standard referenced in the quoted C.F.R. language differs from the version of the ASTM standard that PRO reproduced and displayed, ASTM has highlighted and bolded that language."); *id.* (highlighting and bolding text of this standard). Defendant bears the burden of demonstrating its affirmative fair use defense, *see Campbell*, 510 U.S. at 590, and it has not shown that this standard has been incorporated by reference into law.

o <u>First Factor</u>: There is no indication that Defendant stands to profit from republishing this standard, but Defendant's stated purpose—to inform the public about the law and facilitate public debate—is not significantly furthered by publishing this standard rather than one that has been incorporated by reference into law. *See ASTM*, 896 F.3d at 449. Further, because the standard has not been incorporated by reference into law, Defendant's use is less transformative. *See ASTM*, 896 F.3d at 450.

o <u>Second Factor</u>: Standards incorporated by reference into law "are, at best, at the outer edge of "copyright's protective purposes." *ASTM*, 896 F.3d at 451. Standards not incorporated into law, though factual works, fall more squarely within the realm of copyright protection. Here, Defendant has not shown that this standard has been incorporated into law and so this factor also counsels against Defendant's fair use.

o <u>Third Factor</u>: The Supreme Court has characterized the relevant inquiry as whether "'the amount and substantiality of the portion used['] . . . are reasonable in relation to the purpose of the copying." *Campbell*, 510 U.S. at 586–87 (quoting 17 U.S.C. § 107(3)). Incorporating one standard by reference does not justify posting provisions of a different version that has not been incorporated into law. *See ASTM*, 896 F.3d at 452. Instead, Defendant's purpose could be achieved with a paraphrase or summary.

o <u>Fourth Factor</u>: Defendant's reproductions have not had a "substantially adverse impact on the potential market for the originals," nor have Plaintiffs shown by a preponderance of the evidence that there is a meaningful likelihood of future harm." Memo Op. at 30–36 (internal quotation and citation marks omitted).

o <u>Conclusion</u>: Under the presented facts, which are undisputed, Defendant may not fairly copy and republish this standard.

**216.        ASTM F808 1983 (1988)[e1]:**

o Defendant identifies 33 C.F.R. § 154.106 (1999) as the incorporating by reference regulation. Becker Decl. ¶ 57, Ex. 90 at 114. The incorporating language in that regulation, however, references only ASTM F808-83 (1988), and not the (1988)[e1] version that Defendant published. Defendant concedes that it posted editions of

standards that have not been incorporated into law, *see* Def. 2d Mot. at 9-10, and it does not respond to Plaintiffs' argument that Defendant has not shown this specific standard has been incorporated into law. *See* Wise Decl., Ex. 176 at n.2 ("Where the ASTM standard referenced in the quoted C.F.R. language differs from the version of the ASTM standard that PRO reproduced and displayed, ASTM has highlighted and bolded that language."); *id.* (highlighting and bolding text of this standard). Defendant bears the burden of demonstrating its affirmative fair use defense, *see Campbell*, 510 U.S. at 590, and here, it has not shown that this standard has been incorporated by reference into law.

o  <u>First Factor</u>:  There is no indication that Defendant stands to profit from republishing this standard, but Defendant's stated purpose—to inform the public about the law and facilitate public debate—is not significantly furthered by publishing this standard rather than one that has been incorporated by reference into law. *See ASTM*, 896 F.3d at 449. Further, because the standard has not been incorporated by reference into law, Defendant's use is less transformative. *See ASTM*, 896 F.3d at 450.

o  <u>Second Factor</u>:  Standards incorporated by reference into law "are, at best, at the outer edge of "copyright's protective purposes." *ASTM*, 896 F.3d at 451. Standards not incorporated into law, though factual works, fall more squarely within the realm of copyright protection.  Here, Defendant has not shown that this standard has been incorporated into law and so this factor also counsels against Defendant's fair use.

o  <u>Third Factor</u>:  The Supreme Court has characterized the relevant inquiry as whether "'the amount and substantiality of the portion used['] . . . are reasonable in relation to the purpose of the copying." *Campbell*, 510 U.S. at 586–87 (quoting 17 U.S.C. § 107(3)).  Incorporating one standard by reference does not justify posting provisions of a different version that has not been incorporated into law.  *See ASTM*, 896 F.3d at 452.  Instead, Defendant's purpose could be achieved with a paraphrase or summary.

o  <u>Fourth Factor</u>:  Defendant's reproductions have not had a "substantially adverse impact on the potential market for the originals," nor have Plaintiffs shown by a preponderance of the evidence that there is a meaningful likelihood of future harm." Memo Op. at 30–36 (internal quotation and citation marks omitted).

o  <u>Conclusion</u>:  Under the presented facts, which are undisputed, Defendant may not fairly copy and republish this standard.

217.  **ASTM G154 (2000a):**

o  Defendant identifies 49 C.F.R. § 571.5 (2014) as the incorporating by reference regulation. Becker Decl. ¶ 57, Ex. 90 at 115. The incorporating language in that regulation, however, references only ASTM G154-00, and not the 2000a version that Defendant published. Defendant concedes that it posted editions of standards that have not been incorporated into law, *see* Def. 2d Mot. at 9-10, and it does not respond to Plaintiffs' argument that Defendant has not shown this specific standard has been incorporated into law.  *See* Wise Decl., Ex. 176 at n.2 ("Where the ASTM standard referenced in the quoted C.F.R. language differs from the version of the ASTM standard that PRO reproduced and displayed, ASTM has highlighted and bolded that language."); *id.* (highlighting and bolding text of this standard).  Defendant bears the

burden of demonstrating its affirmative fair use defense, *see Campbell*, 510 U.S. at 590, and here, it has not shown that this standard has been incorporated by reference into law.

o   First Factor:  There is no indication that Defendant stands to profit from republishing this standard, but Defendant's stated purpose—to inform the public about the law and facilitate public debate—is not significantly furthered by publishing this standard rather than one that has been incorporated by reference into law. *See ASTM*, 896 F.3d at 449. Further, because the standard has not been incorporated by reference into law, Defendant's use is less transformative. *See ASTM*, 896 F.3d at 450.

o   Second Factor:  Standards incorporated by reference into law "are, at best, at the outer edge of "copyright's protective purposes." *ASTM*, 896 F.3d at 451. Standards not incorporated into law, though factual works, fall more squarely within the realm of copyright protection. Here, Defendant has not shown that this standard has been incorporated into law and so this factor also counsels against Defendant's fair use.

o   Third Factor:  The Supreme Court has characterized the relevant inquiry as whether "'the amount and substantiality of the portion used['] . . . are reasonable in relation to the purpose of the copying." *Campbell*, 510 U.S. at 586–87 (quoting 17 U.S.C. § 107(3)). Incorporating one standard by reference does not justify posting provisions of a different version that has not been incorporated into law. *See ASTM*, 896 F.3d at 452. Instead, Defendant's purpose could be achieved with a paraphrase or summary.

o   Fourth Factor:  Defendant's reproductions have not had a "substantially adverse impact on the potential market for the originals," nor have Plaintiffs shown by a preponderance of the evidence that there is a meaningful likelihood of future harm." Memo Op. at 30–36 (internal quotation and citation marks omitted).

o   Conclusion:  Under the presented facts, which are undisputed, Defendant may not fairly copy and republish this standard.

Date:  March 31, 2022

*Tanya S. Chutkan*

TANYA S. CHUTKAN
United States District Judge